# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC MINING LLC,** | § | Case No. 22-90340 (DRJ) |
| | § | |
| | § | **(Emergency Hearing Requested)** |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 92-1386971 | § | |
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.,** | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | **(Emergency Hearing Requested)** |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 86-1243837 | § | |
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC ACQUIRED MINING LLC,** | § | Case No. 22-90342 (DRJ) |
| | § | **(Emergency Hearing Requested)** |
| Debtor. | § | |
| | § | |
| Tax I.D. No. N/A | § | |
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC OPERATING COMPANY,** | § | Case No. 22-90343 (DRJ) |
| | § | |
| | § | **(Emergency Hearing Requested)** |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 82-3805526 | § | |
| In re: | § | Chapter 11 |
| | § | |
| **RADAR RELAY, INC.,** | § | Case No. 22-90344 (DRJ) |

2

|  |  |  |
|---|---|---|
| Debtor. | § § § | (Emergency Hearing Requested) |
| Tax I.D. No.  82-3430496 | § | |

---

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| **CORE SCIENTIFIC SPECIALTY MINING (OKLAHOMA) LLC,** | § § § | Case No. 22-90345 (DRJ) |
|  | § § | (Emergency Hearing Requested) |
| Debtor. | § § | |
| Tax I.D. No.  84-5164327 | § | |

---

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| **AMERICAN PROPERTY ACQUISITION, LLC,** | § § § | Case No. 22-90346 (DRJ) |
|  | § § | (Emergency Hearing Requested) |
| Debtor. | § § | |
| Tax I.D. No.  82-5490825 | § | |

---

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| **STARBOARD CAPITAL LLC,** | § § | Case No. 22-90347 (DRJ) |
|  | § § | (Emergency Hearing Requested) |
| Debtor. | § § | |
| Tax I.D. No.  36-4896677 | § | |

---

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| **RADAR LLC,** | § § | Case No. 22-90348 (DRJ) |
|  | § § | (Emergency Hearing Requested) |
| Debtor. | § § | |
| Tax I.D. No.  84-4125106 | § | |

| | | |
|---|---|---|
| In re: § § § § § § § § § § § <br> **AMERICAN PROPERTY ACQUISITIONS I, LLC,** <br><br> Debtor. <br><br> Tax I.D. No. 82-5469717 | | Chapter 11 <br><br> Case No. 22-90349 (DRJ) <br><br> **(Emergency Hearing Requested)** |
| In re: § § § § § § § § § § § <br> **AMERICAN PROPERTY ACQUISITIONS VII, LLC,** <br><br> Debtor. <br><br> Tax I.D. No. 83-1663198 | | Chapter 11 <br><br> Case No. 22-90350 (DRJ) <br><br> **(Emergency Hearing Requested)** |

**EMERGENCY MOTION OF DEBTORS
PURSUANT TO BANKRUPTCY RULE 1015(b)
AND BANKRUPTCY LOCAL RULE 1015-1 FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN THE MORNING OF THURSDAY, DECEMBER 22, 2022.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

3

**Background**

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are one of the largest blockchain infrastructure, hosting provider, and digital asset mining companies in North America, with fully operational data centers in Texas, Kentucky, North Carolina, North Dakota, and Georgia.

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, (the "**Bros Declaration**"),[1] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bros Declaration.

**Relief Requested**

5. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

7. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

5

>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). In addition, Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. The Debtors are affiliates of one another because Core Scientific, Inc. owns, either directly or indirectly, 100% of the outstanding ownership interests in each of the other Debtors. Accordingly, the Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

8. Joint administration of these chapter 11 cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Joint administration will also relieve the Court from entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the Southern District of Texas and other parties-in-interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

9. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes, and does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

10. The Debtors respectfully request that each of the Debtors' chapter 11 cases be administered under a consolidated caption, in the following form:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

11. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of Core Scientific, Inc.) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Core Scientific, Inc., *et al.* The docket in Case No. 22-90341 should be consulted for all matters affecting this case.

12. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Bankruptcy Rule 6003(b) Has Been Satisfied**

13. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first twenty-one (21) days after the Petition Date to the extent such relief is necessary to avoid immediate and irreparable harm. As described herein and in the Bros Declaration, the relief requested is essential to avoid the immediate and irreparable harm that

would be caused by the Debtors' inability to transition smoothly into chapter 11. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

## Notice

14. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

15. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 21, 2022
       Houston, Texas

Respectfully submitted,
 /s/ *Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* pending)
Ronit J. Berkovich (*pro hac vice* pending)
Moshe A. Fink (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Moshe.Fink@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on December 21, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                                */s/ Alfredo R. Pérez*
                                                                                                Alfredo R. Pérez