# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341(DRJ) |
| Debtors.[1] | § § § | (Joint Administration Requested) (Emergency Hearing Requested) |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX AND A CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION; (II) MODIFYING REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS; AND (III) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS OF <u>COMMENCEMENT OF CHAPTER 11 CASES AND OTHER INFORMATION</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN THE MORNING OF THURSDAY, DECEMBER 22, 2022.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Background**

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

2. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are one of the largest blockchain infrastructure, hosting provider, and digital asset mining companies in North America, with fully operational data centers in Texas, Georgia, Kentucky, North Carolina, and North Dakota.

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**Bros Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bros Declaration.

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Motion, pursuant to section 107(c)(1)(A) of the Bankruptcy Code and Bankruptcy Rules 1007(a)(1) and (d) and 2002, and Bankruptcy Local Rule 9013-1(d) the Debtors request entry of an order (i) authorizing the Debtors to (a) file a consolidated creditor matrix (the "**Consolidated Creditor Matrix**") and a consolidated list of the Debtors' thirty (30) largest unsecured creditors (the "**Consolidated Top 30 Creditors List**") and (b) redact certain personal identification information, (ii) modifying the requirement to file a list of and provide notice directly to the Debtors' equity security holders, and (iii) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases and other information.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

A. **Consolidated Creditor Matrix**

7. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors. Such relief is permitted by Rule 14(a) the *Procedures for Complex Cases in the Southern District of Texas*.

3

**B.      Consolidated Top 30 Creditors List**

8.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case must "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors." *See Procedures for Complex Cases in the Southern District of Texas*, Rule 14(a).  Because a significant number of creditors may be shared amongst the Debtors, consistent with Rule 14(a), the Debtors request authority to file the Consolidated Top 30 Creditors List for all Debtors rather than file separate top 30 creditor lists for each Debtor.  The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service.  For the avoidance of doubt, the Debtors are not requesting authority pursuant to this Motion to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors.

**C.      Redaction of Certain Personal Information of Employees and Independent Contractors**

9.      Section 107(c)(1)(A) of the Bankruptcy Code provides that "the [Court], for cause, may protect an individual, . . . to the extent the court finds that disclosure of such information would create undue risk of identity theft," with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(c)(1)(A).  Here, cause exists to authorize the Debtors to redact certain personal identification information of the Debtors' current and former employees, the Debtors' current and former directors, the Debtors' individual creditors, and independent contractors, to the extent applicable, from the Consolidated Creditor Matrix and from the Debtors' lists of equity security

4

holders because such information could be used to, among other things, perpetrate identity theft, and poses potential safety concerns. The Debtors propose to provide, upon request, un-redacted versions of the Consolidated Creditor Matrix and the lists of equity security holders to the Court, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"), and counsel to any official committees appointed in these chapter 11 cases.

10. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. May 18, 2022) (Docket No. 237); *In re Basic Energy Servs., Inc.*, Case No. 21-90002 (DRJ) (Bankr. S.D. Tex. Aug. 17, 2021) (Docket No. 31); *In re CBL & Assocs. Props., Inc.*, Case No. 20-35226 (DRJ) (Bankr. S.D. Tex. Nov. 2, 2020) (Docket No. 66); *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 5, 2020) (Docket No. 57) *In re CEC Ent., Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. June 29, 2020) (Docket No. 113); *In re Gavilan Res.*, LLC, No. 20-32656 (MI) (Bankr. S.D. Tex. May 18, 2020) (Docket No. 57); *In re Speedcast Int'l Ltd.*, No. 20-32243 (MI) (Bankr. S.D. Tex. April 23, 2020) (Docket No. 55). The same relief is also appropriate here.

**D.    Modification of Requirements to File a List of, and to Provide Notice Directly to, Equity Security Holders Under Certain Circumstances of These Chapter 11 Cases**

11. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders. *See* Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. *See* Fed. R. Bankr. P. 2002(d). Bankruptcy courts have authority to modify or waive the requirements under both rules. *See* Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed.

