IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § | (Joint Administration Requested) (Emergency Hearing Requested) |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND CURRENT EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 REPORTS**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN THE MORNING OF THURSDAY, DECEMBER 22, 2022.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Mining LLC (6791); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Background**

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

2. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are one of the largest blockchain infrastructure, hosting provider, and digital asset mining companies in North America, with fully operational data centers in Texas, Kentucky, North Carolina, North Dakota, and Georgia.

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, (the "**Bros Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bros Declaration.

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Motion, pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b), the Debtors request entry of an order extending the deadline by which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of current income and current expenditures, (c) schedules of executory contracts and unexpired leases, and (d) statements of financial affairs (collectively, the "**Schedules and Statements**") by 30 days, for a total of 44 days from the Petition Date, through and including February 3, 2023, without prejudice to the Debtors' ability to request additional extensions for cause shown.

6. Additionally, the Debtors request that the Court grant an extension until the later of (i) 15 days after the initial meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") and (ii) 45 days from the Petition Date, for the Debtors to either file their initial reports of financial information with respect to entities in which their chapter 11 estates hold a controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**"), or to file a motion with the Court seeking a modification of such reporting requirements for cause.

7. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should Be Granted**

**A. Cause Exists to Extend the Time to File the Schedules and Statements**

8. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) generally require debtors to file Schedules and Statements within 14 days after their petition date. 11 U.S.C. § 521. Pursuant to Bankruptcy Rule 1007(c), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." FED. R. BANKR. P.1007(c).

9. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to a substantial number of creditor claims, as well as the Debtors' assets, executory contracts, and unexpired leases. Collecting the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professionals in the near term, when these resources would be best used to ensuring a smooth transition into chapter 11 and addressing the immediate needs of the Debtors' business operations.

10. The Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules and Statements. Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the Debtors' limited number of employees with relevant knowledge and expertise, the Debtors may not be able to properly and accurately complete the Schedules and Statements within the required time period. The Debtors, therefore, request that the Court extend the 14-day period for an additional 30 days (making the Schedules and Statements due 44 days from the Petition Date), without prejudice to the Debtors' right to request further extensions, for cause shown.

11. Courts in this district have granted similar relief to that requested herein in a number of comparable chapter 11 cases. *See, e.g., In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. May 10, 2022) (Docket No. 121) (granting 45-day extension); *In re CBL & Assocs. Props., Inc.*, Case No. 20-35226 (DRJ) (Bankr. S.D. Tex. Nov. 2, 2020) (Docket No. 67) (granting 30-day extension); *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 5, 2020) (Docket No. 59) (granting 30-day extension); *In re CEC Ent., Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. June 26, 2020) (Docket No. 76) (granting 30-day extension); *In re Gavilan Res.*, LLC, No. 20-32656 (MI) (Bankr. S.D. Tex. May 18, 2020) (Docket No. 56) (granting 60-day extension); *In re Speedcast Int'l Ltd.*, No. 20-32243 (MI) (Bankr. S.D. Tex. April 27, 2020) (Docket No. 114) (granting 30-day extension).

12. Accordingly, the Debtors respectfully request that the Court extend the time for filing their Schedules and Statements.

**B. Cause Exists to Extend the Time to File the 2015.3 Reports**

13. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the 2015.3 Reports "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." FED. R. BANKR. P. 2015.3(d).

5

14. The Debtors consist of 11 separate entities, some of which have non-debtor affiliates that are not publicly traded corporations and in which there is a presumption that the Debtors hold a "substantial or controlling" equity interest (collectively, the "**Qualifying Entities**"). The Debtors submit that cause exists to extend the deadline for filing the Rule 2015.3 Reports for the Qualifying Entities as requested herein based on (i) the size and complexity of the Debtors' business and (ii) the burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

15. Extending the deadline for the initial 2015.3 Reports also will enable the Debtors to work with their financial advisors and the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") to determine the appropriate nature and scope of the 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.

16. Courts in this district have granted similar relief to that requested herein in a number of comparable chapter 11 cases. *See, e.g., In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. May 10, 2022) (Docket No. 121) (granting an extension to the later of 15 days after the 341 Meeting or 45 days after Petition Date); *In re CBL & Assocs. Props., Inc.*, Case No. 20-35226 (DRJ) (Bankr. S.D. Tex. Nov. 2, 2020) (Docket No. 67) (granting an extension to the later of 15 days after the 341 Meeting or 45 days after Petition Date); *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 5, 2020) (Docket No. 59) (granting an extension to the later of 15 days after the 341 Meeting or 45 days after Petition Date).

17. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must either file their initial 2015.3 Reports or file a motion with the Court seeking appropriate modifications of such reporting requirements, for cause,

pursuant to Bankruptcy Rule 2015.3(d) until the later of (i) 15 days after the initial 341 Meeting and (ii) 45 days from the Petition Date.

### Bankruptcy Rule 6003(b) Has Been Satisfied

18. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first twenty-one (21) days after the Petition Date to the extent such relief is necessary to avoid immediate and irreparable harm. As described herein and in the Bros Declaration, the relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

### Notice

19. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

### No Previous Request

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  December 21, 2022
       Houston, Texas

Respectfully submitted,

 /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez @weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* pending)
Ronit J. Berkovich (*pro hac vice* pending)
Moshe A. Fink (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Moshe.Fink@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on December 21, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Alfredo R. Pérez
Alfredo R. Pérez