IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § § § § § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | | Case No. 22-90341 (DRJ) |
| | | (Jointly Administered) |
| Debtors.[1] | | |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE PROGRAMS AND SURETY BONDS, AND (B) PAY CERTAIN OBLIGATIONS WITH RESPECT THERETO; (II) GRANTING RELIEF FROM AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS; AND (III) GRANTING RELATED RELIEF

Upon the motion, dated December 21, 2022 (the "**Motion**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003 and 6004, for entry of interim and final orders (i) authorizing, but not directing, the Debtors to (a) continue their Insurance Programs and Surety Bonds in accordance with their applicable insurance policies and indemnity agreements and authority to continue to perform their obligations with respect thereto during these chapter 11 cases, and (b) pay any Insurance Obligations and Surety Bonds Obligations; (ii) modifying the automatic stay to the extent necessary to permit the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

employees to proceed with any claims they may have under the Workers' Compensation Program; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, to continue their Insurance Programs and Surety Bonds, and to pay or otherwise satisfy any Insurance Obligations and Surety Bonds Obligations, whether such obligations arose before or after the Petition Date, in the ordinary course of business.

2. The Debtors are authorized, but not directed, to reuse, extend, renew, rollover, replace, or obtain new insurance policies and surety bonds, and to take all appropriate

actions in connection therewith, in the ordinary course of business; *provided*, *however*, the Debtors will notify the Ad Hoc Group,[3] the United States Trustee, and any statutory committee appointed in these cases if outside the ordinary course of business Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance coverage and surety coverage or change insurance or surety carriers, enter into any new premium financing agreements, or obtain additional insurance, or surety coverage in a manner that would be inconsistent with the Debtors' current insurance and surety.  The Debtors are not authorized by this Interim Order to take any action with respect to a Surety Bonds that would have the effect of transforming a prepetition undersecured or unsecured surety bond to a postpetition or secured obligation.  Such relief may be sought by separate motion.

3. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Interim Order, including the following information: (a) the names of the payee; (b) the date, category, nature and amount of the payment; and (c) the Debtor or Debtors that made the category or type of payment as further described and classified in the Motion.  Debtors shall provide on a confidential basis a copy of such matrix/schedule to counsel to the Ad Hoc Group, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases on January 31, 2022 and the last day of every month thereafter.

4. Nothing in the Motion or this Interim Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of, or basis for, any claims

---

[3] The term "**Ad Hoc Group**" is defined as that ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

against the Debtors in connection with or relating to the Surety Bonds and nothing in this Interim Order renders any claim by any third party based on a prepetition actual, potential, or asserted liability of the Debtors, which claim may or does result in a loss to a surety under the Surety Bonds, into a postpetition claim or expense of administration.

5. Except as expressly set forth herein, to the extent any surety bond or any related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the assumption or postpetition reaffirmation of any such surety bond or related agreement under section 365 of the Bankruptcy Code.

6. Workers' Compensation Claims may be pursued in the ordinary course business, including to the extent applicable, modifying or lifting the automatic stay without further order of the Bankruptcy Court, to permit (i) claimants with valid Workers' Compensation Claims or direct action claims against an Insurance Carrier or a Third-Party Administrator under applicable non-bankruptcy law to proceed with their claims and (ii) an Insurance Carrier or a Third-Party Administrator to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Bankruptcy Court, (a) all Workers' Compensation Claims and (b) all claims where a claimant asserts a direct claim against an Insurance Carrier or a Third-Party Administrator.

7. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated

clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

8. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

9. Nothing in this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the Bankruptcy Court's ultimate disposition of the Motion on a final basis.

10. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) an agreement or obligation to pay any claims; (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vi) an admission as to the validity of any liens satisfied pursuant to this Motion; or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

11. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must

be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

12. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Policies are owed.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding the provisions of Bankruptcy Rule 4001(a)(3) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

17. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

18. A final hearing to consider the relief requested in the Motion shall be held on _____, 2023 at _____ **(Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to _____ **2022 at [●]:[●] a.m./p.m. (Prevailing Central Time)**.

Dated: _____, 2022
       Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE