## Exhibit B

**Betance Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |
| | § | (Emergency Hearing Requested) |

**DECLARATION OF SHERYL BETANCE IN SUPPORT
OF DEBTORS' EMERGENCY *EX PARTE* APPLICATION FOR ENTRY
OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF STRETTO, INC. AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

I, Sheryl Betance, under penalty of perjury, declare as follows:

1. I am a Senior Managing Director of Stretto, Inc. ("Agent"), a chapter 11 administrative services firm whose headquarters are located at 410 Exchange, Ste. 100, Irvine, California 92602. Except as otherwise noted in this declaration (this "Declaration"), I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently as follows.

2. I submit this Declaration in support of the above-captioned Debtors' (collectively, the "Debtors") *Emergency* Ex Parte *Application for Entry of an Order Authorizing the Employment and Retention of Stretto, Inc. as Claims, Noticing, and Solicitation Agent*, filed contemporaneously herewith (the "Application").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Application.

3. Agent represents the following:

    (a) Agent, its members, and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders, or employees of the Debtors;

    (b) Agent will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

    (c) by accepting employment in these chapter 11 cases, Agent waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

    (d) in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Agent will not be an agent of the United States and will not act on behalf of the United States;

    (e) Agent will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

    (f) Agent is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

    (g) in its capacity as Claims and Noticing Agent in these chapter 11 cases, Agent will not intentionally misrepresent any fact to any person;

    (h) Agent shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

    (i) Agent will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

    (j) none of the services provided by Agent as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk.

4. I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases. The results of the conflict check were compiled and reviewed by Agent professionals under my supervision. Agent is not aware of any connection that would present a disqualifying conflict of interest. Should Agent discover any new relevant facts or connections bearing on the matters

described herein during the period of its retention, Agent will use reasonable efforts to promptly file a supplemental declaration.

5. To the best of my knowledge, neither Agent, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. Agent may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Agent serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

6. Agent discloses the following connections, each of which Agent believes does not present an interest adverse to the Debtors:

- The list of Potential Parties in Interest identifies Celsius Mining LLC and Celsius Networks Lending LLC, which are Stretto's clients, as a customer and potential lienor, respectively, of the Debtors. However, to the best of my knowledge, such relationships are materially unrelated to these chapter 11 cases.

- The list of Potential Parties in Interest also identifies FedEx, which is a customer of Stretto Recovery Services, as a vendor and/or supplier of the Debtors, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- Greenberg Traurig, LLP has been identified as a Potential Party in Interest. Peggy Hunt and Michael Thomson, shareholders of Greenberg Traurig, LLP, are current clients of Stretto's chapter 7 software business in their individual capacities, but such relationships are unrelated to the Debtors and their estates, assets, or businesses.

- The list of Potential Parties in Interest identifies Mallinckrodt Pharmaceuticals Limited, one of Stretto's clients, as an affiliation of the Debtors' current officers and

directors. However, to the best of my knowledge, such relationship is materially unrelated to these chapter 11 cases.

- Perkins Coie LLP has been identified as a Potential Party in Interest. Brian Audette, an employee of Perkins Coie LLP, is a current client of Stretto's chapter 7 software business in his individual capacity, but such relationship is unrelated to the Debtors and their estates, assets, or businesses.

- The list of Potential Parties in Interest identifies one of Stretto's lenders, U.S. Bank, National Association, as potentially having lending relationship with the Debtors. However, to the best of my knowledge, such relationship is materially unrelated to these chapter 11 cases.

- Stretto has determined that Consilio LLC, owned by Trident Fund VIII, has been identified as vendor and/or supplier of the Debtors. However, to the best of Stretto's knowledge, Stretto's relationship to this entity does not create any adverse interest against the Debtors' estates that would present a disqualifying conflict of interest, and there are no other connections that require disclosure.

- Snell & Wilmer has been identified as a Potential Party in Interest. Stretto utilizes the services of Snell & Wilmer in matters unrelated to these chapter 11 cases.

- From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be one of the Debtors or their affiliates. Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to the foregoing, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is

4

retained.  Stretto is aware that one of Stretto's officers owns less than one percent (1%) of the equity in the Debtor, Core Scientific, Inc.  Additionally, three of Stretto's officers collectively hold a minority interest in an entity that holds less than one percent (1%) of the convertible debt of the Debtor, Core Scientific, Inc.

- Additionally, the list of Potential Parties in Interest includes entities, as set forth on **Annex 1** attached hereto, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services.  However, to the best of my knowledge, such relationships are materially unrelated to these chapter 11 cases.

7. I believe that Agent is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Date: December 21, 2022

*/s/ Sheryl Betance*
Sheryl Betance
Senior Managing Director
Stretto, Inc.
410 Exchange, Ste. 100
Irvine, California 92602

**Annex 1**

AlixPartners LLP
Amazon Web Services Inc.
AT&T
Bank of America, N.A.
CDW
Colorado Department of Revenue
CORE LLC
CSC Corporation Service Company
CT Corporation
Delaware Secretary of State
Dell Financial Services Inc.
Eaton Corp
Fastenal Company
Fidelity Investments Institutional Operations Company, Inc.
First Insurance Funding Corp
Frontier Communications
Georgia Department of Revenue
Intralinks, Inc.
Kentucky Department of Revenue
Manpower LLC
Microsoft
McCarthy Building Companies, Inc.
North Carolina Department of Revenue
Okta Inc.
Oracle America, Inc
Salesforce.com, Inc
Securitas Security Services Inc.
Shermco Industries Inc.
Silver Air
South Carolina Department of Revenue
Summit Electric Supply Co. Inc.
Summit Funding Group, Inc.
Sunbelt Rentals, Inc.
Tennessee Department of Revenue
Texas Comptroller of Public Accounts
Time Warner Cable
United Rentals (North America), Inc.
U.S. Customs & Border Protection
Washington State Department of Revenue