IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § | (Joint Administration Requested) (Emergency Hearing Requested) |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRETTO, INC. AS CLAIMS, NOTICING, AND SOLICITATION AGENT

The Court has considered the Debtors' application (the "Application")[2] to employ Stretto, Inc. ("Agent") as its claims, noticing, and solicitation agent in these cases. The Court finds that *ex parte* relief is appropriate. The Court orders:

1. The Debtors are authorized to employ Agent under the terms of the Engagement Letter attached to the Application as modified by this Order.

2. Agent is authorized and directed to perform the services as described in the Application, the Engagement Letter, and this Order. If a conflict exists, this Order controls.

3. The Clerk shall provide Agent with Electronic Case Filing ("ECF") credentials that allow Agent to receive ECF notifications and file certificates and/or affidavits of service.

4. Agent is a custodian of court records and is designated as the authorized repository for all Proofs of Claim filed in these cases. Agent shall maintain the official Claims Register(s) in these cases. Agent must make complete copies of all Proofs of Claim available to the public electronically without charge. Proofs of Claim and all attachments may be redacted only as ordered by the Court.

5. Agent must not transmit or utilize the data obtained by Agent in exchange for direct or indirect compensation from any person other than the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

6. Agent shall provide the Clerk with a certified duplicate of the official Claims Register(s) upon request.

7. Agent shall provide (i) an electronic interface for filing Proofs of Claim in these cases; and (ii) a post office box or street mailing address for the receipt of Proofs of Claim sent by United States Mail or overnight delivery.

8. Agent is authorized to take such other actions as are necessary to comply with all duties and provide the Services set forth in the Application and the Engagement Letter.

9. Agent shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the Office of the United States Trustee, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices in writing.

10. Agent shall not be required to file fee applications. Upon receipt of Agent's invoices, the Debtors are authorized to compensate and reimburse Agent for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Letter. All amounts due to Agent will be treated as § 503(b) administrative expenses. Agent may apply its advance in accordance with the Engagement Letter and the terms of this Order.

11. The Debtors shall indemnify Agent under the terms of the Engagement Letter, as modified and limited by this Order. Notwithstanding the foregoing, Agent is not indemnified for, and may not receive any contribution or reimbursement with respect to:

   a. For matters or services arising before these cases are closed, any matter or service not approved by an order of this Court.

   b. Any matter that is determined by a final order of a court of competent jurisdiction that arises from (i) Agent's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty; (ii) a contractual dispute if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

   c. This paragraph does not preclude Agent from seeking an order from this Court requiring the advancement of indemnity, contribution, or reimbursement obligations in accordance with applicable law.

12. Agent shall not cease providing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court. In the event Agent is unable to provide the Services set out in this Order and/or the Engagement Letter, Agent will immediately notify the Clerk and the Debtors' attorney and cause all original Proofs of Claim and data turned over to such persons as directed by the Court.

13.     After entry of an order terminating Agent's services, upon the closing of these cases, or for any other reason, Agent shall be responsible for archiving all Proofs of Claim with the Federal Archives Record Administration, if applicable, or as otherwise directed, and shall be compensated by the Debtors for such archiving services.

14.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Agent's services may be altered only on further order of this Court.

Houston, Texas
Dated: _____, 2022

UNITED STATES BANKRUPTCY JUDGE