**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC MINING LLC,** | § | **Case No. 22-90340 (DRJ)** |
| | § | |
| | § | **(Emergency Hearing Requested)** |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No.  92-1386971** | § | |
| -----------------------------------------------------| § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Emergency Hearing Requested)** |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No.  86-1243837** | § | |
| -----------------------------------------------------| § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC ACQUIRED MINING LLC,** | § | **Case No. 22-90342 (DRJ)** |
| | § | |
| | § | **(Emergency Hearing Requested)** |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No.  N/A** | § | |
| -----------------------------------------------------| § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC OPERATING COMPANY,** | § | **Case No. 22-90343 (DRJ)** |
| | § | |
| | § | **(Emergency Hearing Requested)** |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No.  82-3805526** | § | |
| -----------------------------------------------------| § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **RADAR RELAY, INC.,** | § | **Case No. 22-90344 (DRJ)** |

| | § | |
|---|---|---|
| Debtor. | § | (Emergency Hearing Requested) |
| | § | |
| Tax I.D. No.  82-3430496 | § | |
| -------------------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC SPECIALTY | § | |
| MINING (OKLAHOMA) LLC, | § | Case No. 22-90345 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  84-5164327 | § | |
| -------------------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN PROPERTY | § | |
| ACQUISITION, LLC, | § | Case No. 22-90346 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  82-5490825 | § | |
| -------------------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| STARBOARD CAPITAL LLC, | § | Case No. 22-90347 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  36-4896677 | § | |
| -------------------------------------------------------- | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| RADAR LLC, | § | Case No. 22-90348 (DRJ) |
| | § | |
| | § | (Emergency Hearing Requested) |
| Debtor. | § | |
| | § | |
| Tax I.D. No.  84-4125106 | § | |

3



```
--------------------------------------------------§
                                                  §
In re:                                            §    Chapter 11
                                                  §
AMERICAN PROPERTY                                 §
ACQUISITIONS I, LLC,                              §    Case No. 22-90349 (DRJ)
                                                  §
                                                  §    (Emergency Hearing Requested)
          Debtor.                                 §
                                                  §
Tax I.D. No.  82-5469717                          §
--------------------------------------------------§
                                                  §
In re:                                            §    Chapter 11
                                                  §
AMERICAN PROPERTY                                 §    Case No. 22-90350 (DRJ)
ACQUISITIONS VII, LLC,                            §
                                                  §    (Emergency Hearing Requested)
          Debtor.                                 §
                                                  §
Tax I.D. No.  83-1663198                          §
--------------------------------------------------§
```

## ORDER DIRECTING JOINT
## ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO
## BANKRUPTCY RULE 1015(b) AND BANKRUPTCY LOCAL RULE 1015-1

Upon the motion, dated December 21, 2022 (the "**Motion**")[1] of Core Scientific,

Inc., and its affiliated debtors in the above captioned chapter 11 cases, as debtors and debtors in

possession (collectively, the "**Debtors**"), for entry of an order directing joint administration of

their chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1,

all as more fully set forth in the Motion, and upon consideration of the Bros Declaration; and this

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding

pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and

such notice having been adequate and appropriate under the circumstances, and it appearing that

no other or further notice need be provided; and this Court having reviewed the Motion; and this

Court having held a hearing to consider the relief requested in the Motion; and all objections, if

any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors

and their respective estates and creditors; and upon all of the proceedings had before this Court

and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The above-captioned chapter 11 cases will be jointly administered are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 22-90341.

2. One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

3. Parties may request joint hearing on matters pending in any of the jointly administered cases.

4. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors or the Debtors' estates.

5. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **(Emergency Hearing Requested)** |
| | § | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

6. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7. A docket entry shall be made in each of the above-captioned chapter 11 cases (except the chapter 11 case of Core Scientific, Inc.) substantially as follows:

> A.  An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Core Scientific, Inc., *et al.* The docket in Case No. 22-90341 should be consulted for all matters affecting this case.

8. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10. The Debtors are authorized to take all actions necessary or appropriate to carry out this Order.

13. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
       Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE