United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 22, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**ORDER (I) AUTHORIZING DEBTORS TO
(A) FILE A CONSOLIDATED CREDITOR MATRIX AND A
CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS AND
(B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION; (II)
MODIFYING REQUIREMENT TO FILE A LIST OF EQUITY SECURITY HOLDERS;
AND (III) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS
OF COMMENCEMENT OF CHAPTER 11 CASES AND OTHER INFORMATION**

(Docket No. 9)

Upon the motion, dated December 21, 2022 (the "**Motion**"),[2] of Core Scientific,

Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in

possession (collectively, the "**Debtors**"), for entry of an order pursuant to section 107(c)(1)(A) of

the Bankruptcy Code and Bankruptcy Rules 1007(a)(1) and (d) and 2002, and Bankruptcy Local

Rule 9013-1(d) (i) authorizing the Debtors to (a) file a Consolidated Creditor Matrix and a

Consolidated Top 30 Creditors List and (b) redact certain personal identification information for

the Debtors' current and former employees, the Debtors' current and former directors, the Debtors'

individual creditors, and independent contractors, (ii) modifying the requirement to file a list of

and provide notice directly to equity holders, and (iii) approving the form and manner of notifying

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

creditors of the commencement of the chapter 11 cases and other information, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration, and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.     The Debtors are authorized, but not directed, pursuant to section 107(c)(1)(A) of the Bankruptcy Code and Bankruptcy Rules 1007(a)(1) and (d) and 2002, and Bankruptcy Local Rule 9013-1(d) to file a Consolidated Creditor Matrix and a Consolidated Top 30 Creditors List.

2.     The Debtors are further authorized, but not directed, to redact certain personal identification information of the Debtors' current and former employees, the Debtors' current and former directors, the Debtors' individual creditors, and independent contractors listed

on the Consolidated Creditor Matrix or other documents filed with the Court. The Debtors shall

provide an un-redacted version of the Consolidated Creditor Matrix and any other filings redacted

pursuant to this order to (a) the Court, the U.S. Trustee, and counsel to an official committee of

unsecured creditors appointed in these chapter 11 cases (if any), and (b) upon a request to the

Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases,

any party in interest, *provided* that any receiving party shall not transfer or otherwise provide such

un-redacted document to any person or entity not party to the request. The Debtors shall inform

the U.S. Trustee and the Court promptly after denying any request for an un-redacted document

pursuant to this Order. The rights of all parties in these chapter 11 cases to object to the relief set

forth in this paragraph on a final basis, for any reason, including that the Debtors have not satisfied

their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

3.      Core Scientific, Inc. shall file a Form 8-K with the U.S. Securities and

Exchange Commission notifying equity holders of Core Scientific, Inc. of the filing of these

chapter 11 cases and providing a link to the website relating to the Debtors' chapter 11 cases set

up by the Debtors' claims and noticing agent.

4.      As soon as is practicable following the date hereof, the Debtors shall cause

the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Core

Scientific, Inc. common stock and, to the extent reasonably practicable, serve all beneficial equity

holders, directly to the extent they are known or through the appropriate broker, Depository Trust

Company participant, or other intermediary, to the extent a beneficial equity holder holds such

equity interest through such intermediary.

5.      The requirement that Core Scientific, Inc. file a list of its equity security

holders pursuant to Bankruptcy Rule 1007(a)(3) is waived.

6.       Any requirement that Core Scientific. Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived.

7.       The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, on all parties listed on the Consolidated Creditor Matrix and on all parties that have entered an appearance in this case.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (i) the commencement of these chapter 11 cases and (ii) the scheduling of the meeting of creditors pursuant to section 341 of the Bankruptcy Code.

8.       The Debtors shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of the *New York Times* within seven (7) days after entry of the Proposed Order or as soon as practicable thereafter and the form of the publication notice is hereby approved and authorized pursuant to Bankruptcy Rule 2002(l).

9.       The Debtors shall cause Stretto to post the Notice of Commencement on the case website (https://cases.stretto.com/CoreScientific) as soon as practicable.

