IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | (Docket No. 6) |

### ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION, AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED OBLIGATIONS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated December 21, 2022 (the "**Motion**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, the Debtors to (a) pay all Employee Obligations and related fees, costs, and expenses incident to the foregoing, including amounts owed to third-party service providers and administrators and taxing authorities, and (b) maintain, and continue to honor and pay amounts with respect to, the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Date and as such may be modified, amended, or supplemented

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

from time to time in the ordinary course of business, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code, to (i) pay all obligations incurred, directly or indirectly, under or relating to the Employee Obligations and related fees, costs, and expenses incident to the foregoing, including amounts owed to third-party administrators and providers and taxing authorities, in the ordinary course of business and (ii) maintain and continue to honor and pay amounts with respect to the Employee Benefit Programs, Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Dates and as such may be modified, amended, or supplemented from time to time in the ordinary course of business.

2. The Debtors are further authorized, but not directed, to modify or discontinue any Employee Benefit or to reduce or eliminate program expenses or the benefits provided thereunder, at any time and in their sole discretion, subject to applicable nonbankruptcy law.

3. The Debtors are further authorized, but not directed, to pay and honor all prepetition Supplemental Workforce Obligations and to continue to utilize the Supplemental Workforce in the ordinary course of business.

4. Notwithstanding any other provision in this Order, the Debtors are authorized to continue the Employee Severance Obligations described in the Motion in the ordinary course, including making any payments or satisfying any obligations to non-insiders with respect to the prepetition period.

5. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date, category, nature and amount of the payment; and (c) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to counsel to the Ad Hoc Group[3], the U.S. Trustee, and any statutory committee on a confidential basis on January 31, 2022 and the last day of every month thereafter.

6. Before making any payments over $2,500 to Employees due under the Severance Program authorized by this Order, the Debtors shall provide seven (7) days' advance

---

[3] The term "**Ad Hoc Group**" is defined as that ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

notice to counsel to the Ad Hoc Group, the U.S. Trustee, and any statutory committee of (a) the title of the Employee, (b) the amount of the proposed payment to such Employee, (c) the proposed payment date, and (d) information about any metrics and performance levels triggering entitlement to incentive bonuses; and within ten (10) days of receiving such notice, the Ad Hoc Group, the U.S. Trustee, and any statutory committee may file an objection to any proposed payment, in which the Debtors shall make such payment without further order of the Court.

7. Nothing in the Order shall authorize the Debtors to make any payment to, or on behalf of, any Employee on account of prepetition Employee Compensation Obligations and Employee Benefits Obligations in excess of the statutory caps set forth in sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

8. Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code, including any bonus, incentive, retention, or severance payments to any "insider" as defined in section 101(31) of the Bankruptcy Code, *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time by separate motion.

9. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

10. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

11. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

12. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "**DIP Order**"). To the extent there is any

inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

17. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed: December 22, 2022.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE