United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | § | Re:  Docket No.  3 |

### ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND ASSESSMENTS OWED TO TAXING AUTHORITIES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated December 21, 2022 (the "**Motion**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, the Debtors to satisfy, or use tax credits to offset, all Taxes and Fees due and owing to Taxing Authorities that arose prior to the Petition Date, including all Taxes and Fees subsequently determined by audit or otherwise to be owed for periods prior to the Petition Date, and to pay any postpetition amounts that become due and owing to the Taxing Authorities in the ordinary course during these cases, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC 6971; Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR, LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, to pay, or use tax credits to offset, all prepetition Taxes and Fees due and owing to the Taxing Authorities including, without limitation, those Taxing Authorities listed in **Exhibit 1** hereto, including all Taxes and Fees subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, in each case, solely to the extent that such Taxes and Fees become payable in accordance with applicable law.

2. The Debtors are authorized, but not directed, to pay all postpetition Taxes and Fees as they become due and owing in the ordinary course to the Taxing Authorities including,

without limitation, those Taxing Authorities listed in **Exhibit 1** hereto, in each case, solely to the extent that such Taxes and Fees become payable in accordance with applicable law.

3. Prior to making a payment to any of the Taxing Authorities under the Motion, the Debtors are authorized, but not directed, to settle some or all of the Taxes and Fees for less than their face amount without further notice or hearing. Such relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds they deem appropriate or the Debtors' ability to request further relief related to the Taxes and Fees in the future.

4. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date, category, nature, and amount of the payment; and (c) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to counsel to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and the Ad Hoc Group[3] on January 31, 2023 and the last day of every month thereafter.

5. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or

---

[3] The term "Ad Hoc Group" is defined as that ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

6. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, and policy under section 365 of the Bankruptcy Code.

8. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be

updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

9. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed: December 22, 2022.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1**

**Taxing Authorities List**

| Taxing Authority | Address |
|---|---|
| Internal Revenue Service | Department of the Treasury, Internal Revenue Service, Ogden, UT  84201-0012 |
| US Customs and Border Protection | FP&F Office, 5600 Pearl Street, Rosemond, IL 6018 |
| North Carolina Department of Revenue | Post Office Box 25000, Raleigh, NC 27640-0640 |
| Georgia Department of Revenue | P.O. BOX 105499, Atlanta, GA 30348-5499 |
| Kentucky Department of Revenue | 501 High Street, Frankfort, KY40601 |
| North Dakota Department of Revenue | 600 E. Boulevard Ave., Dept. 127, Bismarck, ND 58505-0599 |
| Texas Comptroller | P.O. Box 13528, Capitol Station, Austin, Texas 78711-3528 |
| Oklahoma Department of Revenue | 2501 North Lincoln Boulevard, Oklahoma City, OK  73194 |
| Tennessee Department of Revenue | Andrew Jackson Building, 500 Deaderick Street, Nashville, TN 37242 |
| Colorado Department of Revenue | P.O. Box 17087, Denver, CO 80217-0087 |
| California Franchise Tax Board | P.O. Box 942857, Sacramento, CA  94257-0531 |
| State of Delaware - Division of Corporations | P.O. Box 5509, Binghamton, NY  13902-5509 |
| Cherokee County Tax Collector | 75 Peachtree Street, #225, Murphy, NC  28906-2947 |
| City of Calvert City | 861 E. 5th Avenue, PO Box 36, Calvert City, KY  42049 |
| Eddie McGuire, Marshall County Sheriff | 52 Judicial Drive, Benton, KY  42025 |
| King County Assessor | 201 S. Jackson Street, Room 708, Seattle, WA 98104 |
| Whitfield County Board of Assessors | 303 W. Waugh Street, Dalton, GA  30720-4291 |
| Ward County Assessor | 808 S Betty Avenue, Monahans, TX  79756 |