United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § | (Jointly Administered) (Docket No. 12) |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE THEIR
EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN
EXISTING BUSINESS FORMS AND INTERCOMPANY ARRANGEMENTS,
(C) CONTINUE INTERCOMPANY TRANSACTIONS, AND (D) CONTINUE
UTILIZING EMPLOYEE CREDIT CARDS; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated December 21, 2022 (the "**Motion**"),[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of interim and final orders pursuant to sections 105(a), 345, 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing the Debtors to (a) continue operating the Cash Management System, including the Bitcoin Management System, and all bitcoin and cash transfers related thereto, and maintaining the existing Institutions and Business Forms; (b) implement changes to the Cash Management System in the ordinary course of business insofar as such changes relate to the Debtors' participation in, or control of, the Cash Management System, including, without

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

limitation, opening new or closing existing Bank Accounts owned by the Debtors; (c) continue utilizing Employee Credit Cards and paying all obligations related thereto; (d) continue performing under and honoring Intercompany Transactions in the ordinary course of business; (e) provide administrative expense priority for postpetition Intercompany Claims; (f) honor and pay all prepetition and postpetition Bank Fees payable by the Debtors; and (g) honor and pay all prepetition and postpetition fees arising from and related to the Bitcoin Management System; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 345, 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code, to continue to maintain and manage their cash and bitcoin pursuant to the Cash Management System; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including the Debtors' Intercompany Transactions; to make ordinary course changes to their Cash Management System without further order of the Court; and to transfer, hold, or sell bitcoin in the ordinary course and to transfer proceeds related therefrom to the Debtors' Bank Accounts. Except as otherwise set forth herein, the Debtors and the Banks may, without further order of this Court, agree and implement changes to the Cash Management System and procedures in the ordinary course of business.

2. The Debtors are authorized to (i) designate, maintain, and continue to use any or all of their existing Institutions, including those listed on **Exhibit C** to the Motion, in the names and with the account numbers existing immediately before the Petition Date, (ii) to the extent of available funds, deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits, (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, (iv) pay Bitcoin Mining Pool and Bitcoin Wallet fees or other charges associated with the Bitcoin Management System; and (v) treat their prepetition Bank Accounts and Bitcoin Accounts for all purposes as debtor in possession accounts.

3. The Debtors are authorized, but not directed, to continue using, and, if used, to perform their obligations under Employee Credit Cards and to pay any amounts owing with respect thereto, including any amounts relating to the prepetition period.

4. The Debtors are authorized to open new Bank Accounts and close any existing Bank Accounts in the ordinary course of business *provided*, that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall be at depositories that are (i) insured by the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) designated as an authorized depository by the U.S. Trustee pursuant to the UST Operating Guidelines, and (iii) with a bank that agrees to be bound by the terms of this Order, provided further, for purposes of this Interim/Final Order, be deemed a Bank Account as if it had been listed on **Exhibit C** to the Motion. The opening or closing of any Bank Accounts shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, the Ad Hoc Group,[3] and any statutory committee.

5. The Debtors are authorized to open new Bitcoin Wallets or join new Bitcoin Mining Pools and close any existing Bitcoin Wallets or leave any Bitcoin Mining Pools in the ordinary course of business, provided however, the opening or closing of any Bitcoin Wallets shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, the Ad Hoc Group, and any statutory committee. If the Debtors open a new Bitcoin Wallet or join a new Bitcoin Mining Pool, the Debtors may, in the ordinary course, transfer bitcoin and cash assets between any new and existing Bitcoin Wallet, Bitcoin Mining Pool, or Bank Accounts.

6. The Banks are authorized to receive, process, honor, and pay any and all drafts, checks or other items issued, or to be issued, and wire transfers, ACH transfers, and

---

[3] The term "**Ad Hoc Group**" is defined as that ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

electronic funds transfers requested, or to be requested, by the Debtors to the extent that sufficient funds are on deposit in available funds in the applicable Bank Accounts to cover such payments and otherwise in accordance with the applicable Cash Management System agreements. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, electronic funds transfers, ACH transfers, or other items should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, transfers, or other items are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. Any Bank with which the Debtors maintained Bank Accounts as of the Petition Date is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all drafts, checks, wire transfers, electronic funds transfers, ACH transfers, or other items drawn on the Debtors' accounts which are cashed or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition and postpetition amounts outstanding, if any, owed to the Bank as Bank Fees for the maintenance of the Cash Management System and charge back returned items to the Bank Accounts in the ordinary course.

8. The Banks shall not be liable to any party on account of: (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (ii) the honoring of any prepetition checks, drafts, wires, electronic funds transfers, ACH transfers, or other items in a good faith belief or upon a representation by

the Debtors that the Court has authorized such prepetition check, draft, wire, transfers, or other item; or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

9. Those certain existing agreements relating to any Bank Accounts, Bitcoin Wallet, Bitcoin Mining Pool, the Employee Credit Cards, or other Cash Management System accounts between the Debtors, on the one hand, and the applicable Banks, Bitcoin Wallets, or Bitcoin Mining Pool on the other hand, shall continue to govern the postpetition cash management relationship between such parties, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

10. The Debtors are authorized pursuant to sections 363(c) and 364(a) of the Bankruptcy Code to continue to perform under and honor Intercompany Transactions in the ordinary course of business, so long as such Intercompany Transactions are materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period.

11. All Intercompany Claims against one Debtor by another Debtor or a Non-Debtor Affiliate arising after the Petition Date as a result of Intercompany Transactions shall be accorded administrative expense priority status in accordance with section 503(b) of the Bankruptcy Code.  For the avoidance of doubt, the relief granted in this Interim Order with respect to the postpetition Intercompany Transactions and the Intercompany Claims resulting therefrom shall not constitute a finding as to the validity, priority, or status or any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen, and the Debtors expressly reserve any and all rights with regard to the validity,

priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen.

13.  The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their Books and Records, to the same extent maintained by the Debtors before the Petition Date.  The Debtors shall make such records available upon reasonable request by the U.S. Trustee, the Ad Hoc Group, and any statutory committee appointed in these chapter 11 cases.

13.  To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have sixty (60) days, until February 18, 2023, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other arrangements as agreed to by the U.S. Trustee; *provided*, that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the 60-day period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

14.  The Debtors are authorized to use their existing Business Forms; *provided*, that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as reasonably practicable to do so; and *provided further*, that with respect to any Business Forms that exist or are generated electronically, the

Debtors shall use reasonable efforts to ensure that such electronic Business Forms are labeled "Debtor In Possession" as soon as reasonably practicable following entry of this Interim Order.

15. The Debtors are authorized to continue their bitcoin mining and sales operations, which includes transferring bitcoin assets between Non-Trading Wallets and Trading Wallets, selling bitcoin, and moving trading revenues from the Debtors' Bitcoin Wallet accounts into the Debtors' Bank Accounts, provided however, the Debtors shall maintain accurate and complete records of all transfers within the Bitcoin Management System so that all post-petition transfers and transactions shall be adequately and promptly documented in their books and records. The Debtors shall make such records available to the U.S. Trustee, the Ad Hoc Group, and any statutory committee upon request.

16. The Debtors shall maintain accurate and complete records of all transfers within the Cash Management System, including transfers between Debtors, so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date. The Debtors shall (a) maintain records of all Intercompany Transactions, and (b) make such records available to the U.S. Trustee, the Ad Hoc Group, and any statutory committee upon request. To the extent that the transfers within the Cash Management system are disbursements, they will be noted and reflected on the monthly operating reports and post confirmation reports filed by Debtors.

17. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis.

18. Except as otherwise provided herein, nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

19. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

20. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

21. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

22. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

24. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

25. A final hearing to consider the relief requested in the Motion shall be held on  January 23 , 2023 at  12:00  (noon) **(Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to  January 17 , 2023 at 4:00 p.m. **(Prevailing Central Time)**.

Signed: December 22, 2022.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

United States Bankruptcy Court
Southern District of Texas

In re: Case No. 22-90341-drj
Core Scientific, Inc. Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0541-4      User: ADIuser      Page 1 of 3
Date Rcvd: Dec 22, 2022      Form ID: pdf002      Total Noticed: 6

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| op | + | Stretto, Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238-3597 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: neil.orleans@judithwross.com | Dec 22 2022 20:18:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |
| cr | | Celsius Mining, LLC |
| cr | | MP2 Energy Texas LLC d/b/a Shell Energy Solutions |
| cr | | MassMutual Asset Finance, LLC |
| cr | | NYDIG ABL LLC |

TOTAL: 10 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| District/off: 0541-4 | User: ADIuser | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Dec 22, 2022 | Form ID: pdf002 | Total Noticed: 6 |
| Date: Dec 24, 2022 | Signature: /s/Gustava Winters | |

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2022 at the address(es) listed below:

**Name** **Email Address**

Alfredo R Perez
on behalf of Debtor Core Scientific Specialty Mining (Oklahoma) LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Radar Relay  Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor RADAR LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor American Property Acquisitions VII  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor American Property Acquisitions I  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Starboard Capital LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific Acquired Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor American Property Acquisition  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific Operating Company alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific  Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alicia Lenae Barcomb
on behalf of U.S. Trustee US Trustee alicia.barcomb@usdoj.gov

Arsalan Muhammad
on behalf of Creditor BlockFi  Inc. and its affiliated entities arsalan.muhammad@haynesboone.com, kenneth.rusinko@haynesboone.com

Charles Thomas Kruse
on behalf of Creditor Barings Capital Investment Corporation tom.kruse@arnoldporter.com

Charles Thomas Kruse
on behalf of Creditor Barings Private Credit Corp. tom.kruse@arnoldporter.com

Charles Thomas Kruse
on behalf of Creditor Barings BDC  Inc. tom.kruse@arnoldporter.com

District/off: 0541-4 — User: ADIuser — Page 3 of 3
Date Rcvd: Dec 22, 2022 — Form ID: pdf002 — Total Noticed: 6

Craig E Power
on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions cpower@cokinoslaw.com mbartlett@cokinoslaw.com;eolson@cokinoslaw.com

Eric L Scott
on behalf of Creditor MK Marlow Company LLC escott@sv-legal.com

Hector Duran, Jr
on behalf of U.S. Trustee US Trustee Hector.Duran.Jr@usdoj.gov

James Tillman Grogan, III
on behalf of Creditor Ad Hoc Group of Secured Convertible Noteholders jamesgrogan@paulhastings.com

Jason Starks
on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jason B. Binford
on behalf of Creditor Tenaska Power Services Co. jason.binford@judithwross.com

Jayson B. Ruff
on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jennifer L. Kneeland
on behalf of Interested Party McCarthy Building Companies Inc. jkneeland@watttieder.com, shope@watttieder.com

Judith W Ross
on behalf of Creditor Tenaska Power Services Co. judith.ross@judithwross.com

Maegan Quejada
on behalf of Creditor NYDIG ABL LLC mquejada@sidley.com txefilingnotice@sidley.com;maegan-quejada-3302@ecf.pacerpro.com;efilingnotice@sidley.com

Marguerite Lee DeVoll
on behalf of Interested Party McCarthy Building Companies Inc. mdevoll@watttieder.com

Maria Mulrooney Bartlett
on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions mbartlett@cokinoslaw.com

Matthew D Cavenaugh
on behalf of Creditor Celsius Mining LLC mcavenaugh@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Nathaniel Richard Hull
on behalf of Creditor MassMutual Asset Finance LLC nhull@verrilldana.com

Thomas O. Bean
on behalf of Creditor MassMutual Asset Finance LLC tbean@verrilldana.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

TOTAL: 32