United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § | (Jointly Administered) |
|  |  | (Docket No. 2) |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE
INSURANCE PROGRAMS AND SURETY BOND,
AND (B) PAY CERTAIN OBLIGATIONS WITH RESPECT THERETO;
(II) GRANTING RELIEF FROM AUTOMATIC STAY WITH RESPECT TO
WORKERS' COMPENSATION CLAIMS; AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated December 21, 2022 (the "**Motion**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003 and 6004, for entry of interim and final orders (i) authorizing, but not directing, the Debtors to (a) continue their Insurance Programs and Surety Bond in accordance with their applicable insurance policies and indemnity agreements and authority to continue to perform their obligations with respect thereto during these chapter 11 cases, and (b) pay any Insurance Obligations and Surety Bond Obligations; (ii) modifying the automatic stay to the extent necessary to permit the Debtors' employees to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

proceed with any claims they may have under the Workers' Compensation Program; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, to continue their Insurance Programs and Surety Bond, and to pay or otherwise satisfy any Insurance Obligations and Surety Bond Obligations, whether such obligations arose before or after the Petition Date, in the ordinary course of business.

2. The Debtors are authorized, but not directed, to reuse, extend, renew, rollover, replace, or obtain new insurance policies and surety bonds, and to take all appropriate actions in connection therewith, in the ordinary course of business; *provided*, *however*, the Debtors will notify the Ad Hoc Group, the United States Trustee, and any statutory committee appointed in these cases if outside the ordinary course of business Debtors renew, amend, supplement,

extend, terminate, replace, increase, or decrease existing insurance coverage and surety coverage or change insurance or surety carriers, enter into any new premium financing agreements, or obtain additional insurance, or surety coverage in a manner that would be inconsistent with the Debtors' current insurance and surety. The Debtors are not authorized by this Interim Order to take any action with respect to a Surety Bonds that would have the effect of transforming a prepetition undersecured or unsecured surety bond to a postpetition or secured obligation. Such relief may be sought by separate motion.

3. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date, category, nature and amount of the payment; and (c) the Debtor or Debtors that made the category or type of payment as further described and classified in the Motion. Debtors shall provide on a confidential basis a copy of such matrix/schedule to counsel to the Ad Hoc Group, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases on January 31, 2022 and the last day of every month thereafter.

4. Except as expressly set forth herein, to the extent any surety bond or any related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Final Order nor any payments made in accordance with this Final Order shall constitute the assumption or postpetition reaffirmation of any such surety bond or related agreement under section 365 of the Bankruptcy Code.

5. Workers' Compensation Claims may be pursued in the ordinary course business, including to the extent applicable, modifying or lifting the automatic stay without further order of the Bankruptcy Court, to permit (i) claimants with valid Workers' Compensation Claims or direct action claims against an Insurance Carrier or a Third-Party Administrator under

applicable non-bankruptcy law to proceed with their claims and (ii) an Insurance Carrier or a Third-Party Administrator to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Bankruptcy Court, (a) all Workers' Compensation Claims and (b) all claims where a claimant asserts a direct claim against an Insurance Carrier or a Third-Party Administrator.

6. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

8. Nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable

nonbankruptcy law; (iv) an agreement or obligation to pay any claims; (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vi) an admission as to the validity of any liens satisfied pursuant to this Motion; or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

9. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

10. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any obligations under the Insurance Policies are owed.

11. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

12. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(3) and 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

14. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

**Signed: December 22, 2022.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

United States Bankruptcy Court
Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-90341-drj |
| Core Scientific, Inc. | Chapter 11 |
| Debtor | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 3 |
| Date Rcvd: Dec 22, 2022 | Form ID: pdf002 | Total Noticed: 6 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| op | + | Stretto, Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238-3597 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: neil.orleans@judithwross.com | Dec 22 2022 20:18:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |
| cr | | CEC Energy Services LLC |
| cr | | Celsius Mining, LLC |
| cr | | MP2 Energy Texas LLC d/b/a Shell Energy Solutions |
| cr | | MassMutual Asset Finance, LLC |
| cr | | NYDIG ABL LLC |

TOTAL: 11 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 2 of 3 |
| Date Rcvd: Dec 22, 2022 | Form ID: pdf002 | Total Noticed: 6 |
| Date: Dec 24, 2022 | Signature: /s/Gustava Winters | |

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2022 at the address(es) listed below:

**Name**            **Email Address**

Alfredo R Perez
on behalf of Debtor Core Scientific Specialty Mining (Oklahoma) LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Radar Relay Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor RADAR LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor American Property Acquisitions VII LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor American Property Acquisitions I LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Starboard Capital LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific Acquired Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor American Property Acquisition LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific Operating Company alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alfredo R Perez
on behalf of Debtor Core Scientific Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com

Alicia Lenae Barcomb
on behalf of U.S. Trustee US Trustee alicia.barcomb@usdoj.gov

Arsalan Muhammad
on behalf of Creditor BlockFi Inc. and its affiliated entities arsalan.muhammad@haynesboone.com, kenneth.rusinko@haynesboone.com

Charles Thomas Kruse
on behalf of Creditor Barings Capital Investment Corporation tom.kruse@arnoldporter.com

Charles Thomas Kruse
on behalf of Creditor Barings Private Credit Corp. tom.kruse@arnoldporter.com

Charles Thomas Kruse
on behalf of Creditor Barings BDC Inc. tom.kruse@arnoldporter.com

District/off: 0541-4      User: ADIuser      Page 3 of 3
Date Rcvd: Dec 22, 2022      Form ID: pdf002      Total Noticed: 6

District/off: 0541-4    User: ADIuser    Page 3 of 3  
Date Rcvd: Dec 22, 2022    Form ID: pdf002    Total Noticed: 6

Craig E Power
    on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions cpower@cokinoslaw.com mbartlett@cokinoslaw.com;eolson@cokinoslaw.com

Eric L Scott
    on behalf of Creditor MK Marlow Company  LLC escott@sv-legal.com

Hector Duran, Jr
    on behalf of U.S. Trustee US Trustee Hector.Duran.Jr@usdoj.gov

James Tillman Grogan, III
    on behalf of Creditor Ad Hoc Group of Secured Convertible Noteholders jamesgrogan@paulhastings.com

Jason Starks
    on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jason B. Binford
    on behalf of Creditor Tenaska Power Services Co. jason.binford@judithwross.com

Jayson B. Ruff
    on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jennifer L. Kneeland
    on behalf of Interested Party McCarthy Building Companies  Inc. jkneeland@wattieder.com, shope@wattieder.com

Judith W Ross
    on behalf of Creditor Tenaska Power Services Co. judith.ross@judithwross.com

Maegan Quejada
    on behalf of Creditor NYDIG ABL LLC mquejada@sidley.com txefilingnotice@sidley.com;maegan-quejada-3302@ecf.pacerpro.com;efilingnotice@sidley.com

Marguerite Lee DeVoll
    on behalf of Interested Party McCarthy Building Companies  Inc. mdevoll@wattieder.com

Maria Mulrooney Bartlett
    on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions mbartlett@cokinoslaw.com

Matthew D Cavenaugh
    on behalf of Creditor Celsius Mining  LLC mcavenaugh@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Nathaniel Richard Hull
    on behalf of Creditor MassMutual Asset Finance  LLC nhull@verrilldana.com

Patrick Holder Autry
    on behalf of Creditor CEC Energy Services LLC pautry@branscombpc.com  slee@branscomblaw.com

Thomas O. Bean
    on behalf of Creditor MassMutual Asset Finance  LLC tbean@verrilldana.com

US Trustee
    USTPRegion07.HU.ECF@USDOJ.GOV

TOTAL: 33