United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 22, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** [1] | § | |
| | § | (Docket No. 7) |

**FINAL ORDER ESTABLISHING
NOTIFICATION PROCEDURES AND APPROVING
RESTRICTIONS ON (A) CERTAIN TRANSFERS OF
INTERESTS IN THE DEBTORS, AND
(B) CLAIMING OF CERTAIN WORTHLESS STOCK DEDUCTIONS,
PURSUANT TO SECTIONS 362 AND 105(a) OF THE BANKRUPTCY CODE**

Upon the motion, dated December 21, 2022 (the "**Motion**"),[2] of Core Scientific, Inc. ("**Core**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of orders establishing procedures to protect the potential value of the Debtors' net operating loss carryforwards and other tax benefits (collectively, the "**Tax Attributes**") pursuant to sections 105(a) and 362 of the Bankruptcy Code; and the Court having found and determined that the Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code, as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and the Court having found and determined that unrestricted

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

trading in Core Stock could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "**Tax Code**"); and the Court having found and determined that the Procedures (as hereinafter defined) are necessary and proper to preserve the Tax Attributes; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held an ~~interim~~ hearing on the Motion; ~~and the Court having granted interim relief on the Motion on XX~~ ~~XXXXXXXXXX [Dkt. No. XX]; and this Court having held a final hearing to consider the relief~~ ~~requested in the Motion;~~ and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors and their respective estates and creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.  The provisions of this Order shall be effective as of the Petition Date.

    2.  The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

3.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are approved and shall apply to all trading and transfers in the beneficial ownership of, and claiming a Worthless Stock Deduction with respect to, Core Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Core Stock), as provided therein; provided, that, the Debtors may, in consultation with the Ad Hoc Group, waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

4.      All objections to the Motion not previously withdrawn are overruled.

5.      Any acquisition, disposition, or trading in the beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of Core Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Core Stock), in violation of the Procedures shall be null and void *ab initio* pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code and as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

6.      Any person or Entity (as such term is defined in section 1.382-3(a) of the U.S. Department of Treasury Regulations promulgated under the Tax Code ("**Treasury Regulations**") acquiring (including by exercising any right of conversion), disposing of and/or trading in the beneficial ownership of Core Stock in violation of this Order or the Procedures, or otherwise failing to comply with their requirements, including with respect to claiming a Worthless Stock Deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

7.      The notices substantially in the form annexed hereto as **Exhibits 2** through **Exhibit 6** are approved.

4

8.      Within five (5) business days of the entry of the Final Order, the Debtors will send the final notice (the "**Final Notice**") annexed hereto as **Exhibit 6** to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).  The Debtors shall also publish the Final Notice in the national edition of *The New York Times* within seven (7) business days following entry of the Final Order, or as soon as reasonably practicable thereafter, and post the Procedures to a website established by Stretto, the Debtors' proposed claims and noticing agent, for these chapter 11 cases at https://cases.stretto.com/CoreScientific, such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures being necessary.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10.      Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of Core Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Core Stock), from requesting relief from this Final Order from this Court, subject to the Debtors' and the Creditor's Committee's rights to oppose such relief.

11.      The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate and other laws, and do not excuse compliance therewith.

12.      The relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve, and maximize the value of their Tax Attributes; accordingly, other than to the extent that this Final Order expressly conditions or restricts trading in the beneficial ownership of,

or claiming a Worthless Stock Deduction with respect to its beneficial ownership of Core Stock (including Options to acquire beneficial ownership of Core Stock), nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of interests in, the Debtors, including in connection with the treatment of any such interests under the Debtors' chapter 11 plan or any applicable bankruptcy court order.

13.     Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (v) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

14.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  December 22, 2022.

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

6

**Exhibit 1**

**Procedures**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
|  | § |  |
|  | § | **(Jointly Administered)** |
| Debtors. [1] | § |  |
|  | § |  |

**NOTICES, RESTRICTIONS, AND
OTHER PROCEDURES REGARDING OWNERSHIP
AND TRANSFERS OF INTERESTS IN THE
DEBTORS AND CLAIMING OF CERTAIN WORTHLESS STOCK DEDUCTIONS**

**TO ALL PERSONS OR ENTITIES THAT BENEFICIALLY OWN EQUITY
INTERESTS IN THE DEBTORS:[2]**

Pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions, Pursuant to Sections 362 and 105(a) of the Bankruptcy Code* (the "**Final Order**") entered by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") on _____, 2022, Docket No. ____, the following restrictions, notification requirements, and/or other procedures apply to trading of interests in the Debtors (collectively, the "**Procedures**") apply to all trading and transfers in the beneficial ownership of Core Stock (including directly and indirectly, and including Options to acquire beneficial

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]     Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(i) and B(i) below) shall have the meanings ascribed to them in the Final Order.

ownership of Core Stock), and all claims of Worthless Stock Deductions with respect to its beneficial ownership of Core Stock :

### A.  Restrictions on Core Stock Ownership, Acquisition, and Disposition

(a) <u>Definitions Relating to Trading in Stock</u>.  For purposes of these Procedures, the following terms have the following meanings:

(1)  <u>Beneficial Ownership</u>.  "**Beneficial ownership**" (and any variation thereof including "beneficially owns") of Core Stock and Options to acquire beneficial ownership of Core Stock shall be determined in accordance with applicable rules under section 382 of title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**") and rulings issued by the Internal Revenue Service (the "**IRS**"), and as provided herein, thus, shall include, without limitation, (i) direct and indirect ownership of Core Stock without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and (iii) any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock. Further, to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire beneficial ownership of Core Stock shall be treated as the beneficial ownership of Core Stock.

(2)  <u>Core</u>.  "**Core**" shall mean Core Scientific, Inc.

(3)  <u>Core Stock</u>.  "**Core Stock**" shall mean any common stock issued by Core.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire beneficial ownership of Core Stock may be treated as the owner of such Core Stock.

(4)  <u>Entity</u>. "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(5)  <u>Majority Holder.</u> "**Majority Holder**" shall mean any person that either (i) beneficially owned at any time since December 31, 2019 Core Stock representing approximately 47.5% of the then outstanding shares of Core Stock, (ii) beneficially owned at any time at least 47.5% of the then outstanding shares of Core Series A preferred stock and of Series B preferred stock that were outstanding prior to January 19, 2022 or (iii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Core Stock if such person claimed a Worthless Stock Deduction on its federal income tax return at any time on or after the Petition Date.

(6)  <u>Option</u>.  "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or

similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(7)     <u>Substantial Stockholder.</u>   "**Substantial Stockholder**" shall mean any person or Entity that beneficially owns at least (i) 17,700,000 shares of Core Stock (representing approximately 4.75% of all issued and outstanding Core Stock as of the Petition Date). For the avoidance of doubt, by operation of the definition of Beneficial Ownership, an owner of an Option to acquire beneficial ownership of Core Stock may be treated as the owner of such Core Stock.

(8)     <u>Worthless Stock Deduction</u>.   "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165 of the Tax Code with respect to the beneficial ownership of Core Stock.

(b)     <u>Notice of Substantial Ownership</u>.     Any person or Entity that beneficially owns, at any time on or after the Petition Date, Core Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon (the following, collectively, the "**Disclosure Parties**") (i) Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, Texas 78704 (Attn: Todd DuChene), (ii) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, (x) 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C., Ronit J. Berkovich, Esq., Moshe A. Fink, Esq.) and (y) 700 Louisiana Street, Suite 1700, Houston, Texas 77002 (Attn: Alfredo R. Pérez), (iii) counsel to the Ad Hoc Group,[1] Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Kristopher M. Hansen, Esq., Sayan Bhattacharyya, Esq.), (iv) the attorneys for any statutory committee of unsecured creditors appointed in these cases (the "**Creditors' Committee**") and (v) a Notice of Substantial Ownership (a "**Substantial Stock Ownership Notice**"), in substantially the form annexed to the Final Order as **Exhibit 2**, which describes specifically and in detail the person's or Entity's beneficial ownership of Core Stock, on or before the date that is the later of: (x) twenty (20) calendar days after the entry of the Final Order, and (y) ten (10) business days after that person or Entity qualifies as a Substantial Stockholder.   At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Core Stock that the Substantial Stockholder beneficially owns.

(c)     <u>Acquisition of Core Stock</u>.   At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Core Stock (including directly or indirectly, and including the grant or acquisition of Options to acquire beneficial ownership of such stock), or exercise of any Option to acquire beneficial ownership of Core Stock, that would

---

[1] The term "**Ad Hoc Group**" is defined as that ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

4

result in an increase in the amount of Core Stock beneficially owned by any person or Entity that currently is or that would result in a person or Entity becoming a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such person, Entity or Substantial Stockholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Core Stock (an "**Acquisition Notice**"), in the form annexed to the Final Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction. At the election of the Proposed Transferee, the Acquisition Notice to be filed with this Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Core Stock that the Proposed Transferee beneficially owns.

(d) Disposition of Core Stock. At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Core Stock (including, directly and indirectly, and including Options to acquire beneficial ownership of Core Stock) that would result in either a decrease in the amount of Core Stock beneficially owned by a Substantial Stockholder or that would result in a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**," and together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Sell, Trade, or Otherwise Transfer Core Stock (a "**Disposition Notice**", and together with an Acquisition Notice, an "**Trading Notice**"), in the form annexed to the Final Order as **Exhibit 4**, which describes specifically and in detail the proposed transaction in which Core Stock would be transferred. At the election of the Proposed Transferor, the Disposition Notice to be filed with this Court (but not such Disposition Notice served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number and the amount of Core Stock that the Proposed Transferor beneficially owns.

(e) Notice of Intent to Claim a Worthless Stock Deduction. At least twenty (20) business days before a Majority Holder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Holder ending on or before the effective date of a chapter 11 plan of reorganization for the Debtors, such Majority Holder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Final Order as **Exhibit 5**. At the election of the Majority Holder, the Worthless Stock Deduction Notice to be filed with this Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Holder's taxpayer identification number and the amount of Core Stock that the Proposed Transferor beneficially owns.

(f) Objection Procedures. The Debtors, the Ad Hoc Group and the Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice or Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (an "**Objection**") to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction Notice. If the Debtors, the Ad Hoc Group or the Creditors' Committee file an Objection by the expiration of the Objection Period (the

"**Objection Deadline**"), then the Proposed Transaction shall not be effective unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not file an Objection by the Objection Deadline, or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Holder, as applicable, approving the Proposed Transaction or Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or Worthless Stock Deduction Notice.  Any further Proposed Transaction or Worthless Stock Deduction must be the subject of an additional Trading Notice or Worthless Stock Deduction Notice  and Objection Period. To the extent that a Trading Notice or Worthless Stock Deduction Notice is filed and the Debtors determine in their business judgment not to object to the Proposed Transaction described in such Trading Notice or Worthless Stock Deduction described in such Worthless Stock Deduction Notice, as applicable, the Debtors shall provide notice of such determination as soon as is reasonably practicable (and in any event no later than five (5) business before the Objection Deadline) to counsel to the Ad Hoc Group.

## B.  Noncompliance with the Procedures

Any transfer of the beneficial ownership of Core Stock, or any claiming of a Worthless Stock Deduction by a Majority Holder, in violation of these Procedures shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code. Furthermore, any person (including any Entity) that acquires or disposes of beneficial ownership of Core Stock, any Majority Holder that claims a Worthless Stock Deduction shall be subject to sanctions as provided by law.

## C.  Debtors' Right to Waive

**The Debtors may, in consultation with the Ad Hoc Group, waive, in writing, any and all of the foregoing restrictions, stays, and notification procedures contained in this Notice.**

**Exhibit 2**

**Form of Substantial Ownership Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
|  | § |  |
|  | § | **(Jointly Administered)** |
| Debtors. [1] | § |  |
|  | § |  |

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

**PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions, Pursuant to Sections 362 and 105(a) of the Bankruptcy Code*, dated [___] [Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

(i) _____ shares of Core Stock, and/or[2]

(ii) Options to acquire beneficial ownership of _____ shares of Core Stock.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

For Core Stock and/or Options to acquire beneficial ownership of Core Stock that are owned directly by the Filer, the following table sets forth (i) the number of such shares, and/or

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in Exhibit 1 to the Final Order.

the number of shares subject to Options beneficially owned by such Filer, and (ii) the date(s) on which such shares and/or Options were acquired.

In the case of Core Stock and/or Options to acquire beneficial ownership of Core Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares of Core Stock and/or Options to acquire beneficial ownership of shares of Core Stock beneficially owned by the Filer, (ii) the number of shares of Core Stock and/or the number of shares of Core Stock subject to Options beneficially owned by such Filer and (iii) the date(s) on which such Core Stock and/or Options were acquired.

| Class | Name of Owner | Shares Owned | Shares Subject to Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Core Stock | | | | |

(Attach additional pages if necessary)

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 3</u>**

**Form of Acquisition Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors. [1] | § | |
| | § | |

**NOTICE OF INTENT TO PURCHASE, ACQUIRE
OR OTHERWISE ACCUMULATE CORE STOCK**

       **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions, Pursuant to Sections 362 and 105(a) of the Bankruptcy Code,* dated [___] [Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire or otherwise accumulate directly (a) one or more shares of Core Stock[2] and/or (b) Options to acquire beneficial ownership of Core Stock and/or (ii) a proposed purchase or acquisition of Core Stock and/or Options to acquire beneficial ownership of Core Stock that would result in an increase in the number of shares of Core Stock, and/or number of shares underlying Options that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

       **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

       1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock, the table sets forth (i) the number of shares of Core Stock and/or the number of shares of Core Stock underlying Options proposed to be purchased or acquired, and (ii) the date(s) of such Proposed Transfer.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed as Exhibit 1 to the Final Order.

2.   If the Proposed Transfer involves the purchase or acquisition of beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Core Stock and/or number of shares of Core Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Core Stock and/or Options, (ii) the number of shares of Core Stock and/or number of shares of Core Stock underlying Options proposed to be purchased or acquired, and (iii) the date(s) of such Proposed Transfer .

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Core Stock | | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock assuming the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Core Stock and/or the number of shares of Core Stock underlying Options that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of Core Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Core Stock and/or the number of shares of Core Stock underlying Options that would be owned by each such record/legal owner:

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Core Stock | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of Core Stock and/or Options to acquire beneficial ownership of Core Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Core Stock and/or the number of shares of Core Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Core Stock and/or the shares of Core Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

2

| Class | Name of Beneficial Owner | Shares Owned prior to Proposed Transfer | Shares to be Owned Following Proposed Transfer | Shares Underlying Options prior to Proposed Transfer | Shares Underlying Options Following Proposed Transfer |
|---|---|---|---|---|---|
| Core Stock | | | | | |

(Attach additional page if necessary)

          **PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

          **PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

          **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being filed with the Bankruptcy Court and served upon the Debtors, the Debtors' counsel, counsel to the lenders under the Debtors' proposed debtor in possession financing facility, counsel to the Ad Hoc Group and the Creditors' Committee's counsel.

          **PLEASE TAKE FURTHER NOTICE** that if the Debtors, the Ad Hoc Group or the Creditors' Committee files an objection to the Proposed Transfer within **fifteen (15) business days** after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Proposed Transfer is approved by the Debtors and the Ad Hoc Group, then such Proposed Transfer may proceed solely as specifically described in this Notice.

          **PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Filer increasing its beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Notice.

          [[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

3

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

**Exhibit 4**

**Form of Disposition Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
|  | § |  |
|  | § | **(Jointly Administered)** |
| Debtors. [1] | § |  |
|  | § |  |

## NOTICE OF INTENT TO SELL, TRADE OR
## OTHERWISE TRANSFER CORE STOCK

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions, Pursuant to Sections 362 and 105(a) of the Bankruptcy Code,* dated [___] [Docket No. [__] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade or otherwise transfer or dispose of (a) one or more shares of Core Stock,[2] and/or (b) Options to acquire beneficial ownership of Core Stock; and/or (ii) a proposed sale, transfer or disposition of Core Stock and/or Options to acquire beneficial ownership of Core Stock that would result in a decrease in the number of shares of Core Stock, and/or number of shares of Core Stock underlying Options to acquire beneficial ownership of Core Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) through (iii), a "**Proposed Transfer**").

      **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

      1.  If the Proposed Transfer involves the sale, transfer or disposition directly by the Filer of Core Stock and/or Options to acquire beneficial ownership of Core Stock, the table sets forth (i) the number of shares of Core Stock and/or the number of shares of Core Stock underlying Options proposed to be sold, transferred or disposed of, and (ii) the date(s) of such Proposed Transfer.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed as Exhibit 1to the Final Order.

2.  If the Proposed Transfer involves the sale, transfer or disposition of Core Stock and/or Options to acquire beneficial ownership of Core Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Core Stock and/or number of shares of Core Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to sell, transfer or dispose of such Core Stock and/or Options, (ii) the number of shares of Core Stock and/or number of shares of Core Stock underlying Options proposed to be so sold, transferred or disposed of, and (iii) the date(s) of such Proposed Transfer.

| Class | Name of Transferor | Shares to be Sold, Transferred or Disposed | Shares to be Sold, Transferred or Disposed | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Core Stock | | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock assuming the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Core Stock and/or the number of shares of Core Stock underlying Options that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of Core Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Core Stock and/or the number of shares of Core Stock underlying Options that would be owned by each such record/legal owner:

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Core Stock | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer or disposition of Core Stock and/or Options to acquire beneficial ownership of Core directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Core Stock and/or the number of shares of Core Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Core Stock and/or the shares of Core Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer.

2

| Class | Name of Beneficial Owner | Shares owned prior to Proposed Transfer | Shares Owned Following Proposed Transfer | Shares Underlying Options Owned prior to Proposed Transfer | Shares Underlying Options to be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Core Stock | | | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, this Notice is being filed with the Court and served upon the Debtors, the Debtors' counsel, counsel to the lenders under the Debtors' proposed debtor in possession financing facility, counsel to the Ad Hoc Group and the Creditors' Committee's counsel.

**PLEASE TAKE FURTHER NOTICE** that if the Debtors, the Ad Hoc Group or the Creditors' Committee files an objection to the Proposed Transfer within **fifteen (15) business days** after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and non-appealable order of the Court.  If the Proposed Transfer is approved by the Debtors, the Ad Hoc Group and the Creditors' Committee, then such Proposed Transfer may proceed solely as specifically described in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Filer decreasing its beneficial ownership of Core Stock and/or Options to acquire beneficial ownership of Core Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

3

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

**<u>Exhibit 5</u>**

**Form of Worthless Stock Deduction Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** [1] | § | |
| | § | |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that, pursuant to that certain *Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions, Pursuant to Sections 362 and 105(a) of the Bankruptcy Code*, dated [_____], 2022, Docket No. [___] (with all exhibits thereto, the "**Final Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its beneficial ownership of Core Stock (a "**Proposed Deduction**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2022, the Filer filed a Declaration of Status as a Majority Holder with this Court.

PLEASE TAKE FURTHER NOTICE that the Filer currently beneficially owns ___ shares of Core Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to its beneficial ownership of ___ shares of Core Stock.  If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired beneficial ownership of ___ shares of Core Stock on the first day of the Filer's next taxable year and shall be treated as never having owned such Core Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]     Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in Exhibit 1 to the Final Order.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

3

**Exhibit 6**

**Final Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, STOCK ISSUED BY CORE SCIENTIFIC, INC.**

On [_____, 2022], the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), having jurisdiction over the chapter 11 cases of Core Scientific, Inc. ("**Core**"), and its subsidiaries (the "**Debtors**"), captioned as *In re Core Scientific, Inc., et al.*, Case No. ____ (__) (the "**Chapter 11 Cases**"), entered a final order establishing procedures with respect to transfers in the beneficial ownership (including directly or indirectly) of, and claiming a worthless stock deduction with respect to the beneficial ownership of, common stock of the Debtors ("**Core Stock**"), and options to acquire beneficial ownership of Core Stock.

In certain circumstances, the Procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Stockholder or (ii) as a result of such a transaction, would become a Substantial Stockholder of the Core Stock, or (iii) claims by any Majority Holder of a worthless stock deduction under section 165 of the Internal Revenue Code with respect to the beneficial ownership of Core Stock (a "**Worthless Stock Deduction**"). For purposes of the Procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable U.S. Treasury regulations, including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly, at least 17,700,000 shares of Core Stock (representing approximately 4.75% of all issued and outstanding Core Stock as of the Petition Date and a "**Majority Holder**" shall mean any person that either (i) beneficially owned at any time since December 31, 2019 Core Stock representing approximately 47.5% of the then outstanding shares of Core Stock, (ii) beneficially owned at any time at least 47.5% of the then outstanding shares of Core Series A preferred stock and of Series B preferred stock that were outstanding prior to January 19, 2022 or (iii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Core Stock if such person claimed a Worthless Stock Deduction on its federal income tax return at any time on or after the Petition Date. *Any prohibited acquisition or other transfer of, or claim of a Worthless Stock Deduction with respect to, Core Stock (including options to acquire beneficial ownership of Core Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.*

*The procedures are available on the website of the Debtors' Court-approved claims agent, located at https://cases.stretto.com/CoreScientific, and also on docket of the Chapter 11 Cases, Docket No. _____ , which can be accessed via PACER at https://www.pacer.gov.*

The requirements set forth in the procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse non-compliance therewith.

*A direct or indirect holder of, or prospective holder of, Core Stock that may be or become a Substantial Stockholder, should consult the procedures.*

Dated:_____, 2022
       Houston, Texas                  **BY ORDER OF THE COURT**

United States Bankruptcy Court
Southern District of Texas

In re:                                                                                    Case No. 22-90341-drj

Core Scientific, Inc.                                                                     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: ADIuser | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Dec 22, 2022 | Form ID: pdf002 | Total Noticed: 6 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| op | + | Stretto, Stretto, 8269 E. 23rd Avenue, Suite 275, Denver, CO 80238-3597 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: neil.orleans@judithwross.com | Dec 22 2022 20:18:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |
| cr | | CEC Energy Services LLC |
| cr | | Celsius Mining, LLC |
| cr | | MP2 Energy Texas LLC d/b/a Shell Energy Solutions |
| cr | | MassMutual Asset Finance, LLC |
| cr | | NYDIG ABL LLC |

TOTAL: 11 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

District/off: 0541-4          User: ADIuser          Page 2 of 3
Date Rcvd: Dec 22, 2022          Form ID: pdf002          Total Noticed: 6

Date: Dec 24, 2022          Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alfredo R Perez | on behalf of Debtor Core Scientific Specialty Mining (Oklahoma) LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Radar Relay  Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor RADAR LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor American Property Acquisitions VII  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor American Property Acquisitions I  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Starboard Capital LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific Acquired Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor American Property Acquisition  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific Operating Company alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific  Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alicia Lenae Barcomb | on behalf of U.S. Trustee US Trustee alicia.barcomb@usdoj.gov |
| Arsalan Muhammad | on behalf of Creditor BlockFi  Inc. and its affiliated entities arsalan.muhammad@haynesboone.com, kenneth.rusinko@haynesboone.com |
| Charles Thomas Kruse | on behalf of Creditor Barings Capital Investment Corporation tom.kruse@arnoldporter.com |
| Charles Thomas Kruse | on behalf of Creditor Barings Private Credit Corp. tom.kruse@arnoldporter.com |
| Charles Thomas Kruse | on behalf of Creditor Barings BDC  Inc. tom.kruse@arnoldporter.com |

District/off: 0541-4                          User: ADIuser                                    Page 3 of 3
Date Rcvd: Dec 22, 2022                     Form ID: pdf002                              Total Noticed: 6

Craig E Power
                    on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions cpower@cokinoslaw.com
                    mbartlett@cokinoslaw.com;eolson@cokinoslaw.com

Eric L Scott
                    on behalf of Creditor MK Marlow Company  LLC escott@sv-legal.com

Hector Duran, Jr
                    on behalf of U.S. Trustee US Trustee Hector.Duran.Jr@usdoj.gov

James Tillman Grogan, III
                    on behalf of Creditor Ad Hoc Group of Secured Convertible Noteholders jamesgrogan@paulhastings.com

Jason Starks
                    on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jason B. Binford
                    on behalf of Creditor Tenaska Power Services Co. jason.binford@judithwross.com

Jayson B. Ruff
                    on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jennifer L. Kneeland
                    on behalf of Interested Party McCarthy Building Companies  Inc. jkneeland@watttieder.com, shope@watttieder.com

Judith W Ross
                    on behalf of Creditor Tenaska Power Services Co. judith.ross@judithwross.com

Maegan Quejada
                    on behalf of Creditor NYDIG ABL LLC mquejada@sidley.com
                    txefilingnotice@sidley.com;maegan-quejada-3302@ecf.pacerpro.com;efilingnotice@sidley.com

Marguerite Lee DeVoll
                    on behalf of Interested Party McCarthy Building Companies  Inc. mdevoll@watttieder.com

Maria Mulrooney Bartlett
                    on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions mbartlett@cokinoslaw.com

Matthew D Cavenaugh
                    on behalf of Creditor Celsius Mining  LLC mcavenaugh@jw.com,
                    kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Nathaniel Richard Hull
                    on behalf of Creditor MassMutual Asset Finance  LLC nhull@verrilldana.com

Patrick Holder Autry
                    on behalf of Creditor CEC Energy Services LLC pautry@branscombpc.com  slee@branscomblaw.com

Thomas O. Bean
                    on behalf of Creditor MassMutual Asset Finance  LLC tbean@verrilldana.com

US Trustee
                    USTPRegion07.HU.ECF@USDOJ.GOV


TOTAL: 33