# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.**, *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ALIXPARTNERS, LLP AS FINANCIAL ADVISOR EFFECTIVE AS OF THE PETITION DATE

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

The above-captioned debtors (collectively, the "**Debtors**"), respectfully state the following in support of this application (the "**Application**"):

1. The Debtors seek entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ AlixPartners, LLP ("**AlixPartners**") as financial advisor for the Debtors in connection with these chapter 11 cases ("**Chapter 11 Cases**"), pursuant to the terms of the engagement letter by and among the Debtors and AlixPartners, dated as of December 18, 2022 (the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit B** and for related relief, in each instance effective as of the Petition Date (as defined below). In support of this Application, the Debtors submit the declaration of Eric S. Koza, a Managing Director of AlixPartners, LLP (the "**Koza Declaration**"), attached hereto as **Exhibit C**.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and §§ 1334. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 327(a), 330, and 1107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Local Rules**").

## Background

5.     On December 21, 2022, (the "**Petition Date**"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Local Rule 1015-1.

6.     On January 9, 2023, the United States Trustee for Region 7 (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditor's Committee").

7.     Additional information regarding the Debtors' businesses and operations, capital structure, and the events leading to the commencement of these Chapter 11 Cases can be found in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 5] (the "**First Day Declaration**"), which is incorporated herein.

## Relief Requested

8.     Pursuant to section 327(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors request authorization to employ and retain AlixPartners as financial advisor for the Debtors effective as of the Petition Date, in accordance with the terms of the Proposed Order and the Engagement Letter.

**AlixPartners' Qualifications**

9. AlixPartners is an internationally recognized restructuring and turnaround firm with substantial experience in providing financial advisory services and has an excellent reputation for its work in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. In light of the size and complexity of these Chapter 11 Cases, the Debtors require a qualified and experienced financial advisor with the resources, capabilities, and experience of AlixPartners to assist them in taking steps that are crucial to the success of these Chapter 11 Cases. AlixPartners performs critical services that complement the services provided by the Debtors' other professionals.

10. AlixPartners has assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to these Chapter 11 Cases. AlixPartners professionals have provided restructuring and crisis management services in numerous large cases, including recent filings in this district. *See, e.g.*, *In re Carlson Travel Inc.*, No. 21-90017 (MI) (Bankr. S.D. Tex. Jan. 12, 2022); *In re Basic Energy Svcs., Inc.*, No. 21-90002 (DRJ) (Bankr. S.D. Tex. Oct. 21, 2021); *In re Pac. Drilling S.A.*, No. 20-35212 (DRJ) (Bankr. S.D. Tex. Dec. 16, 2020); *In re UTEX Indus., Inc.*, No. 20-34932 (DRJ) (Bankr. S.D. Tex. Dec. 3, 2020); *In re Oasis Petroleum, Inc.*, No. 20-34771 (MI) (Bankr. S.D. Tex. Nov. 10, 2020); *In re Lonestar Res. US Inc.*, No. 20-34805 (DRJ) (Bankr. S.D. Tex. Nov. 6, 2020); *In re Fieldwood Energy LLC,* No. 20-33948 (MI) (Bankr. S.D. Tex. Oct. 6, 2020); *In re Tailored Brands, Inc.*, No. 20-33900 (MI) (Bankr. S.D. Tex. Oct. 6, 2020); *In re Neiman Marcus Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. Sept. 25, 2020); *In re Noble Corp.*, No. 20-33826 (DRJ) (Bankr. S.D. Tex. Sept. 14, 2020); *In re Bruin E&P Partners, LLC*, No. 20-33605 (MI) (Bankr. S.D. Tex. Aug. 27, 2020); *In re NPC Int'l, Inc.*, No. 20-33353

(DRJ) (Bankr. S.D. Tex. Aug. 14, 2020); *In re J. C. Penney Co., Inc.*, No. 20-20182 (DRJ) (Bankr. S.D. Tex. July 2, 2020); *In re McDermott Int'l Inc.*, No. 20-30336 (DRJ) (Bankr. S.D. Tex. May 20, 2020); *In re Tri-Point Oil & Gas Prod. Sys., Inc.*, No. 20-31777 (DRJ) (Bankr. S.D. Tex. Apr. 25, 2020); *In re Sheridan Holding Co. I, LLC*, No. 20-31884 (MI) (Bankr. S.D. Tex. Apr. 24, 2020); *In re SRII Opco, LP and SRII Opco GP, LLC*, No. 19-35133 (MI) (Bankr. *S.D. Tex.* Apr. 21, 2020); and *In re Sheridan Holding Co. II, LLC*, No. 19-35198 (MI) (Bankr. S.D. Tex. Oct. 21, 2019).

11. In addition to AlixPartners' experience and reputation for providing financial advisory services in large, complex chapter 11 cases. AlixPartners has performed significant prepetition work for the Debtors since November of 2022. As a result, AlixPartners has acquired significant knowledge of the Debtors and their businesses, and is familiar with the Debtors' financial affairs, debt structure, operations, and related matters. Likewise, in providing prepetition services to the Debtors, AlixPartners' professionals have worked closely with the Debtors' management and their other advisors. Accordingly, AlixPartners has experience, expertise, and specifically relevant knowledge regarding the Debtors that will assist it in providing effective and efficient services in these Chapter 11 Cases. The Debtors submit that the retention of AlixPartners on the terms and conditions set forth herein is necessary and appropriate, in the best interest of the Debtors, their estates, and other parties in interest, and should be granted in all respects.

12. If the Application is approved, AlixPartners' personnel, all with substantial expertise in the areas discussed above, will continue to provide necessary services to the Debtors. Such personnel will work closely with the Debtors' management and other professionals throughout the reorganization process. By virtue of the expertise of its restructuring personnel and the significant work that AlixPartners performed for the Debtors during its prepetition

representation of the Debtors, AlixPartners is well-qualified to provide services to and represent the Debtors' interests in these Chapter 11 Cases.

## Services to be Provided

13. Prior to the Petition Date, the Debtors and AlixPartners entered into the Engagement Letter, which governs the relationship between them. The terms and conditions of the Engagement Letter were negotiated between the Debtors and AlixPartners and reflect the parties' mutual agreement as to the substantial efforts that will be required in this engagement. Subject to further order of the Court, AlixPartners may provide the services described in the Engagement Letter as AlixPartners and the Debtors shall deem appropriate and feasible in order to advise the Debtors in the course of these Chapter 11 Cases, including, but not limited to, the following:

- Advise and assist in development of the Debtors' short and long-term liquidity outlook and funding needs analysis, subject to various strategic alternatives being evaluated.

- Advise and assist the Debtors with development and implementation of cash management strategies, tactics and processes.

- Advise and assist the Debtors to identify and implement both short-term and long-term liquidity generating initiatives.

- Advise and assist the Debtors with development of their revised business plan, and such other related forecasts as may be required by the creditors in connection with negotiations or by the Debtors for other corporate purposes.

- Advise and assist the Debtors in the design and implementation of a restructuring strategy designed to maximize enterprise value, taking into account the unique interests of all constituencies.

- Advise and assist the Debtors' financial function, without limitation, with: (i) strengthening the core competencies of the finance organization, particularly cash management, planning, general accounting and financial reporting information management; and (ii) formulation and negotiation with respect to a plan of reorganization.

- Advise and assist the Debtors to negotiate and implement restructuring initiatives and evaluate strategic alternatives.

- Advise and assist the Debtors with their communications and/or negotiations with outside parties including the Debtors' stakeholders, banks and potential acquirers of Company assets.

- Advise and assist the Debtors on the financial reporting requirements attendant to a bankruptcy filing, including but not limited to court orders, court approved transactions, emergence and fresh-start reporting.

- Assist the Debtors with such other matters as may be requested that fall within AlixPartners' expertise and that are mutually agreeable.

14. Such financial advisory services are necessary to the Debtors' restructuring efforts and in the ongoing operation and management of the Debtors' businesses while subject to chapter 11 of the Bankruptcy Code.

15. When necessary, the individuals working on this matter (the "**AlixPartners Personnel**") will be assisted by or replaced by various professionals at various levels.

## No Duplication of Services

16. The financial advisory services provided by AlixPartners will complement, and not duplicate, the services rendered by any other professional retained in these Chapter 11 Cases.

## Fee and Expense Structure

17. AlixPartners' decision to accept this engagement to advise and assist the Debtors is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices, as set forth in Schedule 1 of the Engagement Letter (the "**Fee and Expense Structure**").

18. AlixPartners' current standard hourly rates for 2023, subject to periodic adjustments, are as follows:

| Title | Hourly Rate |
|---|---|
| Managing Director | $1,140 – $1,400 |
| Partner | $1,115 |
| Director | $880 – $1,070 |
| Senior Vice President | $735 – $860 |
| Vice President | $585 – $725 |
| Consultant | $215 – $565 |
| Paraprofessional | $360 – $380 |

19. AlixPartners generally reviews and revises its billing rates semi-annually. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates become effective.

20. In addition to compensation for services rendered by the AlixPartners Personnel, AlixPartners will seek reimbursement for reasonable, necessary, and documented out-of-pocket expenses incurred in connection with these Chapter 11 Cases, including transportation costs, lodging, and meals.

21. AlixPartners intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court and consistent with the proposed terms of compensation set forth in the Engagement Letter.

22. AlixPartners will maintain records in support of any fees (in 1/10th of an hour increments), costs, and expenses incurred in connection with services rendered in these Chapter 11 Cases. Records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of services provided on behalf of the Debtors. AlixPartners' applications for compensation of fees and reimbursement of expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter and any procedures established by the Court, pursuant to an interim compensation order or otherwise.

23. AlixPartners often works for compensation that includes hourly-based fees and performance-based, contingent-incentive compensation earned upon achieving meaningful results. AlixPartners does not seek a success fee in connection with these Chapter 11 Cases.

24. To the extent the Debtors request services related to electronic discovery and data collection, certain monthly hosting fees and consulting fees will apply, as further detailed and outlined by the Engagement Letter.

25. To the extent AlixPartners requires services of its international divisions or personnel from specialized practices, the standard hourly rates for that international division or specialized practice will apply.

26. To the extent AlixPartners uses the services of independent contractors (the "**Contractors**") in these Chapter 11 Cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

27. The Fee and Expense Structure is consistent with and typical of compensation

arrangements entered into by AlixPartners and other comparable firms that render similar services. The Debtors believe that the Fee and Expense Structure is reasonable, market-based, and designed to compensate AlixPartners fairly for its work and to cover fixed and routine overhead expenses.

28. AlixPartners received a retainer in the amount of $200,000 from the Debtors (the "**Retainer**"). According to AlixPartners' books and records, during the 90-day period prior to the Petition Date, the Debtors paid AlixPartners $950,000 in aggregate for professional services performed and expenses incurred, including advanced payments and including the Retainer.

29. Any balance of the Retainer will constitute an evergreen retainer as security for post-petition services and expenses.

30. Due to the ordinary course and unavoidable reconciliation of fees and submission of expenses immediately prior, and subsequent to, the Petition Date, AlixPartners may have incurred fees and reimbursable expenses related to the prepetition period which remain unpaid. Approval is sought from this Court for AlixPartners to apply the Retainer to these unpaid amounts. Upon entry of an order approving the relief requested herein, AlixPartners will apply the Retainer to the unpaid amounts, and the Debtors will not owe AlixPartners any sums for prepetition services.

### The Fee and Expense Structure is Appropriate and Reasonable and Should be Approved Under Section 327 of the Bankruptcy Code

31. Without the relief requested herein the Debtors would be deprived of the assistance of a qualified financial advisor, which would disadvantage the Debtors and all parties in interest. If the Debtors are forced to engage a new financial advisor, the Debtors' restructuring efforts would be slowed as any such new advisor is provided with the necessary background to provide adequate services. Moreover, comparable financial advisors would likely require similar compensation.

32. The Debtors believe that the Fee and Expense Structure is comparable to those generally charged by financial advisors of similar stature to AlixPartners for comparable engagements, both in and out of bankruptcy proceedings. The Engagement Letter was negotiated at arm's-length and in good faith. AlixPartners and the Debtors believe that the Fee and Expense Structure is both reasonable and market-based.

## AlixPartners' Disinterestedness

34. To the best of the Debtors' knowledge and except to the extent disclosed herein and in the Koza Declaration: (a) AlixPartners is a "disinterested person" (within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and supplemented by section 1107(b) of the Bankruptcy Code) and does not hold or represent an interest materially adverse to the Debtors' estates; (b) AlixPartners has no connection to the Debtors, their creditors, or other parties in interest in these Chapter 11 Cases, or the attorneys or accountants of the foregoing, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee; and (c) does not hold any interest adverse to the Debtors' estates.

35. As set forth in further detail in the Koza Declaration, AlixPartners has certain connections with creditors, equity security holders and other parties in interest in these Chapter 11 Cases. AlixPartners does not believe that any of these connections represent an interest materially adverse to the Debtors' estates or otherwise create a conflict of interest regarding the Debtors or these Chapter 11 Cases.

36. In the event that AlixPartners learns of additional connections not reflected in the Koza Declaration, AlixPartners will use reasonable efforts to promptly file a supplemental declaration.

**Indemnification Provisions**

37. The Engagement Letter contains standard indemnification language with respect to AlixPartners' services including, without limitation, an agreement by the Debtors to indemnify AlixPartners and its affiliates, partners, directors, officers, employees and agents (each, an "**AlixPartners Party**" and collectively, the "**AlixPartners Parties**") from and against all claims, liabilities, losses, expenses and damages arising out of or in connection with the engagement of AlixPartners that is the subject of the Engagement Letter, except to the extent caused by gross negligence or willful misconduct of any AlixPartners Party.

38. The Debtors and AlixPartners believe that the indemnification provisions contained in the Engagement Letter, as may be amended in the Proposed Order, are customary and reasonable for AlixPartners and comparable firms providing financial advisory services, and as would be modified pursuant to the foregoing limitations, reflect the qualifications and limitations on indemnification provisions that are customary in this district and others. *See, e.g., In re Tops Holding II Corp.*, No. 18-22279 (Bankr. S.D.N.Y. Mar. 22, 2018); *In re Fieldwood Energy LLC,* No. 18-30648 (Bankr. S.D. Tex. Mar. 8, 2018)*; In re Pac. Drilling S.A.,* No. 17-131393 (Bankr. S.D.N.Y. Jan. 26, 2018)*; In re Orchard Acquisition Co., LLC (J.G. Wentworth)*, No. 17-12914 (Bankr. D. Del. Jan. 5, 2018); *In re Castex Energy Partners, L.P.*, No. 17-35835 (Bankr. S.D. Tex. Dec. 4, 2017); *In re GulfMark Offshore, Inc.*, No. 17-11125 (Bankr. D. Del. June 15, 2017); *In re Vanguard Nat. Res., LLC*, No. 17-30560 (Bankr. S.D. Tex. Mar. 20, 2017); *In re Azure Midstream Partners, LP*, No. 17-30461 (Bankr. S.D. Tex. Mar. 10, 2017); *In re Am. Gilsonite Co.*, No. 16-12316 (Bankr. D. Del. Nov. 18, 2016); *In re CJ Holding Co.*, No. 16-33590 (Bankr. S.D. Tex. Sept. 12, 2016); *In re Midstates Petrol. Co.,* No. 16-32237 (Bankr. S.D. Tex. July 12, 2016); *In re Chaparral Energy, Inc.*, No. 16-11144 (Bankr. D. Del. June 10, 2016); *In re Ryckman Creek Res.,*

*LLC*, No. 16-10292 (Bankr. D. Del. Feb. 29, 2016); *In re Energy & Exp. Partners, Inc.*, No. 15-44931 (Bankr. N.D. Tex. Feb. 8, 2016); *In re Parallel Energy LP*, No. 15-12263 (Bankr. D. Del. Dec. 16, 2015); *In re The Great Atl. & Pac. Tea Co., Inc.*, No. 15- 23007 (Bankr. S.D.N.Y. Aug. 11, 2015); *In re Altegrity, Inc.*, No. 15-10226 (Bankr. D. Del. Mar. 16, 2015).

39. Moreover, the terms and conditions of the indemnification provisions were negotiated by the Debtors and AlixPartners at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of AlixPartners' proposed retention, are reasonable and in the best interest of the Debtors, their estates, and all parties in interest in light of the fact that the Debtors require AlixPartners' services to ensure the success of these Chapter 11 Cases. Accordingly, as part of this Application, the Debtors request that the Court approve the indemnification provisions as set forth in the Engagement Letter, as may be amended by the Proposed Order.

## Basis for Relief

40. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.
> 11 U.S.C. § 327(a).

41. Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

> Fed. R. Bankr. P. 2014.

42. The Debtors respectfully submit that section 327 of the Bankruptcy Code permits them to hire a professional firm like AlixPartners to undertake an advisory role in these Chapter 11 Cases. Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by this Application. The retention of AlixPartners as financial advisor in these Chapter 11 Cases is in the best interests of the Debtors, their estates, and all parties in interest.

## Notice

43. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d). The Debtors submit that, under the circumstances, no other or further notice is required.

## No Prior Request

44. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: <u>January 15, 2023</u>  /s/ *Todd Duchene*
       Houston, Texas  Todd Duchene
                                              Core Scientific, Inc.
                                              President, Chief Legal Officer

**Certificate of Service**

    I certify that on January 15, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                     */s/   Alfredo R. Pérez*
                                                       Alfredo R. Pérez