IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

**BLOCKFI LENDING LLC'S (I) LIMITED OBJECTION TO EMERGENCY MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (B) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (C) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (E) MODIFYING THE AUTOMATIC STAY, (F) SCHEDULING A FINAL HEARING, AND (G) GRANTING RELATED RELIEF, (II) JOINDER IN LIMITED OBJECTION OF BARINGS BDC, INC., BARINGS CAPITAL INVESTMENT CORPORATION, AND BARINGS PRIVATE CREDIT CORP. TO THE DIP MOTION, AND (III) RESERVATION OF RIGHTS**

BlockFi Lending LLC ("BlockFi") hereby files this *(I) Limited Objection to Emergency Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief, (II) Joinder in Limited Objection of Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp. to the DIP*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

*Motion, and (III) Reservation of Rights* (the "Limited Objection and Joinder") with respect to the *Emergency Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Doc. No. 38] (the "DIP Motion"). In support of this Limited Objection and Joinder, BlockFi respectfully states as follows:

### Background

1.　On December 21, 2022 (the "Petition Date"), Core Scientific, Inc. ("Core") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the Chapter 11 Cases on January 9, 2023. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Doc. No. 256].

2.　On the Petition Date, the Debtors filed, among other things, the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Doc. No. 5] (the "First Day Declaration") and the DIP Motion.

3.　The Debtors have filed a Restructuring Support Agreement (the "RSA") describing certain key terms of the Debtors' proposed restructuring supported by an ad hoc group (the "Noteholder Group") of holders of the Debtors' issued and outstanding convertible notes (the

"Notes").[2] First Day Declaration ¶ 82. The Noteholder Group is providing the Debtors with the debtor-in-possession financing (the "DIP Financing") contemplated in the DIP Motion. *See id.* The RSA provides, among other things, that the DIP Financing provided by the Noteholder Group will be refinanced into third-party exit financing or otherwise roll into a 4-year exit term loan and the majority of the Notes will be equitized in the form of 97% of the new common shares (subject to certain potential dilution) of reorganized Core. Accordingly, holders of the Notes stand to become the significant majority owners of the Debtors upon their emergence from bankruptcy.

### A. BlockFi's Claims Against the Debtors Are Secured by Purchase-Money Security Interests and Perfected Liens on the BlockFi Collateral.

4. The Debtors are in the business of digital asset mining. In the ordinary course of their business, the Debtors purchased, and BlockFi financed, certain Mining Equipment (defined below) for use in the Debtors' business operations.

5. Core and BlockFi are parties to that certain Facility and Security Agreement with an original commitment of up to $100 million dated as of December 30, 2021 (as amended, restated, or otherwise modified from time to time, "Facility Agreement 1"). Core and BlockFi are also parties to that certain Facility and Security Agreement with an original commitment of up to $10 million dated as of December 30, 2021 (as amended, restated, or otherwise modified from time to time, "Facility Agreement 2" and, together with Facility Agreement 1, the "Facility Agreements"). The Facility Agreements are cross-collateralized and subject to cross defaults.

6. Core used the financing provided by BlockFi under the Facility Agreements for the purchase of application-specific integrated circuit equipment for the mining of Bitcoin ("ASIC Miners") - specifically Bitmain S19 Antminers ("J" class generation) ASIC Miners (the "Mining

---

[2] BlockFi holds Notes in a face amount of approximately $5 million but BlockFi is not part of the Noteholder Group.

Equipment"). As security for the financing provided under the Facility Agreements, Core pledged the Mining Equipment listed on Schedule 2 of each the Facility Agreements to BlockFi as collateral to secure the Debtors' obligations under the Facility Agreements. According to the First Day Declaration, Core currently owns 14,508 ASIC Miners subject to liens in favor of BlockFi. In addition to the ASIC Miners, Core granted BlockFi a first-priority purchase-money security interest in the following related assets (collectively with the ASIC Miners, the "BlockFi Collateral"):

(a) …

  i. all additions, parts, attachments and accessories thereto;
  ii. all documents of title, including any bills of lading, chattel paper, and instruments related thereto;
  iii. all books and records related to the foregoing;

(b) all "Collateral" under and as defined in the Facility Agreements;

(c) all proceeds of each of the foregoing and all accessions to, substitutions, and replacements for the foregoing.

7. BlockFi properly perfected its security interests in the BlockFi Collateral by timely filing UCC-1 financing statements and related UCC-3 financing statement amendments with respect to the BlockFi Collateral.

8. By letter dated February 1, 2022,[3] U.S. Bank National Association, as collateral agent for the Noteholders, acknowledged that the Noteholders held no interest in the Mining Equipment. *See* First Day Declaration n.13 (acknowledging that the "ASIC Miners are considered Excluded Property under the Convertible Notes Security Agreements").

---

[3] The February 2022 letter amended and replaced a prior letter of no interest dated December 29, 2021.

### B. Prior to the Petition Date, the Debtors Defaulted Under the Facility Agreements.

9. The Facility Agreements require, among other things, that Core make monthly principal payments to BlockFi in the approximate amounts of $2,951,898.55 under Facility Agreement 1 and $416,666.67 under Facility Agreement 2, in addition to monthly interest installment payments. As of the Petition Date, the total principal indebtedness owed under the Facility Agreements was not less than $53,913,043.47. Additionally, as of the Petition Date, the Debtors owed not less than $1,711,500.00 in outstanding interest under Facility Agreement 1 and not less than $190,499.97 in outstanding interest under Facility Agreement 2, plus all other interest, fees, expenses and other obligations due and payable under the Facility Agreements.

10. Prior to the Petition Date, Core defaulted on its obligations under the Facility Agreements by, among other things, failing to make any required payments to BlockFi in September, October, and November 2022 (the "Payment Defaults"). *See, e.g.*, First Day Declaration ¶ 9 ("[T]he Debtors decided in late October 2022 not to make payments on certain of their equipment and other financings."). The Payment Defaults continued beyond any applicable cure period(s), thereby constituting Events of Default (as defined in the Facility Agreements).

11. BlockFi sent Core a Notice of Event of Default and Acceleration on November 3, 2022 (the "Acceleration Notice") notifying Core of, among other things, the acceleration of the secured obligations under the Facility Agreements and other related actions. On or about November 8, 2022, BlockFi and Core executed a letter agreement (the "Letter Agreement") in which, among other things: (a) BlockFi rescinded the actions listed in the Acceleration Notice; (b) BlockFi reserved its rights and remedies; (c) Core reaffirmed its obligations under the Facility Agreements; (d) Core confirmed no factual or legal basis to challenge the validity or enforceability of BlockFi's liens; (e) Core confirmed it would segregate proceeds of the BlockFi Collateral; and (f) Core agreed to enter into an agreed adequate protection order with BlockFi.

### C. The DIP Financing and Proposed Adequate Protection

12. On December 23, 2022, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Doc. No. 130] (the "Interim DIP Order").

13. The Debtors are proposing, in connection with final approval of the DIP Financing, to provide BlockFi and other similarly situated equipment lenders with the same form of adequate protection provided in the Interim DIP Order. Specifically, the Debtors propose to provide adequate protection in the form of (capitalized terms as defined in the Interim DIP Order): (i) the Equipment Lender Adequate Protection Claims, which consist of superpriority administrative expense claims under section 507(b) of the Bankruptcy Code, that are made subject and subordinate to the Carve Out, the DIP Superpriority Claims and the Noteholder Adequate Protection Claims, and (ii) the Equipment Lender Adequate Protection Liens, which consist of junior and subordinated liens in the DIP Collateral and liens in the Debtors' Unencumbered Assets that are *pari passu* with the Noteholder Adequate Protection Liens. See ¶ 41(a), (b) of the Interim Order. Notably, the Debtors have not agreed to make any periodic cash payments to BlockFi to compensate BlockFi for any diminution in the value of BlockFi's interest in the BlockFi Collateral.

### Joinder to the Barings Limited DIP Objection

14. To the extent not inconsistent with the foregoing, BlockFi joins in the objections raised in the *Reservation of Rights and Limited Objection of Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp. to the Emergency Motion of Debtors For Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition*

6

*Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* (the "<u>Barings Limited DIP Objection</u>"). While BlockFi does not join in every statement in the Barings Limited DIP Objection, for the reasons set forth herein and in the Barings Limited DIP Objection, BlockFi objects to final approval of the DIP Financing to the extent:[4]

    i. the Final DIP Order provides for priming of any of BlockFi's liens and security interests in the BlockFi Collateral, including any proceeds thereof;

    ii. the Final DIP Order (and Budget) prejudices, in any way, (a) BlockFi's ability to seek and receive adequate protection, including periodic cash payments; (b) the Court's ability to provide any form of adequate protection it deems appropriate; and (c) the Debtors' ability to provide adequate protection, including periodic cash payments;

    iii. the Final DIP Order does not include a provision providing to BlockFi and other Equipment Lenders all reports, documents and other information required to be delivered to the DIP Secured Parties under the DIP Loan Documents and the Interim DIP Order;

    iv. the Final DIP Order does not provide that upon the occurrence of a

---

[4] Capitalized terms used but not defined in the following section have the meaning ascribed to such terms in the Barings Limited DIP Objection or the Interim DIP Order, as applicable.

7

      DIP Termination Event the automatic stay be vacated and modified to the extent necessary to permit BlockFi to exercise any remedies with respect to the BlockFi Collateral, including but not limited to, the right to an emergency hearing; and

  v. the Final DIP Order provides for 506(c) or 552(b) waivers for the Prepetition Secured Noteholders if such waivers are not provided for the Equipment Lenders.

## **Reservation of Rights**

15. This Limited Objection and Joinder is submitted without prejudice to, and with full reservation of, BlockFi's rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this Limited Objection and Joinder, to seek discovery, to raise additional objections and to introduce evidence at any hearing related to this Limited Objection and Joinder, and without in any way limiting any other rights of BlockFi to object to the DIP Motion, on any grounds, as may be appropriate. BlockFi reserves the right to amend or supplement this Limited Objection and Joinder.

16. BlockFi further reserves the right to file a separate motion seeking entry of an order granting to BlockFi adequate protection pursuant to sections 361 and 363(e) of the Bankruptcy Code and other related relief.

Dated: January 17, 2023

Respectfully submitted,

By: /s/ Matt Ferris
Kenric D. Kattner
Texas State Bar No. 11108400
Arsalan Muhammad
Texas State Bar No. 24074771
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone No.: (713) 547-2000
Facsimile No.: (713) 547-2600
Email: kenric.kattner@haynesboone.com
Email: arsalan.muhammad@haynesboone.com

- and -

Matt Ferris
Texas State Bar No. 24045870
Charles M. Jones II
Texas State Bar No. 24054941
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone No. (214) 651-5000
Facsimile No.: (214) 651-5940
Email: matt.ferris@haynesboone.com
Email: charlie.jones@haynesboone.com

- and -

Richard Kanowitz, (admitted *pro hac vice*)
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone No.: (212) 659-7300
Facsimile No.: (212) 918-8989
Email: richard.kanowitz@haynesboone.com

*Counsel for BlockFi, Inc.*

## Certificate of Service

    I hereby certify that a true and correct copy of the foregoing document was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on January 17, 2023.

*/s/ Matt Ferris*
Matt Ferris