## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.**, *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

## MOTION OF DEBTORS FOR ORDER AUTHORIZING
## DEBTORS TO EMPLOY PROFESSIONALS USED IN ORDINARY
## <u>COURSE OF BUSINESS EFFECTIVE AS OF THE PETITION DATE</u>

---

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.[2]**

---

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Relief Requested**

1.      By this Motion, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors request entry of an order granting the Debtors authority to employ professionals retained in the ordinary course of business (the "**Ordinary Course Professionals**"), effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").    Nonexclusive lists of Ordinary Course Professionals are annexed to the Proposed Order as **Exhibit 1**, **Exhibit 2**, and **Exhibit 3**.[3]

**Jurisdiction**

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.      On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

---

[3]  The exclusion of a professional from either Exhibit shall not prejudice the Debtors' ability to add such professional at a later date.

5.      On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

6.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions* (Docket No. 5) (the "**First Day Declaration**").[4]

### Proposed Procedures for Employment of Ordinary Course Professionals

7.      The Debtors seek to continue employing the Ordinary Course Professionals to provide a variety of professional services to their estates in the same manner and for the same or similar purposes as the Ordinary Course Professionals were employed before the Petition Date. These Ordinary Course Professionals provide a range of services to the Debtors relating to, among other things, technology, litigation, actuary, employment, insurance, regulatory, environmental, securities, general corporate, transactional, environmental, workers' compensation, employment, regulatory, real estate, audit, accounting advisory, tax, and other matters that have a direct and significant impact on the Debtors' day-to-day operations. Continued employment of the Ordinary Course Professionals is essential to avoid disruption to the Debtors' normal business operations and the cost, expense, and delay of securing replacement professionals.

8.      The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**Procedures**") are in the best interests of the Debtors' estates and creditors. The relief requested herein would

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

save the Debtors the time and expense associated with applying separately to retain each Ordinary Course Professional and would prevent the Debtors from incurring additional fees for the preparation and prosecution of interim and final fee applications during these chapter 11 cases.

9.  The Debtors propose the following Procedures:

(i)   Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors will be authorized to employ the Ordinary Course Professionals listed on **Exhibit 1**, **Exhibit 2** and **Exhibit 3** annexed to the Proposed Order in accordance with the procedures set forth in the Proposed Order, effective as of the Petition Date.

(ii)   Each Ordinary Course Professional will provide the Debtors' attorneys, within 20 days after the later of the date (a) of entry of the Proposed Order or (b) on which the Ordinary Course Professional commences services for the Debtors, a declaration substantially in the form annexed as **Exhibit 4** to the Proposed Order (the "**OCP Declaration**") certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

(iii)   The Debtors' attorneys will file the OCP Declarations with the Court and serve a copy of each upon: (a) the United States Trustee for Region 7 (Attn: Jayson Ruff & Alicia Barcomb) (the "**U.S. Trustee**"); (b) counsel to the Creditors' Committee (Attn: James H. Burbage, Esq. and Joseph R. Brandt, Esq.); and (c) counsel to the Ad Hoc Noteholder Group (Attn: Kristopher M. Hansen and Sayan Bhattacharyya) (collectively, the "**Reviewing Partie**s").

(iv)   The Reviewing Parties will have 10 days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

(v)   If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order of the Court; *provided*, that if an objection is served by the Objection Deadline and such objection cannot be resolved within 21 days, the Debtors will schedule the matter for a hearing before the Court.

(vi)   The Debtors will be authorized to retain additional Ordinary Course Professionals throughout these chapter 11 cases; *provided*, that each additional Ordinary Course Professional shall file an OCP Declaration with

the Court and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

(vii)    Subject to the foregoing and the payment caps described below, the Debtors will be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the Proposed Order in the same manner as such Ordinary Course Professional was compensated and reimbursed before the Petition Date, without a prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices).  The following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **<u>Exhibit 1</u>** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $250,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 1 Monthly Cap**") and $1,500,000 for the entire period in which these chapter 11 cases are pending, subject to further order of the Court (the "**Tier 1 Case Cap**"); and

- For each Ordinary Course Professional set forth on **<u>Exhibit 2</u>** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $100,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 2 Monthly Cap**") and may not exceed $500,000 for the entire period in which these chapter 11 cases are pending, subject to further order (the "**Tier 2 Case Cap**").

- For each Ordinary Course Professional set forth on **<u>Exhibit 3</u>** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $50,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 3 Monthly Cap**" and, collectively with the Tier 1 Monthly Cap and the Tier 2 Monthly Cap, the "**Monthly Caps**") and may not exceed $250,000 for the entire period in which these chapter 11 cases are pending, subject to further order (the "**Tier 3 Case Cap**" and, collectively with the Tier 1 Case Cap and the Tier 2 Case Cap, the "**Case Caps**").

(viii)    The Debtors may increase a Monthly Cap or Case Cap for any Ordinary Course Professional with the consent (email sufficient) of the Reviewing Parties. Absent consent, the Debtors shall file a motion seeking Court authority to increase the Monthly Cap or Case Cap.

(ix)    The Debtors may (a) add Ordinary Course Professionals to the lists of Ordinary Course Professionals set forth on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** of the Proposed Order, and (b) re-designate Ordinary Course Professionals as set forth on **Exhibit 2** or **Exhibit 3** of the Proposed Order as "Tier 1" or "Tier 2" professionals with the consent of the Reviewing Parties. Notwithstanding any professional being designated as an Ordinary Course Professional on **Exhibit 1**, **Exhibit 2**, or **Exhibit 3**, the Debtors may choose to file a separate application to employ any Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code in their discretion if the Debtors determine a separate retention application is advisable or appropriate.

(x)    To the extent an Ordinary Course Professional seeks compensation in excess of its applicable Monthly Cap and/or Case Cap (the "**Excess Fees**"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Reviewing Parties shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If no objection is filed after 14 days, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within 21 days, the Debtors will schedule the matter for a hearing before the Court.

(xi)    At three-month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), beginning with the Quarter ending March 31, 2023, the Debtors will file with the Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter (c) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (d) a general description of the services rendered by that Ordinary Course Professional.

10.    The Debtors reserve their rights to (i) dispute any invoice submitted by an Ordinary Course Professional, (ii) reduce any invoice submitted by an Ordinary Course

Professional that is not compliant with Debtors' billing guidelines or policies, and (iii) retain

additional Ordinary Course Professionals from time-to-time as the need arises.

<u>**Relief Requested Should Be Granted**</u>

### A. Court Should Approve Procedures

11.     Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code provides that, "with the court's

approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a

debtor "with the court's approval, may employ or authorize the employment of a professional

person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and

conditions of employment . . . ."  11 U.S.C. § 328(a).

12.     Under section 330(a)(1) of the Bankruptcy Code:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Finally, section 105(a) of the Bankruptcy Code allows the Court to issue

any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.  *See* 11

U.S.C. § 105(a).

13.     Here, in light of the additional costs associated with the potential

preparation of employment applications for Ordinary Course Professionals that will receive

relatively modest fees, it is impractical and costly for the Debtors to submit individual applications

and proposed retention orders for each Ordinary Course Professional as may otherwise be required

by Bankruptcy Rules 2014 and 2016.  Accordingly, the Debtors request that the Court implement

the streamlined Procedures described herein in lieu of individual employment applications,

retention orders, and fee applications for each Ordinary Course Professional.

14.     Other than the Ordinary Course Professionals, all professionals employed

by the Debtors to assist in the administration of these chapter 11 cases will be retained by the

Debtors pursuant to separate retention applications.  Those professionals will be compensated in

accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the

Bankruptcy Local Rules, and other orders of the Court.

15.     Although certain of the Ordinary Course Professionals may hold unsecured

claims against the Debtors for prepetition services provided to the Debtors, the Debtors do not

believe that any Ordinary Course Professional has an interest materially adverse to the Debtors,

their creditors, or other parties in interest in connection with the matters for which such Ordinary

Course Professional is to be retained that should preclude such Ordinary Course Professional from

continuing to represent the Debtors.  Thus, the Ordinary Course Professionals proposed to be

retained should meet the special counsel retention requirement under section 327(e) of the

Bankruptcy Code.

16.     Similar procedures and fee and expense caps were approved in other large and complex chapter 11 cases in this district. *See, e.g.*, *In re Cineworld Group PLC, LLC*, Case No. 22-90168 (MI) (Bankr. S.D. Tex. Oct. 31, 2022) (Docket No. 668) (establishing monthly caps of $250,000 average per month, calculated on a three-month rolling basis, not to exceed $2,000,000 for the duration of the case, and $75,000 average per month, calculated on a three-month rolling basis, not to exceed $600,000 for the duration of the case); *In re Altera Infrastructure L.P.*, No. 22-90130 (MI) (Bankr. S.D. Tex. Oct. 6, 2020) (Docket No. 324) (establishing monthly caps of $250,000 and $75,000); *In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. May 13, 2022) (Docket No. 632) (establishing monthly caps of $250,000 average per month, calculated on a three-month rolling basis, not to exceed $2,000,000 on a rolling twelve-month period, and $100,000 average per month, calculated on a three-month rolling basis, not to exceed $1,000,000 on a rolling twelve-month period); *In re CBL & Assocs. Props., Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Dec. 16, 2020) (Docket No. 328) (establishing monthly caps of $200,000 average per month, calculated on a three-month rolling basis, not to exceed $2,000,000 for the duration of the case; $125,000 average per month, calculated on a three-month rolling basis, not to exceed $1,250,000 for the duration of the case; and $50,000 average per month, calculated on a three-month rolling basis, not to exceed $500,000 for the duration of the case); *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Oct. 6, 2020) (Docket No. 413) (establishing monthly caps of $150,000 average per month, calculated on a three-month rolling basis, not to exceed $2,000,000 on a rolling twelve-month period, and $100,000 average per month, calculated on a three-month rolling basis, not to exceed $600,000 on a rolling twelve-month period); *In re Neiman Marcus Grp. LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. Jun. 25, 2020) (Docket No. 1009) (establishing monthly caps of $265,000 and $85,000); *In re Whiting*

*Petroleum Corp.*, No. 20- 32021 (DRJ) (Bankr. S.D. Tex. May 6, 2020) (Docket No. 258) (establishing monthly caps of $250,000 and $100,000).

        17.    For the foregoing reasons, employment of Ordinary Course Professionals is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases.  Accordingly, the Court should authorize the Debtors to employ Ordinary Course Professionals.

### Reservation of Rights

        18.    Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

### Notice

        19.    Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**<u>No Previous Request</u>**

20.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  January 17, 2023
        Houston, Texas

Respectfully submitted,

  /s/  Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
         Ronit.Berkovich@weil.com
         Moshe.Fink@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

### Certificate of Service

I hereby certify that on January 17, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/  Alfredo R. Pérez*
Alfredo R. Pérez
