IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| | § | |
| CORE SCIENTIFIC, INC., et al., | § | |
| | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**MOTION OF DEBTORS TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):

**Relief Requested**

6. By this Motion, pursuant to sections 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 2016 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704

Procedure (the "**Bankruptcy Rules**"), and, and Local Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**"), , the Debtors request entry of an order establishing an orderly and regular process for the monthly allowance and payment of compensation and reimbursement of expenses (the "**Interim Compensation Procedures**") for professionals whose services are authorized by this Court pursuant to section 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

7.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Jurisdiction

8.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

9.  On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local Rules.

10.  On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**").  No trustee or examiner has been appointed in these chapter 11 cases.

11. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions* (Docket No. 5) (the "**First Day Declaration**").[2]

## Retention of Professionals

12. Given the size and complex nature of these chapter 11 cases, the Debtors require the assistance of a number of professionals to manage these proceedings efficiently and to emerge from chapter 11 successfully and timely. Accordingly, the Debtors have filed, or will soon file, separate applications with the Court to employ and retain a number of professionals, including, among others, (i) Weil, Gotshal & Manges LLP, as attorneys to represent them in these chapter 11 cases, (ii) PJT Partners LP, as investment banker, (iii) AlixPartners LLP, as financial advisor, and (iv) Stretto LLC, as claims and administrative agent, (collectively, the "**Debtors' Professionals**"). The Debtors may also need to retain additional professionals in connection with the administration of the chapter 11 cases.[3]

13. The Debtors believe that establishing orderly procedures to pay the Debtors' Professionals and other attorneys and professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code, including professionals retained by the Creditors' Committee and any other statutory committee, if any, and that will be required to file

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[3] On January 17, 2023, the Debtors filed a motion [Docket No. 301] (the "**OCP Motion**") pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (each, an "**Ordinary Course Professional**"). Pursuant to the relief requested in the OCP Motion, Ordinary Course Professionals would not need to file individual retention applications and would be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses and the procedures described therein.

applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively and together with the Debtors' Professionals, the "**Retained Professionals**") will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee and all parties in interest. A streamlined process for serving interim fee applications and notices thereof will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

### Proposed Compensation and Reimbursement Procedures

14. The Debtors propose that the Interim Compensation Procedures for the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows:

    (i) On or before the **last day of each month** following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "**Monthly Statement**"), by email or hand delivery, to the following parties:

        (a) the Debtors c/o Core Scientific, Inc., Attn: Todd DuChene, Esq. (tduchene@corescientific.com);

        (b) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock, P.C., Ronit Berkovich, Esq., and Moshe Fink, Esq. (ray.schrock@weil.com, ronit.berkovich@weil.com, and moshe.fink@weil.com);

        (c) the Office of the United States Trustee for Region 7, Attn: Jayson Ruff & Alicia Barcomb (jayson.b.ruff@usdoj.gov and alicia.barcomb@usdoj.gov);

        (d) the attorneys for the Ad Hoc Noteholder Group, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 Attn: Kristopher M. Hansen and Sayan Bhattacharyya (krishansen@paulhastings.com and sayanbhattacharyya@paulhastings.com); and

        (e) the attorneys for the Creditors' Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York

    10019 Attn: James H. Burbage, Esq. and Joseph R. Brandt, Esq. (jburbage@willkie.com and jbrandt@willkie.com)

 (collectively, the "**Fee Notice Parties**").

(ii)  Each Fee Notice Party shall have fourteen (14) days after delivery of a Monthly Statement to object to the requested fees and expenses in accordance with the procedures described in subparagraph (iii) below. Upon expiration of such 14-day period, the Debtors are authorized and directed to pay the Retained Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii)  If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within fourteen (14) days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "**Notice of Objection to Monthly Statement**") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within fourteen (14) days after delivery of the Notice of Objection to Monthly Statement (or such longer period as mutually agreed to by the Retained Professional and the objecting party), the objecting party shall file its objection (the "**Objection**") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "**Disputed Amount**"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the parties may request that the Court consider the Objection.

(iv)  Beginning with the period ending March 31, 2023, and at three month intervals thereafter (each, an "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Statements filed with the Court during such Interim Fee Period and prepared in accordance with the Interim

5

         Compensation Procedures. Interim Fee Applications shall be due forty-five (45) days or as soon as reasonably practicable thereafter, after the completion of the Interim Fee Period. Interim Fee Applications must include any information requested by the Court or required by the applicable Local Rules. The Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including March 31, 2023. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application, including any application for final allowance of compensation and reimbursement of expenses (a "**Final Fee Application**," and together with the Interim Fee Applications, the "**Applications**"), in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

(v)    The Debtors will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(vi)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Interim Compensation Procedures, unless otherwise ordered by the Court.

15.    The Debtors further request that the Court limit service of Monthly Statements to the Fee Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "**Hearing Notices**"). Serving the Monthly Statements and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Retained Professionals' fees while saving unnecessary duplication and mailing expenses.

**Basis for Relief Requested**

16. Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

17. The proposed Interim Compensation Procedures would enable the Debtors to monitor closely the costs of administration and to forecast cash flows. They would also allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

18. Courts in this District have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. May 13, 2022) (Docket No. 631); *In re Basic Energy Servs., Inc.*, No. 21-90002 (DRJ) (Bankr. S.D. Tex. Oct. 21, 2021) (Docket No. 527); *In re CBL & Associates Properties, Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Dec. 22, 2020) (Docket No. 239); *In re Fieldwood Energy LLC*, No. 20- 33948 (MI) (Bankr. S.D. Tex. Sept 17, 2020) (Docket No. 367); *In re NPC Int'l, Inc.*, No. 20- 33353 (DRJ) (Bankr. S.D. Tex. Aug. 14, 2020) (Docket No. 434); *In re CEC Ent., Inc.*, No.

20- 33163 (MI) (Bankr. S.D. Tex. Aug. 14, 2020) (Docket No. 583); *In re Gavilan Res., LLC*, No. 20- 32656 (MI) (Bankr. S.D. Tex. Jul. 13, 2020) (Docket No. 206); *In re Speedcast Int'l Ltd.*, No. 20- 32243 (MI) (Bankr. S.D. Tex. Jun. 20, 2020) (Docket No. 328)

19. Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interest of the Debtors' estates, creditors, and all parties in interest, and, therefore should be granted in these chapter 11 cases.

## Notice

20. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## No Previous Request

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 17, 2023
       Houston, Texas

Respectfully submitted,

  /s/  Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Moshe.Fink@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on January 17, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                       _/s/ Alfredo R. Pérez_
                                                                       Alfredo R. Pérez