IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § | (Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SCHEEF & STONE, L.L.P. AS COUNSEL TO THE BOARD OF DIRECTORS OF CORE SCIENTIFIC, INC., EFFECTIVE AS OF THE PETITION DATE**

> IF YOU OPPOSE THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Core Scientific, Inc. ("**Core Scientific**") and its debtor affiliates in the above captioned chapter 11 cases (collectively, the "**Debtors**") respectfully state the following in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Scheef & Stone, L.L.P. as Counsel to the Board of Directors of Core Scientific, Inc., Effective as of the Petition Date* (the "**Application**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Relief Requested**

1. By this Application, pursuant to sections 327(e), 328(a), 330, and 1107(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) authorizing the Debtors to retain and employ Scheef & Stone, L.L.P. ("**Scheef & Stone**") as counsel to the Board of Directors of Core Scientific, Inc. (the "**Board**"), effective as of December 21, 2022 (the "**Petition Date**"),[2] pursuant to the terms of the Engagement Letter between Scheef & Stone and the Board dated December 13, 2022, (the "**Scheef & Stone Engagement Letter**")[3], a copy of which is attached hereto as **Exhibit B**, (b) approving the terms of Scheef & Stone's retention and employment, including the fee and expense structure and related provisions set forth in the Scheef & Stone Engagement Letter, and (c) granting related relief. In support of this Application, the Debtors submit the Declaration of Peter C. Lewis (the "**Lewis Declaration**"), a partner of Scheef & Stone, which is attached hereto as **Exhibit C**.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Pursuant to the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas*, the Debtors are not required to seek *nunc pro tunc* relief because the Application is being filed within 30 days of the Petition Date. *See Procedures for Complex Chapter 11 Cases* at 47.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Scheef & Stone Engagement Letter.

---

DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SCHEEF & STONE, L.L.P. AS COUNSEL TO THE BOARD OF DIRECTORS OF CORE SCIENTIFIC, INC., EFFECTIVE AS OF THE PETITION DATE                                                                                                                                            PAGE 2

## Background

3. On the Petition Date, the Debtors each commenced with this Court a voluntary case under chapter 11 of the **Bankruptcy Code**. The Debtors are authorized to continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules and Local Rule 1015-1.

4. On January 9, 2022, the Office of the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases. No trustee or examiner has been appointed in these chapter 11 cases.

5. Additional information regarding the circumstances leading to the commencement of these chapter 11 cases and information regarding the Debtors' businesses and capital structure are set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 5] (the "**First Day Declaration**").

## Retention of Scheef & Stone

6. On November 14, 2022, the Board established a Special Committee consisting of three (3) independent directors: Neal P. Goldman, Jarvis Hollingsworth, and Kneeland Youngblood (the "**Special Committee**") to evaluate, negotiate, and make recommendations to the Board with respect to various strategic restructuring alternatives available to Core Scientific. *See First Day Declaration* ¶ 80.

7. On December 13, 2022, the Board retained Scheef & Stone ("**Applicant**") to serve as its legal counsel to advise the Board, including the Special Committee, in connection with the review, investigation, deliberating by the Board of any proposal, in or out of court restructuring or other strategic transaction involving Debtors.

8. On or about December 20, 2022, after getting recommendations from the Special Committee, the governing body of Core Scientific and each of Core Scientific's subsidiaries, each a Debtor in these chapter 11 cases, adopted similar resolutions authorizing and empowering the Board to individually and exclusively exercise the same foregoing authority at each subsidiary.

9. As more fully discussed herein and in the Lewis Declaration (as defined herein), Scheef & Stone has advised the Board on these chapter 11 cases, and if this Application is approved, will continue representing the Board as its legal counsel.

### Scheef & Stone's Qualifications

10. Based on the circumstances, the Board has determined that it is necessary to engage counsel independent from the Debtors' legal counsel for it to execute faithfully its responsibilities and duties in connection with these chapter 11 cases. In this regard, the Board has determined to retain the law firm of Scheef & Stone.

11. Scheef & Stone has extensive experience advising, amongst others, officers, directors, managing members, and managing partners on various matters in the exercise of their fiduciary duties, including the exercise of such duties in connection with restructurings, chapter 11 cases and/or related issues.

12. Furthermore, attorneys from Scheef & Stone have extensive experience and knowledge in the area of business reorganizations under chapter 11 or chapter 7 of the Bankruptcy Code, including the representation of companies (public and private), municipalities, and/or directors and/or officers, in connection with restructurings, chapter 11, and/or chapter 7 cases, such as the following more recent matters:

   i. *In re: AMR Corporation, et al.*; Case No. 11-15463; United States Bankruptcy Court for the Southern District of New York (counsel to City of Fort Worth, Texas & AllianceAirport Authority, Inc., creditors);

DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SCHEEF & STONE, L.L.P. AS COUNSEL TO THE BOARD OF DIRECTORS OF CORE SCIENTIFIC, INC., EFFECTIVE AS OF THE PETITION DATE                                                                                                                                          PAGE 4

    ii.    *In re: Energy Future Holdings, Corp., et al.*; Case No. 14-10979; United States Bankruptcy Court for the District of Delaware (assisted as co-counsel to lead counsel on certain discrete matters);

    iii.    *In re: Caprock Oil Tools, Inc.;* Case No. 17-80109; United States Bankruptcy Court for the Southern District of Texas (counsel to the debtor); and

    iv.    *In re: PFO Global, Inc., et al.*; Cause No. 17-30355; United States Bankruptcy Court for the Northern District of Texas (counsel to officers and directors).

13. Based on, amongst other things, the foregoing experience, the Board selected the Scheef & Stone to assist the Board in connection with its restructuring and pending chapter 11 cases. Accordingly, Scheef & Stone is both well qualified and situated to continue to represent the Board in these chapter 11 cases.

## Scope of Services

14. Subject to further order of the Court, the Debtors request authority to retain and employ Scheef & Stone to provide the following legal services to the Board, including:

    a.    assist the Board on bankruptcy related restructuring and litigation matters, including any interactions with the Creditors' Committee as they relate to the pending chapter 11 cases;

    b.    prepare and/or review pleadings in connection with the chapter 11 cases, including motions, applications, answers, orders, reports, and other papers necessary or otherwise beneficial to meet the objectives of the Board in connection with the above-styled chapter 11 cases, including the prosecution of litigation on behalf of the Debtors and their estates;

    c.    advise the Board with respect to its rights, powers, and duties;

    d.    appear before the Court and any other courts to represent the interests of the Board before such courts; and

e. attend meetings and represent the Board in negotiations with the Debtors, representatives of creditors, and other parties in interest (the "**Matters**").

## Professional Compensation

15. The Debtors request authority to compensate Scheef & Stone for professional services rendered to the Board and reimburse Scheef & Stone for expenses incurred in connection with these chapter 11 cases.

16. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and other procedures that may be fixed by the Court, the Debtors request that Scheef & Stone be compensated on an hourly basis and that Scheef & Stone receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Board in these chapter 11 cases. Furthermore, Scheef & Stone intends to apply for compensation for professional services rendered in connection with these chapter 11 cases, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders issued by this Court, on an hourly basis, plus reimbursement of all actual, necessary expenses and other charges incurred by Scheef & Stone in connection with these chapter 11 cases. In accordance with the terms of the Scheef & Stone Engagement Letter, the Debtors have agreed to compensate Scheef & Stone for the work performed for the Board.

17. Scheef & Stone will bill at its standard hourly rates in effect when services are rendered. Scheef & Stone current hourly rates for matters related to or similarly related to these chapter 11 cases range[4] as follows:

---

[4] Scheef & Stone has included in the Lewis Declaration its responses to the questions posed by section D(1) of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST**

| Billing Category | Hourly Rates Range |
|---|---|
| Partners | $400.00 - $725.00 |
| Associates | $290.00 - $400.00 |
| Paraprofessionals | $150.00 |

18. The Debtors and the Board believe that these rates are consistent with market rates for comparable services and understand that Scheef & Stone sets its hourly rates on an annual basis after consulting with various independent market sources. These rates are set at a level designed to compensate Scheef & Stone fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Scheef & Stone operates in a regional marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Scheef & Stone's hourly rates vary with the experience and seniority of the individuals assigned. Scheef & Stone's hourly rates are consistent with the rates that Scheef & Stone charges its clients, regardless of the location of the chapter 11 case. Scheef & Stone did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

19. The foregoing hourly rates were effective as of January 1, 2023. Scheef & Stone's billing rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. This annual adjustment is in accordance with the firm's ordinary practice. As discussed herein, Scheef & Stone's was retained by the Board on December 13, 2022,

---

**Guidelines**").

and its billing rates have not changed or increased between December 13, 2022 and the date hereof, except to the extent same increased based on annual year end adjustments and as discussed in the Lewis Declaration.

20. Subject to this Court's approval, Scheef & Stone's will also bill for, and maintain detailed records of, actual and necessary costs and expenses incurred in connection with the legal services described above. Consistent with Scheef & Stone's policy regarding its other clients, and as set forth in more detail in the Lewis Declaration, Scheef & Stone will charge for all other services provided and for other charges and disbursements incurred in the rendition of such services. These charges and disbursements include, among other things, costs for photocopying, telephone calls, travel, travel-related expenses, computerized research, messengers, couriers, and postage. From time to time, Scheef & Stone's employees may be required to work after business hours and during the weekend. Scheef & Stone's generally invoices clients for reasonable meals and transportation to or from the office related to work performed during such time on behalf of the applicable client. If the Local Rules or the other applicable orders and procedures of this Court do not permit reimbursement of any of the foregoing expenses (or provide for additional or different requirements in respect thereof), the Debtors respectfully request that this Court waive any *per se* prohibition or requirements other than that such expenses be actual and reasonable.

**Compensation Received by Scheef & Stone's from the Board**

21. As set forth above, Scheef & Stone has represented the Board since on or about December 13, 2022, in connection with its restructuring and pending chapter 11 cases. A copy of the Scheef & Stone's Engagement Letter is attached hereto as **Exhibit B**. As set forth herein, Scheef & Stone received a retainer in the aggregate amount of seventy-five thousand and 00/100 Dollars ($75,000.00) (the "**Retainer**") to cover compensation for fees and reimbursement for

expenses related to such services in accordance with the Scheef & Stone's Engagement Letter and its customary billing practices in the aggregate.

22. In addition, prior to the Petition Date, Scheef & Stone drew on the Retainer in the amount of sixteen thousand four hundred eighty and 00/100 Dollars ($16,480.00).

23. Scheef & Stone will include any such unpaid prepetition expenses on future invoices and apply the remaining advanced payment retainer to such amounts. The amount of the advanced payment retainer then remaining, if any, will be applied to Scheef & Stone's approved fees and expenses in these chapter 11 cases in connection with its final fee application.

24. Pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(b), Scheef & Stone has not shared or agreed to share (a) any of its compensation from the Debtors with any other persons, other than employees and members of Scheef & Stone, and (b) any compensation any other persons have received or may receive. There is no agreement of any nature as to the sharing of compensation to be paid to Scheef & Stone.

## Scheef & Stone's Disinterestedness

25. Section 327(e) of the Bankruptcy Code requires that proposed counsel "not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §327(e). As set forth in the Lewis Declaration, Scheef & Stone conducted a thorough conflicts analysis with respect to individuals and entities that may be parties in interest in these chapter 11 cases. To the best of his knowledge, information, and belief, neither Scheef & Stone, nor any Scheef & Stone's professional working on or connected to the Scheef & Stone engagement has a conflict with the Debtors, their creditors, or any other party in interest in these chapter 11 cases, or their respective attorneys or accountants.

26. Scheef & Stone does not hold or represent any interest adverse to the Debtors or

their estates with respect to the matters in which Scheef & Stone is to be employed, except to the extent, if any, set forth in the Lewis Declaration.

27. Scheef & Stone will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Bankruptcy Local Rule 2014-1(a), to the extent that Scheef & Stone learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), Scheef & Stone will file and serve a supplemental declaration with the Court setting forth such additional information.

## Basis for Relief

28. Section 327(e) of the Bankruptcy Code provides that with court approval, the Debtors:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Retention of an attorney under section 327(e) does not call for the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

29. In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403,

406 (Bankr. D. Del. 2005); *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) ("where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

30. Additionally, pursuant to section 328(a) of the Bankruptcy Code, the Debtors "with the court's approval, may . . . authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions.

31. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. trustee, or any person employed in the office of the U.S. trustee.

Fed. R. Bankr. P. 2014(a).

32. For all the reasons stated above and in the Lewis Declaration, the retention and employment of Scheef & Stone as counsel to the Board is warranted.

### Notice

33. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form filed with this Application, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  January 20, 2023

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: */s/ Peter C. Lewis*
    Peter C. Lewis
    Texas State Bar No. 12302100
    peter.lewis@solidcounsel.com

500 N. Akard, Suite 2700
Dallas, Texas 75201
Telephone: (214) 706-4241
Facsimile: (214) 706-4242

**PROPOSED ATTORNEYS FOR THE BOARD OF DIRECTORS OF CORE SCIENTIFIC, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  /s/ *Alfredo R. Pérez*
                                                  Alfredo R. Pérez