IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
SCHEEF & STONE, L.L.P. AS COUNSEL TO THE BOARD OF DIRECTORS OF
CORE SCIENTIFIC, INC., EFFECTIVE AS OF THE PETITION DATE**
**[DOCKET NO. ____]**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (a) authorizing the Debtors to retain and employ Scheef & Stone, L.L.P. ("**Scheef & Stone**") as counsel to the Board of Directors of Core Scientific, Inc. ("**Board**"), effective as of the Petition Date, in accordance with the terms of the Scheef & Stone Engagement Letter, (b) approving the terms of Scheef & Stone's retention and employment, including the fee and expense structure, set forth in the Scheef & Stone Engagement Letter, a copy of which is attached as **Exhibit B** to the Application, and (c) granting related relief, all as more fully set forth in the Application; and upon the Lewis Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that (i) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (ii) this Court may enter a final order consistent with Article III of the United States Constitution; and (iii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Lewis Declaration that Scheef & Stone does not hold or represent an interest adverse to the Debtors' estates with respect to the matters in which Scheef & Stone is to be employed; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT**

1. The Application is granted and the employment of Scheef & Stone, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, as counsel to the Board, effective as of the Petition Date, is hereby approved in accordance with the terms and conditions set forth in the Application.

2. Scheef & Stone is authorized to provide the Board of Directors with the professional services described in the Application.

3. Scheef & Stone shall apply for compensation and reimbursement of expenses, and be compensated, in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

Scheef & Stone shall use reasonable best efforts to comply with the Revised UST Guidelines in connection with this Application and the interim (if any) and final fee applications to be filed by Scheef & Stone in these chapter 11 cases.

4. Scheef & Stone shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Creditors' Committee before any increase in the rates set forth in the Application are implemented, and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard as set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by the contents of the Application.

6. If the Application or the Lewis Declaration is inconsistent with this Order, the terms of this Order shall govern.

7. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors, the Board and Scheef & Stone are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Signed: _____, 2023.**

        **DAVID R. JONES**
        **UNITED STATES BANKRUPTCY JUDGE**