# **EXHIBIT B**

**Scheef & Stone, L.L.P. Engagement Letter**



Peter C. Lewis, Partner
Direct Dial: (214) 706-4241
peter.lewis@solidcounsel.com

December 19, 2022

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**

<u>*Via email to:tduchene@corescientific.com*</u>

Core Scientific, Inc.
210 Barton Springs Road
Austin, Texas 78704
ATTN: Todd Duchene, Esq

     **Re:**    Engagement Letter for Representation of the Board of Directors of Core Scientific, Inc., by Scheef & Stone, L.L.P.

Dear Sir:

     Scheef & Stone, L.L.P. ("Scheef & Stone," the "Firm" or "we") is pleased to have been asked by Core Scientific, Inc., and its direct and indirect subsidiaries (the "Company") to represent the Board of Directors of Core Scientific, Inc. (the "Board" or "Client") in connection with the Matter (as defined below). Thank you for selecting us.

     While the Firm does not wish to be overly formal with any of our clients, we believe that a clear understanding of our engagement is helpful in maintaining a harmonious, professional relationship. Of course, if you ever have any questions regarding any aspect of our representation, we encourage you to contact us immediately so that any issues can be promptly resolved to our mutual satisfaction.

     **Identification of Our Client**

     You acknowledge that we are counsel to the Board only and are not hereunder agreeing to act as counsel to any officer, equity holder, partner, subsidiary, parent, affiliate, agent or employee of the Company, or to undertake any duties to any such person, except to the extent such person is a member of the Board.

     **Scope of the Engagement, Fees and Expenses**

     You have asked us to represent the Board in connection with the review, investigation, deliberation and other actions of the Board related to any contemplated or proposed financing, debt or equity issuance, or other transaction related to any in or out of court restructuring or other

Board of Directors of Core Scientific, Inc.
December 16, 2022
Page 2

strategic transaction involving the Company (the "Matter").

This engagement is only for the Matter. However, should you offer us other work, and should we expressly accept the representation of you with respect to that other work, this letter will govern our engagement for that other work as well as though it were included in the definition of the "Matter." Our engagement will at all times be limited to the rendition of professional legal services, and it is understood that you are not relying on us for accounting, engineering, financial, management or other non-legal consultation services or to investigate the character or credit of persons with whom you may be dealing.

We have also agreed that you will pay and maintain a retainer of $75,000 (the "Retainer"), which we will hold for our benefit and security in a non-interest-bearing trust account. Subject to the provisions of Title 11 of the U.S. Code if applicable, each month we may draw from the Retainer as our fees and expenses accrue and, if we do, we will provide monthly statements reflecting the charges deducted from the account. You agree that when such fees are and expenses are deducted from the Retainer, you will promptly pay the invoice or statement amount so that the Retainer Balance will reinstate to no less than the Retainer amount. Note that we reserve the right to adjust the Retainer. Should our representation terminate for any reason before the Retainer is exhausted, we will refund the balance remaining to you, after setting off the unused amount against our final bill. It is understood that we have made no representation to you that our fees will be less than, equal to, or greater than the Retainer, and you agree to pay our normal fees plus expenses if for any reason they cannot be recouped from the Retainer.

You agree to pay our reasonable attorney's fees and expenses. Our Taxpayer Identification Number is 75-2753035. We determine the reasonable value of our services in accordance with applicable rules of professional conduct. Our fees for the Matter will be determined by the time recorded by our lawyers and other timekeepers for working on the Matter at the hourly rates reflected in our invoices.

While I will have primary responsibility for performing and/or coordinating our firm's work on this Matter, my partners, Bill Stone, Kelly Crawford, and/or Roger Crabb may assist me in working on this Matter. We will obtain the assistance of other firm attorneys (including younger attorneys or attorneys who work in different areas) and legal assistance, if in our professional judgment that becomes necessary or desirable.

Bill's hourly billing rate is $ 650.00, while the billing rate for Kelly, Roger, and yours truly on this matter is $550.00 per hour. Additionally, we may use other lawyers and non-lawyer staff in order to handle the Matter and control legal costs. Our hourly rates usually change at the beginning of each calendar year to take into account current levels of legal experience, changes in overhead costs, and other factors.

You authorize us, where we deem it efficient, to engage contract lawyers or temporarily employed lawyers to work under the supervision of our attorneys, and to charge hourly rates for the work of such contract or temporary lawyers at rates less than we charge for our comparably experienced attorneys but at more than we pay such contract or temporary lawyers.

DocuSign Envelope ID: E95A7FF1-BC15-4DF5-9135-0565FB679947

Board of Directors of Core Scientific, Inc.
December 16, 2022
Page 3

Performing legal services often involves incurring costs, or retaining third parties, to provide certain services. Again, subject to the provisions of Title 11 of the U.S. Code if applicable, it is our policy to charge our clients for certain identifiable costs incurred by the Firm on their behalf. If such costs are substantial, we may ask the client to advance us those sums before we expend them or to pay the vendor directly. In the normal course of our work, these costs could include such items as filing and other governmental fees, deposition costs, expert witness fees, messenger services, travel expenses, and other such items that must be paid on your behalf. These direct charges, if paid by us, are invoiced to you without markup. These costs may also include photocopies which we will invoice to you at 20¢ per page if performed in-house. In addition, costs may include other items such as computerized research, long distance telephone charges, and other such services that we may buy in bulk and then allocate across all of our clients and in-house operations based generally on usage.

From time to time, we may outsource certain functions, including delivery, storage, duplicating, and information technology. We also may use a third party to assist us in the collection of older accounts receivable, and we use the services of consultants and hardware and software vendors to advise us on the efficient operation of our firm and the effective use of our systems. These parties may have some access to client confidential information in performing their services. All are bound by duties of confidentiality so that their obligations to preserve confidentiality are the same as that of our own employees. You consent to our allowing non-employees access to information as outlined in this paragraph.

Our practice is to send a periodic statement, usually monthly, for services rendered and disbursements posted during the previous interval. The detail in the statement is intended to inform you about the fees and disbursements incurred and the nature and progress of the work performed. These invoices usually contain confidential information protected by legal privileges, which may be waived if you do not treat them as confidential.

We do our best to see that our clients are satisfied with our services and charges. We encourage you to inquire about any matter relating to this agreement or our statements that is in any way unclear or appears unsatisfactory. Concerns that are brought to our attention promptly can usually be easily addressed. Should there be any unanticipated delay in the payment of our statements, we will try to resolve any concerns you may have by a brief telephone call. Alternatively, we may send you notice that your account is past due.

Our fees are set with the expectation that they will be paid within 30 days of invoicing. We do not normally charge interest, in consideration of your prompt payment.

We reserve the right to withhold disbursement of any funds received on your behalf until we have confirmed, to our satisfaction, that we have good receipt of funds.

**Conflicts**

We have performed a conflicts check based on the names you supplied of the parties involved in the Matter. Our conflicts process involves the application of the standards set forth in applicable rules of professional conduct. We do not undertake to check or disclose other

Board of Directors of Core Scientific, Inc.
December 16, 2022
Page 4

relationships. For example, our conflicts process will not necessarily reveal, and we do not check to determine whether other clients of the Firm may be your competitors or may take positions on the subject matter of certain issues that may be adverse to or inconsistent with positions you may favor respecting that subject matter. As a result, we may represent your business competitors, and in fact, we often represent more than one client in any particular industry on matters that are not related to the Matter and your signature below acknowledges and consents to the limited scope of our conflicts check and any issue conflicts to the extent that any issue conflicts as described in this paragraph do not involve the Matter.

### Special Provision Related to Potential Conflicts of Interest

Under the Texas Disciplinary Rules of Professional Conduct covering conflicts of interest and client confidentiality, a lawyer may not represent a person if the representation of that person: (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests. However, a lawyer may represent a client in the circumstances described above if: (1) the lawyer reasonably believes the representation of each client will not be materially affected; and (2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.

### Other Conflicts and Prospective Waiver

In addition, the nature of our practice is such that occasionally the Firm may concurrently represent a client that is adverse to another client in a case or matter that is not substantially related to our current representations of either client where, in our professional judgment, we can undertake the concurrent representation without adversely limiting the responsibilities we have to either client. In such a situation, we give careful consideration to the needs of both clients before undertaking any such representation. In view of the nature of our practice, you agree that attorneys at the Firm may represent a party with interests directly adverse to yours, so long as that adverse representation is not substantially related to the Matters we have been engaged to handle on your behalf, and so long as we believe that our responsibilities to you and the other client would not be adversely limited by the concurrent representations. Where any such representation involving litigation is undertaken, it is likely that our attorneys representing our other client would be required to conduct adverse discovery against you, your parent company, subsidiaries, or affiliates and perhaps to cross-examine witnesses employed by you, your parent company, subsidiaries, or affiliates if any such matter proceeded to trial. Where any such representation involving a transaction is undertaken, our attorneys representing our other client will assist it in seeking the terms most favorable to it even though other terms may be more advantageous to you. We agree that your prospective consent to conflicting representation will not apply where, as a result of our representation of you, we have obtained sensitive, proprietary, or other confidential information that, if known to our other client, could be used by the other client to your material disadvantage, unless we can demonstrate to your reasonable satisfaction that any confidential information, we have obtained would be screened from the lawyers working for our other client.

Board of Directors of Core Scientific, Inc.
December 16, 2022
Page 5

### Termination of the Engagement

You have the right at any time to terminate our representation. Similarly, we reserve the right to discontinue our work on this Matter. Provided you consent, we may withdraw from the representation at any time. In addition, if withdrawal can be accomplished without material adverse effect on your interests, you consent and agree that we may withdraw at any time without your consent. Of course, we may withdraw without your consent in any other circumstance if it becomes ethically proper for us to do so.

In the event your account is past due, and we are unable to agree on satisfactory payment terms for past due amounts, the failure to make timely and full payment of the balance due on your account shall constitute your authorization for us to withdraw from our representation of you, and you understand that we may pursue collection of the account. If it should ever be necessary for such an action to be pursued, the costs of collecting the debt, including court costs, filing fees, and reasonable attorney's fees, shall also be recoverable.

If you discharge us or we elect to withdraw, you will take all steps necessary to free us of any obligation to perform further, including executing any documents necessary to complete the termination of the representation. We will take all steps that are ethically and reasonably practicable to protect your interests until our withdrawal is complete. If a discharge or a withdrawal occurs, we will be entitled to be paid or reimbursed for all costs and expenses paid or incurred by us on your behalf, and we will also be entitled to be paid a reasonable fee for those professional services we render to you through completion of the termination process and for which we were not previously paid.

### Retention and Disposition of Records

We typically maintain a file of paper and electronic documents during the representation containing those documents we consider useful to the work. We endeavor to send to you, during the course of, or at the conclusion of, our representation, the originals or copies of all documents that we deem important for you to see or retain. Of course, that will not include everything we receive or generate such as our internal work product. You agree that drafts and other work product prepared for the internal use of our lawyers, such as notes, internal memoranda and communications, and legal and factual research, including investigative reports, remains our property. At the conclusion of this Matter or any other representation we undertake on your behalf, you may request the return of your files. If you do not wish your files returned and wish the Firm to retain them for you, we will retain them for five years following the date of our last representation of you. After that, we will communicate with you to determine your preference for their disposition. If, after reasonable efforts we are unable to locate you, we will destroy the files.

### Other Matters

Board of Directors of Core Scientific, Inc.
December 16, 2022
Page 6

We will do our best to provide you with the legal services necessary to achieve a result satisfactory to you. However, the outcome of all legal matters is subject to uncertainties and risks, and we make no promises or guarantees concerning the outcome of the Matter and except as provided above our fees are not contingent upon the outcome of the Matter.

From time to time, we may receive press inquiries concerning the Matter. Applicable ethical requirements may preclude or limit our response to those inquiries. Subject to ethical limitations, we will abide by your instructions concerning whether and in what manner we respond to press inquiries. In the absence of specific instructions otherwise, we will not respond to such inquiries and will direct such inquiries to you.

You acknowledge that communication by cellular telephone, facsimile transmission and e-mail may pose risks to confidentiality and to timely, complete communications; nevertheless, you authorize and consent to our use of such communication technology in connection with representing you.

This engagement will be governed by the laws of the State of Texas, without regard to the principles of conflicts of laws.

This engagement letter constitutes our entire understanding and agreement with respect to the terms of our engagement and supersedes any prior understandings and agreements, written or oral. If any provision of this engagement letter is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and the subject court is requested to reform the offending provision to the extent necessary to be legally enforceable and consistent with the original intention of the parties. This engagement letter may only be amended in writing by the parties hereto.

The Texas Supreme Court has promulgated a creed for Texas lawyers and requires that we provide a copy of it to our new clients. A copy is attached. We must also advise you that the State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information.

**Conclusion**

You acknowledge that you have had the opportunity to consult to the extent you deem advisable with counsel other than us in reviewing and agreeing to this engagement agreement and the consents contained herein.

If the terms and scope of our engagement and the basis of our fees and our billing practices outlined in this letter are acceptable to you, please so indicate by signing below. We look forward to working on your behalf.

Board of Directors of Core Scientific, Inc.
December 16, 2022
Page 7

        Sincerely,

        SCHEEF & STONE, L.L.P.

        Peter C. Lewis
        Partner

PCL/mm
Attachment

cc: Mr. Neal Goldman

**ACCEPTED, ACKNOWLEDGED, AND AGREED as of December 13, 2022.**

**CORE SCIENTIFIC, INC.**



By: _Todd DuChene_, President and Chief Legal Officer
      **(Name)**        **(Title)**

**THE TEXAS LAWYER'S CREED**

**A Mandate for Professionalism**
**Promulgated by the Supreme Court of Texas and the Court of Criminal Appeals November 7, 1989**

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason than it is right.

**I.    OUR LEGAL SYSTEM**

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."
2. I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.
3. I commit myself to an adequate and effective pro bono program.
4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.
5. I will always be conscious of my duty to the judicial system.

**II.    LAWYER TO CLIENT**

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this Creed when undertaking representation.
2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.
3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.
4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.
5. I will advise my client of proper and expected behavior.
6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.
7. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.
8. I will advise my client that we will not pursue tactics which are intended primarily for delay.
9. I will advise my client that we will not pursue any course of action which is without merit.
10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

### III. LAWYER TO LAWYER

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.
2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.
3. I will identify for other counsel or parties all changes I have made in documents submitted for review.
4. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.
5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled.
6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.
7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.
8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.
9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.
10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.
11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.
12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.
13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.
14. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement.
15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.
16. I will refrain from excessive and abusive discovery.
17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness

      for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.
18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.
19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

## IV.   LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.
2. I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law.
3. I will treat counsel, opposing parties, witnesses, the Court, and members of the Court staff with courtesy and civility and will not manifest by words or conduct bias or prejudice based on race, color, national origin, religion, disability, age, sex, or sexual orientation.
4. I will be punctual.
5. I will not engage in any conduct which offends the dignity and decorum of proceedings.
6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.
7. I will respect the rulings of the Court.
8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.
9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

### Order of the Supreme Court of Texas and the Court of Criminal Appeals

The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system.
The Supreme Court of Texas and the Court of Criminal Appeals are committed to eliminating a practice in our State by a minority of lawyers of abusive tactics which have surfaced in many parts of our country. We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

The abusive tactics range from lack of civility to outright hostility and obstructionism. Such behavior does not serve justice but tends to delay and often deny justice. The lawyers who use abusive tactics, instead of being part of the solution, have become part of the problem.

The desire for respect and confidence by lawyers from the public should provide the members of our profession with the necessary incentive to attain the highest degree of ethical and professional conduct. These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon reinforcement by peer pressure

and public opinion, and finally when necessary by enforcement by the courts through their inherent powers and rules already in existence.

These standards are not a set of rules that lawyers can use and abuse to incite ancillary litigation or arguments over whether or not they have been observed.

We must always be mindful that the practice of law is a profession. As members of a learned art we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals hereby promulgate and adopt **"The Texas Lawyer's Creed -- A Mandate for Professionalism"** described above.

*In Chambers, this 7th day of November, 1989.*

**The Supreme Court of Texas**
Thomas R. Phillips, Chief Justice
Franklin S. Spears, Justice
C. L. Ray, Justice
Raul A. Gonzalez, Justice
Oscar H. Mauzy, Justice
Eugene A. Cook, Justice
Jack Hightower, Justice
Nathan L. Hecht, Justice
Lloyd A. Doggett, Justice

**The Court of Criminal Appeals**
Michael J. McCormick, Presiding Judge
W. C. Davis, Judge
Sam Houston Clinton, Judge
Marvin O. Teague, Judge
Chuck Miller, Judge
Charles F. (Chuck) Campbell, Judge
Bill White, Judge
M. P. Duncan, III, Judge
David A. Berchelmann, Jr., Judge