IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22- 90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**FINAL ORDER (I) AUTHORIZING DEBTORS
TO PAY (A) CRITICAL VENDOR CLAIMS, AND
(B) LIEN CLAIMS; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated December 21, 2022 (the "**Motion**"), of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 363(b), and 541 of the Bankruptcy Code, Bankruptcy Rule 6004, and Bankruptcy Local Rule 9013-1, for entry of interim and final orders (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, in their sole discretion and based on their sound business judgment, prepetition (a) Critical Vendor Claims, and (b) Lien Claims, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

2

§§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to honor, pay, or otherwise satisfy the prepetition Critical Vendor Claims (or a portion thereof) in an amount not to exceed $400,000.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to honor, pay, or otherwise satisfy the prepetition Lien Claims (or a portion thereof) in an amount not to exceed $400,000.

3. The Debtors are authorized, but not directed, to condition payment of the Vendor Claims (including Critical Vendor Claims) upon entry into corresponding Vendor Agreements in the exercise of their reasonable business judgment.

4. The Debtors shall undertake all appropriate efforts to cause the Critical Vendors to enter into a Vendor Agreement, substantially in the form annexed to the Motion as Exhibit C, with the Debtors as a condition of payment of each such Critical Vendor Claim. The Debtors, in consultation with the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "**Committee**") and the Ad Hoc Group, are authorized to negotiate, modify,

or amend the form of a Vendor Agreement and to settle all or some of the Vendor Claims for less than the face amount of such claims without further notice or hearing, each in their reasonable business judgment.

5. The Debtors shall provide five business days' notice (or as much notice as is reasonably practicable under the circumstances) to the advisors to the Committee and the Ad Hoc Group prior to entering into any Vendor Agreement with a Critical Vendor on account of its Critical Vendor Claim, which Vendor Agreement contemplates one or more payments by the Debtors in excess of $75,000 in the aggregate.

6. The Debtors are authorized to pay Vendor Claims in the event no Vendor Agreement has been executed if the Debtors determine, in the exercise of their reasonable business judgment, if and when applicable, that a formal Vendor Agreement is prohibitive or unnecessary.

7. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Final Order, including the following information: (a) the names of the payee; (b) the date, category, nature and amount of the payment; and (c) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to counsel to the Committee and the Ad Hoc Group on a confidential basis on January 31, 2023 and the last day of every month thereafter.

8. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall provide three (3) business days' advance notice to, and opportunity to object by the Committee and the Ad Hoc Group; provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

9. If, either after executing a Vendor Agreement or receiving notification of this Final Order and the Disgorgement Procedures (as set forth in this paragraph 8), a Vendor

accepts payment pursuant to the relief requested by the Motion and thereafter does not continue to provide the goods and services to the Debtors on the Customary Trade Terms (regardless of whether a Vendor Agreement has been executed), and subject to any Vendor Agreement that may be executed between the Debtors and such Vendor, 14 days after receipt by the Vendor of a notice of non-performance and if no objection with the Court has been filed: (i) such payment may be deemed by the Debtors to be an improper postpetition transfer on account of a prepetition claim and, therefore, will be immediately recoverable by the Debtors in cash upon written request; (ii) upon recovery by the Debtors of such payment, any prepetition claim of such Vendor shall be reinstated as if the payment by the Debtors had not been made in the first instance; and (iii) if there exists an outstanding postpetition balance due from the Debtors to such Vendor, then the Debtors may elect to recharacterize and apply any payment made by the Debtors to such Vendor pursuant to the relief requested by the Motion to such outstanding postpetition balance, and such Vendor will be required to repay to the Debtors such paid amounts exceeding the postpetition obligations then outstanding from the Debtors to such Vendor without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

10. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amount of any Vendor Claim.

11. Further, nothing herein shall prejudice the Debtors' ability to seek a further order from this Court authorizing the Debtors to exceed the aggregate amounts of any Vendor category as set forth herein.

12. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available

funds in the applicable bank accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

13. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

14. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

15. The right of the Committee to challenge, after obtaining requisite standing, any payment made by the Debtors in violation of the Interim Order or this Final Order is expressly reserved and shall not be prejudiced by entry of the Interim Order or this Final Order.

16. Nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, and policy under section 365 of the Bankruptcy Code.

17. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

18. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: _____, 2023
          Houston, Texas

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE