United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
|  | § |  |
|  | § | (Jointly Administered) |
| Debtors.[1] | § |  |
|  | § |  |

ORDER (I) APPROVING DEBTORS' PROPOSED
FORM OF ADEQUATE ASSURANCE OF PAYMENT TO
UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES
FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III)
PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF

(Docket No. 8)

Upon the motion, dated December 21, 2022 (the "**Motion**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 366 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the Debtors' proposed adequate assurance, (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

of these chapter 11 cases or outstanding prepetition invoices, and (iv) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Proposed Adequate Assurance and the Adequate Assurance Procedures are hereby approved and are deemed adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

2. With respect to the Prepaid Providers, the Debtors shall make the Adequate Assurance Prepayments in accordance with historical practice prior to the Petition Date, and no additional Adequate Assurance shall be required for such Utility Companies.

3. The Debtors shall deposit the Adequate Assurance Deposit in the amount of $6,749,620 in a segregated account for the benefit of the Utility Companies within twenty (20) days after the Petition Date. The Debtors are authorized to cause the Adequate Assurance Deposit

to be held in the Utility Deposit Account during the pendency of these Chapter 11 Cases. No liens shall encumber the Adequate Assurance Deposit or the Utility Deposit Account; *provided*, that the liens granted in connection with the DIP facility pursuant to any DIP Order (as defined below) shall automatically attach to any residual interest in the Adequate Assurance Deposit or the Utility Deposit Account.

4. The following Adequate Assurance Procedures are hereby approved:

(i) Within three (3) business days after entry of the Proposed Order, the Debtors shall fax, e-mail, serve by mail, or otherwise expeditiously send a copy of the Motion and the Proposed Order to the Utility Companies on the Utility Services List.

(ii) The funds in the Utility Deposit Account shall constitute adequate assurance for each Utility Company in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List.

(iii) If an amount relating to Utility Services provided postpetition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account by giving notice to (a) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ronit Berkovich, Esq. and Moshe Fink, Esq.), (b) counsel to the Ad Hoc Group[3] and the DIP Lenders, (i) Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 (Attn: Kristopher M. Hansen and Sayan Bhattacharyya), (c) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Jayson Ruff & Alicia Barcomb.), and (d) proposed counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "**Committee**"), Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: James H. Burbage, Esq. and Joseph R. Brandt, Esq.) (collectively, the "**Utility Notice Parties**"). The Debtors shall honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without

---

[3] The term "**Ad Hoc Group**" means the ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

4

further order of the Court.  To the extent a Utility Company receives a disbursement from the Utility Deposit Account, the Debtors shall replenish the Utility Deposit Account in the amount so disbursed.

(iv) The portion of the Adequate Assurance Deposit attributable to Utility Company shall be returned to the Debtors automatically, without further order of the Court, on the earlier of (a) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company, (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases, or (c) the consummation of a sale, pursuant to section 363 of the Bankruptcy Code, of all or substantially all the assets of the Debtors.

(v) Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the Utility Notice Parties.

(vi) The Additional Assurance Request must (a) be made in writing, (b) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (c) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits, surety bonds, or prepayment arrangements, (d) explain why the Utility Company believes the Proposed Adequate Assurance is not adequate assurance of payment.

(vii) An Additional Assurance Request must be made within thirty (30) days of the Petition Date.  If a Utility Company does not file and serve an Additional Assurance Request, the Utility Company will be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (b) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

(viii) The Debtors may, without further order from the Court and in consultation with the Committee and Ad Hoc Group, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided, however*, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the Committee, the Ad Hoc Group and the U.S. Trustee upon demand.

5

(ix)  If the Debtors and the Utility Company are not able to reach an alternative resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next available hearing date to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code.

(x)  Pending resolution of the Determination Hearing, the Utility Company filing such Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(xi)  Notwithstanding anything in these procedures to the contrary, the Court shall conduct a hearing within thirty (30) days following the Petition Date to resolve any objections to these procedures or the Proposed Adequate Assurance in the event any are timely filed by the Utility Companies.

5.  Absent compliance with the procedures set forth in the Motion and this Order, the Utility Companies including, without limitation, those listed on **Exhibit 1** annexed hereto, are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance.  The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

6.  The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

7.  The Debtors, in consultation with the Committee and the Ad Hoc Group, are authorized to amend the Utility Services List attached hereto as **Exhibit 1**, to add or delete any Utility Companies, with such amendment to be filed with the Court and timely served on the

affected Utility Company (the "**Subsequently Identified Utility Company**"); *provided*, that such amended Utility Services List shall be filed and served to allow for a hearing on or before the date that is thirty (30) days following the Petition Date.  The Debtors shall serve a copy of this Order upon any Subsequently Identified Utility Company added to the Utility Services List within three (3) business days.  Upon such amendment, any Subsequently Identified Utility Company that is added to the Utility Services List has the right to object to such inclusion within fourteen (14) days after it receives notice of the Motion and Order.  If no objection is timely received, the provision of this Order shall apply to the Subsequently Identified Utility Company.  Should any objection properly be made, such Subsequently Identified Utility Company shall be permitted to make an Adequate Assurance Request in accordance with the Adequate Assurance Procedures set forth herein.

8. The Debtors shall not add any Utility Companies to the Utility Services List after thirty (30) days from the Petition Date.

9. The Debtors, in consultation with the Committee and the Ad Hoc Group, shall increase the amount of the Proposed Adequate Assurance if an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of the Utility Services provided by such Subsequently Identified Utility Company, calculated, where practicable, using the historical average for such payments during the twelve (12) month period prior to the Petition Date.  The Debtors may terminate the services of any Utility Company and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company provided there are no outstanding disputes related to postpetition payments due; *provided* that Debtors shall, provide at least seven (7) days' notice to any Utility Company prior to removal and shall only reduce the Adequate Assurance Deposit absent a

7

response from any such Utility Company. If a response is received and the Debtors and the affected Utility Company are not able to resolve such dispute by mutual agreement, the Debtors shall request a hearing before the Court for the next available hearing date or such other date as the Debtors and the Utility Company may agree.

10. Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

11. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

12. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court

approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "**DIP Order**"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

14. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's (including the Committee's) rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's (including the Committee's) rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to the Motion; or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

15. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

16. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

18.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  January 23, 2023.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

### Utility Services List

| Utility Company | Address | Description of Utility Service | Account/ Reference Number(s) | Average Monthly Expense | Adequate Assurance Prepayment or Deposit | Proposed Adequate Assurance Amount |
|---|---|---|---|---|---|---|
| BalsamWest Fiber Net | PO Box 625 Sylva, NC 28779 | Internet | 15591 | $4,679.00 | Deposit | $2183.53 |
| Frontier Communications | PO BOX 740407 Cincinnati, OH 45274-0407 | Internet | 828-197-0357-092321-5 | $3145.27 | Deposit | $1467.79 |
| Marble Community | PO Box 274 Marble, NC 28905 | Water | 231-A | $82.08 | Deposit | $38.31 |
| Carolina Recycling | PO Box 1461 Matthews, NC 28106 | Waste Removal | N/A | $1,191.67 | Deposit | $556.11 |
| Regional Waste | PO Box 1029 Murphy, NC 28906 | Waste Removal | N/A | $21,124.37 | Deposit | $9,858.04 |
| Optilink | 1200 VD Parrott Jr Pkwy #101 Dalton GA 30721 | Internet | 44849 | $212.48 | Deposit | $99.16 |
| Windstream Communications | PO Box 9001908, Louisville, KY 40290-1908 | Internet | 73714485 | $5,524.58 | Deposit | $2,578.14 |
| Alpha Waste | 3372 Chattanooga Rd Tunnel Hill GA 30755 | Waste Removal | N/A | $689.65 | Deposit | $321.84 |
| Calvert City Hall | 861 5th Ave SE, Calvert City KY 42029 | Water | 0002-77600-003 | $707.87 | Deposit | $330.34 |
| Xcel Energy | PO Box 9477, Minneapolis, MN 55484-9477 | Gas | 51-0013639063-4 | $2,709.71 | Deposit | $1,264.53 |
| Dakota Carrier Network | PO Box 2484 Fargo, ND 58108-2484 | Internet | 2416 | $1620.00 | Deposit | $756.00 |
| Countrywide Sanitation | PO Box 5551 Grand Forks ND 58206-5551 | Waste Removal | N/A | $4,033.82 | Deposit | $1,882.45 |
| GlobalGig | PO Box 227372, Dallas TX 75222-7372 | Internet | 207610 | $4,091.43 | Deposit | $1,909.34 |
| Resound Networks | PO Box 1741 Pampa, TX 79066 | Internet | 35285 | $5,251.76 | Deposit | $2,450.82 |

| Utility Company | Address | Description of Utility Service | Account/ Reference Number(s) | Average Monthly Expense | Adequate Assurance Prepayment or Deposit | Proposed Adequate Assurance Amount |
|---|---|---|---|---|---|---|
| TanMar | P.O. Box 1376, Lafayette, LA 70508 | Water, Sewer, Waste | N/A | $8,202.34 | Deposit | $3,827.76 |
| Murphy Electric Power Board | PO Box 1009, Murphy, NC 28906 | Electricity | 205185-105860 | $1,032,648.67 | Prepayment | $300,000.00 |
| Duke Energy Carolinas | PO Box 601297, Charlotte, NC 28260-1297 | Electricity | 9100 2975 6664 | $2,444,085.56 | Deposit | $1,140,573.26 |
| Dalton Utilities | PO Box 869, Dalton, GA 30722-0869 | Electricity | 5015604 & 6043800 | $8,330,741.62 | Deposit | $3,887,679.42 |
| Tennessee Valley Authority | 26 Century Blvd Ste. 100, Nashville, TN 34214 | Electricity | 0638 | $5,022,682.13 | Prepayment | $1,225,000.00 |
| NODAK Electric Cooperative | 4000 32nd Ave S, Grand Forks, ND 58201 | Electricity | 10421100 | $2,550,601.69 | Prepayment | $500,000.00 |
| Denton Municipal Electric | 215 E McKinney St, Denton, TX 76201 | Electricity | 4580531-00 | $1,624,145.62 | Prepayment | $1,000,000.00 |
| Shell Energy Solutions | 21 Waterway Avenue, The Woodlands, TX 77380 | Electricity | 10149 | $3,618,496.42 | Deposit | $1,688,631.66 |
| Spectrum | PO Box 223085, Pittsburgh PA 15251-2085 | Internet | 129782701 | $123.00 | Deposit | $57.40 |
| Logix Fiber Networks | PO Box 734120, Dallas TX 75373-4120 | Internet | 44004114 | $1,984.69 | Deposit | $926.19 |
| Cogent Communications | PO Box 791087, Baltimore, MD 21279 | Internet | CORESCIE90001 | $1,558.33 | Deposit | $727.22 |
| Level 3 Communications LLC | 1025 Eldorado Blvd, Broomfield, CO, 80021 | Internet | N/A | $24,740.81 | Deposit | $ 11,545.71 |
| Time Warner Cable | PO Box 223085, Pittsburgh PA 15251-2085 | Internet | N/A | $6,354.66 | Deposit | $2,965.51 |

2