United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 23, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE
THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN
EXISTING BUSINESS FORMS AND INTERCOMPANY ARRANGEMENTS,
(C) CONTINUE INTERCOMPANY TRANSACTIONS, AND (D) CONTINUE
UTILIZING EMPLOYEE CREDIT CARDS; AND (II) GRANTING RELATED RELIEF**
(Docket No. 12)

Upon the motion dated December 21, 2022 (the "**Motion**"),[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of interim and final orders pursuant to sections 105(a), 345, 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing the Debtors to (a) continue operating the Cash Management System, including the Bitcoin Management System, and all bitcoin and cash transfers related thereto, and maintaining the Debtors' existing Institutions and Business Forms; (b) implement changes to the Cash Management System in the ordinary course of business insofar as such changes relate to the Debtors' participation in, or control of, the Cash Management System, including, without

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

limitation, opening new or closing existing Bank Accounts owned by the Debtors; (c) continue utilizing Employee Credit Cards and paying all obligations related thereto; (d) continue performing under and honoring Intercompany Transactions in the ordinary course of business; (e) provide administrative expense priority for postpetition Intercompany Claims; (f) honor and pay all prepetition and postpetition Bank Fees payable by the Debtors; and (g) honor and pay all prepetition and postpetition fees arising from and related to the Bitcoin Management System; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 345, 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code, to continue to maintain and manage their cash and bitcoin pursuant to the Cash Management System; to collect, concentrate, and disburse cash in accordance with the Cash Management System, including the Debtors' Intercompany Transactions; to make ordinary course changes to their Cash Management System without further order of the Court; and to transfer, hold, or sell bitcoin in the ordinary course and to transfer proceeds related therefrom to the Debtors' Bank Accounts; *provided*, that the Debtors shall provide five business days' notice (or as much notice as is reasonably practicable under the circumstances) to the U.S. Trustee, counsel to the Official Committee Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), and counsel to the Ad Hoc Group before (a) materially modifying the Cash Management System and (b) making one or more material cash or bitcoin payments outside of the ordinary course of the Debtors' businesses to any party on account of prepetition amounts authorized under this Final Order. Except as otherwise set forth herein, the Debtors and the Banks may, without further order of this Court, agree to implement changes to the Cash Management System and procedures in the ordinary course of business.

2. The Debtors are authorized to, consistent with their prepetition practices, (i) designate, maintain, and continue to use any or all of their existing Institutions, including those listed on **Exhibit C** to the Motion, in the names and with the account numbers existing immediately before the Petition Date, (ii) to the extent of available funds, deposit funds in, and withdraw funds from, such accounts by all usual means, including, without limitation, checks, wire transfers, ACH transfers, and other debits, (iii) pay any Bank Fees or other charges associated with the Bank Accounts, whether arising before or after the Petition Date, (iv) pay Bitcoin Mining Pool and

3

Bitcoin Wallet fees or other charges associated with the Bitcoin Management System; and (v) treat their prepetition Bank Accounts and Bitcoin Accounts for all purposes as debtor in possession accounts.

3. The Debtors are authorized, but not directed, to continue using, and, if used, to perform their obligations under Employee Credit Cards and to pay any amounts owing with respect thereto, including any amounts relating to the prepetition period; *provided*, that the Debtors shall provide five business days' notice to the U.S. Trustee, counsel to the Committee, and counsel to the Ad Hoc Group (or as much notice as is reasonably practicable under the circumstances) before paying any amount owing with respect to the Employee Credit Cards that relates to the prepetition period.

4. The Debtors are authorized to open new Bank Accounts and close any existing Bank Accounts in the ordinary course of business; *provided*, that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall be at depositories that are (i) insured by the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) designated as an authorized depository by the U.S. Trustee pursuant to the UST Operating Guidelines, and (iii) with a bank that agrees to be bound by the terms of this Order, provided further, for purposes of this Interim/Final Order, be deemed a Bank Account as if it had been listed on **Exhibit C** to the Motion. The opening or closing of any Bank Accounts shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, the Ad Hoc Group,[3] and any statutory committee, including the Committee.

---

[3] The term "**Ad Hoc Group**" means the ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the

5. The Debtors are authorized, consistent with their prepetition practices, to open new Bitcoin Wallets or join new Bitcoin Mining Pools and close any existing Bitcoin Wallets or leave any Bitcoin Mining Pools in the ordinary course of business, provided however, the opening or closing of any Bitcoin Wallets shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee, the Ad Hoc Group, and any statutory committee, including the Committee. If the Debtors open a new Bitcoin Wallet or join a new Bitcoin Mining Pool, the Debtors may, in the ordinary course, transfer bitcoin and cash assets between any new and existing Bitcoin Wallet, Bitcoin Mining Pool, or Bank Accounts.

6. The Banks are authorized to receive, process, honor, and pay any and all drafts, checks or other items issued, or to be issued, and wire transfers, ACH transfers, and electronic funds transfers requested, or to be requested, by the Debtors to the extent that sufficient funds are on deposit in available funds in the applicable Bank Accounts to cover such payments and otherwise in accordance with the applicable Cash Management System agreements. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, electronic funds transfers, ACH transfers, or other items should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, transfers, or other items are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. Any Bank with which the Debtors maintained Bank Accounts as of the Petition Date is authorized to debit the Debtors' accounts in the ordinary course of business without

---

initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

the need for further order of this Court for: (i) all drafts, checks, wire transfers, electronic funds transfers, ACH transfers, or other items drawn on the Debtors' accounts which are cashed or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of the Debtors' accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition and postpetition amounts outstanding, if any, owed to the Bank as Bank Fees for the maintenance of the Cash Management System and charge back returned items to the Bank Accounts in the ordinary course.

8. The Banks shall not be liable to any party on account of: (i) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (ii) the honoring of any prepetition checks, drafts, wires, electronic funds transfers, ACH transfers, or other items in a good faith belief or upon a representation by the Debtors that the Court has authorized such prepetition check, draft, wire, transfers, or other item; or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

9. Those certain existing agreements relating to any Bank Accounts, Bitcoin Wallet, Bitcoin Mining Pool, the Employee Credit Cards, or other Cash Management System accounts between the Debtors, on the one hand, and the applicable Banks, Bitcoin Wallets, or Bitcoin Mining Pool on the other hand, shall continue to govern the postpetition cash management relationship between such parties, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

10. The Debtors are authorized pursuant to sections 363(c) and 364(a) of the Bankruptcy Code to continue to perform under and honor Intercompany Transactions in the

ordinary course of business, so long as such Intercompany Transactions are materially consistent with the Debtors' operation of their business in the ordinary course during the prepetition period.

11. All Intercompany Claims against one Debtor by another Debtor or a Non-Debtor Affiliate arising after the Petition Date as a result of Intercompany Transactions shall be accorded administrative expense priority status in accordance with section 503(b) of the Bankruptcy Code. For the avoidance of doubt, the relief granted in this Final Order with respect to the postpetition Intercompany Transactions and the Intercompany Claims resulting therefrom shall not constitute a finding as to the validity, priority, or status or any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen, and the Debtors expressly reserve any and all rights with regard to the validity, priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen.

12. The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their Books and Records, to the same extent maintained by the Debtors before the Petition Date. The Debtors shall make such records available upon request by the U.S. Trustee, the Ad Hoc Group, and any statutory committee appointed in these chapter 11 cases, including the Committee.

13. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code, or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have sixty (60) days from the Petition Date, until February 19, 2023, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other

arrangements as agreed to by the U.S. Trustee; *provided*, that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further 60-day extension by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket, without the need for further Court order.

14. The Debtors are authorized to use their existing Business Forms; *provided*, that once the Debtors' existing check stock has been exhausted, the Debtors shall include, or direct others to include, the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks as soon as reasonably practicable to do so; and *provided further*, that with respect to any Business Forms that exist or are generated electronically, the Debtors shall use reasonable efforts to ensure that such electronic Business Forms are labeled "Debtor In Possession" as soon as reasonably practicable following entry of this Final Order.

15. The Debtors are authorized to continue, consistent with their prepetition practices, their bitcoin mining and sales operations, which includes transferring bitcoin assets between Non-Trading Wallets and Trading Wallets, selling bitcoin, and moving trading revenues from the Debtors' Bitcoin Wallet accounts into the Debtors' Bank Accounts; *provided, however*, the Debtors shall maintain accurate and complete records of all transfers within the Bitcoin Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in their books and records. The Debtors shall make such records available to the U.S. Trustee, counsel to the Ad Hoc Group, and counsel to any statutory committee, including the Committee, upon request, on a confidential basis. With respect to the Debtors' sale of any mined bitcoin, the Debtors shall provide counsel to the Committee and counsel to the Ad Hoc Group, on a confidential basis, with a full weekly accounting of such sales (email shall

suffice), on a Debtor-by-Debtor basis, including (a) the means by which such was sold, (b) the price and timing of any such sale, and (c) where the sale proceeds are being held. The Debtors shall provide the weekly accountings to the advisors to the Committee and advisors to the Ad Hoc Group within one week of each weekly reporting period. The Debtors' right to designate such reports as "professionals' eyes only," and the recipient's right to challenge such designation, are reserved. For the avoidance of doubt, weekly reporting periods shall run from Saturday through the close of business on Friday.

16. The Debtors shall maintain accurate and complete records of all transfers within the Cash Management System, including transfers between Debtors, so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors before the Petition Date. The Debtors shall (a) maintain records of all Intercompany Transactions, and (b) make such records available to the U.S. Trustee, the advisors to the Ad Hoc Group, and the advisors to any statutory committee, including the Committee, upon request, on a confidential basis. Additionally, on the last day of each month, the Debtors shall deliver to the advisors to the Committee and the advisors to the Ad Hoc Group, on a confidential basis, a report from the prior month of all Intercompany Transactions. The Debtors' right to designate such reports as "professionals' eyes only," and the recipient's right to challenge such designation, are reserved. To the extent that the transfers within the Cash Management system are disbursements, they will be noted and reflected on the monthly operating reports and post confirmation reports filed by Debtors.

17. Nothing in the Motion or this Final Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis.

18. Except as otherwise provided herein, nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's (including the Committee's) rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's (including the Committee's) rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

19. Notwithstanding anything contained in the Motion or this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to, and must be in compliance with, the terms and conditions in any interim or final order entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and authorizing the Debtors' use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such interim or final order) (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of a DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

20. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

21. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

23. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

**Signed: January 23, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-90341-drj |
| Core Scientific, Inc. | Chapter 11 |
| Official Committee of Unsecured Creditor | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 2 |
| Date Rcvd: Jan 23, 2023 | Form ID: pdf002 | Total Noticed: 20 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 25, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| aty | + | Matthew Ray Brooks, Troutman Pepper Hamilton Sanders LLP, 875 Third Avenue, New York, NY 10022-6225 |
| cr | + | AmTrust North America, Inc. on behalf of Associate, c/o Maurice Wutscher LLP, 23611 Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| intp | + | Condair Inc., c/o John S. Collins, Vorys, Sater, Seymour and Pease LLP, 909 Fannin, Suite 2700, Houston, TX 77010-1009 |
| cr | + | Dalton Utilities, Howley Law PLLC, 711 Louisiana Street, Ste. 1850, Houston, TX 77002-2790 |
| cr | + | GEM Mining 1, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2B, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 3, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 4, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | J.W. Didado Electric, LLC, c/o Leonard I. Pataki, Quanta Services, 4500 S. Garnett Road, Suite 100, Tulsa, OK 74146-5221 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | NextEra Energy Resources, LAW/JB, 700 Universe Blvd., Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Pescadero Capital, LLC, Building LAW/JB, 700 Universe Blvd, Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |
| intp | + | U.S. Bank National Association, as Prepetition Not, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |

TOTAL: 17

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: beanland@mssattorneys.com | Jan 23 2023 20:21:00 | BEAM Concrete Construction, Inc., c/o Misti L. Beanland, 8131 LBJ Freeway, Suite 700, Dallas, TX 75251-1352 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Jan 23 2023 20:21:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328 |
| cr | + | Email/Text: neil.orleans@judithwross.com | Jan 23 2023 20:21:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |

TOTAL: 3

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 36th Street Capital Partners, LLC |
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Anchorage Lending CA, LLC |
| cr | | Barings BDC, Inc. |

| | | |
|---|---|---|
| cr | Barings Capital Investment Corporation | |
| cr | Barings Private Credit Corp. | |
| cr | BlockFi Lending LLC | |
| cr | BlockFi, Inc. and its affiliated entities | |
| cr | Bremer Bank | |
| cr | CEC Energy Services LLC | |
| cr | Celsius Mining, LLC | |
| cr | City of Denton | |
| intp | Harper Construction Company, Inc. | |
| cr | Huband-Mantor Construction, Inc. | |
| cr | Humphrey & Associates, Inc. | |
| cr | MP2 Energy Texas LLC d/b/a Shell Energy Solutions | |
| cr | Marnoy Interests, Ltd. d/b/a Office Pavilion | |
| cr | MassMutual Asset Finance, LLC | |
| cr | NYDIG ABL LLC | |
| crcm | Official Committee of Unsecured Creditors | |
| cr | Prime Alliance Bank, Inc. | |
| cr | Priority Power Management, LLC | |
| intp | SRPF A QR Riversouth LLC | |
| cr | Sphere 3D Corp. | |
| cr | Texas Capitalization Resource Group, Inc., 5201 Camp Bowie Blvd. Suite 200, Fort Worth | |
| intp | Trinity Capital Inc. | |
| cr | Wingspire Equipment Finance, LLC | |

TOTAL: 27 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 25, 2023                    Signature:    /s/Gustava Winters