**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE
UNDER SEAL CERTAIN PORTIONS OF THE COMMITTEE'S OBJECTION
TO DEBTORS' EMERGENCY MOTION TO OBTAIN POST-PETITION
<u>DEBTOR-IN-POSSESSION FINANCING AND RELATED DOCUMENTS</u>**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Core Scientific, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "<u>Debtors</u>"), by and through its undersigned proposed counsel, hereby files this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), authorizing the Committee to redact and file under seal certain portions of the *Objection of the Official Committee of Unsecured Creditors to Debtors' Emergency Motion to*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

*Obtain Post-Petition Debtor-in-Possession Financing* (the "Objection")[2] and the *Declaration of Adam W. Verost in Support of the Objection of the Official Committee of Unsecured Creditors to Debtors' Emergency Motion to Obtain Post-Petition Debtor-in-Possession Financing* (the "Declaration"), which were filed contemporaneously herewith.  In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Committee confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. § 1408.

3. The bases for the relief requested herein are sections 105(a) and 107(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and rules 9037-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

## RELIEF REQUESTED

4. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1, the Committee requests that the Court enter the Proposed Order authorizing the Committee to file the Objection and the Declaration under seal as required by the confidentiality provisions set forth in the Committee By-laws (as defined below).  The

---

[2] Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection.

Committee shall publicly file redacted versions of the Objection and the Declaration contemporaneously with the filing of this Motion.

## BACKGROUND

5.      On December 21, 2022, the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only.

6.      On January 9, 2023, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

7.      The *By-laws and Procedural Rules for the Official Committee of Unsecured Creditors of Core Scientific, Inc., et al.* (the "Committee By-laws") require the Committee to file certain confidential information (the "Confidential Information") under seal, absent the Debtors' permission to file such information publicly.

8.      On January 26, 2023, the Committee filed the Objection and the Declaration. Certain portions of the Objection, the Declaration, and the exhibits attached thereto include or reference documents that the Debtors have identified as being Confidential Information under the Committee By-laws.

9.      The Committee has provided an unredacted version of the Objection and the Declaration to the Court, counsel to the Debtors, the U.S. Trustee, and the other parties in interest participating in discovery relating to the Objection, pending the Court's disposition of this Motion.

**BASIS FOR RELIEF**

10.     Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995).   Section 107(b) provides, in relevant part: "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

11.     Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ."  Fed. R. Bankr. P. 9018.   Additionally, Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

12.     Here, the Debtors have taken the position that certain portions of the Objection, the Declaration, and the exhibits attached thereto contain Confidential Information that must be filed under seal.  The Committee, therefore, submits that good cause exists to authorize the Committee to file the Objection and the Declaration under seal.  Although the Committee seeks

the relief requested herein because it is obligated to do so pursuant to the Committee By-laws, the Committee believes that much, if not all, of the Objection and the Declaration should ultimately be filed publicly.

13.     No previous request for the relief sought herein has been made by the Committee to this or any other court.

## **NOTICE**

14.     The Committee will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Debtors, (b) the U.S. Trustee, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

For the above reasons, the Committee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and grant such other and further relief as the Court deems just, proper, and equitable.

[*remainder of page left intentionally blank*]

Dated:      Houston, Texas
            January 26, 2023

Respectfully Submitted,

**WILLKIE FARR & GALLAGHER LLP**

By:  Jennifer J. Hardy
Jennifer J. Hardy (Texas Bar No. 24096068)
600 Travis Street
Houston, Texas 77002
Telephone:  713-510-1700
Facsimile:  713-510-1799
Email:  jhardy2@willkie.com

**AND**

Brett H. Miller (admitted *pro hac vice*)
Todd M. Goren (admitted *pro hac vice*)
James H. Burbage (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Facsimile: 212-728-8111
Email: bmiller@willkie.com
Email: tgoren@willkie.com
Email: jburbage@willkie.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**<u>Certificate of Service</u>**

I certify that on January 26, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

By:   /s/ Jennifer J. Hardy
Jennifer J. Hardy

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER AUTHORIZING THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER
SEAL CERTAIN PORTIONS OF THE COMMITTEE'S OBJECTION TO
DEBTORS' EMERGENCY MOTION TO OBTAIN POST-PETITION
DEBTOR-IN-POSSESSION FINANCING AND RELATED DOCUMENTS**

Upon the *Motion for Entry of an Order Authorizing the Official Committee of Unsecured Creditors to File Under Seal Certain Portions of the Committee's Objection to Debtors' Emergency Motion to Obtain Post-Petition Debtor-in-Possession Financing* (the "Motion")[2] in the above-captioned cases, seeking entry of an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1, authorizing the Committee to file under seal the Objection and the Declaration, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and all objections to the Motion; and upon any hearing held on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at any hearing held on the Motion establish cause for the relief sought by the Motion; and upon all of the proceedings had before this Court; and after due deliberation, it is

**HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**.

2.      The Committee is authorized to file the Objection and the Declaration under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1.

3.      The Objection and the Declaration shall remain confidential, and shall not be made available to anyone, other than as provided in this Order or further order of the Court.

4.      The Committee is authorized to cause unsealed copies of the Objection and the Declaration to be served on and/or made available, on a confidential basis, to (a) the Court, (b) the U.S. Trustee, (c) other parties in interest participating in discovery relating to the Objection, and (d) any other party as may be ordered by the Court.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6.      The Committee is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7.      The Court retains exclusive jurisdiction with respect to all matters arising from

- 3 -

or related to implementation, interpretation, and enforcement of this Order.

Dated:_____, 2023
Houston, Texas

                                        _____
                                          **THE HONORABLE DAVID R. JONES**
                                          **UNITED STATES BANKRUPTCY JUDGE**