## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

### NOTICE OF FILING PROPOSED INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED NON-PRIMING SUPERPRIORITY REPLACEMENT POSTPETITION FINANCING, (B) USE CASH COLLATERAL, AND (C) PAY OFF EXISTING POSTPETITION FINANCING FACILITY, (II) GRANTING LIENS AND PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (IV) MODIFYING THE AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE THAT**, on December 21, 2022, Core Scientific, Inc.

("**Core Scientific**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors

and debtors in possession (collectively, the "**Debtors**"), filed the *Emergency Motion of Debtors*

*for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition*

*Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing*

*Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to*

*the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling A Final*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

*Hearing, and (G) Granting Related Relief* (Docket No. 38) (the "**Original DIP Motion**"), with a proposed interim order granting the relief requested in the Motion appended thereto.

PLEASE TAKE FURTHER NOTICE THAT, on December 23, 2022, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Obtain Replacement Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling A Final Hearing, and (VI) Granting Related Relief* (Docket No. 130) (the "**Original Interim DIP Order**"), granting the relief requested in the Original DIP Motion on an interim basis, as set forth therein.

PLEASE TAKE FURTHER NOTICE THAT the Original Interim DIP Order, among other things, authorized the Debtors to (i) enter into and perform under that certain *Senior Secured Super-Priority Debtor in Possession Loan and Security Agreement*, dated as of December 22, 2022, filed with the Court on December 28, 2022 (Docket No. 188) (as modified, the "**Original DIP Credit Agreement**"),[2] by and among certain of the Debtors as borrowers and guarantors thereunder, the lenders party thereto (the "**Original DIP Lenders**"), and the Administrative Agent (as defined in the Original DIP Credit Agreement) thereunder, authorizing the Debtors to obtain postpetition, debtor-in-possession financing on a superpriority, priming, senior-secured basis in the form of multi-draw, term-loan facility, consisting of (a) new-money commitments from the Original DIP Lenders, in an aggregate principal amount of up to $37.5 million, and (b) pending entry of a final order on the Original DIP Motion, additional new-money commitments from the

---

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Original DIP Motion, the Original DIP Credit Agreement, or the Proposed Replacement Interim DIP Order (as defined below), as applicable.

Original DIP Lenders, in an aggregate principal amount of up to $75 million along with a conversion of an additional $75 million in prepetition obligations arising under the Prepetition Secured Notes into DIP Obligations in accordance with the terms of the Original DIP Credit Agreement and the Original Interim DIP Order (collectively, the "**Original DIP Facility**"), and (ii) authorizing the consensual use of the Prepetition Secured Noteholders' cash collateral.

      **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Original Interim DIP Order, a hearing was scheduled for **February 1, 2023 at 11:30 a.m.** (prevailing Central Time) to consider the relief requested in the Original DIP Motion on a final basis (the "**Final DIP Hearing**").

      **PLEASE TAKE FURTHER NOTICE THAT**, following entry of the Original Interim DIP Order, the Debtors, with the assistance of their advisors, conducted a robust marketing process, seeking proposals for alternative financing to replace the Original DIP Facility.

      **PLEASE TAKE FURTHER NOTICE THAT**, as a result of that marketing process, the Debtors received financing proposals from multiple prospective parties, including a proposal from B. Riley Commercial Capital, LLC (the "**Replacement DIP Lender**") for a superpriority, non-priming, senior-secured, multi-draw term-loan facility in an aggregate principal amount of up to $70 million (the "**Replacement DIP Facility**"), which Replacement DIP Facility would be used, among other things, to pay off the Original DIP Facility.

      **PLEASE TAKE FURTHER NOTICE THAT**, after reviewing and negotiating the various financing proposals, the Debtors determined, in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") appointed in these chapter 11 cases, that among other things, (i) the Replacement DIP Facility is fair, reasonable, and the best financing

available to the Debtors under the circumstances and (ii) entry into the Replacement DIP Facility reflects the Debtors' exercise of prudent business judgment.

PLEASE TAKE FURTHER NOTICE THAT, accordingly, on January 29, 2023, the Debtors entered into that certain *Commitment Letter*, by and between Core Scientific and the Replacement DIP Lender, a copy of which is appended to the Proposed Replacement Interim DIP Order (as defined below) as Exhibit 1 thereto (the "**Commitment Letter**"), pursuant to which the Replacement DIP Lender committed to provide the Replacement DIP Facility in accordance with the terms set forth in the term sheet appended to the Proposed Replacement Interim DIP Order as Exhibit 2 thereto (the "**Replacement DIP Term Sheet**").

PLEASE TAKE FURTHER NOTICE THAT the Debtors and their advisors are working with the ad hoc group of certain Prepetition Secured Noteholders (the "**Ad Hoc Group**") and its advisors and consulting with the Replacement DIP Lender, the Committee, and their respective advisors on the terms by which the Prepetition Secured Noteholders would agree to the consensual use of cash collateral in connection with Debtors' entry into the Replacement DIP Facility.

PLEASE TAKE FURTHER NOTICE THAT the Debtors , the Replacement DIP Lender, the Ad Hoc Group, the Committee and their respective advisors are working diligently to finalize a proposed form of order with respect to the Replacement DIP Facility and the consensual use of cash collateral.

PLEASE TAKE FURTHER NOTICE THAT the Debtors hereby file the *Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing, (B) Use Cash Collateral, and (C) Pay Off Existing Postpetition Financing Facility, (II) Granting Liens and Providing Claims with Superpriority*

*Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief*, appended hereto as **Exhibit A** (the "**Proposed Replacement Interim DIP Order**"), which contemplates the Debtors' entry into the Replacement DIP Facility and the consensual use of cash collateral, as further set forth therein.   A Proposed Replacement Interim DIP Order marked against the Original Interim DIP Order is appended hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors anticipate further revisions to the terms of the Proposed Replacement Interim DIP Order will be made prior to the DIP Hearing.  The Debtors, therefore, anticipate filing a revised Proposed Replacement Interim DIP Order, along with a redline reflecting any changes to the same, in advance of the DIP Hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, the Debtors intend to seek an emergency hearing requesting approval of the Proposed Replacement Interim DIP Order at the hearing currently scheduled as the Final DIP Hearing (the "**Replacement DIP Emergency Hearing**"), subject to the Bankruptcy Court's approval.

**PLEASE TAKE FURTHER NOTICE THAT**, if the Debtors do not obtain the consent of the Prepetition Secured Noteholders to the use of cash collateral prior to the Replacement DIP Emergency Hearing, the Debtors intend to seek the non-consensual use of cash collateral at such hearing.  As the Proposed Replacement Interim DIP Order reflects the Debtors' proposal for adequate protection regarding the consensual use of cash collateral, the Debtors anticipate making changes to the Proposed Replacement Interim DIP Order if the Debtors do not obtain consent for the use of cash collateral.

**PLEASE TAKE FURTHER NOTICE THAT**, prior to the Replacement DIP Emergency Hearing, the Debtors also anticipate filing an emergency motion and related documentation that, among other things, further outlines the proposed terms of the Replacement DIP Facility, describes the relief requested with respect to the same, provides evidence in support of authorization of the Debtors' entry into such Replacement DIP Facility, and describes the legal justifications therefor.

Dated: January 30, 2023
Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:          Alfredo.Perez @weil.com

 -and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:     Ray.Schrock@weil.com
              Ronit.Berkovich@weil.com
              Moshe.Fink@weil.com

*Proposed Attorneys for Debtors*

## <u>Certificate of Service</u>

I hereby certify that on January 30, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

> */s/ Alfredo R. Pérez*
> Alfredo R. Pérez