## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341(DRJ) |
| Debtors.[1] | § § § | (Jointly Administered) |

### STIPULATION AND AGREED ORDER BY AND AMONG
### THE DEBTORS AND NYDIG ABL LLC AUTHORIZING THE DEBTORS
### TO TRANSFER CERTAIN ASICS COLLATERAL TO NYDIG PURSUANT TO
### 11 U.S.C. § 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

This stipulation and agreed order (this "Stipulation and Agreed Order") is made and entered into by (a) Core Scientific, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and (b) NYDIG ABL LLC (f/k/a Arctos Credit, LLC), a Delaware limited liability company ("NYDIG", and together with the Debtors, the "Parties", and each individually, a "Party"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, Core Scientific Operating Company (f/k/a Core Scientific, Inc.) ("Borrower") and NYDIG are party to that certain Master Equipment Finance Agreement dated as of October 27, 2020, by and between Borrower and NYDIG (as amended, restated, supplemented or otherwise modified from time to time, the "MEFA" and, collectively with the schedules entered into by and between NYDIG and Borrower pursuant to the MEFA, all Acceptance Certificates (as defined in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

the MEFA), Other Agreements (as defined in the MEFA), and any other document entered into in connection therewith, the "Loan Documents").

WHEREAS, NYDIG filed validly perfected liens in the ASICs Collateral (as defined below) securing the NYDIG Debt (as defined below).

WHEREAS, as of December 21, 2022 (the "Petition Date"), Borrower owed NYDIG approximately $38.6 million of principal under the Loan Documents, plus certain interest, fees, expenses and other obligations (the "NYDIG Debt").

WHEREAS, with proceeds of the NYDIG Debt, Borrower acquired between October 2020 and December 2021 27,470 application-specific integrated circuit mining rigs ("ASICs") and currently operates approximately 27,403 ASICs.

WHEREAS, in addition to the ASICs Borrower acquired with the proceeds of the NYDIG Debt, NYDIG's collateral package under the Loan Documents includes, among other things, Accounts, Contract Rights, Chattel Paper, General Intangibles, Payment Intangibles (each as defined in the Uniform Commercial Code as adopted in the State of Delaware), leases, and subleases, in each case to the extent arising from or relating to Equipment (as defined in the MEFA) (together with the ASICs, the "NYDIG Collateral").

WHEREAS, the ASICs that comprise a portion of the NYDIG Collateral (the "ASICs Collateral")[2] currently consists of 27,403 mining rigs  in use in the Debtors' facilities located in (i) Calvert City, Kentucky, (ii) Marble, North Carolina, (iii) Dalton, Georgia, and (iv) Pecos, Texas.

WHEREAS, on December 21, 2022, the Debtors filed the *Emergency Motion of Debtors*

---

[2] The ASICs comprising the ASICs Collateral are shown on **Schedule 1** hereto.

2

*For Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [ECF No. 38] (the "<u>DIP Motion</u>").

WHEREAS, on December 22, 2022, NYDIG filed the *Reservation of Rights and Limited Objection to The Emergency Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [ECF No. 104] (the "<u>First NYDIG Reservation of Rights</u>"), pursuant to which NYDIG asserted that the Equipment Lender Adequate Protection Liens and Equipment Lender Adequate Protection Claims (each as defined in the DIP Motion) do not constitute sufficient adequate protection for the potential diminution in value of the NYDIG Collateral during these cases.

WHEREAS, on February 1, 2023, NYDIG filed the *Reservation of Rights to the Emergency Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing The Debtors to (A) Obtain Replacement Senior Secured Non-Priming Superpriority Postpetition Financing, (B) Use Cash Collateral, and (C) Pay Off Existing Postpetition Financing Facility (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [ECF No. 425] (the "<u>Second NYDIG Reservation of Rights</u>", and together with the First NYDIG Reservation of Rights, the "<u>NYDIG</u>

Reservations of Rights"), pursuant to which NYDIG reserved its rights to object to the DIP financing that was approved on an interim basis by the Replacement Interim DIP Order (as defined below) if the transaction contemplated herein is not completed.

WHEREAS, on February 2, 2023, the Court entered the *Order (I) Authorizing The Debtors on an Interim Basis to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Authorizing The Debtors to Refinance Existing Postpetition Financing on a Final Basis, (III) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties on a Final Basis, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [ECF No. 447](the "Replacement Interim DIP Order"). The Replacement Interim DIP Order provides a lien to the Replacement DIP Lender (as defined in the Replacement Interim DIP Order) that is junior to "Existing Senior Liens" (as defined in the Replacement Interim DIP Order), which includes NYDIG's liens on the ASICs Collateral pursuant to the Loan Documents.

WHEREAS, the Debtors have disputed certain assertions in the NYDIG Reservations of Rights, and NYDIG and the Debtors have engaged in discussions in an effort to consensually resolve NYDIG's concerns.

WHEREAS, after good faith, arm's length discussions, the Parties have agreed to resolve their disputes pursuant to this Stipulation and Agreed Order, on the terms described herein.

WHEREAS, on February 2, 2023 the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Stipulation Transferring Property to NYDIG ABL LLC in Exchange for Full Satisfaction of Debt, Free and Clear of all Liens, Claims, Interests, and Encumbrances, and (II) Granting Related Relief* seeking entry of this Stipulation and Agreed

4

Order (the "<u>Motion</u>").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED AS FOLLOWS:**

1.      The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as of the date of entry of this Stipulation and Agreed Order, and all reservations of rights with respect to this Stipulation and Agreed Order, are hereby overruled on the merits with prejudice.  All holders of liens on the ASICs Collateral who did not object, or withdrew their objections, to the Motion are deemed to have consented to the ASICs Transfer (defined below).

3.      NYDIG holds a properly perfected first lien on the ASICs Collateral, which lien is senior to any lien, claim, or interest in the ASICs Collateral of any other party, and which lien has not been subordinated to, or primed by, any other lien (the "<u>NYDIG ASICs Lien</u>"). All liens granted on the ASICs Collateral pursuant to the Replacement Interim DIP Order are junior to the NYDIG ASICs Lien.

4.      The Borrower is the sole and exclusive owner of, and has good, exclusive and transferable title to, all of the ASICs Collateral.

5.      The Debtors are authorized to transfer, assign, and convey the ASICs Collateral to NYDIG pursuant to Section 363 of Title 11 of the United States Code §§ 101 <u>et seq.</u> (the "<u>Bankruptcy Code</u>"), on the terms and subject to the conditions in this Stipulation and Agreed Order on the Closing Date (as defined below) (the "<u>ASICs Transfer</u>").

WEIL:\98999777\1\39031.0014

6.      Upon the occurrence of the Closing Date, and other than as explicitly provided in this Stipulation and Agreed Order, as the sole consideration from NYDIG to the Debtors for the ASICs Transfer, any and all claims NYDIG has against the Debtors arising out of the Loan Documents, whether prepetition or postpetition, shall be satisfied in full, including the NYDIG Debt, and NYDIG shall not assert any such claims against the Debtors in these chapter 11 cases.

7.      The ASICs Transfer shall become effective upon the occurrence of, or waiver by both the Debtor and NYDIG of, the receipt of all mining rigs constituting ASICs Collateral by NYDIG or its designee(s) (in accordance with this Stipulation and Agreed Order) at a location designated by NYDIG in the state of Texas or such other location mutually agreed by the Debtors and NYDIG (the "Delivery Location", and the date of the completion of the forgoing shall be the "Closing Date").  The Debtors shall ship the ASICs Collateral "free on board destination," freight prepaid by the Debtors, by one or more third party common or contract carriers selected by NYDIG in NYDIG's commercially reasonable business judgment (each a "Logistics Provider").  Upon delivery of the ASICs Collateral, NYDIG or its designee(s) shall execute and return to the Debtors a bill of sale or other similar confirmation of receipt of the ASICs Collateral.

8.      The Debtors shall contract for insurance against loss to the ASICs Collateral in transit and until the Closing Date, underwritten by an A.M. Best rated B++ or higher insurance carrier selected and bound by the Debtors, and approved of and paid for (or the cost reimbursed by) NYDIG.  In the event of risk of loss, insurance proceeds shall be paid to NYDIG.

9.      Prior to the Closing Date, the parties agree as follows:

a.    Upon reasonable advance notice by NYDIG to the Debtors, the Debtors and their agents, professionals, and representatives shall permit NYDIG and its employees, agents, designees, and logistics providers to enter the facilities where any of the ASICs Collateral is located and inspect the same during regular business hours with appropriate supervision by the Debtors.

b.    The Debtors and their agents, professionals, and representatives shall use

6

reasonable efforts to provide NYDIG, by no later than February 6, 2023, information from Debtors' internal mining operation report showing operational status of ASICs Collateral as of Monday, January 23, 2023 (the "ASICs Collateral Mining Report").

c.   By no later than February 15, 2023, the Debtors shall provide NYDIG with an updated serial number-to-worker name mapping schedule for the ASICs constituting ASICs Collateral.

d.   The Debtors and their agents, professionals, and representatives shall use reasonable efforts to assemble, package, palletize, and otherwise organize and arrange for pickup by the Logistics Provider(s) the ASICs Collateral no later than the dates set forth in the schedule attached as Schedule 2. ASICs Collateral that has been extensively damaged or which is dirty, in each case beyond normal wear and tear consistent with the Debtors' business operations, will be cleaned or repaired prior to placement with the Logistics Provider(s), with the cost of such cleaning and repair to be borne by the Debtors.

e.   Debtors will provide evidence of shipping provided by Logistics Provider.

f.   The Parties and their agents, professionals, and representatives shall use reasonable efforts to draft, execute, and exchange all instruments or documents relating to the passage of title to and possession of the ASICs Collateral at the Delivery Location by no later than five business days after the Closing Date.

10.   The ASICs Collateral shall be transferred to NYDIG pursuant to the ASICs Transfer free and clear of all Claims (as defined and used in the Bankruptcy Code, including section 101(5) thereof), liabilities, interests, rights, and encumbrances, including, without limitation, rights of setoff (except with respect to setoffs that were validly effected prior to the Petition Date), and all other matters of any kind and nature, whether known or unknown, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and any consensual or nonconsensual lien, statutory lien, real or personal property lien, mechanics' lien, materialmans' lien, warehousemans' lien, tax lien, and any and all other "liens" as that term is defined and used in the Bankruptcy Code, including section 101(37) thereof (all of the foregoing, collectively, "Liens"). The Claims and Liens on those assets of the Debtors other than the ASICs Collateral

shall remain with the same validity, force, priority, and effect on those other assets.

11.     On the Closing Date, all of the Debtors' right, title, and interest in and to, and possession of, the ASICs Collateral shall be immediately vested in NYDIG or its Designee(s) (defined below), as applicable, pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, free and clear of any and all Claims and Liens. Such transfer shall constitute a legal, valid, binding, and effective transfer of the ASICs Collateral. All persons or entities, presently, or on or after the Closing Date, in possession of some or all of the ASICs Collateral are directed to surrender possession of the ASICs Collateral directly to NYDIG or its Designee(s) on the Closing Date or at such time thereafter as NYDIG may request.

12.     NYDIG is hereby authorized, in connection with the consummation of the ASICs Transfer, to allocate the receipt of the ASICs Collateral among its affiliates, designees, assignees, or successors (each, a "Designee" and collectively, the "Designees") in a manner as it, in its sole discretion, deems appropriate, and the Debtors shall cooperate with and take all actions reasonably requested by NYDIG to effectuate any of the foregoing.  For the avoidance of doubt, the transfer of the ASICs Collateral to, and the receipt by, any Designee of NYDIG shall be deemed as a delivery of the ASICs Collateral to NYDIG solely for the purposes of effectuating ASICs Transfer and satisfying any condition regarding the return of the ASICs Collateral pursuant to the terms of the Loan Documents and the extinguishment of the NYDIG Debt.

13.     NYDIG is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. The ASICs Transfer is undertaken by NYDIG without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transfer

shall not affect the validity of the ASICs Transfer, unless such authorization and consummation of the transfer of the ASICs Collateral are duly and properly stayed pending such appeal.

14.    Neither the Debtors, NYDIG, nor any affiliate of either the Debtors or NYDIG have engaged in any collusion with other bidders or other parties or taken any other action or inaction that would cause or permit the ASICs Transfer to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code or otherwise. The consideration provided by NYDIG for the ASICs Collateral is fair and reasonable and is not less than the value of such assets, and the ASICs Transfer may not be avoided under section 363(n) of the Bankruptcy Code.

15.    Upon or after the Closing Date, the Debtors shall do and perform, or cause to be done or performed, all such further acts and things, and shall execute and deliver all such other agreements, certificates, bills of sale, instruments, and documents, as NYDIG shall reasonably request in connection with the ASICs Transfer.

16.    Upon the occurrence of the Closing Date, NYDIG, on the one hand, and the Debtors, on the other hand, each, on their own behalf and on behalf of their respective affiliates, fully, irrevocably, and unconditionally release and forever discharge one another and their respective affiliates, and such other parties and their respective affiliates' successors, assigns, directors, officers, employees, agents, and professionals (collectively, the "Released Parties"), of and from any and all obligations, debts, causes of action, suits, controversies, damages, claims, demands, and liabilities whatsoever, both in law and at equity, known or unknown, that such party has as of the date hereof against the Released Parties arising out of the Loan Documents and the transactions contemplated thereby.

17.    If this Stipulation and Agreed Order has not been entered within ten (10) days following the expiration of the objection deadline to the Motion (without giving effect to any

WEIL:\98999777\1\39031.0014

extensions thereof), NYDIG may file a notice on the docket in these chapter 11 cases that it is exercising its right to terminate the ASICs Transfer (the "<u>Termination Notice</u>").  Upon the filing of a Termination Notice, the Debtors' and NYDIG's remaining obligations under this Stipulation and Agreed Order shall terminate (other than as described in this Paragraph).  For the avoidance of doubt, the Closing Date shall not occur if NYDIG files a Termination Notice prior to the entry of this Stipulation and Agreed Order.

18.    The Parties are authorized to take all actions necessary and consistent with the terms of this Stipulation and Agreed Order.

19.    The requirements set forth in Bankruptcy Rule 6004 have been satisfied or are otherwise hereby waived.

20.    As provided by Bankruptcy Rule 9014, the terms and conditions of this Order shall be effective immediately upon entry and shall not be subject to the stay provisions contained in Bankruptcy Rule 6004(h). Time is of the essence in consummating the ASICs Transfer and the Debtors and NYDIG intend to close the ASICs Transfer as soon as possible.

21.    This Stipulation and Agreed Order constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, are not intended to confer upon any other person any rights or remedies hereunder.

22.    The undersigned persons represent and warrant that they have full authority to execute this Stipulation and Agreed Order and that the respective Parties have full knowledge of and have consented to this Stipulation and Agreed Order.

23.    This Stipulation and Agreed Order may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original

WEIL:\98999777\1\39031.0014

and all of which together shall constitute one and the same instrument.

24.     Proper, timely, sufficient and appropriate notice of this Stipulation and Agreed Order has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules (each as defined in the Replacement Interim DIP Order), and no other or further notice of this Stipulation and Agreed Order shall be required.

25.     The Bankruptcy Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Agreed Order.

Signed: _____, 2023

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

WEIL:\98999777\1\39031.0014

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation and Agreed Order as of the date set forth below.

Dated:  February 2, 2023

| /s/ *Alfredo R. Pérez* | /s/ *Dennis M. Twomey* |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | SIDLEY AUSTIN LLP |
| Alfredo R. Pérez (15776275) | Dennis M. Twomey (*admitted pro hac vice*) |
| 700 Louisiana Street, Suite 1700 | Jackson T. Garvey (*admitted pro hac vice*) |
| Houston, Texas 77002 | One South Dearborn Street |
| Telephone: (713) 546-5000 | Chicago, Illinois 60603 |
| Facsimile: (713) 224-9511 | Telephone:  (312) 853-7000 |
| Email: Alfredo.Perez@weil.com | Facsimile:  (312) 853-7036 |
| | Email:  dtwomey@sidley.com |
| -and- | jgarvey@sidley.com |
| | |
| WEIL, GOTSHAL & MANGES LLP | -and- |
| Ray C. Schrock (*admitted pro hac vice*) | |
| Ronit J. Berkovich (*admitted pro hac vice*) | Maegan Quejada (24105999) |
| Moshe A. Fink (*admitted pro hac vice*) | 1000 Louisiana Street, Suite 5900 |
| 767 Fifth Avenue | Houston, Texas 77002 |
| New York, New York 10153 | Telephone:  (713) 495-4500 |
| Telephone: (212) 310-8000 | Facsimile:  (713) 495-7799 |
| Facsimile: (212) 310-8007 | Email:  mquejada@sidley.com |
| Email:   Ray.Schrock@weil.com | |
| Ronit.Berkovich@weil.com | *Counsel to NYDIG ABL LLC* |
| Moshe.Fink@weil.com | |
| | |
| *Proposed Attorneys for Debtors* | |
| *and Debtors in Possession* | |

## Schedule 1

### ASICs Collateral

| Schedule of Miners | |
| --- | --- |
| **Type** | **Number** |
| **Schedule 1** | |
| Antminer S19 90TH | 123 |
| Antminer S19 95TH | 325 |
| Antminer S19 Pro 110TH | 4 |
| **Schedule 1 Total** | **452** |

| Schedule of Miners | |
| --- | --- |
| **Type** | **Number** |
| **Schedule 2** | |
| Antminer S19 90TH | 466 |
| Antminer S19 95TH | 11 |
| Antminer S19 Pro 105TH | 31 |
| Antminer S19 Pro 110TH | 353 |
| Antminer S19j Pro 96TH | 50 |
| **Schedule 2 Total** | **911** |

| Schedule of Miners | |
| --- | --- |
| **Schedule 3** | |
| Antminer S19 Pro 110TH | 1,054 |
| **Schedule 3 Total** | **1,054** |

| Schedule of Miners | |
| --- | --- |
| **Schedule 4** | |
| Antminer S19j Pro 104TH | 2,585 |
| Antminer S19j Pro 96TH | 11 |
| **Schedule 4 Total** | **2,596** |

| Schedule of Miners | |
| --- | --- |
| **Type** | **Number** |
| **Schedule 5** | |
| Antminer S19 90TH | 47 |
| Antminer S19 Pro 105TH | 24 |
| Antminer S19 Pro 110TH | 571 |
| Antminer S19j Pro 100TH | 177 |
| Antminer S19j Pro 104TH | 2,113 |
| Antminer S19j Pro 96TH | 303 |
| **Schedule 5 Total** | **3,235** |

| Schedule of Miners | |
| --- | --- |
| **Schedule 6** | |
| Antminer S19 95TH | 14,163 |
| **Schedule 6 Total** | **14,163** |

| Schedule of Miners | |
| --- | --- |
| **Schedules 7-9** | |
| Antminer S19j Pro 100TH | 1,247 |
| Antminer S19j Pro 104TH | 2,397 |
| Antminer S19j Pro 92TH | 249 |
| Antminer S19j Pro 96TH | 1,099 |
| **Schedules 7-9 Total** | **4,992** |

| | |
| --- | --- |
| **Total Miners** | **27,403** |

WEIL:\98999777\1\39031.0014

**Schedule 2**

| Site | Date | Miner Count | Shipments |
|:---:|:---:|:---:|:---:|
| **CAL** | 24-Feb | 1,368 | 2 |
| **MBL** | 24-Feb | 2,926 | 3 |
| **MBL** | 24-Mar | 3,142 | 3 |
| **DNN3** | 24-Mar | 1,080 | 1 |
| **CAL** | 24-Mar | 5,400 | 5 |
| **DNN1** | 31-Mar | 1,085 | 1 |
| **MBL** | 31-Mar | 3,144 | 3 |
| **DNN3** | 31-Mar | 3,625 | 4 |
| **CAL** | 31-Mar | 5,633 | 6 |
| **TOTAL** | | **27,403** | |

WEIL:\98999777\1\39031.0014