**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ALIXPARTNERS, LLP AS FINANCIAL ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (together, the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the employment and retention of AlixPartners as financial advisor to the Debtors, in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached to the Application as **Exhibit B**, effective as of the Petition Date; and (ii) granting such other and further relief as is just and proper, all as more fully set forth in the Application; and upon consideration of the Koza Declaration; and the Court having found that AlixPartners is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, as supplemented by section 1107(b) of the Bankruptcy Code; and the Court having found the terms and conditions of AlixPartners' employment, including, but not limited to, the Fee and Expense Structure set forth

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

in the Engagement Letter and Application, are reasonable under section 330 of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein; and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having held a hearing on the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interest of the Debtors, their estates, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

      1.      The Application is approved as set forth in this Order.

      2.      Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain AlixPartners as their financial advisor in these Chapter 11 Cases, effective as of the Petition Date, and in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as **Exhibit B**, except as provided by this Order.

      3.      The terms of the Engagement Letter, including without limitation, the indemnification provisions and the Fee and Expense Structure, are reasonable and the conditions of employment are approved in all respects, as modified by this Order.

4. AlixPartners is authorized to apply the Retainer to unpaid amounts to satisfy any unbilled or other remaining prepetition fees and expenses that AlixPartners becomes aware of during its ordinary course billing review and reconciliation. The balance of the Retainer shall be treated as an evergreen retainer and held by AlixPartners as security throughout these Chapter 11 Cases until AlixPartners' fees and expenses are fully paid.

5. AlixPartners shall file monthly, interim and final requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of the Court. AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

6. AlixPartners' compensation terms set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, are approved pursuant to section 327 of the Bankruptcy Code and AlixPartners shall be compensated and reimbursed pursuant to section 327 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of the Court.

7. The Debtors shall reimburse AlixPartners for reasonable expenses incurred in connection with the performance of services set forth in the Application, including, without limitation, fees, disbursements, and other charges by AlixPartners' counsel to the extent provided for in the Engagement Letter as modified by this Order (including, without limitation, pursuant to the indemnification provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; provided, further, that in

the event that AlixPartners seeks reimbursement from the Debtors for attorneys' fees and expenses consistent with the terms of this Order, the invoices and supporting time records from such attorneys shall be included in AlixPartners' fee applications, both interim and final, and they shall be subject to the U.S. Trustee Fee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code.

8. The indemnification provisions included in the Engagement Letter and its attachments are approved, subject during the pendency of these Chapter 11 Cases to the following:

  (a) No AlixPartners Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

  (b) The Debtors shall have no obligation to indemnify any AlixPartners Party, or provide contribution or reimbursement to any AlixPartners Party, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the AlixPartners Party's gross negligence, willful misconduct, or bad faith or self-dealing; or (ii) settled prior to a judicial determination as to the AlixPartners Party's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by the Court after notice and hearing to be a claim or expense for which the AlixPartners Party should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

  (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, an AlixPartners Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the AlixPartners Party must file an application therefor in the Court, and the Debtors may not pay any such amounts to the AlixPartners Party before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any

AlixPartners Party for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the AlixPartners Parties. All parties in interest shall retain the right to object to any demand by any AlixPartners Party for indemnification, contribution, and/or reimbursement.

9. Any limitation of liability set forth in the Engagement Letter, or otherwise, is hereby eliminated for the duration of these Chapter 11 Cases.

10. To the extent AlixPartners uses the services of independent contractors (the "**Contractors**") in these Chapter 11 Cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs incurred; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

11. To the extent the Debtors wish to expand the scope of AlixPartners' services beyond those services set forth in the Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 10 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

12. AlixPartners shall have a continuing obligation to disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties

5

in interest. AlixPartners will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, AlixPartners will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule. 2014(a).

13. ~~10.~~ The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

14. ~~11.~~ To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Koza Declaration, and this Order, the terms of this Order shall govern.

15. ~~12.~~ AlixPartners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

16. ~~13.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. ~~14.~~ The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
    Houston, Texas

    _____
    ~~UNITED STATES BANKRUPTCY~~ THE HONORABLE
    DAVID R. JONES

7

UNITED STATES BANKRUPTCY JUDGE

Case 22-90341   Document 499-2   Filed in TXSB on 02/08/23   Page 8 of 8

7