United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 08, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § | (Jointly Administered) |
| | | (Docket No. 283) |

## ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF PJT PARTNERS LP AS INVESTMENT BANKER TO THE DEBTORS AND (II) GRANTING RELATED RELIEF

Upon the application, dated January 13, 2023 (the "**Application**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules (a) authorizing the Debtors to retain and employ PJT Partners LP ("**PJT**") as investment banker, pursuant to the terms of the Engagement Letter; and (b) granting related relief, all as more fully set forth in the Application; and upon consideration of the Singh Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and this Court having held a hearing to consider the relief requested in the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules, to retain PJT as investment banker to the Debtors in these chapter 11 cases effective as of the Petition Date on the terms and conditions set forth in the Application and the Engagement Letter attached hereto as **Exhibit A**, as may be modified by this Order.

2. Except to the extent set forth herein, the Engagement Letter (together with all attachments thereto), including the Fee Structure and the Indemnification Agreement, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter. Subject to Paragraph 7 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code

and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

3. The Debtors are authorized to pay PJT's fees and to reimburse PJT for its reasonable costs and expenses, each as provided in the Engagement Letter, and in particular, all of PJT's fees and expenses in these chapter 11 cases, including the Monthly Fees, the Capital Raising Fees, and the Restructuring Fee are hereby approved pursuant to section 328(a) of the Bankruptcy Code. For the avoidance of doubt, to the extent not previously paid prior to the Petition Date, PJT shall be paid (a) each Capital Raising Fee for any financing, as to which PJT may be entitled under the Engagement Letter as soon as such financing is approved by this Court (or, if such approval occurred prior to entry of this Order, immediately following entry of this Order) and with respect to amounts available to the Debtors, and (b) the Restructuring Fee upon consummation of a Restructuring, in each case subject to subsequent Court approval of any such Capital Raising Fee or Restructuring Fee pursuant to PJT's interim and/or final fee applications.

4. PJT shall file monthly statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable orders of this Court. PJT is hereby authorized to keep reasonably detailed time records in half-hour increments, and shall not be required to keep time records on a "project category" basis or conform to any schedules of hourly rates, and will submit, with any interim or final fee application, together with the time records, a narrative summary of services rendered and will identify each professional rendering services and the total amount of compensation requested by PJT.

5. PJT's Monthly Fee shall be prorated for any month in which PJT is not employed for each day of the month, and PJT shall refund the prorated amount of any Monthly Fee paid in advance.

6. PJT will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PJT will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7. PJT shall be compensated in accordance with the terms of the Engagement Letter. Notwithstanding anything to the contrary herein, the fees and expenses payable to PJT pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of PJT's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code.

8. The indemnification, contribution, and reimbursement provisions set forth in the Indemnification Agreement are approved, subject, during the pendency of these chapter 11 case, to the following:

    a. subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, any PJT Party (as defined in the Indemnification Agreement) in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

    b. notwithstanding subparagraph (a) above or any provisions of the Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify PJT or provide contribution or

4

    reimbursement to PJT (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from PJT's self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of PJT's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which PJT should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement, as modified by this Order;

 c. if, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above (*i.e.*, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith) and PJT makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso beginning with the word "provided" in the first sentence of the second paragraph of the Indemnification Agreement shall not apply;

 d. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PJT believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including without limitation, the advancement of defense costs, PJT must file an application therefor in this Court, and the Debtors may not pay any such amounts to PJT before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which this Court shall have jurisdiction over any request by PJT for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, PJT.

 9. PJT is authorized to apply any prepetition advance or retainer to satisfy any unbilled or other remaining prepetition fees and expenses PJT becomes aware of during its ordinary course billing review and reconciliation. Any remaining retainer held by PJT shall be held by PJT as

5

security throughout these chapter 11 cases until PJT's fees and expenses are fully paid. PJT shall note or otherwise indicate any such application of prepetition advances or retainers on any fee applications filed with the Court.

10. PJT shall make reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

11. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Singh Declaration, and this Order, the terms of this Order shall govern.

12. To the extent the Debtors wish to expand the scope of PJT's services beyond those services set forth in or contemplated by the Engagement Letter or this Order (and as to which additional compensation would otherwise be payable), the Debtors shall be required to seek further approval from this Court. The Debtors shall file notice of any proposed additional services and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, counsel for the Committee, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within fourteen days of the Debtors filing such notice, such additional services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

13. Notwithstanding anything in the Application, the Singh Declaration, or the Engagement Letter to the contrary: (a) PJT shall, to the extent that PJT uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that PJT pays the Contractors and (ii) seek reimbursement for actual costs only; and (b) the Debtors shall ensure that the Contractors are subject to the same conflict

6

checks as required for PJT, including filing such disclosures required by Bankruptcy Rule 2014 with the Court.

14.  In the event that, during the pendency of these cases, PJT seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in PJT's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code; *provided, however*, that PJT shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of PJT's fee applications in these chapter 11 cases.

15.  Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirement of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.  Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17.  The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

18.  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed: February 08, 2023.**

DAVID R. JONES
**UNITED STATES BANKRUPTCY JUDGE**

7