United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | | (Docket No. 286) |

ORDER AUTHORIZING
RETENTION AND EMPLOYMENT OF
WEIL, GOTSHAL AND MANGES LLP AS ATTORNEYS
FOR DEBTORS EFFECTIVE AS OF PETITION DATE

Upon the application, dated January 15, 2023 (the "**Application**"),[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1 (i) authorizing the Debtors to retain and employ Weil as attorneys for the Debtors, effective as of the Petition Date and (ii) granting related relief, all as more fully set forth in the Application; and upon consideration of the Schrock Declaration and the DuChene Retention Declaration; and this Court being satisfied, based on the representations made in the Application and Schrock Declaration, that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such term in the Application.

and as required under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the Debtors' estates with respect to the matters upon which it is engaged; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is necessary for the Debtors' reorganization and in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, to employ and retain Weil as their attorneys in these chapter 11 cases from the Petition Date under a general retainer in accordance with Weil's normal hourly rates and disbursement policies, all as contemplated by the Application, as modified by this Order.

2. Weil is authorized to render the following professional services:

   a. take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the

3

          negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

    b.    prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

    c.    take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

    d.    if necessary, take all appropriate actions in connection with the sale of any or all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code, or otherwise;

    e.    perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided, however*, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

3. Weil shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to, sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines and any other applicable procedures and orders of the Court. For billing purposes, Weil shall keep its time in one tenth (1/10) hour increments in accordance with the Fee Guidelines. Weil also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with the Application and any interim and final fee applications to be filed by Weil in these chapter 11 cases. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format and will use the U.S. Trustee's standard project categories.

4. Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5. Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

6. Weil is authorized to apply the remaining amount of the Fee Advance to satisfy the payment of court approved postpetition fees and expenses; *provided, however*, that Weil is authorized without further order of the Court to reserve and apply amounts from the Fee Advance that would otherwise be applied toward payment of postpetition fees and expenses as necessary and appropriate to compensate and reimburse Weil for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

7. Weil shall provide seven (7) days' notice to the Debtors, the U.S. Trustee, and the attorneys for any statutory committee appointed in these chapter 11 cases of any increase in Weil's hourly rates as set forth in the Schrock Declaration. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. Notwithstanding anything to the contrary in the Application or the Declarations attached to the Application, Weil shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

9. Weil shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Weil to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5

10. To the extent the Application, the Schrock Declaration, or the DuChene Retention Declaration are inconsistent with this Order, the terms of this Order shall govern.

11. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: February 08, 2023.

                                                        **DAVID R. JONES**
                                                        **UNITED STATES BANKRUPTCY JUDGE**