**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**APPLICATION FOR ENTRY OF ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF DUCERA PARTNERS
LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 10, 2023**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DAY YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") of Core Scientific, Inc. and its debtor affiliates in the above captioned cases (collectively, the "Debtors") hereby submits this application (the "Application") for entry of a proposed order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Ducera Partners LLC ("Ducera") as investment banker to the Committee, pursuant to that

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

certain engagement letter between the Committee and Ducera, dated effective as of January 10, 2023 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B**.[2]  In support of the Application, the Committee submits the Declaration of Adam W. Verost (the "Verost Declaration"), which is attached hereto as **Exhibit C**.  In further support of the Application, the Committee respectfully represents as follows:

## BACKGROUND

1.      On December 21, 2022, each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").  No trustee or examiner has been appointed in these chapter 11 cases.

2.      The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions* [Docket No. 5].

3.      The Office of the United States Trustee (the "U.S. Trustee") selected the members of the Committee pursuant to section 1102 of the Bankruptcy Code and filed a notice of

---

[2]    Capitalized terms used but not defined herein shall have the meanings given to them in the Engagement Letter.

appointment on January 9, 2023 [Docket No. 256].[3]  On February 3, 2023, the U.S. Trustee filed

the *Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors* [Docket

No. 456].  The current members of the Committee are: (a) Dalton Utilities; (b) Sphere 3D Corp.;

(c) MP2 Energy LLC d/b/a Shell Energy Solutions; and (d) Tenaska Power Services Company.

4.      Following its appointment on January 9, 2023, the Committee selected Willkie Farr

& Gallagher LLP as its proposed counsel, and on January 10, 2023, the Committee selected Ducera

Partners LLC ("Ducera") as its proposed investment banker.

## **RELIEF REQUESTED**

5.       By this Application, pursuant to sections 328(a) and 1103 of the Bankruptcy Code,

Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, the Committee

respectfully requests that the Court enter the Order authorizing the Committee to retain and employ

Ducera as its investment banker in connection with the prosecution of these chapter 11 cases and

all related matters effective as of January 10, 2023.

## **I.      Ducera's Qualifications**

6.      Ducera and its professionals have extensive experience working with financially

distressed companies within a variety of industries in complex financial restructurings, both out of

court and in chapter 11 cases.  Founded in 2015, Ducera's business reorganization professionals

have served as financial and strategic advisors in a number of recent in-court restructurings,

including: (a) *In re Endo International plc, et al.*, Case No. 22-2549 (Bankr. S.D.N.Y); (b) *In re*

*GBG USA Inc., et al.*, Case No. 21-11369 (Bankr. S.D.N.Y); (c) *In re Mallinckrodt plc et al.*, Case

No. 20-12522 (Bankr. D. Del.); (d) *In re Superior Energy Services, Inc.*, Case No. 20-35812

---

[3]   The original members of the Committee were: (a) Dalton Utilities; (b) Sphere 3D Corp.; and (c) BRF Finance
Co., LLC ("BRF").  Following the Committee's appointment, the Debtors selected an affiliate of BRF as its
replacement debtor-in-possession financing lender.  Thereafter, BRF resigned from the Committee.

(Bankr. S.D. Tex.); (e) *In re Remington Outdoor Co., Inc.,* Case No. 20-81688 (Bankr. N.D. Ala); (f) *In re Imerys Talc Am., Inc.,* Case No. 19-10289 (Bankr. D. Del.); (g) *In re Paniolo Cable Co., LLC,* Case No. 18-01319 (Bankr. D. Haw.); (h) *In re Specialty Retail Shops Holding Corp.,* Case No. 19-80064 (Bankr. D. Neb.); (i) *In re Sungevity,* Case No. 17-10561 (Bankr. D. Del.); (j) *In re Toys "R" Us, Inc.,* Case No. 17-034665 (Bankr E.D. Va.); (k) *In re Panda Temple Power, LLC,* Case No. 17-10839 (Bankr. D. Del.); (l) *In re Dacco Transmission Parts (NY), Inc.,* Case No. 16-13245 (Bankr. S.D.N.Y.); (m) *In re Hercules Offshore, Inc.,* Case No. 16-11385 (Bankr. D. Del.); (n) *In re Illinois Power Generating Co.,* Case No. 16-36326 (Bankr. S.D. Tex.); and (o) *In re Paragon Offshore PLC,* Case No. 16-10386 (Bankr. D. Del.).  Ducera has experience in a variety of industries, providing specialized advice on matters including, but not limited to, restructurings, mergers, acquisitions, capital structure advisory, and financings.

## II.   Services to be Provided

7.     Ducera has agreed to provide services to the Committee in accordance with the terms and conditions of the Engagement Letter.  The terms of the Engagement Letter reflect the mutual agreement between the Committee and Ducera as to the substantial efforts that may be required of Ducera in this engagement.  The Engagement Letter provides, in consideration for the compensation contemplated thereby, that Ducera will, to the extent reasonably requested by the Committee, render the following services:[4]

    (a)    familiarize itself with the Debtors' business, operations, financial condition and capital structure;

    (b)    assist with the assessment of the Debtors' liquidity and use of liquidity and with identifying potential sources of financing in connection with future transactions;

---

[4]   The Application summarizes the terms of the Engagement Letter.  To the extent there is a conflict between the Application and the Engagement Letter, the Engagement Letter will govern.

(c)     provide such other advisory and investment banking services as may be agreed upon by Ducera and the Committee;

(d)     assist in analyzing and evaluating various Restructuring scenarios and the potential impact of these scenarios on the Existing Obligations of the Debtors and the recoveries of those stakeholders impacted by the Restructuring;

(e)     provide financial advice and assistance to the Committee in developing a Restructuring;

(f)     provide financial advice and assistance to the Committee in the structuring of any new securities to be issues by the Debtors in connection with a Restructuring; and

(g)     assist the Committee and/or participate in negotiations with the Debtors and entities or groups affected by the Restructuring.

8.     The Committee believes it is necessary to retain Ducera as its investment banker to render the foregoing professional services.  In light of Ducera's substantial experience and expertise and the complex nature of the Debtors' business and financial affairs, the Committee believes that Ducera is well qualified to represent it in these chapter 11 cases.

9.     Notwithstanding anything in the Application to the contrary, Ducera shall, to the extent that it uses the services of independent contractors (the "Contractors") in these cases: (a) pass-through the cost of Contractors to the Debtors at the same rate that Ducera pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for Ducera; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

## III.   Ducera's Compensation

10.     Ducera intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any order of the Court, and the fee guidelines established by the Executive Office of the U.S.

Trustee.

11.     Investment bankers such as Ducera do not typically charge for their services on an hourly basis.  Instead, they customarily charge periodic retainer fees plus additional fees that are contingent upon the occurrence of a specified type of transaction.  The compensation arrangements that have been negotiated between Ducera and the Committee are highly beneficial to the Committee as they provide certainty and proper inducement for Ducera to act expeditiously and prudently with respect to the matters for which it will be employed.  Accordingly, because the Committee is seeking to retain Ducera under section 328(a) of the Bankruptcy Code, the Committee believes that Ducera's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code and does not constitute a "bonus" or fee enhancement under applicable law.

12.     Ducera seeks the following consideration for its services (the "Fee and Expense Structure") pursuant to, and as further explained in, the Engagement Letter, to be paid by the Debtors, in each case in accordance with the Court's orders:

(a)     **Monthly Advisory Fee**:  $150,000 per month commencing as of the Effective Date of the Engagement Letter, which shall be due and payable until the earlier of (1) the consummation of a Restructuring and (2) the termination of Ducera's services pursuant to the Engagement Letter, *plus*

(b)     **Restructuring Fee**:  $3,000,000, which shall be due and payable upon consummation of any Restructuring,[5] provided that the Restructuring Fee shall be reduced by $75,000 for each and every month commencing three (3) months after the commencement of the Monthly Advisory Fee (the "Ducera Discount");

---

[5]     For purposes of the Restructuring Fee, the Engagement Letter provides that a Restructuring shall be deemed to have been consummated upon: (a) in the case of a bankruptcy court-approved Restructuring, the date that the applicable confirmed Chapter 11 plan of reorganization becomes effective in accordance with the terms and conditions thereof; or (b) the closing of the applicable transaction by which the Existing Obligations of the Company to the Committee are to be restructured or refinanced (including, for avoidance of doubt, a payment in full of the Existing Obligations); provided, that if a Restructuring is to be consummated through a sale or other disposition of all or substantially all of the assets or equity of the Company, the Restructuring will be deemed to have been consummated upon the closing of such sale.  For avoidance of doubt, the Restructuring Fee shall only be payable one time, whether during the Term or the Tail Period.

*provided, however*, that the Ducera Discount shall only apply if any and all outstanding invoices have been paid before, or in connection with, the consummation of the restructuring and shall be deducted from the Restructuring Fee.

(c)   **Expense Reimbursement**: The Debtors shall reimburse Ducera for its reasonable and documented out-of-pocket expenses, including, but not limited to, travel and transportation expenses, third party research and telecommunication expenses, printing costs, courier and other shipping and mailing costs, as well as the reasonable expenses of Ducera's external legal counsel (where prior notice of such engagement has been given to the Committee) and other expenses incurred in connection with, resulting from, or arising out of Ducera's engagement or the performance of services hereunder or any other assignments undertaken by Ducera at the Committee's request.

13.    Ducera will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases.

14.    The Fee and Expense Structure described above and in the Engagement Letter is consistent with, and typical of, compensation arrangements entered into by Ducera and other comparable firms rendering similar services under similar circumstances and is reasonable, market-based, and merited by Ducera's expertise.   The Committee submits that the Fee and Expense Structure is designed to compensate Ducera fairly for its work and to cover customary expenses.

## IV.    <u>Indemnification</u>

15.    Pursuant to certain provisions of the Engagement Letter, the Debtors agree to indemnify Ducera (the "<u>Indemnification Provisions</u>").   A material part of the consideration for Ducera to furnish its services under the Engagement Letter is the Debtors' agreement to the Indemnification Provisions, which provide, as more fully set forth in the Engagement Letter, that the Debtors will indemnify and hold harmless Ducera, its affiliates, the respective members, managers, directors, officers, partners, advisors, representatives, agents, and employees of Ducera and its affiliates, and any person controlling Ducera and its affiliates (collectively, "<u>Indemnified

Persons"), from and against, and the Debtors agree that no Indemnified Person shall have any liability (whether direct or indirect, in contract or torts or otherwise) to the Company or its respective owners, parents, members, affiliates, security holders or creditors (in their respective capacities as such), for, any losses, claims, expenses (including reasonable and documented attorneys' fees), damages or liabilities (including actions or proceedings in respect thereof) (collectively, "Losses"):

   1)   related to or arising out of (a) the Committee's, any Committee member's (each, a "Member") and the Debtors' actions or failures to act (including statements or omissions made or information provided by the Debtors or the Committee, any Holder, or the respective agents) in connection with the engagement; or (b) actions or failures to act by an Indemnified Person with the Committee's, any Member's, or the Debtors' consent or otherwise in reasonable reliance on the Committee's, any Member's or the Debtors' actions or failures to act in each case in connection with the engagement; or

   2)   otherwise related to or arising out of the engagement, Ducera's performance thereof or any other services Ducera is asked to provide to the Committee pursuant to the Engagement Letter; provided, that subsection (2) shall not apply to any Losses (nor shall the limitation of liability above apply) to the extent that they are finally determined by a court of competent jurisdiction to have resulted from primarily the bad-faith, self-dealing, breach of fiduciary duty, gross negligence, or willful misconduct of an Indemnified Person.

16.    The Committee and Ducera believe that the Indemnification Provisions contained in the Engagement Letter are customary and reasonable for investment banking engagements, are substantially similar to Ducera's standard indemnification arrangements outside of chapter 11 engagements, and, as modified by the Order, reflect the qualifications and limitations on indemnification provisions that are standard and customary in this district and other jurisdictions.

17.    The terms and conditions of the engagement were negotiated at arm's length and in good faith. The Committee respectfully submits that the indemnification, contribution, exculpation, reimbursement, and other provisions contained in the Engagement Letter, viewed in conjunction with the other terms of Ducera's proposed retention, are reasonable and in the best

interests of the Committee, the Debtors and their estates and creditors in light of the fact that the Committee requires Ducera's services to ensure that the Debtors successfully reorganize. Accordingly, as part of the Application, the Committee requests that the Court approve the Indemnification Provisions set forth in the Engagement Letter, as modified by the Order.

## V.      **Record Keeping and Applications for Compensation**

18.      The Committee respectfully requests that Ducera's professionals only be required to maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases.  However, because: (a) it is not the general practice of investment banking firms such as Ducera to keep detailed time records similar to those customarily kept by attorneys; (b) Ducera does not ordinarily keep time records on a "project category" basis; and (c) Ducera's compensation is based primarily on a fixed Monthly Fee and the Restructuring Fee, if any, the Committee respectfully requests that Ducera's professionals only be required to maintain records (in summary format) of the services rendered to the Committee, including summary descriptions of those services, the approximate time expended in providing those services in half-hour (0.5) increments, and the identity of the professionals who provided those services.  Ducera will present such records to the Court in its fee applications.

19.      The Committee further respectfully requests that Ducera's professionals not be required to keep time records on a "project category" basis, and that its non-investment banking professionals and personnel in administrative departments not be required to maintain time records.  To the extent that Ducera would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local

Rules, or other applicable procedures and orders of the Court, the Committee respectfully requests that the Court modify such requirements.

20.     Ducera will file its own fee applications for its respective fees and expenses and, in connection therewith, will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services in accordance with its past practice.   Ducera will present such records to the Court in its fee applications.   Ducera's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter, the Order, and any applicable procedures established by the Court.

## VI.   No Duplication of Services

21.     Ducera's services are intended to complement, and not duplicate, the services to be rendered by any other professional retained by the Committee in these chapter 11 cases.   Ducera has informed the Committee that it understands the Committee has retained, and may retain additional, professionals during the term of the engagement and will use its best efforts to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Committee.

## VII.   Ducera's Disinterestedness

22.     Ducera has reviewed the list of potential parties in interest (the "Potential Parties in Interest") provided by the Debtors to the Committee.   To the best of Ducera's knowledge, information, and belief, as of the date hereof, and except to the extent disclosed herein and in the Verost Declaration, Ducera: (a) has no connection with the Debtors, their creditors, other parties in interest, the attorneys or accountants of any of the foregoing, the U.S. Trustee or any person employed in the Office of the U.S. Trustee, or any judge in the Court; (b) does not hold any interest

adverse to the Debtors' estates; and (c) believes it is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code.

23.     As set forth in further detail in the Verost Declaration, Ducera has certain other connections with other Potential Parties in Interest.  All of these matters, however, are unrelated to these chapter 11 cases.  As detailed in the Verost Declaration, Ducera does not believe that any of these matters represent an interest materially adverse to the Committee, the Debtors' estates or otherwise create a conflict of interest regarding the Committee or these chapter 11 cases.

24.     Given the large number of Potential Parties in Interest, and despite the efforts to identify and disclose Ducera's relationships with Potential Parties in Interest in these chapter 11 cases, Ducera is unable to state with certainty that every client relationship or other connection has been disclosed in the Verost Declaration.  To the extent that any new, relevant facts or relationships bearing on the matters described herein during the period of Ducera's retention are discovered or arise as a result of reviewing additional parties in interest following the filing of this Application, Ducera will promptly make additional disclosures to the Court if necessary or otherwise appropriate.

## **RELIEF REQUESTED SHOULD BE GRANTED**

25.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or a fixed or percentage fee basis, or a contingent fee basis." 11 U.S.C. § 328(a). Section 328 of the Bankruptcy Code permits the compensation of professionals, including investment bankers, on more flexible terms that reflect the nature of their services and market conditions.  *See*, *e.g.*, *Donaldson Lufkin & Jenrett Securities Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997).  Thus, section 328(a) permits the Court to

approve the terms of Ducera's engagement, as set forth in the Engagement Letter and described above.

26.     The Committee submits that the terms and conditions of the Engagement Letter are fair, reasonable, and market-based.  Moreover, the Committee believes that Ducera's Fee and Expense Structure appropriately reflects:  (a) the nature and scope of services to be provided by Ducera to the Committee in connection with these chapter 11 cases; (b) Ducera's substantial experience with respect to investment banking services; and (c) the fee structure typically utilized by Ducera and other leading investment bankers that do not bill their clients on an hourly basis.

27.     For the reasons set forth herein, the Committee believes that Ducera's retention on the terms and conditions proposed herein is appropriate.

### NOTICE

28.     Notice of this Application will be provided to any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

### NO PRIOR REQUEST

29.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Committee respectfully requests entry of the Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 8, 2023

Respectfully submitted,

The Official Committee of Unsecured Creditors
of Core Scientific, Inc., *et al.*

By: /s/ *Patricia Trompeter*
Patricia Trompeter
Chief Executive Officer
Sphere 3D Corp.
As representative for Sphere 3D Corp.,
in its capacity as a Committee member

**<u>Certificate Of Service</u>**

I hereby certify that on February 8, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jennifer J. Hardy*
Jennifer J. Hardy

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) Case No. 22-90341 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF DUCERA PARTNERS LLC
AS INVESTMENT BANKER FOR OFFICIAL COMMITTEE OF
UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 10, 2023**

Upon the application (the "Application")[2] of the Official Committee of Unsecured
Creditors (the "Committee") of Core Scientific, Inc. and its debtor affiliates in the above captioned
cases (collectively, the "Debtors"), pursuant to sections 328(a) and 1103 of title 11 of the United
States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules
for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local
Rules"), for an order authorizing the Committee's application to employ and retain Ducera
Partners LLC ("Ducera") as their investment banker pursuant to the terms of the Engagement
Letter attached to the Application as **Exhibit B**, all as more fully set forth in the Application; and
upon the Verost Declaration in support of the Application attached to the Application as

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired
Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific
Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC
(6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property
Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs
Road, Suite 300, Austin, Texas 78704.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application
or the Engagement Letter, as applicable.

**Exhibit C**; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Application having been provided to the proper parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other notice need be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Application is granted to the extent set forth herein.

2.       The Committee is authorized to retain Ducera as its investment banker in these chapter 11 cases effective as of January 10, 2023, on the terms and conditions set forth in the Engagement Letter, as modified by this Order.

3.       The Debtors are authorized to pay Ducera's fees and to reimburse Ducera for its reasonable costs and expenses, each as provided in the Engagement Letter, including the Monthly Advisory Fee and the Restructuring Fee, which are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  For the avoidance of doubt, Ducera shall be paid the Restructuring Fee upon consummation of a Restructuring, in each case subject to subsequent Court approval of any Restructuring Fee pursuant to Ducera's interim and/or final fee applications.

4.      Ducera's Monthly Advisory Fee shall be prorated for any month in which Ducera is not employed for each day of the month.

5.      Ducera shall file monthly statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable orders of the Court.  Ducera shall keep reasonably detailed time records in half-hour increments and shall not be required to keep time records on a "project category" basis or conform to any schedules of hourly rates, and will submit, with any interim or final fee application, together with the time records, a narrative summary of services rendered and will identify each professional rendering services and the total amount of compensation requested by Ducera.

6.      The fees and expenses payable to Ducera pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Ducera's compensation and expenses reimbursements under sections 330 and 331 of the Bankruptcy Code.

7.      The indemnification, contribution, and reimbursement provisions set forth in the Engagement Letter are approved, subject, during the pendency of these chapter 11 cases, to the following:

   a.      subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Ducera for any claims arising from, related to, or in connection with the services to be provided by Ducera as specified in the Engagement Letter, but not for any claim arising from, related to, or in

3

connection with Ducera's postpetition performance of any other services other than those in connection with the engagement, unless such postpetition services and indemnification therefore are approved by the Court; and

b.     the Debtors shall have no obligation to indemnify Ducera for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Ducera's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to Ducera's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith or fraud, and determined by the Court, after notice and a hearing, to be a claim or expense for which Ducera is not entitled to receive indemnity under the terms of the Application; and

c.     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Ducera believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, Ducera must file an application in the Court, and the Debtors may not pay any such amounts to Ducera before the entry of an order by the Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Ducera for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify Ducera.  All parties in interest shall retain the right to object to any application by Ducera for indemnification, contribution, or reimbursement.

8.     Ducera shall make reasonable efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

9.     To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Verost Declaration, and this Order, the terms of this Order shall govern.

10.     To the extent the Committee wishes to expand the scope of Ducera's services beyond those services set forth in or contemplated by the Engagement Letter or this Order (and as to which additional compensation would otherwise be payable), the Committee shall be required to seek further approval from the Court.  The Committee shall file notice of any proposed additional services and any underlying engagement agreement with the Court and serve such notice

4

on the U.S. Trustee, counsel for the Debtors, and any party requesting notice under Bankruptcy Rule 2002.  If no such party files an objection within fourteen days of the Committee filing such notice, such additional services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

11.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, Ducera shall (a) to the extent Ducera uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these chapter 11 cases, Ducera shall pass-through the cost of such Contractors to the Debtors at the same rate that Ducera pays the Contractors; (b) seek reimbursement for actual costs only; and (c) ensure that the Contractors are subject to the same conflicts checks as Ducera, including filing such disclosures as required by Bankruptcy Rule 2014 with the Court.

12.     In the event that, during the pendency of these chapter 11 cases, Ducera seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in Ducera's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys has been retained under section 327 of the Bankruptcy Code; *provided*, *however*, that Ducera shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of the Ducera's fee applications in these chapter 11 cases.

13.     Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.     The Committee and Ducera are authorized to take all action necessary to effectuate the relief granted in this Order.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2023
            Houston, Texas


_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Engagement Letter**

# Ducera

Ducera Partners LLC
11 Times Square
36th Floor
New York, NY 10036

p (212) 671-9700

DuceraPartners.com

January 12, 2023

**CONFIDENTIAL**

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Attention: Brett H. Miller

Ladies and Gentlemen:

This engagement letter (this "**Agreement**") confirms the understanding and agreement between Ducera Partners LLC ("**Ducera**") and the Official Committee of Unsecured Creditors (the "**Committee**," and each current or future member, a "**Member**") of Core Scientific Inc. and its affiliated debtors.  Core Scientific Inc. and all direct and indirect subsidiaries and their respective affiliates shall be referred to herein collectively as the "**Company**."

**Section 1.**     **Scope of Engagement and Services**.  During the Term (as defined herein), Ducera shall act as advisor to the Committee to provide the following strategic and financial advice for the purpose of assisting the Committee as set forth herein:

(a)     *General Advisory and Investment Banking Services; Restructuring Services*.[1]  If requested by the Committee, Ducera shall: (1) familiarize itself with the Company's business, operations, financial condition, and capital structure; (2) assist with the assessment of the Company's liquidity and uses of liquidity and with identifying potential sources of financing in connection with future transactions; (3) provide such other advisory and investment banking services as may be agreed upon by Ducera and the Committee; (4) analyze various Restructuring scenarios and the potential impact of these scenarios on the Existing Obligations of the Company and the recoveries of those stakeholders impacted by the Restructuring;[2] (5) provide financial

---

[1]     For purposes of this Agreement, the term "**Restructuring**" shall mean, collectively, any restructuring, reorganization, modification, rescheduling and/or recapitalization (whether or not pursuant to one or more proceedings voluntarily or involuntarily commenced under chapters 7 or 11 of title 11 of the United States Code, 11 U.S.C. 101–1532 (as amended, the "**Bankruptcy Code**") (or any similar law of another jurisdiction) or any cases converted thereto (the "**Bankruptcy Cases**" and the court having jurisdiction over such cases, the "**Bankruptcy Court**")) of the Company's Existing Obligations (as defined herein) that is achieved, without limitation, through:  (a) solicitation of material waivers and consents from the holders of Existing Obligations; (b) rescheduling of the maturities of Existing Obligations; (c) a change in interest rates, repurchase, settlement or forgiveness of Existing Obligations; (d) conversion of Existing Obligations into equity; (e) an exchange offer; (f) the issuance of new loans and/or securities, sale or disposition of assets (on a going concern basis, whether pursuant to one or more transactions), sale of debt or equity securities; (g) an amend-and-extend involving the issuance of new loans and/or securities in exchange for Existing Obligations (excluding, for the avoidance of doubt, any general forbearance granted by holders of Existing Obligations; (h) a going-concern sale of all, or substantially all, of the Company's assets pursuant to §363 of the Bankruptcy Code followed by a liquidation pursuant to a Chapter 11 plan of liquidation or Chapter 7 of the Bankruptcy Code; or (i) other interests or other similar transaction or series of transactions.

[2]     For purposes of this Agreement, the term "**Existing Obligations**" shall mean the material outstanding indebtedness of the Company including, but not limited to, bank debt, bond debt, asset back lending facilities, term loans, credit facilities, trade claims, leases (both on and off-balance sheet), pension obligations,

1

advice and assistance to the Committee in developing a Restructuring; (6) provide financial advice and assistance to the Committee in structuring any new securities to be issued by the Company in connection with a Restructuring; and (7) assist the Committee and/or participate in negotiations with the Company and entities or groups affected by the Restructuring.

(b)     To the fullest extent permitted by applicable laws and rules, work performed by Ducera as part of this engagement, including, without limitation, any communications with counsel and the Committee, and any advice, analysis or reports Ducera may prepare, shall be covered by attorney work-product doctrine, the attorney-client privilege, and all other applicable privileges, notwithstanding the obligations of the Company hereunder.  Any reports or analyses generated by Ducera is not the property of the Company, and such reports or analyses are property of the Committee.

**Section 2.     Compensation**.  Subject to **Section 8** hereof, in consideration of Ducera's services to the Committee pursuant to this Agreement, the Company agrees to pay Ducera:

(a)     A nonrefundable monthly cash fee of $150,000, due and payable of the 10th day of each month during the engagement (the "**Monthly Advisory Fee**") or as otherwise set forth in a Bankruptcy Court order.  The Monthly Advisory Fee shall commence as of the Effective Date (as defined herein) of this Agreement, and shall be due and payable until the earlier of: (1) the consummation of a Restructuring and (2) the termination of Ducera's services pursuant to this Agreement; *plus*;

(b)     A restructuring fee of $3,000,000, that shall be due and payable upon consummation of any Restructuring (the "**Restructuring Fee**").[3]

(c)     The Restructuring Fee shall be reduced by $75,000 for each and every month commencing three (3) months after commencement of the Monthly Advisory Fee (the "**Ducera Discount**"); *provided*, *however*, that the Ducera Discount shall only apply if any and all outstanding invoices have been paid before, or in connection with, the consummation of the Restructuring and shall be deducted from the Restructuring Fee.

(d)     The Committee and Ducera acknowledge and agree that (1) hours worked; (2) the results achieved; and (3) the ultimate benefit to the Committee of the work performed, in each case, in connection with this engagement, may be variable, and that the parties have taken such factors into account in setting the fees set forth in **Section 2**.  To the extent further services

---

litigation-related claims and obligations, other on and off balance sheet indebtedness, workers' compensation claims and obligations, and other liabilities.

[3]     For purposes of this Agreement, a Restructuring shall be deemed to have been consummated upon: (a) in the case of a bankruptcy court-approved Restructuring, the date that the applicable confirmed Chapter 11 plan of reorganization becomes effective in accordance with the terms and conditions thereof; or (b) the closing of the applicable transaction by which the Existing Obligations of the Company to the Committee are to be restructured or refinanced (including, for avoidance of doubt, a payment in full of the Existing Obligations); *provided*, that if a Restructuring is to be consummated through a sale or other disposition of all or substantially all of the assets or equity of the Company, the Restructuring will be deemed to have been consummated upon the closing of such sale.  *For avoidance of doubt*, the Restructuring Fee shall only be payable one time, whether during the Term or the Tail Period (as defined herein).

are requested by the Committee in connection with the Company, the Committee and Ducera agree to negotiate in good faith a reasonable scope of services and fee structure in connection with any such further services provided by Ducera, depending on the size, scope, and nature of the services to be provided.

(e)    *Notwithstanding anything contained herein*, the only source for payment of fees and expenses detailed in **Section 2** and **Section 3** hereof, expenses, indemnities, or other amounts arising under or related to this Agreement (including, without limitation, **Annex A**) shall be the Company, and the Company acknowledges and agrees that under no circumstances shall the Committee (including any Member thereof) or any of their respective affiliates or their or their affiliates' directors, managers, partners, stockholders, members, other equity holders, representatives, securityholders, agents or employees, as applicable (each of the foregoing, an "**Excluded Person**") have:  (x) any responsibility or obligation to pay, or to assist Ducera to collect, Ducera's fees, expenses, indemnities, or other charges in connection with the engagement absent any express written agreement; or, (y) any liability or payment obligations under, in connection with, or arising out of this Agreement or the engagement.

**Section 3.**    **Expenses and Payments**.  In addition to the fees set forth in **Section 2** hereof, the Company agrees upon request to promptly reimburse Ducera at cost for all reasonable and documented out-of-pocket expenses incurred in connection with the services provided to the Committee hereunder, including, but not limited to, reasonable and documented travel and transportation expenses, third party research and telecommunication expenses, printing costs, courier and other shipping and mailing costs as well as reasonable and documented expenses of Ducera's external legal counsel and other expenses incurred in performing Ducera's services hereunder during the Term (as defined below) on or after the Effective Date of this Agreement; *provided*, *however,* that this **Section 3** shall in no way affect the Company's obligations as set forth in **Annex A** hereto. All payments due under this Agreement (including under **Section 2** and **Section 3** hereof) shall be made in U.S. dollars in immediately available funds, free and clear of any set-off, claim, and applicable taxes (with appropriate gross-up for any taxes withheld).

**Section 4.**    **Information and Announcements**.

(a)    All communication arising from the engagement of Ducera by the Committee or any Member is subject to the attorney-client and work product privileges to the greatest extent possible under applicable law, and the parties hereto intend these communications to be subject to such privileges.  Such communication includes any reports, drafts, written evaluations, and analyses or other findings, summaries, or work papers that Ducera prepares or generates in connection with any services performed hereunder.  Ducera's advice hereunder is intended solely for the benefit and use of the Committee and counsel to assist counsel in rendering legal advice and performing legal services to the Committee, and such advice may not be used or relied upon for any other purpose or by any other person other than counsel and the Committee, including any other security holder, employee or creditor of the Company.  No advice rendered by Ducera, whether formal or informal, may be disclosed or described, in whole or in part, or otherwise referred to, without Ducera's prior written consent (not to be unreasonably withheld, conditioned, or delayed), *except*: (1) to counsel, the Committee, any Member and/or each of their respective affiliates, and/or each of their respective directors, officers, employees or agents, representatives, successors, or assigns; (2) to counsel's, the Committee' or any Member's other

3

professional advisors (who may not further disclose such information or use it in any way other than in connection with the services contemplated by this Agreement); or, (3) as Legally Required.[4]  In addition, the terms of this Agreement may not be disclosed or described, in whole or in part, or otherwise referred to without Ducera's prior written consent (not to be unreasonably withheld, conditioned, or delayed), *except*:  (x) to counsel, the Committee, any Member and/or each of their respective affiliates, and/or each of their respective directors, officers, employees or agents, representatives, successors, or assigns; (y) to counsel's, the Committee' or any Member's other professional advisors (who may not further disclose such information or use it in any way other than in connection with the services contemplated by this Agreement); or, (z) as Legally Required.  The Company shall be solely responsible for the accuracy and completeness of, and Ducera shall have no liability with respect to, any materials prepared or provided by the Company, and shall have no liability with respect to, any materials prepared or provided by counsel, the Committee or any Member that are required to be disclosed to third parties or submitted to a regulatory authority in connection with services contemplated by this Agreement.

(b)     Ducera shall keep confidential any non-public information of counsel, the Committee, and the Company made available to Ducera in connection with this Agreement for a period of eighteen (18) months from termination of this Agreement; *provided*, *however*, that such confidential information shall not include:  (i) any information already available to or in the possession of Ducera on a non-confidential basis prior to the date of its disclosure to Ducera by the Company or the Committee; (ii) any information that is or becomes generally available to the public without the breach of this **Section 4(b)** by Ducera; or (iii) any information which becomes available to Ducera on a non-confidential basis from a third-party who is not known by Ducera to be bound by a confidentiality obligation to maintain the confidentiality of such information; *provided*, *further*, that such confidential information may be disclosed:  (x) to Ducera's members, officers, managers, directors, employees, agents and advisors in connection with this Agreement who shall be informed of the confidential nature of the information and that such information is subject to a confidentiality agreement (and for whose breaches of such confidentiality Ducera shall be fully responsible); (y) to any person with the prior written consent (which consent shall not be unreasonably withheld, conditioned, or delayed) of counsel, the Committee, or the Company, as applicable, or (z) as Legally Required.

(c)     The Committee agrees that Ducera's services will be performed to assist counsel in providing legal advice to the Committee and as such all services performed by Ducera is intended to be and, to the extent provided by law, will be subject to the attorney-client privilege and attorney work product doctrine and any other applicable protection from disclosure. Accordingly, any (i) communications between counsel and Ducera, which may or may not include the Committee, any Member; (ii) work product, including notes, analyses, summaries, and other materials, created by Ducera; and (iii) other information or document that is provided by, or at the request of, counsel, including, without limitation, any information or document marked with "Privileged and Confidential" or "Attorney Work Product" or a substantially similar legend ((i),

---

[4]      For purposes of this Agreement, the term "**Legally Required**" shall mean as required by law, judicial authority, regulation, governmental agency, or other regulatory authority (including, without limitation, any stock exchange or self-regulatory organization), action, investigation or proceeding (including, without limitation, as part of any interrogatory, court order, subpoena, administrative proceeding, civil investigatory demand, in each case whether oral or written, or any other legal or regulatory process).

(ii), and (iii) collectively, "**Privileged Information**") shall be used by Ducera only for the purpose of this engagement and treated as privileged and confidential and shall not be disclosed unless the Committee consents in writing to the disclosure or it is finally judicially determined that any Privileged Information is not protected from disclosure.  In the event Ducera is Legally Required to disclose any of the Privileged Information, to the extent permitted by law, Ducera will:  (x) give the Committee prompt written notice (email to be sufficient) of such requirement with enough time prior to such disclosure to enable them to seek a protective order or other remedy (and if such an order is sought, then Ducera shall provide all reasonably requested assistance in obtaining such order) and, (y) consult with the Committee with respect to taking steps to resist or narrow the scope of such request, or to waive compliance, in whole or in part, with the terms of this Agreement.  In the event that such protective order or other remedy is not obtained, Ducera shall disclose only that portion of Privileged Information that it is Legally Required to disclose and shall use its reasonable efforts to ensure that all of the Privileged Information so disclosed will be accorded confidential treatment.

     **Section 5.**     **Terms and Conditions**.  Because Ducera will be acting as an independent contractor to the Committee in connection with this Agreement, and in consideration of the benefits that the Committee will receive from Ducera, the Committee and Ducera agree to the Terms and Conditions contained in **Annex A** (the "**Terms and Conditions**"), which **Annex A** is incorporated by reference into this Agreement and is an integral part hereof.

     **Section 6.**     **Acknowledgments and Waivers**.

     (a)     The Committee acknowledges and agrees that Ducera has been retained solely to act as financial advisor with respect to the services described under **Section 1** hereof, and that no fiduciary or agency relationship between the Committee on the one hand, and Ducera, on the other hand, has been created in respect of any transaction or Ducera's engagement hereunder, regardless of whether Ducera has advised or is advising counsel or the Committee.  In connection with the engagement, Ducera is acting as an independent contractor, with obligations owing solely to the Committee and not in any other capacity.  Except as expressly contemplated by the Terms and Conditions set forth in **Annex A**, neither the engagement nor this Agreement is intended to confer rights upon any persons not a party hereto (including security holders, employees or creditors of the Company, counsel, and the Committee).

     (b)     This Agreement shall be binding upon and inure to the benefit of the Committee, the Company, and Ducera and their respective successors and assigns.  No party hereto may assign, transfer or delegate any of its rights or obligations without the prior written consent of the other parties (such consent not to be unreasonably withheld, conditioned, or delayed).  If any term, provision, covenant or restriction herein (including the Terms and Conditions as set forth in **Annex A**) is held by a court of competent jurisdiction to be invalid, void or unenforceable or against public policy, the remainder of the terms, provisions and restrictions contained herein shall remain in full force and effect and shall in no way be modified or invalidated.

     (c)     Ducera and any affiliates and certain of their respective members, officers, managers, directors, and employees, as well as certain funds in which they may have financial interests, may from time-to-time acquire, hold or make direct or indirect investments in, or otherwise finance, a wide variety of companies, including parties that may constitute

counterparties to counsel, the Committee, or the Company.  In the event that Ducera becomes aware of any direct material investment or financing arrangement in a counterparty to a proposed transaction of Ducera or any of its employees (excluding any funds managed by third parties which are not known to have accumulated significant positions in securities issued by such counterparties), Ducera shall promptly inform the Committee of such investment or financing arrangement

(d)     Subject to **Section 6(c)** hereof, the Committee acknowledges and agrees that Ducera and its affiliates may be engaged in a broad range of transactions involving interests that are unrelated to and differ from those of counsel, the Committee, and the Company.  The Committee understands that Ducera is not undertaking to provide any legal, accounting, regulatory, compliance, or tax advice in connection with the engagement, and that Ducera's role in any due diligence shall be limited solely to performing such review as it deems advisable to support its own analysis and shall not be on behalf of or for the benefit of counsel or the Committee.

(e)     To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify and record information that identifies each entity or person that engages Ducera's services.  Pursuant to such requirement, Ducera may from time-to-time request copies of documents that would be necessary to comply with the foregoing federal law.

**Section 7.     Governing Law; Submission to Jurisdiction; Waiver of Jury Trial**.  All aspects of the relationship created by this Agreement and any other agreements relating to Ducera's engagement, and all claims and counterclaims arising out of or related to this engagement, shall be governed by and construed in accordance with the laws of the State of New York, applicable to contracts made and to be performed therein and, in connection therewith and as to disputes arising between Ducera, on the one hand, the Committee, or the Company, on the other hand, the parties hereto consent to the exclusive jurisdiction of the Bankruptcy Court.  *Notwithstanding the foregoing*, solely for purposes of enforcing the Company's obligations hereunder, the Company consents to personal jurisdiction, service and venue in any court proceeding in which any claim relating to or arising out of Ducera's engagement is brought by or against any Indemnified Person. DUCERA, THE COMMITTEE, AND THE COMPANY (ON THEIR OWN BEHALF AND, TO THE MAXIMUM EXTENT PERMITTED BY LAW, ON BEHALF OF THEIR RESPECTIVE SECURITY HOLDERS AND CREDITORS) EACH HEREBY AGREE TO WAIVE ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY CLAIM, COUNTERCLAIM OR ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT OR DUCERA'S ENGAGEMENT.

**Section 8.     Termination**.

(a)     Ducera's engagement hereunder shall commence upon the execution of this Agreement by Ducera and the Committee, and shall continue until the earlier of: (1) consummation of a Restructuring; or (2) termination by Ducera, or the Committee upon ten (10) days' prior written notice to the other parties (the "**Term**").

(b)      In the event of any termination of Ducera's engagement hereunder (other than (1) by Ducera; or (2) by the Committee based on actions taken, or failures to act, by Ducera in bad faith, gross negligence, willful misconduct, or conscious disregard of its duties which actions (x) are unremediated by Ducera within ten (10) business days after written notice from the Committee of its intention to terminate this Agreement on the basis of such actions or failure to act specifying in reasonable detail the basis for such termination; and (y) significantly adversely impact the Committee), Ducera shall continue to be entitled to the full amount of the fees set forth in **Section 2** (other than the Monthly Advisory Fee for any months after such termination) in the event that at any time prior to the expiration of Tail Period (as defined herein), the Company consummates a Restructuring.[5]

(c)      In the event of any termination of Ducera's engagement hereunder, any fees set forth in **Section 2** paid or due to be paid prior to termination shall remain the property of Ducera.   Except for the reasons set forth in **Section 8(b)(2)**, no termination of Ducera's engagement hereunder shall affect the Company's obligations pursuant to the Terms and Conditions or its obligations to reimburse Ducera for fees and expenses, payable or incurred in accordance with **Section 2** and/or **Section 3** prior to the termination of this Agreement, and the Terms and Conditions set forth in **Annex A** shall survive any termination of this Agreement.

**Section 9.      Entire Agreement; Amendments**.  This Agreement, including **Annex A**, constitutes the entire agreement amongst Ducera, and the Committee with respect to this engagement and supersedes all other oral and written representations, understandings or agreements relating to this engagement.  No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each party.

*              *              *

**[SIGNATURE PAGE FOLLOWS]**

---

[5]      For purposes of this Agreement, the term "**Tail Period**" shall mean any time prior to the expiration of twelve (12) months after any such termination.

We are pleased to accept the engagement and look forward to working with you.  Please confirm your agreement with the foregoing (including the attached Terms and Conditions) by signing each of the enclosed copies of this Agreement and returning to us one fully signed copy.

Very truly yours,

**DUCERA**:                    **DUCERA PARTNERS LLC**

By: _Adam W. Verost_
Name: Adam W. Verost
Title: Partner

Accepted, Agreed, and Effective as of
January 10, 2023 (the "**Effective Date**"):

**COMMITTEE**:                **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CORE SCIENTIFIC, INC. ET AL.**

By: _Patricia Trompeter_
Name: Patricia Trompeter
Title: CEO, Sphere 3D, in its capacity as a Committee member

8

## TERMS AND CONDITIONS - ANNEX A

In further consideration of the engagement of Ducera by the Committee pursuant to the Agreement to which these Terms and Conditions are attached, Ducera, the Committee, and the Company hereby agree that these Terms and Conditions shall be incorporated by reference into the Agreement and shall form an integral part thereof. Capitalized terms used but not defined below shall have the same meanings specified in the Agreement and any references to this Agreement or the engagement shall mean the Agreement together with these Terms and Conditions.

A.     In consideration of the benefits that the Company will receive from Ducera's advice to the Committee, the Company (but no Excluded Person) agrees to indemnify and hold harmless Ducera, its affiliates, the respective members, managers, directors, officers, partners, advisors, representatives, agents, and employees of Ducera and its affiliates, and any person controlling Ducera and its affiliates (collectively, "**Indemnified Persons**") from and against, and the Company agrees that no Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or its respective owners, parents, members, affiliates, security holders or creditors (in their respective capacities as such) for, any losses, claims, expenses (including reasonable and documented attorneys' fees), damages or liabilities (including actions or proceedings in respect thereof) (collectively, "**Losses**"):

(1)     Related to or arising out of (x) the Committee's, any Member's, and the Company's actions or failures to act (including statements or omissions made or information provided by the Company or the Committee, any Holder, or their respective agents) in connection with the engagement; or, (y) actions or failures to act by an Indemnified Person with the Committee's, any Member's, or the Company's consent or otherwise in reasonable reliance on the Committee's, any Member's or the Company's actions or failures to act in each case in connection with the engagement; or

(2)     Otherwise related to or arising out of the engagement under this Agreement, Ducera's performance thereof or any other services Ducera is asked to provide to the Committee pursuant to this Agreement (in each case, including activities prior to the date hereof), _except_ that this **Annex A(A)(2)** shall not apply to any Losses (nor shall the limitation of liability above apply) to the extent that they are finally determined by a court of competent jurisdiction to have resulted from primarily from the bad faith, gross negligence, or willful misconduct of an Indemnified Person.

B.     If such indemnification is for any reason not available (other than pursuant to situations covered by **Annex A(A)(2)**), or is insufficient to hold an Indemnified Person harmless, the Company agrees to contribute to the Losses for which such indemnification is unavailable or insufficient in such proportion as is appropriate to reflect the Relative Economic Interests (as defined herein) of the Company, on the one hand, and of Ducera, on the other hand, with respect to the engagement; or, if such allocation is determined by a court of competent jurisdiction to be unavailable, in such proportion as is appropriate to reflect other equitable considerations such as the relative fault of the Company on the one hand, and of Ducera on the other hand; _provided_,

*however*, that, to the extent permitted by applicable law, the Indemnified Persons shall not be responsible for Losses which in the aggregate exceed the amount of all fees actually received by Ducera from the Company in connection with the engagement except to the extent that such Losses are finally determined by a court of competent jurisdiction to have resulted from the bad faith, gross negligence, willful misconduct or fraud of an Indemnified Person.

C.      The "**Relative Economic Interests**" of the Company, on the one hand, and Ducera, on the other hand, with respect to the engagement shall be deemed to be in the same proportion as (1) the total value paid or proposed to be paid or received or proposed to be received by the Company pursuant to the engagement, whether or not consummated, bears to (2) all fees actually received by Ducera in connection with the engagement.  Without limiting the generality of the foregoing, in no event shall any Indemnified Person have any liability to the Company or any of its affiliates or security holders (in their respective capacities as such) for any consequential, special, exemplary or punitive damages arising out of the engagement or the performance thereof (other than such damages which the Company or any of its affiliates or security holders (in their respective capacities as such) is required to pay to a third party) except to the extent that such Losses are finally determined by a court of competent jurisdiction to have resulted from the bad faith, gross negligence, willful misconduct or fraud of an Indemnified Person.

D.      If any Indemnified Person becomes involved in any capacity in any action, claim, suit, investigation or proceeding, actual or threatened, brought by or against any person, including security holders of the Company or the Committee, in connection with or as a result of the engagement, the Company also agrees to reimburse such Indemnified Persons for their reasonable and documented expenses (including, without limitation, reasonable and documented legal fees and other costs and expenses of one counsel (unless otherwise provided herein) incurred in connection with investigating, preparing for and responding to third-party subpoenas or enforcing the engagement by one set of counsel and local counsel, as applicable) as such expenses are incurred; and, *provided*, *further*, that such party receiving reimbursement of expenses shall return any such reimbursements in the event that a court of competent jurisdiction finally determines that indemnification is unavailable in connection with situations covered by **Annex A(A)(2)**.

E.      Ducera shall not be liable for any settlement of any claim, action, suit, investigation or proceeding effected without its consent.  The Company will not, without Ducera's prior written consent (which consent shall not be unreasonably withheld, conditioned, or delayed), settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any claim, action, suit, investigation or proceeding in respect of which it is foreseeable that indemnification may be sought hereunder, whether or not an Indemnified Person is a party thereto, unless such settlement, compromise, consent or termination includes an unconditional release of each Indemnified Person from any liabilities arising out of such claim, action, suit, investigation or proceeding.  The Company will not permit any settlement or compromise to include, or consent to the entry of any judgment that includes, a statement as to, or an admission of fault, culpability or a failure to act by or on behalf of an Indemnified Person, without such Indemnified Person's prior written consent (which consent shall not be unreasonably withheld, conditioned, or delayed).

F.      The Company's obligations pursuant to these Terms and Conditions shall inure to the benefit of any successors, assigns, heirs, and personal representatives of each Indemnified Person and are in addition to any rights that each Indemnified Person may have at common law or

otherwise.

G.      Reasonably promptly after receipt by Ducera of notice of its involvement in any action, claim, suit, investigation or proceeding, Ducera shall, if a claim for indemnification in respect thereof is to be made against the Company under these Terms and Conditions, notify the Company in writing (which may be by electronic mail) of such involvement to the extent permitted by applicable laws and regulations.  Failure by Ducera to so notify the Company, if permitted by applicable laws and regulations, shall relieve the Company from the obligations to indemnify or otherwise to Ducera under these Terms and Conditions only to the extent that the Company suffers actual and material prejudice as a result of such failure or there is the loss of rights or defenses.  If any Indemnified Person shall be subject to any action or proceeding brought by a third party that is also brought against the Company, the Company, following its acknowledgment of its obligation to indemnify such Indemnified Person, shall be entitled to assume the defense of any such action or proceeding with counsel reasonably satisfactory to the Indemnified Person.  Upon assumption by the Company of the defense of any such action or proceeding, the Indemnified Person shall have the right to participate in such action or proceeding and to retain its own counsel (at the expense of the Indemnified Person), but the Company shall not be liable for any legal expenses of other counsel subsequently incurred by such Indemnified Person in connection with the defense thereof unless:  (1) the Company has agreed in writing to pay such fees and expenses; (2) the Company shall have failed to employ counsel reasonably satisfactory to the Indemnified Person in a timely manner; or, (3) the Indemnified Person shall have been advised by counsel that there are actual or potential conflicting interests between the Company and the Indemnified Person, including situations in which there are one or more legal defenses available to the Indemnified Person that are different from or additional to those available to the Company; _provided_, _however_, that the Company shall not, in connection with any one such action or proceeding or separate but substantially similar actions or proceedings arising out of the same general allegations, be liable for the fees and expenses of more than one separate firm of attorneys at any time for all Indemnified Persons including Ducera, _except_ to the extent that local counsel, in addition to its regular counsel, is required in order to effectively defend against such action or proceeding and _except_ as may be required pursuant to **Annex A(G)(3)**.

H.      The obligations of the parties hereto pursuant to these Terms and Conditions shall survive any expiration or Term of the Agreement or Ducera's engagement hereunder.

## Exhibit C

**Verost Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ADAM W. VEROST IN SUPPORT OF
APPLICATION FOR ENTRY OF ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF DUCERA PARTNERS
LLC AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 10, 2023**

I, Adam W. Verost, being duly sworn, state the following under penalty of perjury:

1.      I am a partner of Ducera Partners LLC ("Ducera"), a professional services firm with offices located at 11 Times Square, 36th Floor, New York, NY 10036.  I am duly authorized to execute this declaration on behalf of Ducera.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.[2]

2.      I submit this declaration in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of the debtors and their debtor affiliates (collectively, the "Debtors") seeking entry of an

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]     Certain of the disclosures set forth herein relate to matters within the knowledge of other professionals at Ducera and are based on information provided by them.

order authorizing the Committee to employ and retain Ducera as investment banker to the Committee, effective as of January 10, 2023, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code,[3] rules 2014 and 2016 of the Bankruptcy Rules, and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules.  On January 10, 2023, the Committee formally engaged Ducera to perform investment banking services in connection with these chapter 11 cases.

3.      Ducera is well-suited to act as the investment banker to the Committee in these chapter 11 cases.  Members of the Ducera team have significant experience and expertise in providing advice on restructurings.  Ducera's senior partners have collaborated for almost two decades and have worked on some of the nation's most complex and transformative transactions. Moreover, Ducera professionals have assisted and advised debtors, creditors, creditors' committees, bondholders, investors, and others in number bankruptcy proceedings, including: *See, e.g.*, (a) *In re Endo International plc, et al.*, Case No. 22-2549 (Bankr. S.D.N.Y); (b) *In re GBG USA Inc., et al.*, Case No. 21-11369 (Bankr. S.D.N.Y); (c) *In re Mallinckrodt plc et al.*, Case No. 20-12522 (Bankr. D. Del.); (d) *In re Superior Energy Services, Inc.,* Case No. 20-35812 (Bankr. S.D. Tex.); (e) *In re Remington Outdoor Co., Inc.,* Case No. 20-81688 (Bankr. N.D. Ala); (f) *In re Imerys Talc Am., Inc.,* Case No. 19-10289 (Bankr. D. Del.); (g) *In re Paniolo Cable Co., LLC,* Case No. 18-01319 (Bankr. D. Haw.); (h) *In re Specialty Retail Shops Holding Corp.,* Case No. 19-80064 (Bankr. D. Neb.); (i) *In re Sungevity,* Case No. 17-10561 (Bankr. D. Del.); (j) *In re Toys "R" Us, Inc.,* Case No. 17-034665 (Bankr E.D. Va.); (k) *In re Panda Temple Power, LLC,* Case No. 17-10839 (Bankr. D. Del.); (l) *In re Dacco Transmission Parts (NY), Inc.,* Case No. 16-13245 (Bankr. S.D.N.Y.); (m) *In re Hercules Offshore, Inc.,* Case No. 16-11385 (Bankr. D. Del.); (n) *In*

---

[3]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application or the Engagement Letter, as applicable.

*re Illinois Power Generating Co.,* Case No. 16-36326 (Bankr. S.D. Tex.); and (o) *In re Paragon Offshore PLC,* Case No. 16-10386 (Bankr. D. Del.).   Ducera has experience in a variety of industries, providing specialized advice on matters including, but not limited to, restructurings, mergers, acquisitions, capital structure advisory, and financings.

### PROFESSIONAL COMPENSATION

4.      Ducera has agreed to provide investment banking services to the Committee pursuant to the Engagement Letter, a copy of which is attached as **Exhibit B** to the Application.

5.      Notwithstanding anything in the Application to the contrary, Ducera shall, to the extent that it uses the services of independent contractors or subcontractors (the "Contractors") in these cases: (a) pass-through the cost of contractors to the Debtors at the same rate that Ducera pays the contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for Ducera; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

6.      The terms and conditions of the proposed retention were negotiated between the Committee and Ducera, and reflect the parties' mutual agreement as to the substantial efforts that will be required in this engagement.

7.      As discussed and agreed to with the Committee, for purposes of this engagement, and with respect to the services to be provided, Ducera will be entitled to receive as compensation for its services, fees, *plus* reimbursement of actual and necessary expenses incurred by Ducera. The fees consist of (a) a monthly advisory fee of $150,000 (the "Monthly Advisory Fee"), earned commencing as of January 10, 2023 and each subsequent month thereafter; and (b) a restructuring fee of $3,000,000, which shall be due and payable upon consummation of any Restructuring[4] (the

---

[4]     As set forth in the Engagement Letter, a "Restructuring" shall be deemed to have been consummated upon: (a) in the case of a bankruptcy court-approved Restructuring, the date that the applicable confirmed chapter 11 plan of

"Restructuring Fee"), provided that the Restructuring Fee shall be reduced by $75,000 for each and every month commencing three (3) months after the commencement of the Monthly Advisory Fee (the "Ducera Discount"), *provided*, *however*, that the Ducera Discount shall only apply if any and all outstanding invoices have been paid before, or in connection with the consummation of the Restructuring and shall be deducted from the Restructuring Fee.  Actual and necessary expenses include, among other things, travel and lodging expenses, business meals, costs of reproduction, research, communications, our legal counsel, any applicable sales or excise taxes or other direct expenses.

8.      Ducera intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable procedures and orders of the Court, as modified by any order of the Court approving the Application.

9.      No promises have been received by Ducera nor any member or employee thereof as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.  Except for internal agreements among the members, employees, and independent contractors of Ducera regarding the sharing of revenue or compensation, neither Ducera nor any of its members, employees or independent contractors has entered into an agreement or understanding to share compensation as described in Bankruptcy Rule 2016.

---

reorganization becomes effective in accordance with the terms and conditions thereof; or (b) the closing of the applicable transaction by which the Existing Obligations (as defined in the Engagement Letter) of the Debtors to the Committee are to be restructured or refinanced, *provided* that if a Restructuring is to be consummated through a sale or other disposition of all or substantially all of the assets or equity of the Debtors, the Restructuring will be deemed to have been consummated upon the closing of such sale.

## DUCERA'S DISINTERESTEDNESS

10.     In connection with Ducera's proposed retention by the Committee, Ducera undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested, or to hold or represent an interest adverse to the Debtors' estates.  The Debtors have provided Ducera with a list of potentially interested parties in these chapter 11 cases (collectively, the "Potential Parties in Interest"),[5] a copy of which is attached hereto as **Schedule 1**.[6]

11.     Ducera, together with its affiliates,[7] utilizes certain procedures (the "Ducera Firm Procedures") to determine if Ducera (or any affiliate thereof) has any conflicts or other relationships that might cause it not to be disinterested, or to hold or represent an interest adverse to the Debtors' estates.  In implementing the Ducera Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtors and to determine Ducera's relationship with the parties in interest identified by the Committee:

---

[5]     As may be necessary, Ducera will supplement this Declaration if it becomes aware of a relationship that may adversely affect Ducera's retention by the Committee in these chapter 11 cases or would otherwise require disclosure.

[6]     Ducera's inclusion of parties in **Schedule 1** is solely to disclose Ducera's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs on **Schedule 1** or has a claim or legal relationship to the Debtors of the nature described in **Schedule 1**.

[7]     Neither Ducera, nor any parent or subsidiary thereof, is a registered investment advisor (as defined by the Investment Advisors Act of 1940), an investment company (as defined by the Investment Company Act), a commodity pool operator (as defined by the Dodd-Frank Act), a commodity trading advisor (as defined by the Commodity Exchange Act of 1936), provides securities clearing, lending, research, or underwriting services, maintains customer or employee securities trading accounts, trades individual public securities, manages money for employees or outside investors, or maintains any non-discretionary trading accounts -- i.e., an account in which Ducera has trading or direction authority to pursue any individual (as opposed to money-market or other cash management) securities transactions.  Ducera Securities LLC (a subsidiary of Ducera LLC and affiliate of Ducera Partners LLC) is a FINRA-registered broker-dealer (CRD#: 269984) and is authorized "to provide merger and acquisition advisory services, including certain sell-side transactions, certain buy-side transactions, and certain financial restructuring transactions."  As with most diversified investment banking firms, in addition to its core advisory business, Ducera (either for its own account or for the account of its senior employees) has made passive investments in illiquid securities of privately held early-stage entities.  Ducera does not exercise control over these entities and the entities would not be deemed affiliates of Ducera.

(a)  Ducera requested and obtained from the Debtors extensive lists of the Potential Parties in Interest.  The lists of Potential Parties in Interest that Ducera reviewed are annexed hereto as **Schedule 1**.

(b)  Ducera then compared the names of each of the Potential Parties in Interest to the names in the master electronic database of Ducera's current and former clients (the "Client Database").  The Client Database generally includes the name of each client of Ducera, the name of each party that is or was known to be adverse to such client of Ducera in connection with the matter in which Ducera is representing such client, the name of each party that has, or has had, a substantial role with regard to the subject matter of Ducera's retention, and the names of the Ducera professionals who are or were primarily responsible for matters for such clients.

(c)  An email was issued to all partners and managing directors at Ducera requesting disclosure of information regarding: (i) any known personal connections between the respondent or Ducera on the one hand, and either the Potential Parties in Interest or the Debtors, on the other hand; (ii) any known connection or representation by the respondent or Ducera of any of the Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why Ducera may be unable to represent the Committee.

12.  As a result of the Ducera Firm Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, Ducera:

(a)  is not a creditor of the Debtors (including by reason of unpaid fees for prepetition services to the Committee) or an equity security holder of the Debtors;

(b)  is not and has not been, within two years before the date of the filing of the petition, a director, officer, or an employee of the Debtors; and

(c)  aside from this engagement, does not have any interest materially adverse to that of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

13.  As can be expected with respect to any professional services firm, Ducera provides services to many clients with interests in the Debtors' chapter 11 cases.  To the best of my knowledge, except as indicated below, Ducera's services for such clients do not relate to these chapter 11 cases.

- 6 -

14.     Further, as part of its diverse practice, Ducera appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties in interest in the Debtors' chapter 11 cases.  In addition, Ducera has performed in the past, and may perform in the future, advisory services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of which may be involved in these proceedings.  At times, Ducera is hired directly by attorneys and law firms to provide services for the benefit of one or more parties, some of whom may not be known to Ducera and/or may be parties in interest in these proceedings.  Also, persons that may become parties in interest in these chapter 11 cases, and persons that have business relationships with the Debtors, are competitors of the Debtors or that are customers of the Debtors, may be or may have been: (a) parties in interest in other bankruptcy cases where Ducera has acted or is currently acting as financial advisor or investment banker to the debtors or to other parties in interest; (b) affiliates and/or subsidiaries of or creditors of persons by whom Ducera may have been engaged, is currently engaged or may in the future be engaged; or (c) affiliates of or entities involved in matters wholly-unrelated to these chapter 11 cases where Ducera has acted or is currently acting as financial advisor or investment banker for creditors and/or steering committees.  Lastly, in the ordinary course of business, Ducera has relationships with financial advisors, legal advisors, and creditors that may be or may become involved in these chapter 11 cases.

15.     As a result of working in the investment banking, financial advisory, and restructuring industries, professionals at Ducera may have professional relationships with certain of the directors of the Debtors.  Ducera also has been engaged in the past, and may be engaged in the future, by entities whose boards include directors who are serving as directors of the Debtors.

16.     Based on the conflicts search conducted to date, to the best of my knowledge, neither I, Ducera, nor any partner or employee thereof, have any connection with the Debtors, their affiliates, creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed by the U.S. Trustee, or any bankruptcy judge currently serving on the United States Bankruptcy Court for the Southern District of Texas, except as disclosed or otherwise described herein.

17.     Ducera has not, does not, and will not, represent any individual or entity other than the Committee in these chapter 11 cases.

18.     As specifically set forth below and in the attached **Schedule 2**, Ducera has relationships with certain creditors and other parties in interest in ongoing matters unrelated to the Debtors and these chapter 11 cases.  None of the representations described herein are materially adverse to the interests of the estates.  Moreover, Ducera is not disqualified from acting as investment banker to the Committee merely because it represents certain of the Debtors' creditors or other parties in interest in matters unrelated to these chapter 11 cases.

19.     To the extent I discover any additional facts bearing on the matters described herein and required to be disclosed during the period of the Committee's retention of Ducera, I will supplement the information contained in this declaration.

20.     To the best of my knowledge, Ducera has not been retained to assist any entity or person other than the Committee on matters relating to, or in connection with, these chapter 11 cases.  If the Court approves the proposed employment of Ducera by the Committee, then Ducera will not accept any engagement or perform any services in these cases for any entity or person other than the Committee.  Ducera may, however, continue to provide professional services to, and engage in commercial or professional relationships with, entities or persons that may be

creditors of the Debtors in these cases; *provided, however*, that such services do not and will not relate to, or have any direct connection with, these chapter 11 cases.

21.     I am not related or connected to and, to the best of my knowledge, no other member, employee or contractor of Ducera is related or connected to any United States Bankruptcy Judge or District Judge for the Southern District of Texas, or the United States Trustee for the Southern District of Texas or to any employee in the offices thereof.

22.     The foregoing constitutes the statement of Ducera pursuant to sections 504 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 5002, and Bankruptcy Local Rule 2014-1.

23.     The foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: February 8, 2023

                      */s/ Adam W. Verost*
                      Adam W. Verost

## Schedule 1

**Potential Parties in Interest**

**Potential Parties in Interest**

**Debtors:**
Core Scientific Mining LLC
Core Scientific, Inc.
Core Scientific Acquired Mining LLC
Core Scientific Operating Company
Radar Relay, Inc.
Core Scientific Specialty Mining (Oklahoma)
    LLC
American Property Acquisition, LLC
Starboard Capital LLC
RADAR LLC
American Property Acquisitions I, LLC
American Property Acquisitions VII, LLC

**Debtors' Trade Names and Aliases (up to 8
years) (a/k/a, f/k/a, d/b/a):**
155 Palmer Lane, LLC
Blockcap, Inc.
Core Scientific Holdings Co.
Core Scientific, Inc.
GPU One Holdings, LLC
Mineco Holdings, Inc.
Power & Digital Infrastructure Acquisition
    Corp.
Radar Relay, LLC
XPDI

**Bank Accounts:**
Bank of America
City National Bank
Bremer Bank

**Bankruptcy Judges and Staff for Southern
    District of Texas:**
Judge David R. Jones
Judge Marvin Isgur
Judge Christopher M. Lopez
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Peter Bray
Jason Marchand
Albert Alonzo
Rosario Saldan
Christina Bryan
Melissa Morgan-Faircloth
LinhThu Do
Mario Rios
Yvonne Ho

Samantha Warda
Dena Hanovice Palermo
Carol Felchak
Jeannie Chavez
Sam S. Sheldon
Shannon Jones

**Bondholders/Noteholders/Indenture
Trustees:**
U.S. Bank National Association

**Clerk of the Court for Southern District of
    Texas:**
Darlene Hansen
Nathan Ochsner

**Contract Counterparties (includes patents
    and intellectual property)**
(See Significant Customers and Contract
    Counterparties)

**Current Officers and Directors:**
Carol Haines
Darin Feinstein
Denise Sterling
Jarvis Hollingsworth
Jeff Pratt
Jeff Taylor
Katharine ("Katy") Hall
Kneeland Youngblood
Krista Rhynard
Kyle Buckett
Lynn Burgener
Matthew Brown ("Matt")
Matthew Minnis ("Matt")
Michael Bros
Michael Levitt ("Mike")
Neal P. Goldman
Russell Cann
Steve Gitlin
Todd DuChene
Weston Adams

**Affiliation of Current Officers and Directors:**
Baylor Health Care System Foundation
California Institute of Technology (Caltech)
Diamond Offshore Drilling, Inc.
Kayne Anderson BDC, LLC

Kayne Anderson Capital Advisors, L.P.
Kayne Anderson Energy Infrastructure Fund
    Inc. (KYN)
Kayne Anderson NextGen Energy &
    Infrastructure Inc. (KMF)
Laredo Petroleum, Inc.
Mackay Shields, LLC
Mallinckrodt Pharmaceuticals
Memorial Hermann Hospital System
Och Ziff Capital Management, LP
Pledgeling Technologies
Prostate Cancer Foundation
Scientific Games Corporation
Southwestern Medical Foundation
Talos Energy, Inc.
Teacher Retirement System of Texas
The Council on Foreign Relations
The Music Acquisition Corp
TPG Pace Beneficial Finance Corporation I and
    II
Weatherford International

**Benefit Providers:**
   (Workers Compensation/ Pension Plans /Third
   Party Administrators)
Aetna
Aflac
Allstate Benefits
American Security and Protection Services LLC
Blue Cross Blue Shield CA
Blue Cross Blue Shield NC
BNY Mellon Bank
Chubb Personal Excess Liability Insurance
Citibank (Administered by PayFlex)
Delta Dental
Expensify Payments LLC
Farmers Group Select Home & Auto Insurance
Florida Blue
Globalization Partners Professional Services
Group Health Aetna
Guardian
Kaiser Permanente
MetLife
Optum Bank
Securitas Security Services USA, Inc.
TriNet - COBRA
TriNet HR III, LLC
Tufts
UnitedHealthcare ("UHC")
Vision Service Plan ("VSP")

**Debtors Professionals:**
AlixPartners LLP
Deloitte Tax LLP
Deloitte Financial Advisory Services LLP
PJT Partners LP
Marcum LLP
Scheef & Stone, LLP
Stretto, Inc.
Weil, Gotshal & Manges LLP

**Former Officers and Directors:**
Aber Whitcomb
Alan Curtis
Brandon Curtis
Brett Harrison
Brian Neville
Bryce Johnson
Caleb Tebbe
Christel Sice
Christy Barwick
Clark Swanson
Colin Crowell
Dan Christen
Devon Eldridge
George Kollitides
Harlin Dean
Kevin Turner
Larry Rudolph
Matthew Bishop
Michael Truzpek
Peter Dorrius
Peter J. Novak
Peter Sladic
Sharon Orlopp
Stacie Olivares

**Insurance/Insurance Broker/Insurance Provider/Surety Bonds:**
AmTrust
AON
Arch Specialty Ins. Co (via AmWins)
Ascot Syndicate No. 1414 (Ethos via AmWins)
Aspen Specialty Ins. Co (via AmWins)
AXIS Surplus Ins. Co (via Amwins)
Beazley (Lloyd's Syndicate 2623)
Beazley (Lloyd's Syndicate No. 2623 (Beazley
    UK)
Beazley Insurance Company
Berkley National Insurance Company
Berkley Prof Liability
Berkshire Hathaway Specialty Ins. Company

CAC Specialty
Columbia Casualty Company (CNA)
Endurance American Specialty Insurance
    Company (Sompo)
Federal Insurance Company (Chubb)
General Casualty Co of WI (QBE)
Harco National Insurance Company (360)
Hiscox Insurance Company
Kinsale Insurance Company (via Amwins)
Landmark American Insurance Company (RSUI
    via Amwins)
Lexington Insurance Company (AIG) via RT
    Specialty
Lexington Insurance Company (via Amwins)
Lloyd's Syndicate No. 2623 (Beazley UK)
National Union Fire Ins. Co of Pittsburgh (AIG)
Navigators Insurance Co (Hartford)
Obsidian Specialty Insurance Company (Orion
    via RT Specialty)
Pennsylvania Insurance Company (Applied via
    RT Specialty)
Policies Held by PEOs TriNet and Globalization
    Partners
QBE Insurance Corporation
Starr Indemnity & Liability Co
Swiss Re Corporate Solutions Capacity Ins.
    Corp (via Amwins)
The Princeton Excess & Surplus Lines Ins. Co
    (Munich Re via Amwins)
U.S. Customs and Border Protection
Vantage Risk Specialty Insurance Company (RT
    Specialty)
Wright National Flood Ins. Co (NFIP)
XL Specialty Ins. Co.

**Landlords and Parties to Leases:**
Cheryl Ogle & the Crystal Ogle Management
    Trust
City of Denton
Dalton-Whitfield Joint Development Authority
Elmington Property Management LLC
Elmington Property Mgmt. LLC - Monarch
    Apartments
Hannig Row Partnership
Hudson GRC LLC
Hurd Real Estate Associates
Jobe Ranch Family Limited Partnership, Lessor
    (11/15/2021)
Jobe Ranch Family Limited Partnership
Liberty Point Apartments
Minnkota Power Cooperative Inc.

Minnkota Power Cooperative, Lessor
    (Commercial Lease, Ground Lease)
Mobley Holdings LLC - Liberty Point
    Apartments
Monarch Apartment Homes
Ncredible Properties
Nodak Electric Cooperative
Nodak Electric Cooperative Inc.
Peerless Events & Tents LLC
SRPF A QR Riversouth LLC
The District
The Preserve at Spring Creek
Tien Yun Investments, LLC (dba TY Properties)
Worksmith, Inc.

**Lenders:**
1994 Steinfeld Family Trust
36th Street Capital
ACM ELF ST, LLC (Atalaya)
Amplify Transformational Data Sharing ETF
Anchorage Lending CA, LLC
Andrew Rosen 2004 Successor Insurance Trust
Apollo Centre Street Partnership, L.P.
Apollo Lincoln Fixed Income Fund, L.P.
Apollo Moultrie Credit Fund, L.P.
Apollo Tactical Value SPN Investments, L.P.
Arctos Credit, LLC
B. Riley Bridge Loan
B. Riley Commercial Capital, LLC
Bank of the West
Barings BDC, Inc.
Barings Capital Investment Corporation
Barings Private Credit Corp
Barkley Investments, LLC
Better Downtown Miami LLC
Birch Grove Strategies Master Fund LP
BlackRock Credit Alpha Master Fund L.P.
BlockFi
BlockFi A
BlockFi B
BlockFi Lending, LLC
Bremer Bank
BRF Finance Co., LLC
Brown Corporation
Cannon Investments LLC
Celsius Core LLC
Corbin Opportunity Fund, L.P.
Cryptonic Black, LLC
David Sarner
De Lage Landen Financial Services, Inc.
Dell Financial Services L.L.C.

3

Douglas Lipton
Ferro Investments Ltd.
FGK Investments Ltd.
Fidelity Capital Corp.
First Sun Investments, LLC
Frank Pollaro
FTF Diversified Holdings, LP
Galaxy Digital LP
Garic Limited
Genesis Global Capital, LLC
Genesis Global Capital, LLC #1
Greensledge Merchant Holdings, LLC
Gullane Capital Partners, LLC
Gullane Digital Asset Partners OP, LLC
Gullane Digital Asset Partners, LLC
HC NCBR Fund
Holliwood, LLC
Ibex Partners (Core) LP
ICG CoreSci Holdings, LP
Indigo Direct Lending, LLC
James Pulaski
Jason Capello
John Badger Quinn
John P. Joliet
JPAS - Credit LLC ("JPAS" is Jordan Park
    Access Solutions)
JPAS - Crypto Infrastructure-A S.P.
JSK Partnership LLC
Kensico Associates, L.P.
Kensico Offshore Fund Master, Ltd
KMR CS Holdings, LLC
Leon J. Simkins Non-Exempt Trust FBO
    Michael Simkins
Levbern Management LLC
Liberty Commercial Finance, LLC
Liberty Stonebriar
Marsico AXS CS LLC
Mass Mutual Barings
Massachusetts Mutual Life Insurance Company
Milos Core LLC
Monbanc Inc.
Neso Investment Group Ltd
North Mill Equipment Finance
North Star Leasing
Northdata Holdings Inc.
Novak
NYDIG
OIP SPV Core Scientific, LLC
Omega Interceptor Restricted Ltd
Pescadero Capital, LLC
Prime Alliance Bank

Richard Katz 2016 GST Trust
Robert Fedrock
Sabby Volatility Warrant Master Fund, Ltd.
SRPF A QR Riversouth LLC
Stonebriar Commercial Finance LLC
Stonebriar Finance Holdings LLC
SunnySide Consulting and Holdings, Inc.
TBC 222 LLC
Tech Finance Corporation
The Kimmel Family Foundation
The Michael O. Johnson Revocable Trust
The Obsidian Master Fund
The Sear Family 1996 Trust
The William R. Guthy Separate Property Trust
TJC3 LLC
Toyota Commercial Finance
Transatlantic Mobility Holdings II LLC
Trinity Capital Inc.
U.S. Bank National Association
VFS LLC
Vineet Agrawal
Wilmington Savings Fund Society, FSB
Wolfswood Holdings LLC
Wormser Family Partnership II, LP
Wormser Family Partnership 11, LP
XMS Core Convert Holdings LLC

**List of the Top 30 Unsecured Creditors:**
AAF International
Amazon Web Services Inc.
Bergstrom Electric
BRF Finance Co., LLC
CDW Direct
CES Corporation
Cherokee County Tax Collector
Cooley LLP
Dalton Utilities
DK Construction Company
Duke Energy
FlowTx
Gensler
Harper Construction Company, Inc.
Herc Rentals
Kentucky Department of Revenue
LiveView Technologies Inc.
Marshall County Sheriff
McDermott Will and Emery LLP
Moss Adams LLP
OP
Priority Power Management, LLC
Reed Wells Benson and Company

Securitas Security Services USA Inc.
Shell Energy Solutions
Sidley Austin LLP
Tenaska Power Services Co
Tenet Solutions
Trilogy LLC
U.S. Customs and Border Patrol

**List of the Creditors Holding the Top 100
Largest Unsecured Claims (Excluding
Insiders):**
A to Z pest Control and Services
AAF International
AccuForce HR Solutions LLC
Acme Tools
Altru Health System
Amazon Business
Amazon Web Services Inc.
American Paper and Twine Co
American Security and Protection Service LLC
AT&T
Averitt Express Inc.
Bearden Industrial Supply
Bergstrom Electric
BlockFi Lending LLC
C & W Facility Services, Inc.
C.H. Robinson Company, Inc.
Callahan Mechanical Contractors Inc.
Carolina Recycling & Consulting LLC
CES Corporation
Charter Communications, Inc. (dba Spectrum)
Cherokee County Tax Collector
City of Calvert City
Collier Electrical Service Inc.
ComputerShare Inc.
Condair Inc
Dakota Carrier Network
Data Sales Co Inc.
Delaware Secretary of State
DJNR Interactive LLC
DK Construction Company
Draffen Mart Inc.
EPB of Chattanooga
Equinix Inc.
Equipment Depot of Kentucky Inc.
Frontier Communications America Inc.
Gensler
Globalization Partners LLC
GreatAmerica Financial Services
Grubhub Holdings Inc.
Hannan Supply Company Inc.

Herc Rentals
IEWC Global Solutions
Interstate Welding and Steel Supply
J W Didado Electric LLC
Jackson Purchase Energy Corporation
Jacob John Novak
Kelly Services Inc.
Lattice
Lib Fin LLC
Lisa Ragan Customs Brokerage
Manpower
Marble Community Water System
Marnoy Interests Ltd.
Marshall County Sheriff
MassMutual Asset Finance LLC
Moss Adams LLP
Mountain Top Ice
Onyx Contractors Operations, LP
Optilink
Proctor Management
Reed Wells Benson and Company
Regional Disposal and Metal LLC
Resound Networks LLC
Ricks Rental Equipment
Robert Half Talent Solutions
Securitas Security Services USA Inc.
Slalom LLC
Snelling
Stonebriar Finance Holdings LLC
Supreme Fiber LLC
Technology Finance Corporation
Temps Plus of Paducah Inc.
Tenaska Colocation Services LLC
Tennessee Valley Authority
Truckload Connections, LLC
US Customs and Border Patrol
Waste Path Services LLC
Water Works C&R, LLC
XC Container LLC
ZetaMinusOne LLC

**List of 5 Largest Secured Claims:**
(See Significant Vendors/Suppliers)

**Litigation Counterparties/Litigation Pending
    Lawsuits (includes threatened litigation):**
Benjamin Thomison & Alpha Asic
Harlin Dean
Jonathan Barrett, et al.
LV net, Mizrahi et al.
McCarthy Buildings Companies, Inc.

Mei Pang
Sphere 3d
Stayfirst Branding Agency

**Non-Debtor Affiliates and Subsidiaries:**
Core Scientific Partners GP, LLC (SMLLC)
Core Scientific Partners, LP
CSP Advisors, LLC (SMLLC)
CSP Liquid Opportunities Fund, LP
CSP Liquid Opportunities GP, LP
CSP Liquid Opportunities Master Fund, LP
CSP Liquid Opportunities Offshore Fund
    (Exempted Ltd)
Team LLC
XPDI Sponsor LLC

**Non-Debtors Professionals:**
Arnold & Porter Kaye Scholer LLP
    (Counsel for Prepetition Secured Lenders)
Duane Morris LLP
Ducera Partners
    (Proposed as Investment Banker for the
    Official Committee of Unsecured Creditors)
Moelis & Company LLC
Paul Hastings LLP
    (Counsel for Ad Hoc Group of Secured
    Convertible Noteholders)
Skadden, Arps, Slate, Meagher & Flom LLP
    (Proposed Counsel for Ad Hoc Group of
    Equity Security Holders)
Sidley Austin LLP
    (Counsel of NYDIG ABL LLC)
Troutman Pepper Hamilton Sanders LLP
    (Counsel for Dalton Utilities)
Willkie Farr & Gallagher LLP
    (Proposed Counsel for the Official
    Committee of Unsecured Creditors)

**Official Committee of Unsecured Creditor**
    **Members and Professionals:**
Willkie Farr & Gallagher LLP
Ducera Partners
Dalton Utilities
Sphere 3D Corp.
BRF Finance Co., LLC (a B. Riley affiliate)

**Other Parties in Interest:**
(See Notice of Appearance Parties, and any
    other person or group appointed)

**Notice of Appearance Parties/Interested**
**Parties:**
36th Street Capital Partners, LLC
Barings BDC, Inc. (as prepetition secured
    lenders)
Barings Capital Investment Corporation (as
    prepetition secured lenders)
Barings Private Credit Corp. (as prepetition
    secured lenders)
BlockFi, Inc.
CEC Energy Services LLC
City of Denton
Dalton Utilities
GEM Mining 1, LLC
GEM Mining 2, LLC
GEM Mining 2B, LLC
GEM Mining 3, LLC
GEM Mining 4, LLC
Harper Construction Company, Inc.
Huband-Mantor Construction, Inc.
Humphrey & Associates, Inc.
Marnoy Interests, Ltd. d/b/a Office Pavilion, or
    Office Pavilion
MP2 Energy Texas, LLC d/b/a Shell Energy
    Solutions
NYDIG ABL LLC (f/k/a Arctos Credit, LLC)
    ("NYDIG")
Prime Alliance Bank, Inc.
Priority Power Management, LLC
Sphere 3D Corp.
SRPF A QR Riversouth LLC
Tenaska Power Services Co.
Travis County (TX)
Trinity Capital Inc.
U.S. Bank National Association (as Prepetition
    Note Agent and Collateral Agent)
Willkie Farr & Gallagher LLP (Proposed
    Counsel for the Official Committee of
    Unsecured Creditors)
Wingspire Equipment Finance, LLC

**Ordinary Course Professionals:**
Akin Gump Strauss Hauer & Feld LLP
Alston & Bird LLP
Andersen Tax LLC
Bitmain Technology Inc.
Blue Ridge Law & Policy, P.C.
Campbells Regulatory Services Limited
Carey Olson Services Cayman Limited
Cooley LLP
CrossCountry Consulting LLC

CSS Partners, LLC
Cypress Advocacy, LLC dba Mindset
Deloitte & Touche LLP
Deloitte Transactions and Business Analytics
    LLP
Ernst & Young LLP
Ernst & Young Product Sales LLC
Ernst and Young US LLP
Evercore Group LLC
Faegre Drinker Biddle and Reath LLP
Fishman Stewart PLLC
Frost, Brown Todd LLC
Gartner Inc.
Gasthalter and Co LP
Greenberg Traurig, LLP
Holland and Hart LLP
Horne, LLP
Ironclad, Inc.
Jackson Walker LLP
Kirkland and Ellis LLP
KPMG LLP
McDermott Will & Emery LLP
Mintz Group LLC
Morgan, Lewis & Bockius LLP
Moss Adams LLP
Murphy & Grantland, P.A.
NASDAQ Corporate Solutions, LLC
NAVEX Global, Inc.
Netgain Solutions, Inc.
Oracle America, Inc.
PricewaterhouseCoopers LLP
Prickett Jones and Elliott PA
Quinn Emanuel Urquhart & Sullivan, LLP
Registered Agent Solutions, Inc.
Resources Global Professionals
Richards Layton and Finger PA
Riverbend Consulting LLC
Rowlett Hill Collins LLP
Ryan & Associates
Ryan LLC
Sidley Austin LLP
Sitrick and Company
Snell & Wilmer
Sternhell Group
Williams & Connolly LLP
Workday, Inc.
Workiva Inc.
Zuckerman Gore Brandeis & Crossman, LLP

**Proposed Ad Hoc Group of Equity Security**
    **Holders and Professionals:**
Skadden, Arps, Slate, Meagher & Flom LLP
Custodian CSPB
Douglas Abrams
Eddie Griffin
Jay Deutsch
Lukasz Gottwald
Mark Beaven
The Rudolph Family Trust
Todd Deutsch
Two Trees Capital Limited BVI

**Other Secured Parties (Letters of Credit/**
    **Issuers of Letters of Credit):**
N/A

**Partnerships (if debtors is a partnership, its**
**general and limited partners):**
N/A

**Regulatory and Government:**
(See Taxing Authorities)
Environmental Protection Agency
Internal Revenue Service ("IRS")
Occupational Safety and Health Administration
Securities and Exchange Commission ("SEC")
U.S. Customs and Border Protection

**Secured Creditors:**
ABLe Communications, Inc.
ComNet Communications, LLC
Consolidated Electrical Distributors, Inc. dba
    Sun Valley Electric Supply
Coonrod Electric Co, LLC
Elliot Electric Supply, Inc.
Harper Construction
Housley Communications, Inc.
Huband Mantor Construction Inc.
Humprey & Associates, Inc.
LML Services dba FlowTx
McElroy Metal Mill, Inc. dba McElroy Metal
MK-Marlow Company, LLC
Morsco Supply LLC dba Morrison Supply
    Company
Network Cabling Services, Inc.
Priority Power
Summit Electric Supply
Sure Steel - Texas, LP
T&D Moravits & Co.
Texas AirSystems, LLC

Wesley-Thompson Hardware, Inc.

**<u>Significant Competitors</u>:**
Argo Blockchain PLC
Bitfarms Technologies Ltd.
    (fka Blockchain Mining Ltd.)
Cipher Mining Inc.
CleanSpark, Inc.
Greenidge Generation Holdings Inc.
Hive Blockchain Technologies Inc.
Hut 8 Mining Corp.
Iris Energy Ltd.
Marathon Digital Holdings, Inc.
Mawson Infrastructure Group Inc.
Riot Blockchain, Inc.

**<u>Significant Customers and Contract</u>**
**<u>Counterparties</u>:**
1277963 B.C. Ltd dba Bitfield
ADQ Financial Services LLC
Agricultural Scientific LLC
Aidant.ai
AJT Trading, LLC
Alloy Ventures Management LLC
Argo Innovation Labs Inc.
AsicXchange Team Inc.
Atlas Technology Group LLC
Bay Colony Law Center, LLC
Bay Online Media
Benjamin Rees
BEP 888, LLC
BEP 999, LLC
Bit Digital USA, Inc.
Bitmain Development Inc.
Bitmain Technologies Georgia Limited
Bitmaintech PTE LTD
Bizmatica Polska JSC
Block One Technology
Blockcap Inc.
Blockchain United Mining Services
Blockfusion Technologies
Blue Hills Co, LLC
Blue Torch Capital LP
Brent Jason Deboer
Burdy Technology Limited
BW Holdings, LLC
CAC Global LLC
CCP Credit Acquisition Holdings, L.L.C.
Celsius Mining LLC
Charles Aram
Chris Chiovitti Holdings Inc.

Clearly Leasing, LLC
Colin Jacobs
Colin Smith
Compass Mining, Inc.
Crypto Garden, Inc.
Cumulus Coin LLC
DCG Foundry LLC
Digifarm Technologies Limited
Dreams and Digital, LLC
DUS Management Inc.
Etcembly Ltd
EverData, LLC
EZ BlockChain LLC
Flourishing Field Limited
Gateway Korea Inc.
GEM Mining
Gilley Enterprises
Global Star Holding Co.
Goodrose 5009, Inc.
Gopher, LLC
GPU.ONE
Greg Pipho
Gryphon Digital Mining, Inc.
Henry Ho
Hewlett Packard Enterprise Company
Hockomock Mining Company
Horizon Kinetics
Icons8
Isoplex Inc.
Israel Garcia
Jacob McDaniel
JAM Mining Corp.
Kaboomracks, Inc.
Kalon Investments, LLC
Kristy-Leigh Minehan
Lake Parime USA Inc.
Leon Hadgis
LivePerson, Inc.
Lonestar Ole Git LLC
Luxor Technology Corp
Mark Bordcosh
Mineority Group
Mineority Group LLC
Mississippi Home Development
N9+, LLC
New Green Network LLC
NextEra Energy Capital Holdings
NFN8 Media, LLC
Nissan North America, Inc.
Nomura Corporate Funding Americas, LLC
North Georgia Data LLC

NVIDIA Corporation
Pete Abdo
Polyphase Capital, LLC
Poolin Technology Pte. Ltd.
Pure Storage, Inc.
Quandefi Opportunities LLC
Quantum Digital Network Assets, LLC
Richard Norman
Rio Verde Holdings Ltd
River Financial Inc.
RJW Digital Solutions
RME Black 100, LLC
RME Black 200, LLC
RME Black 88, LLC
Rodrigo Perusquia
RPM Balance, Inc.
Rudy Worrell
Savage.io
Seagen Inc.
Sensika Technologies OOD
Serge Marin
Socrates Roxas
Spring Mud LLC
Summit Crypto Mining Limited
Supplybit, LLC
Tansley Equipment Limited
Techshop Computers Ltd.
Teslawatt
The Allen Institute for Artificial Intelligence
Timeless Digital Corp.
T-Mobile USA, Inc.
Tomek Group, LLC
Tony Grijalva
TYMIF Coin Ventures, LLC
Union Jack, LLC
UnitX
US Digital Mining and Hosting Co., LLC
Vaerus Mining SPV2 LLC
VCV Power Mining Alpha LLC
William McCarter
*Certain Other Contract Counterparties of a
  Confidential Nature*

**Significant Shareholders (more than 5% of equity):**
Darin Feinstein
Michael J. Levitt
MPM Life LLC

**Significant Vendors/Suppliers:**
1872 Consulting LLC

2012Exxact Corporation
5Fastenation Inc.
5STAR5 INC
Abu Dhabi Ports Company PJSC – KIZAD
Accent Awnings Inc.
Adaptive Insights LLC
Advanced Business Equipment
Agility Logistics Corp
Agora NW LLC
AIM Summit FZE
Aircraft Services Group Inc.
Airflow Sciences Corporation
Alation, Inc.
Albacross Nordic AB
Alfa Internationals Logistics Inc.
Aliexpress
Alliance Funding Group
Allied Steel Buildings Inc.
Allstream
Alpha Miner LLC
Alpha Vertical Inc.
Alston and Bird LLP
Alteryx Inc.
American Registry for Internet Numbers Ltd
Americord
Ameri-Dedicated Inc.
Andrew Ferraro
Angel Bejarano Borrega
Aon Consulting Inc.
AON Risk Insurance Services West Inc.
Applied Scale Technology
ARIBA INC
Armstrong Moving Solutions San Antonio LLC
Arrow Exterminators
Arrowfish Consulting
Atlantic Trailer Leasing & Sales, LLC
Atlas Mining
Atrio Inc.
AvTech Capital LLC
Bandy Transport Company
Barnhart Crane and Rigging Co
Beacon Building Products
Bearcom
Belyea Company Inc.
Benton Electric Supply Inc.
Bernard Klopfer
Better IT Solutions LLC
Big Ass Fans
Bigbee Steel Buildings Inc.
Bigeye, Inc.
Bitmain Development Inc.

Bitmain Technologies Limited
Bitwave
Black Box Network Services Inc.
Blackline Safety Corp
Blackpearl Management and Human Resource
    Consulting LLC
Blakes Cassels and Graydon LLP
Blockchain Association
Blue Cross Blue Shield of Texas
Bring Light and Sound LLC
Broadridge ICS
BTC Media
Building Image Group, Inc.
Built In Inc.
Bureau Van Dijk Electronic Publishing Inc.
Business Wire Inc.
BWS Acoustics
Calloway County Board of Education
Calvert Cafe LLC
Calvert City Municipal Water and Sewer
Canaan Convey Co Ltd
Capital City Public Affairs LLC
Capxon Electronics Shenzhen Co Ltd
Carolina Utility Customers Association
Carpet Capital Fire Protection Inc.
Carpet Capital Multi-System Inc.
CCR Corp
CDW Direct
CDW Middle East FZ LLC
CenturyLink
Cesar Gomez Martin
CFS Containers
Chamber of Digital Commerce
Chapeau!
Cherokee County Health Department
Cherokee Well Drilling
Chroma System Solutions, Inc.
Chubb
Ciemat
CIOReview
Circular Technologies Inc.
Cision US Inc.
Citadel Securities Corp Solutions
City Electric Supply
City of Bellevue - Tax Division
Cleerline Technology Group LLC
Cloudflare Inc.
CNA Insurance
Cohen and Company LTD
Coin Center Inc.
Coinbase Inc.

Coindesk Inc.
Colo Properties Atlanta LLC
Color Scapes Landscaping, Inc.
Commercial Acoustics
Common Desk Austin LLC
Compensation Advisory Partners, LLC
Comware
ConGlobal Industries LLC
Consero Global Solutions LLC
Consilio LLC
Constellation New Energy, Inc.
Container Monster LLC
Convergint Technologies LLC
CoreWeave Inc.
Covert Chrysler Dodge Jeep Ram
Crescendo Collective LLC
Crestline Solutions LLC
Critical Components Inc.
Crystal Caverns Spring Water LLC
Cunningham Golf and Utility Vehicles
Cusip Global Services
D16 LLC
Dakota Fire Protection Inc.
Dalton Fence Company
Dalton Service Inc.
Databricks, Inc.
Datasite LLC
David Herrington
Davis Wright Tremaine LLP
Denton Chamber of Commerce Inc.
Dentons Canada LLP
DHL Express (USA) Inc.
DigiCert Inc.
Digi-key
Digital Asset Services Ltd
Digital London Ltd
Digital Mountain Inc.
Dillon Eldridge
Distributed Ledger Inc.
Dockery Auto Parts
Dockzilla Co
Docusign Inc.
Dongguan Fa Site Electronic Technology Co
    Ltd
Donnelley Financial Solutions
DSV Air and Sea Inc.
Eagle Promotions
Eaton Corporation
eCapital Advisors LLC
Elasticsearch Inc.
Electra Link Inc.

Electric Power Engineers Inc.
Electrical Com
Elite Electric Company LLC
Employer Solutions Resources LLC
Engineered Fluids, Inc.
EPIC ASIC Asia Limited
Equisolve Inc
ERI Economic Research Institute Inc.
Ernest Industries Inc.
Esteban LaSalle
EvoTek
Farm & Ranch Construction, LLC
Farming with Stephanie LLC
Fastenal Company
Federico Bohn
FedEx
Felker Construction Company Inc.
Fernando Manuel Sierra Pajuelo
Fidelity Investments Institutional Operations
    Company LLC
Financial Accounting Standards
    Board/Governmental Accounting Standards
    Board
FINRA
Fireblocks Inc.
First Insurance Funding
First National Capital LLC
First-Line Fire Extinguisher Company
Flexential Colorado Corp
FlowTx
ForensisGroup Inc.
Forks Landscaping LLC
Forum Communications Company
Foshan Dilue Supply Chain Mgmt. Co Ltd
Franchise Tax Board
Free Transportation LLC
FreightEx Logistics LLC
Frontline Shredding Inc.
Frost Brown Todd Attorneys LLC
FS.Com Inc.
FXSA
G.I. Joe Landscaping, LLC
Gagnon & Miceli Freight Inc.
Genesis Custody Limited
Gibson and Associates Inc.
Gilmore Kramer Co
GitHub Inc.
Glaze Supply Company Inc.
Goldstein and Lee PC
GoodHire
Goodway Group Inc.

Google LLC
Grand Forks Utility Billing
Great Sports Inc.
Greatland Corporation
Green Business Certification, Inc.
Greenhouse Software Inc.
GreensLedge Capital Markets LLC
Greyline Partners LLC
Griffin C Simerly
Guardian Life
Gustavo Melo Belfort
Hamin Kang
Hannig Row Partnership
Harper Construction Company, Inc.
Heapy
Hill and Wilkinson Construction Group Ltd
HM Tech LLC
Holland LLC
Holloway Updike and Bellen Inc.
HubSpot Inc.
Hudson Incentives Inc.
Hughes Electric Paint & Supplies
Human Rights Foundation
Hurricane Electric LLC
Hutchins Pallet Service, Inc.
Hutchison and Steffen PLLC
ICE Systems, Inc.
ICI Mechanical LLC
ICS Inc.
IDC Research Inc.
INE
Integrated Networking Technologies LLC
Integrity Door Solutions LLC
Intralinks, Inc.
Ironclad Inc.
Jackie L Bryan
Javier Lazaro Jareno
JBM Office Solutions
JCL Energy LLC
Joaquin Pablo Gonzalez
Jobot
John Furner
Jonathan Barrett 2012 Irrevocable Trust dated
    May 31 2012
Juan Jose Galan Lopez
K and E Lawn Service LLC
Katz Marshall and Banks LLP
Keith Larry Watkins
Kenco Material Handling Solutions LLC
Kentucky Cabinet for Economic Development
Kesco Air Inc.

Kilpatrick Townsend and Stockton LLP
King Ford
Kings Road RV Park LLC
Know Agency
KnowBe4 Inc.
Labor Finders
Lake Effect Traffic LLC
Lancaster Safety Consulting, Inc.
Landstar Ranger Inc.
Lane Powell PC
LANshack Com
Larry Ledford
Lenz LLC
Level 3 Communications LLC
LHC Capital Partners Inc.
LHH Recruitment Solutions
LinkedIn Corporation
LiveView Technologies Inc.
Lockton Insurance Brokers LLC
Logistica CryptoMining Repair LLC
LRN Corporation
Lukka Inc.
M & S Patterson, Inc.
Manley Four Little Pigs Inc.
Manning Land LLC
Marco Technologies LLC
Marshall County Battery and Golf Carts Inc.
Marshall County Tax Administrator
McMaster-Carr
MDSI Inc.
Mediant Communications Inc.
Megaport USA Inc.
Meridian Equipment Finance LLC
Michael Cruz
Microsoft Azure
Mike Darling Films
Miller Griffin and Marks PSC
Mindset
Mission Critical Facilities International, Inc.
MJDII Architects Inc.
MNP LLP
Mobile Modular Portable Storage
Monnit Corporation
Monoprice Inc.
M-RETS
MSC Industrial Supply Co.
Murphy and Grantland PA
Murtco Inc.
Muskogee City-County Port Authority
Mustache Creative Studio
Nancy C Sayers

Nanning Dinggao Tech Limited
National Association of Corp Directors
Neeraj Agrawal
Next Level Valet LLC
NextLevel
nference, Inc.
Nicolas Carter
Office of State Tax Commissioner
Oklahoma Gas and Electric Company
Oklahoma Tax Commission
Okta Inc.
Old Dominion Freight Line Inc.
Old Republic National Title Ins. Co
Omeir Cargo LLC
Oncor Electric Delivery Company LLC
Onestopmining Technologies Limited
Onin Staffing, LLC
OnlineComponents.com
Oracle Capital LLC
Orange Computers
ORGDEV Limited
Overhead Door Company of Clayton/Overhead
    Door Company of Tri State
Parker Lynch
Paulo Roberto Pereira de Souza Filho
Pax ADR LLC
Paycom Payroll LLC
PeopleReady Inc.
Pepsi MidAmerica
Petter Business Systems
Pioneer Abstract and Title Co of Muskogee Inc.
Plant Tours Communications Company
Platinum Platypus Inc.
Premier Fire and Security Inc.
Prime Mowing and Property Management LLC
Pure Water Technology of the Tri State Area
    LLC
Pye-Barker Fire and Safety LLC
Q4 Inc.
Quality Water Financial LLC
Quik Print of Austin Inc.
Rack and Shelving Consultants
Radiant PPC LLC
Raymond Pope
RBI USA Customs Services LLC
RC Ventures Inc.
Recycling Equipment Corporation
Red Moon 88 LLC
Reffett Associates
Regents Capital Corporation
Reliance Telephone Systems

Rezvani Mining LLC
Robson Forensic Inc.
Rockwell Automation Inc.
Roman Krasiuk
Ruric Inc.
SafetySkills LLC
SAGE Capital Investments, LLC
Salary.com LLC
Salesforce.com, Inc.
Say Technologies LLC
Scott Malewig
Sebastian Javier Marconi
Sharp Business Systems
Sharpertek
Shermco Industries, Inc.
Silver Fox Productions Inc.
Silverpeak Special Situations Lending LP
Slack Technologies LLC
Smartsheet Inc.
Smoky Mountain BBQ Company LLC
Solomon Corporation
Southeastern System Services Inc.
Southern Cargo LLC
Spectrum Business
SpectrumVoIP Inc.
Spotless Cleaning
Stafftax Financial LLC
Standby Service Solutions LLC
State of Tennessee Department of Revenue
Stone Tower Air LLC
Summit Energy Services Inc.
Summit Funding Group Inc.
Sunny Shah
Sunnyside Consulting and Holdings Inc.
SunValley Electric Supply
SuperAcme Technology Hong Kong LTD
Susan Oh Communications
Synopsys Inc
Synovus Bank
Tag Resources LLC
Tangent Energy Solutions Inc.
Tango Lima, LP
Tax Executives Institute Inc.
TDIndustries Inc.
Teague Nall and Perkins Inc.
Technijian Inc.
Technology Navigators LLC
TechSource Global LLC
Telecom Site Solutions LLC
Telfi LLC
Telles Global Consulting Inc.

Temps Plus Inc.
Tenaska Power Services Co
Tenet Solutions
Tennessee Valley Industrial Committee
Texas Blockchain Council
Texas Workforce Commission
The Coindad LLC
The Crown Restaurant
The MacLellan
The Specialty Company - TSC
The Treadstone Group Inc.
Thomson Reuters Tax and Accounting
    checkpoint
Thycotic Software LLC
Time Warner Cable
Top Imprint Limited
Tor Naerheim Brand Design LLC
Total Quality Logistics LLC
Tower Direct
Trace3 LLC
TRACS Manufacturing LLC
Tractor and Palm Inc.
Travis Asphalt
Triangle Enterprises, Inc.
Trilogy LLC
TriNet COBRA
Trinity Risk Solutions LLC
True North Data Solutions US Inc.
TXU Energy Retail Company LLC
TY Properties
U line
United Capital Partners
United Rentals North America Inc
United Rentals North America Inc.
University of California, San Diego
UPS Supply Chain Solutions Inc.
Upstate Containers LLC
Validus Power Corp
Vandco Equipment
VCheck Global LLC
Veriedge LLC
Veritext LLC
Vesco Toyota Lift
VMS Security Cloud Inc.
Volt Management Corp
Wachsman PR LLC
Waste Disposal Solutions Inc.
Waterlogic Americas LLC
Wells and West Inc.
WEX Health Inc.
Whitfield Electric Motor Sales & Service, Inc.

Whitney J Beauxis
Widseth Smith Nolting and Associates, Inc.
Williams Farm LLC
Williams Marston LLC
Wilson Built Fab Shop
Workplace Solutions Inc.
Young MFG Inc.
Zendesk Inc.
Zeus Mining Co Ltd
Zimney Foster PC
Ziply Fiber
Zoom Video Communications Inc.
ZoomInfo Technologies

**Taxing Authorities:**
Austin, TX Lease - existing office (Worksmith)
Austin, TX Lease - new office (Riversouth)
California Franchise Tax Board
Cedarvale, TX
Cherokee County Tax Collector (NC)
City of Calvert City (Calvert City, KY)
City of Denton, TX
Colorado Department of Revenue
Dalton-Whitfield Joint Development Authority;
    Carl Campbell, Executive Director
Eddie McGuire, Marshall County Sheriff
    (Benton, KY)
Georgia Department of Revenue
Internal Revenue Service
Jobe Ranch Family Limited Partnership, Lessor
    (11/15/2021)
Kentucky Department of Revenue
Kentucky State Treasurer
King County Assessor (Seattle, WA)
Marshall County (Kentucky) Department of
    Revenue
Minnkota Power Cooperative
ND Office of State Tax Commissioner
North Carolina Department of Revenue
North Dakota Department of Revenue
North Dakota Office of State Tax Commissioner
Oklahoma Department of Revenue
State of Delaware - Division of Corporations
Tennessee Department of Revenue
Tennessee Valley Authority - Economic
    Development - Thomas Buehler (Calvert
    City)
Texas Comptroller / Texas Comptroller - Sales
    & Use Tax
Travis County, TX (Austin, TX HQ)
US Customs and Border Protection

Ward County Assessor (TX)
Whitfield County Board of Assessors (Dalton,
    GA)

**U.S. Attorney's Office for Southern District
of Texas:**
Jennifer Lowery

**UCC Search Results/UCC Lien Search
Results:**
ACM ELF ST LLC
Anchorage Lending CA, LLC
Arctos Credit, LLC
Bank Financial
Barings BDC, Inc.
Barings Capital Investment Corporation
Barings Private Credit Corp.
BEAM Concrete Construction, Inc.
C T Corporation System, as Representative
Celsius Networks Lending LLC
CIT Bank, N.A.
CM TFS LLC
ComNet Communications, LLC
Consolidated Electrical Distributors, Inc. dba
    Sun Valley Electric Supply
Contech Construction
Contech, Inc.
Convergint Technologies LLC
Coonrod Electric Co, LLC
Corporation Service Company
Dell Financial Services L.L.C.
Elliot Electric Supply, Inc.
GARIC INC.
GARIC, INC.
Gaylor Electric, Inc. d/b/a Gaylor, Inc.
Graybar Electric Company Inc.
Graybar Electric Company, Inc.
Housley Communications, Inc.
Huband-Mantor Construction Inc.
Humphrey & Associates, Inc.
Humprey & Associates, Inc.
Imperial Fire Protection, LLC
Indigo Commercial Funding, LLC
LML Services dba FlowTx
Maddox Industrial Transformer LLC
MassMutual Asset Finance LLC
McCarthy Building Companies Inc.
McCarthy Building Companies, Inc.
McCorvey Sheet Metal Works, LP
McElroy Metal Mill, Inc. dba McElroy Metal
MK Marlow Company, LLC

Morsco Supply LLC dba Morrison Supply
    Company
Network Cabling Services, Inc.
North Mill Credit Trust
NYDIG ABL LLC
Power & Digital Infrastructure Corp.
Priority Power
Silverpeak Credit Partners LP, as Collateral
    Agent
Stonebriar Commercial Finance LLC
Stonebriar Finance Holdings LLC
Summit Electric Supply
Sure Steel - Texas, LP
T&D Moravits & Co.
TCF National Bank
Texas AirSystems, LLC
Toyota Industries Commercial Finance, Inc.
VFSOX, LLC
Way Mechanical
Wesley-Thompson Hardware, Inc.
XPDI Merger SUB, Inc.

**Unions:**
N/A

**United States Trustee and Staff for Southern
District of Texas:**
Alethea Caluza
Alicia Barcomb
Brian Henault
Christopher R. Travis
Christy Simmons
Clarissa Waxton
Glenn Otto
Gwen Smith
Ha Nguyen
Hector Duran
Ivette Gerhard
Jana Whitworth
Jayson B. Ruff
Kevin M. Epstein
Linda Motton
Luci Johnson-Davis
Millie Aponte Sall
Patricia Schmidt
S. Michele Cox
Stephen Statham
Steven Whitehurst
Valerie Goodwin
Yasmine Rivera

**Utility Providers/Utility Brokers:**
Alpha Waste
BalsamWest Fiber Net
Calvert City Hall (Kentucky)
Carolina Recycling
CenturyLink
Charter Communications, Inc. (dba Spectrum)
Cogent Communications
Countrywide Sanitation Co
Dakota Carrier Network
Dalton Utilities
Dellcom (Dell Telephone)
Denton Municipal Electric
Dialog Telecommunications
Digital Realty
Dobson Fiber
Duke Energy
Duke Energy Carolinas
Duke Energy Carolinas, LLC
Frontier Communications
GlobalGig
Internal/Resound Networks
Level 3 Communications LLC
Logix Fiber Networks
Lumen/CenturyLink
Marble Community
Murphy Electric Power Board
NODAK Electric Cooperative
Optilink
Regional Waste
Resound Networks
Shell Energy Solutions
Starlink
TanMar Rentals, LLC
Tennessee Valley Authority
Time Warner Cable
Windstream Communications
Xcel Energy, Inc.

## <u>SCHEDULE 2</u>

### Potential Connections or Related Parties

(a)   The State of California is a current client of Ducera in an unrelated advisory engagement in connection with the PG&E chapter 11 cases.

(b)   The California Public Utilities Commission (a/k/a the CPUC) and the Railroad Commission of Texas (a/k/a RCT) are current clients of Ducera in connection with unrelated utility securitizations.

(c)   Frontier Communications America Inc. and NextEra Energy Marketing, LLC are historical clients of Ducera in connection with unrelated advisory assignments.

(d)   DCG Foundry LLC, Genesis Global Capital, LLC #1, and Genesis Custody Limited are subsidiaries of an existing client of Ducera in connection with an unrelated advisory assignment.