**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) ) ) | Case No. 22-90341 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER (A) APPROVING PROTOCOL**
**FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED**
**CREDITORS AND (B) CLARIFYING DISCLOSURE OBLIGATIONS**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THE MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The Official Committee of Unsecured Creditors (the "Committee") of Core Scientific, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "Debtors"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

by and through its undersigned proposed counsel, hereby files this motion (the "Motion"), pursuant to sections 105(a), 107(b)(1), 1102(b)(3), and 1103(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), for entry of an order, substantially in the form of **Exhibit A** attached hereto (the "Proposed Order"), (a) approving the Creditor Information Protocol (as defined below) and (b) clarifying the Committee's disclosure obligations to the Debtors' unsecured creditors.

## BACKGROUND

1. The Debtors commenced these cases on December 21, 2022. The Debtors continue to operate their businesses and manage their assets and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

2. On January 9, 2023, the Office of the United States Trustee for the Southern District of Texas appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 256].[2] On February 3, 2023, the U.S. Trustee filed the *Notice of Appointment of Reconstituted Official Committee of Unsecured Creditors* [Docket No. 456]. The current members of the Committee are: (a) Dalton Utilities; (b) Sphere 3D Corp.; (c) MP2 Energy LLC d/b/a Shell Energy Solutions; and (d) Tenaska Power Services Company.

---

[2] The original members of the Committee were: (a) Dalton Utilities; (b) Sphere 3D Corp.; and (c) BRF Finance Co., LLC ("BRF"). Following the Committee's appointment, the Debtors selected an affiliate of BRF as its replacement debtor-in-possession financing lender. Thereafter, BRF resigned from the Committee.

## JURISDICTION

3. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105(a), 107(b)(1), 1102(b)(3), and 1103(c) of the Bankruptcy Code and Bankruptcy Rule 9018.

## RELIEF REQUESTED

4. Pursuant to section 1102(b)(3) of the Bankruptcy Code, an official committee must "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102 (b)(3)(A). However, the statute specifies neither how an official committee should comply with this obligation nor the nature and scope of the information it must provide to creditors.

5. Moreover, section 1102(b)(3) provides no guidance regarding whether, or to what extent, an official committee is obligated to disseminate confidential, proprietary or otherwise non-public information to which it necessarily becomes privy in pursuing its statutory duty to investigate "the acts, conduct, assets, liabilities, and financial information of the debtors, the operation of the debtors' business and desirability of the continuance of such business." 11 U.S.C. § 1103(c)(2). Thus, the lack of clarity in section 1102(b)(3) of the Bankruptcy Code raises significant issues regarding the interplay between an official committee's disclosure obligations and its confidentiality commitments.

6. Accordingly, by the Motion, the Committee seeks entry of an order: (a) approving the Creditor Information Protocol; (b) finding that, by complying with the Creditor

Information Protocol, the Committee, its members and, in each case, their respective agents, representatives, affiliates, partners, directors, officers, employees, counsel, and financial and other advisors (collectively, the "Committee Parties") will be in compliance with section 1102(b)(3) of the Bankruptcy Code; and (c) confirming that section 1102(b)(3)(A) of the Bankruptcy Code does not authorize or require the Committee (except as set forth in the Creditor Information Protocol) to provide access for any creditor to: (i) any confidential, proprietary, and/or other non-public information (whether oral, written or in any electronic or physical medium) received or held by the Committee Parties concerning the Debtors or these chapter 11 cases, the Committee, any other matter related or relevant to these chapter 11 cases, the formulation of one or more chapter 11 plans, or any adversary proceeding, contested matter or other litigation in these chapter 11 cases, whether provided (voluntarily or involuntarily) by or on behalf of the Debtors or by any third party or prepared by or for the Committee, (ii) any documents, information or other materials provided by the Debtors, the disclosure of which would violate the Committee's confidentiality obligations to the Debtors (including the confidentiality obligations set forth in the Committee's bylaws), or (iii) any other information if the effect of disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or any other privilege possessed by the Committee (collectively, the "Confidential Information"). To the extent a Committee member is under a disclosure obligation pursuant to, among other things, otherwise applicable law or rule, the relief requested seeks clarification that Confidential Information remains confidential and is not subject to such an obligation.

7.  To balance the need to maintain the confidentiality of the Confidential Information with the right of the Debtors' unsecured creditors to receive information regarding

- 4 -

these chapter 11 cases, the Committee proposes to establish the following protocol (the "Creditor Information Protocol"):

  A. The Committee will establish and maintain an electronic mail address for creditors to submit questions and comments.

  B. <u>Privileged and Confidential Information</u>.  The Committee (and any member of the Committee) shall not be required to disseminate to any Entity (as defined in section 101(15) of the Bankruptcy Code), without further order of the Court, Confidential Information, notwithstanding any law, rule, or disclosure obligation that would otherwise require the dissemination of such Confidential Information to an Entity. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

  C. <u>Information Obtained Through Discovery</u>.  Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to the Motion but, rather, by any order governing such discovery.  Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

  D. <u>Creditor Information Requests</u>.  If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall reasonably promptly provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed (i) pursuant to the terms of the Proposed Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and a hearing on such motion shall be noticed and scheduled.

E. If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested reasonably may impair the Debtors' business, no information will be disclosed unless the Court orders such disclosure after notice and a hearing.

F. To the extent that the Committee is required to provide or disclose Confidential Information, the Committee shall require any Requesting Creditor to enter into a confidentiality agreement reasonably acceptable to the Debtors and the Committee (a "Creditor Confidentiality Agreement"), and the Requesting Creditor shall enter into trading restrictions with respect to such Confidential Information and represent that such trading restrictions and any information-screening process complies with applicable securities laws and will reasonably protect the confidentiality of such information; provided, however, that neither the Committee nor the Debtor shall have any responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.

G. Release of Confidential Information of Third Parties. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "Demand") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand. To the extent, however, the Committee has agreed to receive certain information pursuant to a written confidentiality agreement, and the terms of such confidentiality agreement are more restrictive than this paragraph, the terms of the confidentiality agreement shall govern.

**BASIS FOR RELIEF REQUESTED**

8. As discussed above, section 1102(b)(3) of the Bankruptcy Code, while imposing certain disclosure obligations on the Committee, neither specifies how the Committee should comply with such obligations, nor clarifies the nature and extent of the information the Committee must disclose to the Debtors' unsecured creditors. Accordingly, the Committee respectfully submits that section 1102(b)(3) of the Bankruptcy Code is unclear and ambiguous. *See In re Refco Inc.*, 336 B.R. 187, 190 (Bankr. S.D.N.Y. 2006). The legislative history of section 1102 does not provide any further guidance and merely reiterates the statutory text. *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("[Section 1102(b)(3),] requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

9. This lack of clarity raises significant issues for the Committee regarding compliance with its statutory duties, while also honoring its commitment to protect the Confidential Information. Indeed, section 1102(b)(3) of the Bankruptcy Code could be read as requiring the Committee to (a) disclose all information requested by the Committee's constituency, irrespective of applicable state and federal securities laws, as well as its non-disclosure obligations (*see Refco*, 336 B.R. at 190 (stating that a broad reading arguably "impose[s] an obligation contrary to other applicable laws and the Committee's fiduciary duties and hamper[s] the Committee's performance under section 1103 of the Bankruptcy Code.")), and (b) impact the attorney-client and work-product privileges between the Committee and its counsel and other agents. *See Refco*, 336 B.R. at 197 (noting that "one should proceed cautiously concerning the disclosure of

information that could reasonably have the effect of waiving the attorney-client or other privilege ... notwithstanding Bankruptcy Code section 1102(b)(3).") (citing *Marcus v. Parker* (*In re Subpoena Duces Tecum*), 978 F.2d 1159, 1161 (9th Cir. 1992)).

10. Without the requested clarification, the Committee may be hampered in its statutory duties if the Debtors are hesitant to share Confidential Information—precisely the information the Committee requires to carry out its fiduciary obligations—for fear that the shared information may be disseminated to the members of the public. Moreover, without the requested relief, the Committee may be deterred from conducting its own independent investigations out of concern that its findings may have to be disseminated to inappropriate parties. These concerns could impede the Committee's efforts to maximize value ultimately available to unsecured creditors.

11. The Bankruptcy Code also requires a creditors' committee to "solicit and receive comments" from unsecured creditors (11 U.S.C. § 1102(b)(3)(B)), but does not establish a method for fulfilling such obligation. The Committee submits that its proposal to make an electronic mail address available to unsecured creditors provides a cost-effective and efficient method for the Committee to satisfy its obligation under section 1102(b)(3)(B) of the Bankruptcy Code.

12. The Court is empowered, under sections 105 and 107(b)(1) of the Bankruptcy Code, to clarify the Committee's obligations. Under section 105(a), the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Committee believes that the relief requested herein is necessary for the Committee to fulfill its statutory duties as contemplated by section 1103(c) of the Bankruptcy

Code. Further, under section 107(b)(1) of the Bankruptcy Code, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).[3] The application of this section is mandatory for the types of information specified therein, including, without limitation, trade secrets, or confidential research, development or commercial information. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("[I]f the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application"). The Committee respectfully submits that, under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Court is empowered to protect the Committee by restricting the dissemination of the Confidential Information.

13. Indeed, various courts in this circuit and other circuits have granted relief similar to that requested herein. *See, e.g., In re EP Energy Corp., et al.,* Case No. 19-35654 (Bankr. S.D. Tex. Feb. 5, 2020) [Docket No. 768]; *In re Sanchez Energy Corp., et al.,* Case No. 19-34508 (Bankr. S.D. Tex. Nov. 11, 2019) [Docket No. 590]; *In re Aceto Corp., et al.*, Case No. 19-13448 (Bankr. D. N.J. May 20, 2019) [Docket No. 559]; *In re iHeartMedia, Inc.*, Case No. 18-31274 (Bankr. S.D. Tex. May 15, 2018) [Docket No. 728]; *Cobalt International Energy, et al.*, Case No. 17-36709 (Bankr. S.D. Tex. Jan 11, 2018) [Docket No. 372]; *In re Buffet Partners, L.P.*, Case No. 14- 30699 (Bankr. N.D. Tex. April 30, 2014) [Docket No. 340]; *In re Key Fitness Products, L.P.*,

---

[3] Section 107(b)(1) of the Bankruptcy Code is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018.

Case No. 08-31790 (Bankr. N.D. Tex. June 9, 2008) [Docket No. 134]; *In re Nine West Holdings, Inc.*, Case No. 18-10947 (Bankr. S.D.N.Y. June 5, 2018) [Docket No. 353].

**WHEREFORE**, the Committee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   Houston, Texas
         February 8, 2023

    Respectfully Submitted,

    **WILLKIE FARR & GALLAGHER LLP**

    By:  /s/ *Jennifer J. Hardy*
    Jennifer J. Hardy (Texas Bar No. 24096068)
    600 Travis Street
    Houston, Texas 77002
    Telephone:  713-510-1700
    Facsimile:  713-510-1799
    Email:  jhardy2@willkie.com

    -and-

    Brett H. Miller (admitted *pro hac vice*)
    Todd M. Goren (admitted *pro hac vice*)
    James H. Burbage (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, New York 10019
    Telephone: 212-728-8000
    Facsimile: 212-728-8111
    Email: bmiller@willkie.com
          tgoren@willkie.com
          jburbage@willkie.com

    *Proposed Counsel for the Official Committee of Unsecured Creditors*

**Certificate Of Service**

I hereby certify that on February 8, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jennifer J. Hardy*
Jennifer J. Hardy

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (A) APPROVING PROTOCOL FOR**
**PROVIDING ACCESS TO INFORMATION TO UNSECURED**
**CREDITORS AND (B) CLARIFYING DISCLOSURE OBLIGATIONS**

Upon the *Motion of Official Committee of Unsecured Creditors for Entry of an Order (A) Approving Protocol for Providing Access to Information to Unsecured Creditors and (B) Clarifying Disclosure Obligations* (the "Motion"),[2] and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is granted as set forth herein.

2. Subject to paragraphs 4 through 10 hereof, in full satisfaction of the Committee's obligations to provide access to information for the Debtors' unsecured creditors in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

   i. The Committee will establish and maintain an electronic mail address for creditors to submit questions and comments.

   ii. <u>Privileged and Confidential Information</u>. The Committee (and any member of the Committee) shall not disseminate to any Entity (as defined in section 101(15) of the Bankruptcy Code), without further order of the Court, Confidential Information, notwithstanding any law, rule, or disclosure obligation that would otherwise require the dissemination of such Confidential Information to an Entity. In addition, the Committee shall not provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

   iii. <u>Information Obtained Through Discovery</u>. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

   iv. <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall reasonably promptly provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is

        unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and a hearing on such motion shall be noticed and scheduled.

v. <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand. To the extent, however, the Committee has agreed to receive certain information pursuant to a written confidentiality agreement, and the terms of such confidentiality agreement are more restrictive than this paragraph, the terms of the confidentiality agreement shall govern.

vi. If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested reasonably may impair the Debtors' business, no information will be disclosed unless the Court orders such disclosure after notice and a hearing. The determination that a Requesting Creditor is a competitor or prospective creditor is reviewable by the Court.

vii. To the extent that the Committee is required to provide or disclose Confidential Information in accordance with this Order, the Committee shall require any Requesting Creditor to enter into a confidentiality agreement reasonably acceptable to the Debtors and

the Committee (a "Creditor Confidentiality Agreement"), and the Requesting Creditor shall enter into trading restrictions with respect to such Confidential Information and represent that such trading restrictions and any information-screening process complies with applicable securities laws and will reasonably protect the confidentiality of such information; provided, however, that neither the Committee nor the Debtor shall have any responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.

3. The Committee Parties shall be deemed to be in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing the Creditor Information Protocol.

4. The Committee Parties shall not be required to disseminate to any creditor or any creditor's representative: (a) without further order of the Court, any Confidential Information; or (b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.

5. Any information received (formally or informally) by the Committee Parties from any entity or person in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery, as applicable.

6. Any documents, information or other materials provided by the Debtors that would be deemed confidential pursuant to the confidentiality agreement between the Debtors and the Committee shall be treated as "Confidential Information" for purposes of this Order; provided, however, that nothing in this Order affects or shall be deemed to affect the Committee's ability to dispute the status of such information as "Confidential Information."

7. The Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with the Debtors' general unsecured creditors and/or respond to their information requests, submitted by email or otherwise, on behalf of the Committee. Notwithstanding any possible construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its individual members, and its counsel and other advisors shall not be required or obligated to disseminate any Confidential Information.

8. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as long as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; provided, however, that the foregoing shall not preclude the right of any creditor to move the Court for an order requiring production of other or additional information, to the extent available.

9. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

10. For the avoidance of doubt, nothing in this Order shall affect the obligations of the Committee Parties under any agreements with the Debtors or other parties addressing the confidentiality or handling of any information, including the confidentiality section of the Committee's by-laws, whether such agreements are entered into before or after the entry of this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

**Signed:** _____

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**