IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., et al., | § | |
| | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the motion, dated January 17, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. ("**Core**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for authority to establish the Interim Compensation Procedures for professionals whose services are authorized by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals, and members of any statutory committee of creditors may seek interim compensation and/or reimbursement of expenses in accordance with the following Interim Compensation Procedures:

   (i) On or before the **last day of each month** following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "**Monthly Statement**"), by email or hand delivery, to the following parties:

   (a) the Debtors c/o Core Scientific, Inc., Attn: Todd DuChene, Esq. (tduchene@corescientific.com);

   (b) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, Attn: Ray C. Schrock, P.C., Ronit Berkovich, Esq., and Moshe Fink, Esq. (ray.schrock@weil.com, ronit.berkovich@weil.com, and moshe.fink@weil.com);

   (c) the Office of the United States Trustee for Region 7, Attn: Jayson Ruff & Alicia Barcomb (jayson.b.ruff@usdoj.gov and alicia.barcomb@usdoj.gov);

   (d) the attorneys for the Ad Hoc Noteholder Group, Paul Hastings LLP, 200 Park Avenue, New York, New York 10166 Attn: Kristopher M. Hansen and Sayan Bhattacharyya (krishansen@paulhastings.com and sayanbhattacharyya@paulhastings.com); and

   (e)  the attorneys for the Creditors' Committee, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York

3

       10019 Attn: James H. Burbage, Esq. and Joseph R. Brandt, Esq. (jburbage@willkie.com and jbrandt@willkie.com)

(collectively, the "**Fee Notice Parties**").

(ii)    Each Fee Notice Party shall have fourteen (14) days after delivery of a Monthly Statement to object to the requested fees and expenses in accordance with the procedures described in subparagraph (iii) below. Upon expiration of such 14-day period, the Debtors are authorized and directed to pay the Retained Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii)    If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within fourteen (14) days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "**Notice of Objection to Monthly Statement**") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within fourteen (14) days after delivery of the Notice of Objection to Monthly Statement (or such longer period as mutually agreed to by the Retained Professional and the objecting party), the objecting party shall file its objection (the "**Objection**") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Retained Professional (the "**Disputed Amount**"), or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the parties may request that the Court consider the Objection.

(iv)    Beginning with the period ending March 31, 2023, and at three month intervals thereafter (each, an "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Statements filed with the Court during such Interim Fee Period and prepared in accordance with the Interim

4

     Compensation Procedures. Interim Fee Applications shall be due forty-five (45) days or as soon as reasonably practicable thereafter, after the completion of the Interim Fee Period. Interim Fee Applications must include any information requested by the Court or required by the applicable Local Rules. Objections to the Interim Fee Applications must be filed no later than (21) days after service of an Interim Fee Application. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including March 31, 2023. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application, including any application for final allowance of compensation and reimbursement of expenses (a "**Final Fee Application**," and together with the Interim Fee Applications, the "**Applications**"), in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

 (v) The Debtors will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

 (vi) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Interim Compensation Procedures, unless otherwise ordered by the Court.

2. Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Statement nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the Final Fee Applications. All fees and expenses paid to Retained Professionals under the Interim Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

3. In each Interim Fee Application and the Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to any order entered in relation to the OCP

5

Motion, (collectively, the "**Required Professionals**") shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court and shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

4. Each Retained Professional shall not seek payment in a Final Fee Application for any amounts that such Retained Professional previously sought in a Monthly Fee Statement or Interim Fee Application and which such Retained Professional voluntarily waived or reduced to resolve formal or informal objections, or were disallowed by order of the Court.

5. The Retained Professionals shall serve the Monthly Statements on only the Fee Notice Parties and shall file the Applications with the Court. The Retained Professionals shall provide notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these cases.

6. All notices given in accordance with the Interim Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7. Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE