IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | (Emergency Hearing Requested) |
| | § | |

**EMERGENCY MOTION OF DEBTORS
FOR ENTRY OF A STIPULATED PROTECTIVE ORDER**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN THURSDAY, FEBRUARY 16, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1. By this Motion, the Debtors request an order pursuant to sections 105(a) and 107(b) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2004, 7026, 9014, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Rules**") and Federal Rule of Civil Procedure 26, substantially similar to the form attached as **Exhibit A** (the "**Stipulated Order**"), approving a stipulated agreement between the Debtors and the Creditor's Committee (as defined below) governing the discovery process and the treatment of confidential Discovery Material (as defined in the Stipulated Order). The Creditor's Committee has agreed to the terms of the Stipulated Order.

## Jurisdiction

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. Commencing on December 21, 2022 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary case under the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

5. On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

6. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions* (Docket No. 5) (the "**First Day Declaration**").[2]

## Relief Requested Should Be Granted

7. The Court has the power to grant the relief requested herein pursuant to section 105(a) of the Bankruptcy Code, which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *see also In re Oxford Mgmt.*, 4 F.3d 1329, 1333 (5th Cir. 1993) ("Section 105(a) authorizes a bankruptcy court to fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code").

8. Rule 26 of the Federal Rules of Civil Procedure (made applicable in bankruptcy by Rule 7026 of the Bankruptcy Rules) "grants the Court the discretion to issue protective orders that limit the extent and manner of discovery, in order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Campos v. Webb Cty. Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012) (quoting Fed. R. Civ. P. 26(c)(1)). The court has "wide latitude" to issue protective orders, including to forbid discovery, specify the terms for discovery, forbid inquiry into certain matters, or otherwise limit the scope of discovery to particular matters. *Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, 2009 WL 8541000, at *1 (W.D. Tex. Sept. 30, 2009)

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

(citing Fed. R. Civ. P. 26(c)(1)(A), (B) & (D)); *Mobility Workx, LLC v. Cellco P'ship*, 2019 U.S. Dist. LEXIS 213951, at *1–2 (E.D. Tex. June 4, 2019).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

11. The Debtors submit that information to be protected by the Stipulated Order falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Further, the Debtors and the Creditor's Committee have agreed to the terms of the Stipulated Order. The parties respectfully move the Court to enter the Stipulated Order.

**Reservation of Rights**

12. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any party-in-interest's rights to dispute such claim subsequently.

**Notice**

13. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d)

**No Previous Request**

14. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Stipulated Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 9, 2023
Houston, Texas

    /s/   *Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez @weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Theodore.Tsekerides@weil.com
        Moshe.Fink@weil.com

*Counsel for Debtors and
Debtors in Possession*

## Certificate of Service

I hereby certify that, on February 9, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                             /s/ *Alfredo R. Pérez*
                                             Alfredo R. Pérez