United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 10, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | **Chapter 11** |
|  | § |  |
| **CORE SCIENTIFIC, INC., et al.,** | § | **Case No. 22-90341 (DRJ)** |
|  | § |  |
| Debtors.[3] | § | **(Jointly Administered)** |
|  | § |  |

**STIPULATED PROTECTIVE ORDER**   (Docket No. 511)

This Stipulated Protective Order ("**Order**") is entered into by and among: (a) the debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"); (b) the Official Committee of Unsecured Creditors; and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto. Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "**Party**," and collectively as the "**Parties**."[4]  The Parties, by and through their respective attorneys of record, and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and with respect to any existing or future examination, contested matter or adversary proceeding, pursuant to Bankruptcy Rules 2004, 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "**Federal Rules**").

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[4] The designation of a "Party" is for purposes of reference in this Order only.

**Recitals**

WHEREAS, there are, or may be, judicial or other proceedings, including, but not limited to, investigations, contested matters, adversary proceedings, and other disputes (each a "**Dispute**" and, collectively, the "**Disputes**") arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in this Court (the "**Chapter 11 Cases**");

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests (collectively, "**Discovery Requests**") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"); and

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below) and to protect Discovery Material that a Party seeks to maintain as confidential, it is hereby stipulated and agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production of Discovery Material (as defined below):

**Scope of Order**

1.     This Order applies to all information, documents and things exchanged in or subject to discovery that is produced on or after December 21, 2022, by a Party (each a "**Producing Party**") to any other Party (each a "**Receiving Party**"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for

admission, responses to requests for admission, documents, information and things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "**Discovery Material**").

2.      This Order does not affect, amend or modify any existing confidentiality agreements, intercreditor agreements, committee by-laws, or protective orders or similar agreements applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.  Where this Order is in conflict with any existing confidentiality agreements, intercreditor agreements, committee by-laws, or protective orders or similar agreements applicable to any Producing Party and/or Receiving Party, the provision that provides the most confidentiality protection for Discovery Materials shall apply.

3.      For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Any Party or its counsel serving a subpoena or request upon a non-Party, which subpoena or request requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or request and instruct the non-Party recipient of such subpoena or request that he, she, or it may designate documents or testimony in a Dispute produced pursuant to such subpoena or request according to the provisions herein upon signing Exhibit A and agreeing to be bound by the terms of this Order.

**Designating Discovery Material**

5.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "**Designated Material**") in accordance with the following provisions:

(a)      Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)      Highly Confidential Material:  A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Highly Confidential Discovery Material that is of such a nature that a risk of competitive injury or a material risk to the Debtors' development of a plan of reorganization or emergence from chapter 11 would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by

its industry advisors, financial advisors, accounting advisors, experts or consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases, and only to the extent that the Producing Party reasonably believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted.

6.      <u>Manner of Designating Discovery Material</u>:  Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced.  Native file documents may be designated as "Confidential" or "Highly Confidential" by including such terms (or similar terms) in the file name thereof or on a slip sheet included in the production.  A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential."

7.      <u>Late Designation of Discovery Material</u>:  The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("**Redesignated Material**").  At such time, arrangement will be made for the destruction of the Redesignated Material or for the return to the Producing Party of all copies of the Redesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material.  Upon receipt of replacement copies of such Redesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Redesignated Material.  If requested by the Producing Party,

a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Redesignated Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party seeking to change the designation.

**<u>Use and Disclosure of Confidential or Highly Confidential Material</u>**

8.     <u>General Limitations on Use and Disclosure of All Discovery Material</u>:   All Discovery Material shall be used by the Receiving Parties solely for the purposes of a Dispute or the Chapter 11 Cases (including the Parties' consideration of any Dispute leading up to the commencement of any case or proceeding) and in any judicial proceedings wherein a claim arises out of the same transaction(s) or occurrence(s) involved in any Dispute, or relating to any Dispute or these Chapter 11 Cases and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

9.     <u>Confidential Material</u>:   Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

(a)     Debtors;

(b)     Debtors' creditors and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to any Dispute;

(c)     the Official Committee of Unsecured Creditors, including its members;

(d)     the U.S. Trustee;

(e)     any Party who has signed Exhibit A; and

(f)     any other persons specified in Paragraph 10 below.

10.     <u>Highly Confidential Material</u>:   Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

(a)     outside counsel and staff working under the express direction of such counsel, for:

  i.     Debtors;

  ii.    Debtors' creditors and other constituents that are signatories to this Order;

  iii.   the Official Committee of Unsecured Creditors, including its members;

  iv.    the U.S. Trustee; and

  v.     any Party who has signed Exhibit A;

(b)     industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases;

(c)     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)     any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

(e)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases;

(f)     court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;

(g)     the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

(h)     any mediators and their staffs retained in connection with a Dispute or these Chapter 11 Cases; and

(i)     any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11.     <u>Designated Material to be Disclosed Only in Accordance with Paragraphs 9 and 10</u>:  Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 10 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12.     <u>Prerequisite to Disclosure of Designated Material</u>:  Before any person or their representative identified in Paragraph 10(b) or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material.

13.     <u>Sealing of Designated Material Filed with or Submitted to Court</u>:  Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Judge.

14.     <u>Use of Discovery Material in Open Court</u>:  The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 24 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Party bears the burden of requesting relief from the Court.

**Depositions**

15.     <u>Deposition Testimony – Manner of Designation</u>:  In the case of depositions, if counsel for a Party or a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) Providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall

be given at the deposition or as soon as practical thereafter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel of record, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 19 below.  Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Confidential unless otherwise designated by counsel to any Party on the record at the deposition.

16.     <u>Designated Material Used as Exhibits During Depositions</u>:     Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.     <u>Witness Review of Deposition Testimony</u>:  Nothing herein shall preclude a witness from reviewing his or her deposition transcript and exhibits thereto.

18.     <u>Presence of Persons During Deposition Testimony</u>:  Anyone who wishes to attend a deposition must become a Party to this Order prior to such deposition.  When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

19.     <u>Responsibilities and Obligations of Court Reporters</u>:  In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.   If the deposition is recorded, the

18

recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

## **General Provisions**

20.     Unless otherwise agreed to by the Parties or ordered by the Court, all deadlines and time periods shall be computed pursuant to Bankruptcy Rule 9006.

21.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Material.  Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.     For purposes of this Order, "writing" shall include electronic mail.

23.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.     <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (a) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) immediately

19

notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.     <u>Manner of Objecting to Designated Material</u>:  If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute.  Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.  In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" designation, the Producing Party shall bear the burden of proof.

26.     <u>Timing of Objections to Designated Material</u>:  A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

27.     <u>Production of Privileged Discovery Material</u>:  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  If a Producing Party inadvertently produces a

document or other information that the Producing Party later discovers, in good faith, to be privileged or subject to other protection, such as work-product protection or common interest privilege, the production of that material shall not be deemed to constitute a waiver of any applicable privileges or protections.  In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party in writing and request the return or destruction of the produced material.  Within seven (7) days after receiving such notification, the Receiving Party shall return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.  Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its production.  Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall within seven (7) days notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.  Within five (5) days of the notification that such inadvertently produced privileged or protected material has been returned, destroyed, or deleted, the applicable Producing Parties shall produce a log with respect to such privileged or protected material.  A Receiving Party may notify the

applicable Producing Party of any objection to a claim of privilege or work-product protection with respect to such inadvertently produced privileged or protected material, and the parties shall resolve any such determination in accordance with Paragraph 28.

28.    <u>Challenging Privilege Determinations</u>:  The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto.  If, after review of the Producing Party's privilege log, the Receiving Party wishes to challenge one or more of the privilege designations made in the privilege log, the Parties shall promptly meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations.  If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court.  The Party asserting the privilege designation, bears the burden of justifying a privilege designation.  Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure.

29.    <u>Use of Non-Discovery Material</u>:  To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "**Non-Discovery Material**"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Dispute or the Chapter 11 Cases.

30.    <u>Obligations Following Conclusion of the Disputes</u>:  Within 90 days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy, including all appeals as to all Parties, all Parties and non-Parties shall, upon the request of the Producing Party, take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies thereof in the possession of any person, except that: counsel may retain for their records their work product and a copy of court filings, deposition transcripts, deposition recordings, deposition exhibits, expert reports, and exhibits introduced at any hearing; a Receiving Party may retain Discovery Material that is included in email communications, auto-archived, or "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes, provided that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

31.    <u>Continuing Applicability of Agreed Protective Order</u>:  The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy for any retained Discovery Material.  The final termination of the Disputes and the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

32.     Amendment of Agreed Protective Order:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

33.     Disclosure of Discovery Material in Other Proceedings:  Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall promptly notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

34.     Use of Discovery Material by Producing Party:  Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure will not waive the protections of this Order and, subject to Paragraph 28, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

35.     Obligations of Parties:  Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

36.     <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

37.     <u>Prior Agreements</u>:  The Parties agree that nothing herein shall affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, intercreditor agreements, or protective orders applicable to any Party or between and among any Parties to this Order that relate to documents or information exchanged prior to execution of this Order.

38.     <u>Enforcement</u>:  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

**IT IS SO STIPULATED:**


_/s/  Alfredo R. Pérez_____
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez @weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
         Ronit.Berkovich@weil.com
         Theodore.Tsekerides@weil.com
         Moshe.Fink@weil.com

*Counsel for Debtors and*
*Debtors in Possession*

_/s/  Jennifer J. Hardy_____
WILLKIE FARR & GALLAGHER LLP
Jennifer J. Hardy  (24096068)
600 Travis Street
Houston, TX 77002
Telephone: 713-510-1766
Email: jhardy2@willkie.com

-and-

WILLKIE FARR & GALLAGHER LLP
Brett Miller
Todd Goren
Jeffrey B. Korn
James C. Dugan
James H. Burbage
787 Seventh Avenue
New York, New York 10019
55 Hudson Yards
New York, NY 10001
Email:   bmiller@willkie.com
         tgoren@willkie.com
         jkorn@willkie.com
         jdugan@willkie.com
         jburbage@willkie.com

*Proposed Counsel For The Official*
*Committee of Unsecured Creditors*


THE FOREGOING STIPULATION IS SO ORDERED:


   **Signed:  February 10, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit A**

1.    My name is _____.

2.    I reside at _____.

3.    My present employer is _____.

4.    My present occupation or job title is _____.

5.    I have been engaged as _____ on behalf of

_____ in the preparation and conduct of *In re Core Scientific, Inc.,*

*et al.*, Case No. 22-90341 (DRJ).

6.    I declare under penalty of perjury that I have read and understand the terms of the

Stipulated Protective Order ("**Order**") that was issued by the United States Bankruptcy Court for

the Southern District of Texas in *In re Core Scientific, Inc., et al.*, Case No. 22-90341 (DRJ).  I

agree to comply with and be bound by all the provisions of the Order.  I agree that I will not use

Discovery Material for any purpose other than the Disputes and the Chapter 11 Cases, and will not

disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the

Order to receive Discovery Material.  By acknowledging these obligations under the Order, I

understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court

for the Southern District of Texas for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Order could subject me to punishment for contempt of

Court.

7.    I sign this statement

_____ on behalf of myself as an individual, or

_____ on behalf of the company identified in paragraph five of this Exhibit A.

By:_____ Executed on _____, 20___.

United States Bankruptcy Court
Southern District of Texas

In re:                                                                    Case No. 22-90341-drj

Core Scientific, Inc.                                                     Chapter 11
Official Committee of Unsecured Creditor
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4                        User: ADIuser                          Page 1 of 3
Date Rcvd: Feb 10, 2023                     Form ID: pdf002                        Total Noticed: 34

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 12, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | American Property Acquisition, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions I, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions VII, LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Core Scientific Acquired Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Operating Company, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Specialty Mining (Oklahoma) LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | RADAR LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Radar Relay, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Starboard Capital LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| aty | | Matthew Ray Brooks, Troutman Pepper Hamilton Sanders LLP, 875 Third Avenue, New York, NY 10022-6225 |
| cr | + | AmTrust North America, Inc. on behalf of Associate, c/o Maurice Wutscher LLP, 23611 Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| intp | + | Board of Directors of Core Scientific, Inc., c/o Peter C. Lewis, Scheef & Stone, L.L.P., 500 North Akard Street, Suite 2700, Dallas, TX 75201-3306 |
| intp | + | Condair Inc., c/o John S. Collins, Vorys, Sater, Seymour and Pease LLP, 909 Fannin, Suite 2700, Houston, TX 77010-1009 |
| cr | + | Dalton Utilities, Howley Law PLLC, 711 Louisiana Street, Ste. 1850, Houston, TX 77002-2790 |
| cr | + | GEM Mining 1, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2B, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 3, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 4, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | J.W. Didado Electric, LLC, c/o Leonard I. Pataki, Quanta Services, 4500 S. Garnett Road, Suite 100, Tulsa, OK 74146-5221 |
| cr | + | Maddox Industrial Transformer, LLC, c/o Mary M. Caskey, Esq., Haynsworth Sinkler Boyd, PA, PO Box 11889, Columbia, SC 29211-1889 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | NextEra Energy Resources, LAW/JB, 700 Universe Blvd., Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Pescadero Capital, LLC, Building LAW/JB, 700 Universe Blvd, Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |
| intp | + | U.S. Bank National Association, as Prepetition Not, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |
| cr | + | c/o James Bailey Esq Gaylor Electric, Inc., d/b/a, Bradley Arant Boult Cummings LLP, One Federal Place, 1819 5th Ave. N, Birmingham, AL 35203-2119 |

TOTAL: 30

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: beanland@mssattorneys.com | | |
| | | | Feb 10 2023 20:06:00 | BEAM Concrete Construction, Inc., c/o Misti L. Beanland, 8131 LBJ Freeway, Suite 700, Dallas, TX 75251-1352 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | | |
| | | | Feb 10 2023 20:06:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX |

| District/off: 0541-4 | User: ADIuser | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Feb 10, 2023 | Form ID: pdf002 | Total Noticed: 34 |

| | | | | |
|---|---|---|---|---|
| | | | | 75207-2328 |
| cr | | + Email/Text: schristianson@buchalter.com | | |
| | | | Feb 10 2023 20:05:00 | Oracle America, Inc., Buchalter PC, c/o Shawn M. Christianson, 425 Market St., Suite 2900, San Francisco, Ca 94105-2491 |
| cr | | + Email/Text: neil.orleans@judithwross.com | | |
| | | | Feb 10 2023 20:06:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |

TOTAL: 4

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 36th Street Capital Partners, LLC |
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Anchorage Lending CA, LLC |
| intp | | B. Riley Commercial Capital, LLC |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi Lending LLC |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |
| cr | | CEC Energy Services LLC |
| cr | | Celsius Mining, LLC |
| cr | | Charles Basil |
| cr | | City of Denton |
| cr | | Coonrod Electric Co. LLC |
| cr | | General Casualty Company of Wisconsin |
| intp | | Harper Construction Company, Inc. |
| cr | | Huband-Mantor Construction, Inc. |
| cr | | Humphrey & Associates, Inc. |
| cr | | MK Marlow Company, LLC |
| cr | | MP2 Energy Texas LLC d/b/a Shell Energy Solutions |
| cr | | Marnoy Interests, Ltd. d/b/a Office Pavilion |
| cr | | MassMutual Asset Finance, LLC |
| cr | | Mitch Edwards |
| cr | | NYDIG ABL LLC |
| crcm | | Official Committee of Unsecured Creditors |
| cr | | Prime Alliance Bank, Inc. |
| cr | | Priority Power Management, LLC |
| intp | | SRPF A QR Riversouth LLC |
| cr | | Sphere 3D Corp. |
| cr | | TOYOTA INDUSTRIES COMMERCIAL FINANCE INC. |
| cr | | Texas Capitalization Resource Group, Inc., 5201 Camp Bowie Blvd. Suite 200, Fort Worth |
| intp | | The Ad Hoc Equity Group |
| intp | | Trinity Capital Inc. |
| cr | | Wingspire Equipment Finance, LLC |

TOTAL: 35 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains**

District/off: 0541-4                        User: ADIuser                          Page 3 of 3
Date Rcvd: Feb 10, 2023                     Form ID: pdf002                        Total Noticed: 34

**the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 12, 2023                    Signature:        /s/Gustava Winters