IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**ORDER AUTHORIZING DEBTORS TO EMPLOY PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS EFFECTIVE AS OF PETITION DATE**

Upon the motion, dated January 17, 2023, (the "**Motion**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rules authorizing the Debtors to employ Ordinary Course Professionals effective as of the Petition Date without the submission of separate employment applications or the issuance of separate retention orders for each professional, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to employ the Ordinary Course Professionals listed on **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** annexed hereto in accordance with the following procedures (the "**Procedures**"), effective as of the Petition Date:

    (i) Each Ordinary Course Professional will provide the Debtors' attorneys, within 20 days after the later of the date (a) of entry of the Proposed Order or (b) on which the Ordinary Course Professional commences services for the Debtors, a declaration substantially in the form annexed as **Exhibit 4** to the Proposed Order (the "**OCP Declaration**") certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

    (ii) The Debtors' attorneys will file the OCP Declarations with the Court and serve a copy of each upon: (a) the United States Trustee for Region 7 (Attn: Jayson Ruff & Alicia Barcomb) (the "**U.S. Trustee**"); (b) counsel to the Creditors' Committee (Attn: James H. Burbage, Esq. and Joseph R. Brandt, Esq.); and (c) counsel to the Ad Hoc Noteholder Group (Attn: Kristopher M. Hansen and Sayan Bhattacharyya) (collectively, the "**Reviewing Partie**s").

    (iii) The Reviewing Parties will have 10 days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtors, the other Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

(iv) If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further order of the Court; *provided*, that if an objection is served by the Objection Deadline and such objection cannot be resolved within 21 days, the Debtors will schedule the matter for a hearing before the Court.

(v) The Debtors will be authorized to retain additional Ordinary Course Professionals throughout these chapter 11 cases; *provided*, that each additional Ordinary Course Professional shall file an OCP Declaration with the Court and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

(vi) Subject to the foregoing and the payment caps described below, the Debtors will be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the Proposed Order in the same manner as such Ordinary Course Professional was compensated and reimbursed before the Petition Date, without a prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices). The following limitations shall apply to the payment of fees and reimbursement of expenses:

- For each Ordinary Course Professional set forth on **Exhibit 1** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $250,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 1 Monthly Cap**") and $1,500,000 for the entire period in which these chapter 11 cases are pending, subject to further order of the Court (the "**Tier 1 Case Cap**"); and

- For each Ordinary Course Professional set forth on **Exhibit 2** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $100,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 2 Monthly Cap**") and may not exceed $500,000 for the entire period in which these chapter 11 cases are pending, subject to further order (the "**Tier 2 Case Cap**").

- For each Ordinary Course Professional set forth on **Exhibit 3** of the Proposed Order, fees, excluding costs and reimbursable expenses, shall not exceed $50,000 for each month on average over any three-month period on a rolling basis starting from the first full month after the Petition Date (the "**Tier 3 Monthly Cap**" and, collectively with the Tier 1 Monthly Cap and the Tier 2 Monthly Cap, the "**Monthly Caps**") and may not exceed $250,000 for the entire period in which these chapter 11 cases are pending, subject to further order (the "**Tier 3 Case Cap**" and, collectively with the Tier 1 Case Cap and the Tier 2 Case Cap, the "**Case Caps**").

(vii) The Debtors may increase a Monthly Cap or Case Cap for any Ordinary Course Professional with the consent (email sufficient) of the Reviewing Parties. Absent consent, the Debtors shall file a motion seeking Court authority to increase the Monthly Cap or Case Cap.

(viii) The Debtors may (a) add Ordinary Course Professionals to the lists of Ordinary Course Professionals set forth on **Exhibit 1**, **Exhibit 2** and **Exhibit 3** of the Proposed Order, and (b) re-designate Ordinary Course Professionals as set forth on **Exhibit 2** or **Exhibit 3** of the Proposed Order as "Tier 1" or "Tier 2" professionals with the consent of the Reviewing Parties. Notwithstanding any professional being designated as an Ordinary Course Professional on **Exhibit 1**, **Exhibit 2** or **Exhibit 3**, the Debtors may choose to file a separate application to employ any Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code in their discretion if the Debtors determine a separate retention application is advisable or appropriate.

(ix) To the extent an Ordinary Course Professional seeks compensation in excess of its applicable Monthly Cap and/or Case Cap (the "**Excess Fees**"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Reviewing Parties shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If no objection is filed after 14 days, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within 21 days, the Debtors will schedule the matter for a hearing before the Court.

(x) At three-month intervals during the pendency of these chapter 11 cases (each, a "**Quarter**"), beginning with the Quarter ending March 31, 2023, the Debtors will file with the Court and serve on the Reviewing Parties, no later than 30 days after the last day of such Quarter, a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as

compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter (c) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (d) a general description of the services rendered by that Ordinary Course Professional.

2. Entry of this Order and approval of the Procedures do not affect the Debtors' rights to (i) dispute any invoice submitted by an Ordinary Course Professional, (ii) reduce any invoice submitted by an Ordinary Course Professional that is not compliant with the Debtors' billing guidelines or policies, or (iii) retain additional Ordinary Course Professionals from time to time as the need arises, and the Debtors reserve all of their rights with respect thereto.

3. Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

4. All caps set forth in the Procedures are without prejudice to the Debtors' ability to request that the Court increase the terms of such caps at a later time.

5. The form of OCP Declaration is approved.

6. To the extent that any agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with services that are the subject of the Motion (each such agreement, an "**OCP Agreement**"), such indemnification provisions are approved, subject to the following modifications, applicable during the pendency of these cases:

    (i) The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

    (ii) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary

    Course Professional, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, fraud, self-dealing (if found to be applicable), bad faith, or breach of fiduciary duty (if any); (b) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re Thermadyne Holdings Corp., 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

(iii) If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these cases, or (b) the entry of an order closing these chapter 11 cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims

or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
       Houston, Texas

_____
HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Tier 1 Ordinary Course Professionals**

| Name | Address | General Description | Tier |
|---|---|---|---|
| Ernst & Young LLP | 920 Fifth Avenue, Suite 900, Seattle, WA 98104 | Tax & Accounting Services | Tier 1 |
| Marcum LLP | 777 S. Figueroa Street, Suite 2900, Los Angeles, CA 90017 | Accounting & Audit Services | Tier 1 |
| Morgan, Lewis & Bockius LLP | 1000 Louisiana Street, Suite 4000 Houston, TX 77002 | Legal Services | Tier 1 |
| Quinn Emanuel Urquhart & Sullivan, LLP | 51 Madison Avenue, 22nd Floor New York, NY 10010 | Legal Services | Tier 1 |

**Exhibit 2**

**Tier 2 Ordinary Course Professionals**

| Name | Address | General Description | Tier |
|---|---|---|---|
| Alston & Bird LLP | One Atlantic Center, 1201 W Peachtree St NE #4900, Atlanta, GA 30309 | Legal Services | Tier 2 |
| Andersen Tax LLC | 1200 Fifth Avenue, Suite 1600, Seattle, WA 98101 | Tax & Accounting Services | Tier 2 |
| Cherry Bekaert Advisory LLC | 222 Second Avenue South, Suite 1240 Nashville TN 37201 | Tax & Accounting Services | Tier 2 |
| Cooley LLP | 1299 Pennsylvania Avenue NW, Suite 700 Washington DC 20004-2400 | Legal Services | Tier 2 |
| CrossCountry Consulting LLC | 1600 Tysons Blvd, Suite 1100, Mclean, VA 22102 | Professional Services | Tier 2 |
| Frost, Brown Todd LLC | 20 F St NW Suite 850, Washington, DC 20001 | Tax & Accounting Services | Tier 2 |
| Horne, LLP | 661 Sunnybrook Road Suite 100 Ridgeland, Mississippi 39157 | Tax & Accounting Services | Tier 2 |
| KPMG LLP | 1918 Eighth Avenue, Suite 2900, Seattle, WA 98101 | Consulting, Professional, and Accounting, Services | Tier 2 |
| Williams & Connolly LLP | 680 Maine Avenue SW Washington DC 20024 | Legal Services | Tier 2 |

**Exhibit 3**

**Tier 3 Ordinary Course Professionals**

| Name | Address | General Description | Tier |
|---|---|---|---|
| Blue Ridge Law & Policy, P.C. | 888 17th Street, NW, Suite 810, Washington DC 20006 | Governmental and Regulatory Services | Tier 3 |
| Carey Olson Services Cayman Limited | P.O. Box 10008, Willow House, Cricket Square, Grand Cayman, KY1-1001, Cayman Islands | Legal Services | Tier 3 |
| Cypress Advocacy, LLC dba Mindset | 655 New York Ave, NW, Suite 820, Washington, DC 20001 | Professional Services | Tier 3 |
| Deloitte & Touche LLP | 695 Town Center Dr. Suite 1000. Costa Mesa, CA 92626 | Consulting, Accounting and Professional Services | Tier 3 |
| Fishman Stewart PLLC | 39533 Woodward Ave., Suite. 140, Bloomfield Hills, Michigan 48304 | Legal Services | Tier 3 |
| Jackson Walker LLP | 100 Congress Avenue, Suite 1100, Austin, TX 78701 | Legal Services | Tier 3 |
| Moss Adams LLP | 999 Third Avenue Suite 2800 Seattle, WA 98104-4057 | Tax & Accounting Services | Tier 3 |
| Murphy & Grantland, P.A. | 4406-B Forest Drive, PO Box 6648 Columbia SC 59206 | Legal Services | Tier 3 |
| PricewaterhouseCoopers LLP | 601 South Figueroa Street, Suite 900, Los Angeles, California 90017 | Tax & Accounting Services | Tier 3 |
| Ryan & Associates | Three Galleria Tower 13155 Noel Road Suite 100 Dallas, TX 75240-5090 | Tax & Accounting Services | Tier 3 |

| Name | Address | General Description | Tier |
|---|---|---|---|
| Snell & Wilmer | 3883 Howard Hughes Parkway Suite 1100, Las Vegas, NV 89169 | Legal Services | Tier 3 |
| Sternhell Group | 1201 New York NW, Suite 900, Washington, DC 20005 | Professional Services | Tier 3 |
| Zuckerman Gore Brandeis & Crossman, LLP | Eleven Times Square Fifteenth Floor New York, NY 10036 | Legal Services | Tier 3 |

**A.  <u>Exhibit 4</u>**

**B.  Ordinary Course Professional Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22- 90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.³ | § § § | Re:  Docket No. ___ |

**DECLARATION AND DISCLOSURE STATEMENT OF _____,
ON BEHALF OF _____**

I, _____, hereby declare, pursuant to section 1746 of title 28 of the United States Code:

1. I am a **[insert title]** of **[firm]** located at **[street, city, state, zip code**] (the "**Firm**").

2. Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide **[description of type of services]** services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of which may represent or

---

³ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

6

be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

      4. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

      5. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

      6. The Debtors owe the Firm $_____ for prepetition services.

      7. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____, 2023

By: _____