IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § | |

**MOTION OF DEBTORS FOR ORDER
(I) ESTABLISHING DEADLINES TO FILE PROOFS OF CLAIM AND
(II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1.  Pursuant to sections 105(a) 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 3003(c)(3), and 5005(a) of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors respectfully request entry of an order establishing deadlines for filing certain proofs of claim in these chapter 11 cases and approving the form and manner of notice thereof. The proposed deadlines (collectively, the "**Bar Dates**") are as follows:

a. **April 14, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**") as the deadline for each "person" (as defined in section 101(41) of the Bankruptcy Code), excluding governmental units ("**Governmental Units**") (as defined in section 101(27) of the Bankruptcy Code), to file a proof of claim (each, a "**Proof of Claim**") against the Debtors in respect of a prepetition "claim" (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code;

b. **June 19, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**") as the deadline for Governmental Units to file Proofs of Claim against any Debtor.

c. If the Debtors file an amendment (an "**Amendment**") to any of the Schedules (as defined below) and such Amendment (i) to reduce the undisputed, noncontingent, and liquidated amount of a claimant's claim; (ii) to change the nature or characterization of a claimant's claim; or (iii) to add a new claim with respect to a claimant to the Schedules, such claimant must file a Proof of Claim with respect to such amended claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) the date that is thirty (30) days after service of a notice on such affected claimant of the Amendment (the "**Amended Schedule Bar Date**"); and

d. Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) thirty (30) days after entry of any order authorizing the rejection of an executory contract or unexpired lease (the "**Rejection Bar Date**"), as the deadline to file a Proof of Claim relating to the Debtors' rejection of such executory contract or unexpired lease.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

3. The Debtors will cause their claims and noticing agent, Stretto, Inc. ("**Stretto**"), to serve notice of the Bar Dates, substantially in the form attached to the Proposed

Order as **Exhibit 1** (the "**Bar Date Notice**"), on all known persons and entities holding potential claims against the Debtors or their estates. Stretto will have five (5) business days following the entry of the Proposed Order to mail the Bar Date Notice.

4. In addition, although actual notice under the Bankruptcy Code need only be provided to known creditors, to avoid any dispute with respect to that issue as it relates to securities claims, the Debtors propose special procedures, as set forth herein, to provide actual notice to certain former securities holders. Constructive notice will also be provided by publication notice in the national edition of The Wall Street Journal and the Debtors intend to publish further provide publication notice in the local editions of the Austin American-Statesman, Odessa American, Pecos Enterprise, Denton Record Chronicle, Cherokee Scout, Dalton Daily Citizen, The Lake News, Grand Forks Herald, and Muskogee Phoenix, as well as other publications, as the Debtors deem appropriate.

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

8. On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of

Texas (the "**Local Rules**"). On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

9. On February 3, 2023, the Debtors filed the schedules of assets and liabilities and statements of financial affairs (Docket Nos. 461–482). On February 6, 2023, the Debtors filed the *Amended Schedules of Assets and Liabilities for Core Scientific Operating Company (Case No. 22-90343)* (Docket No. 490) and the *Amended Statement of Financial Affairs for Core Scientific Operating Company (Case No. 22-90343)* (Docket No. 491) (the schedules filed on February 3, 2023 and February 6, 2023 collectively, the "**Schedules**").

10. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Motions*, sworn to on December 21, 2022 (Docket No. 5) (the "**First Day Declaration**").

**Establishment of Bar Dates is Appropriate in the Chapter 11 Cases**

11. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides in relevant part: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Paragraph M.32 of the Procedures for Complex Cases in the Southern District of Texas establishes the default rule that a claimant must file a proof of claim in a chapter 11 case within ninety (90) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Bankruptcy Rule 2002(a)(7) generally provides that all parties-in-interest must receive twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign

4

address.  The Debtors propose to give creditors at least thirty (30) days' notice of the applicable Bar Date.  Therefore, creditors will have adequate time to review the Schedules and their own records and, if necessary, file a Proof of Claim.

12.     The Debtors require complete and accurate information regarding the nature, validity, amount, and status of all claims against the Debtors that will be asserted in the chapter 11 cases.  The Debtors seek to establish the Bar Dates to determine what claims may be asserted against them in addition to those listed in the Schedules.  For these reasons, the Bar Dates and the form and manner of notice proposed in this Motion are appropriate and should be approved.  Nevertheless, the Debtors request that they be permitted (but not required) to extend any of the Bar Dates on behalf of a requesting claimant, upon the Debtors' determination, in their reasonable business judgment and after consultation with the Creditors' Committee, that such extension is warranted or appropriate.

13.     **General Bar Date**.  The Debtors request that the Court establish a General Bar Date of **April 14, 2023 at 5:00 p.m. (prevailing Central Time)** for all persons and entities (excluding Governmental Units) holding prepetition potential claims against the Debtors or their estates that arose or are deemed to have arisen prior to the Petition Date, including secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.  The General Bar Date will ensure that potential creditors receive adequate notice of the deadlines for filing Proofs of Claim in these chapter 11 cases.

14.     **Governmental Bar Date**.  The Debtors request that the Court establish a Governmental Bar Date of **June 19, 2023 at 5:00 p.m. (prevailing Central Time)** for all Governmental Units entities holding potential claims against the Debtors or their estate.  The proposed Governmental Bar Date is at least 180 days from the Petition Date, as required under

section 502(b)(9)(A) of the Bankruptcy Code.  *See* 11 U.S.C. § 502(b)(9)(A) ("A claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide.").

15. The Governmental Bar Date applies to all Governmental Units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including Governmental Units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

16. **Amended Schedule Bar Date**. If the Debtors amend or supplement their Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim; (ii) to change the nature or characterization of a claim; or (iii) to add a new claim to the Schedules, the Debtors propose that the affected claimant be required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or prior to the Amended Schedule Bar Date.  Notwithstanding the foregoing, nothing contained herein will preclude the Debtors or any other party in interest from objecting to any claim, whether scheduled or filed, on any grounds.

17. **Rejection Bar Date**. The Debtors anticipate that certain persons or entities may assert claims in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code ("**Rejection Damages Claims**").  The Debtors request that the Court establish the Rejection Bar Date as the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) thirty (30) days after the entry an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease.

**Filing Proofs of Claim**

18.     Each Proof of Claim must substantially comply with Official Bankruptcy Form 410 including the tailored form attached to the Proposed Order as **Exhibit 2**. All Proofs of Claim must be *actually received* by Stretto no later than the applicable Bar Date, either by the claimant (i) submitting such Proof(s) of Claim electronically through Stretto, at https://cases.stretto.com/CoreScientific; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) delivering the original Proof(s) of Claim to Stretto by mail or hand delivery, at the following address:

| **Stretto Addresses for Receipt of Claims** |
|---|
| Core Scientific, Inc., et al. Claims Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |

19.     Proofs of Claim will be deemed filed when filing via PACER is completed or when actually received by Stretto. Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

**Evidence of Claim Validity and Amount**

20.     To the extent any Proof of Claim does not include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d), such Proof of Claim shall not constitute prima facie evidence of the validity and amount of such claim; provided that, if the applicable documentation has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the Proof of Claim. Moreover, if such documentation is

voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

### **Parties Not Required to File Proofs of Claim**

21. The Debtors propose that the following persons and entities ***not be required*** to file Proofs of Claim in these chapter 11 cases:

   a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

   b. any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

   c. any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

   d. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee or any other statutory committee pursuant to orders of this Court (or any member of such committee seeking reimbursement of expenses incurred in connection with carrying out the duties associated with serving on such committee) that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code but, in each case, solely to the extent of such administrative claim(s);

   e. any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

   f. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

   g. any person or entity holding an equity security interest in any Debtor, with regard to an equity interest solely on account of such current ownership; provided, however, that if such holder asserts a claim other than with respect to the current ownership of such equity security

8

      interest, including a claim relating to the purchase or sale of such equity interest, a Proof of Claim must be filed on or before the General Bar Date. For the avoidance of doubt, any person or entity holding an equity security interest in any Debtor does not need to file a Proof of Claim or Interest solely on account of such current ownership but does need to file a Proof of Claim if asserting a claim under applicable securities laws;

  h.  any Debtor asserting a claim against another Debtor;

  i.  any non-Debtor affiliate asserting a claim against a Debtor affiliate; and

  j.  any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

### Filing Claims Against Multiple Debtors

22. The Debtors also request that all persons and entities asserting claims against more than one Debtor be required to file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which their claim is asserted. Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of Proofs of Claim in these chapter 11 cases and will not be unduly burdensome on claimants. The Debtors also request, with respect to Proofs of Claim that list more than one Debtor, that the Debtors be authorized to treat such claim as filed only against the first listed Debtor.

23. As noted in the Debtors' chapter 11 petitions, the Debtors have gone through multiple name changes throughout the last eight years. The Bar Date Notice provides the following chart to assist persons and entities to determine which Debtor to file a claim against:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| Core Scientific Mining LLC | 92-1386971 | 22-90340 (DRJ) |
| Core Scientific, Inc.[2] | 86-1243837 | 22-90341 (DRJ) |

---

[2] The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

9

| | | |
|---|---|---|
| (f/k/a Power & Digital Infrastructure Acquisition Corp., XPDI and Core Scientific Holdings Co.) | | |
| Core Scientific Acquired Mining LLC (f/k/a Blockcap, Inc.) | 92-2226074 | 22-90342 (DRJ) |
| Core Scientific Operating Company (f/k/a Core Scientific, Inc.[3] and MineCo Holdings, Inc.) | 82-3805526 | 22-90343 (DRJ) |
| Radar Relay, Inc. (f/k/a Radar Relay, LLC) | 82-3430496 | 22-90344 (DRJ) |
| Core Scientific Specialty Mining (Oklahoma) LLC (f/k/a GPU One Holdings, LLC) | 84-5164327 | 22-90345 (DRJ) |
| American Property Acquisition, LLC | 82-5490825 | 22-90346 (DRJ) |
| Starboard Capital LLC | 36-4896677 | 22-90347 (DRJ) |
| RADAR, LLC | 84-4125106 | 22-90348 (DRJ) |
| American Property Acquisitions I, LLC (f/k/a 155 Palmer Lane, LLC.) | 82-5469717 | 22-90349 (DRJ) |
| American Property Acquisitions VII, LLC | 83-1663198 | 22-90350 (DRJ) |

**Effect of Failure to File Claim**

24. The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely Proof of Claim in the form and manner specified in the Proposed Order and that fails to do so on or before the applicable Bar Date shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting upon, or receiving distributions under, any chapter 11 plan in these cases.

**Proposed Procedures for Providing Notice
of Bar Dates and Procedures for Filing Claims**

25. The Debtors intend to provide notice of the Bar Dates by causing Stretto to mail a copy of the Bar Date Notice, together with a Proof of Claim form, via email, first-class United States mail, postage prepaid, or applicable foreign priority mail service to all known

---

[3] The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

persons and entities holding potential prepetition claims against the Debtors at least thirty (30) days prior to the General Bar Date.

26. Furthermore, the Debtors may provide notice of the General Bar Date to potential unknown creditors by causing a copy of the notice attached to the Proposed Order as **Exhibit 3** (the "**Publication Notice**") to be published in the national edition of The Wall Street Journal and in the local editions of the Austin American-Statesman, Odessa American, Pecos Enterprise, Denton Record Chronicle, Cherokee Scout, Dalton Daily Citizen, The Lake News, Grand Forks Herald, and Muskogee Phoenix, as well as other publications, as the Debtors deem appropriate.

27. In addition, although actual notice under the Bankruptcy Code need only be provided to known creditors, to avoid any dispute with respect to that issue as it relates to securities claims, within three (3) business days of the entry of the Proposed Order, the Debtors shall cause to be mailed (i) a Proof of Claim form and (ii) the Bar Date Notice, to the banks, brokers, and financial institutions (or their agents) that might have purchased equity securities in "street name" on behalf of the underlying beneficial owners of those equity securities during the period from January 3, 2022 and December 21, 2022 inclusive (collectively, including their agents, the "**Nominees**"). With their mailing, the Debtors shall include instructions to the Nominees concerning the requirements in subparagraphs (a)–(d) below. Additionally, upon the filing of this Motion, the Debtors will provide the Nominees advance notice of the below proposed procedures so that they may begin the research necessary to contact the former beneficial holders.

    a. Such Nominees shall either: (i) within seven (7) calendar days of receipt of the Bar Date Notice and the Proof of Claim Form, request from the Debtors sufficient copies of the notice and claim form to forward to all such beneficial owners and within seven (7) calendar days of receipt of those notices and claim forms forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Bar Date Notice and the

    Proof of Claim form, provide a list of the names and addresses of all such beneficial owners to the Debtors and the Debtors shall send the notices and claim forms promptly to such identified beneficial owners.

  b. Nominees that elect to send the Bar Date Notice and the Proof of Claim form to their beneficial owners shall also send a statement to the Debtors and Stretto confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in these chapter 11 cases.

  c. If it is the Nominee's customary and accepted practice to forward such materials to beneficial owners by e-mail, e-delivery, or any other method of electronic or printed communication, the Nominees are authorized to follow those customary practices, within seven (7) calendar days of receipt of the materials, in lieu of sending actual printed copies of the Proof of Claim form and the Bar Date Notice.

  d. Within seven (7) calendar days of forwarding such notice, the Nominees may request reimbursement for reasonable and documented noticing costs and research fees, if any, by making such request in writing to the Debtors at the address to be provided by Stretto to the Nominees.

28. Furthermore, within five (5) business days of the entry of the Proposed Order, the Debtors will cause a copy of the Bar Date Notice and Proof of Claim form to be filed on the docket of the class action pending in the Western District of Texas, Austin Division, styled as *Mei Pang v. Core Scientific, Inc., Michael Levitt, Michael Trzupek, and Denise Sterling*, Case No. 1:22-cv-01191-LY.

## Relief Requested Should Be Granted

29. The Bar Date Notice and the Publication Notice (i) set forth the General Bar Date and Governmental Bar Date; (ii) advise creditors under what circumstances they must file a Proof of Claim in these chapter 11 cases; (iii) alert the Debtors' creditors to the consequences of failing to file a timely Proof of Claim; (iv) set forth the address to which Proofs of Claim must be sent for filing; and (v) notify creditors that facsimile or email filings of Proofs of Claim are not acceptable and are not valid for any purpose. The Debtors submit that the Bar Date Notice and

the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

30. The Debtors must ensure that creditors and other interested parties receive adequate and appropriate notice of the Bar Dates. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See In re Placid Oil Co.,* 753 F.3d 151, 154 (5th Cir. 2014). "[K]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995). For "unknown creditors," a debtor need only provide constructive notice by publication. *Placid Oil,* 751 F.3d at 155 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* at 156 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

31. As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date depends upon the facts and circumstances of a given case.'" *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.*), 863 F.2d 393, 396 (5th Cir. 1989), *cert. denied*, 493 U.S. 811 (1989)).

32. The Debtors submit that the proposed notice procedures with respect to the Bar Dates satisfy the *Placid Oil* standard. Through the process of completing the Schedules, the Debtors have identified those persons and entities that are known to the Debtors to hold claims

13

against one or more of the Debtors, or are likely to be potential holders of claims. The Schedules were prepared following careful review of the Debtors' books and records.

33. The Publication Notice that the Debtors may publish has been tailored to provide notice of the Bar Dates on an extensive basis. The Debtors believe that the Publication Notice is reasonably designed to provide any claimants unknown to the Debtors that may potentially hold claims against the Debtors with adequate notice of the Bar Dates. In addition, the Debtors believe that the Publication Notice constitutes good and sufficient notice to "unknown" creditors, as defined by the Fifth Circuit in *Placid Oil*.

34. The procedures and notice periods described herein afford creditors ample opportunity to file Proofs of Claim, while at the same time ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner and emerge from chapter 11 as expeditiously as possible. Courts in this district routinely fix similar bar dates for filing Proofs of Claim in comparable chapter 11 cases. *See, e.g.*, *In re Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. June 27, 2022) (Docket No. 792); *In re Basic Energy Services, Inc.*, No. 21-90002 (DRJ) (Bankr. S.D. Tex. Oct. 4, 2021) (Docket No. 475); *In re CBL & Associates Properties, Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Nov. 1, 2020) (Docket No. 902); *In re CEC Entertainment, Inc.*, No. 20-33163 (MI) (Bankr. S.D. Tex. Aug. 28, 2020) (Docket No. 747); *In re NPC International, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. Aug. 26, 2020) (Docket No. 513); *In re SpeedCast International, Ltd.*, No. 20-32243 (MI) (Bankr. S.D. Tex. Apr. 23, 2020) (Docket No. 301).

### Reservation of Rights

35. Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights (including the Creditors' Committee's rights) to dispute the

amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## Notice

36. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9103-1(d).

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 14, 2023
       Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
         Ronit.Berkovich@weil.com
         Moshe.Fink@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on February 14, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                          /s/ *Alfredo R. Pérez*
                                                          Alfredo R. Pérez