IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| **CORE SCIENTIFIC, INC.**, *et al.*, § | | Case No. 22-90341 (DRJ) |
| § | | |
| § | | (Jointly Administered) |
| Debtors.[1] § | | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
SCHEEF & STONE, L.L.P. AS COUNSEL TO CERTAIN INDEPENDENT DIRECTORS
OF CORE SCIENTIFIC, INC., EFFECTIVE AS OF THE PETITION DATE**
**[DOCKET NO. 317]**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), (a) authorizing the Debtors to retain and employ Scheef & Stone, L.L.P. ("**Scheef & Stone**") as counsel to Neal Goldman and Kneeland Youngblood in their capacity as independent directors of the Board of Directors of Core Scientific, Inc. and members of the Special Committee of the Board of Directors of Core Scientific, Inc. (the "**Independent Directors**"), effective as of the Petition Date, in accordance with the terms of the Scheef & Stone Engagement Letter, as amended, a copy of which is attached hereto as **Exhibit A**, (b) approving the terms of Scheef & Stone's retention and employment, including the fee and expense structure, set forth in the Scheef & Stone Engagement Letter, and (c) granting related relief, all as more fully set forth in the Application; and upon the Lewis Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

1334; and this Court having found that (i) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (ii) this Court may enter a final order consistent with Article III of the United States Constitution; and (iii) venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Lewis Declaration that Scheef & Stone does not hold or represent an interest adverse to the Debtors' estates with respect to the matters in which Scheef & Stone is to be employed; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT**

   1. The Application is granted and the employment of Scheef & Stone, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, as counsel to the Independent Directors, effective as of the Petition Date, is hereby approved in accordance with the terms and conditions set forth in the Application as modified by this Order.

   2. Scheef & Stone is authorized to provide the Independent Directors with the professional services described in the Scheef & Stone Engagement Letter, subject to the terms of this Order.

3. Scheef & Stone shall apply for compensation and reimbursement of expenses, and be compensated, in compliance with sections 330 and 331 and other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Scheef & Stone shall keep its time in one tenth (1/10) hour increments and use reasonable best efforts to comply with the Revised UST Guidelines in connection with this Application and the interim (if any) and final fee applications to be filed by Scheef & Stone in these chapter 11 cases.

4. Scheef & Stone shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Creditors' Committee before any increase in the rates set forth in the Application are implemented, and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard as set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by the contents of the Application.

6. Scheef & Stone shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Scheef & Stone to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. Scheef & Stone will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Scheef & Stone will use reasonable

efforts to identify such further developments and will promptly file a supplemental declaration, as required by FED. R. BANKR. P. 2014(a).

8. Notwithstanding anything to the contrary in the Application, the Scheef & Stone Engagement Letter, or the Declarations attached to the Application, Scheef & Stone shall not be entitled to reimbursement for fees and expenses in connection with the defense any objection to its fees, without further order of the Court.

9. If the Application, Scheef & Stone Engagement Letter, or the Lewis Declaration is inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors, the Independent Directors, and Scheef & Stone are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Signed: _____, 2023.**

          **DAVID R. JONES**
          **UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT A**

**Scheef & Stone Engagement Letter**



Peter C. Lewis, Partner
Direct Dial: (214) 706-4241
peter.lewis@solidcounsel.com

February 9, 2023

**PRIVILEGED AND CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION**

*Via email to:tduchene@corescientific.com*

Core Scientific, Inc.
210 Barton Springs Road
Austin, Texas 78704
ATTN: Todd Duchene, Esq

     **Re:**    Engagement Letter for Representation of Certain Independent Directors of Core Scientific, Inc., by Scheef & Stone, L.L.P.

Dear Sir:

     Reference is made to that certain *Engagement Letter for Representation of the Board of Directors of Core Scientific, Inc., by Scheef & Stone, L.L.P.*, dated December 19, 2022, by and between Scheef & Stone, L.L.P. and Core Scientific, Inc (the "Initial Engagement Letter") regarding the representation by Scheef & Stone, L.L.P. ("Scheef & Stone," the "Firm" or "we") of the Board of Directors of Core Scientific, Inc.

     As discussed, Scheef & Stone has been asked by Core Scientific, Inc., and its direct and indirect subsidiaries (the "Company") to amend its representation. Consequently, from and after the date hereof, Scheef & Stone will represent Neal Goldman and Kneeland Youngblood in their capacity as independent directors of the Board of Directors of Core Scientific, Inc. and members of the Special Committee of the Board of Directors of Core Scientific, Inc. (the "Independent Directors" or "Client") in connection with the Matter (as defined in the Initial Engagement Letter) as opposed to the full Board of Directors of Core Scientific, Inc. This letter shall serve as confirmation that the scope of Scheef and Stone's representation and engagement is amended accordingly.

     References to the Client or Board in the Initial Engagement Letter shall hereinafter refer to the Independent Directors, mutatis mutandis. All other terms and provisions of the Initial Engagement Letter shall remain unchanged and are incorporated herein by reference.

Independent Directors of Core Scientific, Inc.
February 9, 2023
Page 2

Sincerely,

SCHEEF & STONE, L.L.P.

*[signature: P℀ C. L]*

Peter C. Lewis
Partner

PCL/mm
Attachment

cc: Mr. Neal Goldman
　　Mr. Kneeland Youngblood

**ACCEPTED, ACKNOWLEDGED, AND AGREED as of February 9, 2023.**

**CORE SCIENTIFIC, INC.**

By: _____
Name:　Todd DuChene
Title:　President & Chief Legal Officer

Independent Directors of Core Scientific, Inc.
February 9, 2023
Page 2

Sincerely,

SCHEEF & STONE, L.L.P.

_____
Peter C. Lewis
Partner

PCL/mm
Attachment

cc: Mr. Neal Goldman
　　Mr. Kneeland Youngblood

**ACCEPTED, ACKNOWLEDGED, AND AGREED as of February 9, 2023.**

**CORE SCIENTIFIC, INC.**

By: *Todd DuChene* (DocuSigned by: 43048BB7D89C4FE...)
Name:　Todd DuChene
Title:　President & Chief Legal Officer

## THE TEXAS LAWYER'S CREED

**A Mandate for Professionalism**
**Promulgated by the Supreme Court of Texas and the Court of Criminal Appeals November 7, 1989**

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason than it is right.

### I.  OUR LEGAL SYSTEM

A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism.

1. I am passionately proud of my profession. Therefore, "My word is my bond."
2. I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life.
3. I commit myself to an adequate and effective pro bono program.
4. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed.
5. I will always be conscious of my duty to the judicial system.

### II.  LAWYER TO CLIENT

A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest.

1. I will advise my client of the contents of this Creed when undertaking representation.
2. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible.
3. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice.
4. I will advise my client that civility and courtesy are expected and are not a sign of weakness.
5. I will advise my client of proper and expected behavior.
6. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct.
7. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party.
8. I will advise my client that we will not pursue tactics which are intended primarily for delay.
9. I will advise my client that we will not pursue any course of action which is without merit.
10. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel.

11. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

**III.    LAWYER TO LAWYER**

A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct.

1. I will be courteous, civil, and prompt in oral and written communications.
2. I will not quarrel over matters of form or style, but I will concentrate on matters of substance.
3. I will identify for other counsel or parties all changes I have made in documents submitted for review.
4. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties.
5. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are cancelled.
6. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected.
7. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond.
8. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses.
9. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me.
10. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel.
11. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed.
12. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court.
13. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence.
14. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement.
15. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party.
16. I will refrain from excessive and abusive discovery.
17. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness

      for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear.
18. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable.
19. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

## IV.    LAWYER AND JUDGE

Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession.

1. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol.
2. I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law.
3. I will treat counsel, opposing parties, witnesses, the Court, and members of the Court staff with courtesy and civility and will not manifest by words or conduct bias or prejudice based on race, color, national origin, religion, disability, age, sex, or sexual orientation.
4. I will be punctual.
5. I will not engage in any conduct which offends the dignity and decorum of proceedings.
6. I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.
7. I will respect the rulings of the Court.
8. I will give the issues in controversy deliberate, impartial and studied analysis and consideration.
9. I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

**Order of the Supreme Court of Texas and the Court of Criminal Appeals**

The conduct of a lawyer should be characterized at all times by honesty, candor, and fairness. In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system.
The Supreme Court of Texas and the Court of Criminal Appeals are committed to eliminating a practice in our State by a minority of lawyers of abusive tactics which have surfaced in many parts of our country. We believe such tactics are a disservice to our citizens, harmful to clients, and demeaning to our profession.

The abusive tactics range from lack of civility to outright hostility and obstructionism. Such behavior does not serve justice but tends to delay and often deny justice. The lawyers who use abusive tactics, instead of being part of the solution, have become part of the problem.

The desire for respect and confidence by lawyers from the public should provide the members of our profession with the necessary incentive to attain the highest degree of ethical and professional conduct. These rules are primarily aspirational. Compliance with the rules depends primarily upon understanding and voluntary compliance, secondarily upon reinforcement by peer pressure

and public opinion, and finally when necessary by enforcement by the courts through their inherent powers and rules already in existence.

These standards are not a set of rules that lawyers can use and abuse to incite ancillary litigation or arguments over whether or not they have been observed.

We must always be mindful that the practice of law is a profession. As members of a learned art we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

The Supreme Court of Texas and the Court of Criminal Appeals hereby promulgate and adopt **"The Texas Lawyer's Creed -- A Mandate for Professionalism"** described above.

*In Chambers, this 7th day of November, 1989.*

**The Supreme Court of Texas**
Thomas R. Phillips, Chief Justice
Franklin S. Spears, Justice
C. L. Ray, Justice
Raul A. Gonzalez, Justice
Oscar H. Mauzy, Justice
Eugene A. Cook, Justice
Jack Hightower, Justice
Nathan L. Hecht, Justice
Lloyd A. Doggett, Justice

**The Court of Criminal Appeals**
Michael J. McCormick, Presiding Judge
W. C. Davis, Judge
Sam Houston Clinton, Judge
Marvin O. Teague, Judge
Chuck Miller, Judge
Charles F. (Chuck) Campbell, Judge
Bill White, Judge
M. P. Duncan, III, Judge
David A. Berchelmann, Jr., Judge