IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 22-90341 (DRJ) |
| CORE SCIENTIFIC, INC., et al., | § | |
| | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

## GAYLOR ELECTRIC, INC. D/B/A GAYLOR, INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO REPLACEMENT DEBTOR-IN-POSSESSION FINANCING

Gaylor Electric, Inc. d/b/a Gaylor, Inc. ("Gaylor Electric") files this limited objection and reservation of rights (this "Limited Objection") with respect to the *Emergency Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Replacement Senior Secured Non-priming Superpriority Postpetition Financing, (B) Use Cash Collateral, and (C) Pay Off Existing Postpetition Financing Facility, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Doc. No. 389] (the "Replacement DIP Motion"), as follows:

### INTRODUCTION

1. Gaylor Electric is an unpaid electrical subcontractor that provided goods and services to the Debtors. As discussed herein, Gaylor Electric has a perfected lien against the Debtors' facility in Muskogee, Oklahoma in the amount of over $5 million.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

1

2.  Gaylor Electric has negotiated with the Debtors to resolve certain objections to the proposed form of final order approving the replacement DIP financing. Gaylor Electric understands the Debtors intend to adopt most of Gaylor Electric's proposed revisions to the final form of proposed order.

3.  However, the Debtors have not agreed to remove provisions in the final order that subordinate Gaylor Electric's lien to the Carve-Out. Gaylor Electric does not consent to any subordination of its lien. Accordingly, Gaylor Electric files this Limited Objection and joins in the legal argument set forth in BlockFi Lending LLC's objection filed at Docket No. 544 (the "BlockFi Objection").[2]

## BACKGROUND

4.  On December 21, 2022 (the "Petition Date"), Core Scientific, Inc. ("Core Scientific") and its affiliates (collectively, the "Debtors"), commenced cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

5.  Gaylor Electric is a full-service electrical contractor. Prior to the Petition Date, pursuant to a contract with Harper Construction Company, Gaylor Electric provided certain goods and services to the Debtors at the facility located in Muskogee, Oklahoma (the "Property").

6.  The Debtors, along with any other parties with interests in the Property, have failed and refused to pay Harper Construction Company or Gaylor Electric for the balance owing for goods and services provided.

---

[2] For the avoidance of doubt, Gaylor Electric does not adopt all factual statements or legal arguments set forth in the BlockFi Objection. Gaylor Electric merely joins in the legal argument that non-consensual subordination of Gaylor Electric's lien to the Carve-Out is inappropriate.

7. Accordingly, pursuant to Okla. Stat. Ann. tit. 42, § 141, *et seq.*, Gaylor Electric has recorded a Mechanics' or Materialman's Lien Statement (the "Lien") in Muskogee County, Oklahoma.

8. Gaylor Electric is a secured creditor to the extent of said Lien in the amount of $5,245,601.81, exclusive of accruing interest and other charges, and additional amounts which have continued and are continuing to accrue.

9. The lien is properly perfected pursuant to Okla. Stat. Ann. tit. 42, § 141, *et seq.* and all other applicable law.[3]

10. Gaylor Electric's interests in the Property extend in and to the proceeds, products, offspring, rents, profits, or other similar interests arising from the Property to the full extent allowable by applicable law.

## LIMITED OBJECTION

11. Gaylor Electric objects to the entry of a final order approving the Replacement DIP Motion to the extent such final order purports to subordinate Gaylor Electric's Lien to the Carve-Out.

12. Gaylor Electric joins in the legal argument against non-consensual subordination of liens to the Carve-Out as set forth in the BlockFi Objection.

## RESERVATION OF RIGHTS

13. Gaylor Electric reserves the right to amend or supplement this Limited Objection or join in any other objections to the Replacement DIP Motion.

14. Without limitation to any other rights, claims, defenses, or remedies against the Debtors or the Debtors' estates, Gaylor Electric further reserves the right to file a motion for

---

[3] By separate filing Gaylor Electric will provide notice of its perfected Lien in accordance with 11 U.S.C. § 546(b).

adequate protection, relief from the automatic stay, or other relief under the Bankruptcy Code and applicable law.

Dated: February 22, 2023     By: _____/s/ *James B. Bailey*_____
James B. Bailey
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
jbailey@bradley.com

*Counsel for Gaylor Electric, Inc. d/b/a Gaylor, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties authorized to receive electronic notice in this case.

                                              */s/ James B. Bailey*
                                                   OF COUNSEL