**<u>EXHIBIT A</u>**

**Revised Form of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |
| | § | |

**ORDER DIRECTING THE APPOINTMENT
OF AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**
[Relates to Docket No. 458]

The Bankruptcy Court, having considered the *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458] (the "**Motion**") filed by the Ad Hoc Equity Group[2] on February 3, 2023; and following good faith and arm's length negotiations, the Debtors have agreed to support the appointment of an official committee of equity security holders (the "**Official Equity Committee**"), subject to the terms set forth in this Order; and the Debtors and the Ad Hoc Equity Group have agreed that the professional fees and expenses of the Official Equity Committee, inclusive of legal and financial advisor, shall be subject to a $4,750,000 budget, (the "**EC Fee Budget**"), provided, however, (1) the Ad Hoc Equity Group acknowledges that the Debtors do not currently agree, and may never agree, to increase the EC

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Fee Budget, (2) the Debtors acknowledge that Ad Hoc Equity Group does not agree that the EC Fee Budget is a cap on fees and expenses, (3) the EC Fee Budget assumes the assumptions set forth on **Schedule 1** below, and (4) the EC Fee Budget can be increased, and the scope of engagement can be expanded, with (i) the prior written consent of the Debtors and the Official Committee of Unsecured Creditors (the "**UCC**") (which may be granted or withheld in the sole discretion of the Debtors or UCC, as applicable) or (ii) approval of the Bankruptcy Court, it being understood that the Debtors and/or the UCC may oppose any request to increase the EC Fee Budget or expand the scope of engagement; the Debtors' estates shall not be obligated to pay the fees and expenses of the Official Equity Committee that exceed the EC Fee Budget, regardless of whether the EC Fee Budget Assumptions hold, unless the conditions set forth in clauses (i) or (ii) of the preceding sentence are satisfied or the Court orders otherwise; and the Debtors and the Ad Hoc Group have agreed that the scope of the Official Equity Committee shall be limited to valuation and plan negotiations; and the Bankruptcy Court finding good cause therefor, and for the reasons stated on the record,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein (the "**Order**").

2.      The U.S. Trustee shall appoint an Official Equity Committee in the chapter 11 cases as expeditiously as possible.

3.      The professional fees and expenses of the Official Equity Committee, inclusive of legal and financial advisors, shall be subject to the $4,750,000 EC Fee Budget.

4.      The EC Fee Budget can be increased with (i) the prior written consent of the Debtors and the UCC (which may be granted or withheld in the sole discretion of the Debtors or

UCC, as applicable) or (ii) approval of the Bankruptcy Court, it being understood that the Debtors and the UCC may oppose any request to increase the EC Fee Budget.

5.      The Debtors' estates shall not be obligated to pay the fees and expenses of the Official Equity Committee that exceed the EC Fee Budget, regardless of whether the EC Fee Budget Assumptions hold, unless the conditions set forth in clauses (i) or (ii) of the preceding paragraph are satisfied or the Bankruptcy Court orders otherwise.

6.      The scope of the Official Equity Committee shall be limited to (i) valuation and (ii) plan negotiations.  The scope of the Official Equity Committee can be expanded with (i) the prior written consent of the Debtors and the UCC (which may be granted or withheld in the sole discretion of the Debtors or UCC, as applicable) or (ii) approval of the Bankruptcy Court, it being understood that the Debtors and the UCC may oppose any request to expand the Official Equity Committee's scope. To the extent the Official Equity Committee's scope expands in accordance with this paragraph, nothing herein shall restrict the rights of any party, including the Debtors and the UCC, from requesting that the Court limit the scope of the Official Equity Committee back to its original scope.

7.      The Debtors and the UCC shall have the right to request that the Court disband the Official Equity Committee in the event that the Official Equity Committee is no longer necessary to assure adequate representation of equity holders in these chapter 11 cases.

8.      This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
          Houston, Texas


          _____
          DAVID R. JONES
          UNITED STATES BANKRUPTCY JUDGE

**<u>Schedule 1</u>**

**EC Fee Budget Assumptions**

1.  Discovery, if any, served upon the Official Equity Committee is limited to valuation litigation;

2.  The valuation litigation from commencement of discovery to conclusion of hearings takes place over a four-week period of time;

3.  Excluding days devoted to valuation litigation, the confirmation hearing otherwise lasts no more than two days;

4.  The confirmation order is entered by August 1, 2023; and

5.  No confirmation appellate work.