**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | [Re: Docket No. 458] |

**STATEMENT OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS WITH RESPECT**
**TO MOTION OF THE AD HOC GROUP OF EQUITY HOLDERS**
**FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT**
**OF AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

The Official Committee of Unsecured Creditors (the "Committee") of Core Scientific, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this statement with respect to the *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458] (the "Motion").[2]

1.  In the two short months since the Committee's appointment, the dynamics of these Chapter 11 Cases have changed dramatically. Prior to the Committee's formation, the Debtors were committed to executing the RSA's restructuring transaction, which would have handed 97%

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used herein that are not otherwise defined shall have the meanings ascribed to them in the Motion.

of reorganized equity value to the prepetition convertible noteholders, while leaving other stakeholders (such as general unsecured creditors and equity holders) with little to no recovery. In only the past few weeks, the Committee has worked with the Debtors to close on replacement debtor in possession financing and terminate the RSA. Together, these developments will provide the Debtors sufficient time to develop a path out of chapter 11 that maximizes value for *all* of the Debtors' stakeholders, rather than for just a favored group of prepetition creditors.

2. With the playing field leveled, the Debtors can now focus on the next steps in these Chapter 11 Cases. Specifically, the Debtors are currently developing a business plan that will be used to formulate the Debtors' reorganized enterprise value and a value maximizing chapter 11 plan. The Committee looks forward to working with the Debtors in developing their business plan and collaboratively addressing the challenging questions that exercise demands (*e.g.*, Bitcoin pricing assumptions, treatment of equipment financing agreements, and the approach to non-core assets).

3. Given that the development of the Debtors' business plan remains in its infancy, the Committee believes that the Ad Hoc Equity Group's effort to push the valuation question to the forefront of these Chapter 11 Cases is premature. At the same time, the Committee appreciates that the Debtors' decision to support the Motion is premised on their view that there is a substantial likelihood that equity holders will receive a meaningful recovery in these Chapter 11 Cases. If the Debtors are solvent—which would be the first solvent crypto bankruptcy case since the onset of the crypto winter—that would require all unsecured creditors to be paid in full, including interest, a dramatic turnaround from the fate they were facing under the RSA.

4. Taking all of these considerations into account, the Committee has decided not to oppose the Motion. To be clear, that decision was only made possible with the limitations that the

Court will impose on the Official Equity Committee. First, consistent with the practice of courts using professional fee caps as a way to keep official equity committees focused on their limited objectives, see, e.g., In re J.C. Penney Co., Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. Jun. 10, 2020) (approving request to appoint equity committee subject to a budget), the Debtors have agreed to a professional fees budget for the Official Equity Committee of $4.75 million, subject to increase either with the Debtors' consent or approval of the Court. Second, the scope of the Official Equity Committee's services will be limited to valuation questions and issues relating to plan negotiations. The Committee supports these limitations up front, as they will significantly eliminate the risk of the Official Equity Committee engaging in unjustified mission creep. Finally, the Committee has negotiated additional protections in the proposed appointment order, including (a) reserving the right to move to disband the Official Equity Committee in the event economic circumstances change and (b) consent rights over any increases to the Official Equity Committee's initial budget or any changes in its scope.

[*remainder of the page left intentionally blank*]

Dated:     Houston, Texas
           February 24, 2023

          Respectfully submitted,

          **WILLKIE FARR & GALLAGHER LLP**

          By: /s/ Jennifer J. Hardy
          Jennifer J. Hardy (Texas Bar No. 24096068)
          600 Travis Street
          Houston, Texas 77002
          Telephone:  713-510-1700
          Facsimile:  713-510-1799
          Email:  jhardy2@willkie.com

          **AND**

          Brett H. Miller (admitted *pro hac vice*)
          Todd M. Goren (admitted *pro hac vice*)
          James H. Burbage (admitted *pro hac vice*)
          787 Seventh Avenue
          New York, New York 10019
          Telephone: 212-728-8000
          Facsimile: 212-728-8111
          Email: bmiller@willkie.com
                 tgoren@willkie.com
                 jburbage@willkie.com

          *Proposed Counsel to the Official Committee of Unsecured Creditors*

**Certificate of Service**

      I certify that on February 24, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                         By: /s/ Jennifer J. Hardy
                                                 Jennifer J. Hardy