**<u>Exhibit 1</u>**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Core Scientific, Inc. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Power & Digital Infrastructure Acquisition Corp.<br>XPDI<br>Core Scientific Holding Co. |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 86-1243837 |

**4.**   **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 210    Barton Springs Road<br>Number  Street | 2407    S. Congress Avenue<br>Number  Street |
| Suite 300 | Ste. E-101<br>P.O. Box |
| Austin    Texas    78704<br>City    State    ZIP Code | Austin    Texas    78704<br>City    State    ZIP Code |
| Travis<br>County | **Location of principal assets, if different from principal place of business** |
| | Number    Street |
| | City    State    ZIP Code |

**5.**   **Debtor's website** (URL)    https://corescientific.com/

**6.**   **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

**Ad Hoc Equity Group Exhibit 1**

**1**

| Debtor | Core Scientific, Inc. | | Case number (if known) | 22- ( ) |
|---|---|---|---|---|
| | Name | | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5182 - Data Processing, Hosting, and Related Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.
A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes    District _____ When _____ Case number _____
                               MM/ DD/ YYYY

               District _____ When _____ Case number _____
                               MM / DD/ YYYY

**Ad Hoc Equity Group Exhibit 1**

2

Debtor    Core Scientific, Inc.
Name

Case number (if known)    22-___ ( )

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See Schedule 1      Relationship    See Schedule 1

District    Southern District of Texas      When    December 21, 2022
                                                        MM / DD/ YYYY

Case number, if known

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number      Street

City      State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency

Contact Name

Phone

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**Ad Hoc Equity Group Exhibit 1**

3

| Debtor | Core Scientific, Inc. | Case number (if known) | 22-___ ( ) |
|---|---|---|---|
| | Name | | |

| 15. **Estimated assets**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| 16. **Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>December 21, 2022</u>
MM / DD/ YYYY

✖   <u>/s/ Todd DuChene</u>                    <u>Todd DuChene</u>
Signature of authorized representative of debtor          Printed name

<u>President</u>
Title

**18. Signature of attorney**

✖   <u>/s/ Alfredo R. Pérez</u>          Date   <u>December 21, 2022</u>
Signature of attorney for debtor                MM / DD / YYYY

<u>Alfredo R. Pérez</u>                    <u>Ray C. Schrock, P.C.</u>
Printed Name

<u>Weil, Gotshal & Manges LLP</u>          <u>Weil, Gotshal & Manges LLP</u>
Firm Name

<u>700 Louisiana Street, Suite 1700</u>          <u>767 Fifth Avenue</u>
Address

<u>Houston, Texas 77002</u>                <u>New York, New York 10153</u>
City/State/Zip

<u>(713) 546-5000</u>                    <u>(212) 310-8000</u>
Contact Phone

<u>alfredo.perez@weil.com</u>              <u>Ray.Schrock@weil.com</u>
Email Address

<u>15776275</u>          <u>Texas</u>
Bar Number          State

## Ad Hoc Equity Group Exhibit 1

4

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

```
-------------------------------------------------------- x
                                                         :
In re                                                    :      Chapter 11
                                                         :
CORE SCIENTIFIC, INC.,                                   :      Case No. 22– _____ (     )
                                                         :
            Debtor.                                      :
                                                         :
-------------------------------------------------------- x
```

### Attachment to Voluntary Petition for
### Non-Individuals Filing for Bankruptcy under Chapter 11

1.　　If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-40046.

2.　　The following financial data is the latest available information and refers to the debtor's condition on September 30, 2022.

| | | |
|---|---|---|
| a. | Total assets | $ 1,404,001,000 |
| b. | Total debts (including debts listed in 2.c., below) | $ 1,330,974,000 |
| c. | Debt securities held by more than 500 holders | N/A |

|  |  |  |  | Approximate number of holder |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

| | | |
|---|---|---|
| d. | Number of shares of preferred stock | 0 |
| e. | Number of shares common stock | 364,710,000 |

Comments, if any:

3.　　Brief description of debtor's business Core Scientific, Inc. operates facilities for digital asset mining and colocation services in North America. It provides blockchain infrastructure, software solutions, and services. The company mines digital assets for its own account and provides hosting colocation services for other large-scale miners.

4.　　List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| | |
|---|---|
| Darin Feinstein | 8.21 % |
| MPM Life LLC | 5.69 % |
| Michael Levitt | 5.03 % |

**Ad Hoc Equity Group Exhibit 1**

**5**

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Core Scientific, Inc..

| COMPANY |
| --- |
| Core Scientific Mining LLC |
| Core Scientific, Inc. |
| Core Scientific Acquired Mining LLC |
| Core Scientific Operating Company |
| Radar Relay, Inc. |
| Core Scientific Specialty Mining (Oklahoma) LLC |
| American Property Acquisition, LLC |
| Starboard Capital LLC |
| RADAR LLC |
| American Property Acquisitions I, LLC |
| American Property Acquisitions VII, LLC |

**Ad Hoc Equity Group Exhibit 1**

**6**

**RESOLUTIONS OF
THE BOARD OF DIRECTORS
OF
CORE SCIENTIFIC, INC.**

**December 20, 2022**

**WHEREAS**, the Board of Directors (the "***Board***") of **Core Scientific, Inc.**, a Delaware corporation (the "***Company***"), has, with the assistance of legal and financial advisors, been conducting a review of strategic alternatives;

**WHEREAS**, on November 14, 2022, the Board approved the formation of a special committee of directors (the "***Special Committee***"), and delegated certain responsibilities, powers and authority to, among other things, consider, analyze, evaluate, and oversee potential restructuring transactions and other strategic alternatives that may be available to the Company and its subsidiaries with respect to the Company's existing outstanding indebtedness and contractual and other liabilities;

**WHEREAS**, on December 12, 2022, the Board conveyed full decision-making authority to the Special Committee with respect to the evaluation, negotiations, and execution of any potential transaction;

**WHEREAS**, at a prior meeting on the date hereof, the Special Committee authorized and approved the actions set forth in these resolutions;

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board believes that taking the actions set forth below are in the best interests of the Company and, therefore, desires to adopt, authorize, and approve the following resolutions**:**

I.    **Commencement of the Chapter 11 Case**

   **NOW, THEREFORE BE IT RESOLVED**, the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***"); and

   **RESOLVED**, that any member, officer or director of the Company (each, an "***Authorized Officer***"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver and file, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices and other papers (collectively, the "***Chapter 11 Filings***") (with such changes therein and additions thereto as such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Officer with any changes thereto to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard) in the Bankruptcy Court, and, in connection therewith, to take

**Ad Hoc Equity Group Exhibit 1**

7

and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the, "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering, performing and filing any and all documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case and the transactions and professional retentions set forth in this resolution; and be it further

## II.    Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of PJT Partners LP, located at 280 Park Avenue, New York, New York 10017, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of AlixPartners, LLP, located at 909 Third Avenue, New York, New York 10022, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Stretto Inc., located at 7 Times Square, New York, New York 10036, is hereby retained as claims and noticing agent for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

## III.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of (i) in the case of the Company (the "**DIP Facility Borrower**"), to enter into and obtain loans, (ii) in the case of the Guarantors (as defined below), to guarantee the DIP Facility Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the DIP Facility Borrower and the Guarantors, to consummate the transactions under that certain multiple draw superpriority senior secured debtor-in-possession term loan credit facility in an aggregate principal amount of up to $75,000,000 to be evidenced by that certain Secured Debtor-in-Possession Credit Agreement, by and among, the DIP Facility Borrower and each of the Company's subsidiary entities, as guarantors (the "**Guarantors**"), the lenders from time to time party thereto (the "**Lenders**"), and the administrative agent for the Lenders (in such capacity and together with its successors, the "**Agent**") (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**"; capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement) in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Debtor-in- Possession Financing**"); and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by the Company and each of the Guarantors that is party thereto and the consummation by the Company of the transactions contemplated thereunder, including (i) in the case of the DIP Facility Borrower, the borrowing of funds under the DIP Credit Agreement, (ii) in the case of Guarantors, the guaranty of the obligations thereunder as provided in any guaranty, (iii) in the case of the DIP Facility Borrower and the Guarantors, the grant of a security interest in and liens upon substantially all of the Company's assets in favor of the secured parties (including the authorization of financing statements in connection with liens) and (iv) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "***DIP Financing Document***" and collectively, the "***DIP Financing Documents***"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the Dip Credit Agreement and such DIP Financing Document with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to the Board and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

RESOLVED, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further]

## IV. Restructuring Support Agreement

RESOLVED, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Company to enter into a Restructuring Support Agreement (the "**Restructuring Support Agreement**") on the terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Board; and be it further

RESOLVED, that the form, terms and provisions of the Restructuring Support Agreement, together with the term sheet annexed thereto (the "**Term Sheet**") and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as the Authorized Officer executing the same may in his or her discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to deliver, certify, file and/or record, the Restructuring Support Agreement, including the Term Sheet attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Term Sheet; and be it further

## V. General Authority and Ratification

RESOLVED, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required, (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Officer, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the

same to meet such standard; and be it further

  **RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**Fill in this information to identify the case:**

Debtor name:  Core Scientific, Inc.

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*):  22-_____ ( )

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest
## Unsecured Claims and Are Not Insiders

12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.[1]  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | BRF Finance Co., LLC Attn.:  General Counsel 30870 Russell Ranch Road, Suite 250 Westlake Village, California 91362 | Attn.:  General Counsel Phone:  (310) 966-1444 Email:  legal@brileyfin.com | Financing | Unliquidated | | | $42,364,611.00 |
| 2 | Dalton Utilities Attn.:  Tom Bundros 1200 V D Parrott Jr Parkway Dalton, Georgia 30721 | Attn.:  Tom Bundros Phone:  (706) 278-1313 Facsimile:  (706) 278-7230 Email:  tbundros@dutil.com | Utility | | | | $6,714,988.00 |
| 3 | Shell Energy Solutions Attn.:  Marty Lundstrom 21 Waterway Avenue, Suite 450 The Woodlands, Texas 77380 | Attn.:  Marty Lundstrom Phone:  (832) 510-1042 Facsimile:  (832) 510-1128 Email: marty.lundstrom@mp2energy.com | Utility | | | | $3,808,132.00 |
| 4 | U.S. Customs and Border Patrol Attn.:  Raul Ortiz 1300 Pennsylvania Avenue, Suite 4.4-B Washington, District of Columbia 20229 | Attn.:  Raul Ortiz Phone:  (202) 344-2050 Facsimile:  (973) 368-6913 | Customs Fees | Disputed | | | $3,375,019.00 |
| 5 | Cooley LLP Attn.:  Daniel Peale 1299 Pennsylvania Avenue, NW Suite 700 Washington, District of Columbia 20004 | Attn.:  Daniel Peale Phone:  (202) 842-7835 Email:  dpeale@cooley.com | Professional Services | | | | $2,858,242.00 |
| 6 | Kentucky Department of Revenue Attn.:  Thomas B. Miller 501 High Street Frankfort, Kentucky 40601 | Attn.:  Thomas B. Miller Phone:  (502) 564-5930 Facsimile:  (502) 564-8946 | Taxes | Disputed | | | $2,762,948.00 |

---

[1] This list does not include secured creditors that did not properly perfect their security interests and may, thus, be treated as unsecured creditors.

[2] The listing of a claim as partially secured shall not be deemed an admission by the Debtors as to the validity or enforceability of the security interest.  The Debtors reserve all rights to challenge any amounts listed in this Top 30 creditor list.

**Ad Hoc Equity Group Exhibit 1**

**12**

| Debtor | Core Scientific, Inc. | Case number (if known) | 22-_____ ( ) |
|--------|-----------------------|------------------------|--------------|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 7 Duke Energy<br>Attn.: Tammy Daber, Power Contracts Administrator<br>9700 David Taylor Drive,<br>Mail Code: DT01X<br>Charlotte, North Carolina 28262 | Attn.: Tammy Daber, Power Contracts Administrator<br>Phone: (866) 541-8886<br>Email: tammy.daber@duke-energy.com | Utility | | | | $2,113,213.00 |
| 8 Priority Power Management LLC<br>Attn.: Robert L. Douglas<br>2201 E Lamar Boulevard, Suite 275<br>Arlington, Texas 76006 | Attn.: Robert L. Douglas<br>Phone: (408) 375-0865<br>Email: rdouglas@prioritypower.com | Construction | Unliquidated, Disputed | $24,000,000.00 | $22,232,057.00 | $1,767,943.00 |
| 9 Harper Construction Company, Inc.<br>Attn.: Stephen Marble<br>2241 Kettner Boulevard, Suite 300<br>San Diego, California 92101 | Attn.: Stephen Marble<br>Phone: (619) 233-7900<br>Facsimile: (619) 233-1889<br>Email: lpz@harperconstruction.com | Construction | Disputed | $9,200,000.00 | $7,500,000.00 | $1,700,000.00 |
| 10 Trilogy LLC<br>Attn.: Shamel Bersik<br>6255 Saddle Tree Drive<br>Las Vegas, Nevada 89118 | Attn.: Shamel Bersik<br>Phone: (888) 514-4200<br>Email: Sam@trilogycorp.com | Equipment | | | | $1,400,000.00 |
| 11 FlowTX<br>Attn.: Lucas Leavitt<br>8610 Broadway Street, Suite 211<br>San Antonio, Texas 78217 | Attn.: Lucas Leavitt<br>Phone: (210) 455-0580<br>Email: lleavitt@flowtx.com | Construction | | | | $1,200,00.00 |
| 12 Moss Adams LLP<br>Attn.: Findley Gillespie<br>999 Third Avenue, Suite 2800<br>Seattle, Washington 98104 | Attn.: Findley Gillespie<br>Phone: (206) 302-6212<br>Email: findley.gillespie@mossadams.com | Professional Services | | | | $456,434.00 |
| 13 Cherokee County Tax Collector<br>Attn.: Delenna Stiles, Tax Collector<br>75 Peachtree Street, #225<br>Murphy, North Carolina 28906-2947 | Attn.: Delenna Stiles, Tax Collector<br>Phone: (828) 837-2421<br>Email: collections@cherokeecounty-nc.gov | Taxes | | | | $413,737.00 |
| 14 AAF International<br>Attn.: Stuart Nichols<br>9920 Corporate Campus Drive<br>Suite 2200<br>Louisville, Kentucky 40223 | Attn.: Stuart Nichols<br>Phone: (803) 322-8796<br>Email: snichols@AAFintl.com | Trade Goods | | | | $266,468.00 |
| 15 Sidley Austin LLP<br>Attn.: Scott Parel<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201 | Attn.: Scott Parel<br>Phone: (214) 981-3431<br>Email: sparel@sidley.com | Professional Services | | | | $231,085.00 |
| 16 Securitas Security Services USA Inc.<br>Attn.: Patrick Melody<br>4330 Park Terrace Drive<br>West Lake Village, California 91361 | Attn.: Patrick Melody<br>Phone: (763) 287-6618<br>Email: patrick.melody@securitasinc.com | Security Services | | | | $195,373.00 |
| 17 CDW Direct<br>Attn.: Rick Kulevich, General Counsel<br>200 N. Milwaukee Avenue<br>Vernon Hills, Illinois 60061 | Attn.: Rick Kulevich, General Counsel<br>Phone: (847) 465-6000<br>Email: credit@cdw.com | Trade Goods | | | | $175,420.00 |
| 18 CES Corporation<br>Attn.: Scott Weatherall<br>28029-108 Avenue<br>Acheson, AB T7X 6P7<br>Canada | Attn.: Scott Weatherall<br>Phone: (780) 910-6037<br>Email: s.weatherall@cescorp.ca | Trade Goods | Contingent, Unliquidated | | | $174,951.00 |

**Ad Hoc Equity Group Exhibit 1**

13

| Debtor | Core Scientific, Inc. | Case number (if known) | 22-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff² | Unsecured claim |
| 19 Marshall County Sheriff Attn.: Trent Weaver, Sheriff 52 Judicial Drive Benton, Kentucky 42025 | Attn.: Trent Weaver, Sheriff Phone: (270) 527-3112 Email: marshallso@marshallco.org | Taxes | | | | $162,181.00 |
| 20 Tenet Solutions Attn.: Accounting Department 1238 Grey Fox Road Arden Hills, Minnesota 55112 | Attn.: Accounting Department Phone: (651) 604-2838 Email: Tenet-AR@tenetsolutions.us | Trade Goods | | | | $139,551.00 |
| 21 Tenaska Power Services Co Attn.: Drew Fossum 14302 FNB Parkway Omaha, Nebraska 68154 | Attn.: Drew Fossum Phone: (817) 462-1521 Email: TPMCustomerService@tnsk.com | Utility | | | | $113,951.00 |
| 22 Gensler Attn.: Todd Runkle 1011 S. Congress Avenue, Building 1, Suite 200 Austin, Texas 78704 | Attn.: Todd Runkle Phone: (512) 867-8113 Email: todd_runkle@gensler.com | Construction | | | | $104,110.00 |
| 23 OP Attn.: Elise Chittick 10030 Bent Oak Drive Houston, Texas 77040 | Attn.: Elise Chittick Phone: (713) 595-0522 Email: echittick@ophouston.com | Trade Goods | | | | $97,274.00 |
| 24 Bergstrom Electric Attn.: Steve Wasvick 3100 North Washington Street Grand Forks, North Dakota 58208 | Attn.: Steve Wasvick Phone: (701) 775-8897 Email: Swasvick@berstromelectric.com | Construction | | | | $89,929.00 |
| 25 Amazon Web Services Inc. Attn.: Rashmi Manchanda 410 Terry Avenue North Seattle, Washington 98109-5210 | Attn.: Rashmi Manchanda Phone: (415) 539-5057 Email: rmmanch@amazon.com | Cloud Services | | | | $76,120.00 |
| 26 McDermott Will and Emery LLP Attn.: Erin West 1 Vanderbilt Avenue New York, New York 10017 | Attn.: Erin West Phone: (202) 756-8135 Email: eswest@mwe.com | Professional Services | | | | $54,834.00 |
| 27 DK Construction Company Attn.: Justin Edwards, President 5165 Gilbertsville Highway Calvert City, Kentucky 42029-0388 | Attn.: Justin Edwards, President Phone: (270) 395-7656 Facsimile: (270) 395-1975 | Facility Maintenance | | | | $40,561.00 |
| 28 Reed Wells Benson and Company Attn.: Kenneth Fulk 120010 N. Central Expressway, Suite 1100 Dallas, Texas 75243 | Attn.: Kenneth Fulk Phone: (972) 788-4222 Email: kfulk@rwb.net | Construction | | | | $34,400.00 |
| 29 LiveView Technologies Inc. Attn.: Chris Parker 1226 S 1480 W Orem, Utah 84058 | Attn.: Chris Parker Phone: (801) 221-9408 Ext. 315 Email: chris.parker@lvt.com | Trade Goods | | | | $25,877.00 |
| 30 Herc Rentals Attn.: Leslie Hunziker 27500 Riverview Center Boulevard Suite 100 Bonita Springs, Florida 34134 | Attn.: Leslie Hunziker Phone: (239) 301-1675 Email: leslie.hunziker@hercrentals.com | Equipment Rental | | | | $22,898.00 |

**Ad Hoc Equity Group Exhibit 1**

**14**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
-------------------------------------------------------- x
                                       :
In re                                  :      Chapter 11
                                       :
CORE SCIENTIFIC, INC.,                 :      Case No. 22– _____ (     )
                                       :
                 Debtor.               :
                                       :
-------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart of Core Scientific, Inc. ("**Core Parent**") and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**"). Pursuant to Rule 1007(a)(3) of the Bankruptcy Rules, the below organizational chart combined with this statement identify all holders having an equity interest in the above-captioned debtor in possession. The Debtors respectfully represent as follows:

Equity ownership of Core Parent is represented by ordinary shares, 8.21% held by Darin Feinstein, 5.69% held by Matthew Minnis through MPM Life LLC, 5.03% held by Michael Levitt, and 81.07% widely held by other shareholders in the aggregate.

As set forth on **Exhibit A**, Core Parent owns 100% of the outstanding equity interests of (i) Core Scientific Acquired Mining LLC ("**Core Mining**"), (ii) Core Scientific Mining LLC, and (iii) Core Scientific Operating Company ("**Core Operating**").

Core Mining owns 100% of the outstanding equity interests of Radar Relay, Inc. ("**Radar Relay**"). Radar Relay, in turn, owns 100% of the outstanding equity interests of RADAR LLC and Starboard Capital LLC.

Core Operating owns 100% of the outstanding equity interests of Core Scientific Specialty Mining (Oklahoma) LLC and American Property Acquisition LLC ("**American Property Acquisition**").

American Property Acquisition owns 100% of the outstanding equity interests of American Property Acquisitions I, LLC and American Property Acquisitions VII, LLC.

As noted on **Exhibit A**, Core Parent owns approximately 19% of the outstanding equity interest of Non-Debtor Core Scientific Partners, LP, which, is owned in part by, and owns equity interests in, various other non-Debtor affiliates of Core Parent (collectively, the "**Non-Debtor Affiliates**"). The Non-Debtor Affiliates were formed in connection with a potential transaction that was not consummated and are currently dormant.

**Ad Hoc Equity Group Exhibit 1**
**16**

**Exhibit A**

**Organizational Chart**



**Ad Hoc Equity Group Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
                                                 :

In re                                    :        **Chapter 11**

                                                 :

**CORE SCIENTIFIC, INC.,**          :        **Case No. 22– _____ (    )**

                                                 :

               **Debtor.**            :

                                                 :
---------------------------------------------------------- x

### LIST OF EQUITY HOLDERS[1]

        Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☒        There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒        The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Darin Feinstein<br>Address on File | Common Stock | 8.21% |

---

[1]    This list reflects holders of five percent or more of the Core Parent's common stock, as of December 2 2022. The calculation is based on a total of 363,391,323 shares of common stock outstanding as of December 2, 2022. This list serves as the required disclosure by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. By separate motion, the Debtors will request a waiver of the requirement under Rule 1007 to file a list of all its equity holders.

**Ad Hoc Equity Group Exhibit 1**
**19**

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| MPM Life LLC<br>Attn.: Matthew Minnis<br>P.O. Box 22549<br>Houston, Texas 77227 | Common Stock | 5.69% |
| Michael J. Levitt<br>Address on File | Common Stock | 5.03% |

**Ad Hoc Equity Group Exhibit 1**
**20**

**Fill in this information to identify the case:**

Debtor name: __Core Scientific, Inc.__

United States Bankruptcy Court for the __Southern District of Texas__
                                                    (State)

Case number (*If known*): __22-_____ (  )__

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration __Consolidated Corporate Ownership Statement and List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __December 21, 2022__               ✗  __/s/ Todd DuChene__
                        MM /DD /YYYY                        Signature of individual signing on behalf of debtor

                                                           __Todd DuChene__
                                                           Printed name

                                                           __President__
                                                           Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**Ad Hoc Equity Group Exhibit 1**

**21**