IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*,[1] | ) ) | Case No. 22-90341 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) **Re:** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GRAY REED AS CONFLICTS AND EFFICIENCY COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 30, 2023

Upon the application (the "Application")[2] filed by the Official Committee of Unsecured Creditors (the "Committee") of Core Scientific, Inc., *et al*. (the "Debtors") for entry of an order authorizing the Committee to employ Gray Reed as its conflicts and efficiency counsel effective as of January 30, 2023, pursuant to sections 328, 330 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"); and the Court having reviewed the Application, the Brookner Declaration, and the Trompeter Declaration; and the Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found, based on the representations made in the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Application, the Brookner Declaration, and the Trompeter Declaration, that (a) Gray Reed does not hold or represent an interest adverse to the Debtors' estates and (b) Gray Reed is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 328(c) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the Committee; and adequate and appropriate notice of the Application having been given under the circumstances and no other or further notice being required; and the Court having found that the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED:**

1. The Application is **GRANTED** as set forth herein.

2. The Committee is authorized to retain Gray Reed as conflicts and efficiency counsel effective as of January 30, 2023, in accordance with the terms and conditions set forth in the Application.

3. Gray Reed shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, the U.S. Trustee Guidelines and any other applicable procedures and orders of the Court.  Gray Reed shall also make a reasonable effort to comply with the U.S. Trustee's requests for information, both in connection with the Application and the interim and final fee applications to be filed by Gray Reed in these chapter 11 cases.

4. For billing purposes, Gray Reed shall keep its time in one tenth (1/10) of an hour increments in accordance with the U.S. Trustee Guidelines. All billing records filed in support of

4894-5375-7775

fee applications will use an open and searchable LEDES or other electronic data format. Billing records will use the U.S. Trustee's standard project categories.

5. Gray Reed shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

6. Notwithstanding anything to the contrary in the Application or the Declarations attached to the Application, Gray Reed shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

7. Gray Reed shall not charge a markup to the Committee with respect to fees billed by contract attorneys who are hired by Gray Reed to provide services to the Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8. Gray Reed shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. Gray Reed will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Gray Reed will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. The Committee and Gray Reed are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4894-5375-7775

11. To the extent the Application, the Brookner Declaration, or the Trompeter Declaration are inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed on _____, 2023.**

_____
**THE HONORABLE DAVID R. JONES**

4894-5375-7775