IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |
| | § | Related to Docket Nos. 389, 573, 584 |

**RESPONSE OF B. RILEY COMMERCIAL CAPITAL, LLC TO THE AD HOC EQUITY GROUP'S OBJECTION TO THE PROPOSED FINAL DIP ORDER**

B. Riley Commercial Capital, LLC ("**B. Riley**" or the "**DIP Lender**") hereby files this response to the *Limited Objection of Ad Hoc Group of Equity Holders to the Emergency Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Replacement Senior Secured Non-Priming Superpriority Postpetition Financing, (B) Use Cash Collateral, and (C) Pay Off Existing Postpetition Financing Facility, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 584] (the "**Objection**").[2]

1. This past Sunday, February 26, the Debtors filed the *Notice of Filing of Proposed Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

*Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 573], which attached the proposed Final Order as Exhibit A (the "**Proposed Final Order**").

2. The Proposed Final Order was the product of weeks of diligent negotiations involving B. Riley, the Debtors, the Ad Hoc Group, the Official Committee, the Prepetition Equipment Lenders, each of their respective counsel, and various other parties-in-interest.

3. This past Friday afternoon, February 25 – three days after the general objection deadline for the Final Order – B. Riley received a markup from the Debtors' counsel that, for the first time, incorporated into the Carve-out any fees and expenses incurred by any official equity committee appointed in these Chapter 11 cases. Debtors' counsel indicated that these changes, among other changes proposed in the Friday afternoon markup, had been requested by counsel to an ad hoc group of beneficial holders of common stock of Core Scientific, Inc. (the "**Ad Hoc Equity Group**") – the same group that requested appointment of an official committee of equity security holders on February 3 (see the *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders*, [Docket no. 458] (the "**Committee Motion**")).

4. Also on Friday afternoon, B. Riley learned for the first time (via a phone call from the Debtors' financial advisor) that the Debtors intended to build $4.75 million of fees into the Approved Budget to be paid to the advisors retained by the Ad Hoc Equity Group.

5. That same afternoon, counsel to B. Riley also received a call from counsel to the Ad Hoc Equity Group informing them that if B. Riley did not support the Ad Hoc Equity Group's requested changes to the Final Order, the Ad Hoc Equity Group would object to the Final

2

Order. B. Riley's counsel was further informed, for the first time, that the Ad Hoc Equity Group, the Debtors and the Official Committee had negotiated an agreed proposed order appointing an equity committee, with such committee to receive $4.75 million in professional fee reimbursement from the Debtors (with such amount subject to increase without need for the consent of, or even prior notice to, B. Riley).

6. In summary, three days after the general objection deadline for the Final Order, B. Riley was informed for the first time that the Debtors, the Ad Hoc Equity Group, and the Official Committee had reached an arrangement for the Debtors to fund $4.75 million in Ad Hoc Equity Group professional fees. Significantly, at the demand of the Ad Hoc Equity Group, the nearly $5 million in fees was to receive Carve-out treatment and thus payment ahead of the DIP Lender in the event that the Committee Motion prevailed.

7. After B. Riley had the opportunity to discuss this surprise development with the Debtors, the Debtors agreed to remove the Ad Hoc Equity Group's eleventh-hour modifications to the Carve-out. While B. Riley does not specifically oppose modifications to the Final Order that grant an equity committee (if appointed) certain notice and information rights, B. Riley does not believe that weeks of DIP Order negotiations involving numerous parties should be upended by a last-minute demand for nearly $5 million in new professional fees to be paid ahead of the Replacement DIP Obligations. Such unreasonable demands should not stand in the way of approving a financing package that is supported by nearly every party-in-interest and that offers the Debtors their best opportunity to successfully emerge from bankruptcy. As the Ad Hoc Equity Group concedes in the Objection, the DIP Loans offered by B. Riley represent the best deal available to the Debtors and B. Riley cannot be forced to agree to these eleventh-hour requests. B. Riley has also yet to see an updated proposed Approved Budget that actually incorporates the Ad

Hoc Equity Group's $4.75 million of fees, and B. Riley reserves all rights with respect thereto, including its consent rights with respect to any Approved Budget.

[*Remainder of page intentionally left blank*]

WHEREFORE the B. Riley respectfully requests entry of the Proposed Final granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 28, 2023
       Houston, Texas

Respectfully submitted,

CHOATE, HALL & STEWART LLP

  /s/  Hampton Foushee

Hampton Foushee (MA. Bar No. 708678)
Douglas R. Gooding (MA Bar No. 558976)
John F. Ventola (MA Bar No. 567972)
Two International Place
Boston, MA 02110
Email: hfoushee@choate.com
       dgooding@choate.com
       jventola@choate.com
Phone: (617) 248-5000

-and-

SHANNON & LEE LLP

  /s/  R. J. Shannon

R. J. Shannon (Tex. Bar No. 24108062)
Pennzoil Place
700 Milam Street, STE 1300
Houston, TX 77002
Email: rshannon@shannonleellp.com
Phone: (713) 714-5770

*Counsel for B. Riley Commercial Capital, LLC*

**Certificate of Service**

I hereby certify that, on February 28, 2023, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service in the above-captioned case.

                                                                               _/s/ R. J. Shannon_