United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341(DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | | (Docket No. 448) |

**STIPULATION AND AGREED ORDER BY AND AMONG
THE DEBTORS AND NYDIG ABL LLC AUTHORIZING THE DEBTORS
TO TRANSFER CERTAIN ASICS COLLATERAL TO NYDIG PURSUANT TO
11 U.S.C. § 363 FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

This stipulation and agreed order (this "Stipulation and Agreed Order") is made and entered into by (a) Core Scientific, Inc. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and (b) NYDIG ABL LLC (f/k/a Arctos Credit, LLC), a Delaware limited liability company ("NYDIG", and together with the Debtors, the "Parties", and each individually, a "Party"). The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, Core Scientific Operating Company (f/k/a Core Scientific, Inc.) ("Borrower") and NYDIG are party to that certain Master Equipment Finance Agreement dated as of October 27, 2020, by and between Borrower and NYDIG (as amended, restated, supplemented or otherwise modified from time to time, the "MEFA" and, collectively with the schedules entered into by and between NYDIG and Borrower pursuant to the MEFA, all Acceptance Certificates (as defined in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

the MEFA), Other Agreements (as defined in the MEFA), and any other document entered into in connection therewith, the "Loan Documents").

WHEREAS, NYDIG filed validly perfected liens in the ASICs Collateral (as defined below) securing the NYDIG Debt (as defined below).

WHEREAS, as of December 21, 2022 (the "Petition Date"), Borrower owed NYDIG approximately $38.6 million of principal under the Loan Documents, plus certain interest, fees, expenses and other obligations (the "NYDIG Debt").

WHEREAS, with proceeds of the NYDIG Debt, Borrower acquired between October 2020 and December 2021 27,470 application-specific integrated circuit mining rigs ("ASICs") and currently operates approximately 27,403 ASICs.

WHEREAS, in addition to the ASICs Borrower acquired with the proceeds of the NYDIG Debt, NYDIG's collateral package under the Loan Documents includes, among other things, Accounts, Contract Rights, Chattel Paper, General Intangibles, Payment Intangibles (each as defined in the Uniform Commercial Code as adopted in the State of Delaware), leases, and subleases, in each case to the extent arising from or relating to Equipment (as defined in the MEFA) (together with the ASICs, the "NYDIG Collateral").

WHEREAS, the ASICs that comprise a portion of the NYDIG Collateral (the "ASICs Collateral")[2] currently consists of 27,403 mining rigs in use in the Debtors' facilities located in (i) Calvert City, Kentucky, (ii) Marble, North Carolina, (iii) Dalton, Georgia, and (iv) Pecos, Texas.

WHEREAS, on December 21, 2022, the Debtors filed the *Emergency Motion of Debtors*

---

[2] The ASICs comprising the ASICs Collateral are shown on **Schedule 1** hereto.

*For Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [ECF No. 38] (the "<u>DIP Motion</u>").

WHEREAS, on December 22, 2022, NYDIG filed the *Reservation of Rights and Limited Objection to The Emergency Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [ECF No. 104] (the "<u>First NYDIG Reservation of Rights</u>"), pursuant to which NYDIG asserted that the Equipment Lender Adequate Protection Liens and Equipment Lender Adequate Protection Claims (each as defined in the DIP Motion) do not constitute sufficient adequate protection for the potential diminution in value of the NYDIG Collateral during these cases.

WHEREAS, on February 1, 2023, NYDIG filed the *Reservation of Rights to the Emergency Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing The Debtors to (A) Obtain Replacement Senior Secured Non-Priming Superpriority Postpetition Financing, (B) Use Cash Collateral, and (C) Pay Off Existing Postpetition Financing Facility (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [ECF No. 425] (the "<u>Second NYDIG Reservation of Rights</u>", and together with the First NYDIG Reservation of Rights, the "<u>NYDIG</u>

3

Reservations of Rights"), pursuant to which NYDIG reserved its rights to object to the DIP financing that was approved on an interim basis by the Replacement Interim DIP Order (as defined below) if the transaction contemplated herein is not completed.

WHEREAS, on February 2, 2023, the Court entered the *Order (I) Authorizing The Debtors on an Interim Basis to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Authorizing The Debtors to Refinance Existing Postpetition Financing on a Final Basis, (III) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties on a Final Basis, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [ECF No. 447](the "Replacement Interim DIP Order"). The Replacement Interim DIP Order provides a lien to the Replacement DIP Lender (as defined in the Replacement Interim DIP Order) that is junior to "Existing Senior Liens" (as defined in the Replacement Interim DIP Order), which includes NYDIG's liens on the ASICs Collateral pursuant to the Loan Documents.

WHEREAS, the Debtors have disputed certain assertions in the NYDIG Reservations of Rights, and NYDIG and the Debtors have engaged in discussions in an effort to consensually resolve NYDIG's concerns.

WHEREAS, after good faith, arm's length discussions, the Parties have agreed to resolve their disputes pursuant to this Stipulation and Agreed Order, on the terms described herein.

WHEREAS, on February 2, 2023 the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Stipulation Transferring Property to NYDIG ABL LLC in Exchange for Full Satisfaction of Debt, Free and Clear of all Liens, Claims, Interests, and Encumbrances, and (II) Granting Related Relief* seeking entry of this Stipulation and Agreed

4

Order (the "Motion").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION AND AGREED ORDER, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth hereinafter.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as of the date of entry of this Stipulation and Agreed Order, and all reservations of rights with respect to this Stipulation and Agreed Order, are hereby overruled on the merits with prejudice. All holders of liens on the ASICs Collateral who did not object, or withdrew their objections, to the Motion are deemed to have consented to the ASICs Transfer (defined below).

3. NYDIG holds a properly perfected first lien on the ASICs Collateral, which lien is senior to any lien, claim, or interest in the ASICs Collateral of any other party, and which lien has not been subordinated to, or primed by, any other lien (the "NYDIG ASICs Lien"). All liens granted on the ASICs Collateral pursuant to the Replacement Interim DIP Order are junior to the NYDIG ASICs Lien.

4. The Borrower is the sole and exclusive owner of, and has good, exclusive and transferable title to, all of the ASICs Collateral.

5. The Debtors are authorized to transfer, assign, and convey the ASICs Collateral to NYDIG pursuant to Section 363 of Title 11 of the United States Code §§ 101 et seq. (the "Bankruptcy Code"), on the terms and subject to the conditions in this Stipulation and Agreed Order on the Closing Date (as defined below) (the "ASICs Transfer").

5

6.      Upon the occurrence of the Closing Date, and other than as explicitly provided in this Stipulation and Agreed Order, as the sole consideration from NYDIG to the Debtors for the ASICs Transfer, any and all claims NYDIG has against the Debtors arising out of the Loan Documents, whether prepetition or postpetition, shall be satisfied in full, including the NYDIG Debt, and NYDIG shall not assert any such claims against the Debtors in these chapter 11 cases.

7.      The ASICs Transfer shall become effective upon the occurrence of, or waiver by both the Debtor and NYDIG of, the receipt of all mining rigs constituting ASICs Collateral by NYDIG or its designee(s) (in accordance with this Stipulation and Agreed Order) at a location designated by NYDIG in the state of Texas or such other location mutually agreed by the Debtors and NYDIG (the "<u>Delivery Location</u>", and the date of the completion of the forgoing shall be the "<u>Closing Date</u>").  The Debtors shall ship the ASICs Collateral "free on board destination," freight prepaid by the Debtors, by one or more third party common or contract carriers selected by NYDIG in NYDIG's commercially reasonable business judgment (each a "<u>Logistics Provider</u>").  Upon delivery of the ASICs Collateral, NYDIG or its designee(s) shall execute and return to the Debtors a bill of sale or other similar confirmation of receipt of the ASICs Collateral.

8.      The Debtors shall contract for insurance against loss to the ASICs Collateral in transit and until the Closing Date, underwritten by an A.M. Best rated B++ or higher insurance carrier selected and bound by the Debtors, and approved of and paid for (or the cost reimbursed by) NYDIG.  In the event of risk of loss, insurance proceeds shall be paid to NYDIG.

9.      Prior to the Closing Date, the parties agree as follows:

   a. Upon reasonable advance notice by NYDIG to the Debtors, the Debtors and their agents, professionals, and representatives shall permit NYDIG and its employees, agents, designees, and logistics providers to enter the facilities where any of the ASICs Collateral is located and inspect the same during regular business hours with appropriate supervision by the Debtors.

   b. The Debtors and their agents, professionals, and representatives shall use

        reasonable efforts to provide NYDIG, by no later than February 6, 2023, information from Debtors' internal mining operation report showing operational status of ASICs Collateral as of Monday, January 23, 2023 (the "ASICs Collateral Mining Report").

    c.  By no later than February 15, 2023, the Debtors shall provide NYDIG with an updated serial number-to-worker name mapping schedule for the ASICs constituting ASICs Collateral.

    d.  The Debtors and their agents, professionals, and representatives shall use reasonable efforts to assemble, package, palletize, and otherwise organize and arrange for pickup by the Logistics Provider(s) the ASICs Collateral no later than the dates set forth in the schedule attached as Schedule 2. ASICs Collateral that has been extensively damaged or which is dirty, in each case beyond normal wear and tear consistent with the Debtors' business operations, will be cleaned or repaired prior to placement with the Logistics Provider(s), with the cost of such cleaning and repair to be borne by the Debtors.

    e.  Debtors will provide evidence of shipping provided by Logistics Provider.

    f.  The Parties and their agents, professionals, and representatives shall use reasonable efforts to draft, execute, and exchange all instruments or documents relating to the passage of title to and possession of the ASICs Collateral at the Delivery Location by no later than five business days after the Closing Date.

10.    The ASICs Collateral shall be transferred to NYDIG pursuant to the ASICs Transfer free and clear of all Claims (as defined and used in the Bankruptcy Code, including section 101(5) thereof), liabilities, interests, rights, and encumbrances, including, without limitation, rights of setoff (except with respect to setoffs that were validly effected prior to the Petition Date), and all other matters of any kind and nature, whether known or unknown, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and any consensual or nonconsensual lien, statutory lien, real or personal property lien, mechanics' lien, materialmans' lien, warehousemans' lien, tax lien, and any and all other "liens" as that term is defined and used in the Bankruptcy Code, including section 101(37) thereof (all of the foregoing, collectively, "Liens"). The Claims and Liens on those assets of the Debtors other than the ASICs Collateral

shall remain with the same validity, force, priority, and effect on those other assets.

11. On the Closing Date, all of the Debtors' right, title, and interest in and to, and possession of, the ASICs Collateral shall be immediately vested in NYDIG or its Designee(s) (defined below), as applicable, pursuant to sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, free and clear of any and all Claims and Liens. Such transfer shall constitute a legal, valid, binding, and effective transfer of the ASICs Collateral. All persons or entities, presently, or on or after the Closing Date, in possession of some or all of the ASICs Collateral are directed to surrender possession of the ASICs Collateral directly to NYDIG or its Designee(s) on the Closing Date or at such time thereafter as NYDIG may request.

12. NYDIG is hereby authorized, in connection with the consummation of the ASICs Transfer, to allocate the receipt of the ASICs Collateral among its affiliates, designees, assignees, or successors (each, a "Designee" and collectively, the "Designees") in a manner as it, in its sole discretion, deems appropriate, and the Debtors shall cooperate with and take all actions reasonably requested by NYDIG to effectuate any of the foregoing. For the avoidance of doubt, the transfer of the ASICs Collateral to, and the receipt by, any Designee of NYDIG shall be deemed as a delivery of the ASICs Collateral to NYDIG solely for the purposes of effectuating ASICs Transfer and satisfying any condition regarding the return of the ASICs Collateral pursuant to the terms of the Loan Documents and the extinguishment of the NYDIG Debt.

13. NYDIG is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. The ASICs Transfer is undertaken by NYDIG without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the transfer

shall not affect the validity of the ASICs Transfer, unless such authorization and consummation of the transfer of the ASICs Collateral are duly and properly stayed pending such appeal.

14. Neither the Debtors, NYDIG, nor any affiliate of either the Debtors or NYDIG have engaged in any collusion with other bidders or other parties or taken any other action or inaction that would cause or permit the ASICs Transfer to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code or otherwise. The consideration provided by NYDIG for the ASICs Collateral is fair and reasonable and is not less than the value of such assets, and the ASICs Transfer may not be avoided under section 363(n) of the Bankruptcy Code.

15. Upon or after the Closing Date, the Debtors shall do and perform, or cause to be done or performed, all such further acts and things, and shall execute and deliver all such other agreements, certificates, bills of sale, instruments, and documents, as NYDIG shall reasonably request in connection with the ASICs Transfer.

16. Upon the occurrence of the Closing Date, NYDIG, on the one hand, and the Debtors, on the other hand, each, on their own behalf and on behalf of their respective affiliates, fully, irrevocably, and unconditionally release and forever discharge one another and their respective affiliates, and such other parties and their respective affiliates' successors, assigns, directors, officers, employees, agents, and professionals (collectively, the "<u>Released Parties</u>"), of and from any and all obligations, debts, causes of action, suits, controversies, damages, claims, demands, and liabilities whatsoever, both in law and at equity, known or unknown, that such party has as of the date hereof against the Released Parties arising out of the Loan Documents and the transactions contemplated thereby.

17. If this Stipulation and Agreed Order has not been entered within ten (10) days following the expiration of the objection deadline to the Motion (without giving effect to any

extensions thereof), NYDIG may file a notice on the docket in these chapter 11 cases that it is exercising its right to terminate the ASICs Transfer (the "Termination Notice"). Upon the filing of a Termination Notice, the Debtors' and NYDIG's remaining obligations under this Stipulation and Agreed Order shall terminate (other than as described in this Paragraph). For the avoidance of doubt, the Closing Date shall not occur if NYDIG files a Termination Notice prior to the entry of this Stipulation and Agreed Order.

18. The Parties are authorized to take all actions necessary and consistent with the terms of this Stipulation and Agreed Order.

19. The requirements set forth in Bankruptcy Rule 6004 have been satisfied or are otherwise hereby waived.

20. As provided by Bankruptcy Rule 9014, the terms and conditions of this Order shall be effective immediately upon entry and shall not be subject to the stay provisions contained in Bankruptcy Rule 6004(h). Time is of the essence in consummating the ASICs Transfer and the Debtors and NYDIG intend to close the ASICs Transfer as soon as possible.

21. This Stipulation and Agreed Order constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, are not intended to confer upon any other person any rights or remedies hereunder.

22. The undersigned persons represent and warrant that they have full authority to execute this Stipulation and Agreed Order and that the respective Parties have full knowledge of and have consented to this Stipulation and Agreed Order.

23. This Stipulation and Agreed Order may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original

and all of which together shall constitute one and the same instrument.

24. Proper, timely, sufficient and appropriate notice of this Stipulation and Agreed Order has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules (each as defined in the Replacement Interim DIP Order), and no other or further notice of this Stipulation and Agreed Order shall be required.

25. The Bankruptcy Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Agreed Order.

**Signed: February 26, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation and Agreed Order as of the date set forth below.

Dated: February 2, 2023

/s/ *Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (*admitted pro hac vice*)
Ronit J. Berkovich (*admitted pro hac vice*)
Moshe A. Fink (*admitted pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   Ray.Schrock@weil.com
         Ronit.Berkovich@weil.com
         Moshe.Fink@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

/s/ *Dennis M. Twomey*
SIDLEY AUSTIN LLP
Dennis M. Twomey (*admitted pro hac vice*)
Jackson T. Garvey (*admitted pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email:  dtwomey@sidley.com
        jgarvey@sidley.com

-and-

Maegan Quejada (24105999)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
Email: mquejada@sidley.com

*Counsel to NYDIG ABL LLC*

## Schedule 1

### ASICs Collateral

| Schedule of Miners | |
|---|---|
| Type | Number |
| **Schedule 1** | |
| Antminer S19 90TH | 123 |
| Antminer S19 95TH | 325 |
| Antminer S19 Pro 110TH | 4 |
| **Schedule 1 Total** | **452** |
| **Schedule 2** | |
| Antminer S19 90TH | 466 |
| Antminer S19 95TH | 11 |
| Antminer S19 Pro 105TH | 31 |
| Antminer S19 Pro 110TH | 353 |
| Antminer S19j Pro 96TH | 50 |
| **Schedule 2 Total** | **911** |
| **Schedule 3** | |
| Antminer S19 Pro 110TH | 1,054 |
| **Schedule 3 Total** | **1,054** |
| **Schedule 4** | |
| Antminer S19j Pro 104TH | 2,585 |
| Antminer S19j Pro 96TH | 11 |
| **Schedule 4 Total** | **2,596** |

| Schedule of Miners | |
|---|---|
| Type | Number |
| **Schedule 5** | |
| Antminer S19 90TH | 47 |
| Antminer S19 Pro 105TH | 24 |
| Antminer S19 Pro 110TH | 571 |
| Antminer S19j Pro 100TH | 177 |
| Antminer S19j Pro 104TH | 2,113 |
| Antminer S19j Pro 96TH | 303 |
| **Schedule 5 Total** | **3,235** |
| **Schedule 6** | |
| Antminer S19 95TH | 14,163 |
| **Schedule 6 Total** | **14,163** |
| **Schedules 7-9** | |
| Antminer S19j Pro 100TH | 1,247 |
| Antminer S19j Pro 104TH | 2,397 |
| Antminer S19j Pro 92TH | 249 |
| Antminer S19j Pro 96TH | 1,099 |
| **Schedules 7-9 Total** | **4,992** |
| **Total Miners** | **27,403** |

WEIL:\98999777\1\39031.0014

**Schedule 2**

| Site | Date | Miner Count | Shipments |
|---|---|---|---|
| CAL | 24-Feb | 1,368 | 2 |
| MBL | 24-Feb | 2,926 | 3 |
| MBL | 24-Mar | 3,142 | 3 |
| DNN3 | 24-Mar | 1,080 | 1 |
| CAL | 24-Mar | 5,400 | 5 |
| DNN1 | 31-Mar | 1,085 | 1 |
| MBL | 31-Mar | 3,144 | 3 |
| DNN3 | 31-Mar | 3,625 | 4 |
| CAL | 31-Mar | 5,633 | 6 |
| **TOTAL** | | **27,403** | |

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-90341-drj |
| Core Scientific, Inc. | Chapter 11 |
| Official Committee of Unsecured Creditor | |
| Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 6 |
| Date Rcvd: Feb 27, 2023 | Form ID: pdf002 | Total Noticed: 34 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 01, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | American Property Acquisition, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions I, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions VII, LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Core Scientific Acquired Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Operating Company, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Specialty Mining (Oklahoma) LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | RADAR LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Radar Relay, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Starboard Capital LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| cr | + | AmTrust North America, Inc. on behalf of Associate, c/o Maurice Wutscher LLP, 23611 Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| intp | + | Board of Directors of Core Scientific, Inc., c/o Peter C. Lewis, Scheef & Stone, L.L.P., 500 North Akard Street, Suite 2700, Dallas, TX 75201-3306 |
| intp | + | Condair Inc., c/o John S. Collins, Vorys, Sater, Seymour and Pease LLP, 909 Fannin, Suite 2700, Houston, TX 77010-1009 |
| cr | + | Dalton Utilities, Howley Law PLLC, 711 Louisiana Street, Ste. 1850, Houston, TX 77002-2790 |
| cr | + | GEM Mining 1, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2B, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 3, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 4, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | Indigo Direct Lending, LLC, c/o Ross, Smith & Binford, PC, Attn: Frances A. Smith, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| cr | + | J.W. Didado Electric, LLC, c/o Leonard I. Pataki, Quanta Services, 4500 S. Garnett Road, Suite 100, Tulsa, OK 74146-5221 |
| cr | + | Maddox Industrial Transformer, LLC, c/o Mary M. Caskey, Esq., Haynsworth Sinkler Boyd, PA, PO Box 11889, Columbia, SC 29211-1889 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | NextEra Energy Resources, LAW/JB, 700 Universe Blvd., Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Pescadero Capital, LLC, Building LAW/JB, 700 Universe Blvd, Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| cr | + | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |
| intp | + | U.S. Bank National Association, as Prepetition Not, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |
| cr | + | c/o James Bailey Esq Gaylor Electric, Inc., d/b/a, Bradley Arant Boult Cummings LLP, One Federal Place, 1819 5th Ave. N, Birmingham, AL 35203-2119 |

TOTAL: 30

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: ahochheiser@mauricewutscher.com | | |
| | | | Feb 27 2023 20:00:00 | AmTrust North America, Inc. on behalf of Associate, c/o Maurice Wutscher LLP, 23611 Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| cr | + | Email/Text: beanland@mssattorneys.com | | |
| | | | Feb 27 2023 20:00:00 | BEAM Concrete Construction, Inc., c/o Misti L. |

| District/off: 0541-4 | User: ADIuser | Page 2 of 6 |
|---|---|---|
| Date Rcvd: Feb 27, 2023 | Form ID: pdf002 | Total Noticed: 34 |

| | | | | |
|---|---|---|---|---|
| | | | | Beanland, 8131 LBJ Freeway, Suite 700, Dallas, TX 75251-1352 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Feb 27 2023 20:00:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328 |
| cr | + | Email/Text: schristianson@buchalter.com | Feb 27 2023 19:59:00 | Oracle America, Inc., Buchalter PC, c/o Shawn M. Christianson, 425 Market St., Suite 2900, San Francisco, Ca 94105-2491 |
| cr | + | Email/Text: neil.orleans@judithwross.com | Feb 27 2023 20:00:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |

TOTAL: 5

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 36th Street Capital Partners, LLC |
| cr | | ABLe Communications, Inc. |
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Anchorage Lending CA, LLC |
| intp | | B. Riley Commercial Capital, LLC |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi Lending LLC |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |
| cr | | CEC Energy Services LLC |
| cr | | Celsius Mining, LLC |
| cr | | Charles Basil |
| cr | | City of Denton |
| cr | | Coonrod Electric Co. LLC |
| intp | | Foundry Digital LLC |
| cr | | General Casualty Company of Wisconsin |
| intp | | Harper Construction Company, Inc. |
| cr | | Huband-Mantor Construction, Inc. |
| cr | | Humphrey & Associates, Inc. |
| cr | | MK Marlow Company, LLC |
| cr | | MP2 Energy Texas LLC d/b/a Shell Energy Solutions |
| cr | | Marnoy Interests, Ltd. d/b/a Office Pavilion |
| cr | | MassMutual Asset Finance, LLC |
| cr | | Mitch Edwards |
| cr | | NYDIG ABL LLC |
| crcm | | Official Committee of Unsecured Creditors |
| cr | | Prime Alliance Bank, Inc. |
| cr | | Priority Power Management, LLC |
| intp | | SRPF A QR Riversouth LLC |
| cr | | Sphere 3D Corp. |
| cr | | TOYOTA INDUSTRIES COMMERCIAL FINANCE INC. |
| cr | | Texas Capitalization Resource Group, Inc., 5201 Camp Bowie Blvd. Suite 200, Fort Worth |
| intp | | The Ad Hoc Equity Group |
| intp | | Trinity Capital Inc. |
| cr | | Wingspire Equipment Finance, LLC |

TOTAL: 37 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 01, 2023                Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 27, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Alfredo R Perez | on behalf of Debtor Core Scientific  Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific Specialty Mining (Oklahoma) LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific Acquired Mining LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Core Scientific Operating Company alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Radar Relay  Inc. alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor RADAR LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor American Property Acquisitions VII  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor American Property Acquisitions I  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor Starboard Capital LLC alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alfredo R Perez | on behalf of Debtor American Property Acquisition  LLC alfredo.perez@weil.com, alfredo-perez-1218@ecf.pacerpro.com;erin.choi@weil.com;clifford.carlson@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;jake.rutherford@weil.com;theodore.heckel@weil.com |
| Alicia Lenae Barcomb | on behalf of U.S. Trustee US Trustee alicia.barcomb@usdoj.gov |

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 4 of 6 |
| Date Rcvd: Feb 27, 2023 | Form ID: pdf002 | Total Noticed: 34 |

Arsalan Muhammad
    on behalf of Creditor BlockFi Inc. and its affiliated entities arsalan.muhammad@haynesboone.com, kenneth.rusinko@haynesboone.com

Ashley L. Harper
    on behalf of Creditor Sphere 3D Corp. ashleyharper@HuntonAK.com

Byron Z Moldo
    on behalf of Creditor Mitch Edwards bmoldo@ecjlaw.com aantonio@ecjlaw.com,dperez@ecjlaw.com

Byron Z Moldo
    on behalf of Creditor Charles Basil bmoldo@ecjlaw.com aantonio@ecjlaw.com,dperez@ecjlaw.com

Charles Thomas Kruse
    on behalf of Creditor Barings Private Credit Corp. tom.kruse@arnoldporter.com

Charles Thomas Kruse
    on behalf of Creditor Barings BDC Inc. tom.kruse@arnoldporter.com

Charles Thomas Kruse
    on behalf of Creditor Barings Capital Investment Corporation tom.kruse@arnoldporter.com

Craig Crockett
    on behalf of Creditor Texas Capitalization Resource Group Inc. craig@crockettfirm.com

Craig E Power
    on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions cpower@cokinoslaw.com mbartlett@cokinoslaw.com;eolson@cokinoslaw.com

Deborah Michelle Perry
    on behalf of Interested Party SRPF A QR Riversouth LLC dperry@munsch.com

Devan Joan Dal Col
    on behalf of Creditor Wingspire Equipment Finance LLC ddalcol@reedsmith.com

Devan Joan Dal Col
    on behalf of Creditor Prime Alliance Bank Inc. ddalcol@reedsmith.com

Devan Joan Dal Col
    on behalf of Creditor 36th Street Capital Partners LLC ddalcol@reedsmith.com

Dylan Ross
    on behalf of Creditor ABLe Communications Inc. dross@forsheyprostok.com, jjones@forsheyprostok.com;calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;drossfp@ecf.courtdrive.com

Eric L Scott
    on behalf of Creditor MK Marlow Company LLC escott@sv-legal.com

Eric Thomas Haitz
    on behalf of Creditor Priority Power Management LLC ehaitz@gibsondunn.com

Frances Anne Smith
    on behalf of Creditor Indigo Direct Lending LLC frances.smith@rsbfirm.com, michael.coulombe@rsbfirm.com

Gary M McDonald
    on behalf of Creditor J.W. Didado Electric LLC gmcdonald@mmmsk.com, hdowell@mcdonaldpllc.com

Hector Duran, Jr
    on behalf of U.S. Trustee US Trustee Hector.Duran.Jr@usdoj.gov

James Drew
    on behalf of Creditor Anchorage Lending CA LLC jdrew@otterbourg.com

James B. Bailey
    on behalf of Creditor c/o James Bailey Esq Gaylor Electric Inc., d/b/a Gaylor, Inc. jbailey@bradley.com, jbailey@ecf.courtdrive.com

James Tillman Grogan, III
    on behalf of Creditor Ad Hoc Group of Secured Convertible Noteholders jamesgrogan@paulhastings.com

Jason Starks
    on behalf of Creditor Travis County bkecf@traviscountytx.gov

Jason B. Binford
    on behalf of Creditor Tenaska Power Services Co. jason.binford@rsbfirm.com

Jason R Kennedy
    on behalf of Creditor Humphrey & Associates Inc. bankruptcy@laperouselaw.com, holly@harrisonsteck.com

Jason S Brookner
    on behalf of Creditor Committee Official Committee of Unsecured Creditors jbrookner@grayreed.com lwebb@grayreed.com

Jay K Farwell

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 5 of 6 |
| Date Rcvd: Feb 27, 2023 | Form ID: pdf002 | Total Noticed: 34 |

on behalf of Creditor Huband-Mantor Construction Inc. jfarwell@cokinoslaw.com, dcarlin@cokinoslaw.com

Jayson B. Ruff
    on behalf of U.S. Trustee US Trustee jayson.b.ruff@usdoj.gov

Jeffrey Philipp Prostok
    on behalf of Creditor ABLe Communications Inc. jprostok@forsheyprostok.com, calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com

Jennifer Jaye Hardy
    on behalf of Creditor Committee Official Committee of Unsecured Creditors jhardy2@willkie.com mao@willkie.com

Jennifer L. Kneeland
    on behalf of Interested Party McCarthy Building Companies Inc. jkneeland@wattieder.com, shope@wattieder.com

John Lewis, Jr.
    on behalf of Creditor General Casualty Company of Wisconsin jolewis@shb.com sgrussell@shb.com

John F Higgins, IV
    on behalf of Interested Party Harper Construction Company Inc. jhiggins@porterhedges.com, emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John F Higgins, IV
    on behalf of Interested Party Foundry Digital LLC jhiggins@porterhedges.com emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John Kendrick Turner
    on behalf of Creditor Dallas County john.turner@lgbs.com Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

John Stuart Collins
    on behalf of Interested Party Condair Inc. jscollins@vorys.com mdwalkuski@vorys.com

Judith W Ross
    on behalf of Creditor Tenaska Power Services Co. judith.ross@rsbfirm.com

Kelli S. Norfleet
    on behalf of Creditor City of Denton kelli.norfleet@haynesboone.com kenneth.rusinko@haynesboone.com

Maegan Quejada
    on behalf of Creditor NYDIG ABL LLC mquejada@sidley.com txefilingnotice@sidley.com;maegan-quejada-3302@ecf.pacerpro.com;efilingnotice@sidley.com

Marcy J. McLaughlin Smith
    on behalf of Creditor Dalton Utilities marcy.smith@troutman.com

Marguerite Lee DeVoll
    on behalf of Interested Party McCarthy Building Companies Inc. mdevoll@wattieder.com

Maria Mulrooney Bartlett
    on behalf of Creditor MP2 Energy Texas LLC d/b/a Shell Energy Solutions mbartlett@cokinoslaw.com

Mary M Caskey
    on behalf of Creditor Maddox Industrial Transformer LLC mcaskey@hsblawfirm.com

Matthew D Cavenaugh
    on behalf of Creditor Celsius Mining LLC mcavenaugh@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net

Matthew Ray Brooks
    on behalf of Creditor Dalton Utilities matthew.brooks@troutman.com wlbank@troutman.com;Monica.Molitor@troutman.com

Matthew T Ferris
    on behalf of Creditor BlockFi Lending LLC matt.ferris@haynesboone.com kim.morzak@haynesboone.com;kristy.martinez@haynesboone.com

Misti Lachelle Beanland
    on behalf of Creditor BEAM Concrete Construction Inc. beanland@mssattorneys.com

Nathaniel Richard Hull
    on behalf of Creditor MassMutual Asset Finance LLC nhull@verrilldana.com

Noelle M Reed
    on behalf of Interested Party The Ad Hoc Equity Group noelle.reed@skadden.com daniel.mayerfeld@skadden.com;dockethouston@skadden.com;rachel.redman@skadden.com;wendy.lamanna@skadden.com;andrea.bates@skadden.com;christopher.heaney@skadden.com

Patrick Holder Autry
    on behalf of Creditor CEC Energy Services LLC pautry@branscombpc.com slee@branscomblaw.com

Patrick Holder Autry
    on behalf of Creditor Coonrod Electric Co. LLC pautry@branscombpc.com slee@branscomblaw.com

Peter Clifton Lewis

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 6 of 6 |
| Date Rcvd: Feb 27, 2023 | Form ID: pdf002 | Total Noticed: 34 |

| | |
|---|---|
| | on behalf of Interested Party Board of Directors of Core Scientific Inc. peter.lewis@solidcounsel.com, marcella.morales@solidcounsel.com |
| R. J. Shannon | |
| | on behalf of Interested Party B. Riley Commercial Capital LLC rshannon@shannonpllc.com, rshannon@shannonleellp.com;7044075420@filings.docketbird.com |
| Rachael L Smiley | |
| | on behalf of Creditor Marnoy Interests Ltd. d/b/a Office Pavilion rsmiley@fbfk.law, eglenn@fbfk.law |
| Scott D Fink | |
| | on behalf of Creditor TOYOTA INDUSTRIES COMMERCIAL FINANCE INC. Bronationalecf@weltman.com |
| Shawn M Christianson | |
| | on behalf of Creditor Oracle America Inc. schristianson@buchalter.com, cmcintire@buchalter.com |
| Shirley Palumbo | |
| | on behalf of Creditor Pescadero Capital LLC shirley.palumbo@nexteraenergy.com |
| Shirley Palumbo | |
| | on behalf of Creditor NextEra Energy Resources shirley.palumbo@nexteraenergy.com |
| Stephanie Lyn O'Rourke | |
| | on behalf of Creditor Huband-Mantor Construction Inc. sorourke@cokinoslaw.com, sdavis@cokinoslaw.com;etalavera@cokinoslaw.com |
| Stephen Clark Jackson | |
| | on behalf of Creditor GEM Mining 1 LLC sjackson@maynardcooper.com |
| Stephen Clark Jackson | |
| | on behalf of Creditor GEM Mining 4 LLC sjackson@maynardcooper.com |
| Stephen Clark Jackson | |
| | on behalf of Creditor GEM Mining 3 LLC sjackson@maynardcooper.com |
| Stephen Clark Jackson | |
| | on behalf of Creditor GEM Mining 2 LLC sjackson@maynardcooper.com |
| Stephen Clark Jackson | |
| | on behalf of Creditor GEM Mining 2B LLC sjackson@maynardcooper.com |
| Stretto | |
| | ecf@cases-cr.stretto-services.com aw01@ecfcbis.com |
| Thomas A Howley | |
| | on behalf of Creditor Dalton Utilities tom@howley-law.com roland@howley-law.com;eric@howley-law.com |
| Thomas O. Bean | |
| | on behalf of Creditor MassMutual Asset Finance LLC tbean@verrilldana.com |
| Timothy Alvin Davidson, II | |
| | on behalf of Creditor Sphere 3D Corp. taddavidson@andrewskurth.com |
| US Trustee | |
| | USTPRegion07.HU.ECF@USDOJ.GOV |

TOTAL: 81