# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WILLKIE FARR & GALLAGHER LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JANUARY 9, 2023

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Core Scientific, Inc. and its debtor affiliates in the above captioned cases (collectively, the "Debtors"), pursuant to sections 105(a), 328(a), 330, and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, authorizing the Committee to employ and retain Willkie Farr & Gallagher LLP ("Willkie" or the "Firm") as counsel, effective as of January 9, 2023; and upon the Miller Declaration and the Trompeter Declaration (together, the "Declarations"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that no other or further notice is needed or necessary; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Court having found, based on the representations made in the Declarations, that Willkie (a) does not hold or represent any interest adverse to the Debtors' estates, (b) is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code, and (c) does not represent any entity having an adverse interest in connection with the case as required by section 1103 of the Bankruptcy Code; and the Court having reviewed the Application and the Declarations; and the Court having determined that the legal and factual bases set forth in the Application and the Declarations establish good cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, and subject to the terms of this Order, the Committee is hereby authorized to employ and retain Willkie as its bankruptcy counsel to provide the following services, effective January 9, 2023:

   a. advising the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;

   b. assisting and advising the Committee in its consultation with the Debtors relative to the administration of these chapter 11 cases;

   c. attending meetings and negotiating with the representatives of the Debtors and other parties-in-interest;

   d. assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

   e. assisting and advising the Committee in connection with any sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;

   f. assisting the Committee in the review, analysis, and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and

        assisting the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any such plan(s);

g.    taking all necessary actions to protect and preserve the interests of the Committee, including: (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

h.    generally preparing on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses, and papers in support of positions taken by the Committee;

i.    appearing, as appropriate, before this Court, the appellate courts, and the U.S. Trustee, and protecting the interests of the Committee before those courts and before the U.S. Trustee; and

j.    performing all other necessary legal services in these chapter 11 cases.

3.    Willkie shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law. For billing purposes, Willkie shall keep its time in one tenth (1/10) hour increments in accordance with the Fee Guidelines. Willkie also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with the Application and any interim and final fee applications to be filed by Willkie in these chapter 11 cases. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format.

4.    Willkie shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5.    Prior to any increases in Willkie hourly rates, the Firm shall file a supplemental declaration with the Court to provide ten (10) business days' notice to the Debtors and the U.S. Trustee, which supplemental declaration shall explain the basis for the requested rate increases in

accordance with section 330(a)(3)(F) of the Bankruptcy Code, and state whether the Committee has consented to such rate increases. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Willkie shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

7. To the extent that Willkie uses the services of non-Willkie attorneys who are contracted through a third-party agency in these chapter 11 cases, Willkie shall (a) pass-through the cost of such attorneys to the Debtors at the same rate that Willkie pays such attorneys, (b) seek reimbursement for actual out-of-pocket expenses only, and (c) ensure that such attorneys are subject to the same conflict checks and disclosures as required of Willkie by Bankruptcy Rule 2014.

8. Willkie shall review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Willkie shall promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. To the extent that there may be any inconsistency between the terms of the Application, the Declarations, and this Order, the terms of this Order shall govern.

10. The Committee is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

- 5 -

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

                                  THE HONORABLE DAVID R. JONES
                                  UNITED STATES BANKRUPTCY JUDGE