United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 07, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**AGREED ORDER DIRECTING THE APPOINTMENT
OF AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**
[Relates to Docket No. 458]

The Bankruptcy Court, having considered the *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458] (the "**Motion**") filed by the Ad Hoc Equity Group[2] on February 3, 2023; and the Bankruptcy Court having held a hearing on March 1, 2023 (the "**March 1 Hearing**") and March 3, 2023 (collectively, the "**Hearing**") to consider the relief requested in the Motion; at the March 1 Hearing, following comments made by the Bankruptcy Court relating to the Motion, the Debtors, the UCC, the Ad Hoc Equity Group. B. Riley, in its capacity as DIP Lender ("**B. Riley**"), and the Ad Hoc Noteholder Group agreed to adjourn to March 3, 2023 to consider the Bankruptcy Court's proposal; and following good faith and arm's length negotiations, the Debtors have agreed to the appointment of an official

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6073); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

committee of equity security holders (the "**Official Equity Committee**"), subject to the terms set forth in this Order; and the Bankruptcy Court finding good cause therefor, and for the reasons stated on the record,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as and to the extent expressly set forth herein (the "**Order**") and subject to the limitations and standards of review stated by the Bankruptcy Court on the record at the Hearing.

2. The U.S. Trustee shall appoint an Official Equity Committee in the chapter 11 cases as expeditiously as possible.

3. Subject to paragraphs 4 through 8 below, the fees and expenses of the Official Equity Committee, inclusive of any fees and expenses of any legal and financial advisors to the Official Equity Committee, shall be limited to $4,750,000 (the "**EC Fee Cap**").

4. The EC Fee Cap can be increased with approval of the Bankruptcy Court, upon notice to the Debtors, the UCC, the Ad Hoc Noteholder Group, B. Riley, the U.S. Trustee, and other parties-interest, and a hearing.

5. The Debtors' estates shall not pay the fees and expenses of the Official Equity Committee that exceed the EC Fee Cap unless the Bankruptcy Court orders otherwise in accordance with the preceding paragraph.

6. The Official Equity Committee and its advisors shall be subject to and shall be paid (subject to the limitations set forth herein) in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 541].

7.       Notwithstanding anything to the contrary in this Order, the allowance of fees and expenses incurred by the Official Equity Committee and any advisors retained by the Official Equity Committee shall be subject to the review of the Bankruptcy Court with the limitations and standards of review set forth by the Bankruptcy Court on the record at the Hearing, in addition to being in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Bankruptcy Court.

8.       The scope of the Official Equity Committee's appointment (and any fees or expenses incurred by the Official Equity Committee and its advisors) shall be limited to (a) valuation and (b) negotiations, in each case related to determining the terms of confirmation of a chapter 11 reorganization plan. The scope of the Official Equity Committee's appointment can be expanded with approval of the Bankruptcy Court upon notice to the Debtors, the UCC, the Ad Hoc Noteholder Group, B. Riley, the U.S. Trustee and other parties-interest, and a hearing. To the extent the Official Equity Committee's scope expands in accordance with this paragraph, nothing herein shall restrict the rights of any party, including the Debtors, the UCC, B. Riley, the Ad Hoc Noteholder Group or the U.S. Trustee from requesting that the Bankruptcy Court limit the scope of the Official Equity Committee back to its original scope (or to exercise the rights set forth in paragraph 9 below).

9.       The Debtors, the UCC, B. Riley and the Ad Hoc Noteholder Group shall have the right to request that the Bankruptcy Court disband the Official Equity Committee (a "**Disbandment Request**"), upon notice to the Official Equity Committee, the U.S. Trustee and other parties in interest, and a hearing. Any party intending to file a Disbandment Request shall inform the U.S. Trustee five days prior to filing any such request with the Bankruptcy Court.

4

10.     This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  March 07, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4