## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (A) APPROVING PROTOCOL FOR PROVIDING ACCESS TO INFORMATION TO UNSECURED CREDITORS AND (B) CLARIFYING DISCLOSURE OBLIGATIONS

Upon the *Motion of Official Committee of Unsecured Creditors for Entry of an Order (A) Approving Protocol for Providing Access to Information to Unsecured Creditors and (B) Clarifying Disclosure Obligations* (the "Motion"),[2] and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Motion was reasonable and sufficient under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. The Motion is granted as set forth herein.

2. Subject to paragraphs 4 through 10 hereof, in full satisfaction of the Committee's obligations to provide access to information for the Debtors' unsecured creditors in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

   i. The Committee will establish and maintain an electronic mail address for creditors to submit questions and comments.

   ii. <u>Privileged and Confidential Information</u>. The Committee (and any member of the Committee) shall not disseminate to any Entity (as defined in section 101(15) of the Bankruptcy Code), without further order of the Court, Confidential Information, notwithstanding any law, rule, or disclosure obligation that would otherwise require the dissemination of such Confidential Information to an Entity. In addition, the Committee shall not provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

   iii. <u>Information Obtained Through Discovery</u>. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

   iv. <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall reasonably promptly provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is

        unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and a hearing on such motion shall be noticed and scheduled.

v. <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to the Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before ten (10) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand. To the extent, however, the Committee has agreed to receive certain information pursuant to a written confidentiality agreement, and the terms of such confidentiality agreement are more restrictive than this paragraph, the terms of the confidentiality agreement shall govern.

vi. If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested reasonably may impair the Debtors' business, no information will be disclosed unless the Court orders such disclosure after notice and a hearing. The determination that a Requesting Creditor is a competitor or prospective creditor is reviewable by the Court.

vii. To the extent that the Committee is required to provide or disclose Confidential Information in accordance with this Order, the Committee shall require any Requesting Creditor to enter into a confidentiality agreement reasonably acceptable to the Debtors and

the Committee (a "Creditor Confidentiality Agreement"), and the Requesting Creditor shall enter into trading restrictions with respect to such Confidential Information and represent that such trading restrictions and any information-screening process complies with applicable securities laws and will reasonably protect the confidentiality of such information; provided, however, that neither the Committee nor the Debtor shall have any responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or other laws.

3.    The Committee Parties shall be deemed to be in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing the Creditor Information Protocol.

4.    The Committee Parties shall not be required to disseminate to any creditor or any creditor's representative: (a) without further order of the Court, any Confidential Information; or (b) any other information if the effect of such disclosure would constitute a general or subject matter waiver of the attorney-client, work-product, or other applicable privilege possessed by the Committee.

5.    Any information received (formally or informally) by the Committee Parties from any entity or person in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with discovery in any contested matter, adversary proceeding or other litigation shall not be governed by the terms of this Order but, rather, by any order governing such discovery, as applicable.

6.    Any documents, information or other materials provided by the Debtors that would be deemed confidential pursuant to the confidentiality agreement between the Debtors and the Committee shall be treated as "Confidential Information" for purposes of this Order; provided, however, that nothing in this Order affects or shall be deemed to affect the Committee's ability to dispute the status of such information as "Confidential Information."

4

7. The Committee's counsel is hereby authorized, in its reasonable discretion, to communicate with the Debtors' general unsecured creditors and/or respond to their information requests, submitted by email or otherwise, on behalf of the Committee. Notwithstanding any possible construction of section 1102(b)(3) of the Bankruptcy Code to the contrary, the Committee, its individual members, and its counsel and other advisors shall not be required or obligated to disseminate any Confidential Information.

8. The Committee shall not have or incur any liability to any entity for acts taken or omitted to be taken with respect to its obligations under section 1102(b)(3) of the Bankruptcy Code as long as the Committee and its professionals have acted in compliance with the procedures set forth herein and any confidentiality agreement; *provided*, *however*, that the foregoing shall not preclude the right of any creditor to move the Court for an order requiring production of other or additional information, to the extent available.

9. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

10. For the avoidance of doubt, nothing in this Order shall affect the obligations of the Committee Parties under any agreements with the Debtors or other parties addressing the confidentiality or handling of any information, including the confidentiality section of the Committee's by-laws, whether such agreements are entered into before or after the entry of this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

**Signed:**

                                          **DAVID R. JONES**
                                          **UNITED STATES BANKRUPTCY JUDGE**