IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[6] | § | |
| | § | |

**ORDER APPROVING (I) GLOBAL SETTLEMENT
BETWEEN DEBTORS AND PRIORITY POWER
MANAGEMENT, LLC, (II) ASSUMPTION OF THE EMCSA, (III) ENTRY
INTO THE NEW AGREEMENTS AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated March 9, 2023 (the "**Motion**"),[7] of Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), Debtors request authority for (i) a global settlement between the Debtors and PPM, on the terms set forth in the Motion, (ii) assumption of the EMCSA, as amended and restated as set forth in the Motion, (iii) entry into the New Agreements and (iv) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having

---

[6] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[7] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d), 363 and 365 of the Bankruptcy Code, the global settlement by and between the Debtors and PPM (the "**PPM Settlement**"), on the terms set forth herein, is approved.

2. The PPM Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

3. PPM shall have a single allowed claim (as defined in 11 U.S.C. § 101(5)) against the Debtors in the aggregate principal amount of $20,800,674 (the "**PPM Claim**").

4. The Debtors stipulate that the PPM Claim is secured by the PPM Liens, including those certain mechanics' liens attached to that certain *Notice of Perfection of Mechanic's Lien of Priority Power Management, LLC* (Docket No. 412) and that certain *Notice of Perfection of Mechanic's Lien of Priority Power Management, LLC* (Docket No. 413), which mechanics' liens are valid, properly perfected, non-avoidable, first-priority security interests in, and mechanics' liens on, substantially all of the Debtors' real property at the Facilities.

5. All of the Debtors' interest, if any, in the equipment described in Annex A to this Order shall be transferred to PPM, on a "free and clear" basis pursuant to section 363(f) of the Bankruptcy Code. With respect to the portion of such equipment noted on Annex A to the

Term Sheet as having been delivered and either installed or staged at the Cottonwood Facility or the Cedarvale Facility, PPM shall have the right, at PPM's sole cost and expense, to retrieve such equipment without further order of this Court.

6. PPM is hereby entitled to retain all Retained DR Revenues.

7. As of the entry of this Order, each of (a) the PPM Claim shall be deemed paid and satisfied in full; (b) the PPM Liens shall be released; (c) PPM shall satisfy all claims and liens, if any, of each subcontractor of PPM for all work performed at the Facilities and all goods, labor and materials supplied to, for, or in connection with the Debtors or the Facilities; (d) the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and PPM and its affiliates (each of the Debtor Releasors and PPM and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released Party**") from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, liens, and claims of every kind, nature, and character whatsoever, other than with respect to the New Agreements, the assumed EMCSA, as amended and restated, and the rights and obligations of the Releasing Parties under the PPM Settlement, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or

unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have, against any Released Party arising under or related to the PPM Claim, the PPM Liens, the Priority Power Contracts, the ESA, the Services (as defined in the EMCSA, as amended and restated), the Retained DR Revenues, the Debtors' Claims, or the Facilities, including, for the avoidance of doubt, any preference, fraudulent transfer, or other avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii) each other Releasing Party from any and all other claims or causes of action arising prior to the entry of this Order, other than with respect to the New Agreements, the assumed EMCSA, as amended and restated, and the rights and obligations of the Releasing Parties under the PPM Settlement; (e) other than as set forth herein, PPM shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise, other than with respect to the New Agreements, the assumed EMCSA, as amended and restated, and the rights and obligations of the Releasing Parties under the PPM Settlement; and (f) the ESA shall be deemed to terminate upon the satisfaction of the foregoing conditions of this paragraph.

8. Within five (5) calendar days of the entry of this Order or as soon thereafter as is practicable:

(a) The Debtors shall reimburse PPM in cash for attorneys' fees and out-of-pocket expenses up to $85,000;

(b) PPM shall deliver to the Debtors (i) final lien waivers (which lien waivers shall be unconditional) in form and substance acceptable to the Debtors for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities duly executed by PPM and each subcontractor of PPM; (ii) as-built

4

drawings, plan and specifications for all substations and electrical infrastructure at the Facilities; and (iii) an assignment of all warranties in respect of any equipment procured, delivered, or installed by PPM or any subcontractor of PPM at the Facilities, *provided*, that PPM shall have no obligation to guaranty or determine whether any such warranty is assignable by its terms; and

(c) The Parties shall execute and enter into the amended and restated EMCSA and the New Agreements, each of which shall be effective as of the date of entry of this Order. The second anniversary of the date of entry of this Order shall be inserted as the termination date in each of the amended and restated EMCSA and the New Agreements.

9. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, and to the extent applicable, section 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006 and 9019, the EMCSA, as amended and restated as set forth in the Motion, is hereby assumed as of the date of the entry of this Order. The Debtors are further authorized, but not directed, to take any actions required to effectuate the assumption of the EMCSA, as amended and restated. Cure costs, to the extent there are any, are fully released and discharged in the PPM Settlement.

10. The Debtors have provided adequate assurance of future performance under the EMCSA, as amended and restated, to the extent required pursuant to section 365(b) of the Bankruptcy Code.

11. The Debtors are authorized, but not directed, to enter into the New Agreements. The Debtors are further authorized, but not directed, to take any actions required to enter into the New Agreements.

12. To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Settlement

Agreement, assuming the EMCSA, as amended and restated, and entering into the New Agreements and not for any other purpose.

13. PPM will provide information to the Debtors during the pendency of these chapter 11 cases to assist with any marketing and/or sale of the Facilities by the Debtors.

14. The Debtors shall introduce PPM to any acquiror of assets at the Facilities so that PPM may discuss with such acquiror entry into an exclusive energy management and consulting services agreements with PPM, with customary terms reasonably acceptable to PPM.

15. Except to the extent truthful and required by law, neither PPM nor the Debtors shall make statements or representations, or otherwise communicate, directly or indirectly, in writing, orally, or otherwise, or take any action which may, directly or indirectly, disparage the other Party or any of its subsidiaries or affiliates or their respective officers, directors, employees, advisors, businesses, or reputations.

16. The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the PPM Settlement and carry out the relief granted in this Order. The Debtors and PPM shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the PPM Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

17. Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an

approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code except as explicitly set forth herein.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

19. The Debtors and PPM are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order. To the extent that there is any inconsistency between the Term Sheet and this Order or between the Motion and this Order, the provisions of this Order will govern.

20. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: March [ ], 2023
      Houston, Texas

> THE HONORABLE DAVID R. JONES
> UNITED STATES BANKRUPTCY JUDGE

**<u>Annex A</u>**

## ANNEX A

### Core - Cedarvale Facility

| Category | Description | Amount / Unit | QTY | Cost | Location and Status |
|---|---|---|---|---|---|
| Substation | VT - 150/200/250KVA; 138/34.5kV Power Transformer | $ | 2 | $ | In PPM's possession |
| Substation | Siemens Energy - 138kV Breaker | $ | 2 | $ | Delivered and installed |
| Substation | Siemens Industry - 34.5kV 2000A Distribution Breakers | $ | 10 | $ | Delivered and staged (not installed) |
| Substation | Dis-Tran - 100kVA; 19.9kV; 120/240V Station Service Transformers | $ | 9 | $ | Delivered and staged (not installed) |
| Distribution | VT - 35kV Padmount Transformers | $ | 97 | $ | In PPM's possession |
| Distribution | VT - 35kV Padmount Transformers | $ | 24 | $ | Delivered and staged (not installed) |
| | TOTAL FOR SITE - CEDARVALE | | | $ | |

### Core - Cottonwood Facility

| Category | Description | Amount / Unit | QTY | Cost | Location and Status |
|---|---|---|---|---|---|
| Substation | VT - 150/200/250KVA; 138/34.5kV Power Transformer | $ | 1 | $ | Delivered and staged (not installed or assembled) |
| Substation | Siemens Energy - 138kV Breaker | $ | 1 | $ | Delivered and installed |
| Substation | Siemens Industry - 34.5kV 2000A Distribution Breakers | $ | 5 | $ | Delivered and installed |
| Substation | Dis-Tran - 100kVA; 19.9kV; 120/240 Station Service Transformers | $ | 6 | $ | Delivered and staged (not installed) |
| Distribution | VT - 35kV Padmount Transformers | $ | 39 | $ | In PPM's possession |
| | TOTAL FOR SITE - COTTONWOOD | | | $ | |

| | GRAND TOTAL - CEDARVALE AND COTTONWOOD | | | $ 23,186,780 | |