IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING DEBTORS TO FILE UNDER SEAL THEIR
(I) UNREDACTED MOTION FOR APPROVAL OF SETTLEMENT BETWEEN
DEBTORS AND PRIORITY POWER MANAGEMENT, LLC AND GRANTING
RELATED RELIEF AND (II) ACCOMPANYING CONFIDENTIAL EXHIBITS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**

Core Scientific, Inc. (the "**Company**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully state as follows in support of this motion (the "**Motion to Seal**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Background**

1. Contemporaneously herewith, the Debtors filed the *Debtors' Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Priority Power Management, LLC, (II) Assumption of the EMCSA, (III) Entry into the New Agreements, and (IV) Granting Related Relief* (the "**Motion**")[2], seeking the entry of an order in the form annexed to the Motion as Exhibit 1 (the "**Settlement Order**") (i) approving a global settlement between the Debtors and Priority Power Management, LLC ("**PPM**"), (ii) authorizing assumption of the Energy Management and Consulting Services Agreement (as amended, restated, modified, or supplemented from time to time, together with all schedules, exhibits supplements, annexes, and attachments thereto, the "**EMCSA**"), as amended and restated as set forth in the Motion, and (iii) granting authority to enter into the Energy Management Services Agreement (the "**EMSA**") and the Electric Asset Management Services Agreement (the "**EAMSA**," and, together with the EMSA, collectively, the "**New Agreements**") with PPM. The factual background concerning the relationship between the Debtors and PPM and the terms of the PPM Settlement are more fully described in the Motion, which is incorporated herein by reference.

2. The Parties seek to redact commercially sensitive pricing terms contained in the Motion and the settlement term sheet annexed to the Motion as Exhibit 2 (the "**Settlement Term Sheet**"); to redact commercially sensitive cost information set forth in Annex A attached to both the Settlement Term Sheet and the Settlement Order ("**Annex A**"); and to file under seal the EMCSA, as amended and restated, and the New Agreements attached as Exhibits A-C to the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Settlement Term Sheet (collectively, the "**Agreements**"), which contain confidential contract terms negotiated by the Parties and other commercially sensitive information.

### Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4. By this Motion, the Debtors respectfully request that the Court: (i) grant them leave to file under seal the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, and the Agreements; (ii) grant them leave to redact confidential portions of the Motion, Annex A, and the Settlement Term Sheet that contain the commercially sensitive information (the "**Redacted Information**"); (iii) grant them leave to file under seal the Agreements, which contain confidential and commercially-sensitive contract terms, and (iv) order that the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, and the Agreements, (a) shall remain confidential, (b) shall be served on and made available only to the official committee of unsecured creditors (the "**Creditors' Committee**"), B. Riley Commercial Capital, LLC (the "**Replacement DIP Lender**"), the ad hoc group of beneficial holders of the common stock of the Company (the "**Ad Hoc Equity Committee**"), the ad hoc group of the Company's noteholders (the "**Ad Hoc Noteholder Group**"), and the U.S. Trustee, in each case, on a professional eyes only basis, (c) shall not otherwise be made available to the general public, and (d) that, with the advance written consent of PPM, the Debtors may provide the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, or the Agreements to any additional party who, upon good faith review of a request, the Debtors consent to receiving the information.

5.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Cause Exists to File the Motion Under Seal

10.  Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Moreover, pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Debtors to file the Motion, Annex A, the Settlement Term Sheet, and the Agreements under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information.  *See* 11 U.S.C. § 107(b).  Specifically, Section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b); *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

11.  Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.  *See also* Local Rule 9037-1 ("A motion, reply or other document may initially be

4

filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal.").

12. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

13. The Debtors submit that the Redacted Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett, 438 B.R. 564*, 567 (Bankr. W.D. Tex. 2010) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that

entity's competitors."). Rather, section 107(b) of the Bankruptcy Code is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *Id.* (internal citations omitted).

14. The Redacted Information contains highly sensitive commercial and confidential information, including information regarding pricing and other commercial terms negotiated between the Debtor and PPM. The Redacted Information is limited to include only commercially sensitive pricing terms and cost information, demonstrating that there has been a concerted effort to redact only what is necessary while also balancing the need to provide information in this process.

15. Moreover, the Agreements also contain highly sensitive commercial and confidential information, including information pertaining to the Debtors' go-forward business relationship with PPM and commercially sensitive cost information, among other commercial terms that define the relationship between PPM and the Debtors. PPM has represented to the Debtors that it would be adversely impacted if this information were to be made public and become available because such information in the hands of PPM's creditors risks providing "an unfair advantage to [PPM's] competitors by providing them information as to the commercial operations of" PPM. *In re Faucett*, 438 B.R. at 567. Filing the Agreements under seal nonetheless provides parties in interest with sufficient information as to the process, mechanics, and economics of the PPM Settlement. Accordingly, for the reasons set forth herein, the Debtors request that the Court authorize the Debtors to file the Motion, Annex A, the Settlement Term Sheet, and the Agreements under seal in accordance with the terms of the Proposed Order.

## **Notice**

16. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## **No Previous Request**

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 9, 2023
      Houston, Texas

     /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez @weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Moshe.Fink@weil.com

*Attorneys for Debtors
and Debtors in Possession*

## Certificate of Service

I hereby certify that on March 9, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                            */s/ Alfredo R. Pérez*
                                            Alfredo R. Pérez