IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[3] | § | |
| | § | |

### ORDER AUTHORIZING THE FILING UNDER SEAL OF THE UNREDACTED MOTION TO AUTHORIZE THE SETTLEMENT AGREEMENT AND ACCOMPANYING CONFIDENTIAL EXHIBITS

Upon the motion, dated March 9, 2023 (the "**Motion to Seal**")[4], of Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1 (i) granting the Debtors leave to file under seal the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, and the Agreements; (ii) granting the Debtors leave to redact confidential portions of the Motion, Annex A, and the Settlement Term Sheet that incorporate the sensitive information; (iii) grant them leave to file under seal the Agreements, which contain confidential and commercially-sensitive contract terms, and (iv) ordering that the unredacted Motion,

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Seal.

1

unredacted Annex A, the unredacted Settlement Term Sheet, and the Agreements remain under seal and not be made available to anyone without the prior written consent of the Debtors and of PPM, all as more fully set forth in the Motion to Seal; and this Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion to Seal and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Seal having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion to Seal; and upon any hearing held on the Motion to Seal; and all objections, if any, to the Motion to Seal having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to Seal is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized to file the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, and the Agreements under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1.

2. The unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, and the Agreements are confidential and shall remain under seal, and shall not be made available to anyone, except that copies shall be provided to the (i) Court, the Clerk of the

Court, (ii) the U.S. Trustee, (iii) counsel to the Creditors' Committee, counsel to the Replacement DIP Lender, counsel to the Ad Hoc Equity Committee, or counsel to the Ad Hoc Noteholder Group (collectively, the "**Creditor Professionals**), each on a professionals' eyes only basis.

3. The U.S. Trustee shall keep the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, and the Agreements that incorporate the sensitive information, and the terms thereof strictly confidential. The Creditor Professionals shall keep the terms thereof strictly confidential and maintain on a professionals' eyes only basis, the terms shall not otherwise be made available to the general public, and, with the advance written consent of PPM, the Debtors may provide the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, or the Agreements to any additional party who, upon good faith review of a request, the Debtors consent to receiving the information.

4. Any party who receives the unredacted Motion, unredacted Annex A, the unredacted Settlement Term Sheet, or the Agreements in accordance with this Order shall be made aware of the terms of this Order and shall not disclose or otherwise disseminate such documents, or the information contained therein, to any other person or entity.

5. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
       Houston, Texas

                                         THE HONORABLE DAVID R. JONES
                                         UNITED STATES BANKRUPTCY JUDGE