IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**DEBTORS' MOTION FOR AN ORDER
(I) EXTENDING THE DEADLINE BY WHICH THE DEBTORS MAY
REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Background**

1. On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") . The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"). On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

2. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on December 21, 2022 (Docket No. 5) (the "**First Day Declaration**").[2]

**Jurisdiction**

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**Relief Requested**

4.  Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, and Bankruptcy Local Rules 9013-1, the Debtors request entry of an order (i) extending by 120 days the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**") from the current deadline of March 22, 2023 through and including July 20, 2023, and (ii) granting related relief.[3]

5.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Basis for Relief Requested**

6.  Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a

---

[3] The deadline by which the Debtors may file notices of removal is March 22, 2023. Rule K of the Procedures for Complex Cases in the Southern District of Texas provides that "if a motion is filed that complies with [the procedures for complex cases] to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion."

3

>chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

>[O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

7. Bankruptcy Rule 9006(b) provides that the Court may extend the period within which the Debtors may remove actions provided by Bankruptcy Rule 9027, without notice, upon a showing for cause:

>[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

### Cause Exists to Extend the Removal Deadline

8. It is well settled that the Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027.  *See, e.g.*, *In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. Sep. 8, 2022) (Docket No. 1203) (granting 120-day initial extension of the removal period without prejudice to debtors' ability to seek additional extensions); *In re CBL & Assocs. Props., Inc.*, Case No. 20-35226 (DRJ) (Bankr. S.D. Tex. Sep. 22, 2021) (Docket No. 1460) (same); *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 2, 2020) (Docket No. 6310) (same); *In re CEC Entertainment, Inc.*,

No. 20-33163 (MI) (Bankr. S.D. Tex. Nov. 11, 2020) (Docket No. 1304) (same); *In re NPC Int'l, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. Oct. 26, 2020) (Docket No. 1570) (same); *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Feb. 10, 2020) (Docket No. 801) (same); *In re Vanguard Nat. Res., Inc.*, No. 19-31786 (DRJ) (Bankr. S.D. Tex. July 2, 2019) (Docket No. 529) (same); *In re Westmoreland Coal Co.,* No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 18, 2018) (Docket No. 818) (same).

9. Cause exists to extend the Removal Deadline in these chapter 11 cases from the current deadline of March 22, 2023 through and including July 20, 2023. Prior to and since the Petition Date, the Debtors have focused a significant part of their efforts on transitioning into chapter 11 and obtaining financing. Notably, since filing these cases, the Debtors have obtained critical first-day relief; obtained interim DIP financing and subsequently, more favorable replacement DIP financing; engaged in discussions and information sharing with the unsecured creditor's committee; obtained court approval of the rejection of the executory contracts with Celsius Mining LLC, resulting in significant savings to the Debtors; engaged in certain asset dispositions and sales, bringing significant value to the estates; prepared and filed schedules of assets and liabilities and statements of financial affairs for each of the eleven (11) Debtors; and continued to ensure successful operations at their hosting and mining facilities across the country. Accordingly, the Debtors have not yet had a sufficient opportunity to analyze and determine which civil actions they may seek to remove.

10. The Debtors are party to a number of civil actions in various jurisdictions (collectively, the "**Civil Actions**"). The Debtors' analysis regarding which, if any, of these Civil Actions they may seek to remove depends on a number of factors, including but not limited to: (i) the importance of the Civil Action to the resolution of the chapter 11 cases, (ii) the relationship

between the Civil Action to the matters to be considered in the chapter 11 cases, (iii) the presence of federal subject matter jurisdiction, and (iv) the timing required to complete the Civil Action in its current venue. An extension of the Removal Deadline will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Civil Action, and will ensure that the Debtors and their estates do not forfeit the valuable rights afforded to the Debtors under 28 U.S.C. § 1452. Therefore, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a) for filing notices of removal from the current deadline of March 22, 2023 through and including July 20, 2023. Furthermore, an extension would not prejudice the rights of the Debtors' adversaries in the Civil Actions because any party to an action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

11. The Debtors further request that the order approving this Motion be without prejudice to (i) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against any of the Debtors and (ii) the right of the Debtors to seek further extensions of the Removal Deadline.

12. For the reasons stated above, the Debtors submit that cause exists to grant this Motion, and that the relief requested herein is appropriate and in the Debtors' and their estates' best interests.

### Notice

13. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013 1(d).

## **No Previous Request**

14. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 10, 2023
       Houston, Texas

                              Respectfully submitted,

                              _/s/ Alfredo R. Pérez_
                              WEIL, GOTSHAL & MANGES LLP
                              Alfredo R. Pérez (15776275)
                              700 Louisiana Street, Suite 1700
                              Houston, Texas  77002
                              Telephone: (713) 546-5000
                              Facsimile:  (713) 224-9511
                              Email:  Alfredo.Perez@weil.com

                              -and-

                              WEIL, GOTSHAL & MANGES LLP
                              Ray C. Schrock (admitted _pro hac vice_)
                              Ronit J. Berkovich (admitted _pro hac vice_
                              Moshe A. Fink (admitted _pro hac vice_)
                              767 Fifth Avenue
                              New York, New York  10153
                              Telephone:  (212) 310-8000
                              Facsimile:   (212) 310-8007
                              Email: Ray.Schrock@weil.com
                                        Ronit.Berkovich@weil.com
                                        Moshe.Fink@weil.com


                              _Attorneys for Debtors_
                              _and Debtors in Possession_

## Certificate of Service

I hereby certify that on March 10, 2023 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                 /s/ Alfredo R. Pérez
                                                 Alfredo R. Pérez