IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| Debtors.¹ | § | **(Jointly Administered)** |
| | § | |

**ORDER (I) AUTHORIZING RETENTION AND EMPLOYMENT
OF DELOITTE TAX LLP AS TAX SERVICES PROVIDER EFFECTIVE
AS OF JANUARY 16, 2023 AND (II) GRANTING RELATED RELIEF**

Upon the application, dated February 16, 2023 (the "**Application**"),² of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1 (i) authorizing the Debtors to retain and employ Deloitte Tax to provide tax advisory services to the Debtors in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached to the Application as Exhibit C, and (ii) granting related relief, all as more fully set forth in the Application; and upon consideration of the Gerstel Declaration; and this Court being satisfied, based on the representations made in the

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application or the Gerstel Declaration, as applicable.

Application and in the Gerstel Declaration, that Deloitte Tax is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) of the Bankruptcy Code and referenced by section 328 of the Bankruptcy Code, neither represents nor holds an interest adverse to the Debtors or the Debtors' estates; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, to retain and employ Deloitte Tax as tax advisors, effective as of January 16, 2023, in accordance with the terms and conditions of the Engagement Letter, and to pay fees and reimburse expenses thereto on the terms set forth in the Application and Engagement Letter, as modified by this Order.

2. The services to be provided by Deloitte Tax as set forth in the Engagement Letter are reasonable and are approved, as modified by this Order.

3. The terms and conditions of the Engagement Letter, including without limitation, the compensation structure, are reasonable and are hereby approved in all respects, as modified by this Order.

4. Deloitte Tax shall file interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable orders of this Court. Deloitte Tax shall include in its fee applications, among other things, contemporaneous time records setting forth a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-tenth hour increments.

5. Notwithstanding anything to the contrary in this Order, the U.S. Trustee and this Court shall retain the right and be entitled to object to Deloitte Tax's fees and expenses in these chapter 11 cases based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Order shall not prejudice or otherwise affect the rights of the U.S. Trustee or this Court to challenge the reasonableness of Deloitte Tax's compensation and reimbursement requests in these cases under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record of the hearing on the Application shall constitute a finding of fact or conclusion of law binding the U.S. Trustee or this Court on appeal or otherwise, with respect to the reasonableness of Deloitte Tax's compensation and reimbursement requests in these chapter 11 cases.

6. Notwithstanding anything to the contrary in the Application and the Engagement Letter, with respect to the services performed under the Engagement Letter from January 16, 2023 through the effective date of a plan of reorganization, this Court retains exclusive jurisdiction over all matters arising out of or pertaining to Deloitte Tax's engagement until such jurisdiction is relinquished.

7. The Indemnification Provisions set forth in the general business terms attached to the Engagement Letter is hereby approved, subject to the following modifications with respect to the services performed thereunder through the effective date of a plan of reorganization:

    a. All requests for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Provisions shall be made by means of a fee application (interim or final) and shall be subject to the approval and review by this Court to ensure that such payment conforms to the terms of the Indemnification Provisions and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the gross negligence, willful misconduct, breach of fiduciary duty (if any), intentional fraud, or bad faith of any indemnified parties;

    b. In no event shall any indemnified party be indemnified or receive contribution or other payment under the Indemnification Provisions if the Debtors or a representative of the Debtors' estates asserts a claim for, and a court determines by final order that, such claims primarily arose out of the gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or intentional fraud of such indemnified party; and

    c. In the event an indemnified party seeks reimbursement of attorneys' fees from the Debtors pursuant to the Indemnification Provisions, the invoices and supporting time records from such attorneys shall be attached to Deloitte Tax's own interim and/or final fee applications, and such invoices and time records shall be subject to approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. In the event that the rates of compensation for the services increase from the rates disclosed for services in the Application, Deloitte Tax will provide notice of such increased rates to the Debtors, the U.S. Trustee, and the Creditors' Committee at least ten (10) days prior to the effective date of such increases. The U.S. Trustee retains all rights to object to any rate increase on all applicable grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

9. In the event that, during the pendency of these cases, Deloitte Tax seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Deloitte Tax's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and shall be subject to approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provided*, *however*, that Deloitte Tax shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any objections filed with respect to Deloitte Tax's fee applications in these bankruptcy cases.

10. To the extent the Debtors and Deloitte Tax enter into any supplemental agreements, engagement letters or statements of work for additional services, the Debtors will file any such supplemental agreements, engagement letters or statements of work with the Court and serve the same upon the applicable notice parties. Absent any objection filed within fourteen (14) days after the filing and service of any such supplemental engagement letter or statement of work, Deloitte Tax shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such supplemental engagement letter or

5

statement of work. To the extent any such parties object to such proposed supplemental engagement letter or statement of work, the Debtors will promptly schedule a hearing before the Court within ten (10) days of receipt of any such objection or as soon thereafter as is practicable. All additional services shall be subject to the provisions of this Order.

11. Notwithstanding anything in the Application or the Engagement Letter to the contrary, to the extent that Deloitte Tax uses the services of third party subcontractors, who are not a subsidiary of, or otherwise affiliated with, Deloitte Tax, to provide professional services (collectively, the "**Contractors**") in these chapter 11 cases, Deloitte Tax shall ensure that the Contractors are subject to the same conflicts checks as required for Deloitte Tax and file with the Court such disclosures required by Bankruptcy Rule 2014.

12. Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. To the extent there may be any inconsistency between the terms of the Application, the Gerstel Declaration, the Engagement Letter, and this Order, this Order shall govern.

14. The Debtors and Deloitte Tax are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

                                          UNITED STATES BANKRUPTCY JUDGE
                                          DAVID R. JONES