**THIS MOTION SEEKS TO REJECT AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY.  PARTIES RECEIVING THIS MOTION SHOULD REVIEW THE MOTION TO DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**DEBTORS' OMNIBUS MOTION FOR ORDER
(I) AUTHORIZING REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Relief Requested**

1. By this Motion, pursuant to sections 365(a), 554(a), and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"), (i) authorizing the Debtors to reject the Proposed Rejected Contracts (as defined below) and (ii) seeking related relief.

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

4. On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in these chapter 11 cases.

5. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth

in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions* (Docket No. 5) (the "**First Day Declaration**").

6.

## Proposed Rejected Contracts

A.   **Customer Hosting Contracts**

7.   The Debtors are one of the largest blockchain infrastructure, digital mining, and cryptocurrency hosting providers in North America, with eight operational data centers in Texas, Kentucky, North Carolina, North Dakota, and Georgia (collectively, the "**Data Centers**"). *See* First Day Declaration ¶ 5.  In addition to mining bitcoin for its account, the Debtors host cryptocurrency miners for third-party customers.  *Id*.  Since 2017, Core has positioned itself as a premium provider of hosting services to third-party miners, with high quality facilities that provide the optimal operating environment for consistent performance.  *Id*. at ¶ 39.

8.   Although the Debtors have historically generated significant revenue from their hosting services, not all of the Debtors' hosting agreements are profitable due to, among other things, high overhead costs at the Data Centers, including the cost of the energy necessary to power the Debtors' miners.  *Id.* at 38–40, 69.  Hosting capacity in the Data Centers that is allocated to hosted miners pursuant to unprofitable hosting contracts can be re-allocated to miners used in the Debtors' self-mining operations.  Such reallocation is beneficial because an increase in the price of bitcoin generates a commensurate increase in revenues from self-mining, but does not generate a commensurate increase in hosting revenue, as hosting rates are fixed and not tied to the price of bitcoin.

9.   Consequently, pursuant to this Motion, the Debtors seek to reject the following hosting contracts (collectively, the "**Customer Contracts**") with various customers, effective as of the date the Court enters the Proposed Order (the "**Rejection Date**"):

3

| No. | Contract Counterparty | Debtor | Contract Description | Date of Rejection |
|---|---|---|---|---|
| (a) | Gilley Enterprises, LLC | Core Scientific, Inc. | Master Services Agreement for hosting services dated December 2, 2022, and all orders thereunder (the "**Gilley Agreement**").[2] | Date of Court order |
| (b) | Gilley Enterprises, LLC for the benefit of BlockFi Lending, LLC | Core Scientific Operating Company | Host Accommodation Agreement in favor of BlockFi Lending, LLC dated October 1, 2021. | Date of Court order |
| (c) | Arctos Credit, LLC | Core Scientific Operating Company | Acknowledgement, Agreement and Waiver between Arctos Credit, LLC and Core Scientific, Inc. dated August 11, 2020. | Date of Court order |
| (d) | TYMIF Coin Ventures LLC | Core Scientific Operating Company | Master Service Agreement for hosting services dated December 11, 2020, and all orders related thereto. | Date of Court order |
| (e) | TYMIF Coin Ventures LLC for the benefit of BlockFi Lending, LLC | Core Scientific, Inc. | Host Accommodation Agreement in favor of BlockFi Lending, LLC dated February 22, 2022. | Date of Court order |

10.     The Debtors seek to reject the Customer Contracts because, among other things, the hosting fees payable pursuant to the Customer Contracts are significantly below market. In addition, given the current environment in the cryptocurrency market generally, the Debtors have determined that it will be more profitable for the Debtors to utilize the hosting capacity currently allocated to the miners hosted pursuant to the Customer Contracts for the Debtors' own self-mining operations. To the extent the Debtors can locate hosting customers that will pay market rates for the hosting capacity, the Debtors may enter into new hosting contracts at those more favorable terms. Accordingly, the Debtors believe that the rejection of the Customer Contracts will significantly benefit the Debtors' estates.

---

[2] The orders issued pursuant to the Gilley Agreement include: (1) Order No. 1, executed on December 2, 2022; and (2) Order No. 2, executed on December 2, 2022.

11. The Debtors will work with the counterparties to the Customer Contracts to ensure that the mining equipment is removed in accordance with the applicable Customer Contract.

### B. Trinity Mining Group, Inc. Surface Lease Agreement

12. The Debtors are party to that certain Data Center Surface Lease between Trinity Mining Group, Inc., as landlord, and Core Scientific, Inc., as tenant, dated March 3, 2022, for approximately 100 acres of vacant and unoccupied land with plans to build a new data center located in Ward County and Winkler Country, Texas (the "**Surface Lease**").[3] The Debtors have determined that utilizing the land subject to the Surface Lease to build a data center as originally envisioned will not be profitable. Accordingly, the Debtors seek to reject the Surface Lease as of Rejection Date and avoid incurring further costs thereunder.

### C. Sublease Agreement with Peerless Events & Tents LLC

13. The Debtors are party to that certain Sublease Agreement (the "**Warehouse Sublease**") between Peerless Events & Tents LLC ("**Peerless**"), as sublessor and Core Scientific Operating Company fka Core Scientific, Inc., dated December 13, 2021 for the use of a warehouse located at 4201 Supply Court, Suite 200, Austin, Texas 78744.[4] As part of the Debtors' ongoing efforts to restructure its business, the Debtors have determined that they no longer need the warehouse. Accordingly, the Debtors seek to reject the Warehouse Sublease as of the Rejection Date.

### D. Other Contracts

14. The Debtors also seek authority to reject various other executory contracts (the "**Other Contracts**" and, collectively with the Customer Contracts, the Surface Lease, and the

---

[3] The Debtors have attempted to terminate the Surface Lease consensually but have thus far been unable to secure the landlord's consent.
[4] Relatedly, the Warehouse Sublease required the execution of a Consent to Sublease between Burleson 7, LLC, as landlord, and Peerless, as sublessor, also dated December 13, 2021.

Warehouse Sublease, the "**Proposed Rejected Contracts**"). The Other Contracts are set forth on the following table:

| (a) | Wachsman LLC | Core Scientific, Inc. | Consultant Agreement, dated May 13, 2022, for the provision of various marketing services. | Date of Court order |
| --- | --- | --- | --- | --- |
| (b) | Orgdev LLC | Radar Relay, Inc. | Master Consulting Agreement titled Statement of Work, dated February 26, 2019 for the provision of executive coaching services for terminated employees. | Date of Court order |

15. The Other Contracts relate to certain consulting services that the Debtors no longer utilize as part of their operations. The costs to the Debtors' estates exceed the benefits afforded by the Other Contracts. Consequently, the Debtors seek to reject the Other Contracts as of the Rejection Date.

## Relief Requested Should be Granted

16. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)) ("The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993); *see also Bildisco & Bildisco*, 465 U.S. at 528 ("[T]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization."); *In re Murexco Petrol.*, 15 F.3d at 62 (noting that section 365 "allows

6

a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

17. The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Inv'rs v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.,* 318 U.S. 523, 550 (1943)); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment.").

18. The business judgment standard requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate." (citation omitted)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *In re Pilgrim's Pride Corp.*, 403 B.R. at 422 (citing *Wheeling–Pittsburgh Steel Corp. v. W. Penn Power Co.* (*In re Wheeling–Pittsburgh Steel Corp.*), 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

## II. Rejection of the Proposed Rejected Contracts Constitutes a Sound Exercise of Debtors' Reasonable Business Judgment.

19. The Debtors have determined, in their reasonable business judgment, to reject the Proposed Rejected Contracts. With respect to the Customer Contracts, the Debtors expect that, given current market conditions, re-allocating the hosting capacity utilized by the customers that are party to the Customer Contracts will be significantly more profitable if utilized

7

for the Debtors' self-mining operations. With respect to the Surface Lease, the Warehouse Sublease, and the Other Contracts, the Debtors simply no longer need the services and/or equipment relating thereto, and wish to avoid any further expenses (including potential administrative expenses) associated with such contracts. Therefore, the Debtors respectfully submit that rejecting the Proposed Rejected Contracts is appropriate under the circumstances and reflects the Debtors' sound business judgment.

20. Further, the Debtors have consulted with the advisors to B. Riley Commercial Capital, LLC (in such capacity as the Debtors' Replacement DIP Lender and the Replacement DIP Agent)[5], the advisors to the Ad Hoc Group,[6] and the Creditors' Committee with respect to the rejection of the Proposed Rejected Contracts, who have indicated that they do not oppose the relief requested herein.

21. Notwithstanding any provisions in the Proposed Rejected Contracts to the contrary, the Debtors will use commercially reasonable industry standards to coordinate the pickup of any of the rejection parties' assets that are located in any of the Debtors' facilities.

22. In light of the foregoing, the Debtors respectfully request that the Court approve the rejection of the Proposed Rejected Contracts pursuant to sections 365(a) and 105(a) of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules in the manner requested herein.

---

[5] Each as defined in the Order (I) Authorizing the Debtors on an Interim Basis to (A) Obtain Senior Secured Non-priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (Ii) Authorizing the Debtors to Refinance Existing Postpetition Financing on a Final Basis, (III) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Secured Parties on a Final Basis, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief (ECF No. 447).

[6] The term "**Ad Hoc Group**" means the ad hoc group of holders of secured convertible notes, issued pursuant to (i) the Secured Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of April 19, 2021, as supplemented or amended from time to time and/or (ii) the Convertible Note Purchase Agreement by and among Core Scientific Holding Inc., as issuer, the guarantors, the initial purchasers, the additional purchasers, and U.S. Bank National Association, as note agent and collateral agent, dated as of August 20, 2021, as supplemented or amended from time to time.

## Reservation of Rights

23. Nothing contained in this Motion or any actions taken by the Debtors pursuant to the relief granted is intended or should be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, (iii) a waiver or limitation of the Debtors' right to assert, at a later date, that the Proposed Rejected Contracts are not leases or executory contracts, or (iv) a concession or evidence that the Proposed Rejected Contracts have not expired, been terminated, or are otherwise currently not in full force and effect.

## Request for Bankruptcy Rule 6004 Waivers

24. The Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

## No Previous Request

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 10, 2023
       Houston, Texas

Respectfully submitted,

/s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez @weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   Ray.Schrock@weil.com
          Ronit.Berkovich@weil.com
          Moshe.Fink@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on March 10, 2023, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      /s/ Alfredo R. Pérez
Alfredo R. Pérez