United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) ) | Case No. 22-90341 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | | (Docket No. 506) |

**ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF DUCERA PARTNERS LLC
AS INVESTMENT BANKER FOR OFFICIAL COMMITTEE OF
UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 10, 2023**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Core Scientific, Inc. and its debtor affiliates in the above captioned cases (collectively, the "Debtors"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), for an order authorizing the Committee's application to employ and retain Ducera Partners LLC ("Ducera") as their investment banker pursuant to the terms of the Engagement Letter attached to the Application as **Exhibit B**, all as more fully set forth in the Application; and upon the Verost Declaration in support of the Application attached to the Application as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application or the Engagement Letter, as applicable.

**Exhibit C**; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Application having been provided to the proper parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other notice need be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted to the extent set forth herein.

2. The Committee is authorized to retain Ducera as its investment banker in these chapter 11 cases effective as of January 10, 2023, on the terms and conditions set forth in the Engagement Letter, as modified by this Order.

3. The Debtors are authorized to pay Ducera's fees and to reimburse Ducera for its reasonable costs and expenses, each as provided in the Engagement Letter, including the Monthly Advisory Fee and the Restructuring Fee, which are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  For the avoidance of doubt, Ducera shall be paid the Restructuring Fee upon consummation of a Restructuring, in each case subject to subsequent Court approval of any Restructuring Fee pursuant to Ducera's interim and/or final fee applications.

4. Ducera's Monthly Advisory Fee shall be prorated for any month in which Ducera is not employed for each day of the month.

5. Ducera shall file monthly statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable orders of the Court. Ducera shall keep reasonably detailed time records in half-hour increments and shall not be required to keep time records on a "project category" basis or conform to any schedules of hourly rates, and will submit, with any interim or final fee application, together with the time records, a narrative summary of services rendered and will identify each professional rendering services and the total amount of compensation requested by Ducera.

6. The fees and expenses payable to Ducera pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Ducera's compensation and expenses reimbursements under sections 330 and 331 of the Bankruptcy Code.

7. The indemnification, contribution, and reimbursement provisions set forth in the Engagement Letter are approved, subject, during the pendency of these chapter 11 cases, to the following:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, Ducera for any claims arising from, related to, or in connection with the services to be provided by Ducera as specified in the Engagement Letter, but not for any claim arising from, related to, or in

        connection with Ducera's postpetition performance of any other services other than those in connection with the engagement, unless such postpetition services and indemnification therefore are approved by the Court; and

    b.    the Debtors shall have no obligation to indemnify Ducera for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from Ducera's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to Ducera's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith or fraud, and determined by the Court, after notice and a hearing, to be a claim or expense for which Ducera is not entitled to receive indemnity under the terms of the Application; and

    c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Ducera believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, Ducera must file an application in the Court, and the Debtors may not pay any such amounts to Ducera before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Ducera for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify Ducera. All parties in interest shall retain the right to object to any application by Ducera for indemnification, contribution, or reimbursement.

8.     Ducera shall make reasonable efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

9.     To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Verost Declaration, and this Order, the terms of this Order shall govern.

10.     To the extent the Committee wishes to expand the scope of Ducera's services beyond those services set forth in or contemplated by the Engagement Letter or this Order (and as to which additional compensation would otherwise be payable), the Committee shall be required to seek further approval from the Court. The Committee shall file notice of any proposed additional services and any underlying engagement agreement with the Court and serve such notice

on the U.S. Trustee, counsel for the Debtors, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within fourteen days of the Committee filing such notice, such additional services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

11. Notwithstanding anything in the Application or the Engagement Letter to the contrary, Ducera shall (a) to the extent Ducera uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these chapter 11 cases, Ducera shall pass-through the cost of such Contractors to the Debtors at the same rate that Ducera pays the Contractors; (b) seek reimbursement for actual costs only; and (c) ensure that the Contractors are subject to the same conflicts checks as Ducera, including filing such disclosures as required by Bankruptcy Rule 2014 with the Court.

12. In the event that, during the pendency of these chapter 11 cases, Ducera seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in Ducera's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys has been retained under section 327 of the Bankruptcy Code; *provided*, *however*, that Ducera shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of the Ducera's fee applications in these chapter 11 cases.

13. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Committee and Ducera are authorized to take all action necessary to effectuate the relief granted in this Order.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**Signed: March 13, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**