**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **CORE SCIENTIFIC, INC.,** ***et al.,*** | § | **Case No. 22-90341 (DRJ)** |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**SUPPLEMENTAL CERTIFICATE OF SERVICE**

I, Serina Tran, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On March 14, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Fasken Martineau DuMoulin LLP, Attn: Clarke Barnes at 350 7th Avenue SW, Suite 3400, Calgary, Alberta T2P 3N9, Canada:

- **Notice of Deadlines for Filing Proofs of Claim** (attached hereto as **Exhibit A**)
- **[Customized] Official Form 410 Proof of Claim Form** (attached hereto as **Exhibit B**)
- **Instructions for Proof of Claim** (attached hereto as **Exhibit C**)

In addition to the methods of service set forth herein, parties who have requested electronic notification of filings via the Bankruptcy Court's CM/ECF system were sent the above referenced documents via electronic service.

Dated: March 14, 2023

*/s/ Serina Tran*
Serina Tran
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
Telephone: 949-404-4152
Email: TeamCoreScientific@stretto.com

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Special Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC., *et al.*,** | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

**TO: ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY DEBTOR(S) LISTED BELOW.**

**PLEASE TAKE NOTICE THAT:**

1. On December 21, 2022 (the "**Petition Date**"), Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). Set forth below are the name, federal tax identification number and the case number for each of the Debtors:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| Core Scientific Mining LLC | 92-1386971 | 22-90340 (DRJ) |
| Core Scientific, Inc.[2] (f/k/a Power & Digital Infrastructure Acquisition Corp., XPDI and Core Scientific Holdings Co.) | 86-1243837 | 22-90341 (DRJ) |
| Core Scientific Acquired Mining LLC (f/k/a Blockcap, Inc.) | 92-2226074 | 22-90342 (DRJ) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

| | | |
|---|---|---|
| Core Scientific Operating Company (f/k/a Core Scientific, Inc.[3] and MineCo Holdings, Inc.) | 82-3805526 | 22-90343 (DRJ) |
| Radar Relay, Inc. (f/k/a Radar Relay, LLC) | 82-3430496 | 22-90344 (DRJ) |
| Core Scientific Specialty Mining (Oklahoma) LLC (f/k/a GPU One Holdings, LLC) | 84-5164327 | 22-90345 (DRJ) |
| American Property Acquisition, LLC | 82-5490825 | 22-90346 (DRJ) |
| Starboard Capital LLC | 36-4896677 | 22-90347 (DRJ) |
| RADAR, LLC | 84-4125106 | 22-90348 (DRJ) |
| American Property Acquisitions I, LLC (f/k/a 155 Palmer Lane, LLC.) | 82-5469717 | 22-90349 (DRJ) |
| American Property Acquisitions VII, LLC | 83-1663198 | 22-90350 (DRJ) |

**DEADLINES FOR FILING CLAIMS**
**AGAINST ABOVE-REFERENCED DEBTORS:**

2. Pursuant to an order of this Court entered on March 9, 2023 (Docket No. 652) (the "**Bar Date Order**"),[4] the deadline for creditors to file proofs of claim against any of the Debtors is **April 14, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**") and the deadline for Governmental Units to file proofs of claim against any of the Debtors is **June 19, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**"). The Bar Dates apply to all claims against any of the Debtors that arose before the Petition Date, including, but not limited to, claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code;[5] *provided*, *however*, that the Bar Dates do not apply to the "Excluded Claims" listed in paragraph 4 below. The Bar Date Order also sets procedures to be used for filing proofs of claim, which are summarized in this notice for your convenience.

3. Unless you fall into one of the categories listed in paragraph four (4) below, you MUST file a proof of claim if you have any claim against any of the Debtors that arose before the Petition Date. Acts or omissions that occurred before the Petition Date may give rise to claims subject to the Bar Dates even if the claims may not have become known or fixed or liquidated until after the Petition Date. Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such

---

[3] The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

[4] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[5] A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

4. The Bar Date Order provides that creditors do NOT have to file proofs of claim by the Bar Dates for the types of claims listed below in this paragraph four (4) (collectively, the "**Excluded Claims**"). You should not file a proof of claim at this time for any Excluded Claim. The Court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. Excluded Claims include:

a. the Office of the United States Trustee for Region 7, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c. any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d. any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee or any other statutory committee pursuant to orders of this Court (or any member of such committee seeking reimbursement of expenses incurred in connection with carrying out the duties associated with serving on such committee) that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code but, in each case, solely to the extent of such administrative claim(s);

e. any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

f. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g. any person or entity holding an equity security interest in any Debtor, with regard to an equity interest solely on account of such current ownership; provided, however, that if such holder asserts a claim other than with respect to the current ownership of such equity security interest, including a claim relating to the purchase or sale of such equity interest, a Proof of Claim must be filed on or before the General Bar Date. For the avoidance of doubt, any

person or entity holding an equity security interest in any Debtor does not need to file a Proof of Claim or Interest solely on account of such current ownership but does need to file a Proof of Claim if asserting a claim under applicable securities laws;

h. any Debtor asserting a claim against another Debtor;

i. any non-Debtor affiliate asserting a claim against a Debtor affiliate; and

j. any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

5. **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

6. If the Debtors amend their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") after you receive this notice, the Debtors will give notice of that amendment to the holders of the claims that are affected by it, and those holders will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

7. The Bankruptcy Code provides that debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection. The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) thirty (30) days after entry and service of any order authorizing the rejection of the contract or lease.

**INSTRUCTIONS FOR FILING PROOFS OF CLAIM:**

8. If you file a proof of claim, your filed proof of claim must (i) be signed by the claimant or if the claimant is not an individual, by an authorized agent of the claimant, (ii) be written in English, (iii) include a claim amount denominated in United States dollars, (iv) conform substantially with the proof of claim form provided by the Debtors or Official Bankruptcy Form No. 410, and (v) state a claim against one or more of the Debtors. The Debtors are enclosing a proof of claim form for use in these chapter 11 cases. Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as contingent, unliquidated or disputed. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. If you require additional proof of claim forms, you may obtain a proof of claim form from any bankruptcy court clerk's office, your lawyer, certain business supply stores, or by accessing the Debtors' bankruptcy administration website, at https://cases.stretto.com/CoreScientific.

9. Your proof of claim form must be filed so as to be ACTUALLY

RECEIVED on or before **April 14, 2023 at 5:00 p.m. (prevailing Central Time)**. You can file your proof(s) of claim (i) electronically through Stretto, Inc. ("**Stretto**"), at https://cases.stretto.com/CoreScientific; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by delivering the original proof(s) of claim to Stretto by mail or hand delivery at the following address:

| Stretto Address for Receipt of Claims |
| --- |
| Core Scientific, Inc., et al. Claims Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |

***Stretto will not accept a proof of claim sent by facsimile or e-mail, and any proof of claim submitted via facsimile or e-mail will be disregarded.***

**CONSEQUENCES OF MISSING DEADLINES FOR FILING CLAIMS:**

10. **EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED IN PARAGRAPH FOUR (4) ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST THE DEBTORS, THEN YOU WILL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES WITH RESPECT TO THE CHAPTER 11 CASES.**

**EXAMINATION OF BAR DATE ORDER AND SCHEDULES:**

11. Copies of the Bar Date Order, the Schedules, and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on the Debtors' bankruptcy administration website, at https://cases.stretto.com/CoreScientific, maintained by the Debtors' claims and noticing agent, Stretto. Copies of the Schedules and other documents filed in these chapter 11 cases may also be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the Office of the Clerk of the Court, 515 Rusk Avenue, Houston, TX 77002.

**QUESTIONS:**

12. Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting Stretto's website at https://cases.stretto.com/CoreScientific. Stretto cannot advise you how to file, or whether you should file, a proof of claim. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Stretto through email

at TeamCoreScientific@stretto.com or by calling Stretto at 949.404.4152 (Toll-Free Number within the U.S./Canada) and 888.765.7875 (International).

13. Please note that neither Stretto's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. Stretto cannot advise you how to file, or whether you should file, a proof of claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

# Exhibit B

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

- ❑ Core Scientific Mining LLC (Case No. 22-90340)
- ❑ Core Scientific, Inc. (Case No. 22-90341)
- ❑ Core Scientific Acquired Mining LLC (Case No. 22-90342)
- ❑ Core Scientific Operating Company (Case No. 22-90343)
- ❑ Radar Relay, Inc. (Case No. 22-90344)
- ❑ Core Scientific Specialty Mining (Oklahoma) LLC (Case No. 22-90345)
- ❑ American Property Acquisition, LLC (Case No. 22-90346)
- ❑ Starboard Capital LLC (Case No. 22-90347)
- ❑ RADAR, LLC (Case No. 22-90348)
- ❑ American Property Acquisitions I, LLC (Case No. 22-90349
- ❑ American Property Acquisitions VII, LLC (Case No. 22-90350)

**United States Bankruptcy Court for the Southern District of Texas**

Official Form 410

# Proof of Claim

**04/22**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

______________________________
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______________________________

**2. Has this claim been acquired from someone else?**

❑ No
❑ Yes. From whom? ______________________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name | Name |
| Number Street | Number Street |
| City State ZIP Code | City State ZIP Code |
| Contact phone ________ | Contact phone ________ |
| Contact email ________ | Contact email ________ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

❑ No
❑ Yes. Claim number on court claims registry (if known) ______ Filed on ____________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No
❑ Yes. Who made the earlier filing? ______________________________

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $____________________________. **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>_________________________________________________________________ |
| 9. **Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>❑ Motor vehicle<br>❑ Other. Describe: ____________________________________________<br><br>**Basis for perfection:** ____________________________________________<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property**: $_________________<br>**Amount of the claim that is secured:** $_________________<br>**Amount of the claim that is unsecured:** $_________________(The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $___________________<br><br>**Annual Interest Rate** (when case was filed)_______%<br>❑ Fixed<br>❑ Variable |
| 10. **Is this claim based on a lease?** | ❑ No<br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $___________________ |
| 11. **Is this claim subject to a right of setoff?** | ❑ No<br>❑ Yes. Identify the property: ____________________________________________ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

❑ No

❑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________________ |
| ❑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________________ |
| ❑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________________ |
| ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________________ |
| ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________________ |
| ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________________ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

❑ No

❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** $____________________

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.

❑ I am the creditor's attorney or authorized agent.

❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ____________________
MM / DD / YYYY

____________________________________________
Signature

**Print the name of the person who is completing and signing this claim:**

Name ____________________________________________
First name Middle name Last name

Title ____________________________________________

Company ____________________________________________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address ____________________________________________
Number Street

____________________________________________
City State ZIP Code

Contact phone ____________________ Email ____________________

# **Exhibit C**

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court 12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **Fill in the caption at the top of the form.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/CoreScientific

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**