IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

```
------------------------------------------------------- x
                                                        :
In re:                                                  :   Chapter 11
                                                        :
Core Scientific, Inc., et al.,                          :   Case No. 22-90341 (DRJ)
                                                        :
              Debtors.¹                                 :   (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

## DECLARATION OF ERNST & YOUNG LLP
## PURSUANT TO THE ORDER AUTHORIZING THE DEBTORS TO
## EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

I, Timothy Rinehart, hereby declare as follows:

1. I am a Managing Director of Ernst & Young LLP ("EY LLP"), which has an office located at 1120 NW Couch St, Portland, OR 97209.

2. The facts set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or professionals of EY LLP and EY US LLP (as defined below) or employees of other member firms of EYGL (as defined below) under my supervision and direction.

3. Core Scientific, Inc. and its debtor affiliates, as debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), have requested that EY LLP provide

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677);RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

the services summarized below to the Debtors, and EY LLP has consented to provide such services.[2]

 a. <u>Audit Services</u>
  i. Audit work consisting of updating procedures required by professional standards for issuance of a consent to the use of our prior year audit opinion in an SEC filing.

 b. <u>Tax Services</u>
  i. Routine on call tax consulting matters;
  ii. Indirect, state and local tax consulting matters;
  iii. IRC Section 382 services, as needed;
  iv. Tax advisory services regarding debt matters; and
  v. Tax compliance services as needed.

4. The Ernst & Young global network comprises independent professional services practices conducted by separate legal entities throughout the world. Such legal entities are members of Ernst & Young Global Limited ("<u>EYGL</u>"), a company incorporated under the laws of England and Wales and limited by guarantee, with no shareholders and no capital. The EYGL member firms have agreed to operate certain of their professional practices in accordance with agreed standards, but remain separate legal entities.

5. The particular firm that the Debtors seek to retain in these chapter 11 cases, EY LLP, is a member firm of EYGL in the United States. EY LLP does not have a parent entity, but rather is 100% owned by its partners. EY LLP engages in the practice of public accountancy and provides accounting and other professional services. All partners of EY LLP are Certified Public Accountants ("<u>CPAs</u>").

---

[2] The services that EY LLP intends to provide to the Debtors are set forth in one or more engagement letters (the "<u>Engagement Letters</u>"). The summaries of the services to be rendered by EY LLP and EY LLP's fees for such services are qualified in their entirety by reference to the provisions of the Engagement Letters. To the extent there is any discrepancy between the summaries contained in this Declaration and the terms of the Engagement Letters, the terms of the Engagement Letters shall control.

6. In addition, Ernst & Young U.S. LLP ("EY US LLP"), the owners of which are EY LLP CPA partners and non-CPA principals, is another member firm of EYGL in the United States. EY US LLP provides infrastructure and support services to EY LLP, including the services of CPA and non-CPA personnel. In particular, EY LLP uses EY US LLP personnel in providing services to EY LLP's clients. Such EY US LLP personnel continue to be employed by EY US LLP, but work under EY LLP's supervision in EY LLP engagements.

7. As part of its customary practice, EY LLP is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

8. Based on the connections check process that is summarized below, to the best of my knowledge, information and belief, EY LLP (a) does not perform services for any client that relates to the Debtors or these chapter 11 cases, and (b) does not hold or represent an interest adverse to the Debtors or their estates with respect to the matters upon which EY LLP is to be employed.

9. EY LLP has access to a computer database (the "Database") that contains information about actual client engagements and potential engagement activity of all of the member firms of EYGL. The Database also includes the names of other parties that the professionals on the relevant engagement team have identified as also being involved in each engagement (*e.g.*, adverse parties and co-clients). Thus, the Database allows one to determine whether EY LLP or another EYGL member firm represents a client in a matter that relates to the Debtors or their affiliates.[3]

---

[3] The information in the Database is populated by the professionals who are providing services under each engagement. Therefore, the information in the Database may not be 100% correct with respect to all engagements, as human errors may occur. Furthermore, financial information pertaining to engagement activity is the

3

10. EY LLP obtained a list of the Debtors and their non-debtor affiliates (the "Debtor List") from the Debtors' bankruptcy counsel on or about January 19, 2023.

11. EY LLP then caused the names of the Debtor List to be run against the Database, to determine whether EY LLP or any other EYGL member firm currently provides services to any client that relate to any Debtor or any affiliate of the Debtors, as set forth in the Debtor List.

12. In November 2022, the U.S. Securities and Exchange Commission served a subpoena on EY LLP concerning Core Scientific. EY LLP is complying with its legal obligations.

13. In the ordinary course of business, certain EYGL member firms ("EY Support Firms") provide various professional, administrative and back office support services for client-facing EYGL member firms throughout the world, as requested, coordinated and directed by such client-facing EYGL member firms (including EY LLP). An EY Support Firm assisted EY LLP in performing EY LLP's connections check for these chapter 11 cases. The costs paid by EY LLP to that EY Support Firm for such connections check related services will not be billed to the Debtors.

14. To the extent required by Section 504 of the Bankruptcy Code, except as otherwise set forth herein (*e.g.*, if another EYGL member firm provides services to the Debtors under a subcontracting arrangement with EY LLP), EY LLP has not shared or agreed to share any of its compensation in connection with this matter with any other person, other than the partners, principals and employees of EY LLP and EY US LLP.

15. The Debtors do not owe EY LLP any money for pre-petition services.

---

proprietary and confidential information of each individual EYGL member firm. EY LLP may not have the right to access, or if accessed, disclose, such information relating to other EYGL member firms.

16. At any time during the period of its employment before the effective date of a chapter 11 plan in these cases, if EY LLP should discover any facts that require disclosure, EY LLP will file a supplemental declaration with this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 13, 2023

*/s/ Timothy Rinehart*
Timothy Rinehart
Ernst & Young LLP