In re:

CORE SCIENTIFIC, INC., *et al.*,

Debtors.[1]

§
§
§
§
§
§
§
§
§
§

Chapter 11

Case No. 22- 90341 (DRJ)

(Jointly Administered)

Re:  Docket No. 543

## DECLARATION AND DISCLOSURE STATEMENT OF THOMAS M. QUIRK, ON BEHALF OF PARKER POE ADAMS & BERNSTEIN LLP

I, Thomas M. Quirk, hereby declare, pursuant to section 1746 of title 28 of the United States Code:

1.  I am a Partner of Parker Poe Adams & Bernstein LLP located at 620 South Tryon Street, Suite 800, Charlotte, North Carolina 28202 (the "**Firm**").

2.  Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services (the "**Services**").

3.  The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of which may represent or be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not perform services for any such person in connection with these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

In addition, the Firm currently does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Firm is to be retained.

4. However, the Firm was previously contacted by a party-in-interest regarding a potential representation of such party-in-interest in connection with the Debtors' chapter 11 cases. Specifically, on November 30, 2022, the Firm was contacted by Sidley Austin LLP ("**Sidley**") regarding the possible representation of NYDIG ABL LLC ("**NYDIG**"), a potentially interested party in the Debtors' chapter 11 cases, in connection with North Carolina's claim and delivery procedures for repossessing collateral in the possession of one or more of the Debtors. Prior to the filing of the Debtors' chapter 11 cases, a partner at the Firm provided Sidley and NYDIG with a summary of those procedures in North Carolina. The Firm sent an engagement letter to NYDIG in care of Sidley, but the letter was not returned to the Firm. The Firm has had no other dealings with Sidley or NYDIG regarding the Debtors' chapter 11 cases, but makes this disclosure out of an abundance of caution.

5. Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6. Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates, with respect to the matters on which the Firm is to be retained.

7. The Debtors owe the Firm $ -0- for prepetition services.

8. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the

Firm will supplement the information contained in this Declaration.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 15, 2023

By: _____
    Thomas M. Quirk, Partner
    Parker Poe Adams & Bernstein LLP