UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | ) Case No. 22-90341 (DRJ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) Re: Docket No. 655 |

**OBJECTION AND RESERVATION OF RIGHTS OF THE AD HOC GROUP TO THE DEBTORS' EMERGENCY MOTION FOR ORDER APPROVING (I) GLOBAL SETTLEMENT BETWEEN DEBTORS AND PRIORITY POWER MANAGEMENT, LLC, (II) ASSUMPTION OF THE EMCSA, (III) ENTRY INTO THE NEW AGREEMENTS AND (IV) GRANTING RELATED RELIEF**

The ad hoc group (the "<u>Ad Hoc Group</u>") of beneficial holders and/or investment advisors or managers of discretionary accounts that hold (i) secured convertible notes issued pursuant to that certain Secured Convertible Note Purchase Agreement, dated as of April 19, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, and including all related credit documents, and the notes issued thereunder, the "<u>April Secured Convertible Notes</u>") and/or (ii) the secured convertible notes issued pursuant to that certain Convertible Note Purchase Agreement, dated on or about August 20, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, and including all related credit documents, and the notes issues thereunder, the "<u>August Secured Convertible Notes</u>", and collectively with the April Secured Convertible Notes,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

the "Secured Convertible Notes" and the noteholders thereof, the "Convertible Noteholders"), each issued by Core Scientific, Inc. (as successor to or assignee of Core Scientific Holdings Co.),[2] hereby submits this objection and reservation of rights (this "Objection") to the *Debtors' Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Priority Power Management, LLC, (II) Assumption of the EMCSA, (III) Entry into the New Agreements and (IV) Granting Related Relief* [Docket No. 655] (the "Motion")[3] in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"). In support of this Objection, the Ad Hoc Group respectfully states as follows:

## OBJECTION

1. Pursuant to the Motion, in exchange for the discharge of PPM's purported mechanic's liens, the Debtors propose to, among other things, (a) assume certain contracts with PPM and (b) transfer certain of the Debtors' assets (the "Transferred Assets") to PPM pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens and interests, including the interests of the Convertible Noteholders.

2. The Motion fails to point out that the Convertible Noteholders maintain a fully perfected first priority lien on the Transferred Assets. The Convertible Noteholders were granted a security interest in, among other things, all of the Debtors' goods, including, without limitation, equipment, inventory and fixtures. *See* Security Agreement dated as of April 19, 2021 § 2(i); Security Agreement dated as of February 8, 2022 § 2(i). Such security interests were perfected through the filing of UCC financing statements with the applicable secretary of state, which formed

---

[2] The Ad Hoc Group's holdings are disclosed on the *Supplemental Verified Statement of the Ad Hoc Group of Secured Convertible Noteholders Pursuant to Bankruptcy Rule 2019*, dated March 2, 2023 [Docket No. 611].

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the basis of the Debtors' stipulations with respect to the Convertible Noteholders' liens under the DIP Order (as defined below).

3. The Motion further fails to even mention, let alone address, whether the transfer of the Transferred Assets satisfies the requirements of section 363(f) of the Bankruptcy Code. Clearly it does not. Section 363(f) of the Bankruptcy Code mandates that a debtor may sell property free and clear only if certain requirements are met. *See* 11 U.S.C. § 363(f). None of those requirements are met here: (a) applicable non-bankruptcy law does <u>not</u> permit the transfer of such collateral free and clear of the Convertible Noteholders' interests, (b) the Convertible Noteholders do <u>not</u> consent, (c) the price at which the collateral is being sold is not greater than the value of the Convertible Noteholders' liens (*e.g.*, the seniority of PPM's liens have not been established and there is no cash being paid to the Debtors), (d) the Convertible Noteholders' lien is not the subject of bona fide dispute (indeed, the Debtors have stipulated to the perfection of the Convertible Noteholders' liens[4]), and (e) there is no cash being paid by PPM, and therefore no money proceeds are available with which to satisfy the Convertible Noteholders' liens. *See* 11 U.S.C. § 363(f).

4. In short, the Motion offers no basis for the "free and clear" sale of Transferred Assets that constitute the Convertible Noteholders' collateral to PPM under the pertinent section of the Bankruptcy Code. The Debtors make an oblique reference to the fact that PPM purportedly maintains title in certain of the Transferred Assets (*see* Motion at ¶ 13), but no further explanation in the Motion is provided. To the extent the Debtors intend to argue that PPM's interests in certain of the Transferred Assets are senior to those of the Convertible Noteholders under applicable state law, the Debtors and PPM should be required to articulate and brief their positions before the

---

[4] *See Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 608] (the "<u>DIP Order</u>") ¶ F(c).

Court, including with evidentiary support, in advance of any hearing to consider the proposed settlement, as a basic matter of due process.  In any event, it is undisputed that at least a meaningful portion of the Transferred Assets are the subject of the Convertible Noteholders' fully perfected prior senior liens, yet the Debtors offer no justification for the free and clear sale of such collateral pursuant to the pertinent section of the Bankruptcy Code.

5.      Moreover, pursuant to section 363(e) of the Bankruptcy Code, the Convertible Noteholders' liens cannot be released without providing the Convertible Noteholders with adequate protection in connection with the release of such liens.

6.      Perhaps in recognition of the failure to satisfy the requirements of section 363(f) of the Bankruptcy Code, the Debtors seek instead to push the settlement through under the rubric of a "Bankruptcy Rule 9019 settlement."  However, even assuming arguendo that Bankruptcy Rule 9019 would override section 363(f) in this instance (it does not), the proposed settlement is nonetheless prohibited by the fair and equitable standard for settlements of Bankruptcy Rule 9019.

7.      Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019.  It is well-settled law in this circuit that a court may only approve a proposed compromise or settlement if it is "fair and equitable".  *See In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984).

8.      In *In re AWECO, Inc.*, the Fifth Circuit set forth a strict rule that "a bankruptcy court abuses its discretion in approving a settlement with a junior creditor unless the court concludes that priority of payment will be respected as to objecting senior creditors." *Id*.  In reaching this conclusion, the Fifth Circuit held that the extension of the fair and equitable standard to pre-plan settlements was appropriate because "[a]s soon as a debtor files a petition for relief, fair and equitable settlement of creditors' claims becomes a goal of the proceedings." *Id*.  The

4

Fifth Circuit also stated that "looking only to the fairness of the settlement as between the debtor and the settling claimant contravenes a basic notion of fairness" and that "priority of payment will be respected as to objecting senior creditors." *Id.*

9. As discussed above, the Convertible Noteholders have a perfected security interest in the Transferred Assets, as stipulated by the Debtors in the DIP Order. PPM's interests, on the other hand, are more limited. Under the Texas Property Code, mechanic's liens are limited to the particular property and articles for which payment is due. *See* Tex. Prop. Code Ann. § 53.022(a) (stating that the lien extends to the improvements and to each lot of land necessarily connected). As one Texas court has noted, "that mechanics' and material men's liens do not attach to other premises separate and distinct from those upon which the improvement or repairs are made, is a rule of law too well settled to require any citation of authorities to support it." *Lambert v. Williams*, 2 Tex. Civ. App. 413, 415 (1893); *see also Black, Sivalls & Bryson v. Operators' Oil & Gas Co.*, 37 S.W.2d 313, 316 (Tex. Civ. App. 1931), writ dismissed w.o.j. (July 22, 1931) (stating that a constitutional lien upon a building extends to the land upon which the building is located, but a lien upon an article made does not extend to anything other than such article).

10. Thus, the burden of proof lies with the Debtors to demonstrate whether, and the extent to which, PPM's interests may be senior to those of the Convertible Noteholders. However, the Debtors have failed to satisfy that burden. The Debtors suggest that (a) title to <u>certain</u> of the Transferred Assets remains with PPM, (b) PPM's mechanic's lien in <u>certain</u> of the Transferred Assets may be senior to the Convertible Noteholders' liens in those same assets, and (c) the Convertible Noteholders maintain a senior lien in yet another portion of the Transferred Assets. However, the Motion offers no detail as to the amounts paid for, or current value of, each of the foregoing categories of assets, or the legal basis for PPM's assertion of title or seniority. In any

event, the Convertible Noteholders need to be compensated in exchange for the release of their liens in the Transferred Assets or such assets should not be permitted to be transferred.

11. Consequently, as a matter of fact and law, the PPM Settlement fails to satisfy the "fair and equitable" test, violates the absolute priority rule, and should not be approved.

12. Moreover, the current record before this Court is entirely inadequate to establish the relief sought by the Debtors and PPM and the hearing should be postponed until such time as the Debtors provide appropriate evidence to establish their factual assertions, properly brief their arguments and allow all parties-in-interest the opportunity to properly respond to that evidence and briefing.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Ad Hoc Group respectfully requests that the Court deny the Motion and grant the Ad Hoc Group such other relief as is just and proper under the circumstances.

|  |  |
|---|---|
| Dated: March 19, 2023<br>Houston, Texas | Respectfully submitted,<br><br>/s/ James T. Grogan III<br>**PAUL HASTINGS LLP**<br>James T. Grogan III (TX Bar No. 24027354)<br>600 Travis Street, 58th Floor<br>Houston, Texas 77002<br>Telephone: (713) 860-7300<br>Facsimile: (713) 353-3100<br>Email: jamesgrogan@paulhastings.com<br><br>-and-<br><br>Kristopher M. Hansen (admitted *pro hac vice*)<br>Sayan Bhattacharyya (admitted *pro hac vice*)<br>Kenneth Pasquale ( admitted *pro hac vice* )<br>Erez E. Gilad (admitted *pro hac vice*)<br>Joanne Lau (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: krishansen@paulhastings.com<br>         sayanbhattacharyya@paulhastings.com<br>         kenpasquale@paulhastings.com<br>         erezgilad@paulhastings.com<br>         joannelau@paulhastings.com<br><br>*Counsel to the Ad Hoc Group of Secured Convertible Noteholders* |

**Certificate of Service**

I certify that on March 19, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                    */s/* James T. Grogan III
                                                                                     James T. Grogan III