IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § | (Jointly Administered) |

**FIRST SUPPLEMENTAL
DECLARATION OF RAY C. SCHROCK IN
SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY
TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP
AS ATTORNEYS FOR DEBTORS EFFECTIVE AS OF PETITION DATE**

I, Ray C. Schrock, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I submit this declaration (the "**First Supplemental Declaration**") as a supplement to my declaration dated January 15, 2023 (the "**Original Declaration**") in support of the *Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* (Docket No. 286) (the "**Application**").[2] On February 8, 2023, the Court entered an order approving the Application (Docket No. 504).

2. This First Supplemental Declaration has been prepared in accordance with paragraph 16 of the Original Declaration, which provides that if any new material, relevant facts,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application or the Original Declaration, as applicable.

or relationships are discovered or arise, Weil will promptly file a supplemental disclosure with the Court. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

## Supplemental Disclosure

3. Subsequent to the filing of the Original Declaration, it was brought to my attention that the Original Declaration inadvertently did not disclose Weil's representation of Debtor Core Scientific, Inc. ("**Core Scientific**") and certain current and former officers and/or directors in a currently pending putative class action as of the Petition Date. As explained below, Weil is filing this First Supplemental Declaration promptly upon learning of this inadvertent omission, it will no longer represent Core Scientific's directors and officers in such matter, and Weil remains disinterested.

4. On November 14, 2022, plaintiff Mei Pang ("**Plaintiff**"), individually and on behalf of all others similarly situated, filed a putative class action complaint for violations of federal securities laws (the "**Class Action**") in the United States District Court for the Western District of Texas, Austin Division, naming as defendants Core Scientific, Inc. (the "**Company Defendant**") and Michael Levitt, Michael Trzupek, and Denise Sterling (the "**Individual Defendants**" and, together with the Company Defendant, the "**Defendants**"). Plaintiff asserts that the Defendants violated the Securities Exchange Act of 1934 by making materially false and/or misleading statements and failing to disclose material adverse facts about Core Scientific's business operations.

5. On December 27, 2022, Plaintiff filed a *Notice of Voluntary Dismissal*, voluntarily dismissing the claims against Core Scientific (the "**Voluntary Dismissal**"), thus leaving the Individual Defendants as the only remaining defendants.

6. Prior to the Voluntary Dismissal, Weil performed little substantive work on the Class Action. Weil has performed no substantive work for the Individual Defendants following the Voluntary Dismissal.

7. In light of the chapter 11 cases and the Voluntary Dismissal, Weil and the Individual Defendants concluded that the Individual Defendants should retain new counsel for the Class Action. Consequently, as of the date of this First Supplemental Declaration, the Individual Defendants are finalizing their retention of new counsel for the Class Action, and Weil is transitioning its representation of the Individual Defendants to the Individual Defendants' new counsel.

## **Weil is Disinterested**

8. Based on the foregoing, and as stated in the Original Declaration, insofar as I have been able to ascertain after diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Weil is employed by the Debtors and Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code and modified by section 1107(b) of the Bankruptcy Code, as the Debtors' and the Individual Defendants' interests were aligned at all times during the representation, Weil will no longer represent the Individual Defendants out of an abundance of caution, and the Class Action is not material to the Debtors' chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 20, 2023
New York, New York

                                         */s/ Ray C. Schrock*
                                         Ray C. Schrock