IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

### DEBTORS' MOTION TO QUASH SPHERE 3D'S BANKRUPTCY RULE 2004 REQUESTS FOR PRODUCTION OF DOCUMENTS

> **THIS APPLICATION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 7 DAYS OF THE DATE THIS APPLICATION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU AND WITHOUT A HEARING. IF YOU OPPOSE THE APPLICATION, YOU MUST ATTEND ANY HEARING THAT MAY BE SCHEDULED BY THE COURT TO CONSIDER THE APPLICATION. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

### I.     Relief Requested

1. By this Motion, Debtors request an order, in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2004-1 of the Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), Federal Rule of Civil Procedure 45, as made applicable by Bankruptcy Rule 9016, and section 105(a) of chapter 11 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), quashing Sphere 3D Corporation's ("**Sphere 3D**") *Notice of Bankruptcy Rule 2004 Requests For Production of Documents From Core Scientific, Inc*. and related subpoena duces tecum, attached hereto as **Exhibit B**.

### II.     Factual Background

2. On October 31, 2022, Sphere 3D—a digital asset mining company—filed against Core a Demand for Arbitration with JAMS (the "**Arbitration Demand**"). Sphere 3D alleges that Core is holding a cash deposit, mining machines, and an unknown amount of bitcoin that purportedly belong to Sphere 3D. As Sphere 3D admits, however, the deposit and machines were provided to Core pursuant to a master services agreement and accompanying order between Core and Gryphon, a different digital asset mining company and current Core customer. As Core will prove in the event that the underlying dispute advances to an evidentiary hearing, any dispute Sphere 3D may have is with *Gryphon*, and its claims against Core are entirely misplaced.

3. On November 1, 2022, JAMS noticed a *Commencement of Arbitration* between Sphere 3D and Core with assigned JAMS reference number 5160000275 (the "**Arbitration**").

4. On December 21, 2022, Core filed its petition for chapter 11 relief, which resulted in an automatic stay of the Arbitration [Dkt. No. 1]. The Arbitration has since been stayed

while Core and its affiliated debtors focus on developing a business plan and formulating a reorganization plan.

5. On February 15, 2023, Sphere 3D sent Core a settlement offer (the "**Settlement Offer**") with respect to the claims in its Arbitration Demand. After several communications between counsel for both parties, on March 9, 2023, Core's counsel informed Sphere 3D's counsel that Core was still assessing the Settlement Offer. During that same call, counsel for Sphere 3D asked whether Core would be willing to produce a 30(b)(6) witness or documents on topics related to Sphere 3D's claims in the Arbitration. Counsel for Core stated that the Debtors would not agree to provide any such discovery.

6. On March 13, 2023, Sphere 3D filed a *Notice of Bankruptcy Rule 2004 Requests for Production of Documents from Core Scientific, Inc.*, which attaches as Exhibit A *Sphere 3D Corp.'s First Request for Production of Documents from Core Scientific, Inc.* ("**Request for Production**") [Dkt. No. 678].

### III.   Argument

7. Sphere 3D's Request for Production is procedurally improper and contravenes Rule 2004 and fundamental principles of the Bankruptcy Code, including the automatic stay. It is also overbroad and unduly burdensome. The party seeking Rule 2004 discovery bears the burden of showing good cause. *In re Express One Intern., Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) (quotation omitted). "Generally, good cause requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice." *Id.* Even if a party can establish good cause—which Sphere 3D cannot—the right to invoke Rule 2004 is not absolute, but rather subject to the Court's discretion. *In re Millennium Lab Holdings II*,

*LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Nevertheless, parties do not have an absolute right to Rule 2004 examinations—the granting of a Rule 2004 examination is dependent on the discretion of the court.")

8. Here, the Court should quash Sphere 3D's subpoena for two independent reasons. **_First_**, Sphere 3D cannot use Rule 2004 for the impermissible purpose of obtaining discovery related to the claims asserted in its prepetition Arbitration Demand. **_Second_**, even if the Request for Production were procedurally proper, it is overbroad and unduly burdensome.

### A. Sphere 3D Cannot Use Rule 2004 to Circumvent the Automatic Stay and Obtain Discovery Related to Its Prepetition Claims Asserted in the Arbitration Demand.

9. Through the Request for Production, Sphere 3D is seeking discovery related to the claims asserted in its prepetition Arbitration Demand, which is currently stayed pursuant to the automatic stay. However, the pending proceeding rule provides that Rule 2004 discovery "should not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal." *In re Snyder*, No. 94-60572, 1995 WL 241797, at *1 (5th Cir. Apr. 12, 1995); *see also In re Board of Directors of Hopewell Intern. Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) (extending the prohibition on using Rule 2004 to obtain discovery in connection with a pending adversary proceeding or contested matter to arbitrations). By seeking discovery related to its prepetition claims in the Arbitration Demand, Sphere 3D is attempting to circumvent the pending proceeding rule, and therefore, the Court should deny its Request for Production.

10. Moreover, Sphere 3D's use of Rule 2004 to obtain evidence in support of its prepetition claims contravenes the purpose of Rule 2004. While Rule 2004 may be used to determine whether there are grounds to bring an action, *see e.g.*, *In re Comdisco, Inc.* 2006 WL 2375458, at *6 (N.D. Ill. Aug. 14, 2006), Sphere 3D is not using Rule 2004 to assess whether it

4

has a basis to bring suit against Core; it has already filed the Arbitration Demand in which it asserts several causes of action. Sphere 3D already has determined that it has a basis to assert the Arbitration Demand. It therefore does not need a Rule 2004 subpoena to assess claims it already asserted.

11. Allowing the use of Rule 2004 to obtain discovery related to a prepetition claim also undermines a fundamental protection offered by the Bankruptcy Code: the automatic stay. It is integral to the bankruptcy process that a debtor, upon filing for bankruptcy, receives "the protection of an automatic stay, preventing his creditors from acting against him for a period of time, in order to facilitate rehabilitation or reorganization of his finances and to promote a fresh start through the orderly disposition of assets to satisfy his creditors." *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986); *In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 370 (5th Cir. 1987) (stating the bankruptcy process, including the automatic stay, provides debtors "a breathing spell and time to work constructively with [their] creditors to propose a plan of reorganization"). Without the well-settled rule that Rule 2004 cannot be used to obtain discovery for prepetition claims brought in a pending proceeding, the automatic stay would lose force and a debtor (like Core) would have to expend resources engaging with prepetition litigants (like Sphere 3D).

12. Sphere 3D's Request for Production is a plain attempt to circumvent the protections of the automatic stay and secure discovery on claims asserted in Sphere 3D's stayed prepetition Arbitration Demand. Like other alleged creditors with prepetition claims, Sphere 3D must abide by the proper bankruptcy rules and procedures. For this reason, Sphere 3D is not entitled to the discovery that it seeks, and the Court should grant the motion to quash the Request for Production.

### B.      *The Request for Production Is Overbroad and Unduly Burdensome*

14. In addition to being a procedurally improper attempt to seek discovery on prepetition claims brought in the Arbitration Demand, the Request for Production should be quashed as overbroad and unduly burdensome.

15. The scope of Rule 2004 discovery is not "limitless" and "should not be so broad as to be more disruptive and costly to the debtor [party being examined] than beneficial to the creditor [party requesting the examination]." *In re Buccaneer Res., LLC*, No. 14-60041, 2015 WL 8527424, at *6 (Bankr. S.D. Tex. Dec. 10, 2015) (citation omitted). If the cost and disruption to the person being examined outweigh the benefits to the examiner, the examination should be denied. *Id*. Similarly, Federal Rule of Civil Procedure 45 provides that a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[2]

16. The Request for Production is unduly burdensome; it contains numerous discovery requests—many of which are for "all communications and documents"—unrelated to any potential claims that Sphere 3D could assert against Core. For example, Sphere 3D seeks all documents and communications "related to any increases, changes in, or introduction or administration of any new taxes, levies, tariffs or governmental fees, or charges that Core has sought to pass or considered passing on to its customers, including, without limitation, Sphere and Gryphon" (No. 8); all documents and communications "related to the actual, anticipated, requested or rejected deliveries of miners on behalf of *any* customer to the Debtors" (No. 11) (emphasis added); documents "sufficient to show the operability and status of all miners in Core's possession,

---

[2] Rule 2004 provides for the production of documents in accordance with Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c). Bankruptcy Rule 9016 makes Federal Rule of Civil Procedure 45 applicable to bankruptcy proceedings. Fed. R. Bank. P. 9016. *See In re Buccaneer Res., LLC.*, 2015 WL 8527424, at *6.

custody, or control" (No. 13); documents "sufficient to show the number of miners Core was running on behalf of itself and *each of its customers* (No. 14) (emphasis added); documents "sufficient to show costs of power and operating" (No. 16); all documents and communications "related to Core's ability to host miners on behalf of Sphere, Gryphon, Core, or *any other customer*" (No. 18) (emphasis added). These requests seek information far beyond any legitimate interest Sphere 3D may have.

16. Further, the cost to Core of complying with Sphere 3D's overbroad requests clearly outweighs any potential benefit to Sphere 3D given that Sphere 3D—not Core—should have possession of the documents relevant to proving the gravamen of Sphere 3D's claims: that it paid the deposit under the master services agreement and accompanying order executed between Core and Gryphon, and that the machines delivered pursuant to that order belong to Sphere 3D rather than Gryphon. Should Sphere 3D file a proof of claim, this dispute may become more relevant to this bankruptcy, but even then the requests would remain overbroad and unduly burdensome. In any event, in the current context there is no reason for Core to divert resources away from its reorganization efforts to respond to the Request for Production and provide Sphere 3D with information that it should already have.

17. Responding to these overbroad requests would drain resources, financial and otherwise, from the Debtors' estate, and also prejudice Core. For these reasons, and those set forth above, the Court should quash the Request for Production.

## IV. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order quashing the *Notice of Bankruptcy Rule 2004 Requests for Production from Core Scientific, Inc.*, and related subpoena duces tecum and such other and further relief as the Court may deem just and appropriate.

Dated: March 20, 2023
Houston, Texas

       /s/ *Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   Ray.Schrock@weil.com
           Ronit.Berkovich@weil.com
           Theodore.Tsekerides@weil.com
           Moshe.Fink@weil.com

*Counsel for Debtors and*
*Debtors in Possession*

**Certificate of Service**

I hereby certify that on March 20, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                       */s/ Alfredo R. Pérez*
                                       WEIL, GOTSHAL & MANGES LLP
                                       Alfredo R. Pérez (15776275)
                                       700 Louisiana Street, Suite 1700
                                       Houston, Texas 77002
                                       Telephone:  (713) 546-5000
                                       Facsimile:  (713) 224-9511
                                       Email: Alfredo.Perez @weil.com