IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.**, *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

**SPHERE 3D'S OBJECTION TO DEBTORS' MOTION TO QUASH SPHERE 3D'S
BANKRUPTCY RULE 2004 REQUESTS FOR PRODUCTION OF DOCUMENTS**
[Relates to Docket No. 711]

Sphere 3D Corp. ("Sphere") files this objection ("Objection") to the *Debtors' Motion to Quash Sphere 3D's Bankruptcy Rule 2004 Requests for Production of Documents* [Docket No. 711] (the "Motion to Quash"), and in support, respectfully states as follows:

**SUMMARY OF OBJECTION**

1. The Debtors' Motion to Quash should be denied because Sphere requests production of documents specifically permitted under Rule 2004 of the Federal Rules of Bankruptcy Procedure and the "pending proceeding" rule is inapplicable.

2. Sphere's document requests seek information related to post-petition allegations and assertions made by Debtors' counsel regarding property of the Debtors' estates; Debtors' assertion that Sphere is a stranger to any contractual relationship with Debtors and that Sphere can only have claims against non-debtor Gryphon Digital Mining Inc. ("Gryphon") even though Gryphon *assigned* its contractual rights with Debtors to Sphere, as it was expressly permitted to do under the relevant contracts; whether Sphere is entitled to the return of property it delivered to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

DMS 301607576

Debtors; the potential liability and Debtors' lack of liabilities related thereto; whether Gryphon, Sphere, or both are part of the Debtors' reorganization and formulation of a plan; and other matters relevant to the bankruptcy cases. These bankruptcy-specific issues are clearly within the scope of Bankruptcy Rule 2004 and largely differ from those raised by any other proceeding, rendering the pending proceeding rule inapplicable. The pending proceeding rule is independently inapplicable because the information obtained through Bankruptcy Rule 2004 will be used in these bankruptcy cases, where Sphere's claims against the Debtors will be resolved, and not in any collateral arbitration, which is presently stayed, did not even proceed to arbitrator selection or see the Debtors file an answer, and will not proceed further.

3. At bottom, the Debtors' real argument is that they are correct on the merits and the property Sphere claims as its own is in reality the property of the Debtors' estates. But this Court should not simply take the Debtors at their word or even offer a presumption in their favor—doing so would defeat the precise purpose of the Bankruptcy Rule 2004 requests sought here, namely, to explore whether the property at issue is in fact the property of the estate. The Motion to Quash should be denied.

## BACKGROUND

4. Sphere is in the business of digital asset mining—*i.e.*, using computers referred to as "miners" to earn bitcoin and bitcoin-related transaction fees. Debtors are likewise in the business of digital asset mining and are also in the business of hosting miners for third parties in exchange for fees. Another digital asset mining company, third-party non-debtor Gryphon Digital Mining Inc. ("Gryphon"), serves as a manager for Sphere in connection with certain crypto-related services.

5. Before the Debtors filed these chapter 11 bankruptcy cases on December 21, 2022 (the "Petition Date"), Gryphon as manager for Sphere entered into a master services agreement (the "MSA") and an accompanying order ("Order #2") with Core Scientific, Inc. ("Core"). Although the Motion to Quash claims that Core's relationship is exclusively with Gryphon and paints Sphere as a stranger to Core (*see, e.g.*, Motion to Quash, ¶¶ 2, 16), Order #2 expressly provided that Gryphon could "*sub-license, assign, delegate or transfer*" any of "its *rights* . . . to *Sphere*" under the "[MSA]" or "Order [#]2 . . . without . . . prior written consent."[2] Pursuant to a Sub-License and Delegation Agreement dated October 5, 2021, as subsequently amended, Gryphon assigned contractual rights to Sphere, placing Sphere in direct privity with Core. In July 2022, Gryphon sent a letter confirming that Sphere is the sole source and beneficiary of the approximately $34.7 million deposit paid to Core by Sphere and disclaiming any interest in that deposit.

6. On October 31, 2022, a mere two months before this the Debtors initiated this bankruptcy proceeding, Sphere filed a demand for arbitration against Core. That arbitration proceeding (the "Arbitration"), including all discovery, has been stayed since the Petition Date. Core did not file an answer, and the parties did not engage in arbitrator selection. In the Arbitration, Sphere asserted claims against Core for repudiation of a contract, breach of contract, breach of implied covenant of good faith and fair dealing (in the alternative), unjust enrichment (in the alternative), conversion, and promissory estoppel. The remedies requested include breach of contract and restitution damages and the return of certain miners, bitcoins mined using the

---

[2] All emphases added unless otherwise noted.

miners, and the approximately $34.7 million deposit. The claims raised in that Arbitration will be resolved as part of these bankruptcy cases.[3]

7. After the Petition Date, beginning in or around early February 2023, Sphere's counsel engaged in discussions with Debtors' counsel in an attempt to resolve the disputes between the parties, including any go-forward business relationship among the parties, property issues, and contractual rights. Sphere made a written offer to Debtors to fully settle the disputes. Debtors did not respond to the offer and discussions ended on March 9, 2023 with the Debtors stating that they would not agree to any document production requests by Sphere, which prompted Sphere to shift to a more formal document production request process by filing the Bankruptcy Rule 2004 Request for Production [Docket No. 678] (the "<u>Request for Production</u>") on March 13, 2023.

8. On March 16, 2023, shortly after filing the Request for Production, Sphere's counsel contacted Debtors' counsel with the intent of conferring further about the Request for Production. Debtors' counsel declined the invitation to discuss.

9. On March 20, 2023, the Debtors filed the Motion to Quash.

## **OBJECTION**

**A.  Sphere's Request for Production Relates to Matters in these Bankruptcy Cases and Is Permissible Under Bankruptcy Rule 2004.**

10. Bankruptcy Rule 2004 broadly permits "any party in interest" to examine "any entity" regarding "the acts, conduct, or property or [ ] the liabilities and financial condition of the debtor, or [ ] any matter which may affect the administration of the debtor's estate," and in a chapter 11 reorganization, "the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtors for purposes of

---

[3] The damages asserted in the Arbitration will be part of any claims asserted in a proof of claim that Sphere will file in these bankruptcy cases.

4

consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(a) and (b); *see In re Buccaneer Res., LLC*, 2015 WL 8527424, at *6 (Bankr. S.D. Tex. 2015) (quoting Fed. R. Bankr. P. 2004(b)). "The scope of a Rule 2004 examination is 'unfettered and broad.'" *In re Washington Mutual, Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009) (citation omitted).

11. Sphere filed the Request for Production to examine the Debtors regarding property, liabilities and financial condition of the Debtors, and other matters that may affect the administration of the Debtors' estate, the Debtors' operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the Debtors for purposes of consummating a plan and the consideration given or offered therefor, other matters relevant to these bankruptcy cases, and the formulation of a plan. All are permitted categories for examination under Bankruptcy Rule 2004 and are issues that could not be addressed before these bankruptcy cases existed.

12. Specifically, Sphere requested information on, among other things, the miners of Sphere and Gryphon, bitcoins, the deposit payments, communications with Gryphon, the Debtors' business operations, the Debtors' ability to continue business operations and formulate a plan, and matters related thereto that are relevant to these bankruptcy cases. Sphere requested specific and targeted documents based upon the Debtors' arguments and assertions in post-petition discussions with Sphere (after the stay of the Arbitration and not as part of the Arbitration—indeed, Sphere sought *no discovery* in connection with the Arbitration), which can be summarized as follows: (a) Sphere has no property interest in the miners, coins, or the deposit in Debtors' possession; (b) the property in the Debtors' possession is Debtors' or Gryphon's property, but not Sphere's; (c) the Debtors' lack any liability to Sphere; (d) if anyone bears liability to Sphere, it is Gryphon; and (e)

Sphere is not entitled to the return of any property based upon a combination of the foregoing or some other reason yet to be ascertained.

13. But these are not reasons to deny Sphere the information it seeks. The information Sphere seeks on these issues is probative of, among other things, the Debtors' liabilities; the Debtors' ability to satisfy liabilities; ownership of the property in the Debtors' possession and whether such property is property of the estates or held by the Debtors for the benefit of Sphere; the relationship among Sphere, the Debtors, Gryphon, and any third parties that the Debtors assert are relevant to the foregoing; and Sphere's role, if any, in the Debtors' formulation of a plan.

14. The Debtors' arguments against Sphere's requests simply devolve into the tautology that they are correct and the property they claim as property of the estate is not the property of Sphere, so there is no reason to explore the issue. That puts the cart before the horse and is no reason to deny Sphere's Request for Production under Bankruptcy Rule 2004.

      **B.**    **The Pending Proceeding Rule Has No Application Here.**

15. Sphere is not circumventing the "pending proceeding" rule as the Debtors allege in the Motion to Quash. The Debtors argue that the rule affords essentially blanket protection from Bankruptcy Rule 2004 whenever there is another proceeding pending that is arguably related to the bankruptcy cases, but that is not so. "[T]he court holds the ultimate discretion whether to permit the use of Rule 2004, and courts have for various reasons done so despite the existence of other pending litigation." *See In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (collecting cases). There are several, independently sufficient reasons the pending proceeding rule has no application here.

16. First, the issues for examination differ from the scope of those pending in the Arbitration. *See id*. (noting that "when the Rule 2004 examination relates not to the pending

6

adversary litigation, but to another matter, the 'pending proceeding" rule does not apply'" and permitting Bankruptcy Rule 2004 examination where it was "not clear that all of the potential claims of the Debtor and [non-debtor] are the subject of pending litigation"). Sphere needs the requested information to determine whether the Debtors are in possession of Sphere's property, what rights the Debtors have to the property, Debtors' lack of liabilities related thereto, the Debtors' path forward in these chapter 11 cases, including the Debtors' relationship with Sphere, Gryphon, or any other relevant counterparty. Many of these issues could not possibly have been part of the Arbitration because the bankruptcy estate did not exist at the time of the Arbitration.

17. Second, the primary purpose of the pending proceeding rule is to prevent a party from improperly using an "examination … collaterally in pending litigation." *See* 9 Collier on Bankruptcy § 2004.01[8] (16th ed. 2022). The pending proceeding rule, however, has no application, where, as here "discovery is not presently available in any of the other pending litigation, due to the automatic stay arising from [the] bankruptcy." *Int'l Fibercom*, 283 B.R. at 293. There is no risk that any information obtained through Bankruptcy Rule 2004 will find its way into the Arbitration because any claims against Core will be resolved through these bankruptcy cases. The Arbitration was stayed at a very early stage in the process—before arbitrator selection, the filing of an answer, or the exchange of any discovery.

18. The cases Core cites in the Motion to Quash illustrate that the pending proceeding rule has no application here. *In re Snyder*—a summary opinion—affirmed the denial of a Bankruptcy Rule 2004 examination where the requested materials would be used "in an unrelated" state court litigation against the debtor, 52 F.3d 1067 (5th Cir. 1995), which is not the case here given that Sphere will adjudicate any claims through the bankruptcy process. *In re Board of Directors of Hopewell Int'l Ins. Ltd.* is even more far afield, as that case involved a debtor that was

7

seeking a Bankruptcy Rule 2004 examination for use in a foreign arbitration that was not subject to the automatic stay.  258 B.R. 580, 581, 584–87 (Bankr. S.D.N.Y. 2001).

19. Core also contends that Sphere is somehow prohibited from pursuing its requests under Bankruptcy Rule 2004 because Sphere has already determined that it has claims against Core.  Core cites no support for that proposition.  In any event, as noted, the bankruptcy issues here differ from those at issue in the Arbitration.

20. Finally, Core's appeal to the rationale behind the automatic stay—to give the Debtors time to reorganize—as a basis for denying the Bankruptcy Rule 2004 requests is unpersuasive.  Bankruptcy Rule 2004 is a legitimate means of obtaining information from the Debtors and protecting Sphere's rights.  Sphere acknowledges that a request for documents or an examination under Bankruptcy Rule 2004 "should not be so broad as to be more disruptive and costly to the [party being examined] than beneficial to the [party requesting the examination]." *In re Buccaneer Res.*, 2015 WL 8527424, at *6.  Here, the benefit to Sphere of the requests in the Request for Production exceeds the costs to the Debtors of providing the requested information, and appropriate measures may be implemented to facilitate the examination proceeding and avoid undue burden or expense on the Debtors.

**C. The Requests in the Request for Production Are Relevant and Proportional to the Needs of these Cases and Not Overbroad or Unduly Burdensome.**

21. As described above, Sphere tailored its requests after post-petition discussions with Debtors' counsel to seek documents related to property of the estate, the Debtors' business and operations, other related matters relevant to these bankruptcy cases and the formulation of a plan. The Debtors have not shown that the requests are overly broad or unduly burdensome.

DMS 301607576

22. Initially, the Debtors identify only six requests they find burdensome: Request Nos. 8, 11, 13–14, 16, and 18. Debtors raise no qualm with Request Nos. 1–7, 9–10, 12, 15, 17, or 19. Accordingly, there is no basis to quash these requests.

23. With respect to Request Nos. 8, 11, 13–14, 16, and 18, the Debtors appear to object on the basis that the requests seek to examine how Core treated its other customers with respect to passing on charges and Core's ability to host miners in light of space constraints. Core entered into contracts with its other customers similar to the MSA and Order #2, and therefore, understanding how Core treated its other customers will be relevant to the proper interpretation of the relationship between Core and Sphere. Similarly, Core's capacity to host miners from other customers is relevant to its ability (or inability) to host Sphere's miners. But Sphere is of course willing to work with the Debtors to address their concerns in a way that will not unduly burden them while also fulfilling the purpose of Bankruptcy Rule 2004.

## CONCLUSION

24. For the reasons set forth above, Sphere respectfully requests that the Court (i) deny the Debtors' Motion to Quash, (ii) compel the Debtors to provide responses and any responsive documents to Sphere's requests in the Request for Production no later than fourteen (14) days after the Court signs the order denying the Debtors' Motion to Quash or at such time that the Court deems appropriate, and (iii) grant Sphere such other and further relief as is appropriate under the circumstances.

*[Remainder of page left blank intentionally]*


| | |
|---|---|
| Dated: March 27, 2023 | Respectfully submitted, |

*/s/ Ashley L. Harper*

| | |
|---|---|
| Timothy A. ("Tad") Davidson II | Tibor L. Nagy, Jr. |
| TX Bar No. 24012503 | TX Bar No. 24041562 |
| Ashley L. Harper | Gregory N. Wolfe (admitted *pro hac vice*) |
| TX Bar No. 24065272 | Susan Hu (admitted *pro hac vice*) |
| **HUNTON ANDREWS KURTH LLP** | **DONTZIN NAGY & FLEISSIG LLP** |
| 600 Travis Street, Suite 4200 | 980 Madison Avenue |
| Houston, Texas 77002 | New York, New York 10075 |
| Telephone:  (713) 220-4200 | Telephone: (212) 717-2900 |
| Facsimile:  (713) 220-4285 | Email:     tibor@dnfllp.com |
| E-mail:    taddavidson@HuntonAK.com |            greg@dnfllp.com |
|            ashleyharper@HuntonAK.com |            shu@dnfllp.com |

- and -

Seth H. Lieberman (admitted *pro hac vice*)
Matthew W. Silverman (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806
E-mail:    slieberman@pryorcashman.com
           msilverman@pryorcashman.com

- and -

*Co-Counsel for Sphere 3D Corp.*

### CERTIFICATE OF SERVICE

I certify that on March 27, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Ashley L. Harper*
Ashley L. Harper

DMS 301607576