IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**REPLY IN FURTHER SUPPORT OF DEBTORS' MOTION TO QUASH SPHERE 3D'S BANKRUPTCY RULE 2004 REQUESTS FOR PRODUCTION OF DOCUMENTS**

Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), file this reply (the "**Reply**") in further support of Debtors' *Motion to Quash Sphere 3D's Bankruptcy Rule 2004 Requests for Production of Documents* [Dkt. No. 711] (the "**Motion**")[2] and respectfully represent as follows:

### I.     Preliminary Statement

1. As demonstrated in the Motion, Sphere 3D's attempt to use Rule 2004 to obtain discovery regarding its prepetition claims is improper, and, therefore, the Court should quash its subpoena. It is undisputed that the burden lies with Sphere 3D to show good cause that it is entitled to the requested discovery and that it is necessary to determine if it has claims against

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

the Debtors, but nowhere in its opposition to the Motion (the "**Opposition**") does Sphere 3D even reference the good cause burden, much less establish that it has been met.

2.  Sphere 3D fails to show that the Rule 2004 discovery is necessary or appropriate in light of the fact that (i) it has already brought prepetition claims in the Arbitration and thus has already determined it believes it has claims against the Debtors; (ii) by its own admissions, its Rule 2004 requests pertain solely to issues regarding its prepetition claims; and (iii) it intends to file a proof of claim and resolve the disputes underlying its prepetition claims in these bankruptcy cases. Accordingly, the proper way to proceed is for Sphere 3D to file its proof of claim, and then *both* parties can take discovery regarding the disputes under Bankruptcy Rule 7026, et seq., as part of a contested matter under Rule 3007, or an adversary proceeding under Rule 7001, as may be appropriate. The Court should reject Sphere 3D's attempt to mischaracterize its subpoena requests to circumvent the proper bankruptcy procedure and obtain Rule 2004 discovery when it is not appropriate.

3.  In the alternative, and only if the Court believes Rule 2004 discovery is proper (which Debtors submit it is not), *all* requests contained in Sphere 3D's Rule 2004 subpoena should be denied as overbroad and unduly burdensome. Sphere 3D fails to demonstrate why its expansive requests are proportional to the needs of the claims or defenses to be asserted, or why the requests are justified given that Sphere 3D should already have documents sufficient to establish whether it has claims for purposes of filing a proof of claim.

4.  For these reasons, the Court should grant the Motion to quash Sphere 3D's Request for Production.

## II. Argument

**A. *The Request for Production Pertains to Sphere 3D's Prepetition Claims and Therefore Contravenes the Purpose of Rule 2004.***

5. The Opposition confirms that Sphere 3D is attempting to use Rule 2004 to obtain discovery related to the claims it asserted in its prepetition Arbitration Demand. Rule 2004, however, is not meant as an aid to obtaining discovery relating to pre-existing claims but rather as a "pre-litigation device to determine whether there are grounds to bring an action" in the first place. *In re Comdisco, Inc.*, 2006 WL 2375458, at *6 (N.D. Ill. Aug. 14, 2006) (quotation omitted); *see also In re Friedman's Inc.*, 356 B.R. 779, 784 (Bankr. S.D. Ga. 2005) (stating that the purpose of Rule 2004 is to allow a party to "determine what causes of action they may possess") (citations omitted). Given that Sphere 3D concedes that the same "claims raised in that Arbitration will be resolved as part of these bankruptcy cases," there is no escaping the conclusion that the use of Rule 2004 here is inappropriate. Opposition ¶ 6.

6. Sphere 3D does not dispute that using Rule 2004 to obtain discovery for prepetition claims is improper (albeit Sphere 3D incorrectly asserts that Core cites no support for such proposition in its Motion; *cf.* Motion ¶ 10). Instead, it attempts to distinguish its requests by contending that they pertain to "bankruptcy-specific issues" that it claims are different from those in the Arbitration. Opposition ¶¶ 2, 19. But Sphere 3D's contention is belied by the facts asserted in its Opposition:

> *After the Petition Date, beginning in or around early February 2023, Sphere's counsel engaged in discussions with Debtors' counsel in an attempt to resolve the disputes between the parties, including any go-forward business relationship among the parties, property issues, and contractual rights. Sphere made a written offer to Debtors to fully settle the disputes. Debtors did not respond to the offer and discussions ended on March 9, 2023 with the Debtors stating that they would not agree to any document production requests by Sphere, <u>which prompted Sphere to shift to a more formal document production request process by filing the Bankruptcy Rule 2004 Request for Production on March 13, 2023</u>.*

Opposition ¶ 7 (emphasis added).

    7.  By Sphere 3D's own admission, its Rule 2004 requests relate to the parties' disputes that gave rise to its prepetition claims. Indeed, it was only after Core did not respond in a sufficiently favorable manner to Sphere 3D's settlement offer regarding its prepetition claims that Sphere 3D served its subpoena seeking documents related to those claims. Sphere 3D further attempts to obfuscate this fact by claiming that it "requested specific and targeted documents based upon Debtors' arguments and assertions in post-petition discussions with Sphere." Opposition ¶ 12. But this too constitutes an admission that the Rule 2004 requests relate to Sphere 3D's prepetition claims: any statements Core made with respect to the disputed deposits, miners, and coins, and its lack of liability to Sphere 3D were made in the context of settlement discussions regarding Sphere 3D's prepetition claims. That the parties engaged in discussions regarding Sphere 3D's prepetition claims after the commencement of these chapter 11 cases does not change the fact that those discussions—and the Rule 2004 requests—relate to prepetition claims.

    8.  Similarly, Sphere 3D's characterization of its subpoena requests as an examination of the "property of the estate," does not hold up. *See* Opposition ¶ 21. Sphere 3D is not seeking a proper accounting of the Debtors' assets. Rather, the Request for Production reveals that Sphere 3D's document requests regarding the Debtors' property relate solely to its prepetition claims against the Debtors. Specifically, the only requests involving the Debtors' property are for

information regarding the miners (No. 9), bitcoins mined (No. 10), and deposit payments (No. 4) that are the subject of the parties' disputes and purportedly concerns the damages sought in the Arbitration. *See* Opposition ¶ 6 ("The remedies requested include . . . the return of certain miners, bitcoins mined using the miners, and the approximately $34.7 million deposit."). Indeed, Sphere 3D states that the information it seeks is probative of whether such property belongs to the Debtors or is "held by the Debtors for the benefit of Sphere," which is the central dispute that underlies its prepetition claims.[3] *See* Opposition ¶ 13.

9. Further, the Request for Production does not pertain to the Debtors' "reorganization and formulation of a plan." Opposition ¶ 2. The Debtors have not yet filed a plan, and any discovery with respect to a plan is premature.

10. Because Sphere 3D has not met its burden to show that the Request for Production its necessary to establish its claims, the Court should grant the Motion and quash the subpoena seeking Rule 2004 discovery.

### B. Sphere 3D's Rule 2004 Discovery Requests Violate the Pending Proceeding Rule.

11. The Request for Production is a plain attempt to circumvent the pending proceeding rule—and the protections of the automatic stay—and secure discovery on claims asserted in Sphere 3D's stayed prepetition Arbitration Demand. Contrary to Sphere 3D's contention, Core does not assert that the pending proceeding rule affords "essentially blanket protection from Bankruptcy Rule 2004." Opposition ¶ 15. Rather, Core has made clear that the

---

[3] Sphere 3D also asserts, incorrectly, that Core objects to Sphere 3D's requests because Core assumes it is correct that the property at issue belongs to the estate and not Sphere 3D. *See* Opposition ¶ 14. While Core clearly believes it is right on the merits of the dispute, and will demonstrate that when appropriate, it has not asked this Court to wade into the merits of the parties' dispute at this time; rather, it maintains only that the use of Rule 2004 discovery in connection with those prepetition claims is inappropriate. *See* Motion ¶ 16.

rule applies where, as here, the Rule 2004 movant has already brought prepetition claims against a debtor and seeks to use Rule 2004 to obtain discovery with respect to the same underlying prepetition claims.

12. In response, Sphere 3D falls back to its argument that it is entitled to Rule 2004 discovery because the issues for examination purportedly differ from the scope of those pending in the Arbitration, claiming that "these issues could not possibly have been part of the Arbitration because the bankruptcy estate did not exist at the time of the Arbitration." Opposition ¶ 16. However, as stated above, Sphere 3D has failed to reference any requests that touch on matters not relevant to the disputes that underlie Sphere 3D's prepetition claims. Moreover, Sphere 3D's contention that the formation of the bankruptcy estate alone renders its discovery requests distinct from its prepetition arbitration claims is nonsensical—the disputes between the parties, as well as the underlying facts, remain the same.

13. Sphere 3D also cites *In re Int'l Fibercom, Inc.* for the proposition that Rule 2004 discovery is permissible when "discovery is not presently available in any of the other pending litigation, due to the automatic stay arising from [the] bankruptcy." 283 B.R. 290, 293 (Bankr. D. Ariz. 2002); Opposition ¶ 17. But *Fibercom* is inapposite because it involved discovery sought between two non-debtors: the non-debtor movant sought discovery under Rule 2004 from another non-debtor party, who opposed the motion because litigation was pending in other proceedings even though discovery in those proceedings was unavailable due to an automatic stay stemming from the bankruptcy of another party in interest. 283 B.R. at 293. In contrast, here, Sphere 3D is seeking discovery directly from the Debtors related to its prepetition claims against the Debtors, which is precisely what the pending proceeding rule, as well as the automatic stay, is meant to prevent. *See, e.g.*, *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986)

("Bankruptcy is an equitable remedy whereby a debtor is clothed with the protection of an automatic stay, preventing his creditors from acting against him for a period of time, in order to facilitate rehabilitation or reorganization of his finances and to promote a 'fresh start' through the orderly disposition of assets to satisfy his creditors."). Additionally, unlike in *Fibercom*, Sphere 3D will be entitled to seek discovery under Rule 7026 in connection with the adjudication by this Court of its impending proof of claim against the Debtors. 283 B.R. at 293.

C. **The Parties Will Have The Opportunity To Take Discovery Under Bankruptcy Rule 7026 at the Appropriate Time.**

14. At the appropriate time, Sphere 3D will be entitled to seek reasonable discovery related to its prepetition claims against Core, but like all other creditors with prepetition claims, Sphere 3D must abide by the proper bankruptcy procedures. Sphere 3D acknowledges that the claims brought in its Arbitration Demand will be resolved as part of these bankruptcy cases and that the "damages asserted in the Arbitration will be part of any claims asserted in a proof of claim that Sphere will file." Opposition ¶ 6, n. 3. In the context of the contested matter (or adversary proceeding) that will likely follow, Sphere 3D and the Debtors can engage in discovery under Bankruptcy Rule 7026. *See In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026.") (citations omitted). "Rule 2004 may not be used to circumvent the protections offered under the discovery rules, 7026 to 7037." *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1988); *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990) ("Many courts have expressed distaste for efforts of parties to utilize R2004 examinations to circumvent the restrictions of the F. R. Civ. P. in the context of adversary proceedings or contested matters.") (citations omitted). Because

Sphere 3D concedes that it has already identified the claims it intends to bring in these bankruptcy proceedings, and because discovery will be available under Rule 7026, et seq., Rule 2004 is inappropriate, and the Court should grant the Motion to quash the subpoena.

### D. All Requests Contained in Sphere 3D's Rule 2004 Subpoena Should be Denied as Overbroad and Unduly Burdensome.

15. Although moot if the Court quashes Sphere 3D's subpoena for the reasons stated above, the subpoena should also be quashed because it is overly broad and unduly burdensome. Contrary to Sphere 3D's assertion, Core's objection to the subpoena is not limited to the six requests referenced in the Opposition. *See* Opposition ¶ 22. The Motion makes clear that Core objects to all subpoena requests and that the "Request for Production is unduly burdensome." Motion ¶ 15. In fact, in the event that Sphere 3D served these requests as part of Rule 7026 discovery, Core would raise many of the same objections. Core referenced specific requests "that were unrelated to any potential claims that Sphere 3D could assert against Core" only as examples of the overbroad scope of the requests. *Id.* Core did not need to reference each request independently to make its point in the context of the Rule 2004 request; the burden lies with Sphere 3D to show good cause as to why it is entitled to the requested discovery. *See* Motion ¶ 7. Moreover, Core reserves all of its rights as relates to discovery concerning Sphere 3D's claims against the Debtors. In any event, Sphere 3D does not even attempt to show how denial of any of its requests at this time would cause undue hardship or injustice.

16. In fact, Sphere 3D still has not—and cannot—show that the "cost and disruption" to the Debtors of complying with these requests is outweighed by any potential benefit to Sphere 3D. *See In re Buccaneer Res., LLC*, No. 14-60041, 2015 WL 8527424, at *6 (Bankr. S.D. Tex. Dec. 10, 2015) (citation omitted). Notably, the only alleged benefit that Sphere 3D

asserts for the requests is that "understanding how Core treated its other customers will be relevant to the proper interpretation of the relationship between Core and Sphere." Opposition ¶ 23. Putting aside that Core's business relationships with its other customers are not relevant to the interpretation of the contract between Core and Gryphon, Sphere 3D concedes that it seeks these requests—not for any "bankruptcy-specific issue"—but to assist in the interpretation of the agreement from which its *prepetition* claims purportedly arise. *See* Opposition ¶¶ 2; 23.

17. Further, the Opposition fails to address Core's argument that the benefit, if any, to Sphere 3D from these requests would be minimal because it should already have possession of the documents it needs to establish whether it has claims for purposes of filing a proof of claim. *See* Motion ¶ 16. Such documents would include (to the extent any such documents exist) documents evidencing that Sphere 3D owns the miners delivered under Gryphon's order and that Sphere 3D, and not Gryphon, paid the deposits under the Gryphon's hosting agreement with Core. Because Sphere 3D would have access to any such documents, there is no clear permissible benefit to Sphere 3D and certainly no benefit that outweighs the cost and disruption the Debtors would incur in collecting and producing the requested documents.

### III.    CONCLUSION

For the foregoing reasons, this Court should grant the Motion.

Dated: March 30, 2023
Houston, Texas

    */s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   Ray.Schrock@weil.com
           Ronit.Berkovich@weil.com
           Theodore.Tsekerides@weil.com
           Moshe.Fink@weil.com

*Counsel for Debtors and
Debtors in Possession*

**Certificate of Service**

I hereby certify that on March 30, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

        /s/ _Alfredo R. Pérez_
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez @weil.com