IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**ORDER AUTHORIZING
(I) REJECTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated March 10, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), for authority to reject certain of the Proposed Rejected Contracts effective as of the Rejection Date as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to sections 365(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006, the Proposed Rejected Contracts, as further described on **Schedule 1** hereto, are deemed rejected as of the dates set out in Schedule 1 hereto.

2. Nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, (iii) a waiver or limitation of the Debtors' right to assert, at a later date, that the Proposed Rejected Contracts are not leases or executory contracts, (iv) a concession or evidence that the Proposed Rejected Contracts have not expired, been terminated, or is otherwise currently not in full force and effect, or (v) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

3. The requirements of Bankruptcy Rule 6004(a) are waived.

4. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order. Notwithstanding any provisions in the Proposed Rejected Contracts to the contrary, the Debtors will use commercially reasonable industry standards to coordinate the pickup of any of the rejection parties' assets that are located in any of the Debtors' facilities.

6. Pursuant to Bankruptcy Rule 3002(c)(4), the Contract Counterparties shall have the later of thirty (30) days from the entry of this Order, or the bar date established in these chapter 11 cases, to file a proof of claim for rejection damages, if any.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

                                         THE HONORABLE DAVID R. JONES
                                         UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

## Proposed Rejected Contracts

| No. | Contract Counterparty | Debtor | Contract Description | Date of Rejection |
|---|---|---|---|---|
| (a) | Gilley Enterprises, LLC | Core Scientific, Inc. | Master Services Agreement for hosting services dated December 2, 2022, and all orders thereunder (the "**Gilley Agreement**").[3] | Date of Court order |
| (b) | Gilley Enterprises, LLC for the benefit of BlockFi Lending, LLC | Core Scientific Operating Company | Host Accommodation Agreement in favor of BlockFi Lending, LLC dated October 1, 2021. | Date of Court order |
| (c) | Arctos Credit, LLC | Core Scientific Operating Company | Acknowledgement, Agreement and Waiver between Arctos Credit, LLC and Core Scientific, Inc. dated August 11, 2020. | Date of Court order |
| (d) | TYMIF Coin Ventures LLC | Core Scientific Operating Company | Master Service Agreement for hosting services dated December 11, 2020, and all orders related thereto. | Date of Court order |
| (e) | TYMIF Coin Ventures LLC for the benefit of BlockFi Lending, LLC | Core Scientific, Inc. | Host Accommodation Agreement in favor of BlockFi Lending, LLC dated February 22, 2022. | Date of Court order |
| (f) | Trinity Mining Group, Inc | Core Scientific, Inc. | Surface Lease between Trinity Mining Group, Inc. and the Debtors dated March 3, 2022 | Date of Court order |
| (g) | Peerless Events & Tents LLC | Core Scientific Operating Company | Sublease Agreement between Peerless and the Debtor dated December 13, 2021 | Date of Court order |
| (h) | Burleson 7, LLC | Core Scientific Operating Company | Consent to Sublease between Burleson 7, LLC, Peerless, and the Debtors dated December 13, 2021 | Date of Court order |
| (i) | Wachsman LLC | Core Scientific, Inc. | Consultant Agreement, dated May 13, 2022, for the provision of various marketing services. | Date of Court order |
| (j) | Orgdev LLC | Radar Relay, Inc. | Master Consulting Agreement titled Statement of Work, dated February 26, 2019 for the provision of executive coaching | Date of Court order |

---

[3] The orders issued pursuant to the Gilley Agreement include: (1) Order No. 1, executed on December 2, 2022; and (2) Order No. 2, executed on December 2, 2022.

| No. | Contract Counterparty | Debtor | Contract Description | Date of Rejection |
|---|---|---|---|---|
| | | | services for terminated employees. | |