IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.,* | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

# MOTION OF DEBTORS FOR AUTHORITY
# TO EXTEND TIME TO ASSUME OR REJECT
# UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Preliminary Statement

1. An extension of the time period by which the Debtors must assume or reject unexpired leases (including sub-leases) of nonresidential real property (collectively, the "**Unexpired Leases**") is necessary and warranted. Prior to and from the time the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

commenced these chapter 11 cases on December 21, 2022 (the "**Petition Date**"), the Debtors have focused a significant part of their efforts on developing and executing a restructuring strategy designed to maximize value for all of the Debtors' stakeholders in a changing business climate.[2] On April 10, 2023, the Debtors filed the *Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(D) of the Bankruptcy Code* (Docket No. 773) (the "**Exclusivity Motion**"), which elaborates on the Debtors' progress toward finalizing a business plan and proposing a plan of reorganization in these chapter 11 cases and is incorporated by reference. Accordingly, the Debtors seek an extension of the deadline to assume or reject unexpired leases of nonresidential real property by an additional 90 days.

## Relief Requested

2. Currently, the deadline for the Debtors to assume or reject Unexpired Leases expires on April 20, 2023.[3] By this Motion, pursuant to section 365(d)(4)(B)(i) of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of an order extending the initial 120-day period to assume or reject their Unexpired Leases by an additional

---

[2] Since the Petition Date, the Debtors and their advisors have (i) diligently focused on critical and time-sensitive operational matters, including the stabilization and transition of their operations into chapter 11 following the Petition Date and the continued operation of their digital asset self-mining and hosting businesses, (ii) secured critical first- and second-day relief, including authority to enter into a postpetition DIP facility and, subsequently, a postpetition replacement DIP facility, (iii) obtained rejection of the Debtors' hosting agreement with Celsius Mining LLC, (iv) negotiated and obtained Court approval of critical settlements with NYDIG ABL LLC and Priority Power Management, LLC, (v) obtained Court approval to sell certain coupons from original mining equipment manufacturer Bitmain Technologies Ltd., (vi) prepared and filed schedules of assets and liabilities and statements of financial affairs for each of the eleven (11) Debtors, (vii) obtained Court approval of a bar date to enable the Debtors to commence the claims reconciliation process and appropriately size the claims pool in connection with a plan of reorganization, (viii) filed a motion seeking approval of a non-insider key employee retention plan, (ix) managed vendor and customer relations, and (x) regularly engaged in discussions with and provided extensive access to diligence to key constituents in these chapter 11 cases, including the Creditors' Committee (as defined below), the U.S. Trustee, the ad hoc group of convertible noteholders, and certain large equipment lenders.

[3] The Consolidated Appropriations Act of 2021 (the "**CAA**"), extended the deadline for a debtor in possession to assume or reject unexpired leases under section 365(d)(4) from 120 days to 210 days without prejudice for a debtor to seek further extension. *See* CONSOLIDATED APPROPRIATIONS ACT, 2021, Pub. L. No. 116-260, § 1001 (2021). The extension under the CAA sunset on December 27, 2022, six days after the Petition Date. However, given the ambiguity in the CAA regarding whether the sunset applied to cases that filed prior thereto, the Debtors are filing this Motion now out of an abundance of caution.

2

90 days, through and including July 19, 2023, without prejudice to the Debtors' right to seek further extensions in accordance with the Bankruptcy Code.[4]

3. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

---

[4] The deadline to assume or reject Unexpired Leases is scheduled to expire on April 20, 2023. However, Rule K of the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Procedures**") states:

> [I]f a motion is filed that complies with these procedures to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion. An automatic extension under this rule does not require the issuance or entry of an order extending the time.
>
> By filing this Motion prior to the expiration of the deadline to assume or reject Unexpired Leases, such deadline is automatically extended pursuant to the Complex Procedures until the Court makes a determination regarding the Motion.

7. On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. On March 23, 2023, the U.S. Trustee appointed an official equity committee in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

8. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on December 21, 2022 (Docket No. 5) (the "**First Day Declaration**").[5]

## Debtors' Unexpired Leases

9. The Debtors are party to approximately seven (7) Unexpired Leases, primarily related to the Debtors' digital asset self-mining and hosting operations, located in Texas, North Dakota, and Georgia. The Debtors are in the process of reviewing each of these leases to determine whether assumption or rejection is necessary or appropriate. Accordingly, out of an abundance of caution, the Debtors are requesting authority to extend the deadline to assume or reject any Unexpired Lease that is subject to section 365(d)(4).

10. An extension of the period by which the Debtors must assume or reject the Unexpired Leases is necessary and warranted. The Debtors' initial 120-day period to assume or reject the Unexpired Leases may expire on April 20, 2023. As noted above, the Debtors are filing this motion shortly after filing the Exclusivity Motion, which provides additional details regarding

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

the Debtors' progress and timeline for filing their chapter 11 plan and further supports the Court granting the Proposed Order.

11. Under the current timeline, the Debtors will not file a chapter 11 plan or commence a hearing thereon until after the expiration of the initial 120-day statutory period. As such, the Debtors seek an extension of the deadline by which they must assume or reject Unexpired Leases by an additional 90 days to allow the Debtors additional time so that they can continue to conduct due diligence and analysis regarding which real-property leases will benefit the estate.

### Basis for Relief Requested

12. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). Thus, absent the relief requested herein, Unexpired Leases that are not assumed within the initial statutory period and that are not the subject of a motion to assume such Unexpired Lease will be deemed rejected.

13. A court may extend the period for 90 days on the motion of the debtor or lessor for cause. 11 U.S.C. § 365(d)(4)(B). In determining whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, courts have considered the following non-exhaustive factors:

a. whether the lease is the debtor's primary asset;

b. whether the debtor has had sufficient time to intelligently appraise its financial situation and the potential value of its assets in terms of the formulation of a plan of reorganization;

  c. whether the lessor continues to receive rent for the use of the property;

  d. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

  e. whether the case is exceptionally complex and involves a large number of leases;

  f. whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

  g. any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (discussing the factors relevant to the section 365(d)(4) analysis of whether "cause" exists to extend the time to assume or reject unexpired leases); *In re Panaco, Inc.*, No. 02-47811-H3-11, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (citing similar factors); *see also S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996) (same).

### Cause Exists to Extend Statutory Period

14. As set forth below, an extension of the time period by which the Debtors must assume or reject the Unexpired Leases by 90 days is necessary and appropriate.

15. The significant developments in the industry since the Petition Date and the Debtors' progress toward filing a chapter 11 plan, as further described in the Debtors' Exclusivity Motion, further support the relief sought in the Proposed Order. In connection with their restructuring, the Debtors must evaluate the Unexpired Leases while also, among other things, (i) attending to the myriad of other issues in connection with the administration of these cases, (ii) continuing to operate a complex business, and (iii) pursuing a chapter 11 plan that maximizes value for all stakeholders. A determination as to which Unexpired Leases the Debtors will assume or reject under a chapter 11 plan remains ongoing.

16.     In addition, the Debtors have been and are committed to remaining current with respect to all undisputed postposition obligations under the Unexpired Leases in compliance with section 365(d)(3) of the Bankruptcy Code, and thus the requested extension will not adversely affect the lessors under the Unexpired Leases.

17.     Courts in this district have granted similar relief in recent chapter 11 cases. *See*, *e.g.*, *In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. Feb. 8, 2023) (Docket No. 1892) (extending the initial statutory period by 90 days); *In re CBL & Associates Properties, Inc.*, Case No. 20-35226 (DRJ) (Bankr. S.D. Tex. Mar. 8, 2021) (Docket No. 936) (same); *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 30, 2020) (Docket No. 712) (same); *In re. CEC Entertainment, Inc.* Case No. 20-33163 (MI) (Bankr. S.D. Tex. Dec. 9, 2020) (Docket No. 1447) (same); *In re EP Energy Corp.*, Case No. 19-35653 (MI) (Bankr. S.D. Tex. Mar. 31, 2020) (Docket No. 1134) (same).

18.     Thus, the Debtors submit that a 90-day extension of the period within which the Debtors must assume or reject the Unexpired Leases is appropriate and in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and the Court should grant such extension.

**<u>Reservation of Rights</u>**

19.     Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion,

or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## Notice

20.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

21.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 11, 2023
      Houston, Texas

     /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:   (713) 224-9511
Email:        Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:   Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Moshe.Fink@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

2

**Certificate of Service**

I hereby certify that, on April 11, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                   */s/ Alfredo R. Pérez*
                                                   Alfredo R. Pérez