IN THE UNITED STATES BANKRUPTCY COURT
IN THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| CORE SCIENTIFIC, INC, *et al.*, | ) | Chapter 11 |
| | ) | |
| DEBTORS.[1] | ) | (Jointly Administered) |
| | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING EQUIPMENT, OR ALTERNATIVELY, MOTION FOR ADEQUATE PROTECTION**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVING PARTY AT LEAST SEVEN (7) DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION IN COURTROOM 403, 515 RUSK, HOUSTON, TEXAS 77002. COUNSEL FOR MOVANT WILL FILE A SEPARATE NOTICE OF HEARING ONCE A HEARING DATE HAS BEEN ESTABLISHED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES North Mill Equipment Finance LLC (hereinafter "Movant" or "North Mill"), and files this its Motion for Relief from Automatic Stay Regarding Equipment, or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

alternatively, Motion for Adequate Protection, and in support thereof would respectfully show the Court the following:

## I.
## Jurisdiction

1.  This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) and 1301(c) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G).

2.  Core Scientific, Inc (the "Debtor") initiated the current Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court Southern District of Texas on December 21, 2022 (the "Petition Date").

## II.
## Facts

### A. Facts related to Equipment Schedule # 3

3.  On or about June 3, 2021, Debtor entered into and executed Master Equipment Lease Agreement Number 32109 (the "Master Lease Agreement") with Liberty Commercial Finance, LLC ("Liberty"). The Master Lease Agreement contemplated Debtor entering into specific lease schedules for the lease of certain equipment under the terms and conditions set forth in the Master Lease Agreement. A true and correct copy of the Master Lease Agreement is attached hereto as Exhibit "A."

4.  In an abundance of caution and without waiving any right to characterize any particular lease schedule as a true lease, Debtor granted to Lessor (as defined in the Master Lease Agreement) a security interest in the Equipment (as defined in the Master Lease Agreement) and further granted Lessor the authorization to file and record UCC financing statements pursuant to

paragraph 25 of the Master Lease Agreement.

5. Thereafter, Debtor and Liberty executed Equipment Schedule No. 03 ("Schedule # 3") for the lease of the following equipment (collectively, the "Schedule 3 Equipment"):

| Description | Serial Number |
|---|---|
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015338/L87976956/L88015409 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015430/L88020619/L88015429 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015507/L88020718/L88015336 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015339/L88020660/L88015512 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015337/L88020673/L88015510 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015335/L88020719/L88015508 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015341/L88020672/L88015431 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015509/L88020717/L88015340 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015511/L88020618/L88015342 |
| Switchgear – Switchboard and Transformer Square D Standard Swbd Series, 2-QED-2 | L88015428/L88020612/L88015408 |

Pursuant to the terms of Schedule # 3, Debtor agreed to make forty-eight (48) monthly payments of $14,026.13 along with a rental deposit of $56,104.52 for the rental of the Schedule 3 Equipment. At the conclusion of the term for Schedule # 3, Debtor had the option to purchase the Schedule 3 Equipment for $1.00. A true and correct copy of Schedule # 3 is attached and incorporated by reference as Exhibit "B."

6. In an abundance of caution and without waiving the characterization of Schedule # 3 as a true lease, Liberty had previously filed UCC-1 Financing Statement No. 2020 2258236 with the Delaware Department of State on March 27, 2020. A subsequent assignment of the original UCC-1 financing statement reflects the assignment by Liberty to North Mill and also

revises the collateral description to include only the Schedule 3 Equipment. A true and correct copy of the UCC-1 Financing Statement No. 2020 2258236, along with all revisions, modifications, assignments, and attachments related to Schedule # 3 filed therewith with the Delaware Department of State, are collectively attached hereto as Exhibit "C."

7. Schedule # 3 and all rights and obligations relative to the account were sold, transferred, and assigned by Liberty to North Mill for good and valuable consideration. A true and correct copy of the Notice and Acknowledgement of Assignment signed by both Liberty and Debtor for Schedule # 3 is attached hereto as Exhibit "D." Accordingly, North Mill is the current holder and owner of Schedule # 3.

8. As of the Petition Date, Debtor is indebted under Schedule # 3 in the amount of $452,571.84 after consideration of all lawful offsets, payments, and credits. The Debtor remains in possession of the Schedule 3 Equipment at the time of the Petition Date. Further, Debtor currently remains in possession of the Schedule 3 Equipment and continues to enjoy use of the Schedule 3 Equipment at this time.

**B. Facts related to Equipment Schedule # 5**

9. Subject to the terms and conditions of the Master Lease Agreement, Debtor and Liberty executed Equipment Schedule No. 05 ("Schedule # 5") for the lease of the following equipment (collectively, the "Schedule 5 Equipment"):

| Description | Serial Number |
| --- | --- |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230506 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230507 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230508 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230509 |

| | |
|---|---|
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230510 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230511 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230512 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230513 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230514 |
| 2500 kVA Padmount Transformer HV: 34500 GY 19920 LV: 415 Y 240 | 5211230515 |

Pursuant to the terms of Schedule # 5, Debtor agreed to make forty-eight (48) monthly payments of $9,664.37 along with a rental deposit of $38,657.48 for the rental of the Schedule 5 Equipment. At the conclusion of the term for Schedule # 5, Debtor had the option to purchase the Schedule 5 Equipment for $1.00. A true and correct copy of Schedule # 5 is attached and incorporated by reference as Exhibit "E."

10. In an abundance of caution and without waiving the characterization of Schedule # 5 as a true lease, Liberty had previously filed UCC-1 Financing Statement No. 2020 2258236 with the Delaware Department of State on March 27, 2020. A subsequent assignment of the original UCC-1 financing statement reflects the assignment by Liberty to North Mill and also revises the collateral description to include only the Schedule 5 Equipment. A true and correct copy of the UCC-1 Financing Statement No. 2020 2258236, along with all revisions, modifications, assignments, and attachments filed therewith related to Schedule # 5 that was filed with the Delaware Department of State, are collectively attached hereto as Exhibit "F."

11. Schedule # 5 and all rights and obligations relative to the account were sold, transferred, and assigned by Liberty to North Mill for good and valuable consideration. A true and correct copy of the Notice and Acknowledgement of Assignment signed by both Liberty and Debtor for Schedule # 5 is attached hereto as Exhibit "G." Accordingly, North Mill is the current holder

and owner of Schedule # 5.

12. As of the Petition Date, Debtor is indebted under Schedule # 5 in the amount of $312,120.26 after consideration of all lawful offsets, payments, and credits. The Debtor remains in possession of the Schedule 5 Equipment at the time of the Petition Date. Further, Debtor currently remains in possession of the Schedule 5 Equipment and continues to enjoy use of the Schedule 5 Equipment at this time.

### C. Facts related to both Schedule # 3 and Schedule # 5

13. For purposes of this motion, the Schedule 3 Equipment and Schedule 5 Equipment shall collectively be referred to as the "Equipment."

14. For purposes of this motion, Schedule # 3 and Schedule # 5, along with the terms incorporated from the Master Lease Agreement, shall collectively be referred to as the "Agreements."

15. Pursuant to the Proof of Claim filed by North Mill in this bankruptcy proceeding, North Mill asserts a secured claim of $452,571.84 based upon North Mill's estimation of the fair market value of the Schedule 3 Equipment, assuming the Schedule 3 Equipment is being properly maintained and in good condition. Similarly, North Mill asserts a secured claim of $312,120.26 based upon North Mill's estimation of the fair market value of the Schedule 5 Equipment, assuming the Schedule 5 Equipment is being properly maintained and in good condition. If the Agreements are construed as a true lease, Debtor has no equity interest in the Equipment. However, even if the Agreements are construed as a security agreement, Debtor has little to no equity in the Equipment after consideration of the unpaid balance due under the Agreements and the estimated value of the Equipment. Additionally, the value of the Equipment will only decrease due to continued use by the Debtor as the Equipment is subject to

depreciation. Further, if the Equipment is not properly maintained and stored in proper conditions, the Equipment's value will rapidly depreciate in value and/or be destroyed. Meanwhile, Debtor has not proposed any adequate protection payments for the continued use of the Equipment prior to confirmation of a Chapter 11 plan.

### III.
### Relief from Stay

16. By reason of the foregoing, Movant requests the Court grant to Movant adequate protection concerning Debtor's continued use of the Equipment, or alternatively, should Debtor fail to provide adequate protection, terminate the automatic stay so Movant may exercise all of its rights and remedies against the Equipment under state law, including, <u>inter alia</u>, foreclosing its ownership and/or security interests in the Equipment.

17. On March 1, 2023, the Court entered he Final Order (1) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense States, (III) Modifying the Automatic Stay and (IV) Granting Related Relief (the "Final Order"). The Final Order by itself does not provide adequate protection to North Mill because (1) it is insufficient to offset depreciation of the Equipment; (2) monthly payments are not provided to North Mill; and (3) the replacement liens as defined in the Final Order are vague and insufficient. Moreover, the Final Order explicitly preserves the right of secured equipment lenders such as North Mill to seek additional adequate protection.[2]

18. Therefore, for all of the foregoing reasons, cause exists to lift the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Equipment because: (1) the value of the Equipment continues to depreciate and Debtor has little to no equity in such Equipment; (2) the proposed

replacement liens provided for in the Final Order are vague and insufficient by themselves to provide North Mill with specific adequate protection regarding the Equipment; (3) Debtor has made no arrangements to tender any adequate protection payment to North Mill prior to confirmation of a Chapter 11 Plan.

19. Movant requests that an order granting its motion for relief from automatic stay, or alternatively motion for adequate protection, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived so that Movant may be permitted to immediately enforce and implement the order granting relief from the automatic stay.

20. To the extent the Court determines Debtor has any equity in the Equipment, Movant further requests the reimbursement of its attorneys' fees for the filing of this motion.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant requests that this matter be set for hearing, and if no objection is timely filed by any party, as provided in Sections 362(e) and 1301(d) of the Bankruptcy Code, and that the Court enter an Order granting Movant adequate protection payments sufficient to offset the anticipated depreciation in the value of the Equipment, or alternatively, grant to Movant relief from the Automatic Stay to permit Movant to foreclose its lien on the Equipment as prayed for in this motion, award Movant its attorneys' fees to the extent there exists any equity in the Equipment, and grant to Movant such other and further relief to which it may be justly entitled.

---

[2] Doc. # 608 at pp. 48, 62, and 78.

Respectfully submitted,

PADFIELD & STOUT, L.L.P
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ *Christopher V. Arisco*
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for North Mill Equipment Finance LLC*

## CERTIFICATE OF CONFERENCE

I certify that on April 12, 2023, prior to the filing of this Motion, my office conferred with Debtor's counsel regarding the merits of this Motion and relief sought herein. As of the filing of this Motion, the Debtor is opposed to the relief sought by North Mill Equipment Finance LLC; however, the parties will continue to work toward a resolution.

*/s/ Christopher V. Arisco*
Christopher V. Arisco

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, April 12, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **Core Scientific, Inc.**<br>2407 S. Congress Avenu, Suite E-101<br>Austin, TX 78704<br><br>*Debtor* | **Alfredo R. Pérez**<br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Suite 1700<br>Houston, TX 77002<br><br>*Attorney for Debtor* |
|---|---|
| **Jason S. Brookner**<br>**Lydia R. Webb**<br>Gray Reed & McGraw LLP<br>1601 Elm Street, Suite 4600<br>Dallas, TX 75201<br><br>**Jennifer Jaye Hardy**<br>Willkie Farr Gallagher LLP<br>600 Travis St, Suite 2310<br>Houston, TX 77002<br><br>*Official Committee of Unsecured Creditors* | **United States Trustee**<br>Office of the US Trustee<br>515 Rusk Ave., Suite 3516<br>Houston, Texas 77002<br><br><br><br><br><br><br><br>*U.S. Trustee's Office* |
| **Alicia Lenae Barcomb**<br>**Hector Duran, Jr.**<br>**Jayson B. Ruff**<br>U.S. Trustee<br>515 Rusk, Ste. 3516<br>Houston, TX 77002<br><br>*Chapter 11 Trustee* | **All those receiving ECF notification in this case.** |

                                                /s/ Christopher V. Arisco
                                                Christopher V. Arisco