IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION OF THE DEBTORS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Preliminary Statement**

1.    The Debtors seek approval of Settlement Procedures (as defined below) to enable them to resolve claims in a streamlined and efficient manner, while ensuring appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

supervision by key constituents. The Court established April 14, 2023 as the general bar date by which claims against the Debtors must be filed except for claims of governmental units, and numerous parties have already filed proofs of claim.[2] The Debtors have commenced the claims reconciliation process and seek to size the claims pool to assist with the formulation of a plan of reorganization as soon as reasonably possible.[3]

2. Third parties hold, or may hold in the future, affirmative claims and causes of action, arising prepetition or postpetition, against the Debtors (collectively, the "**Creditor Claims**"). Similarly, the Debtors hold various affirmative claims and causes of action, arising both prepetition and postpetition (collectively, the "**Debtor Claims**"). For example, the Debtors, on one hand, and the vendors, customers, contractors, sub-contractors, taxing authorities, equipment lenders, and other parties with which the Debtors engage in the ordinary course of their businesses, on the other hand, may hold claims against one another. If the Debtors are required to obtain Court approval to settle each claim, the Debtors would incur costs associated with preparing, filing, and serving a separate motion for approval of each proposed settlement. Those costs would increase administrative expenses against the estates on account of resolving Creditor Claims or reduce the net amounts the Debtors collect on account of Debtor Claims. In addition, the Debtors likely would suffer delays associated with obtaining Court approval, which could negatively impact their bargaining position.

---

[2] *Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* (Docket No. 652). The Debtors filed *Schedules of Assets and Liabilities and Statements of Financial Affairs* (Docket Nos. 461–91) on February 3, 2023 and those certain *Amended Schedules of Assets and Liabilities and Statements of Financial Affairs* in February and March 2023 (Docket Nos. 490; 625–30).

[3] In addition to this Motion, the Debtors have contemporaneously filed a motion seeking authority to establish omnibus claims objections procedures and to file substantive omnibus claims objections to further facilitate the claims resolution process.

2

3.      Accordingly, to minimize expenses and maximize value for their estates and enhance creditor recoveries, the Debtors seek authority to compromise and settle both prepetition and postpetition claims, cross-claims, litigation, and causes of action, including, but not limited to, Creditor Claims, Debtor Claims, and prepetition claims threatened or actions brought by various parties against one or more of the Debtors or their estates in judicial, administrative, or other actions or proceedings, in each case having individual threshold settlement amounts not to exceed $2 million (each a "**Subject Claim**") by compromise, settlement, or abandonment pursuant to the proposed settlement procedures (the "**Settlement Procedures**") set forth herein.  The Settlement Procedures will enable the Debtors to procure settlements in a cost-effective and expeditious manner while providing notice, oversight, and the opportunity for a hearing to parties in interest for material settlements.

## Background

4.      On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

6.      On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.

On March 23, 2023, the U.S. Trustee appointed an official equity committee (the "**Equity Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

7. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on December 21, 2022 (Docket No. 5) (the "**First Day Declaration**").[4]

## Jurisdiction

8. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9. By this Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors request entry of an order authorizing them to settle Subject Claims up to certain specified threshold amounts pursuant to the Settlement Procedures.

10. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Settlement Claims and Settlement Procedures

11. As set forth in greater detail herein, the Debtors propose that the Settlement Procedures apply to the settlement, compromise, and abandonment of Subject Claims that are pending, or that could be asserted by the Debtors or third parties, in a judicial, administrative, arbitral, or other type of action or proceeding. The Settlement Procedures will not apply to any

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

4

Subject Claims against or held by Insiders (as defined in the Bankruptcy Code) or non-Debtor affiliates of the Debtors. The Debtors will determine whether a Subject Claim is properly subject to the Settlement Procedures based upon the face net dollar amount of the affirmative recovery upon which the parties ultimately agree (the "**Settlement Amount**").

12. The Debtors propose they be authorized to enter into settlements of Subject Claims with third parties (each a "**Settling Party**") pursuant to the following Settlement Procedures:

   a. The Debtors may, in accordance with the Settlement Procedures, and exercising their reasonable business judgment, settle Subject Claims in the ordinary course of business and may choose to document and reduce to writing a settlement agreement where necessary and appropriate.

   b. The Debtors will not agree to any settlement of a Subject Claim unless it is reasonable in the judgment of the Debtors upon consideration of: (i) the probability of success if the claim is litigated or arbitrated; (ii) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (iii) other factors relevant to assessing the wisdom of the settlement; and (iv) the fairness of the settlement vis-à-vis the Debtors' estates, creditors, and shareholders.

   c. In settling a Subject Claim, the Debtors may provide a release to a Settling Party or other third party where appropriate.

   d. With regard to any Settlement Amount equal to or less than $200,000 or any settlement of any dollar amount that merely changes the identity of the Debtor against which such claim is asserted, the Debtors shall be authorized to settle any Subject Claim without prior approval of, or notice to, the Court or any other party in interest; provided, however, that if (i) (a) the amount asserted in a Debtor Claim is more than $200,000 or (b) the amount asserted in a Debtor Claim cannot be determined, and (ii) the Settlement Amount with regard to such Debtor Claim that is a Subject Claim is less than $200,000, then the Debtors shall provide written notice, by e-mail, of the material terms of the settlement of such Debtor Claim that is a Subject Claim to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee, Willkie Farr & Gallagher LLP; (iii) counsel to the group of holders of the Debtors' Convertible Notes, Paul Hastings LLP; and (iv) counsel to the Equity Committee, Vinson & Elkins LLP; and (v) counsel to B. Riley Commercial Capital, LLC, Choate, Hall & Stewart LLP (collectively, the "**Settlement Notice Parties**") and the notice and objection procedures set forth in section e below shall apply.

e. With regard to any Settlement Amount greater than $200,000 but equal to or less than $2,000,000:

  i. The Debtors shall provide written notice, by e-mail, of the material terms of the settlement of such Subject Claim (the "**Settlement Notice**") to the Settlement Notice Parties. Any Settlement Notice regarding a proposed settlement of a Subject Claim shall also include the Debtors' good faith estimate of the value of such claim.

  ii. Any objections to a proposed settlement set forth in a Settlement Notice must be made in writing to counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, Esq., Ronit J. Berkovich, Esq., and Moshe A. Fink, Esq. and Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, TX 77002, Attn: Alfredo R. Pérez, Esq. within seven (7) days after the date of delivery of the Settlement Notice (the "**Settlement Objection Deadline**"). For the avoidance of doubt, delivery via e-mail of an objection to a proposed settlement shall be sufficient.

  iii. If any Settlement Notice Party properly and timely objects to any proposed settlement by the Settlement Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the applicable Settlement Notice Party, or (ii) Court approval of the proposed settlement.

  iv. Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing on shortened notice following the Settlement Objection Deadline.

  v. In the absence of any such objection by the Settlement Objection Deadline, or prior to the Settlement Objection Deadline if the Settlement Notice Parties consent, the Debtors may enter into, execute, and consummate a written agreement of settlement that will be binding on the Settling Party and the Debtors and their estates without further Court order.

f. Any settlement that is not authorized pursuant to the foregoing Settlement Procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion served upon the necessary parties in interest.

g. On a quarterly basis, beginning thirty (30) days after entry of an Order granting this Motion, the Debtors will provide to the Settlement Notice

        Parties a report of all Settlements the Debtors entered into during the previous quarter pursuant to the Settlement Procedures. Such reports will set forth the name of the parties with which the Debtors have settled a Subject Claim, the asserted amount (if applicable), the types of Subject Claims asserted by each Settling Party, and the Settlement Amount and other terms for which such Subject Claims were settled.

    h.    Subject to the requirements of the Settlement Procedures, the Debtors are authorized to fix the allowed amount and priority of a settled Subject Claim pursuant to any applicable agreement between the Debtors and the Settling Party without further order of this Court, and such agreement shall be fully binding upon the Settling Party and the applicable Debtor's estate.

13.    Any Creditor Claim that is settled pursuant to the Settlement Procedures shall be allowed in accordance with the applicable settlement agreement and shall be satisfied in accordance with a chapter 11 plan for the Debtors as confirmed by the Court.

## Basis for Relief Requested

14.    Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Indeed, Bankruptcy Rule 9019(a) provides, in relevant part, that on "motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In granting a motion pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable. *See Official Comm. of Unsecured Creditors v. Moeller* (*In re Age Ref, Inc.*), 801 F.3d 530, 540 (5th Cir. 2015). In determining whether a settlement is fair and equitable, the bankruptcy court must evaluate: (i) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (ii) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (iii) all other factors bearing on the wisdom of compromise. *Id.* (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602 (5th Cir. 1980)). Other factors include the best interest of the creditors, with proper

deference to their reasonable views and the extent to which the settlement is truly the product of arms-length bargaining, and not fraud or collusion. *Id.* (internal citation and quotation omitted); *see also Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917–18 (5th Cir. 1995).

15. In addition, section 363(b) of the Bankruptcy Code allows a debtor to use estate assets outside of the ordinary course of business, including for settlement purposes, after notice and a hearing. 11 U.S.C. § 363(b). Courts in the Fifth Circuit have granted a debtor's request to use property of the estate outside of the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code upon a finding that such use is supported by sound business reasons. *See, e.g.*, *Black v. Shor (In re BNP Petroleum Corp.)*, 642 F. App'x 429, 435 (5th Cir. 2016); *In re Cont'l Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (citation omitted); *see also In re Crutcher Res. Corp.*, 72 B.R. 628, 631 (Bankr. N.D. Tex. 1987) ("A Bankruptcy Judge has considerable discretion in approving a § 363(b) sale of property of the estate other than in the ordinary course of business, but the movant must articulate some business justification for the sale."); *In re Terrace Gardens Park P'ship*, 96 B.R. 707, 714 (Bankr. W.D. Tex. 1989).

16. Providing the Debtors with the authority to settle numerous claims in an efficient and economic manner is clearly beneficial to the Debtors' estates and will assist the Debtors in their reorganization efforts. The Settlement Procedures will allow the Debtors to avoid the time and expense of drafting, filing, and arguing separate Bankruptcy Rule 9019 motions on account of settlements involving minimal recovery amounts. The Settlement Procedures will also

reduce the burden on this Court's docket while protecting the interests of all creditors through the notice and objection procedures described herein.  Thus, section 363(b) of the Bankruptcy Code supports the establishment of the Settlement Procedures.

17.     Bankruptcy Rule 9019(b) also supports approval of the Settlement Procedures.  Specifically, Bankruptcy Rule 9019(b) provides that "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b).  In this way, Bankruptcy Rule 9019(b) empowers a court to approve settlement procedures for certain classes of controversies by a debtor in possession without requiring separate notice and hearing with respect to each separate controversy.

18.     Given such authority, settlement procedures designed to streamline the court approval process, similar to those proposed above, have been approved in other large chapter 11 cases.  *See, e.g.*, *In re CBL & Associates Properties, Inc*, No. 20-35226 (Bankr. S.D. Tex. Mar. 16, 2021) (Docket No. 960) (authorizing procedures allowing debtors to compromise and settle claims up to $1 million); *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 25, 2019) (Docket No. 3363) (authorizing procedures allowing debtors to compromise and settle claims up to $5 million); *In re IHeartMedia, Inc.*, Case No. 18- 31274 (MI) (Bankr. S.D. Tex. July, 25, 2018) (Docket No. 1174) (authorizing procedures allowing debtors to compromise and settle claims of up to $2 million); *In re Vanguard Natural Resources, Inc. et al.*, Case No. 19-31786 (DRJ) (Bankr. S.D. Tex. June 23, 2019) (Docket. No. 510) (authorizing procedures allowing debtors to compromise and settle avoidance actions); *In re the Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Oct. 2, 2015) (Docket No. 1139) (authorizing procedures allowing debtors to compromise and settle claims); *In re the Great Atl. &*

9

*Pac. Tea Co., Inc.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Mar. 10, 2011) (Docket No. 1002) (authorizing procedures allowing debtors to compromise and settle claims of up to $2.25 million); *see also In re Westinghouse Elec. Co., LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017) (Docket No. 1761) (authorizing procedures allowing the debtors to settle of up to $5 million).

19. The Settlement Procedures are in the best interests of the Debtors' estates and, therefore, should be approved. The Settlement Procedures will allow the Debtors to avoid the time and expense of engaging in piecemeal litigation and/or drafting, filing, and arguing separate Bankruptcy Rule 9019 motions on account of settlements involving disputes of amounts and recoveries under $2 million. The alternative would be costly. Authorizing the Settlement Procedures will assist the Debtors significantly in their restructuring efforts, including resolving claims, determining the pool of general unsecured claims, and enabling quicker distributions under a chapter 11 plan, without the need to expend estate resources unnecessarily. The Settlement Procedures also will reduce the burden on this Court's docket, while protecting the interests of all creditors through the notice and objection procedures described herein.

20. For these reasons, the Debtors have determined in their business judgment that the relief requested herein is in the best interests of their estates and creditors. Accordingly, the Court should approve the Settlement Procedures and authorize the Debtors to settle Subject Claims pursuant thereto.

**Compliance with Bankruptcy Rule 6004(a)**
**and Waiver of Bankruptcy Rule 6004(h)**

21. To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property

under Bankruptcy Rule 6004(h). As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## Notice

22. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rules 9013-1(d) and 3007-1.

## No Previous Request

23. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 12, 2023
      Houston, Texas

Respectfully submitted,

*/s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
       Ronit.Berkovich@weil.com
       Moshe.Fink@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on April 12, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

  /s/ *Alfredo R. Pérez*
Alfredo R. Pérez