IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § § | (Jointly Administered) |

**MOTION OF DEBTORS FOR
ENTRY OF AN ORDER (I) APPROVING OMNIBUS CLAIMS
OBJECTIONS PROCEDURES AND FILING OF SUBSTANTIVE
OMNIBUS CLAIMS OBJECTIONS, (II) WAIVING THE REQUIREMENT
OF BANKRUPTCY RULE 3007(E)(6), AND (III) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Preliminary Statement**

1. The Debtors seek approval of Objection Procedures (as defined below) to enable them to resolve claims in a streamlined and efficient manner, while ensuring appropriate procedures and safeguards are in place to protect potential claimants. As explained below, the Court established April 14, 2023 as the general bar date by which claims against the Debtors must be filed (excluding those held by governmental units), and numerous parties have already filed proofs of claim. The Debtors have commenced the claims reconciliation process and seek to size the claims pool as soon as reasonably possible to assist with formulating and pursuing approval of a plan of reorganization.[2]

2. To minimize the costs the Debtors otherwise would incur to prepare and file individual objections on a claim-by-claim basis, the Debtors seek authority to (i) object to certain claims on the Additional Grounds (as defined below) in an omnibus objection format and (ii) join objections to various claims on multiple bases into a single omnibus objection, each in accordance with the proposed Objection Procedures. The Debtors also request a waiver of Rule 3007(e)(6) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), so that they may object to more than 100 Claims in a single omnibus objection.

3. Put simply, the Objection Procedures and Bankruptcy Rule 3007(e)(6) waiver will enable the Debtors to object to Claims in a cost-effective and expeditious manner while providing notice, oversight, and the opportunity for a hearing to parties in interest. Accordingly, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, and their stakeholders, as it will minimize expenses, maximize value for their estates, and enhance creditor recoveries.

---

[2] In addition to this Motion, the Debtors have contemporaneously filed a motion seeking authority to establish settlement claims procedures for settling certain claims and causes of action of the Debtors.

**Relief Requested**

4. By this Motion, pursuant to sections 105(a) and 502(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 3007, Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and Rules 33 and 34 of the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Rules**"), the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"):

   (i) approving the (a) omnibus claims objection procedures attached to the Proposed Order as **Exhibit 1** (the "**Objection Procedures**"), (b) form of objection notice attached to the Proposed Order as **Exhibit 2** (the "**Objection Notice**"), and (c) form of claims withdrawal form attached to the Proposed Order as **Exhibit 3** (the "**Withdrawal Form**");

   (ii) waiving the requirement of Bankruptcy Rule 3007(e)(6); and

   (iii) granting related relief.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6. On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

8. On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. On March 23, 2023, the U.S. Trustee appointed an official equity committee in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

9. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on December 21, 2022 (Docket No. 5).

### The Claims Reconciliation Process

10. On March 9, 2023 the Court entered the *Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* (Docket No. 652) (the "**Bar Date Order**"). Pursuant to the Bar Date Order, the Court established April 14, 2023 at 5:00 p.m. (prevailing Central Time) as the deadline for non-governmental units to file proofs of claim against the Debtors (the "**General Bar Date**") and June 19, 2023 at 5:00 p.m. (prevailing Central Time) as the deadline for government units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim against the Debtors.

11. Following entry of the Bar Date Order, Stretto, Inc., the Debtors' claims, noticing, and solicitation agent ("**Stretto**"), mailed notice of the Bar Date Order and the proof of claim form to thousands of potential claimants in accordance with the procedures outlined within the Bar Date Order.[3]

---

[3] Additionally, pursuant to the Bar Date Order, the Debtors published the notice of deadlines for filing Proofs of Claim in the national edition of The Wall Street Journal and in the local editions of the Austin American-Statesman, Odessa American, Pecos Enterprise, Denton Record Chronicle, Cherokee Scout, Dalton Daily Citizen, The Lake News, Grand Forks Herald, and Muskogee Phoenix.

4

12. Parties have already filed numerous proofs of claim against the Debtors (each, a "**Proof of Claim**"), and the Debtors expect numerous additional Proofs of Claim may be filed against them prior to the General Bar Date (collectively, and together with any claims scheduled by the Debtors on their schedules of assets and liabilities, the "**Claims**"). The Debtors have commenced the claims reconciliation process in an effort to size the claims pool as soon as reasonably possible in connection with formulating and pursuing approval of a plan of reorganization, as the size of the general unsecured claims pool may impact creditor and equity holder recoveries. The Debtors have also begun negotiations with certain creditors to resolve their Claims.

13. The Debtors believe that streamlined procedures will preserve estate value moving forward. Thus, the Debtors seek approval of procedures that will enable them to file their numerous Claim objections in a timely, efficient, fair and cost-effective manner to minimize expenses, maximize value for their estates, and enhance creditor recoveries. The Debtors believe these procedures will also facilitate and expedite the Debtors' chapter 11 plan formulation and enable quicker and larger distributions to stakeholders upon emergence from these chapter 11 cases.

**The Proposed Additional Grounds for the Omnibus Objections**

14. The Debtors have made progress in reviewing and analyzing the Claims filed against them to date and have determined that a meaningful number of Claims have substantially similar defects or flaws that are grounds for such Claims to be disallowed or modified. Bankruptcy Rule 3007(d) provides the Debtors the ability to object to Claims on an omnibus basis on some, but not all, grounds relating to such defects and flaws.

15. Accordingly, to streamline the claims reconciliation process, the Debtors seek to establish claim objection procedures to object to Claims on an omnibus basis on the

grounds set forth in Bankruptcy Rule 3007(d) and on the following additional grounds (the "**Additional Grounds**") that any Claims:

    (a)    fail to specify the asserted claim amount (other than "unliquidated");

    (b)    seek recovery of amounts for which the Debtors are not liable;

    (c)    are satisfied by payment in full or in part on account of such Claim from a party that is not a Debtor, including one or more of the Debtors' insurers;

    (d)    are incorrectly or improperly classified under the Bankruptcy Code or under any chapter 11 plan;

    (e)    are filed against non-Debtors, the wrong Debtor or are filed against multiple Debtors;

    (f)    fail to specify a Debtor against which the Claim is asserted;

    (g)    are disallowed pursuant to, or asserted in an amount, priority, or on terms that are otherwise inconsistent with the Debtors' confirmed chapter 11 plan;

    (h)    are disallowed pursuant to section 502 of the Bankruptcy Code; or

    (i)    fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation therefor.

16. Furthermore, and consistent with Bankruptcy Rule 3007(f), the Debtors request that any order sustaining an Omnibus Objection on one or more of the Additional Grounds be a final order with respect to the Claims referenced in such order as if an individual objection had been filed for each Claim.

17. As described in more detail herein, the Debtors submit that the ability to object to Claims on the basis of the Additional Grounds in accordance with the Objection Procedures will allow the Debtors to continue the claims reconciliation process in a more cost and time effective manner.

**The Proposed Objection Procedures**

18.     The Objection Procedures describe the key aspects of the Debtors' proposed claims objection process, including, among other things:

- (a) the form of omnibus objection (each, an "**Omnibus Objection**") to be submitted by the Debtors;

- (b) the types of exhibits and supporting documentation that the Debtors will include with each Omnibus Objection;

- (c) the form of the Objection Notice;

- (d) the form of the Withdrawal Form;

- (e) where reasonably available, the information necessary for affected creditors to attempt to resolve the objection to their Claim and/or file a formal response thereto, and the implications of failing to timely resolve or respond to an objection;

- (f) information relating to filing a formal reply to a filed response; and

- (g) information relating to discovery and hearings on Omnibus Objections.

19.     In addition, to minimize costs and to facilitate an efficient claims resolution process, the Debtors request a waiver of Bankruptcy Rule 3007(e)(6) so that they may include more than 100 Claims in a single Omnibus Objection in accordance with the Objection Procedures.

20.     To protect the due process rights of creditors, the Debtors will comply with, and the Objection Procedures will preserve, the procedural safeguards for omnibus claim objections set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1, as required by Complex Case Rules 33 and 34. The Debtors and their professionals also intend to serve affected creditors with the Objection Notice, which notice will include, among other things, information regarding the Omnibus Objection, the response deadline, and procedures for responding to the Omnibus Objection if a claimant disagrees with the Debtors' objection to such Claim.

**Relief Requested Should be Granted**

21. Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets, as long as such power is "exercised in a manner that is consistent with the Bankruptcy Code." *See, e.g.*, *Stern v. Stern* (*In re Stern*), 204 F.3d 1117 (5th Cir. 1999) (quoting *Chiasson v. J. Louis Matherne & Assocs.* (*In re Oxford Mgmt, Inc.*), 4 F.3d 1329, 1334 (5th Cir. 1993)); *see also*, *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d. Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."). Approval of the Objection Procedures is an appropriate exercise of the Court's power under section 105(a) of the Bankruptcy Code, as the procedures are in conformity with the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Rules.

22. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty (30) days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Bankruptcy Rule 3007(c) proscribes joining multiple objections into an omnibus claim objection, "[u]nless otherwise ordered by the court or permitted by subdivision (d)." *See* Fed. R. Bankr. P. 3007(c). Bankruptcy Rule 3007(d), in turn, provides that:

> [O]bjections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are solely based on the grounds that the claims should be disallowed, in whole or in part, because:
>
> a. they duplicate other claims;
> b. they have been filed in the wrong case;
> c. they have been amended by subsequently filed proofs of

8

    claim;
d. they were not timely filed;
e. they have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;
f. they were presented in a form that does not comply with applicable rules, and the objections states that the objector is unable to determine the validity of the claim because of the noncompliance;
g. they are interests, rather than claims; or
h. they assert priority in an amount that exceeds the maximum amount under § 507 of the [Bankruptcy] Code.

*See* Fed. R. Bankr. P. 3007(d).

23. In addition to the specific grounds for filing omnibus objections to claims in Bankruptcy Rule 3007(d), Bankruptcy Rule 3007(c) authorizes the Court to allow omnibus objections on other grounds. *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection."). As set forth above, the Debtors expect to object to a number of Claims both on the grounds enumerated in Bankruptcy Rule 3007(d) and the Additional Grounds.

24. Bankruptcy Local Rule 3007-1 contemplates the establishment of procedures for claim objections, including noticing procedures. *See* Bankruptcy Local Rule 3007- 1. Moreover, the Complex Case Rules contemplate the establishment of procedures to handle Omnibus Claim Objections, so long as the procedures do not shift the burden of proof or alter discovery rights or pleading requirements for claim objections. *See* Complex Case Rules, § M, 34.

25. The Debtors submit that the Objection Procedures and waiver of Bankruptcy Rule 3007(e)(6) should be approved. The Objection Procedures and the individualized noticing process described above protect creditors' due process rights by implementing the same safeguards for omnibus objections set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1 while minimizing the cost and confusion otherwise attendant to preparing and filing

9

individual claim objections. Importantly, and in conformity with the Complex Case Rules, the Objection Procedures do not seek to shift the burden of proof, discovery rights or burdens, or pleading requirements.

26. Courts in this district have authorized the filing of omnibus objections to claims on grounds similar to the Additional Grounds in other large chapter 11 cases and also granted a waiver of Bankruptcy Rule 3007(e)(6). *See, e.g.*, *In re Brazos Electric Power Cooperative, Inc.*, No. 21-30725 (Bankr. S.D. Tex. Mar. 10, 2023) (Docket No.2722) (approving omnibus claims objection procedures and authorizing substantive omnibus objection to claims); *In re Sungard As New Holdings, LLC, et al.*, No. 22-90018 (DRJ) (Bankr. S.D. Tex. July 25, 2022) (Docket No. 513) (same); *In re Strike, LLC, et al.*, No. 21-90054 (DRJ) (Bankr. S.D. Tex. Mar. 17, 2022) (Docket No. 854) (approving omnibus claims objection procedures and the form of notice); *In re Speedcast Int'l Ltd, et al.*, No. 20- 32243 (MI) (Bankr. S.D. Tex. Sept. 20, 2021) (Docket No. 1719) (approving omnibus claims objection procedures, authorizing substantive omnibus objection to claims, and waving Bankruptcy Rule 3007(e)); *In re Bouchard Transp. Co., Inc., et al.,* No. 20-34682 (DRJ) (Bankr. S.D. Tex. June 21, 2021) (Docket No. 993) (approving omnibus claims objection procedures and the form of notice); *In re Chesapeake Energy Corp., et al.,* No. 20- 33233 (DRJ) (Bankr. S.D. Tex. Feb. 9, 2021) (Docket No. 3050) (same); *In re Covia Holdings Corp., et al.,* No. 20-33295 (DRJ) (Bankr. S.D. Tex. Feb. 8, 2021) (Docket No. 1148) (approving omnibus claims objection procedures and authorizing substantive omnibus objection to claims); *In re Noble Corp. PLC (n/k/a Noble Holding Corp. PLC), et al.,* No. 20-33826 (DRJ) (Bankr. S.D. Tex. Jan. 21, 2021) (Docket No. 850) (approving omnibus claims objection procedures); *In re Whiting Petroleum Corp., et al.,* No. 20-32021 (DRJ) (Bankr. S.D. Tex. Dec. 13, 2020) (Docket No. 899) (approving omnibus claims objection procedures and authorizing substantive omnibus objection to claims); *In re Hi-Crush Inc., et al.,* No. 20-33495 (DRJ)

(Bankr. S.D. Tex. Nov. 9, 2020) (Docket No. 477) (approving omnibus claims objection procedures, authorizing substantive omnibus objection to claims, and waving Bankruptcy Rule 3007(e));); *In re Neiman Marcus Grp LTD LLC, et al.*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. Sept. 4, 2020) (Docket No. 1790) (same).

27. The Objection Procedures provide a cost-effective and efficient framework to reconcile and resolve disputed Claims by, among other things, (i) promoting the consensual resolution of objections or, alternatively, establishing an efficient and fair mechanism to liquidate Claims before the Court and (ii) reducing the cost and time required to prosecute objections to large numbers of similar Claims. The Objection Procedures also ensure clear notice to impacted creditors and protect their due process rights to understand the basis for any objection to their claim and respond appropriately. Accordingly, approving the Objection Procedures will allow the Debtors to run an efficient and cost-effective claims objection process, benefitting the holders of Claims by minimizing the Debtors' costs. For these reasons and more, the Debtors submit and that relief requested herein is in the best interest of the Debtors, their estates, and their stakeholders and should be approved.

## Reservation of Rights

28. Nothing contained herein shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an agreement or obligation to pay any claims; (c) an impairment or waiver of the Debtors' or any other party in interest's right to dispute any claim against, or interest in, the Debtors, their property or estates; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of

the Bankruptcy Code; or (f) prejudicial to the rights of the Debtors to assert or bring individualized objections to claims on any basis.

## Notice

29. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: April 12, 2023
       Houston, Texas

Respectfully submitted,

 /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
       Ronit.Berkovich@weil.com
       Moshe.Fink@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on April 12, 2023 a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                */s/ Alfredo R. Pérez*
                                                Alfredo R. Pérez