**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC., *et al*, | ) | Case No.22-90341 (DRJ) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**GEM MINING'S EMERGENCY MOTION TO**
**COMPEL ASSUMPTION OR REJECTION OF EXECUTORY**
**CONTRACTS OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 12:00 P.M. (PREVAILING CENTRAL TIME) ON FRIDAY, APRIL 21, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

GEM Mining 1, LLC ("GEM Mining 1") and GEM Mining 4, LLC ("GEM Mining 4" or, together with GEM Mining 1, "GEM Mining") respectfully move (this "Motion") the Court for an entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), compelling Core Scientific, Inc. ("Core") and its debtor affiliates (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Cases"), as debtors and debtors in possession, to determine whether to assume or reject the GEM Mining Contracts (as defined herein) pursuant to 11 U.S.C. § 365(d) no later than the date of the hearing on this Motion,[2] or, alternatively, granting GEM Mining adequate protection in the form of relieving GEM Mining of the obligation to pay monthly fees in advance under the GEM Mining Contracts. Further, if the Debtors reject the GEM Mining Contracts, the Court should grant GEM Mining relief from the automatic stay to arrange the immediate and orderly retrieval of the Miners (as defined herein) and to cease performance of all obligations under the GEM Mining Contracts. If the Debtors assume the GEM Mining Contracts, the Court should require the Debtors to provide adequate assurance of prompt cure and future performance under the contracts. In support of the Motion, GEM Mining submits the *Affidavit of Joe Poore in Support of GEM Mining's Emergency Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, for Adequate Protection*, attached hereto as **Exhibit B** (the "Poore Affidavit"), and state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested in this Motion is §§ 105, 361, 362, 363, and 365 of the Bankruptcy Code.

---

[2] Hereinafter, all code sections refer to title 11 of the United States Code, §§ 101, *et seq.* (the "Bankruptcy Code) unless otherwise noted.

**BACKGROUND**

**I.     The GEM Mining Contracts**

3.      GEM Mining and Core are parties to those certain Master Services Agreements (the "MSAs") wherein Core agreed to provide hosting services for computer hardware and other tangible equipment (the "Miners") at data centers owned or operated by Core or its affiliates (the "Facilities") as further provided in individual ordering documents (the "Orders"). Specifically Core agreed to provide various services to GEM Mining, including but not limited to, colocation, hosting, rack space, security, monitoring, maintenance, utilities, equipment maintenance and repair, facility management, account management, network and data access, technical support, and heat and thermal management services (collectively, the "Services"). True and correct copies of the MSAs are collectively attached to the Poore Affidavit as Exhibit 1.

4.      GEM Mining 1 and Core are currently operating under that certain Amended and Restated Order # 8 (the "GEM Mining 1 Order"), executed on June 8, 2021, wherein Core agreed to host approximately 7,295 Miners for an initial three-year term. In exchange for Core's hosting services and certain associated equipment, GEM Mining 1 prepaid $68,568,825.27 and pays Core monthly fees in advance for applicable fees for use of the Facilities and the provision of Services as set forth in the GEM Mining 1 Order. A true and correct copy of the GEM Mining 1 Order is attached to the Poore Affidavit as Exhibit 2.

5.      GEM Mining 4 and Core are currently operating under that certain Master Services Agreement Order # 1 (the "GEM Mining 4 Order" or, together with the GEM Mining 1 Order, the "GEM Mining Orders"), executed on July 9, 2021, wherein Core agreed to host approximately 3,105 Miners for an initial three-year term. In exchange for Core's hosting services and certain associated equipment, GEM Mining 4 prepaid $30,459,490.40 and pays

Core monthly fees in advance for applicable fees for use of the Facilities and the provision of Services as set forth in the GEM Mining 4 Order. The MSAs and the GEM Mining Orders are collectively referred to herein as the "GEM Mining Contracts." A true and correct copy of the GEM Mining 4 Order is attached to the Poore Affidavit as Exhibit 3.

## II. The Bankruptcy Cases and Core's Threat to GEM Mining

6. On December 21, 2022 (the "Petition Date"), the Debtors initiated the Bankruptcy Cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. Since the Petition Date, GEM Mining has continued to pay monthly fees in advance, along with other charges, as provided in the GEM Mining Contracts. In total, GEM Mining has paid Core $5,086,676.47 pursuant to monthly invoices since the Petition Date. (*See* Poore Affidavit at ¶ 7).

8. During the Bankruptcy Case, the Debtors have repeatedly indicated that they would reject the GEM Mining Contracts in the Bankruptcy Cases, requested GEM Mining to mutually terminate the GEM Mining Contracts, and demanded GEM Mining to agree to a new contract with a materially higher hosting rate. (*See id.* at ¶ 8).

9. On March 31, 2023, John Warren, Chief Executive Officer of GEM Mining, and Joe Poore, Chief Financial Officer of GEM Mining, had a video conference with Jeff Pratt, Senior Vice President, Growth & Partnerships of Core, and Matt Minnis, Co-Founder and Board Member of Core, at the request of Core to discuss the status of the GEM Mining Contracts. (*See id.* at ¶ 9). During the video conference, Messrs. Pratt and Minnis told Messrs. Poore and Warren that Core would not reject the GEM Mining Contracts. (*See id.*). Instead, Messrs. Pratt and Minnis explained that Core would intentionally shut down GEM Mining's Miners on April 3,

4

2023 in violation of the GEM Mining Contracts unless GEM Mining agreed to terminate or renegotiate the terms of the GEM Mining Contracts. (*See id.* at ¶ 9 and Ex. 4).

10. GEM Mining does not desire to terminate the GEM Mining Contracts or negotiate a new agreement.

11. On April 11, 2023, Core sent GEM Mining the invoices for April 2023 (the "April 2023 Invoices"), which includes a prepayment charge of $1,257,793.62 for May 2023 estimated hosting fees under the GEM Mining Contracts. Pursuant to the April 2023 Invoices, the prepayment is due by April 21, 2023. True and correct copies of the April 2023 Invoices are attached to the Poore Affidavit as Exhibit 5.

12. It is unjust for GEM Mining to bear the risk of continued prepayments to Core so long as Core threatens to breach its agreement by suspending services without notice and refuses to assume or reject the GEM Mining Contracts. Core's threatened conduct, if executed, constitutes a *de facto* termination of the GEM Mining Contracts.

## RELIEF REQUESTED

13. Through this Motion, GEM Mining seeks an order:

   a. Compelling the Debtors to immediately decide whether to assume or reject the GEM Mining Contracts;

   b. If the Debtors assume the GEM Mining Contracts, requiring the Debtors to provide adequate assurance of prompt cure and future performance;

   c. If the Debtors reject the GEM Mining Contracts, granting GEM Mining relief from the automatic stay to arrange the immediate and orderly retrieval of the Miners and cease performance of all obligations under the GEM Mining Contracts; and

        d.        If the Court does not compel the Debtors to immediately assume or reject the GEM Mining Contracts, granting GEM Mining adequate protection in the form of relieving GEM Mining of the obligation to pay monthly fees in advance under the GEM Mining Contracts.

**BASIS FOR RELIEF**

**I.    The GEM Mining Contracts are executory contracts within § 365.**

14.    A contract is executory if "performance remains due to some extent on both sides' and 'at the time of the bankruptcy filing, the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing the performance of the other party.'" *RPD Holdings, L.L.C. v. Tech Pharmacy Servs. (Matter of Provider Meds, L.L.C.)*, 907 F.3d 845, 851 (5th Cir. 2018), *cert. denied sub nom. RPD Holdings, L.L.C. v. Tech Pharmacy Servs.*, 139 S. Ct. 1347 (2019) (citation omitted); *see also Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 246 n.13 (5th Cir. 2006) ("[T]he legislative history of § 365(a) indicates that Congress intended the term [executory contract] to mean a contract 'on which performance remains due to some extent on both sides.'") (citation omitted).

15.    Here, material performance remains due from both the Debtors and GEM Mining. Among other obligations, the Debtors are obligated to provide the Services, and GEM Mining must pay the Debtors for the Services under the GEM Mining Contracts.

16.    Because both the Debtors and GEM Mining have ongoing obligations to maintain their business relationship pursuant to the GEM Mining Contracts, the contracts are executory within the contemplation of § 365.

**II.     Assumption or rejection of the GEM Mining Contracts should be compelled.**

17.     Section 365(b)(1) provides that a debtor may not assume an executory contract or unexpired lease of a debtor unless, at the time of assumption, the trustee (a) cures, or provides adequate assurance that the trustee will promptly cure, any default; (b) compensates, or provides adequate assurance that the trustee will promptly compensate the agreement counterparty for any actual pecuniary loss resulting from the default; and (c) and provides adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b)(1).

18.     Section 365(d)(2) permits a counter-party to an executory contract or unexpired lease of personal property to seek entry of an order compelling the debtor-in-possession to assume or reject such a contract or lease by a specified period of time. 11 U.S.C. § 365(d)(2). *see also In re Mirant Corp.*, 440 F.3d 238, 254 (5th Cir. 2006) (recognizing the right of the non-debtor to file a motion to compel assumption or rejection of a lease or executory contract within a specified period of time).

19.     While § 365(d)(2) generally "allows the trustee or debtor-in-possession a reasonable time within which to determine whether assumption or rejection of an executory contract would be beneficial to an effective reorganization" it is "not without limits." *In re Adelphia Commc'ns. Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003) (quoting other sources). "The determination of what constitutes a reasonable time to assume or reject is within the bankruptcy court's discretion based on the particular facts of each case." *Id.* (citing *In re Burger Boys*, 94 F.3d 755, 760 (2d Cir. 1996), *Theatre Holding Corp. v. Mauro (In re Theatre Holding Corp.)*, 681 F.2d 102, 105 (2d Cir. 1982), *In re Teligent, Inc.*, 268 B.R. 723, 738 (Bankr. S.D.N.Y. 2001)). In determining what is a reasonable time for a debtor to decide whether to assume or reject a contract, courts consider the following non-exhaustive list of factors:

a. the nature of the interests at stake;

b. the balance of the hurt to the litigants;

c. the good to be achieved;

d. the safeguards afforded to the litigants;

e. whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary;

f. the debtor's failure or ability to satisfy post-petition obligations;

g. the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code;

h. the importance of the contract to the debtor's business and reorganization;

i. whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization;

j. whether there is a need for judicial determination as to whether an executory contract exists;

k. whether exclusivity has been terminated; and

l. above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors.

20. These factors and the totality of the circumstances weigh in favor of shortening the time in which the Debtors may assume or reject the GEM Mining Contracts. In particular, (a) the Debtors have threatened to intentionally shut down GEM Mining's Miners in violation of the GEM Mining Contracts and deprive GEM Mining of any benefit of the GEM Mining Contracts; (b) under the terms of the GEM Mining Contracts, GEM Mining is required to pay significant monthly fees in advance, which essentially constitutes unsecured-term credit for the Debtors who

are threatening to shut down GEM Mining's Miners to damage GEM Mining; (c) if the Debtors shut down the Miners or reject the GEM Mining Contracts following GEM Mining's advance payment but before Services are provided for the following month, GEM Mining will suffer economic loss that cannot be adequately compensated by the Bankruptcy Code; (d) GEM Mining is handcuffed by the Debtors' apparent strategy to intentionally refuse assuming or rejecting the GEM Mining Contracts because GEM Mining is unable to consider or secure other available hosting facilities until the Debtors assume or reject the contract; and (e) the Debtors have had nearly four months to appraise their financial situation with respect to the GEM Mining Contracts and the potential value of the contracts in formulating a plan of reorganization. Since the Petition Date, the Debtors have repeatedly indicated that they would reject the GEM Mining Contracts in the Bankruptcy Case, requested GEM Mining to mutually terminate the GEM Mining Contracts, and demanded GEM Mining agree to a new contract with a materially higher hosting rate. Now, the Debtors are threatening to take affirmative steps to violate the contracts and damage GEM Mining to coerce GEM Mining to agree to less favorable terms. Thus, it is clear the Debtors have had sufficient time to thoroughly consider their options concerning the GEM Mining Contracts. In short, the Debtors should not be given any additional time to continue leveraging their rights under § 365 of the Bankruptcy Code to threaten GEM Mining with damaging actions in an attempt to coerce a renegotiation of the contracts.

21.     For these reasons, the Court should compel the Debtors to assume or reject the GEM Mining Contracts by the date of the hearing on this Motion.

**III.     If the Debtors assume the GEM Mining Contracts, the Debtors must provide adequate assurance of prompt cure and future performance in a form acceptable to GEM Mining.**

22.     To the extent the Debtors seek to assume the GEM Mining Contracts, GEM Mining requests the Court require the Debtors to satisfy their burdens under §§ 365(b)(1)(A)-(C) to, among other things, supply GEM Mining adequate assurance of prompt cure and future performance under the GEM Mining Contracts. This is particularly critical here because the Debtors have threatened to take affirmative steps to intentionally and materially breach the contracts and deprive GEM Mining of any benefits under the contracts.

**IV.     If the Debtors reject the GEM Mining Contracts, relief from the automatic stay should be granted to allow GEM Mining to arrange the immediate and orderly retrieval of the Miners and cease performance of all obligations under the GEM Mining Contracts.**

23.     Under § 362(d)(1), relief from the automatic stay is appropriate for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Because the Bankruptcy Code does not define cause, the determination of whether to grant relief for cause must be made on a "case by case basis based on an examination of the totality of circumstances." *In re Kao*, No. 15-31193-H3-13, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. Dec. 21, 2015).

24.     In the event the GEM Mining Contracts are rejected, "cause" exists to grant GEM Mining relief from stay under § 362(d)(1) to immediately cease performance of all obligations under the GEM Mining Contracts. The rejection of the contracts is ample cause for relief from stay. *See, e.g., In re Stick Chex Newman One, LLC,* No. 15–11275–WHD, 2016 WL 3135749, *2-4 (Bank. N.D. Ga. May 12, 2016) (granting relief from stay to pursue state court remedies to evict tenant under lease deemed rejected); *In re Henderson,* 245 B.R. 449, 455 (Bankr. S.D.N.Y. 2000) (granting relief from stay to evict debtor due to, among other things, fact that lease was

rejected); *In re Sonora Convalescent Hosp., Inc.,* 69 B.R. 134, 138 (Bankr. E.D. Cal. 1986) (granting relief from stay where lease was deemed rejected).

25. Thus, if the GEM Mining Contracts are rejected, cause exists to grant GEM Mining relief from the automatic stay to allow it to arrange the immediate and orderly retrieval of the Miners and cease performance of all obligations under the GEM Mining Contracts.

26. GEM Mining further requests that a waiver of the 14-day stay of the effectiveness of any order granting relief from the automatic stay pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

**V. If the Court does not compel the Debtors to immediately assume or reject the GEM Mining Contracts, the Court should grant GEM Mining adequate protection in the form of relieving GEM Mining of the obligation to pay monthly fees in advance under the GEM Mining Contracts**.

27. Section 363(e) of the Bankruptcy Code provides that:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

28. Courts have held that a non-debtor party to an executory contract or unexpired lease is entitled to adequate protection of its interest pending a debtor's decision to assume or reject the contract or lease. *See In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286-87 (5th Cir. 1986) (noting that adequate protection pursuant to § 363(e) may provide interim relief pending debtor's decision to assume or reject a real property lease); *Matter of Cont'l Airlines, Inc.*, 146 B.R. 520, 525 (Bankr. D. Del. 1992) (noting that a lessor of personal property may request adequate protection payments during the period when the debtor is deciding whether to assume or reject the lease); *In re Charrington Worldwide Enter.*, 98 B.R. 65, 70 (Bankr. M.D. Fla. 1989)

11

(requiring a debtor to provide adequate protection in the form of a bond in favor of the non-debtor counterparty to an executory contract pending debtor's election to assume or reject executory the contract), *aff'd*, 110 B.R. 973 (M.D. Fla. 1990); *In re Attorneys Office Mgmt., Inc.*, 29 B.R. 96, 98-99 (Bankr. CD. Cal. 1983) ("While the trustee is deciding whether to reject or assume the lease it is using an interest in property. The definition of that interest is broad enough to encompass the protections provided the lessor under § 363(e).").

29. Here, GEM Mining is entitled to adequate protection for the Debtors' use of the resources that it provides under the GEM Mining Contracts. Requiring GEM Mining to continue advancing significant funds to the Debtors for Services the Debtors are threatening to withhold unnecessarily and inequitably exposes GEM Mining to economic loss. GEM Mining should not be required to continue prepaying hosting fees to the Debtors under the GEM Mining Contracts without some assurance that those Services will be provided.

30. Adequate protection maintains the status quo between the petition date and confirmation of a plan of reorganization. *In re 354 E. 66th St. Realty Corp.*, 177 B.R. 776, 782 (Bankr. E.D.N.Y. 1995). In preserving the status quo, adequate protection ensures that the non-debtor party's position will not be impaired during the bankruptcy case. *See, e.g., United States v. Smithfield Estates, Inc. (In re Smithfield Estates, Inc.)*, 48 B.R. 910, 914 (Bankr. D. R.I. 1985); *In re Roe Excavating*, 52 B.R. 439, 440 (Bankr. S.D. Ohio 1984). Absent adequate protection, GEM Mining's position is at risk of impairment because of the Debtors' threatened actions.

31. For these reasons, GEM Mining requests that the Court grant GEM Mining adequate protection in the form of relieving GEM Mining of the obligation to pay monthly fees in advance if the Court does not compel the Debtors to immediately assume or reject the GEM Mining Contracts.

**CONCLUSION**

WHEREFORE, GEM Mining respectfully requests the Court to enter an order, substantially similar to the Proposed Order attached hereto as **Exhibit A**, compelling the Debtors to immediately decide whether to assume or reject the GEM Mining Contracts or, alternatively, granting GEM Mining adequate protection in the form of relieving GEM Mining of the obligation to pay monthly fees in advance under the GEM Mining Contracts. In addition, GEM Mining requests that if the Debtors assume the GEM Mining Contracts, the Debtors are required to provide adequate assurance of prompt cure and future performance, and, if the Debtors reject the GEM Mining Contracts, GEM Mining is granted relief from the automatic stay to arrange the collection of the Miners and cease performance of all obligations under the GEM Mining Contracts. Finally, GEM Mining requests such other, further relief as the Court deems appropriate.

Respectfully submitted this the 13th day of April, 2023.

        Respectfully submitted,

        BY: */s/ Evan N. Parrott*
            Evan N. Parrott

        *Attorney for Gem Mining 1, LLC and GEM Mining 4, LLC*

**MAYNARD NEXSEN, P.C.**
Stephen C. Jackson, Texas Bar No. 24090637
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
(205) 254-1000
sjackson@maynardnexsen.com

*and*

**MAYNARD NEXSEN, P.C.**
Evan N. Parrott, Ala. Bar No. ASB-1950-O65A
(Admitted *Pro Hac Vice*)

11 North Water Street
RSA Battle House Tower
Suite 24290
Mobile, AL 36602
(251) 432-0001
eparrott@maynardnexsen.com

### **CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing on all parties identified on the Debtors' Master Service List attached hereto either via the CM/ECF system, e-mail, or regular mail on this the 13th day of April, 2023.

                */s/ Evan N. Parrott*
                *Of Counsel*

| | | |
|---|---|---|
| 36th Street Capital Partners LLC, Prime Alliance Bank, Inc., and Wingspire Equipment Finance, LLC c/o Reed Smith LLP Attn: Devan J. Dal Col 2850 N. Harwood, Suite 1500 Dallas TX 75201 | 36th Street Capital Partners, LLC c/o Reed Smith LLP Attn: Devan Dal Col 2850 N. Harwood Street Suite 1500 Dallas TX 75201 | AAF International Attn: Ryan McGary, General Counsel 9920 Corporate Campus Dr Ste 2200 Louisville KY 40223 |
| Aaron Baker 2895 W. Capovilla Ave., #140 Las Vegas NV 89119 | ABLe Communications, Inc. c/o Forshey & Prostok LLP Attn: Jeff P. Prostok, Dyland T.F. Ross 777 Main Street, Suite 1550 Fort Worth TX 76102 | Ad Hoc Equity Group c/o Skadden, Arps, Slate, Meagher & Flom LLP Attn: Noelle M. Reed 1000 Louisiana Street, Suite 6800 Houston TX 77002 |
| Ad Hoc Equity Group c/o Skadden, Arps, Slate, Meagher & Flom LLP Attn: George N. Panagakis, Ron E. Meisler, Christopher M. Dressel, Jennifer Madden 155 North Wacker Drive Chicago IL 60606-1720 | Ad Hoc Group of Secured Convertible Noteholders c/o Paul Hastings LLP Attn: Kristopher M Hansen, Erez E Gilad, Sayan Bhattacharyya & Joanne Lau 200 Park Ave New York NY 10166 | Ad Hoc Group of Secured Convertible Noteholders c/o Paul Hastings LLP Attn: James T Grogan III 600 Travis Street 58th Floor Houston TX 77002 |
| Amazon Web Services Inc Attn: Rashmi Manchanda 410 Terry Avenue North Seattle WA 98109-5210 | American Property Acquisition, LLC 210 Barton Springs Road, Suite 300 Austin TX 78701 | American Property Acquisitions I, LLC 210 Barton Springs Road, Suite 300 Austin TX 78701 |
| American Property Acquisitions VII, LLC 210 Barton Springs Road, Suite 300 Austin TX 78701 | AmTrust North America, Inc. on behalf of Associated Industries Insurance Company, Inc. c/o Maurice Wutscher, LLP Attn: Alan C. Hochheiser 23611 Chagrin Blvd Suite 207 Beachwood OH 44122 | Anchorage Lending CA, LLC c/o Otterbourg P.C. Attn: James Drew 230 Park Avenue New York NY 10169 |
| Atalaya Capital Management LP c/o Holland & Knight LLP Attn: Brent R. McIlwain and Brian Smith 1722 Routh Street Suite 1500 Dallas TX 75201 | B. Riley Commercial Capital, LLC c/o Choate, Hall & Stewart LLP Attn: John F. Ventola, Douglas R. Gooding & M. Hampton Foushee Two International Place Boston MA 02110 | B. Riley Financial, Inc. c/o Willkie Farr & Gallagher LLP Attn: Melanie Mansfield 300 North LeSalle Dr Chicago IL 60654 |
| Bank of America 401 Union St Fl 26 Seattle WA 98101-2678 | Barings BDC, Inc. 300 S. Tryon St Charlotte NC 28202 | Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp. c/o Arnold & Porter Kaye Scholer LLP Attn: Michael D. Messersmith, Brian J. Lohan & Sarah Gryll 70 West Madison Street Suite 4200 Chicago IL 60602 |

| | | |
|---|---|---|
| Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp.<br>c/o Arnold & Porter Kaye Scholer LLP<br>Attn: C. Thomas Kruse 700 Louisiana St Suite 4000<br>Houston TX 77002 | Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp.<br>c/o Arnold & Porter Kaye Scholer LLP<br>Attn: Jeffrey A. Fuisz, Madelyn A. Nicolini & Robert T. Franciscovich 250 West 55th Street<br>New York NY 10019 | Barings Capital Investment<br>300 S. Tryon St<br>Charlotte NC 28202 |
| Barings LLC<br>Attn: Steve Johnson<br>300 South Tryon Street, Suite 2500<br>Charlotte NC 18202 | Barings Private Credit Corp<br>300 S. Tryon St<br>Charlotte NC 28202 | BEAM Concrete Construction, Inc.<br>c/o Matthews, Shiels, Knott, Eden, Davis & Beanland, L.L.P.<br>Attn: Misti L Beanland 8131 LBJ Freeway Suite 700<br>Dallas TX 75251 |
| Bergstrom Electric<br>Attn: Steve Wasvick<br>3100 North Washington Street<br>Grand Forks ND 58208 | BlockFi Inc<br>c/o Haynes and Boone LLP<br>Attn: Matthew Frankle 30 Rockefeller Plaza, 26th Floor<br>New York NY 10112 | BlockFi, Inc.<br>c/o Haynes and Boone, LLP<br>Attn: Matt Ferris & Charles M. Jones II 2323 Victory Avenue, Suite 700<br>Dallas TX 75219 |
| BlockFi, Inc.<br>c/o Haynes and Boone, LLP<br>Attn: Richard Kanowitz 30 Rockefeller Plaza, 26th Floor<br>New York NY 10112 | BlockFi, Inc.<br>c/o Haynes and Boone, LLP<br>Attn: Kenric D. Kattner & Arsalan Muhammad 1221 McKinney Street Suite 4000<br>Houston TX 77010 | Board of Directors of Core Scientific, Inc.<br>c/o Scheef & Stone, L.L.P.<br>Attn: Peter C. Lewis, Esq. 500 North Akard Street, Suite 2700<br>Dallas TX 75201 |
| Bremer Bank<br>3100 South Columbia Road<br>Grand Forks ND 58201 | Brent Berge<br>6718 E. Rovey Ave<br>Paradise Valley AZ 85253 | BRF Finance Co., LLC<br>Attn: General Counsel<br>30870 Russell Ranch Road Ste 250<br>Westlake Village CA 91362 |
| CDW Direct<br>Attn: Rick Kulevich, General Counsel<br>200 N. Milwaukee Avenue<br>Vernon Hills IL 60061 | CEC Energy Services, LLC<br>c/o Branscomb PLLC<br>Attn: Patrick H. Autry 4630 North Loop 1604 West Suite 206<br>San Antonio TX 78249 | CES Corporation<br>Attn: Scott Weatherall<br>28029-108 Avenue<br>Acheson AB T7Z 6P7<br>Canada |
| Charles Basil and Mitch Edwards<br>c/o Ervin Cohen & Jessup LLP<br>Attn: Byron Z. Moldo, Russell M. Selmont<br>9401 Wilshire Boulevard, 12th Floor<br>Beverly Hills CA 90212 | Cherokee County Tax Collector<br>Attn: Delenna Stiles, Tax Collector<br>75 Peachtree Street #225<br>Murphy NC 28906-2947 | City National Bank<br>555 South Flower Street<br>Los Angeles CA 90071 |
| City of Dalton, Georgia by and through its Board of Water, Light and Sinking Fund Commissioners d/b/a Dalton Utilities<br>c/o Troutman Pepper Hamilton Sanders LLP<br>Attn: Matthew Ray Brooks 875 Third Avenue<br>New York NY 10022 | City of Dalton, Georgia by and through its Board of Water, Light and Sinking Fund Commissioners d/b/a Dalton Utilities<br>c/o Troutman Pepper Hamilton Sanders LLP<br>Attn: Marcy J. McLaughlin Smith PO Box 1709<br>Wilmington DE 19899-1709 | City of Dalton, Georgia by and through its Board of Water, Light and Sinking Fund Commissioners d/b/a Dalton Utilities<br>c/o Howley Law PLLC<br>Attn: Tom A. Howley and Eric Terry Pennzoil Place – South Tower 711 Louisiana St., Suite 1850<br>Houston TX 77002 |
| City of Denton<br>c/o Haynes and Boone, LLP<br>Attn: Kelli S. Norfleet 1221 McKinney Street Suite 4000<br>Houston TX 77010 | City of Denton<br>c/o Haynes and Boone, LLP<br>Attn: Martha Wyrick & Thomas J. Zavala 2323 Victory Avenue Suite 700<br>Dallas TX 75219 | Coinbase Inc<br>c/o Coinbase Custody Trust Co LLC<br>100 Pine St, Ste 1250<br>San Francisco CA 94111 |

Conflicts and Efficiency Counsel to the
Official Committee of Unsecured Creditors
c/o Gray Reed
Attn: Jason S. Brookner & Lydia R. Webb
1300 Post Oak Blvd, Suite 2000
Houston TX 77056

Cooley LLP
Attn: Daniel Peale
3 Embarcadero Center, 20th Floor
San Francisco CA 94111-4004

Core Scientific Acquired Mining LLC
210 Barton Springs Road, Suite 300
Austin TX 78701

Core Scientific Mining LLC
210 Barton Springs Road, Suite 300
Austin TX 78701

Core Scientific Operating Company
210 Barton Springs Road, Suite 300
Austin TX 78701

Core Scientific Specialty Mining (Oklahoma) LLC
210 Barton Springs Road, Suite 300
Austin TX 78701

Core Scientific, Inc.
Attn: Todd DuChene, Esq.
210 Barton Springs Road, Suite 300
Austin TX 78701

Core Scientific, Inc., et al.
c/o Weil, Gotshal & Manges LLP
Attn: Ray C. Schrock, Ronit J. Berkovich
and Moshe A. Fink 767 5th Ave
New York NY 10153

Core Scientific, Inc., et al.
c/o Weil, Gotshal & Manges LLP
Attn: Alfredo R. Perez 700 Louisiana Street
Suite 1700
Houston TX 77002

Dallas County
c/o Linebarger Goggan Blair & Sampson, LLP
Attn: John Kendrick Turner 2777 N Stemmons Freeway Suite 1000
Dallas TX 75207

Dalton Utilities
Attn: Tom Bundros
1200 V D Parrott Jr Pkwy
Dalton GA 30721

Dalton Utilities
c/o Troutman Pepper Hamilton Sanders LLP
Attn: Matthew R. Brooks 600 Peachtree Street NE, Suite 3000
Atlanta GA 30308

DK Construction Company
Attn: Justin Edwards, President
5165 Gilbertsville Highway
Calvert City KY 42029-0388

Douglas S. Wall
4233 Versailles Ave
Dallas TX 75205

Duke Energy
Attn: Tammy Daber, Power Contracts Administrator
9700 David Taylor Dr. Mail Code: DT01X
Charlotte NC 28262

FlowTX
Attn: Lucas Leavitt
PO Box 90504
San Antonio TX 78209-9086

Foundry Digital LLC
Attn: Ryan Boyle
1100 Pittsford Victor Road
Pittsford NY 14534

Foundry Digital LLC
c/o Porter Hedges LLP
Attn: John F. Higgins, M. Shane Johnson, Megan N. Young-John 1000 Main Street, 36th Floor
Houston TX 77002

Foundry Digital LLC
c/o Schulte Roth & Zabel LLP
Attn: Kristine G. Manoukian, Abbey Walsh, Peter J. Amend 919 Third Avenue
New York NY 10022

Gaylor Electric, Inc. d/b/a Gaylor, Inc.
c/o Bradley Arant Boult Cummings LLP
Attn: James B Bailey One Federal Place, 1819 5th Avenue N
Birmingham AL 35203

Gem Mining
c/o Maynard, Cooper & Gale, P.C.
Attn: Stephen C. Jackson 1901 Sixth Avenue North, Suite 1700
Birmingham AL 35203

General Casualty Company of Wisconsin
c/o Shook, Hardy & Bacon L.L.P.
Attn: John Lewis, Jr. 600 Travis St. Suite 3400
Houston TX 77002

Gensler
Attn: Todd Runkle
1011 S. Congress Ave, Building 1, Ste 200
Austin TX 78704

Harper Construction Company, Inc
Attn: Stephen Marble
2241 Kettner Blvd Ste 300
San Diego CA 92101

Harper Construction Company, Inc.
c/o Porter Hedges LLP
Attn: John F. Higgins, M. Shane Johnson
1000 Main Street, 36th Floor
Houston TX 77002

Harper Construction Company, Inc.
c/o Mulinix Eddy & Ewert, PLLC
Attn: Russell L. Mulinix 210 Park Avenue, Suite 3030
Oklahoma City OK 73102

Herc Rentals
Attn: Leslie Hunziker
27500 Riverview Center Blvd Ste 100
Bonita Springs FL 34134

Huband-Mantor Construction, Inc.
c/o Cokinos Young
Attn: Jay K. Farwell & Stephanie O'Rourke
10999 I-10 West Suite 800
San Antonio TX 78230

Humphrey & Associates, Inc.
c/o Laperouse, PC
Attn: Jason R. Kennedy 5220 Spring Valley Rd, Suite 615
Dallas TX 75254

Indigo Direct Lending, LLC
c/o Ross, Smith & Binford, PC
Attn: Frances A. Smith, Judith W. Ross 700 N. Pearl Street, Suite 1610, North Tower
Dallas TX 75201

| | | |
|---|---|---|
| Indigo Direct Lending, LLC<br>c/o Moritt Hock & Hamroff LLP<br>Attn: Theresa A. Driscoll 400 Garden City Plaza<br>Garden City NY 11530 | Internal Revenue Service<br>Attn: Centralized Insolvency Operation<br>2970 Market Street<br>Philadelphia PA 19104-5002 | Internal Revenue Service<br>Attn: Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 |
| Internal Revenue Service<br>Houston Department<br>1919 Smith Street<br>Houston TX 77002 | Internal Revenue Service<br>Department of the Treasury<br>Ogden UT 84201-0045 | Janice J. Kelly<br>c/o Dee J. Kelly, Jr.<br>201 Main St., Ste, 2500<br>Fort Worth TX 76102 |
| Kentucky Department of Revenue<br>Attn: Thomas B. Miller<br>501 High Street<br>Frankfort KY 40601 | LiveView Technologies Inc<br>Attn: Chris Parker<br>1226 S 1480 W<br>Orem UT 84058 | Luxor Technology Corp<br>1100 Bellevue Way NE Suite 8A #514<br>Bellevue WA 98004 |
| LV.NET, LLC<br>c/o Hendershot Cowart P.C.<br>Attn: Simon W. Hendershot, III, Carolyn Carollo 1800 Bering Drive, Suite 600<br>Houston TX 77057 | Maddox Industrial Transformer, LLC<br>c/o Haynsworth Sinkler Boyd, P.A.<br>Attn: Mary M. Caskey, Esq. Post Office Box 11889<br>Columbia SC 29211 | Marnoy Interests, Ltd. d/b/a Office Pavilion<br>c/o Ferguson Braswell Fraser Kubasta PC<br>Attn: Rachel L. Smiley 2500 Dallas Parkway, Suite 600<br>Plano TX 75093 |
| Marshall County Sheriff<br>Attn: Trent Weaver, Sheriff<br>52 Judicial Dr<br>Benton KY 42025 | MassMutual Asset Finance LLC<br>Attn: David Coutu<br>2 Hampshire Street Suite 101<br>Foxboro MA 02035 | MassMutual Asset Finance LLC<br>c/o Verrill Dana LLP<br>Attn: Thomas O. Bean, Esq. One Federal Street 20th Floor<br>Boston MA 02110 |
| MassMutual Asset Finance LLC<br>c/o Verrill Dana LLP<br>Attn: Nathaniel R. Hull One Portland Square<br>Portland ME 04101 | McCarthy Building Companies Inc.<br>c/o Watt, Tieder, Hoffar & Fitzgerald, LLP<br>Attn: Jennifer L. Kneeland and Marguerite Lee DeVoll 1765 Greensboro Station Place Suite 1000<br>McLean VA 22102 | McDermott Will and Emery LLP<br>Attn: Alexandra Catherina Scheibe<br>1 Vanderbilt Ave<br>New York NY 10017 |
| Meridian Equipment Finance, LLC<br>c/o Saldutti Law Group<br>Attn: Rebecca K. McDowell 1040 Kings Highway N, Suite 100<br>Cherry Hill NJ 08034 | MK Marlow Company, LLC<br>c/o Scott Viscuso, PLLC<br>Attn: Eric L Scott 1105 North Bishop Avenue<br>Dallas TX 75208 | Moss Adams LLP<br>Attn: Findley Oliver Gillespie<br>999 Third Ave Ste 2800<br>Seattle WA 98104 |
| MP2 Energy LLC d/b/a Shell Energy Solutions<br>21 Waterway Avenue Ste. 450<br>The Woodlands TX 77380 | MP2 Energy Texas, LLC d/b/a Shell Energy Solutions<br>c/o Cokinos Young<br>Attn: Craig E. Power & Maria M. Bartlett 1221 Lamar Street 16th Floor Four Houston Center<br>Houston TX 77010 | North Mill Equipment Finance LLC<br>c/o Padfield & Stout, L.L.P.<br>Attn: Christopher V. Arisco 420 Throckmorton Street, Suite 1210<br>Fort Worth TX 76102 |
| NYDIG ABL LLC<br>c/o Sidley Austin LLP<br>Attn: Elizabeth R. Tabas Carson 787 7th Ave<br>New York NY 10019 | NYDIG ABL LLC<br>c/o Sidley Austin LLP<br>Attn: Dennis M. Twomey and Jackson T. Garvey One South Dearborn Street<br>Chicago IL 60603 | NYDIG ABL LLC<br>c/o Sidley Austin LLP<br>Attn: Maegan Quejada 1000 Louisiana Street, Suite 5900<br>Houston TX 77002 |

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>Attn: Jayson Ruff & Alicia Barcomb<br>515 Rusk Street, Suite 3516<br>Houston TX 77002 | Official Committee of Equity Security Holders<br>c/o Vinson & Elkins LLP<br>Attn: David S. Meyer, Lauren R. Kanzer and Zachary A. Paiva 1114 Avenue of the Americas, 32nd Floor<br>New York NY 10036 | Official Committee of Equity Security Holders<br>c/o Vinson & Elkins LLP<br>Attn: Paul E. Heath, Harry A. Perrin and Kiran Vakamudi 845 Texas Avenue, Suite 4700<br>Houston TX 77002 |
| Official Committee of Unsecured Creditors<br>c/o Willkie Farr & Gallagher LLP<br>Attn: Brett H Miller, Todd M Goren, James H Burbage, & Joseph R. Brandt 787 Seventh Avenue<br>New York NY 10019 | Official Committee of Unsecured Creditors<br>c/o Willkie Farr & Gallagher LLP<br>Attn: Jennifer J Hardy 600 Travis Street<br>Houston TX 77002 | OP<br>Attn: Elise Chittick<br>10030 Bent Oak Dr<br>Houston TX 77040 |
| Oracle America, Inc.<br>c/o Buchalter, A Professional Corporation<br>Attn: Shawn M. Christianson, Esq. 425 Market Street, Suite 2900<br>San Francisco CA 94105-3493 | Priority Power Management LLC<br>Attn: Robert L. Douglas<br>2201 E Lamar Blvd Suite 275<br>Arlington TX 76006 | Priority Power Management, LLC<br>c/o Baker Botts LLP<br>Attn: Danny David One Shell Plaza, 910 Louisiana Street<br>Houston TX 77002-4995 |
| Priority Power Management, LLC<br>c/o Baker Botts LLP<br>Attn: Eric T. Haitz, Shelby V. Saxon 2001 Ross Avenue, Suite 900<br>Dallas TX 75201-2980 | Priority Power Management, LLC<br>c/o Baker Botts LLP<br>Attn: Scott R. Bowling 30 Rockefeller Plaza<br>New York NY 10112 | Radar Relay, Inc.<br>210 Barton Springs Road, Suite 300<br>Austin TX 78701 |
| RADAR, LLC<br>210 Barton Springs Road, Suite 300<br>Austin TX 78701 | RBH Holdings, LLC<br>c/o Randall B. Hale<br>3737 Buffalo Speedway, Ste. 1800<br>Houston TX 77098 | Reed Wells Benson and Company<br>Attn: Kenneth Fulk<br>120010 N Central Expressway Ste 1100<br>Dallas TX 75243 |
| Rudolph Family Trust<br>c/o Lawrence Rudolph Trustee<br>613 Canyon Greens Dr.<br>Las Vegas NV 89144 | Securitas Security Services USA Inc<br>Attn: Patrick Melody<br>4330 Park Terrace Drive<br>West Lake Village CA 91361 | Securities & Exchange Commission<br>Secretary of the Treasury<br>100 F Street, NE<br>Washington DC 20002 |
| Securities & Exchange Commission<br>Attn: Regional Director<br>5000 T Rex Ave Ste 300<br>Boca Raton FL 33431-4491 | Shell Energy Solutions<br>Attn: Marty Lundstrom<br>21 Waterway Avenue Suite 450<br>The Woodlands TX 77380 | Sidley Austin LLP<br>Attn: Scott Parel<br>2021 McKinney Avenue Suite 2000<br>Dallas TX 75201 |
| Sphere 3D Corp.<br>c/o Hunton Andrews Kurth LLP<br>Attn: Timothy A. ("Tad") Davidson II, Ashley L. Harper 600 Travis Street, Suite 4200<br>Houston TX 77002 | Sphere 3D Corp.<br>c/o Pryor Cashman LLP<br>Attn: Seth H. Lieberman, Matthew W. Silverman 7 Times Square<br>New York NY 10036 | Sphere 3D Corp.<br>Attn: Patricia Trompeter<br>4 Greenwich Office Park Suite 100<br>Greenwich CT 06831 |
| SRPF A QR Riversouth LLC<br>c/o Munsch Hardt Kopf & Harr, P.C.<br>Attn: Deborah M. Perry 500 N. Akard Street, Suite 3800<br>Dallas TX 75201-6659 | Starboard Capital LLC<br>210 Barton Springs Road, Suite 300<br>Austin TX 78701 | State Of Georgia<br>Office Of The Attorney General<br>40 Capitol Sq Sw<br>Atlanta GA 30334 |
| State Of Kentucky<br>Office Of The Attorney General<br>Capitol Building 700 Capitol Ave Ste 118<br>Frankfort KY 40601 | State Of North Carolina<br>Office Of The Attorney General<br>114 W Edenton St<br>Raleigh NC 27603 | State Of North Dakota<br>Office Of The Attorney General<br>State Capitol, 600 E Boulevard Ave Dept. 125<br>Bismarck ND 58505 |

| | | |
|---|---|---|
| Stonebriar Commercial Finance LLC<br>Attn: Jeffrey L. Wilkison<br>5601 Granite Parkway, Suite 1350<br>Plano TX 75024 | Tanmar Rentals, LLC<br>c/o Wells & Cuellar, P.C.<br>Attn: Jeffrey D. Stewart 440 Lousiana, Suite 718<br>Houston TX 77002 | Tenaska Power Services Co<br>Attn: Drew Fossum<br>14302 FNB Parkway<br>Omaha NE 68154 |
| Tenaska Power Services Co.<br>c/o Ross, Smith & Binford, PC<br>Attn: Jason Binford 2003 N. Lamar Blvd. Suite 100<br>Austin TX 78705 | Tenaska Power Services Co.<br>c/o Ross, Smith & Binford, PC<br>Attn: Judith W. Ross 700 N. Pearl Street Suite 1610 Plaza of the Americas North Tower<br>Dallas TX 75201 | Tenaska Power Services Co.<br>300 E. John Carpenter Ste. 1000<br>Irving TX 75062 |
| Tenet Solutions<br>Attn: Accounting<br>1238 Grey Fox Rd<br>Arden Hills MN 55112 | Texas Comptroller of Public Accounts, Revenue Accounting Division<br>c/o Bankruptcy & Collections Division<br>Attn: Christopher S. Murphy PO Box 12548<br>Austin TX 78711-2548 | Texas Office of the Attorney General<br>300 W. 15th Street<br>Austin TX 78701 |
| Texas Office of the Attorney General<br>PO Box 12548<br>Austin TX 78711-2548 | Toyota Industries Commercial Finance Inc.<br>c/o Weltman, Weinberg & Reis Co. LPA<br>Attn: Scott D. Fink 965 Keynote Circle<br>Brooklyn Heights OH 44131 | Travis County<br>Attn: Jason A. Starks, Assistant Travis County Attorney<br>PO Box 1748<br>Austin TX 78767 |
| Trilogy LLC<br>Attn: Sam Bersiek<br>6255 Saddle Tree Dr<br>Las Vegas NV 89118 | Trinity Capital Inc<br>Attn: Kyle Brown<br>1N 1st Street, Suite 302<br>Phoenix AZ 85004 | Trinity Capital Inc.<br>c/o Latham & Watkins LLP<br>Attn: Kimberly A. Posin 355 South Grand Avenue, Suite 100<br>Los Angeles CA 90071 |
| U.S. Bank National Association, as Prepetition Note Agent and Collateral Agent<br>c/o Shipman & Goodwin LLP<br>Attn: Kathleen M. LaManna, Esq. One Constitution Plaza<br>Hartford CT 06103 | US Attorney's Office for the Southern District of Texas<br>Attn: Jennifer Lowery<br>1000 Louisiana St Suite 2300<br>Houston TX 77002 | US Customs and Border Patrol<br>Attn: Raul Ortiz<br>1300 Pennsylvania Avenue, Suite 4.4-B<br>Washington DC 20229 |
| Wingspire Equipment Finance LLC<br>c/o Reed Smith LLP<br>Attn: Richard J. Tannenbaum 599 Lexington Avenue<br>New York NY 10022 | | |