**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CORE SCIENTIFIC, INC., *et al.*,[1] | ) Case No. 22-90341 (DRJ) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket No.** |

**ORDER (I) ALLOWING AND DIRECTING PAYMENT
OF CELSIUS MINING LLC'S ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO 11 U.S.C. § 503(b)(1)(A) AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Celsius Mining LLC ("Celsius") for entry of an order (this "Order") (a) allowing Celsius' administrative claim, (b) directing the Debtors to promptly pay such administrative claim, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

statements in support of the relief requested therein at a hearing before this Court, if any; and this

Court having determined that the legal and factual bases set forth in support of the Motion establish

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Celsius is granted an allowed administrative expense claim (the "Allowed

Administrative Claim") pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code

for the value of the prepayment for services the Debtors will not provide in the amount of

[$4,196,000.00],[3] which shall be paid in full in cash within seven days after entry of this Order.

2.      Nothing contained herein shall affect or limit Celsius' right to payment for any

other claims.

3.      The banks and financial institutions on which checks were drawn or electronic

funds transfer requests made in payment of the prepetition obligations approved herein are

authorized to receive, process, honor, and pay all such checks and electronic payment requests

when presented for payment, and all such banks and financial institutions are authorized to rely on

the designation of any particular check or electronic payment request as approved by this Order.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules

are satisfied by such notice.

5.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

6.      The parties are authorized to take all actions necessary to effectuate the relief

---

[3]     [Administrative Expense Claim amount to be adjusted following receipt of invoice documenting charges in
January prior to rejection of the Celsius Contracts.]

3

granted in this Order in accordance with the Motion.

7.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE