IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

**SUPPLEMENTAL DECLARATION OF JOHN SINGH
IN CONNECTION WITH THE RETENTION AND
EMPLOYMENT OF PJT PARTNERS LP AS
INVESTMENT BANKER TO THE DEBTORS**

I, John Singh, hereby declare:

1.      I am a Partner in the Restructuring and Special Situations Group at PJT Partners LP ("**PJT**"), investment banker for the debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases.

2.      On January 13, 2023, the Debtors filed the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and (II) Granting Related Relief* [Docket No. 283] ("the "**Application**").[2]

3.      In connection with the Application, I submitted an initial declaration describing PJT's connection to the Debtors and other potential parties in interest (the "**PII**").

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

4.      On February 3, 2023, the Court entered its *Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and (II) Granting Related Relief* [Docket No. 502].

5.      I hereby submit this supplemental declaration to describe the below additional connection of PJT to the PII.

    a.  PJT has been engaged to provide financial advisory services to an affiliate of American International Group, Inc., one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

    b.  PJT was previously engaged to provide financial advisory services to a company in a confidential matter. An affiliate of Apollo Centre Street Partnership, L.P. ("Apollo"), one of the PII, is the owner of the equity of such company. This engagement was wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

    c.  PJT has been engaged to provide financial advisory services to three separate companies in three unrelated confidential matters. An affiliate of Apollo, one of the PII, is the owner of the equity of each such company. These engagements are wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by these engagements.

    d.  PJT has been engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter. The members of such group include an affiliate of Apollo, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

    e.  An affiliate of PJT has been engaged to provide financial advisory services to an ad hoc group of creditors to a company in a confidential matter. The members of such ad hoc group include an affiliate of Apollo, one of the PII.  This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

    f.  PJT has been engaged to provide financial advisory services to an affiliate of Apollo, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does

not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

g.  PJT has been engaged to provide financial advisory services to an ad hoc group of creditors to a company in a confidential matter. The members of such ad hoc group include an affiliate of Apollo and Massachusetts Mutual Life Insurance Company ("Mass Mutual"), each of which is a PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

h.  PJT has been engaged to provide financial advisory services to a group of noteholders of a certain company in a confidential matter. The members of such group include an affiliate of Apollo, an affiliate of BlackRock Credit Alpha Master Fund, L.P., Mass Mutual, Sculptor Capital Management, Inc. and U.S. Bancorp, each of which is a PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

i.  An individual with whom PJT has an ongoing consultancy arrangement is a consultant to an affiliate of Apollo in respect of an unrelated matter. Such consultant is not part of the PJT team representing the Debtors in these chapter 11 cases. This connection is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

j.  PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include Mass Mutual, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

k.  PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include Mass Mutual, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

l.  An affiliate of PJT has been engaged to provide financial advisory services to an ad hoc group of creditors to a company in a confidential matter. The members of such ad hoc group include Mass Mutual, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

m.  An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group include Mass Mutual, one of the PII. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

n.  PJT has been engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group include Mass Mutual and Sculptor Capital Management, Inc., each of which is a PII.  This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

o.  PJT has been engaged to provide financial advisory services to a company in a confidential matter. Sculptor Capital Management, Inc., one of the PII, is an equity holder of such company. This engagement is wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

6.      Given the large number of parties-in-interest in these chapter 11 cases, despite the efforts to identify and disclose PJT's relationships with the PII, I am unable to state with absolute certainty that every client relationship or other connection has been disclosed in this Declaration. PJT, therefore, will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered or arise, PJT will promptly file a supplemental declaration with the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge and belief.

April 19, 2023
Houston, Texas

*/s/ John Singh*
John Singh
Partner
PJT Partners LP