UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) ) | Case No. 22-90341 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) [Re: Docket No. 773] |

**STATEMENT OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS IN SUPPORT
OF MOTION OF THE DEBTORS FOR ORDER EXTENDING EXCLUSIVE
PERIODS PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") of Core Scientific, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this statement in support of the *Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(D) of the Bankruptcy Code* [Docket No. 773] (the "Motion").[2]

1. The Committee believes that the progress made by the Debtors since the commencement of these cases justifies the requested extension of the Exclusive Periods. During the first month of these cases, the Debtors—with the support and cooperation of the Committee—entered into the Replacement DIP Facility that enabled the Debtors to get out from under a restrictive RSA that would have handed 97% of reorganized equity value to the Convertible

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used herein that are not otherwise defined shall have the meanings ascribed to them in the Motion.

Noteholders and left other stakeholders (*i.e.*, unsecured creditors and equity holders) with little to no recovery. With the RSA in the rear window and more favorable DIP financing in hand, the Debtors, in consultation with the Committee, then were able to turn to a number of other key issues, including conducting a process to sell certain non-core real estate assets, settling claims with significant creditors (*e.g.*, Priority Power Management and NYDIG), and negotiating a consensual resolution for the appointment of the Equity Committee on terms that will limit costs to the estates.

2. To be sure, significant work still lies ahead. Most importantly, the Debtors must use their Exclusive Periods to finalize their Business Plan, which will set the table for negotiations of a value maximizing chapter 11 plan among major stakeholders. The Committee appreciates that valuing the Debtors' business is a complex process that will take time. Although an approximate 67% increase in the price of bitcoin since the Petition Date is undoubtedly a positive development for creditors, the price of bitcoin on any given day is a fairly crude metric for assessing the Debtors' overall financial health. Indeed, the below metrics are just as important as bitcoin prices in determining the Debtors' enterprise value, if not more so:

- **Power Prices**. The Debtors' digital mining activity requires "massive amounts of computing power and energy costs." First Day Declaration at ¶ 24. Accordingly, the Debtors are exposed to increases in energy prices, such as those that occurred in 2022 following Russia's invasion of Ukraine. *Id.* at ¶ 70. Although the Debtors can take steps to hedge this risk—by implementing hedging structures, diversifying the electricity markets of the Debtors' hosting facilities, and passing increased electricity costs on to hosting customers—energy costs will always remain one of the Debtors' most significant operating costs.

- **Hash Rate**. As noted in the First Day Declaration, "a miner's 'hash rate' refers to the rate at which it is capable of solving [certain] computations per second." Put simply, miners with higher hash rates have a greater likelihood of solving mathematical problems and successfully mining additional bitcoin. *Id.* at ¶ 26. The greater the hash rate of a mining pool (*i.e.*, multiple computers working together), the greater the value of the underlying bitcoin mining business. As bitcoin prices fluctuate, broader market hash rates and mining capacities fluctuate, which has an impact on both the quantum of bitcoin that can be mined and ultimately the value of that bitcoin. This price/volume dynamic with respect to hash

rate and mining competition also highlights the importance of taking other metrics into account (in addition to the price of bitcoin) to accurately determine the value of the Debtors' business.

3.  The Debtors should utilize the liquidity provided by the Replacement DIP Facility (and strong business operations from the first four months of these cases) and the time afforded by an extension of the Exclusive Periods to ensure that their Business Plan establishes a framework for a plan of reorganization that maximizes value and treats all creditors fairly.  Terminating exclusivity at this early stage would serve no purpose other than to distract the Debtors from the important tasks they need to accomplish in the coming months.  Accordingly, the Committee respectfully requests that the Court grant the Motion.

[*remainder of the page left intentionally blank*]

Dated: May 1, 2023
      Houston, Texas

                Respectfully submitted,

                **WILLKIE FARR & GALLAGHER LLP**

                By: /s/ *Jennifer J. Hardy*
                Jennifer J. Hardy (Texas Bar No. 24096068)
                600 Travis Street
                Houston, Texas 77002
                Telephone:  713-510-1700
                Facsimile:  713-510-1799
                Email:  jhardy2@willkie.com

                **AND**

                Brett H. Miller (admitted *pro hac vice*)
                Todd M. Goren (admitted *pro hac vice*)
                James H. Burbage (admitted *pro hac vice*)
                787 Seventh Avenue
                New York, New York 10019
                Telephone: 212-728-8000
                Facsimile: 212-728-8111
                Email: bmiller@willkie.com
                      tgoren@willkie.com
                      jburbage@willkie.com

                *Counsel for the Official Committee of Unsecured Creditors*

**Certificate of Service**

I certify that on May 1, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

By: /s/ *Jennifer J. Hardy*
Jennifer J. Hardy