IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors[1] | § | (Jointly Administered) |
| | § | |

**LIMITED JOINDER OF
BARINGS BDC, INC., BARINGS CAPITAL
INVESTMENT CORPORATION, AND BARINGS
PRIVATE CREDIT CORP. TO OBJECTION TO THE
MOTION OF THE DEBTORS FOR ORDER EXTENDING EXCLUSIVE
PERIODS PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE**

Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp. (collectively, "***Barings***") respectfully submits this limited joinder (the "***Limited Joinder***") to the *Objection to the Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* [ECF No. 834] (the "***Exclusivity Motion Objection***"). In support of this Joinder, Barings respectfully states as follows:

**Limited Joinder**

1. Though Barings does not join in every statement in the Exclusivity Motion Objection, Barings joins the Exclusivity Motion Objection with respect to the ultimate relief requested that the Court deny the *Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* [ECF No. 773] (the "***Exclusivity Motion***").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

As the Exclusivity Motion Objection articulates, cause exists to terminate the Exclusive Periods.[2] While in the months since the Petition Date the Debtors have negotiated consensual resolutions to disputes related to hosting agreements, settled financial disputes with vendors, and entered into a Replacement DIP Facility, they have thus far failed to develop a Business Plan, present that Business Plan to critical stakeholders, and formulate a viable chapter 11 plan that will allow them to quickly exit these chapter 11 cases.

2. The Equipment which serves as the Collateral for the six (6) separate secured loan transactions the Debtors entered into with Barings, dated as of March 24, 2022, and April 27, 2022, consists of 13,353 ASIC Miners, the computerized devices designed solely and specifically for the mining of cryptocurrencies and additional, related collateral. As set out in the Exclusivity Motion Objection, the use of such Collateral is critical for the continued operation of the Debtors' business, and the Debtors have continued to use the Collateral, and the collateral of the other Equipment Lenders, throughout the course of these chapter 11 cases—in which they have significantly outperformed against their budget—without making any payments to Barings and other Equipment Lenders.

3. Throughout the entirety of these chapter 11 cases, Barings has sought to collaborate cooperatively with the Debtors and refrained from raising issues before this Court in an effort to support the viability of the Debtors' business and resolve any issues consensually. While Barings is ready and willing to work with the Debtors and their advisors to formulate a chapter 11 plan that

---

[2] Capitalized terms not otherwise defined herein have the meaning given them in the Exclusivity Motion, the Exclusivity Motion Objection, and the *Reservation of Rights and Limited Objection of Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp. to the Emergency Motion of Debtors For Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [ECF No. 291].

will benefit the Debtors and their stakeholders, the Debtors' failure to make any apparent progress with respect to the area most critical to Barings and the other Equipment Lenders—the Debtors' exit from these chapter 11 cases—now threatens to seriously prejudice the interests of Barings and other Equipment Lenders.

4. While the Debtors have shared no information with Barings as to the specifics of the Business Plan, it is reasonable for Barings to presume that the Business Plan—and the treatment of Barings and other Equipment Lenders under an eventual chapter 11 plan—should be premised, in part, on the fact that bitcoin prices, hashrates, and utility prices are in remarkably improved positions as compared to the Petition Date. Given the volatility of the cryptocurrency industry, there is no certainty that these metrics will remain in the Debtors' favor and support a Business Plan and chapter 11 plan that is beneficial to Barings and the Equipment Lenders, and any further delay in advancing these chapter 11 cases towards exit only increases such risk to Barings and other Equipment Lenders.

5. This danger is particularly acute as Barings specifically chose *not* to press the need for cash payments as adequate protection as contemplated by section 361(1) of the Bankruptcy Code in an effort to avoid any dispute with the Debtors in the early stages of these chapter 11 cases and instead accepted (i) 507(b) superpriority administrative expense claims, and (ii) postpetition liens and security interests in all DIP Collateral as adequate protection. In the event that the price of bitcoin decreases and/or mining difficulty increases in a meaningful way before the Debtors are able to exit these chapter 11 cases, the Debtors' ability to honor payment of such administrative claims on the occurrence of any Effective Date is unknown and uncertain, and Barings' ability to recover against the DIP Collateral is limited by the fact that such liens on and security interest in

the DIP Collateral are junior to the DIP Liens and *pari passu* with the Noteholder Adequate Protection Claims.

6. As such, Barings is concerned the Debtors will have benefitted throughout the course of these chapter 11 cases from the rising bitcoin rates and lower hashrates and utility prices so that their "financial condition and the health of the cryptocurrency industry are significantly improved entering spring 2023 as compared to six months ago," all while not making any payments to Barings or other Equipment Lenders (despite making payments to other entities that have no interest or interests junior to Barings). Exclusivity Motion ¶ 2.

7. Barings reiterates the assertion in the Exclusivity Motion Objection that it is critical the Debtors capitalize on their improved position and exit these chapter 11 cases swiftly in order to provide the best possible outcome for all stakeholders. Any extension of the Exclusive Periods is inconsistent with that premise and likely detrimental to Barings and other Equipment Lenders.

8. To the extent not inconsistent with the foregoing, Barings joins in the Exclusivity Motion Objection, and, for the reasons stated therein and herein, objects to the extension of the Exclusive Periods.

### Reservation of Rights

9. This Limited Joinder is submitted without prejudice to, and with full reservation of, Barings' rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this Limited Joinder, to seek discovery, to raise additional objections and to introduce evidence at any hearing related to this Limited Joinder, and without in any way limiting any other rights of Barings to object to the Exclusivity Motion, on any grounds, as may be appropriate. Barings reserves the right to amend or supplement this Limited Joinder.

Dated: May 1, 2023  
Houston, Texas

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ *C. Thomas Kruse*

C. Thomas Kruse  
ARNOLD & PORTER KAYE SCHOLER LLP  
700 Louisiana St, Suite 4000  
Houston, Texas 77002  
Telephone: (713) 576-2400  
Facsimile: (713) 576-2499  
E-mail:   tom.kruse@arnoldporter.com

- and -

Michael D. Messersmith (admitted *pro hac vice*)  
Brian J. Lohan (admitted *pro hac vice*)  
Sarah Gryll (admitted *pro hac vice*)  
ARNOLD & PORTER KAYE SCHOLER LLP  
70 West Madison Street, Suite 4200  
Chicago, Illinois 60602  
Telephone: (312) 583-2300  
Facsimile: (312) 583-2360  
E-mail:   michael.messersmith@arnoldporter.com  
            brian.lohan@arnoldporter.com  
            sarah.gryll@arnoldporter.com

- and -

Jeffrey A. Fuisz (admitted *pro hac vice*)  
Robert T. Franciscovich (admitted *pro hac vice*)  
Madelyn A. Nicolini (admitted *pro hac vice*)  
ARNOLD & PORTER KAYE SCHOLER LLP  
250 West 55th Street  
New York, New York 10019  
Telephone: (212) 836-8000  
Facsimile: (212) 836-8689  
E-mail:   jeffrey.fuisz@arnoldporter.com  
            robert.franciscovich@arnoldporter.com  
            madelyn.nicolini@arnoldporter.com

*Counsel to Barings BDC, Inc., Barings Capital Investment Corporation and Barings Private Credit Corp.*

**CERTIFICATE OF SERVICE**

   I certify that on May 1, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                      */s/ C. Thomas Kruse*
                      C. Thomas Kruse