# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CORE SCIENTIFIC, INC., *et al.*, | ) Case No. 22-90341 (DRJ) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) Re: Docket No. 773 |

## STATEMENT OF THE AD HOC GROUP WITH RESPECT TO THE MOTION OF THE DEBTORS FOR ORDER EXTENDING EXCLUSIVE PERIODS PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE

The ad hoc group (the "Ad Hoc Group") of beneficial holders and/or investment advisors or managers of discretionary accounts that hold (i) secured convertible notes issued pursuant to that certain Secured Convertible Note Purchase Agreement, dated as of April 19, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, and including all related credit documents, and the notes issued thereunder, the "April Secured Convertible Notes") and/or (ii) the secured convertible notes issued pursuant to that certain Convertible Note Purchase Agreement, dated on or about August 20, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, and including all related credit documents, and the notes issues thereunder, the "August Secured Convertible Notes", and collectively with the April Secured Convertible Notes, the "Convertible Notes" and the noteholders thereof, the "Convertible Noteholders"), each issued

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

by Core Scientific, Inc. (as successor to or assignee of Core Scientific Holdings Co.), hereby submits this statement with respect to the *Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* [Docket No. 773] (the "Exclusivity Motion")[2] in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), and in support hereof, respectfully states as follows:

## STATEMENT

1.      The Ad Hoc Group reluctantly supports the current ninety-day extension of exclusivity, but is extremely concerned that the Debtors have not advanced **any** plan negotiations in these Chapter 11 Cases.  As a result, the Ad Hoc Group is reserving its rights to revisit the Debtors' right to exclusivity over the next ninety days in the event that the Debtors do not immediately progress these Chapter 11 Cases.

2.      At the commencement of these Chapter 11 Cases, the Debtors and the Court both noted the need to move quickly due the risks inherent with a business in bankruptcy that was closely tethered to the volatile price of Bitcoin.  *See* Hr'g Tr. 23:10-22; 25:4-10; 54:22-25 (Dec. 22, 2022).  Indeed, the Court's view was that it would like to move these Chapter 11 Cases even faster than the milestones contained in the RSA and Original DIP Facility.  *Id*. at 25:4-10 ("[T]he company's better off, the employees are better off, the process is better off to the extent that the company is going to survive, is that it get out sooner rather than later").  Just weeks later, after a complete reversal of course by the Debtors, which included the termination of the RSA at the interim hearing to approve the Replacement DIP Facility, the Ad Hoc Group expressed concern that these Chapter 11 Cases could languish without the discipline of case milestones and feared

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Exclusivity Motion.

that the Debtors would simply play for time at the expense of the Convertible Noteholders and other parties-in-interest. The Debtors, however, were confident that they would be able to quickly finalize a new business plan and begin negotiations with their key stakeholders regarding a chapter 11 plan of reorganization. Hr'g Tr. 25:4-9 (Mar. 1, 2023). As of the date of this statement, more than twelve weeks have passed and the Debtors still have not produced an updated business plan nor had a single plan negotiation.

3.      The "progress" claimed by the Debtors in the Exclusivity Motion has not advanced these Chapter 11 Cases towards a plan – the true litmus test in evaluating a request to extend exclusivity. Other than the Debtors' flip-flop on the appointment of the Equity Committee, their attempt to give away Convertible Noteholder collateral to eliminate a mechanic's lien claim without adequately protecting the Convertible Noteholders, these Chapter 11 Cases have largely been marked by the repeated filing of motions by frustrated creditors and the mirage of an increasing cash balance borne solely from the failure of the Debtors to pay debt service on their secured obligations, including the Convertible Notes. Even the sale of "non-core" assets that the Debtors predicted would occur and allow them to repay the Replacement DIP Facility have not happened.[3] Sadly, as the Ad Hoc Group feared, the Debtors have slow-played these Chapter 11 Cases at the expense of the Convertible Noteholders and other secured creditors.

4.      Notwithstanding its frustrations, when the Debtors requested that the Ad Hoc Group support their initial extension of exclusivity, the Ad Hoc Group reluctantly agreed to do so based on (i) the reduction in the exclusivity period sought by the Debtors from one hundred and twenty days to ninety days, and (ii) the assurance that the delivery of the much anticipated business

---

[3]     The Ad Hoc Group believes it has a collateral interest in portions of the assets the Debtors were marketing that were associated with the "non-core" assets.

plan was imminent and good faith plan negotiations would soon follow.  As noted above, the Debtors still have not delivered a business plan to the Convertible Noteholders or any other party-in-interest in these Chapter 11 Cases and there have been **no** plan negotiations at all.

5.　　　Accordingly, while the Ad Hoc Group continues to presently honor its agreement to support the extension of the Debtors' exclusivity, the time has come for the Debtors to deliver on their promises to the Court and the Convertible Noteholders to advance these Chapter 11 Cases and the Ad Hoc Group reserves its rights to return to the Court within the Exclusive Period in the event that the Debtors fail to do so.

[*Remainder of page intentionally left blank*]

Date:  May 1, 2023
       Houston, Texas

Respectfully submitted

/s/ *James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Kristopher M. Hansen (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Erez E. Gilad (admitted *pro hac vice*)
Joanne Lau (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
      sayanbhattacharyya@paulhastings.com
      erezgilad@paulhastings.com
      joannelau@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

## **Certificate of Service**

I certify that on May 1, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *James T. Grogan III*
James T. Grogan III