IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | RE: Docket No. 854 |

DECLARATION OF JEFF PRATT IN SUPPORT OF
DEBTORS' OBJECTION TO PROOF OF CLAIM NOS. 503, 505, 506, 508, 570,
571, AND 572 FILED BY GEM MINING 1, LLC, GEM MINING 2B, LLC,
GEM MINING 4, LLC, GEM MINING 2, LLC, GEM MINING 2, LLC,
GEM MINING 2B, LLC, AND GEM MINING 4, LLC, RESPECTIVELY

I, Jeff Pratt, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the Senior Vice President, Partnerships, of Core Scientific, Inc. ("**Core**," and together with its debtor affiliates in the above-captioned chapter 11 cases, the "**Debtors**"). I have served in this capacity, or similar, since September 2019. Prior to joining Core, I previously worked for Microsoft Corporation.

2. My responsibilities as Senior Vice President, Partnerships include managing client relationships, developing new business, overseeing sales deals, and purchasing mining hardware. With respect to GEM (as defined below), I managed the relationship with Core's

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

sales team, growing the GEM fleet hosted at Core. In this capacity, I was in regular contact with GEM.

3. As Senior Vice President, Partnerships, I am familiar with Core's contracts with GEM and the relationship between the Parties (as defined below) from the time periods before and since the Debtors' chapter 11 filings on December 21, 2022 (the "**Petition Date**").

4. I make this declaration in support of the *Debtors' Objection to Proof of Claim Nos. 503, 505, 506, 508, 570, 571, and 572 Filed by Gem Mining 1, LLC, Gem Mining 2B, LLC, Gem Mining 4, LLC, Gem Mining 2, LLC, Gem Mining 2, LLC, and Gem Mining 4, LLC, Respectively* (Dkt. No. 854) (the "**Objection**").[2] Except as otherwise indicated herein, all facts set forth in this declaration are based on my experience and personal knowledge of the Debtors' operations and finances, information learned during the course of my employment, along with review of relevant documents, or information that I have received from the Debtors' management team, the Debtors' advisors, or employees of the Debtors working directly with me or under my supervision, direction, or control. If called upon to testify, I could and would competently testify to the facts set forth in this declaration on that basis.

5. Headquartered in Austin, Texas, the Debtors are one of the largest blockchain infrastructure, hosting provider, and digital asset mining companies in North America. A significant part of the Debtors' revenue generation involves hosting cryptocurrency mining machines for cryptocurrency mining companies. Gem Mining 1, LLC, Gem Mining 2B, LLC, Gem Mining 4, LLC, and Gem Mining 2, LLC (collectively "**GEM**," and together with the Debtors, the "**Parties**") are or were Core customers.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

6. It is the Debtors' billing practice to charge their customers in advance for the estimated cost of the upcoming month's services by estimating uptime and estimating consumption for each customer's machines, and to provide a true-up amount on each invoice for the actual cost of the prior month's services based on actual uptime and actual consumption. The true-up amount includes costs related to additional services that the Debtors provided during the prior month, such as repairing a hosting customer's machines or the cost of replacements parts, as well as the estimated hosting services variable rate against actual consumption of services versus the prior month-end estimate. Additionally, a significant cost that must be trued up on a monthly basis are power cost pass-through charges associated with hosting a customer's mining machines ("**PPT**"), however, this has not always been the case and at certain times the PPT charges have been insignificant. Utility providers use the term "Tariff" to refer to a variety of charges that may be included in a customer's bill, which includes the PPT charges here.

7. Since approximately May 2022, the Debtors have invoiced its hosting customers, including GEM, for PPT amounts, pursuant to each hosting customer's master services agreements (each an "**MSA**"). Section 4(f) of the MSAs permit Core to pass on any increases in "tariffs." *See, e.g.*, GEM POC No. 503, Exhibit 1 MSA § 4(f) at 11.

8. Section 3(b) of the MSAs provide an agreed upon process by which GEM may raise a good faith dispute regarding invoiced amounts, and limits time by which such disputes must be submitted to within three-calendar days of the when an invoice is issued. Prior to filing the Objection, GEM never submitted a written notice of dispute as required under section 3(b) of the MSAs regarding the PPT charges, and has thus far paid all invoice amounts both prior to and since the Petition Date. *See, e.g.*, GEM POC No. 503, Exhibit 1 MSA § 3(b) at 9.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Austin, Texas
Dated:   May 5, 2023

                                  By:   */s/ Jeff Pratt*
                                            Jeff Pratt