**Exhibit B**

October 1, 2018

Bryce Johnson
c/o Russell Wolpert, Esq.
Browne George Ross LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

Dear Bryce:

This letter agreement (the "Separation Agreement") confirms the terms relating to your separation from employment with Core Scientific, Inc. (the "Company").

1. Separation Date: Your employment with the Company ended effective as of the close of business on July 6, 2018 (the "Separation Date"). Any position you held as an officer or director of the Company or any of its parents, subsidiaries or affiliates ended by your resignation effective as of the Separation Date.

2. Separation Payments and Benefits: You acknowledge receiving all salary payments for the final payroll period through the Separation Date. In addition, the Company hereby grants to you restricted stock units representing 605,261 shares of common stock of the Company (the "RSU"), pursuant to the award agreement attached hereto as Exhibit A, which shall be forfeited if you do not sign or if you revoke (as provided in Section 13) this Separation Agreement. The Company has taken all actions necessary to grant the RSU hereunder.

3. Termination of Benefit Plan Participation: Your participation, and if applicable, your dependent(s)' participation, in all employee benefit plans sponsored by the Company shall end as of the Separation Date.

4. Releases of Claims; Waiver of Future Employment. In consideration of the terms of this Separation Agreement, you and the Company have agreed as follows:

   a. You have agreed to and, upon the full execution and delivery of this Separation Agreement, do release and forever discharge the Company, its parent, subsidiaries and affiliates and their respective past and present officers, directors, shareholders, employees and agents (in their capacities as such) from any and all claims and causes of action, known or unknown, suspected or unsuspected, from the beginning of time to the present, including without limitation those arising out of or relating to (i) your employment by the Company or the termination of such employment, including, but not limited to wrongful discharge, breach of contract, tort, fraud, defamation and claims under the Civil Rights Acts, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, Industrial Welfare Act, Ch. 49.12 RCW; the Minimum Wage Act, Ch. 49.46 RCW; the Wage Payment Act, Ch. 49.48 RCW; the Wage Rebate Act, Ch. 49.52 RCW; the Washington Law Against Discrimination, Ch. 49.60



RCW; the Washington Leave Law, Ch. 49.78 RCW, the California's Fair Employment and Housing Act, and any other federal, state or local law relating to employment, discrimination in employment, termination of employment, wages, benefits or otherwise and (ii) any equity or equity-based awards or shares of common stock of the Company, except with respect to the 605,261 restricted stock units which have been granted to you as per Section 2 of this Separation Agreement and your membership interest in BCV 77, LLC (which BCV 77, LLC acknowledges that you have advised BCV 77, LLC is being held by you and Laura Biel as community property) (the "BCV 77 Interest") which you shall retain. BCV 77, LLC represents and warrants that the BCV 77 Interest represents 394,739 shares of the Company's common stock.

        b.      The release of claims set forth in this Section 4 includes a waiver of any claims either of the parties may have under the provisions of section 1542 of the California Civil Code, which states as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Each party hereby waives all rights and benefits it has under section 1542 of the California Civil Code.

        c.      The release of claims by you set forth in this Section 4 does not include (i) earned but unpaid salary owing for the period through the Separation Date; (ii) vested benefits under any employee benefit plans sponsored by the Company; (iii) your right to enforce the terms of this Separation Agreement; (iv) your right to receive an award from a Government Agency under its whistleblower program for reporting in good faith a possible violation of law to such Government Agency; (v) coverage or indemnification under the Company's insurance policies, applicable certificates of incorporation, by-laws or a resolution of the Company's board of directors (vi) any recovery to which you may be entitled pursuant to any applicable workers' compensation and unemployment insurance laws; (vii) your right to challenge the validity of the release of claims in this Section 4 under the ADEA, (viii) or any right where a waiver is expressly prohibited by law. For purposes of this agreement, "Government Agency" means the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the U.S. Securities and Exchange Commission, the Financial Industry Regulatory Authority, or any other self-regulatory organization or any other federal, state or local governmental agency or commission.

        d.      You have agreed to and do waive any claims you may have for employment by the Company and have agreed not to seek such employment or reemployment by the Company, its parent, subsidiaries, and affiliates in the future.

        e.      The Company, its parent, subsidiaries and affiliates (the "Company Releasors") have agreed to and, upon the full execution and delivery of this Separation Agreement, do release and forever discharge you from any and all claims and causes of action known or unknown, suspected or unsuspected, from the beginning of time to the present, including without limitation those arising out of or relating to your employment by the Company, including, but not limited to any claim under federal, state or local law. This release does not include the Company's right to enforce the terms of this Separation Agreement.

f. BCV 55, LLC, BCV 66, LLC and BCV 77, LLC (the "BCV Entities") have agreed to and, upon the full execution and delivery of this Separation Agreement, do release and forever discharge you from any and all claims and causes of action known or unknown, suspected or unsuspected, from the beginning of time to the present, including without limitation those arising out of or relating to any services you may have provided to the BCV Entities and your ownership of equity interests in BCV 77, LLC, including, but not limited to any claim under federal, state or local law.

5. Protected Activities: You acknowledge that this Separation Agreement does not limit or interfere with your right, without notice to or authorization of the Company, to communicate and cooperate in good faith with a Government Agency for the purpose of (i) reporting a possible violation of any U.S. federal, state, or local law or regulation, (ii) participating in any investigation or proceeding that may be conducted or managed by any Government Agency, including by providing documents or other information, or (iii) filing a charge or complaint with a Government Agency. Additionally, you shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that is made (a) in confidence to a federal, state, or local government official, or to an attorney, solely for the purpose of reporting or investigating a suspected violation of law, (b) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal; or (c) in court proceedings if you file a lawsuit for retaliation by an employer for reporting a suspected violation of law, or to your attorney in such lawsuit, provided that you must file any document containing the trade secret under seal, and you may not disclose the trade secret, except pursuant to court order. The activities or disclosures described in this Section 5 shall be referred to in this agreement as "Protected Activities." Notwithstanding the foregoing, under no circumstance will you be authorized to make any disclosures as to which the Company may assert protections from disclosure under the attorney-client privilege or the attorney work product doctrine, without prior written consent of an authorized officer designated by the Company.

6. Confidential Information: The parties agree to maintain the terms of this Separation Agreement confidential unless otherwise required by law; provided, however, that you may disclose the terms of this Separation Agreement to your immediate family members and to your attorneys, accountants, financial or tax advisors.

7. Indemnification. You shall be indemnified by the Company to the fullest extent as permitted by applicable law and the Company's organizational documents.

8. No Admission of Wrongdoing: Neither by offering to make nor by making this agreement does either party admit any failure of performance, wrongdoing, or violation of law.

9. Notices: Any notice, request, instruction or other document to be given hereunder by any party hereto to any other party hereto shall be in writing and shall be given by delivery in person, by email, by overnight courier or by registered or certified mail, postage prepaid to the address set forth below or such other address as such party may give to the other parties by notice pursuant to this Section 9. Notice shall be deemed given on (a) the date such notice is personally delivered, (b) the date of scheduled delivery if sent by overnight courier, or (c) the date such notice is transmitted by facsimile or email, if such transmission is prior to 5:00

3

p.m. Eastern time on a business day, or the next succeeding business day if such transmission is after 5:00 p.m. Eastern time. If to the Company, to: Core Scientific, Inc. 2800 Northup Way, Suite 220, Bellevue, Washington 98004. If to you, to: Bryce Johnson, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ with a copy to: Russell Wolpert, Esq., Browne George Ross LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

10. <u>Entire Agreement; Amendments; Successors and Assigns</u>: This Separation Agreement sets forth the entire understanding of the parties and supersedes any and all prior agreements, oral or written, relating to your employment by the Company or the termination thereof, including without limitation any draft employment agreement between you and the Company. This Separation Agreement may not be modified except by a writing, signed by you and by a duly authorized officer of the Company. This Separation Agreement shall be binding upon your heirs and personal representatives, and the successors and assigns of the Company.

11. <u>Governing Law</u>  This agreement shall be governed by and construed in accordance with the laws of the State of California without regard to its choice of law rules.

12. <u>Voluntary Agreement</u>: You acknowledge that before entering into this Separation Agreement, you have had the opportunity to consult with any attorney or other advisor of your choice, and you are hereby advised to do so if you choose. You further acknowledge that you have entered into this Separation Agreement of your own free will, and that no promises or representations have been made to you by any person to induce you to enter into this Separation Agreement other than the express terms set forth herein. You further acknowledge that you have read this Separation Agreement and understand all of its terms, including the waiver and release of claims set forth in Section 4 above.

13. <u>Execution; Effective Date</u>: If the foregoing is acceptable to you, please sign the annexed copy of this agreement and return it to me. You may take up to twenty-one (21) days from today to consider, sign and return this Separation Agreement. In addition, you may revoke the Separation Agreement after signing it, but only by delivering a signed revocation notice to me within seven (7) days of your signing this Separation Agreement. This Separation Agreement shall be effective on the eighth day after you sign and return it.

Very truly yours,

*/s/ B. Kevin Turner/*
DocuSigned by: 6BAF796DF86C484...
B. Kevin Turner, Chief Executive Officer

Solely for purposes of Sections 4(a), 4(b), 4(f), 6, 8-11 and 13 of this Agreement:

**BCV 55, LLC**

_Darin_
Name: Darin Feinstein
Title: Managing Member

_aber whitcomb_
Name: Aber Whitcomb
Title: Managing Member

**BCV 66, LLC**

_Darin_
Name: Darin Feinstein
Title: Managing Member

_aber whitcomb_
Name: Aber Whitcomb
Title: Managing Member

**BCV 77, LLC**

_Darin_
Name: Darin Feinstein
Title: Managing Member

_aber whitcomb_
Name: Aber Whitcomb
Title: Managing Member

Accepted and Agreed:

_____
Bryce Johnson

_1 October 2018_____
Date signed