IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC. *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | [Re: Docket Nos. 801, 819, 861] |

**STATEMENT OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS (A) IN SUPPORT OF
DEBTORS' REQUEST FOR MEDIATION, (B) OBJECTING
TO PROOF OF CLAIM NOS. 425 AND 497 FILED BY CELSIUS
MINING LLC, AND (C) JOINING THE DEBTORS' OBJECTION
TO CELSIUS MINING LLC'S MOTION FOR AN ORDER (I) ALLOWING
AND DIRECTING PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO 11 U.S.C. § 503(B)(1)(A) AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "**Committee**") of Core Scientific, Inc. and its debtor affiliates in the above-captioned cases (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby submits this statement (a) in support of the Debtors' request for mediation, (b) objecting to proof of claim nos. 425 and 497 filed by Celsius Mining LLC and incorporating by reference the arguments raised in the *Debtors' Objection to Proof of Claim Nos. 425 and 497 Filed by Celsius Mining LLC* [Docket No. 819] (the "**POC Objection**"), and (c) joining the *Debtors' Objection to Celsius Mining LLC's Motion for Entry of an Order (I) Allowing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

*and Directing Payment of its Administrative Expense Claim Pursuant to 11 U.S.C. § 503(B)(1)(A) and (II) Granting Related Relief* [Docket No. 861] (the "**Administrative Claim Objection**").[2]

1. The Debtors and Celsius are ideal candidates for mediation. What started as an agreement by the Debtors to host Celsius' miners has turned into a sprawling litigation in which each party asserts multiple claims against the other alleging hundreds of millions of damages in the aggregate. Although the facts underlying the parties' disputes are relatively straightforward, the procedural posture is unusually complex. Both the Debtors and Celsius have filed for chapter 11 protection in different jurisdictions. That dynamic raises questions as to which bankruptcy court is best positioned to resolve the disputes between the parties. Moreover, there are now multiple parties in interest beyond the respective debtors in both cases—*i.e.*, multiple committees, lenders, and other parties in interest—which would dramatically increase the cost of resolving the disputes through litigation. As the Debtors move toward negotiating a plan of reorganization and bringing their chapter 11 cases to a conclusion, finality about Celsius' claims has become increasingly important. The allowance or disallowance of Celsius' asserted $300 million in unsecured claims has potentially massive implications on distributions to unsecured creditors and whether there is ultimately any value available for equity holders. Against this backdrop, mediation is a logical and cost effective path forward.

2. A contractual interpretation question sits at the center of the parties' disputes—whether the Debtors have the right to pass through increased electricity costs to Celsius. Based on its analysis to date, the Committee concurs with the Debtors' position. Accordingly, the Committee objects to proof of claim nos. 425 and 497 filed by Celsius and incorporates by

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings given to them in the Administrative Claim Objection.

reference the arguments raised in the POC Objection. *See generally* Docket No. 819, *In re Core Scientific, Inc., et al.*, Case No. 22-90341 (DRJ) (Bankr. S.D. Tex. Apr. 24, 2023). Critically, in addition to the Debtors' unambiguous right to pass through increased electricity costs, Celsius' $300 million in asserted claims also lack merit in light of the Hosting Agreements' clear damages limitation provision.

3. Celsius' motion for immediate payment of a $4.7 million administrative expense claim (the "**Celsius Administrative Claim Motion**") is just another front in the parties' larger litigation. The Committee hereby joins the Administrative Claim Objection. *See generally* Docket No. 861, *In re Core Scientific, Inc., et al.*, Case No. 22-90341 (DRJ) (Bankr. S.D. Tex. May 5, 2023). Similar to Celsius' prepetition unsecured claims, there are contractual reasons why Celsius is not entitled to a $4.7 million administrative expense claim. And even if Celsius was entitled to that amount, immediate payment is not warranted. The Committee shares the Debtors' view that the Celsius Administrative Claim Motion cannot and should not be resolved outside of the parties' larger disputes and that Celsius' asserted administrative expense claim should likewise be the subject of the requested mediation.

*[remainder of page left intentionally blank]*

Dated: Houston, Texas
May 18, 2023

Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ *Jennifer J. Hardy*
Jennifer J. Hardy (Texas Bar No. 24096068)
600 Travis Street
Houston, Texas 77002
Telephone:  713-510-1700
Facsimile:  713-510-1799
Email:  jhardy2@willkie.com

**AND**

Brett H. Miller (admitted *pro hac vice*)
Todd M. Goren (admitted *pro hac vice*)
James H. Burbage (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: 212-728-8000
Facsimile: 212-728-8111
Email: bmiller@willkie.com
         tgoren@willkie.com
         jburbage@willkie.com

*Counsel for the Official Committee of Unsecured Creditors*

**Certificate of Service**

I certify that on May 18, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

By: /s/ *Jennifer J. Hardy*
Jennifer J. Hardy