United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 18, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § § § | **Case No. 22-90341 (DRJ)** |
| **Debtors.**[1] | § § § § § | **(Jointly Administered)** **Re: Docket No. 782** |

**ORDER (I) APPROVING OMNIBUS CLAIMS
OBJECTIONS PROCEDURES AND FILING OF SUBSTANTIVE
OMNIBUS CLAIMS OBJECTIONS, (II) WAIVING THE REQUIREMENT
OF BANKRUPTCY RULE 3007(E)(6), AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated April 12, 2023 (the "**Motion**"),[2] of Core Scientific, Inc.

and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in

possession (collectively, the "**Debtors**"), (a) approving the Objection Procedures, (b) waiving the

requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contained objections to no

more than 100 claims and (c) granting related relief, as more fully set forth in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding

pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article

III of the United States Constitution; and it appearing that venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures or the Motion, as applicable.

provided, and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved,

or overruled; and the Court having determined that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and it appearing that the relief requested

in the Motion is in the best interest of the Debtors and their respective estates and creditors; and

upon all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Debtors (or any successors thereto) are authorized to file Omnibus

Objections that include objections to Claims on any basis provided for in Bankruptcy

Rule 3007(d), Bankruptcy Local Rule 3007-1, and/or the Additional Grounds.

2.      The Debtors (or any successors thereto) are authorized to object to more

than 100 Claims in a single Omnibus Objection on any basis set forth in Bankruptcy Rule 3007(d)

and/or the Additional Grounds.

3.      The Debtors (or any successors thereto) shall be authorized to file and

prosecute any Omnibus Objections in accordance with the Objection Procedures attached hereto

as **Exhibit 1**.

4.      The form of Objection Notice attached hereto as **Exhibit 2** and the

Withdrawal Form attached hereto as **Exhibit 3** are hereby approved.

5.      Nothing in this Order shall affect the authority of the Debtors (or any

successors thereto) to pay Claims to the extent authorized by a separate order of the Court.

6.      Nothing in this Order shall obligate the Debtors (or any successors thereto)

to settle or pursue settlement of any particular Claim.  Settlements of claims may be negotiated

and compromised by the Debtors in their sole discretion.

7.     The Debtors may include objections to Proofs of Claim and scheduled Claims in Omnibus Objections.

8.     Any order sustaining an Omnibus Objection on one or more of the Additional Grounds shall be a final order with respect to the Claims referenced in such order as if an individual objection had been filed for each Claim.

9.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order, the Motion, or the Objection Procedures shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an agreement or obligation to pay any claims; (c) an impairment or waiver of the Debtors' or any other party in interest's right to dispute any claim against, or interest in, the Debtors, their property or estates; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) prejudicial to the rights of the Debtors to assert or bring individualized objections to claims on any basis.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

11.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

13.    This Court shall retain exclusive jurisdiction to hear and determine all

matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  May 18, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1**

**Objection Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § § § | **Case No. 22-90341 (DRJ)** |
| **Debtors.**[1] | § § § § | **(Jointly Administered)** |

**PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS**

1.      Grounds for Omnibus Objections.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors[2] may file omnibus objections (each, an "**Omnibus Objection**") to Claims on the grounds that such claims, in part or in whole:

(a)      fail to specify the asserted claim amount (other than "unliquidated");

(b)      seek recovery of amounts for which the Debtors are not liable;

(c)      are satisfied by payment in full or in part on account of such Claim from a party that is not a Debtor, including one or more of the Debtors' insurers;

(d)      are incorrectly or improperly classified under the Bankruptcy Code or under any chapter 11 plan;

(e)      are filed against non-Debtors or are filed against multiple Debtors;

(f)      fail to specify a Debtor against which the Claim is asserted;

(g)      are disallowed pursuant to, or asserted in an amount, priority, or on terms that are otherwise inconsistent with the Debtors' confirmed chapter 11 plan;

(h)      are disallowed pursuant to section 502 of the Bankruptcy Code; or

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(i)  fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation therefor.

2.  <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.  <u>Supporting Documentation</u>. In accordance with Bankruptcy Local Rule 3007-1, each Omnibus Objection must include an affidavit or declaration signed by a person with personal knowledge supporting the objection.

4.  <u>Claims Exhibits</u>. An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims to which there is a common basis for the objection.  Claims for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto.  Including an Omnibus Objection on one exhibit will not constitute a waiver of the Debtors' right to object to the Claim on an additional basis or bases.  The exhibits will include, without limitation, the following information alphabetized by claimant:

(a)  the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number or schedule number related thereto from the Claims register;

(b)  the asserted amount of the claim;

(c)  the grounds for the objection;

(d)  a cross-reference to the section of the Omnibus Objection discussing such claim; and

(e)  other information, as applicable, including: (i) the proposed classification of Claims the Debtors seek to reclassify; (ii) the claim amounts of Claims the Debtors seek to reduce; or (iii) the surviving claim amount, if any, of claimants affected by the Omnibus Objection.

5.  <u>Objection Notice</u>. Each Omnibus Objection will be accompanied by an objection notice, substantially in the form annexed to the Order as **Exhibit 2**

(the "**Objection Notice**"), which will:

      (a)     adequately describe the nature of the objection;

      (b)     inform creditors that their rights may be affected by the objection;

      (c)     describe the procedures for filing a written response (each, a "**Response**"), to the objection, including all relevant dates and deadlines related thereto;

      (d)     identify the hearing date, if applicable, and related information;

      (e)     include an exhibit listing the names of all creditors that are subject to the Omnibus Objection, along with reference to the particular exhibits of the Omnibus Objection on which their Claims are listed; and

      (f)     describe how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.     <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served electronically using the Court's electronic filing system. Each Omnibus Objection (along with a copy of the Objection Notice, these Omnibus Procedures, and the Withdrawal Form) will be mailed to each claimholder that is subject to such objection.

7.     <u>Omnibus Claims Objection Hearings</u>. Each Omnibus Objection may be set for a hearing no less than thirty (30) days after service of the Omnibus Objection (each, a "**Hearing**"), unless the Court orders otherwise. In the applicable Debtor's discretion, each Omnibus Objection may be filed either (i) with a Hearing date already scheduled in coordination with the Court or (ii) filed without a Hearing date with the intent of scheduling a Hearing date in the event one or more Responses are filed. Hearings will be conducted according to Bankruptcy Local Rule 3007-1(d) such that, unless otherwise ordered by the Court or by consent of the parties, the initial Hearing will be non-evidentiary and used as a scheduling conference. Adjournments or continuances of claim objections Hearings must either (i) be agreed or reflected in a claims objection hearing agenda that is filed at least twenty-four (24) hours prior to the scheduled Hearing or (ii) ordered by the Court on motion of any party. If a subsequent Hearing is

necessary, the Debtor shall file with the Court and serve on the affected claimant(s) a notice of the subsequent Hearing (the date of which shall be determined in consultation with the affected claimant(s) or announced on the record).

8.      Entry of an Order Without a Hearing. For Claims subject to an Omnibus Objection for which no Response is filed, the Court may enter an order granting the Omnibus Objection with respect to such claim. Notwithstanding the foregoing, nothing in these procedures shall prejudice the Debtors' right to seek entry of an order sustaining the Omnibus Objection as to any or all Claims contained therein pursuant to Section "Q" the Complex Case Rules.

9.      Contested Matter. Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim. The Debtors may, in their discretion and in accordance with other orders of this Court, a chapter 11 plan of reorganization, and the provisions of the Bankruptcy Code and Bankruptcy Rules, settle the amount and validity of such contested Claims without any further notice to, or action, order, or approval of, the Court.

**Responses to Omnibus Objections**

10.      Parties Required to File a Response. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose claim is subject to an Omnibus Objection does not file a Response in compliance with the procedures below, the Court may grant the objection with respect to such claim without further notice to the claimant.

11.      Response Contents. Each Response must contain the following (at a minimum):

(a)      a caption stating the name of the Court, the names of the Debtors, the case number, and the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims

4

register;

(b)     a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection; and

(c)     the following contact information for the responding party:

(i)     the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

12.     <u>Filing of the Response</u>.  A Response will be deemed timely only if it is filed with the Court not later than the day that is thirty (30) calendar days from the date the Omnibus Objection is served.

13.     <u>Discovery</u>.  If either the Debtors or the claimant determines that discovery is necessary in advance of a Hearing on an Omnibus Objection, such party will serve a notice on the other party and its counsel of record (if any) that a scheduling order with respect to the Omnibus Objection will be requested at the Hearing.  Such notice may be incorporated into the agenda for the Hearing, or may be provided by separate notice.

14.     <u>Failure to Respond</u>.  **Absent reaching an agreement with the Debtors resolving the objection to a claim (as described in the Objection Notice), failure to timely file a Response as set forth herein may result in the Court granting the Omnibus Objection, without further notice or hearing.**  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

15.     <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply to any Response no later than two (2) business days before the Hearing with respect to the relevant

Omnibus Objection.

## Miscellaneous

16.     <u>Additional Information</u>. Copies of these procedures, the Motion, the Proposed Order or any other pleadings filed in these chapter 11 cases are available at no cost at https://cases.stretto.com/corescientific.

17.     RESERVATION OF RIGHTS. NOTHING CONTAINED HEREIN SHALL BE DEEMED: (A) AN ADMISSION AS TO THE AMOUNT OF, BASIS FOR, OR VALIDITY OF ANY CLAIM AGAINST THE DEBTORS UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE NONBANKRUPTCY LAW; (B) AN AGREEMENT OR OBLIGATION TO PAY ANY CLAIMS; (C) AN IMPAIRMENT OR WAIVER OF THE DEBTORS' OR ANY OTHER PARTY IN INTEREST'S RIGHT TO DISPUTE ANY CLAIM AGAINST, OR INTEREST IN, THE DEBTORS, THEIR PROPERTY OR ESTATES; (D) A WAIVER OF THE DEBTORS' OR ANY OTHER PARTY IN INTEREST'S RIGHTS UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY PREPETITION AGREEMENT, CONTRACT, OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) PREJUDICIAL TO THE RIGHTS OF THE DEBTORS TO ASSERT OR BRING INDIVIDUALIZED OBJECTIONS TO CLAIMS ON ANY BASIS.

**Exhibit 2**

**Objection Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § § § | **Case No. 22-90341 (DRJ)** |
| **Debtors.**[1] | § § § § | **(Jointly Administered)** |

## NOTICE OF THE DEBTORS' [NUMBER] OMNIBUS CLAIMS OBJECTION

> **THIS IS AN OBJECTION TO YOUR CLAIM (the "Objection").   THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW OR MODIFY THE CLAIM THAT YOU FILED IN THESE BANKRUPTCY CASES.   YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.   IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION WITHIN THIRTY (30) DAYS AFTER THE OBJECTION WAS SERVED ON YOU.   YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED OR MODIFIED WITHOUT A HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **A HEARING HAS BEEN SET ON THIS OBJECTION ON [[●] 2023] AT [[●] A.M./P.M.] IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.   YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.   AUDIO COMMUNICATION WILL BE THROUGH THE COURT'S DIAL-IN FACILITY.   YOU MAY ACCESS THE FACILITY AT (832) 917-1510.   YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG DISTANCE CHARGES.   ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER.   JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691.**
>
> **YOU MAY VIEW VIDEO VIA GOTOMEETING.   TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).   The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

GOTOMEETING. APPLICATION.  TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEJONES" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE JONES' HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE.  ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.  HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING.  TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU.  SELECT "JUDGES' PROCEDURES," THEN "VIEW HOME PAGE" FOR JUDGE JONES.  UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE".  SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE OR MODIFY CERTAIN CLAIMS.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT [●] THROUGH EXHIBIT [●] TO THE ORDER FILED WITH THIS OBJECTION.

### Important Information Regarding the Objection

Grounds for the Objection. By the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce/subordinate] your claim(s) listed in the schedule attached hereto on the grounds that your claim(s) [is/are] [●].  The claim(s) subject to the [●] Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

Objection Procedures.  On [●], 2023, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order (Docket No. [●]) approving procedures for filing and resolving objections to Claims asserted against the Debtors in these chapter 11 cases (the "**Objection Procedures**").  A copy of the Objection Procedures is included with this notice. Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.

2

**Resolving the Objection**

Parties Required to File a Response.  If you disagree with the Omnibus Objection filed with respect to your claim, you must file a response (each, a "**Response**") with the Court by 5:00 p.m. (prevailing Central Time) on [●], 2023.  Please review the Objection Procedures to ensure your response to the Omnibus Objection, if any, is timely and correctly filed.

Response Contents.  Each Response must contain the following (at a minimum):

(a)     caption stating the name of the Court, the names of the Debtors, the case number, and the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims register;

(b)     a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim[, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection; and

(c)     the following contact information for the responding party:

(i)   the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

Failure to Respond.  **Absent reaching an agreement with the Debtors resolving the objection to a claim (as described in the Objection Notice), failure to timely file a Response as set forth herein may result in the Court granting the Omnibus Objection, without further notice or hearing.**  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

Hearing.  If a Response is timely filed, the Court will hold an initial hearing.  The initial hearing will be non-evidentiary and used as a scheduling conference.  Failure to appear at

3

the initial hearing may result in the summary disposition of the objection.

[OR]

A hearing (the "**Hearing**") on the Omnibus Objection will be held on [●], 2023, at **[[●] A.M./P.M.]** prevailing Central Time, before the Honorable David R. Jones, United States Bankruptcy Judge, in Courtroom 400, 515 Rusk, Houston, Texas 77002.  You may participate in the Hearing via audio/video connection with the instructions included at the top of this Notice. Adjournments or continuances of claim objections hearings must either (i) be agreed and reflected in a claims objection hearing agenda that is filed at least 24 hours prior to the scheduled hearing; or (ii) ordered by the Court on motion of any party.  Unless you have resolved your claim with the Debtor, you must attend the Hearing if you disagree with the Omnibus Objection and have filed a Response.

Discovery.  If either the Debtors or the claimant determine that discovery is necessary in advance of a Hearing on an Omnibus Objection, such party will serve a notice on the other party and its counsel of record (if any) that a scheduling order with respect to the Omnibus Objection will be requested at the Hearing.  Such notice may be incorporated into the agenda for the Hearing, or may be provided by separate notice.

### Additional Information

Questions or Information.  Copies of these procedures, the Motion, the Proposed Order or any other pleadings filed in these chapter 11 cases are available at no cost at https://cases.stretto.com/corescientific.  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov/bankruptcy.  Please do not contact the Court to discuss the merits of any Claim or any Omnibus Objection filed with respect thereto.

## Reservation of Rights

NOTHING CONTAINED IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE SHALL BE DEEMED: (A) AN ADMISSION AS TO THE AMOUNT OF, BASIS FOR, OR VALIDITY OF ANY CLAIM AGAINST THE DEBTORS UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE NONBANKRUPTCY LAW; (B) AN AGREEMENT OR OBLIGATION TO PAY ANY CLAIMS; (C) AN IMPAIRMENT OR WAIVER OF THE DEBTORS' OR ANY OTHER PARTY IN INTEREST'S RIGHT TO DISPUTE ANY CLAIM AGAINST, OR INTEREST IN, THE DEBTORS, THEIR PROPERTY OR ESTATES; (D) A WAIVER OF THE DEBTORS' OR ANY OTHER PARTY IN INTEREST'S RIGHTS UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY PREPETITION AGREEMENT, CONTRACT, OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) PREJUDICIAL TO THE RIGHTS OF THE DEBTORS TO ASSERT OR BRING INDIVIDUALIZED OBJECTIONS TO CLAIMS ON ANY BASIS.

5

Dated:   **[●]**, 2023
          Houston, Texas

Respectfully submitted,

_/s/_ _____

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted _pro hac vice_)
Ronit J. Berkovich (admitted _pro hac vice_)
Moshe A. Fink (admitted _pro hac vice_)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Ray.Schrock@weil.com
          Ronit.Berkovich@weil.com
          Moshe.Fink@weil.com


_Attorneys for Debtors_
_and Debtors in Possession_

**Exhibit 3**

**Withdrawal Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |
| | § | |

**WITHDRAWAL OF PROOF OF CLAIM NO._____**

    **Claimant,** _____ **[Claimant(s) Name(s)],**

**hereby withdraws with prejudice its proof of claim number(s)** _____

**[Claim(s) Number(s)].**

                      **Signed:**_____

            **Print Names:**_____

                     **Title:**_____

**Claimant Name:**_____

**Address:** _____

**Address:** _____

**City, State, Zip Code:** _____

**Phone:** _____

**Email:** _____

> Please mail this form via U.S. Mail to:
>
> **Core Scientific, Inc., et al. Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602**
>
> Or, you may email this form to:
> **TeamCoreScientific@stretto.com**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.