United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § | (Jointly Administered) Re: Docket No. 781 |

### ORDER AUTHORIZING AND APPROVING PROCEDURES FOR SETTLING CERTAIN CLAIMS AND CAUSES OF ACTION OF THE DEBTORS

Upon the motion, dated April 12, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 authorizing and approving procedures for settling certain claims and causes of action involving the Debtors, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provided; and this Court having reviewed the Motion; and a hearing, if any, having been held to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to settle Subject Claims pursuant to the following Settlement Procedures:

   a. The Debtors may, in accordance with the Settlement Procedures, and exercising their reasonable business judgment, settle Subject Claims in the ordinary course of business and may choose to document and reduce to writing a settlement agreement where necessary and appropriate.

   b. The Debtors will not agree to any settlement of a Subject Claim unless it is reasonable in the judgment of the Debtors upon consideration of: (i) the probability of success if the claim is litigated or arbitrated; (ii) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (iii) other factors relevant to assessing the wisdom of the settlement; (iv) the fairness of the settlement vis-à-vis the Debtors' estates, creditors, and shareholders, taking into account the prepetition or postpetition nature of the Subject Claim or Subject Claims in issue; and (v) the extent to which the proposed settlement is the product of arm's-length bargaining, and not of fraud or collusion.

   c. In settling a Subject Claim, the Debtors may provide a release to a Settling Party or other third party where appropriate.

   d. With regard to any Settlement Amount equal to or less than $150,000 or any settlement of any dollar amount that merely changes the identity of the Debtor against which such claim is asserted, the Debtors shall be authorized to settle any Subject Claim without prior approval of, or notice to, the Court or any other party in interest; provided, however, that if (i) (a) the amount asserted in a Debtor Claim is more than $150,000 or (b) the amount asserted

       in a Debtor Claim cannot be determined, and (ii) the Settlement Amount with regard to such Debtor Claim that is a Subject Claim is less than $200,000, then the Debtors shall provide written notice, by e-mail, of the material terms of the settlement of such Debtor Claim that is a Subject Claim to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee, Willkie Farr & Gallagher LLP; (iii) counsel to the group of holders of the Debtors' Convertible Notes, Paul Hastings LLP; and (iv) counsel to the Equity Committee, Vinson & Elkins LLP; (v) counsel to B. Riley Commercial Capital, LLC, Choate, Hall & Stewart LLP; and (vi) counsel to Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp., Arnold & Porter Kaye Scholer LLP (collectively, the "**Settlement Notice Parties**") and the notice and objection procedures set forth in section e below shall apply.

e. With regard to any Settlement Amount greater than $150,000 but equal to or less than $2,000,000:

    i. Before entering into any such settlements, the Debtors shall provide written notice, by e-mail, of the material terms of the settlement of such Subject Claim (the "**Settlement Notice**") to the Settlement Notice Parties. Any Settlement Notice regarding a proposed settlement of a Subject Claim shall also include the Debtors' good faith estimate of the value of such claim.

    ii. Such Settlement Notice shall specify (A) the identity of the other party to the Settlement, (B) a summary of the dispute with such other party, including proof of claim numbers and the scheduled amounts of such claims, if any, and the types of claims asserted by such party, including the basis for the affected Debtors' liability with respect to such claim, (C) the terms and amounts for which such claims have been settled, including the priority of such settled claim, (D) whether the Debtors are seeking to release any claims against creditors or third parties, (E) an explanation of why the Settlement of such Subject Claim is favorable to the Debtors, their estates, and their creditors, and (F) copies of any proposed settlement or documents supporting the settlement.

    iii. Any objections to a proposed settlement set forth in a Settlement Notice must be made in writing to counsel for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, Esq., Ronit J. Berkovich, Esq., and Moshe A. Fink, Esq. and Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, TX 77002, Attn: Alfredo R. Pérez, Esq. within ten (10) days after the date of delivery of the Settlement Notice (the "**Settlement Objection Deadline**"). For the avoidance of doubt, delivery via e-mail of an objection to a proposed settlement shall be sufficient.

3

    iv. If any Settlement Notice Party properly and timely objects to any proposed settlement by the Settlement Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (i) resolution of the objection by the applicable Settlement Notice Party, or (ii) Court approval of the proposed settlement.

    v. Should a hearing on a Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for a hearing on shortened notice following the Settlement Objection Deadline.

    vi. In the absence of any such objection by the Settlement Objection Deadline, or prior to the Settlement Objection Deadline if the Settlement Notice Parties consent, the Debtors may enter into, execute, and consummate a written agreement of settlement that will be binding on the Settling Party and the Debtors and their estates without further Court order.

  f. Any settlement that is not authorized pursuant to the foregoing Settlement Procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion served upon the necessary parties in interest.

  g. On a quarterly basis, beginning thirty (30) days after entry of an Order granting this Motion, the Debtors will provide to the Settlement Notice Parties a report of all Settlements the Debtors entered into during the previous quarter pursuant to the Settlement Procedures. Such reports will set forth the name of the parties with which the Debtors have settled a Subject Claim, the asserted amount (if applicable), the types of Subject Claims asserted by each settling party, and the Settlement Amount and other terms for which such Subject Claims were settled.

  h. Subject to the requirements of the Settlement Procedures, the Debtors are authorized to fix the allowed amount and priority of a settled Subject Claim pursuant to any applicable agreement between the Debtors and the Settling Party without further order of this Court, and such agreement shall be fully binding upon the Settling Party and the applicable Debtor's estate.

2. Any Creditor Subject Claim that is settled pursuant to the Settlement Procedures shall be allowed in accordance with the applicable settlement agreement and shall be satisfied in accordance with a chapter 11 plan for the Debtors as confirmed by the Court.

3. The Settlement Procedures shall not apply to (i) any claim held by a Debtor against an Insider (as defined in the Bankruptcy Code), (ii) any claim held by an Insider against a Debtor, (iii) any claim held by a Debtor against any non-Debtor affiliate or (iv) any claim held by a non-Debtor affiliate against any Debtor.

4. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

6. Nothing set forth in the Motion or in this Order is intended to be or shall be deemed as a waiver of the Debtors' or any other party in interest's respective rights under the Bankruptcy Code or any other applicable non-bankruptcy law.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Signed:  May 18, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-90341-drj |
| Core Scientific, Inc. | Chapter 11 |
| Official Committee of Unsecured Creditor | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 3 |
| Date Rcvd: May 18, 2023 | Form ID: pdf002 | Total Noticed: 40 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++     Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4).

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 20, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | American Property Acquisition, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions I, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions VII, LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Core Scientific Acquired Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Operating Company, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Specialty Mining (Oklahoma) LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | RADAR LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Radar Relay, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Starboard Capital LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| intp | + | Board of Directors of Core Scientific, Inc., c/o Peter C. Lewis, Scheef & Stone, L.L.P., 500 North Akard Street, Suite 2700, Dallas, TX 75201-3306 |
| intp | + | Condair Inc., c/o John S. Collins, Vorys, Sater, Seymour and Pease LLP, 909 Fannin, Suite 2700, Houston, TX 77010-1009 |
| cr | + | Dalton Utilities, Howley Law PLLC, 711 Louisiana Street, Ste. 1850, Houston, TX 77002-2790 |
| cr | + | GEM Mining 1, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2B, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 3, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 4, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | Indigo Direct Lending, LLC, c/o Ross, Smith & Binford, PC, Attn: Frances A. Smith, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| cr | + | J.W. Didado Electric, LLC, c/o Leonard I. Pataki, Quanta Services, 4500 S. Garnett Road, Suite 100, Tulsa, OK 74146-5221 |
| cr | + | LV.NET, LLC, 1221 S. Casino Center Blvd., Las Vegas, NV 89104, UNITED STATES 89104-1015 |
| cr | + | Maddox Industrial Transformer, LLC, c/o Mary M. Caskey, Esq., Haynsworth Sinkler Boyd, PA, PO Box 11889, Columbia, SC 29211-1889 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | ++ | NEXTERA ENERGY RESOURCES, ATTN C/O SHIRLEY PALUMBO ESQ, 700 UNIVERSE BLVD JB LAW, JUNO BEACH FL 33408-2657 address filed with court:, NextEra Energy Resources, LAW/JB, 700 Universe Blvd., Juno Beach, FL 33408, UNITED STATES |
| cr | + | North Mill Equipment Finance LLC, c/o Padfield & Stout, LLP, Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, TX 76102-3792 |
| cr | + | Pescadero Capital, LLC, Building LAW/JB, 700 Universe Blvd, Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Quinn Emanuel Urquhart & Sullivan, LLP, c/o Asher Griffin, 300 W 6th Street, Suite 2010, Austin, TX 78701 UNITED STATES 78701-3901 |
| cr | + | Tanmar Rentals, LLC, c/o Wells & Cuellar, P.C., 440 Louisiana Suite 718, Houston, TX 77002, UNITED STATES 77002-1058 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| intp | + | U.S. Bank National Association, as Prepetition Not, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |
| cr | + | c/o James Bailey Esq Gaylor Electric, Inc., d/b/a, Bradley Arant Boult Cummings LLP, One Federal Place, 1819 5th Ave. N, Birmingham, AL 35203-2119 |

TOTAL: 32

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

District/off: 0541-4 — User: ADIuser — Page 2 of 3
Date Rcvd: May 18, 2023 — Form ID: pdf002 — Total Noticed: 40

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/Text: ahochheiser@mauricewutscher.com | May 18 2023 19:53:00 | AmTrust North America, Inc. on behalf of Associate, c/o Maurice Wutscher LLP, 23611 Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| cr | + Email/Text: beanland@mssattorneys.com | May 18 2023 19:53:00 | BEAM Concrete Construction, Inc., c/o Misti L. Beanland, 8131 LBJ Freeway, Suite 700, Dallas, TX 75251-1352 |
| cr | + Email/Text: dallas.bankruptcy@LGBS.com | May 18 2023 19:53:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328 |
| cr | + Email/Text: rmcdowell@slgcollect.com | May 18 2023 19:53:00 | Meridian Equipment Finance, LLC, c/o Saldutti Law Group, 1040 Kings Highway N., Suite 100, Cherry Hill, NJ 08034-1925 |
| cr | Email/Text: shirley.palumbo@nexteraenergy.com | May 18 2023 19:53:00 | NextEra Energy Resources, LAW/JB, 700 Universe Blvd., Juno Beach, FL 33408, UNITED STATES |
| cr | + Email/Text: schristianson@buchalter.com | May 18 2023 19:53:00 | Oracle America, Inc., Buchalter PC, c/o Shawn M. Christianson, 425 Market St., Suite 2900, San Francisco, Ca 94105-2491 |
| cr | + Email/Text: neil.orleans@judithwross.com | May 18 2023 19:53:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |
| cr | ^ MEBN | May 18 2023 19:52:44 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher S. Murphy, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | + Email/Text: BKECF@traviscountytx.gov | May 18 2023 19:53:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 9

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 36th Street Capital Partners, LLC |
| cr | | ABLe Communications, Inc. |
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Anchorage Lending CA, LLC |
| intp | | B. Riley Commercial Capital, LLC |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi Lending LLC |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |
| cr | | Brown Corporation Brown Corporation, 311 Pointe North Place #4, Dalton, UNITED STATES |
| cr | | CEC Energy Services LLC |
| cr | | Celsius Mining, LLC |
| cr | | Charles Basil |
| cr | | City of Denton |
| cr | | Coonrod Electric Co. LLC |
| intp | | Foundry Digital LLC |
| cr | | General Casualty Company of Wisconsin |
| intp | | Harper Construction Company, Inc. |
| cr | | Huband-Mantor Construction, Inc. |
| cr | | Humphrey & Associates, Inc. |
| cr | | MK Marlow Company, LLC |
| cr | | MP2 Energy Texas LLC d/b/a Shell Energy Solutions |

| | |
|---|---|
| cr | Marnoy Interests, Ltd. d/b/a Office Pavilion |
| cr | MassMutual Asset Finance, LLC |
| cr | Mitch Edwards |
| cr | NYDIG ABL LLC |
| intp | Official Committee of Equity Security Holders |
| crcm | Official Committee of Unsecured Creditors |
| cr | Prime Alliance Bank, Inc. |
| cr | Priority Power Management, LLC |
| intp | SRPF A QR Riversouth LLC |
| cr | Sphere 3D Corp. |
| cr | Summit Electric Supply Company, Inc. |
| cr | TOYOTA INDUSTRIES COMMERCIAL FINANCE INC. |
| cr | Texas Capitalization Resource Group, Inc., 5201 Camp Bowie Blvd. Suite 200, Fort Worth |
| intp | The Ad Hoc Equity Group |
| intp | Trilogy LLC |
| intp | Trinity Capital Inc. |
| cr | Wingspire Equipment Finance, LLC |

TOTAL: 41 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2023     Signature:     /s/Gustava Winters