IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-90341 (DRJ) |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | Re: Dkt. No. 827 |

CERTIFICATE OF NO OBJECTION TO THE
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF VINSON & ELKINS LLP AS
COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

1.     On April 28, 2023, the Official Committee of Equity Security Holders (the "***Official Equity Committee***") filed the *Application for Entry of an Order Authorizing the Retention and Employment of Vinson & Elkins LLP as Counsel for the Official Committee of Equity Security Holders Effective As of March 30, 2023* [Dkt. No. 827] (the "***Application***") and a proposed form of order attached to the Application as Exhibit A (the "***Proposed Order***").

2.     Objections to the Application were required to be filed and served by May 19, 2023 (the "***Objection Deadline***").

3.     Prior to the Objection Deadline, the Official Equity Committee received informal comments to the Proposed Order from the Office of the United States Trustee and from counsel to certain interested parties.  Following discussions, Vinson & Elkins LLP has agreed to make certain

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

modifications to the Proposed Order.  A revised proposed order reflecting these modifications is attached as **Exhibit A** (the "***Revised Proposed Order***").  A redline of the Revised Proposed Order against the Proposed Order is attached as **Exhibit B**.

4.      In accordance with paragraphs 44 and 45 of the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas*, the undersigned counsel files this Certificate of No Objection and represents to the United States Bankruptcy Court for the Southern District of Texas (the "***Court***") that (i) the Objection Deadline has passed, (ii) the undersigned counsel is unaware of any objection to the Application, and (iii) the undersigned counsel has reviewed the Court's docket and found no objection to the Application.

5.      Therefore, the Official Equity Committee respectfully requests entry of the Revised Proposed Order at the Court's earliest convenience.

4860-0425-6613

Dated: May 22, 2023
Houston, Texas

/s/ Paul E. Heath
**VINSON & ELKINS LLP**

David S. Meyer (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
Zachary A. Paiva (admitted *pro hac vice*)
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Tel: (212) 237-0000
Fax: (212) 237-0100
dmeyer@velaw.com; lkanzer@velaw.com;
zpaiva@velaw.com

- and -

Paul E. Heath (Texas Bar No. 09355050)
Harry A. Perrin (Texas Bar No. 15796800)
Kiran Vakamudi (Texas Bar No. 24106540)
845 Texas Avenue
Suite 4700
Houston, TX 77002
Tel: (713) 758-2222
Fax: (713) 758-2346
pheath@velaw.com; hperrin@velaw.com;
kvakamudi@velaw.com

**PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF EQUITY SECURITY
HOLDERS**

4860-0425-6613

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 22, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 _/s/ Paul E. Heath_____
One of Counsel

## **EXHIBIT A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 22-90341 (DRJ) |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | Re: Dkt. No. 827 |

ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF VINSON & ELKINS LLP AS COUNSEL
FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

Upon the application (the "***Application***")[2] of the Official Equity Committee for the entry

of an order (the "***Order***") authorizing the Official Equity Committee to retain and employ V&E as

its counsel effective as of March 30, 2023; and the Court having reviewed the Application, the

Meyer Declaration, and the Wall Declaration; and the Court having jurisdiction over the matters

raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final

order consistent with Article III of the United States Constitution; and the Court having found that

venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having found based on the representations made in the Application, the

Meyer Declaration, and the Wall Declaration that V&E's employment is in the best interests of

the Debtors' estates and that V&E (a) does not represent, and does not hold, any interest adverse

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

to the Official Equity Committee and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to the Official Equity Committee or other parties in interest except as set forth in the Meyer Declaration; and the Court having found that proper and adequate notice of the Application and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Application after having given due deliberation upon the Application and all of the proceedings before the Court in connection with the Application, it is HEREBY ORDERED THAT:

1.      Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and paragraph 37 of the Complex Case Procedures, the Official Equity Committee is authorized to retain and employ V&E as its counsel effective as of March 30, 2023, in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as **Schedule 1** to **Exhibit B-1**, except as limited or modified by this Order.

2.      V&E shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.  For billing purposes, V&E shall keep its time in one tenth (1/10) hour increments in accordance with the Guidelines.  V&E shall also make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines, both in connection with the Application and any interim and final fee applications to be filed by V&E in these chapter 11 cases.  All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format.

3.      V&E will review its files periodically during the pendency of the chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, V&E will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

4.      V&E shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Official Equity Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      V&E shall use its best efforts to avoid any duplication of services provided by any of the Official Equity Committee's other retained professionals in these chapter 11 cases.

6.      Notwithstanding anything contained herein to the contrary, this Order shall be subject in all respects to the limitations, parameters and conditions set forth in the *Agreed Order Directing The Appointment Of An Official Committee Of Equity Security Holders* [Docket No. 642].

7.      To the extent the Application, the Meyer Declaration, the Wall Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

8.      Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Meyer Declaration, or the Wall Declaration, V&E shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

3

9.     V&E shall not charge a markup with respect to fees billed by contract attorneys who are hired by V&E to provide services to the Official Equity Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10.    The Official Equity Committee and V&E are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules and Complex Case Procedures are satisfied by the contents of the Application.

12.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
Houston, Texas

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**<u>EXHIBIT B</u>**

**Redline to Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | ~~Chapter 11~~Case No. 22-90341 (DRJ) |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | ~~Case No. 22-90341 (DRJ)~~Chapter 11 |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| | § | **Re: Dkt. No. ~~____~~827** |

**ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF VINSON & ELKINS LLP AS COUNSEL**
**FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

Upon the application (the "***Application***")[2] of the Official Equity Committee for the entry

of an order (the "***Order***") authorizing the Official Equity Committee to retain and employ V&E as

its counsel effective as of March 30, 2023; and the Court having reviewed the Application, the

Meyer Declaration, and the Wall Declaration; and the Court having jurisdiction over the matters

raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final

order consistent with Article III of the United States Constitution; and the Court having found that

venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having found based on the representations made in the Application, the

Meyer Declaration, and the Wall Declaration that V&E's employment is in the best interests of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

the Debtors' estates and that V&E (a) does not represent, and does not hold, any interest adverse
to the Official Equity Committee and (b) is a "disinterested person" within the meaning of section
101(14) of the Bankruptcy Code and has no connection to the Official Equity Committee or other
parties in interest except as set forth in the Meyer Declaration; and the Court having found that
proper and adequate notice of the Application and hearing thereon has been given and that no other
or further notice is necessary; and the Court having found that good and sufficient cause exists for
the granting of the relief requested in the Application after having given due deliberation upon the
Application and all of the proceedings before the Court in connection with the Application, it is
HEREBY ORDERED THAT:

1.      Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014
and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and paragraph 37 of the Complex Case
Procedures, the Official Equity Committee is authorized to retain and employ V&E as its counsel
effective as of March 30, 2023, in accordance with (a) the terms and conditions set forth in the
Engagement Letter attached to the Application as **Schedule 1** to **Exhibit B-1** and (b), except as
limited or modified by this Order.

2.      V&E shall be compensated in accordance with and will file interim and final fee
applications for allowance of its compensation and expenses and shall be subject to sections 330
and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.  For
billing purposes, V&E shall keep its time in one tenth (1/10) hour increments in accordance with
the Guidelines.  V&E shall also make reasonable efforts to comply with the U.S. Trustee's requests
for information and additional disclosures as set forth in the Guidelines, both in connection with
the Application and any interim and final fee applications to be filed by V&E in these chapter 11

cases.  All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format.

3.      V&E will review its files periodically during the pendency of the chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, V&E will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

4.      V&E shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Official Equity Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      V&E shall use its best efforts to avoid any duplication of services provided by any of the Official Equity Committee's other retained professionals in these chapter 11 cases.

6.      Notwithstanding anything contained herein to the contrary, this Order shall be subject in all respects to the limitations, parameters and conditions set forth in the *Agreed Order Directing The Appointment Of An Official Committee Of Equity Security Holders* [Docket No. 642].

7.      To the extent the Application, the Meyer Declaration, the Wall Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

8.      Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Meyer Declaration, or the Wall Declaration, V&E shall not be entitled to reimbursement

for fees and expenses in connection with any objection to its fees, without further order of the Court.

9.       V&E shall not charge a markup with respect to fees billed by contract attorneys who are hired by V&E to provide services to the Official Equity Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

610.    The Official Equity Committee and V&E are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

711.    Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules and Complex Case Procedures are satisfied by the contents of the Application.

812.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

913.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
Houston, Texas

                                                            _____
                                                            DAVID R. JONES
                                                            UNITED STATES BANKRUPTCY JUDGE