IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | Case No. 22-90341 (DRJ) |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | Re: Dkt. No. 827 and 824 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VINSON & ELKINS LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

Upon the application (the "*Application*")[2] of the Official Equity Committee for the entry of an order (the "*Order*") authorizing the Official Equity Committee to retain and employ V&E as its counsel effective as of March 30, 2023; and the Court having reviewed the Application, the Meyer Declaration, and the Wall Declaration; and the Court having jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application, the Meyer Declaration, and the Wall Declaration that V&E's employment is in the best interests of the Debtors' estates and that V&E (a) does not represent, and does not hold, any interest adverse

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

to the Official Equity Committee and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and has no connection to the Official Equity Committee or other parties in interest except as set forth in the Meyer Declaration; and the Court having found that proper and adequate notice of the Application and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Application after having given due deliberation upon the Application and all of the proceedings before the Court in connection with the Application, it is HEREBY ORDERED THAT:

1. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and paragraph 37 of the Complex Case Procedures, the Official Equity Committee is authorized to retain and employ V&E as its counsel effective as of March 30, 2023, in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as **Schedule 1** to **Exhibit B-1**, except as limited or modified by this Order.

2. V&E shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law. For billing purposes, V&E shall keep its time in one-tenth (1/10) hour increments in accordance with the Guidelines. V&E shall also make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines, both in connection with the Application and any interim and final fee applications to be filed by V&E in these chapter 11 cases. All billing records filed in support of fee applications will use an open and searchable .PDF or other electronic data format.

3. V&E will review its files periodically during the pendency of the chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, V&E will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

4. V&E shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Official Equity Committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. V&E shall use its best efforts to avoid any duplication of services provided by any of the Official Equity Committee's other retained professionals in these chapter 11 cases.

6. Notwithstanding anything contained herein to the contrary, this Order shall be subject in all respects to the limitations, parameters and conditions set forth in the *Agreed Order Directing The Appointment Of An Official Committee Of Equity Security Holders* [Docket No. 642].

7. To the extent the Application, the Meyer Declaration, the Wall Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

8. Notwithstanding anything to the contrary in the Application, the Engagement Letter, the Meyer Declaration, or the Wall Declaration, V&E shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

9. V&E shall not charge a markup with respect to fees billed by contract attorneys who are hired by V&E to provide services to the Official Equity Committee and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10. The Official Equity Committee and V&E are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules and Complex Case Procedures are satisfied by the contents of the Application.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  May 24, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**