United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC., *et al.*,[1] | ) | Case No. 22-90341 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Dkt. No. 825 |

## ORDER AUTHORIZING RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS EFFECTIVE AS OF APRIL 8, 2023

Upon the application (the "Application") of the Official Committee of Equity Security Holders (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order under Bankruptcy Code section 1103 authorizing the Committee to retain FTI Consulting, Inc. ("FTI"), as financial advisors; and upon the Scruton Declaration[2] in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that FTI is "disinterested," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interest of the Committee and the Debtors' estates, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

 1. In accordance with Bankruptcy Code sections 328, 330, and 1103, Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6073); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used in this order not otherwise defined have the meaning given to them in the Application.

Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Committee is authorized to employ and retain FTI as its financial advisor effective as of April 8, 2023 on the terms set forth in the Application, except as limited or modified by this Order.

2.  FTI shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of out-of-pocket expenses incurred in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable procedures and orders of this Court. For billing purposes, FTI shall keep its time in one tenth (1/10) hour increments.

3.  In the event that, during the pendency of these chapter 11 cases, FTI seeks compensation and reimbursement of actual and necessary expenses, including for any attorneys' fees and expenses, the invoice and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in FTI's fee application and such invoices and time records shall be in compliance with the Bankruptcy Local Rules and subject to approval of the Court under the standards of Bankruptcy Code 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 1103; *provided, however*, that FTI shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of FTI's fee applications in these chapter 11 cases.

4.  The following indemnification provisions are approved:

    a.  subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

    b.  the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful

      misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Order; and

    c. if, before the earlier of (i) the effective date of a chapter 11 plan in these chapter 11 cases and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under this Order, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

5. FTI shall provide ten (10) business days' notice to the Debtors, the Official Committee of Unsecured Creditors in these chapter 11 cases, the U.S. Trustee, and the Committee before any increase in the hourly rates listed in the Application is implemented. The U.S. Trustee retains all rights to object to any rate increases on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, FTI shall, (a) to the extent FTI uses the services of independent or third-party contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these chapter 11 cases, FTI shall pass-through the fees and costs of such Contractors to the Debtors at the same rate that FTI pays the Contractors, (b) seek reimbursement for actual costs only, (c) ensure that the Contractors are subject to the same conflict checks as required for FTI, and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

7. FTI will review its files periodically during the pendency of these chapter 11 cases

to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, FTI will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. FTI shall use its reasonable efforts, and coordinate with the Committee and their other retained professionals, to avoid any duplication of services provided by any of the Committee's other retained professionals.

9. If there is any inconsistency between the terms of the Application, the Scruton Declaration, and this Order, this Order shall govern.

10. Notwithstanding anything contained herein to the contrary, this Order shall be subject in all respects to the limitations, parameters and conditions set forth in the *Agreed Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 642].

11. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

**Signed: May 24, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**