IN THE UNITED STATES BANKRUPTCY COURT
IN THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In Re:** § | Case No. 22-90341 (DRJ) | |
| § | | |
| **CORE SCIENTIFIC, INC, et al.,** § | Chapter 11 | |
| § | | |
| **DEBTORS[1]** § | (Jointly Administered) | |

**LV.NET LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**A HEARING IS SET ON THIS MATTER ON JUNE 28, 2023 AT 2:30 PM IN COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES LV.Net LLC (hereinafter "Movant" or "LV"), and files this its Motion for Relief from Automatic Stay and in support thereof would respectfully show the Court the following:

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**I.**
**Summary of Motion**

Prior to the Bankruptcy Petition Date, Debtor Core Scientific, Inc. ("Debtor") and LV.Net LLC were involved in litigation pending in the State Court in Nevada. Prior to the Bankruptcy Petition Date, the Debtor and LV entered into a Settlement Agreement whereby funds deposited into the registry of the State Court would be released to LV and would fully resolve the State Court Litigation. As part of the Settlement Agreement, the parties executed a Stipulation to permit the State Court to order the release of the Registry Funds to LV. However, prior to LV obtaining release of those Registry Funds, the Debtor filed its voluntary petition for bankruptcy. LV seeks relief from the automatic stay for LV to obtain release of the Registry Funds pursuant to the parties' Settlement Agreement and Stipulation.

**II.**
**Jurisdiction**

1. This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G).

**III.**
**BACKGROUND FACTS**

2. On August 24, 2018, litigation was commenced between LV and the Debtor in Case No. A-18-779957-C ("State Court Litigation") filed in the Eighth Judicial District Court of Clark County, Nevada ("State Court").

3. On or about December 6, 2022, LV and the Debtor settled the State Court Litigation, entering into a Settlement Agreement ("Settlement Agreement").

4. Pursuant to the Settlement Agreement, LV and the Debtor (1) agreed that LV's insurance carrier would deposit the $400,000 insurance proceeds into the registry of the State Court ("Registry Funds") and (2) stipulated to the release of the Registry Funds wholly to LV. A copy of the Stipulation filed with the State Court is attached as Exhibit A and emails approving the filing of same is attached as Exhibit B.

5. After the Settlement Agreement was signed and upon order of the State Court, LV's insurance carrier deposited the Registry Funds into the State Court Registry, where the Registry Funds currently remain.

6. On December 21, 2022 ("Bankruptcy Petition Date") the Debtor initiated the current Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court Southern District of Texas.

## IV.
### ARGUMENT AND AUTHORITIES

7. Section 362(d) of the Bankruptcy Code provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

(2) with respect to a stay of an act against property under subsection (a) of this section, if—
    (A) the debtor does not have an equity in such property; and
    (B) such property is not necessary to an effective reorganization . . . .

8. The Bankruptcy Code does not define "cause," and as the Fifth Circuit Court of Appeals has noted, "this lack of definition affords 'flexibility to the bankruptcy courts.'" *Bonneville Power Admin. v. Mirant Corp.* (*In re Mirant Corp.*), 440 F.3d 238, 253 (5th Cir. 2006) (quoting *Little Creek Dev. Co. v. Commonwealth Mortgage Corp.* (*In re Little Creek Dev. Co.*), 779 F.2d

1068, 1079 (5th Cir. 1986)). The party seeking relief from the automatic stay need only establish a factually and legally sufficient basis for relief to shift the burden onto the debtor to demonstrate that it is entitled to have the stay continue. *See* 11 U.S.C. § 362(g); *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.* (*In re Timbers of Inwood Forest Assocs., Ltd.*), 793 F.2d 1380, 1388 (5th Cir. 1986).

9. "Allowing a matter to proceed in another forum may constitute cause." *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). Some factors commonly considered by Bankruptcy Courts include "whether the bankruptcy case was filed . . . on the eve of trial, whether there is a lack of connection with or interference with the bankruptcy case (e.g., a child custody action), whether prejudice to the bankruptcy estate results and whether the unsecured creditor seeking relief intends to recover from non-estate property." *In re Fowler,* 259 B.R. 856, 858 (Bankr. E.D. Tex. 2001). In the past, courts in this District have considered: whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a non-debtor of continuation of the stay outweighs any hardship to the debtor, and whether the creditor has a probability of prevailing on the merits of the case. *See In re Samshi Homes, LLC,* 2011 Bankr. LEXIS 3414, p. 3 (Bankr. S.D. Tex. September 6, 2011).

10. Additionally, the "decision to lift the stay may be upheld on judicial economy grounds alone." *In re Xenon Anesthesia of Texas*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014). In fact, a chief consideration applied by courts in the Fifth Circuit in determining whether a motion to lift the automatic stay should be granted to permit pending litigation to proceed in another forum is whether lifting the stay would promote "the interests of judicial economy and the expeditious and economical resolution of litigation." *Id*.

11. The State Court Litigation had proceeded almost to full resolution, resulting in the execution of the Settlement Agreement and corresponding Stipulation regarding the release of the Registry Funds. The Debtor has no interest in the Registry Funds, as it disclaimed any and all interest in such funds pursuant to the Settlement Agreement and corresponding Stipulation. Therefore, the is a cause for relief from the stay under section 362(d)(2) of the Bankruptcy Code for LV to obtain release of the Registry Funds from the State Court.

12. Further, there is cause under section 362(d)(1) of the Bankruptcy Code to grant relief from the stay for the State Court Litigation to be concluded and the settlement consummated. Lifting the stay results in no prejudice to the bankruptcy estate as the State Court Litigation has already been settled. Additionally, LV seeks relief from the stay to recover from non-estate property, the Registry Funds. Further judicial economy will be had by the lifting of the stay. As noted above, the State Court Litigation has proceeded to settlement and lifting the stay will permit the State Court to complete the pending litigation, order release of the Registry Funds, and close out the State Court Litigation. After applying the factors listed above, there is cause under Section 362(d)(1) of the Bankruptcy Code for granting relief from the automatic stay to allow LV to obtain orders from the State Court to release the Registry Funds to LV and close the State Court Litigation.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant requests that this matter be set for hearing, and that the Court enter an Order granting Movant relief from the Automatic Stay to permit Movant to obtain release of the Registry Funds and close the State Court Litigation, and grant to Movant such other and further relief to which it may be justly entitled.

        Respectfully Submitted,

        HENDERSHOT COWART, P.C.

        */s/ Carolyn Carollo*
        Carolyn Carollo
        State Bar No.: 2408337
        ccarollo@hchlawyers.com
        Simon W. Hendershot, III
        State Bar. No.: 09417200
        trey@hchlawyers.com
        1800 Bering Drive, Suite 600
        Houston, Texas 77057
        Tel.: (713) 783-3110
        Fax: (713) 783-2809

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 4001-1(a)(1), I hereby certify that I conferred by Email with Debtors' counsel the Debtors do not oppose the requested relief

        /s/ Carolyn Carollo
        Carolyn Carollo

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2023, a true and correct copy of the foregoing Motion for Relief from Stay was served by ECF upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtors and all parties requesting notice and sent via first class mail to the below:

| **Core Scientific, Inc.**<br>2407 S. Congress Avenue, Suite E-101<br>Austin, TX 78704<br><br>*Debtor* | **Alfredo R. Pérez**<br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Suite 1700<br>Houston, TX 77002<br><br>*Attorney   for   Debtor* |

| | |
|---|---|
| **Jason S. Brookner** <br> **Lydia R. Webb** <br> Gray Reed & McGraw LLP <br> 1601 Elm Street, Suite 4600 <br> Dallas, TX 75201 <br><br> **Jennifer Jaye Hardy** <br> Willkie Farr Gallagher LLP <br> 600 Travis St, Suite 2310 <br> Houston, TX 77002 <br><br> *Official Committee of Unsecured Creditors* | **United States Trustee** <br> Office of the US Trustee <br> 515 Rusk Ave., Suite 3516 <br> Houston, Texas 77002 |

*/s/ Carolyn Carollo*_____
 Carolyn Carollo