IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

## DECLARATION OF RUSSELL CANN IN SUPPORT OF DEBTORS' MOTION FOR SUMMARY JUDGMENT

I, Russell Cann, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am Head of Mining and Executive Vice President, Client Services, of Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**" or the "**Debtors**"). I have served in this capacity, or similar, since February 2018. Prior to joining the Company, I grew and developed a blockchain and cryptocurrency mining business. I previously worked for Accenture in the areas of financial technology and risk management. I graduated cum laude from the South Carolina Honors College and the Moore School of Business.

2. I submit this Declaration in support of Debtors' Motion for Summary Judgment with Respect to Proofs of Claim Nos. 358 and 359 filed by Sphere 3D Corp. ("Sphere").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

I am familiar with the agreements that Core entered into with Gryphon Digital Mining, Inc. ("Gryphon") and the relationship between the parties before and after the Debtors' chapter 11 filings on December 21, 2022 (the "Petition Date"). The facts set forth in this declaration are based on my personal knowledge and experience, and my review of relevant documents and Core's books and records that are created, maintained and used in the ordinary course of Core's business.

## I. Core's Business Records

3. The documents attached hereto are records that have been kept by the Debtors in the regular course of their business.

4. **Exhibit A** hereto is the Master Services Agreement between Core and Gryphon, dated September 12, 2021 (the "**MSA**"), and Order No. 1 entered into pursuant to the MSA. These documents govern the business relationship between Core and Gryphon, and provide the terms for Core's provision of hosting services for Gryphon's miners. **Exhibit A** is a true and correct copy of records that the Debtors retain and rely upon in operating Core in the ordinary course of business.

5. **Exhibit B** hereto is Order No. 2 entered into pursuant to the MSA between Core and Gryphon, dated October 5, 2021. **Exhibit B** is a true and correct copy of records the Debtors retain and rely upon in operating Core in the ordinary course of business.

6. **Exhibit C** hereto is Invoice 42924, dated May 12, 2023, in the amount of $84,658.94 for hosting services Core provided to Gryphon. This was the last invoice Core sent to Gryphon. **Exhibit C** is a true and correct copy of records the Debtors retain and rely upon in operating Core in the ordinary course of business.

II. **No Satisfaction of Core's Requirements**

7. At no time has Core entered into any agreements with Sphere for the hosting of miners or otherwise.

8. Order #2 amended Section 8.d. of the MSA to permit Gryphon to assign its rights under the Agreements to Sphere without Core's written consent, but only if Sphere satisfies Core's requirements prior to any assignment of Gryphon's rights. These requirements would have included, among other things: creditworthiness, Foreign Corrupt Practices Act considerations; Know Your Customer considerations (*e.g.*, business with Chinese entities/Chinese government); form of assignment (*e.g.*, how and which rights and obligations were transferred, allocated or retained); whether any such assignment would implicate securities laws or constitute an investment contract; and whether any assignment would impact Core's own rights and obligations under the Gryphon Hosting Agreements.

9. To date, Sphere has not satisfied Core's requirements in connection with any assignment to Sphere of Gryphon's rights or obligations under the Agreements.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 9, 2023
Austin, Texas

By: */s/ Russell Cann*
    Russell Cann

3