United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*,[1] | ) Case No. 22-90341 (DRJ) |
| Debtors. | ) (Jointly Administered) |

### JOINT STIPULATION AND AGREED ORDER APPOINTING A MEDIATOR AND GOVERNING MEDIATION PROCEDURES

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), Celsius Mining LLC[2] ("Celsius"), and the official committee of unsecured creditors in the Celsius Chapter 11 Cases (the "Celsius Committee," and together with the Debtors and Celsius, the "Parties" and each a "Party") have agreed to mediation (the "Mediation") as set forth below and hereby enter into this stipulation and agreed order (this "Stipulation") and agree as follows:

### RECITALS

WHEREAS, on July 13, 2022, Celsius and its debtor affiliates commenced the Celsius Chapter 11 Cases;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Celsius is a debtor in possession in its own chapter 11 case pending in the United States Bankruptcy Court for the Southern District of New York, being jointly administered under Case No. 22-10964 (MG) (collectively, the "Celsius Chapter 11 Cases").

WHEREAS, on September 28, 2022, Celsius filed the *Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt, In re Celsius Network LLC*, No. 22-10964 (MG) [Celsius Docket No. 917] (the "Contempt Motion");

WHEREAS, on October 19, 2022, the Debtors filed *Core Scientific, Inc.'s Objection to Debtors' Motion to Enforce the Automatic Stay and for Civil Contempt* [Celsius Docket No. 1140] (the "Contempt Motion Objection"), and the *Motion of Core Scientific, Inc. (I) to Compel Immediate Payment of Administrative Expenses and (II)(A) for Relief from Automatic Stay to Exercise Rights Under Master Services Agreement and Related Orders or (B) in the Alternative, to Compel Assumption or Rejection of Master Services Agreement and Related Orders, In re Celsius Network LLC*, No. 22-10964 (MG) [Celsius Docket No. 1144] (the "Core Administrative Claim Motion");

WHEREAS, certain materials related to the disputes between Celsius and the Debtors in the Celsius Chapter 11 Cases are subject to the *Confidentiality Agreement and Stipulated Protective Order, In re Celsius Network LLC*, No. 22-10964 (MG) [Celsius Docket No. 790] (the "Stipulated Protective Order") and the *Addendum to Confidentiality Agreement and Stipulated Protective Order In re Celsius Network LLC*, No. 22-10964 (MG) [Celsius Docket No. 1088] (the "Addendum" and together with the Stipulated Protective Order, the "Celsius Protective Orders");

WHEREAS, on December 21, 2022, the Debtors commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, on December 28, 2022, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order Authorizing Rejection of Executory Contracts With Celsius Mining LLC* [Core Docket No. 189] (the "Rejection Motion"), on January 2, 2023, Celsius filed the *Celsius Mining*

2

*LLC's Preliminary Objection to the Debtors' Emergency Motion for Entry of an Order Authorizing Rejection of Executory Contracts with Celsius Mining LLC* [Core Docket No. 211] (the "Rejection Objection"), and on January 4, 2023, the Court entered the *Order Authorizing Rejection of Executory Contracts with Celsius Mining, LLC* [Core Docket No. 232] (the "Rejection Order");

WHEREAS, on January 3, 2023, the Debtors filed an initial proof of claim in the Celsius Chapter 11 Cases, and on February 9, 2023, the Debtors filed an amended proof of claim (the "Core Proof of Claim"), which amended and superseded their prior proof of claim in all respects;

WHEREAS, on February 10, 2023, this Court entered the Stipulated Protective Order by and among (a) the Debtors; (b) the Official Committee of Unsecured Creditors (the "Core Committee"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A thereto [Core Docket No. 516] (the "Core Protective Order" and together with the Celsius Protective Orders, the "Protective Orders");

WHEREAS, on April 14, 2023, Celsius filed proofs of claim against the Debtors (the "Celsius Proofs of Claim") and filed the *Celsius Mining LLC's Motion for Entry of an Order (I) Allowing and Directing Payment of its Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) and (II) Granting Related Relief* [Core Docket No. 799] (the "Celsius Administrative Claim Motion"), which was scheduled to be heard before this Court on May 22, 2023, at 1:30 p.m. (prevailing Central Time);

WHEREAS, on April 24, 2023, the Debtors filed the *Debtors' Objection to Proof of Claim Nos. 425 and 497 Filed by Celsius Mining LLC* [Core Docket No. 819] (the "Proof of Claim Objection");

WHEREAS, on May 5, 2023, the Debtors filed the *Debtors' Objection to Celsius Mining LLC's Motion for Entry of an Order (I) Allowing and Directing Payment of Its Administrative*

3

*Expense Claim Pursuant to 11 U.S.C. 503(B)(1)(A) and (II) Granting Related Relief* [Core Docket No. 861] (the "Administrative Claim Motion Objection");

WHEREAS, on May 19, 2023, the Debtors filed the *Notice of Adjournment of (I) Celsius Mining LLC's Administrative Motion for May 22, 2023 Hearing and (II) Celsius Mining LLC's Deadline to Reply to Debtors' Proof of Claim Objections* [Core Docket No. 907];

WHEREAS, on May 30, 2023, the Debtors filed the *Debtors' Motion for Partial Summary Judgment With Respect To Proof of Claim Nos. 425 and 497 filed by Celsius Mining LLC* [Core Docket No. 942] (the "Summary Judgment Motion");

WHEREAS the Parties have agreed that Celsius's opposition to the Summary Judgment Motion is due on June 21, 2023 (the "Summary Judgment Opposition"), and the Debtors' reply in support of the Summary Judgment Motion (the "Summary Judgment Reply," and together with the Summary Judgment Motion and the Summary Judgment Opposition, the "Summary Judgment Briefing") is due on June 30, 2023;

WHEREAS, the Parties desire to attempt to negotiate a consensual resolution of certain issues and disputes underlying the Contempt Motion, the Contempt Motion Objection, the Core Administrative Claim Motion, the Rejection Motion, the Core Proof of Claim, the Celsius Proofs of Claim, the Celsius Administrative Claim Motion, the Proof of Claim Objection, the Administrative Claim Motion Objection and the Summary Judgment Briefing (collectively, the "Mediation Topics") in the hopes of reaching a consensual resolution; and

WHEREAS, the Parties believe that mediation may assist in such efforts.

## ORDER

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this order (this "Order"), the Court hereby orders as follows:

1.      The Honorable Marvin Isgur, United States Bankruptcy Judge for the Southern District of Texas, is to serve as mediator (the "Mediator" or "Judge Isgur") in these chapter 11 cases.  At all times in the performance of his duties as the Mediator, Judge Isgur will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

2.      The Mediator is authorized to mediate any issues and disputes concerning the Mediation Topics.  The scope and procedures for the Mediation will be determined by the Mediator, following consultation with the Parties as he deems appropriate, and may include some or all of the Mediation Topics.

3.      The Mediation is subject to the Procedures for Complex Cases in the Southern District of Texas (Effective January 1, 2023).

4.      Effects of Mediation on Pending Matters.  The hearing to consider the Celsius Administrative Claim Motion previously scheduled for May 22, 2023, at 1:30 p.m. (prevailing Central Time) has been adjourned to a future date to be determined while the Parties participate in the Mediation.  The deadline to respond to the Proof of Claim Objection is stayed pending the outcome of the Mediation.  The Mediation shall not impact the scheduling of the Summary Judgment Briefing.  The parties have agreed that with respect to the Summary Judgment Briefing, Celsius's opposition shall be filed on June 21, 2023 and Core's reply shall be filed on June 30, 2023.

5.      Time and Place of Mediation.  The Mediation will commence on July 11, 2023 at 1:30 pm **(Prevailing Central Time)**, and will take place in Houston, Texas at a location to be determined by the Mediator.  At least one representative with settlement authority for each Party shall attend the Mediation.

6. <u>Submission Materials</u>.  Each Party may directly submit to the Mediator any materials (the "<u>Submission</u>") in form and content as the Mediator directs.  Prior to the Mediation, the Mediator may confer with the Parties to determine what materials would be helpful.  The Submission must not be filed with the Court.

7. <u>Protection of Information Disclosed at Mediation</u>.  The Mediator, the Parties, and their advisors are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the Parties in the course of the Mediation.  The terms of the Protective Orders shall control the exchange and treatment of Confidential Material and Highly Confidential Material (both as defined in the Protective Orders).  For the purposes of the Mediation, to the extent there is a conflict between the Celsius Protective Orders and the Core Protective Order, the Core Protective Order shall govern and as may be necessary, the Celsius Committee will be deemed subject to the Core Protective Order, solely for purposes of the Mediation.  No person may rely on or introduce as evidence in any arbitration, judicial, or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to:  (a) views expressed or suggestions made by a Party with respect to a possible settlement of the dispute; (b) the fact that another Party had or had not indicated willingness to accept a proposal for settlement made by the Mediator; (c) proposals made or views expressed by the Mediator; (d) oral or written statements or admissions made by a Party in the course of the Mediation; and (e) documents prepared for the purpose of, in the course of, or pursuant to the Mediation, including but not limited to the Submissions.  Without limiting the foregoing, the Parties are bound by (x) rule 408 of the Federal Rules of Evidence, and (y) any applicable federal or state statute, rule, common law, or judicial precedent relating to the privileged nature of settlement discussions, mediations, or other alternative dispute resolution procedures.  All statements and Submissions made during the course

of the Mediation are privileged settlement discussions, and are made without prejudice to any Party's legal position, and are inadmissible for any purpose in any legal proceeding. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in the Mediation.

8. <u>Discovery from Mediator</u>. The Mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications, or other documents received or made by the Mediator while serving in such capacity. The Mediator may not testify or be compelled to testify regarding the Mediation in connection with any arbitration, judicial, or other proceeding. The Mediator will not be a necessary Party in any proceedings relating to the Mediation. Nothing contained in this paragraph prevents the Mediator from reporting (a) the status, but not the substance, of the mediation effort to the Court or (b) whether a Party failed to participate in good faith in the Mediation.

9. <u>Protection of Proprietary Information</u>. The Parties, the Mediator, and all participants in the Mediation shall protect proprietary information.

10. <u>Preservation of Privileges</u>. The disclosure by a Party of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of such information.

11. <u>Service of Process</u>. No Party may be served with a summons, subpoena, notice, or other pleading during the Mediation or at the location where the Mediation is occurring.

12. The results of the Mediation are non-binding upon the Parties.

13. The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

14. Notwithstanding rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. Each of the Parties to the Stipulation represents and warrants that it is duly authorized to enter into and be bound by this Order.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: June 21, 2023.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO THIS 16th DAY OF JUNE, 2023:**

/s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
767 Fifth Avenue New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
Ronit.Berkovich@weil.com
Theodore.Tsekerides@weil.com

*Counsel for Debtors and Debtors in Possession*

*Counsel for Debtors and Debtors in Possession*

/s/ Matthew D. Cavenaugh
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Victoria Argeroplos (TX Bar No. 24105799)
Emily Flynn Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
mcavenaugh@jw.com
vargeroplos@jw.com
emeraia@jw.com

*Counsel to Celsius Mining LLC*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Joshua A. Sussberg, P.C.
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: joshua.sussberg@kirkland.com

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
ross.kwasteniet@kirkland.com
chris.koenig@kirkland.com
dan.latona@kirkland.com

*Counsel to Celsius Mining LLC*

United States Bankruptcy Court
Southern District of Texas

In re: Case No. 22-90341-drj
Core Scientific, Inc. Chapter 11
Official Committee of Unsecured Creditor
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4      User: ADIuser      Page 1 of 3
Date Rcvd: Jun 21, 2023      Form ID: pdf002      Total Noticed: 40

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 23, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | American Property Acquisition, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions I, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions VII, LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Core Scientific Acquired Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Operating Company, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Specialty Mining (Oklahoma) LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | RADAR LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Radar Relay, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Starboard Capital LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| intp | + | Board of Directors of Core Scientific, Inc., c/o Peter C. Lewis, Scheef & Stone, L.L.P., 500 North Akard Street, Suite 2700, Dallas, TX 75201-3306 |
| intp | + | Condair Inc., c/o John S. Collins, Vorys, Sater, Seymour and Pease LLP, 909 Fannin, Suite 2700, Houston, TX 77010-1009 |
| cr | + | Dalton Utilities, Howley Law PLLC, 711 Louisiana Street, Ste. 1850, Houston, TX 77002-2790 |
| cr | + | GEM Mining 1, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 2B, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 3, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | GEM Mining 4, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | Indigo Direct Lending, LLC, c/o Ross, Smith & Binford, PC, Attn: Frances A. Smith, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| cr | + | J.W. Didado Electric, LLC, c/o Leonard I. Pataki, Quanta Services, 4500 S. Garnett Road, Suite 100, Tulsa, OK 74146-5221 |
| cr | + | LV.NET, LLC, 1221 S. Casino Center Blvd., Las Vegas, NV 89104, UNITED STATES 89104-1015 |
| cr | + | Maddox Industrial Transformer, LLC, c/o Mary M. Caskey, Esq., Haynsworth Sinkler Boyd, PA, PO Box 11889, Columbia, SC 29211-1889 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | North Mill Equipment Finance LLC, c/o Padfield & Stout, LLP, Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, TX 76102-3792 |
| cr | + | Pescadero Capital, LLC, Building LAW/JB, 700 Universe Blvd, Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Quinn Emanuel Urquhart & Sullivan, LLP, c/o Asher Griffin, 300 W 6th Street, Suite 2010, Austin, TX 78701 UNITED STATES 78701-3901 |
| cr | + | Tanmar Rentals, LLC, c/o Wells & Cuellar, P.C., 440 Louisiana Suite 718, Houston, TX 77002, UNITED STATES 77002-1058 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| intp | + | U.S. Bank National Association, as Prepetition Not, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |
| cr | + | c/o James Bailey Esq Gaylor Electric, Inc., d/b/a, Bradley Arant Boult Cummings LLP, One Federal Place, 1819 5th Ave. N, Birmingham, AL 35203-2119 |

TOTAL: 31

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: ahochheiser@mauricewutscher.com | | |
| | | | Jun 21 2023 20:18:00 | AmTrust North America, Inc. on behalf of Associate, c/o Maurice Wutscher LLP, 23611 |

| District/off: 0541-4 | User: ADIuser | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jun 21, 2023 | Form ID: pdf002 | Total Noticed: 40 |

| | | | | |
|---|---|---|---|---|
| | | | | Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| cr | + | Email/Text: beanland@mssattorneys.com | Jun 21 2023 20:18:00 | BEAM Concrete Construction, Inc., c/o Misti L. Beanland, 8131 LBJ Freeway, Suite 700, Dallas, TX 75251-1352 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Jun 21 2023 20:19:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328 |
| cr | ^ | MEBN | Jun 21 2023 20:18:43 | GEM Mining 1, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ | MEBN | Jun 21 2023 20:18:43 | GEM Mining 2, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ | MEBN | Jun 21 2023 20:18:46 | GEM Mining 2B, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ | MEBN | Jun 21 2023 20:18:42 | GEM Mining 3, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ | MEBN | Jun 21 2023 20:18:42 | GEM Mining 4, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + | Email/Text: rmcdowell@slgcollect.com | Jun 21 2023 20:18:00 | Meridian Equipment Finance, LLC, c/o Saldutti Law Group, 1040 Kings Highway N., Suite 100, Cherry Hill, NJ 08034-1925 |
| cr | | Email/Text: shirley.palumbo@nexteraenergy.com | Jun 21 2023 20:18:00 | NextEra Energy Resources, LAW/JB, 700 Universe Blvd., Juno Beach, FL 33408, UNITED STATES |
| cr | + | Email/Text: schristianson@buchalter.com | Jun 21 2023 20:18:00 | Oracle America, Inc., Buchalter PC, c/o Shawn M. Christianson, 425 Market St., Suite 2900, San Francisco, Ca 94105-2491 |
| cr | + | Email/Text: neil.orleans@judithwross.com | Jun 21 2023 20:18:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |
| cr | ^ | MEBN | Jun 21 2023 20:18:20 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher S. Murphy, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | + | Email/Text: BKECF@traviscountytx.gov | Jun 21 2023 20:18:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 14

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 36th Street Capital Partners, LLC |
| cr | | ABLe Communications, Inc. |
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Anchorage Lending CA, LLC |
| intp | | B. Riley Commercial Capital, LLC |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi Lending LLC |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |

| District/off: 0541-4 | User: ADIuser | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Jun 21, 2023 | Form ID: pdf002 | Total Noticed: 40 |

| | | |
|---|---|---|
| cr | Brown Corporation Brown Corporation, 311 Pointe North Place #4, Dalton, UNITED STATES | |
| cr | Bryce Johnson | |
| cr | CEC Energy Services LLC | |
| cr | Celsius Mining, LLC | |
| cr | Charles Basil | |
| cr | City of Denton | |
| cr | Coonrod Electric Co. LLC | |
| intp | Foundry Digital LLC | |
| cr | General Casualty Company of Wisconsin | |
| intp | Harper Construction Company, Inc. | |
| cr | Huband-Mantor Construction, Inc. | |
| cr | Humphrey & Associates, Inc. | |
| cr | MK Marlow Company, LLC | |
| cr | MP2 Energy Texas LLC d/b/a Shell Energy Solutions | |
| cr | Marnoy Interests, Ltd. d/b/a Office Pavilion | |
| cr | MassMutual Asset Finance, LLC | |
| cr | Mitch Edwards | |
| cr | NYDIG ABL LLC | |
| intp | Official Committee of Equity Security Holders | |
| crcm | Official Committee of Unsecured Creditors | |
| cr | Prime Alliance Bank, Inc. | |
| cr | Priority Power Management, LLC | |
| intp | SRPF A QR Riversouth LLC | |
| cr | Sphere 3D Corp. | |
| cr | Summit Electric Supply Company, Inc. | |
| cr | TOYOTA INDUSTRIES COMMERCIAL FINANCE INC. | |
| cr | Texas Capitalization Resource Group, Inc., 5201 Camp Bowie Blvd. Suite 200, Fort Worth | |
| intp | The Ad Hoc Equity Group | |
| intp | Trilogy LLC | |
| intp | Trinity Capital Inc. | |
| cr | Wingspire Equipment Finance, LLC | |

TOTAL: 42 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 23, 2023            Signature:        /s/Gustava Winters