United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**STIPULATION AND ORDER
GRANTING LV, NET LLC LIMITED
RELIEF FROM THE AUTOMATIC STAY**

This stipulation and order (the "**Stipulation**") is entered into by and between the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and LV.Net LLC ("**LV**," and together with the Debtors, the "**Parties**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A.  **WHEREAS**, on December 21, 2022 (the "**Petition Date**"), the Debtors commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

B.  **WHEREAS**, on August 24, 2018, litigation was commenced between Debtor Core Scientific, Inc., and LV in Case No. A-18-779957-C (the "**Nevada Action**") in the Eight

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Judicial District Court of Clark County, Nevada (the "**Nevada State Court**").  On or about December 6, 2022, LV and Debtor Core Scientific, Inc. settled the Nevada Action and entered into a settlement agreement (the "**Settlement Agreement**").  Pursuant to the Settlement Agreement, LV and the Debtor agreed that LV's insurance carrier would deposit $400,000 in insurance proceeds into the registry of the Nevada State Court (the "**Registry Funds**") and stipulated to the release of the Registry Funds to LV.  Upon signing the Settlement Agreement and the order of the Nevada State Court, LV's insurance carrier deposited the Registry Funds into the Nevada State Court registry.

C. **WHEREAS**, since the Debtors' chapter 11 filing, the Nevada Action, and ability of LV to access the Registry Funds has been stayed by operation of the automatic stay arising under section 362 of the Bankruptcy Code.

D. **WHEREAS,** LV filed its *Motion for Relief from the Automatic Stay* on June 1, 2023 in the Debtors' chapter 11 cases (Docket No. 946).

E. **WHEREAS**, the Parties have agreed, subject to the approval of the Bankruptcy Court, to modify the automatic stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

F. **WHEREAS**, the Parties have agreed, subject to the approval of the Bankruptcy Court that LV's Proof of Claim, appearing as claim number 553 on the docket shall be fully expunged and satisfied.

**IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The automatic stay shall be modified solely to the extent necessary to release the Registry Funds now located in the Nevada State Court registry to LV, and upon entry of this

Order, any claims held by LV or any of its affiliates against any of the Debtors, including the LV Proof of Claim, shall be fully and finally satisfied, released, and expunged; *provided*, that except as otherwise expressly set forth herein, all other injunctions and provisions of the automatic stay, including those provisions prohibiting the commencement or continuation of any other judicial proceeding against any of the Debtors or any non-Debtor party that was or could have been commenced before the Petition Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose before the Petition Date from the respective estates or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

2. Nothing contained herein shall be construed as a waiver by the Debtors of their rights to seek to enforce the automatic stay under section 362 of the Bankruptcy Code against any party or any available defenses at law, equity, or otherwise.

3. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of the non-Debtor affiliates regarding any claim or cause of action arising from or related to the Nevada Action or any other matter. Furthermore, nothing contained in this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim, (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (d) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

WEIL:\99194725\8\39031.0014

4. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

5. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

7. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

8. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation shall be effective and enforceable immediately upon entry by the Court.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

**Signed:  June 27, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

4

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated: June 20, 2023
Houston, Texas

*/s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
        Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted pro hac vice)
Ronit J. Berkovich (admitted pro hac vice)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com

*Attorneys for Debtors and Debtors-in-Possession*

*/s/ Carolyn Carollo*
HENDERSHOT COWART, P.C.
Carolyn Carollo (2408337)
Simon W. Hendershot, III (09417200)
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
Email: ccarollo@hchlawyers.com
        trey@hchlawyers.com
*Attorneys for LV.Net*