IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § | |

**MOTION OF DEBTORS
FOR ENTRY OF AN ORDER (I) APPROVING ASSUMPTION
OF (A) UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASES AND (B) AN
EXECUTORY CONTRACT, AS AMENDED AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Preliminary Statement**

1. In the ordinary course of business, the Debtors are lessees under certain unexpired nonresidential real property leases, including certain ground leases of land on which the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Debtors have developed their operating facilities and leases of office space (collectively, the "**Unexpired Leases**"). Such Unexpired Leases include the seven (7) Unexpired Leases set forth on **Exhibit 1** attached to the Proposed Order (the "**Schedule of Leases**").[2]

2.  Moreover, following arms' length negotiations, the Debtors reached agreement with the City of Denton regarding amendments to (i) the Denton Lease (as defined below) to, among other things, provide that, notwithstanding any provision of the Denton Lease to the contrary, certain liens that have been filed against and encumber the real property leased by the Debtors pursuant to the Denton Lease shall not cause the Debtors to be in default of the Denton Lease and (ii) the Denton PPA (as defined below), which is integral to the Denton Facility (as defined below) and includes cross-default provisions with the Denton Lease, each as further described below.

3.  The Debtors believe that, in the exercise of their business judgment, assumption of the Unexpired Leases, including the Denton Lease, as amended by the Denton Lease Amendment (as defined below), and the Denton PPA, as amended by the Denton PPA Amendment (as defined below) (collectively, the "**Assumed Leases and Contract**"), is in the best interest of their estates and will minimize (i) potential disruption to their operations and (ii) any rejection damages claims against the Debtors' estates.

4.  For the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order (as defined below), with assumption of the Assumed Leases and Contract being deemed effective on or before the July 19, 2023 deadline to assume unexpired non-residential real property leases. Accordingly, to the extent the Proposed Order is entered after July

---

[2] **Exhibit 1** to the Proposed Order represents the Debtors' best efforts to identify all Unexpired Leases relevant to the relief sought in this motion. To the extent any Unexpired Leases are not included in **Exhibit 1** to the Proposed Order, such Unexpired Leases shall be assumed.

19, 2023, the Debtors request that assumption of such Unexpired Leases be deemed effective as of July 19, 2023.

### Relief Requested

5. By this Motion, pursuant to sections 365(a), 365(d)(4), and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an order (i) approving the Debtors' assumption of all Unexpired Leases, including the Unexpired Leases set forth on the Schedule of Leases, in each case with assumption of the Unexpired Leases being deemed effective as of the 365(d)(4) Deadline (as defined below), (ii) authorizing the Debtors to (a) enter into the Denton Lease Amendment and the Denton PPA Amendment and (b) assume the Denton Lease, as amended by the Denton Lease Amendment, and the Denton PPA, as amended by the Denton PPA Amendment, and (iii) granting related relief.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Jurisdiction and Venue

7. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

8. On December 21, 2022, the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas.

10. On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. On March 23, 2023, the U.S. Trustee appointed an official committee of equity security holders. No trustee or examiner has been appointed in these chapter 11 cases.

11. As extended by the *Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 898), the deadline for the Debtors to assume the Unexpired Leases is July 19, 2023 (the "**365(d)(4) Deadline**").

12. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on December 21, 2022 (Docket No. 5) (the "**First Day Declaration**").

### Description of the Unexpired Leases

13. The Unexpired Leases are predominantly (i) ground leases of the land on which certain of the Debtors have developed and operate the Debtors' bitcoin mining facilities and (ii) other properties used by the Debtors in the ordinary course of business as offices and for other corporate operations. The Unexpired Leases are essential to the continued operation of the Debtors' business. To capture the value of the Unexpired Leases while minimizing any potential disruption to lessors that are parties thereto, the Debtors seek to have assumption of the Unexpired Leases be deemed effective as of the 365(d)(4) Deadline.

14. The Debtors have satisfied, and will continue to satisfy, their obligations under the Unexpired Leases in the ordinary course of business. In addition, the Debtors intend to promptly cure all monetary and nonmonetary defaults of the Unexpired Leases in the amounts, if any, set forth on **Exhibit 1** to the Proposed Order (the "**Cure Amounts**").

15. Other than the Denton Lease, the Debtors seek authorization to assume the Unexpired Leases on the original execution terms and pay the applicable Cure Amounts, if any, in full, promptly following entry of the Proposed Order.

### The Denton Lease and Denton PPA Amendments

16. Debtor Core Scientific Operating Company and the City of Denton are parties to (i) that certain Lease Agreement, dated as of September 3, 2021 (the "**Denton Lease**") by and between the City of Denton and Core Scientific Operating Company (formerly known as Core Scientific, Inc.), pursuant to which Core Scientific Operating Company leases certain land from the City of Denton on which the Debtors have developed and operate a bitcoin mining facility (the "**Denton Facility**") and (ii) that certain Power Purchase Agreement, dated as of September 3, 2021 (as the same has been previously amended, the "**Denton PPA**"), by and between the City of Denton and Core Scientific Operating Company (formerly known as Core Scientific, Inc.), pursuant to which the Debtors purchase power from the City of Denton to energize the Denton Facility. The Denton Lease provides that certain defaults under the Denton PPA are also defaults under the Denton Lease.

17. The Debtors and the City of Denton have agreed to enter into an amendment of the Denton Lease (the "**Denton Lease Amendment**") and an amendment of the Denton PPA (the "**Denton PPA Amendment**"). Among other things, (i) the Denton Lease Amendment extends the initial term of the Denton Lease by seven (7) years and provides that, notwithstanding any provision of the Denton Lease to the contrary, certain liens that have been filed against and

encumber the real property leased pursuant to the Denton Lease shall not cause the Debtors to be in default of the Denton Lease (a) prior to the date (such date, the "**Confirmation Date**") on which a plan of reorganization is filed by the Debtors and confirmed by entry of an order of this court (the "**Confirmed Plan**") and (b) from and after the Confirmation Date, for so long as the Debtors are not in material monetary default of the Debtors' repayment obligations to the holders of such liens pursuant to the Confirmed Plan and (ii) the Denton PPA Amendment extends the initial term of the Denton PPA by seven (7) years and modifies certain fees payable by Core Scientific Operating Company under the Denton PPA.

18. The Debtors and the City of Denton will enter into the Denton Lease Amendment and the Denton PPA Amendment following entry of the Proposed Order and the Debtors' payment of the Cure Amount owed to the City of Denton as identified on the Schedule of Leases, and thereafter the assumption of the Denton Lease, as amended by the Denton Lease Amendment, and the Denton PPA, as amended by the Denton PPA Amendment, will be deemed effective as of the 365(d)(4) Deadline.

## Relief Requested Should be Granted

19. The relief requested herein should be approved under section 365(a) of the Bankruptcy Code. Section 365(a) provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984) (noting that section 365(a) "by its terms includes all executory contracts except those expressly exempted"); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("Although the Code does not define 'executory contract,' generally an agreement is considered executory 'if at the time of the bankruptcy filing, the failure of either party to complete performance would constitute a material breach of the contract, thereby excusing the performance

6

of the other party.'" (quoting *In re Murexco Petorleum, Inc.*, 15 F. 3d 60, 62 (5th Cir. 1994))). This allows the debtor in possession to maximize the value of its estate by assuming executory contracts or unexpired leases that benefit the estate and by rejecting those that do not. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504–05 (5th Cir. 2000). Section 365(b)(1) of the Bankruptcy Code establishes certain conditions that must be satisfied before the assumption of an executory contract or unexpired lease:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
>   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
>
>   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>   (C) provides adequate assurance of future performance under such contract or lease.

20. Courts apply the "business judgment" standard in evaluating a debtor's decision to assume or reject executory contracts or unexpired leases. *See Matter of J.C. Penney Direct Marketing Servs., LLC*, 50 F.4th 532, 534 (5th Cir. 2022) ("A bankruptcy court reviews a debtor's decision to assume or reject an executory contract under the deferential 'business judgment' standard" and "as long as assumption of a lease appears to enhance a debtor's estate, a bankruptcy court should only withhold approval when the debtor's judgement is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code.") (citing *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019)); *see also Mirant Corp. v. Potomac Elec. Power Co. (In re Mirant Corp.)*, 378 F.3d 511, 524–25, n.5 (5th Cir. 2004) ("The rejection decision under § 365 is generally left to the business judgment of the bankruptcy

estate."); *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment."); *In re Pisces Energy, LLC*, No. 09-36591H5-11, 2009 WL 7227880, *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del. 2006) ("Under section 365 of the Bankruptcy Code, a debtor may assume an executory contract or unexpired lease if (i) outstanding defaults under the contract or lease have been cured under section 365(b)(1) of the Bankruptcy Code, and (ii) the debtor's decision to assume such executory contract or unexpired lease is supported by valid business justifications.").

21.   The "business judgment" standard requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate." (citation omitted)).  The Fifth Circuit has held that as long as assumption of a lease appears to enhance a debtor's estate, a bankruptcy court should only withhold approval when "the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Matter of J.C. Penney Direct Marketing Servs., LLC*, 50 F.4th at 534.  Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" *In re Pilgrim's Pride Corp.*, 403 B.R. at 422 (citing *Wheeling–Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling–Pittsburgh Steel Corp.)*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

22. Assumption of the Assumed Leases and Contract as of the 365(d)(4) Deadline is a sound exercise of the Debtors' business judgment. The properties underlying the Assumed Leases and Contract serve important functions as part of the Debtors' operations and are essential to the continued, uninterrupted operation of the Debtors' business. Rejection of the Assumed Leases and Contract—which are predominantly ground leases—may interrupt the Debtors' bitcoin mining operations and could severely impact the Debtors' relationships with its mining customers, who rent rack-space from the Debtors at certain of the leased locations. The cost associated with any disruption arising from rejection of the Assumed Leases and Contract would be far outweighed by the costs of assumption and continued performance thereunder. Accordingly, the Debtors believe that assuming the Assumed Leases and Contract is a sound exercise of their business judgment and is in the best interests of their estates.

23. The Debtors further believe that there is adequate assurance of future performance under the Assumed Leases and Contract in light of the Debtors' history of timely payments and timely performance of both prepetition and postpetition obligations. Moreover, the Debtors believe that they will be well-positioned to satisfy any future obligations that may arise under the Assumed Leases and Contract following assumption thereof, including after emergence. Accordingly, the Debtors believe that they have satisfied the requirements for assumption of the Assumed Leases and Contract set forth in section 365 of the Bankruptcy Code.

## Reservation of Rights

24. Except as expressly set forth herein or in the Proposed Order, nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law,

(iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an admission by the Debtors that any instruments constitute an Unexpired Lease or executory contract, except for the Unexpired Leases identified on **Exhibit 1**.  The Debtors reserve all rights to object to or challenge whether any instrument constitutes an Unexpired Lease or executory contract.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## Notice

25.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to local rule 9013-1(d).

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: June 28, 2023
      Houston, Texas

Respectfully submitted,

  /s/  Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Ray.Schrock@weil.com
       Ronit.Berkovich@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on June 28, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                                              /s/ Alfredo R. Pérez
                                                                                                              Alfredo R. Pérez