IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § | (Jointly Administered) |

**MOTION OF DEBTORS FOR AUTHORITY TO
(I) AMEND AND RESTATE EQUIPMENT LEASE AGREEMENTS AND
(II) ASSUME EQUIPMENT LEASE AGREEMENTS AS AMENDED AND RESTATED**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. ("**Core**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1. By this Motion, the Debtors request an order pursuant to sections 105(a) and 365 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), substantially similar to the form attached as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to (i) amend and restate, as described further herein, the Equipment Schedule Nos. 10, 11 and 12 (collectively, the "**Schedules**") into a single schedule (such schedule, as amended, the "**Amended Schedule**")[2] by and between ACM ELF ST LLC ("**ACM**"), as lessor, and Core and Core Scientific Operating Company (f/k/a Core Scientific Inc. and defined herein as "**Core OpCo**"), as lessees (Core and Core OpCo, collectively, the "**Debtor Lessees**") issued in connection with that certain Master Equipment Lease Agreement #32109, dated June 3, 2021, by and between Liberty Commercial Finance LLC ("**Liberty**") and Core OpCo (the "**Master Lease**" and together with the Schedules, Amended Schedule, and Notices of Assignment the "**ACM Lease Agreements**") and (ii) to assume the ACM Lease Agreements.[3]

    2.    In support of this Motion, the Debtors submit the declaration of Michael Bros, the Senior Vice President of Capital Markets & Acquisitions of Core, a copy of which is annexed hereto as **Exhibit B** (the "**Bros Declaration**").

## Background

    3.    Commencing on December 21, 2022 (the "**Petition Date**"), each of the Debtors filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The

---

[2] The Amended Schedule proposes to amend (i) Equipment Schedule No. 10, dated as of December 13, 2021, by and between the Debtor Lessees and Liberty, (ii) Equipment Schedule No. 11, dated as of December 17, 2021, by and between the Debtor Lessees and Liberty, and (iii) Equipment Schedule No. 12, dated as of December 17, 2021, by and between the Debtor Lessees and Liberty, consolidating them into a single Amended Schedule. Each of the Schedules was subsequently assigned by Liberty to ACM pursuant to those certain Notices and Acknowledgements of Assignment (the "**Notices of Assignment**").

[3] For the avoidance of all doubt, the Debtor Lessees only seek to assume the ACM Lease Agreements, including the specified Amended Schedule held by ACM, and not any other schedule, lease, or financing arrangement issued pursuant to the Master Lease Agreement.

Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

5. On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. On March 23, 2023, the U.S. Trustee appointed an official equity committee in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

6. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions* (Docket No. 5) (the "**First Day Declaration**").[4]

## Jurisdiction

7. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**The ACM Lease Agreements**

8. Pursuant to the ACM Lease Agreements, ACM leases 5,770 bitcoin miners (the "**ACM Miners**") to the Debtor Lessees. The Debtors' primary source of revenue is the mining of digital currency assets utilizing owned and leased bitcoin mining equipment ("**Miners**") to process transactions ("**Self-Mining**"). The amount of digital currency assets the Debtors earn through Self-Mining is directly correlated to the number of the Debtors' operational Miners. The ACM Miners are an integral part of the Debtors' fleet of Miners and, as a result, their Self-Mining operations. Without the ACM Miners the Debtors would experience a decrease in the amount of digital currency assets mined, which would result in a reduction of revenue.

9. The economics of mining digital currency have declined since the ACM Lease Agreements were entered into in December 2021. Thus the profitability of the ACM Miners has also decreased when accounting for the required payments due to ACM under the Schedules (before giving effect to the amendments proposed herein). In line with the Debtors' restructuring efforts and goals, the Debtors engaged in lengthy negotiations with ACM to amend certain terms of the ACM Lease Agreements. The Debtor Lessees and ACM desire to amend the Schedules pursuant to the Amended Schedule. Among other things, the Amended Schedule lowers the monthly payments the Debtor Lessees owe under the ACM Lease Agreements and extends the term of the ACM Lease Agreements, thus enabling the Debtors to utilize the ACM Miners in their Self-Mining operations for a longer time-period and with monthly lease payments at a level that will increase the profitability – after payments to ACM – of the ACM Miners.

10. As a condition to entering into the Amended Schedule, the Debtors and ACM acknowledge that ACM shall have an allowed administrative claim of $1,336,946.14 on account of lease payments the Debtors did not pay ACM in the 60-day period subsequent to the Petition Date, as permitted under section 365(d) of the Code (the "**ACM Administrative Claim**").

ACM and the Debtors agree that the ACM Administrative Claim shall be paid on the effective date of the Debtors' chapter 11 plan. As stated in the Bros Declaration, the Debtors have reviewed the ACM Administrative Claim and believe it to be accurate.

11. Further, ACM and the Debtors agree that in connection with the assumption of the Amended Schedule, the Debtors shall pay ACM $1,336,946.14 million in cure costs associated with unpaid prepetition rental payments (the "**ACM Cure Costs**"). ACM and the Debtors agree that the ACM Cure Costs shall be paid on the effective date of the Debtors' chapter 11 plan. As stated in the Bros Declaration, the Debtors have reviewed the ACM Cure Costs and believe them to be accurate.

12. Finally, the ACM Lease Agreements currently provide that the Debtor Lessees are required to pay ACM's reasonable attorney's fees and professional fees in connection with the enforcement of the terms of the ACM Lease Agreements. Accordingly, in connection with the amendment and assumption of the Amended Schedule, the Debtors have agreed to pay the reasonable and documented professional fees of ACM associated with the negotiation and documentation of the Amended Schedule (the "**ACM Professional Fees**"), up to a cap of $200,000 (the "**Professional Fee Cap**").

13. As a result of reaching an agreement on the Amended Schedule, the Debtors seek to enter into the Amended Schedule and assume the amended ACM Lease Agreements to reduce the monthly lease payments under the ACM Lease Agreements as soon as possible. Therefore, it is essential that the Court enter the Proposed Order, as the effectiveness of the amended ACM Lease Agreements is conditioned upon the Court's entry of the Proposed Order.

**Relief Requested Should be Granted**

A.    **Entry into the Amended Schedule Should Be Authorized**

14.    By this Motion, the Debtors seek authorization to enter into the Amended Schedule pursuant to section 363 of the Bankruptcy Code, which provides, in relevant part, as follows:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.
>
> . . . .
>
> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(b)(1), (c)(1).

15.    Inasmuch as amending lease obligations under the ACM Lease Agreements to reflect business operation needs is within the Debtors' ordinary course of business, the Debtors believe that entry into the Amended Schedule does not necessarily require Court approval. However, even if Court approval is required in this instance, it is warranted because the transaction is within the Debtors' sound business judgment. Under applicable case law in this and other circuits, if a debtor's proposed use, sale, or lease of property pursuant to section 363(b) of the Bankruptcy Code, represents a reasonable business judgment on the part of the debtor, such transaction should be approved. *See, e.g., Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 262 (5th Cir. 2010); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)* 722 F.2d 1063, 1070 (2d Cir. 1983); *see also Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 616 (Bankr.

6

S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to debtor's conduct").

16. The Amended Schedule enables the Debtors to utilize the ACM Miners in their Self-Mining operations for a longer time-period and with monthly lease payments at a level that will increase the profitability – after payments to ACM – of the ACM Miners. The Debtors believe that entry into the Amended Schedule, when considered in the context of these chapter 11 cases, represents the exercise of sound business judgment, is in the best interests of the Debtors, their estates and their creditors, and is fair and reasonable.

17. Accordingly, the Debtors believe that amending the ACM Lease Agreements should be authorized. Based upon the foregoing, the Debtors respectfully submit that the Motion should be granted.

## B.   Assuming the ACM Lease Agreements is a Reasonable Exercise of Debtors' Sound Business Judgment and in Best Interests of Estates

18. The Court may grant the relief requested herein pursuant to section 365 of the Bankruptcy Code. Pursuant to section 365(a), a debtor in possession, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This allows the debtor in possession to maximize the value of its estate by assuming executory contracts or unexpired leases that benefit the estate and by rejecting those that do not. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504–05 (5th Cir. 2000).

19. Additionally, section 365(b)(1) of the Bankruptcy Code establishes certain conditions that must be satisfied before the assumption of a unexpired lease:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such

contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

20. The meaning of "adequate assurance of future performance" is determined on a case-by-case basis, taking into account all relevant facts and circumstances. *See Androse Assocs. of Allaire, LLC v. Great Atl. & Pac. Tea Co., Inc. (In re Great Atl. & Pac. Tea Co., Inc.)*, 472 B.R. 666, 676 (S.D.N.Y. 2012). It should be given "practical pragmatic construction." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *see also Texas Health Enterprises Inc. v. Lytle Nursing Home (In re Texas Health Enterprises Inc.)*, 72 Fed. Appx. 122, 126 (5th Cir. 2003) (same); *In re PRK Enterprises, Inc.*, 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999) (same).

21. If the statutory predicates to assumption are satisfied, courts apply the "business judgment" standard to determine whether to authorize the assumption of an unexpired lease. *See Matter of J.C. Penney Direct Marketing Servs., LLC*, 50 F.4th 532, 534 (5th Cir. 2022) ("A bankruptcy court reviews a debtor's decision to . . . assume an executory contract under the deferential 'business judgment' standard.") (citing *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, —U.S.—, 139 S. Ct. 1652, 1658 (2019)); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment.").

22. The "business judgment" standard requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate.") (citation omitted). The Fifth Circuit Court of Appeals has held that "'as long as assumption of a lease appears to enhance a debtor's estate,' a bankruptcy court should only withhold approval when 'the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code.'" *Matter of J.C. Penney Direct Marketing Servs., LLC*, 50 F.4th 532, 534 (5th Cir. 2022) (citation omitted).

23. In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject unexpired leases. *See, e.g., In re Pisces Energy, LLC*, Case No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Idearc Inc.*, 423 B.R. at 162 (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate.") (citation omitted).

24. Here, all statutory predicates to assumption under section 365 of the Bankruptcy Code are satisfied. First, the ACM Lease Agreements are "unexpired leases" within the meaning of section 365 of the Bankruptcy Code because the ACM Lease Agreements have not expired and, after giving effect to the amendments contemplated herein, will not expire until

9

November 2025. Second, the Debtors will cure any monetary defaults existing under the ACM Lease Agreements upon the effective date of the Debtors' chapter 11 plan. Third, the Debtors have provided adequate assurance of future performance as ACM is agreeing to the assumption.

25. Additionally, the assumption of the ACM Lease Agreements is a proper exercise of the Debtors' business judgment. The Debtors generate the bulk of their revenue from their Self-Mining operations, and the ACM Miners leased under the ACM Lease Agreements are essential to profitably maximizing the amount of digital currency assets that the Debtors Self-Mine.

26. For the foregoing reasons, the Debtors submit that they have satisfied all requirements to assume the amended ACM Lease Agreements, including the Amended Schedule, pursuant to section 365 of the Bankruptcy Code and that the relief requested is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these chapter 11 cases. Accordingly, the Court should authorize the relief requested by this Motion.

**Compliance with Bankruptcy Rule 6004(a)**
**and Waiver of Bankruptcy Rule 6004(h)**

27. To implement the foregoing successfully, the Debtors request that the Court find that notice of the Motion satisfies Bankruptcy Rule 6004(a) and that the Court waive the 14-day period under Bankruptcy Rule 6004(h).

**Reservation of Rights**

28. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any

claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an admission as to the validity of any liens satisfied pursuant to this Motion.

## Notice

29. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## No Previous Request

30. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WEIL:\99190937\9\39031.0011

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  June 30, 2023
       Houston, Texas

Respectfully submitted,

  /s/  Alfredo Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Ray.Schrock@weil.com
       Ronit.Berkovich@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**Certificate of Service**

I hereby certify that on June 30, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                /s/ *Alfredo Pérez*
                                                Alfredo R. Pérez