IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

## AGREED MEDIATION ORDER APPOINTING JUDGE MARVIN ISGUR AS MEDIATOR REGARDING DEBTORS' CHAPTER 11 PLAN

**WHEREAS** on December 21, 2022 (the "**Petition Date**"), Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code;

**WHEREAS** the Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas;

**WHEREAS** on January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

in these chapter 11 cases (Docket No. 256), which was reconstituted on February 3, 2023 (Docket No. 456);

**WHEREAS** on March 23, 2023, the U.S. Trustee appointed an official committee of equity security holders (the "**Equity Committee**") in these chapter 11 cases (Docket No. 724);

**WHEREAS** on June 20, 2023, the Debtors filed the *Joint Chapter 11 Plan of Core Scientific, Inc. and its Affiliated Debtors* (Docket No. 974) (the "**Chapter 11 Plan**") and the *Disclosure Statement for Joint Chapter 11 Plan of Core Scientific, Inc. and its Debtor Affiliates* (Docket No. 975) (the "**Disclosure Statement**");

**WHEREAS** prior to and following the filing of the Chapter 11 Plan, the Debtors have engaged (and continue to engage) in discussions regarding the Chapter 11 Plan with their stakeholders, including, but not limited to, the ad hoc group of the Debtors' secured convertible noteholders (the "**Ad Hoc Noteholder Group**"), B. Riley Commercial Capital, LLC (the "**Replacement DIP Lender**"), certain secured equipment lenders (the "**Equipment Lenders**"),[2] the Creditors' Committee, and the Equity Committee; and

**WHEREAS** the Debtors, the Ad Hoc Noteholder Group, the Replacement DIP Lender, the Equipment Lenders, the Creditors' Committee, and the Equity Committee (collectively, the "**Parties**" and each a "**Party**") agree that mediation may be an efficient and effective mechanism to consensually resolve all or certain of the issues relating to these chapter 11 cases, including the Chapter 11 Plan.

Upon the request and agreement of the Parties, it is **HEREBY ORDERED** that:

---

[2] The participating Equipment Lenders include 36th Street Capital Partners LLC, Anchorage Lending CA, LLC, Barings BDC, Inc., Barings Capital Investment Corporation, Barings Private Credit Corp., BlockFi Lending LLC, Wingspire Equipment Finance LLC (f/k/a Liberty Commercial Finance LLC), MassMutual Asset Finance LLC, Stonebriar Commercial Finance LLC, and Trinity Capital Inc.

1. The Parties shall participate before the Honorable Marvin Isgur, United States Bankruptcy Judge for the Southern District of Texas (the "**Mediator**"), in (i) non-binding mediation beginning with (a) a pre-mediation conference on July 17, 2023 at 8:00 a.m. (Prevailing Central Time) to be held virtually and (b) a mediation session on July 26, 2023 in Houston, Texas; and (ii) such other conferences or mediation sessions as the Mediator deems appropriate to attempt to resolve any issues among the Parties, including with respect to the Chapter 11 Plan (together, the "**Mediation**"). The Mediation shall terminate on the earlier of (i) the date on which the Mediator determines that the Mediation has terminated (and advises the Parties of such determination) and (ii) August 31, 2023, unless such date is extended by (a) agreement of each of the Parties or (b) an order of the Court.

2. The Court adopts Section S of the Procedures for Complex Cases in the Southern District of Texas (Effective January 1, 2023); *provided*, that nothing herein shall alter, modify, or otherwise prejudice or impair any of the Parties' rights or obligations under any pre-existing confidentiality agreements or protective orders, all of which shall remain in full force and effect.

3. One or more principals for each Party that have settlement authority (subject to obtaining any required internal investment committee or other approvals), as well as lead counsel for each Party, shall attend, or otherwise be accessible telephonically during, the Mediation and such other conferences as the Mediator deems appropriate. Co-counsel and financial advisors may also participate in the Mediation. The Ad Hoc Noteholder Group shall designate one or more noteholders to participate in the Mediation, and the Creditors' Committee and Equity Committee shall designate one or more members to participate in the Mediation. Other parties-in-interest may participate in relevant portions of the Mediation at the discretion of the Mediator to the extent

issues arise in the Mediation that require their input.  Any additional participants in the Mediation shall become subject to all of the provisions of this Order.

4. The Mediator is authorized to mediate such Chapter 11 Plan issues between the Parties as he determines appropriate in this case.

5. The Mediator has absolute discretion as to the timing and means and methods of any Mediation; *provided,* that the Mediation shall be non-binding.

6. The Mediator will mediate this case in his capacity as a United States Bankruptcy Judge.  He will have full, unqualified judicial immunity in his role as the Mediator.

7. The Mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications, or other documents received or made by the Mediator while serving in such capacity.  The Mediator may not testify or be compelled to testify regarding the Mediation in connection with any arbitration, judicial, or other proceeding. The Mediator will not be a necessary party in any proceedings relating to the Mediation.  Nothing contained in this paragraph prevents the Mediator from reporting (a) the status, but not the substance, of the mediation effort to the Court or (b) whether a Party failed to participate in good faith in the Mediation, subject in each respect to decretal paragraph 11 hereof.

8. Each Party shall bear its own costs and expenses incurred in connection with the Mediation; *provided,* that nothing herein shall prejudice any Party's right to seek and receive payment or reimbursement from the Debtors' estates of such costs and expenses (including attorney fees), including as consistent with the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative*

*Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* (Docket No. 608) or otherwise.

9. The Parties and their respective counsel shall participate in the Mediation in good faith and comply with all directions issued by the Mediator.

10. Each Party may directly submit to the Mediator any materials (the "**Submissions**") in form and content as the Mediator directs. Prior to the Mediation, the Mediator may confer with one or more of the Parties to determine what materials would be helpful to the Mediator or the Mediation. The Submissions shall not be filed with the Court.

11. The Mediator, the Parties, and their advisors are prohibited from divulging, outside of the Mediation, any oral or written information disclosed by the Parties in the course of the Mediation and shall treat all such information as strictly confidential and non-public. No person may rely on or introduce as evidence in any arbitration, judicial, or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to: (a) views expressed or suggestions made by a Party with respect to a possible settlement of the dispute; (b) the fact that another Party had or had not indicated willingness to accept a proposal for settlement made by the Mediator; (c) proposals made or views expressed by the Mediator; (d) oral or written statements or admissions made by a Party in the course of the Mediation; and (e) documents prepared for the purpose of, in the course of, or pursuant to the Mediation, including but not limited to the Submissions. Without limiting the foregoing, the Parties are bound by (x) rule 408 of the Federal Rules of Evidence, and (y) any applicable federal or state statute, rule, common law, or judicial precedent relating to the privileged nature of settlement discussions, mediations, or other alternative dispute resolution procedures. All statements and Submissions made during the course of the Mediation are privileged settlement discussions, and are made without prejudice to any

Party's legal position, and are inadmissible for any purpose in any legal proceeding. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in the Mediation.

12. The Parties, the Mediator, and all participants in the Mediation shall protect proprietary information.

13. The disclosure by a Party of privileged information to the Mediator does not waive or otherwise adversely affect the privileged nature of such information.

14. No Party may be served with a summons, subpoena, notice, or other pleading during the Mediation or at the location where the Mediation is occurring.

15. Unless otherwise ordered by the Court, the assignment to Mediation does not delay or stay discovery, any hearings scheduled, including the hearing to consider approval of the Disclosure Statement currently scheduled for August 7, 2023 at 12:00 p.m. (Prevailing Central Time), or any deadlines set by the Court.

16. Entry of this Order shall not affect the rights or obligations of any parties-in-interest with respect to the Disclosure Statement, the Chapter 11 Plan, or these chapter 11 cases generally.

17. The Court retains jurisdiction in connection with this Order and all matters related thereto.

Dated: _____, 2023
      Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE