IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § | (Jointly Administered) |

**DEBTORS' MOTION FOR ORDER APPROVING
(I) GLOBAL SETTLEMENT BETWEEN DEBTORS
AND TRILOGY LLC AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**"), pursuant to sections 105(a), 362(d) and 363 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9013 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Debtors request entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), (i) authorizing the Debtors' entry into a global settlement between the Debtors and Trilogy LLC ("**Trilogy**" and together with the Debtors, collectively, the "**Parties**" and, each, a "**Party**"), on the terms set forth and agreed to by the Parties on the *Settlement Term Sheet* (the "**Term Sheet**") attached hereto as **Exhibit 2**, (ii) approving the settlement on the terms set forth in the Term Sheet, and (iii) granting related relief.

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**I.     The Parties' Business Relationship**

3. The Debtors are one of the largest blockchain infrastructure, hosting provider, and digital asset mining companies in North America, with fully operational data centers in Texas, Kentucky, North Carolina, North Dakota, and Georgia. The Debtors provide hosting solutions for third parties and also operate their own digital asset mining machines.

4. Trilogy is a manufacturer of commercial and industrial power distribution units ("**PDUs**"). Trilogy provides a range of services in connection with the manufacturing, assembly, and installation of PDUs and related components for use in bitcoin mining facilities.

5. The Debtors operate three data-center facilities in Texas, one in Pecos, Texas (the "**Cottonwood Facility**"), one in Barstow, Texas (the "**Cedarvale Facility**") and one in Denton, Texas (the "**Denton Facility**" and, together with the Cottonwood Facility and the Cedarvale Facility, collectively, the "**Facilities**" and, each, a "**Facility**"). Prior to the Petition Date, the Debtors entered into a series of purchase orders with Trilogy to purchase PDUs for use in its Facilities (the "**Trilogy Contracts**").

6. Under the Trilogy Contracts, Trilogy manufactured, assembled, and installed PDUs and associated components for use in the Debtors' Facilities. The PDUs and associated components were manufactured pursuant to the Trilogy Contracts for use in the Debtors' Facilities.

7. In connection with the Trilogy Contracts, Trilogy has (i) asserted prepetition and postpetition claims (such claims, the "**Trilogy Claims**") against the Debtors, including, without limitation, those certain Proofs of Claims Nos. 1, 5 and 7 in the total asserted amount of **$14,849,165.90**; and (ii) filed liens (such liens, the "**Trilogy Liens**") against the Facilities, including without limitation, the mechanics' liens against the Debtors' real property assets at the Debtors' Cedarvale site (the "**Cedarvale Facility**"), the Debtors' Cottonwood site (the "**Cottonwood Facility**") and the Debtors' Denton site (the "**Denton Facility**"), evidenced by, among other things, (a) that certain Affidavit for Mechanic's and Materialman's Lien on Leasehold Interest in the amount of $5,576,666.67, filed by Trilogy LLC, recorded on April 11, 2023 under Recording Number 2023002746 in Reeves County, Texas, (b) that certain Affidavit for Mechanic's and Materialman's Lien and Constitutional Lien, in the amount of $5,086,791.25, filed by Trilogy LLC, recorded on April 13, 2023, under Recording Number 2023-1103 in Ward County, Texas, and (c) that certain Affidavit for Mechanic's and Materialman's Lien on Leasehold

3

Interest in the amount of $387,000.00, filed by Trilogy LLC, recorded on April 11, 2023, under Recording Number 20230411000351 in Denton County, Texas.

**II.     The Trilogy Settlement**

8. After engaging in extensive good faith negotiations, the Debtors and Trilogy have reached a global settlement (the "**Trilogy Settlement**"), memorialized in the binding Term Sheet, dated July 12, 2023, subject to this Court's approval, and set forth in the Proposed Order, resolving all issues and amounts owed between the Debtors and Trilogy. For the avoidance of doubt, pursuant to the Trilogy Settlement, Trilogy agrees to release any and all liens and Claims (as defined in the Bankruptcy Code) against the Debtors, including, without limitation, for any and all obligations, liabilities, duties and damages of the Debtors, whether or not expressly memorialized in the Trilogy Settlement.

9. The principal terms of the Trilogy Settlement are as follows:

- Within five (5) calendar days following the date on which the Proposed Order becomes final and non-appealable (such date, the "**Final 9019 Order Date**"):

    - the Debtors shall make a cash payment to Trilogy in the aggregate amount of $2,750,890 (the "**Cash Payment**"),

    - the Debtors shall deliver a duly executed promissory note (the "**Note**" and, together with the Cash Payment, collectively, the "**Settlement Payment**") to Trilogy, reasonably acceptable to Trilogy, in the principal amount of $2,926,639, and

    - Trilogy shall deliver to the Debtors final unconditional lien releases in form and substance reasonably acceptable to the Debtors for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by Trilogy.

- Immediately on the Final 9019 Order Date:

    - the Trilogy Claims shall be fully and finally paid, satisfied, released and expunged,

    - the Trilogy Liens shall be fully and finally released, extinguished and discharged,

4

- o all contracts and outstanding purchase orders between Trilogy and the Debtors are terminated and Trilogy shall not have claims for rejection damages based on such termination, and

- o the Parties shall each grant a complete and final release of all claims and covenant not to sue, in each case, in favor of the other Party; provided, that the Parties retain their rights to file and prosecute claims and causes of action related to the enforcement of the Trilogy Settlement and the Note.

- The Note shall bear interest at the rate of 5% per annum and have a term of 30 months. The Note shall be payable in equal monthly installments, beginning on the date which is three (3) months after the later to occur of (i) the date on which a plan of reorganization filed by the Debtors is confirmed by entry of an order of this Court and (ii) the Final 9019 Order Date. Any amount repaid under the Note shall be made available to the Debtors as a credit (the "**Repaid Note Credit**") immediately upon repayment of such amount, which Repaid Note Credit may be applied toward the purchase from Trilogy of future orders of goods on the terms set forth below. In the event the Debtors default under the Note, Trilogy shall have the immediate right (upon such default), to file and prosecute liens on the collateral comprised of the Cottonwood Facility currently securing the Trilogy Claims for the remaining balance of the Note. Such liens shall constitute new liens and be deemed to have arisen upon the default under the Note and shall not relate back to or be considered a continuation of the liens being released hereunder.

- Following the entry of the 9019 Order, the maximum purchase price of all goods purchased by the Debtors from Trilogy in the future shall be the manufacturers' suggested retail price (the "**Purchase Price**"). The Repaid Note Credit may be applied by the Debtors toward the Purchase Price in satisfaction of up to twenty percent (20%) of any future amounts payable by the Debtors to Trilogy pursuant to a purchase order or otherwise (but excluding future payments under the Note); provided that, to the extent the Repaid Note Credit has not been applied in full on or prior to the date which is the fifth (5th) anniversary of the Final 9019 Order Date (such date, the "**Repaid Note Credit Expiration Date**"), the Repaid Note Credit shall expire on the Repaid Note Credit Expiration Date and no longer be available for application by, or refundable to, the Debtors thereafter.

- As of the Final 9019 Order Date, Trilogy shall have no further interest, if any, in the goods which the Debtors ordered from Trilogy and which have been previously delivered to the Debtors on or prior to December 31, 2022.

**Relief Requested Should Be Granted**

I. **The Trilogy Settlement Is Fair, Reasonable, and in the Best Interest of the Debtors' Estates**

10. Bankruptcy Rule 9019(a) provides that "[o]n motion by the [debtors in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Further, pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interests of the estate. *See Off. Comm. of Unsecured Creditors v. Moeller (In re Age Refin.,Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, approval of a compromise is within the discretion of the bankruptcy court. *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act). Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly." *Rivercity*, 624 F.2d at 602–03 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424–25 (1968)).

11. The Fifth Circuit has established a three-factor balancing test under which bankruptcy courts analyze proposed settlements. *Id.* The factors courts consider are: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise." *See Age Refin.*, 801 F.3d at 540 (internal citations omitted).

12. Under the rubric of the third factor, the Fifth Circuit has specified two additional factors that bear on a decision to approve a proposed settlement. First, the Court should

6

consider "the paramount interest of creditors with proper deference to their reasonable views." *Id.*; *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995).  Second, the Court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion."  *Age Refin.*, 801 F.3d at 540; *Foster Mortg.*, 68 F.3d at 918 (citations omitted).

13. Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement.  *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993).  Rather, the court should determine whether the settlement as a whole is fair and equitable.  *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

14. The Debtors bear the burden of establishing that the balance of the above factors leads to a fair and equitable compromise vis-à-vis the Trilogy Settlement.  *In re Allied Properties, LLC*, 2007 WL 1849017, at *4 (Bankr. S.D. Tex. June 25, 2007) (citing *In re Lawrence & Erausquin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990)); *see also In re GHR Companies, Inc.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985). "The burden is not high;" rather, the Debtors "***need only show that [their] decision falls within the 'range of reasonable litigation alternatives.***'" *In re Allied Properties, LLC*, 2007 WL 1849017, at *4 (emphasis added) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Cook v. Waldron*, 2006 WL 1007489 at *4 (S.D. Tex. Apr. 18, 2006).

15. Here, weighing the foregoing factors demonstrates that the Trilogy Settlement is reasonable and supports finding that the Debtors' entry into the Trilogy Settlement is in the best interest of creditors and other stakeholders.

16. First, the likelihood of success of litigating against the Trilogy Claims is uncertain.  What is not uncertain, however, is that the litigation would likely require the expenditure of significant funds and cause substantial, detrimental impact to the Debtors.  Further,

if Trilogy were to succeed on its claim, the Debtors would be liable for a much larger sum than agreed upon in the Trilogy Settlement. Indeed, the Trilogy Settlement provides the Debtors with a discount of approximately 60% of the face amount of the asserted Trilogy Claims. Having the benefit of certainty and prior agreement between the Debtors and Trilogy, at an amount significantly lower than the asserted Trilogy Claims, maximizes value for the Debtors' estates and avoids what could otherwise be costly and distracting litigation that would harm the Debtors' estates.

17. Second, the Settlement Agreement is also the product of good-faith, arm's-length bargaining between the Debtors and Trilogy, each of which were represented by counsel, and no party has asserted that the Trilogy Settlement was the product of fraud or collusion.

18. Third, the Trilogy Settlement is reasonable and is in the best interests of the Debtors' estates. Pursuant to the Trilogy Settlement, the Debtors will reduce the claims pool by satisfying the Trilogy Claims (a large secured and unsecured claim against the Debtors' estates) at a substantial discount, with a limited Settlement Payment in the amount of only a portion of the Trilogy Claim. As a result of the Settlement Payment, Trilogy will release the Trilogy Liens encumbering the Debtors' Facilities and release the Debtors from any and all future claims arising from the Debtors' rejection of the Trilogy Contracts.

19. Accordingly, the Debtors respectfully submit that the Court should approve Trilogy Settlement based upon the factors considered by courts in the Fifth Circuit.

## II. The Debtors' Entry into the Trilogy Settlement Is a Reasonable Exercise of Debtors' Sound Business Judgment

20. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. It is well-established in this jurisdiction that a debtor may use property of

8

the estate outside the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g.*, *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Filene's Basement, LLC*, No. 11-13511 (KJC) (Bankr. D. Del. Apr. 29, 2014) (stating that, under the business judgment standard, once the debtor presents "a reasonable basis for is business decisions … courts will generally not entertain objections to the debtor's conduct").

21.   Here, the Debtors' entry into the Trilogy Settlement represents a reasonable exercise of the Debtors' sound business judgment and should be approved. As discussed in the preceding section, the likelihood of success of litigating against the Trilogy Claims is uncertain and doing so would incur substantial costs to the bankruptcy estate. If Trilogy were to succeed, the Debtors would be liable for a much greater sum than that agreed to in the Trilogy Settlement. Obtaining the benefit of certainty and prior agreement between the Debtors and Trilogy, at an amount significantly lower than the claims asserted by Trilogy, and thereby avoiding what would otherwise involve costly and distracting litigation, represents an exercise of sound business judgment by the Debtors.

22.   Accordingly, the Debtors respectfully submit that the Court should approve the Trilogy Settlement based upon the standards set forth in section 363(b)(1).

### Reservation of Rights

23.   Except as expressly provided for herein with respect to the Trilogy Claims, nothing contained in this Motion or any actions taken by the Debtors pursuant to the relief granted

9

is intended or should be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

## **No Previous Request**

24. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 14, 2023
      Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Ray.Schrock@weil.com
       Ronit.Berkovich@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on July 14, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                        */s/ Alfredo R. Pérez*
                                                    Alfredo R. Pérez (15776275)