**Exhibit 2**

## Settlement Term Sheet

This term sheet (this "**Term Sheet**") sets forth the principal terms of a settlement (the "**Settlement**") between Core Scientific, Inc. and its debtor affiliates (collectively, "**Core**" or the "**Debtors**") and J.W. Didado Electric, LLC ("**Didado**"; each of Core and Didado is referred to herein, individually, as a "**Party**" and, collectively, as the "**Parties**").

This Term Sheet and the terms set forth herein are binding upon, and inure to the benefit of, the Parties, subject to the approval of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). This Term Sheet does not purport to set forth every term of the Settlement Motion (as defined below) or the 9019 Order (as defined below).

| Term | Description |
| --- | --- |
| Claims and Liens | Didado has asserted pre-petition and post-petition claims (such claims and any other claims that may be asserted, the "**Claims**") against the Debtors, including, without limitation, Proofs of Claims Nos. 263 and 310. Didado has filed liens against certain of the Debtors' assets (such liens, the "**Liens**"), including, without limitation, mechanics' liens against the Debtors' Muskogee site (the "**Facility**"). |
| Approval of the Settlement | Debtors to file a motion to approve the Settlement (the "**Settlement Motion**"). <br><br>Debtors to obtain entry of an order of the Bankruptcy Court under sections 365(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement (such order, the "**9019 Order**"). The Debtors will request that the 9019 Order shall be effective immediately upon its entry. |
| Release of Didado Claims and Didado Liens | 9019 Order to provide, among other things, that, (i) within five (5) days following the entry of the 9019 Order, (a) Core shall deliver to Didado a duly executed promissory note (the "**Note**") in the principal amount of $13,000,000, and (b) Didado shall deliver to Core final unconditional lien releases in form and substance reasonably acceptable to Core for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with Core or the Facilities, duly executed by Didado, and in recordable form; and (ii) immediately upon delivery of the Note to Didado, (a) the Claims shall be finally and fully paid, satisfied, released and expunged, (b) the Liens shall be fully and finally released, extinguished and discharged, (c) any and all contracts and outstanding purchase orders between Didado and the Debtors are terminated and Didado shall not have claims for rejection damages based on such termination, and (d) the Parties shall each grant a complete and final release of all claims against each other and covenant not to sue, in |

| | |
|---|---|
| | each case, in favor of the other Party. |
| The Note | The Note shall bear interest at the rate of 5% per annum and have a term of 36 months. The Note shall be payable in equal monthly installments, payable on the first of each month beginning on the first day of the calendar month which is three (3) full months after the date on which the Initial Payment is made (e.g., if the Initial Payment is made on July 15, the first monthly payment date will be November 1).<br><br>The Note shall be subject to mandatory prepayment in the following instances:<br>1. If the average daily hashprice is greater than 13c but less than 16c for 90 consecutive days ("**13c Hashprice Trigger**"), Core will be required to make a one time mandatory prepayment of 25% of the then outstanding principal balance of the Note within 90 days following the occurrence of the 13c Hashprice Trigger; and<br>2. If the average daily hashprice is greater than 16c for three consecutive months ("**16c Hashprice Trigger**"), Core will be required to make a one-time mandatory prepayment of 25% of the remaining outstanding principal balance of the Loan within 90 days following the occurrence of the 16c Hashprice Trigger. |
| Voluntary Prepayments of the Note | Core shall have the right, exercisable at any time and from time to time, to voluntarily prepay the Note in whole or in part, and any such prepayment shall be without any penalty or fees.<br><br>Any mandatory or voluntary prepayment of the Note shall be immediately applied toward principal, be applied in inverse order of maturity and shall not extend or postpone the due dates of the monthly installments due under the Note or change the amounts of such installments. |
| Provision of Goods | Upon entry of the 9019 Order, Didado shall have no further interest, if any, in the goods described in <u>Annex A</u> hereto (which goods have been previously delivered to Core by Didado). |
| Attorneys' Fees | Core and Didado will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Claims, the Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court. |
| Closing and Other Customary Terms | Settlement Motion and 9019 Order to include for terms reasonable and customary to settlement agreements in similarly complex chapter 11 cases, with such terms to be negotiated by the Parties. |

| Bankruptcy Court Approval | The Debtors shall file the Settlement Motion with the Bankruptcy Court on or prior to July 31, 2023. |
| --- | --- |
|  | The Debtors and Didado shall act in good faith to implement the Settlement and shall take all actions reasonably necessary to obtain entry of the 9019 Order. |
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties, subject to the approval of the Bankruptcy Court and entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of July 14, 2023.

**J.W. DIDADO ELECTRIC, LLC**

By: *[signature]*
Name: DANIEL SUBLETT
Title: PRESIDENT

**CORE SCIENTIFIC, INC.**

By: _____
Name:
Title:

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of July 14, 2023.

**J.W. DIDADO ELECTRIC, LLC**

By _____
Name:
Title:

**CORE SCIENTIFIC, INC.**

By: *Adam Sullivan*
Name: Adam Sullivan
Title: President

<u>Annex A</u>

## Goods

**Below Grade**

(900 ft) cable trench and cable trench covers

(12) 34.5 KV 500 MCM Secondary HV Cable to Distribution Poles in Station

(11,424 ft) Install 35 KV 500MCM HV Cable

**Above Grade**

(1) Dead end Structure

(4) Static Poles

(8) 345 KV Switch Structures

(32) 345 KV Bus Structures

(2) 34.5 KV Breaker Structures

(2) 34.5 KV Switch Structures

(2) 34.5 KV Breaker Structures

345 KV Bus Support Steel

(4) Transformer steel grating

(12) Wood distribution Poles

All Station Stone

**Equipment**

(3) 345 KV Breakers
(5) 345 KV Switches (No Switch Piping or MOAB's)
 (6) 34.5 KV Breakers
 (2) 345KV Transformer delivered to site stored on pads

**Distribution**

(58) 50 ft poles stored not installed

(21) 40 ft poles stored not installed

(417) Cross arms stored not installed