IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.,* | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

ORDER AUTHORIZING DEBTORS TO
(I) AMEND EQUIPMENT LEASE AGREEMENTS AND
(II) ASSUME EQUIPMENT LEASE AGREEMENTS AS AMENDED AND RESTATED

Upon the Motion, dated June 30, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 authorizing the Debtors to amend and assume the ACM Lease Agreements, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Bros Declaration; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. Pursuant to sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors are authorized, but not directed, to amend and restate the ACM Lease Agreements, including authorization to enter into the Amended Schedule.

2. Pursuant to sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rule 6006, the ACM Lease Agreements, including the Amended Schedule, are assumed as of the later of (such date, the "**Assumption Date**") (x) the date of the entry of this Order or (y) the date of execution of the Amended Schedule by the Debtor Lessees and ACM.

3. The Debtors are further authorized, but not directed, to take any actions required to effectuate the assumption of the ACM Lease Agreements, including, without limitation, payment of any security deposits required under the ACM Lease Agreements.

4. In connection with the cure of defaults associated with assumption of the ACM Lease Agreements: (a) the Debtors shall pay the $1,336,946.14 ACM Cure Costs on the effective date of the Debtors' chapter 11 plan; and (b) the Debtors are authorized to pay, and shall pay, the ACM Professional Fees associated with the negotiation and execution of the amended ACM Lease Agreements, subject to the Professional Fee Cap of $200,000.

5.     Upon entry of this Order, ACM shall have an allowed administrative claim, pursuant to sections 503(b)(1) and 365(d)(5) of the Bankruptcy Code, in the amount of $1,336,946.14. Such allowed administrative claim shall be paid on the effective date of the Debtors' chapter 11 plan. From and after the Assumption Date, the obligations of the Debtors under the ACM Lease Agreements shall constitute allowed administrative claims pursuant to Section 503(b)(1) of the Bankruptcy Code. The obligations of the amended ACM Lease Agreements shall be binding upon, and constitute obligations of, the reorganized Debtors or any successor entity (including any trustee subsequently appointed in any of the Debtors' cases).

6.     The Debtors have provided adequate assurance of future performance under the ACM Lease Agreements to the extent required pursuant to section 365(b) of the Bankruptcy Code.

7.     The Debtors are further authorized to continue honoring, performing, and exercising their respective rights and obligations in the ordinary course of business in accordance with the ACM Lease Agreements.

8.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

9.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10.    The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

                                THE HONORABLE DAVID R. JONES
                                UNITED STATES BANKRUPTCY JUDGE