IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DEBTORS' PRELIMINARY OBJECTION TO
PROOF OF CLAIM NO. 556 FILED BY MORGAN HOFFMAN**

> **THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO EXPUNGE AND/OR DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE EXPUNGED AND/OR DISALLOWED WITHOUT A HEARING.**

Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), represent as follows in support of this preliminary objection (the "**Preliminary Objection**"), relating to Proof of Claim No. 556 (the "**Hoffman POC**") filed by Morgan Hoffman ("**Claimant**"),[2] and request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), expunging the Hoffman POC as a class proof of claim, together with other relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] A copy of the Hoffman POC is attached hereto as **Exhibit B**.

I.      **Preliminary Statement**

1. On April 14, 2023, Claimant filed the Hoffman POC, individually and purportedly on behalf of a class of claimants, based upon allegations set forth in a complaint filed in a putative securities class action entitled *Pang v. Levitt*, et al., No. 1:22-CV-1191-DAE, pending in the United States District Court, Western District of Texas, Austin Division (the "**Securities Litigation**"). The complaint in the Securities Litigation was later amended on May 5, 2023 (the "**Amended Complaint**"), and a motion to dismiss that Amended Complaint was filed by the defendants in that action on June 20, 2023 (the "**Motion to Dismiss**").[3] No Debtor is a party in the Securities Litigation.

2. Significantly, there was no prepetition certified class in the Securities Litigation and there has been no motion by the Claimant, or anyone else, seeking Court approval to submit a class proof of claim relating to the Securities Litigation. Further, the Debtors provided notice of the Bar Date (actual and constructive) to the individuals in the putative class giving them an opportunity to file individual proofs of claim against the Debtors if they chose. To that end, the Debtors' notice procedures approved by this Court, without objection, included providing actual notice of the Bar Date to all holders of the Debtors' securities based on a Petition Date of December 21, 2022 through direct mailing or through third party Nominees (defined below) who held the Debtors' securities as agents. This notice provided legally sufficient notice to all record holders the Claimant purports to represent. In fact, several claimants filed individual proofs of claim that either referenced the Securities Litigation or made allegations similar to those asserted in the Securities Action, but did not seek to file a proof of claim on behalf of all putative class members.

---

[3] For completeness, a copy of the Amended Complaint is attached hereto as **Exhibit C** and a copy of the Motion to Dismiss is attached hereto as **Exhibit D**.

3. Although Courts have discretion to extend Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to allow for the use of class proofs of claim in chapter 11 cases, Courts generally prohibit them where, as here, there is no prepetition certified class and adequate bar date notice procedures were approved and implemented after hearings and the opportunity for all interested parties to be heard.  Given the asserted amount in the Hoffman POC, $188,600,000.00 (the second largest claim amount asserted in these chapter 11 cases), the Debtors believe it is important for all stakeholders that the Hoffman POC be expunged as a class proof of claim and that Claimant be permitted to submit an amended proof of claim based solely on the individual amount of his own alleged damages.  While the Debtors will object to the merits of the claims raised in the Hoffman POC (or any amended claim Claimant may submit) at a later date, together with all other claims based on conduct alleged in the Securities Litigation, resolving the Preliminary Objection now is in the best interests of all parties in interest, as the Debtors work toward reaching consensus on a plan of reorganization.

## II.     Relief Requested

4. The Debtors seek entry of an order substantially in the form attached hereto, pursuant to Section 502(b)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), expunging the Hoffman POC and/or disallowing it as a class proof of claim and authorizing Claimant to submit an amended proof of claim solely as relates to his alleged individual damages no later than ten (10) days after entry of the Proposed Order.

## III.     Jurisdiction

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C §§ 1408 and 1409.  The relief requested herein is sought pursuant to Sections 105(a) and

502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## IV. Background

### A. The Chapter 11 Cases

6. On December 21, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

7. On March 9, 2023, the Court entered the deadline for creditors to file a proof of claim ("**Proof of Claim**") against any of the debtors (Docket No. 652) (the "**Bar Date Order**"). That deadline was April 14, 2023 at 5:00 p.m. (prevailing Central Time) (the "**Bar Date**"). Attached as Exhibit 1 to the Bar Date Order was a notice of the Bar Date (the "**Bar Date Notice**"). The Bar Date applies to all non-governmental claims against any of the Debtors that arose before the Petition Date, including all claims relating to the Securities Litigation.

### B. The Notice Procedures

8. Service of the Bar Date Notice and Proof of Claim form on holders of the Debtors' securities followed ordinary and customary noticing procedures for the noticing of public securities holders in chapter 11. Pursuant to the Bar Date Order, the Debtors' noticing and claims agent, Stretto, Inc. ("**Stretto**"), served the Bar Date Notice and Proof of Claim form directly on: all parties to the Securities Litigation (Bar Date Order, ¶16(f)); all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order (*Id.,* ¶16(j)); and the banks, brokers and financial institutions (or their agents) that might have purchased equity securities in "street name" on behalf of beneficial owners of equity securities during the period January 3, 2022

4

through December 21, 2022 (the "**Nominees**") (*Id.*, ¶17).[4] On March 15, 2023, the Debtors also filed a copy of the Bar Date Notice and Proof of Claim form on the docket of the Securities Litigation. *See* Securities Litigation (Docket No. 51). Affidavits certifying service in accordance with the Bar Date Order, the Bankruptcy Code, and otherwise applicable law, and the method of such service, of a package that included (i) the Standard Bar Date Notice and (ii) the Standard Proof of Claim Form, were filed by Stretto on March 14, 2023 (Docket No. 682), March 20, 2023 (Docket No. 712), March 28, 2023 (Docket No. 733), March 31, 2023 (Docket No. 742), April 3, 2023 (Docket No. 747), and April 10, 2023 (Docket No. 772).

9. In addition to the above actual notice, any remaining putative class members—to the extent any others existed—received constructive notice as approved by the Court through publication in the Austin American Statesman, Cherokee Scout, Dalton Daily Citizen, Denton Record Chronicle, Grand Forks Herald, Muskogee Phoenix, Odessa American, Pecos Enterprise, The Lake News, and The Wall Street Journal National Edition (Bar Date Order, ¶20). *See* Affidavits of Publication, March 21, 2023. (Docket No. 716).

### C. The Putative Class Action and Hoffman POC

10. The Securities Litigation was originally filed on November 14, 2022, and is pending in the United States District Court for the Western District of Texas. No class has been certified. An Amended Complaint was filed on May 5, 2023. Core was originally named as a defendant in the Securities Litigation, but was voluntarily dismissed on December 27, 2022. *See* Securities Litigation (Docket No. 15).

---

[4] Pursuant to the Bar Date Order, the Nominees could either request sufficient copies of the Bar Date Notice and the Proof of Claim form from the Debtors so that the Nominees could forward the materials to their beneficial owners, or they could ask Stretto to provide the Bar Date Notice and Proof of Claim form to their beneficial owners directly by providing Stretto with their names and addresses. (Bar Date Order, ¶17(a)).

11. The Amended Complaint purports to assert claims under the Securities Act of 1933, the Exchange Act of 1934, and SEC Rules 10b-5 and 14a-9. *Amended Complaint*, ¶ 24. The class period identified in the Amended Complaint is January 3, 2022 through and including December 20, 2022. The predicate for all of the claims is that Core's proxy and registration statements in connection with its going public in early 2022 allegedly contained misleading statements and omissions of material fact.

12. On June 20, 2023, the defendants in the Securities Litigation moved to dismiss all claims asserted in the Amended Complaint for failure to state causes of action on the grounds that, among other things, the Amended Complaint fails to (i) allege actionable misstatements or omissions, (ii) support a strong inference of scienter, or (iii) demonstrate any causal connection between the alleged misrepresentations and the alleged losses. *Motion to Dismiss*, p. 1–2.

13. On April 14, 2023, Claimant filed the Hoffman POC identifying himself as "Lead Plaintiff in a securities litigation" and attaching the complaint in the Securities Litigation. Claimant asserts that the Hoffman POC was filed "individually and on behalf of the putative class" in the Securities Litigation. The amount asserted in the Hoffman POC is $188,600,000.00.

### V. Basis for Relief

14. Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A party in interest may object to the allowance of a claim in a writing filed with the Bankruptcy Court. Fed. R. Bankr. P. 3007(a). Further, Section 502(b)(1) of the Bankruptcy Code provides that the court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount,

*except to the extent that—such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law.*" 11 U.S.C. § 502(b)(1) (emphasis added).

15. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). However, prima facie validity under Bankruptcy Rule 3001(f) "can be overcome by rebuttal evidence . . . ." *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). "Upon production of this rebuttal evidence, the burden shifts to the claimant to prove its claim by a preponderance of the evidence." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *In re Fidelity Holding*, 837 F.2d at 698). Despite the shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *Id.* (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

16. Any proof of claim that purports to be a class proof of claim is deemed to be solely an individual claim absent the court granting a motion authorizing filing a class claim. Here, no such motion was filed. Given the size of the asserted claim, however, which is predicated on the assertion that it is a class proof of claim on behalf of all putative class members in the Securities Litigation, the Debtors believe it is necessary to address this preliminary but important issue now, even in the absence of a motion, to avoid it from potentially negatively impacting the reorganization process.

### A. No Class Proof of Claim Should Be Allowed

17. There is no absolute right to file a class proof of claim under the Bankruptcy Code. *See In re Aughney*, No. 10-12666, 2011 WL 479010, at *1 (Bankr. N.D. Cal. Feb. 4, 2011); *In re Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616, 619–20 (Bankr. S.D.N.Y. 2009), aff'd, 411 B.R. 142 (S.D.N.Y. 2009); *In re Musicland Holding Corp.*, 362 B.R. 644, 650 (Bankr.

S.D.N.Y. 2007). In fact, it is not yet settled in the Fifth Circuit "whether a class proof of claim is even permissible." *In re. CJ Holding Co.*, 27 F.4th 1105, 1118 (5th Cir. 2022). *See also, In re Firstplus Financial, Inc.*, 248 B.R. 60, 71-72 (Bankr. N.D. Tx. 2000) (concluding that "a class proof of claim is improper in the bankruptcy context.").

18.     To support a class proof of claim, assuming one were even recognized in this Circuit, a claimant's burden is two-fold. *See In re Pac. Sunwear of Cal.*, Case No. 16-10882 (LSS), 2016 WL 4250681, at *15 (Bankr. D. Del. Aug. 8, 2016). First, a claimant must establish that it is beneficial to apply Bankruptcy Rule 7023 to the claims administration process under the three-factor framework set forth in *In re Musicland*. *See In re Pac. Sunwear of Cal.*, 2016 WL 4250681, at *15. Second, a claimant must satisfy the requirements of Rule 23. *See id.* at *17. Failure to carry the burden on the first prong ends the inquiry. *See In re Musicland*, 362 B.R. at 654. Here, the Claimant cannot meet its burden on the first prong of this analysis, mandating that the Hoffman POC should be expunged.[5]

19.     Because "class certification may be 'less desirable in bankruptcy than in ordinary civil litigation,'" *In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 5 (S.D.N.Y. 2005), Bankruptcy Courts have developed a three-factor framework to guide the exercise of this discretion. *See In re Musicland*, 362 B.R. at 654. The so-called *Musicland* factors ask whether: (i) "the class was certified pre-petition," (ii) the putative class members received "actual or constructive notice" of the bar date, and (iii) "class certification will adversely affect the administration" of the estate. *See id*. (internal quotations omitted). While no single factor is dispositive, the first two are "critical." *Id.* at 655. *See also In re Sacred Heart Hosp. of Norristown*,

---

[5] The Debtors reserve the right to argue at a later date, if necessary, that any class proof of claim should be denied because it would fail to satisfy the requirements of Rule 23.

177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) ("[I]f the putative unnamed class members have clearly received actual or constructive notice of the bankruptcy case and the bar date, denial of the . . . class proof of claim device appears advisable."). Here, all three factors confirm that no class proof of claim is appropriate.

### 1. There was no Pre-Petition Certified Class

20. As a threshold matter, because there was no pre-petition certified class, putative class members lack "any reasonable expectation that they need not comply with the Bar Date Order." *In re Jamesway Corp.*, No. 95 B 44821 (JLG), 1997 WL 327105, at *10 (Bankr. S.D.N.Y. June 12, 1997). Additionally, where there has been no pre-petition certified class, Bankruptcy Courts are reluctant to allow the filing of class proofs of claim. *See In re Pac. Sunwear of Cal.*, 2016 WL 4250681, at *18 (declining to approve class proof of claim for a proposed class lacking pre-petition certification); *In re Craft*, 321 B.R. 189, 198–99 (Bankr. N.D. Tex. 2005) (declining to apply Bankruptcy Rule 7023 for a proposed class that was "not yet certified"). Thus, the first *Musicland* factor supports denial of any purported class proof of claim in this case.

### 2. Putative Class Members Received Adequate Notice of the Bar Date

21. The second *Musicland* factor requires a claimant to show that there has been no actual or constructive notice to the class members of the chapter 11 case and bar date, leaving them with no choice but to file a class proof of claim. *See, e.g., In re Bally*, 402 B.R. at 620 ("Actual or constructive notice has been given to these putative class members."); *In re Blockbuster Inc.*, 441 B.R. 239, 242 (Bankr. S.D.N.Y. 2011) ("[T]he Debtors provided adequate notice to members of the putative class by publishing notice. . ."); *In re Sacred Heart*, 177 B.R. at 22 (approving of "actual or constructive notice of the bankruptcy case and the bar date"). Indeed, *Musicland* itself recognized that this factor is met by constructive notice. *See In re Musicland Holding Corp.*, 362 B.R. at 654 ("[I]f the putative unnamed class members have clearly received

9

actual or constructive notice of the bankruptcy case and the bar date, denial of the . . . class proof of claim device appears advisable." (quoting *In re Sacred Heart Hosp. of Norristown*, 177 B.R. at 22).

22. This approach is consistent with general principles of notice in a chapter 11 case: while "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date," Courts define this group narrowly. *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995). A debtor "does not have a 'duty to search out each conceivable or possible creditor and urge that person or entity to make a claim against it.'" *Id.* Rather, a known creditor is only one "whose identity is either known" to the debtor or "can be identified through reasonably diligent efforts." *Id.* (quotation omitted). And reasonable diligence does not require "a vast, open-ended investigation." *Id.* Rather, "[t]he requisite search instead focuses on the debtor's own books and records" and requires nothing beyond "a careful examination of these documents." *Id.* at 347. An unknown creditor, by contrast, is "one whose 'interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" *Id.* at 346 (alteration in original) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)). For such creditors, actual notice is not required and notice by publication can suffice.

23. Moreover, in the Bankruptcy Rule 7023 context, the "proper inquiry" is not whether each and every claimant received actual notice. *In re Jamesway Corp.*, 1997 WL 327105, at *8. Actual notice is "irrelevant as a matter of due process." *Id.* Rather, the only question is whether the debtor "acted reasonably in selecting means likely to inform persons affected by the Bar Date and these chapter 11 proceedings." *Id.*; *see*, *e.g.*, *In re Bally*, 402 B.R. at 620 (mailing formal bar date notices and publishing notice in nationally circulated periodicals "was reasonably

calculated . . . to apprise interested parties of the bankruptcy case and was of such nature as to convey the required information") (internal citations omitted). *See In re GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982) (recognizing that publication notice was reasonably calculated to apprise non-holding debenture purchasers of the necessity to file individual proofs of claim); *In re Blockbuster Inc.*, 441 B.R. at 242 (finding publication in several newspapers and service on the movants adequate to provide notice to a putative class); *In re Motors Liquidation Co.*, 447 B.R. 150, 168 (Bankr. S.D.N.Y. 2011) ("[N]o class has ever been certified in a bankruptcy court by reason of deficiencies in notice to prospective members of the putative class.").

24. Pursuant to the Bar Date Order, the Debtors here provided actual notice to known securities holders, as well as to those for whom they were requested by Nominees to mail Bar Date materials. In addition, the Debtors provided the Nominees with the appropriate Bar Date Notice and Proof of Claim materials so that the Nominees could themselves provide actual notice of the materials to the beneficial owners. The Debtors also filed the Bar Date Notice and Proof of Claim form on the docket of the Securities Litigation and published notice in the publications set forth in the Bar Date Order.

25. Thus, putative class members had adequate notice and opportunity to file individual proofs of claim by the Bar Date. And, as noted, many such members filed individual proofs of claim but none, other than Mr. Hoffman, purported to file on behalf of the entire class.[6] Accordingly, there can be no question that the notices approved by the Bar Date Order were appropriate and satisfied any requirements to provide sufficient notice to all security holders and

---

[6] The Debtors reserve the right to object to any proof of claim filed by any other claimant who may contend that their proof of claim constitutes a class proof of claim relating to the Securities Litigation.

11

beneficial owners. Indeed, no creditor, not even Mr. Hoffman who is the lead plaintiff in the Securities Litigation, objected to the Bar Date Order or its notice procedures.

### 3. Adverse Impact on Estate Administration

26. Finally, even though there is no need to reach the third *Musicland* factor given the independent and separately dispositive nature of the first two factors, the third factor also supports denying any class proof of claim in these chapter 11 cases. Here, the Debtors are not parties to the Securities Litigation and have been working with key stakeholders toward building consensus regarding their plan of reorganization. Allowing a class proof of claim would add further unnecessary and unwarranted complexity and delay to these chapter 11 cases, to the detriment of all parties in interest.

## VI. Reservation of Rights

27. This Objection is limited to the grounds stated herein and accordingly is without prejudice to the rights of the Debtors or any other party in interest to object to any claim, including to the Hoffman POC and any other claim filed relating to the Securities Litigation, on any grounds whatsoever, and the Debtors expressly reserve all other substantive or procedural objections that they may have. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

## VII. Notice

28. Notice of this Objection will be provided to (i) any party that has requested notice pursuant to Bankruptcy Rule 2002, (ii) the Claimant's counsel, and (iii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## VIII. No Previous Request

29. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 24, 2023
Houston, Texas

Respectfully submitted,

 /s/  Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:   (713) 224-9511
Email:  Alfredo.Perez@weil.com
            Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:   Ray.Schrock@weil.com
             Ronit.Berkovich@weil.com
             Theodore.Tsekerides@weil.com

*Attorneys for Debtors
and Debtors in Possession*

## Certificate of Service

I hereby certify that on July 24, 2023, a true and correct copy of the foregoing document was served as provided by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      /s/ *Alfredo R. Pérez*
Alfredo R. Pérez

2