# **EXHIBIT 9**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | Case No. 22-90341 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF GREGORY N. WOLFE IN SUPPORT OF SPHERE 3D CORP.'S OPPOSITION TO DEBTORS' MOTION FOR SUMMARY JUDGMENT

I, Gregory N. Wolfe, under penalty of perjury, pursuant to 28 U.S.C. § 1746, declare that the following is true and correct, based on my personal knowledge:

1. I am an attorney at Dontzin Nagy & Fleissig LLP and represent Sphere 3D Corp. ("Sphere") in this case. I am fully familiar with the facts concerning this matter. I respectfully submit this declaration in support of Sphere 3D Corp.'s Opposition to Debtors' Motion for Summary Judgment (the "Opposition") pursuant to Federal Rule of Civil Procedure 56(d), which provides that: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

2. As set forth in the Opposition, Sphere believes that the Debtors' Motion for Summary Judgment (the "Motion") should be denied on its own terms based on the current record.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

1

In the alternative, the Court should deny or defer resolving the Motion to give Sphere the opportunity to pursue discovery. Indeed, Sphere has not had sufficient opportunity to engage in discovery, which would be reasonably calculated to reveal genuine disputes of material fact sufficient to defeat the Motion.

3. Sphere has diligently pursued discovery. Before filing the Proofs of Claim, Sphere served requests for production of documents on Core Scientific Inc. ("Core") pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Bankruptcy Rules"), *see Notice of Bankruptcy Rule 2004 Requests for Production of Documents from Core Scientific Inc.* [Docket No. 678] (the "Bankruptcy Rule 2004 RFP"), which Core resisted *in toto*. See *Debtors' Motion to Quash Sphere 3D's Bankruptcy Rule 2004 Requests for Production of Documents* [Docket No. 711]. Thereafter, Core filed the *Debtors' Objection to Proofs of Claim Nos. 358 and 359 Filed by Sphere 3D Corp.* (the "Claim Objection"), and requested that the parties set forth a rational schedule for this contested matter. The parties entered into a stipulation and agreed order entered by this Court on June 6, 2023 (the "Stipulation and Agreed Order," Docket. No. 956), that (i) "deferred and suspended" all discovery "until after a non-evidentiary scheduling conference with the Court to set relevant discovery and litigation deadlines and a trial date"[2]; and (ii) provided for the parties "to confer on a proposed scheduling order for discovery, litigation schedule, and trial date on the Claim Objection to file and present to the Court for consideration at a scheduling conference to be held after Sphere files its response to the Claim Objection."[3] The Motion was filed three days after the Stipulation and Agreed Order was entered, while discovery was stayed and prior to the Court setting a schedule for dispositive motions.

---

[2] Stipulation and Agreed Order, ¶ 4.
[3] *Id*. ¶ 7.

4. Due the Motion being filed prior to the start of discovery, Sphere finds itself forced to respond under difficult limitations. These limitations include that: (i) Sphere did not directly negotiate the September 12, 2021 master services agreement (the "MSA") or its accompanying October 5, 2021 order ("Order #2") with Core; (ii) Sphere has been unable to seek any discovery on the relevant contract negotiations or industry custom, which would help elucidate the relevant contract language; and (iii) Sphere has not been able to take any discovery regarding Core's misconduct, which is needed to validate its claims that Core acted intentionally and in bad faith.

5. If given the opportunity, Sphere would take the discovery on the following issues relevant to the Motion (1) what Core's "requirements" were for Gryphon Digital Mining, Inc.'s ("Gryphon") assignment to Sphere, as referenced in Russell Cann's declaration; (2) whether Sphere satisfied those requirements; (3) whether Core did not actually require that Sphere satisfy those requirements; (4) whether Core understood Gryphon and Sphere entered into the Delegation Agreement; (5) what constitutes a fee under the MSA and Order #2; (6) the applicability and calculation of the MSA's limitation of liability; (7) Core's performance under the MSA and Order #2; and (8) whether Core is holding Sphere's property and its motives for doing so.

6. As set forth in the Opposition, and more specifically in the supporting declarations, Sphere has a plausible basis for believing that such facts are susceptible of collection within a reasonable time frame, probably exist, and, if adduced, would raise genuine issues of material fact that would preclude granting the Motion.

7. Further, to the extent that Core contends that any of Sphere's evidence supporting its Opposition is inadmissible, Sphere should be permitted to take discovery to authenticate and validate the admissibility of its evidence, which it cannot do currently while discovery is stayed.

8. I have a good faith basis to believe that the foregoing evidence is within the possession, custody, and control of Core and other third-parties.

9. Accordingly, the Court should deny the Debtor's Motion, or at the very least defer a ruling until Sphere has the opportunity to take discovery in the ordinary course.

**Executed on:** July 7, 2023                     ___/s/ Gregory N. Wolfe_____
                                                                                Gregory N. Wolfe