IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors[1] | § | (Jointly Administered) |
| | § | |

STATEMENT OF
BARINGS BDC, INC., BARINGS CAPITAL
INVESTMENT CORPORATION, AND BARINGS PRIVATE
CREDIT CORP. IN SUPPORT OF MOTION OF THE DEBTORS
FOR ENTRY OF AN ORDER FURTHER EXTENDING EXCLUSIVE
PERIODS PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE

Barings BDC, Inc., Barings Capital Investment Corporation, and Barings Private Credit Corp. (collectively, "**Barings**") respectfully files this statement (the "**Statement**") in support of the *Motion of the Debtors for Entry of an Order Further Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* [ECF No. 1065] (the "**Second Exclusivity Motion**"), and respectfully states as follows:

**Statement**

1.  Just over three months ago on May 1, 2023, Barings filed a limited joinder [ECF No. 838] to the *Objection to the Motion of the Debtors for Order Extending Exclusive Periods*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

1

*Pursuant to Section 1121(d) of the Bankruptcy Code* [ECF No. 834], based, in part, on the lack of progress made to exit these Chapter 11 Cases.[2]

2. Today, following a collaborative process with the Debtors and their advisors, which included in-person meetings between the Debtors and the Settling Miner Equipment Lenders[3] and a mediation before the Hon. Marvin Isgur, the Debtors have made significant progress towards a resolution to these cases, including by reaching an agreement in principle with the Settling Miner Equipment Lenders with respect to the treatment of their respective Claims under the Plan.[4]

3. Barings supports the Debtors' Second Exclusivity Motion and believes that granting the requested relief will enable the Debtors to continue to progress towards a successful reorganization. Accordingly, Barings submits that cause exists to extend the exclusive solicitation period pursuant to section 1121(d) of the Bankruptcy Code. *See* 11 U.S.C. § 1121(d) (permitting a court to extend exclusivity periods for "cause"). While the Debtors walk through the various factors relevant to the exclusivity analysis in the Second Exclusivity Motion, Barings highlights two factors of particular importance and relevance here.

4. **First**, the Debtors have made substantial progress in these Chapter 11 Cases and the requested extension is appropriate under the circumstances. These Chapter 11 Cases are complex and involve novel issues relating to, among other things, the valuation of Bitcoin, and have correspondingly required significant time and effort from the Debtors and their stakeholders,

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Amended Joint Chapter 11 Plan of Core Scientific and its Affiliated Debtors* [ECF No. 1115] (the "**Plan**") and the Second Exclusivity Motion.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan and the Second Exclusivity Motion.

[4] The Plan, including, without limitation Exhibit F and Exhibit G thereto, contains the principal terms of the Miner Equipment Lender Settlement but remains subject to ongoing review and comment by Barings. The Debtors and Barings intend to work cooperatively to appropriately document the terms of the Miner Equipment Lender Settlement.

including Barings and other Settling Miner Equipment Lenders, to achieve the progress that is now memorialized in the Plan. Extending the Exclusive Filing Period and Exclusive Solicitation Period through and including October 17, 2023, and December 18, 2023, respectively, is appropriate and necessary to allow the Debtors to continue negotiations with other stakeholders to facilitate a consensual plan framework, pursue confirmation of their Plan, and complete solicitation.

5. **Second**, it would be value-destructive to allow any party other than the Debtors to file and solicit a plan at this time. While the Debtors have reached consensus with certain of their constituents regarding the Plan, other parties have not reached such agreement with the Debtors. Against this backdrop, terminating exclusivity does not serve any legitimate purpose other than to allow dissenting parties to propose a competing plan that serves their own interests. At this time, such a result would increase the administrative expenses in these Chapter 11 Cases, unnecessarily delay the confirmation process, and likely would result in less value to the Debtors' stakeholders. Thus, the Court should extend the Debtors' Exclusive Periods in order to ensure an orderly and value-maximizing confirmation process. *See In re Adelphia Comm'cns Corp.*, 336 B.R. 610, 677 (Bankr. S.D.N.Y. 2006) (preserving a debtors' exclusivity when there was no "meaningful alternative[]" to the debtors' plan).

6. Accordingly, Barings respectfully submits that cause exists under section 1121(d) of the Bankruptcy Code to extend the Debtors' Exclusive Filing Period and Exclusive Solicitation Period through and including October 17, 2023, and December 18, 2023, respectively, and supports the extension of such Exclusive Periods.

## Reservation of Rights

7. This Statement is submitted without prejudice to, and with full reservation of, Barings' rights, claims, defenses, and remedies, including the right to amend, modify, or

supplement this Statement, and without in any way limiting any other rights of Barings as may be appropriate. It is also submitted in reliance on the agreement in principle with the Debtors with respect to the treatment of Barings' Claims under the Plan. Barings reserves the right to amend or supplement this Statement.

Dated: August 8, 2023
Houston, Texas

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ C. Thomas Kruse

C. Thomas Kruse
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana St, Suite 4000
Houston, Texas 77002
Telephone: (713) 576-2400
Facsimile: (713) 576-2499
E-mail:  tom.kruse@arnoldporter.com

- and -

Michael D. Messersmith (admitted *pro hac vice*)
Brian J. Lohan (admitted *pro hac vice*)
Sarah Gryll (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
E-mail:  michael.messersmith@arnoldporter.com
         brian.lohan@arnoldporter.com
         sarah.gryll@arnoldporter.com

- and -

Jeffrey A. Fuisz (admitted *pro hac vice*)
Robert T. Franciscovich (admitted *pro hac vice*)
Madelyn A. Nicolini (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

E-mail:  jeffrey.fuisz@arnoldporter.com
robert.franciscovich@arnoldporter.com
madelyn.nicolini@arnoldporter.com

*Counsel to Barings BDC, Inc., Barings Capital Investment Corporation and Barings Private Credit Corp.*

**CERTIFICATE OF SERVICE**

    I certify that on August 8, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                               */s/ C. Thomas Kruse*
                                                               C. Thomas Kruse