# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: § | Chapter 11 |
| § | |
| CORE SCIENTIFIC, INC., *et al.*, § | Case No. 22-90341 (DRJ) |
| § | |
| § | (Jointly Administered) |
| Debtors.¹ § | |
| § | **Re: Docket No. 1062** |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE AD HOC GROUP TO THE DEBTORS' MOTION FOR ORDER APPROVING (I) GLOBAL SETTLEMENT BETWEEN DEBTORS AND HUBAND-MANTOR CONSTRUCTION, INC. AND (II) GRANTING RELATED RELIEF

The ad hoc group (the "Ad Hoc Group") of beneficial holders and/or investment advisors or managers of discretionary accounts that hold (i) secured convertible notes issued pursuant to that certain Secured Convertible Note Purchase Agreement, dated as of April 19, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, and including all related credit documents, the "April NPA", and the notes issued thereunder, the "April Secured Convertible Notes") and/or (ii) the secured convertible notes issued pursuant to that certain Convertible Note Purchase Agreement, dated on or about August 20, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, and including all related credit documents, the "August NPA", and the notes issues thereunder, the "August Secured Convertible Notes", and collectively with the April Secured Convertible Notes,

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR, LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

the "Convertible Notes" and the noteholders thereof, the "Convertible Noteholders"), each issued by Core Scientific, Inc. (as successor to or assignee of Core Scientific Holdings Co.), hereby submits this limited objection and reservation of rights (the "Limited Objection") to the *Debtors' Motion for Order Approving (I) Global Settlement Between Debtors and Huband-Mantor Construction, Inc. and (II) Granting Related Relief* [Docket No. 1062] (the "HMC Settlement Motion")[2] in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors") and, in support of the Limited Objection, states as follows:

## LIMITED OBJECTION

1. The Debtors filed the HMC Settlement Motion on July 14, 2023, pursuant to which they propose to settle pre- and post-petition claims held by Huband-Mantor Construction, Inc. ("HMC") against the Debtors (the "HMC Settlement"). The terms of the HMC Settlement include, among other things, (a) HMC's release of claims and liens against the Debtors, (b) a payment to HMC in the amount of $2,000,000, and (c) the execution of a promissory note in a principal amount of $15,500,000 (together with any and all other related documentation entered into connection therewith, the "Note Documentation") within five (5) calendars days after entry of the Proposed Order, which is to be secured by a duly executed leasehold deed of trust encumbering the Debtors' leasehold estate in the COT 1 Facility, in the same priority as the HMC Liens (the "Mortgage"). *See* HMC Settlement Motion ¶ 11.

2. While the Ad Hoc Group does not object to the economic substance of the HMC Settlement, the Ad Hoc Group finds it unusual that the Debtors are settling the applicable mechanics lien and other claims against the Debtors by entering into the HMC Settlement, given

---

[2] Capitalized terms used herein, but not defined have the meanings ascribed to such terms in the HMC Settlement Motion. The Ad Hoc Group has requested, and the Debtors have agreed, to extend the HMC Settlement Motion objection deadline, solely with respect to the Ad Hoc Group, to August 8, 2023.

that the result of the HMC Settlement (and in particular, the new debt instruments), is something that should be incorporated into a plan of reorganization. The HMC Settlement essentially provides for plan treatment outside of a confirmed plan.

3. Moreover, the Ad Hoc Group is concerned that the Debtors have not filed—and will not file—a proposed final execution version of the Note Documentation with the Bankruptcy Court. While the HMC Settlement Motion discloses certain key terms of the Note, without the execution version, the Ad Hoc Group is unable to make an informed determination as to (a) whether the HMC Settlement represents a valid exercise of the Debtors' business judgment and (b) whether there are terms therein that threaten the priority of the liens provided to the Convertible Noteholders under the Convertible Notes and the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 608] (the "Final Replacement DIP Order"). Given the lack of visibility, there is no guarantee that the final executed version of the Note Documentation will not contain any overly restrictive or burdensome terms that differ from or were not included in the HMC Settlement Motion. To the extent that the Note Documentation contains objectionable terms, by entry of the requested order in its current form, the Ad Hoc Group and other stakeholders will have no recourse with respect thereto.

4. Accordingly, the Bankruptcy Court should not enter the order approving the HMC Settlement Motion until the Note Documentation has been filed and subject to review and objection. To the extent the Bankruptcy Court approves the HMC Settlement Motion, any such relief should be conditioned upon the Debtors filing proposed execution versions of the Note

Documentation prior to the issuance and effectiveness thereof, and the terms of such Note Documentation should remain subject to the Ad Hoc Group's and other parties-in-interest's continuing rights to review and object to the extent such terms differ from those outlined in the HMC Settlement Motion.

## RESERVATION OF RIGHTS

5.      The Ad Hoc Group reserves its rights to supplement this Limited Objection and to respond to any filing of the Debtors, or any other party in interest the Chapter 11 Cases, either by further submission to this Bankruptcy Court, at oral argument or by testimony presented at the hearing to consider the HMC Settlement Motion.  The Ad Hoc Group further reserves the right to review and comment on any order with respect to the HMC Settlement Motion.

Date:  August 8, 2023
       Houston, Texas

Respectfully submitted

*/s/ James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Kristopher M. Hansen (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
Emily Kuznick (admitted *pro hac vice*)
Joanne Lau (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
       sayanbhattacharyya@paulhastings.com
       emilykuznick@paulhastings.com
       joannelau@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

4

**CERTIFICATE OF SERVICE**

I certify that on August 8, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James T. Grogan III*
James T. Grogan III