IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**STIPULATION AND AGREED ORDER
ON GEM MINING'S EMERGENCY MOTION
TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY
CONTRACTS OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**

This stipulation and order (the "**Stipulation**") is entered into by and between the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and GEM Mining 1, LLC and GEM Mining 4, LLC ("**GEM**" and together with the Debtors, the "**Parties**").  The Parties hereby stipulate and agree as follows:

**RECITALS**

A.    **WHEREAS**, on April 13, 2023, GEM filed *GEM Mining's Emergency Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, for Adequate Protection*, dated April 13, 2023 (Docket No. 787) (the "**GEM Motion**").

B.    **WHEREAS**, on April 13, 2023, the Court entered an order that (a) directed the Debtors to "continue to provide uninterrupted service to Gem under the relevant agreements

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

pending further order," (b) scheduled a hearing for May 22, 2023, at 10:30 a.m. (Prevailing Central Time), and (c) directed the Parties to produce to the Court certain communications between the Parties.

C.      **WHEREAS**, on May 4, 2023, the Debtors filed the *Debtors' Objection to GEM Mining's Emergency Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, for Adequate Protection* (Docket No. 856) (the "**Debtors' Objection**").

D.      **WHEREAS**, Prior to and following the May 22 hearing, the Parties agreed to adjourn the hearing to August 16, 2023 at 3:00 p.m. (Prevailing Central Time) while they engaged in global settlement negotiations.

E.      **WHEREAS**, the Debtors have decided, subject to the approval of the Bankruptcy Court, to deem the GEM Mining Contracts (as defined in the GEM Motion) rejected as of September 30, 2023, without prejudice to the Debtors' ability to assert that the GEM Mining Contracts terminated as of September 30, 2023, and also subject to GEM's ability to assert a claim for rejection damages in connection therewith.

**IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      The GEM Contracts shall be deemed rejected as of September 30, 2023, and the Debtors' right to assert that the GEM Contracts have terminated, and GEM's right to assert rejection damages, are hereby reserved, which for the avoidance of doubt shall include, but not be limited to, (i) whether the GEM Contracts were terminated in accordance with their terms or whether this Stipulation constitutes a rejection, or (ii) either Parties' right to assert a claim for damages in connection herewith.  Nothing in this Stipulation shall be construed to modify the Debtors' obligations or responsibilities, if any, under the GEM Mining Contracts with respect to

the termination of the GEM Mining Contracts, including any obligation to provide GEM notice of a breach of the GEM Mining Contracts or an opportunity to cure any alleged breach.[2]

2. The Court's previous order that the Debtors shall continue to provide uninterrupted service to GEM under the GEM Contracts pending further order shall continue through September 30, 2023.

3. Pursuant to Bankruptcy Rule 3002(c)(4), the deadline for GEM to file a claim for rejection damages, if any, shall be **October 30, 2023, at 5:00 p.m. (Prevailing Central Time)**.

4. The GEM Motion is now moot, and the hearing on the GEM Motion scheduled for August 16, 2023 at 3:00 p.m. (CT) is now cancelled.

5. In accordance with the procedure outlined in Paragraph 7 of this Stipulation, Core shall palletize GEM's machines for pickup as follows:

| Entity | Number of Units | Power-Down Date | Pickup Date |
| --- | --- | --- | --- |
| Gem 4 | 1,082 units | Aug. 14, 2023 | Aug. 21, 2023 |
| Gem 4 | 2,024 units | Aug. 25, 2023 | Sept. 8, 2023 |
| Gem 1 | 7,354 units | Sept. 29, 2023 | Oct. 10, 2023 |

6. Any machines in the repair center will likewise be palletized and returned to GEM.[3]

7. Notwithstanding any provisions of the GEM Mining Contracts to the contrary, the Parties shall follow the following procedure regarding the palletization and collection of GEM's rigs: the Debtors will derack, palletize, and shrink wrap the GEM Mining rigs and load such pallets

---

[2] For the avoidance of doubt, GEM disputes any contention that the Debtors have terminated the GEM Contracts or that cause exists for the Debtors to terminate the GEM Contracts.

[3] In the event GEM is entitled to rejection damages, the Parties reserve all their rights with respect to the impact the removal of rigs outlined in Paragraph 5 of this Stipulation has on any potential rejection damage claim.

on trucks provided by GEM Mining, all at the Debtors' expense and using commercially reasonable industry standards.

8. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of the non-Debtor affiliates or GEM regarding any claim or cause of action arising from or related to the GEM Motion or any other matter. Furthermore, nothing contained in this Order is intended to be or shall be deemed as (a) an admission as to the validity of any claim against the Debtors or GEM, (b) a waiver of the Debtors', GEM's, or any appropriate party in interest's right to dispute the amount of, basis for, or validity of any claim, or (c) a waiver of the Debtors', GEM's, or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Court.

13. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

Dated: _____
      Houston, Texas

                                        _____
                                        THE HONORABLE DAVID R. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Agreed Order as of the date set forth below.

Date:   August 14, 2023

| | |
|---|---|
| */s/  Evan N. Parrott* | */s/ Alfredo R. Pérez* |
| MAYNARD NEXSEN, P.C. | WEIL, GOTSHAL & MANGES LLP |
| Stephen C. Jackson (24090637) | Alfredo R. Pérez (15776275) |
| 1901 Sixth Avenue North, Suite 1700 | Clifford W. Carlson (24090024) |
| Birmingham, AL 35203 | 700 Louisiana Street, Suite 1700 |
| Telephone: (205) 254-1000 | Houston, Texas 77002 |
| Email:  sjackson@maynardnexsen.com | Telephone:  (713) 546-5000 |
| | Facsimile:   (713) 224-9511 |
| -and- | Email:  Alfredo.Perez @weil.com |
| | Clifford.Carlson@weil.com |
| MAYNARD NEXSEN, P.C. | |
| Evan N. Parrott (admitted *pro hac vice*) | |
| 11 North Water Street | -and- |
| RSA Battle House Tower, Suite 24290 | |
| Mobile, AL 36602 | WEIL, GOTSHAL & MANGES LLP |
| Telephone:  (251) 432-0001 | Ray C. Schrock (admitted *pro hac vice*) |
| Email:         eparrott@maynardnexsen.com | Ronit J. Berkovich (admitted *pro hac vice*) |
| | 767 Fifth Avenue |
| *Attorneys for GEM* | New York, New York 10153 |
| | Telephone:  (212) 310-8000 |
| | Facsimile:   (212) 310-8007 |
| | Email: Ray.Schrock@weil.com |
| | Ronit.Berkovich@weil.com |
| | |
| | *Attorneys for Debtors* |
| | *and Debtors in Possession* |