**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **CORE SCIENTIFIC, INC., *et al.,*** | § § | **Case No. 22-90341 (DRJ)** |
| | § § | **(Jointly Administered)** |
| **Debtors.**[1] | § § § | |

**SUMMARY COVERSHEET TO SECOND INTERIM FEE APPLICATION OF**
**WEIL, GOTSHAL & MANGES LLP, ATTORNEYS FOR DEBTORS,**
**FOR THE PERIOD FROM APRIL 1, 2023 TO JUNE 30, 2023**

| | | |
|---|---|---|
| **Name of Applicant:** | **Weil, Gotshal & Manges LLP** | |
| **Applicant's Role in Case:** | Attorneys for Debtors | |
| **Docket No. of Employment Order:** | Docket No. 504 | |
| **Interim Application (x)   No. __2nd__** **Final Application ( )** | Second Interim Fee Application | |
| | **Beginning Date** | **End of Period** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 4/1/23 | 6/30/23 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  Yes** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? Yes** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? Yes** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred?  Yes** | | |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| **Total professional fees requested in this Application:** | $7,770,085.50 | |
| **Total professional hours covered by this Application:** | 6,364.400 | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

| | |
|---|---|
| **Average hourly rate for professionals:** | $1,220.87 |
| **Total paraprofessional fees requested in this Application:** | $143,421.50 |
| **Total paraprofessional hours covered by this Application:** | 306.70 |
| **Average hourly rate for paraprofessionals:** | $467.63 |
| **Total fees requested in this Application:** | $7,913,507.00 |
| **Total expense reimbursements requested in this Application:** | $51,423.21 |
| **Total fees and expenses requested in this Application:** | $7,964,930.21 |
| **Total fees and expenses awarded in all prior Applications:** | $10,084,264.57 |

**Plan Status:**  On August 8, 2023 the Debtors filed an Amended Plan and Disclosure Statement.  The hearing for the Disclosure Statement is scheduled for September 5, 2023 at 3:30 p.m. (Prevailing Central Time).

**Primary Benefits:**  As lead counsel to the Debtors, Weil has guided the Debtors through the chapter 11 process, including, among other things, (i) preparing and filing the Initial Plan and the Original Disclosure Statement; (ii) obtaining Court approval of an extension of the Debtors' exclusivity periods; (iii) negotiating settlements with numerous stakeholders, including the Atalaya Settlement; (iv) negotiating a potential settlement with Celsius; (v) continuing to analyze contracts and leases; (vi) frequent communications with key creditor groups and providing their constituents and advisors with due diligence; and (vii) continuing the claims reconciliation process, including filling various claims objections.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**SECOND INTERIM FEE APPLICATION OF WEIL, GOTSHAL &**
**MANGES LLP, ATTORNEYS FOR DEBTORS, FOR INTERIM ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**
<u>**FROM APRIL 1, 2023 THROUGH AND INCLUDING JUNE 30, 2023**</u>

---

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

Weil, Gotshal & Manges LLP ("**Weil**"), attorneys for Core Scientific, Inc. and its

debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession

(collectively, the "**Debtors**"), hereby files its second application (this "**Application**") for interim

allowance of compensation for professional services performed by Weil during the period

commencing April 1, 2023 through and including June 30, 2023 (the "**Compensation Period**") in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

the amount of $7,913,507.00, and for reimbursement of its actual and necessary expenses in the amount of $51,423.21 incurred during the Compensation Period, and respectfully represents as follows:

**Preliminary Statement**

1.     During the Compensation Period, Weil's professionals guided the Debtors through the chapter 11 process, including, among other things: (i) preparing, revising and filing the *Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 974) (the "**Initial Plan**"), including negotiations with all key creditor groups relating thereto; (ii) preparing, revising and filing the *Disclosure Statement for Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 975) (the "**Original Disclosure Statement**"); (iii) obtaining Court approval of an extension of the Debtors' exclusivity periods; (iv) negotiating settlements with numerous creditors asserting claims and liens against the Debtors, including but not limited to Condair Inc. ("**Condair**"), J.W. Didado Electric, LLC ("**Didado**"); Huband Mantor Construction ("**HMC**"), and Trilogy, LLC ("**Trilogy**"), settling a millions of dollars in claims against Debtors (collectively, the "**Settlements**"); (v) obtaining Court approval of the a motion to employ a new President; (vi) negotiating and filing a motion seeking approval of the settlement with ACM ELF ST LLC ("**Atalaya**") resolving significant claim against the estates and preserving the Debtors' relationship with a significant counterparty (the "**Atalaya Settlement**"); (vii) negotiating a potential settlement with Celsius Mining, LLC ("**Celsius**") that would resolve significant claims against the Debtors' estates; (viii) continuing to analyze contracts and leases and filing motions to reject certain contracts and leases; (ix) frequent communication with key creditor groups relating to the chapter 11 cases, including, the official committee of unsecured creditors (the "**Creditors' Committee**"), the official committee of equity holders (the

2

"**Equity Committee**"), the Ad Hoc Noteholder Group[2], the DIP Lenders, the Debtors' primary equipment lenders (the "**Equipment Lenders**"), and other stakeholders, including their respective professionals, and providing their constituents and advisors with due diligence; (x) continuing the claims reconciliation process and appropriately size the claims pool in connection with a plan of reorganization; and (xi) filling claims objections to various filed claims against the Debtors, including objections to proofs of claims filed by Celsius, Sphere 3D ("**Sphere**"), Morgan Hoffman, and Gem Mining 1, LLC, GEM Mining 2B, LLC, GEM Mining 4, LLC, GEM Mining 2, LLC (collectively, "**GEM**").

2.      The professional services performed and expenses incurred by Weil during the Compensation Period were actual and necessary to preserve and protect the value of the Debtors' estates and minimize any negative impact of the restructuring.  Given the circumstances of these chapter 11 cases, Weil's charges for professional services performed and expenses incurred are reasonable and appropriate under applicable standards.  Weil respectfully requests that the Court grant this Application and allow interim compensation for professional services performed and reimbursement for expenses incurred.

## Relief Requested

3.      This Application has been prepared in accordance with sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*

---

[2] Capitalized terms used but not defined in the Motion shall have the meanings ascribed to such terms in the Initial Plan and Amended Plan.

(the "**Fee Guidelines**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Docket No. 541) (the "**Interim Compensation Order**").  The Debtors request approval of Weil's Application.

4.      A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

## Jurisdiction

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

6.      On December 21, 2022 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

8.      On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**"), appointed the Creditors' Committee in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.  On March 23, 2023, the U.S. Trustee appointed the Equity Committee in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

9.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

10.     On June 20, 2023 the Debtors filed the Initial Plan and the Original Disclosure Statement.  On August 8, 2023 the Debtors filed *Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1115) (the "**Amended Plan**") and the *Disclosure Statement for Joint Chapter 11 Plan of Core Scientific, Inc. and Its Debtor Affiliates* (Docket No. 1116) (the "**Disclosure Statement**").

### Debtors' Retention of Weil

11.     On January 15, 2023, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* (Docket No. 286) (the "**Retention Application**").  On February 8, 2023, the Court entered an order approving the Retention Application (Docket No. 504) (the "**Retention Order**").  The Retention Order authorizes Weil to provide the following services to the Debtors:

a) take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

b) prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

c) take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

d) if necessary, take all appropriate actions in connection with the sale of any or all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code, or otherwise; and

e) perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided, however*, that to the extent Weil determines that such services fall outside of the scope of services historically or generally

performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

(Retention Order ¶ 2.)

### Summary of Professional Compensation and Reimbursement of Expenses Requested

12.     Weil seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $7,913,507.00 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $51,423.21. During the Compensation Period, Weil attorneys, paraprofessionals, and other non-legal staff expended a total of 6,671.10 hours in connection with the necessary services performed.  During the Compensation Period, Weil voluntarily reduced the amount of fees requested by $35,450.16.

13.     There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.  During the Compensation Period, Weil received no payment or promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

14.     As set forth in the Retention Application, prior to the Petition Date, the Debtors paid fee advances to Weil for professional services to be performed and expenses to be incurred in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11 (the "**Fee Advance**").  Based on a reconciliation of all charges and expenses through the date of this Application, the balance of the Fee Advance as of the date of this Application is $0.00.

15.     The fees charged by Weil in these cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period.  The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11

cases are no greater than the rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters in a competitive national legal market.

## Supporting Documents

16.     Attached hereto as **Exhibit B** is the Certification of Ronit J. Berkovich, a partner of Weil (the "**Berkovich Certification**"), regarding Weil's compliance with the Fee Guidelines.

17.     Attached hereto as **Exhibit C** is a schedule of all Weil attorneys and paraprofessionals who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith (the "**Schedule of Professional Fees**").

18.     Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these chapter 11 cases.  Attached hereto as **Exhibit D** is a schedule of Weil's computerized time records billed during the Compensation Period using project categories hereinafter described in the format specified by the Fee Guidelines (the "**Time Records**").

19.     Attached hereto as **Exhibit E** is an itemized schedule of the expenses for which Weil is seeking reimbursement and a summary specifying the categories of expenses included in the schedule and the total amount for each such expense category (the "**Expenses**").

20.     Attached hereto as **Exhibit F** is a summary and comparison of the aggregate blended hourly rates billed by Weil's New York and Houston timekeepers to non-bankruptcy matters during the prior twelve-month period ending July 31, 2023 and the blended hourly rates billed to the Debtors during the Compensation Period (the "**Blended Rate Comparison Chart**").

21.     Weil discussed its rates, fees, and staffing with the Debtors at the outset of these cases and has continued to discuss staffing and fees with the Debtors throughout these cases. Attached hereto as **Exhibit G** is a budget prepared in connection with Weil's representation of the Debtors during the Compensation Period (the "**Budget**").

22.     Attached hereto as **Exhibit H** is a summary of Weil's staffing plan. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the prosecution of the Debtors' chapter 11 cases, preservation of the Debtors' assets, and other matters described herein.

23.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

### Summary of Services Performed by
### Weil During Compensation Period

24.     During the Compensation Period, Weil devoted substantial resources and rendered significant professional services to ensure that, among other things, the Debtors would be able to continue to operate their business without interruption in these chapter 11 cases, prepared and filed the Initial Plan and Original Disclosure Statement, negotiated a potential settlement with Celsius; negotiated other key Settlements, and filed numerous claims objections including against, Celsius, Sphere 3D, Gem, and others.  The following is a summary of the significant professional

services, among others, rendered by Weil during the Compensation Period, organized in accordance with Weil's internal time-tracking system, and broken down by task code:[3]

    a.    <u>Automatic Stay (Task Code 004)</u>
        Fees:  $80,319.00; Total Hours:  82.50

- Strategized and analyzed issues relating to North Mill Equipment Finance LLC's ("**North Mill**") *Motion for Relief from Automatic Stay Regarding Equipment, or Alternatively, Motion for Adequate Protection* (the "**North Mill Stay Relief Motion**");

- Reviewed background materials regarding the North Mill Stay Relief Motion, conducted research, and corresponded internally, with the Debtors and with North Mill counsel in connection therewith;

- Drafted, reviewed, filed, and prepared for the hearing on the *Debtors' Objection to North Mill Equipment Finance LLC's Motion for Relief from the Automatic Stay or Alternatively Motion for Adequate Protection* (Docket No. 879);

- Negotiated, drafted, reviewed, and filed the *Joint Stipulation and Agreed Order Setting an Objection Deadline With Respect to North Mill Equipment Finance LLC's Motion To Lift The Automatic Stay* (Docket No. 897); and

- Negotiated, drafted, filed and received Court approval of the *Stipulation and Order Granting LV, Net LLC Limited Relief from the Automatic Stay* (Docket No. 997) and discussed, internally and with the Debtors and their advisors relating to the implementation of therewith.

    b.    <u>Bar Date and Claim Matters (Task Code 005)</u>
        Fees:  $1,251,704.50; Total Hours:  1,017.10

- Researched various topics related to claim matters;

- Reviewed filed claims and strategized approaches to filed claims;

- Strategized and researched issues relating to claims settlement procedures and omnibus claim objection procedures;

---

[3] If a task code does not appear, then Weil did not bill significant time for that task code during the Compensation Period, but may bill time for that task code in the future.

- Drafted, filed, and obtained Court approval of *Motion of Debtors for Entry of an Order Authorizing and Approving Procedures for Settling Certain Claims and Causes of Action of the Debtors* (Docket No. 781);

- Drafted, filed, and obtained Court approval of *Motion of Debtors for Entry of an Order (I) Approving Omnibus Claims Objections Procedures and Filing of Substantive Omnibus Claims Objections, (II) Waiving the Requirement of Bankruptcy Rule 3007€(6), and (III) Granting Related Relief* (Docket No. 782) and drafted documents in connection therewith;

- Strategized and researched issues relating to objections to filed claims;

- Drafted, revised, and filed numerous claim objections, including but not limited to, Celsius, Sphere 3D, Morgan Hoffman, Bryce Johnson, and GEM (Docket Nos. 819, 854, 869, 871, 1080);

- Strategized, analyzed, and prepared for hearing on various issues relating to GEM and drafted and filed motions and replies in connection therewith (Docket Nos. 856, 862, 888, 889, 906, 926) and corresponded internally and with GEM counsel in connection therewith;

- Strategized, analyzed, and prepared for scheduling conference on various issues relating to Sphere 3D, conducted research regarding same, and drafted and filed motions and replies in connection therewith (Docket Nos. 869, 870 951, 956, 959, 1094) and corresponded internally and with Sphere 3D counsel in connection therewith;

- Drafted various other claims objections and conferred internally, with the Debtors, and with the Debtors' other advisors in connection therewith;

- Coordinated with the claims and noticing agent in these cases, Stretto, Inc. ("**Stretto**"), regarding claims objections and related notices;

- Coordinated with the Debtors and the Debtors' other advisors regarding claims analysis, including claim sizes and claim reconciliation;

- Negotiated, drafted, and revised, the Settlements' term sheets and drafted motions in connection therewith (Docket Nos. 1057, 1058, 1061, 1062); and

- Corresponded with creditors regarding claims and potential settlements in connection therewith.

c. <u>Case Administration (WIP Updates and Calendar Updates Only) (Task Code 006)</u>
Fees:  $64,361.50; Total Hours:  66.50

- Drafted and filed master service list on behalf of the Debtors; and

- Prepared and regularly updated case calendars, comprehensive work-in-process lists, and other chapter 11 resources for the Debtors and Weil teams.

d. <u>Celsius Matters (Task Code 007)</u>
Fees:  $1,054,254.00; Total Hours:  912.60

- Developed general strategy regarding matters related to Celsius and its and its affiliates' chapter 11 cases, styled as *In re Celsius Network LLC*, et al., Case No. 22-10964 (MG) (Bankr. S.D.N.Y.) (the "**Celsius Chapter 11 Cases**");

- Coordinated among Weil practice groups and conferred with the Debtors' other advisors, and the Debtors regarding the Celsius Chapter 11 Cases;

- Reviewed the Celsius Chapter 11 Cases docket, analyzed pleadings filed thereon, observed and summarized hearings in the Celsius Chapter 11 Cases, conferred internally regarding same, in each case regarding issues relevant to the Debtors;

- Researched, drafted, and filed *Debtors' Objection to Proof of Claim Nos. 425 and 497 filed by Celsius Mining LLC* (Docket No. 819) and declarations and exhibits in connection therewith (the "**Debtors POC Objection**");

- Researched, drafted, and filed *Debtors' Objection to Celsius Mining LLC's Motion for Entry of an Order (I) Allowing and Directing Payment of Its Administrative Expense Claim Pursuant to 11 U.S.C. 503(B)(1)(A) and (II) Granting Related Relief* (Docket No. 861) and declarations and exhibits in connection therewith (the "**Debtors' Objection to Celsius Administrative Expenses**");

- Researched, drafted, and filed *Debtors' Motion for Partial Summary Judgment with Respect to Proof of Claim Nos. 425 and 497 Filed By Celsius Mining LLC* (Docket No. 942), declarations, exhibits, and replies in connections therewith (the "**Debtors' Partial SJ Motion**", together with the Debtors' POC Objection and with the Debtors' Objection to Celsius Administrative Expenses, the "**Celsius Documents**");

11

- Prepared for the mediation on various issues relating to the Celsius Documents and the other issues in these chapter 11 cases and in the Celsius Chapter 11 Cases and coordinated with the Debtors and their other advisors and negotiated and corresponded with Celsius advisors therewith;

- Conferred with Weil practice groups, the Debtors, and the Debtors' other advisors regarding, and reviewed and analyzed documents in connection with, the Celsius Documents;

- Negotiated and drafted a potential settlement term sheet with Celsius related to the Celsius Chapter 11 Cases and these Chapter 11 Cases, including among other things, regarding the parties' respective proofs of claim, and conferred with Weil practice groups, the Debtors' other advisors, the Debtors, and Celsius' advisors regarding the same, and analyzed and revised documents relating to the foregoing; and

- Researched various topics relating to Celsius matters and general strategy regarding Celsius and the Celsius Chapter 11 Cases, including relating to the foregoing.

e.  <u>Chapter 11 Plan / Confirmation / Implementation / Plan Supplement (Task Code 008)</u>
Fees:  $1,852,636.50; Total Hours:  1,466.60

- Prepared and revised drafts of the Initial Plan and corresponded and coordinated with the Debtors and their other advisors in connection therewith;

- Negotiated and corresponded with various stakeholder advisors in connection with the Initial Plan and drafted various related documents in connection therewith;

- Strategized and researched various legal issues relating to the Initial Plan and the Amended Plan;

- Drafted and negotiated non-disclosure agreements with potential providers of exit financing, their advisors and various stakeholders;

- Analyzed, reviewed and considered exit financing proposal relating to the Initial Plan and related transactions and coordinated with the Debtors and their other advisors and negotiated and corresponded with various stakeholders and their advisors therewith; and

- Conducted an investigation of claims and releases in connection with the Initial Plan.

12

f.   <u>Corporate Governance / Securities / Equity Matters (Task Code 009)</u>
     Fees:  $507,246.00; Total Hours:  409.60

  - Prepared materials for, and participated in, regular meetings of Debtors' board of directors (the "**Board**") and the special committee of independent directors of the Board (the "**Special Committee**");

  - Drafted minutes of Board and Special Committee meetings;

  - Conferred internally with Weil practice groups and the Debtors regarding corporate governance and securities matters in connection with the Initial Plan; and

  - Prepared, reviewed, and filed securities documents, including but not limited to SEC filings, for the Debtors.

g.   <u>DIP Financing / Cash Collateral / Cash Management (Task Code 011)</u>
     Fees:  $77,020.00; Total Hours:  54.90

  - Analyzed and strategized issues relating to the debtor-in-possession documents with the Debtors and the Debtors' other advisors and in connection with claims, potential settlements, and the Initial Plan; and

  - Communicated among Weil practice groups, the Debtors, the Debtors' other advisors, and other constituents with respect to the debtor-in-possession, and the related budget/variance reports.

h.   <u>Disclosure Statement / Solicitation / Voting (Task Code 012)</u>
     Fees:  $431,689.00; Total Hours:  425.80

  - Prepared draft of and filed the Original Disclosure Statement and solicitation materials;

  - Conferred with the Debtors and their other advisors in connection with the Original Disclosure Statement and solicitation of the Plan;

  - Conferred with the Debtors and their other advisors in connection with exhibits to the Original Disclosure Statement, including but not limited to liquidation analysis and financial projections;

  - Prepared draft of the motion seeking approval of the Original Disclosure Statement and conferred with the Debtors and their other advisors in connection therewith;

  - Researched and analyzed issues in connect with solicitation; and

  - Coordinated with Stretto regarding ballots and other solicitation matters in connection with the Original Disclosure Statement.

13

i.   Employee Matters (Task Code 013)
     Fees:  $146,092.00; Total Hours:  109.80

- Drafted, filed, and obtained approval of *Motion of Debtors for Entry of Order (I) Authorizing Debtors to Enter into Employment Agreement with Adam Sullivan and (II) Granting Related Relief* (Docket No. 774) (the "**Employment Motion**") and reviewed and revised employment agreement and offer letter;

- Conferred with the Debtors and their other advisors in connection the Employment Motion;

- Drafted and coordinated with the Debtors regarding an employment agreement and offer letter therewith for Mr. Sullivan;

- Corresponded with and addressed U.S. Trustee due diligence requests, and information requests from other parties, concerning the Employment Motion;

- Researched, analyzed, and drafted a management incentive plan in connection with the Plan and conferred with the Debtors and their other advisors in connection therewith;

- Researched and analyzed various employee-related issues; and

- Conferred with Weil practice groups and the Debtors regarding employee-related matters outside of and in connection with the Initial Plan.

j.   Equipment Financing and Leases (Task Code 014)
     Fees:  $185,921.00; Total Hours:  159.00

- Prepared for and attend standing calls with Equipment Lenders' advisors;

- Reviewed and analyzed equipment loans and leases, conducted research re same, and communicated internally in connection therewith;

- Drafted and negotiated non-disclosure agreements with Equipment Lenders and their advisors;

- Communicated with Equipment Lenders and lessors regarding claims, treatment under the Initial Plan, and other issues; and

- Communicated amongst the various Weil practice groups, the Debtors, and the Debtors' other advisors regarding equipment loans and leases issues.

k.   <u>Exclusivity (Task Code 015)</u>
     Fees:  $106,626.00; Total Hours:  93.20

- Drafted, filed, prepared for, and attended hearing on *Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(D) of the Bankruptcy Code* (Docket No. 773) (the "**First Exclusivity Motion**") and coordinated internally and with the Debtors and their other advisors in connection therewith;

- Drafted and filed *Debtors' Reply to Objection to Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(D) of the Bankruptcy Code and Statement in Further Support of the Motion* (Docket No. 912) and declaration and presentation to the Court in connection therewith and coordinated internally and with the Debtors and their other advisors in connection therewith;

- Correspondences with various stakeholders in connection with the First Exclusivity Motion and the revised order for the First Exclusivity Motion;

- Drafted *Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(D) of the Bankruptcy Code* (Docket No. 1065) (the "**Second Exclusivity Motion**"); and

- Corresponded internally, with the Debtors' and their other advisors regarding the Second Exclusivity Motion.

l.   <u>Executory Contracts / Leases / Real Property / Other 365 Matters (Task Code 016)</u>
     Fees:  $693,501.00; Total Hours:  588.90

- Conducted due diligence review of certain agreements and leases;

- Obtained Court approval of the *Debtors' Omnibus Motion for Order (I) Authorizing Rejection of Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (Docket No. 667);

- Drafted, filed, and obtained Court approval of the *Motion of Debtors for Authority to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 775);

- Drafted, reviewed, and filed the Atalaya Settlement (Docket No. 1021);

- Drafted and/or reviewed and analyzed various real estate documents, including leases and easements;

- Reviewed and drafted loan documents in connection with various amendments and analyzed legal issues related therewith;

- Conducted legal analysis relating to mechanics liens and other real estate issues and communications internally, with Debtors, and their other advisors in connection therewith;

- Corresponded with third parties regarding various topics related to real estate matters; and

- Conferred with Weil practice groups, the Debtors, and the Debtors' other advisors regarding various real estate topics.

m.     <u>General Case Strategy (Including WIP and Team Meetings) (Task Code 017)</u>
Fees: $191,370.50; Total Hours: 150.80

- Prepared for and participated in meetings and on teleconferences with the Debtors' management team and the Debtors' other advisors to discuss case strategy and coordination, Court filings and hearings, transaction negotiations, business-related issues, and numerous other case issues and pending matters; and

- Conducted numerous internal team meetings, conferences and teleconferences regarding the status and administration of the Debtors' chapter 11 case, general case strategy, and various work streams regarding the matters described in this Application.

n.     <u>Hearings and Court Matters (Task Code 018)</u>
Fees: $252,943.00; Total Hours: 232.70

- Prepared for and represented the Debtors at hearings and status conferences, including the Celsius hearings, the exclusivity hearing, the June 29, 2023 status conference, hearings on claim disputes, including North Mill, Gem and Sphere 3D, and numerous other hearings regarding various issues related to these chapter 11 cases;

- Prepared and filed documents for hearings, and coordinated service of various motions, notices, and other documents for hearings, including agendas, proposed agendas, proposed orders, certificates of no objection, and witness and exhibit lists; and

- Consulted with the Court's chambers regarding case matters and prepared materials for the court.

o.     <u>Non-Bankruptcy Litigation (Task Code 020)</u>
Fees: $203,427.00; Total Hours: 204.50

- Obtained Court approval of the *Debtors' Motion for an Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions and (II) Granting Related Relief* (Docket No. 660);

- Implemented the settlement with Priority Power Management, Inc. ("**PPM Settlement**") in connection with the Court order approving the *Debtors' Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Priority Power Management, LLC, (II) Assumption of the EMCSA, (III) Entry into the New Agreements and (IV) Granting Related Relief* (Docket No. 655) (the "**PPM Settlement Motion**");

- Discussed with the Debtors and their advisors implementation of the PPM Settlement;

- Researched various topics and reviewed various documents related to non-bankruptcy litigation; and

- Corresponded with Weil practice groups, the Debtors, and Debtors' other advisors regarding various non-bankruptcy litigation.

p.    <u>Retention / Fee Applications: Weil (Task Code 025)</u>
Fees:  $203,622.00; Total Hours:  226.00

- Drafted, filed and obtained Court approval of the *First Interim Fee Application of Weil, Gotshal & Manges LLP, Attorneys for Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from December 21, 2022 Through and Including March 31, 2023* (Docket No. 955);

- Reviewed time records and disbursements for compliance with U.S. Trustee Guidelines; and

- Drafted and reviewed Weil monthly fee statements.

q.    <u>Secured Noteholder Issues / Meetings / Communications (Task Code 026)</u>
Fees:  $68,957.00; Total Hours:  61.10

- Researched, analyzed and advised the Debtors on various issues related to the Debtors' convertible notes;

- Prepared for and attend standing calls with the advisors to the Ad Hoc Noteholder Group;

- Drafted and negotiated non-disclosure agreements with certain members of the Ad Hoc Noteholder Group and their advisors;

- Communicated with advisors to the Ad Hoc Noteholder Group concerning various issues in Debtors' chapter 11 cases; and

17

- Corresponded internally with Weil practice groups, the Debtors' other advisors, and third parties' counsel regarding secured noteholder issues.

r.  Tax Matters (Task Code 027)
    Fees: $315,299.00; Total Hours: 205.20

- Reviewed and analyzed various tax matters, including tax issues including but not limited to claims, the Debtors' business plan, the Initial Plan, and convertible notes;

- Drafted and reviewed a tax model in connection with the Initial Plan and Original Disclosure Statement;

- Addressed tax authority inquiries; and

- Corresponded with Weil practice groups, the Debtors, and the Debtors' professionals regarding various tax issues.

s.  US Trustee / MORs / Schedules & SOFAs / 2015.3 Reports (Task Code 029)
    Fees: $76,953.00; Total Hours: 82.40

- Assisted the Debtors and their professionals with preparation of and filed the Debtors' monthly operating reports; and

- Communicated with the Debtors advisors and various stakeholders' advisors regarding monthly operating reports and related issues.

25.    In connection with the foregoing, Weil prepared, on behalf of the Debtors, all necessary motions, applications, orders, notices, responses, and other papers in support of positions taken by the Debtors and in compliance with applicable law.

26.    The foregoing professional services were necessary and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services performed by Weil were in the best interests of the Debtors and their stakeholders.  Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in these cases.  All of Weil's professional services were performed skillfully and efficiently.

27.     The professional services performed by Weil's partners, counsel, associates, and paraprofessionals were rendered by the Restructuring, Corporate, Litigation, and Tax, Benefits & Executive Compensation Departments, predominantly in the New York and Houston offices.  Weil has a preeminent Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of distressed entities.

28.     The professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of approximately 6,617.10 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, approximately 2,027.50 recorded hours were expended by partners and counsel of Weil, approximately 4,336.90 recorded hours were expended by associates, and approximately 306.70 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.  Of the sixty-seven (67) Weil attorneys who billed time, twenty-one (21) billed fewer than 15 hours to this matter.  Of the sixteen (16) Weil paraprofessionals and non-legal staff who billed time, twelve (12) billed fewer than 15 hours to this matter.

29.     During the Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $750.00 to $2,095.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate for Weil attorneys in this Application of approximately $1,220.87 based on 6,364.40 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services.

**<u>Actual and Necessary Disbursements of Weil</u>**

30.     As set forth in **<u>Exhibit E</u>** attached hereto, Weil has disbursed $51,423.210 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to the overall administration of these cases.

31.     Although Weil has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from Weil's offices.  Weil's regular practice is not to include components of those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the Fee Guidelines or the Bankruptcy Local Rules.

32.     With respect to photocopying expenses, in compliance with the Fee Guidelines and Local Rule 2016-1, Weil charges all of its clients ($0.10) per black-and-white page; Weil charges ($0.50) per color page.  With respect to legal research, Weil does not charge more than the actual cost.  Each of these categories of expenses does not exceed the maximum rate set by the Fee Guidelines or the Bankruptcy Local Rules.  These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into Weil's hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit E** are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients that do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service.  A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

33.     On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services.  These disbursements are not included in Weil's overhead for the purpose of setting billing rates.

34.     Weil has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were those that were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates and creditors.

### Requested Compensation Should Be Allowed

35.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

36.     The Court of Appeals has held that the six factors found in section 330(a)(3) of the Bankruptcy Code are to be considered when awarding compensation to professionals.  *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012).  Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

21

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

37.     In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

38.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.  Not only were Weil's professional services performed skillfully and efficiently, but whenever possible, Weil sought to minimize the cost of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.  In addition, groups of the same Weil attorneys were utilized for similar tasks in these cases to minimize the costs of intra-Weil communication and education about the Debtors' circumstances.  As described above, the complexity of these cases required the use of specialists in tax, banking and finance, mergers and acquisitions, capital markets, litigation, employee benefits, and other areas to achieve the progress the Debtors have reached thus far in these chapter 11 cases.

39.     In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the types of issues involved in these chapter 11 cases.  Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

## Notice

40.     Notice of this Application will be provided in accordance with the procedures set forth in the Interim Compensation Order.  The Debtors respectfully submit that no further notice is required.

## Conclusion

41.     Weil respectfully requests that the Court award interim allowance of Weil's compensation for professional services rendered during the Compensation Period in the amount of $7,913,507.00, representing 100% of fees incurred during the Compensation Period, and reimbursement in the amount of $51,423.21 representing 100% of actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Period in the event such fees and expenses were not processed at the time of this Application and grant such other and further relief as is proper and just.

Dated: August 14, 2023
Houston, Texas

_/s/ Alfredo R. Pérez_

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez@weil.com
           Clifford.Carlson@weil.com

– and –

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted _pro hac vice_)
Ronit J. Berkovich (admitted _pro hac vice_)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Ray.Schrock@weil.com
           Ronit.Berkovich@weil.com

_Attorneys for Debtors_
_and Debtors in Possession_

## <u>Certificate of Service</u>

I hereby certify that on August 14, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

_/s/ Alfredo R. Pérez_
Alfredo R. Pérez