**Exhibit B**

**Berkovich Certification**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**CERTIFICATION OF RONIT J. BERKOVICH IN SUPPORT OF
SECOND INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP,
AS ATTORNEYS FOR DEBTORS, FOR ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FROM
APRIL 1, 2023 THROUGH AND INCLUDING JUNE 30, 2023**

I, Ronit J. Berkovich, hereby certify that:

1. I am a Partner of the firm, Weil, Gotshal & Manges LLP ("**Weil**"). Weil maintains offices at, among other places, 700 Louisiana Street, Suite 1700, Houston, Texas 77002 and 767 Fifth Avenue, New York, New York 10153.

2. This certification ("**Certification**") is made in connection with Weil's fee application, dated August 14, 2023 (the "**Application**"),[2] for compensation and reimbursement of expenses for the period commencing April 1, 2023 through and including June 30, 2023 (the "**Compensation Period**"). I have reviewed the Application and hereby certify that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

2

Application complies with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Fee Guidelines.

3. I certify that Weil has complied with provisions of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Docket No. 541) requiring it to provide the Debtors, the attorneys for the Creditors' Committee, and the United States Trustee for the Southern District of Texas with monthly statements of Weil's fees and disbursements accrued during the Compensation Period.

4. Weil discussed its rates, fees, and staffing with the Debtors at the outset of these cases and has continued to discuss staffing and fees with the Debtors throughout these cases. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the prosecution of the Debtors' chapter 11 cases, preservation of the Debtors' assets, and other matters described herein. The budget prepared in connection with Weil's representation of the Debtors in these chapter 11 cases and a summary of the staffing plan are attached to the Application at **Exhibit G** and **Exhibit H** respectively.

5. In accordance with the Fee Guidelines, Weil responds to the questions identified therewith as follows:

> Question 1: Did Weil agree to any variations from, or alternatives to, Weil's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.
>
> Answer: No.
>
> Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did Weil discuss the reasons for the variation with the client?
>
> Answer: The fees sought in the Application are less than the budgeted fees.
>
> Question 3: Have any of the professionals included in the Application varied

|              | their hourly rate based on geographic location of the bankruptcy case? |
|---|---|
| Answer:      | No. |
| Question 4:  | Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? If so, please quantify by hours and fees. |
| Answer:      | Yes. The time expended performing such work during the Compensation Period is included within Task Code 025. |
| Question 5:  | Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees. |
| Answer:      | Yes. The time expended performing such work during the Compensation Period is included within Task Code 025. |
| Question 6:  | Does the Application include any rate increases since Weil's retention in these cases? If so, did the client review and approve those rate increases in advance? Did the client agree when retaining the law firm to accept all future rate increases? |
| Answer:      | As disclosed in the Retention Application, on January 1, 2023, Weil adjusted its standard billing rates for its professionals in the normal course. |

Dated:   August 14, 2023

                                           */s/ Ronit J. Berkovich*
                                           Ronit J. Berkovich
                                           Partner
                                           Weil, Gotshal & Manges LLP