**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., et al., | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.¹ | § | |
| | § | |

ORDER APPROVING (I) GLOBAL SETTLEMENT
BETWEEN DEBTORS AND TRILOGY LLC
AND (II) GRANTING RELATED RELIEF

Upon the motion, dated July 14, 2023 (the "**Motion**"),² of Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), Debtors request authority for (i) a global settlement between the Debtors and Trilogy LLC ("**Trilogy**") on the terms set forth in the Motion, and (ii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d) and 363 of the Bankruptcy Code, the global settlement by and between the Debtors and Trilogy (the "**Trilogy Settlement**"), on the terms set forth and agreed to in the *Settlement Term Sheet* (the "**Term Sheet**") and herein, is authorized and approved.

2. The Debtors are authorized to enter into, execute, deliver and implement the terms set forth herein and in the Term Sheet, as agreed to by the Parties.

3. The Trilogy Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

4. Debtors' entry into the Trilogy Settlement represents a reasonable exercise of the Debtors' sound business judgment under section 363(b)(1).

5. Within five (5) calendar days after this Order becomes final and non-appealable (such date, the "**Final 9019 Order Date**"):

    (a) the Debtors shall:

    (i) make a cash payment to Trilogy in the amount of $2,750,890 (the "**Cash Payment**"), and

    (ii) deliver a duly executed promissory note (the "**Note**" and, together with the Cash Payment, collectively, the "**Settlement Payment**") to Trilogy, reasonably acceptable to Trilogy, in the principal amount of $2,926,639; and

(b) Trilogy shall deliver to the Debtors final unconditional lien releases in form and substance reasonably acceptable to the Debtors for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by Trilogy.

6. Immediately on the Final 9019 Order Date:

(a) any Claim (as defined in the Bankruptcy Code) held by Trilogy against the Debtors, including the Trilogy Claims, shall be fully and finally paid, satisfied, released and expunged; provided, that the Parties shall retain their rights to file and prosecute claims and causes of action related to the enforcement of the Trilogy Settlement and the Note;

(b) the Trilogy Liens shall be fully and finally released, extinguished and forever discharged;

(c) any and all contracts and outstanding purchase orders between Trilogy and the Debtors, including the Trilogy Contracts, are terminated and Trilogy shall not have claims for rejection damages based on or arising from such termination or otherwise;

(d) Trilogy shall have no further interest, if any, in the goods which the Debtors ordered from Trilogy and which have been previously delivered to the Debtors on or prior to December 31, 2022;

(e) the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and Trilogy and its affiliates (each of the Debtor Releasors and Trilogy and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees,

3

subsidiaries, divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released Party**") from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, liens, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have, against any Released Party arising under or related to the Trilogy Claims, the Trilogy Liens, the Trilogy Contracts, or the Facilities, including, for the avoidance of doubt, any preference, fraudulent transfer, or other avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii) each other Releasing Party from any and all other claims or causes of action arising prior to the entry of this Order; and

    (f) other than as set forth herein, Trilogy shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

    7. The Note shall bear interest at the rate of 5% per annum and have a term of 30 months.  The Note shall be payable in equal monthly installments, beginning on the date which is three (3) months after the later to occur of (i) the date on which a plan of reorganization filed by the Debtors is confirmed by entry of an order of the this Court and (ii) the Final 9019 Order Date.  Any amount repaid under the Note shall be made available to the Debtors as a credit

(the "**Repaid Note Credit**") immediately upon repayment of such amount, which Repaid Note Credit may be applied toward the purchase from Trilogy of future orders of goods on the terms set forth below.  In the event the Debtors default under the Note, Trilogy shall have the immediate right (upon such default), to file and prosecute liens on the collateral comprised of the Cottonwood Facility currently securing the Trilogy Claims (the "Collateral") for the remaining balance of the Note. Such liens shall (i) constitute new liens and be deemed to have arisen upon the default under the Note and shall, (ii) not relate back to or be considered a continuation of the liens being released hereunder. and (iii) be junior to the liens of the DIP Lender (as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 608] (the "DIP Order")), the Prepetition Secured Notes Liens (as defined in the DIP Order) to the extent that any such Prepetition Secured Notes Liens encumber the Collateral, and the Noteholder Adequate Protection Liens (as defined in the DIP Order), to the extent provided for in the DIP Order.

        8.        The maximum purchase price of all goods purchased by the Debtors from Trilogy in the future shall be the manufacturers' suggested retail price (the "**Purchase Price**"). The Repaid Note Credit may be applied by the Debtors toward the Purchase Price in satisfaction of up to twenty percent (20%) of any future amounts payable by the Debtors to Trilogy pursuant to a purchase order or otherwise (but excluding future payments under the Note); provided that, to the extent the Repaid Note Credit has not been applied in full on or prior to the date which is the fifth (5th) anniversary of the Final 9019 Order Date (such date, the "**Repaid Note Credit**

5

**Expiration Date**"), the Repaid Note Credit shall expire on the Repaid Note Credit Expiration Date and no longer be available for application by, or refundable to, the Debtors thereafter.

9. To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Settlement Agreement.

10. The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the Trilogy Settlement and carry out the relief granted in this Order. The Debtors and Trilogy shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the Trilogy Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

11. Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

12. The Debtors and Trilogy are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order. To the extent that there is any inconsistency between the Term Sheet and this Order, between the Note and this Order, or between the Motion and this Order, the provisions of this Order will govern.

13. The Parties will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Claims, the Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court.

14. This Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ~~July~~August __, 2023
Houston, Texas

                                                _____
                                                THE HONORABLE DAVID R. JONES
                                                UNITED STATES BANKRUPTCY JUDGE