United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 18, 2023

Nathan Ochsner, Clerk



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** ***et al.,*** | § | |
| | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| | § | |
| | | (Docket No. 1062) |

**ORDER APPROVING (I) GLOBAL SETTLEMENT
BETWEEN DEBTORS AND HUBAND-MANTOR CONSTRUCTION, INC.
AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated July 14, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), Debtors request authority for (i) a global settlement between the Debtors and Huband-Mantor Construction, Inc. ("**HMC**") on the terms set forth in the Motion, and (ii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d) and 363 of the Bankruptcy Code, the global settlement by and between the Debtors and HMC (the "**HMC Settlement**"), on the terms set forth and agreed to in the *Settlement Term Sheet* (the "**Term Sheet**") and herein, is authorized and approved.

2. The Debtors are authorized to enter into, execute, deliver, and implement the terms set forth herein and in the Term Sheet, as agreed to by the Parties.

3. The HMC Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

4. Within five (5) calendar days after the entry of this Order, the Debtors shall:

(a) make a payment to HMC in the amount of $2,000,000 (the "**Initial Payment**");

(b) deliver to HMC a duly executed promissory note (the "**Note**") in the principal amount of $15,500,000, which shall be secured by the Mortgage (as defined below);

(c) submit for recordation in the Official Public Records of the County where the COT 1 Facility is located a duly executed leasehold deed of trust in form and substance reasonably acceptable to HMC (the "**Mortgage**") encumbering the Debtors' leasehold estate in the COT 1 Facility, which Mortgage shall have the same priority as the Liens;

(d) deliver to HMC an estoppel agreement duly executed by the landlord under the lease of the COT 1 Facility (the "**COT 1 Landlord**") in form and substance reasonably acceptable to HMC and the COT 1 Landlord; and

(e) use commercially reasonable efforts to deliver to HMC an estoppel agreement duly executed by ENGIE Resources LLC ("**Engie**"), the electric power supplier to Core for the COT 1 Facility, in form and substance reasonably acceptable to HMC and Engie.

5. Immediately upon delivery of the Initial Payment and the Note to HMC, and the recordation of the Mortgage in the Official Public Records of the County where the COT 1 Facility is located:

(a) any Claim (as defined in the Bankruptcy Code) held by HMC against the Debtors, including the HMC Claims (including but not limited to Proofs of Claims nos. 55 and 90), shall be deemed finally and fully paid, satisfied, released and expunged, and HMC shall cooperate with the Debtors and take all reasonable steps necessary to obtain release of the Sub Claims, including supporting any objections to the Sub Claims filed by the Debtors;

(b) the Liens (including but not limited to the liens set forth in Annex A) are to be fully and finally released, extinguished and discharged;

(c) all contracts and outstanding purchase orders between HMC and the Debtors, are terminated, and HMC releases and shall not have any claims for rejection damages based on such termination;

(d) the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and HMC and its affiliates (each of the Debtor Releasors and HMC and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby completely and finally releases,

discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released Party**") from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, liens, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have, against any Released Party arising under or related to the Claims, the Liens, the HMC Contracts, or the Facilities, including, for the avoidance of doubt, any preference, fraudulent transfer, or other avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii) each other Releasing Party from any and all other claims or causes of action arising prior to the entry of this Order; and

(e) other than as set forth herein, HMC shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

6. Within five (5) business days following the receipt of the Initial Payment by HMC, HMC shall deliver to the Debtors final unconditional lien waivers in form and substance reasonably acceptable to Core for all work performed at the Facilities and all goods, labor, and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by

HMC and each Subcontractor, as applicable, and in recordable form, which lien waivers shall provide for the release of all the Liens.

7. Within sixty (60) days following the entry of this Order, the Debtors shall, at the Debtors' cost and expense, take possession of the goods described in Annex C (the "**Stored Goods**") which are currently being stored by HMC and HMC shall not have any further interest in the Stored Goods.

8. Reasonably promptly following the date on which a plan of reorganization filed by the Debtors is confirmed by entry of an order of the United States Bankruptcy Court for the Southern District of Texas, the Debtors shall deliver, at the Debtors' cost, to HMC, an up to date title commitment from Chicago Title Insurance Company or another title agent and underwriter reasonably acceptable to HMC, evidencing the first lien priority of the Mortgage.

9. The Note shall:

(a) bear interest at the rate of 5% per annum, with a default interest rate of 12% per annum, have a term of 36 months, and be secured by the Mortgage;

(b) be fully amortized and payable in equal monthly installments payable on the first of each month beginning on the first day of the calendar month which is two (2) full months after the date on which the initial payment is made (e.g., if the initial payment is made on July 15, the first monthly payment date will be October 1);

(c) be subject to mandatory prepayment in the following instances: (1) if the average daily hashprice is greater than 13c but less than 16c for 90 consecutive days ("**13c Hashprice Trigger**"), the Debtors will be required to make a one-time mandatory prepayment of 25% with the then outstanding principal balance of the Note within 90 days following the occurrence of the 13c Hashprice Trigger; and (2) in addition, if the average daily hashprice is

greater than 16c for three consecutive months ("**16c Hashprice Trigger**"), the Debtors will be required to make a one-time mandatory prepayment of 25% of the remaining outstanding principal balance of the Note within 90 days following the occurrence of the 16c Hashprice Trigger;

(d) be voluntarily prepayable at any time and from time to time, in whole or in part, without any penalty or fees;

(e) provide that any mandatory or voluntary prepayment of the Note shall be immediately applied toward principal, be applied in inverse order of maturity and shall not extend or postpone the due dates of the monthly installments due under the Note or change the amounts of such installments; and

(f) provide that (i) an "**Event of Default**" shall occur if, among other things, the Debtors fail to pay any monthly installment due under the Note on the payment date when such monthly installment becomes due, and such failure continues for thirty (30) days after HMC gives written notice thereof to the Debtors; and (ii) subject to the terms of the Note, if an Event of Default occurs then the interest rate on the past-due payment shall increase to 12% per annum from the day after the payment due date until the Note is brought current by paying all past-due principal and interest.

10. Unless and until an Event of Default occurs, HMC shall be barred from foreclosing or otherwise enforcing the Mortgage or otherwise taking adverse action against the Debtors or any of the Debtors' assets (including the COT 1 Facility) with regard to any amounts secured by the Mortgage.

11. The Mortgage shall create a valid lien against the COT 1 Facility, which lien shall have the same priority as, and encumber only the same property and collateral as currently encumbered by, the existing HMC Liens.

12. Upon payment in full of the Note, HMC shall promptly record a satisfaction of the Mortgage.

13. To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Settlement Agreement.

14. The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the HMC Settlement and carry out the relief granted in this Order. The Debtors and HMC shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the HMC Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

15. Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

16. The Debtors and HMC are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order. To the extent that there is any inconsistency between the Term Sheet and this Order or between the Motion and this Order, the provisions of this Order will govern. No plan proposed by the Debtors will alter the terms of the HMC Settlement.

17. The Parties will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Claims, the Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court.

18. This Order shall be immediately effective and enforceable upon its entry.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed: August 18, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# Annex A

## HMC Liens

**Cedarvale Facility:**

1. That certain Affidavit Claiming Mechanic's and Materialman's Lien, in the amount of $10,297,562.23, filed by Huband-Mantor Construction, recorded on January 19, 2023, under Recording Number 2023-0202.

**COT 1 Facility:**

1. That certain Notice of Mechanic's Lien in the amount of $9,007,945.01, filed by Huband- Mantor Construction, Inc., recorded on November 14, 2022, under Recording Number 2022007951, as amended by that certain Notice of Mechanic's Lien in the amount of $12,548,795.32, recorded on December 29, 2022, under Recording Number 2022009071, as amended by that certain Notice of Mechanic's Lien in the amount of $15,603,889.45, recorded on January 18, 2023, under Recording Number 2023000447.

2. That certain Notice of Mechanic's Lien in the amount of $1,699,939.21, filed by Huband- Mantor Construction, Inc., recorded on November 14, 2022, under Recording Number 2022007953, as amended by that certain Notice of Mechanic's Lien in the amount of $1,967,676.93, recorded on January 18, 2023, under Recording Number 2023000448.

**COT 2 Facility:**

1. That certain Notice of Mechanic's Lien in the amount of $9,007,945.01, filed by Huband- Mantor Construction, Inc., recorded on November 14, 2022, under Recording Number 2022007951, as amended by that certain Notice of Mechanic's Lien in the amount of $12,548,795.32, recorded on December 29, 2022, under Recording Number 2022009071, as amended by that certain Notice of Mechanic's Lien in the amount of $15,603,889.45, recorded on January 18, 2023, under Recording Number 2023000447.

2. That certain Notice of Mechanic's Lien in the amount of $1,699,939.21, filed by Huband- Mantor Construction, Inc., recorded on November 14, 2022, under Recording Number 2022007953, as amended by that certain Notice of Mechanic's Lien in the amount of $1,967,676.93, recorded on January 18, 2023, under Recording Number 2023000448.

**Annex B**

**Subcontractor Liens**

**Cedarvale Facility:**

1. That certain Affidavit Claiming Mechanic's and Materialman's Lien in the amount of $839,883.12, filed by Graybar Electric Company, Inc., recorded on September 9, 2022, under Recording Number 2022-3542.

2. That certain Affidavit Claiming Mechanic's and Materialman's Lien (Ward County, Texas) in the amount of $52,329.76, filed by Jay Henges Enterprises, Inc. d/b/a Porta King Building Systems, recorded on February 13, 2023, under Recording Number 2023- 0467.

3. That certain Affidavit for Mechanic's Lien in the amount of $54,016.75, filed by Wessely-Thompson Hardware, Inc., recorded on October 14, 2022, under Recording Number 2023-3951.

4. That certain Affidavit for Mechanic's Lien, in the amount of $536,728.57, filed by MK Marlow Company, LLC, recorded on November 15, 2022, under Recording Number 2022-4351.

5. That certain Affidavit Claiming Mechanic's and Materialman's Lien in the amount of $1,547,802.40, filed by Coonrod Electric Co., LLC, recorded on November 21, 2022, under Recording Number 2022-4431.

6. That certain Affidavit of Mechanic's Lien by Tiered Contractor or Supplier in the amount of $309,162.20, filed by Summit Electric Supply Co., recorded on November 28, 2022, under Recording Number 2022-4495.

7. That certain Affidavit for Mechanic's Lien by Tiered Contractor or Supplier in the amount of $4,466.68, filed by Morsco Supply LLC d/b/a Morrison Supply Company, recorded on November 30, 2022, under Recording Number 2022-4527.

8. That certain Affidavit Claiming A Mechanic's and Materialman's Lien in the amount of $276,206.50, filed by T&D Moravits & Co., LLC, recorded on December 15, 2022, under Recording Number 2022-4799.

**COT 1 Facility:**

1. That certain Notice of Mechanic's Lien in the amount of $1,153,226.72, dated as of September 8, 2022, filed by Graybar Electric Company, Inc., recorded on September 9, 2022, under Recording Number 202206200, as partially released by that certain Unconditional Waiver and Partial Release of Lien in the amount of $279,961.04, dated as of September 23, 2022.

2. That certain Notice of Mechanic's Lien in the amount of $677,993.88, dated as of November 11, 2022, filed by Coonrod Electric Co., LLC, recorded on November 15, 2022, under Recording Number 2022007984.

3. That certain Notice of Mechanic's Lien in the amount of $305,769.50, dated as of December 14, 2022, filed by T&D Moravits & Co., recorded on December 15, 2022, under Recording Number 2022008777.

4. That certain Notice of Mechanic's Lien in the amount of $83,744.45, filed by MK Marlow Company recorded on November 14, 2022, under Recording Number 2022007947.

5. That certain Notice of Mechanic's Lien in the amount of $978,127.96, filed by MK Marlow Company recorded on November 14, 2022, under Recording Number 2022007946.

6. That certain Affidavit of Mechanics Lien by Tiered Contractor or Supplier in the amount of $22,558.14, filed by Summit Electric Supply Co., recorded on December 2, 2022 under Recording Number 2022008384.

7. That certain Affidavit of Mechanics Lien by Tiered Contractor or Supplier in the amount of $821,433.16, filed by Summit Electric Supply Co., recorded on November 30, 2022 under Recording Number 2022008322

8. That certain Affidavit for Mechanic's and Materialman's Lien in the amount of $230,228.91, filed by Network Cabling Services, Inc., recorded on November 7, 2022 under Recording Number 2022007804.

9. That certain Affidavit of Mechanics Lien by Tiered Contractor or Supplier in the amount of $6,163.08, filed by Morsco Supply LLC d/b/a Morrison Supply Company, recorded on November 30, 2022 under Recording Number 2022008321.

10. That certain Affidavit Claiming Mechanic's and Materialman's Lien in the amount of $4,083,704.13, filed by Coonrod Electric Co., LLC, recorded on November 15, 2022 under Recording Number 2022007983.

11. That certain Notice of Claim in the amount of $8,463.19, filed by 1155 Distributor Partners Housing, LLC d/b/a Lonestar Electric Supply, recorded on [] under Recording Number [_].

**COT 2 Facility:**

1. That certain Notice of Mechanic's Lien in the amount of $1,153,226.72, dated as of September 8, 2022, filed by Graybar Electric Company, Inc., recorded on September 9, 2022, under Recording Number 202206200, as partially released by that certain Unconditional Waiver and Partial Release of Lien in the amount of $279,961.04, dated as of September 23, 2022.

2. That certain Notice of Mechanic's Lien in the amount of $677,993.88, dated as of November 11, 2022, filed by Coonrod Electric Co., LLC, recorded on November 15, 2022, under Recording Number 2022007984.

3. That certain Notice of Mechanic's Lien in the amount of $96,192.50, dated as of December 14, 2022, filed by T&D Moravits & Co., recorded on December 15, 2022, under Recording Number 2022008779.

4. That certain Notice of Mechanic's Lien in the amount of $83,744.45, filed by MK Marlow Company recorded on November 14, 2022, under Recording Number 2022007947.

5. That certain Notice of Mechanic's Lien in the amount of $978,127.96, filed by MK Marlow Company recorded on November 14, 2022, under Recording Number 2022007946.

United States Bankruptcy Court
Southern District of Texas

In re: Case No. 22-90341-drj
Core Scientific, Inc. Chapter 11
Official Committee of Unsecured Creditor
Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4 User: ADIuser Page 1 of 3
Date Rcvd: Aug 18, 2023 Form ID: pdf002 Total Noticed: 41

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 20, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | American Property Acquisition, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions I, LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | American Property Acquisitions VII, LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Core Scientific Acquired Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Mining LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Operating Company, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific Specialty Mining (Oklahoma) LLC, 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Core Scientific, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | RADAR LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| db | + | Radar Relay, Inc., 210 Barton Springs Road, Suite 300, Austin, TX 78704-1251 |
| db | + | Starboard Capital LLC, 210 Barton Springs Road, Suite 300, Austiin, TX 78704-1251 |
| trnsfee | + | B. Riley Securities, Inc., 11100 Santa Monica Blvd., Suite 800, Los Angeles, CA 90025-3979 |
| intp | + | Board of Directors of Core Scientific, Inc., c/o Peter C. Lewis, Scheef & Stone, L.L.P., 500 North Akard Street, Suite 2700, Dallas, TX 75201-3306 |
| intp | + | Condair Inc., c/o John S. Collins, Vorys, Sater, Seymour and Pease LLP, 909 Fannin, Suite 2700, Houston, TX 77010-1009 |
| cr | + | Dalton Utilities, Howley Law PLLC, 711 Louisiana Street, Ste. 1850, Houston, TX 77002-2790 |
| cr | + | Indigo Direct Lending, LLC, c/o Ross, Smith & Binford, PC, Attn: Frances A. Smith, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| cr | + | J.W. Didado Electric, LLC, c/o Leonard I. Pataki, Quanta Services, 4500 S. Garnett Road, Suite 100, Tulsa, OK 74146-5221 |
| cr | + | LV.NET, LLC, 1221 S. Casino Center Blvd., Las Vegas, NV 89104, UNITED STATES 89104-1015 |
| cr | + | Maddox Industrial Transformer, LLC, c/o Mary M. Caskey, Esq., Haynsworth Sinkler Boyd, PA, PO Box 11889, Columbia, SC 29211-1889 |
| intp | + | McCarthy Building Companies, Inc., c/o Watt, Tieder, Hoffar & Fitzgerald, L, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | North Mill Equipment Finance LLC, c/o Padfield & Stout, LLP, Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, TX 76102-3792 |
| cr | + | Pescadero Capital, LLC, Building LAW/JB, 700 Universe Blvd, Juno Beach, FL 33408, UNITED STATES 33408-2657 |
| cr | + | Quinn Emanuel Urquhart & Sullivan, LLP, c/o Asher Griffin, 300 W 6th Street, Suite 2010, Austin, TX 78701 UNITED STATES 78701-3901 |
| cr | + | Tanmar Rentals, LLC, c/o Wells & Cuellar, P.C., 440 Louisiana Suite 718, Houston, TX 77002, UNITED STATES 77002-1058 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Jason Binford, 2003 N. Lamar Blvd., Suite 100 Austin, TX 78705-4932 |
| intp | + | U.S. Bank National Association, as Prepetition Not, c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |
| cr | + | c/o James Bailey Esq Gaylor Electric, Inc., d/b/a, Bradley Arant Boult Cummings LLP, One Federal Place, 1819 5th Ave. N, Birmingham, AL 35203-2119 |

TOTAL: 27

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: ahochheiser@mauricewutscher.com | Aug 18 2023 19:54:00 | AmTrust North America, Inc. on behalf of Associate, c/o Maurice Wutscher LLP, 23611 Chagrin Blvd. Suite 207, Beachwood, OH 44122-5540 |
| cr | + | Email/Text: beanland@mssattorneys.com | Aug 18 2023 19:54:00 | BEAM Concrete Construction, Inc., c/o Misti L. Beanland, 8131 LBJ Freeway, Suite 700, Dallas, |

| | | | |
|---|---|---|---|
| | | | TX 75251-1352 |
| cr | + Email/Text: dallas.bankruptcy@LGBS.com | Aug 18 2023 19:54:00 | Dallas County, Linebarger Goggan Blair & Sampson, LLP, c/o John K. Turner, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207-2328 |
| cr | ^ MEBN | Aug 18 2023 19:52:35 | GEM Mining 1, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ MEBN | Aug 18 2023 19:52:33 | GEM Mining 2, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ MEBN | Aug 18 2023 19:52:32 | GEM Mining 2B, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ MEBN | Aug 18 2023 19:52:34 | GEM Mining 3, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | ^ MEBN | Aug 18 2023 19:52:31 | GEM Mining 4, LLC, c/o Evan N. Parrott, 11 North Water Street, Suite 24290, Mobile, AL 36602-5024 |
| cr | + Email/Text: rmcdowell@slgcollect.com | Aug 18 2023 19:54:00 | Meridian Equipment Finance, LLC, c/o Saldutti Law Group, 1040 Kings Highway N., Suite 100, Cherry Hill, NJ 08034-1925 |
| cr | Email/Text: shirley.palumbo@nexteraenergy.com | Aug 18 2023 19:54:00 | NextEra Energy Resources, LAW/JB, 700 Universe Blvd., Juno Beach, FL 33408, UNITED STATES |
| cr | + Email/Text: schristianson@buchalter.com | Aug 18 2023 19:53:00 | Oracle America, Inc., Buchalter PC, c/o Shawn M. Christianson, 425 Market St., Suite 2900, San Francisco, Ca 94105-2491 |
| cr | + Email/Text: neil.orleans@judithwross.com | Aug 18 2023 19:54:00 | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610, Dallas, TX 75201-7459 |
| cr | ^ MEBN | Aug 18 2023 19:51:20 | Texas Comptroller of Public Accounts, Revenue Acco, Christopher S. Murphy, P.O. Box 12548, Austin, TX 78711-2548 |
| cr | + Email/Text: BKECF@traviscountytx.gov | Aug 18 2023 19:54:00 | Travis County, c/o Jason A. Starks, P.O. Box 1748, Austin, TX 78767-1748 |

TOTAL: 14

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 36th Street Capital Partners, LLC |
| cr | | ABLe Communications, Inc. |
| cr | | Ad Hoc Group of Secured Convertible Noteholders |
| cr | | Anchorage Lending CA, LLC |
| intp | | B. Riley Commercial Capital, LLC |
| cr | | Barings BDC, Inc. |
| cr | | Barings Capital Investment Corporation |
| cr | | Barings Private Credit Corp. |
| cr | | BlockFi Lending LLC |
| cr | | BlockFi, Inc. and its affiliated entities |
| cr | | Bremer Bank |
| cr | | Brown Corporation Brown Corporation, 311 Pointe North Place #4, Dalton, UNITED STATES |
| cr | | Bryce Johnson |
| cr | | CEC Energy Services LLC |
| cr | | Celsius Mining, LLC |

| | |
|---|---|
| cr | Charles Basil |
| cr | City of Denton |
| cr | Coonrod Electric Co. LLC |
| intp | Foundry Digital LLC |
| cr | General Casualty Company of Wisconsin |
| intp | Harper Construction Company, Inc. |
| cr | Huband-Mantor Construction, Inc. |
| cr | Humphrey & Associates, Inc. |
| cr | MK Marlow Company, LLC |
| cr | MP2 Energy Texas LLC d/b/a Shell Energy Solutions |
| cr | Marnoy Interests, Ltd. d/b/a Office Pavilion |
| cr | MassMutual Asset Finance, LLC |
| cr | Mitch Edwards |
| cr | Morgan Hoffman |
| cr | NYDIG ABL LLC |
| intp | Official Committee of Equity Security Holders |
| crcm | Official Committee of Unsecured Creditors |
| cr | Prime Alliance Bank, Inc. |
| cr | Priority Power Management, LLC |
| intp | SRPF A QR Riversouth LLC |
| cr | Sphere 3D Corp. |
| cr | Summit Electric Supply Company, Inc. |
| cr | TOYOTA INDUSTRIES COMMERCIAL FINANCE INC. |
| cr | Texas Capitalization Resource Group, Inc., 5201 Camp Bowie Blvd. Suite 200, Fort Worth |
| intp | The Ad Hoc Equity Group |
| intp | Trilogy LLC |
| intp | Trinity Capital Inc. |
| cr | Wingspire Equipment Finance, LLC |

TOTAL: 43 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2023 Signature: /s/Gustava Winters