IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CORE SCIENTIFIC, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-90341 (DRJ)<br><br>(Jointly Administered)<br><br>Re: D.I. 1080 |

**LEAD PLAINTIFF'S PRELIMINARY RESPONSE TO DEBTORS' PRELIMINARY OBJECTION TO PROOF OF CLAIM NO. 556 BY LEAD PLAINTIFF MORGAN HOFFMAN**

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (admitted pro hac vice)
Joshua Baker (admitted pro hac vice)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

**COCHRAN LAW, PLLC**
Stuart L. Cochran
Texas Bar No.: 24027936
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
stuart@scochranlaw.com

*Liaison Counsel for Lead Plaintiff*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (213) 519-5876
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Lead Plaintiff*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Lead Plaintiff Morgan Hoffman on behalf of himself and the Class (as defined below), by and through his undersigned counsel, hereby respectfully submits this Preliminary Response to the Debtors' Preliminary Objection to Proof of Claim No. 556, and states the following:

## FACTUAL BACKGROUND

1. Morgan Hoffman was appointed Lead Plaintiff in the pre-petition class action, *Pang v. Levitt, et al.*, No. 1:22-cv-01191-DAE (the "Securities Action") pending in the U.S. District Court for the Western District of Texas. On April 14, 2023, Morgan Hoffman, as Lead Plaintiff in the Securities Action, timely filed the class' proof of claim based on the Securities Action. *See* Claim 49; Claim No. 556; D.I. 1080-2. On May 5, 2023, court-appointed Lead Plaintiff Morgan Hoffman and additional named plaintiffs Evan Achee and William J. Emanuel (together, "Plaintiffs") filed an amended complaint on behalf of the putative class. Securities Action, D.I. 62 at 1. The Plaintiffs in the amended complaint explicitly reserved their right to amend their pleadings to add Core as a defendant after the conclusion of Core's bankruptcy proceedings. Securities Action, D.I. 62 ¶ 72; D.I. 1132 ¶ 1. On August 1, 2023, Lead Plaintiff Morgan Hoffman filed an amended proof of claim to reflect the amended complaint (the "Securities Claim"). *See* Claim 49; Claim No. 556.

2. The Securities Action alleges violations under the Sections 11 and 15 of the Securities Act of 1933 ("Securities Act"), Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and rules 10b-5 and 14a-9 promulgated thereunder against certain of Core's current and former officers and directors (as defined below, the "Defendants").[2] Securities Action, D.I. 62 ¶ 2. The Securities Action is brought under the Private

---

[2] The Defendants are: Core's former Chief Executive Officer ("CEO") and Chairman of Core's board of directors, Michael Levitt ("Levitt"), Core's former Chief Financial Officer ("CFO") Michael Trzupek ("Trzupek"), Core's CFO Denise Sterling ("Sterling"), Core's Chief Vision

Securities Litigation Reform Act (the "PSLRA") and there is a statutory stay in the proceedings pending the Defendants' motion to dismiss which was filed on June 20, 2023. 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). *As such, there can effectively be no motion for class certification in the Securities Action at this time.*

3.  The Class is defined as: (a) all persons and entities that purchased or acquired the publicly traded common stock or warrants of Core or XPDI, or purchased call options or sold put options on XPDI or Core common stock, between January 3, 2022 and December 20, 2022, both dates inclusive ("Class Period"); and (b) all persons and entities who held the common stock of XPDI at the close of business on December 7, 2021, and were entitled to vote on the approval of the Merger (defined as the de-SPAC business combination between XPDI and Core) at the special meeting of XPDI stockholders on January 19, 2022. *Id.* ¶ 1.

---

Officer and former Co-Chair of Core's board of directors Darin Feinstein ("Feinstein"), Core's former Chief Accounting Officer Brian Neville ("Neville"), Core's Board member Jarvis Hollingsworth ("Hollingsworth"), Core's co-founder and Board member Matt Minnis ("Minnis"), Core's Board member Stacie Olivares ("Olivares"), Core's Board member Kneeland Youngblood ("Youngblood"), Power & Digital Infrastructure Acquisition Corp.'s ("XPDI") CEO and Board member Patrick C. Eilers ("Eilers"), XPDI's Chair Theodore J. Brombach ("Brombach"), XPDI's Board member Paul Gaynor ("Gaynor"), XPDI's Board member Paul Dabbar ("Dabbar"), XPDI's Board member Colleen Sullivan ("Sullivan"), and XPDI's Board member Scott Widham ("Widham"). Securities Action, D.I. 62 ¶¶ 32-48; *see also* D.I. 1116 at 51 n.23, n. 24.

Debtors are somewhat correct that "[n]o Debtor is a party in the Securities Action." D.I. 1080 ¶ 1. However, that is misleading as Debtors seek to absolve the Securities Action Defendants of those claims through broad, non-consensual, nondebtor third party releases. D.I. 1116 at 5-6, 137, and 140; *see also* D.I. 1132. Further, Plaintiffs explicitly reserved the right to bring Core Scientific back into the case following bankruptcy. Securities Action, D.I. 62 ¶ 72; D.I. 1132 ¶ 1.

4.  Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of the Company at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time. *Id*.

5.  The Debtors have filed a proposed chapter 11 Plan in their bankruptcy proceedings which provides broad, non-consensual releases[3] for the benefit of nondebtor third parties that, by its express terms, is intended to bar and enjoin the claims asserted but Plaintiffs (and the members of the Class they represent) against the Defendants in the Securities Action. D.I. 1116 at 5-6, 137, and 140; *see also* D.I. 1132.[4] The legality of such releases is currently before the Supreme Court. *See supra* n.5 (discussing *Harrington v. Purdue Pharma, L.P.*, No. 23-124, 2023 WL 5116031, at *1 (U.S. Aug. 10, 2023)).

6.  As explained below, Lead Plaintiff, on behalf of himself and the Class, respectfully requests that the Court: (a) overrule Debtors' Preliminary Claim Objection; (b) allow the Proof of

---

[3] Even if the nondebtors were debtors, these claims would not be dischargeable as to these individuals. 11 U.S.C. § 523(a)(19); *In re Breezy Ridge Farms, Inc.*, 2009 WL 1514671, at *2 (Bankr. M.D. Ga. May 29, 2009) ("With respect to exceptions to discharge, an individual debtor is not discharged of 'any debt excepted from discharge under section 523[.]'") (quoting 11 U.S.C. § 1141(d)(2)); *see also* D.I. 1132 ¶¶ 11, 25 (discussing section 523(a)(19)).

[4] On August 10, 2023, the same day that Plaintiffs filed their Preliminary Objection to the Disclosure Statement, the United States Supreme Court issued a stay and "directed to brief and argue the following question: Whether the Bankruptcy Code authorizes a court to approve, as part of a plan of reorganization under Chapter 11 of the Bankruptcy Code, a release that extinguishes claims held by nondebtors against nondebtor third parties, without the claimants' consent." *Harrington v. Purdue Pharma, L.P.*, No. 23-124, 2023 WL 5116031, at *1 (U.S. Aug. 10, 2023). The underlying case includes certain nondebtor third parties providing $6 billion in contribution to that plan. *In Re Purdue Pharma L.P.*, 69 F.4th 45, 67 (2d Cir. 2023), *cert. granted sub nom. Harrington v. Purdue Pharma, L.P.*, No. 23-124, 2023 WL 5116031 (U.S. Aug. 10, 2023). In contrast, there is no clear consideration provided by the nondebtor third parties in this case. *See* D.I. 1132.

Claim; and (c) grant Lead Plaintiff and the Class such other and further relief as is appropriate under the circumstances[5]. *In re Jack Kline Co., Inc.*, 440 B.R. 712, 737 (Bankr. S.D. Tex. 2010) ("The Court is aware that a proof of claim is prima facie evidence of the debt owed and that the burden is on the party challenging the claim to file an objection thereto and overcome the presumption of validity.").

## RELIEF REQUESTED

7. Lead Plaintiff seeks entry of an order substantially in the form attached hereto, overruling in full the Debtors Claim Objection and allowing the Proof of Claim.

## ARGUMENT

### I. Lead Plaintiff Has the Authority to File a Class Proof of Claim

8. Morgan Hoffman was appointed by the District Court as Lead Plaintiff under the PSLRA. Securities Action, D.I. 44. As such, Lead Plaintiff has the sole authority to: (i) bind the putative class, (ii) assert claims on behalf of the putative class, and (iii) settle claims on behalf of the putative class. *In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) ("in a securities class action, a lead plaintiff is empowered to control the management of the litigation as a whole, and it is within the lead plaintiff's authority to decide what claims to assert on behalf of the class."). Moreover, given the pendency of the Defendants' motion to dismiss the Securities Action, discovery is stayed under the PSLRA (15 U.S.C. § 78u-4(b)(3)(B)), and therefore class certification is premature and not possible at this time. In order to protect the interest of the Class, Lead Plaintiff timely filed the Securities Claim asserting the claims being litigated in the District Court through the Securities Action.

---

[5] *See also* D.I. 1132.

9. The Debtors cite no authority, and Lead Plaintiff is unaware of any authority, that requires a PSLRA Lead Plaintiff to have a certified class to submit a class proof of claim in a bankruptcy proceeding—let alone any applicable authority that would undermine a PSLRA Lead Plaintiff's authority to do so.

10. That said, Lead Plaintiff intends to submit a motion for class treatment in this Court, provided that a negotiated resolution with the Debtors is not reached on these issues.

11. There can be no dispute that class proofs of claim are permitted in bankruptcy proceedings. *In re Craft*, 321 B.R. 189, 194 (Bankr. N.D. Tex. 2005) ("The court believes class proofs of claim are consistent with the Code and the Rules and **concludes that class proofs of claim are a necessary device to ensure that the relief afforded by the Code is as complete as possible**.") (emphasis added); *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988); *The Certified Class in the Chartered Securities Litig. v. The Charter Co. (In re The Charter Co.),* 876 F.2d 866, 873 (11th Cir. 1989).

12. Debtors submit authorities to suggest that the Fifth Circuit does not approve of class claims. *See* D.I. 1080 ¶ 17. Debtors' cases are off the mark as they focused on the absence of authority for the *putative* representatives to make a class claim or involved claimants who sat on their rights. D.I. 1080 ¶¶ 17-23. Nor do any of the Debtors' cases involve a court-appointed Lead Plaintiff under the PSLRA. Here, Morgain Hoffman has the authority as Lead Plaintiff to act on behalf of the putative class, and he has not sat on his rights.

13. Debtors' suggest that a pre-petition certified class is necessary for a class claim in bankruptcy court. D.I. 1080 ¶¶ 2-3, 19-20. This is false. *E.g.*, *In re F-Squared Investment Management, LLC*, 546 B.R. 538, 546-47 (Bankr. D. Del. 2016) (Lead Plaintiffs in a connected PSLRA case allowed to file a (post-confirmation) class claim before any class certification); *In re*

*Connaught Grp., Ltd.*, 491 B.R. 88, 98-100 (Bankr. S.D.N.Y. 2013) (giving no weight to this factor and discussing that it is not surprising there is no pre-petition certified class as the harm occurred close in time to the petition); *In re Kaiser Group Int'l, Inc.*, 278 B.R. 58, 62-63 (Bankr. D. Del. 2002) (certifying class where motion for class certification was filed a year after filing of the class proof of claim and four months after debtor's initial objection); *In re MF Global Inc.*, 512 B.R. 757, 763-65 (Bankr. S.D.N.Y. 2014) (explaining that where the claims of a class arose in tandem with the conduct that led to the debtor's SIPA liquidation, "the issue of prepetition certification loses its relevance, since there will seldom be time to file a class action complaint and certify a class before the petition date"); *In re CommonPoint Mortgage Co.*, 283 B.R. 469, 482 (Bankr. W.D. Mich. 2002) (certifying a class where class action had never been certified by a federal court under Fed. R. Civ. P. 23, class representative timely filed proofs of claim and nine months later filed for class treatment); *In re First Alliance Mortgage Co.*, 269 B.R. 428, 442-43, 447-48 (C.D. Cal. 2001) (bankruptcy court erred in denying application of class treatment although class was not previously certified and the motion for class treatment was filed after objection).

14.  Another reason supporting a class claim here is that fact that Debtors' notice was insufficient.

15.   Debtors allege that they provided adequate notice of the bar date because Debtors sent direct mailings to third party Nominees.  D.I. 1080 ¶¶ 2, 24.

16.   Here, Class members are known creditors entitled to receive actual notice of the Bar Date, which the Debtors failed to provide. *See e.g.*, *Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995) ("Inadequate notice is a defect which precludes discharge of a claim in bankruptcy. Due process requires notice that is 'reasonably calculated to reach all interested parties, reasonably conveys all the required information, and permits a reasonable time for a

response.' … Known creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date") (citing cases).

17. Debtors cannot rely on the Publication Notice to salvage their failure to serve the Bar Date Notice on Class members, because constructive notice is ineffective as to known creditors. *See also City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) ("Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best.") (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865.).

18. Courts have recognized the inefficacy of constructive notice by publication as a basis for the allowance of a class claim. In *Craft*, the court stated:

> Reliance on published notice to reach a class of claimants may not be adequate. It will not always reach every class member such that the rules of due process are satisfied. … ***If a class claim is not allowed, class members without notice will have non-dischargeable claims. While allowing a class claim may not wholly eliminate that exposure, it may foreclose the option of unnoticed members of a putative class commencing their own class action post-discharge.***

321 B.R. at 194 (citations omitted) (emphasis added).

19. The courts have recognized that "'***individual notice to identifiable class members is not a discretionary consideration*** to be waived in a particular case. It is, rather, an unambiguous requirement of Rule 23 … Accordingly, ***each class member who can be identified through reasonable effort must be notified*** …'" *Larson v. AT&T Mobility LLC*, 687 F.3d 109, 123--24 (3d Cir. 2012) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974)) (emphasis added).

20. Courts also recognized that notice by publication "had long been recognized as a poor substitute for actual notice." *Larson*, 687 F.3d at 123-24 (citing *Eisen*, 417 U.S. at 175). "*Eisen* stands for the proposition that individual notice must be delivered to class members who

can be reasonably identified, and that the costs required to actually deliver notice should not easily cause a court to permit the less satisfactory substitute of notice by publication." *Id.* at 126. "Where names and addresses of members of the class are easily ascertainable … due process would dictate that the 'best notice practicable under the circumstances …' would be individual notice." *Id.*

21. The identities of Class members are readily and reasonably ascertainable by the Debtors. No protracted search was necessary to identify who purchased relevant securities during the Class Period. All the Debtors need to do is follow the exact same straightforward procedures that would be used to provide notice to class members in any securities class action in compliance with the constitutional dictates discussed by the Supreme Court in *Eisen*. Instead, the Debtors chose to rely on notice given to mere Nominees (and also through many small newspapers). In doing so, the Debtors failed to provide members of the Class with constitutionally adequate notice of the Bar Date.

22. Debtors' generalized and conclusory assertions that class treatment will delay these proceedings amount to little more than an argument that class treatment can never be appropriate. D.I. 1080 ¶ 26. As noted in the *Commonpoint* decision, any administrative inconvenience resulting from class procedures must be balanced against the "interests of justice" and the policies of the Bankruptcy Code. *Commonpoint*, 283 B.R. at 480-481. The fact that it is simply easier and perhaps cheaper to cast the Securities Claim aside, as the Debtors and nondebtors are attempting to do, is not a legitimate basis to deprive defrauded investors of the right to assert their claims like all other creditors and, if proven, to recover their fair share from the Debtors' bankruptcy estates. *See In re Chateaugay Corp.*, 104 B.R. 626, 632 (S.D.N.Y. 1989) ("any potential marginal increase in delay or difficulty of valuation of claims would be justified in order to protect the rights of small claimants … to be represented by the filing of a class proof of claim.").

Simply seeking to block the Securities Action in its entirety (*see* D.I. 1132) is not an appropriate reason to grant the Debtors' Claim Objection.

23. Moreover, contrary to the Debtors' suggestion that the members of the Class will not be denied an opportunity for a recovery, that is precisely what the Debtors (and nondebtor third parties) are attempting to do by its treatment of Lead Plaintiff and the Class under the Plan. Undoubtedly, the scheme engineered by the Debtors (for the apparent benefit of nondebtor third parties) will negatively impact two of the primary goals of the Bankruptcy Code: (i) to ensure creditor compensation and (ii) to promote equality of distribution. *In re The Charter Co.*, 876 F.2d at 871; *American Reserve*, 840 F.2d at 489. The members of the Class will bear a substantial risk of non-recovery under the Debtors proposed course of action. In contrast, the benefits of class treatment will vastly outweigh any negative consequences and will promote the achievement of these critical bankruptcy goals. *See e.g.*, *American Reserve*, 840 F.2d at 489.

24. In short, "***[i]f the class proof of claim process is not utilized, justice may be denied.***" *Commonpoint*, 283 B.R. at 480 (emphasis added). Accordingly, the Court should overrule the Debtors' Claim Objection.

## RESERVATION OF RIGHTS

25. Lead Plaintiff, on behalf of the Class, reserves his right to supplement, amend, or modify his Preliminary Response to the Debtors' Preliminary Objection to Proof of Claim No. 556 based on, among other things, any new information or arguments presented or introduced by the Debtors or any other party.

26. As noted above, Lead Plaintiff intends to file a motion in this Court seeking class treatment for the Securities Claim soon, provided that a negotiated resolution is not reached with the Debtors on these and related issues.

27. Similarly, to the extent such releases are valid, Lead Plaintiff must be able to opt-out of the nondebtor third party releases on behalf of the Class.

## CONCLUSION

For the reasons stated above, Lead Plaintiff respectfully requests that the Court overrule Debtor's Preliminary Objection to Court-appointed Lead Plaintiff Morgan Hoffman's Proof of Claim No. 556 (D.I. 1080).

Dated: August 23, 2023

**COCHRAN LAW, PLLC**

*/s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
stuart@scochranlaw.com

*Liaison Counsel for Lead Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (admitted pro hac vice)
Joshua Baker (admitted pro hac vice)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Lead Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran