# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC., *et al*, | ) | Case No.22-90341  (DRJ) |
| | ) | |
| Debtors.[1] | ) | (Jointly  Administered) |
| | ) | |

**DECLARATION OF JOSEPH POORE IN SUPPORT OF GEM MINING'S**
**RESPONSE IN OPPOSITION TO DEBTORS' OBJECTION TO PROOFS OF CLAIM**

I, Joseph Poore, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.      I am the Chief Financial Officer of GEM Mining 1, LLC ("GEM Mining 1"); GEM Mining 2, LLC ("GEM Mining 2"), GEM Mining 2B, LLC ("GEM Mining 2B"); and GEM Mining 4, LLC ("GEM Mining 4" or, together with GEM Mining 1, GEM Mining 2, GEM Mining 2B, and GEM Mining 4, the "GEM Mining Entities"). In this capacity, I am familiar with the GEM Mining Entities' operations, business and financial affairs, and books and records, including its relationship with Core Scientific, Inc. and its affiliated debtors (collectively, "Core").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

2.      I am over twenty-one (21) years of age and authorized to submit this affidavit on behalf of the GEM Mining Entities, and if called upon to testify I could and would testify competently to the facts set forth in this Declaration

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge and my review of relevant documents and information in my custody and control, which are maintained by the GEM Mining Entities in the ordinary course of their businesses. I am providing this Declaration in support of *GEM Mining's Response in Opposition to Debtors' Objection to Proof of Claim Nos. 503, 505, 506, 508, 570, 571, and 572 filed by GEM Mining 1, LLC, GEM Mining 2B, LLC, GEM Mining 4, LLC, GEM Mining 2, LLC, GEM Mining 2, LLC GEM Mining 2B, LLC, and GEM Mining 4, LLC, respectively* (the "Response") filed by the GEM Mining Entities in the above-styled jointly administered bankruptcy cases (the "Bankruptcy Cases").

4.      In 2021, Core entered into a Master Services Agreement with each of the GEM Mining Entities (the "MSAs") wherein Core agreed to provide hosting services for computer hardware and other tangible equipment at data centers owned or operated by Core or its affiliates as further provided in individual ordering documents (the "Orders"). Specifically, Core agreed to provide various services to the GEM Mining Entities, including but not limited to, colocation, hosting, rack space, security, monitoring, maintenance, utilities, equipment maintenance and repair, facility management, account management, network and data access, technical support, and heat and thermal management services.

5.      In connection with the MSAs, Core and the GEM Mining Entities executed, among other things, the following Orders:

i.    On June 8, 2021, GEM Mining 1 and Core executed that certain Amended and Restated Order # 8 (the "GEM Mining 1 Order"), wherein Core agreed to host approximately 7,295 Miners for an initial three-year term;

ii.    Between June 30, 2021 and August 30, 2021, GEM Mining 2 and Core executed that certain Amended and Restated Order # 1, that certain Order #3, and that certain Order #4 (collectively, the "GEM Mining 2 Orders"), wherein Core agreed to host approximately 8,385 Miners for an initial three-year term;

iii.    Between July 16, 2021 and August 27, 2021, GEM Mining 2 B and Core executed that certain Master Services Agreement Order # 1, that certain Master Services Agreement Order # 2, and that certain Master Services Agreement Order # 3 (collectively, the "GEM Mining 2 B Orders"), wherein Core agreed to host approximately 1,609 Miners for an initial three-year term; and

iv.    On July 9, 2021, GEM Mining 4 and Core executed that certain Master Services Agreement Order # 1 (the "GEM Mining 4 Order"), wherein Core agreed to host approximately 3,105 Miners for an initial three-year term.

6.    Pursuant to the MSAs and Orders, Core is obligated to provide the GEM Mining Entities with hosting services at a fixed, not variable, rate based on the GEM Mining Entities' power usage. In particular, the Orders specify a fixed "Hosting-Services Rate" based on the amount of power consumed each month. (See e.g., GEM Mining 1 Order attached as Exhibit 2 to GEM Mining POC No. 503).

7.    Notwithstanding the language of the MSAs and Orders, Core charged the GEM Mining Entities a variable rate dictated by the price of power charged to Core. Specifically, on February 15, 2022, Core provided the GEM Mining Entities with the first invoices improperly including pass-through energy costs. *See, e.g.,* February 16, 2022 Email from Joe Poore to Monica Xia and related thread attached hereto as **Exhibit 1**. That same day, Poore sent written notice to Core disputing the inclusion of the pass-through energy costs on any invoices under any applicable agreement. *See id.*

8.     Between February 15, 2022 and the Petition Date, Core improperly charged the GEM Mining Entities with the following pass-through energy costs:

        i.      $560,253.50 in pass-through energy costs to GEM Mining 1;

        ii.     $2,862,274.67 in pass-through energy costs to GEM Mining 2;

        iii.    $403,278.13 in pass-through energy costs to GEM Mining 2 B; and

        iv.    $269,236.00 in pass-through energy costs to GEM Mining 4.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Greenville, South Carolina
Dated: September 6, 2023

                                        */s/ Joseph Poore*_____
                                        Joseph Poore

# Exhibit 1



**From:** Joe Poore
**Sent:** Wednesday, February 16, 2022 11:18 PM
**To:** Monica Xia <mxia@corescientific.com>; Core Scientific Inc. Billing <billing@corescientific.com>
**Cc:** Ryan Irvin <Ryan.Irvin@gemmining.com>; John Warren <jw@gemmining.com>; Jeff Pratt <jpratt@corescientific.com>; Moses Marure Jr. <moses@corescientific.com>; Mitch Livingston <mlivingston@corescientific.com>
**Subject:** RE: [External]Core Scientific Inc. February 2022 Hosting Invoice - GEM Mining 1 LLC

Thanks for the additional info.

This is how that section reads:

1) Was there an 1) increase, 2) change in, or 3) introduction/administration of:
   a. New taxes
   b. Levies
   c. Tariffs or
   d. Governmental fees & charges

First, do we agree this is how 4(f) of the MSA reads?
Second, can you help me understand how increased power costs from Duke Energy constitute a new tax, levy, tariff or governmental charge?
Third, was this curtailment buy through part of a PPA or other agreement that was in place when we signed our MSA? If so, how does this qualify as an increase or change that occurred after the Effective Date of our MSA? If it is not new after the effective date of the MSA it does not qualify for pass-through.


Thanks,
Joe

**From:** Monica Xia <mxia@corescientific.com>
**Sent:** Wednesday, February 16, 2022 10:52 PM
**To:** Joe Poore <joe.poore@gemmining.com>; Core Scientific Inc. Billing <billing@corescientific.com>
**Cc:** Ryan Irvin <Ryan.Irvin@gemmining.com>; John Warren <jw@gemmining.com>; Jeff Pratt <jpratt@corescientific.com>; Moses Marure Jr. <moses@corescientific.com>; Mitch Livingston <mlivingston@corescientific.com>
**Subject:** RE: [External]Core Scientific Inc. February 2022 Hosting Invoice - GEM Mining 1 LLC

Hi Joe,

Please see below –

Section 4(f) of Core's Master Services Agreement specifies that tariffs such as the additional power charges from the utility may be passed through:

> f. Further, and notwithstanding the Change in Law related costs above, after the Effective Date, if there are any increases, changes in, or introduction or administration of, any new taxes, levies, tariffs or governmental fees and charges with respect to the provision of Services, Company may, in its sole and absolute discretion, pass through all such amounts to Client ("Increased Costs") and Client shall pay all Increased Costs in accordance with the payment and invoicing procedures as set forth in this Agreement.

These additional power charges are the result of rate adjustments applied by our utility provider (Duke Energy at Marble 2). We are doing a straight pass through of the increase without any markup. Please see attached file for support.

Hope this helps to address your concerns. And Moses and team will also discuss this matter with you in your calls.

Thank you,
Monica



**MONICA XIA, CPA**
ACCOUNTING MANAGER
**Core Scientific**
**M. (425) 283-2982**

**From:** Joe Poore <joe.poore@gemmining.com>
**Sent:** Tuesday, February 15, 2022 6:33 PM
**To:** Hailun Zhang <hzhang@corescientific.com>; Core Scientific Inc. Billing <billing@corescientific.com>
**Cc:** Client Success <client-success@corescientific.com>; Ryan Irvin <Ryan.Irvin@gemmining.com>; John Warren <jw@gemmining.com>
**Subject:** RE: [External]Core Scientific Inc. February 2022 Hosting Invoice - GEM Mining 1 LLC

[EXTERNAL] Use caution when opening attachments or links.

To be clear, my prior email should be considered a written dispute of all invoices with a rate above the Services rate listed in the applicable agreement. These invoices should be considered subject to the written dispute procedures outlined in the master service agreement.

---

**From:** Joe Poore
**Sent:** Tuesday, February 15, 2022 9:31 PM
**To:** Hailun Zhang <hzhang@corescientific.com>; Billing <billing@corescientific.com>
**Cc:** Client Success <client-success@corescientific.com>; Ryan Irvin <Ryan.Irvin@gemmining.com>; John Warren <jw@gemmining.com>
**Subject:** RE: [External]Core Scientific Inc. February 2022 Hosting Invoice - GEM Mining 1 LLC

Holy smokes. That's a > 60% increase in power costs.

My understanding is that the rate is fixed under the GEM-Core agreements. Can you please provide the following:

1) Specific reference to the portion of the agreement that allows Core to adjust the rate
2) What caused the increased power rate and is it likely to recur?
3) Can you provide some proof of the actual increased power costs (e.g. power bills or other records from the utility provider)?

---

**From:** Core Scientific Inc. Billing <billing@corescientific.com>
**Sent:** Tuesday, February 15, 2022 9:01 PM
**To:** Core Scientific Inc. Billing <billing@corescientific.com>; Joe Poore <joe.poore@gemmining.com>; Ryan Irvin <Ryan.Irvin@gemmining.com>; AccountsPayable <AccountsPayable@gemmining.com>
**Cc:** Accounts Receivable <ar@corescientific.com>; Client Success <client-success@corescientific.com>
**Subject:** [External]Core Scientific Inc. February 2022 Hosting Invoice - GEM Mining 1 LLC

Hi Ryan and Joe,

Hope you are doing well! Please see attached invoice INV42316 for **GEM Mining1 LLC** and associated support for your Hosting Services.

Please note – for power consumption in Marble 2 site, , the hosting rate for 19 days in Jan 2022 is $0.094/kWh due to increased power costs.

Feel free to reach out if you have any questions or concerns.

We appreciate your business and trust in Core Scientific!



**HAILUN ZHANG, CMA, MBA**
SR. REVENUE ACCOUNTANT
**Core Scientific**
hzhang@corescientific.com

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly

prohibited. If you have received this communication in error, please immediately notify us by email noted above and destroy the original message. Thank you.