United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CORE SCIENTIFIC, INC., *et al.*,[1] | ) Case No. 22-90341 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | (Docket No. 985) |

**ORDER AUTHORIZING CELSIUS MINING LLC TO FILE UNDER
SEAL THE EXHIBITS TO CELSIUS MINING LLC'S OBJECTION TO THE
DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT
TO PROOF OF CLAIM NOS. 425 AND 497 FILED BY CELSIUS MINING LLC**

Upon the motion (the "Motion")[2] of Celsius Mining LLC and its debtor affiliates (collectively, "Celsius") for entry of an order (this "Order"), authorizing Celsius to redact and file under seal the exhibits to its Objection to the extent including references to materials designated by the Debtors as Confidential or Highly Confidential, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that Celsius' notice of the Motion was appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Celsius is authorized, pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to redact and file under seal <u>Exhibits B-L</u> to the Objection, in each case, to the extent including references to materials designated by the Debtors as Confidential or Highly Confidential, all as more fully set forth in the Motion.

3. The unredacted version of the exhibits attached to the Objection shall remain confidential and shall not be made available to anyone without the Debtors' consent and may not be filed on the public docket; *provided that* pursuant to the Addendum, the Designated Material shall become public seven (7) days after the filing unless the Debtors file an objection to the unsealing of the Designated Material with the Court and the Court shall resolve any such dispute.

4. Celsius shall submit an unredacted copy of the exhibits to the Objection to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Clerk of this Court shall treat the Designated Material contained in the exhibits to the Objection as confidential, and counsel for Celsius shall contact the Clerk's Office regarding the return or disposition of the exhibits to the Objection as soon as practicable following the effective date of any chapter 11 plan in these cases or any successor cases.

6. Any party authorized to receive the unredacted versions of the Objection shall be authorized and directed to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases. If the Designated Material is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleadings or documents.

7. Any party who receives the Designated Material in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

8. Nothing in this Order shall restrict in any way the right of any party in interest or the U.S. Trustee to seek relief from this Court to unseal any part of the exhibits to the Objection.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Celsius is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: September 12, 2023.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE