# Exhibit 1

| | |
|---|---|
| **From:** | Greg Wolfe |
| **Sent:** | Sunday, September 10, 2023 12:24 PM |
| **To:** | Calabrese, Christine; Harper, Ashley; Davidson, Tad; Bell, Brandon; Tibor Nagy; Rahul Srinivas; Maxine Peskens |
| **Cc:** | Tsekerides, Theodore; Perez, Alfredo; Carlson, Clifford; Crabtree, Austin; Delauney, Krystel; Menon, Asha |
| **Subject:** | RE: Core / Sphere \| Debtors' Responses and Objections to Sphere's Initial Discovery Requests |

Counsel:

We have reviewed your discovery responses, which we received on Friday evening. Based on their content, and given the extraordinarily tight discovery schedule the Court set, we require a meet-and-confer earlier than Thursday. The meet-and-confer is necessitated by the sheer number of (1) deficient discovery responses, some of which are outlined below; and (2) discovery responses that Core simply did not answer, but instead proposed meeting-and-conferring on, namely, half the RFP responses and nearly half of the interrogatory responses.

Please let us know today times that work Monday and Tuesday. We will move our schedules around to accommodate your availability. If your position is that the entire Weil team cannot meet-and-confer before Thursday, we need to know precisely why. Otherwise, we will raise our concerns to the Court pursuant to its instruction during the MSJ/scheduling hearing.

You have rejected our offer to mediate the case. That is your prerogative, but that means you actually have to comply with your discovery obligations.

We look forward to meeting and conferring.

\*\*\*

**Deficient Interrogatories:**

**Interrogatory No. 3** asked: What do you contend is the meaning of the phrase "as long as Sphere 3D Corp. satisfies [Core's] requirements prior to"? State the complete basis for your interpretation.

Core did not provide a complete responses but instead provided a non-exhaustive list of six requirements "among other[s]." Core should know exactly what the requirements are and we are entitled to know its position now. Instead, Core's present response appears designed to sandbag Sphere.

**Interrogatory Nos. 4, 9 & 10** all sought similar information related to any harm Core claims it suffered:

- Interrogatory No. 4 asked: Identify and describe any expenditures and preparations made in contemplation of hosting any miners under Order #2, including without limitation the "enormous undertaking and investment Core" made "to prepare its facilities for the number of expected units," as referenced in paragraph 19 of the Claim Objection.

- Interrogatory No. 9 asked: Identify and describe any harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2.

1

- Interrogatory No. 10 asked:  Identify and describe any efforts to mitigate harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2 and how much those mitigation efforts reduced the alleged harm, damage, or loss any Debtor claims it suffered.

Core responded to each question with one cursory sentence and did not provide any detail regarding alleged harm suffered, expenditures incurred, or mitigation efforts.  Sphere is entitled to know if Core is going to be arguing that if it was damaged by Sphere and in what amount.  This is information that is in Core's possession now.

**Interrogatory No. 2** asked for Core's interpretation of the limitation of liability.  Core responded with a lawyerly response that did not actually lock in an interpretation.  Sphere is entitled to its complete interpretation now.

**Interrogatory No. 1** asked for the identification of individuals with relevant knowledge.  We have significant concerns about the scope of the response given that Core omitted individuals with obvious knowledge—like Todd DuChene, who communicated with Sphere about the assignment issue.

In addition, Gryphon proposed meeting and conferring in response to Interrogatory Nos. 5 – 8 and 13 – 15, *i.e.*, nearly half of Sphere's interrogatories.

Finally, Core's objections to our definitions and instructions are without merit and concerning.   For example, Core appears to be trying to exclude from its production text messages and messages sent over similar applications, which are plainly discoverable and material.   Indeed, we attached to our MSJ papers an image from a What's App message that Core sent approving Sphere's press release announcing Gryphon's delegation of its rights to Sphere.  And Core's objections to our instructions do not provide any detail and thus do not provide a basis to know how Core purports to construe our instructions.

**Deficient RFA Response**

RFA No. 2 asked:  Admit that You signed off on Sphere's press release dated October 13, 2021, which is available at: https://www.sec.gov/Archives/edgar/data/1591956/000106299321009461/exhibit99-1.htm.

Core objected to the use of "sign off" as vague and ambiguous, but did not provide an alternative construction and instead answered "the Debtors admit that they did not object to Sphere's press release dated October 13, 2021."  That answers a question Sphere did not pose.

As reflected in Exhibit 2 to Dkt. 1040-3, Core employee Taras Kulyk asked Gryphon CEO Rob Chang to "email" Core the press release "so we [i.e., Core] can **sign off.**" (emphasis added).  The RFA asks whether Core signed off.   Core must answer the question posed.

**Deficient RFP Responses**

Core has not asserted a single particularized objection to our RFPs.  Moreover, rather than respond at all, proposes meeting and conferring on RFP Nos. 1-4, 7-8, 10-13, 20, *i.e.*, half of our RFPs.

Finally, we have similar concerns to those discussed above with respect to your objections to our instructions and definitions.  In addition:

- Core objects to the production of any privilege log, which is not acceptable.  While we are willing to discuss a modified procedure for logging documents on and after September 6, 2022—i.e., when Sphere sent its demand letter and the parties became completely adverse—the magnitude of the case and limited time period under review requires a privilege log before that date.

- Core states it will not produce hard copy documents.  We require a detailed explanation why.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

---

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Friday, September 8, 2023 6:48 PM
**To:** Greg Wolfe <greg@dnfllp.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Bell, Brandon <BBell@hunton.com>; Tibor Nagy <tibor@dnfllp.com>; Rahul Srinivas <rsrinivas@dnfllp.com>; Maxine Peskens <mpeskens@dnfllp.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>; Menon, Asha <Asha.Menon@weil.com>
**Subject:** Core / Sphere | Debtors' Responses and Objections to Sphere's Initial Discovery Requests

Counsel,

Please find attached Debtors' responses and objections to Sphere's First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production.

Best,
Christine



**Christine A. Calabrese**
Associate
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
christine.calabrese@weil.com
+1 212 310 8083 Direct
+1 202 213 7892 Mobile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.