# Exhibit 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DEBTORS' RESPONSES AND OBJECTIONS TO
<u>SPHERE 3D CORP.'S FIRST SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 9014, 7026, and 7036 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and the Agreed Scheduling Order (ECF No. 1188), Debtor Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the "**Debtors**") by and through their undersigned counsel, hereby respond and object as follows to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

Requests for Admissions, dated August 18, 2023 (the "**Requests**" and each specific request for admission, a "**Request**") issued by Sphere 3D Corp. ("**Sphere**").[3]

## RESERVATION OF RIGHTS

1. With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.

2. The Debtors submit these responses and objections subject to, without intending to waive, and expressly preserving: (a) any objections to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests; and (c) the right to revise, correct, supplement or clarify the responses or any of the objections herein at any time.

3. None of the responses shall be construed as the Debtors' adoption or acquiescence in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. By responding and objecting to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand, subpoena, or any case brought by Sphere or any other party.

4. In responding to the Requests, the Debtors intend no incidental or implied admissions. Whether the Debtors have answered or objected to any Request should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by the Request, that such answer or objection constitutes admissible evidence, or that

---

[3] Any capitalized terms not otherwise defined in these responses shall have the meanings ascribed to them in the Requests unless otherwise noted herein.

requests for similar information will be treated in a similar fashion.

## GENERAL OBJECTIONS

These general objections are applicable to the Requests in their entirety and are incorporated into each specific response and objection below as if fully repeated therein. Any objection to a definition or instruction shall also apply equally to any other definition, instruction, or Request that incorporates that definition or instruction. The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

1. The Debtors object to the Requests, including without limitation, the "Definitions" and/or "Instructions" therein, to the extent they purport to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.

2. The Debtors object to the Requests to the extent that the "Definitions" and/or "Instructions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request where such enlargement, expansion, or alteration renders the Request vague, ambiguous, overbroad, or unduly burdensome, or where such enlarged, expanded, or altered Request seeks information that is not relevant to the claim or defense of any party.

3. The Debtors object to the Requests to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response. If the Debtors disclose any privileged information pursuant to the Requests, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege.

4. The Debtors object to the "Definitions" and "Instructions" to the extent they attempt to define words beyond their ordinary meaning or impose obligations beyond those

3

contained in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.

5. Any response to the Requests is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

6. The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement their responses and objections to the Requests.

## OBJECTIONS TO THE DEFINITIONS

1. The Debtors object to Definition No. 1 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any of their officers, directors, employees, agents, representatives, parent companies, subsidiaries, affiliates, successors, predecessors, and assigns, including attorneys, or other Persons acting on their behalf."

2. The Debtors object to Definition No. 6 ("You" or "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any Debtor and any other Person or entity presently or formerly acting or purporting to act on behalf of any Debtor."

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR ADMISSION NO. 1:**

**Admit that You never cancelled or terminated Order #2.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors admit that they did

4

not formally cancel or terminate Order #2 as it relates to miners already delivered to the Debtors pursuant to the MSA, but deny that Core has any further obligations under the MSA, Order #1, or Order #2 due to Gryphon's material breach of its obligations thereunder.

**REQUEST FOR ADMISSION NO. 2:**

**Admit that You signed off on Sphere's press release dated October 13, 2021, which is available at: https://www.sec.gov/Archives/edgar/data/1591956/000106299321009461/exhibit99-1.htm.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors object to the use of the term "sign off" as vague and ambiguous. The Debtors further object to the relevance of this Request. Subject to and without waiving their objections, the Debtors admit that they did not object to Sphere's press release dated October 13, 2021.

**REQUEST FOR ADMISSION NO. 3:**

**Admit that You understood by October 14, 2021 that Gryphon had at least attempted to delegate at least some of its rights in Order #2 to Sphere.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors object to the use of the term "delegate" as vague and ambiguous and calling for a legal conclusion. The Debtors further object to the relevance of this request as the MSA and Order #2 expressly set forth the conditions required for any purported assignment of rights. Subject to and without waiving their objections, the Debtors deny that they understood by October 14, 2021 that Gryphon had at least attempted to "delegate" at least some of its rights under Order #2 to Sphere but admit that by

October 14, 2021, Debtors were aware that the attempted delegation by Gryphon of its rights to Sphere could take place at some point in the future.

Dated: September 8, 2023
Houston, Texas

        */s/ Alfredo R. Pérez*
        WEIL, GOTSHAL & MANGES LLP
        Alfredo R. Pérez (15776275)
        Clifford W. Carlson (24090024)
        700 Louisiana Street, Suite 1700
        Houston, Texas 77002
        Telephone:   (713) 546-5000
        Facsimile:    (713) 224-9511
        Email: Alfredo.Perez@weil.com
               Clifford.Carlson@weil.com
        -and-

        WEIL, GOTSHAL & MANGES LLP
        Ray C. Schrock (admitted *pro hac vice*)
        Ronit J. Berkovich (admitted *pro hac vice*)
        Theodore E. Tsekerides (admitted *pro hac vice*)
        Christine A. Calabrese (admitted *pro hac vice*)
        767 Fifth Avenue
        New York, New York 10153
        Telephone:   (212) 310-8000
        Facsimile:    (212) 310-8007
        Email: Ray.Schrock@weil.com
               Ronit.Berkovich@weil.com
               Theodore.Tsekerides@weil.com
               Christine.Calabrese@weil.com

        *Counsel for Debtors and Debtors in Possession*

**Certificate of Service**

    I hereby certify that on September 8, 2023, a true and correct copy of the foregoing documents was served on counsel for Sphere 3D Corp. via electronic mail.

                                                                            */s/ Alfredo R. Pérez*
                                                                            Alfredo R. Pérez