Exhibit 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (DRJ) |
|  | § |  |
|  | § | **(Jointly Administered)** |
| Debtors.[1] | § |  |
|  | § |  |

## DEBTORS' RESPONSES AND OBJECTIONS TO SPHERE 3D CORP.'S
## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"),

made applicable to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 9014,

7026, and 7034 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**), and the

Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local**

**Rules**"), and the Agreed Scheduling Order (ECF No. 1188), Debtor Core Scientific Operating

Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the

"**Debtors**") by and through their undersigned counsel, hereby respond and object to the First Set

of Requests for Production of Documents, dated August 18, 2023, (the "**Requests,**" and each

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. See Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, In re Core Scientific, Inc., No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

specific document request, a **"Request"**) issued by Sphere 3D Corp ("**Sphere**").[3]  The Debtors expressly reserve their rights to supplement, modify, revise, or correct the responses and objections herein at any time in accordance with the applicable rules.

## RESERVATION OF RIGHTS

1.      With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit these responses and objections subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests or responses or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity; and (d) the right to revise, correct, supplement, or clarify the responses or any of the objections herein at any time.

3.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.  By producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand, subpoena, or any other case brought by Sphere or any other party.

---

[3] Any capitalized terms not otherwise defined in these responses shall have the meanings ascribed to them in the Requests unless otherwise noted herein.

4.      Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any matter brought by Sphere or any other party, or that requests for similar information will be treated in a similar fashion.  Whether the Debtors have produced documents or objected to any particular Request should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Request.

5.      None of the Debtors' responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents responsive to any Request.  The Debtors do not represent that any responsive documents exist in response to any particular Request, but rather that they will undertake a reasonably diligent search across a limited set of agreed-upon custodians and produce non-privileged documents responsive to the Request (if any).

6.      The Debtors do not waive, and hereby assert and preserve all applicable privileges and protections, including the attorney-client privilege, work product doctrine, and any other applicable privilege or immunity.

7.      Any document produced by the Debtors in response to the Requests shall be subject to the terms of the Stipulated Protective Order (ECF No. 516) and any agreed upon protocol relating to electronically stored information.

## **<u>GENERAL OBJECTIONS</u>**

These general objections are applicable to the Requests in their entirety and are incorporated into each specific response and objection below as if fully repeated therein.  Any objection to a definition or instruction shall also apply equally to any other definition, instruction, or Request that incorporates that definition or instruction.  The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

1.     The Debtors object to the Requests, including, without limitation, the "Definitions" and "Instructions" therein, to the extent they purport to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.

2.     The Debtors object to the Requests insofar as they seek the production of "all" documents and communications concerning any given subject on the grounds that it is impracticable, overly broad, and otherwise unduly burdensome for the Debtors to locate and produce every conceivable responsive document, including those stored electronically.

3.     The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; and/or (d) any other applicable privilege, protection, or immunity from discovery.  The Debtors will not disclose information or produce documents protected by any privilege, rule, doctrine, immunity, or other similar protection.  Accordingly, any production of such documents or information would be inadvertent, and should not be deemed a waiver of such privilege, rule, doctrine, immunity, or other protection or of any grounds for objecting to discovery with respect to such information or the subject matter thereof, or of the Debtors' right to object to the use of any such information during any subsequent proceeding.  The Debtors reserve the right to redact any material covered by items (a) through (d) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

4.     The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential,

financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third parties and will only produce any such documents subject to an appropriate protective order, which may require tailored protections beyond those set forth in the Stipulated Protective Order (ECF No. 516).

5.      The Debtors object to the Requests to the extent they require any disclosure that would constitute a violation of any law or regulation.

6.      The Debtors object to the Requests as overbroad, unduly burdensome and not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter because they seek information not reasonably limited to the time period relevant to this contested matter.

7.      The Debtors object to the Requests to the extent they call for the production of documents not within the Debtors' possession, custody, or control or for production of documents not obtainable by means of a reasonably diligent search proportional to the discovery needs of this contested matter.

8.      The Debtors object to the Requests to the extent they seek information that is already in the possession, custody, or control of Sphere and/or information that is in the public domain.

9.      The Debtors object to the Requests to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed.  The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Debtors responses, objections, and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Requests.

10.     Any response to the Requests is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

11.     The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement these responses and objections to the Requests.

## OBJECTIONS TO DEFINITIONS

1.     The Debtors object to Definition No. 3 ("Communication" or "Communications") as overbroad, unduly burdensome, and disproportionate to the discovery needs of this case to the extent such terms include "any" responsive information, including information contained in "telegrams," and information across "any messaging app or service."

2.     The Debtors object to Definition No. 4 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "officers, directors, employees, agents, representatives, parent companies, subsidiaries, affiliates, successors, predecessors, and assigns, including attorneys, or other Persons acting on their behalf."

3.     The Debtors object to Definition No. 5 ("Document" or "Documents") as overbroad, unduly burdensome, and disproportionate to the discovery needs of this contested matter to the extent the terms include "all" documents.  The Debtors also object to Definition No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter to the extent it purports to require the production of hard-copy documents, including documents with "any removable sticky notes, flags, or other attachments affixed" and as extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

4.     The Debtors object to Definition No. 6 ("Electronic records") as overbroad, unduly burdensome, and disproportionate to the discovery needs of this contested matter, especially insofar as it purports to require production of "the original" and "any non-identical copies" of every produced Document.  The Debtors further object to Definition No. 6 as overbroad, unduly burdensome, ambiguous, and disproportionate to the discovery needs of this contested matter to the extent it purports to require production of "the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy."

5.     The Debtors object to Definition No. 12 ("You" or "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to require that the Debtors produce documents from "any Debtors and any other Person or entity presently or formerly acting or purporting to act on behalf of any Debtor."

## OBJECTIONS TO INSTRUCTIONS

1.     The Debtors object to Instruction No. 1 to the extent that it purports to require that the Debtors produced privileged information.  The Debtors also object to Instruction No. 1 as overbroad, unduly burdensome, and disproportionate to the discovery needs of this contested matter to the extent it purports to require that the Debtors produce information outside the Debtors' possession, custody, or control.  The Debtors further object to Instruction No. 1 as not practical, unduly burdensome, and disproportionate to the discovery needs of this case to the extent it purports to require that the Debtors produce a privilege log.

2.     The Debtors object to Instruction No. 2 to the extent it purports to require that the Debtors produce each Document "without redaction."  The Debtors reserve the right to redact Documents where appropriate, for example, where a Document contains privileged information.

3.      The Debtors object to Instruction Nos. 3, 4, and 5 as overbroad, unduly burdensome, and disproportionate to the discovery needs of this contested matter to the extent they purport to require that the Debtors produce hard-copy Documents.

4.      The Debtors object to Instruction Nos. 10 and 11 as not practical, unduly burdensome, and disproportionate to the discovery needs of this case to the extent they purport to require that the Debtors produce a privilege log for any period.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

**All Communications with Sphere.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 2:**

**All Communications with Gryphon.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating

to this contested matter.  Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 3:**

    **All Communications and Documents related to Sphere.**

**RESPONSE:**

    In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 4:**

    **All Communications and Documents related to Gryphon.**

**RESPONSE:**

    In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 5:**

    **All Communications and Documents relating to the MSA and any orders or collateral agreements thereto—including, but not limited to, all amendments, supplements, side letters, licensing agreements, assignments, or other related agreements, and all drafts thereof—and their negotiation.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter. Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 6:**

**All Communications and Documents reflecting or containing information about payments made to any Debtor in connection with the MSA and any orders thereto, including, but not limited to, receipts, invoices, bills, wire transfers, bank statements, and accounting records, and any Documents reflecting accounting treatment of such payments received.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter as the Request seeks "all" Communications and Documents. Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 7:**

**All Communications and Documents relating to any new hosting agreement between any Debtor and Sphere.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter. Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 8:**

**All Communications and Documents relating to any new hosting agreement between any Debtor and Gryphon.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter. Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 9:**

**All Communications and Documents related to the meeting in Florida on or around April 7, 2022 between Sphere and any Debtor.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter as the Request seeks "all" Communications and Documents.  Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 10:**

**Communications and Documents sufficient to show "Core otherwise utilz[ing] the capacity it had previously set aside" as referenced in paragraph 28 of the Claim Objection.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Communications and Documents sufficient to show the "enormous undertaking and investment["] any Debtor made "to prepare its facilities for the number of expected units," as referenced in paragraph 19 of the Claim Objection.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications and Documents showing any harm, damage, or loss any Debtor claims it suffered due to the nonperformance of Gryphon or Sphere under the MSA and Order #2, including without limitation reflecting hosting space set aside that went unused.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Communications and Documents sufficient to show increases, changes in, or introduction or administration of any new taxes, levies, tariffs or governmental fees, or charges that any Debtor has sought to pass or considered passing on to Sphere and Gryphon.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and that it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter. Subject to and without waiving any objections, the Debtors will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications related to any miners any Debtor at any time held or operated on behalf of Sphere or Gryphon or that otherwise belonged to Sphere or Gryphon, including without any limitation miners used or operated to mine or otherwise generate bitcoin for any Debtor's own account or benefit.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter as the Request seeks "all" Communications and Documents. Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 15:**

**All Documents and Communications related to any bitcoin that was mined or generated for any Debtor's own account or benefit using miners held or operated on behalf of Sphere or Gryphon or that otherwise belonged to Sphere or Gryphon, including without limitation any efforts to send, direct, or return such bitcoin to Sphere or Gryphon or otherwise provide compensation to Sphere or Gryphon in consideration of such bitcoin and any Debtor's statement to Sphere that it was "point[ing] extra hash" to Sphere and/or Gryphon.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter as the Request seeks "all" Communications and Documents. Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 16:**

**All Documents and Communications related to actual, anticipated, requested, or rejected deliveries of miners on behalf of Sphere and/or Gryphon, including without limitation in December 2021, February 2022, and April 2022.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter as the Request seeks "all" Communications and Documents. Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search

across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 17:**

**Documents sufficient to show the operability and status of each miner any Debtor held or operated on behalf of Sphere or Gryphon or that otherwise belonged to Sphere or Gryphon during the Relevant Period, including without limitation, logs, reports, or other records showing any uptimes, downtimes, and service disruptions for each miner.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request to the extent it seeks Communications and Documents in Sphere's possession. Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 18:**

**All Documents and Communications related to any Debtor's statement to Sphere in April 2022 that it could not accommodate additional miners "until this summer sometime."**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request to the extent it seeks Communications and Documents in Sphere's possession. Subject to and without waiver of any objections, the Debtors will conduct a

reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 19:**

**All Documents and Communications related to deposits and prepayments made under the MSA and Order #2 by Sphere or Gryphon, including Documents and Communications by any Debtor regarding any agreement to take instruction from Gyphon or Sphere with respect to deposits or prepayments made under the MSA or Order #2.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request to the extent it seeks Communications and Documents in Sphere's possession.  Subject to and without waiver of any objections, the Debtors will conduct a reasonable good-faith search across a limited set of agreed-upon custodians for responsive documents and, subject to the Stipulated Protective Order, the Debtors will produce non-privileged documents responsive to this Request, if any, that are proportional to the needs of this contested matter.

**REQUEST FOR PRODUCTION NO. 20:**

**All Documents and Communications related to the claims asserted in Sphere's Claims.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, vague, ambiguous,

duplicative of every other request, and disproportionate to the needs of this contested matter. Subject to and without waiving any objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Request.

**REQUEST FOR PRODUCTION NO. 21:**

**All Documents and Communications on which You intend to rely or introduce into evidence in connection with any deposition, hearing, or the trial in this matter.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors object to this Request on the grounds that it is premature and seeks the production of attorney work product.  Subject to and without waiving any objections, the Debtors will provide a list of documents to be used as exhibits in connection with the trial of this contested matter consistent with the Agreed Scheduling Order.

**REQUEST FOR PRODUCTION NO. 22:**

**All Documents and Communications that You receive from any third party in response to any subpoena or request issued in relation to this matter, whether issued by the United States Bankruptcy Court for the Southern District of Texas or any other court.**

**RESPONSE:**

Subject to the foregoing Reservation of Rights, General Objections, Objections to the Definitions, and Objections to the Instructions, all of which are incorporated herein by reference, the Debtors will produce all Documents and Communications responsive to this Request, if any.

Dated: September 8, 2023
Houston, Texas

/s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:     (713) 546-5000
Facsimile:      (713) 224-9511
Email: Alfredo.Perez @weil.com
          Clifford.Carlson@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:      (212) 310-8007
Email: Ray.Schrock@weil.com
          Ronit.Berkovich@weil.com
          Theodore.Tsekerides@weil.com
          Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

**Certificate of Service**

     I hereby certify that on September 8, 2023, a true and correct copy of the foregoing documents was served on counsel for Sphere 3D Corp. via electronic mail.

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez