IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | (Emergency Hearing Requested) |
| | § | |

**DEBTORS' OPPOSITION TO SPHERE 3D CORP.'S <u>EMERGENCY</u> MOTION COMPELLING DISCOVERY AND DEBTORS' EMERGENCY CROSS-MOTION TO <u>COMPEL DISCOVERY RESPONSES FROM SPHERE 3D CORP.</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 1:00 P.M. (CENTRAL PREVAILING TIME) ON WEDNESDAY, SEPTEMBER 13, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON WEDNESDAY, SEPTEMBER 13, 2023 AT 1:00 P.M. (CENTRAL PREVAILING TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET HOUSTON, TEXAS 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES'S CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONES'S HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONES'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired

Debtor Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the "**Debtors**") hereby submits this response in opposition (the "**Opposition**") to *Sphere 3D Corp.'s Emergency Motion For Entry of an Order Compelling the Debtors to Supplement Discovery Responses* (ECF1221) ("**Sphere Motion**") and in support of *Debtor's Emergency Cross-Motion to Compel Discovery From Sphere 3D Corp.* (the "**Cross-Motion**") pursuant to Federal Rules of Civil Procedure (the "**Federal Rules**") Rules 26, 33, 34 and 37 made applicable in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 9014, 7026, 7033, 7034, and 7037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"). The Cross-Motion seeks the entry of an order compelling Sphere 3D Corp. ("**Sphere**") to produce documents requested pursuant to the Debtors' First Set of Requests for Production (the "**RFPs**"), and to amend its deficient responses to Debtors' First Set of Interrogatories (the "**Interrogatories**") (together, the "**Debtors' Discovery Requests**"). In support of the Opposition and Cross-Motion, the Debtors respectfully state the following:

---

Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

## **OPPOSITION TO SPHERE MOTION**

### **Preliminary Statement**

1. The Sphere Motion should be denied in all respects because the Debtors have complied with their obligations in responding to Sphere's discovery. As related to the Sphere Interrogatories at issue (numbers 3, 4, 9 and 10), the Debtors provided narrative responses and further indicated that documents from which the interrogatories will be further responded to will be produced during discovery. Rule 33(d) of the Federal Rules, applicable here, expressly permits a party to produce records where an answer to an interrogatory may be determined by referring to records. That is exactly what the Debtors have done here, in addition to providing a general narrative in response to the interrogatories. Nothing further should be required.

2. Similarly, with respect to the Debtors' response to Request for Admission number 2, the Debtor's response is entirely appropriate and provides Sphere with the information responsive to the request. That Sphere disapproves of the Debtors' characterization of the response is not a grounds to compel the Debtors to provide a further response.

3. Finally, as relates to Request for Production number 13, which relates to power pass through issues that have absolutely no relevance to this contested matter, the Debtors' objection to production on relevancy grounds is valid and Sphere's strained efforts to manufacture relevance falls flat.

4. For these reasons and as will be discussed during the hearing this afternoon, the Sphere Motion should be denied.

**Argument**

**Debtors' Response to Interrogatories No. 3, 4, 9 and 10**

5. Sphere complains that the Debtors' responses to Interrogatory numbers 4, 9 and 10 (all of which relate to any alleged damages the Debtors have sustained) are deficient because Sphere claims the Debtors must provide all of their damages figures now in the interrogatory response, rather than by reference to documents. Sphere is mistaken and the Federal Rules expressly allow the Debtors to respond to the interrogatories by reference to records. Indeed, the Debtors have not refused to respond to these Interrogatories. Rather, the responses demonstrate that the Debtors responded to each of these Interrogatories with a general narrative that provides the basis for any damages claim and also indicated that they will provide documents from which further detail relating to those claims would be reflected. That is exactly what the Debtors intend to do.

6. Sphere's claim that the Debtors need to respond "now" with a narrative is not only contrary to the Federal Rules, but Sphere is also wrong that this information can be easily transformed into a narrative. Documents reflecting losses incurred by the Debtors (both in lost revenue and expenditures) will provide the detail Sphere is looking for in a more efficient and informative manner than any response to an Interrogatory. Sphere is also wrong that these damages cannot be identified through the production of documents, as the documents will reflect the expenditures incurred by the Debtors to construct facilities for the miners

contemplated under the relevant agreements and the revenue the Debtors lost as a result of the breach of those agreements.

7. The narrative responses already provided, and the documents that the Debtors have agreed to produce, demonstrate that the Sphere Motion is without merit and that the Debtors' responses were appropriate and consistent with the Federal Rules.

8. Similarly, the Debtors' response to Interrogatory No. 3 relating to the meaning of the phrase "as long as Sphere 3D Corp. satisfies [Core's] requirements prior to" provided detail as to the Debtors' interpretation of that phrase. The Debtors also agreed to produce documents, such as negotiations of the Order #2 in which that phrase exists, that will provide further detail responsive to this Interrogatory. Sphere's objection seems to be that the detail provided by the Debtors is not detailed enough, but the response belies such a contention. Further, Sphere's claim that it is entitled to know the basis for the interpretation is nonsensical. The basis is the Debtors' belief as to what the phrase means. Nothing further is required.

**Debtors' Response to Sphere RFA No. 2**

9. Sphere's Request for Admission number 2 asked the Debtors to admit that they "signed off" on a press release issues by Gryphon and Sphere. The Debtors objected that "sign off" is vague and ambiguous and that the request seeks information that is not relevant to this contested matter. Nevertheless, the Debtors responded that they admit they did not object to Sphere's press release. Contrary to Sphere's contention, the phrase "sign off" is in fact ambiguous, especially as it is being used in this context. The press release at issue was not from the Debtors and the Debtors had nothing to do with issuing it. The response that the

Debtors did not object to it is sufficiently responsive and satisfies the Debtors' obligation. Nothing further should be required.

**Debtors' Response to Sphere RFP No. 13.**

10. Sphere's Request for Production number 13 seeks documents sufficient to show charges the Debtors sought to pass through or considered passing on to Gryphon. The Debtors objected to the request as irrelevant to any party's claim or defense and not proportional to the needs of the issues related to this contested matter. This response mirrors the Federal Rules and put Sphere on notice that the Debtors contend this request seeks documents that have nothing to do with the issues in dispute.

11. As stated to Sphere during the meet and confer, the Debtors already have agreed to produce communications between Core and Sphere and/or Core and Gryphon for the time period July 1, 2021 through September 2022. These would include documents that relate to new contracts that were being negotiated. There has never been a dispute in this matter as relates to any power pass through costs to Gryphon, and Gryphon—who has been paying the invoices to date—has never raised any issue about power pass through costs. Nor has Core asserted any claim that Gryphon failed to pay power pass through costs. Sphere's fanciful hypothetical that somehow Core considered it could not pass such costs through to its customers (which it obviously thought it could as the Court is aware from issues raised by others in these Chapter 11 cases), and so demanded Gryphon (or Sphere) pay a higher hosting rate under a new and separate contract that was never entered into, makes no sense.

12. There are many issues in dispute in this matter, but power pass through is not one of them. The Debtors will already be producing documents relating to the negotiations of any

6

potential new contracts that were being contemplated between the parties, nothing further is appropriate.

## DEBTORS' CROSS-MOTION

### Preliminary Statement

13. As relevant here, on August 17, 2023, Debtors filed their first set of RFPs and Interrogatories on Sphere. *See* Debtors' Initial Set of Req. for Prod. (attached hereto as **Exhibit B**) and Debtors' Initial Set of Interrogatories (attached hereto as **Exhibit C**). The Debtors' Discovery Requests seek documents and information relevant to the January 3 and 4, 2024 evidentiary hearing. The parties held a constructive meet and confer session on September 12, 2023 that resolved most of their outstanding issues, but as relates to Sphere's refusal to produced documents and respond to interrogatories relating to its failed merger with Gryphon, the Debtors are constrained to move to compel.

14. At issue on the Cross-Motion is the following discovery served by the Debtors:

| Topic | Discovery Requests |
|---|---|
| Requests seeking information regarding the failed consummation of the merger, which is relevant to Sphere and Gryphon's ability to perform under Order #2. | • **RFP Nos.**: 15 and 20<br>• **Interrogatory Nos.**: 2 and 12 |

15. On September 8, 2023, Sphere served its responses and objections to the Debtors' Discovery Requests. *See* Sphere's September 8, 2023 Responses and Objections to Debtors' Initial RFPs (attached hereto as **Exhibit D**) and Sphere's September 8, 2023 Responses and Objections to Debtors' Initial Interrogatories (attached hereto as **Exhibit E**). As relates to the discovery identified in the table above, Sphere has refused to provide responses or produce documents with respect to its failed merger with Gryphon, including as relates to the

negotiating of that document and to the reason the merger failed. The negotiation of the merger agreement and the reason it failed, however, are directly relevant to issues relating to whether Sphere had the wherewithal to ever perform under the relevant agreements, assuming it even had any rights under those agreements, which the Debtors dispute.

16. Accordingly, Debtors seek the entry of an order compelling Sphere to produce documents responsive to and provide responses to the Debtors' referenced interrogatories.

## Jurisdiction and Venue

17. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with this Motion.

18. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Argument

19. The Debtors have requested discovery concerning documents and communications relating to the Gryphon/Sphere merger agreement, including negotiations related to the merger agreement, and communications and documents related to the failed consummation of that agreement and the reasons for that failure. Sphere objects, claiming the information is not relevant. But, the reasons why that merger was never consummated, including if it was because Sphere could never supply the required miners or lacked the financial ability to proceed, is directly relevant to the Debtors' claims and defenses in this contested matter. In addition, information and documents responsive to the Debtors' Interrogatories and document requests

on this topic are also relevant to whether and to what extent rights were ostensibly sought to be transferred from Gryphon to Sphere—a central issue in dispute.

20. The Debtors have no insight into why the proposed merger failed. If Gryphon was acting as "manager" for Sphere in contemplation of a merger, that was announced months before any agreement was entered into between Gryphon and Core, but that merger never happened, the Debtors are entitled to discovery to probe the reasons for that failure and its impact on any purported rights Sphere claims it has under the agreements between Core and Gryphon.

### Emergency Consideration is Requested

21. The Debtors request relief on an emergency basis to ensure that discovery can be completed in accordance with the Agreed Scheduling Order [Docket No. 1188].

### Conclusion

22. Accordingly, Debtors respectfully request that this Court compel Sphere to produce documents in response to the Debtors' RFP Nos. 15 and 20, and to provide amended responses, or responsive documents, in connection with Debtor Interrogatory Nos. 2 and 12.

### CERTIFICATION OF FED R. CIV. P. 37 CONFERENCE

23. Debtors' counsel conferred with counsel for Sphere on September 12, 2023, to discuss Debtors' RFPs and Interrogatories that are the subject of the Cross-Motion. The conference did not result in the production of the requested discovery.

Dated: September 13, 2023
Houston, Texas

/s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:     (713) 546-5000
Facsimile:     (713) 224-9511
Email:  Alfredo.Perez @weil.com
          Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007
Email:  Ray.Schrock@weil.com
          Ronit.Berkovich@weil.com
          Theodore.Tsekerides@weil.com
          Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

## Certificate of Service

I hereby certify that on September 13, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                          */s/ Alfredo R. Pérez*
                                                          Alfredo R. Pérez