# **Exhibit C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

### DEBTORS' INITIAL SET OF INTERROGATORIES TO SPHERE 3D CORP. IN CONNECTION WITH SPHERE 3D CORP.'S PROOFS OF CLAIM NUMBERS 358 AND 359

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 9014, 7026, and 7033 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), Debtor Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**"),[2] and its Debtor affiliates (collectively, the "**Debtors**") by and through its undersigned counsel, hereby requests that Sphere 3D Corp. ("**Sphere**") answer the following interrogatories (the "**Interrogatories**"), in writing and under oath, by September 8, 2023.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

In serving these Interrogatories, the Debtors reserve all their rights, including without limitation the rights to promulgate additional discovery requests covering these same topics. The Interrogatories are continuing in nature, and Sphere is under a duty to supplement its responses to the Interrogatories when necessary in accordance with Rule 26(e) of the Federal Rules and Rule 7026 of the Bankruptcy Rules.

## DEFINITIONS

For purposes of the Interrogatories, the following definitions and instructions shall apply to each Interrogatory. The definitions shall apply and shall be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and any other applicable rules and law.

1. "**Sphere**," "**Your**," or "**You**" refers to Sphere 3D Corp. and all of its affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys, and/or any other persons or entities purporting to act on its behalf and/or under its control.

2. "**Gryphon**," refers to Gryphon Digital Mining, Inc. and all of its affiliates, subsidiaries, predecessors and successors thereof, owners, members, directors, officers, employees, consultants, brokers, agents, salespersons, representatives, independent contractors, advisors and attorneys, and/or any other persons or entities purporting to act on its behalf and/or under its control.

3. "**Communication**" or "**Communications**" shall be construed in the broadest possible sense under the Federal Rules and refers to the transmittal of information of any kind in any form. This includes but is not limited to in-person or telephone conversations, correspondence,

letters, facsimiles, memoranda, email messages, chat messages through any communication software or application, transcribed voice messages, recorded audio messages, voicemail messages, in-person meetings, video meetings or conversations, webinars, discussions, reports, publications, statements, releases or any recording productions thereof.

4. "**Document**" or "**Documents**" as used herein is used in the broadest possible sense under the Federal Rules, including but not limited to, any medium upon which information is or can be recorded, including without limitation the following items, whether printed or reproduced or stored or recorded by any process, or written, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, including without limitation: notes, letters, correspondence, electronic mail, books, periodicals, printed publications, Communications, telexes, telegrams, memoranda, summaries or records of telephone conversations, summaries and research reports and notebooks, charts, lists, schedules, plans, drawings, photographs, diaries, studies, evaluations, worksheets, minutes or records of meetings, reports and/or summaries of interviews and investigations, records of oral conversations, work papers, reports, agreements, contracts, reports or summaries of negotiations, court papers and pleadings, administrative agency papers, transcripts, brochures, pamphlets, advertisements, circulars, promotions material, trade letters, press releases, videotapes, radio tapes, recordings, and also including without limitation originals, drafts, and all copies which are different in any way

from the original, whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise.  For the avoidance of doubt, Documents shall include all Communications.

5. **"Gryphon MSA"** means the September 12, 2021 Master Services Agreement signed by Core Scientific, Inc. and Gryphon Digital Mining, Inc.

6. **"Miners"** means the hardware unit(s), including but not limited to, CPUs, GPUs, FPGAs, or ASICs, arranged to perform cryptocurrency mining.

7. **"Bitcoin"** means the digital asset and related transaction fees earned through digital-asset mining.

8. **"Order #1"** means the Master Services Agreement Order #1 signed by Core Scientific, Inc. and Gryphon Digital Mining, Inc. on or about September 13, 2021.

9. **"Order #2"** means the Master Services Agreement Order #2 signed by Core Scientific, Inc. and Gryphon Digital Mining, Inc. on October 5, 2021.

10. **"Sphere POCs"** means Proofs of Claim Nos. 358 and 359, filed by Sphere on or about April 13, 2023, together with the addenda attached thereto.

11. **"Sphere Response"** means Sphere 3D Corp.'s Response to Debtors' Objection to Proofs of Claim Nos. 358 and 359 Filed by Sphere 3D Corp.  (ECF No. 1045).

12. **"Trompeter Declaration"** means the Declaration of Patricia Trompeter In Support of Sphere 3D Corp.'s Opposition To Debtors' Motion For Summary Judgment.  (ECF No. 1040-2).

13. **"Merger Agreement"** means the merger agreement, as defined in that certain Agreement and Plan of Merger, dated June 3, 2021, by and among Sphere 3D Corp., Sphere GDM

4

Corp., and Gryphon Digital Mining, Inc., as referenced in the Sub-License Agreement (defined below), together with any amendments thereto.

14. **"Sub-License Agreement"** means the Sub-License and Delegation agreement signed by Gryphon Digital Mining, Inc. and Sphere 3D Corp. on October 5, 2021, together with any amendments thereto.

15. **"Arbitration Demand"** means the Demand for Arbitration submitted by Sphere 3D on October 31, 2022.

16. **"Concerning"** is used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining, referring, reporting, stating, or summarizing.  These definitions apply throughout these requests without regard to capitalization.

17. **"Related"** or **"relating**," and their variants means, in addition to their usual and customary meanings, concerning, constituting, comprising, identifying, referring to, dealing with, containing, embodying, illustrating, reflecting, stating, commenting on, describing, discussing, responding to, evidencing, demonstrating, showing, analyzing, or pertaining to in any way.

18. **"Including"** is used to provide examples of certain types of information and should not be construed as limiting a request in any way.  The term "including" shall be construed as if followed by the phrase "but not limited to."

19. **"Person"** means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

20. **"Identify"** used in reference to any individual person means, to the extent known, the person's full name, present or last known address, and present or last known place of

employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

21. "**Identify**" when used in reference to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s). In the alternative, You may produce the documents, together with the identifying information sufficient to satisfy Rule 33 of the Federal Rules.

22. "**Identify**" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of all parties to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication. In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules.

23. The words "**and**" and "**or**" shall be construed disjunctively or conjunctively to bring within the scope of each interrogatory all responses which otherwise might be construed to be outside the scope of an interrogatory.

24. The word "**any**" shall be construed to include "**all**" and vice versa.

25. The word "**each**" shall be construed to include "**every**" and vice versa.

## INSTRUCTIONS

1. The preceding Definitions apply to each of these Instructions and, for purposes of these Interrogatories, the following Instructions shall be followed.

2.  In addition to the specific Instructions set forth below, the Interrogatories incorporate the instructions set forth in Rules 26 and 33 of the Federal Rules, as incorporated by Rules 7026 and 7033 of the Bankruptcy Rules.

3.  The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the Interrogatory all information that may otherwise be outside of its scope.

4.  All paragraph references to the Sphere POCs shall be to the addenda attached thereto and comprising the Sphere POCs.

5.  The Interrogatories must be answered fully, completely, and in writing, and signed by You.  If You cannot answer any Interrogatory fully after the exercise of reasonable diligence, You shall furnish as complete an answer as possible and explain in detail the reasons why You cannot give a full answer, including a statement as to what is needed in order for You to fully answer the Interrogatory.

6.  In accordance with Rule 26(e) of the Federal Rules and Rule 7026 of the Bankruptcy Rules, the Interrogatories are continuing in nature.  Accordingly, if after responding to the Interrogatories, You obtain or become aware of additional information responsive to the Interrogatories, You shall promptly provide supplemental responses containing such additional information to Debtors.  In addition, You must amend the answer to any Interrogatory if and when You discover or ascertain that the answer was incorrect when made or that the answer is no longer correct.

7.  If any answer to any Interrogatory is based on information and belief, specify and Identify the source of the information and the grounds for the belief.

8. If the meaning of any term in any Interrogatory is unclear to You, without waiver of Debtors' rights to seek a full and complete response to the Interrogatory, You shall assume a reasonable meaning, state what that assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

9. If a claim of privilege is asserted in objecting to any Interrogatory, and any information is withheld on the basis of such assertion, furnish a privilege log in accordance with an appropriate ESI order to be negotiated by the parties.

10. If any information is withheld on the basis of some other objection, state with particularity the nature of and the complete factual basis for the objection.

11. Unless otherwise stated, for each Interrogatory, Identify all non-privileged, responsive information within Your possession, care, custody, or control.

12. Debtors reserve the right to serve supplemental or serve additional Interrogatories

13. Unless otherwise stated, the period covered by these Interrogatories is January 1, 2021 to the present.

## INTERROGATORIES

1. **INTERROGATORY NO. 1:** Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning any fact alleged in the Sphere POCs, Arbitration Demand, and the Sphere Response.

2. **INTERROGATORY NO. 2:** Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning the Gryphon MSA, Order #1, Order #2, the Sub-License Agreement, or the Merger Agreement, including knowledge, documents, or information concerning negotiation of these agreements.

3. **INTERROGATORY NO. 3:** Identify all Persons, including at Sphere, who have

knowledge, documents, or information concerning Your satisfaction of the "Company requirements" referenced in Order #2 in the section entitled "Amendment to Section 8.d of the Agreement."

4. **INTERROGATORY NO. 4:** Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning Your financial condition, including Your ability to continue as a going concern.

5. **INTERROGATORY NO. 5:** Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning Your purchase of Miners, including but not limited to, Your financial ability to purchase Miners.

6. **INTERROGATORY NO. 6:** Identify and describe with particularity the current location of each and any Miner that You own or owned and sought to host with Core pursuant to Order #2.

7. **INTERROGATORY NO. 7:** Identify with particularity the total number of Bitcoin you contend was mined with Miners hosted under Order #1 and/or Order #2.

8. **INTERROGATORY NO. 8:** Identify with particularity the total amount of Bitcoin that You have received from Miners hosted under Order #1 and/or Order #2.

9. **INTERROGATORY NO. 9:** Identify each and any payment Sphere made directly to Core in connection with the Gryphon MSA, Order #1, and/or Order #2.

10. **INTERROGATORY NO. 10:** Identify and describe with particularity the nature of Your involvement in negotiations of the Gryphon MSA, Order #1, and Order #2.

11. **INTERROGATORY NO. 11:** Identify and describe with particularly each and any attempt You made to obtain Bitcoin generated by the Miners hosted by Core pursuant to the Gryphon MSA, Order #1, and/or Order #2, including any Documents and Communications with

Gryphon relating to Bitcoin generated by the Miners hosted by Core pursuant to the Gryphon MSA, Order #1, and/or Order #2.

12. **INTERROGATORY NO. 12:** Identify and detail the reasons why the merger contemplated by the Merger Agreement between Gryphon and Sphere did not close.

13. **INTERROGATORY NO. 13**: Identify and describe with particularity the alternative hosting services (if any) You used for the Miners that You intended to host with Core pursuant to Order #2.

14. **INTERROGATORY NO. 14:** Identify with particularity the dates of each and every meeting or conversation between Core and Sphere relating to the Gryphon MSA and/or Order #2, including but not limited to the conversation identified in paragraph 6 of the Trompeter Declaration and the assertions made in paragraphs 6 and 34 of the Arbitration Demand that "Core informed Sphere it could not accommodate additional Miners . . ." and that "Core informed Gryphon that it could not host 600 of Gryphon's own miners due to lack of space," respectively.

15. **INTERROGATORY NO. 15:** For each meeting or conversation identified in response to Interrogatory No. 13, identify with particularity each and every person who attended and/or participated in each meeting or conversation.

16. **INTERROGATORY NO 16:** Identify all individuals, including at Sphere, with knowledge of the facts and circumstances relating to the conduct of the parties in connection with the Gryphon MSA, Order #1, and/or Order #2.

17. **INTERROGATORY NO. 17:** Identify all individuals, entities, companies, institutions or others from which You sought to raise capital in connection with Your purchase of Miners.

18. **INTERROGATORY NO. 18:** Identify with particularity all of Your alleged damages

for which you are seeking recovery relating to Order #2 and/or the Sphere POCs, including the "alternative hosting costs" and "storage fees" asserted in the Sphere POCs at paragraphs 11 and 14, the alleged "unliquidated" amounts asserted in the Sphere POCs at paragraph 16, and the alleged "post-petition claims" asserted in the Sphere POCs at paragraph 17, and how any such alleged damages are calculated.

19. **INTERROGATORY NO. 19:** Identify and describe with particularity the manner in which You contend that You gained rights under Order #2, including the Documents through which You contend to have gained rights under Order #2.

20. **INTERROGATORY NO. 20**: Identify and describe with particularity each and any hosting agreement between Sphere and any third party.

Dated: August 17, 2023
Houston, Texas

                                           */s/ Alfredo R. Pérez*
                                           WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:     (713) 546-5000
Facsimile:     (713) 224-9511
Email:  Alfredo.Perez@weil.com
        Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007
Email:  Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Theodore.Tsekerides@weil.com
        Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*