# **Exhibit D**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.**, *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

## SPHERE 3D CORP.'S RESPONSES AND OBJECTIONS TO
## DEBTORS' INITIAL SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and

7034 of the Federal Rules of Bankruptcy Procedure, Sphere 3D Corp. ("**Sphere**") hereby responds

and objects to the Debtors' Initial Set of Requests for Production of Documents, dated August 18,

2023 (the "**Requests**").

## GENERAL OBJECTIONS

Sphere responds to the Requests, including the instructions and definitions therein, subject

to the general objections (the "**General Objections**") set forth below.  These limitations and

objections, which form a part of Sphere's response to each individual Request, are set forth herein

to avoid the duplication and repetition of restating them for each individual response.  Certain

General Objections may be specifically repeated in individual responses for purposes of emphasis.

Failure to make a specific reference, however, is not a waiver of any General Objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Sphere considers information contained in these responses to be "Confidential" as that term is defined in the *Stipulated Protective Order* [Docket No. 516]. Sphere hereby designates the entirety of these responses as "Confidential."

The responses and objections herein are based on Sphere's present knowledge, information and belief. Sphere reserves the right to amend, revise, correct, supplement and clarify any of the responses and objections herein.

1.      Sphere objects to the Requests to the extent that they purport to impose requirements, obligations and duties beyond those prescribed by federal law or the applicable rules of procedure, including the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or the Local Rules for the Southern District of Texas Bankruptcy Court (collectively, the "**<u>Procedural Rules</u>**").

2.      Sphere objects to the Requests to the extent that they call for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection (whether based upon statute, common law, stipulation or request). Sphere will not disclose such information, and any inadvertent disclosure shall not be deemed a waiver of any privilege, immunity or protection.

3.      Sphere objects to the Requests to the extent that they are overly broad and unduly burdensome and address subject matter that is more appropriately sought through other forms of discovery.

4.      Sphere objects to the Requests to the extent that the (i) expense of disclosing information outweighs its likely benefit and (ii) information is sought for purposes of harassment or annoyance, or for extraneous reasons.

5.      Sphere objects to the Requests insofar as they are vague and ambiguous.

6.      Sphere objects to the Requests insofar as they purport to seek information that is already in the possession, custody or control of the Debtors, is publicly available, or is reasonably available to the Debtors from a more convenient, less burdensome or less expensive source than Sphere.

7.      Sphere objects to the Requests to the extent that they assume the existence of facts that do not exist and the occurrence of events that did not occur. Any response of Sphere to any individual Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request is accurate. Sphere does not admit, adopt or acquiesce in any factual or legal contention, assertion, characterization or implication that is contained in the Requests.

8.      Sphere objects to the definitions of the terms "Communication" and "Document" set forth in Paragraphs 3 and 4 of the Definitions insofar as those terms call for the production of materials that are not reasonably accessible or maintained and accessed in the ordinary course of business.

9.      Sphere objects to the definition of the terms "Related" and "relating" set forth in Paragraph 17 of the Definitions insofar as those terms seek information that is not related to the subject matter of the litigation and not reasonably calculated to lead to the discovery of admissible evidence.

10.     Sphere objects to the definition of the terms "Sphere," "You," and "Your" set forth in Paragraph 1 of the Definitions to the extent that they seek to require Sphere to provide information that is not in its possession, custody or control.

11.     In responding to the Requests, Sphere does not admit, concede or acquiesce in the accuracy of any definitions of terms or descriptions of any facts, events or documents in the

Requests.  Sphere specifically does not waive its objections to any definition as vague and overly broad, and reserves the right to define the terms differently and/or more specifically from the manner in which they are defined in the requests.

12.    Sphere objects to Instruction Number 1 as calling for production that is overly broad, unduly burdensome, and disproportionate to the needs of the case because it requests documents within Sphere's actual knowledge even if those documents are not within Sphere's possession, custody, or control. Sphere will construe Instruction Number 1 as calling for production of documents that are within Sphere's possession, custody, or control.

13.    Sphere objects to Instruction 11 as overly broad, unduly burdensome, and disproportionate to the needs of the case, and as seeking information not relevant to the case, because it defines the relevant time period as January 1, 2021, to the present, rather than July 1, 2021 to the present.  Given the allegations and defenses, Sphere will treat the Relevant Period as beginning on July 1, 2021.  Moreover, Sphere is willing to meet and confer about narrowing the scope of the search and production for Documents and Communications generated on or after September 6, 2022, as well as the need to log Documents and Communications on a privilege log after that date.

14.    Subject to the General Objections, which Sphere hereby incorporates into each response below, Sphere responds to the Requests as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1:

All Documents and Communications demonstrating that Sphere has legal title to and/or ownership of the Miners that it contends are in Core's possession, including the Miners referenced in paragraphs 9 and 10 of the Sphere POCs and paragraphs 2 and 12 of the Sphere Response.

### RESPONSE TO REQUEST NO. 1:

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate

to the needs of the case because it calls for the production of "all" Documents and Communications.  Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 2:**

Documents sufficient to show the serial numbers of all the Miners that Sphere contends are in Core's possession, including those referenced in paragraphs 2 and 12 of the Sphere Response.

**RESPONSE TO REQUEST NO. 2:**

Subject to the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 3:**

All Documents and Communications supporting the contention that Gryphon entered into the Gryphon MSA and Order #2 as manager or agent of Sphere, as alleged in paragraph 6 of the Sphere POCs, paragraph 6 of the Sphere Objection, and paragraph 7 of the Sphere Response.

**RESPONSE TO REQUEST NO. 3:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 4:**

All Documents and Communications between Sphere and Core and/or Gryphon and Core relating to Sphere's contention that Gryphon was acting as Sphere's manager or agent in connection with the Gryphon MSA, Order #1, and/or Order #2.

**RESPONSE TO REQUEST NO. 4:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate

5

to the needs of the case because it calls for production of "all" Documents and Communications.

Sphere further objects to this Request as misstating Sphere's contention, as Sphere does not

contend that Gryphon was acting as Sphere's manager or agent in negotiating Order #1.  Subject

to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-

faith search and produce non-privileged documents responsive to this Request to the extent that

any such documents exist in its possession, custody, or control.

**REQUEST NO. 5:**

      All Documents and Communications between Sphere and Core relating to the Gryphon MSA, Order #1, and/or Order #2, including relating to the conversation identified in paragraph 6 of the Trompeter Declaration and the assertions made in paragraphs 6 and 34 of the Arbitration Demand that "Core informed Sphere it could not accommodate additional Miners" and that "Core informed Gryphon that it could not host 600 of Gryphon's own miners due to lack of space," respectively.

**RESPONSE TO REQUEST NO. 5:**

      Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate

to the needs of the case because it calls for production of "all" Documents and Communications.

Subject to the foregoing objection and the General Objections, Sphere will conduct a reasonable,

good-faith search and produce non-privileged documents responsive to this Request to the extent

that any such documents exist in its possession, custody, or control.

**REQUEST NO. 6:**

      All Documents and Communications relating to the negotiation of the Gryphon MSA, Order #1, and Order #2.

**RESPONSE TO REQUEST NO. 6:**

      Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate

to the needs of the case because it calls for production of "all" Documents and Communications.

Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable,

good-faith search and produce non-privileged documents responsive to this Request to the extent

that any such documents exist in its possession, custody, or control.

**REQUEST NO. 7:**

All Documents and Communications relating to the Sub-License Agreement referenced in paragraph 7 of the Sphere POCs, including all negotiations related to the Sub-License Agreement, and any Documents or Communications relating to Gryphon and Sphere's conduct and operations under the Sub-License Agreement.

**RESPONSE TO REQUEST NO. 7:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate

to the needs of the case because it calls for production of "all" Documents and Communications.

Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable,

good-faith search and produce non-privileged documents responsive to this Request to the extent

that any such documents exist in its possession, custody, or control.

**REQUEST NO. 8:**

All Documents and Communications relating to Sphere's payment of any funds to Core in connection with the Gryphon MSA, Order #1, and/or Order #2, including relating to the Deposits referenced in paragraph 8 of the Sphere POCs and paragraph 2 of the Sphere Response.

**RESPONSE TO REQUEST NO. 8:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate

to the needs of the case because it calls for production of "all" Documents and Communications.

Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable,

good-faith search and produce non-privileged documents responsive to this Request to the extent

that any such documents exist in its possession, custody, or control.

**REQUEST NO. 9:**

All Documents and Communications relating to Sphere's claim that Core installed and used hundreds of Sphere's Miners for its own benefit as referenced in paragraph 12 of the Sphere POCs.

**RESPONSE TO REQUEST NO. 9:**

Sphere further objects to this Request as overly broad, unduly burdensome, and

disproportionate to the needs of the case because it calls for production of "all" Documents and

Communications.  Subject to the foregoing objections, Sphere will conduct a reasonable, good-

faith search and produce non-privileged documents responsive to this Request to the extent that

any such documents exist in its possession, custody, or control.

## REQUEST NO. 10:

Documents sufficient to show the serial numbers of all 297 Miners that Sphere contends Core installed and used to mine for Bitcoin for its own account as alleged in paragraph 12 of the Sphere POCs and paragraph 40 of the Sphere Response.

## RESPONSE TO REQUEST NO. 10:

Subject to the General Objections, Sphere will conduct a reasonable, good-faith search and

produce non-privileged documents responsive to this Request to the extent that any such

documents exist in its possession, custody, or control.

## REQUEST NO. 11:

All Documents and Communications demonstrating Sphere's financial ability to purchase and/or deliver all Miners contemplated under Order #2, including the 60,000 Miners referenced in paragraph 9 of the Sphere POCs.

## RESPONSE TO REQUEST NO. 11:

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate

to the needs of the case because it calls for production of "all" Documents and Communications.

Sphere further objects to this Request as seeking information that is not relevant to the case, as it

is not clear how Sphere's ability to purchase and/or deliver Miners speaks to the claims or defenses

in the case.  It would be extremely burdensome to search for and produce all documents and

communications related to Sphere's financial ability to make purchases and would sweep in

documents and communications that could not possibly have even remote relevance to this case.

Sphere further objects to this request as calling for information that is equally available to both

parties.  Sphere refers Core to Sphere's publicly available filings, in particular its quarterly

disclosures, which contain information responsive to this Request.  Subject to the foregoing objections and the General Objections, Sphere is willing to meet and confer with Core about the necessity of the discovery sought and to negotiate the parameters of a reasonable search for any additional documents beyond Sphere's publicly available filings.

**REQUEST NO. 12:**

Documents sufficient to show Sphere's balance sheet, available cash, income statement, and other documents reflecting Sphere's financial condition on a monthly basis and annually, and its ability to raise capital.

**RESPONSE TO REQUEST NO. 12:**

Sphere objects to this Request as seeking information that is not relevant to the case, as it is not clear how Sphere's financial condition speaks to the claims or defenses in the case.  Sphere further objects that the Request is overly broad, unduly burdensome, and disproportionate to the needs of the needs of the case, including the claims and defenses in the case.  Sphere further objects to this request as calling for information that is equally available to both parties.  Sphere refers Core to Sphere's publicly available filings, in particular its quarterly disclosures, which contain information responsive to this Request. Subject to the foregoing objections and the General Objections, Sphere is willing to meet and confer with Core about the necessity of the discovery sought and to negotiate the parameters of a reasonable search for any additional documents beyond Sphere's publicly available filings.

**REQUEST NO. 13:**

All Documents and Communications relating to whether Sphere was ready, willing, and able to perform under the Gryphon MSA and/or Order #2.

**RESPONSE TO REQUEST NO. 13:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications.

Sphere further objects to this Request as seeking information that is not relevant to the case, as it is not clear how Sphere's readiness, willingness, and ability to perform speaks to the claims or defenses in the case.  Subject to the foregoing objections and the General Objections, Sphere is willing to meet and confer with Core about the necessity of the discovery sought and to negotiate the parameters of a reasonable search.

**REQUEST NO. 14:**

All Documents and Communications Sphere claims support its assertions that it has any rights under the Gryphon MSA and/or Order #2.

**RESPONSE TO REQUEST NO. 14:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 15:**

All Communications between Sphere and Gryphon relating to the Gryphon MSA, Order #1, Order #2, the Sub-License Agreement, and/or the Merger Agreement.

**RESPONSE TO REQUEST NO. 15:**

Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications.  Sphere further objects to this Request as seeking information that is not relevant to the case in calling for production of communications relating to the Merger Agreement.  It is undisputed that the merger between Sphere and Gryphon did not occur, so it is unclear how communications related to the merger relate to the claims or defenses in this case.  Beyond the lack of relevance, it would be extremely burdensome to search for and produce all documents and

communications related to the prospective merger.  Sphere will accordingly construe this Request as calling for production of communications between Sphere and Gryphon relating to the Gryphon MSA, Order #1, Order #2, and the Sub-License Agreement.  Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 16:**

All Documents and Communications related to Sphere's payment of funds to Gryphon related to the Gryphon MSA, Order #2, and/or the Sub-License Agreement.

**RESPONSE TO REQUEST NO. 16:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects that "payment of funds" is vague and ambiguous.  Sphere will construe this request as seeking information regarding Sphere's forwarding of money to Gryphon to be routed to Core.  Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 17:**

All Documents and Communications with third parties relating to Sphere's financial condition, relationship with Gryphon, and/or relationship with Core.

**RESPONSE TO REQUEST NO. 17:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case both because it calls for production of "all" Documents and Communications and because it does not propose a limitation on the Documents and Communications to be produced with respect to Sphere's relationship with Gryphon and/or Core

related to this case.   Indeed, Gryphon manages many relationships for Sphere beyond its relationship with Core.  Sphere further objects to this Request as seeking information that is not relevant to the case, as it is not clear how Sphere's financial condition speaks to the claims or defenses in this case.  Sphere will construe this Request as calling for production of documents and communications with third parties relating to Sphere's relationship with Gryphon and/or Core about the Gryphon MSA, Order #1, Order #2, the Sub-License Agreement, and Gryphon's assignment of its rights to Sphere.  Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 18:**

All Documents relating to the damages Sphere claims it is entitled to recover against Core, including those referenced in paragraphs 14, 16 and 17 of the Sphere POCs, including relating to the calculation of any such damages.

**RESPONSE TO REQUEST NO. 18:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 19:**

All Documents and Communications relating to the post-petition claims Sphere contends it has against the Debtors as referenced in paragraph 17 of the Sphere POCs, including those identifying the nature of the claim, the basis for such claim, and any damages Sphere contends it is entitled to as a result of such claims.

**RESPONSE TO REQUEST NO. 19:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 20:**

All Documents and Communications relating to the Merger Agreement, including all those relating to the reasons why the merger contemplated by the Merger Agreement was not consummated and/or did not close.

**RESPONSE TO REQUEST NO. 20:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects to this Request as seeking information that is not relevant to the case in calling for production of communications relating the Merger Agreement.  It is undisputed that the merger between Sphere and Gryphon did not occur, and it is unclear how documents and communications related to the merger speak to the claims or defenses in this case.  Beyond the lack of relevance, it would be extremely burdensome to search for and produce all documents and communications related to the prospective merger.  Sphere further objects to this Request as calling for information that is equally available to both parties.  Sphere refers Core to its press release dated  April  4,  2022,  which  is  available  at  this  link: https://www.businesswire.com/news/home/20220404005997/en/Sphere-3D-Corp.-and-Gryphon-Digital-Mining-Inc.-Move-Forward-After-Mutual-Agreement-Not-to-Proceed-With-Merger. Subject to the foregoing objections and the General Objections, Sphere is willing to meet and confer with Core about the necessity of the discovery sought and to negotiate the parameters of a

reasonable search for any additional documents beyond Sphere's publicly available filings, including the aforementioned press release.

**REQUEST NO. 21:**

All Documents and Communications demonstrating that Sphere satisfied the requirements identified in that provision of Order #2 relating to any amendment of Section 8.d of the Gryphon MSA.

**RESPONSE TO REQUEST NO. 21:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" documents and communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 22:**

All contracts between Sphere and any party for the purchase or use of Miners by Sphere.

**RESPONSE TO REQUEST NO. 22:**

Subject to the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 23:**

All contracts between Sphere and any party for the hosting of Sphere Miners.

**RESPONSE TO REQUEST NO. 23:**

Subject to the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 24:**

Documents sufficient to show all Miners Sphere has owned and/or currently owns.

**RESPONSE TO REQUEST NO. 24:**

Subject to the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 25:**

All Documents and Communications related to each and any hosting agreement between Sphere and any third party.

**RESPONSE TO REQUEST NO. 25:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications relating to hosting agreements between Sphere and third parties. Sphere further objects to this Request as seeking information that is not relevant to the case in calling for production all documents and communications relating any hosting agreement. Sphere has many hosting agreements; it cannot be that every document and communication related to each hosting agreement has relevance to this case. Beyond the lack of relevance, it would be extremely burdensome to search for and produce all documents and communications related to each hosting agreement. Subject to the foregoing objections and the General Objections, Sphere is willing to meet and confer with Core about the necessity of the discovery sought and to negotiate the parameters of a reasonable search.

**REQUEST NO. 26:**

All Documents and Communications relating to the Miners that Sphere purchased or intended to purchase in connection with Order #2, including documents identifying the serial numbers of all such Miners.

**RESPONSE TO REQUEST NO. 26:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects to this Request on the basis of relevance to the extent it seeks discovery on Miners that Sphere intended to purchase, as it is not clear how that intent is relevant to the claims and defenses. Subject to the foregoing objections and General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 27:**

All Documents and Communications related to Sphere's agreement to purchase Miners from BitFuFu Technology, including any agreements with BitFuFu Technology for the purchase of Miners and the negotiation of any such agreements.

**RESPONSE TO REQUEST NO. 27:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications relating to its agreements to purchase Miners from BitFuFu Technology. Sphere further objects to this Request on the basis of relevance to the extent it seeks documents and communications beyond any agreements themselves, as it is not clear how those documents and communications are relevant to the claims and defenses. Sphere will construe this Request as calling for the production of Sphere's agreement(s) with BitFuFu Technology for the purchase of Miners. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 28:**

All Documents and Communications relating to any Miners received by Sphere pursuant to any agreement(s) with BitFuFu Technology, including when any such Miners were received and the serial number of any such Miners.

**RESPONSE TO REQUEST NO. 28:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects to this Request on the basis of relevance to the extent it seeks documents and communications beyond any agreements themselves, as it is not clear how those documents and communications are relevant to the claims and defenses. Sphere will construe this Request as calling for the production of documents and communications sufficient to identify what Miners Sphere received from BitFuFu Technology, and their serial numbers. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 29:**

All Documents and Communications relating to the alleged sub-lease, sub-license, assignment, delegation or transfer of the Gryphon MSA and/or Order #2 or of any of Gryphon's rights and obligations thereunder to Sphere.

**RESPONSE TO REQUEST NO. 29:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 30:**

All Documents and Communications relating to the August 19, 2021 Master Services Agreement between Sphere and Gryphon, including any amendments thereto and including all negotiations of that agreement.

**RESPONSE TO REQUEST NO. 30:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects to this Request on the basis of relevance to the extent it seeks documents and communications beyond the agreement itself, as it is not clear how those documents and communications are relevant to the claims and defenses. Gryphon manages many relationships pursuant to the August 19, 2021 Master Services Agreement, which are not relevant to this case. Sphere will construe this Request as calling for the production of the August 19, 2021 Master Services Agreement between Sphere and Gryphon, any amendment thereto, and its negotiation. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 31:**

All Documents and Communications relating to Sphere's contention in paragraph 30 of the Arbitration Demand that "Core's billing department dealt directly with Sphere regarding Sphere's deposited funds with Core, and Sphere provided Core with detailed wire information and a letter from its auditors showing that the Deposit originated from Sphere."

**RESPONSE TO REQUEST NO. 31:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent

that any such documents exist in its possession, custody, or control.

**REQUEST NO. 32:**

All Documents and Communications relating to Sphere's contention in paragraph 17 of the Arbitration Demand that Core promised "to return the Deposit and to compensate Sphere for the Coins."

**RESPONSE TO REQUEST NO. 32:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 33:**

All Documents and Communications between Sphere and Gryphon relating to the July 27, 2022 letter from Brian Chase, Gryphon's CFO, referenced in paragraph 8 of the Sphere Objection.

**RESPONSE TO REQUEST NO. 33:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 34:**

All Documents and Communications between Sphere and any financial advisor, investment bank and/or lender, including Jefferies, relating to efforts by Sphere to raise capital.

**RESPONSE TO REQUEST NO. 34:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" documents and communications.

Sphere further objects to this Request as seeking information that is not relevant to the case, as it is not clear how Sphere's efforts to raise capital speaks to the claims or defenses in the case.

**REQUEST NO. 35:**

All Documents and Communications between Sphere and any investors or potential investors in Sphere, whether equity, debt or otherwise.

**RESPONSE TO REQUEST NO. 35:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" documents and communications. Sphere further objects to this Request as seeking information that is not relevant to the case, as it is not clear how all Documents and Communications between Sphere and its investors or potential investors are relevant to this case.  Indeed, Sphere is a publicly traded company with numerous investors.

**REQUEST NO. 36:**

All Documents and Communications related to Sphere's agreement to purchase Miners from NuMiner Global, including any agreements with NuMiner for the purchase of Miners and the negotiation of any such agreements.

**RESPONSE TO REQUEST NO. 36:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications relating to its agreements to purchase Miners from Numiner Global.  Sphere further objects to this Request on the basis of relevance to the extent it seeks documents and communications beyond any agreements themselves, as it is not clear how those documents and communications are relevant to the claims and defenses.  Sphere will construe this Request as calling for the production of Sphere's agreement(s) with Numiner Global for the purchase of Miners.  Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith

search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 37:**

All Documents and Communications relating to any Miners received by Sphere pursuant to any agreement(s) with NuMiner Global, including when any such Miners were received and the serial number of any such Miners.

**RESPONSE TO REQUEST NO. 37:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects to this Request on the basis of relevance to the extent it seeks documents and communications beyond any agreements themselves, as it is not clear how those documents and communications are relevant to the claims and defenses.  Sphere will construe this Request as calling for the production of documents and communications sufficient to identify what Miners Sphere received from NuMiner Global, and their serial numbers.   Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 38:**

All Documents and Communications relating to Sphere's purported demand for the return of any Miners, deposits, or Bitcoin.

**RESPONSE TO REQUEST NO. 38:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent

that any such documents exist in its possession, custody, or control.

**REQUEST NO. 39:**

All Documents and Communications relating to whether You or Gryphon own and have good title to the Miners hosted by Core pursuant to Order #2 free and clear of any mortgage, pledge, lien, charge, security interest, claim or other encumbrance.

**RESPONSE TO REQUEST NO. 39:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects to this Request on the basis of relevance, as it is not clear how information relating to whether or not the Miners hosted by Core are subject to mortgages or other security interest speaks to any of the claims or defenses.

Sphere will construe this request as seeking Documents sufficient to identify whether Sphere owns and has good title to miners hosted by Order #2. Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

**REQUEST NO. 40:**

All Documents and Communications relating to whether Your or Gryphon's interest in the Miners hosted by Core pursuant to Order #2 is part of a financing or other arrangement disclosed to, and approved by, Core.

**RESPONSE TO REQUEST NO. 40:**

Sphere objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" Documents and Communications. Sphere further objects to this Request on the basis of relevance, as it is not clear the relevance of the information sought to the claims and defenses. Sphere will construe this Request as calling for the production of documents sufficient to show that Sphere's interest in the Miners hosted by Core

pursuant to Order #2 is part of an arrangement disclosed to, and approved by, Core.  Subject to the foregoing objections and the General Objections, Sphere will conduct a reasonable, good-faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

Dated: September 8, 2023

*/s/ Timothy A. ("Tad") Davidson II*

Timothy A. ("Tad") Davidson II
TX Bar No. 24012503
Ashley L. Harper
TX Bar No. 24065272
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Facsimile:  (713) 220-4285
E-mail:      taddavidson@HuntonAK.com
                  ashleyharper@HuntonAK.com

- and -

Seth H. Lieberman (admitted *pro hac vice*)
Matthew W. Silverman (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806
E-mail:      slieberman@pryorcashman.com
                  msilverman@pryorcashman.com

*Co-Counsel for Sphere 3D Corp.*

Tibor L. Nagy, Jr.
TX Bar No. 24041562
Gregory N. Wolfe (admitted *pro hac vice*)
**DONTZIN NAGY & FLEISSIG LLP**
980 Madison Avenue
New York, New York 10075
Telephone: (212) 717-2900
Email:      tibor@dnfllp.com
                 greg@dnfllp.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 8, 2023, a true and correct copy of the foregoing document was served by electronic mail on the following individuals:

Alfredo R. Pérez
Alfredo.Perez@weil.com

Theodore Tsekerides
Theodore.Tsekerides@weil.com

Clifford W. Carlson
Clifford.Carlson@weil.com

Christine Calabrese
Christine.Calabrese@weil.com

Austin B. Crabtree
Austin.Crabtree@weil.com

Asha Menon
Asha.Menon@weil.com

***Attorneys for the Debtors***

*/s/ Brandon Bell*
Brandon Bell