# **Exhibit E**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.**, *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**SPHERE 3D CORP.'S RESPONSES AND OBJECTIONS TO**
**DEBTORS' INITIAL SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, Sphere 3D Corp. ("**Sphere**") hereby responds and objects to the Debtors' Initial Set of Interrogatories, dated August 18, 2023 (the "**Interrogatories**").

## GENERAL OBJECTIONS

Sphere responds to the Interrogatories, including the instructions and definitions therein, subject to the general objections (the "**General Objections**") set forth below. These limitations and objections, which form a part of Sphere's response to each individual Interrogatory, are set forth herein to avoid the duplication and repetition of restating them for each individual response. Certain General Objections may be specifically repeated in individual responses for purposes of emphasis. Failure to make a specific reference, however, is not a waiver of any General Objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Sphere considers information contained in these responses to be "Confidential" as that term is defined in the *Stipulated Protective Order* [Docket No. 516]. Sphere hereby designates the entirety of these responses as "Confidential."

The responses and objections herein are based on Sphere's present knowledge, information and belief. Sphere reserves the right to amend, revise, correct, supplement and clarify any of the responses and objections herein.

1.      Sphere objects to the Interrogatories to the extent that they purport to impose requirements, obligations and duties beyond those prescribed by federal law or the applicable rules of procedure, including the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or the Local Rules for the Southern District of Texas Bankruptcy Court (collectively, the "**<u>Procedural Rules</u>**").

2.      Sphere objects to the Interrogatories to the extent that they call for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or protection (whether based upon statute, common law, stipulation or request). Sphere will not disclose such information, and any inadvertent disclosure shall not be deemed a waiver of any privilege, immunity or protection.

3.      Sphere objects to the Interrogatories to the extent that they are overly broad and unduly burdensome and address subject matter that is more appropriately sought through other forms of discovery.

4.      Sphere objects to the Interrogatories to the extent that the (i) expense of disclosing information outweighs its likely benefit and (ii) information is sought for purposes of harassment or annoyance, or for extraneous reasons.

5.      Sphere objects to the Interrogatories insofar as they are vague and ambiguous.

6. Sphere objects to the Interrogatories insofar as they purport to seek information that is already in the possession, custody or control of the Debtors, is publicly available, or is reasonably available to the Debtors from a more convenient, less burdensome or less expensive source than Sphere.

7. Sphere objects to the Interrogatories insofar as they are duplicative of each other and overlapping with each other and other discovery requests.

8. Sphere objects to the Interrogatories to the extent that they assume the existence of facts that do not exist and the occurrence of events that did not occur. Any response of Sphere to any individual Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Interrogatory is accurate. Sphere does not admit, adopt or acquiesce in any factual or legal contention, assertion, characterization or implication that is contained in the Interrogatories.

9. Sphere objects to the definitions of the terms "Communication" and "Document" set forth in Paragraphs 3 and 4 of the Definitions insofar as those terms call for the production of materials that are not reasonably accessible or maintained and accessed in the ordinary course of business.

10. Sphere objects to the definition of the terms "Related" and "relating" set forth in Paragraph 17 of the Definitions insofar as those terms seek information that is not related to the subject matter of the litigation and not reasonably calculated to lead to the discovery of admissible evidence.

11. Sphere objects to the definition of the terms "Sphere," "You," and "Your" set forth in Paragraph 1 of the Definitions to the extent that they seek to require Sphere to provide information that is not in its possession, custody or control.

12. Sphere objects to the definitions of the terms "Identify" set forth in paragraphs 20-22 of the Definitions on the grounds that they are overly broad and to the extent they seek to impose obligations beyond what is required by federal law and the Procedural Rules.

13. Sphere objects to Instruction 13 as overly broad, unduly burdensome, and disproportionate to the needs of the case because it defines the relevant time period as January 1, 2021, to the present, rather than July 1, 2021, to the present. Given the allegations and defenses, Sphere will treat the Relevant Period as beginning on July 1, 2021. Sphere is willing to meet and confer about the proper time period and to negotiate the parameters of a reasonable search.

14. In responding to the Interrogatories, Sphere does not admit, concede or acquiesce in the accuracy of any definitions of terms or descriptions of any facts, events or documents in the Interrogatories. Sphere specifically does not waive its objections to any definition as vague and overly broad, and reserves the right to define the terms differently and/or more specifically from the manner in which they are defined in the Interrogatories.

15. Subject to the General Objections, which Sphere hereby incorporates into each response below, Sphere responds to the Interrogatories as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning any fact alleged in the Sphere POCs, Arbitration Demand, and the Sphere Response.

### RESPONSE TO INTERROGATORY NO. 1:

Sphere objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case by seeking identification of all Persons with knowledge, documents, or information without regard to materiality. Sphere will construe this Interrogatory as asking for identification of Persons with material knowledge, documents, or information and

not immaterial knowledge.  Sphere further objects to this Interrogatory as seeking information that is equally within the knowledge of Core to the extent it asks Sphere to identify current or former agents of Core.  Core knows whether such individuals have information relevant to the case and Sphere will not identify such individuals.  Sphere notes that it does not understand this Interrogatory to be seeking information about litigation counsel.  Sphere also notes that some of the requested information resides with third-parties, like Gryphon, and Sphere does not necessarily have sufficient knowledge to identify all persons at such third-parties who have the requested information.  Sphere further notes that it does not know the precise knowledge individuals may have and as such identifies individuals who may have knowledge response to this Interrogatory.

Subject to the foregoing objections and the General Objections, Sphere identifies the following:

- Patricia Trompeter, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Peter Tassiopoulos, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3.  Note that Mr. Tassiopoulos is no longer employed by Sphere.

- Alex Tierney, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3.  Note that Mr. Tierney is no longer employed by Sphere.

- Kurt Kalbfleisch, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Rob Chang, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Dan Tolhurst, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Brian Chase, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Brittany Kaiser, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Adam Levin, Oreva Capital Corp., 1351 3rd St Promenade Santa Monica, CA, 90401

- Chris Yonan, Jefferies, 520 Madison Avenue, 10th Floor, New York, NY, 10022

- Celsius Network LLC and any affiliates, 50 Harrison St, Suite 209F, Hoboken NJ, 07030
- Eric Lazer, Roxy Capital Corp., 1 High Hollow Rd., Roslyn Heights, NY, 11577
- Dean Lazer, Roxy Capital Corp., 1 High Hollow Rd., Roslyn Heights, NY, 11577
- Asher Grenoot, U.S. Bitcoin Corp., 1221 Brickell Avenue, Suite 900, Miami, FL, 33131
- Collier Pruner, U.S. Bitcoin Corp., 1221 Brickell Avenue, Suite 900, Miami, FL, 33131
- Max Niederlucke, Rebel Mining Co. LLC., 680 S Cache St., Suite 100-8790, Jackson, WY 83001
- Neil Galloway, Rebel Mining Co. LLC., 680 S Cache St., Suite 100-8790, Jackson, WY 83001
- Thomas Guel, Rebel Mining Co. LLC., 680 S Cache St., Suite 100-8790, Jackson, WY 83001
- Callum Rock, Lancium FS 25, LLC., 9950 Woodloch Forest Drive, Suite 1600, The Woodlands, TX 77380
- Ryan McKenny, Lancium FS 25, LLC., 9950 Woodloch Forest Drive, Suite 1600, The Woodlands, TX 77380
- Michael McNamara, Lancium FS 25, LLC., 9950 Woodloch Forest Drive, Suite 1600, The Woodlands, TX 77380
- Alexandra DaCosta, CO Mine 1 LandCo LLC., 36 South 18th Avenue, Suite D, Brighton, CO, 80601, US
- Kyle Wenzel, Compute North, LLC., 7575 Corporate Way, Eden Prairie, MN 55344, US
- Dave Perill, Compute North, LLC., 7575 Corporate Way, Eden Prairie, MN 55344, US
- Brea Baker, Compute North, LLC., 7575 Corporate Way, Eden Prairie, MN 55344, US
- Norbert Guiol, Coinmint, LLC., 1413 Avenida Ponce de Leon, San Juan, Puerto Rico 00946

**INTERROGATORY NO. 2:**

Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning the Gryphon MSA, Order #1, Order #2, the Sub-License Agreement, or the Merger Agreement, including knowledge, documents, or information concerning negotiation of these agreements.

**RESPONSE TO INTERROGATORY NO. 2:**

Sphere objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case by seeking identification of all Persons with knowledge, documents, or information without regard to materiality. Sphere will construe this Interrogatory as asking for identification of Persons with material knowledge, documents, or information and not immaterial knowledge. Sphere further objects to this Interrogatory as seeking information that is equally within the knowledge of Core to the extent is asks Sphere to identify current or former agents of Core. Core knows whether such individuals have information relevant to the case and Sphere will not identify such individuals. Sphere notes that it does not understand this Interrogatory to be seeking information about litigation counsel. Sphere also notes that some of the requested information resides with third-parties, like Gryphon, and Sphere does not necessarily have sufficient knowledge to identify all persons at such third-parties who have the requested information. Sphere further objects to this Interrogatory as not relevant to the case. It is undisputed that the merger between Sphere and Gryphon did not occur, and the reasons why it did not have no relevance to the claims and defenses. Sphere will accordingly not identify persons with knowledge of the Merger Agreement. Sphere further notes that it does not know the precise knowledge individuals may have and as such identifies individuals who may have knowledge response to this Interrogatory.

Subject to the foregoing objections and the General Objections, Sphere identifies the following:

- Patricia Trompeter, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Peter Tassiopoulos, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3.  Note that Mr. Tassiopoulos is no longer employed by Sphere.

- Alex Tierney, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3.  Note that Mr. Tierney is no longer employed by Sphere.

- Kurt Kalbfleisch, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Rob Chang, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Dan Tolhurst, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Brian Chase, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Brittany Kaiser, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Adam Levin, Oreva Capital Corp., 1351 3rd St Promenade Santa Monica, CA, 90401

- Chris Yonan, Jefferies, 520 Madison Avenue, 10th Floor, New York, NY, 10022

- Celsius Network LLC and any affiliates, 50 Harrison St, Suite 209F, Hoboken NJ, 07030

- Eric Lazer, Roxy Capital Corp., 1 High Hollow Rd., Roslyn Heights, NY, 11577

- Dean Lazer, Roxy Capital Corp., 1 High Hollow Rd., Roslyn Heights, NY, 11577

## INTERROGATORY NO. 3:

Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning Your satisfaction of the "Company requirements" referenced in Order #2 in the section entitled "Amendment to Section 8.d of the Agreement."

## RESPONSE TO INTERROGATORY NO. 3:

Sphere objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case by seeking identification of all Persons with knowledge, documents, or information without regard to materiality.  Sphere will construe this Interrogatory as asking for identification of Persons with material knowledge, documents, or information and

not immaterial knowledge.  Sphere further objects to this Interrogatory as seeking information that is equally within the knowledge of Core to the extent is asks Sphere to identify current or former agents of Core.  Core knows whether such individuals have information relevant to the case and Sphere will not identify such individuals.  Sphere notes that it does not understand this Interrogatory to be seeking information about litigation counsel. Sphere also notes that some of the requested information resides with third-parties, like Gryphon, and Sphere does not necessarily have sufficient knowledge to identify all persons at such third-parties who have the requested information.  Sphere further notes that it does not know the precise knowledge individuals may have and as such identifies individuals who may have knowledge response to this Interrogatory.

Subject to the foregoing objections and the General Objections, Sphere identifies the following:

- Patricia Trompeter, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Peter Tassiopoulos, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3.  Note that Mr. Tassiopoulos is no longer employed by Sphere.

- Alex Tierney, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3.  Note that Mr. Tierney is no longer employed by Sphere.

- Kurt Kalbfleisch, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Rob Chang, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Dan Tolhurst, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Brian Chase, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Brittany Kaiser, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Adam Levin, Oreva Capital Corp., 1351 3rd St Promenade Santa Monica, CA, 90401

- Chris Yonan, Jefferies, 520 Madison Avenue, 10th Floor, New York, NY, 10022

- Celsius Network LLC and any affiliates, 50 Harrison St, Suite 209F, Hoboken NJ, 07030

- Eric Lazer, Roxy Capital Corp., 1 High Hollow Rd., Roslyn Heights, NY, 11577

- Dean Lazer, Roxy Capital Corp., 1 High Hollow Rd., Roslyn Heights, NY, 11577

**INTERROGATORY NO. 4:**

Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning Your financial condition, including Your ability to continue as a going concern.

**RESPONSE TO INTERROGATORY NO. 4:**

Sphere further objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case by seeking identification of all Persons with knowledge, documents, or information without regard to materiality.  Sphere notes that it does not understand this Interrogatory to be seeking information about litigation counsel.  Sphere further objects to this Interrogatory as not relevant to the case as it is not clear how Sphere's financial condition relates to any claims or defenses in the case.

**INTERROGATORY NO. 5:**

Identify all Persons, including at Sphere, who have knowledge, documents, or information concerning Your purchase of Miners, including but not limited to, Your financial ability to purchase Miners.

**RESPONSE TO INTERROGATORY NO. 5:**

Sphere objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case by seeking identification of all Persons with knowledge, documents, or information without regard to materiality.  Sphere notes that it does not understand this Interrogatory to be seeking information about litigation counsel.  Sphere further objects to this Interrogatory as not relevant to the case as it is not clear how Sphere's financial ability to purchase miners relates to any claims or defenses in the case.    Sphere will construe this Interrogatory as asking for identification of Persons with material knowledge, documents, or information about

10

Sphere's actual purchase of miners. Sphere further notes that it does not know the precise knowledge individuals may have and as such identifies individuals who may have knowledge response to this Interrogatory.

Subject to the foregoing objections and the General Objections, Sphere identifies the following:

- Patricia Trompeter, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Peter Tassiopoulos, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3. Note that Mr. Tassiopoulos is no longer employed by Sphere.

- Alex Tierney, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3. Note that Mr. Tierney is no longer employed by Sphere.

- Kurt Kalbfleisch, Sphere, 895 Don Mills Road, Bldg. 2, Suite 900 Toronto, Ontario, Canada M3C 1W3

- Rob Chang, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Dan Tolhurst, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Brian Chase, Gryphon Digital Mining, 5953 Mabel Rd, Las Vegas, NV, 89110

- Chris Yonan, Jefferies, 520 Madison Avenue, 10th Floor, New York, NY, 10022

- Michael Wu, FuFu Technology Ltd. Room 06, 13A/F., South Tower, World Finance Centre, Harbour City, 17 Canton Road, TST, Kln, HongKong

- Liang Lu (Leo), FuFu Technology Ltd. Room 06, 13A/F., South Tower, World Finance Centre, Harbour City, 17 Canton Road, TST, Kln, HongKong

- Yanming Chen, FuFu Technology Ltd. Room 06, 13A/F., South Tower, World Finance Centre, Harbour City, 17 Canton Road, TST, Kln, HongKong

- Celine Lu, FuFu Technology Ltd. Room 06, 13A/F., South Tower, World Finance Centre, Harbour City, 17 Canton Road, TST, Kln, HongKong

- Xue Tian (Sharon), FuFu Technology Ltd. Room 06, 13A/F., South Tower, World Finance Centre, Harbour City, 17 Canton Road, TST, Kln, HongKong

- Tony Melman, Numiner Technologies, Ltd., 7F., No. 270, Sec. 4, Zhongxiao E. Rd., Da-an Dist. Taipei City, Taiwan, 106652

- Iain Kennedy, Numiner Technologies, Ltd., 7F., No. 270, Sec. 4, Zhongxiao E. Rd., Da-an Dist. Taipei City, Taiwan, 106652

- James Yersh, Numiner Technologies, Ltd., 7F., No. 270, Sec. 4, Zhongxiao E. Rd., Da-an Dist. Taipei City, Taiwan, 106652

- Thomas Hsu – Numiner Technologies, Ltd., 7F., No. 270, Sec. 4, Zhongxiao E. Rd., Da-an Dist. Taipei City, Taiwan, 106652

- Kevin Wu – Numiner Technologies, Ltd., 7F., No. 270, Sec. 4, Zhongxiao E. Rd., Da-an Dist. Taipei City, Taiwan, 106652

- Donglu Lin, Bitmain, Building 25, North Olympic Science & Technology Park, Baosheng South Road, Beijing, China

- Shidheng Du, Bitmain, Building 25, North Olympic Science & Technology Park, Baosheng South Road, Beijing, China

**INTERROGATORY NO. 6:**

Identify and describe with particularity the current location of each and any Miner that You own or owned and sought to host with Core pursuant to Order #2.

**RESPONSE TO INTERROGATORY NO. 6:**

Sphere objects to this Interrogatory as vague and ambiguous to the extent it asks for "current location", as it is not certain what is being sought.  Sphere will construe this Interrogatory

as asking for each company that is currently hosting Sphere miners.  To the extent the Interrogatory is seeking more detailed information (*i.e.*, identification of each plot of land hosting each and every Miner), it is overbroad, unduly burdensome, and disproportionate to the needs the case. Identification of the companies hosting Sphere's miners is reasonable and proportionate to the needs of the case.

Subject to the foregoing objections and the General Objections, Sphere identifies the following locations:

- Coinmint, LLC.

- Core Scientific, Inc.

- U.S. Bitcoin Corp.

- Rebel Mining Company, LLC.

- Lancium FS 25, LLC.

- CO Mine 1 LandCo, LLC.

**INTERROGATORY NO. 7:**

Identify with particularity the total number of Bitcoin you contend was mined with Miners hosted under Order #1 and/or Order #2.

**RESPONSE TO INTERROGATORY NO. 7:**

Sphere objects to this Interrogatory as predicated on a false assumption, namely, that Sphere is contending any Bitcoin was mined for its benefit under Order #1.  Sphere is not making that contention, and, in any event, identifies no such bitcoin for Order #1.  Sphere further objects to this Interrogatory as premature, as discovery is ongoing and information required to answer this information is in the possession of Core, such as how much bitcoin Core mined for its own benefit using Sphere's miners.  Sphere is accordingly unable to provide the bitcoin Core mined for its own benefit at this time.  Subject to the foregoing objections and the General Objections, Sphere states

that it has received 85.18 Bitcoin from Miners hosted under Order #2 and further that it should have received additional bitcoin in an amount to be established after discovery.

**INTERROGATORY NO. 8:**

Identify with particularity the total amount of Bitcoin that You have received from Miners hosted under Order #1 and/or Order #2.

**RESPONSE TO INTERROGATORY NO. 8:**

Sphere objects to this Interrogatory as predicated on a false assumption, namely, that Sphere is contending any Bitcoin was mined for its benefit under Order #1. Sphere is not making that contention and, in any event, identifies no such bitcoin for Order #1. Subject to the foregoing objections and the General Objections, Sphere states that it has received 85.18 Bitcoin from Miners hosted under Order #2.

**INTERROGATORY NO. 9:**

Identify each and any payment Sphere made directly to Core in connection with the Gryphon MSA, Order #1, and/or Order #2.

**RESPONSE TO INTERROGATORY NO. 9:**

Sphere objects to the use of "payments Sphere made directly" as vague and ambiguous Sphere will construe this Interrogatory as asking whether Sphere physically wired money to Core. Subject to the foregoing objections and the General Objections, Sphere states that did not physically wire any payments to Core. Sphere, however, states that it made the following payments to Core through Gryphon:

- October 8, 2021: $16,330,670.00

- November 12,2021: $1,489,258.00

- December 14, 2021: $2,222,905.00

- January 4, 2022: $2,956,545.00

- February 8, 2022: $3,484,770.00

- March 10, 2022: $4,035,000.00

- April 7, 2022: $4,585,215.00

**INTERROGATORY NO. 10:**

Identify and describe with particularity the nature of Your involvement in negotiations of the Gryphon MSA, Order #1, and Order #2.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to the General Objections, Sphere states that Gryphon consulted on Order #2 with Gryphon and Sphere provided input to Gryphon.

**INTERROGATORY NO. 11:**

Identify and describe with particularly each and any attempt You made to obtain Bitcoin generated by the Miners hosted by Core pursuant to the Gryphon MSA, Order #1, and/or Order #2, including any Documents and Communications with Gryphon relating to Bitcoin generated by the Miners hosted by Core pursuant to the Gryphon MSA, Order #1, and/or Order #2.

**RESPONSE TO INTERROGATORY NO. 11:**

Sphere objects to this Interrogatory as vague, ambiguous, and unintelligible, as Sphere is unable to give it a reasonable construction and understand what is being asked.  Sphere does understand what "each and any attempt You made to obtain Bitcoin generated by the Miners" refers to. Sphere will meet-and-confer with Core about the meaning of this Interrogatory and then provide an answer based on the clarification.  Sphere reserves the right to assert additional objections based on Core's clarification.

**INTERROGATORY NO. 12:**

Identify and detail the reasons why the merger contemplated by the Merger Agreement between Gryphon and Sphere did not close.

**RESPONSE TO INTERROGATORY NO. 12:**

Sphere objects to this Interrogatory as not relevant to the case. It is undisputed that the merger between Sphere and Gryphon did not occur, and the reasons why it did not go through have no relevance to the claims and defenses. In any event, Sphere refers Core to its press release dated April 4, 2022, which is available at this link: https://www.businesswire.com/news/home/20220404005997/en/Sphere-3D-Corp.-and-Gryphon-Digital-Mining-Inc.-Move-Forward-After-Mutual-Agreement-Not-to-Proceed-With-Merger.

**INTERROGATORY NO. 13**:

Identify and describe with particularity the alternative hosting services (if any) You used for the Miners that You intended to host with Core pursuant to Order #2.

**RESPONSE TO INTERROGATORY NO. 13:**

Subject to the General Objections, Sphere states that, rather than host miners with Core, it hosted miners with US Bitcoin Corp., Lancium, Rebel Mining Company, and Coinmint. Sphere will produce documents to identify the terms of those hosting arrangements.

**INTERROGATORY NO. 14:**

Identify with particularity the dates of each and every  meeting or conversation between Core and Sphere relating to the Gryphon MSA and/or Order #2, including but not limited to the conversation identified in paragraph 6 of the Trompeter Declaration and the assertions made in paragraphs 6 and 34 of the Arbitration Demand that "Core informed Sphere it could not accommodate additional Miners . . ." and that "Core informed Gryphon that it could not host 600 of Gryphon's own miners due to lack of space," respectively.

**RESPONSE TO INTERROGATORY NO. 14:**

Sphere objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case by seeking identification of each and every meeting or conversation between Core and Sphere relating to the Gryphon MSA and Order #2. It is not feasible to list each and every conversation between Core and Sphere on this topic. Sphere notes

that its response to this Interrogatory is subject to the memory of the participants in the requested meetings and conversations and that those memories may be refreshed as discovery proceeds.

Subject to the foregoing objections and the General Objections, Sphere identifies the following dates:

- April 7, 2022

- May 18, 2022

- June 21, 2022

- June 23, 2023

**INTERROGATORY NO. 15:**

For each meeting or conversation identified in  response to Interrogatory No. 13, identify with particularity each and every person who attended and/or participated in each meeting or conversation.

**RESPONSE TO INTERROGATORY NO. 15:**

Sphere incorporates by reference its objections to Interrogatory No. 14.  Subject to the foregoing objections and the General Objections, Sphere identifies the following:

- April 7, 2022: Mike Levitt, Russell Cann, Chris Yonan, Patricia Trompeter

- May 18, 2022: Russell Cann, Patricia Trompeter

- June 21, 2022: Russell Cann, Patricia Trompeter

- June 23, 2023: Mike Levitt, Chris Yonan, Patricia Trompeter

**INTERROGATORY NO 16:**

Identify all individuals, including at Sphere, with knowledge of the facts and circumstances relating to the conduct of the parties in connection with the Gryphon MSA, Order #1, and/or Order #2.

**RESPONSE TO INTERROGATORY NO. 16:**

Sphere objects to this Interrogatory as duplicative of Interrogatories No. 1 and No. 2. Subject to the foregoing objections and the General Objections, Sphere incorporates by reference its responses and objections to Interrogatories No. 1 and No. 2.

**INTERROGATORY NO. 17:**

Identify all individuals, entities, companies, institutions or others from which You sought to raise capital in connection with Your purchase of Miners.

**RESPONSE TO INTERROGATORY NO. 17:**

Sphere objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case by seeking identification of all Persons with knowledge, documents, or information without regard to materiality.  Sphere notes that it does not understand this Interrogatory to be seeking information about litigation counsel.  Sphere further objects to this Interrogatory as not relevant to the case as it is not clear how Sphere's efforts to raise capital relates to any claims or defenses in the case.

**INTERROGATORY NO. 18:**

Identify with particularity all of Your alleged damages for which you are seeking recovery relating to Order #2 and/or the Sphere POCs, including the "alternative hosting costs" and "storage fees" asserted in the Sphere POCs at paragraphs 11 and 14, the alleged "unliquidated" amounts asserted in the Sphere POCs at paragraph 16, and the alleged "post-petition claims" asserted in the Sphere POCs at paragraph 17, and how any such alleged damages are calculated.

**RESPONSE TO INTERROGATORY NO. 18:**

Sphere objects to this Interrogatory as premature, as discovery is ongoing and information sought is not necessarily within Sphere's control (*e.g.*, the precise amount  of the deposit payment remains with Core, the amount of bitcoin that Core mined for its own account).  It is also premature because Sphere's damages are in flux and change with the passage of time.  For that reason too, it is unduly burdensome, and not proportionate to the needs of the case to provide a continuous update.  Sphere will provide its estimated damages as of July 31, 2023, and provide an update in

advance of the hearing.  Subject to the foregoing objections and the General Objections, Sphere identifies the following categories of damages:

- Approximately $34,002,637 in deposit payments to Core from Sphere, for which Sphere did not receive the benefits of its bargain.

- $157,559.24 which represents the costs Sphere incurred to store the Miners it sought to have Core host under Order #2.

- $738,618 in damages for loss of Sphere's deposit with Compute North, with whom Sphere sought to host the miners Core would have otherwise hosted, and subsequently lost due to Compute North's bankruptcy.

- $2,653,579 in alternative hosting costs, which Sphere estimated by calculating the delta between the cost to have Core host its miners under Order #2 against the cost of having third-party hosts host the miners.

- $9,270,632 in lost revenues Sphere would have realized if it did not have to seek alternate hosting arrangements.

- $757,806.50 in fees and costs incurred in connection with seeking redress from Core.

- Bitcoin that Core mined for its own benefit using Sphere's miners, in an amount to be determined following discovery.  Sphere further incorporates its responses and objection to Interrogatory No. 7.

- Sphere also seeks the return of its miners that Core is presently holding, as they rightfully belong to Sphere.

**INTERROGATORY NO. 19:**

Identify and describe with particularity the manner in which You contend that You gained rights under Order #2, including the Documents through which You contend to have gained rights under Order #2.

**RESPONSE TO INTERROGATORY NO. 19:**

Subject to the foregoing objections and the General Objections, Sphere states that it has rights in Order #2 through the October 5, 2021, Sub-License and Delegation Agreement, as subsequently amended on December 29, 2021, between Sphere and Gryphon. Moreover, Gryphon was acting as Sphere's agent in entering into Order #2.

**INTERROGATORY NO. 20**:

Identify and describe with particularity each and any hosting agreement between Sphere and any third party.

**RESPONSE TO INTERROGATORY NO. 20:**

Subject to the General Objections, Sphere states that it will produce the referenced hosting agreements.

Dated: September 8, 2023

*/s/ Timothy A. ("Tad") Davidson II*

Timothy A. ("Tad") Davidson II
TX Bar No. 24012503
Ashley L. Harper
TX Bar No. 24065272
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Facsimile:  (713) 220-4285
E-mail:      taddavidson@HuntonAK.com
                 ashleyharper@HuntonAK.com

- and -

Seth H. Lieberman (admitted *pro hac vice*)
Matthew W. Silverman (admitted *pro hac vice*)
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile:  (212) 326-0806
E-mail:      slieberman@pryorcashman.com
                 msilverman@pryorcashman.com

Tibor L. Nagy, Jr.
TX Bar No. 24041562
Gregory N. Wolfe (admitted *pro hac vice*)
**DONTZIN NAGY & FLEISSIG LLP**
980 Madison Avenue
New York, New York 10075
Telephone: (212) 717-2900
Email:      tibor@dnfllp.com
                greg@dnfllp.com

*Co-Counsel for Sphere 3D Corp.*

DocuSign Envelope ID: 06BA8280-7290-4C58-8995-0B96480EBA3A

## VERIFICATION

I, Patricia Trompeter, state that I have read and know the contents of *Sphere 3D Corp.'s Responses and Objections to Debtors' Initial Set of Interrogatories*, which were served on August 18, 2023.  These Responses and Objections were prepared with the assistance and advice of counsel and based upon my personal knowledge, information provided to me by other persons, and/or review of business records.  I reserve the right to make any changes to these Responses and Objections if it appears at any time that omissions, errors, or both have been made or that more accurate information becomes available. I certify under penalty of perjury that the Responses herein are true and correct to the best of my knowledge, information, and belief.

Executed on September 8, 2023, in Greenwich, Connecticut.

By: *Patricia Trompeter*

Patricia Trompeter
Chief Executive Officer
Sphere 3D Corp.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 8, 2023, a true and correct copy of the foregoing document was served by electronic mail on the following individuals:

Alfredo R. Pérez
Alfredo.Perez@weil.com

Theodore Tsekerides
Theodore.Tsekerides@weil.com

Clifford W. Carlson
Clifford.Carlson@weil.com

Christine Calabrese
Christine.Calabrese@weil.com

Austin B. Crabtree
Austin.Crabtree@weil.com

Asha Menon
Asha.Menon@weil.com

***Attorneys for the Debtors***

*/s/ Brandon Bell*
Brandon Bell