United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | Re: Docket No. [●]  1238 |

# EMERGENCY ORDER (I) AUTHORIZING CORE SCIENTIFIC, INC.'S ENTRY INTO PREMIUM FINANCING AGREEMENT AND (II) GRANTING RELATED RELIEF

Upon the emergency motion, dated September 17, 2023 (the "**Motion**")[2] of Core Scientific Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order, pursuant to section 364 of the Bankruptcy Code, (i) authorizing Core to enter into the Premium Financing Agreement and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Bros Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to: (i) the Office of the U.S. Trustee (Attn: Jayson Ruff & Alicia Barcomb);

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion or the Premium Financing Agreement, as applicable.

(ii) Choate, Hall & Stewart LLP, Two International Place, 34th Floor, Boston, Massachusetts 02110 (Attn: John Ventola), counsel to the Replacement DIP Lenders (as defined in the DIP Order)[3], (iii) Paul Hastings LLP, 200 Park Avenue, New York, NY 10066 (Attn: Kristopher M. Hansen and Sayan Bhattacharyya), counsel to the ad hoc group of convertible noteholders (the "**Ad Hoc Noteholder Group**"), (iv) Willkie Farr & Gallagher LLP, 787 Seventh Avenue New York, NY 10019 (Attn: Brett H. Miller, Todd M. Goren, and James H. Burbage), counsel to the Creditors' Committee, (v) Vinson & Elkins LLP, 1114 Avenue of the Americas, 32nd Floor, New York, NY 10036 (Attn: David S. Meyer, Lauren R. Kanzer, and Zachary A. Paiva), counsel to the Equity Committee, and (vi) parties entitled to receive notice in these chapter 11 cases pursuant to the Insurance Order and Bankruptcy Rule 2002; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon the Bros Declaration filed contemporaneously with the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.  Pursuant to sections 363 and 364 of the Bankruptcy Code, Core is authorized to enter into the Premium Financing Agreement and perform all obligations thereunder.

---

[3] As defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* (Docket No. 608) (the "**DIP Order**").

2. Pursuant to section 364(c)(2) of the Bankruptcy Code, the Debtors are authorized to grant FIRST or its successor or assigns a first priority lien on and security interest in the Financed Policies, including the gross unearned premiums and other collateral (collectively, the "**Collateral**"), as described in the Premium Financing Agreement.

3. The Debtors are authorized to make all payments due under the Premium Financing Agreement. FIRST is authorized to receive and apply such payments to the Indebtedness owed by the Debtors to FIRST as provided in the Premium Financing Agreement.

4. Without limitation, the liens, security interests and rights in the Collateral granted under the Premium Financing Agreement: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in this case and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge by any party in interest. Pursuant to the Premium Financing Agreement, the Debtor irrevocably appoints FIRST as its attorney-in-fact in the event of default to cancel any financed insurance Policies and collect the Collateral, as described therein.

5. If additional premiums become due to insurance companies under the Financed Policies, the Debtors and FIRST or its successor or assigns are authorized to modify the Premium Financing Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

6. In the event the Debtors do not make any of the payments under the Premium Financing Agreement as they become due, FIRST, or any third party, including insurance companies providing the coverage under the Financed Policies, shall comply with the notice provisions and other provisions of the Premium Financing Agreement and this Order. Following notice of such default made in accordance with the Premium Financing Agreement and following

five (5) days after serving such notice of default on the Debtors, the U.S. Trustee, the Replacement DIP Lender, the Ad Hoc Noteholder Group, the Creditors' Committee, and the Equity Committee, the automatic stay shall automatically lift to enable FIRST and or/third parties (without further order of this Court), including insurance companies providing the protection under the Financed Policies, to take all steps necessary and appropriate to cancel the Financed Policies, collect the Collateral, and apply such Collateral to the Indebtedness owed to FIRST by the Debtors.

7. The Premium Financing Agreement and the liens and security interests in the Collateral granted pursuant hereto shall continue in full force and effect and Indebtedness due under the Premium Financing Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of these Cases, (ii) the discharge of the Debtors, or (iii) the confirmation of a plan of reorganization.

8. To the extent that any audits need to be performed by any carrier on any of the Policies, the Debtors or the trustee subsequently appointed under Chapters 7 or 11, shall reasonably cooperate.

9. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order and perform under the Premium Financing Agreement.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed: September 19, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**