IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* | § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

DEBTORS' MOTION FOR ORDER APPROVING
(I) GLOBAL SETTLEMENT BETWEEN DEBTORS
AND TRILOGY LLC AND (II) GRANTING RELATED RELIEF

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**"), pursuant to sections 105(a), 362(d) and 363 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9013 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Debtors request entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), (i) authorizing the Debtors' entry into a global settlement between the Debtors and Trilogy LLC ("**Trilogy**" and together with the Debtors, collectively, the "**Parties**" and, each, a "**Party**"), on the terms set forth and agreed to by the Parties on the *Settlement Term Sheet* (the "**Term Sheet**") attached hereto as **Exhibit 2**, (ii) approving the settlement on the terms set forth in the Term Sheet, and (iii) granting related relief.

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**I.      The Parties' Business Relationship**

3.      The Debtors are one of the largest blockchain infrastructure, hosting provider, and digital asset mining companies in North America, with fully operational data centers in Texas, Kentucky, North Carolina, North Dakota, and Georgia.  The Debtors provide hosting solutions for third parties and also operate their own digital asset mining machines.

4.      Trilogy is a manufacturer of commercial and industrial power distribution units ("**PDUs**").  Trilogy provides a range of services in connection with the manufacturing, assembly, and installation of PDUs and related components for use in bitcoin mining facilities.

2

5.      The Debtors operate three data-center facilities in Texas, one in Pecos, Texas (the "**Cottonwood Facility**"), one in Barstow, Texas (the "**Cedarvale Facility**") and one in Denton, Texas (the "**Denton Facility**" and, together with the Cottonwood Facility and the Cedarvale Facility, collectively, the "**Facilities**" and, each, a "**Facility**").  Prior to the Petition Date, the Debtors entered into a series of purchase orders with Trilogy to purchase PDUs for use in its Facilities (the "**Trilogy Contracts**").

6.      Under the Trilogy Contracts, Trilogy manufactured, assembled, and installed PDUs and associated components for use in the Debtors' Facilities. The PDUs and associated components were manufactured pursuant to the Trilogy Contracts for use in the Debtors' Facilities.

7.      In connection with the Trilogy Contracts, Trilogy has (i) asserted prepetition and postpetition claims (such claims, the "**Trilogy Claims**") against the Debtors, including, without limitation, those certain Proofs of Claims Nos. 1, 5 and 7 in the total asserted amount of **$14,849,165.90**; and (ii) filed liens (such liens, the "**Trilogy Liens**") against the Facilities, including without limitation, the mechanics' liens against the Debtors' real property assets at the Debtors' Cedarvale site (the "**Cedarvale Facility**"), the Debtors' Cottonwood site (the "**Cottonwood Facility**") and the Debtors' Denton site (the "**Denton Facility**"), evidenced by, among other things, (a) that certain Affidavit for Mechanic's and Materialman's Lien on Leasehold Interest in the amount of $5,576,666.67, filed by Trilogy LLC, recorded on April 11, 2023 under Recording Number 2023002746 in Reeves County, Texas, (b) that certain Affidavit for Mechanic's and Materialman's Lien and Constitutional Lien, in the amount of $5,086,791.25, filed by Trilogy LLC, recorded on April 13, 2023, under Recording Number 2023-1103 in Ward County, Texas, and (c) that certain Affidavit for Mechanic's and Materialman's Lien on Leasehold

3

WEIL:\99252173\1\39031.0014

Interest in the amount of $387,000.00, filed by Trilogy LLC, recorded on April 11, 2023, under Recording Number 20230411000351 in Denton County, Texas.

## II.     The Trilogy Settlement

8.     After engaging in extensive good faith negotiations, the Debtors and Trilogy have reached a global settlement (the "**Trilogy Settlement**"), memorialized in the binding Term Sheet, dated July 12, 2023, subject to this Court's approval, and set forth in the Proposed Order, resolving all issues and amounts owed between the Debtors and Trilogy.  For the avoidance of doubt, pursuant to the Trilogy Settlement, Trilogy agrees to release any and all liens and Claims (as defined in the Bankruptcy Code) against the Debtors, including, without limitation, for any and all obligations, liabilities, duties and damages of the Debtors, whether or not expressly memorialized in the Trilogy Settlement.

9.     The principal terms of the Trilogy Settlement are as follows:

- Within five (5) calendar days following the date on which the Proposed Order becomes final and non-appealable (such date, the "**Final 9019 Order Date**"):

  - the Debtors shall make a cash payment to Trilogy in the aggregate amount of $2,750,890 (the "**Cash Payment**"),

  - the Debtors shall deliver a duly executed promissory note (the "**Note**" and, together with the Cash Payment, collectively, the "**Settlement Payment**") to Trilogy, reasonably acceptable to Trilogy, in the principal amount of $2,926,639, and

  - Trilogy shall deliver to the Debtors final unconditional lien releases in form and substance reasonably acceptable to the Debtors for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by Trilogy.

- Immediately on the Final 9019 Order Date:

  - the Trilogy Claims shall be fully and finally paid, satisfied, released and expunged,

  - the Trilogy Liens shall be fully and finally released, extinguished and discharged,

4

WEIL:\99252173\1\39031.0014

  o  all contracts and outstanding purchase orders between Trilogy and the Debtors
     are terminated and Trilogy shall not have claims for rejection damages based
     on such termination, and

  o  the Parties shall each grant a complete and final release of all claims and
     covenant not to sue, in each case, in favor of the other Party; provided, that the
     Parties retain their rights to file and prosecute claims and causes of action
     related to the enforcement of the Trilogy Settlement and the Note.

- The Note shall bear interest at the rate of 5% per annum and have a term of 30 months.
  The Note shall be payable in equal monthly installments, beginning on the date which
  is three (3) months after the later to occur of (i) the date on which a plan of
  reorganization filed by the Debtors is confirmed by entry of an order of this Court and
  (ii) the Final 9019 Order Date. Any amount repaid under the Note shall be made
  available to the Debtors as a credit (the "**Repaid Note Credit**") immediately upon
  repayment of such amount, which Repaid Note Credit may be applied toward the
  purchase from Trilogy of future orders of goods on the terms set forth below. In the
  event the Debtors default under the Note, Trilogy shall have the immediate right (upon
  such default), to file and prosecute liens on the collateral comprised of the Cottonwood
  Facility currently securing the Trilogy Claims for the remaining balance of the Note.
  Such liens shall constitute new liens and be deemed to have arisen upon the default
  under the Note and shall not relate back to or be considered a continuation of the liens
  being released hereunder.

- Following the entry of the 9019 Order, the maximum purchase price of all goods
  purchased by the Debtors from Trilogy in the future shall be the manufacturers'
  suggested retail price (the "**Purchase Price**"). The Repaid Note Credit may be applied
  by the Debtors toward the Purchase Price in satisfaction of up to twenty percent (20%)
  of any future amounts payable by the Debtors to Trilogy pursuant to a purchase order
  or otherwise (but excluding future payments under the Note); provided that, to the
  extent the Repaid Note Credit has not been applied in full on or prior to the date which
  is the fifth (5th) anniversary of the Final 9019 Order Date (such date, the "**Repaid Note
  Credit Expiration Date**"), the Repaid Note Credit shall expire on the Repaid Note
  Credit Expiration Date and no longer be available for application by, or refundable to,
  the Debtors thereafter.

- As of the Final 9019 Order Date, Trilogy shall have no further interest, if any, in the
  goods which the Debtors ordered from Trilogy and which have been previously
  delivered to the Debtors on or prior to December 31, 2022.

WEIL:\99252173\1\39031.0014

<u>**Relief Requested Should Be Granted**</u>

**I.     The Trilogy Settlement Is Fair, Reasonable, and in the Best Interest of the Debtors' Estates**

10.     Bankruptcy Rule 9019(a) provides that "[o]n motion by the [debtors in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Further, pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interests of the estate.  *See Off. Comm. of Unsecured Creditors v. Moeller (In re Age Refin.,Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015).  Ultimately, approval of a compromise is within the discretion of the bankruptcy court.  *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980) (citations omitted) (decided under the Bankruptcy Act).  Settlements are considered a "normal part of the process of reorganization" and a "desirable and wise method[] of bringing to a close proceedings otherwise lengthy, complicated, and costly."  *Rivercity*, 624 F.2d at 602–03 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424–25 (1968)).

11.     The Fifth Circuit has established a three-factor balancing test under which bankruptcy courts analyze proposed settlements*.  Id.*  The factors courts consider are: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise."  *See Age Refin.*, 801 F.3d at 540 (internal citations omitted).

12.     Under the rubric of the third factor, the Fifth Circuit has specified two additional factors that bear on a decision to approve a proposed settlement.  First, the Court should

WEIL:\99252173\1\39031.0014

consider "the paramount interest of creditors with proper deference to their reasonable views." *Id.*;

*Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917

(5th Cir. 1995). Second, the Court should consider the "extent to which the settlement is truly the

product of arms-length bargaining, and not of fraud or collusion." *Age Refin.*, 801 F.3d at 540;

*Foster Mortg.*, 68 F.3d at 918 (citations omitted).

13.     Generally, the role of the bankruptcy court is not to decide the issues in

dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Rather,

the court should determine whether the settlement as a whole is fair and equitable. *Protective*

*Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

14.     The Debtors bear the burden of establishing that the balance of the above

factors leads to a fair and equitable compromise vis-à-vis the Trilogy Settlement. *In re Allied*

*Properties, LLC*, 2007 WL 1849017, at *4 (Bankr. S.D. Tex. June 25, 2007) (citing *In re Lawrence*

*& Erausquin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990)); *see also In re GHR Companies,*

*Inc.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985). "The burden is not high;" rather, the Debtors ***need***

***only show that [their] decision falls within the 'range of reasonable litigation alternatives.'"*** *In*

*re Allied Properties, LLC*, 2007 WL 1849017, at *4 (emphasis added) (citing *In re W.T. Grant*

*Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Cook v. Waldron*, 2006 WL 1007489 at *4 (S.D.

Tex. Apr. 18, 2006).

15.     Here, weighing the foregoing factors demonstrates that the Trilogy

Settlement is reasonable and supports finding that the Debtors' entry into the Trilogy Settlement

is in the best interest of creditors and other stakeholders.

16.     First, the likelihood of success of litigating against the Trilogy Claims is

uncertain. What is not uncertain, however, is that the litigation would likely require the

expenditure of significant funds and cause substantial, detrimental impact to the Debtors. Further,

7

Debtors' Exhibit No. 25
Page 7 of 42

if Trilogy were to succeed on its claim, the Debtors would be liable for a much larger sum than agreed upon in the Trilogy Settlement.  Indeed, the Trilogy Settlement provides the Debtors with a discount of approximately 60% of the face amount of the asserted Trilogy Claims.  Having the benefit of certainty and prior agreement between the Debtors and Trilogy, at an amount significantly lower than the asserted Trilogy Claims, maximizes value for the Debtors' estates and avoids what could otherwise be costly and distracting litigation that would harm the Debtors' estates.

17.     Second, the Settlement Agreement is also the product of good-faith, arm's-length bargaining between the Debtors and Trilogy, each of which were represented by counsel, and no party has asserted that the Trilogy Settlement was the product of fraud or collusion.

18.     Third, the Trilogy Settlement is reasonable and is in the best interests of the Debtors' estates.  Pursuant to the Trilogy Settlement, the Debtors will reduce the claims pool by satisfying the Trilogy Claims (a large secured and unsecured claim against the Debtors' estates) at a substantial discount, with a limited Settlement Payment in the amount of only a portion of the Trilogy Claim.  As a result of the Settlement Payment, Trilogy will release the Trilogy Liens encumbering the Debtors' Facilities and release the Debtors from any and all future claims arising from the Debtors' rejection of the Trilogy Contracts.

19.     Accordingly, the Debtors respectfully submit that the Court should approve Trilogy Settlement based upon the factors considered by courts in the Fifth Circuit.

## II.     The Debtors' Entry into the Trilogy Settlement Is a Reasonable Exercise of Debtors' Sound Business Judgment

20.     Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing.  It is well-established in this jurisdiction that a debtor may use property of

8

the estate outside the ordinary course of business under this provision if there is a good business reason for doing so.  *See, e.g.*, *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Filene's Basement, LLC*, No. 11-13511 (KJC) (Bankr. D. Del. Apr. 29, 2014) (stating that, under the business judgment standard, once the debtor presents "a reasonable basis for is business decisions … courts will generally not entertain objections to the debtor's conduct").

21.     Here, the Debtors' entry into the Trilogy Settlement represents a reasonable exercise of the Debtors' sound business judgment and should be approved. As discussed in the preceding section, the likelihood of success of litigating against the Trilogy Claims is uncertain and doing so would incur substantial costs to the bankruptcy estate. If Trilogy were to succeed, the Debtors would be liable for a much greater sum than that agreed to in the Trilogy Settlement. Obtaining the benefit of certainty and prior agreement between the Debtors and Trilogy, at an amount significantly lower than the claims asserted by Trilogy, and thereby avoiding what would otherwise involve costly and distracting litigation, represents an exercise of sound business judgment by the Debtors.

22.     Accordingly, the Debtors respectfully submit that the Court should approve the Trilogy Settlement based upon the standards set forth in section 363(b)(1).

### **Reservation of Rights**

23.     Except as expressly provided for herein with respect to the Trilogy Claims, nothing contained in this Motion or any actions taken by the Debtors pursuant to the relief granted

9

is intended or should be construed as: (i) an admission as to the validity of any claim against the

Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other

applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to

section 365 of the Bankruptcy Code.

**<u>No Previous Request</u>**

24.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

10

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  July 14, 2023
        Houston, Texas

Respectfully submitted,

  /s/  Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez @weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
         Ronit.Berkovich@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

11

**<u>Certificate of Service</u>**

I hereby certify that on July 14, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


   <u>/s/ Alfredo R. Pérez</u>
Alfredo R. Pérez (15776275)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[2] | § | |
| | § | |

**ORDER APPROVING (I) GLOBAL SETTLEMENT**
**BETWEEN DEBTORS AND TRILOGY LLC**
**AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated July 14, 2023 (the "**Motion**"),[3] of Core Scientific, Inc. and

its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), Debtors

request authority for (i) a global settlement between the Debtors and Trilogy LLC ("**Trilogy**") on

the terms set forth in the Motion, and (ii) granting related relief, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved,

or overruled; and the Court having determined that the legal and factual bases set forth in the

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

### IT IS HEREBY ORDERED THAT:

1.     Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d) and 363 of the Bankruptcy Code, the global settlement by and between the Debtors and Trilogy (the "**Trilogy Settlement**"), on the terms set forth and agreed to in the *Settlement Term Sheet* (the "**Term Sheet**") and herein, is authorized and approved.

2.     The Debtors are authorized to enter into, execute, deliver and implement the terms set forth herein and in the Term Sheet, as agreed to by the Parties.

3.     The Trilogy Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

4.     Debtors' entry into the Trilogy Settlement represents a reasonable exercise of the Debtors' sound business judgment under section 363(b)(1).

5.     Within five (5) calendar days after this Order becomes final and non-appealable (such date, the "**Final 9019 Order Date**"):

(a)     the Debtors shall:

(i)     make a cash payment to Trilogy in the amount of $2,750,890 (the "**Cash Payment**"), and

(ii)     deliver a duly executed promissory note (the "**Note**" and, together with the Cash Payment, collectively, the "**Settlement Payment**") to Trilogy, reasonably acceptable to Trilogy, in the principal amount of $2,926,639; and

(b)     Trilogy shall deliver to the Debtors final unconditional lien releases in form and substance reasonably acceptable to the Debtors for all work performed at the Facilities and all

3

goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by Trilogy.

6.      Immediately on the Final 9019 Order Date:

(a) any Claim (as defined in the Bankruptcy Code) held by Trilogy against the Debtors, including the Trilogy Claims, shall be fully and finally paid, satisfied, released and expunged; provided, that the Parties shall retain their rights to file and prosecute claims and causes of action related to the enforcement of the Trilogy Settlement and the Note;

(b) the Trilogy Liens shall be fully and finally released, extinguished and forever discharged;

(c) any and all contracts and outstanding purchase orders between Trilogy and the Debtors, including the Trilogy Contracts, are terminated and Trilogy shall not have claims for rejection damages based on or arising from such termination or otherwise;

(d) Trilogy shall have no further interest, if any, in the goods which the Debtors ordered from Trilogy and which have been previously delivered to the Debtors on or prior to December 31, 2022;

(e) the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and Trilogy and its affiliates (each of the Debtor Releasors and Trilogy and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released Party**") from all

4

manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, liens, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have, against any Released Party arising under or related to the Trilogy Claims, the Trilogy Liens, the Trilogy Contracts, or the Facilities, including, for the avoidance of doubt, any preference, fraudulent transfer, or other avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii) each other Releasing Party from any and all other claims or causes of action arising prior to the entry of this Order; and

(f) other than as set forth herein, Trilogy shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

7.      The Note shall bear interest at the rate of 5% per annum and have a term of 30 months. The Note shall be payable in equal monthly installments, beginning on the date which is three (3) months after the later to occur of (i) the date on which a plan of reorganization filed by the Debtors is confirmed by entry of an order of the this Court and (ii) the Final 9019 Order Date. Any amount repaid under the Note shall be made available to the Debtors as a credit (the "**Repaid Note Credit**") immediately upon repayment of such amount, which Repaid Note Credit may be applied toward the purchase from Trilogy of future orders of goods on the terms set forth below. In the event the Debtors default under the Note, Trilogy shall have the immediate right (upon such

5

default), to file and prosecute liens on the collateral comprised of the Cottonwood Facility currently securing the Trilogy Claims for the remaining balance of the Note. Such liens shall constitute new liens and be deemed to have arisen upon the default under the Note and shall not relate back to or be considered a continuation of the liens being released hereunder.

8.      The maximum purchase price of all goods purchased by the Debtors from Trilogy in the future shall be the manufacturers' suggested retail price (the "**Purchase Price**"). The Repaid Note Credit may be applied by the Debtors toward the Purchase Price in satisfaction of up to twenty percent (20%) of any future amounts payable by the Debtors to Trilogy pursuant to a purchase order or otherwise (but excluding future payments under the Note); provided that, to the extent the Repaid Note Credit has not been applied in full on or prior to the date which is the fifth (5th) anniversary of the Final 9019 Order Date (such date, the "**Repaid Note Credit Expiration Date**"), the Repaid Note Credit shall expire on the Repaid Note Credit Expiration Date and no longer be available for application by, or refundable to, the Debtors thereafter.

9.      To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Settlement Agreement.

10.     The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the Trilogy Settlement and carry out the relief granted in this Order.  The Debtors and Trilogy shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the Trilogy Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

6

11.      Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

12.      The Debtors and Trilogy are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.  To the extent that there is any inconsistency between the Term Sheet and this Order or between the Motion and this Order, the provisions of this Order will govern.

13.      The Parties will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Claims, the Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court.

14.      This Order shall be immediately effective and enforceable upon its entry.

15.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July __, 2023
       Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

7

**Exhibit 2**

WEIL:\99252173\1\39031.0014

**Settlement Term Sheet**

This term sheet (this "**Term Sheet**") sets forth the principal terms of a settlement (the "**Settlement**") between Core Scientific, Inc. and its debtor affiliates (collectively, "**Core**" or the "**Debtors**") and Trilogy LLC  ("**Trilogy**"; each of Core and Trilogy is referred to herein, individually, as a "**Party**" and, collectively, as the "**Parties**").

This Term Sheet and the terms set forth herein are binding upon, and inure to the benefit of, the Parties, subject to the approval of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). This Term Sheet does not purport to set forth every term of the Settlement Motion (as defined below) or the 9019 Order (as defined below).

| Term | Description |
|---|---|
| Claims and Liens | Trilogy has asserted pre-petition and post-petition claims (such claims and any other claims that may be asserted, the "**Trilogy Claims**") against the Debtors, including, without limitation, Proofs of Claims Nos. 1, 5 and 7.  Trilogy has filed liens against the Debtors' assets (such liens, the "**Trilogy Liens**"), including, without limitation, mechanics' liens against the Debtors' real property assets at the Debtors' Cedarvale site (the "**Cedarvale Facility**"), the Debtors' Cottonwood site (the "**Cottonwood Facility**") and the Debtors' Denton site (the "**Denton Facility**"). |
| Approval of the Settlement | Debtors to file a motion to approve the Settlement (the "**Settlement Motion**").<br><br>Debtors to obtain entry of a final order reasonably acceptable to Trilogy of the Bankruptcy Court under sections 365(a), and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement (such order, the "**9019 Order**"). The Debtors will request that the 9019 Order shall be effective immediately upon its entry. |
| Release of Trilogy Claims and Trilogy Liens | 9019 Order to provide, among other things, that, (i) within five (5) days following the date on which the 9019 Order becomes final and non-appealable (such date, the "**Final 9019 Order Date**"), (a) Core shall make a cash payment to Trilogy in the amount of $2,750,890, (b) Core shall deliver a duly executed promissory note (the "**Note**") to Trilogy, reasonably acceptable to Trilogy, in the principal amount of $2,926,639, and (c) Trilogy shall deliver to Core final unconditional lien releases in form and substance reasonably acceptable to Core for all work performed at the Facilities and all goods, labor and materials supplied to, for |

| | |
|---|---|
| | or in connection with Core or the Facilities, duly executed by Trilogy; and (ii) immediately on the Final 9019 Order Date, (a) the Trilogy Claims shall be fully and finally paid, satisfied, released and expunged, (b) the Trilogy Liens shall be fully and finally released, extinguished and discharged, (c) all contracts and outstanding purchase orders between Trilogy and the Debtors are terminated and Trilogy shall not have claims for rejection damages based on such termination, and (d) the Parties shall each grant a complete and final release of all claims and covenant not to sue, in each case, in favor of the other Party; provided, that the Parties retain their rights to file and prosecute claims and causes of action related to the enforcement of this Settlement and the Note (discussed below) and nothing herein shall limit such rights. |
| The Note | The Note shall bear interest at the rate of 5% per annum and have a term of 30 months.  The Note shall be payable in equal monthly installments, beginning on the date which is three (3) months after the later to occur of (i) the date on which a plan of reorganization filed by Lessee is confirmed by entry of an order of the United States Bankruptcy Court for the Southern District of Texas and (ii) the Final 9019 Order Date.<br><br>Any amount repaid under the Note shall be made available to Core as a credit (the "**Repaid Note Credit**") immediately upon repayment of such amount, which Repaid Note Credit may be applied toward the purchase from Trilogy of future orders of goods on the terms set forth below.<br><br>In the event the Debtors default under the Note, Trilogy shall have the immediate right (upon such default), to file and prosecute liens on the collateral comprised of the Cottonwood Facility currently securing the Trilogy Claims for the remaining balance of the Note.  Such liens shall constitute new liens and be deemed to have arisen upon the default under the Note and shall not relate back to or be considered a continuation of the liens being released hereunder. |
| Future Orders | Following the entry of the 9019 Order, the maximum purchase price of all goods purchased by Core from Trilogy in the future shall be the manufacturers' suggested retail price (the "**Purchase Price**"). |

| | |
|---|---|
| | The Repaid Note Credit may be applied by Core toward the Purchase Price in satisfaction of up to twenty percent (20%) of any future amounts payable by Core to Trilogy pursuant to a purchase order or otherwise (but excluding future payments under the Note); <u>provided</u> that, to the extent the Repaid Note Credit has not been applied in full on or prior to the date which is the fifth (5th) anniversary of the Final 9019 Order Date (such date, the "**Repaid Note Credit Expiration Date**"), the Repaid Note Credit shall expire on the Repaid Note Credit Expiration Date and no longer be available for application by, or refundable to, Core thereafter. |
| Provision of Goods | As of the Final 9019 Order Date, Trilogy shall have no further interest, if any, in the goods which Core ordered from Trilogy and which have been previously delivered to Core on or prior to December 31, 2022. |
| Attorneys' Fees | Core and Trilogy will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Trilogy Claims, the Trilogy Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court. |
| Closing and Other Customary Terms | Settlement Motion and 9019 Order to include for terms reasonable and customary to settlement agreements in similarly complex chapter 11 cases, with such terms to be negotiated by the Parties. |
| Bankruptcy Court Approval | The Debtors shall file the Settlement Motion with the Bankruptcy Court on or prior to July 31, 2023.<br><br>The Debtors and Trilogy shall act in good faith to implement the Settlement and shall take all actions reasonably necessary to obtain entry of the 9019 Order. |
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties, subject to the approval of the Bankruptcy Court and entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of July 12, 2023.

**TRILOGY LLC**

By: *Sasha Bersiek*
Name:  Sasha Bersiek
Title: VP of Operations

**CORE SCIENTIFIC, INC.**

By: _____
Name:  Adam Sullivan
Title: President

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § | (Jointly Administered) Re: Docket No. 1058 |

CERTIFICATE OF NO OBJECTION REGARDING
DEBTORS' MOTION FOR ORDER APPROVING (I) GLOBAL SETTLEMENT
BETWEEN DEBTORS AND TRILOGY LLC AND (II) GRANTING RELATED RELIEF

1.      On July 14, 2023, Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Debtors' Motion for Order Approving (I) Global Settlement Between Debtors and Trilogy LLC and (II) Granting Related Relief* (Docket No. 1058) (the "**Motion**"),[2] with a proposed order granting the relief requested in the Motion (the "**Initial Proposed Order**"), attached thereto as Exhibit A.  Objections to the Proposed Order were required to be filed and served on or prior to August 14, 2023, (the "**Objection Deadline**").

2.      In accordance with paragraph 44 of the *Procedures for Complex Cases in the Southern District of Texas*, the undersigned counsel files this Certificate of No Objection and represents to the Court that (i) the Objection Deadline has passed, (ii) the undersigned counsel is

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

unaware of any objection to the Motion, and (iii) the undersigned counsel has reviewed the Court's docket and no objection to the Motion appears thereon.

3.      The Debtors received informal comments to the Initial Proposed Order from the counsel to the ad hoc group of the Debtors' convertible noteholders, which comments have been incorporated into a revised form of proposed order, annexed hereto as **<u>Exhibit A</u>** (the "**Revised Proposed Order**").   A redline of the Revised Proposed Order against the Initial Proposed Order is attached hereto as **<u>Exhibit B</u>**.

4.      Therefore, the Debtors respectfully requests entry of the Revised Proposed Order.

Debtors' Exhibit No. 25

Dated: August 15, 2023
      Houston, Texas

                    Respectfully submitted,

                    */s/  Alfredo R. Pérez*
                    WEIL, GOTSHAL & MANGES LLP
                    Alfredo R. Pérez (15776275)
                    Clifford Carlson (24090024)
                    700 Louisiana Street, Suite 1700
                    Houston, Texas 77002
                    Telephone:  (713) 546-5000
                    Facsimile:  (713) 224-9511
                    Email:   Alfredo.Perez@weil.com
                                Clifford.Carlson@weil.com

                    -and-

                    WEIL, GOTSHAL & MANGES LLP
                    Ray C. Schrock (admitted *pro hac vice*)
                    Ronit J. Berkovich (admitted *pro hac vice*)
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone:  (212) 310-8000
                    Facsimile:  (212) 310-8007
                    Email:   Ray.Schrock@weil.com
                                Ronit.Berkovich@weil.com

                    *Attorneys for Debtors*
                    *and Debtors in Possession*

## Certificate of Service

I hereby certify that on August 15, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| CORE SCIENTIFIC, INC., et al., | § | Case No. 22-90341 (DRJ) |
|  | § |  |
|  | § | (Jointly Administered) |
| Debtors.[1] | § |  |
|  | § |  |

ORDER APPROVING (I) GLOBAL SETTLEMENT
BETWEEN DEBTORS AND TRILOGY LLC
AND (II) GRANTING RELATED RELIEF

Upon the motion, dated July 14, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. and

its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), Debtors

request authority for (i) a global settlement between the Debtors and Trilogy LLC ("**Trilogy**") on

the terms set forth in the Motion, and (ii) granting related relief, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.        Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d) and 363 of the Bankruptcy Code, the global settlement by and between the Debtors and Trilogy (the "**Trilogy Settlement**"), on the terms set forth and agreed to in the *Settlement Term Sheet* (the "**Term Sheet**") and herein, is authorized and approved.

2.        The Debtors are authorized to enter into, execute, deliver and implement the terms set forth herein and in the Term Sheet, as agreed to by the Parties.

3.        The Trilogy Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

4.        Debtors' entry into the Trilogy Settlement represents a reasonable exercise of the Debtors' sound business judgment under section 363(b)(1).

5.        Within five (5) calendar days after this Order becomes final and non-appealable (such date, the "**Final 9019 Order Date**"):

(a)        the Debtors shall:

(i)        make a cash payment to Trilogy in the amount of $2,750,890 (the "**Cash Payment**"), and

(ii)        deliver a duly executed promissory note (the "**Note**" and, together with the Cash Payment, collectively, the "**Settlement Payment**") to Trilogy, reasonably acceptable to Trilogy, in the principal amount of $2,926,639; and

(b)      Trilogy shall deliver to the Debtors final unconditional lien releases in form and substance reasonably acceptable to the Debtors for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by Trilogy.

6.      Immediately on the Final 9019 Order Date:

(a)      any Claim (as defined in the Bankruptcy Code) held by Trilogy against the Debtors, including the Trilogy Claims, shall be fully and finally paid, satisfied, released and expunged; provided, that the Parties shall retain their rights to file and prosecute claims and causes of action related to the enforcement of the Trilogy Settlement and the Note;

(b)      the Trilogy Liens shall be fully and finally released, extinguished and forever discharged;

(c)      any and all contracts and outstanding purchase orders between Trilogy and the Debtors, including the Trilogy Contracts, are terminated and Trilogy shall not have claims for rejection damages based on or arising from such termination or otherwise;

(d)      Trilogy shall have no further interest, if any, in the goods which the Debtors ordered from Trilogy and which have been previously delivered to the Debtors on or prior to December 31, 2022;

(e)      the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and Trilogy and its affiliates (each of the Debtor Releasors and Trilogy and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries,

divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released Party**") from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, liens, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have, against any Released Party arising under or related to the Trilogy Claims, the Trilogy Liens, the Trilogy Contracts, or the Facilities, including, for the avoidance of doubt, any preference, fraudulent transfer, or other avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii) each other Releasing Party from any and all other claims or causes of action arising prior to the entry of this Order; and

(f)        other than as set forth herein, Trilogy shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

7.        The Note shall bear interest at the rate of 5% per annum and have a term of 30 months.  The Note shall be payable in equal monthly installments, beginning on the date which is three (3) months after the later to occur of (i) the date on which a plan of reorganization filed by the Debtors is confirmed by entry of an order of the this Court and (ii) the Final 9019 Order Date. Any amount repaid under the Note shall be made available to the Debtors as a credit (the "**Repaid Note Credit**") immediately upon repayment of such amount, which Repaid Note Credit may be

applied toward the purchase from Trilogy of future orders of goods on the terms set forth below. In the event the Debtors default under the Note, Trilogy shall have the immediate right (upon such default), to file and prosecute liens on the collateral comprised of the Cottonwood Facility currently securing the Trilogy Claims (the "Collateral") for the remaining balance of the Note. Such liens shall (i) constitute new liens and be deemed to have arisen upon the default under the Note, (ii) not relate back to or be considered a continuation of the liens being released hereunder and (iii) be junior to the liens of the DIP Lender (as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 608] (the "DIP Order")), the Prepetition Secured Notes Liens (as defined in the DIP Order) to the extent that any such Prepetition Secured Notes Liens encumber the Collateral, and the Noteholder Adequate Protection Liens (as defined in the DIP Order), to the extent provided for in the DIP Order.

8.    The maximum purchase price of all goods purchased by the Debtors from Trilogy in the future shall be the manufacturers' suggested retail price (the "**Purchase Price**"). The Repaid Note Credit may be applied by the Debtors toward the Purchase Price in satisfaction of up to twenty percent (20%) of any future amounts payable by the Debtors to Trilogy pursuant to a purchase order or otherwise (but excluding future payments under the Note); provided that, to the extent the Repaid Note Credit has not been applied in full on or prior to the date which is the fifth (5th) anniversary of the Final 9019 Order Date (such date, the "**Repaid Note Credit Expiration Date**"), the Repaid Note Credit shall expire on the Repaid Note Credit Expiration Date and no longer be available for application by, or refundable to, the Debtors thereafter.

9.      To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Settlement Agreement.

10.     The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the Trilogy Settlement and carry out the relief granted in this Order.  The Debtors and Trilogy shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the Trilogy Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

11.     Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

12.     The Debtors and Trilogy are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.  To the extent that there is any inconsistency between the Term Sheet and this Order, between the Note and this Order, or between the Motion and this Order, the provisions of this Order will govern.

13.     The Parties will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Claims, the Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court.

Debtors' Exhibit No. 25

14.    This Order shall be immediately effective and enforceable upon its entry.

15.    This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.


Dated: August  __, 2023
          Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

Debtors' Exhibit No. 25

**<u>Exhibit B</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC., et al.,** | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

**ORDER APPROVING (I) GLOBAL SETTLEMENT**
**BETWEEN DEBTORS AND TRILOGY LLC**
**AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated July 14, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), Debtors request authority for (i) a global settlement between the Debtors and Trilogy LLC ("**Trilogy**") on the terms set forth in the Motion, and (ii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having been withdrawn, resolved, or overruled; and the Court having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and it

appearing that the relief requested in the Motion is in the best interest of the Debtors and their

respective estates and creditors; and upon all of the proceedings had before the Court and after

due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.       Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d) and 363 of

the Bankruptcy Code, the global settlement by and between the Debtors and Trilogy (the

"**Trilogy Settlement**"), on the terms set forth and agreed to in the *Settlement Term Sheet* (the

"**Term Sheet**") and herein, is authorized and approved.

2.       The Debtors are authorized to enter into, execute, deliver and implement

the terms set forth herein and in the Term Sheet, as agreed to by the Parties.

3.       The Trilogy Settlement is the product of extensive, good faith, arms'

length negotiations between the Parties and their respective representatives.

4.       Debtors' entry into the Trilogy Settlement represents a reasonable exercise

of the Debtors' sound business judgment under section 363(b)(1).

5.       Within five (5) calendar days after this Order becomes final and non-

appealable (such date, the "**Final 9019 Order Date**"):

(a)       the Debtors shall:

(i)       make a cash payment to Trilogy in the amount of
$2,750,890 (the "**Cash Payment**"), and

(ii)       deliver a duly executed promissory note (the "**Note**" and,
together with the Cash Payment, collectively, the "**Settlement Payment**") to Trilogy, reasonably
acceptable to Trilogy, in the principal amount of $2,926,639; and

(b)      Trilogy shall deliver to the Debtors final unconditional lien releases in form and substance reasonably acceptable to the Debtors for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by Trilogy.

6.      Immediately on the Final 9019 Order Date:

(a)      any Claim (as defined in the Bankruptcy Code) held by Trilogy against the Debtors, including the Trilogy Claims, shall be fully and finally paid, satisfied, released and expunged; provided, that the Parties shall retain their rights to file and prosecute claims and causes of action related to the enforcement of the Trilogy Settlement and the Note;

(b)      the Trilogy Liens shall be fully and finally released, extinguished and forever discharged;

(c)      any and all contracts and outstanding purchase orders between Trilogy and the Debtors, including the Trilogy Contracts, are terminated and Trilogy shall not have claims for rejection damages based on or arising from such termination or otherwise;

(d)      Trilogy shall have no further interest, if any, in the goods which the Debtors ordered from Trilogy and which have been previously delivered to the Debtors on or prior to December 31, 2022;

(e)      the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and Trilogy and its affiliates (each of the Debtor Releasors and Trilogy and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees,

subsidiaries, divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal

representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released**

**Party**") from all manners of action, causes of action, judgments, executions, debts, demands,

rights, damages, costs, expenses, liens, and claims of every kind, nature, and character

whatsoever, whether in law or in equity, whether based on contract (including, without

limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation,

intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty,

recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or

unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such

releasing Party ever had or claimed to have or now has or claims to have, against any Released

Party arising under or related to the Trilogy Claims, the Trilogy Liens, the Trilogy Contracts, or

the Facilities, including, for the avoidance of doubt, any preference, fraudulent transfer, or other

avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii)

each other Releasing Party from any and all other claims or causes of action arising prior to the

entry of this Order; and

       (f)      other than as set forth herein, Trilogy shall not be entitled to

receive any other recovery in connection with any claims it has, or could have, asserted in

connection with these chapter 11 cases or otherwise.

       7.      The Note shall bear interest at the rate of 5% per annum and have a term

of 30 months.  The Note shall be payable in equal monthly installments, beginning on the date

which is three (3) months after the later to occur of (i) the date on which a plan of reorganization

filed by the Debtors is confirmed by entry of an order of the this Court and (ii) the Final 9019

Order Date.  Any amount repaid under the Note shall be made available to the Debtors as a credit

(the "**Repaid Note Credit**") immediately upon repayment of such amount, which Repaid Note Credit may be applied toward the purchase from Trilogy of future orders of goods on the terms set forth below.   In the event the Debtors default under the Note, Trilogy shall have the immediate right (upon such default), to file and prosecute liens on the collateral comprised of the Cottonwood Facility currently securing the Trilogy Claims (the "Collateral") for the remaining balance of the Note. Such liens shall (i) constitute new liens and be deemed to have arisen upon the default under the Note and shall, (ii) not relate back to or be considered a continuation of the liens being released hereunder. and (iii) be junior to the liens of the DIP Lender (as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Non-Priming Superpriority Replacement Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 608] (the "DIP Order")), the Prepetition Secured Notes Liens (as defined in the DIP Order) to the extent that any such Prepetition Secured Notes Liens encumber the Collateral, and the Noteholder Adequate Protection Liens (as defined in the DIP Order), to the extent provided for in the DIP Order.

8.    The maximum purchase price of all goods purchased by the Debtors from Trilogy in the future shall be the manufacturers' suggested retail price (the "**Purchase Price**"). The Repaid Note Credit may be applied by the Debtors toward the Purchase Price in satisfaction of up to twenty percent (20%) of any future amounts payable by the Debtors to Trilogy pursuant to a purchase order or otherwise (but excluding future payments under the Note); provided that, to the extent the Repaid Note Credit has not been applied in full on or prior to the date which is the fifth (5th) anniversary of the Final 9019 Order Date (such date, the "**Repaid Note Credit**

Debtors' Exhibit No. 25
Page 40 of 42

**Expiration Date**"), the Repaid Note Credit shall expire on the Repaid Note Credit Expiration Date and no longer be available for application by, or refundable to, the Debtors thereafter.

9.      To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Settlement Agreement.

10.      The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the Trilogy Settlement and carry out the relief granted in this Order.  The Debtors and Trilogy shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the Trilogy Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

11.      Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

12.      The Debtors and Trilogy are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.  To the extent that there is any inconsistency between the Term Sheet and this Order, between the Note and this Order, or between the Motion and this Order, the provisions of this Order will govern.

Debtors' Exhibit No. 25

13.     The Parties will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Claims, the Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court.

14.     This Order shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: ~~July~~August   __, 2023
Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

7