United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 16, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[2] | § | |
| | § | (Docket No. 1057) |

## ORDER APPROVING (I) GLOBAL SETTLEMENT BETWEEN DEBTORS AND CONDAIR INC. AND (II) GRANTING RELATED RELIEF

Upon the motion, dated July 14, 2023 (the "**Motion**"),[3] of Core Scientific, Inc. and

its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), Debtors

request authority for (i) a global settlement between the Debtors and Condair Inc. ("**Condair**") on

the terms set forth in the Motion, and (ii) granting related relief, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved,

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors' Exhibit No. 26

or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.    Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d) and 363 of the Bankruptcy Code, the global settlement by and between the Debtors and Condair (the "**Condair Settlement**"), on the terms set forth and agreed to in the *Settlement Term Sheet* (the "**Term Sheet**") and herein, is authorized and approved.

2.    The Debtors are authorized to enter into, execute, deliver, and implement the terms set forth herein and in the Term Sheet, as agreed to by the Parties.

3.    The Condair Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

4.    The Debtors shall have no further interest, if any, in the goods described in Annex A to this Order, to the extent such goods are in Condair's possession.

5.     Within five (5) calendar days after the entry of this Order, the Debtors shall pay Condair $2,400,000 (the "**Settlement Payment**") in cash by wire transfer pursuant to instructions to be provided by Condair.

6.    Upon Condair's receipt of the Settlement Payment in immediately available funds:

Debtors' Exhibit No. 26
Page 2 of 5

(a)     any Claim (as defined in the Bankruptcy Code) held by Conair against the Debtors, including the Condair Claims, including but not limited to that certain Proof of Claim No. 430, shall be fully and finally paid, satisfied, released, and expunged;

(b)     Condair shall deliver to the Debtors (i) final lien waivers (which lien waivers shall be unconditional) in form and substance reasonably acceptable to the Debtors for all work performed at the Facilities and all goods, labor and materials supplied to, for or in connection with the Debtors or the Facilities, duly executed by Condair;

(c)     the the Condair Liens shall be fully and finally released, extinguished and discharged;

(d)     any and all contracts and outstanding purchase orders between Condair and the Debtors, including, without limitation, the Condair Contracts, are terminated, and Condair releases and shall not have any claims for rejection damages based on termination or otherwise; and

(e)     the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and Condair and its affiliates (each of the Debtor Releasors and Condair and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby completely and finally releases, discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released Party**") from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, liens, and claims of every kind, nature, and character whatsoever,

whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have, against any Released Party arising under or related to the Condair Claims, the Condair Liens, the Condair Contracts, or the Facilities, including, for the avoidance of doubt, any preference, fraudulent transfer, or other avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii) each other Releasing Party from any and all other claims or causes of action arising prior to the entry of this Order; and

(f)     other than as set forth herein, Condair shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

7.     To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for purposes of implementing the Settlement Agreement.

8.     The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the Condair Settlement and carry out the relief granted in this Order.  The Debtors and Condair shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the Condair Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

Debtors' Exhibit No. 26

9.      Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

10.     The Debtors and Condair are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.  To the extent that there is any inconsistency between the Term Sheet and this Order or between the Motion and this Order, the provisions of this Order will govern.

11.     The Parties will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Claims, the Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court.

12.     This Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  August 16, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**