IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| Debtors[1] | § § § | (Jointly Administered) |

NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE CELSIUS
SETTLEMENT AND THE PROPOSED CURE COSTS WITH RESPECT THERETO

On September 15, 2023, Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**") and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a motion (the "**Motion**")[2] seeking, among other things, entry of an order (i) authorizing and approving (a) a global settlement between the Debtors and Celsius Mining LLC and certain of its affiliates (collectively, "**Celsius**", and such settlement the "**Celsius Settlement**"), (b) the sale of the Cedarvale Facility and related assets pursuant to that certain Purchase and Sale Agreement, dated as September 14, 2023, by and between Core and Celsius (the "**PSA**"), (c) in accordance with the terms of the PSA, the grant by the Debtors to Celsius of a perpetual, non-transferable (except as described in Section 14 of the PSA), non-exclusive limited license to use certain of the Debtors' intellectual property in connection with Celsius' use of the Debtors' materials identified in Exhibit K to the PSA, (d) assumption and assignment of certain executory contracts and unexpired leases to Celsius identified in Exhibit B to the PSA, as may be modified or amended (collectively, the "**Transferred Contracts**") and (ii) granting related relief pursuant to sections 363(b), 365(a), and 105(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9013 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisition I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the PSA.

**You are receiving this Notice because you may be a counterparty to an executory contract or unexpired lease that potentially could be assumed and assigned in connection with the Celsius Settlement.**

## Cure Costs

In accordance with the Motion, the Debtors are, in connection with the Celsius Settlement, seeking to assume and assign the Transferred Contracts to Celsius.

The Transferred Contracts that may be assumed or assigned in connection with the Celsius Settlement that are relevant to you and the Debtors' good faith calculation of the Cure Costs with respect thereto are set forth on **Schedule A** hereto.

The inclusion of any Transferred Contracts identified on Exhibit B of the PSA does not require or guarantee that such Transferred Contract ultimately will be assumed or assigned. The assumption or assignment of a Transferred Contract is subject to Bankruptcy Court approval. All rights of the Debtors and Celsius with respect thereto are reserved.

## Cure or Adequate Assurance Objections

Any objection to the proposed assumption, assumption and assignment, or potential designation of a Transferred Contract identified on Exhibit B of the PSA, the subject of which objection is the Debtors' proposed Cure Costs or the provision of adequate assurance of future performance by Celsius (a "**Contract Objection**") or any other grounds, must (i) identify the applicable Transferred Contracts; (ii) state, with specificity, the legal and factual bases for the objection, including the cure amount the counterparty believes is required to cure defaults under the relevant Transferred Contract; and (iii) include any appropriate documentation in support thereof, and must be filed with the Bankruptcy Court and served on counsel for the Debtors (detailed on the signature page hereto) and counsel for Celsius (Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654, Attn: Patrick J. Nash, P.C (patrick.nash@kirkland.com), Ross M. Kwasteniet, P.C. (ross.kwasteniet@kirkland.com), Steve Toth (steve.toth@kirkland.com), and Christopher S. Koenig (chris.koenig@kirkland.com) (collectively, the "**Objection Recipients**") by no later than **SUNDAY, OCTOBER 1, 2023 at 3:00 p.m. (prevailing Central Time**) (the "**Contract Objection Deadline**").

If a timely Contract Objection is not resolved by the parties 24 hours following the Contract Objection Deadline, the Debtors will request that the Bankruptcy Court set a hearing (the "**Hearing**") as soon as possible thereafter to consider the Motion and any pending Contract Objections or other objections, and the amount to be paid or reserved with respect to such objection shall be determined by the Bankruptcy Court at the Hearing; provided that the parties first shall use commercially reasonable, good faith efforts to resolve such objection without further Bankruptcy Court intervention.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION RECIPIENTS A TIMELY CONTRACT OBJECTION, THE COUNTERPARTY SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF THE TRANSFERRED CONTRACTS TO CELSIUS, NOTWITHSTANDING ANY ANTI-ALIENATION PROVISION OR OTHER**

RESTRICTION ON ASSUMPTION OR ASSIGNMNET IN THE TRANSFERRED CONTRACTS, AND SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY CELSIUS OR THE COST TO CURE ANY DEFAULTS UNDER THE APPLICABLE TRANSFERRED CONTRACTS AND ANY PROOF OF CLAIM ASSERTING A CLAIM FOR SUCH AMOUNT SHALL BE EXPUNGED WITHOUT FURTHER ORDER OF THE BANKRUPTCY COURT. THE CURE COSTS SET FORTH IN THE ASSUMPTION AND ASSUMPTION NOTICE SHALL BE CONTROLLING AND WILL BE THE ONLY AMOUNT NECESSARY TO CURE OUTSTANDING DEFAULTS UNDER THE APPLICABLE TRANSFERRED CONTRACT UNDER SECTION 365(B) OF THE BANKRUPTCY CODE, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE TRANSFERRED CONTRACTS, OR ANY OTHER DOCUMENT, AND THE COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY ADDITIONAL CURE OR OTHER AMOUNTS WITH RESPECT TO SUCH TRANSFERRED CONTRACTS THROUGH THE DATE OF ASSUMPTION AND ASSIGNMENT, WHETHER IN A PROOF OF CLAIM OR OTHERWISE AGAINST THE DEBTORS, OR THEIR PROPERTY.

### Additional Information

Copies of the Motion, including the PSA and the Proposed Order, may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent, Stretto, Inc., located at https://cases.stretto.com/corescientific/.

Dated: September 15, 2023
       Houston, Texas

                Respectfully submitted,

                */s/ Alfredo R. Pérez*
                WEIL, GOTSHAL & MANGES LLP
                Alfredo R. Pérez (15776275)
                Clifford W. Carlson (24090024)
                700 Louisiana Street, Suite 1700
                Houston, Texas  77002
                Telephone: (713) 546-5000
                Facsimile:  (713) 224-9511
                Email:  Alfredo.Perez@weil.com
                          Clifford.Carlson@weil.com

                -and-

                WEIL, GOTSHAL & MANGES LLP
                Ray C. Schrock (admitted *pro hac vice*)
                Ronit J. Berkovich (admitted *pro hac vice*)
                767 Fifth Avenue
                New York, New York  10153
                Telephone:  (212) 310-8000
                Facsimile:   (212) 310-8007
                Email:  Ray.Schrock@weil.com
                          Ronit.Berkovich@weil.com

                *Attorneys for Debtors*
                *and Debtors in Possession*

## Schedule A

### Schedule of Proposed Cure Amounts for the Transferred Contracts

| | Debtor | Creditor | Creditor Contact Information | Contract Description | Contract Type | Cure Balance |
|---|---|---|---|---|---|---|
| 1 | Core Scientific, Inc. | Texas New Mexico Power Company | Jonathan Lozano<br>Texas New-Mexico Power Company<br>1126 Stafford Blvd<br>P.O. Drawer 1960<br>Pecos, Texas 79772 | Transmission/Substation Facility Extension Agreement, dated 8/20/2021 | Construction Infrastructure for Electricity Distribution Agreement | $0 |
| 2 | Core Scientific, Inc. | Texas New Mexico Power Company | Jonathan Lozano<br>Texas New-Mexico Power Company<br>1126 Stafford Blvd<br>P.O. Drawer 1960<br>Pecos, Texas 79772 | Electric Facilities Extension Agreement, dated 8/20/2021 | Electric Facilities Agreement | $0 |
| 3 | Core Scientific, Inc. | Resound Networks LLC | PO Box 1741<br>Pampa, Texas 79066 | Business Service Provider Agreement, dated 9/16/2022 | Internet Services Agreement | $0 |
| 4 | Core Scientific, Inc. | Windstream | PO Box 9001908<br>Louisville, Kentucky 40290-1908 | Kinetic Business by Windstream Service Terms and Conditions and Amendment to Windstream Agreement, dated 11/4/2021 | Internet Services Agreement | $0 |

WEIL:\99268890\3\39031.0011