United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 02, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.**, *et al.,* | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Docket No. 1210** |

**ORDER APPROVING AND AUTHORIZING IMPLEMENTATION OF
SUPPLEMENTAL NON-INSIDER KEY EMPLOYEE RETENTION PLAN**

Upon the motion, dated September 9, 2023 (the "**Motion**"),[2] of Core Scientific, Inc.

and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**"), for entry of an order approving and authorizing

implementation of the Debtors' supplemental non-insider key employee retention plan

(the "**Supplemental KERP**") pursuant to sections 105(a), 363, and 503(c) of title 11 of the United

States Code (the "**Bankruptcy Code**"), as more fully set forth in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334;

and consideration of the Motion and the requested relief being a core proceeding pursuant to

28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and

it appearing that no other or further notice need be provided; and the Court having reviewed the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion; and the Court having held a hearing on the Motion; and upon the Bros Declaration; and the Court having held a hearing on the Motion; and upon the record of the hearing and upon all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates and is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Debtors are authorized, but not directed, to implement the Supplemental KERP as set forth in the Motion.

2.      Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's respective rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

3.      Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

4.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

5.      The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  October 02, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**