IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

### [PROPOSED] ORDER SUSTAINING THE DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 34 FILED BY OKLAHOMA GAS AND ELECTRIC COMPANY

Upon the objection, dated October 17, 2023 (the "**Objection**"),[2] of Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**") and its debtor affiliates, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), seeking entry of an order (this "**Order**") disallowing Proof of Claim No. 34 filed by Oklahoma Gas and Electric Company ("**OGE**") and granting related relief, all as more fully set forth in the Objection; and pursuant to sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Objection and the relief requested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] All capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to such terms in the Objection.

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their respective estates and creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Proof of Claim No. 34 filed by OGE is disallowed.

2. Stretto, Inc., as claims, noticing and solicitation agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

4. The Debtors are authorized to take all steps necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:
Houston, Texas

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE