UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| CORE SCIENTIFIC, INC., *et al,* | ) | Case No. 22-90341 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## HARLIN DEAN'S RESPONSE TO DEBTORS' OBJECTION
## TO PROOF OF CLAIM NOS. 364 AND 383

Harlin Dean hereby files this *Response to Debtors' Objection to Proof of Claim Nos. 364 and 383* (the "Core Objection") filed by Core Scientific Operating Company f/k/a Core Scientific Inc. and its debtor affiliates (collectively, "Core") as follows:

### I.     Preliminary Statement

1. Mr. Dean admits that he formerly held the title of Chief Legal Officer of Core Scientific Acquired Mining LLC, a subsidiary of Core, and that he seeks to recover approximately $8,000,000 in executive compensation. Mr. Dean admits he was awarded certain shares of restricted stock and stock options under equity grants by Blockcap, Inc. ("Blockcap"), a company that merged with Core's predecessor. Otherwise, Mr. Dean denies the allegations of this paragraph.

2. Denied, except to admit the existence of a lock-up restricting the sale of shares of Core's Class A Common Stock which expired on March 10, 2022.

### II.     Relief Requested

3. No response is required to the allegations in paragraph 3. To the extent a response is required, Mr. Dean denies same and that Core is entitled to the relief requested therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

### III. Jurisdiction and Venue

4. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Mr. Dean respectfully refers the Court to the cited statutes for a full and fair statement of their terms and otherwise denies the allegations of this paragraph. Mr. Dean does not contest this Court's jurisdiction over the Objection to Claims.

### IV. Background

5. Admitted except for the date referenced as Mr. Dean's starting date with Blockcap, which Mr. Dean cannot recall at this time.

6. Admitted, except Mr. Dean denies that the fourth sentence of this paragraph accurately describes all of the vesting provisions set forth in the Award Agreement dated June 1, 2021.

7. Admitted.

8. Mr. Dean denies that Core Scientific, Inc. first went public on January 20, 2022, and admits the remainder of this paragraph.

9. Mr. Dean admits the first sentence of this paragraph and denies the remainder of this paragraph.

10. Mr. Dean admits to the allegations in the first sentence of this paragraph that Blockcap's name changed to Core Scientific Acquired Mining LLC on January 20, 2022 and that that entity was a subsidiary of Core. Mr. Dean otherwise denies the allegations in the first sentence of this paragraph. Mr. Dean denies the allegations in the second sentence of this paragraph. The third sentence of this paragraph includes Core's characterization of certain provisions in Mr. Dean's Resignation Letter. To the extent a response to this characterization is deemed required, the Court is respectfully referred to the Resignation Letter for a full and fair statement of its terms and otherwise admits that his resignation was for "Good Reason" and denies the remaining allegations in the third sentence of this paragraph. The allegations in the last sentence of this paragraph are denied.

11. Mr. Dean respectfully refers the Court to the cited provision of the Employment Agreement for a full and fair statement of its terms, and otherwise denies the allegations of this paragraph.

12. Denied.

13. This paragraph consists of Core's characterization of the effect of certain provisions of the June 1, 2021 Award Agreement. To the extent that response is deemed required, the Court is

respectfully referred to the cited provision of the June 1, 2021 Award Agreement for a full and fair statement of its terms.  Mr. Dean otherwise denies the allegations of this paragraph.

14. This paragraph consists of Core's characterization of Section 8(d)(i) of the Employment Agreement.  To the extent that response is required, the Court is respectfully referred to the cited provision of the Employment Agreement for a full and fair statement of its terms. Mr. Dean otherwise denies the allegations of this paragraph.

15. This paragraph consists of Core's characterization of Section 8(d)(i) of the Employment Agreement.  To the extent that response is deemed required, the Court is respectfully referred to the cited provision of the Employment Agreement for a full and fair statement of its terms.  Mr. Dean otherwise admits this paragraph.

16. Mr. Dean denies Core's characterization of the document.  The document speaks for itself and the Court is respectfully referred to the cited provision of the Employment Agreement for a full and fair statement of its terms.  Mr. Dean otherwise denies the allegations of this paragraph.

17. The Court is respectfully referred to the cited provision in Section 8(h) of the Employment Agreement for a full and fair statement of its terms. Mr. Dean otherwise admits this paragraph.

18. Denied, except to admit the existence of a lock-up restricting the sale of shares of Core's Class A Common Stock which expired on March 10, 2022.

19. Mr. Dean admits that Core filed an S-8 Registration Statement with the Securities and Exchange Commission and is without sufficient information and belief as to the remainder of the allegations, and therefore denies same.

20. Admitted.

21. Admitted.

22. Paragraph 22 contains purely legal argument for which no response is required.

23. Denied.

24. Mr. Dean denies that paragraph 24 accurately sets forth the premise of his claims.

25. Denied.

26. Mr. Dean admits that Core did not reduce his salary, change his title or relocate his place of employment. The remainder of the allegations are denied.

27. Denied.

28. No response is required to paragraph 28.  To the extent a response is required, Mr.

Dean denies same except that he admits Core did not terminate him prior to him submitting his resignation letter.

29. No response is required to paragraph 29. To the extent a response is required, Mr. Dean denies that it accurately sets forth the bases for his claim.

30. Denied

31. Denied, except to admit the existence of a lock-up restricting the sale of shares of Core's Class A Common Stock which expired on March 10, 2022.

32. Denied.

33. Mr. Dean admits the April 20, 2022 trading price of Core's stock was $7.18 as stated in the first sentence of this paragraph and otherwise denies the allegations in the first and second sentence of this paragraph. The third and fourth sentences of this paragraph consist of hypothetical factual conclusions to which no response is required. To the extent a response is deemed required, Mr. Dean denies the allegations in the third and fourth sentences of this paragraph.

34. Denied.

35. Mr. Dean admits to the first sentence in this paragraph. The remainder of this paragraph contains legal conclusions, to which no response is required. To the extent that a response is deemed required, this paragraph, other than the first sentence, is denied.

36. Mr. Dean admits to the first and third sentence in this paragraph. The second sentence of this paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, the second sentence of this paragraph is denied. The allegations of the remainder of this paragraph are denied.

37. Denied.

38. The first sentence of this paragraph is denied. The second sentence of this paragraph consists of legal conclusions, to which no response if required. To the extent that that a response is deemed required, the allegations of the second sentence of this paragraph are denied.

39. The first sentence of this paragraph consists of Core's characterization of certain provisions of the Employment Agreement. To the extent that response is required, the Court is respectfully referred to the cited provisions of the Employment Agreement for a full and fair statement of its terms, and otherwise denies the allegations of this paragraph. The second sentence of this paragraph consists of legal conclusions, to which no response if required. To the extent that that a response is required, the allegations of the second sentence of this paragraph are denied.

40. Denied.

41. This paragraph consists of legal conclusions, to which no response if required. To the extent that that a response is deemed required, the allegations of this paragraph are denied.

42. This paragraph consists of legal conclusions, to which no response if required. To the extent that that a response is deemed required, the allegations of this paragraph are denied.

43. This paragraph consists of Core's characterization of certain provisions of Mr. Dean's Proof of Claims Nos. 364 and 383. To the extent that response is deemed required, the Court is respectfully referred to the cited provisions of the of Proof of Claims Nos. 364 and 383 for a full and fair statement of its terms, and otherwise admits this paragraph.

44. This paragraph consists of legal conclusions, to which no response if required. To the extent that that a response is required, the allegations of this paragraph are denied.

45. No response is required to the allegations in paragraph 45. To the extent a response is required, Mr. Dean denies same.

46. No response is required to the allegations in paragraph 46. To the extent a response is required, Mr. Dean denies same.

47. No response is required to the allegations in paragraph 47. To the extent a response is required, Mr. Dean denies same.

48. No response is required to a reservation of rights. To the extent a response is required, Mr. Dean denies same and that Core is entitled to the relief requested therein.

49. No response is required to paragraph 49.

Wherefore, having answered, Mr. Dean respectfully requests that the Court enter an Order overruling the Objections to Claims, and allowing his claims in the amount of $7,638,779.71 as of the petition date, as well as all further relief, general or special, at law or in equity, to which Mr. Dean may be rightfully entitled.

Respectfully submitted,

*/s/ Hudson M. Jobe*
HUDSON M. JOBE
State Bar No. 24041189
GREGORY M. SUDBURY
State Bar No. 24033367
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan St., Suite 1800

Dallas, TX 75201
(214) 871-2100
(214) 871-2111 (FAX)
hjobe@qslwm.com
gsudbury@qslwm.com

**ATTORNEYS FOR HARLIN DEAN**

**CERTIFICATE OF CONFERENCE**

On October 18, 2023, I conferred with counsel for the Debtors (Ted Tsekerides) regarding the subject claims. The parties were unable to resolve the disagreement over the allowance of the claims.

*/s/ Gregory M. Sudbury*
Gregory M. Sudbury

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Hudson M. Jobe*
Hudson M. Jobe