# Harlin Dean

**From:** Harlin Dean
**Sent:** Tuesday, February 15, 2022 5:47 PM
**To:** kbuckett@corescientific.com; spuri@corescientific.com
**Subject:** Termination of Employment

Kyle and Sangeeta,

I am writing to follow up on our telephone conversation yesterday. It is my understanding that the Company rejected my resignation for good reason and terminated my employment effective yesterday. However, you did not provide any reason for rejecting my resignation, nor did you provide any reason for my termination other than alleging that I "breached my fiduciary obligations by talking to employees and advising them against the Company." You did not provide any other information. This allegation is completely untrue. I have not given any advice to any employee against the Company.

In addition, the Company has not met the requirements under my employment agreement to qualify the purported termination as a termination for "Cause". Pursuant to Section 8(a) of my employment agreement, "Cause" is defined as either:

1. Executive's conviction of or plea of guilty to a charge of theft, embezzlement, or fraud related to Executive's employment with the Company; or
2. Executive's willful, knowing and unauthorized violation of Section 11 hereof, not cured by Executive following 30 days written notice actually delivered to and received by Executive by the Company which (i) specifically describes the conduct or omission of Executive that must be cured and (ii) is accompanied by substantiating evidence of the alleged violation.

I have not been convicted nor have I plead guilty to any charge of theft, embezzlement or fraud. I have not violated any provision of Section 11 (which sets forth restrictive covenants related to non-competition and non-solicitation of employees or customers). Further, prior to my termination, the Company did not provide written notice alleging any breach of Section 11 and specifically describing the alleged misconduct with substantiating evidence. As a result, I was not provided an opportunity to respond to any such allegation and, if valid, to cure any alleged misconduct within 30 days. As a result, my termination by the Company can only be <u>without</u> Cause, thus entitling me to the same Severance Pay I am entitled to upon my resignation for good reason under the provisions of Section 8(h) of my employment agreement.

My access to email and the Company servers was terminated yesterday, the call we had scheduled yesterday to discuss tax withholding on my Severance Pay was canceled, and I have received no further communications from the Company. I am requesting that the Company re-engage with me to complete the necessary steps for execution of the mutual release specified in my employment agreement and delivery of my Severance Pay, all as described in my email of February 10, 2022. I am available at your convenience and can also be in the office the morning of February 22, 2022, to return my laptop and finalize the necessary documentation.

As I mentioned yesterday, I do not understand why we are in this situation. I have been discussing my departure from the Company with Todd DuChene since shortly after the Core/Blockcap transaction and I also discussed it with Mike Levitt. Both acknowledged my right to resign for good reason and receive the Severance Pay under my employment agreement. I have not done, and would not do, anything to change their position. As I'm sure you can imagine, this matter is of the utmost importance to me and I urge you to respond so that we can timely process my termination pursuant to the terms of my employment agreement.

Thank you and best regards,
Harlin