**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**EMERGENCY ORDER APPROVING
AMENDMENT OF PURCHASE AND SALE AGREEMENT**

Upon the Motion, dated October 29, 2023 (the "**Motion**"),[2] of Core Scientific,

Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in

possession (collectively, the "**Debtors**"), pursuant to sections 105(a) of the Bankruptcy Code,

Bankruptcy Rules 2002, and the Settlement and Sale Order (Docket No. 1292), for an order

approving the amendment attached hereto as **Exhibit 1** (the "**PSA Amendment**") to the PSA that

was previously approved by this Court under the Settlement and Sale Order, all as more fully set

forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing

that venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been provided, and such notice having been adequate and appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS FOUND AND DETERMINED THAT:[3]**

A.      The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334.  Consideration of the Motion and the requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The notice given by the Debtors of the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable Local Rules, and no other or further notice is necessary.

C.      The PSA Amendment is immaterial and not adverse to the Debtors or their estates.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.      The Debtors are authorized, pursuant to section 105(a) of the Bankruptcy Code and the Settlement and Sale Order, to enter into the PSA Amendment, to fully perform all of their obligations under the PSA, as amended by the PSA Amendment, and to implement any actions contemplated thereby and to take any and all actions reasonably necessary or appropriate to perform all obligations provided for in the PSA, as amended by the PSA Amendment.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Rule 7052 of the Bankruptcy Rules.

2.     The PSA Amendment and the terms and provisions included therein are approved in their entirety.  The failure to describe specifically or include any particular provision of the PSA, the Transaction Documents, the PSA Amendment, or related documents in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the PSA Amendment be approved in its entirety.

3.     All references in the Settlement and Sale Order to the PSA shall be deemed to be references to the PSA, as amended by the PSA Amendment.

4.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

5.     This Order shall be immediately effective and enforceable upon its entry.

6.     This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2023
        Houston, Texas

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**PSA Amendment**

**FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT**

This FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT (this "**Amendment**"), dated as of October 28, 2023, by and by and between CORE SCIENTIFIC OPERATING COMPANY, a Delaware corporation (f/k/a Core Scientific, Inc.) ("**Seller**"), and CELSIUS MINING LLC, a Delaware limited liability company ("**Purchaser**" and, together with Seller, the "**Parties**").

## W I T N E S S E T H:

**WHEREAS**, Purchaser and Seller are party to that certain Purchase and Sale Agreement, dated as of September 14, 2023 (the "**PSA**"); and

**WHEREAS**, Purchaser and Seller desire to amend the PSA on the terms set forth herein.

**NOW, THEREFORE**, in consideration of the covenants contained herein and other good and valuable consideration, the receipt and adequacy of which are hereby mutually acknowledged, the Parties agree as follows:

1.  <u>Capitalized Terms</u>. Capitalized terms used in this Amendment and not defined herein shall have the meaning ascribed to such terms in the PSA.

2.  <u>Amendment of the PSA</u>. The PSA is hereby amended as follows:

    a.  Exhibit A attached to the PSA is hereby deleted and replaced in its entirety with <u>Exhibit A</u> attached hereto.

    b.  Exhibit A attached to the form of the Deed attached as Exhibit E to the PSA is hereby deleted and replaced in its entirety with <u>Exhibit A</u> attached hereto.

3.  <u>Closing Date</u>.  The Parties agree that the Closing shall be scheduled to occur by 5:00 PM New York Time on Tuesday, October 31, 2023.

4.  <u>Binding Effect; Successors and Assigns</u>.  The provisions of the PSA, as amended by this Amendment, shall be binding upon and inure to the benefit of the Parties and their respective successors and permitted assigns.

5.  <u>No Modification</u>.  Except as modified by this Amendment, all of the terms, covenants, conditions and provisions of the PSA shall remain and continue unmodified, in full force and effect.

6.  <u>Amendments</u>.  This Amendment may not be changed or terminated orally, but only by an agreement in writing signed by the Party against whom enforcement of any change or termination is sought.

7.      <u>Conflicts</u>.  In the event of a conflict or inconsistency between this Amendment and the PSA, the terms hereof shall supersede and govern.

8.      <u>Severability</u>.  The provisions of this Amendment are severable, and if any one clause or provision hereof or part thereof shall be held invalid or unenforceable in whole or in part, then such invalidity or unenforceability shall affect only such clause or provision, or part thereof, and not any other clause or provision of this Amendment.

9.      <u>Headings</u>. The headings of the sections and paragraphs of this Amendment are inserted for convenience only and shall not be deemed to constitute part of this Amendment or to affect the construction hereof.

10.     <u>Counterparts</u>. This Amendment may be executed and delivered (including by portable document format (PDF)) in one or more counterparts, each of which, when executed, shall be deemed to be an original, and all of which taken together shall constitute one and the same agreement, with the same effect as if the signatures thereto and hereto were upon the same instrument.

11.     <u>Governing Law</u>. This Amendment shall be governed by, and construed in accordance with, the laws of the State of Texas.

[THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK]

WEIL:\99375028\5\39031.0014

IN WITNESS WHEREOF, this Amendment has been duly executed by the parties hereto as of the day and year first above written.

**SELLER**:

**CORE SCIENTIFIC OPERATING COMPANY**, a Delaware corporation (f/k/a Core Scientific, Inc.)

By: _____
Name:  Todd DuChene
Its:  Chief Legal Officer

*[Signatures continue on the following page]*

[Signature Page to First Amendment to Purchase and Sale Agreement]

**PURCHASER**:

**CELSIUS MINING LLC**, a Delaware
limited liability company


By: _Chris Ferraro_____
Name: Chris Ferraro
Its:    Authorized Signatory

[Signature Page to First Amendment to Purchase and Sale Agreement]

## EXHIBIT A

## LEGAL DESCRIPTION OF PROPERTY

TRACT ONE:
Being the surface only of a 43.41 acre, more or less, tract of land out of Section 229, Block 34, H & TC RR CO.  Survey, A292, Ward County, Texas, more particularly described by metes and bounds as follows:

BEGINNING at a 1/2" capped iron rod stamped "TRANSGLOBAL SERVICES" set for the Southeast corner of said 43.41 acre tract, from said corner a 1/2" capped iron rod found for the Southeast corner of said Section 229 bears S 07° 25' 59" W, a distance of 2359.13 feet (TIE). Said set 1/2" capped iron rod stamped "TRANSGLOBAL SERVICES" being called THE POINT OF BEGINNING and having a Texas Coordinate System of 1983, Central Zone (4203), State Plane Coordinate of N: 10528546.63, E: 1326591.79 feet, for reference.

THENCE N 59° 29' 33" W, a distance of 567.34 feet to a 1/2" capped iron rod stamped "TRANSGLOBAL SERVICES" set for the Southwest corner of said 43.41 acre tract from which a found 1" iron rod bears S 42° 12' 20" W, a distance of 1840.32 feet (TIE).

THENCE N 42° 42' 20" E, a distance of 3483.15 feet to a 1/2" capped iron rod stamped "TRANSGLOBAL SERVICES" set for the Northwest corner of said 43.41 acre tract, from which a found 60D nail bears S 30° 18' 49" E, a distance of 70.14 feet (TIE).

THENCE S 47° 19' 55" E, a distance of 550.09 feet to a 1/2" capped iron rod stamped "TRANSGLOBAL SERVICES" set for the Northeast corner of said 43.41 acre tract, from which a monument found for the Northeast corner of said Section 229 bears S 47° 19' 55" E, a distance of 1443.13 feet (TIE).

THENCE S 42° 37' 48" W, a distance of 3363.64 feet to the POINT OF BEGINNING, containing 43.41 acres or 1,890,906 square feet of land, more or less.


TRACT TWO:
Being the surface only of a 42.46 acre, more or less, tract of land out of Section 229, Block 34, H & TC RR CO.  Survey, A292, Ward County, Texas, more particularly described by metes and bounds as follows:

BEING A 42.46 ACRE TRACT OF LAND SITUATED IN SECTION 229, BLOCK 34, H. & T.C. RR. CO.  SURVEY, ABSTRACT NO.  292, WARD COUNTY, TEXAS, AND BEING PART OF A TRACT OF LAND CONVEYED TO THERESA WALKER & BOBIE AVARY, AS RECORDED IN VOLUME 511, PAGE 348, OFFICIAL PUBLIC RECORDS, WARD COUNTY, TEXAS.   SAID 42.46 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

-5-

BEGINNING AT A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE SOUTHEAST CORNER OF SAID 42.46 ACRE TRACT, FROM SAID CORNER A 1/2" CAPPED IRON ROD FOUND FOR THE SOUTHEAST CORNER OF SAID SECTION 229 BEARS S 21°04'28" E, A DISTANCE OF 2233.72 FEET (TIE).  SAID SET 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" BEING CALLED THE POINT OF BEGINNING AND HAVING A TEXAS COORDINATE SYSTEM OF 1983, CENTRAL ZONE (4203), STATE PLANE COORDINATE OF N: 10528255.94, E: 1327085.14 FEET, FOR REFERENCE.

THENCE N 59°29'33" W, A DISTANCE OF 572.62 FEET TO A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE SOUTHWEST CORNER OF SAID 42.46 ACRE TRACT FROM WHICH A FOUND 1" IRON ROD BEARS S 58°30'06" W, A DISTANCE OF 2037.12 FEET (TIE);

THENCE N 42°37'48" E, A DISTANCE OF 3363.64 FEET TO A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE NORTHWEST CORNER OF SAID 42.46 ACRE TRACT, FROM WHICH A FOUND 60D NAIL BEARS N 49°45'55" W, A DISTANCE OF 483.46 FEET (TIE);

THENCE S 47°19'55" E, A DISTANCE OF 564.14 FEET TO A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE NORTHEAST CORNER OF SAID 42.46 ACRE TRACT, FROM WHICH A MONUMENT FOUND FOR THE NORTHEAST CORNER OF SAID SECTION 229 BEARS S 47°19'55" E, A DISTANCE OF 879.00 FEET (TIE);

THENCE S 42°42'20" W, A DISTANCE OF 3243.02 FEET TO THE POINT OF BEGINNING, CONTAINING 42.46 ACRES OR 1,856,325 SQUARE FEET OF LAND, MORE OR LESS.

TRACT THREE:
BEING AN 50.079 ACRE TRACT OF LAND SITUATED IN SECTION 229, BLOCK 34, H. & T.C. RR. CO. SURVEY, ABSTRACT NO. 292, WARD COUNTY, TEXAS, AND BEING ALL OF A CALLED 10.000 ACRE TRACT OF LAND CONVEYED TO BOBBIE M. AVARY, AS RECORDED IN VOLUME 588, PAGE 398, OFFICIAL PUBLIC RECORDS, WARD COUNTY, TEXAS, AND BEING A 14.216 ACRE TRACT OUT OF A CALLED 135 ACRE TRACT OF LAND CONVEYED TO C. S. MAJORS, AS RECORDED IN VOLUME 33, PAGE 592, OFFICIAL PUBLIC RECORDS, WARD COUNTY, TEXAS, AND BEING A 25.863 ACRE TRACT OUT OF A CALLED 135 ACRE TRACT OF LAND CONVEYED TO THERESA WALKER & BOBIE AVARY, AS RECORDED IN VOLUME 511, PAGE 348, OFFICIAL PUBLIC RECORDS, WARD COUNTY, TEXAS. SAID 50.079 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE SOUTHEAST CORNER OF SAID 50.079 ACRE TRACT, FROM SAID

-6-

CORNER A 1/2" CAPPED IRON ROD FOUND FOR THE SOUTHEAST CORNER OF SAID SECTION 229 BEARS S 47°22'12" E, A DISTANCE OF 823.42 FEET (TIE). SAID SET 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" BEING CALLED THE POINT OF BEGINNING AND HAVING A TEXAS COORDINATE SYSTEM OF 1983, CENTRAL ZONE (4203), STATE PLANE COORDINATE OF N: 10526729.26, E: 1325676.09 FEET, FOR REFERENCE.

THENCE N 47°22'21" W, A DISTANCE OF 1114.22 FEET TO A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE SOUTHWEST CORNER OF SAID 50.079 ACRE TRACT FROM WHICH A FOUND 1" IRON ROD BEARS S 42°42'20" W, A DISTANCE OF 2.21 FEET (TIE);

THENCE N 42°42'20" E, PASSING A FOUND 1/2" IRON ROD AT A DISTANCE OF 736.04 FEET AND CONTINUING FOR A TOTAL DISTANCE OF 1838.10 FEET TO A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE NORTHWEST CORNER OF SAID 50.079 ACRE TRACT;

THENCE S 59°29'33" E, A DISTANCE OF 1139.96 FEET TO A 1/2" CAPPED IRON ROD STAMPED "TRANSGLOBAL SERVICES" SET FOR THE NORTHEAST CORNER OF SAID 50.079 ACRE TRACT;

THENCE S 42°42'20" W, A DISTANCE OF 2077.50 FEET TO THE POINT OF BEGINNING, CONTAINING 50.079 ACRES OR 2,181,428 SQUARE FEET OF LAND, MORE OR LESS.

WEIL:\99375028\5\39031.0014