```
 1                IN THE UNITED STATES BANKRUPTCY COURT

 2                 FOR THE SOUTHERN DISTRICT OF TEXAS

 3                           HOUSTON DIVISION

 4   IN RE:                         §    CASE NO. 22-90341-11
                                    §    JOINTLY ADMINISTERED
 5                                  §    HOUSTON, TEXAS
     CORE SCIENTIFIC, INC., ET AL,  §    MONDAY,
 6                                  §    OCTOBER 2, 2023
             DEBTOR.                §    3:02 P.M. TO 3:24 P.M.
 7
```

8                           **EMERGENCY HEARING**

9             BEFORE THE HONORABLE DAVID R. JONES
                 UNITED STATES BANKRUPTCY JUDGE
10

11

12       APPEARANCES:                    SEE NEXT PAGE

13                   (RECORDED VIA COURTSPEAK)

20                    TRANSCRIPTION SERVICE BY:

21              JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                      935 Eldridge Road, #144
22                     Sugar Land, TX  77478
                          281-277-5325
23                  www.judicialtranscribers.com

24
         Proceedings recorded by electronic sound recording;
25         transcript produced by transcription service.

```
 1                    APPEARANCES:

 2

 3  FOR CORE SCIENTIFIC:         WEIL GOTSHAL & MANGES, LLP
                                 Alfredo R. Perez, Esq.
 4                               700 Louisiana
                                 Suite 1700
 5                               Houston, TX  77002
                                 713-546-5040
 6
    FOR OFFICIAL COMMITTEE OF
 7  UNSECURED CREDITORS:         WILLKIE FARR & GALLAGHER
                                 Jennifer Hardy, Esq.
 8                               600 Travis Street
                                 Suite 2310
 9                               Houston, TX  77002
                                 713-510-1766
10

11  FOR CELSIUS MINING, LLC:     KIRKLAND & ELLIS, LLP
                                 Dan Latona, Esq.
12                               300 North LaSalle
                                 Chicago, IL  60654
13                               312-862-3445

14

15

16  (Please also see Electronic Appearances.)

17

18

19

20

21

22

23

24

25
```

```
 1
                              **INDEX**
 2

 3
    WITNESS:              Direct    Cross    Redirect   Recross
 4
    None
 5

 6
    EXHIBITS:                       Marked   Offered    Received
 7
    Debtor's Exhibits 1272-3 to
 8    1272-30; 1280-1 to 1280-3        x        x          15

 9  Debtor's Exhibits 1272-1 and
      1272-2                           x        x          16
10

11

12                                ***

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1         **HOUSTON, TEXAS; MONDAY, OCTOBER 2, 2023; 3:02 P.M.**

2              THE COURT:  Good afternoon everyone.  This is

3    Judge Jones.  The time is 3:02 Central, today is October the

4    2nd, 2023.  This is the Docket for Houston, Texas.

5              On the 3:00 o'clock Docket we have the jointly

6    administered cases under Case No. 22-90341, Core Scientific,

7    Inc.

8              Folks, please don't forget to record your

9    electronic appearance.  That's a quick trip to the website.

10   You can do that at any time prior to the conclusion of this

11   afternoon's hearing but it is the way that we note your

12   official appearance at today's hearing.

13             Since we have parties both in the courtroom, as

14   well as GoToMeeting, for those of you in the courtroom if

15   you do rise to speak, if you would please come to the

16   lectern so that you can both be seen and be heard.

17             For those of you who are on GoToMeeting, I have

18   activated the hand-raising feature.  If you know you're

19   going to speaking if you'd go ahead and give me a five star,

20   I'll get you unmated.  You can change your mind at any time.

21             Either way, first time that you speak, if you

22   would please state your name and who you represent.  It

23   really does help the court reporters their very difficult

24   jobs.

25             Finally, we are recording this afternoon using

```
 1  CourtSpeak.  We'll have the audio up on the Docket shortly
 2  after the conclusion of the hearing.
 3              And with that, who's taking leave this afternoon?
 4              MR. PEREZ:  Good afternoon, Your Honor.  Alfredo
 5  Perez.  Sorry to disappoint you, but it looks like I'm
 6  taking the lead.
 7              THE COURT:  Wow, are you actually going to handle
 8  the hearing as well?
 9         `    MR. PEREZ:  I am actually -- I decided that I was
10  going to stick to the lawyering.  So I'm going to handle the
11  hearing.
12              THE COURT:  Wow, all right.  Terrific.
13              MR. PEREZ:  But, Your Honor, before I get started,
14  I really want to thank all my colleagues sitting at the
15  table.  Not so much Mr. Carlson, but Mr. Schene (phonetic)
16  who will hopefully make the presenter.  He's literally been
17  working 24 hours to get me ready for this.
18              And Ms. Leu and Ms. Burbridge who really are the
19  real estate lawyers and I really couldn't muddle through
20  this if it weren't for them.
21              THE COURT:  All right, thank you.  And?
22              MR. PEREZ:  Sean Schene, you just passed him.
23              THE COURT:  Oh, there he is right there.  All
24  right, he should have control, thank you.
25              And except for Mr. Carlson, thank you everyone for
```

1  your hard work.
2         (Laughter)
3              MR. PEREZ:  So, Your Honor, first of all thank you
4  for agreeing to hear this on emergency basis.  I think we're
5  a few days short.
6              I think we're a few days short of -- just take it
7  down -- of the 21 days.  So we really do appreciate that.
8  And, Your Honor, just by way of housekeeping, the motion --
9  the settlement motion, the 363, the 365 motion is at Docket
10 1236.
11             We did file a Witness and Exhibit List at 1272.
12 There were three additional documents that were filed in the
13 Witness List at 1280.
14             This morning, we filed a couple of things, but we
15 filed a revised -- not a revised, but updated form of order
16 at 1281 with a black line.  And it really just shows --
17             THE COURT:  I saw that.  I very much appreciate
18 you getting it done early.  I've been -- I've had ample
19 opportunity to work my way through it.
20             MR. PEREZ:  Perfect, Your Honor.  And then finally
21 we did file a demonstrative earlier today at Docket No. 1282
22 just to kind of guide the Court and the parties.
23             So, Your Honor, with your permission if we could
24 put the demonstrative up, I can take the Court through it
25 quickly.

```
 1                THE COURT:  Certainly.
 2         (Pause in the proceedings.)
 3                MR. PEREZ:  So go to the next page, please.
 4                So, Your Honor, I'm going to try to do a couple of
 5   things.  Obviously the Court is well aware what the legal
 6   standard is.  But this is unusual in that it really we're
 7   doing three or four things at the same time.
 8                And I think the company needs all the credit.
 9   They were able to get an agreement in principal before we
10   ever went to Judge Isgur to mediate.  Then it took the
11   lawyers, you know, two and a half months to document it.  So
12   it's really kind of on us as opposed to the company.
13                But you go to the next page.
14                Here's a little bit of the sense of urgency and it
15   did take a long time to document it because it is a complex
16   deal.
17                But the Celsius confirmation hearing started this
18   afternoon.  And this -- the hearing on the Celsius
19   settlement in their court is set for Thursday morning.
20                THE COURT:  Got it.
21                MR. PEREZ:  And then the way that the document is
22   written, we can close as early as three business days after
23   the entry of the last order.  And assuming that that order
24   gets entered on the 6th, it would be the 11th because
25   Columbus Day is a federal holiday.  So it would be that
```

1  Tuesday.
2            So that's part of the --
3            THE COURT:  And I'm sorry for interrupting.  Just
4  so that I'm clear, you just need the two 9019 orders.  You
5  don't need a Celsius confirmation order?
6            MR. PEREZ:  Correct.
7            THE COURT:  Okay, just wanted to make sure.
8            MR. PEREZ:  Yeah, just the two.  Yes, that is
9  absolutely correct.
10           So turn to the next page.
11           And, Your Honor, I'm really -- I mean, the Court
12 is well aware of this at the beginning of the case Celsius
13 took up a lot of time.  There was a lot of back and forth.
14           And the nice thing about the evidence for this
15 case, it's mostly in front of you and in front of the
16 Celsius court.  It's really the back and forth between the
17 parties as to the various items that were, you know, that
18 part -- it's clear that there was a lot of contention and
19 there's voluminous pleadings that have been filed in front
20 of you and in front of Judge Glenn with respect to all the
21 various items.
22           But there are significant charges.
23           And then if you turn to the next page?
24           Your Honor, this gives you a timeline of kind of
25 the big things that happened.

1          Celsius filed mid-July.  The first item was the
2  Motion to Enforce the automatic stay and the Court heard
3  quite a bit on that at one of the hearings.
4          Then obviously we filed bankruptcy on the 21st of
5  December.  They filed significant -- we filed proofs of
6  claim.  They -- and then we filed the motion to reject their
7  contract.  That was the subject of some, you know, --
8          THE COURT:  Discussion.
9          MR. PEREZ:  -- time here.  Yes.  And then they
10 filed their proofs of claim in our case on April 14th.  And
11 then we moved for Summary Judgment.  Ms. Calabrecie
12 (phonetic) wrote a beautiful summary judgment and they
13 responded.
14         And then -- it was at that time it was kind of
15 mid-June.  The Court entered an order on June 16th,
16 basically sending the parties to mediation.  We never
17 actually got to the mediation.  The principals began
18 exchanging it and then there was basically an agreement at
19 the end of June, the beginning of July.
20         And then it took, you know, until September 15th
21 or September 14th actually to document it.
22         On September 14th, they filed their motion, which
23 was set for hearing on October 5th, and then we filed our
24 motion on the 5th.
25         And if you turn to the next page?

1             So, Your Honor, the agreement is really
2  memorialized in the PSA, which is at Docket 1272-21.  The
3  nominal purchase price is 45 million.
4             And if you go to the boxes, basically there's a
5  full and final release of everything except for Celsius
6  holds about $44 million of convertible note claims as part
7  of totally separate class.  Those obviously are going to
8  continue ride through.  We're getting a $14 million cash
9  payment.
10            And not insignificantly for the client, there's
11 going to be a significant savings that we had to litigate
12 this.  On the other hand, we're giving -- we're releasing
13 the claims and we're selling the purchased assets.
14            And I'll get to the evidence in a minute, but I
15 think the evidence will show that the Cedarville facility
16 was not part of our business plan.  And based on the
17 marketing that we had done pre-petition, this is the best
18 use for it.
19            So if you'd turn to the next page?
20            Your Honor, this sets forth the various proofs of
21 claim that were filed.  So if you add up under 425 and 497,
22 which are the claims that are being released, that adds up
23 to about $312 million, not an insignificant amount.
24            And while obviously we feel very strongly that we
25 have very good defenses to those claims, it was -- we needed

1  to deal with this before we actually were able to come out
2  of bankruptcy because it was just too significant -- too
3  significant a claim and we do have a disclosure statement
4  hearing set for later this month.
5              And so as a result, we really needed to it.  In
6  terms of our proofs of claim, we did file one liquidated and
7  one post-petition claim.  And then an unliquidated claim for
8  approximately in excess of $30 million.  But all of those
9  are going to be washed out.
10             So, next slide.
11             Just wanted to make sure the Court knew where this
12 was.  It's in Pecos County, I think.  No, in Warren County,
13 but near Pecos.  I've never been there, but I'm told it's
14 beautiful.
15             THE COURT:  That's where we differ.  I've actually
16 tried a litigation in Pecos County.
17       (Laughter)
18             MR. PEREZ:  Well, I'm -- something I need to do
19 before I retire in the next 90 days.
20             THE COURT:  Or maybe not.
21             MR. PEREZ:  Or maybe not.
22             And then, Your Honor, this is my favorite slide,
23 the next one.  This actually shows an aerial view of the
24 facility.  It's got two buildings and, you know, pads for
25 three more.

1             So, Your Honor, turn to the next part.
2             I mean, I don't need to go through the next couple
3  of slides.  It really is the legal standard on 9019, 363,
4  365.
5             And then if you just turn to the next page?
6             We have, you know, what the evidence will show and
7  I believe that the evidence will establish that, you know,
8  that we meet the test under 9019 both the Declaration of
9  Mr. Sullivan, who is the principal person who negotiated the
10 transaction.  He became the CEO.  He joined Core in May and
11 is one of the first things that he negotiated and he is now
12 currently the CEO.
13            And then the other Declaration of Mr. Michael Bros
14 (phonetic) who's been with the company about five years and
15 is knowledgeable about the sales process.
16            So with those two items, I think we meet that.
17            And then the next two slides, you know, are the
18 test under 363 and 365.  There are only four contracts that
19 are being assumed.  So it's not like we have lots of
20 contracts.
21            And this facility, we haven't been working on it
22 for a long time, so the contracts are for kind of things to
23 be done in the future.  Unfortunately there were no cure
24 costs because we paid the upfront amounts and the other
25 amounts will be paid whenever it's actually goes forward.

1          So with that, Your Honor, I am prepared to, you
2    know, present our evidence and then make argument unless --
3          THE COURT: Let me just make the circle.
4          Anyone else wish to make what I'll just take as an
5    opening statement or opening comments?
6          Good afternoon.
7          MS. HARDY: Good afternoon, Your Honor. Jennifer
8    Hardy of Willke Farr on behalf of the Official Committee of
9    Unsecured Creditors.
10         Your Honor, the UCC advisors have discussed the
11   settlement with the Debtor's advisors. We've reviewed in
12   detail and are familiar with the go-forward business plan
13   and the marketing process of the Cedarville facility. And
14   believe that the settlement is in the best interest of the
15   estates and the unsecured creditors.
16         THE COURT: Terrific, thank you.
17         MS. HARDY: Thank you.
18         THE COURT: And let's see, Mr. Latona, is that
19   you?
20         MR. LATONA: Yeah, good afternoon, Your Honor.
21         THE COURT: Afternoon.
22         MR. LATONA: For the Record, Dan Latona, Kirkland
23   & Ellis on behalf of Celsius Mining and it's affiliates.
24         Your Honor, I'll keep my comments brief because,
25   as Mr. Perez said, we are in the middle of our own

1  confirmation hearing that just began today.  I expect to
2  have evidence heard over the next three days.
3           Our motion is up for hearing on October 5th.  We
4  did not receive any objections in our case.  Our Creditors
5  Committee is fully on board.  Our plan sponsor is fully on
6  board.  The mining business is going to be a central piece
7  of our NewCo upon emergence.
8           So, we're very excited with this opportunity.  We
9  think it resolves the very complex underlying issues behind
10 the dispute.  But, it obviates the need for dueling hearings
11 and dueling Chapter 11.
12          And so with that, Your Honor, we're very fully
13 supportive of this transaction and we look forward to
14 closing as quickly as possible.
15          THE COURT:  Thank you, Mr. Latona.
16          Anyone else?
17    (No audible response.)
18          THE COURT:  All right.  Mr. Perez.
19          MR. PEREZ:  So, Your Honor, we had -- we have
20 Declarations and both the declarants are online.
21          Let me first just do the documents that are not --
22 that the two Declarations.  So, Your Honor, we filed
23 Exhibits 3 through 27 on Docket number 1272.  And because
24 some of these were quite lengthy, they are 1272-3 through
25 1272-30.

1          And then we filed the three subsequent exhibits --
2  28, 29, and 30, at 1280-1 to 1280-3.
3          THE COURT:  All right thank you.  So the offer is
4  Debtor's Exhibits 1 through -- I'll break them up the same
5  way you did Mr. Perez -- 1 through 27, which are referenced
6  as 1272- -- I'm sorry I went one and two -- 3 through 30,
7  which are 1272-3 through 1272-30, as well as Exhibits 28,
8  29, and 30, which are 1280-1 through 1280-3.
9          Any objections?  Ms. Hardy, Committee okay with
10 all those?
11         MS. HARDY:  Yes, Your Honor.
12         THE COURT:  All right, thank you.
13         Then they are admitted without objection.
14    (Debtor's Exhibits 1272-3 through 1272-30 and 1280-1
15 through 1280-3 received in evidence.))
16         MR. PEREZ:  then, Your Honor, we have two
17 Declarations.  The Declaration of Mr. Sullivan, which is at
18 1272-1 and then the Declaration of Mr. Bros, which is at
19 1272-2.  They are both online and available for
20 cross-examination.  But I would -- I guess if you want to do
21 one at a time, we can.
22         THE COURT:  Actually let's just do this:  I've
23 read them both in preparing for the hearing.  And I don't
24 think there's going to be any objection.
25         Any objection to the admission of the Declarations

1  of Mr. Sullivan, Mr. Bros found at 1272-1, 1272-2?
2       (No audible response.)
3           THE COURT:  All right, with that I'll admit both
4  Declarations.
5       (Debtor's Exhibits 1272-1 and 1272-2 received.)
6           THE COURT:  Any party wish to cross-examine either
7  witness?
8       (No audible response.)
9           THE COURT:  All right, thank you, gentlemen.
10          MR. PEREZ:  So with that, Your Honor, you know, we
11 would request that the Court enter the form of order.  It is
12 at 1280 --
13          THE COURT:  1281?
14          MR. PEREZ:  -- 81 and then there's the -- we just
15 did the change pages since there were so minor changes.  But
16 I mean.  Next time we won't have notes to the draft in what
17 we file.
18          THE COURT:  All right.  Any other closing
19 argument?
20      (No audible response.)
21          THE COURT:  All right, I -- number one, I very
22 much appreciate the hard work that went into this.  I know
23 that this was not easy.
24          With respect to the Debtor's request, I do find
25 that I have jurisdiction over the motion pursuant to 28 USC

1  Section 1334.  I do find that the matter constitutes a core
2  proceeding under 28 USC Section 157.
3           I further find that I have direct constitutional
4  authority to enter a final order.  As the motion was filed
5  on an emergency basis, the motion demonstrates the need, as
6  well as the statements by counsel regarding the relationship
7  to the ongoing Celsius proceedings.  I will find that
8  service was good, due process has been satisfied under the
9  circumstances.
10          With respect to the settlement itself, I will find
11 that the uncontested evidence satisfies requirements put
12 forth by the Fifth Circuit in cases such as in re *Enrico,*
13 *Jackson Brewing, Foster Mortgage*, and their progeny.
14          As part of the settlement involves the transfer of
15 certain assets from one estate or from this estate to the
16 Celsius estate, I do find that this decision constitutes not
17 only just reasonable business judgment.  This is prudent
18 business judgment at its finest.
19          I compliment the management team on recognizing
20 the situation working to not only a prudent but an efficient
21 solution.  I don't have any concerns at all.
22          I will find that the requirements of 363(f) have
23 been satisfied.  And that the purchaser is entitled to the
24 requisite protections under 363(m).
25          Again, I've had the opportunity to review the

1  proposed revised motion at 1281.  There are additional
2  findings and conclusions which I've had the chance to
3  review.  I believe they're appropriate.  I adopt them in
4  their entirety to the extent -- I'm going to run out by the
5  end of the day -- to the extent that I've put Findings and
6  Conclusions on the Record that are not reflected in the
7  order itself, they are incorporated by reference pursuant to
8  Bankruptcy Rule 7052.
9          With that, let me pop up the order.
10     (Pause in the proceedings.)
11         THE COURT:  It took three days on the Celsius
12 hearing, so I take it it's not uncontested?
13         MR. PEREZ:  I take it that's probably correct,
14 Your Honor.
15     (Pause in the proceedings.)
16         THE COURT:  Yes, Mr. Latona, he popped back on.
17         MR. LATONA:  We have a very objections, Your
18 Honor.
19         THE COURT:  Keeps you busy.  And, you know, Judge
20 Glenn like to solve problems.  He's very good at that.
21         MR. LATONA:  Yes, he is.
22     (Pause in the proceedings.)
23         THE COURT:  All right, the order has been signed.
24 It's off to docketing.  You can represent to Judge Glenn
25 that this piece is done.

1          Anything else that we need to address?

2          MR. PEREZ:  One detail, Your Honor.  One of the
3  underlying M&M liens we need to clear before the closing.
4  And we filed a 9019 as the time has passed.

5          There's a CNO at 1151.

6          THE COURT:  Oh, okay.

7     (Pause in the proceedings.)

8          THE COURT:  That's the Trilogy motion?

9          MR. PEREZ:  Yes, Your Honor.

10         THE COURT:  My apologies.  You should never let it
11 go that long.  It's not taken care of because I don't know
12 that it's there.

13    (Pause in the proceedings.)

14         THE COURT:  All right, do you want to move that
15 over for me?

16         Thank you.

17         Anything else I've missed?

18         MR. PEREZ:  Your Honor, not of any significance.

19         THE COURT:  Is that a way of telling me that there
20 are some things that I missed?

21         MR. PEREZ:  Well, we kept extending the time to
22 file pleadings once we started to negotiate, you know, when
23 we started to negotiate.  And at that point they're all
24 moot, but there are a couple of stipulations just extending
25 the briefing deadlines with Celsius.

1           But at this point it's irrelevant.
2           THE COURT:  I'll go back and get those just so the
3  Record is clear.
4           All right, then I'm going to sit right here and do
5  all this.  Again, I appreciate all the hard work.
6           And, you know, we have throw Carlson a little bit.
7  I know he does work hard.  So I don't want him to feel bad.
8           MR. PEREZ:  All right, well --
9           THE COURT:  Not a ringing endorsement.  I got it.
10       (Laughter)
11          THE COURT:  Okay.  Well then thank you everyone.
12 And we'll be adjourned.  Again, I'm going to sit right here
13 and get those done.  Thank you.
14          MR. PEREZ:  Thank you, Your Honor.  Can we be
15 excused?
16          THE COURT:  Absolutely.  Thank you.
17       (Hearing adjourned at 3:24 p.m.)
18                          * * * * *
19          *I certify that the foregoing is a correct*
20 *transcript to the best of my ability produced from the*
21 *electronic sound recording of the proceedings in the above-*
22 *entitled matter.*
23 */S/ MARY D. HENRY*
   *CERTIFIED BY THE AMERICAN ASSOCIATION OF*
24 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
   *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
25 *JTT TRANSCRIPT #67762          DATE FILED:  OCTOBER 30, 2023*