# Exhibit 2

| | |
|---|---|
| **To:** | Harlin Dean[harlin@DEANSRUS.NET] |
| **Cc:** | Kyle Buckett[kbuckett@corescientific.com]; Sangeeta Campos Puri[spuri@corescientific.com] |
| **From:** | Todd DuChene[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=91A00601BE2147E9AF3D95B17B43CC55-TDUCHENE] |
| **Sent:** | Thur 2/17/2022 12:23:45 PM (UTC-06:00) |
| **Subject:** | RE: Termination of Employment |

Harlin,

I'm sure Kyle and Sangeeta can handle this and you without my involvement. I am, however, compelled for the record to respond to the false accusations in your email below.

I have never uttered the word "good reason" to you nor have you and I ever engaged in a good reason discussion. You have indicated repeatedly from even before the completion of the acquisition of Blockcap that you intended to resign and never in those conversations did you express that it would be for "good reason". I have expressed to you that you could resign at any time at your convenience and you would receive what you were entitled to. Specifically, the only discussion we had was that you wanted to stay beyond the date of the XPDI merger so that your equity was not net share settled pursuant to the terms of the Merger Agreements. In fact, you recently sent me an email inquiring about such treatment without also informing me as a courtesy that you had submitted your resignation.

As for the allegation that we, and not you, have breached your employment agreement, I'll simply let the facts speak for themselves.

Nevertheless, I know Sangeeta will respond to you in due course to attempt to resolve this matter as amicably as possible. We certainly hope that that will be the case. If we can't resolve this matter amicably, we are prepared to litigate the claim should you choose. In the interim, I suggest the threats and the accusations stop and you let Sangeeta do her work. The choice is yours.

Should you have any additional questions, please let one of us know. Thank you.

P.S. Given the implied threats we would expect all data in your possession, including on personal devices, surrounding Blockcap, Core, this matter and its employees and business partners have been retained and will be until this matter is fully and finally resolved. This would include conversations, communication and advice with or to other employees within the organization whether within or outside the scope of your duties. Thanks.



**TODD DUCHENE**

GENERAL COUNSEL

**Core Scientific**

(408) 464-3421

---

**From:** Harlin Dean <harlin@DEANSRUS.NET>
**Sent:** Thursday, February 17, 2022 9:56 AM
**To:** Todd DuChene <tduchene@corescientific.com>
**Subject:** FW: Termination of Employment

[EXTERNAL] Use caution when opening attachments or links.

Todd,

I'm not sure what's going on with my termination, especially given that you have repeatedly stated to me that my resignation for good reason will be accepted and I that I will receive all my equity per the terms of my employment agreement. Same with Mike Levitt. I've done nothing to breach my employment agreement and Core has failed to comply with my agreement. Please either contact me to explain your position or instruct Kyle and Sangeeta to proceed with the steps necessary to finalize my resignation for

good reason.

Thank you,
Harlin

---

**From:** Harlin Dean
**Sent:** Tuesday, February 15, 2022 5:47 PM
**To:** kbuckett@corescientific.com; spuri@corescientific.com
**Subject:** Termination of Employment

Kyle and Sangeeta,

I am writing to follow up on our telephone conversation yesterday.  It is my understanding that the Company rejected my resignation for good reason and terminated my employment effective yesterday.  However, you did not provide any reason for rejecting my resignation, nor did you provide any reason for my termination other than alleging that I "breached my fiduciary obligations by talking to employees and advising them against the Company."  You did not provide any other information.   This allegation is completely untrue.  I have not given any advice to any employee against the Company.

In addition, the Company has not met the requirements under my employment agreement to qualify the purported termination as a termination for "Cause".  Pursuant to Section 8(a) of my employment agreement, "Cause" is defined as either:

1.  Executive's conviction of or plea of guilty to a charge of theft, embezzlement, or fraud related to Executive's employment with the Company; or
2.  Executive's willful, knowing and unauthorized violation of Section 11 hereof, not cured by Executive following 30 days written notice actually delivered to and received by Executive by the Company which (i) specifically describes the conduct or omission of Executive that must be cured and (ii) is accompanied by substantiating evidence of the alleged violation.

I have not been convicted nor have I plead guilty to any charge of theft, embezzlement or fraud.  I have not violated any provision of Section 11 (which sets forth restrictive covenants related to non-competition and non-solicitation of employees or customers).  Further, prior to my termination, the Company did not provide written notice alleging any breach of Section 11 and specifically describing the alleged misconduct with substantiating evidence.  As a result, I was not provided an opportunity to respond to any such allegation and, if valid, to cure any alleged misconduct within 30 days.  As a result, my termination by the Company can only be <u>without</u> Cause, thus entitling me to the same Severance Pay I am entitled to upon my resignation for good reason under the provisions of Section 8(h) of my employment agreement.

My access to email and the Company servers was terminated yesterday, the call we had scheduled yesterday to discuss tax withholding on my Severance Pay was canceled, and I have received no further communications from the Company.  I am requesting that the Company re-engage with me to complete the necessary steps for execution of the mutual release specified in my employment agreement and delivery of my Severance Pay, all as described in my email of February 10, 2022.  I am available at your convenience and can also be in the office the morning of February 22, 2022, to return my laptop and finalize the necessary documentation.

As I mentioned yesterday, I do not understand why we are in this situation.  I have been discussing my departure from the Company with Todd DuChene since shortly after the Core/Blockcap transaction and I also discussed it with Mike Levitt.  Both acknowledged my right to resign for good reason and receive the Severance Pay under my employment agreement.  I have not done, and would not do, anything to change their position.  As I'm sure you can imagine, this matter is of the utmost importance to me and I urge you to respond so that we can timely process my termination pursuant to the terms of my employment agreement.

Thank you and best regards,
Harlin