IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § § | |

### DECLARATION OF THEODORE E. TSEKERIDES IN SUPPORT OF DEBTORS' OPPOSITION TO CLAIMANT HARLIN DEAN'S MOTION FOR SUMMARY JUDGMENT IN CONNECTION WITH PROOF OF CLAIM NOS. 364 AND 383

I, Theodore E. Tsekerides, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am Partner at Weil, Gotshal & Manges, LLP, counsel for Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively the "**Debtors**"). I am a member of the bar of the State of New York and admitted *pro hac vice* to practice in this Court.

2. On October 19, 2023, Harlin Dean filed his Motion for Summary Judgment and Brief in Support Related to Debtors' Objection to Proof Of Claim Nos. 364 and 383 (the "**Motion**") (Dkt. No. 1340).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

3. I submit this declaration, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, made applicable to these chapter 11 proceedings by Rule 7056 and 9014 of the Federal Rules of Bankruptcy Procedure, in support of *Debtors' Opposition to the Motion for Summary Judgment filed by Harlin Dean in connection with Proof of Claim Nos. 364 and 383* (the "**Opposition**"), and respectfully request that the Court deny the Motion so that appropriate and necessary discovery can be undertaken.

4. Rule 56(d) provides "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, the court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

5. In its Opposition, Core has identified numerous disputed issues of material facts, including the following: (i) whether Mr. Dean resigned with "Good Reason" as defined by his employment agreement; (ii) the facts and circumstances leading up to Mr. Dean's resignation and the alleged conversations with Core personnel related thereto; (iii) the supposed inducement that allegedly caused Mr. Dean to enter into the employment agreement; (iv) the extent to which restricted shares and options to be awarded to Mr. Dean under various equity award agreements vested (and if so, when); (v) whether Mr. Dean was subject to certain lockups that would have restricted his sale of shares (or precluded the vesting of certain shares during the lockup period); (vi) even assuming Mr. Dean's shares and options had vested, when he would have been entitled to actually receive those shares and whether he had the wherewithal or ability to pay the taxes necessary to even receive those shares in the first place; and (vii) the extent and calculation of any alleged damages.

6.  While Mr. Dean has submitted declaration testimony and exhibits in support of his Motion, no discovery has taken place in connection with Mr. Dean's proofs of claim or the Motion. Discovery, including the deposition of Mr. Dean, with respect to all of the issues described above, should proceed before the Court even considers whether summary judgment is appropriate, if ever, as relates to Mr. Dean's claims.

7.  I have a good-faith basis to believe that highly probative evidence that would further establish genuine issues of material facts or would otherwise support Core's Opposition is within the possession, custody, and control of Mr. Dean alone (including as would be obtained through examination at his deposition), and that it can be gathered through discovery within a reasonable timeframe.

8.  Accordingly, the Court should deny Mr. Dean's Motion, or in the alternative, order a continuance pursuant to Rule 56(d) to provide Core with the opportunity to obtain discovery.

Pursuant to 28 U.S.C § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 9, 2023
New York, New York

By: */s/ Theodore E. Tsekerides*
Theodore E. Tsekerides