IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**ORDER (I) AUTHORIZING ENTRY INTO
BACKSTOP COMMITMENT LETTER, (II) APPROVING PERFORMANCE
OF OBLIGATIONS THEREUNDER, AND (III) GRANTING RELATED RELIEF**

Upon the Motion, dated November 3, 2023 (the "**Motion**"),[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, for an order authorizing them to enter into the Revised Backstop Commitment Letter and approving performance of all obligations thereunder in accordance with the Revised Backstop Commitment Letter, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS FOUND AND DETERMINED THAT:**[3]

      A.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334. Consideration of the Motion and the requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.    The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable Local Rules, and no other or further notice is necessary.

      C.    The terms and conditions under the Backstop Commitment Letter are fair, reasonable, and the best available to the Debtors under the circumstances, reflect the Debtors' exercise of articulated business judgment consistent with their fiduciary duties, are based on good, sufficient, and sound business purposes and justifications, and are supported by reasonably

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Rule 7052 of the Bankruptcy Rules.

equivalent value and consideration. The Backstop Commitment Letter was negotiated in good faith and at arms' length among the Debtors, the Equity Committee, and their respective professional advisors.

D. Each of the fees, premiums, and expenses provided for or permitted by the Revised Backstop Commitment Letter (including the Commitment Premium, the Termination Payment, and the Indemnification Obligations) constitutes an actual and necessary cost and expense to preserve the Debtors' estates and is reasonable and warranted on the terms set forth in the Revised Backstop Commitment Letter in light of, among other things, (i) the significant benefit to the Debtors' estates of having definitive and binding equity commitments to the Rights Offering to fund the Debtors' proposed chapter 11 plan, (ii) the substantial time, effort, and costs incurred by the Commitment Parties reserving the funds to make the equity investments contemplated thereby pending confirmation and effectiveness of a chapter 11 plan, and (iii) the risk to the Commitment Parties that the Debtors may ultimately enter into an alternative transaction.

E. The amount and terms and conditions of each of the fees, premiums, and expenses provided for or permitted by the Revised Backstop Commitment Letter (including the Commitment Premium, the Termination Payment, and the Indemnification Obligations) are bargained-for and integral parts of the transactions specified in the Revised Backstop Commitment Letter and, without such inducements, the Commitment Parties would not have agreed to the terms and conditions of the Revised Backstop Commitment Letter. Accordingly, the foregoing transactions are reasonable and enhance the value of the Debtors' estates.

F. The entry into the Revised Backstop Commitment Letter by the parties thereto, and the performance and fulfillment of their respective obligations thereunder, do not

constitute the solicitation of a vote on a chapter 11 plan and comply with the Bankruptcy Code and any and all other applicable statutes, laws, regulations, or orders.

G. All parties in interest have been afforded a reasonable opportunity to object and be heard with respect to the Motion and the Backstop Commitment Letter and all of the relief granted herein.

H. The Revised Backstop Commitment Letter and all accompanying relief requested in the Motion serve to maximize estate value for the benefit of all the Debtors' stakeholders and parties in interest, and are otherwise in the best interests of the Debtors, their estates, creditors, and all parties in interest.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, pursuant to sections 363, 503(b), 507 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, to enter into the Revised Backstop Commitment Letter and any and all instruments, documents, and papers contemplated thereunder or related thereto, including, but not limited to, the Morrow engagement letter and pay the fees required therein, to fully perform all of their obligations thereunder, and implement any actions contemplated thereby and to take any and all actions reasonably necessary or appropriate to perform all obligations provided for in the Revised Backstop Commitment Letter. The Revised Backstop Commitment Letter shall be binding and enforceable against the Debtors and other parties thereto in accordance with its terms.

2. The Revised Backstop Commitment Letter and the terms and provisions included therein are approved in their entirety. The failure to describe specifically or include any particular provision of the Revised Backstop Commitment Letter or related documents in the

4

Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Revised Backstop Commitment Letter be approved in its entirety.

3. The Debtors are authorized to execute, deliver, and perform under one or more amendments, waivers, consents, or other modifications to and under the Backstop Commitment Letter, from time to time as necessary, in each case subject to the terms and provisions of the Revised Backstop Commitment Letter, the terms of the Restructuring Term Sheet (including the consent rights set forth therein), and the RSA (including the consent rights set forth therein), without further order of this Court.

4. The consideration, fees, premiums, and expenses provided for or permitted by the Revised Backstop Commitment Letter (including the Commitment Premium, the Termination Payment, and the Indemnification Obligations) are hereby approved as reasonable, and are actual and necessary costs of preserving the Debtors' estates and shall constitute allowed administrative expense claims against each of the Debtors under sections 503(b) and 507 of the Bankruptcy Code, shall be non-refundable, and shall not be subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether contractual, equitable, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, or any other challenges under any applicable law or regulation by any person or entity.

5. The Debtors are authorized to pay or perform the consideration, fees, premiums, and expenses provided for or permitted or contemplated by the Revised Backstop Commitment Letter (including the Commitment Premium, the Termination Payment, and the Indemnification Obligations), each in accordance with its terms and as and when required or contemplated by the Revised Backstop Commitment Letter without further application to or order of this Court. The Commitment Parties are not entitled to reimbursement of any fees or expenses

beyond those included in the Commitment Premium, the Termination Payment, and Indemnification Obligations.

6. Within three business days following the entry of this Order, each Commitment Party shall make a cash deposit in the amount of 10% of each Commitment Party's respective Backstop Commitment in accordance with the Backstop Commitment Letter.

7. In the event of a default by a Commitment Party,

   a. the deposit made by such defaulting Commitment Party shall be forfeited;

   b. the Debtors are authorized to withhold any distribution under the Plan to a Commitment Party in the event of a default by such Commitment Party in accordance with and subject to the terms and conditions of the Revised Backstop Commitment Letter;

   c. the Debtors are authorized to seek emergency relief from the Court for an order compelling any defaulting Commitment Party to fund its Backstop Commitment and the Commitment Parties, including any defaulting Commitment Party, shall not object to such relief being heard on an emergency basis; and

   d. the Debtors are further authorized to utilize any and all remedies available to them to enforce the Revised Backstop Commitment Letter.

8. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to effectuate all terms and provisions of the Revised Backstop Commitment Letter and this Order, including, without

limitation, to permit the Commitment Parties to exercise any rights related to termination or otherwise under the Revised Backstop Commitment Letter in accordance with its terms, in each case, without further order of this Court.

9. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (i) confirming any chapter 11 plan in any of the Debtors' chapter 11 cases, (ii) converting any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, (iii) dismissing any of these chapter 11 cases, or (iv) pursuant to which this Court abstains from hearing any of these chapter 11 cases. The terms and conditions of this Order, and all of the terms and conditions of the Revised Backstop Commitment Letter, notwithstanding the entry of any order referenced in the immediately prior sentence, shall continue in full force and effect in accordance with the terms hereunder and thereunder in these chapter 11 cases.

10. For the avoidance of doubt and subject to the terms specified in the Revised Backstop Commitment Letter, the consideration, fees, premiums, and expenses provided for or permitted by the Revised Backstop Commitment Letter (including the Termination Payment and the Indemnification Obligations) shall survive the termination of the Revised Backstop Commitment Letter and constitute valid, binding, and enforceable obligations of the Debtors and their estates, and shall not be discharged, modified, or otherwise affected by any chapter 11 plan of the Debtors, dismissal of these cases, or conversion of these chapter 11 cases to chapter 7 cases, nor shall any of such amounts be required to be disgorged upon the reversal or modification on appeal of this Order.

11. The failure of any Commitment Party to seek relief or otherwise exercise its rights and remedies under this Order, the Revised Backstop Commitment Letter, or applicable

law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of any of the Commitment Parties.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14. Except in cases where the Revised Backstop Commitment Letter explicitly contemplates a separate Court order, the Debtors are hereby authorized and empowered to take all actions, execute all documents, and make all payments that may be necessary to perform under the Revised Backstop Commitment Letter and implement the relief granted in this Order subject to the terms of the Restructuring Term Sheet (including the consent rights set forth therein) and the RSA (including the consent rights set forth therein), and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

15. The failure to describe specifically or include any particular provision of the Revised Backstop Commitment Letter or Revised Backstop Commitment Term Sheet in the Motion or this Order shall not diminish or impair the effectiveness of such provision.

16. To the extent that the terms of this Order conflict with the terms of the Revised Backstop Commitment Letter or the Revised Backstop Term Sheet, this Order shall control.

17. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2023
      Houston, Texas

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE