**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § § | Case No. 22-90341 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § | |

**SUMMARY COVERSHEET TO REVISED THIRD INTERIM FEE APPLICATION
OF WEIL, GOTSHAL & MANGES LLP, ATTORNEYS FOR DEBTORS,
<u>FOR THE PERIOD FROM JULY 1, 2023 TO SEPTEMBER 30, 2023</u>**

| | | |
|---|---|---|
| **Name of Applicant:** | **Weil, Gotshal & Manges LLP** | |
| **Applicant's Role in Case:** | Attorneys for Debtors | |
| **Docket No. of Employment Order:** | Docket No. 504 | |
| | **Beginning Date** | **End of Period** |
| **Time period covered by this Application** | 7/1/23 | 9/30/23 |
| **Time period(s) covered by prior Applications** | 4/1/23 | 6/30/23 |
| | 12/21/22 | 3/31/23 |
| **Total amounts awarded in all prior Applications:** | $18,049,194.78 | |
| **Total fees requested in this Application:** | $10,917,378.25[2] | |
| **Total professional fees requested in this Application:** | $10,782,883.75 | |
| **Total actual professional hours covered by this Application:** | 8,523.40 | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.  The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

[2]  Due to an inadvertent billing error, non-working travel time included on the August and September monthly fee statements was incorrectly billed at 100% of regular hourly rates, thus resulting in a total overcharge in fees to the Debtors in the amount of $16,678.50.  To reverse this inadvertent error, Weil has reduced the total fees requested in this Application by such amount, as reflected herein.  Specifically, instead of seeking allowance of fees of $10,934,056.75 (the sum of all the fees on the monthly fee statements in this period), this Application seeks allowance of fees of $10,917,378.25.

| | |
|---|---|
| **Average hourly rate for professionals:** | $1,265.09 |
| **Total paraprofessional fees requested in this Application:** | $134,494.50 |
| **Total paraprofessional hours covered by this Application:** | 302.60 |
| **Average hourly rate for paraprofessionals:** | $444.46 |
| **Total expense reimbursements sought in this Application:** | $50,808.04 |
| **Total to be Paid to Priority Unsecured Creditors:** | TBD |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | 100% |
| **Total to be Paid to General Unsecured Creditors:** | TBD |
| **Anticipated % Dividend to General Unsecured Creditors:** | 100% |
| **Date of Confirmation Hearing:** | December 22, 2023 (scheduled) |
| **Indicate Whether Plan Has Been Confirmed:** | No |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.,* | § | Case No. 22-90341 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**REVISED THIRD INTERIM FEE APPLICATION OF WEIL, GOTSHAL & MANGES LLP, ATTORNEYS FOR DEBTORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JULY 1, 2023 THROUGH AND INCLUDING SEPTEMBER 30, 2023**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Weil, Gotshal & Manges LLP ("**Weil**"), attorneys for Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), hereby files its third application (this "**Application**") for interim allowance of compensation for professional services performed by Weil during the period commencing July 1, 2023 through and including September 30, 2023 (the "**Compensation**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

Period") in the amount of $10,917,378.25, and for reimbursement of its actual and necessary expenses in the amount of $50,808.04 incurred during the Compensation Period, and respectfully represents as follows:

### Preliminary Statement

1.    During the Compensation Period, Weil's professionals guided the Debtors through the chapter 11 process, including, among other things: (i) preparing, revising and filing the *Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1115) (the "**Amended Plan**"), including negotiations with all key creditor groups relating thereto; (ii) preparing, revising and filing the *Disclosure Statement for the Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1116) (the "**Disclosure Statement for the Amended Plan**"); (iii) preparing for and attending the mediation for the Debtors' chapter 11 plan mediated by Judge Isgur and attended by key creditor groups relating to the chapter 11 cases, including, the official committee of unsecured creditors (the "**Creditors' Committee**"), the official committee of equity holders (the "**Equity Committee**"), the Ad Hoc Noteholder Group,[2] the DIP Lenders, the Debtors' primary equipment lenders (the "**Equipment Lenders**"), and other stakeholders, including their respective professionals (the "**Plan Mediation**"); (iv) preparing, revising and filing the *Second Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1199) (the "**Second Amended Plan**"), including negotiations with all key creditor groups relating thereto; (v) preparing, revising and filing the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1200) (the "**Disclosure Statement for the Second Amended Plan**", together with the Disclosure Statement for the Amended Plan, the "**Disclosure**

---

[2]    Capitalized terms used but not defined in the Motion shall have the meanings ascribed to such terms in the Amended Plan or the Second Amended Plan.

Statements"); (vi) preparing and filing a motion for an extension of the Debtors' exclusivity periods; (vii) negotiating settlements with numerous creditors asserting tens of millions of dollars of claims and liens against the Debtors and seeking approval of such settlements (collectively, the "**M&M Settlements**"), including but not limited to Condair Inc. ("**Condair**"), J.W. Didado Electric, LLC ("**Didado**"); Huband Mantor Construction ("**HMC**"), Trilogy, LLC ("**Trilogy**"), and Harper Construction Company, Inc. ("**Harper**"); (viii) negotiating and filing a motion seeking approval of the settlement with Celsius Mining, LLC ("**Celsius**"), which resolved hundreds of millions of dollars of claims against the Debtors' estates; (ix) continuing to analyze contracts and leases and filing motions to reject certain contracts and leases; (x) frequent communication with key creditor groups relating to the chapter 11 cases, including, the Creditors' Committee, the Equity Committee, the Ad Hoc Noteholder Group, the DIP Lenders, the Equipment Lenders, and other stakeholders, including their respective professionals, and providing such parties with due diligence; (xi) continuing the claims reconciliation process, including preparing and filing claim objections in connection with proofs of claims filed by Morgan Hoffman and Harlin Dean, and attending hearings and conferences in connection with proofs of claims filed by Sphere 3D ("**Sphere**") and Gem Mining 1, LLC, GEM Mining 2B, LLC, GEM Mining 4, LLC, GEM Mining 2, LLC (collectively, "**GEM**"); and (xii) negotiating a potential purchase of assets from Bitmain Technologies Ltd. ("**Bitmain**"); (xiii) filing claims objections to various other filed claims against the Debtors.

2. The professional services performed and expenses incurred by Weil during the Compensation Period were actual and necessary to preserve and protect the value of the Debtors' estates and minimize any negative impact of the restructuring. Given the circumstances of these chapter 11 cases, Weil's charges for professional services performed and expenses

incurred are reasonable and appropriate under applicable standards.  Weil respectfully requests that the Court grant this Application and allow interim compensation for professional services performed and reimbursement for expenses incurred.

**Relief Requested**

3.       This Application has been prepared in accordance with sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Fee Guidelines**"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Docket No. 541) (the "**Interim Compensation Order**").  The Debtors request approval of Weil's Application.

4.       A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A** (the "**Proposed Order**").

**Jurisdiction**

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

6.       On December 21, 2022 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4

7.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

8.     On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**"), appointed the Creditors' Committee in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.  On March 23, 2023, the U.S. Trustee appointed the Equity Committee in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

9.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

10.     On June 20, 2023 the Debtors filed *Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 974) and the *Disclosure Statement for Joint Chapter 11 Plan of Core Scientific, Inc. and Its Debtor Affiliates* (Docket No. 975).  On August 8, 2023 the Debtors filed the Amended Plan and the Disclosure Statement for the Amended Plan.  On September 7, 2023 the Debtors filed the Second Amended Plan and the Disclosure Statement for the Second Amended Plan.  On November 10, 2023 the Debtors filed *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1407).  On November 12, 2023 the Debtors filed the *Disclosure Statement for Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1410).  On November 14, 2023 the Debtors filed a revised *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1422) (the "**Revised Third Amended Plan**") and a revised *Disclosure Statement for Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its*

*Debtor Affiliates* (Docket No. 1421) (the "**Revised Disclosure Statement for the Third Amended Plan**").

11.     On November 14, 2023 the Court entered the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (V) Approving Notice Procedures for Assumption or Rejection of Executory Contracts and Unexpired Leases; (VI) Approving Notice Procedures for Reinstatement of Claims; (VII) Establishing Rights Offering Procedures; and (VIII) Granting Related Relief* (Docket No. 1426) granting conditional approval of the Revised Disclosure Statement for the Third Amended Plan and scheduled the hearing for confirmation of the Revised Third Amended Plan for December 22, 2023.

<u>**Debtors' Retention of Weil**</u>

12.     On January 15, 2023, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* (Docket No. 286) (the "**Retention Application**").  On February 8, 2023, the Court entered an order approving the Retention Application (Docket No. 504) (the "**Retention Order**").  The Retention Order authorizes Weil to provide the following services to the Debtors:

    a)   take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

    b)   prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

c) take all necessary actions in connection with any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

d) if necessary, take all appropriate actions in connection with the sale of any or all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code, or otherwise; and

e) perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided, however*, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

(Retention Order ¶ 2.)

### Summary of Professional Compensation and Reimbursement of Expenses Requested

13.    Weil seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $10,917,378.25 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $50,808.04. During the Compensation Period, Weil attorneys, paraprofessionals, and other non-legal staff expended a total of 8,826.00 hours in connection with the necessary services performed.  During the Compensation Period, Weil voluntarily reduced the amount of fees requested by $32,448.26.

14.    There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.  During the Compensation Period, Weil received no payment or promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

15.    As set forth in the Retention Application, prior to the Petition Date, the Debtors paid fee advances to Weil for professional services to be performed and expenses to be incurred in connection with its representation of the Debtors and in preparation of the Debtors

7

seeking relief under chapter 11 (the "**Fee Advance**").  Based on a reconciliation of all charges and expenses through the date of this Application, the balance of the Fee Advance as of the date of this Application is $0.00.

16.     The fees charged by Weil in these cases are billed in accordance with Weil's existing billing rates and procedures in effect during the Compensation Period.  The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are no greater than the rates Weil charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters in a competitive national legal market.

## Supporting Documents

17.     Attached hereto as **Exhibit B** is the Certification of Ronit J. Berkovich, a partner of Weil (the "**Berkovich Certification**"), regarding Weil's compliance with the Fee Guidelines.

18.     Attached hereto as **Exhibit C** is a schedule of all Weil attorneys and paraprofessionals who have performed services for the Debtors during the Compensation Period, the capacities in which each individual is employed by Weil, the department in which each individual practices, the hourly billing rate charged by Weil for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith (the "**Schedule of Professional Fees**").

19.     Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with the prosecution of these chapter 11 cases.  Attached hereto as **Exhibit D** is a schedule of Weil's computerized time records billed during the

Compensation Period using project categories hereinafter described in the format specified by the Fee Guidelines (the "**Time Records**").

20.    Attached hereto as **Exhibit E** is an itemized schedule of the expenses for which Weil is seeking reimbursement and a summary specifying the categories of expenses included in the schedule and the total amount for each such expense category (the "**Expenses**").

21.    Attached hereto as **Exhibit F** is a summary and comparison of the aggregate blended hourly rates billed by Weil's New York and Houston timekeepers to non-bankruptcy matters during the prior twelve-month period ending October 31, 2023 and the blended hourly rates billed to the Debtors during the Compensation Period (the "**Blended Rate Comparison Chart**").

22.    Weil discussed its rates, fees, and staffing with the Debtors at the outset of these cases and has continued to discuss staffing and fees with the Debtors throughout these cases. Attached hereto as **Exhibit G** is a budget prepared in connection with Weil's representation of the Debtors during the Compensation Period (the "**Budget**").

23.    Attached hereto as **Exhibit H** is a summary of Weil's staffing plan. Attorneys and paraprofessionals assigned to this matter were necessary to assist with the prosecution of the Debtors' chapter 11 cases, preservation of the Debtors' assets, and other matters described herein.

24.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

**Summary of Services Performed by**
**Weil During Compensation Period**

25.     During the Compensation Period, Weil devoted substantial resources and rendered significant professional services to ensure that, among other things, the Debtors would be able to continue to operate their business without interruption in these chapter 11 cases, (i) negotiating, preparing, and filing the Amended Plan, the Second Amended Plan, and negotiating, drafting, and filing the Disclosure Statements, (ii) preparing for and attending the Plan Mediation and drafting numerous documents in connection therewith, including meditation statements, (iii) preparing and filing a motion for an extension of the Debtors' exclusivity periods; (iv) negotiating settlements with numerous creditors asserting tens of millions of dollars of claims and liens against the Debtors and seeking and obtaining approval of such settlements including the M&M Settlements; (viii) negotiating and filing a motion seeking approval of the Celsius Settlement (as defined below); (ix) negotiating a potential purchase of assets from Bitmain; and (x) continuing the claims reconciliation process, including preparing and filing claims objections and attending hearings relating thereto.  The following is a summary of the significant professional services, among others, rendered by Weil during the Compensation Period, organized in accordance with Weil's internal time-tracking system, and broken down by task code:[3]

a.     Asset Acquisitions / Dispositions / 363 Matters (Task Code 003)
       Fees:  $227,485.00; Total Hours:  182.00

- Reviewed and drafted various documents and analyzed legal issues related to the purchase of assets from Bitmain and communicated with the Debtors, the Debtors' other advisors, and Bitmain and their advisors and negotiated legal documentation in connection therewith;

---

[3]  If a task code does not appear, then Weil did not bill significant time for that task code during the Compensation Period, but may bill time for that task code in the future.

- Communicated with and negotiated legal documentation with potential asset sellers; and

- Communicated amongst the various Weil practice groups, the Debtors, the Debtors' other advisors, and constituents to coordinate strategy, information flow, and other issues relating to asset sales.

b.  Bar Date and Claim Matters (Task Code 005)
    Fees:  $1,315,798.00; Total Hours:  1,062.30

- Researched various topics related to claim matters;

- Reviewed filed claims and strategized approaches to filed claims;

- Strategized and researched issues relating to claims settlement procedures, objections to filed claims, including omnibus claim objection procedures, and drafted documents in connection therewith;

- Researched, drafted, revised, and filed numerous claim objections, including but not limited to, Morgan Hoffman (Docket No. 1080) and Harlin Dean (Docket No. 1246), and conferred internally, with the Debtors, and with the Debtors' other advisors in connection therewith;

- Strategized and analyzed various issues relating to GEM claims and drafted and filed motions, replies, and stipulations in connection therewith (Docket Nos. 1144, 1147) and corresponded internally and with GEM counsel in connection therewith;

- Strategized, analyzed, and prepared for hearings and conferences on various issues relating to Sphere 3D, conducted research regarding same, and drafted and filed motions, replies, and stipulations in connection therewith (Docket Nos. 1039, 1094, 1112, 1188, 1222) and corresponded internally and with Sphere 3D counsel in connection therewith;

- Coordinated with the claims and noticing agent in these cases, Stretto, Inc. ("**Stretto**"), regarding claims objections and related notices;

- Coordinated with the Debtors and the Debtors' other advisors regarding claims analysis, including claim sizes and claim reconciliation; and

- Corresponded with creditors regarding claims and potential settlements in connection therewith.

c. <u>Case Administration (WIP Updates and Calendar Updates Only) (Task Code 006)</u>
Fees:  $70,487.50; Total Hours:  77.20

- Prepared and regularly updated case calendars, comprehensive work-in-process lists, and other chapter 11 resources for the Debtors and Weil teams.

d. <u>Celsius Matters (Task Code 007)</u>
Fees:  $978,680.50; Total Hours:  784.40

- Reviewed the Celsius Chapter 11 Cases docket for *In re Celsius Network LLC*, et al., Case No. 22-10964 (MG) (Bankr. S.D.N.Y.) (the "**Celsius Chapter 11 Cases**"); analyzed pleadings filed thereon, observed and summarized hearings in the Celsius Chapter 11 Cases, conferred internally regarding same, in each case regarding issues relevant to the Debtors;

- Negotiated, drafted, and filed for Court approval a settlement term sheet with Celsius related to the Celsius Chapter 11 Cases and these Chapter 11 Cases, including among other things, regarding the parties' respective proofs of claim and the sale of the Debtors' Cedarvale facility in connection therewith, and conferred with Weil practice groups, the Debtors' other advisors, the Debtors, and Celsius' advisors regarding the same, and analyzed and revised documents, including *Debtors' Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Celsius, (II) Sale of Cedarvale Facility and Related Assets, (III) Entry Into Amended TNMP Contract and Assumption and Assignment of Transferred Contracts and (IV) Grating Related Relief* (Docket No. 1236) relating to the foregoing (the "**Celsius Settlement**") prepared for a hearing in connection therewith;

- Reviewed and drafted various documents and analyzed legal issues related to the Celsius Settlement, including the sale of the Cedarvale facility and related assets to Celsius in connection therewith, and negotiated legal documentation in connection therewith, including but not limited to, the purchase agreement, lien waivers, limited liability company agreement the operating agreement and title related documents;

- Researched various topics relating to Celsius matters and general strategy regarding Celsius and the Celsius Chapter 11 Cases, including relating to the Celsius Settlement; and

- Strategized and attended calls and conferences with Celsius and their advisors related to the Celsius Settlement and drafted various related documents in connection therewith.

12

e.  Chapter 11 Plan / Confirmation / Implementation / Plan Supplement (Task Code 008)
Fees: $4,165,033.50; Total Hours: 3,109.40

- Strategized, negotiated and attended the Plan Mediation and conferred with Weil practice groups, the Debtors' other advisors, the Debtors, and various stakeholders and their advisors regarding the same and drafted various related documents (Docket Nos. 1051, 1052, 1245, 1367), including mediation statements, in connection therewith;

- Negotiated and corresponded with various stakeholders and their advisors in connection with the Plan Mediation;

- Prepared and revised drafts of and filed the Amended Plan and the Second Amended Plan and corresponded and coordinated with the Debtors and their other advisors in connection therewith;

- Negotiated and corresponded with various stakeholder advisors in connection with the Amended Plan and the Second Amended Plan and drafted various related documents in connection therewith;

- Strategized and researched various legal issues relating to the Amended Plan and the Second Amended Plan, including issues relating to the Plan Mediation, and corresponded and coordinated with the Debtors and their other advisors in connection therewith;

- Drafted and negotiated non-disclosure agreements with potential providers of exit financing, their advisors and various stakeholders and corresponded and coordinated with the Debtors and their other advisors in connection therewith;

- Negotiated, analyzed, reviewed and considered exit financing proposal relating to the Amended Plan and the Second Amended Plan and related transactions and coordinated and corresponded with the Debtors and their other advisors and various stakeholders and their advisors in connection therewith, including various term sheets and plan documents related to a potential equity rights offering, including a backstop thereof;

- Drafted and negotiated various documents in connection with potential exit financing and settlements and corresponded and coordinated with the Debtors, their other advisors, and various stakeholders and their advisors in connection therewith; and

- Conducted an investigation of claims and releases in connection with the Amended Plan and the Second Amended Plan and drafted various documents in connection therewith.

f.      <u>Corporate Governance / Securities / Equity Matters (Task Code 009)</u>
Fees:  $659,256.00; Total Hours:  550.50

- Prepared materials for, and participated in, regular meetings of Debtors' board of directors (the "**Board**") and the special committee of independent directors of the Board (the "**Special Committee**");

- Drafted minutes of Board and Special Committee meetings;

- Prepared, reviewed, and drafted corporate governance documents, including but not limited to board resolutions, for the Debtors;

- Strategized and researched various legal issues relating to regarding corporate governance and securities matters in connection with the Amended Plan and the Second Amended Plan and conferred internally with Weil practice groups, the Debtors and the Debtors advisors in connection therewith; and

- Prepared, reviewed, and filed securities documents, including but not limited to SEC filings, for the Debtors.

g.      <u>Disclosure Statement / Solicitation / Voting (Task Code 012)</u>
Fees:  $762,055.50; Total Hours:  741.60

- Prepared draft of and filed the Disclosure Statements and solicitation materials;

- Conferred with the Debtors and their other advisors in connection with the Disclosure Statements and solicitation of the Plan;

- Conferred with the Debtors and their other advisors in connection with exhibits to the Disclosure Statements, including but not limited to liquidation analysis and financial projections;

- Prepared draft of the motion seeking approval of the Disclosure Statements and solicitation procedures of the Plan and conferred with the Debtors and their other advisors in connection therewith;

- Corresponded with various stakeholder advisors in connection with the Disclosure Statements and solicitation materials;

- Researched and analyzed issues in connect with solicitation; and

- Coordinated with Stretto regarding ballots and other solicitation matters in connection with the Disclosure Statements.

h. <u>Employee Matters (Task Code 013)</u>
   Fees:  $345,868.00; Total Hours:  269.70

- Researched, analyzed, drafted, and filed *Debtors' Motion for Entry of Order Authorizing Debtors to (I) Enter into Amended Employment Agreement and (II) Perform All Obligations Thereunder* (Docket No. 1209) and reviewed and revised employment agreement and other documents regarding the same and conferred with the Debtors and their other advisors in connection therewith;

- Drafted and filed *Motion of Debtors for Entry of Order Approving and Authorizing Implementation of Supplemental Non-Insider Key Employee Retention Plan* (Docket No. 1210);

- Researched, analyzed, and drafted other employment agreement amendments, drafted documents regarding the same, and conferred with the Debtors and their other advisors in connection therewith;

- Researched and analyzed various employee-related issues, including research re equity compensation; and

- Conferred with Weil practice groups and the Debtors regarding employee-related matters outside of and in connection with the Amended Plan and the Second Amended Plan.

i. <u>Equipment Financing and Leases (Task Code 014)</u>
   Fees:  $154,793.50; Total Hours:  127.40

- Prepared for and attended standing calls with Equipment Lenders' advisors;

- Reviewed and analyzed equipment loans and leases, conducted research in regards to the same, and communicated internally in connection therewith;

- Obtained Court approval of *Motion of Debtors (I) Amend and Restate Equipment Lease Agreements and (II) Assume Equipment Lease Agreements as Amended and Restated* (Docket No. 1154);

- Communicated with Equipment Lenders and lessors regarding claims, treatment under the Amended Plan and the Second Amended Plan, potential settlements, and other issues; and

- Communicated with various Weil practice groups, the Debtors, and the Debtors' other advisors regarding equipment loans and leases issues.

j.  <u>Exclusivity (Task Code 015)</u>
    Fees:  $245,654.00; Total Hours:  244.40

- Drafted and filed *Motion of the Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(D) of the Bankruptcy Code* (Docket No. 1065) (the "**Second Exclusivity Motion**");

- Corresponded internally, with the Debtors' and their other advisors and with various stakeholder and their advisors regarding the Second Exclusivity Motion;

- Researched and analyzed various exclusivity-related issues in connection with reply to potential objections; and

- Coordinated responses to the Ad Hoc Noteholder Group's discovery requests in connection with the Second Exclusivity Motion and communicated with the various Weil practice groups, the Debtors, and the Debtors' other advisors regarding the same.

k.  <u>Executory Contracts / Leases / Real Property / Other 365 Matters (Task Code 016)</u>
    Fees:  $658,749.00; Total Hours:  565.50

- Drafted and/or reviewed and analyzed various real estate documents, including leases and easements, in connection with potential settlements;

- Reviewed and drafted loan documents in connection with various amendments and potential settlements analyzed legal issues related therewith;

- Negotiated, drafted and executed mortgage settlement agreements and drafted documents in connection therewith;

- Obtained Court approval of *Motion of Debtors (I) Approving Assumption of (A) Unexpired Nonresidential Real Property Leases and (B) An Executory Contract, as Amended and (II) Granting Related Relief* (Docket No. 1153);

- Negotiated, drafted, and filed the M&M Settlements (Docket Nos. 1057, 1058, 1081, 1062, 1189) and obtained Court approval of the Condair and HMC settlements (Docket Nos. 1155, 1167);

- Coordinated responses to the Ad Hoc Noteholder Group's diligence requests in connection with the M&M Settlements, and communicated with various Weil practice groups, the Debtors, and the Debtors' other advisors regarding the same;

- Negotiated, drafted, and filed *Debtors' Motion for Order Approving (I) Settlement Between Debtors and Foundry Digital LLC and (II) Granting Related Relief* (Docket No. 1180) (the "**Foundry Settlement**");

- Coordinated responses to the Ad Hoc Noteholder Group's diligence requests in connection with the various settlements, including but not limited to the Foundry Settlement, and communicated with the various Weil practice groups, the Debtors, and the Debtors' other advisors regarding the same;

- Negotiated, drafted and filed *Debtors' Motion for Authority to Enter into Lease and Related Agreements* (Docket No. 1260);

- Conducted legal analysis relating to mechanics' liens and other real estate issues and communications internally, with Debtors, and their other advisors in connection therewith; and

- Corresponded with Weil practice groups, the Debtors, and the Debtors' other advisors and various third parties regarding topics related to real estate matters.

l.  General Case Strategy (Including WIP and Team Meetings) (Task Code 017)
    Fees:  $180,105.50; Total Hours:  151.30

- Prepared for and participated in meetings and on teleconferences with the Debtors' management team and the Debtors' other advisors to discuss case strategy and coordination, Court filings and hearings, transaction negotiations, business-related issues, and numerous other case issues and pending matters; and

- Conducted numerous internal team meetings, conferences and teleconferences regarding the status and administration of the Debtors' chapter 11 case, general case strategy, and various work streams regarding the matters described in this Application.

m.  Hearings and Court Matters (Task Code 018)
    Fees:  $105,310.00; Total Hours:  102.70

- Prepared for and represented the Debtors at hearings including hearings on claim disputes, including Sphere 3D, and other hearings regarding various issues related to these chapter 11 cases;

- Prepared and filed documents for hearings, and coordinated service of various motions, notices, and other documents for hearings, including agendas, proposed agendas, proposed orders, certificates of counsel, certificates of no objection, and witness and exhibit lists; and

17

      •   Consulted with the Court's chambers regarding case matters and prepared materials for the court.

n.     <u>Retention / Fee Applications: Weil (Task Code 025)</u>
       Fees: $136,282.00; Total Hours: 154.40

      •   Drafted and filed *Second Supplemental Declaration of Ray C. Schrock in Support of Application of Debtors for Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys for Debtors Effective as of Petition Date* (Docket No. 1145);

      •   Drafted, filed, and obtained Court approval of the *Second Interim Fee Application of Weil, Gotshal & Manges LLP, Attorneys for Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from April 1, 2023 Through and Including June 30, 2023* (Docket No. 1149);

      •   Reviewed time records and disbursements for compliance with U.S. Trustee Guidelines; and

      •   Drafted and reviewed Weil monthly fee statements in connection with *Order Allowing Interim Compensation and Reimbursement of Expenses* (Docket No. 1218).

o.     <u>Tax Matters (Task Code 027)</u>
       Fees: $559,341.00; Total Hours: 382.30

      •   Reviewed and analyzed various tax matters, including but not limited to, various settlements, claims, the Debtors' business plan and company structure, Plan Mediation documents, the Amended Plan and the Second Amended Plan, exit financing, and various plan term sheets, including relating to the convertible notes;

      •   Drafted and reviewed a tax model in connection with the Amended Plan and the Second Amended Plan and Disclosure Statement; and

      •   Corresponded with Weil practice groups, the Debtors, and the Debtors' professionals regarding various tax issues.

      26.     In connection with the foregoing, Weil prepared, on behalf of the Debtors, all necessary motions, applications, orders, notices, responses, and other papers in support of positions taken by the Debtors and in compliance with applicable law.

27.     The foregoing professional services were necessary and appropriate to the administration of the Debtors' chapter 11 cases.  The professional services performed by Weil were in the best interests of the Debtors and their stakeholders.  Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in these cases.  All of Weil's professional services were performed skillfully and efficiently.

28.     The professional services performed by Weil's partners, counsel, associates, and paraprofessionals were rendered by the Restructuring, Corporate, Litigation, and Tax, Benefits & Executive Compensation Departments, predominantly in the New York and Houston offices.  Weil has a preeminent Restructuring practice and enjoys a national reputation for its expertise in financial reorganizations and restructurings of distressed entities.

29.     The professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of approximately 8,826.00 hours by Weil's partners, counsel, associates, paraprofessionals, and other non-legal staff.  Of the aggregate time expended, approximately 2,939.50 recorded hours were expended by partners and counsel of Weil, approximately 5,583.90 recorded hours were expended by associates, and approximately 302.60 recorded hours were expended by paraprofessionals and other non-legal staff of Weil.  Of the seventy-four (74) Weil attorneys who billed time, twenty-seven (27) billed fewer than 15 hours to this matter.  Of the twenty (20) Weil paraprofessionals and non-legal staff who billed time, fourteen (14) billed fewer than 15 hours to this matter.

30.     During the Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly rates ranging from $525.00 to $2,095.00 per hour for attorneys. Allowance of compensation in the amount requested would result in a blended hourly billing rate

for Weil attorneys in this Application of approximately $1,265.09 based on 8,523.40 recorded hours for attorneys at Weil's billing rates in effect at the time of the performance of services.

### Actual and Necessary Disbursements of Weil

31.     As set forth in **Exhibit E** attached hereto, Weil has disbursed $50,808.04 as expenses incurred in providing professional services during the Compensation Period.  These expenses are reasonable and necessary and were essential to the overall administration of these cases.

32.     Although Weil has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from Weil's offices.  Weil's regular practice is not to include components of those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the Fee Guidelines or the Bankruptcy Local Rules.

33.     With respect to photocopying expenses, in compliance with the Fee Guidelines and Local Rule 2016-1, Weil charges all of its clients $0.10 per black-and-white page; Weil charges $0.50 per color page.  With respect to legal research, Weil does not charge more than the actual cost.  Each of these categories of expenses does not exceed the maximum rate set by the Fee Guidelines or the Bankruptcy Local Rules.  These charges are intended to cover Weil's direct operating costs, which costs are not incorporated into Weil's hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit E** are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients that do not require extensive photocopying and other facilities and services.  The

amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service.  A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

34.     On certain occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services.  These disbursements are not included in Weil's overhead for the purpose of setting billing rates.

35.     Weil has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were those that were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates and creditors.

## Requested Compensation Should Be Allowed

36.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

37.     The Court of Appeals has held that the six factors found in section 330(a)(3) of the Bankruptcy Code are to be considered when awarding compensation to professionals.  *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012).  Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

38.     In the instant case, Weil submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

39.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.  Not only were Weil's professional services performed skillfully and efficiently, but whenever possible, Weil sought to minimize the cost of its services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of case administration.  In addition, groups of the same Weil attorneys were utilized for similar tasks in these cases to minimize the costs of intra-Weil communication and education about the Debtors' circumstances.  As described above,

the complexity of these cases required the use of specialists in tax, banking and finance, mergers and acquisitions, capital markets, litigation, employee benefits, and other areas to achieve the progress the Debtors have reached thus far in these chapter 11 cases.

40.     In sum, the services rendered by Weil were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the types of issues involved in these chapter 11 cases.   Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

### Notice

41.     Notice of this Application will be provided in accordance with the procedures set forth in the Interim Compensation Order.  The Debtors respectfully submit that no further notice is required.

[*Remainder of the Page Left Intentionally Blank*]

## **Conclusion**

41.     Weil respectfully requests that the Court award interim allowance of Weil's compensation for professional services rendered during the Compensation Period in the amount of $10,917,378.25, representing 100% of fees incurred during the Compensation Period, and reimbursement in the amount of $50,808.04 representing 100% of actual and necessary expenses incurred during the Compensation Period, and that such allowance be without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Compensation Period in the event such fees and expenses were not processed at the time of this Application and grant such other and further relief as is proper and just.

Dated: November 16, 2023
Houston, Texas

*/s/ Alfredo R. Pérez*

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez@weil.com
        Clifford.Carlson@weil.com

– and –

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

24

## <u>Certificate of Service</u>

I hereby certify that on November 16, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Debtors' claims, noticing, and solicitation agent.

_/s/ Alfredo R. Pérez_
Alfredo R. Pérez