IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | Case No. 22-90341 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**DEBTORS' MOTION FOR THIRD ORDER (I) FURTHER
EXTENDING THE DEADLINE BY WHICH THE DEBTORS MAY
REMOVE CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

**Background**

1. On December 21, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"). On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

**Previous Extensions of the Deadline to Remove Civil Actions**

3. On March 10, 2023, the Debtors filed the *Debtors' Motion for an Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions and (II) Granting Related Relief* (Docket No. 660) (the "**First Extension Motion**").

4. On April 19, 2023, the Court entered the *Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* (Docket No. 813), which granted the relief requested in the First Extension Motion, including extending the Debtors' deadline to remove civil actions from March 22, 2023 to July 20, 2023.

5. On July 18, 2023, the Debtors filed the Motion of Debtors for Entry of an Order Further Extending the Deadline by which the Debtors May Remove Civil Actions and (II) Granting Related Relief (Docket No. 1070) (the "**Second Extension Motion**").

6.  On August 16, 2023, the Court entered the *Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* (Docket No. 1071), which granted the relief requested in the Second Extension Motion, including extending the Debtors' deadline to remove civil actions from July 20, 2023 to November 17, 2023.

### Jurisdiction

7.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

8.  Pursuant to 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027, and Bankruptcy Local Rules 9013-1, the Debtors request entry of an order (i) extending by 120 days the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**") from the current deadline of November 17, 2023 through and including March 16, 2024 and (ii) granting related relief.[2]

9.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Basis for Relief Requested

10. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil

---

[2] The deadline by which the Debtors may file notices of removal is November 17, 2023. Rule K of the Procedures for Complex Cases in the Southern District of Texas provides that "if a motion is filed that complies with [the procedures for complex cases] to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion."

3

>action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

>If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

>[O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

11. Bankruptcy Rule 9006(b) provides that the Court may extend the period within which the Debtors may remove actions provided by Bankruptcy Rule 9027, without notice, upon a showing for cause:

>[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

WEIL:\99357330\5\39031.0014

**Cause Exists to Extend Further the Removal Deadline**

12. It is well settled that the Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g.*, *Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. Apr. 27, 2023) (Docket No. 2024) (granting a third 60-day extension of the removal period without prejudice to debtors' ability to seek additional extensions); *In re NPC Int'l, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. Jul. 19, 2021) (Docket No. 1845) (granting the third of seven 120-day extensions of the removal period without prejudice to debtors' ability to seek additional extensions); *CBL & Assocs. Props., Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Sep. 22, 2021) (Docket No. 1460) (granting the third of three 90-day extensions of the removal period without prejudice to debtors' ability to seek additional extensions); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

13. Cause exists to extend the Removal Deadline in these chapter 11 cases from the current deadline of November 17, 2023 through and including March 16, 2024. Prior to and since the Second Extension Motion, the Debtors have focused a significant part of their efforts on developing and executing a restructuring strategy designed to maximize value for all of the Debtors' stakeholders. The Debtors have made substantial progress towards confirming a chapter 11 plan through negotiations with their key stakeholder groups (i) the Ad Hoc Noteholder Group; (ii) the Replacement DIP Lender; (iii) the Equipment Lenders; (iv) the Creditors' Committee; and (v) the Equity Committee (each as defined in the *Agreed Mediation Order Appointing Judge Marvin Isgur as Mediator Regarding Debtors' Chapter 11 Plan*, entered July 12, 2023 (Docket No. 1052)). More recently, the Court entered an Order conditionally approving the Debtors'

Disclosure Statement (Docket No. 1426) and on November 16, 2023, the Debtors (i) executed a Restructuring Support Agreement with the Equity Committee and Ad Hoc Noteholder Group,[3] (ii) filed solicitation versions of the Plan and Disclosure Statement, and (iii) executed the Backstop Commitment Letter with certain equity holders that have agreed to backstop the Debtors' rights offering.[4]

14. The Debtors have undergone an extensive claims reconciliation process, and will continue to analyze and determine which civil actions (if any) they may seek to remove.

15. The Debtors are party to a number of civil actions in various jurisdictions (collectively, the "**Civil Actions**"). The Debtors' analysis regarding which, if any, of these Civil Actions they may seek to remove depends on a number of factors, including but not limited to: (i) the importance of the Civil Action to the resolution of the chapter 11 cases, (ii) the relationship between the Civil Action to the matters to be considered in the chapter 11 cases, (iii) the presence of federal subject matter jurisdiction, and (iv) the timing required to complete the Civil Action in its current venue. An extension of the Removal Deadline will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Civil Action, and will ensure that the Debtors and their estates do not forfeit the valuable rights afforded to the Debtors under 28 U.S.C. § 1452. Although the Debtors do not currently intend to remove any lawsuits, the Debtors' review remains ongoing and circumstances may change. Therefore, the Debtors believe that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a) for filing notices of removal from the current deadline of November 17, 2023 through and including

---

[3] See *Notice of (I) Execution of Restructuring Support Agreement and (II) Filing of Solicitation Versions of (A) Third Amended Plan and (B) Disclosure Statement for Third Amended Plan* [Docket No. 1440]

[4] See *Notice of (I) Execution of Backstop Commitment Letter and (II) Filing of Proposed Backstop Order and Backstop Commitment Letter* [Docket No. 1443]

WEIL:\99357330\5\39031.0014

March 16, 2024. Furthermore, an extension would not prejudice the rights of the Debtors' adversaries in the Civil Actions because any party to an action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

16. The Debtors further request that the order approving this Motion be without prejudice to (i) any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any given Civil Action pending against any of the Debtors and (ii) the right of the Debtors to seek further extensions of the Removal Deadline.

17. For the reasons stated above, the Debtors submit that cause exists to grant this Motion and that the relief requested herein is appropriate and in the Debtors' and their estates' best interests.

## Notice

18. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013 1(d).

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 17, 2023
       Houston, Texas

Respectfully submitted,

  /s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email: Ray.Schrock@weil.com
       Ronit.Berkovich@weil.com

*Attorneys for Debtors
and Debtors in Possession*

## Certificate of Service

I hereby certify that on November 17, 2023 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                    */s/ Alfredo R. Pérez*
                                                                    Alfredo R. Pérez

WEIL:\99357330\5\39031.0014