IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | **Chapter 11** |
|  | § |  |
| **CORE SCIENTIFIC, INC., et al.,** | § | **Case No. 22-90341 (CML)** |
|  | § |  |
|  | § | **(Jointly Administered)** |
| **Debtors.**[1] | § |  |
|  | § | Re: Docket No. 1367 |

**APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
PURSUANT TO SECTIONS 503(B)(3) AND 503(B)(4) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 2016, AND SECTIONS 1.6 AND 6.3 OF THE DEBTORS'
THIRD AMENDED PLAN FOR ALLOWANCE OF FEES AND EXPENSES
INCURRED IN THE MAKING OF A SUBSTANTIAL CONTRIBUTION AS AN
ADMINISTRATIVE EXPENSE**

---

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on December 22, 2023 at: 10 a.m. (prevailing central time) in Courtroom 401, 4th floor, 515 Rusk, Houston, TX 77002. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.  Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Skadden, Arps, Slate, Meagher and Flom LLP ("**Skadden**") hereby submits this application (the "**Application**") on behalf of the ad hoc group (the "**Ad Hoc Equity Group**")[2] of beneficial holders of the common stock of Core Scientific, Inc., pursuant to sections 503(b)(3)(D) and 503(b)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") and sections 1.6 and 6.3 of the proposed *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and its Affiliated Debtors* (the "**Third Amended Plan**"),[3] seeking allowance of an administrative expense claim for reimbursement of $1,457,292.31 of professional fees and expenses, plus the amounts incurred and to be incurred on account of this application, up to a maximum amount of $1,500,000, that Skadden incurred by the Ad Hoc Equity Group in making a substantial contribution in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of Core Scientific, Inc. ("**Core Scientific**" or the

---

[2]    The members of the Ad Hoc Equity Group and their respective holdings are identified in the *Supplemental Verified Statement of the Ad Hoc Group of Equity Holders Pursuant to Bankruptcy Rule 2019*, filed on March 1, 2023.  [Docket 604].

[3]    Section 6.3 of the Debtors' *Third Amended Plan* states that "[i]ssuances in connection with the distribution of the Incremental Convertible Noteholders Equity Distribution shall be made as soon as practicable to the Holders of Allowed Claims in Classes 1, 2, 11, or 12, as applicable, after . . . a Final Order with respect to the Ad Hoc Equity Group Substantial Contribution Claim shall have been entered."  [Docket No. 1438].  Section 1.6 of the *Third Amended Plan* defines the Ad Hoc Equity Group's Substantial Contribution Claim as a "[c]laim by the Ad Hoc Equity Group for the reasonable and documented fees and expenses of Skadden, Arps, Slate, Meagher & Flom LLP in its capacity as counsel to the Ad Hoc Equity Group, in an amount not to exceed $1,500,000, for which the Ad Hoc Equity Group may seek allowance through a substantial contribution motion to be supported by the Debtors."  *Id.*  Section 7(a)(x) of the Debtors' new Restructuring Support Agreement (the "**Plan RSA**") also states that the Debtors agree to "support a substantial contribution claim for the professional fees and expenses incurred on behalf of the Ad Hoc Equity Group in an amount no greater than $1.5 million, which shall only be payable upon the Effective Date" so long as the Official Committee of Equity Security Holders do not object to the plan or exercise their fiduciary out under the Agreement.  [Docket No. 1440].

"**Company**" and, together with its affiliated debtors and debtors in possession, the "**Debtors**").[4] In support of this Application, Skadden respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      On or about December 26, 2022, which was shortly after the commencement of these Chapter 11 Cases, Skadden was retained by a group of equity holders to represent them in seeking the appointment of an official committee of equity holders. This group of equity holders took the position from the outset that the initial proposed Restructuring Support Agreement (the "**Initial RSA**") [Docket No. 72] filed in these Chapter 11 Cases significantly undervalued the Company. At that time there was a significant, but ultimately transitory, downturn in the cryptocurrency markets (also referred to as the "crypto winter"[5]). This temporary economic decline, among other things, likely led to a vacuum in the financing markets for crypto-related companies and a value proposition in the Initial RSA that would have severely impaired the recoveries available to equity holders and other key stakeholders. The Ad Hoc Equity Group maintained that cryptocurrency would rebound relatively quickly. On the day that the Debtors filed the petition to commence the Chapter 11 Cases (the "**Petition**"), Bitcoin closed at $16,817.54. On January 6, 2023, when the equity holders sent a letter to the U.S. Trustee requesting the appointment of an official equity committee, Bitcoin closed at $16,951.97. Later that same month, on January 23, when the equity holders sent a letter to the Debtors asking for their support regarding the committee appointment, Bitcoin closed at $22,934.43, a 36% increase since the

---

[4]     Skadden received partial payment directly from certain of the members of the Ad Hoc Equity Group in the amount of $592,189.98. Skadden is seeking allowance of the full amount incurred on behalf of the Ad Hoc Equity Group and to the extent of any surplus paid, Skadden would reimburse any member of the Ad Hoc Equity Group on a pro rata basis based upon amounts paid by each member.

[5]     First Day Decl. ¶¶ 6, 65-78.

commencement of the Chapter 11 Cases.  On January 27, 2023, the date the Ad Hoc Equity Group objected to the initial DIP financing, Bitcoin closed at $23,078.73.  When the Court appointed the Official Equity Committee on March 7, 2023, Bitcoin's value held steady and it closed at $22,219.77.  The Ad Hoc Equity Group maintained in its correspondence and filings that the value of the Debtors' business remained strong and that Bitcoin pricing would continue to rebound and therefore felt compelled to seek the appointment of an official equity committee so that equity holders would have an official voice in these Chapter 11 Cases.  And in fact, over the past year, Bitcoin has continued to increase in value.  The following chart shows the year-to-date movement in Bitcoin prices:[6]



As of the day prior to this filing, Bitcoin closed at $35,813.81.[7]

---

[6]  *See Bitcoin USD (BTC-USD)*, Yahoo! Finance, https://finance.yahoo.com/quote/BTC-USD/ (last visited Nov. 22, 2023).

[7]  *See Bitcoin USD (BTC-USD)*, Yahoo! Finance, https://finance.yahoo.com/quote/BTC-USD/ (last visited Nov. 22, 2023) (all Bitcoin valuations derived from Yahoo! Finance's "Historical Data" page).

2.      During the first quarter of 2023, Skadden worked diligently on behalf of the Ad Hoc Equity Group, including (a) corresponding, engaging, and negotiating with the U.S. Trustee, the Debtors, the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and other key stakeholders, (b) drafting and filing pleadings, including the *Motion of the Ad Hoc Equity Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458] (the "**Motion**"), and objecting to the Debtors' proposed debtor-in-possession ("**DIP**") financing [Docket Nos. 375, 584], which was initially tied to the Initial RSA and subsequently excluded payment to any retained professionals of any official equity committee in the budget, and (c) related to such pleadings, undertaking discovery, preparing exhibits for hearings, and representing the Ad Hoc Equity Group at hearings, including arguing the Ad Hoc Equity Group's Motion and objections.  These efforts proved successful, and on March 7, 2023, the Court entered an order [Docket No. 458] directing the appointment of the official equity committee (the "**Official Equity Committee**").

3.      The Ad Hoc Equity Group was the predecessor to the Official Equity Committee, laying the groundwork for the negotiation of the proposed and filed Third Amended Plan, which should provide significant recoveries to equity holders and is supported by key stakeholders. Indeed, the proposed plan provides equity holders with new equity and allows them to purchase additional equity through two tranches of warrants and the right to participate in a $55 million rights offering, where equity holders "will have Subscription Rights for Rights Offering Shares at a Per Share Price reflecting a 30 percent (30%) discount to the Plan Equity Value implied by the $1.5 billion Plan Enterprise Value." [Docket 1439 at 4].  In addition, the Official Equity Committee is able to appoint two directors to the reorganized Company's board, preserving the equity holders' representation in the go-forward business.  [Docket 1438 at 5.18(a)(ii)].

4.      This lies in stark contrast to the Initial RSA and initial DIP financing proposed by the Debtors on the first day of these Chapter 11 Cases, which would have likely resulted in little to no recovery for equity holders.[8]  The Ad Hoc Equity Group's and Skadden's early efforts laid a foundation for (a) the Debtors to negotiate and obtain a more favorable alternative DIP financing arrangement with superior terms and which was not tied to the Initial RSA that would have eliminated (or at least severely impaired) equity holders' recovery and (b) equity holders to have a voice in plan negotiations.  As this Court understands, the appointment of an official equity committee in this Court is rare, let alone an official equity committee that benefits from an agreed-upon and Court-approved multimillion-dollar budget (like the budget in this case that was negotiated by Skadden on behalf of the Ad Hoc Equity Group).

5.      The request for allowance of Skadden's fees and expenses as an administrative expense claim is appropriately limited to the reasonable fees and actual, necessary expenses incurred in connection with representing the Ad Hoc Equity Group in getting the Official Equity Committee appointed.  Currently, the individual members of the Ad Hoc Equity Group are responsible for Skadden's fees, whose services ultimately inured to the benefit of various constituencies, especially other equity holders.  However, given the substantial contributions to these Chapter 11 Cases, individual members of the Ad Hoc Equity Group should not be solely responsible for the cost of Skadden's services.  Accordingly, Skadden respectfully requests that

---

[8]     Pursuant to the Initial RSA, the equity holders and general unsecured creditors would have shared 3% of new common shares, subject to dilution, but the allocation between these groups was undetermined, which meant that the equity holders likely would not have received any recovery in light of the absolute priority rule.  The Initial RSA did purport to provide another highly speculative upside to equity—a "pro rata share of the Existing Equity Warrants," but only in the event that both general unsecured creditors and equity holders both voted to accept the plan.  [Docket 72-1 at 18].  Moreover, these warrants came in three separate tranches at different prices: the first at a price that assumes an enterprise value allowing "holders of Convertible Notes receive a par recovery," the second at a price that assumes an enterprise value allowing "holders of the Convertible Notes receive a 200% recovery," and the third at a price that assumes an enterprise value allowing that "holders of the Convertible Notes receive a 300% recovery."  *Id.* at 56 (Exhibit D).

this Court grant the Application to pay its fees and expenses, which amount to $1,457,292.31 plus the amounts incurred and to be incurred on account of this application, up to a maximum amount of $1,500,000.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

8.      By this Application, Skadden seeks, pursuant to sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code and sections 1.6 and 6.3 of the Third Amended Plan, entry of an order, substantially in the form attached as **Exhibit A**, (i) allowing as an administrative expense a claim in the aggregate amount of $1,457,292.31, of which (A) $1,418,623.73, represents professional fees incurred by Skadden in providing services to the Ad Hoc Equity Group in connection with its substantial contribution to these Chapter 11 Cases and (B) $38,668.58, represents actual, necessary, out-of-pocket expenses incurred by Skadden in providing services to the Ad Hoc Equity Group in connection with its substantial contribution to these Chapter 11 Cases, plus (C) the amounts incurred and to be incurred on account of this application, up to a maximum aggregate amount of $1,500,000 (together, the "**Substantial Contribution Claim**"), (ii) authorizing and directing the Debtors to pay Skadden the Substantial Contribution Claim on the effective date of the Debtors' chapter 11 plan or as soon thereafter as practicable and (iii) granting such other and further relief as the Court deems just, proper and equitable.

## FACTUAL BACKGROUND

9.     On December 21, 2022 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**"). The Debtors were authorized to continue to operate their business and manage their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

10.     On the Petition Date, the Debtors also filed, among other things, the *Emergency Motion of the Debtors for Entry of Interim and Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Petition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 38] (the "**Original DIP Motion**"), requesting authorization to obtain DIP financing ("**Initial DIP Financing**").

11.     On the Petition Date, the Debtors also filed an Initial RSA, which they entered into with secured convertible noteholders. [Docket 72-1]. The Initial RSA proposed to distribute 97% of common shares in the reorganized Company to the secured noteholders. *Id*. at 45. For context, the chapter 11 plan value of the Company contemplated by the Debtors' Third Amended Plan is $1.5 billion [Docket No. 1438, at Section 1.103]. Thus, the plan contemplated by the Initial RSA would have likely left equity holders with little to no recovery.

12.     Recognizing that the Initial RSA did not reflect the value that should be available for equity holders, several Core Scientific equity holders formed an ad hoc group and retained Skadden to represent them in connection with seeking the appointment of an official equity committee.

**A. Skadden's Efforts Resulted in the Appointment of an Official Equity Committee**

13.     The Ad Hoc Equity Group retained Skadden on or about December 26, 2022.  On January 6, 2023, Skadden, on behalf of the Ad Hoc Equity Group, submitted a letter to the U.S. Trustee providing evidence that the Debtors were solvent and advocating for the appointment of an official equity committee (the "**January 6 Letter**").[9] At the time of the January 6 Letter, eight equity holders accounting for 12,322,419 shares of the Company's common stock, and 3.29% of all issued and outstanding common stock, comprised the Ad Hoc Equity Group.

14.     Skadden, on behalf of the Ad Hoc Equity Group, continued to correspond diligently with the U.S. Trustee, advocating for the appointment of an official equity committee and highlighting the substantial increase in the price of Bitcoin, the surge in the stock prices of the Company's competitors, and the increasing support by the Company's equity holders, as evidenced by the substantial number of equity holders who continued to join the Ad Hoc Equity Group after its formation—an increase of approximately six times the number of shares, and an increase in the number of members from an initial group of eight equity holders to a group of 33 equity holders.

15.     On January 20, 2023, the U.S. Trustee sent Skadden, as counsel to the Ad Hoc Equity Group, an email advising that it was declining to appoint an official equity committee.  The U.S. Trustee explained that he had "evaluated the request and at this time and based on the present facts and circumstances of these cases, the U.S. Trustee is exercising his discretion to not appoint an Official Equity Committee."  [Docket No. 458-4].  The U.S. Trustee did not provide any further rationale or explanation for his decision, and he did not address the substance of the arguments the

---

[9]     The January 6 Letter was attached to the Motion as Exhibit B thereto.

Ad Hoc Equity Group put forward in support the appointment of an official equity committee in its January 6 Letter.[10]

16. Throughout the month of January, Skadden also communicated with Debtors' counsel, asking for support for the formation of an official equity committee. To that end, on January 23, 2023, Skadden sent a letter to Debtors' counsel seeking the Debtors' support for the formation of an equity committee and indicating the Ad Hoc Equity Group's intent to file a motion seeking the appointment of the same.

17. As a result of the work Skadden had done, by February 3, 2023, the Ad Hoc Equity Group had further grown in size and was comprised of equity holders holding 67,086,243 shares of the Company's common stock, representing approximately 17.91% of all issued and outstanding common stock of the Company.

18. Skadden drafted, and on February 3, 2023, the Ad Hoc Equity Group filed the Motion seeking the appointment of an official equity committee.

19. Skadden continued to communicate regularly with the Debtors' advisors in an effort to seek support for a motion to appoint an official equity committee and discussed the same with counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").

20. Skadden worked tirelessly on behalf of equity holders to advocate for the formation of an equity committee, developing written work product for the Court and various stakeholders to provide evidence that equity holders were "in the money." Skadden tracked news reports, market research and other evidence related to Core Scientific and Bitcoin, and monitored Bitcoin pricing and futures markets with dogged persistence. Skadden discussed and corresponded with

---

[10]   In telephonic communications, the U.S. Trustee expressed to Skadden that the decision not to appoint an official equity committee was a difficult and close decision and that the U.S. Trustee would consider subsequent requests based on changing facts and circumstances as the Chapter 11 Cases progressed.

the Debtors and the Creditors' Committee while preparing, and after filing, the Motion to underscore the importance of appointing an Official Equity Committee to give equity holders a voice in the Chapter 11 Cases.  Preparing the Motion required time- and fact-intensive discovery and research on behalf of the Ad Hoc Equity Group.  The Ad Hoc Equity Group was also served with discovery requests by the Ad Hoc Noteholder Group, which required Skadden to spend significant time reviewing documents and preparing discovery responses and objections.  The Court also held numerous evidentiary hearings, requiring significant preparation of exhibits and witnesses.

21.     Ultimately, as a result of Skadden's advocacy on behalf of the Ad Hoc Equity Group, the Debtors supported the appointment of an official equity committee, as reflected in the *Debtors' Response to Motion for Appointment of an Official Committee of Equity Security Holders* on February 24, 2023.  [Docket 570].  Specifically, following weeks of negotiations the Debtors' supported the creation of an official equity committee and agreed that it be allocated a $4.75 million budget.  The Debtors' response to the Motion attributes the Debtors' support for the official committee to its discussions with the Ad Hoc Equity Group.[11]  Skadden also continued to negotiate with the Creditors' Committee, and while the Creditors' Committee did not give its affirmative consent, it also filed a statement indicating that it would not oppose the appointment of an official equity committee.  [Docket No. 571].[12]  The Ad Hoc Noteholder Group, however, objected to the Motion.

---

[11]   In their response, Debtors state that "[a]fter discussions between the Debtors and the Ad Hoc Equity Group, the Ad Hoc Equity Group has agreed to these conditions including an agreed Budget of $4.75 million."  [Docket 570 ¶ 1].

[12]   *Statement of the Official Committee of Unsecured Creditors with Respect to Motion of the Ad Hoc Group of Equity Holders for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 571].

22.     In connection with the contested Motion, Skadden propounded discovery requests and defended against requests from the objecting Ad Hoc Noteholder Group.  Skadden also prepared for a full evidentiary hearing and prepared additional materials in support of the Motion, including filing 38 exhibits that supported the request for relief, including evidence of the Company's solvency and rising Bitcoin prices [Docket 576], the Declaration of Attorney Ron E. Meisler to prove the necessity of an Official Equity Committee to protect value for equity holders [Docket 578] and the *Reply of Ad Hoc Group of Equity Holders (A) to Objection of the Ad Hoc Noteholder Group and (B) in Further Support of the Motion of the Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders*.  [Docket 588].

23.     Skadden also negotiated the terms of the order appointing the Official Equity Committee with the Debtors and the Creditors Committee.  While Skadden was able to reach consensus with the Debtors and the Creditors' Committee with respect to the terms of an order, it was unable to reach agreement with the Ad Hoc Noteholder Group or the replacement DIP lender, who were unwilling to relent in their opposition and refused to include in the DIP financing budget any payments to retained advisors of an official equity committee, even if its appointment was approved by the Court.  Skadden represented the Ad Hoc Equity Group in connection with the Motion and the budget at hearings held on March 1, 2023, and March 3, 2023.  On March 7, 2023, this Court signed the *Agreed Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 642] and required the inclusion in the budget of the Official Equity Committee's retained professionals.  On March 23, 2023, the U.S. Trustee filed the *Notice of Appointment of Official Committee of Equity Security Holders* [Docket No. 724], which appointed seven equity security holders to the Official Equity Committee.

24.     The Official Equity Committee has been the representative of equity holders in plan mediation and plan negotiations.  The Official Equity Committee is a party to the Plan RSA, supporting the Debtors' recently filed Third Amended Plan.  The Third Amended Plan provides a meaningful recovery for equity holders, including an estimated 33.9% to 45.8% of the reorganized Debtors' common equity interests, subject to certain assumptions set forth in the Disclosure Statement, including the estimated amount of Allowed Claims (as defined in the Third Amended Plan).  *See Disclosure Statement for Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* at 37 [Docket No. 1439].  In addition, the Official Equity Committee successfully negotiated for equity holders to receive rights to participate in a rights offering at a 30% discount to plan value, warrants to purchase additional equity as the company grows and two seats on the new board of directors.

**B.  Skadden Advised the Ad Hoc Equity Group in Connection with Its Objection to the DIP Financing and Assisted with Respect to Finding Alternative Financing**

25.     On the Petition Date, the Debtors filed to approve the Initial DIP Financing on terms that the Ad Hoc Equity Group maintained were unfavorable to equity holders, among others.  The proposed DIP financing would have paid the proposed DIP lenders (comprised of certain of the Company's prepetition secured lenders) expensive fees, such as a significant termination fee,[13] and required the Debtors to obtain approval of a chapter 11 plan implementing the Initial RSA, which would have imposed a chapter 11 plan with terms that were highly unfavorable to equity holders.

---

[13]     Under the terms of the Initial DIP Financing, the Termination Fee was equal to (a) 2% of outstanding roll-up loans plus (b) 3% of all other outstanding loans (and interest thereon) (if the DIP financing facility rolls into an exit facility) or 15% of such other outstanding loans and interest (upon the termination of the DIP financing facility in any other circumstance).  Initial DIP Financing Loan Agreement § 1.1.  [Docket No. 38].

26. To preserve value for the equity holders, the Ad Hoc Equity Group determined to file an objection to the Initial DIP Financing. Skadden drafted and, on January 27, 2023, filed an objection to the Original DIP Motion. [Docket No. 375].

27. In addition, at the direction of the Ad Hoc Equity Group, Skadden identified potential alternative financing parties and connected the Debtors with a potential alternative financing source. Upon information and belief, the proposal submitted by this alternative financing source was the first of the viable competing proposals received by the Debtors, and the competition undoubtedly improved the Debtors' ability to negotiate improved terms in the B. Riley replacement DIP financing facility.

28. Although the B. Riley DIP financing provided better economics, B. Riley (and the Ad Hoc Noteholder Group) objected to allowing a budget for the payment of any fees to advisors to be retained by an official equity committee, if appointed. Accordingly, Skadden prepared a limited objection requesting a modest budget for the Official Equity Committee consistent with whatever the Court might order. [Docket Nos. 570, 584]. Skadden represented the Ad Hoc Equity Group at hearings on March 1, 2023, and March 3, 2023, advancing the Group's limited objection requesting a budget to fund the Official Equity Committee's necessary fees and expenses for its retained professionals.

## BASIS FOR RELIEF

**I.    Section 503(b) of the Bankruptcy Code Requires Payment of Fees and Expenses Incurred in Making a "Substantial Contribution" in a Chapter 11 Case**

29. Skadden submits this Application pursuant to section 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 1.6 and 6.3 of the Third Amended Plan. The claims that are the subject of this Application

14

were incurred in connection with the Ad Hoc Equity Group's substantial contribution to the Chapter 11 Cases.

30.     Bankruptcy Rule 2016(a) sets forth, in pertinent part:

An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

Fed. R. Bankr. P. 2016(a).

31.     Section 503(b) of the Bankruptcy Code provides for the allowance of administrative expenses.  Specifically, sections 503(b)(3)(D) and 503(b)(4) operate in tandem to require the payment of reasonable fees and necessary expenses incurred in making a "substantial contribution" in a chapter 11 case.[14]  11 U.S.C. § 503.  These provisions "promote meaningful . . . participation in the reorganization process."  *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986) (quoting *In re Gen. Oil Distribs.*, 51 B.R. 794, 805 (Bankr. E.D.N.Y. 1985)).

32.     Although the Bankruptcy Code does not define what constitutes a "substantial contribution," the United States Court of Appeals for the Fifth Circuit has held that the term means a contribution that is "considerable in amount, value or worth."  *In re DP Partners L.P.*, 106 F.3d 667, 672-73 (5th Cir. 1997), *cert. denied*, 522 U.S. 815 (1997).  "[S]ervices which make a substantial contribution are those which foster and enhance, rather than retard or interrupt the process of reorganization."  *Id.* (quoting *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986)).  To demonstrate that it has made a substantial contribution, an applicant must establish

---

[14]     Section 503(b)(3)(D) provides that "there shall be allowed administrative expenses, including . . . the actual, necessary expenses, other than compensation and reimbursement specified in [Section 503(b)(4)], incurred by . . . an equity security holder, or a committee representing . . . equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution" in a chapter 11 case.  11 U.S.C. § 503(b)(3)(D).

15

that "[its] services have some causal relationship to the contribution."  *In re Fortune Natural Res. Corp.*, 366 B.R. 549, 554 (Bankr. E.D. La. 2007); *see also DP Partners*, 106 F.3d at 673.

33.     This Court is afforded "broad discretion" in determining "whether an applicant has provided a substantial contribution."  *In re Energy Partners, Ltd.*, 422 B.R. 68, 80 (Bankr. S.D. Tex. 2009); *see also In re DP Partners Ltd.*, 106 F.3d at 673 ("The development of a more concrete standard of substantial contribution is best left on a case-by-case basis.").  In determining whether a party has made a "substantial contribution," the Court should consider the following factors:

1. whether the applying party conferred a benefit on the estate;

2. whether the services involved in the contribution were undertaken just for the applying party or for the benefit of all parties in the case;

3. whether the applying party would have done the same thing absent the expectation of compensation from the bankruptcy estate;

4. whether the benefit conferred exceeds the cost the party seeks to assess against the estate;

5. whether the services of the applying party are duplicative of those that were undertaken by statutory fiduciaries;

6. whether the party profited from postpetition acquisition of claims; and

7. whether the party engaged in improper conduct in the case.

*Energy Partners*, 422 B.R. at 80-86; *accord DP Partners Ltd.*, 106 F.3d at 672 (explaining that fee awards promote "meaningful" participation in the reorganization process).

34.     Thus, the threshold question is whether the Ad Hoc Equity Group made a substantial contribution to this case.  *See* 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4); *In re Mirant*, 354 B.R. 113, 132 (Bankr. N.D. Tex. 2006).   Thereafter, the inquiry becomes whether the compensation sought is reasonable based on the time, nature, extent and value of such services, and the cost of comparable services other than in a case under the Bankruptcy Code, and whether expenses to be reimbursed were actual and necessary.

II.    **The Ad Hoc Equity Group Has Made a Substantial Contribution to the Debtors' Chapter 11 Cases**

      A.    **The Ad Hoc Equity Group Conferred a Demonstrable Benefit to the Estates That Benefitted More than Just the Individual Members and Exceeded the Amounts Requested by This Application (Factors 1, 2 and 4)**

35.    In considering whether services constitute a substantial contribution, courts have considered whether these services provided a benefit to the estate.  *Energy Partners*, 422 B.R. at 80 (citing *In re Consol. Bancshares*, 785 F.2d at 1253).  From its inception, the goal of the Ad Hoc Equity Group was to obtain a seat at the table in these Chapter 11 Cases for equity holders to ensure that Debtors were pursuing a value-maximizing resolution.  *See*, *e.g.*, Motion ¶ 10. Indeed, the Ad Hoc Equity Group argued that no other party in these Chapter 11 Cases had a comparable incentive to maximize value.  As a direct result of the services rendered by Skadden on behalf of the Ad Hoc Equity Group, equity holders were represented in plan negotiations by an official committee, which significantly contributed to the terms in the Third Amended Plan that provide equity holders with a significant recovery—a recovery that is materially better than the terms contained in the Initial RSA filed at the commencement of the Chapter 11 Cases.

36.    ***The Ad Hoc Equity Group secured the appointment of the Official Equity Committee.***  As described above, Skadden expended significant time corresponding and communicating with the U.S. Trustee, the Debtors and others of the Debtors' key constituencies, ultimately securing the support of the Debtors and the Creditors' Committee.  Skadden also prepared and filed the Motion, and represented the Ad Hoc Equity Group at hearings on February 1, 2023, March 1, 2023, and March 3, 2023.

37.    These efforts, which resulted in the appointment of the Official Equity Committee, benefitted the estates generally, not just the members of the Ad Hoc Equity Group.  Through the Official Equity Committee, equity holders were able to participate in the negotiation of a

consensual plan that provides equity holders with significant additional value and avoided potential unnecessary and costly litigation. The Official Equity Committee negotiated a plan that affords equity holders between 33.9% and 45.8% of stock in the newly reorganized company, subject to certain assumptions set forth in the Disclosure Statement, at least tenfold the amount of stock afforded to them under the original plan. They also secured the right to participate in a rights offering and two tranches of warrants to purchase discounted equity as the reorganized debtor grows. As a result, equity holders will be able to substantially benefit substantially from the upside of the go-forward business.

38.     Courts in this and other districts have found ad hoc groups have provided substantial contributions to the chapter 11 cases when they successfully achieve formation of a committee that acts to build consensus and improve the outcome for equity holders. For example, in *Energy* Partners, in connection with the representation of an equity holder, the bankruptcy court found that "the momentum to form the Equity Committee substantially increased, which in turn led to the retention of [a law firm], which thereafter provided representation to look out for the interests of equity holders. . . . By effectively representing the Equity Committee, [the law firm] negotiated a consensual plan with the Debtor and all other constituencies" allowing the Debtor to "quickly and efficiently obtain confirmation of this particular plan." *In re Energy Partners, Ltd.*, 422 B.R. 68, 80-81 (Bankr. S.D. Tex. 2009). Moreover, the formation of an official equity committee "forced the Debtor to negotiate with the [official equity] Committee knowing that if negotiations failed, the Equity Committee would oppose confirmation of the plan." *Id.*, at n.10. As in *Energy Partners*, the services rendered by Skadden on behalf of the Ad Hoc Equity Group "provided the key spark that ignited the engines of consensual confirmation negotiations and doused the flames of enormous legal fees and expenses that the Debtor's estate would have

otherwise incurred." *Id.*; *see also In re M&G USA Corp.*, 599 B.R. 256, 264 (Bankr. D. Del. 2019) (finding that an ad hoc committee had made a substantial contribution and approving its professional fees as an administrative claim where the ad hoc committee "eased the burden upon the estate by providing a valuable coordinating function" when it encouraged negotiations that led to a settlement between stakeholders and, ultimately, consensual confirmation of the debtors' chapter 11 plan). Over the course of Skadden's representation of the Ad Hoc Equity Group, most if not all members funded retainers and paid a portion of the fees incurred, paying $592,189.98 of Skadden's $1,457,292.31 invoice. The members of the Ad Hoc Equity Group are obligated to pay the balance. But it is not equitable for a small group of equity holders to bear costs that benefit all holders of equity, including the amounts already paid. Accordingly, for any surplus funds received by Skadden beyond what is has not yet been paid to Skadden, Skadden will refund those members who paid on a pro rata basis based upon the amounts paid to date.

39.     ***The Ad Hoc Equity Group benefitted the estate by playing a critical role in stoking competition for a favorable DIP facility.*** While the Ad Hoc Equity Group fought for the appointment of an Official Equity Committee, the Ad Hoc Equity Group also added significant value to these Chapter 11 Cases by playing a meaningful role in facilitating a competitive DIP financing process. Skadden, at the direction of the Ad Hoc Equity Committee sought out and identified potential valuable alternatives to the initial DIP financing that were significantly more expensive and imposed the Initial RSA upon the estates, which would have resulted in highly unfavorable terms for equity holders. The Ad Hoc Equity Committee successfully encouraged a third party to submit a competing DIP financing proposal with terms superior to the Initial DIP Financing, which ultimately aided the Debtors' in obtaining the more competitive, less expensive

Replacement DIP Facility that was supported by all key stakeholders and that was not tied to the Initial RSA.

40.     The Fifth Circuit has stated that in assessing whether an applicant has provided a substantial contribution, the bankruptcy court "[a]t a minimum . . . should weigh the cost of the claimed fees and expenses against the benefits conferred upon the estate."  *In re DP Partners*, 106 F.3d at 673.  In this case, Skadden seeks to recover up to $1,500,000.  This sum represents a small percentage of the total recovery for equity holders that Skadden played a critical role in facilitating.  While payment of Skadden's fees does come out of the total recovery available to equity holders under the Third Amended Plan, the benefits of the appointment of the Official Equity Committee vastly outweigh the costs, and a small group of equity holders should not be responsible to pay for the cost of services that benefitted all equity holders.  The Third Amended Plan assigns the reorganized debtor a total enterprise value ("**TEV**") of $1.5 billion.  Existing equity holders will hold between 33.9% and 45.8% of value in the reorganized entity, or at least $489 million of enterprise value, subject to certain assumptions set forth in the Disclosure Statement.  [Docket 1439, at 38].

### B. The Ad Hoc Equity Committee Sought Appointment of an Official Equity Committee without the Expectation of Compensation from the Estate (Factor 3)

41.     The members of the Ad Hoc Equity Group retained Skadden and agreed to be jointly, but not severally, responsible for Skadden's fees and expenses in connection with Skadden's work on behalf of the Ad Hoc Equity Group.  Skadden, on behalf of the Ad Hoc Equity Group, diligently pursued the appointment of the Official Equity Committee without any certainty of a substantial contribution claim.  Nevertheless, it would be inequitable for the members of the

Ad Hoc Equity Group to bear the full cost of this endeavor that benefited the estates, especially the equity holders.

### C. The Ad Hoc Equity Group's Efforts Were Not Duplicative of Efforts Undertaken by the Estate Fiduciaries (Factor 5)

42.     Courts generally consider whether the efforts of those seeking compensation or reimbursement under section 503(b) were duplicative of efforts made by statutory fiduciaries.  *See, e.g.*, *Mirant Corp.*, 354 B.R. at 134.  Where the efforts of an applicant are not significantly duplicative of work done by a statutory representative, this factor weighs in favor of granting the application.  *Id.*

43.     The interests of equity holders were not fully and adequately represented by any other constituency in the Chapter 11 Cases, and no other party was seeking appointment of the Official Equity Committee.  Moreover, no other party was negotiating solely on behalf of equity holders.  The board of directors of Core Scientific was obligated to consider the interests of all stakeholders; by definition, then, they were not focused solely or primarily on equity holders' interests.  *See, e.g.*, *In re Pilgrim's Pride*, 407 B.R. 211, 218-19 (Bankr. N.D. Tex. 2009) ("While it is unquestionably true that a debtor's officers and directors have a duty to maximize a debtor's estate to the benefit of shareholders as well as creditors . . . ., the reorganization process is not so simple that that ensures shareholders are adequately represented by even equity owning management.").  Moreover, Debtors' success in the reorganization process depends on reaching accord with all constituents, some of whom—namely, the Creditors' Committee and Ad Hoc Noteholder Group—are not incentivized to advocate a value that would facilitate an equitable recovery for equity holders.  *Id.* at 218 ("[W]hen it comes to valuation and determination of future capital structures for plan purposes, [the] agendas [of the creditors committee and the equity

holders] are likely to be very much at odds.").  Therefore, Skadden's efforts were not duplicative of work done by any other party.

> **D.  The Ad Hoc Equity Group Did Not Have a Negative Effect on These Cases—the Group Neither Engaged in Improper Conduct, nor Profited from Post-Petition Conduct (Factors 6 and 7)**

44.     ***First, the Ad Hoc Equity Group did not engage in any conduct that had a negative effect on the estate.***  The Ad Hoc Equity Group did not engage in conduct that delayed the case or otherwise resulted in the occurrence of needless costs or expenses.  On the contrary, the Ad Hoc Equity Group was laser focused on key issues specific to equity holders.  Courts have found that an applicant has had a negative effect on a case where it has made questionable objections to pleadings filed by the debtor or where it has engaged in improper conduct that caused the debtor to incur costs or delayed resolution of the case.  *See, e.g.*, *Mirant Corp.*, 354 B.R. at 135 (denying application under section 503(b) to the extent that such conduct offset the value of the movant's contribution to the cases); *In re R.I. Adkins Corp.*, 505 B.R. 770, 783 (Bankr. N.D. Tex. 2014) (examining whether the applicant "had a negative effect on the case, such as making questionable objections to pleadings filed by the debtor or engaging in improper conduct in some other fashion resulting in the debtor incurring costs of which delayed the resolution of the case").

45.     Here, the Ad Hoc Equity Group engaged in good faith negotiations and filed five substantive pleadings.[15]  Through constructive negotiations, the Ad Hoc Equity Group ultimately

---

[15]   The Ad Hoc Equity Group filed only five substantive pleadings: *Objection of Ad Hoc Equity Group to the Emergency Motion of Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 375]; *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458]; *Objection to the Ad Hoc Noteholder Group's Emergency Motion to Adjourn Hearing, and (2) Motion to Quash Notice of Deposition* [Docket No. 583]; *Limited Objection of Ad Hoc Group of Equity Holders to the Emergency Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors To (A) Obtain Replacement Senior* (cont'd)

garnered support from the Debtors to appoint the Official Equity Committee.  There was nothing untoward about the Ad Hoc Equity Group's conduct and nothing frivolous about its objections or motions.

46.     ***Second, the Ad Hoc Equity Group did not profit from postpetition conduct.*** Rather, the Ad Hoc Equity Group, formed by a group of equity holders that held interests prior to the Petition Date, retained its own attorneys at its own expense to preserve remaining value in the Debtors.  Beyond the value that they will receive pursuant to the Third Amended Plan, the members of the Ad Hoc Equity Group do not stand to benefit or profit more than any other equity holder as a result of their advocacy for the appointment of the Official Equity Committee.  In fact, all equity holders will benefit greatly from the efforts of a few.  Accordingly, the burden of the cost of Skadden's work should not fall only on the few that pushed forward seeking appointment of an official equity committee.

## III.   The Amounts Requested Represent Skadden's Actual and Necessary Expenses and Reasonable Compensation for Professional Fees

47.     Professional compensation sought by any application for administrative expenses under section 503(b)(4) must be reasonable "based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other that in a case under" the Bankruptcy Code.  11 U.S.C. § 503(b)(4).  These factors must be set forth in an attorneys' fee analysis.[16]

---

*Secured Non-Priming Superpriority Postpetition Financing, (B) Use Cash Collateral, and (C) Pay Off Existing Postpetition Financing Facility, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 584]; and *Reply of Ad Hoc Group of Equity Holders (A) to Objection of the Ad Hoc Noteholder Group and (B) in Further Support of the Motion of the Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 588].

[16]   The Court must consider the following factors in making its determination as to the reasonableness of the fees:

*(cont'd)*

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *see also DP Partners*, 106 F.3d at 674; *Energy Partners*, 422 B.R. at 88.  To determine reasonableness, the Court must (i) analyze the nature and extent of services rendered, (ii) assess the value of such services and (iii) explain the findings and reasons upon which to base the reward.  *Energy Partners*, 422 B.R. at 88.

48.     Skadden, through the Ad Hoc Equity Group, gave the fulcrum security a meaningful voice and secured a substantial role in the chapter 11 plan negotiation process for equity holders through the appointment of the Official Equity Committee.  Skadden's fees reflect the extraordinary effort required to achieve that result, including drafting multiple pleadings, conducting extensive negotiations with multiple constituencies and preparing for a full evidentiary hearing on the Motion, but also the pursuit of discovery and the defense against discovery efforts by the Ad Hoc Noteholder Group.

---

(a)  the time and labor required;

(b)  the novelty and difficulty of the questions;

(c)  the skill requisite to perform the legal service properly;

(d)  the preclusion of other employment by the attorney due to the acceptance of the case;

(e)  the customary fee;

(f)  whether the fee is fixed or contingent;

(g)  time limitations imposed by the client or other circumstances;

(h)  the amount involved and the results obtained;

(i)  the experience, reputation, and ability of the attorneys;

(j)  the "undesirability" of the case;

(k)  the nature and length of the professional relationship with the client; and

(l)  awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

49.     Skadden spent over 1,300 hours rendering these services.[17]   All professionals involved in the rendering of services made a deliberate effort to avoid duplicative work.  Skadden also staffed the engagement efficiently, utilizing paraprofessionals and more junior attorneys when appropriate.

50.     As described in detail herein, the Ad Hoc Equity Group, through Skadden's representation, conferred a substantial benefit to the estates that exceeds the amount Skadden seeks to recover through this Application.  Similar relief granted in other cases supports granting the Ad Hoc Equity Group an administrative priority claim for Skadden's fees.[18]   As such, Skadden seeks to recover these fees on the effective date of the Debtors' chapter 11 plan or as soon thereafter as practicable.

### NO PRIOR REQUEST

51.     No prior request for relief sought in this Application has been made to this or any other Court.

---

[17]   Skadden's invoices to the Ad Hoc Equity Group are attached hereto as **Exhibit B**.  Parts of the invoices have been redacted to protect attorney-client privilege.

[18]   *In re Aearo Technologies LLC*, No. 22-02890 (Bankr. S.D. Ind. Nov. 9, 2023), Docket No. 2107, *Report and Recommendations of the Independent Fee Examiner Regarding Omnibus Substantial Contribution Application*, at Ex. A (approving almost $8,000,000 in fees be paid to 13 law firms pursuant to an "Omnibus Substantial Contribution Application" motion filed by the firms for  fees incurred representing tort claimant-creditors of the Debtors' estate); *In re Lakeland Tours, LLC*, No. 20-11647 (Bankr. S.D.N.Y. Sept. 24, 2021), Docket No. 244, *Transcript of Hearing re Motion to Allow Claims Application of Arnold & Porter Kaye Scholer LLP, as counsel for the Ad Hoc Group of Equity Holders*, at 23 (approving Arnold & Porter's Substantial Contribution application for their representation of an ad hoc group of equity holders); *In re Energy Partners, Ltd.*, 422 B.R. 68 (Bankr. S.D. Tex. 2009) (granting fees to a law firm for representation of an equity holder prior to the formation of the official equity committee).

## CONCLUSION

**WHEREFORE**, Skadden respectfully requests that the Court enter an order, substantially in the form as **Exhibit A** attached hereto, (i) allowing the Substantial Contribution Claim in the amount of $1,457,292.31 plus the amounts incurred and to be incurred on account of this application, up to a maximum amount of $1,500,000, (ii) authorizing and directing the Debtors to pay Skadden the Substantial Contribution Claim and (iii) granting such other and further relief as the Court deems just, proper and equitable.

Dated: Houston, Texas
      November 22, 2023

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Noelle M. Reed*
Noelle M. Reed
Attorney-in-Charge
State Bar No. 24044211
Federal Bar No. 27139
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel: (713) 655-5122
Fax: (713) 483-9122
Email: Noelle.Reed@skadden.com

-and-

Ron E. Meisler
(*Admitted pro hac vice*)
Jennifer Madden
(*Admitted pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Tel: (312) 407-0700
Fax: (312) 407-0411
Email: Ron.Meisler@skadden.com
Email: Jennifer.Madden@skadden.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be served by electronic transmission via the Court's ECF system to all parties registered to receive electronic notice in this case.

*/s/ Noelle M. Reed*
Noelle M. Reed

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **CORE SCIENTIFIC, INC.**, *et al.*, | § | Case No. 22-90341 (DRJ) |
|  | § |  |
|  | § | (Jointly Administered) |
| Debtors.[1] | § |  |
|  | § |  |

ORDER GRANTING THE APPLICATION OF SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP PURSUANT TO SECTIONS 503(b)(3) AND 503(b)(4) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 2016, AND SECTIONS 1.6 AND 6.3 OF
THE DEBTORS' THIRD AMENDED PLAN FOR ALLOWANCE OF FEES AND
EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION AS AN
<u>ADMINISTRATIVE EXPENSE</u>

The Bankruptcy Court, having considered the *Application of Skadden, Arps, Slate,*

*Meagher & Flom LLP Pursuant to Sections 503(b)(3) and 503(b)(4) of the Bankruptcy Code,*

*Bankruptcy Rule 2016, and Sections 1.6 and 6.3 of the Debtors' Third Amended Plan for*

*Allowance of Fees and Expenses Incurred in the Making of a Substantial Contribution as an*

*Administrative Expense* (the "**Application**") filed on November 22, 2023; and it appearing that

this Court has jurisdiction to consider this matter; and it appearing that due and proper notice of

the Application having been given to all appropriate parties; and it appearing that, because of the

nature of the relief requested, no other or further notice need be given; and the Bankruptcy Court

finding good cause therefor, and for the reasons stated on the record,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6073); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED in its entirety.

2.      The Substantial Contribution Claim of Skadden, Arps, Slate, Meagher & Flom LLP ("**Skadden**") is allowed in the amount of $1,457,292.31 plus the amounts incurred on account of this application, up to a maximum amount of $1,500,000.

3.      The Debtors are authorized and directed to satisfy such Substantial Contribution Claims by paying Skadden in full in cash on the effective date of the Debtors' chapter 11 plan or as soon thereafter as practicable.

4.      This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed this _____ day of _____, 2023.

_____
UNITED STATES BANKRUPTCY JUDGE
HON. CHRISTOPHER M. LOPEZ

**EXHIBIT B**

**SKADDEN, ARPS, SLATE,**
**MEAGHER & FLOM LLP**
**AND AFFILIATES**

Core Scientific (Ad Hoc Group)                              May 1, 2023
                                                    Bill No.:  1955570

                                        TIN:   ████████

| PLEASE REMIT TO: | | | |
|---|---|---|---|
| **By Check:** | SASM&F LLP<br>P.O. Box 1764<br>White Plains, NY 10602 | **By Wire:** | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: ████████<br>Swift Code:████████<br>For Credit To Account:████████<br>Reference Bill No.: 1955570 |
| If you receive a request, via email or otherwise, to change our remittance account information, please verify that this is our intent by contacting your Skadden contact. | | | |

Invoice # 1955570

   Re:  Corporate Advice, Financing and Special Projects

TO PROFESSIONAL SERVICES RENDERED
through April 30, 2023

For Ad Hoc Group of Equity Holders  ...........  $     31,421.50

       Charges and Disbursements
       Computer Legal Research..............  $    16,084.08
       Outside Research Services............          179.07
       Court Reporting......................           82.80
       Reproduction and Document Preparation          176.00
       Travel Expenses......................        2,710.94

          Total Disbursements ...................    19,232.89

                                        $     50,654.39

PAYMENT DUE UPON RECEIPT.
***
MAY INCLUDE PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS FROM AFFILIATES.

                                                                    B43E

Core Scientific (Ad Hoc Group)
Monthly Omnibus Statement  (April, 2023)
May 1, 2023 - Summary Page 2


Total Fees ....................................$    31,421.50

Total Charges and Disbursements ..................    19,232.89

Grand Total ...................................$    50,654.39

**TIME SUMMARY**
**CORE SCIENTIFIC (AD HOC GROUP): through April 30, 2023**

MATTER #1  Ad Hoc Group of Equity Holders                     Bill No: 1955570

| NAME | RATE | HOURS | TOTAL |
|------|------|-------|-------|
| **ASSOCIATES** | | | |
| CLAIRE ARMSTRONG | $1,275 | 6.80 | $ 8,670.00 |
| JENNIFER MADDEN | 1,390 | 6.20 | 8,618.00 |
| AMY S. PHELPS | 725 | 4.30 | 3,117.50 |
| TOTAL ASSOCIATES | | 17.30 | $20,405.50 |
| **TRIAL CONSULTANT** | | | |
| AARON SHORR | $1,035 | 6.00 | $ 6,210.00 |
| TOTAL Trial Consultant | | 6.00 | $ 6,210.00 |
| **LEGAL ASSISTANTS** | | | |
| LEGAL ASSISTANT @ | $540 | 8.90 | $ 4,806.00 |
| TOTAL LEGAL ASSISTANTS | | 8.90 | $ 4,806.00 |
| MATTER TOTAL | | 32.20 | $31,421.50 |

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Core Scientific (Ad Hoc Group)**
**Ad Hoc Group of Equity Holders**

**Bill Date: 05/01/23**
**Bill Number: 1955570**

| NAME | DATE | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| ARMSTRONG C | 03/01/23 | 6.80 | PREPARE FOR HEARING ON AD HOC EQUITY GROUP'S MOTION. |
| | | **6.80** | |
| MADDEN J | 03/03/23 | 2.20 | FINALIZE ORDER AND COMMUNICATIONS WITH TEAM AND CLIENTS RE SAME; CALL WITH CLIENTS. |
| MADDEN J | 04/18/23 | 1.00 | PREPARE LETTER AND CORRESPONDENCE RE SAME. |
| MADDEN J | 04/25/23 | 1.00 | REVIEW/COMMENT ON/UPDATE LETTERS. |
| MADDEN J | 04/26/23 | 2.00 | PREPARE / UPDATE LETTERS. |
| | | **6.20** | |
| PHELPS AS | 03/08/23 | 0.70 | REVIEW AND SUMMARIZE CORE SCIENTIFIC PRESS RELEASE; REVIEW JUDGE JONES'S ORDER DIRECTING APPOINTMENT OF THE OFFICIAL EQUITY COMMITTEE ON THE CORE SCIENTIFIC DOCKET. |
| PHELPS AS | 03/09/23 | 0.60 | MONITOR DOCKET AND REVIEW DEBTORS' EMERGENCY MOTION. |
| PHELPS AS | 03/10/23 | 2.30 | MONITOR DOCKET AND SUMMARIZE NEW FILINGS; CORRESPOND BY EMAIL RE: DEBTORS' MOTIONS. |
| PHELPS AS | 03/13/23 | 0.70 | MONITOR CORE SCIENTIFIC DOCKET AND SUMMARIZE DISCOVERY REQUEST FILING. |
| | | **4.30** | |
| **Total Associate** | | **17.30** | |
| SHORR A | 03/01/23 | 6.00 | PREPARE PRESENTATION MATERIALS FOR HEARING; OPERATE PRESENTATION SYSTEM FOR HEARING. |
| | | **6.00** | |
| **Total Trial Consultant** | | **6.00** | |
| HEANEY CM | 03/06/23 | 1.20 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW AND UPDATE SERVICE INFORMATION. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| HEANEY CM | 03/07/23 | 0.60 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES. |
|---|---|---|---|
| HEANEY CM | 03/08/23 | 0.80 | PREPARE, FILE, AND DISTRIBUTE PRO HAC MOTION; REVIEW AND UPDATES CASE FILES AND MATERIALS. |
| HEANEY CM | 03/09/23 | 0.60 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES. |
| HEANEY CM | 03/10/23 | 0.70 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES. |
| HEANEY CM | 03/13/23 | 0.20 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES. |
| HEANEY CM | 03/16/23 | 0.90 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES. |
| HEANEY CM | 03/17/23 | 0.70 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS TO BE USED AT HEARING. |
| HEANEY CM | 03/20/23 | 0.70 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES. |
| HEANEY CM | 03/21/23 | 0.40 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES. |
| HEANEY CM | 03/23/23 | 0.40 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES. |
| | | **7.20** | |
| LAMANNA WK | 02/27/23 | 0.40 | RESEARCH IN LOCAL RULES AND FEDERAL RULES FOR MOTION REPLY DEADLINES. |
| LAMANNA WK | 03/01/23 | 0.30 | REVIEW COURT DOCUMENTS AND CALENDAR CASE DEADLINES. |
| LAMANNA WK | 03/08/23 | 0.10 | REVIEW COURT DOCUMENTS AND CALENDAR CASE DEADLINES. |
| LAMANNA WK | 03/09/23 | 0.70 | REVIEW COURT DOCUMENTS AND CALENDAR CASE DEADLINES. |
| LAMANNA WK | 03/17/23 | 0.10 | REVIEW COURT DOCUMENTS AND CALENDAR CASE DEADLINES. |
| LAMANNA WK | 03/23/23 | 0.10 | REVIEW COURT DOCUMENTS AND CALENDAR CASE DEADLINES. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

|  |  |
|---|---|
|  | 1.70 |
| Total Legal Assistant | 8.90 |
| TOTAL TIME | 32.20 |
|  |  |
| CLIENT TOTAL | 32.20 |

3

B43E

# SKADDEN, ARPS, SLATE,
# MEAGHER & FLOM LLP
### AND AFFILIATES

Core Scientific (Ad Hoc Group)                    January 20, 2023
                                                  Bill No.: 1927603

                                                  TIN:    ▮▮▮▮▮▮▮

| **PLEASE REMIT TO:** | | | |
|---|---|---|---|
| **By Check:** | SASM&F LLP<br>P.O. Box 1764<br>White Plains, NY  10602 | **By Wire:** | **In US Dollars to:**<br>Citibank, N.A., New York<br>A.B.A. Number: ▮▮▮▮▮▮<br>Swift Code: ▮▮▮▮<br>For Credit To Account: ▮▮▮▮▮▮<br>Reference Bill No.: 1927603 |
| If you receive a request, via email or otherwise, to change our remittance account information, please verify that this is our intent by contacting your Skadden contact. | | | |

Invoice # 1927603

    Re:  <u>Corporate Advice, Financing and Special Projects</u>

TO PROFESSIONAL SERVICES RENDERED
through January 16, 2023

For Ad Hoc Group of Equity Holders  ............ $    132,510.50

   <u>Charges and Disbursements</u>
   Computer Legal Research.............  $      273.60
   Electronic Document Management.......            5.92

      Total Disbursements ....................  _____279.52

                      $    132,790.02

PAYMENT DUE UPON RECEIPT.
***
MAY INCLUDE PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS FROM AFFILIATES.

B43E

Core Scientific (Ad Hoc Group)
Monthly Omnibus Statement  (January, 2023)
January 20, 2023 - Summary Page 2


Total Fees ....................................$    132,510.50

Total Charges and Disbursements ..................      279.52

Grand Total ..................................$    132,790.02

**TIME SUMMARY**
**CORE SCIENTIFIC (AD HOC GROUP): through January 16, 2023**

**MATTER #1  Ad Hoc Group of Equity Holders**          **Bill No: 1927603**

| NAME | RATE | HOURS | TOTAL |
|------|------|-------|-------|
| **PARTNER** | | | |
| RON E. MEISLER | $1,785 | 2.10 | $   3,748.50 |
| | 1,960 | 10.30 | 20,188.00 |
| **TOTAL PARTNER** | | 12.40 | $ 23,936.50 |
| **ASSOCIATES/LAW CLERK** | | | |
| CHRISTOPHER M. DRESSEL | $1,275 | 12.90 | $  16,447.50 |
| | 1,390 | 12.30 | 17,097.00 |
| JENNIFER MADDEN | 1,275 | 12.90 | 16,447.50 |
| | 1,390 | 17.80 | 24,742.00 |
| AMY S. PHELPS* | 550 | 11.70 | 6,435.00 |
| | 725 | 37.80 | 27,405.00 |
| **TOTAL ASSOCIATES/LAW CLERK** | | 105.40 | $108,574.00 |
| **MATTER TOTAL** | | **117.80** | **$132,510.50** |

\* Law clerks are law school graduates who are not presently admitted
to practice.  Associate admitted to the Bar as of January 1, 2023.

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Core Scientific (Ad Hoc Group)**
**Ad Hoc Group of Equity Holders**

**Bill Date:** 01/20/23
**Bill Number:** 1927603

| NAME | DATE | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| MEISLER RE | 12/27/22 | 1.10 | REVIEW AND COMMENT ON UST LETTER REQUESTING APPOINTMENT OF EC (1.1). |
| MEISLER RE | 12/28/22 | 1.00 | CONTINUE TO REVIEW AND COMMENT ON UST LETTER REQUESTING APPOINTMENT OF EC (1.0). |
| MEISLER RE | 01/02/23 | 1.00 | WORK ON U.S. TRUSTEE LETTER RE: FORMATION OF EQUITY COMMITTEE (.4); CALL WITH J. MADDEN AND C. DRESSEL RE: SAME (.6). |
| MEISLER RE | 01/03/23 | 0.80 | CONTINUE TO REVIEW AND EDIT LETTER TO U.S. TRUSTEE SEEKING APPOINTMENT OF EQUITY COMMITTEE (.8). |
| MEISLER RE | 01/04/23 | 0.10 | CALL WITH COUNSEL TO B. RILEY RE: STATUS OF COMPETING DIP LOAN AND GENERAL POSTURE (.1). |
| MEISLER RE | 01/05/23 | 1.40 | CONTINUE TO WORK ON LETTER TO U.S. TRUSTEE RE: APPOINTMENT OF EQUITY COMMITTEE (.8); CALL WITH POTENTIAL DIP LENDER TO COMPETE WITH CURRENT DIP (.2); CALL WITH D. SAFERSTEIN RE: SAME (.2); CALL WITH R. BERMAN RE: SAME AND POSSIBILITY FOR COMPETING DIP (.2). |
| MEISLER RE | 01/06/23 | 1.00 | FINALIZE EDITS TO LETTER TO U.S. TRUSTEE (.4); CORRESPONDENCE RE: SAME (.3); CALL WITH R. BERKOVICH, COUNSEL TO THE COMPANY (.3). |
| MEISLER RE | 01/10/23 | 0.20 | CORRESPONDENCE WITH BRETT MILLER, COUNSEL TO UCC AND CORRESPONDENCE WITH J. MADDEN (.2). |
| MEISLER RE | 01/11/23 | 1.10 | WORK ON TALKING POINTS (.4); CALL WITH CLIENT GROUP (.2); WORK ON ADVOCACY EFFORTS TO FORM COMMITTEE, INCLUDING FOLLOW UP CALLS WITH R. BERKOVICH AND B. MILLER (.5). |
| MEISLER RE | 01/12/23 | 1.10 | REVIEW RESEARCH AND ANALYSIS FROM A. PHELPS RE: LEGAL SUPPORT FOR CHALLENGES TO RSA (.2); REVIEW AND COMMENT ON FOLLOW UP LETTER TO U.S. TRUSTEE (.5); CONTINUE TO WORK ON FORMATION OF EC (.4). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| MEISLER RE | 01/13/23 | 1.80 | ██████████████████████ ██████████████ ANALYSIS (.3) AND FOLLOW UP CORRESPONDENCE WITH U.S. TRUSTEE (.3); CORRESPONDENCE WITH CLIENTS (.1). |
| MEISLER RE | 01/15/23 | 0.60 | CALL WITH D. ASKEW, SHAREHOLDER AND PROSPECTIVE NEW MEMBER OF AD HOC GROUP (.2); CORRESPONDENCE RE: SAME (4). |
| MEISLER RE | 01/16/23 | 1.20 | CALL WITH LARRY RUDOLPH (.5); CORRESPONDENCE WITH K. TURNER RE: JOINING GROUP (.2); CALLS AND CORRESPONDENCE WITH POTENTIAL NEW MEMBERS INTERESTED IN JOINING GROUP (.5). |
| | | **12.40** | |
| **Total Partner** | | **12.40** | |
| DRESSEL CM | 12/23/22 | 4.60 | REVIEW RSA, DIP, AND OTHER FIRST-DAY PAPERS AND ANALYZE ISSUES RE SAME (4.4); CALL WITH A PHELPS RE SAME (0.2). |
| DRESSEL CM | 12/26/22 | 2.10 | CONTINUE REVIEW OF RSA, DIP, AND OTHER PAPERS AND EVALUATE STRATEGIC CONSIDERATIONS. |
| DRESSEL CM | 12/27/22 | 1.80 | REVIEW AND COMMENT ON LETTER TO U.S. TRUSTEE REQUESTING APPOINTMENT OF EQUITY COMMITTEE. |
| DRESSEL CM | 12/28/22 | 0.60 | REVIEW AMENDMENTS TO DIP CREDIT AGREEMENT AND CORRESPONDENCE WITH WORKING GROUP RE SAME (0.2); SUPERVISE RESEARCH FOR LETTER TO U.S. TRUSTEE REQUESTING APPOINTMENT OF EQUITY COMMITTEE (0.4). |
| DRESSEL CM | 12/29/22 | 3.80 | REVIEW AND COMMENT ON LETTER TO U.S. TRUSTEE REQUESTING APPOINTMENT OF EQUITY COMMITTEE (3.5); CALL WITH J. MADDEN TO DISCUSS ISSUES RE SAME (0.3). |
| DRESSEL CM | 01/03/23 | 4.90 | CONTINUE DRAFTING LETTER TO U.S. TRUSTEE REQUESTING APPOINTMENT OF EQUITY COMMITTEE (4.8); CALL WITH J MADDEN RE SAME (0.1). |
| DRESSEL CM | 01/04/23 | 2.30 | REVIEW AND ANALYZE ISSUES RE: DIP FACILITY AND PREPARE ANALYSIS OF PAYOFF AMOUNT OF9 LETTER TO U.S. TRUSTEE; REVIEW LETTER TO U.S. TRUSTEE. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| DRESSEL CM | 01/05/23 | 4.80 | REVIEW AND COMMENT ON LETTER REQUESTING APPOINTMENT OF EQUITY SECURITY HOLDERS' COMMITTEE (3.2); PREPARE ANALYSIS OF DIP ECONOMICS AND PAYOFF AMOUNT TO SUPPLEMENT LETTER TO U.S. TRUSTEE (1.6). |
| DRESSEL CM | 01/13/23 | 0.30 | REVIEW FOLLOW-UP LETTER TO U.S. TRUSTEE. |
| | | **25.20** | |
| MADDEN J | 12/27/22 | 5.80 | REVIEW PLEADINGS AND DRAFT UST LETTER; RESEARCH RE SAME. |
| MADDEN J | 12/28/22 | 4.30 | CONTINUE TO REVIEW/REVISE EQUITY COMMITTEE LETTER TO UST AND FOLLOW UP RESEARCH RE SAME. |
| MADDEN J | 12/29/22 | 2.80 | CONTINUE TO REVIEW/REVISE LETTER TO UST AND DISCUSS COMMENTS RE SAME WITH SKADDEN TEAM. |
| MADDEN J | 01/02/23 | 2.20 | CONTINUE TO FINALIZE AND REVISE U.S. TRUSTEE LETTER. |
| MADDEN J | 01/03/23 | 2.10 | CONTINUE TO REVIEW/REVISE U.S. TRUSTEE LETTER AND DISCUSS SAME WITH SKADDEN TEAM. |
| MADDEN J | 01/04/23 | 1.10 | CORRESPONDENCE AND FOLLOW UP RE U.S. TRUSTEE LETTER AND NEXT STEPS. |
| MADDEN J | 01/05/23 | 3.80 | FOLLOW UP RE GROUP MATTERS AND FINALIZING U.S. TRUSTEE LETTER; COMMUNICATIONS RE SAME AND REVIEW COMMENTS/ANALYSIS RE SAME. |
| MADDEN J | 01/06/23 | 2.40 | FINALIZE U.S. TRUSTEE LETTER AND COMMUNICATIONS RE SAME. |
| MADDEN J | 01/09/23 | 0.60 | PREPARE FOLLOW UP CORRESPONDENCE RE CASE / UCC STATUS AND FOLLOW UP WITH CLIENTS. |
| MADDEN J | 01/10/23 | 0.90 | COMMUNICATIONS WITH CLIENTS RE EQUITY COMMITTEE FORMATION AND STRATEGY. |
| MADDEN J | 01/11/23 | 0.80 | ███████████████████████ |
| MADDEN J | 01/12/23 | 2.00 | FOLLOW UP COMMUNICATIONS REGARDING MEDIA COVERAGE; PREPARE FOLLOW UP CORRESPONDENCE TO UST AND COMMUNICATIONS WITH SKADDEN TEAM AND CLIENTS RE SAME. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| MADDEN J | 01/13/23 | 1.90 | PREPARE FOLLOW UP CORRESPONDENCE FOR U.S. TRUSTEE AND CORRESPONDENCE RE SAME WITH TEAM AND CLIENTS; COORDINATE RE MEDIA COMMUNICATIONS. |
| | | **30.70** | |
| PHELPS AS* | 12/28/22 | 2.10 | RESEARCH CONVERTIBLE NOTE PURCHASE AGREEMENTS AND THEIR TRADING PRICES FOR LETTER TO US TRUSTEE (0.7); RESEARCH EBITDA PROJECTIONS FOR LETTER TO US TRUSTEE (1.4). |
| PHELPS AS* | 12/29/22 | 7.20 | CONDUCT ADDITIONAL RESEARCH AND UPDATE CITATIONS IN DRAFT LETTER TO US TRUSTEE (5.3); REVIEW AND SUMMARIZE DEBTORS' CORRECTIONS TO DIP AGREEMENT (1.4); RESEARCH CORE SCIENTIFIC ENTERPRISE VALUATION ISSUES (0.5). |
| PHELPS AS* | 12/30/22 | 2.40 | MONITOR CORE SCIENTIFIC AND SUMMARIZE FILINGS FROM 12/30 (2.4). |
| PHELPS AS | 01/02/23 | 3.80 | RESEARCH ECONOMIC FORECASTING FOR FOOTNOTE CITATIONS IN LETTER TO U.S. TRUSTEE (3.8). |
| PHELPS AS | 01/03/23 | 5.90 | RESEARCH POWER PRICE TRENDS FOR U.S. TRUSTEE LETTER (0.8); MONITOR CORE SCIENTIFIC DOCKET AND REVIEW AND SUMMARIZE FILINGS (2.5); DETERMINE INSIDER SHARE COUNT (0.7); REVIEW AND SUMMARIZE DOCKET UPDATES FOR CLIENT (0.6); RESEARCH S.D. TEXAS CASE PRECEDENTS APPOINTING AN EQUITY COMMITTEE (0.4); RESEARCH FIFTH CIRCUIT CASE PRECEDENTS APPOINTING AN EQUITY COMMITTEE (0.3); SUMMARIZE CORE SCIENTIFIC SEC FILINGS FOR LETTER TO U.S. TRUSTEE (0.6). |
| PHELPS AS | 01/04/23 | 3.20 | REVIEW AND SUMMARIZE JANUARY 3RD HEARING NOTES AND ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT (0.2); CONTINUE RESEARCHING CASE PRECEDENT WHERE EQUITY COMMITTEES WERE APPOINTED (3.0). |
| PHELPS AS | 01/05/23 | 1.50 | INVESTIGATE FILING AND ADDRESSING PROCEDURE FOR LETTER TO U.S. TRUSTEE (1.5). |
| PHELPS AS | 01/06/23 | 1.40 | UPDATE LETTER TO U.S. TRUSTEE AND COORDINATE MAILING (1.4). |
| PHELPS AS | 01/09/23 | 1.40 | MONITOR CORE SCIENTIFIC DOCKET AND SUMMARIZE CASE DEVELOPMENTS (1.4). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| PHELPS AS | 01/10/23 | 6.80 | RESEARCH JUDGE JONES APPROACH TO EQUITY COMMITTEE APPOINTMENTS (6.3); DRAFT EMAIL MEMO RE: JUDGE JONES APPROACH TO EQUITY COMMITTEES (0.5). |
| PHELPS AS | 01/11/23 | 3.90 | MONITOR DOCKET AND SUMMARIZE FILINGS FROM 1/10 AND 1/11 (0.3); UPDATE CASE CHART OF 5TH CIRCUIT CASES WITH MOTION TO APPOINT AN EQUITY COMMITTEE (0.9); CALL WITH J. MADDEN RE: NEXT STEPS IN CORE SCIENTIFIC REPRESENTATION (0.1); ▮▮▮▮▮▮▮▮▮▮ CONFERENCE WITH R. MEISLER, J. MADDEN, AND EQUITY HOLDERS (0.2); ▮▮▮▮▮▮▮▮ |
| PHELPS AS | 01/12/23 | 6.00 | UPDATE TALKING POINTS FOR WHY U.S. TRUSTEE SHOULD APPOINT AN EQUITY COMMITTEE (0.4); ▮▮▮▮▮▮ PULL PRECEDENT MOTIONS TO APPOINT AN EQUITY COMMITTEE (0.6); UPDATE DRAFT FOLLOW UP LETTER TO U.S. TRUSTEE (0.9); GRAPH OF BITCOIN PRICE CHANGES RE: CORRESPONDENCE TO U.S. TRUSTEE (1.2); CALL WITH R. MEISLER AND J. MADDEN TO DISCUSS FOLLOW UP LETTER (0.2). |
| PHELPS AS | 01/13/23 | 3.10 | MONITOR BITCOIN PRICES AND UPDATE GRAPH (0.6); UPDATE LETTER TO U.S. TRUSTEE (0.6); DRAFT ADDITIONAL UPDATE LETTER TO U.S. TRUSTEE COMPARING COMPETITOR TRADING PRICES (1.9). |
| PHELPS AS | 01/15/23 | 0.80 | MONITOR CORE SCIENTIFIC DOCKET AND SUMMARIZE NEW FILINGS (0.8). |
| | | 49.50 | |
| **Total Associate/Law Clerk** | | 105.40 | |
| **TOTAL TIME** | | **117.80** | |
| **CLIENT TOTAL** | | **117.80** | |

* Law clerks are law school graduates who are not presently admitted to practice. Associate admitted to the Bar as of January 1, 2023.

B43E

**SKADDEN, ARPS, SLATE,**

**MEAGHER & FLOM LLP**

**AND AFFILIATES**

Core Scientific (Ad Hoc Group)                    February 10, 2023
                                                  Bill No.:  1929799

                                                  TIN: ▬▬▬▬▬

| PLEASE REMIT TO: | | | |
|---|---|---|---|
| By Check: | SASM&F LLP<br>P.O. Box 1764<br>White Plains, NY 10602 | By Wire: | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: ▬▬▬<br>Swift Code: ▬▬<br>For Credit To Account: ▬▬▬<br>Reference Bill No.: 1929799 |
| If you receive a request, via email or otherwise, to change our remittance account information, please verify that this is our intent by contacting your Skadden contact. | | | |

Invoice # 1929799

   Re:  <u>Corporate Advice, Financing and Special Projects</u>

TO PROFESSIONAL SERVICES RENDERED
through January 31, 2023

For Ad Hoc Group of Equity Holders  ............ $     352,227.00

   <u>Charges and Disbursements</u>
   Computer Legal Research..............  $      606.96
   Travel Expenses........................        567.17

      Total Disbursements ...................     <u>1,174.13</u>

                                         $     353,401.13

Core Scientific (Ad Hoc Group)
Monthly Omnibus Statement  (January, 2023)
February 10, 2023 - Summary Page 2


Total Fees ....................................$    352,227.00

Total Charges and Disbursements ..................    1,174.13

Grand Total ..................................$    353,401.13

**TIME SUMMARY**
**CORE SCIENTIFIC (AD HOC GROUP): through January 31, 2023**

**MATTER #1  Ad Hoc Group of Equity Holders**                **Bill No: 1929799**

| NAME | RATE | HOURS | TOTAL |
|------|------|-------|-------|
| **PARTNERS** | | | |
| ALBERT L. HOGAN III | $1,960 | 1.00 | $  1,960.00 |
| RON E. MEISLER | 1,960 | 44.10 | 86,436.00 |
| GEORGE N. PANAGAKIS | 1,960 | 2.30 | 4,508.00 |
| NOELLE M. REED | 1,960 | 12.00 | 23,520.00 |
| **TOTAL PARTNERS** | | 59.40 | $116,424.00 |
| **ASSOCIATES** | | | |
| CHRISTOPHER M. DRESSEL | $1,390 | 33.30 | $  46,287.00 |
| JENNIFER MADDEN | 1,390 | 71.50 | 99,385.00 |
| AMY S. PHELPS | 725 | 116.20 | 84,245.00 |
| **TOTAL ASSOCIATES** | | 221.00 | $229,917.00 |
| **LEGAL ASSISTANTS** | | | |
| LEGAL ASSISTANT @ | $540 | 10.90 | $  5,886.00 |
| **TOTAL LEGAL ASSISTANTS** | | 10.90 | $  5,886.00 |
| **MATTER TOTAL** | | 291.30 | $352,227.00 |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Core Scientific (Ad Hoc Group)**
**Ad Hoc Group of Equity Holders**

**Bill Date: 02/10/23**
**Bill Number: 1929799**

| NAME | DATE | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| HOGAN III AL | 01/28/23 | 1.00 | REVIEW EQUITY COMMITTEE MOTION AND DISCUSS WITH WORKING GROUP. |
| | | **1.00** | |
| MEISLER RE | 01/17/23 | 1.60 | CONTINUE TO WORK ON APPOINTMENT OF EQUITY COMMITTEE (.4); CALLS WITH J. MADDEN (.3); CALL WITH DAVID ASKEW AND TALLA FAMILY (.5); CALLS WITH K. TURNER'S COUNSEL (.4). |
| MEISLER RE | 01/20/23 | 2.10 | ██████████████████████████ CALL WITH CLIFF BRANDEIS RE: UPDATE (.2); ████████████████ CALL WITH JAYSON RUFF (UST) RE: RESPONSE TO REQUEST FOR APPOINTMENT OF EQUITY COMMITTEE (.2); CORRESPONDENCE WITH CLIENT GROUP RE: SAME (.5). |
| MEISLER RE | 01/22/23 | 2.10 | CALL WITH CLIENT GROUP (.6); FOLLOW UP CALLS WITH GROUP MEMBERS (.7); CALL WITH R. BERKOVICH (WEIL) (.3); CORRESPONDENCE (.5). |
| MEISLER RE | 01/23/23 | 3.00 | CALL WITH L. RUDOLPH (.1); CALL WITH K. TURNER AND HIS COUNSEL (.4); WORK ON LETTER TO CORE SCIENTIFIC RE: APPOINTMENT OF EQUITY COMMITTEE (.4); CORRESPONDENCE (.8); CALL WITH M. BERMAN RE: ████████ (.6); CALL WITH G. PANAGAKIS RE: ANALYSIS (.5); CALLS WITH J. MADDEN (.2). |
| MEISLER RE | 01/24/23 | 3.40 | CALL WITH L. RUDOLPH (.1); CORRESPONDENCE (.1); CALLS WITH T. SIMONYAN RE: ████████ (1.1); CALL WITH VIKAS TANDON RE: DIP (.3); CALLS WITH J. MADDEN AND A. PHELPS RE: MOTION TO APPOINT EQUITY COMMITTEE AND DIP OBJECTION (.5); CALL WITH J. JUDSON (.2); CALL WITH R. HALE (.1); CALLS WITH R. BERMAN (.4); CALL WITH J. MADDEN (.1); CORRESPONDENCE (.5). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| MEISLER RE | 01/25/23 | 3.80 | CALL WITH B. MILLER, COUNSEL TO CREDITORS COMMITTEE (.2); CALLS WITH R. BERKOVICH, COUNSEL TO COMPANY (.4); CALLS WITH R. BERMAN (.2, .1); CALL WITH R. HIRSH, COUNSEL TO JMB CAPITAL (.2); CALL WITH JMB CAPITAL (VIKAS TANDON) (.3); WORK ON LETTER TO COMPANY RE: ADJOURN DIP HEARING (.8); WORK ON MOTION TO APPOINT EQUITY COMMITTEE (1.2); CORRESPONDENCE WITH CLIENTS (.4). |
|---|---|---|---|
| MEISLER RE | 01/26/23 | 3.00 | REVIEW AND EDIT MOTION TO APPOINT EQUITY COMMITTEE (2.2); CALLS WITH J. MADDEN (.3); CALL WITH R. BERMAN (.1); CORRESPONDENCE (.4). |
| MEISLER RE | 01/27/23 | 6.40 | WORK ON DIP OBJECTION (1.6); CONTINUE TO WORK ON MOTION TO APPOINT EQUITY COMMITTEE (1.5); CALLS (.4) AND CORRESPONDENCE (.2) WITH R. BERKOVICH (WEIL); CORRESPONDENCE WITH T. TSEKERIDES (WEIL) (.1); CORRESPONDENCE WITH B. MILLER (WILKIE) (.2); CALL WITH V. TANDON (.1); CALL WITH R. HIRSH (.1); CALLS WITH R. HALE (.7); CORRESPONDENCE WITH CLIENTS (.4); CALLS WITH J. MADDEN (1.1). |
| MEISLER RE | 01/28/23 | 2.90 | REVIEW AND COMMENT ON REVISED VERSION OF MOTION TO APPOINT EQUITY COMMITTEE (1.5); CALL WITH L. RUDOLPH (.1); CALL WITH R. HALE (.4); CALL WITH R. BERKOVICH (.1); CALLS WITH V. TANDON (.2); CALL WITH B. LOHAN, COUNSEL TO EQUIPMENT FINANCING SOURCES (.1); CALL WITH R. HIRSH, COUNSEL TO JMB (.1); CORRESPONDENCE (.4). |
| MEISLER RE | 01/29/23 | 4.90 | CONTINUE TO REVIEW AND COMMENT ON MOTION TO APPOINT EQUITY COMMITTEE (1.7); CALL WITH J. SINGH (PJT) (.6); CALL WITH A. HOGAN RE: STRATEGY (.8); CALLS WITH J. MADDEN RE: UPDATE AND COMMENTS TO MOTION (.7); CALL WITH L. RUDOLPH (.5); CALL WITH D. ASKEW (.1); CALL WITH B. LOHAN (COUNSEL TO EQUIPMENT FINANCING SOURCE) (.1); CORRESPONDENCE (.4). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| MEISLER RE | 01/30/23 | 3.50 | REVIEW NOTICE OF FILING RE: B. RILEY DIP AND CORRESPONDENCE RE: SAME (.4); CALL WITH D. WALL (.1); CALL WITH J. NAHAS RE: ███████ (.4); CALL WITH CLIENTS RE: UPDATE AND NEXT STEPS (.4); CALL WITH J. MADDEN (.2); ███████ ███████████████ CALLS WITH D. WALL (.2); CALL WITH R. HALE (.2); CALL WITH A. PHELPS (.2); CONTINUE TO WORK ON MOTION TO APPOINT EQUITY COMMITTEE (.8). |
| MEISLER RE | 01/31/23 | 7.40 | REVIEW REVISED DIP ORDER (.6); REVIEW MOTION TO APPROVE REVISED DIP (.7); REVIEW UCC PLEADING IN SUPPORT (.3); REVIEW SINGH DECLARATION IN SUPPORT (.3); CALL WITH N. REED RE: HEARING PREP (.2); ██████████████████ CALLS WITH J. MADDEN RE: SAME AND RE: MOTION TO APPOINT EQUITY COMMITTEE (.7); CONTINUE TO REVIEW AND REVIEW MOTION TO APPOINT EQUITY COMMITTEE (1.0); TRAVEL TO HOUSTON FROM DETROIT (3.0). |
| | | **44.10** | |
| PANAGAKIS GN | 01/23/23 | 0.80 | REVIEW MATERIALS AND PARTICIPATE ON CALLS. |
| PANAGAKIS GN | 01/24/23 | 0.80 | PREPARE FOR AND PARTICIPATE ON CALLS. |
| PANAGAKIS GN | 01/28/23 | 0.70 | REVIEW AND COMMENT ON PLEADINGS. |
| | | **2.30** | |
| REED NM | 01/27/23 | 5.90 | REVIEW AND REVISE DIP OBJECTION, MOTION TO APPOINT COMMITTEE AND RELATED FILINGS; CONFER AMONG CLIENT AND COUNSEL RE: SAME; REVIEW BACKGROUND MATERIAL. |
| REED NM | 01/30/23 | 3.80 | REVIEW AND REVISE DRAFT MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE; REVIEW NEW BANKRUPTCY FILINGS; CONFER AMONG CLIENT AND COUNSEL RE: SAME, STRATEGY. |
| REED NM | 01/31/23 | 2.30 | REVIEW RECENT FILINGS (.8); REVIEW AND REVISE MOTION TO APPOINT EQUITY COMMITTEE (1.3); CALL WITH R. MEISLER RE: HEARING PREPARATION (.2). |
| | | **12.00** | |
| **Total Partner** | | **59.40** | |
| DRESSEL CM | 01/24/23 | 1.80 | CALL WITH J. MADDEN TO DISCUSS DIP OBJECTION (0.5); BEGIN PLANNING AND DRAFTING SAME (1.3). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| DRESSEL CM | 01/25/23 | 8.10 | DRAFT DIP OBJECTION (5.3); DRAFT LETTER TO DEBTORS' COUNSEL REQUESTING ADJOURNMENT OF DIP HEARING (2.8). |
| DRESSEL CM | 01/26/23 | 9.10 | CONTINUE DRAFTING DIP OBJECTION. |
| DRESSEL CM | 01/27/23 | 9.70 | CONTINUE DRAFTING DIP OBJECTION AND FILE SAME (7.3); REVIEW AND COMMENT ON MOTION TO APPOINT EQUITY COMMITTEE (2.4). |
| DRESSEL CM | 01/28/23 | 1.00 | REVIEW COMPETING DIP TERM SHEETS (0.8); REVIEW ISSUES CONCERNING AD HOC GROUP DIP OBJECTION AND CORRESPONDENCE WITH WORKING GROUP RE: SAME (0.2). |
| DRESSEL CM | 01/29/23 | 0.60 | REVIEW REVISED DRAFT OF MOTION TO DIRECT APPOINTMENT OF EQUITY COMMITTEE. |
| DRESSEL CM | 01/30/23 | 1.20 | UPDATE CALL WITH AD HOC GROUP (0.4); REVIEW REPLACEMENT DIP PAPERS (0.8). |
| DRESSEL CM | 01/31/23 | 1.80 | REVIEW REPLACEMENT DIP DOCUMENTS AND RELATED PLEADINGS FOR FEBRUARY 1 DIP HEARING. |
| | | **33.30** | |
| MADDEN J | 01/17/23 | 0.60 | REVIEW DIP OBJECTION MATERIALS AND PREPARE SUMMARY FOR CLIENT. |
| MADDEN J | 01/22/23 | 1.60 | CALL WITH CLIENTS RE: NEXT STEPS; COMMUNICATION WITH CLIENTS RE: CASE INFORMATION; FOLLOW UP CORRESPONDENCE RE: SAME. |
| MADDEN J | 01/23/23 | 2.30 | CALL RE: POTENTIAL DIP FINANCING (0.3); DRAFT/REVISE LETTER FOR COMPANY COUNSEL AND CORRESPONDENCE WITH TEAM RE: SAME (1.2); REVIEW RESEARCH RE: EQUITY COMMITTEES (0.8). |
| MADDEN J | 01/24/23 | 8.40 | CALL WITH TEAM RE: MOTION; DRAFT/REVISE SAME; CALL WITH CLIENT GROUP RE: DIP FINANCING; CALL WITH TEAM RE: DIP OBJECTION. |
| MADDEN J | 01/25/23 | 11.40 | DRAFT/REVISE MOTION TO APPOINT AN EQUITY COMMITTEE AND REVIEW COMMENTS RE: SAME; CORRESPONDENCE RE: DIP MATTERS. |
| MADDEN J | 01/26/23 | 11.80 | CONTINUE TO REVIEW/REVISE MOTION TO APPOINT EQUITY COMMITTEE AND DIP OBJECTION. |
| MADDEN J | 01/27/23 | 7.80 | REVIEW/REVISE PLEADINGS AND CORRESPONDENCE RE: SAME. |

4

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| MADDEN J | 01/28/23 | 3.90 | REVIEW COMMENTS TO/REVISE MOTION; CORRESPONDENCE RE: SAME; WORK ON PRELIMINARY STATEMENT. |
| MADDEN J | 01/29/23 | 7.10 | REVIEW/REVISE APPOINTMENT MOTION; REVIEW DIP TRANSCRIPTS. |
| MADDEN J | 01/30/23 | 7.90 | CALL WITH GROUP RE: DIP AND NEXT STEPS AND FOLLOW UP RE: SAME (C.7); REVIEW/REVISE MOTION IN LIGHT OF DIP DEVELOPMENTS (6.2); REVIEW DIP DOCUMENTS (1.0). |
| MADDEN J | 01/31/23 | 8.70 | REVIEW AND SUMMARIZE DIP-RELATED MATERIALS AND PLEADINGS AND SUMMARIZE SAME; REVIEW/REVISE MOTION AND DISCUSS SAME WITH TEAM; DISCUSS VALUATION METRICS WITH ADVISOR. |
| | | **71.50** | |
| PHELPS AS | 01/17/23 | 5.00 | MONITOR DOCKET AND SUMMARIZE FILINGS FROM 1/17 (1.5); MONITOR THE CORE SCIENTIFIC DOCKET AND SUMMARIZE OBJECTION AND JOINDER FILINGS FROM 1/17 (2.2); DRAFT EMAIL MEMO RE: SAME (0.2); MONITOR THE CORE SCIENTIFIC DOCKET AND SUMMARIZE MOTION FILINGS FROM 1/17 (0.9); DRAFT EMAIL MEMO RE: MOTION FILINGS FROM 1/17 (0.2). |
| PHELPS AS | 01/18/23 | 2.90 | RESEARCH ARGUMENTS AGAINST DIP FACILITIES IN PRECEDENT CASES (1.8); MONITOR COMMODITIES PRICE FLUCTUATIONS AND UPDATE GRAPHS FOR MOTION TO APPOINT EQUITY COMMITTEE (1.1). |
| PHELPS AS | 01/19/23 | 2.40 | MONITOR BITCOIN AND COMPETITOR TRADING PRICES AND UPDATE GRAPHS FOR MOTION TO APPOINT EQUITY COMMITTEE (0.8); MONITOR THE DOCKET AND SUMMARIZE NEW FILINGS (1.6). |
| PHELPS AS | 01/20/23 | 3.90 | TRACK BITCOIN AND COMMODITIES PRICES (0.7); MONITOR CORE SCIENTIFIC DOCKET AND SUMMARIZE UPDATES (0.2); RESEARCH PRECEDENT CASE FOR DIP OBJECTION ARGUMENTS (3.0). |
| PHELPS AS | 01/21/23 | 2.80 | INVESTIGATE BUSINESS RELATIONSHIPS TO TEST DISINTERESTEDNESS OF CORE SCIENTIFIC DIRECTORS. |
| PHELPS AS | 01/22/23 | 6.30 | COMPILE PACKET OF KEY DOCKET FILINGS FOR EQUITY MEMBER (0.4); CONTINUE RESEARCHING BUSINESS RELATIONSHIPS OF CORE SCIENTIFIC BOARD MEMBERS (1.0); DRAFT MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (4.9). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| PHELPS AS | 01/23/23 | 11.10 | MONITOR CORE SCIENTIFIC DOCKET AND SUMMARIZE FILINGS FROM 1/23 (0.9); IMPLEMENT EDITS AND UPDATE GRAPHS AND CITATIONS FOR LETTER TO THE COMPANY (2.1); CONTINUE DRAFTING FACTUAL BACKGROUND FOR MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (1.8); DRAFT ARGUMENTS FOR MOTION TO APPOINT AND OFFICIAL EQUITY COMMITTEE (2.1): RESEARCH LEGAL STANDARD FOR U.S. TRUSTEE ABUSE OF DISCRETION ARGUMENTS (2.3);  RESEARCH PROCEDURAL REQUIREMENTS FOR MOVING THE COURT TO APPOINT AN OFFICIAL EQUITY COMMITTEE (1.9). |
| --- | --- | --- | --- |
| PHELPS AS | 01/24/23 | 14.50 | CONTINUE DRAFTING MOTION TO APPOINT EQUITY COMMITTEE; UPDATE MOTION TO APPOINT EQUITY COMMITTEE DRAFT (2.1); PREPARE APPEARANCE AND PRO HAC VICE FILINGS (1.2); DRAFT 2019 DISCLOSURE (0.9); DRAFT PROPOSED ORDER GRANTING MOTION TO APPOINT EQUITY COMMITTEE (0.4); CALL WITH R. MEISLER AND J. MADDEN RE: MOTION TO APPOINT EQUITY COMMITTEE (0.2); RESEARCH SOUTHERN DISTRICT OF TEXAS PROCEDURES FOR EMERGENCY MOTIONS (1.4); RESEARCH DIP OBJECTION PRECEDENTS (0.6); UPDATE MOTION DRAFT (0.9); CALL WITH AD HOC EQUITY GROUP (0.6); ORGANIZE AND DISTRIBUTE CALL NOTES (0.4); CALL WITH R. MEISLER AND J. MADDEN TO DISCUSS DRAFTING MOTION TO APPOINT EQUITY COMMITTEE AND DIP OBJECTION (0.2); CALL WITH J. MADDEN TO DISCUSS OBJECTION DRAFTING; CREATE INITIAL DRAFT OF DIP OBJECTION (2.5). |
| PHELPS AS | 01/25/23 | 11.00 | CONTINUE DRAFTING DIP OBJECTION; UPDATE MOTION TO APPLIED EQUITY COMMITTEE DRAFT (3.4); UPDATE DRAFT 2019 DISCLOSURE AND EXHIBIT (1.3); EDIT MOTION CITATIONS (0.7); REFINE RIDER FOR MOTION (0.2); UPDATE MEMBERSHIP CHART FOR 2019 DISCLOSURE (0.8); MONITOR BITCOIN AND COMPETITOR TRADING PRICES AND UPDATE GRAPHS IN MOTION TO APPOINT EQUITY COMMITTEE (0.4); COLLECT AD HOC EQUITY GROUP VOTES (0.2); CONTINUE EDITING MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (1.8); MONITOR CORE SCIENTIFIC DOCKET AND SUMMARIZE FILINGS (0.9). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| PHELPS AS | 01/26/23 | 14.40 | EDIT MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (4.0); CONDUCT RESEARCH ON CRYPTO COMPANIES FOR DIP OBJECTION (4.8); RESEARCH CORE SCIENTIFIC SEC FILINGS (2.3); CONFERENCE WITH J. LARKIN RE: CORPORATIONS LAW ON DIRECTOR INDEPENDENCE (0.6); CALL WITH J. MADDEN RE: INDEPENDENT DIRECTOR CASE LAW (0.3); UPDATE 2019 DISCLOSURE DRAFT (0.9); CALL WITH J. MADDEN RE: ADDITIONAL RESEARCH FOR MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (0.1); IMPLEMENT FURTHER EDITS TO MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (0.8); UPDATE 2019 DISCLOSURE WITH ADDITIONAL ADDRESSES (0.6). |
| PHELPS AS | 01/27/23 | 12.10 | IMPLEMENT FURTHER EDITS FROM C. DRESSEL AND N. REED TO MOTION TO APPOINT EQUITY COMMITTEE (4.5); IMPLEMENT FURTHER UPDATES FROM R. MEISLER TO MOTION TO APPOINT EQUITY COMMITTEE (2.8); EDIT AND UPDATE 2019 DISCLOSURE (1.5); CREATE UPDATED GRAPHS FOR MOTION (0.9); PREPARE DOCUMENTS AND EXHIBITS FOR FILING (0.9); AGGREGATE VOTES FROM AD HOC EQUITY GROUP (1.0); UPDATE ADDRESSES IN 2019 (0.5). |
| PHELPS AS | 01/28/23 | 6.70 | IMPLEMENT FURTHER UPDATES FROM R. MEISLER TO MOTION TO APPOINT EQUITY COMMITTEE (3.1); RESEARCH NEWS ARTICLES ON MACROECONOMIC TRENDS FOR MOTION (1.3); RESEARCH BALANCE SHEET TEST FOR SOLVENCY (2.3). |
| PHELPS AS | 01/29/23 | 3.20 | IMPLEMENT FURTHER EDITS TO MOTION TO APPOINT EQUITY COMMITTEE (1.8); UPDATE GRAPHS AND IMAGES FOR MOTION TO APPOINT EQUITY COMMITTEE (0.6); RESEARCH NEWS ARTICLES THAT INDICATE INFLATION RATES ARE SLOWING (0.8). |
| PHELPS AS | 01/30/23 | 8.40 | REVIEW AND SUMMARIZE DOCKET FILINGS FROM 1/30 (2.1); UPDATE MOTION TO REFLECT REPLACEMENT DIP (3.8); EDIT PRELIMINARY STATEMENT (1.2); UPDATE GRAPHS AND DATA FOR MOTION (0.5); IMPLEMENT FURTHER EDITS TO MOTION TO APPOINT AN OFFICIAL EQUITY COMMITTEE. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| PHELPS AS | 01/31/23 | 11.50 | REVIEW AND SUMMARIZE REPLACEMENT DIP PAPERS (4.2); REVIEW AND SUMMARIZE ADDITIONAL 1/31 DOCKET FILINGS (2.8); UPDATE MOTION TO APPOINT AD HOC EQUITY COMMITTEE (2.1); ORGANIZE MATERIALS AND PAPERS FOR 2/1 HEARING RE: ALTERNATIVE DIP AND OBJECTION TO $6 MILLION TERMINATION FEE (1.5); PREPARE EXHIBITS FOR MOTION FILING (0.9). |
| | | **116.20** | |
| **Total Associate** | | **221.00** | |
| HEANEY CM | 01/17/23 | 0.10 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES. |
| HEANEY CM | 01/18/23 | 0.50 | REVIEW COURT DOCKETS RE: DOCUMENT TO BE USED AS PRECEDENT IN CONNECTION WITH NEW MATTER. |
| HEANEY CM | 01/19/23 | 0.20 | REVIEW DOCKETS RE: UPDATES TO CASE FILES. |
| HEANEY CM | 01/23/23 | 0.20 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS. |
| HEANEY CM | 01/24/23 | 1.40 | DRAFT, EDIT/REVISE, AND DISTRIBUTE ADMINISTRATIVE CASE DOCUMENTS FOR POTENTIAL COURT FILING; REVIEW VARIOUS COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT; REVIEW AND UPDATE SERVICE INFORMATION. |
| HEANEY CM | 01/25/23 | 1.60 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; EDIT/REVISE UPDATES TO SERVICE INFORMATION; REVIEW VARIOUS COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT IN CONNECTION WITH POTENTIAL FILINGS. |
| HEANEY CM | 01/26/23 | 1.30 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW VARIOUS COURT DOCKETS TIME AND PROCEDURES FOR EMERGENCY MOTIONS. |
| HEANEY CM | 01/27/23 | 2.10 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; EDIT/REVISE, REVIEW AND UPDATE VARIOUS PLEADINGS; REVIEW COURT DOCKETS RE: ADDITIONAL PRECEDENT TO BE USED IN CONNECTION WITH FILINGS; PREPARE; FILE, AND DISTRIBUTE OBJECTION TO DIP MOTION. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| HEANEY CM | 01/30/23 | 1.90 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW CASE FILES AND COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT IN CONNECTION WITH HEARING MATTERS; DRAFT, EDIT/REVISE, AND DISTRIBUTE WITNESS AND EXHIBIT LIST. |
| HEANEY CM | 01/31/23 | 1.60 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; PREPARE; FILE, AND DISTRIBUTE PRO HAC MOTIONS; ASSIST ATTORNEYS WITH PREPARATION OF MATERIALS TO BE USED AT HEARING. |

                                    10.90

**Total Legal Assistant**        10.90

**TOTAL TIME**                   <u>**291.30**</u>


**CLIENT TOTAL**                 <u>**291.30**</u>

B43E

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

**AND AFFILIATES**

Core Scientific (Ad Hoc Group)

March 13, 2023
Bill No.: 1932722

TIN: ███████

| PLEASE REMIT TO: | | | |
|---|---|---|---|
| **By Check:** | SASM&F LLP<br>P.O. Box 1764<br>White Plains, NY 10602 | **By Wire:** | In US Dollars to:<br>Citibank, N.A., New York<br>A.B.A. Number: ███████<br>Swift Code: ███████<br>For Credit To Account: ███████<br>Reference Bill No.: 1932722 |

If you receive a request, via email or otherwise, to change our remittance account information, please verify that this is our intent by contacting your Skadden contact.

Invoice # 1932722

Re:  **Corporate Advice, Financing and Special Projects**

TO PROFESSIONAL SERVICES RENDERED
through March 6, 2023

For Ad Hoc Group of Equity Holders  ........... $    902,464.73

Charges and Disbursements
Computer Legal Research.............. $    13,698.72
Outside Research Services...........          318.75
Court Reporting.....................           94.80
Electronic Document Management.......           12.80
Reproduction and Document Preparation        2,095.34
Travel Expenses.....................        1,761.63

Total Disbursements ...................    17,982.04

$    920,446.77

PAYMENT DUE UPON RECEIPT.
***
MAY INCLUDE PROFESSIONAL SERVICES, CHARGES AND DISBURSEMENTS FROM AFFILIATES.

B43E

Core Scientific (Ad Hoc Group)
Monthly Omnibus Statement  (March, 2023)
March 13, 2023 - Summary Page 2


Total Fees ......................................$    902,464.73

Total Charges and Disbursements ..................    17,982.04

Grand Total .....................................$    920,446.77

**TIME SUMMARY**
**CORE SCIENTIFIC (AD HOC GROUP): through March 6, 2023**

**MATTER #1   Ad Hoc Group of Equity Holders**                          **Bill No: 1932722**

| NAME | RATE | HOURS | TOTAL |
|------|------|-------|-------|
| **PARTNERS** | | | |
| ALBERT L. HOGAN III | $1,747 | 3.60 | $   6,287.87 |
| RON E. MEISLER | 1,747 | 75.00 | 130,997.41 |
| NOELLE M. REED | 1,747 | 67.60 | 118,072.33 |
| **TOTAL PARTNERS** | | **146.20** | **$255,357.61** |
| **COUNSEL** | | | |
| WALLIS M. HAMPTON | $1,395 | 98.90 | $ 137,929.15 |
| DANIEL S. MAYERFELD | 1,395 | 19.00 | 26,498.03 |
| **TOTAL COUNSEL** | | **117.90** | **$164,427.18** |
| **ASSOCIATES** | | | |
| CLAIRE ARMSTRONG | $1,136 | 60.60 | $  68,853.81 |
| JOHN BLACK | 766 | 41.80 | 32,034.65 |
| JACKIE DAKIN | 1,025 | 72.80 | 74,606.15 |
| CHRISTOPHER M. DRESSEL | 1,239 | 33.30 | 41,248.14 |
| JENNIFER MADDEN | 1,239 | 99.40 | 123,125.08 |
| AMY S. PHELPS | 646 | 142.10 | 91,807.33 |
| **TOTAL ASSOCIATES** | | **450.00** | **$431,675.16** |
| **TRIAL CONSULTANT** | | | |
| AARON SHORR | $922 | 8.50 | $  7,839.79 |
| **TOTAL Trial Consultant** | | **8.50** | **$  7,839.79** |
| **LEGAL ASSISTANTS** | | | |
| LEGAL ASSISTANT @ | $481 | 89.70 | $ 43,164.99 |
| **TOTAL LEGAL ASSISTANTS** | | **89.70** | **$ 43,164.99** |
| **MATTER TOTAL** | | **812.30** | **$902,464.73** |

643E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Core Scientific (Ad Hoc Group)**
**Ad Hoc Group of Equity Holders**

Bill Date: 03/13/23
Bill Number: 1932722

| NAME | DATE | HOURS | DESCRIPTION |
|------|------|-------|-------------|
| HOGAN III AL | 02/01/23 | 1.00 | REVIEW AND COMMENT ON COMMITTEE MOTION. |
| HOGAN III AL | 02/15/23 | 1.40 | WORK ON STRATEGY OF EQUITY COMMITTEE FORMULATION AND POTENTIAL DISCOVERY. |
| HOGAN III AL | 02/16/23 | 0.90 | WORK ON COMMITTEE ESTABLISHMENT LITIGATION. |
| HOGAN III AL | 02/17/23 | 0.30 | WORK ON COMMITTEE FORMATION STRATEGY. |
| | | **3.60** | |
| MEISLER RE | 02/01/23 | 5.30 | PREPARE FOR AND ATTEND HEARING RE: DIP (3.5); CORRESPONDENCE RE: SAME (.2); CONTINUE TO WORK ON REVISIONS TO MOTION TO APPOINT EQUITY COMMITTEE (1.4); CALL WITH J. MADDEN RE: SAME (.2). |
| MEISLER RE | 02/02/23 | 1.80 | REVIEW FIRST DAY HEARING TRANSCRIPT TO PREPARE FOR MOTION TO APPOINT EQUITY COMMITTEE (.7); CALL WITH J. MADDEN RE: VALUATION ARGUMENTS (.4); WORK THROUGH COMMENTS TO MOTION TO APPOINT EQUITY COMMITTEE (.7). |
| MEISLER RE | 02/03/23 | 1.40 | REVIEW ANALYSIS RE: NYDIG MOTION (.2); CORRESPONDENCE WITH CLIENTS RE: SAME AND OTHER (.2); FINALIZE MOTION TO APPOINT AN EQUITY COMMITTEE (1.0); CORRESPONDENCE WITH DEBTORS, UCC, AND SECURED NOTEHOLDERS. |
| MEISLER RE | 02/04/23 | 0.30 | CALL WITH DOUG WALL (.3). |
| MEISLER RE | 02/06/23 | 0.20 | REVIEW CORE SCIENTIFIC PRESS RELEASE (.2). |
| MEISLER RE | 02/08/23 | 0.90 | CALL WITH PRETIUM ( DAVID FORD, DAVID SABATH, AND MATT CANTOR) RE: CORE, JOINING GROUP, AND POTENTIAL FUNDING OPTIONS (.7); CALL WITH NOELLE REED RE: LITIGATION STRATEGY AND POTENTIAL DEPOSITIONS (.2). |
| MEISLER RE | 02/10/23 | 1.60 | CALL WITH L. RUDOLPH (.1); CALL WITH N. REED RE: LITIGATION STRATEGY (.2); CALL WITH A. HOGAN RE: SAME (.4); CALL WITH TWO SEAS CAPITAL RE: JOINING GROUP AND STRATEGY (.7); CORRESPONDENCE (.2). |
| MEISLER RE | 02/11/23 | 0.50 | CALL WITH NOELLE REED AND AL HOGAN RE: LITIGATION STRATEGY (.5). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| MEISLER RE | 02/13/23 | 2.00 | WORK ON STRATEGY FOR NEXT STEPS AND PREPARE FOR CLIENT CALL (.5); CALL WITH CLIENT GROUP RE: SAME (.4); CALL WITH R. HALE (.1); CALL WITH D. WALL (.2); CALL WITH MATT CANTOR (PRETIUM) RE: UPDATE AND POTENTIAL ALTERNATIVE APPROACHES (.3); CALL WITH BRENT BERGE (.2); CORRESPONDENCE (.3). |
| MEISLER RE | 02/14/23 | 1.70 | CALLS WITH R. BERKOVICH (.3); CALL WITH BRETT MILLER, COUNSEL TO UCC (.2); CALL WITH DOUG WALL AND NOELLE REED (.3); FOLLOW UP CALL WITH NOELLE REED (.2); CALL WITH A. PHELPS RE: HEARING PREP (.2); CALL WITH RANDY HALE (.1); CORRESPONDENCE (.4). |
| MEISLER RE | 02/15/23 | 1.80 | CALL WITH B. BERGE (.3); CALL WITH JOE JUDSON AND A. HOGAN (.4); FOLLOW UP WITH A. HOGAN (.2); WORK ON VALUATION ARGUMENTS FOR 2/28 HEARING (.7); CORRESPONDENCE WITH R. BERKOVICH RE: DEPOSITIONS (.2). |
| MEISLER RE | 02/16/23 | 5.40 | CALL WITH DOUG WALL (.6); CALL AND CORRESPONDENCE WITH JMB (.2); CALL WITH A. HOGAN (.2); CALL WITH NOELLE REED AND AL HOGAN RE: EVIDENCE AND LIT PREP (.5); ██████████ WORK ON BUDGET (.4); CORRESPONDENCE WITH R. BERKOVITCH (.2); WORK ON PRESENTATION FOR 2/28 HEARING (2.8) CORE. |
| MEISLER RE | 02/17/23 | 3.70 | CONTINUE TO WORK ON COURT PRESENTATION FOR 2/28 HEARING (2.1); CORRESPONDENCE WITH CLIENT GROUP (.4); CALLS WITH L. RUDOLPH (.4, .1); REVIEW NOTICE OF DEPOSITION AND CALL WITH WALLIS HAMPTON RE: SAME (.2); CALLS WITH N. REED (.1, .1); CALL WITH R. HALE (.1); CALL WITH D. WALL (.1); CORRESPONDENCE WITH K. TURNER (.1). |
| MEISLER RE | 02/18/23 | 1.00 | CORRESPONDENCE (.2); CALL WITH R. BERKOVICH (.5); CALL WITH N. REED (.1); CALL WITH L. RUDOLPH (.2). |
| MEISLER RE | 02/20/23 | 2.90 | REVIEW AND WORK ON COUNTER TO WEIL/CORE (.6); CALL WITH CLIENT GROUP (.6); CORRESPONDENCE (.4); CALL WITH B. BERGE (.2); CALL ██████████ RE: HEARING PREP (.6); CALL WITH ADAM ROSEN OF PROVINCE RE: VIEWS ON TRANSACTION (.5). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| MEISLER RE | 02/21/23 | 1.10 | CALL WITH R. BERKOVICH RE: SETTLEMENT (.4); REVIEW AND REVISE ORDER RE: SAME (.5); CORRESPONDENCE WITH CLIENT GROUP (.2). |
| MEISLER RE | 02/22/23 | 1.40 | CALL WITH UST (JAYSON RUFF) AND N. REED RE: EQUITY COMMITTEE REQUEST AND 2/28 HEARING (.3); CORRESPONDENCE RE: SAME (.1); CONTINUE TO WORK ON SLIDES FOR 2/29 HEARING (1.0). |
| MEISLER RE | 02/23/23 | 4.30 | CALL WITH JUSTIN KALB (.2); FOLLOW UP CALL WITH A. PHELPS RE: HEARING PREP (.1); CONTINUE TO WORK ON SLIDES FOR HEARING PRESENTATION (1.2); ███████ ███████████████████ REVIEW AND COMMENT ON THE DIP ORDER TO INCORPORATE RIGHTS FOR AN EQUITY COMMITTEE (1.1); CORRESPONDENCE WITH WEIL RE: NEGOTIATING TERMS (.3); CORRESPONDENCE TO UPDATE CLIENT GROUP (.3); CALL WITH WILLKIE (TODD GOREN AND JIM B.) RE: NEGOTIATIONS FOR UCC SUPPORT (.3); CORRESPONDENCE RE: SAME (.1). |
| MEISLER RE | 02/24/23 | 5.30 | CALL WITH DOUGLAS ABRAMS (.1); CALLS WITH N. REED (.5); CALLS WITH R. BERKOVICH (.5); CALL WITH R. HALE (.1); CALLS WITH INTERNAL TEAM RE: RESPONDING TO PLEADINGS TO BE FILED (.5); CALLS WITH WALLIS HAMPTON (1.0); ███████ ███████ CALLS WITH HAMPTON FOUSHEE, COUNSEL TO B. RILEY RE: DIP CARVE OUT (.2); REVIEW DEBTORS RESPONSE (.3); CONTINUE TO WORK ON RESOLUTION WITH DEBTORS AND UCC (.5); REVIEW AND COMMENT ON NOTICE RE SAME AND COURT HEARING DATE CHANGE (.2); REVIEW AD HOC CONVERTIBLE NOTEHOLDERS MOTION TO ADJOURN HEARING (.2) AND DISCOVERY REQUESTS (.3) AND CONSIDER APPROACHES RE: SAME (.4). |
| MEISLER RE | 02/25/23 | 3.60 | REVIEW AD HOC NOTEHOLDERS OBJECTION AND DRAFT POINTS IN RESPONSE (.7); WORK WITH LITIGATION TEAM ON SLIDES FOR HEARING (1.1); ███████████ ███████████████████ CALL WITH JOE JUDSON (.4); CALL WITH B. BERGE (.3); CALL WITH WALLIS HAMPTON (.2); WORK ON DISCOVERY REQUEST (.4). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| MEISLER RE | 02/26/23 | 2.60 | CALL WITH NOELLE REED (.1); CALL WITH NOELLE REED AND JIM BURBAGE (COUNSEL TO UCC) (.2); CALL WITH WEIL (R. BERKOVICH AND T. TSEKRIDES) AND NOELLE REED RE: DISCOVERY AND HEARING PREP (.7); FOLLOW UP CALL WITH NOELLE REED (.2); CALL WITH PRETIUM (DAVID SABATH, DAVID FORD, AND MATT CANTOR) RE: UPDATE (.5); CORRESPONDENCE WITH CLIENT GROUP (.2); CONTINUE TO WORK ON HEARING PRESENTATION (.7). |
| --- | --- | --- | --- |
| MEISLER RE | 02/27/23 | 5.20 | REVIEW AND COMMENT ON DIP OBJECTION (.5); REVIEW AND COMMENT ON MOTION QUASH AND OBJECTION TO NOTEHOLDERS REQUEST TO ADJOURN (.5); REVIEW AND COMMENT ON RESPONSE TO NOTEHOLDERS OBJECTION (1.0) AND ON REVISED VERSION (.8); CALL WITH CLIENT GROUP (.5); FOLLOW UP WITH A. PHELPS RE: REPLY (.2); CALL WITH R. BERKOVICH (.5); CALL WITH L. RUDOLPH (.2); CORRESPONDENCE (.4); REVIEW FINAL DIP OBJECTION AND MOTION TO QUASH/OBJECTION TO ADJOURNMENT (.6). |
| MEISLER RE | 02/28/23 | 8.00 | CONTINUE TO PREPARE FOR HEARING, INCLUDING REVIEW AND REVISE COURT PRESENTATION, CALL WITH PAUL HASTINGS (COUNSEL TO NOTEHOLDERS), CALL WITH RONIT BERKOVICH, CALL WITH TED TSEKERIDES (WEIL LITIGATOR), CALL WITH R. HALE, CORRESPONDENCE, REVIEW CASE LAW, REVIEW DOCUMENT PRODUCTION (8.0). |
| MEISLER RE | 03/01/23 | 6.00 | CONTINUE TO PREPARE FOR HEARING, ATTEND AND PRESENT AT HEARING, WORK ON REVISIONS TO DIP ORDER; CALL WITH L. RUDOLPH; CORRESPONDENCE WITH CLIENT GROUP (6.0). |
| MEISLER RE | 03/02/23 | 2.70 | CORRESPONDENCE WITH CLIENT (.2); CORRESPONDENCE WITH RONIT (.1); CALL WITH CLIENT GROUP RE: UPDATE FROM HEARING JUDGE'S VIEWS AND REQUIREMENTS, AND RELATED IMPACT (1.0); CALL WITH ANDREW GEPPERT AND TEREZA SIMONYAN RE: █████████ (.2); CALL WITH STEVE STROM AND JOHN MCGARRITY (XMS CAPITAL) RE: INTEREST IN AD HOC EQUITY GROUP AND APPOINTMENT OF OFFICIAL COMMITTEE (.3); REVIEW AND COMMENT ON ORDER APPOINTING OFFICIAL EQUITY COMMITTEE (.4); REVIEW PAUL HASTINGS COMMENTS (.2) AND TURN REVISED DRAFT OF SAME (.3). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| MEISLER RE | 03/03/23 | 4.30 | CALLS WITH R. BERKOVICH (.3); CALLS WITH N. REED (.5); WORK ON REVISIONS TO ORDER AND PLAN FOR HEARING (.5); ATTEND HEARING (.5); CALL WITH L. RUDOLPH (.5); CALL WITH J. MADDEN AND A. PHELPS (.2); CONTINUE TO NEGOTIATE AND REVISE ORDER (1.0); CALL WITH ALL STAKEHOLDERS TO SETTLE ORDER (.3); REVIEW AND REVISE NOTICE FOR SUBMISSION TO COURT (.2); |
| | | 75.00 | |
| REED NM | 02/01/23 | 3.50 | PREPARE FOR AND ATTEND HEARING ON REPLACEMENT DIP FACILITY, INCLUDING REVIEW OF BONDHOLDER AND OTHER FILINGS BEFORE HEARING. |
| REED NM | 02/02/23 | 2.70 | REVIEW AND REVISE DRAFT MOTION TO APPOINT COMMITTEE (1.4); CONFER AMONG COUNSEL RE SAME (.6); REVIEW FIRST DAY TRANSCRIPT RE SAME (.5); REVIEW FILINGS (.2). |
| REED NM | 02/03/23 | 2.10 | REVIEW AND REVISE DRAFT MOTION TO APPOINT EQUITY COMMITTEE (1.4); REVIEW PLEADINGS AND FILINGS IN BANKRUPTCY PROCEEDING (.4); DISCUSS MOTION STRATEGY AMONG COUNSEL (.3). |
| REED NM | 02/04/23 | 0.80 | REVIEW BACKGROUND MATERIAL RE VALUATION ANALYSIS. |
| REED NM | 02/08/23 | 0.30 | CONFER WITH R. MEISLER RE STRATEGY ISSUES. |
| REED NM | 02/10/23 | 1.30 | RESEARCH RE DEPOSITION OF CEO IN SUPPORT OF MOTION TO APPOINT EQUITY COMMITTEE (.8); CONFER WITH TEAM RE SAME (.5). |
| REED NM | 02/11/23 | 0.40 | CONFER AMONG CLIENT AND COUNSEL RE STRATEGY ISSUES. |
| REED NM | 02/13/23 | 0.70 | PREPARE FOR AND ATTEND CALL WITH CLIENTS. |
| REED NM | 02/14/23 | 0.80 | CALL WITH CLIENT AND R. MEISLER RE DEPOSITION PREPARATION; REVIEW MATERIALS RE VALUATION METHODOLOGY. |
| REED NM | 02/15/23 | 0.70 | CONFER AMONG TEAM RE DEPOSITIONS IN AID OF MOTION TO APPOINT EQUITY COMMITTEE; REVIEW PRIOR PUBLIC STATEMENTS OF M. LEVITT RE VALUATION. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| REED NM | 02/16/23 | 3.00 | CONFER WITH R. MEISLER RE LITIGATION STRATEGY, DEPOSITIONS; REVIEW VALUATION MATERIALS AND DISCUSS WITH TEAM; PREPARE FOR HEARING ON MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE. |
| REED NM | 02/17/23 | 2.30 | CALLS WITH R. MEISLER RE DEPOSITIONS; ATTENTION TO NOTICES OF SAME; CONFER AMONG COUNSEL RE VALUATION AND HEARING PREPARATION. |
| REED NM | 02/18/23 | 0.60 | CORRESPONDENCE AMONG CLIENT AND COUNSEL RE DEBTOR APPROVAL FOR EQUITY COMMITTEE; CONFER WITH R. MEISLER RE SAME. |
| REED NM | 02/19/23 | 0.60 | ATTENTION TO VALUATION ANALYSIS STRATEGY; EMAILS AMONG CLIENT AND COUNSEL RE MOTION TO APPOINT EQUITY COMMITTEE. |
| REED NM | 02/20/23 | 2.00 | CONFER WITH CLIENTS AND COUNSEL RE MOTION TO APPOINT EQUITY COMMITTEE, NEGOTIATIONS WITH DEBTORS (.8); ATTENTION TO PREPARATION FOR HEARING, INCLUDING ██████████ (1.2). |
| REED NM | 02/21/23 | 2.10 | CONFER AMONG CLIENT AND COUNSEL RE NEGOTIATIONS WITH DEBTOR COUNSEL (.6); CONFER WITH SKADDEN TEAM RE STRATEGY (.5); PREPARE FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE (1). |
| REED NM | 02/22/23 | 1.00 | REVIEW AND DISCUSS DAFT WITNESS AND EXHIBIT LIST (.3); REVIEW PRIOR RULINGS RE MOTION FOR APPOINTMENT OF EQUITY COMMITTEE IN PREPARATION FOR HEARING (1); CONFER WITH R. MEISLER RE CASE STRATEGY ISSUES (.4). |
| REED NM | 02/23/23 | 4.60 | PREPARE FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE (3); MEET WITH ██████████ (1); REVIEW DRAFT DECKS AND EXHIBITS RE SAME (.6). |
| REED NM | 02/24/23 | 5.00 | PREPARE FOR HEARING (1.5); REVIEW OBJECTION OF NOTEHOLDERS (.4); REVIEW DISCOVERY REQUESTS AND CONFER WITH TEAM RE RESPONSES (1); PREPARE FOR AND ATTEND MEETING ████████ RE HEARING PREPARATION (.8); COMMUNICATIONS AMONG COUNSEL AND COUNSEL FOR DEBTORS, NOTEHOLDERS, UCC RE NEGOTIATION OF AGREED ORDER (1.3). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| REED NM | 02/25/23 | 4.50 | PREPARE FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE (1.5); CALLS AND EMAILS WITH R. MEISLER, W. HAMPTON RE SAME (.8); REVIEW DEBTOR AND NOTEHOLDER FILINGS AND DISCOVERY (1.2); ATTEND MEETING ███████████ ████████████ RE HEARING (1). |
| REED NM | 02/26/23 | 6.70 | REVIEW AND REVISE DRAFT OBJECTIONS AND RESPONSES TO RFPS (2); REVIEW AND REVISE DRAFT MOTION TO QUASH AND OBJECTION TO EMERGENCY MOTION (2); CONFER AMONG COUNSEL RE MOTIONS, PREPARATION FOR HEARING (2.3); CONFER WITH DEBTORS' COUNSEL RE DISCOVERY (.4). |
| REED NM | 02/27/23 | 10.00 | REVIEW AND REVISE DRAFT REPLY (4); REVIEW AND REVISE DRAFT DIP OBJECTION (2); REVIEW AND REVISE DRAFT MOTION TO QUASH/OBJECTION TO EMERGENCY MOTION TO ADJOURN (2.5); CONFER AMONG COUNSEL RE STRATEGY AND PLANNING (1); CONFER WITH OPPOSING COUNSEL RE OBJECTIONS AND FILINGS (.3); CALLS WITH DEBTORS COUNSEL RE DOCUMENTS (.2). |
| REED NM | 02/28/23 | 4.00 | PREPARE FOR HEARING (2); REVIEW AND REVISE REPLY (1); CONFERENCES AMONG NOTEHOLDERS, DEBTORS RE HEARING AND DISCOVERY (1). |
| REED NM | 03/01/23 | 3.60 | PREPARE FOR AND ATTEND HEARING ON MOTION TO APPOINT COMMITTEE (3); CALLS WITH COUNSEL FOR NOTEHOLDERS AND DEBTOR RE AGREEMENT ON ADMISSION OF EXHIBITS AND STREAMLINING TRIAL (.6). |
| REED NM | 03/02/23 | 1.50 | PREPARE FOR AND ATTEND CLIENT CALL RE PROPOSED ORDER APPROVING EQUITY COMMITTEE (.9); EMAILS AMONG CLIENTS AND COUNSEL RE SAME (.3); EMAILS AMONG COUNSEL RE NEGOTIATION OF ORDER (.3). |
| REED NM | 03/03/23 | 2.80 | PREPARE FOR AND ATTEND HEARING ON MOTION TO APPOINT EQUITY COMMITTEE (.8); REVIEW AND COMMENT ON MULTIPLE DRAFTS OF PROPOSED ORDER (.6); EMAILS AMONG ALL COUNSEL RE DRAFT ORDER AND REVISIONS TO SAME (1); REVIEW AND FINALIZE AGREED PROPOSED ORDER (.4). |
|  |  | **67.60** |  |
| **Total Partner** |  | **146.20** |  |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| HAMPTON WM | 02/08/23 | 0.60 | DISCUSS ISSUES RE: DEPOSITION OF CORE SCIENCES' CEO WITH N. REED; FOLLOW UP WITH C. ARMSTRONG AND EVALUATE ISSUES RE: SAME. |
| HAMPTON WM | 02/09/23 | 0.40 | REVIEW ISSUES RE: DEPOSING CORE SCIENTIFIC CEO. |
| HAMPTON WM | 02/10/23 | 0.30 | REVIEW ISSUES RE: DEPOSITION OF CORE SCIENTIFIC CEO (.3); DISCUSS SAME WITH N. REED AND C. ARMSTRONG (.2). |
| HAMPTON WM | 02/14/23 | 0.70 | PREPARE FOR DEPOSITION OF CORE SCIENTIFIC'S CEO. |
| HAMPTON WM | 02/16/23 | 1.00 | DISCUSS ISSUES RE: HEARING ON MOTION FOR APPOINTMENT OF EQUITY COMMITTEE AND RELATED DEPOSITIONS WITH R. MEISLER AND N. REED. |
| HAMPTON WM | 02/17/23 | 4.00 | PREPARE FOR DEPOSITIONS OF DEBTORS' CEO AND CO-CHAIR. |
| HAMPTON WM | 02/18/23 | 1.80 | PREPARE FOR DEPOSITIONS OF CORE SCIENTIFIC WITNESSES. |
| HAMPTON WM | 02/19/23 | 5.40 | PREPARE FOR DEPOSITIONS OF CORE SCIENTIFIC WITNESSES. |
| HAMPTON WM | 02/20/23 | 6.70 | PREPARE FOR DEPOSITIONS FOR CORE SCIENTIFIC WITNESSES AND HEARING ON MOTION FOR APPOINTMENT OF OFFICIAL EQUITY COMMITTEE (6.2); DISCUSS POTENTIAL HEARING ███████████ (.5). |
| HAMPTON WM | 02/21/23 | 6.40 | PREPARE FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE. |
| HAMPTON WM | 02/22/23 | 4.50 | PREPARE FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE; CALL WITH U.S. TRUSTEE REGARDING MOTION. |
| HAMPTON WM | 02/23/23 | 6.00 | PREPARE FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE; DISCUSS MOTION AND HEARING WITH ████████. |
| HAMPTON WM | 02/24/23 | 10.20 | PREPARE FOR HEARING ON MOTION FOR APPOINTMENT OF EQUITY COMMITTEE; █████████████████████████ WORK ON RESPONSES TO NOTEHOLDERS' DISCOVERY REQUESTS. |
| HAMPTON WM | 02/25/23 | 9.20 | PREPARE FOR HEARING ON MOTION FOR APPOINTMENT OF EQUITY COMMITTEE; ████████████████████ REVISE AND EDIT DISCOVERY RESPONSES AND MOTION TO QUASH DEPOSITION. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| HAMPTON WM | 02/26/23 | 10.20 | PREPARE FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE; DISCUSS SAME ▬▬▬▬▬; REVISE AND EDIT WITNESS AND EXHIBIT LIST, OBJECTION TO EMERGENCY MOTION TO ADJOURN HEARING, AND MOTION TO QUASH. |
| HAMPTON WM | 02/27/23 | 9.80 | PREPARE FOR HEARING; REVISE AND EDIT MOTION TO QUASH AND REPLY IN SUPPORT OF MOTION TO APPOINT EQUITY COMMITTEE; OVERSEE REVIEW AND PREPARATION OF DOCUMENTS FOR PRODUCTION TO NOTEHOLDERS. |
| HAMPTON WM | 02/28/23 | 10.10 | PREPARE FOR HEARING ON MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE. |
| HAMPTON WM | 03/01/23 | 10.10 | PREPARE FOR AND ATTEND HEARING ON MOTION TO APPOINT EQUITY COMMITTEE. |
| HAMPTON WM | 03/02/23 | 0.80 | REVIEW CORRESPONDENCE RE: EQUITY COMMITTEE ORDER; PARTICIPATE IN CLIENT CALL RE: SAME. |
| HAMPTON WM | 03/03/23 | 0.70 | ATTEND HEARING ON MOTION TO APPOINT EQUITY COMMITTEE; REVIEW CORRESPONDENCE RE: SAME. |
| | | **98.90** | |
| MAYERFELD DS | 02/25/23 | 0.80 | RESEARCH ARGUMENTS IN RESPONSE TO POSSIBLE EVIDENTIARY OBJECTIONS AND SUBSTANTIVE ARGUMENTS RELATED TO UPCOMING HEARING. |
| MAYERFELD DS | 02/26/23 | 6.70 | RESEARCH ARGUMENTS IN RESPONSE TO POSSIBLE EVIDENTIARY OBJECTIONS AND SUBSTANTIVE ARGUMENTS RELATED TO UPCOMING HEARING. |
| MAYERFELD DS | 02/27/23 | 3.70 | REVIEW AND REVISE FILINGS RELATED TO UPCOMING HEARING AND PREPARE FOR SAME. |
| MAYERFELD DS | 02/28/23 | 3.60 | PREPARE FOR HEARING ON CREATION OF COMMITTEE. |
| MAYERFELD DS | 03/01/23 | 3.30 | ASSIST IN PREPARING FOR HEARING ON CREATION OF COMMITTEE. |
| MAYERFELD DS | 03/02/23 | 0.90 | ASSIST IN PREPARING FOR HEARING ON CREATION OF COMMITTEE, INCLUDING ANALYZE EVIDENTIARY ISSUES. |
| | | **19.00** | |
| **Total Counsel** | | **117.90** | |
| ARMSTRONG C | 02/08/23 | 3.20 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| ARMSTRONG C | 02/09/23 | 3.10 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/10/23 | 3.40 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/16/23 | 2.00 | DRAFT DEPOSITION NOTICES OF CREDITOR'S EMPLOYEES. |
| ARMSTRONG C | 02/17/23 | 3.70 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/18/23 | 1.40 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/19/23 | 2.00 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/20/23 | 3.00 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/21/23 | 2.20 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/23/23 | 1.00 | PREPARE FOR UPCOMING HEARING ON MOTION FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| ARMSTRONG C | 02/24/23 | 5.90 | REVIEW AD HOC NOTEHOLDERS' DISCOVERY REQUESTS TO EQUITY GROUP AND EMERGENCY MOTION (2.0); DRAFT RESPONSES AND OBJECTIONS TO DISCOVERY REQUESTS (3.9). |
| ARMSTRONG C | 02/25/23 | 8.20 | DRAFT MOTION TO QUASH NOTEHOLDERS' DEPOSITION NOTICE AND RESPONSES TO DISCOVERY. |
| ARMSTRONG C | 02/26/23 | 9.10 | DRAFT AND REVISE MOTION TO QUASH NOTEHOLDERS' DEPOSITION NOTICE AND OBJECTION TO NOTEHOLDERS' EMERGENCY MOTION. |
| ARMSTRONG C | 02/27/23 | 8.60 | DRAFT AND REVISE MOTION TO QUASH NOTEHOLDERS' DEPOSITION NOTICE AND OBJECTION TO NOTEHOLDERS' EMERGENCY MOTION. |
| ARMSTRONG C | 02/28/23 | 3.80 | PREPARE FOR UPCOMING HEARING ON AD HOC EQUITY GROUP'S MOTION. |

**60.60**

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| BLACK J | 02/19/23 | 5.20 | RESEARCH ISSUES RE: REQUEST FOR APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY HOLDERS. |
| BLACK J | 02/24/23 | 7.50 | CONDUCTED RESEARCH FOR AND ASSIST DRAFTING OF MOTION TO QUASH. |
| BLACK J | 02/25/23 | 6.20 | CONDUCTED LEGAL RESEARCH FOR AND ASSISTED DRAFTING MOTION TO QUASH. |
| BLACK J | 02/26/23 | 6.70 | CONDUCTED LEGAL RESEARCH FOR AND ASSISTED DRAFTING MOTION TO QUASH. |
| BLACK J | 02/27/23 | 8.60 | PREPARED DOCUMENTS FOR PRODUCTION AND ASSISTED SENIOR ATTORNEYS IN RE MOTION TO QUASH. |
| BLACK J | 02/28/23 | 7.60 | PREPARED AND ANALYZED DOCUMENTS FOR HEARING AND OTHER MISCELLANEOUS PREPARATORY TASKS. |
| | | **41.80** | |
| DAKIN J | 02/15/23 | 0.90 | RESEARCH RE: APPOINTING OFFICIAL EQUITY COMMITTEE. |
| DAKIN J | 02/16/23 | 1.10 | REVIEW AND REVISE RIDER FOR REPLY IN SUPPORT OF MOTION TO APPOINT EQUITY COMMITTEE (0.3); CORRESPONDENCE RE: HEARING EXHIBITS (0.2); REVIEW AND ANALYZE POTENTIAL EXHIBITS FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE (0.6). |
| DAKIN J | 02/17/23 | 6.50 | WORK WITH R. MEISLER TO PREPARE PRESENTATION FOR HEARING ON MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (5.1); CORRESPONDENCE RE: THE SAME (0.1); CALL WITH W. HAMPTON TO DISCUSS EXHIBIT LIST AND DEPOSITION PREP (0.1); █████████████████████ CORRESPONDENCE RE: SAME (0.2); REVIEW LOCAL RULES ON DEADLINE TO FILE EXHIBIT LIST (0.3); CORRESPONDENCE RE: THE SAME (0.1); CORRESPONDENCE RE: EXHIBIT LIST (0.1). |
| DAKIN J | 02/18/23 | 1.80 | CORRESPONDENCE RE: WITNESS AND EXHIBIT LIST (0.3); REVIEW PUBLIC FILINGS FOR THE SAME (0.6); CONTINUE TO DRAFT HEARING PRESENTATION FOR HEARING ON MOTION TO APPOINT EQUITY COMMITTEE (0.9). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

DAKIN J          02/19/23        3.60    REVIEW CORE SCIENTIFIC PROJECTIONS AND
                                         PUBLIC FILINGS (0.5); CORRESPONDENCE
                                         RE: THE SAME (0.2); CONTINUE TO PREPARE
                                         HEARING PRESENTATION FOR HEARING ON
                                         MOTION TO APPOINT EQUITY COMMITTEE
                                         (2.9).

DAKIN J          02/20/23        8.40    CONTINUE TO PREPARE PRESENTATION FOR
                                         HEARING ON MOTION TO APPOINT EQUITY
                                         COMMITTEE (3.2); PREPARE WITNESS AND
                                         EXHIBIT LIST FOR 2/28 HEARING (1.4);
                                         REVIEW LOCAL RULES AND CHAMBERS
                                         PROCEDURES RE: FILING OF EXHIBITS
                                         (0.5); CORRESPONDENCE RE: LITIGATION
                                         PREP FOR 2/28 HEARING (0.3); █████████
                                         ██████████████████████████████
                                         PREP FOR 2/28 HEARING (0.6); REVISE
                                         WITNESS AND EXHIBIT LIST FOR 2/28
                                         HEARING (0.4); CALL WITH W. HAMPTON TO
                                         DISCUSS LITIGATION PREP FOR 2/28
                                         HEARING (0.1); REVISE REPLY IN SUPPORT
                                         OF MOTION TO APPOINT EQUITY COMMITTEE
                                         (1.9).

DAKIN J          02/21/23        6.70    REVISE WITNESS AND EXHIBIT LIST FOR
                                         2/28 HEARING (1.9); REVISE HEARING
                                         PRESENTATION (0.8); CORRESPONDENCE RE:
                                         THE SAME (0.2); GATHER AND PREPARE
                                         DOCUMENTS FOR THE SAME (0.9); DRAFT
                                         TRANSMITTAL DECLARATION (0.8);
                                         CORRESPONDENCE RE: THE SAME (0.2);
                                         ANALYZE DATA FOR USE IN HEARING
                                         DEMONSTRATIVE (0.7); REVISE PROPOSED
                                         FORM OF ORDER (0.6); CALLS WITH R.
                                         MEISLER TO DISCUSS THE SAME (0.3);
                                         CORRESPONDENCE RE: REVISED PROPOSED
                                         FORM OF ORDER (0.3).

DAKIN J          02/22/23        1.70    REVISE WITNESS AND EXHIBIT LIST (0.2);
                                         ORGANIZE DOCUMENTS FOR FILING OF THE
                                         SAME (0.2); CORRESPONDENCE RE: SAME
                                         (0.1); REVIEW LOCAL RULES AND
                                         PROCEDURES ON EXHIBITS AND RELATED
                                         (0.2); CALL WITH W. HAMPTON (0.2);
                                         REVIEW TRANSCRIPTS OF PRIOR HEARING FOR
                                         LITIGATION PREP (0.4); CORRESPONDENCE
                                         RE: SAME (0.1); REVIEW COMMENTS TO
                                         HEARING PRESENTATION (0.3).

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| DAKIN J | 02/23/23 | 7.30 | MEETING WITH A. PHELPS TO DISCUSS HEARING PRESENTATION (0.3); REVISE THE SAME (4.2); CALL WITH MEMBER OF CLIENT GROUP (0.2); ████████ ████████ CORRESPONDENCE RE: STATUS AND NEXT STEPS (0.2); CORRESPONDENCE RE: NOTICE OF AMENDED ORDER (0.2); CORRESPONDENCE RE: WITNESS AND EXHIBIT LIST (0.2); REVISE PROPOSED ORDER APPOINTING EQUITY COMMITTEE (0.3); CALL WITH R. MEISLER TO DISCUSS REVISIONS TO HEARING PRESENTATION (1.0). |
| DAKIN J | 02/24/23 | 2.70 | CALL WITH A. PHELPS TO DISCUSS OBJECTION TO DIP MOTION (0.2); CALL WITH R. MEISLER TO DISCUSS THE SAME (0.4); FOLLOW UP CALL WITH R. MEISLER TO DISCUSS THE SAME (0.5); REVIEW AND ANALYZE PROPOSED FINAL DIP ORDER (1.4); CORRESPONDENCE RE: THE SAME (0.2). |
| DAKIN J | 02/25/23 | 11.40 | DRAFT OBJECTION TO DIP MOTION (4.4); RESEARCH FOR THE SAME (2.2); REVIEW AND ANALYZE DIP PAPERS FOR THE SAME (0.6); CALL WITH C. DRESSEL TO DISCUSS SAME (0.2); REVISE EXHIBIT LIST (0.7); ASSIST WITH PREPARATION OF BINDERS WITH DIP DOCUMENTS (0.1); REVIEW COMMENTS TO DRAFT DIP OBJECTION (0.4); REVISE THE SAME (2.8). |
| DAKIN J | 02/26/23 | 6.20 | REVISE DIP OBJECTION (3.0); RESEARCH FOR THE SAME (0.8); CORRESPONDENCE RE: WITNESS AND EXHIBIT LIST (0.3); REVISE THE SAME (0.4); GATHER AND PREPARE EXHIBITS FOR FILING (0.5); REVISE DRAFT TRANSMITTAL DECLARATION (0.6); REVIEW COMMENTS TO DIP OBJECTION (0.3); REVIEW/ANALYZE DIP ORDERS (0.3). |
| DAKIN J | 02/27/23 | 6.80 | CALL WITH C. DRESSEL TO DISCUSS DIP OBJECTION (0.2); OVERSEE FILING OF EXHIBIT LIST AND TRANSMITTAL DECLARATION (0.3); CALL WITH C. HEANEY TO DISCUSS THE SAME (0.1); REVISE DIP OBJECTION (2.5); PREPARE EXHIBITS FOR FILING (0.5); REVISE EXHIBIT LIST (1.0); REVISE TRANSMITTAL DECLARATION (0.9); CORRESPONDENCE RE: THE SAME (0.3); ASSIST WITH SERVICE OF SAME (0.3); REVIEW AND ANALYZE LOCAL RULES (0.4); CALL WITH W. HAMPTON TO DISCUSS SAME (0.1); CALL WITH J. MADDEN TO DISCUSS EXHIBIT LIST (0.1); CALL WITH A. PHELPS TO DISCUSS SAME (0.1). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| DAKIN J | 02/28/23 | 4.80 | PREPARE SCRIPT ON DIP OBJECTION FOR HEARING (1.2); REVISE THE SAME (0.7); CORRESPONDENCE RE: SAME (0.2); REVIEW AND ANALYZE SCHEDULES AND SOFAS FOR EVIDENCE OF SOLVENCY (1.9); CORRESPONDENCE RE: SAME (0.2); REVIEW/ANALYZE REPLY TO DIP OBJECTION (0.2); CORRESPONDENCE RE: HEARING EXHIBITS (0.4). |
| DAKIN J | 03/01/23 | 2.90 | CONTINUE TO REVIEW SCHEDULES AND STATEMENTS AND SOFAS (1.1); CONTINUE TO REVISE SCRIPT ON DIP OBJECTION (1.3); REVIEW CORE SCIENTIFIC PUBLIC FILINGS FOR COMPETITOR COMPANIES (0.4); CORRESPONDENCE RE: THE SAME (0.1). |
| | | **72.80** | |
| DRESSEL CM | 02/01/23 | 0.30 | REVIEW REVISED FORM OF INTERIM ORDER APPROVING REPLACEMENT DIP (0.3). |
| DRESSEL CM | 02/24/23 | 1.30 | REVIEW PLEADINGS RE DIP AND APPOINTMENT MOTION (1.0); REVIEW COMMENTS TO FINAL DIP ORDER (0.2); CALL W J MADDEN TO COORDINATE PREPARATION OF RESPONSIVE PLEADINGS (0.1). |
| DRESSEL CM | 02/25/23 | 5.80 | WORK ON LIMITED OBJECTION TO REPLACEMENT DIP MOTION (5.5); CALLS W INTERNAL WORKING GROUP RE SAME (0.3). |
| DRESSEL CM | 02/26/23 | 10.50 | DRAFT DIP OBJECTION (10.3); REVIEW PROPOSED FINAL DIP ORDER (0.2). |
| DRESSEL CM | 02/27/23 | 10.20 | REVISE OBJECTION TO REPLACEMENT DIP (6.1); REVIEW AND COMMENT ON REPLY IN SUPPORT OF APPOINTMENT MOTION (3.6); CALLS AND CORRESPONDENCE W INTERNAL WORKING GROUP RE PAPERS TO BE FILED (0.5). |
| DRESSEL CM | 02/28/23 | 4.30 | FINALIZE AND FILE DIP OBJECTION (1.0); REVIEW B RILEY RESPONSE TO SAME (0.1); REVIEW AND COMMENT ON HEARING SCRIPT FOR DIP OBJECTION (0.9); REVIEW AND COMMENT ON APPOINTMENT MOTION REPLY (2.3). |
| DRESSEL CM | 03/01/23 | 0.90 | REVIEW AND COMMENT ON HEARING SCRIPT FOR OBJECTION TO FINAL DIP ORDER (0.8); REVIEW REVISED FORM OF DIP ORDER (0.1). |
| | | **33.30** | |
| MADDEN J | 02/01/23 | 9.80 | ATTEND COURT HEARING; REVIEW/REVISE MOTION AND DISCUSSIONS WITH TEAM/CORRESPONDENCE WITH TEAM RE SAME; ANALYSIS RE VALUATION ISSUES. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| MADDEN J | 02/02/23 | 6.10 | ANALYSIS RE VALUATION ISSUES (1.2); REVIEW/REVISE MOTION (4.9). |
|---|---|---|---|
| MADDEN J | 02/03/23 | 5.30 | FINALIZE MOTION AND OVERSEE FILING. |
| MADDEN J | 02/06/23 | 0.90 | ANALYSIS RE NYDIG VALUE AND OTHER VALUE CONSIDERATIONS. |
| MADDEN J | 02/09/23 | 0.60 | REVIEW MATERIALS RE BTC AND CONSIDER ISSUES RE REPLY; NEXT STEPS. |
| MADDEN J | 02/12/23 | 0.30 | CORRESPONDENCE WITH TEAM RE REPLY. |
| MADDEN J | 02/13/23 | 1.70 | REVIEW PRECEDENT RE REPLY AND FOLLOW UP RE SAME; ATTEND CALL WITH TEAM REGARDING REPLY. |
| MADDEN J | 02/14/23 | 5.00 | REVIEW CASE LAW, MATERIALS AND REVISE REPLY; REVIEW/SUMMARIZE BAR DATE MATERIALS; CORRESPONDENCE WITH TEAM. |
| MADDEN J | 02/15/23 | 4.00 | ANALYSIS AND CORRESPONDENCE RE HEARING MATERIALS AND REPLY; REVIEW/REVISE HEARING MATERIALS (PRESENTATION) AND CORRESPONDENCE RE SAME. |
| MADDEN J | 02/16/23 | 0.90 | CORRESPONDENCE AND ANALYSIS RE HEARING PREP. |
| MADDEN J | 02/20/23 | 5.30 | CONTINUE TO PREPARE DRAFT REPLY FOR EQUITY COMMITTEE MOTION. |
| MADDEN J | 02/23/23 | 3.40 | COMMUNICATIONS WITH GROUP RE STATUS; REVIEW MATERIALS RE SAME; CONTINUE TO DRAFT REPLY MATERIALS. |
| MADDEN J | 02/24/23 | 3.60 | REVIEW OBJECTIONS/ANALYSIS RE SAME; CALL WITH TEAM RE SAME; CONTINUE TO DRAFT REPLY. |
| MADDEN J | 02/25/23 | 6.70 | REVIEW/REVISE REPLY; REVIEW/REVISE MATERIALS RE SAME; AND CORRESPONDENCE RE SAME. |
| MADDEN J | 02/26/23 | 12.60 | CONTINUE TO REVIEW/REVISE REPLY AND DIP REPLY AND CORRESPONDENCE WITH TEAM RE SAME; PREPARE FOR HEARING RE SAME. |
| MADDEN J | 02/27/23 | 11.90 | DRAFT/REVISE REPLY; REVIEW/ANALYZE ISSUES RE DIP OBJECTION' REVIEW/ANALYZE ISSUES RE MOTION TO QUASH AND OBJECTION TO ADJOURNMENT; RESEARCH AND REVIEW MATERIALS RE SAME; PREPARE DOCUMENTS FOR FILING. |
| MADDEN J | 02/28/23 | 7.30 | REVIEW/ANALYZE MATERIALS (INCLUDING AD HOC NOTEHOLDER EXHIBITS) AND PREPARE FOR HEARING. |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| MADDEN J | 03/01/23 | 11.20 | PREPARE FOR HEARING; ATTEND HEARING; REVIEW EXHIBITS; REVIEW/COMMENT ON DIP ORDER; REVIEW/REVISE APPOINTMENT ORDER. |
| --- | --- | --- | --- |
| MADDEN J | 03/02/23 | 2.80 | CALL WITH CLIENTS RE HEARING AND NEXT STEPS (1.0); REVIEW/REVISE ORDER AND COMMUNICATIONS RE SAME (1.8). |
| | | **99.40** | |
| PHELPS AS | 02/01/23 | 3.60 | PREPARE BINDERS FOR HEARING (0.6); REVIEW AND SUMMARIZE ADDITIONAL FILINGS FROM 2/1 (1.2); SUMMARIZE HEARING TAKEAWAYS AND SEND UPDATE TO CLIENTS (0.5); UPDATE GRAPHS AND FIGURES IN MOTION (0.6); IMPLEMENT EDITS TO MOTION (0.7). |
| PHELPS AS | 02/02/23 | 4.80 | EDIT MOTION (2.5); UPDATE GRAPHS FOR MOTION (0.6); REVIEW AND SUMMARIZE FILINGS FROM 2/2 (1.7). |
| PHELPS AS | 02/06/23 | 2.10 | START TO DRAFT VALUATION POWERPOINT FOR HEARING (1.2); REVIEW AND SUMMARIZE CORE SCIENTIFIC PRESS RELEASE REPORTING JANUARY OPERATIONS (0.9). |
| PHELPS AS | 02/07/23 | 0.80 | MONITOR CORE SCIENTIFIC DOCKET AND SUMMARIZE FILINGS FROM 2/7 (0.8). |
| PHELPS AS | 02/08/23 | 6.00 | START TO DRAFT VALUATION POWERPOINT FOR HEARING (2.5); RESEARCH AND ORGANIZE PRECEDENT CASE REPLIES AND HEARING DEMONSTRATIVES FOR HEARING ON THE MOTION FOR AND ORDER DIRECTING APPOINTMENT OF AN OFFICIAL EQUITY COMMITTEE (3.5). |
| PHELPS AS | 02/09/23 | 5.10 | REVIEW AND SUMMARIZE DOCKET FILINGS FROM 2/8 AND 2/9 (0.5) ; RESEARCH PRECEDENT OBJECTIONS AND RESPONSES FOR THE MOTION TO APPOINT AN OFFICIAL EQUITY COMMITTEE (2.7); START DRAFTING REPLY (0.8); CONTINUE RESEARCHING PRECEDENT REPLIES AND OBJECTIONS TO MOTION FOR ORDER DIRECTING APPOINTMENT OF AN OFFICIAL EQUITY COMMITTEE (1.1). |
| PHELPS AS | 02/13/23 | 5.50 | ORGANIZE AND DISTRIBUTE CALL NOTES (0.5); RESEARCH ASARCO CASE PRECEDENT (3.1); CONTINUE REVIEWING ASARCO DOCKET FILINGS (1.3); RESEARCH HISTORICAL COPPER PRICES (0.2); COMPILE AND SEND EMAIL MEMO SUMMARIZING ASARCO CASE AND DOCKET (0.4). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| PHELPS AS | 02/14/23 | 10.50 | RESEARCH DISCLOSURE STATEMENT & VALUATION LITIGATION IN PRECEDENTIAL ASARCO LLC CHAPTER 11 BANKRUPTCY AND RELATED ADVERSARY PROCEEDINGS (5.1); DRAFT EMAIL MEMO RE: SAME (0.6); CALL W/ W. HAMPTON TO DISCUSS PUBLIC STATEMENT RESEARCH (0.1); CALL W/ J. MADDEN TO DISCUSS MOTION HEARING PREPARATIONS AND REPLY RESEARCH (0.2); RESEARCH PUBLIC STATEMENTS ON CORE SCIENTIFIC'S VALUATION (4.5). |
|---|---|---|---|
| PHELPS AS | 02/15/23 | 8.40 | RESEARCH CASE PRECEDENT ON WESTLAW (0.9); REVIEW AND SUMMARIZE CORE SCIENTIFIC'S BAR DATE MOTION (0.4); CONTINUE RESEARCHING PUBLIC STATEMENTS BY CORE SCIENTIFIC FOR POSSIBLE DEPOSITION (1.6); DRAFT EMAIL MEMO RE: PUBLIC STATEMENT BY CORE SCIENTIFIC ON VALUATION (0.5); UPDATE POWERPOINT PRESENTATION ON COMPANY VALUATION FOR THE 2/28 HEARING (1.6); DRAFT RIDER FOR REPLY TO ANTICIPATED UCC OBJECTION TO MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE (0.8); IMPLEMENT FURTHER EDITS TO VALUATION POWERPOINT. (1.3); CALL W/ J. MADDEN TO DISCUSS UPDATES TO VALUATION POWERPOINT (0.1); CONTINUE DRAFTING RIDER ADDRESSING ANTICIPATED UCC OBJECTIONS (1.0); DRAFT EMAIL MEMO SUMMARIZING ANTICIPATED UCC OBJECTIONS (0.2). |
| PHELPS AS | 02/16/23 | 1.30 | UPDATE CASE TRACKER FOR SD TEXAS CASES IN WHICH EQUITY GROUPS FILED A MOTION TO APPOINT AN EQUITY COMMITTEE (0.8); DRAFT EMAIL MEMO SUMMARIZING SAME (0.5). |
| PHELPS AS | 02/23/23 | 10.10 | IMPLEMENT EDITS TO POWERPOINT DEMONSTRATIVE FOR 2/28 HEARING; ONBOARDING CALL W/ J. KALB (CLIENT) (0.3); CALL W/ R. MEISLER RE: REPLY AND PREPARATIONS FOR 2/28 HEARING (0.1); CALL W/ R. MEISLER TO DISCUSS UPDATES TO PRESENTATION AND WITNESS AND EXHIBIT LIST FOR 2/28 HEARING (0.5); CALL W/ ███████ W. HAMPTON RE: VALUATION PRESENTATION AND DATA (1.0); ORGANIZE AND DISTRIBUTE SLIDES ███ ████████████ (0.2); EDIT POWERPOINT PRESENTATION FOR HEARING ON THE MOTION (2.0); IMPLEMENT FURTHER EDITS FOR DEMONSTRATIVES FOR 3/1 HEARING ON EQUITY GROUP MOTION (3.1). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| PHELPS AS | 02/24/23 | 10.90 | MONITOR DOCKET AND SUMMARIZE RESPONSES (1.4); DRAFT NOTICE OF HEARING (0.5); EDIT NOTICE OF HEARING (1.2); EDIT PROPOSED ORDER TO REFLECT SETTLEMENT TERMS (2.3); UPDATE PRESENTATION SLIDES FOR 3/1 HEARING (4.6); BEGIN DRAFTING LIMITED OBJECTION TO REPLACEMENT DIP (0.8). |
| --- | --- | --- | --- |
| PHELPS AS | 02/25/23 | 12.70 | REVIEW AND SUMMARIZE DOCKET FILINGS FROM 2/24 (1.3); CONTINUE DRAFTING REPLY (0.8); EDIT REPLY DRAFT (3.4); CALL W/ W. HAMPTON RE: DRAFT REPLY AND OBJECTION TO EMERGENCY MOTION (0.3); CALL W/ R. MEISLER, N. REED, AND W. HAMPTON RE: PRESENTATION FOR 3/1 HEARING (1.0); CALL W/ C. DRESSEL RE: REPLACEMENT DIP OBJECTION (0.1); CALL W/ J. DAKIN RE: REPLACEMENT DIP OBJECTION (0.1); PULL PRECEDENT FOR REPLACEMENT DIP OBJECTION AND CREATE BINDERS (1.3); UPDATE WITNESS AND EXHIBIT LIST FOR 3/1 HEARING (0.6); REVIEW RESPONSES AND OBJECTION TO EQUITY GROUP MOTION AND PULL CASES CITED (1.3); IMPLEMENT FURTHER EDITS TO PRESENTATION FOR 3/1 (2.0); DRAFT OBJECTION TO AD HOC NOTEHOLDER GROUP EMERGENCY MOTION (0.5). |
| PHELPS AS | 02/26/23 | 15.60 | CALL W/ J. MADDEN RE: UPDATES TO REPLY AND OBJECTION (0.4); DRAFT OBJECTION TO EMERGENCY MOTION (2.8); CALL W/ W. HAMPTON RE: WITNESS AND EXHIBIT LISTS (0.1); CONDUCT CASE LAW RESEARCH FOR OBJECTION TO EMERGENCY MOTION TO ADJOURN (1.3); EDIT POWERPOINT PRESENTATION FOR 3/1 HEARING (3.2); UPDATE COMPETITOR GRAPHS AND OTHER DATA FOR PLEADINGS AND PRESENTATION (0.5); CALL W/ R. MEISLER RE: UPDATES TO PRESENTATION SLIDES (0.1); CALL W/ D. MAYERFELD (0.1); DRAFT RIDERS FOR REPLY (0.6); UPDATE REPLY DRAFT (2.0); EDIT DRAFT TRANSMITTAL DECLARATION (0.2); EDIT WITNESS AND EXHIBIT LIST (1.0); IMPLEMENT FURTHER EDITS TO REPLY (0.3); DRAFT SUPPLEMENTAL 2019 DISCLOSURE (0.7); IMPLEMENT FURTHER UPDATES TO REPLY DRAFT (1.1); IMPLEMENT EDITS FROM R. MEISLER TO PRESENTATION SLIDES FOR 3/1 HEARING (0.3); CALL W/ J. MADDEN RE: CHANGES TO REPLY (0.2); CONFIRM ALL SOURCES CITED IN THE PRESENTATION FOR THE 3/1 HEARING ARE INCLUDED IN THE MOTION OR REPLY (0.7). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| PHELPS AS | 02/27/23 | 14.10 | PREPARE EXHIBITS FOR FILING WITNESS AND EXHIBIT LIST (2.3); ADD REFERENCES TO EXHIBITS IN REPLY (0.8); CALL W/ CLIENT GROUP TO DISCUSS UPCOMING FILINGS AND HEARING (0.5); ORGANIZE AND DISTRIBUTE CALL NOTES (0.4); PREPARE EXHIBITS FOR DECLARATION FILING (0.7); CALL W/ R. MEISLER RE: EDITS TO PRESENTATION AND REPLY (0.2); EDIT OBJECTION AND MOTION TO QUASH (1.7); EDIT PRESENTATION TO INCORPORATE COMMENTS FROM ███████ CLIENT GROUP (2.0); UPDATE REPLY TO INCORPORATE FURTHER COMMENTS (4.3); RESEARCH CORPORATE VALUATION COMPARISON METHOD (1.2). |
| PHELPS AS | 02/28/23 | 15.10 | IMPLEMENT FURTHER EDITS TO REPLY (0.8); CALCULATE ENERGY PRICE CHANGES SINCE H1 2022 (0.2); RESEARCH CASE LAW FOR REPLY (1.1); PREPARE REPLY AND EXHIBITS FOR FILING (2.5);  PULL CASES CITED AND PREPARE BINDERS FOR 3/1 HEARING (1.8); UPDATE PRESENTATION SLIDES FOR 3/1 HEARING (2.7); RESEARCH CASE LAW REGARDING STANDARDS FOR APPROVAL OF ADVISOR FEES IN THE FIFTH CIRCUIT (1.5); REVIEW EXHIBIT LISTS FROM OPPOSING PARTIES (4.2); ANALYZE DEBTORS' MONTHLY OPERATING REPORT; CALL W/ R. MEISLER RE: PREPARATION FOR THE 3/1 HEARING (0.3). |
| PHELPS AS | 03/01/23 | 2.80 | CONTINUE REVIEWING MONTHLY OPERATING REPORT (0.8); CONTINUE REVIEWING OPPOSING PARTIES' EXHIBITS (1.3); MEET W/ R. MEISLER TO DISCUSS UPDATES TO PRESENTATION FOR 3/1 (0.2); UPDATE PRESENTATION TO INCLUDE ADDITIONAL CASE LAW (0.9); CREATE PREP MATERIALS FOR TRIAL RE: FEE BUDGET (1.2); IMPLEMENT FURTHER EDITS TO PRESENTATION MATERIALS (0.7); UPDATE PROPOSED ORDER DRAFT (0.7); REVIEW AND SUMMARIZE ADDITIONAL DOCKET FILINGS FROM 3/1 (0.8); MONITOR STOCK PRICES AND BITCOIN PRICE (0.3). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| PHELPS AS | 03/02/23 | 4.90 | DRAFT NOTICE OF REVISED PROPOSED ORDER (0.8); DRAFT INTERNAL MEMO SUMMARIZING 3/1 HEARING AND DISTRIBUTE TO INTERNAL TEAM MEMBERS (1.8); IMPLEMENT EDITS TO REVISED PROPOSED ORDER GRANTING MOTION (0.6); ORGANIZE AND DISTRIBUTE NOTES FROM CLIENT CALL (0.4); COORDINATE MEETING FOR POTENTIAL FINANCIAL ADVISOR TO SPEAK WITH AD HOC EQUITY GROUP MEMBERS (0.6); REACH OUT TO CLIENT GROUP FOR FINAL VOTE/APPROVAL ON PROCEEDING WITH JUDGE'S PROPOSAL FOR OFFICIAL EQUITY COMMITTEE (0.7). |
| PHELPS AS | 03/03/23 | 6.00 | REVIEW REDLINE REVISIONS FROM OPPOSING PARTIES (0.3); REVIEW AND SEND DEBTORS' MONTHLY OPERATING REPORT TO  CLIENT GROUP (0.4); UPDATE PROPOSED ORDER BASED ON COURT'S INSTRUCTION (0.4); FURTHER UPDATE PROPOSED ORDER TO INCORPORATE COMMENTS FROM OTHER PARTIES (2.1); EMAIL OTHER PARTIES WITH UPDATED PROPOSED ORDER (0.3); UPDATE NOTICE AND PROPOSED ORDER AND PREPARE FOR FILING (2.5). |
| PHELPS AS | 03/06/23 | 1.80 | ███████████████████████ |
| | | **142.10** | |
| **Total Associate** | | **450.00** | |
| SHORR A | 02/28/23 | 8.50 | PREPARE PRESENTATION MATERIALS FOR HEARING. |
| | | **8.50** | |
| **Total Trial Consultant** | | **8.50** | |
| HEANEY CM | 02/01/23 | 3.80 | REVIEW DOCKETS RE: UPDATES TO HEARING MATTERS AND CASE FILES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; ASSIST ATTORNEYS WITH PREPARATION OF MATERIALS TO BE USED AT HEARING (3.8). |
| HEANEY CM | 02/02/23 | 1.90 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW AND UPDATE SERVICE DOCUMENTS AND MATERIALS IN PREPARATION FOR POTENTIAL FILING (1.9). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| HEANEY CM | 02/03/23 | 4.20 | ASSIST ATTORNEYS WITH EDITS, REVIEWS, AND FILING OF MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE; REVIEW AND UPDATE ADDITIONAL SERVICE MATERIALS; REVIEW CHAMBERS PROCEDURES RE: SERVICE RULES AND REQUIREMENTS; OBTAIN, REVIEW, AND DISTRIBUTE FILED PLEADINGS ON THIRD PARTIES (4.2). |
|---|---|---|---|
| HEANEY CM | 02/06/23 | 2.30 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW COURT DOCKETS AND PROCEDURES RE: PLEADINGS TO BE USED AS PRECEDENT (2.3). |
| HEANEY CM | 02/07/23 | 0.70 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES (.7). |
| HEANEY CM | 02/08/23 | 0.70 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES (.7). |
| HEANEY CM | 02/09/23 | 0.70 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW CASE FILES RE: UPDATES TO HEARING MATTERS (.7). |
| HEANEY CM | 02/10/23 | 0.40 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES (.4). |
| HEANEY CM | 02/13/23 | 2.10 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; REVIEW VARIOUS COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT IN CONNECTION WITH RETENTION MATTERS (2.1). |
| HEANEY CM | 02/14/23 | 1.80 | REVIEW ADDITIONAL COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT IN CONNECTION WITH POTENTIAL LITIGATION MATTERS (1.8). |
| HEANEY CM | 02/16/23 | 1.20 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; REVIEW CHAMBERS PROCEDURES AND RULES RE: REQUIREMENTS TO BE USED IN CONNECTION WITH PRELIMINARY HEARING PREPARATION (1.2). |
| HEANEY CM | 02/17/23 | 1.80 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW VARIOUS COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT IN CONNECTION WITH HEARING MATTERS (1.8). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | | |
|---|---|---|---|---|
| HEANEY CM | 02/20/23 | 1.60 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; ASSIST ATTORNEYS WITH PREPARATION OF PRELIMINARY DOCUMENTS TO BE USED IN CONNECTION WITH HEARING MATTERS; ORGANIZE DOCUMENTS AND FILES (1.6). | |
| HEANEY CM | 02/21/23 | 1.70 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; ASSIST ATTORNEYS WITH PREPARATION OF MATERIALS TO BE USED AT HEARING; REVIEW COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT (1.7). | |
| HEANEY CM | 02/22/23 | 2.10 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; ASSIST ATTORNEYS WITH PREPARATION OF MATERIALS FOR HEARING (2.1). | |
| HEANEY CM | 02/23/23 | 3.20 | DRAFT, EDIT/REVISE, AND DISTRIBUTE DOCUMENTS FOR POTENTIAL FILINGS; ASSIST ATTORNEYS WITH REVIEW AND PREPARATION OF REVISED FORM OF ORDER; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; ASSIST ATTORNEYS WITH PREPARATION OF HEARING MATERIALS (3.2). | |
| HEANEY CM | 02/24/23 | 5.20 | OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; ASSIST ATTORNEYS WITH PREPARATION, REVIEW, AND FILING OF NOTICE OF RESCHEDULED HEARING AND REVIEW FORM OF ORDER; UPDATE AND REVIEW SERVICE INFORMATION; ORGANIZE MATERIALS FOR 3-1 HEARING (5.2). | |
| HEANEY CM | 02/27/23 | 8.90 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; REVIEW AND ORGANIZE EXHIBITS TO USED IN CONNECTION WITH WITNESS AND EXHIBIT LIST FILING; ASSIST ATTORNEYS WITH PREPARATION, REVIEW, AND FILING OF VARIOUS DOCUMENTS TO BE USED AT 3-1 HEARING; ASSIST ATTORNEYS WITH PREPARATION OF DISCOVERY RELATED MATERIALS; REVIEW AND UPDATE SERVICE MATERIALS; ORGANIZE PRELIMINARY DOCUMENTS IN CONNECTION WITH HEARING MATTERS (8.9). | |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| HEANEY CM | 02/28/23 | 6.70 | ASSIST ATTORNEYS WITH PREPARATION AND FILING OF LIMITED OBJECTION TO REPLACEMENT DIP AND REPLY; REVIEW DOCKETS RE: UPDATES TO HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; ASSIST ATTORNEYS WITH CONTINUED HEARING PREPARATION (6.7). |
|---|---|---|---|
| HEANEY CM | 03/01/23 | 5.70 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND DEADLINES; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS; PREPARE, FILE, AND DISTRIBUTE SUPPLEMENTAL 2019 STATEMENT; ASSIST ATTORNEYS WITH CONTINUE PREPARATION AND REVIEW OF DOCUMENTS TO BE USED IN CONNECTION WITH 3-1 HEARING (5.7). |
| HEANEY CM | 03/02/23 | 4.30 | DRAFT, EDIT/REVISE, AND REVIEW NOTICE OF FILING; REVIEW VARIOUS COURT DOCKETS RE: PLEADINGS TO BE USED AS PRECEDENT; REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; ASSIST ATTORNEYS WITH REVIEW AND PREPARATION OF REVIEW FORM OF ORDER; REVIEW AND ORGANIZE ADDITIONAL MATERIALS TO BE USED AT CONTINUED HEARING (4.3). |
| HEANEY CM | 03/03/23 | 6.10 | REVIEW DOCKETS RE: UPDATES TO CASE FILES AND HEARING MATTERS; OBTAIN, REVIEW, AND DISTRIBUTE PLEADINGS ON THIRD PARTIES; EDIT/REVISE, REVIEW AND DISTRIBUTE DOCUMENTS FOR POTENTIAL FILINGS; ASSIST ATTORNEYS WITH PREPARATION, REVIEW, AND FILING OF AGREED ORDER; ORGANIZE AND REVIEW CASE FILES; ASSIST ATTORNEYS WITH CONTINUED HEARING MATTERS (6.1). |
| | | **67.10** | |
| REDMAN R | 02/01/23 | 3.00 | ASSIST WITH HEARING PREPARATION (1.60); UPDATE ATTORNEY BINDERS AND QUALITY REVIEW OF SAME (.70); COORDINATE HEARING LOGISTICS (.30); COMMUNICATIONS WITH A. PHELPS AND OTHERS RE: SAME (.40). |
| REDMAN R | 02/02/23 | 0.40 | REVIEW INCOMING FILINGS (.20); COMMUNICATIONS WITH M. HAMILTON AND A. PHELPS RE: HEARING BINDERS (.10); COORDINATE SAME (.10). |
| REDMAN R | 02/17/23 | 0.40 | COORDINATE DEPOSITION SCHEDULING LOGISTICS (.20); COMMUNICATIONS WITH DEPOSITION VENDOR, C. ARMSTRONG, AND OTHERS RE: SAME (.20). |

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

| | | | |
|---|---|---|---|
| REDMAN R | 02/20/23 | 0.50 | COMMUNICATIONS WITH C. ARMSTRONG RE: DEPOSITION SCHEDULING (.10); COORDINATE SAME WITH DEPOSITION VENDOR(.20); PREPARATION OF ELECTRONIC BINDER FOR C. ARMSTRONG (.10); COMMUNICATIONS WITH S. MARTELL RE: INSTRUCTIONS FOR PRINTING SAME (.10). |
| REDMAN R | 02/21/23 | 0.40 | COORDINATE DEPOSITION LOGISTICS (.20); COMMUNICATIONS WITH C. ARMSTRONG AND DEPOSITION VENDOR RE: SAME (.20). |
| REDMAN R | 02/22/23 | 0.40 | MONITOR DOCKET AND REVIEW CASE FILINGS (.30); OBTAIN CASE DOCKET SHEET (.10). |
| REDMAN R | 02/23/23 | 0.30 | COMMUNICATIONS WITH W. HAMPTON AND OTHERS RE: JUDGE JONES COURT PROCEDURES. |
| REDMAN R | 02/27/23 | 4.60 | ASSIST WITH HEARING PREPARATION RE: MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE; COORDINATE HEARING LOGISTICS; COMMUNICATIONS WITH A. PHELPS RE: SAME; ASSIST WITH PREPARATION OF DOCUMENTS FOR PRODUCTION; PREPARE INSTRUCTIONS FOR SAME; COMMUNICATIONS WITH C. ARMSTRONG RE: COURT RULES AND PROCEDURES AND HEARING PREP; OBTAIN CASE DOCKET SHEET AND ASSEMBLE FILINGS FOR HEARING. |
| REDMAN R | 02/28/23 | 5.60 | ASSIST WITH HEARING PREPARATION RE: MOTION TO APPOINT EQUITY COMMITTEE; COMMUNICATIONS WITH A. PHELPS RE: SAME; COORDINATE LOGISTICS; PREPARATION OF HEARING BINDERS; PREPARE BINDER INDICES; PREPARE AND COORDINATE SAME WITH VENDOR AND OFFICE SERVICES; REVIEW JUDGE JONES PROCEDURES; PREPARE ADDITIONAL DOCUMENTS FOR PRODUCTION; REVIEW FOR ACCURACY; COMMUNICATIONS WITH W. HAMPTON RE: SAME; DRAFT PRODUCTION LETTER AND EMAIL TO COUNSEL; UPDATE PRODUCTION FILE; DOWNLOAD CORE SCIENTIFIC PRODUCTION AND UPLOAD TO DATABASE FOR ATTORNEY REVIEW; COMMUNICATIONS WITH W. HAMPTON RE: SAME. |
| REDMAN R | 03/01/23 | 7.00 | ASSIST WITH HEARING PREPARATION RE: MOTION TO APPOINT OFFICIAL EQUITY COMMITTEE; COORDINATE HEARING LOGISTICS; QUALITY REVIEW OF COURT BINDERS; UPDATE BINDER INDICES AND ELECTRONIC SETS OF MATERIALS; COMMUNICATIONS WITH W. HAMPTON RE: HEARING PREP. |

**22.60**

B43E

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

**Total Legal Assistant**          89.70

**TOTAL TIME**                     <u>812.30</u>


**CLIENT TOTAL**                   <u>812.30</u>

B43E