IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*,[1] | § § § | Case No. 22-90341 (CML) |
|  | § § | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
CLASSIFYING CERTAIN CLAIMS AS SECTION 510(b) CLAIMS (CLASS 11)
UNDER DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Core Scientific, Inc. ("**Core**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Preliminary Statement**

1. Pursuant to the *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors*, dated November 16, 2023 [Docket No. 1438] (as may be amended,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

WEIL:\99436601\5\39031.0014

supplemented, or otherwise modified from time to time, the "**Plan**"),[2] all Allowed Section 510(b) Claims[3] are classified under Class 11 of the Plan and are entitled to the recovery set forth in section 4.11 of the Plan.[4]

2. The proofs of claim listed on <u>Exhibit A</u> annexed to the Proposed Order (as defined below) assert that Core is liable for damages arising from the purchase or sale of securities of Core (the "**Equity Damages Claims**").

3. As further described below and in the Creighton Declaration, based on the Debtors' advisors review of the applicable proofs of claim, the Debtors submit that such Equity Damages Claims should be subordinated pursuant to the Plan and section 510(b) of title 11 of the United State Code (the "**Bankruptcy Code**").

4. Section 510(b) of the Bankruptcy Code requires mandatory subordination of claims from

---

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Plan.

[3] Section 1.279 of the Plan further provides:

"Section 510(b) Claims" means any Claim against any Debtor (i) arising from the rescission of a purchase or sale of an Interest of any Debtor or an Affiliate of any Debtor (including the Existing Common Interests); (ii) for damages arising from the purchase or sale of such Interest; or (iii) for reimbursement or contribution Allowed under section 502 of the Bankruptcy Code on account of such a Claim. For the avoidance of doubt, (i) any claims asserted or assertable against the Debtors in the Securities Class Action and (ii) Proofs of Claim Nos. 52, 54, 81, 82, 241, 351, 556, and 632 shall, in each case, constitute Section 510(b) Claims

[4] Section 4.11(b) of the Plan provides:

*Treatment*: Except to the extent that a Holder of an Allowed Section 510(b) Claim agrees to a less favorable treatment of such Claim, each such Holder shall receive, in full and final satisfaction, settlement, release, and discharge of such Claim, on the Effective Date, or as soon as reasonably practicable thereafter, (i) such Holder's Pro Rata Equity Share of the Residual Equity Pool, (ii) such Holder's Pro Rata Equity Share of New Warrants, and (iii) in lieu of the right to participate in the Rights Offering, either Cash, New Common Interests, New Warrants, or some combination thereof, at the option of the Debtors or Reorganized Debtors, as applicable, in an amount equal to the value (if New Common Interests, at Plan Value) of the Subscription Rights that would have been distributable to such Holder if Subscription Rights were distributed to Holders in Class 11.

2

>rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, *for damages arising from the purchase or sale of such a security*, or for reimbursement or contribution allowed under section 502 on account of such a claim, *shall be subordinated* to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

Section 510(b) of the Bankruptcy Code (emphasis added).

5. Accordingly, the Equity Damages Claims fall squarely within the plain text of section 510(b) of the Bankruptcy Code. The Debtors respectfully request that the Court classify the Equity Damages Claims as subordinated Section 510(b) Claims (Class 11) under the Plan.

6. This Motion does not seek allowance or disallowance of the Equity Damages Claims, but merely seeks to classify such claims as Section 510(b) Claims under Class 11 of the Plan. The Debtors reserve all of their rights with respect to the Equity Damages Claims, including to object to any such Equity Damages Claims on any basis.

**Relief Requested**

7. By this Motion, pursuant to sections 502(b) and 510(b) of Bankruptcy Code title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") the Debtors request entry of an order classifying the Equity Damages Claims on **Exhibit A** to the Proposed Order (as defined below), as Section 510(b) Claims (Class 11) under the Plan.

8. In support of this Motion, the Debtors submit the declaration of John Creighton, (the "**Creighton Declaration**"), a copy of which is annexed hereto as **Annex 1**.

9. A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Annex 2** (the "**Proposed Order**").

3

**Jurisdiction**

10.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

A.    **The Debtors' Chapter 11 Cases**

11.    On December 21, 2022, the Debtors each commenced with this Court a voluntary case under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"). On January 9, 2023, the United States Trustee for Region 7 (the "**U.S. Trustee**") appointed the Creditors' Committee. On March 23, 2023, the U.S. Trustee appointed the Equity Committee. No trustee or examiner has been appointed in these chapter 11 cases.

B.    **The Bar Dates**

13.    On February 3, 2021 the Debtors filed their statements of financial affairs and schedules of assets, liabilities, current income, expenditures, executory contracts, and unexpired leases, as required by section 521 of the Bankruptcy Code (Docket Nos. 461–82) (the "**Schedules and SOFAs**"). On February 6, 2023 and March 3, 2023, the Debtors filed supplements and amendments to the Schedules and SOFAs (Docket Nos. 490–91; 625–30).

14.    On March 9, 2023 the Court entered the *Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* (Docket No. 652)

(the "**Bar Date Order**"). Pursuant to the Bar Date Order, the Court established April 14, 2023 at 5:00 p.m. (prevailing Central Time) as the deadline for non-governmental units to file proofs of claim against the Debtors (the "**General Bar Date**") and June 19, 2023 at 5:00 p.m. (prevailing Central Time) as the deadline for government units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim against the Debtors (the "**Government Bar Date**", together with the General Bar Date, the "**Bar Dates**" and each a "**Bar Date**").

15. Following entry of the Bar Date Order, Stretto, Inc., the Debtors' claims, noticing, and solicitation agent, Stretto, Inc. ("**Stretto**"), mailed notice of the Bar Date Order and the proof of claim form to thousands of potential claimants in accordance with the procedures outlined within the Bar Date Order.[5]

16. On November 14, 2023 the Court entered the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (V) Approving Notice Procedures for Assumption or Rejection of Executory Contracts and Unexpired Leases; (VI) Approving Notice Procedures for Reinstatement of Claims; (VII) Establishing Rights Offering Procedures; and (VIII) Granting Related Relief* (Docket No. 1426) granting conditional approval of the Revised Disclosure Statement for the Third Amended Plan and scheduled the hearing for confirmation of the Plan for December 22, 2023.

---

[5] Additionally, pursuant to the Bar Date Order, the Debtors published the notice of deadlines for filing Proofs of Claim in the national edition of The Wall Street Journal and in the local editions of the Austin American-Statesman, Odessa American, Pecos Enterprise, Denton Record Chronicle, Cherokee Scout, Dalton Daily Citizen, The Lake News, Grand Forks Herald, and Muskogee Phoenix.

17. On November 16, 2023, the Debtors' filed the Plan and the revised *Disclosure Statement for Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Debtor Affiliates* (Docket No. 1439) (as may be amended, supplemented, or otherwise modified from time to time, the "**Disclosure Statement**").

**C.     The Securities Class Action**

18. On November 14, 2022, a class action lawsuit, Pang v. Levitt, et. al 1:22-cv-01191, was filed in the Western District of Texas against Core Scientific, Inc. and certain current and former officers of the Debtors alleging violations of the Securities Exchange Act (the "**Securities Class Action**"). After the Debtors filed the Chapter 11 Cases, the plaintiff in the Securities Class Action filed a notice of voluntary dismissal as to the Debtors on December 27, 2022. On May 5, 2023, an amended complaint was filed refining the allegations and naming additional defendants, including certain current and former officers and directors of the Debtors. The Debtors are no longer a named party in the suit, but are identified as a relevant non-party.

19. Morgan Hoffman, on behalf of himself and ostensibly the plaintiffs in the Securities Class Action, filed Proof of Claim No. 632 against Debtor Core Scientific Inc. in the amount of $188.6 million (the "**Securities POC**"). On July 24, 2023, the Debtors filed an objection to the Securities POC [Docket No. 1080] (the "**Securities POC Objection**") asserting the Securities POC should be Disallowed as the filing of a class proof of claim was inappropriate. In addition, the Debtors believe any claim arising from the Securities Class Action should be treated as a Section 510(b) Claim.

20. Morgan Hoffman responded to the Securities POC Objection on August 23, 2023 [Docket. No. 1178], asserting (i) Morgan Hoffman has authority to assert a class proof of claim and (ii) the Securities POC should be allowed. On September 14, 2023, Morgan Hoffman field a motion seeking the Bankruptcy Court to (i) approve the filing of a class proof of claim, (ii)

6

allow an omnibus opt-out of non-Debtor third party releases for the class, and (iii) certify the class for the class proof of claim and the omnibus opt-out [Docket No. 1228] (the "**Class POC Motion**"). On October 5, 2023 the Debtors filed a response to this motion [Docket No. 1313], stating the requested relief should not be granted because (i) there was no certified class in the Securities Class Action, (ii) the Debtors provided sufficient notice to claimants pursuant to the Bar Date Order, (iii) certification of a class months after the Bar Date would create unnecessary expense and distraction and (iv) many of the potential class claimants submitted individual proofs of Claim. A hearing to consider the Securities POC Objection and Class POC Motion is scheduled for December 6, 2023.

## The Equity Damages Claims

21. As of the date hereof, approximately twenty (20) proofs of Claim have been filed in the Chapter 11 Cases that are Equity Damages Claims, totaling asserted claims equal to $189,877,368. Generally, the Equity Damages Claims are Claims filed by certain holders of Existing Common Interests alleging damages against the Company due to fraud, misrepresentation, violations of fiduciary duty, and other allegations of malfeasance against the Debtors or members of the Debtors' management and/or Board of Directors. The Debtors intend to substantively object to, and seek disallowance of, each of the Equity Damages Claims. However, by this Motion, the Debtors merely seek to classify such Equity Damages Claims as subordinated claims in accordance with Section 510(b) of the Code and therefore classify such claims as Section 510(b) Claims (Class 11) under the Plan.

**Basis for Relief Requested**

A.   **Subordination is Required Under Bankruptcy Code Section 510(b)**

22.   Bankruptcy Code Section 510(b) dictates that claims arising from the purchase and sale of securities shall be subordinated.[6] The Third Circuit put it this way: "[i]n enacting § 510(b), Congress intended to prevent disaffected equity investors from recouping their investment losses in parity with general unsecured creditors in the event of bankruptcy." *In re Telegroup, Inc.*, 281 F.3d 133, 142 (3d Cir. 2002). The policy behind subordination is based on allocation of risk and the absolute priority rule:

> Both investors and creditors accept the risk of enterprise insolvency but to a different degree. This stems from their dissimilar expectations. Even if the business prospers, the creditor anticipates no more than the repayment of his fixed debt. Further, the shareholder's investment provides an equity cushion for the repayment of the claim. The investors, on the other hand, share the profits to the exclusion of the creditors. The shareholder's enhanced risk of insolvency represents the flipside of his unique right to participate in the profits. The allocation of the risk, as between the investor and the creditor, is reflected in the absolute priority rule, and should not be reallocated.

*In re Granite Partners,* 208 B.R. 332, 336 (Bankr. S.D.N.Y. 1997).[7]

---

[6] For the purposes of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security…shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

[7] *See also In re SeaQuest Diving LP*, 579 F.3d 411, 419 (5th Cir. 2009) ("'[B]oth investors and creditors accept the risk of enterprise insolvency,' but to differing degrees, as reflected in the absolute priority rule.") (citing *In re Granite Partners,* 208 B.R. 332, 336 (Bankr. S.D.N.Y. 1997)).

23. Section 510(b) has been applied liberally and have construed its language as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against the debtor.[8]

24. Section 510(b) contemplates disparate treatment of such claims for distribution purposes. Separate classification which acknowledges that difference is not inappropriate under Section 1129(b) of the Bankruptcy Code. *In re American Solar King Corp.*, 90 B.R. 808, 819 (Bankr. W.D. Tex. 1988) (citing *In re Ag Consultants Grain Division, Inc.*, 77 B.R. 665, 670-676 (Bankr. N.D.Ind. 1987).

**B.    Each of the Equity Damages Claims Have Been Reviewed**

25. As set forth in the Creighton Declaration, the Debtors and AlixPartners, the Debtors' financial advisor, have reviewed each of the proofs of claim filed against the Debtors to identify Claims that should be classified as Section 510(b) Claims (Class 11) under the Plan. Generally, the Equity Damages Claims are Claims filed by certain holders of Existing Common Interests alleging damages against the Company due to fraud, misrepresentation, violations of fiduciary duty, and other allegations of malfeasance against the Debtors or members of the Debtors' management and/or Board of Directors. For example, Proof of Claim No. 52, filed by a holder of Existing Common Interests, alleges damages due to the Debtors' "failure to disclose

---

[8] *See, e.g., In re SeaQuest Diving LP*, 579 F.3d 411, 419 (5th Cir. 2009) (affirming that a claim the creditor was owed under a state court settlement agreement was correctly subordinated under 501(b) as that claim/agreement would not have existing "but for the recession of the ACTA and its equity investment in the debtors); *In re VF Brands, Inc.*, 275 B.R. 725 (Bankr. Del. 2002) (holding that a claim arising from the purchase of stock of an affiliate of the debtor was properly subordinated); *In re De Laurentiis Entertainment Group, Inc.*, 124 B.R. 305 (D.C.D.Cal. 1991) (holding that litigation expense claim asserted by underwriter was properly subordinated).

9

material facts." The other proofs of claim contain similar allegations, as detailed on **Exhibit A** to the Proposed Order.

26. To the extent such Equity Damages Claims are ultimately Allowed, the Equity Damages Claims should be subordinated pursuant to section 510(b) of the Bankruptcy Code and treated as Section 510(b) Claims (Class 11) under the Plan.

## Reservation of Rights

27. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, or (v) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law. The Debtors expressly reserve all of their rights with respect to the foregoing matters.

## Notice

28. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## No Previous Request

29. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE** the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: November 24, 2023
      Houston, Texas

Respectfully submitted,

  /s/  Alfredo Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email: Ray.Schrock@weil.com
      Ronit.Berkovich@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**Annex 1**

**Creighton Declaration**

WEIL:\99436601\5\39031.0014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* [1] | § § § § | Case No. 22-90341 (CML)<br><br>(Jointly Administered) |

DECLARATION OF JOHN CREIGHTON IN
SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
CLASSIFYING CERTAIN CLAIMS AS SECTION 510(b) CLAIMS (CLASS 11)
UNDER DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION

John Creighton makes this Declaration pursuant to U.S.C. § 1746:

1. I am a Director at Alix Partners ("**Alix**"). By order dated January 15, 2023, Alix was retained as financial advisor for Core Scientific, Inc. ("**Core**") and its debtor subsidiaries and affiliates (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

2. In connection with the Debtors' review of the official claims register, the Debtors' advisors have reviewed proofs of claim filed by creditors and other parties in interest in these Chapter 11 Cases. At the request of the Debtors' counsel, I, along with employees of the Debtors and the assistance of the Debtors' other professionals, including professionals at Weil, Gotshal & Manges LLP ("**Weil**"), have reviewed each of the proofs of claim filed against the Debtors to identify the Equity Damages Claims listed on **Exhibit A** to the Proposed Order attached

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

to the *Debtors' Motion for Entry of an Order Classifying Certain Claims as Section 510(B) Claims (Class 11) Under Debtors' Proposed Joint Chapter 11 Plan of Reorganization* (the "**Motion**").[2]

### The Equity Damages Claims

3. Pursuant to the Motion, the Debtors are requesting entry of an order subordinating the Equity Damages Claims, pursuant to section 510(b) of the Bankruptcy Code, and classifying such Equity Damages Claims as Section 510(b) Claims (Class 11) under the *Third Amended Joint Chapter 11 Plan of Reorganization of Core Scientific, Inc. and its Affiliated Debtors*, dated November 16, 2023 [Docket No. 1438] (as amended, modified, or supplemented, the "**Plan**").

4. As of the date hereof, approximately twenty (20) proofs of Claim have been filed in the Chapter 11 Cases that are Equity Damages Claims, totaling asserted claims equal to $189,877,368. Generally, the Equity Damages Claims are Claims filed by certain holders of Existing Common Interests alleging damages against the Company due to fraud, misrepresentation, violations of fiduciary duty, and other allegations of malfeasance against the Debtors or members of the Debtors' management and/or Board of Directors.

5. In consultation with the Debtors and the Debtors' other advisors, I and certain other professionals at Alix reviewed and analyzed the proofs of Claim in connection with the Equity Damages Claims, and the related documentation provided with such proofs of Claims, the Debtors' books and records, and any other potentially relevant factors. Based upon this review, and in consultation with the Debtors and their advisors, the Equity Damages Claims annexed on Exhibit A to the Proposed Order each assert damages or losses with respect to such Claimants' holdings of securities of Core due to alleged fraud, misrepresentation, violations of fiduciary duty,

---

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

3

and other allegations of malfeasance against the Debtors or members of the Debtors management. My understanding is that claims such as the Equity Damages Claims are required, by law, to be subordinated pursuant to section 510(b) of the Bankruptcy Code, and thus, I believe that the Court should classify the Equity Damages Claims as Section 510(b) Claims (Class 11) under the Debtors' Plan as provided in the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 24, 2023
      Dallas, Texas

                                              */s/  John Creigton*
                                              John Creighton
                                              Director
                                              AlixPartners, LLP