IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re<br><br>**CORE SCIENTIFIC, INC.,** *et al.,*<br><br>Debtors[1].<br>---------------------------------------------<br><br>**CORE SCIENTIFIC, INC.,** *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>**SPHERE 3D CORP. and GRYPHON DIGITAL MINING, INC.,**<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | Chapter 11<br><br>Case No. 22-90341 (CML)<br><br>(Jointly Administered)<br><br>(Emergency Relief Requested)<br><br>Adv. Pro. No. 23-03252 |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR AN ORDER VACATING
THE SCHEDULING ORDER IN THE SPHERE CONTESTED
MATTER AND CONSOLIDATING THE SPHERE CONTESTED
MATTER WITH THE ADVERSARY PROCEEDING**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON NOVEMBER 28, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE**

Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**") and its Debtor affiliates (collectively, the "**Debtors**")[2] in the above-captioned chapter 11 cases and as Plaintiffs in the above-captioned adversary proceeding filed against defendants Sphere 3D Corp. ("**Sphere**") and Gryphon Digital Mining Inc. ("**Gryphon**," and together with Sphere, the "**Defendants**"), hereby file this emergency motion to vacate the scheduling order (docketed in 22-90341, Docket No. 1188 (the "**Scheduling Order**")) entered in the contested matter associated

---

[2] Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022.

with proofs of claim nos. 358 and 359 filed by Sphere and the Debtors' objection thereto (the "**Sphere Contested Matter**") and to consolidate the Sphere Contested Matter with the adversary proceeding (the "**Adversary Proceeding**"), initiated by the Debtors' complaint filed on November 21, 2023, docketed in 23-03252, Docket No. 1 (the "**Adversary Complaint**"). In support thereof, the Debtors assert the following.

## Background

1. On December 21, 2022, the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

2. On April 13, 2023, Sphere filed proofs of claim nos. 358 and 359 (the "**Sphere POCs**"), identical claims asserting that Core breached a Master Services Agreement entered into between Core and Gryphon for hosting digital-asset mining machines (the "**MSA**") and a related order, Master Service Agreement Order #2 ("**Order #2**"), pursuant to which Gryphon was to deliver 70,000 miners to Core for hosting. *See* Sphere POCs. Although Sphere was not a party to these agreements, it claims that Gryphon was acting as its manager and/or assigned its rights under the agreements to Sphere. The Debtors dispute those claims. Regardless of whether it was Gryphon or Sphere who had rights and obligations under the MSA and Order #2, the fact is that neither delivered the 70,000 miners as required under Order #2, thus breaching the agreements.

3

3. Sphere asserts in the Sphere POCs that Core breached the MSA and Order #2 by allegedly (1) failing to abide by a "deployment schedule" set forth in Order #2, (2) refusing to honor the contractual hosting rate agreed in Order #2, and (3) installing Sphere's miners for Core's own benefit and using them to mine Bitcoin for Core's own account. Sphere seeks (1) $34,383,713 in hosting deposits paid pursuant to Order #2, (2) $5,000,724.06 in alternative hosting costs, (3) $157,559.24 in storage fees, and (4) an unliquidated amount for the value of any Bitcoin that Core purportedly mined and misappropriated by allegedly installing Sphere's miners as its own. *See* Sphere POCs ¶ 14. Sphere also contends that the Sphere POCs are filed "in an unliquidated amount for [] any and all losses and damages arising from Core's failure to satisfy its obligations to the Claimant including, but not limited to, consequential, expectation, and reliance damages." Sphere POCs ¶¶ 14–16.

4. On May 9, 2023, Core objected to the Sphere POCs for the following primary reasons: (1) Sphere has no rights under the agreements and thus no contractual relationship with the Debtors and no standing to assert claims against Core under the MSA and Order #2 that Core executed with Gryphon, (2) Core performed its obligations under the MSA and Order #2, including by accepting and deploying the few hundred miners that Gryphon delivered pursuant to Order #2 and another previous order, Order #1, even though Core's obligations were extinguished by Gryphon's failure to timely deliver machines in accordance with Order #2, (3) Core was under no contractual obligation to extend the same below-market hosting rate set forth in Order #2 to any miners delivered post-breach or to any go-forward agreements with Gryphon and/or Sphere that Core tried to negotiate in good faith, (4) Core did not misappropriate Bitcoin belonging to Gryphon (or Sphere), and (5) to the extent that Sphere has any rights under the agreements (which it does not), it is subject to the robust limitation of liability provisions contained in the MSA, which

4

limit the type and amount of any potential recovery against Core. *See* Debtors' Objection to Proofs of Claim Nos. 358 and 359 Filed by Sphere 3D Corp., 22-90341, Docket No. 869; *see* Adversary Proceeding Complaint, 23-03252, Docket No. 1 ¶¶ 49–58. Sphere filed a response on July 10, 2023. *See* Sphere 3D Corp.'s Response to Debtors' Objection to Proofs of Claim Nos. 358 and 359 Filed by Sphere 3D Corp., 22-90341, Docket No. 1045.

5. On June 9, 2023, the Debtors moved for summary judgment with respect to the Sphere POCs, arguing, among other things, that (1) the Sphere POCs are foreclosed because Sphere does not have any rights under the agreements, (2) in any event, the MSA limits Core's total liability to Sphere to one month's fee payable to Core pursuant to the applicable order (MSA § 5.d), and (3) the MSA also prevents Sphere (but not Core) from recovering certain types of damages, including consequential or indirect damages (MSA § 5.c.). *See* Debtors' Motion for Summary Judgment with Respect to Proof of Claim Nos. 358 and 359 Filed by Sphere 3D Corp., 22-90341, Docket No. 959. Sphere objected and the Debtors filed a reply. *See* Sphere 3D Corp.'s Objection to Debtors' Motion for Summary Judgment with Respect to Proof of Claim Nos. 358 and 359 Filed by Sphere 3D Corp., 22-90341, Docket No. 1039; Reply in Further Support of Debtors Motion for Summary Judgment with Respect to Proof of Claim Nos. 358 and 359 Filed by Sphere 3D Corp., 22-90341, Docket No. 1094. A hearing on the Debtors' motion for summary judgment was held on August 7, 2023 (the "**Summary Judgment Hearing**"). The Court denied the motion in an order entered on August 8, 2023, determining that discovery on these issues was appropriate.

6. Before the Summary Judgment Hearing, at which the Court also addressed case schedule, Sphere filed a proposed scheduling order seeking trial dates in April 2024. *See* Notice of Sphere 3D Corp.'s Proposed Scheduling Order, 22-90341, Docket No. 1108. The

Debtors likewise filed a proposed scheduling order based on a January 2024 trial.  *See* Notice of Debtors' Proposed Schedules Related to Debtors' Objection to Proofs of Claim Nos. 358 and 359 Filed by Sphere 3D Corp., 22-90341, Docket No. 1112.  The Court originally set trial for January 3–5, 2024.  *See* Text Order Scheduling Trial, 22-90341, Docket No. 1113.  On August 30, 2023, the Court entered the Parties' agreed proposed scheduling order, which provided, *inter alia*, that (1) the deadline to complete all discovery other than depositions, including of any third parties, was October 23, 2023; (2) the deadline to complete all depositions of fact and 30(b)(6) witnesses was November 22, 2023, and (3) trial was scheduled for January 3–5, 2024.  *See* Scheduling Order, 22-90341, Docket No. 1188.

7. Sphere and the Debtors completed written and document discovery by the October 23, 2023 deadline provided in the Scheduling Order.  Declaration of T. Tsekerides ("**Tsekerides Decl.**") ¶ 2.  The parties also both obtained documents from Gryphon by way of subpoenas in the Sphere Contested Matter, as Gryphon is not a party to the Sphere Contested Matter.  *Id.* ¶ 3.  On October 26, 2023, Sphere sought to extend the deadline to complete depositions and the trial date.  *Id.* ¶ 4. The Debtors agreed and confirmed with the Court that the matter could be heard on January 30–February 1, 2024.  *Id.* ¶ 4.  The parties subsequently agreed to extend the deadline to complete depositions to December 22, 2023 and discussed that depositions were to begin on November 29, 2023, with the deposition of Core's former CEO, Michael Levitt.  *Id.* ¶ 4.  The parties had not yet, however, finalized a revised agreed proposed scheduling order for submission to the Court.  *Id.* ¶ 4.

8. While discovery was proceeding, a representative of the Debtors was also engaging in negotiations with Sphere's CEO on a potential settlement with Sphere.  *Id.* ¶ 5.  When it became clear to the Debtors that they would not be able to reach an agreement with Sphere, the

6

Debtors determined it was necessary to file an adversary proceeding against both Sphere and Gryphon (the actual party in interest). *Id.* ¶ 5. In this way, all issues could be adjudicated at once—including the Debtors returning to Gryphon all miners that the Debtors have been hosting for Gryphon as a business accommodation—and the Debtors could affirmatively recover damages against Gryphon and/or Sphere for breach of the relevant agreements.

9. On November 21, 2023, the Debtors filed the Adversary Complaint against Sphere and Gryphon asserting over $100 million in damages due to Sphere's and/or Gryphon's breach of the MSA and Order #2, and seeking the following declaratory relief: (1) that Sphere has no rights under the agreements; (2) that the Debtors are entitled to retain the prepayment deposits paid pursuant to Order #2 and that the claim asserted in the Sphere POCs for hosting deposits is disallowed, (3) that Sphere is not entitled to recover alternative hosting fees, storage costs, and unliquidated damages for consequential, expectation, and reliance damages as asserted in the Sphere POCs, which are precluded under the terms of the agreements, (4) that any damages to which Sphere might be entitled (including as relates to any prepayments) is capped by the terms of the agreements to one-month's fee ($84,000), and (5) that the Debtors did not misappropriate any Bitcoin from miners belonging to Gryphon and/or Sphere, and the claim asserted in the Sphere POCs based on this alleged misappropriation of Bitcoin is disallowed. The Debtors additionally seek declaratory relief with respect to the applicability of the limitations of liability provisions contained in the MSA, a judgment that the agreements are not executory contracts as Core has no continuing obligations thereunder, and consolidation of the Sphere Contested Matter with the Adversary Proceeding. 23-03252, Docket No. 1 (Adversary Compl.) at 26–38.

10. Upon filing the Adversary Complaint, counsel for the Debtors sent a courtesy copy of the pleading to counsel for Sphere and counsel for Gryphon, stating in the cover

7

email that in the Debtors' view, the filing impacts the schedule set in the Sphere Contested Matter and that trial, on calendar for January 30–February 1, and depositions will need to be adjourned and rescheduled following a scheduling conference with the Court. Tsekerides Decl. ¶ 6 and Ex. 1 (2023.11.21, Email from C. Calabrese). Counsel for Sphere responded that they "do not agree to move the trial or deposition schedule" and insisted that Mr. Levitt sit for a deposition on November 29. Tsekerides Decl. ¶ 7 and Ex. 2 (2023.11.21, Email from G. Wolfe). Counsel for the Debtors responded that, among other things, consolidating the matters is in the interests of all parties, does not prejudice Sphere, and proceeding on separate tracks is not only impractical, but a waste of resources that prejudices the Debtors—who are entitled to Gryphon's and Sphere's responses to the Adversary Complaint before taking depositions—and Gryphon, who would presumably have an equal right to participate in depositions after the opportunity to engage in written and document discovery. Tsekerides Decl. ¶ 8 and Ex. 3 (2023.11.21, Email from T. Tsekerides).

11. In light of Sphere's refusal to accept the procedural realities and agree to a consolidated and comprehensive schedule for adjudication of the nearly identical issues raised in the Sphere Contested Matter and the Adversary Proceeding, plus Sphere's insistence that Mr. Levitt sit for a deposition on November 29, the Debtors seek the relief requested herein.

12. As referenced in the Adversary Complaint, the Debtors also communicated with Gryphon that they do not intend on continuing to host the 639 miners for Gryphon currently at Core's facilities and that the Debtors were targeting December 18, 2023 as the date the machines will be taken out of service. Tsekerides Decl. ¶ 9 and Ex. 4 (2023.11.21, Letter from J. Pratt to R. Chang). The Debtors also offered to work with Gryphon to pick up those miners by December 29, 2023, or another date that mutually works for the parties. *Id*. As noted in the Adversary Complaint,

8

the Debtors do not believe the contracts with Gryphon are executory given the prior breaches, but in an abundance of caution, have sought relief in the Adversary Proceeding for such a declaration, or in the alternative, for an order rejecting the agreements.

## Relief Requested

13. Pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 42(a) of the Federal Rules of Civil Procedure, the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"), (1) vacating the Scheduling Order, (2) consolidating the Sphere Contested Matter with the Adversary Proceeding, and (3) adjourning discovery until after the Court sets a schedule for the Adversary Proceeding, which shall be after the Defendants respond to the Adversary Complaint and the parties appear at a pretrial conference before the Court.

14. The Debtors additionally request that the Court hear this motion on an emergency basis given that Sphere insists on continuing with the deposition schedule discussed in the Sphere Contested Matter, starting with the deposition of Mr. Levitt that was scheduled for November 29. Accordingly, the Debtors were obligated to file this Motion prior to that date.

## Jurisdiction

15. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with this Motion.

16. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Requested Relief Should Be Granted

17. The Court should vacate the Scheduling Order, consolidate the Sphere Contested Matter with the Adversary Proceeding, and adjourn discovery until after the Court sets

a schedule for the consolidated proceeding, which should be after the Defendants respond to the Adversary Complaint and the parties appear at a pretrial conference before the Court.

18. The Scheduling Order should be vacated because it simply makes no sense to continue with a schedule that is demonstrably out-of-date, does not reflect the realities of the changed circumstances, and would result in wasted resources and duplicative and repeated discovery. As detailed further below in support of why the Sphere Contested Matter and the Adversary Proceeding should be consolidated, the overlap in discovery for the two proceedings, and the fact that Gryphon is a party to one proceeding but not the other, renders proceeding with the current Scheduling Order nonsensical. There is no good-faith reason for the existing Scheduling Order to remain in place and it should be vacated.

19. With respect to consolidation, Rule 42(a) of the Federal Rules of Civil Procedure—applicable to this proceeding through Bankruptcy Rule 7042(a)—states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). This rule applies to the consolidation of a contested matter and a related adversary proceeding. *See* Fed. R. Bankr. P. 3007(b) (2007 Comm. Notes) ("If a claim objection is filed separately from a related adversary proceeding, the court may consolidate the objection with the adversary proceeding under Rule 7042.").

20. Here, the Sphere Contested Matter and the Adversary Proceeding involve common questions of law and fact related to the MSA and Order #2, with the issues for adjudication nearly identical. Moreover, although Sphere apparently does not seek relief with respect to Order #1, that order remains relevant for providing context relating to the overall transaction at issue, including as relates to the miners that Core is returning to Gryphon that are governed by Order #1 and Order #2.

21. At bottom, there are only two limited (but important) differences between the Sphere Contested Matter and the Adversary Proceeding. First, the Debtors seek affirmative recovery for their damages in the Adversary Proceeding but were procedurally limited to asserting only setoff in the Sphere Contested Matter. Second, Gryphon—who entered into the relevant agreements at issue with Core and is the actual party in interest—is not a party to the Sphere Contested Matter but is a named defendant in the Adversary Proceeding. Neither of these distinctions undermine the Debtors' request for consolidation but instead further support the requested relief.

22. With respect to damages, the facts and law underlying whether the Debtors are entitled to recover the damages they suffered are the same in both the Sphere Contested Matter and the Adversary Proceeding, with the only difference being whether the Debtors can *affirmatively* recover their damages—which requires an adversary proceeding, *see* Bankruptcy Rule 3007(b)—or can only apply them as a setoff. Initially, the Debtors pursued recovery in the setoff posture of the Sphere Contested Matter. When it became clear that no settlement with Sphere would be possible, the Debtors filed the Adversary Proceeding against both Sphere and Gryphon to affirmatively pursue the damages that they are entitled to recover and to bring Gryphon directly into the dispute as the party that actually signed the relevant agreements at issue.

23. With respect to Gryphon, it is a named defendant in the Adversary Proceeding but not a party to the Sphere Contested Matter. This further underscores the importance of a consolidated proceeding. As the Court suggested at the Summary Judgment Hearing, including Gryphon as a named party is necessary for the complete and final adjudication of all disputed issues among these parties and to avoid the risk of adjudicating the same dispute twice: once with Sphere and then again with Gryphon. *See* Summary Judgment Hearing Tr., 22-

90321, Docket No. 1136 at 77:14–77:21. Consolidating the Sphere Contested Matter with the Adversary Proceeding mitigates this risk completely and allows adjudication of these common issues of law and fact in one proceeding.

24. Although the standard for consolidation is more than satisfied here, Sphere is insisting that the Sphere Contested Matter go forward on the original schedule, including the deposition of Mr. Levitt that was scheduled for November 29. Tsekerides Decl. ¶ 7 and Ex. 2 *supra*. Sphere takes issue with the timing of the Debtors' filing of the Adversary Complaint, claiming that the Debtors are using it as a "stall tactic" to avoid taking depositions. *Id*. Sphere also argues that it has already "spent a substantial amount of time preparing for depositions and are ready to take depositions." *Id*. Neither point has merit.

25. The Debtors are not using the Adversary Complaint as a "stall tactic." Rather, the Debtors' filing of the Adversary Complaint and request for consolidation is driven by a desire to avoid duplication and adjudicate this dispute once, which is in the best interests of the Court and all of the parties. In addition, the Debtors are entitled to affirmatively pursue the damages that they have sustained, which requires an adversary proceeding. The Debtors were also entitled to attempt to settle the matter with Sphere before undertaking the expense of seeking affirmative relief through an adversary proceeding that would require adding Gryphon as a party. When it became clear to the Debtors that settlement was impossible as the parties have disparate views about what constitutes a fair resolution of this case, the Debtors had no choice but to file the Adversary Complaint against both Sphere and Gryphon, the actual party in interest. The timing of this filing—before any depositions were taken in the Sphere Contested Matter—was appropriate and allows the parties to now move forward on an efficient consolidated path that includes Gryphon and will allow for complete relief on all issues between the parties, including as related

to the 639 Gryphon miners that Core is still hosting but working to return to Gryphon. *See* Tsekerides Decl. ¶ 9 and Ex. 4, *supra*. The depositions will take place, just on a schedule that makes sense.

26. Indeed, rather than adjudicate the same issues on two separate paths as Sphere insists, the most practical approach is to vacate the current Scheduling Order that applies only to Sphere and the Debtors and then move forward on a comprehensive schedule in the consolidated proceeding. This approach will save resources across the board. It also does not prejudice any party and in fact accomplishes the opposite by ensuring that all parties have an opportunity to engage in comprehensive discovery (including depositions) in the context of the consolidated adjudication of these issues. Additionally, consolidating the proceedings will likely yield a timeline that closely mirrors what Sphere sought from the start: extended discovery and a trial in April.

27. By insisting that the parties move forward with depositions now and a trial on January 30, Sphere is ignoring the practical realities of the case. For example, under Sphere's two-track approach, the exact same witnesses would need to sit at least twice for depositions: once in the Sphere Contested Matter and then again in the Adversary Proceeding, given that (1) Gryphon presumably would have an equal right to participate in the depositions after the opportunity to engage in written and document discovery, and (2) the Debtors would have the right to take any additional relevant discovery and depose witnesses after Gryphon and Sphere have answered the Adversary Complaint. Additionally, Sphere's two-track approach requires two trials on the same issues, which is not only an inefficient waste of resources but creates confusion by requiring that the Court adjudicate issues in an earlier trial that are also at issue in the Adversary Proceeding. This disadvantages all parties and is also contrary to the bedrock principle of judicial economy.

28. That Sphere expected to take depositions next week is not a reason to stay the course and move forward on an outdated schedule that does not account for the Adversary Proceeding and requires the repeated adjudication of the same issues. Moreover, delaying depositions and trial for the benefit of an efficient consolidated proceeding does not prejudice Sphere (or any party), including because the written and fact discovery that the Debtors and Sphere have already undertaken, in addition to any deposition preparation, will be used in the consolidated proceeding. In short, nothing is lost and the only difference is that depositions and trial will be slightly delayed. But that delay does not prejudice Sphere in any way, and instead aligns with the schedule for adjudication that it originally sought.

29. For the foregoing reasons, the Scheduling Order should be vacated, the Sphere Contested Matter should be consolidated with the Adversary Proceeding, and discovery should be adjourned until after the Court sets a schedule for the consolidated proceeding, which should be after the Defendants respond to the Adversary Complaint and the parties appear at a pretrial conference before the Court.

**Emergency Relief Requested**

30. Debtors seek relief on an emergency basis because Sphere would not agree to vacate the Scheduling Order and insisted on moving forward with Mr. Levitt's deposition on November 29. To the extent the Scheduling Order is not vacated, which the Debtors believe that it should be, depositions in the Sphere Contested Matter—including that of Mr. Levitt—would need to be rescheduled.

**Reservation of Rights**

31. Nothing contained herein is intended to be or shall be deemed as (1) an admission as to the validity of any claim against the debtors, (2) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim,

(3) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (4) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, or (5) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.  The Debtors expressly reserve all of their rights with respect to the foregoing matters.

## No Previous Request

32.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

Dated: November 25, 2023
Houston, Texas

       /s/ *Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:   (713) 546-5000
Facsimile:    (713) 224-9511
Email:  Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
David J. Lender (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007
Email:  Ray.Schrock@weil.com
       David.Lender@weil.com
       Ronit.Berkovich@weil.com
       Theodore.Tsekerides@weil.com
       Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

**Certificate of Service**

I hereby certify that on November 25, 2023, a true and correct copy of the foregoing document was served on Sphere 3D Corp. by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and on Gryphon Digital Mining, Inc. by mail and electronic mail.

/s/ *Alfredo R. Pérez*
Alfredo R. Pérez