IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re<br><br>**CORE SCIENTIFIC, INC.,** *et al.,*<br><br>Debtors[1]. | § § § § § § § § | Chapter 11<br><br>Case No. 22-90341 (CML)<br><br>(Jointly Administered)<br><br>(Emergency Relief Requested) |
| **CORE SCIENTIFIC, INC.,** *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>**SPHERE 3D CORP. and GRYPHON DIGITAL MINING, INC.,**<br><br>Defendants. | § § § § § § § § § § § § § | Adv. Pro. No. 23-03252 |

**DECLARATION OF THEODORE E. TSEKERIDES IN SUPPORT OF DEBTORS'
<u>EMERGENCY</u> MOTION FOR AN ORDER VACATING THE SCHEDULING ORDER
IN THE SPHERE CONTESTED MATTER AND CONSOLIDATING THE SPHERE
<u>CONTESTED MATTER WITH THE ADVERSARY PROCEEDING</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

I, Theodore E. Tsekerides, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner at Weil, Gotshal & Manges LLP, counsel for Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively the "**Debtors**"). I am a member of the bar of the State of New York and admitted *pro hac vice* to practice in this Court.

2. Sphere 3D Corp. ("**Sphere**") and the Debtors have been engaged in discovery related to the contested matter associated with proofs of claim nos. 358 and 359 filed by Sphere and the Debtors' objection thereto (the "**Sphere Contested Matter**"). Pursuant to the scheduling order entered by the Court in the Sphere Contested Matter, Sphere and the Debtors completed written and document discovery on October 23, 2023.

3. By way of subpoenas in the Sphere Contested Matter, the parties also both obtained documents produced by Gryphon Digital Mining, Inc. ("**Gryphon**"), a third party to the Sphere Contested Matter and a defendant named in the adversary proceeding (the "**Adversary Proceeding**") initiated by the Debtors' complaint filed on November 21, 2023, docketed at 23-03252, Docket No. 1 (the "**Adversary Complaint**"). Gryphon is not a party to the Sphere Contested Matter.

4. On October 26, 2023, Sphere sought to extend the deadline to complete depositions and the trial date. The Debtors agreed and confirmed with the Court that the matter could be heard on January 30–February 1, 2024. The parties subsequently agreed to extend the deadline to complete depositions to December 22, 2023, and discussed that depositions were to

begin on November 29, 2023, with the deposition of Core's former CEO, Michael Levitt. The parties never finalized a revised agreed proposed scheduling order for submission to the Court.

5.  While discovery was proceeding, a representative of the Debtors was also engaging in negotiations with Sphere's CEO on a potential settlement with Sphere. When it became clear to the Debtors that they would not be able to reach an agreement with Sphere, the Debtors determined it was necessary to file an adversary proceeding against both Sphere and Gryphon.

6.  On November 21, 2023, the Debtors filed the Adversary Complaint, asserting over $100 million in damages due to Sphere's and/or Gryphon's breach of the MSA and Order #2, and seeking related declaratory relief. 23-03252, Docket No. 1 (Adversary Compl.). The same day, the Debtors' counsel sent a courtesy copy of the Adversary Complaint to counsel for Sphere and counsel for Gryphon, stating in the cover email that in the Debtors' view, the filing impacts the schedule set in the Sphere Contested Matter and that trial, on calendar for January 30–February 1, 2024 and depositions would need to be adjourned and rescheduled following a scheduling conference with the Court. A true and correct copy of the November 21, 2023 email sent by the Debtors' counsel to counsel for Sphere and a true and correct copy of the November 21, 2023 email sent by the Debtors' counsel to counsel for Gryphon are attached hereto as **Exhibit 1**.

7.  Counsel for Sphere responded that they "do not agree to move the trial or deposition schedule" and insisted that Mr. Levitt sit for a deposition on November 29, 2023. A true and correct copy of the November 21, 2023 response sent by Sphere's counsel is attached hereto as **Exhibit 2**.

8. Counsel for the Debtors responded that, among other things, consolidating the matters is in the interests of all parties, does not prejudice Sphere, and proceeding on separate tracks is not only impractical, but a waste of resources that prejudices the Debtors—who are entitled to Gryphon's and Sphere's responses to the Adversary Complaint before taking depositions—and Gryphon, who would presumably have an equal right to participate in depositions after the opportunity to engage in written and document discovery. A true and correct copy of the November 21, 2023 response sent by the Debtors' counsel is attached hereto as **Exhibit 3**.

9. The Debtors also communicated with Gryphon that they do not intend on continuing to host the 639 miners for Gryphon currently at Core's facilities and that the Debtors were targeting December 18, 2023 as the date the machines will be taken out of service. The Debtors also offered to work with Gryphon to pick up those miners by December 29, 2023, or another date that mutually works for the parties. *Id*. A true and correct copy of the November 21, 2023 letter to Gryphon is attached hereto as **Exhibit 4**.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 25, 2023
New York, New York

                */s/ Theodore E. Tsekerides*
                Theodore E. Tsekerides

## Certificate of Service

I hereby certify that on November 25, 2023, a true and correct copy of the foregoing document was served on Sphere 3D Corp. by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and on Gryphon Digital Mining, Inc. by mail and electronic mail.

/s/ *Alfredo R. Pérez*
Alfredo R. Pérez

# Exhibit 1

| | |
|---|---|
| **From:** | Calabrese, Christine |
| **To:** | Greg Wolfe; Tibor Nagy; David Moosmann; Matt Gauthier; Harper, Ashley; Davidson, Tad; Bell, Brandon; Rahul Srinivas |
| **Cc:** | Lender, David; Perez, Alfredo; Tsekerides, Theodore; Carlson, Clifford |
| **Subject:** | 23-03252_Adversary Proceeding Complaint (Core v. Sphere and Gryphon) |
| **Date:** | Tuesday, November 21, 2023 1:20:38 PM |
| **Attachments:** | 23-03252_ Adversary Proceeding Complaint (Core v. Sphere and Gryphon).pdf |

Counsel,

The Debtors just filed the attached complaint against Sphere and Gryphon to bring all of the issues in one proceeding for complete resolution. Please let us know if you will agree to accept service.

This filing obviously impacts the schedule set in the Sphere contested matter, as discovery (including depositions) and the trial—on calendar for January 30 to February 1—will need to be adjourned and rescheduled.  To be clear, none of the pending depositions will go forward and we can discuss with you and Gryphon's counsel an appropriate date for a scheduling conference with the Court to set out a schedule for the adversary proceeding.

With respect to the letter that we received from Mr. Nagy on Friday regarding settlement and requesting that the Debtors share the letter with their constituents no later than today, we do not intend on sending that self-serving letter or disclosing the parties' settlement discussions that were governed by Rule 408 of the Federal Rules of Evidence.  Sphere has consistently taken the unreasonable position that it is 100% right and Core is 100% wrong in connection with this dispute and has ignored the facts, the limitations provisions in the agreements and Core's damages resulting from Gryphon's and/or Sphere's breach (assuming Sphere can even establish that it has any rights under the relevant agreements).  While the Debtors remain open to a reasonable settlement, it will need to resolve all issues between the Debtors, Gryphon and Sphere and will need to account for the substantial damages the Debtors have sustained.

Regards,



**Christine A. Calabrese**
Associate
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
christine.calabrese@weil.com
+1 212 310 8083 Direct
+1 202 213 7892 Mobile

| | |
|---|---|
| **From:** | Calabrese, Christine |
| **To:** | Tracey, Dennis H.; Barcelo-Rojas, Gloria; Wynne, Rick; Posner, Sara; Bianchini, Allegra |
| **Cc:** | Lender, David; Perez, Alfredo; Tsekerides, Theodore; Carlson, Clifford |
| **Subject:** | 23-03252_Adversary Proceeding Complaint (Core v. Sphere and Gryphon) |
| **Date:** | Tuesday, November 21, 2023 1:24:54 PM |
| **Attachments:** | 23-03252_ Adversary Proceeding Complaint (Core v. Sphere and Gryphon).pdf |

Counsel,

The Debtors just filed the attached complaint against Sphere and Gryphon to bring all of the issues in one proceeding for complete resolution. Please let us know if you will agree to accept service.

This filing obviously impacts the schedule set in the Sphere contested matter, as discovery (including depositions) and the trial—on calendar for January 30 to February 1—will need to be adjourned and rescheduled. To be clear, none of the pending depositions will go forward and we can discuss with you and Sphere's counsel an appropriate date for a scheduling conference with the Court to set out a schedule for the adversary proceeding.

Best,



**Christine A. Calabrese**
Associate
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
christine.calabrese@weil.com
+1 212 310 8083 Direct
+1 202 213 7892 Mobile

# Exhibit 2

| | |
|---|---|
| **From:** | Greg Wolfe |
| **To:** | Calabrese, Christine; Tibor Nagy; David Moosmann; Matt Gauthier; Harper, Ashley; Davidson, Tad; Bell, Brandon; Rahul Srinivas |
| **Cc:** | Lender, David; Perez, Alfredo; Tsekerides, Theodore; Carlson, Clifford |
| **Subject:** | RE: 23-03252_Adversary Proceeding Complaint (Core v. Sphere and Gryphon) |
| **Date:** | Tuesday, November 21, 2023 5:49:30 PM |

Counsel –

We do not agree to move the trial or deposition schedule. The parties have been litigating this contested matter for months and, throughout, the Debtors have emphasized the need to resolve this case expeditiously. Now, on the eve of depositions, Debtors have filed an adversary proceeding that asserts new claims against Sphere and adds a new party, along with a demand that the entire schedule be redone, which would delay resolution of this contested matter for an indeterminate amount of time. Debtors went as far as to inform a nonparty we had subpoenaed that we would not be proceeding with a deposition, which was untrue. It appears that Debtors' purported urgency was pretextual and that they are using this new adversary proceeding strategically to try to avoid allowing this case to proceed to depositions. Debtors have no good cause to adjust the trial schedule, as all of the relevant facts have been within their possession since the outset ad they could have filed this action much earlier. That said, if you have good cause to explain the timing of the filing, we invite you to explain it.

As it stands, we are not going to let Debtors use this adversary proceeding as a stall tactic and intend to proceed with trial on January 30, 2024. We have spent a substantial amount of time preparing for depositions and are ready to take depositions. We will be at Weil's office on November 29 to take Mr. Levitt's deposition, as the parties agreed. If Debtors want to move to quash our deposition notice, they may do so. If Mr. Levitt is not there, we intend to move for sanctions. Please also respond to the recent emails of my colleagues, including:

1. With a time to meet-and-confer on the privilege log issue;
2. With a time to meet-and-confer on your 30(b)(6) objections; and
3. Whether you intend to designate Mr. Levitt as a 30(b)(6) witness on any topics.

Your email offers no objection to sharing our letter with the Relevant Constituencies, which we have done. Your email also does not point to a single factual inaccuracy contained in the letter. It is sophistry to suggest that we are not taking into account litigation risks in the settlement calculus, as our demand is around one-third of our claim and includes a small cash component that is less than the cost of further litigation for the Debtors. Indeed, as we indicated in our letter, the only beneficiaries of even more litigation will be the lawyers. This is true of your recently filed adversary proceeding, as the claims asserted simply have no merit. For example, Debtors suffered no lost profits, not least because (1) they <u>never</u> had capacity to host Sphere's miners; (2) the hosting rate was <u>not economic</u> for them, which is why they refused to host additional miners unless Sphere acceded to a higher, non-contractual hosting rate; and (3) they actually <u>refused</u> to host Sphere's miners, which would have generated the very profits they claim to have missed out on. Debtors cannot seriously claim to be entitled to consequential damages either given that the facilities they were building were contemplated well before Sphere appeared on the scene and they did not ultimately complete the facilities (hence, no capacity). And the limitation of liability remains a

barrier Core cannot overcome.

We reserve all rights.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Tuesday, November 21, 2023 1:21 PM
**To:** Greg Wolfe <greg@dnfllp.com>; Tibor Nagy <tibor@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>; Matt Gauthier <mgauthier@dnfllp.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Bell, Brandon <BBell@hunton.com>; Rahul Srinivas <rsrinivas@dnfllp.com>
**Cc:** Lender, David <david.lender@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** 23-03252_Adversary Proceeding Complaint (Core v. Sphere and Gryphon)

Counsel,

The Debtors just filed the attached complaint against Sphere and Gryphon to bring all of the issues in one proceeding for complete resolution. Please let us know if you will agree to accept service.

This filing obviously impacts the schedule set in the Sphere contested matter, as discovery (including depositions) and the trial—on calendar for January 30 to February 1—will need to be adjourned and rescheduled. To be clear, none of the pending depositions will go forward and we can discuss with you and Gryphon's counsel an appropriate date for a scheduling conference with the Court to set out a schedule for the adversary proceeding.

With respect to the letter that we received from Mr. Nagy on Friday regarding settlement and requesting that the Debtors share the letter with their constituents no later than today, we do not intend on sending that self-serving letter or disclosing the parties' settlement discussions that were governed by Rule 408 of the Federal Rules of Evidence. Sphere has consistently taken the unreasonable position that it is 100% right and Core is 100% wrong in connection with this dispute and has ignored the facts, the limitations provisions in the agreements and Core's damages resulting from Gryphon's and/or Sphere's breach (assuming Sphere can even establish that it has any rights under the relevant agreements). While the Debtors remain open to a reasonable settlement, it will need to resolve all issues between the Debtors, Gryphon and Sphere and will need to account for the substantial damages the Debtors have sustained.

Regards,



**Christine A. Calabrese**
Associate
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
christine.calabrese@weil.com
+1 212 310 8083 Direct
+1 202 213 7892 Mobile

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# Exhibit 3

| | |
|---|---|
| **From:** | Tsekerides, Theodore |
| **To:** | Greg Wolfe; Tibor Nagy; David Moosmann; Matt Gauthier; Harper, Ashley; Davidson, Tad; Bell, Brandon; Rahul Srinivas; Tracey, Dennis H.; Barcelo-Rojas, Gloria; Wynne, Rick; Posner, Sara; Bianchini, Allegra |
| **Cc:** | Lender, David; Perez, Alfredo; Carlson, Clifford; Calabrese, Christine; Crabtree, Austin; Aquila, Elaina; Delauney, Krystel; Menon, Asha |
| **Subject:** | RE: 23-03252_Adversary Proceeding Complaint (Core v. Sphere and Gryphon) |
| **Date:** | Wednesday, November 22, 2023 5:01:41 PM |

Greg,

You are wrong on all fronts, including your view of the facts and your client's liability, as we will prove when this case gets tried. The Debtors are entitled to affirmatively pursue the damages they have sustained. They were likewise entitled to attempt to settle the matter with Sphere *before* undertaking the expense of seeking affirmative relief through an adversary proceeding that would require adding Gryphon as a party. The parties have disparate views about a fair resolution of this case, which is quite clear as you continue to insist that our claims have no merit and no real value. We disagree and we'll leave it to the Court to decide.

You claim that the Debtors are using the adversary proceeding as a "stall tactic" to avoid depositions. Far from it. We look forward to the depositions and believe they will further underscore the validity of the Debtors' claims and defenses. What we object to is taking depositions in piecemeal given that we now have an adversary proceeding. In fact, filing the adversary proceeding before the depositions makes sense so that the parties not waste time in having to take them again after Gryphon got added. Thus, far from being a stall tactic, the adversary proceeding reflects the case realities. First, as stated above, the Debtors tried to settle this case for more than a fair amount. But Sphere refused and took positions that we believe are unreasonable. That posture left us no choice but to file a complaint for affirmative relief against both Sphere *and* Gryphon, the actual party in interest. That was not only the Debtors' prerogative, but in the best interests of the estate. This is more than good cause for a consolidated proceeding and we are confident that the Court will see it the same way. It also makes sense because for complete relief on all issues between the parties, including as relates to the miners still at Core but which Core is working to return to Gryphon, Gryphon had to be made a party.

Second, from a practical perspective, taking depositions now in the contested matter makes no sense for anyone. The issues are essentially identical and the most efficient course—in the interests of all parties and the Court—is to resolve the issues in the context of the adversary proceeding and adjourn depositions until a comprehensive case schedule is set. There is absolutely no reason to take depositions of the same people on multiple occasions, which is exactly what would happen if we proceed with depositions in the contested matter now, as you apparently believe should happen. For example, Gryphon (a party to the adversary proceeding) would presumably have an equal right to participate in these depositions after the opportunity to engage in document discovery. And the Debtors are entitled to Gryphon's and Sphere's responses to the complaint before taking depositions. We have no intention of

having our witnesses sit for a deposition twice, and presumably you would not either.  Your claims of waste are also nonsensical given that the document discovery that has taken place can and will be used in the adversary proceeding.  The bottom line is that far from prejudicing any party, proceeding on a comprehensive schedule benefits everyone and saves resources across the board.  It is also consistent with what you have wanted from the start: an extended discovery period and trial in April.

Despite this, you are ignoring the practical realties and refuse to professionally work out a schedule for a consolidated proceeding.  These positions are unreasonable Greg, and should be reconsidered. In any event, since you insist on moving forward with an outdated schedule, discovery on separate tracks, and the deposition of Mr. Levitt next week, we will seek the appropriate relief from the Court and are awaiting a response for a hearing, which will likely be on Tuesday.  In the meantime, and to be clear, we will not be proceeding with any depositions or engaging in your emails on discovery issues that should now be addressed in the course of the adversary proceeding schedule.

Separately, although not relevant to the above, we also dispute your repeated claim that the Debtors "went as far as to inform a nonparty we had subpoenaed that we would not be proceeding with a deposition, which was untrue."  What is not true is that the Debtors did anything of the sort.  What we told Gryphon's counsel was our view that none of the pending depositions would be going forward and that we can discuss with them and you an appropriate schedule.  We never said anything about your views.

Finally, as relates to your request relating to Mr. Tassiopoulos, we agree that in the event the Court denies our requested relief, we will re-schedule his deposition for later in December.

Regards,



**Theodore E. Tsekerides**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
theodore.tsekerides@weil.com
+1 212 310 8218 Direct
+1 516 398 0510 Mobile
+1 212 310 8007 Fax

---

**From:** Greg Wolfe <greg@dnfllp.com>

**Sent:** Tuesday, November 21, 2023 5:49 PM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Tibor Nagy <tibor@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>; Matt Gauthier <mgauthier@dnfllp.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Bell, Brandon <BBell@hunton.com>; Rahul Srinivas <rsrinivas@dnfllp.com>
**Cc:** Lender, David <david.lender@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** RE: 23-03252_Adversary Proceeding Complaint (Core v. Sphere and Gryphon)

Counsel –

We do not agree to move the trial or deposition schedule.  The parties have been litigating this contested matter for months and, throughout, the Debtors have emphasized the need to resolve this case expeditiously.  Now, on the eve of depositions, Debtors have filed an adversary proceeding that asserts new claims against Sphere and adds a new party, along with a demand that the entire schedule be redone, which would delay resolution of this contested matter for an indeterminate amount of time.  Debtors went as far as to inform a nonparty we had subpoenaed that we would not be proceeding with a deposition, which was untrue.  It appears that Debtors' purported urgency was pretextual and that they are using this new adversary proceeding strategically to try to avoid allowing this case to proceed to depositions.   Debtors have no good cause to adjust the trial schedule, as all of the relevant facts have been within their possession since the outset ad they could have filed this action much earlier.  That said, if you have good cause to explain the timing of the filing, we invite you to explain it.

As it stands, we are not going to let Debtors use this adversary proceeding as a stall tactic and intend to proceed with trial on January 30, 2024.  We have spent a substantial amount of time preparing for depositions and are ready to take depositions.  We will be at Weil's office on November 29 to take Mr. Levitt's deposition, as the parties agreed.  If Debtors want to move to quash our deposition notice, they may do so.  If Mr. Levitt is not there, we intend to move for sanctions.  Please also respond to the recent emails of my colleagues, including:

1. With a time to meet-and-confer on the privilege log issue;
2. With a time to meet-and-confer on your 30(b)(6) objections; and
3. Whether you intend to designate Mr. Levitt as a 30(b)(6) witness on any topics.

Your email offers no objection to sharing our letter with the Relevant Constituencies, which we have done.  Your email also does not point to a single factual inaccuracy contained in the letter.  It is sophistry to suggest that we are not taking into account litigation risks in the settlement calculus, as our demand is around one-third of our claim and includes a small cash component that is less than the cost of further litigation for the Debtors.  Indeed, as we indicated in our letter, the only beneficiaries of even more litigation will be the lawyers.  This is true of your recently filed adversary proceeding, as the claims asserted simply have no merit.  For example, Debtors suffered no lost profits, not least because (1) they <u>never</u> had capacity to host Sphere's miners; (2) the hosting rate was <u>not economic</u> for them, which is why they refused to host additional miners unless Sphere acceded to a higher, non-contractual hosting rate; and (3) they actually <u>refused</u> to host Sphere's

miners, which would have generated the very profits they claim to have missed out on. Debtors cannot seriously claim to be entitled to consequential damages either given that the facilities they were building were contemplated well before Sphere appeared on the scene and they did not ultimately complete the facilities (hence, no capacity). And the limitation of liability remains a barrier Core cannot overcome.

We reserve all rights.


**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

---

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Tuesday, November 21, 2023 1:21 PM
**To:** Greg Wolfe <greg@dnfllp.com>; Tibor Nagy <tibor@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>; Matt Gauthier <mgauthier@dnfllp.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Bell, Brandon <BBell@hunton.com>; Rahul Srinivas <rsrinivas@dnfllp.com>
**Cc:** Lender, David <david.lender@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>
**Subject:** 23-03252_Adversary Proceeding Complaint (Core v. Sphere and Gryphon)

Counsel,

The Debtors just filed the attached complaint against Sphere and Gryphon to bring all of the issues in one proceeding for complete resolution. Please let us know if you will agree to accept service.

This filing obviously impacts the schedule set in the Sphere contested matter, as discovery (including depositions) and the trial—on calendar for January 30 to February 1—will need to be adjourned and rescheduled. To be clear, none of the pending depositions will go forward and we can discuss with you and Gryphon's counsel an appropriate date for a scheduling conference with the Court to set out a schedule for the adversary proceeding.

With respect to the letter that we received from Mr. Nagy on Friday regarding settlement and requesting that the Debtors share the letter with their constituents no later than today, we do not intend on sending that self-serving letter or disclosing the parties' settlement discussions that were governed by Rule 408 of the Federal Rules of Evidence. Sphere has consistently taken the unreasonable position that it is 100% right and Core is 100% wrong in connection with this dispute and has ignored the facts, the limitations provisions in the agreements and Core's damages resulting from Gryphon's and/or Sphere's breach (assuming Sphere can even establish that it has any rights under the relevant agreements). While the Debtors remain open to a reasonable settlement, it will

need to resolve all issues between the Debtors, Gryphon and Sphere and will need to account for the substantial damages the Debtors have sustained.

Regards,



**Christine A. Calabrese**
Associate
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
christine.calabrese@weil.com
+1 212 310 8083 Direct
+1 202 213 7892 Mobile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# Exhibit 4



November 21, 2023

BY E-MAIL

Gryphon Digital Mining, Inc.
Attn: Rob Chang
5953 Mabel Road, Unit 138
Las Vegas, Nevada 89110

Re: Core Scientific's Hosting of Gryphon Digital Mining's Machines

Dear Rob:

    I am writing to advise that Core Scientific, Inc. ("**Core**") intends to cease hosting operations for Gryphon Digital Mining, Inc. ("**Gryphon**") at Core's facilities. As you know, Core has been hosting Gryphon's 639 miners as an accommodation since Gryphon breached the parties' agreement and failed to deliver the miners required for delivery under the agreed schedule set forth in Order #2 to the Master Services Agreement executed between Core and Gryphon in September 2021. In light of Core's impending expected emergence from bankruptcy and its post-confirmation business plan, Core has determined that continuing to host Gryphon's miners as an accommodation is not consistent with Core's business interests.

    Core is targeting December 18, 2023 as the date the machines will be taken out of service and will work with Gryphon on the logistics so that Gryphon can collect the miners by Friday, December 29, 2023, or another date that mutually works for the parties.

    Please direct any questions related to this notice to our attorney, Theodore Tsekerides at theodore.tsekerides@weil.com or (212) 310-8218, who will be working with us to facilitate this process.

Regards,

*Jeff Pratt*
EA7E920F1D2448F...

Jeff Pratt
SVP, Partnerships