# Exhibit 9

| | |
|---|---|
| **From:** | Rahul Srinivas |
| **To:** | Calabrese, Christine; Tsekerides, Theodore; Perez, Alfredo; Carlson, Clifford; Crabtree, Austin; Menon, Asha; Aquila, Elaina; Delauney, Krystel |
| **Cc:** | Greg Wolfe; Harper, Ashley; Bell, Brandon; Davidson, Tad; David Moosmann; Matt Gauthier |
| **Subject:** | Sphere 3D: Debtor"s Amended Supplemental Interrogatory Responses |
| **Date:** | Wednesday, November 15, 2023 5:17:00 PM |

Counsel,

We write in connection to your Amended Supplemental Responses to Sphere's Interrogatory Nos. 4, 9, and 10 dated November 3, 2023, which were served well after the court-ordered date for disclosure of September 20, 2023, and the close of document discovery in this case, October 23, 2023.

Those interrogatories asked Core to:

- Identify and describe any expenditures and preparations made in contemplation of hosting any miners under Order #2.  (Interrogatory No. 4).

- Identify and describe any harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2.  (Interrogatory No. 9).

- Identify and describe any efforts to mitigate harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2 and how much those mitigation efforts reduced the alleged harm, damage, or loss any Debtor claims it suffered.  (Interrogatory No. 10).

Core's interrogatory responses originally served on September 8, 2023 were subject to Sphere's motion to compel dated September 13, 2023 because the responses, as originally drafted, did not provide any substantive information regarding any offset Core would be claiming.

On September 13, 2023, the Court ordered Core to supplement its response to those Interrogatories to "state the basis and amount of each offset that you're going to assert" by no later than September 20, 2023. (Sep. 13 Tr. 10: 20-21).

In the supplemented responses, Core claimed that it suffered $91.3 in construction-related damages and $475 million in lost revenue damage.  While those figures were beyond belief, at least Sphere understood the legal theory.

Now, in its Amended Supplemental Responses, Core has disclosed it is relying on new theories of harm, namely, that it suffered:

- $62.7 million in construction harm, which is purportedly arrived at by multiplying $401.8 million to construct four facilities by the amount of capacity at those facilities that would have been devoted to Sphere's machines; and

- $43.2 in lost profits.

The belated disclosures violated not only the close of discovery deadline, but the specific order by the court to make these disclosures no later than September 20, 2023. After reviewing your productions, we believe the belated disclosure is grounds to exclude the Amended Responses. *See e.g., United States v. Ocwen Loan Servicing, LLC.*, 2016 WL 3189589 at *6 (E.D. Tex. June 8, 2016) (excluding defendant from using certain documents at trial when they were not timely disclosed where the court had previously ordered defendant to produce the documents).

By way of example, Core has produced a spreadsheet that appears to have been created for purposes of this litigation outlining its lost profits calculation (*see* CORE-SPH0018445). However, the documents produced in this litigation are insufficient to test the figures. As another example, while Core claims that a portion of the facilities were to be devoted to Sphere, it has not produced sufficient discovery related to whether it could replace its any miners purportedly reserved for Sphere with miners of other customer.

Please confirm that you will only rely on the damages and methodology figures set forth in your supplemental responses dated September 20, 2023 and not on the figures and methodologies set forth in your amended supplemental responses dated November 3, 2023.

Thank you,

**Rahul Srinivas***
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
(212) 717-2900
rsrinivas@dnfllp.com

*Not yet admitted to practice in New York