5

R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

12. The Debtors submit that the requirements to file a list of, and to provide notice directly to, equity holders should be modified as to Debtor Core Scientific, Inc. in this case. As an initial matter, Core Scientific, Inc. is a publicly-traded company with approximately 363 million common shares outstanding. Core Scientific, Inc. does not maintain in the ordinary course of business a list of its equity security holders and, therefore, must obtain the names and addresses of its shareholders from a securities agent and several other sources. Preparing and submitting such a list with last known addresses for each such equity security holder and sending notices to all such parties will be expensive and time consuming and will serve little or no beneficial purpose.

13. In lieu of filing a list of, and providing notice directly to, equity holders of Core Scientific, Inc., the Debtors propose to (i) file a Form 8-K with the U.S. Securities and Exchange Commission notifying equity holders of Core Scientific, Inc. of the commencement of these chapter 11 cases and providing a link to the website relating to the Debtors' chapter 11 cases set up by the Debtors' claims agent, (ii) file with the Core Scientific, Inc. chapter 11 petition a list of significant holders of Core Scientific Inc.'s outstanding common stock, and (iii) as soon as is practicable following the date hereof, cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Core Scientific Inc.'s common stock. Under these

circumstances, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to Core Scientific Inc.'s equity security holders be modified.

E.  **Service of Notice of Commencement of These Chapter 11 Cases**

14. Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases. Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." Fed. R. Bankr. P. 2002(a)(1). Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

15. The Debtors, through Stretto Inc. ("**Stretto**"), their proposed claims and noticing agent, propose to serve the notice of commencement substantially in the form attached as **Exhibit 1** to the Proposed Order (the "**Notice of Commencement**") to all parties entitled to notice of commencement of these chapter 11 cases, to advise them of commencement of these chapter 11 cases and the section 341 meeting of creditors. Service of the Notice of Commencement on the Consolidated Creditor Matrix will not only prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Consolidated Creditor Matrix, but also preserve judicial resources and prevent creditor confusion through the efficient service of critical information. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these chapter 11 cases.

16. In addition, the Debtors propose to publish, within seven (7) days after entry of the Proposed Order or as soon as practicable thereafter, the Notice of Commencement once in the national edition of the *New York Times*. The Debtors submit that publication of the Notice of Commencement in the manner set forth herein is the most practical method by which to notify those creditors and other parties in interest who do not receive the Notice of Commencement by

mail notifying them of the commencement of these chapter 11 cases and constitutes an efficient use of the estates' resources.

### **Bankruptcy Rule 6003(b) Has Been Satisfied**

17. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first twenty-one (21) days after the Petition Date to the extent such relief is necessary to avoid immediate and irreparable harm. As described herein and in the Bros Declaration, the relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

### **Notice**

18. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

### **No Previous Request**

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 21, 2022
       Houston, Texas

                                            Respectfully submitted,

                                            */s/  Alfredo R. Pérez*
                                            WEIL, GOTSHAL & MANGES LLP
                                            Alfredo R. Pérez (15776275)
                                            700 Louisiana Street, Suite 1700
                                            Houston, Texas 77002
                                            Telephone:  (713) 546-5000
                                            Facsimile:  (713) 224-9511
                                            Email:   Alfredo.Perez@weil.com

                                            -and-

                                            WEIL, GOTSHAL & MANGES LLP
                                            Ray C. Schrock, P.C. (*pro hac vice* pending)
                                            Ronit J. Berkovich (*pro hac vice* pending)
                                            Moshe A. Fink (*pro hac vice* pending)
                                            767 Fifth Avenue
                                            New York, New York 10153
                                            Telephone:  (212) 310-8000
                                            Facsimile:  (212) 310-8007
                                            Email:   Ray.Schrock@weil.com
                                                           Ronit.Berkovich@weil.com
                                                           Moshe.Fink@weil.com

                                            *Proposed Attorneys for Debtors*
                                            *and Debtors in Possession*

**Certificate of Service**

I hereby certify that on December 21, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                           /s/ Alfredo R. Pérez
                                           Alfredo R. Pérez