10.      The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

11.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

  **Signed:  December 22, 2022.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4

## **Exhibit 1**

**Notice of Commencement**

| Information to identify the case: | |
|---|---|
| Debtor    <u>Core Scientific, Inc., *et al.* (see below for list of all Debtors)</u><br>                         Name | EIN:  <u>86-1243837</u> |
| United States Bankruptcy Court for the <u>Southern District of Texas (Houston Division)</u><br>                                        (State)<br>Lead Case Number:  <u>22-90341</u> | Date case filed for chapter 11  <u>December 21, 2022</u><br>                                              MM / DD / YYYY |

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case
10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. | **Debtors' full name(s)**<br>**(List of Jointly Administered Debtors)** | **SEE BELOW CHART** |
|---|---|---|

| <u>Name of Debtors</u> | <u>Other Names Used by the Debtors in the last 8 years</u> | **EIN Number** | **Case Numbers** |
|---|---|---|---|
| Core Scientific Mining LLC | N/A | 92-1386971 | 22-90340 (DRJ) |
| Core Scientific, Inc. | XPDI; Power & Digital Infrastructure Acquisition Corp.; Core Scientific Holding Co. | 86-1243837 | 22-90341 (DRJ) |
| Core Scientific Acquired Mining LLC | Blockcap, Inc. | N/A | 22-90342 (DRJ) |
| Core Scientific Operating Company | Core Scientific, Inc.; MineCo Holdings, Inc. | 82-3805526 | 22-90343 (DRJ) |
| Radar Relay, Inc. | Radar Relay, LLC | 82-3430496 | 22-90344 (DRJ) |
| Core Scientific Specialty Mining (Oklahoma) LLC | GPU One Holdings, LLC | 84-5164327 | 22-90345 (DRJ) |
| American Property Acquisition, LLC | N/A | 82-5490825 | 22-90346 (DRJ) |
| Starboard Capital LLC | N/A | 36-4896677 | 22-90347 (DRJ) |
| RADAR LLC | N/A | 84-4125106 | 22-90348 (DRJ) |
| American Property Acquisitions I, LLC | 155 Palmer Lane, LLC | 82-5469717 | 22-90349 (DRJ) |
| American Property Acquisitions VII, LLC | N/A | 83-1663198 | 22-90350 (DRJ) |

| 2. | **All other names used in the last 8 years** | SEE ABOVE CHART |
|---|---|---|
| 3. | **Address** | 210 Barton Springs Road, Suite 300, Austin, Texas 78704<br><br>2407 S. Congress Ave, Ste. E-101, Austin, TX 78704 (mailing address) |

| 4. | **Debtor's attorney**<br>Name and address | **WEIL, GOTSHAL & MANGES LLP**<br>Alfredo R. Pérez (TX Bar No. 15776275)<br>700 Louisiana Street, Suite 1700<br>Houston, Texas 77002<br>Telephone:  (713) 546-5000<br>Facsimile:   (713) 224-9511<br>Email:  Alfredo.Perez@weil.com<br><br>- and -<br><br>**WEIL, GOTSHAL & MANGES LLP**<br>Ray C. Schrock, P.C.<br>Ronit J. Berkovich<br>Moshe A. Fink<br>767 Fifth Avenue | **Debtors' Claims and Noticing Agent** (for Court Documents and Case Information Inquiries):<br>Core Scientific, Inc., et al.<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602<br><br>US/Canada Toll-Free Number:<br><br>(949) 404-4152<br><br>International Toll Number:<br>(888) 765-7875<br><br>**Email inquiries**: |

Debtor   Core Scientific, Inc., *et al.*                                    Case number (if known)   22-    (   )
         Name

| | | |
|---|---|---|
| | New York, New York  10153<br>Telephone:  (212) 310-8000<br>Facsimile:   (212) 310-8007<br>Email:  Ray.Schrock@weil.com<br>    Ronit.Berkovich@weil.com<br>    Moshe.Fink@weil.com | TeamCoreScientific@stretto.com<br>**Case website:**<br>https://cases.stretto.com/CoreScientific |
| **5.  Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br><br>    You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov | Bob Casey United States Courthouse<br>515 Rusk Avenue<br>Houston, Texas 77002 | <u>Hours</u>:  Monday to Friday – 8:30 a.m. to 5:00 p.m. (Prevailing Central Time)<br><br><u>Telephone</u>:  (713) 250-5500 |
| **6.  Meeting of creditors**<br>The Debtors' representative must attend the meeting to be questioned under oath.<br><br>Creditors may attend, but are not required to do so. | _____ at _____ (CT)<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:** |
| **7.  Proof of claim deadline** | **<u>Deadline for filing proof of claim:</u>**<br><br>**To be Determined** |
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br>■    your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>■    you file a proof of claim in a different amount; or<br>■    you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan.  You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.  Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8.  Exception to discharge deadline**<br>    The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below<br><br>**Deadline for filing the complaint:  <u>To be determined</u>** |
| **9.  Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.  Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11.  Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |