# Exhibit 19

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**DEBTORS' RESPONSES AND OBJECTIONS TO
SPHERE 3D CORP.'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 9014, 7026, and 7036 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and the Agreed Scheduling Order (ECF No. 1188), Debtor Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the "**Debtors**") by and through their undersigned counsel, hereby respond and object as follows to the Second Set of Requests for Admissions, dated October 6, 2023 (the "**Requests**" and each specific

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

request for admission, a "**Request**") issued by Sphere 3D Corp. ("**Sphere**").[3] The Debtors expressly reserve their rights to supplement, modify, revise, or correct the responses and objections herein at any time in accordance with the applicable rules.

## RESERVATION OF RIGHTS

1. With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.

2. The Debtors submit these responses and objections subject to, without intending to waive, and expressly preserving: (a) any objections to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests; and (c) the right to revise, correct, supplement or clarify the responses or any of the objections herein at any time.

3. None of the responses shall be construed as the Debtors' adoption or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. By responding and objecting to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand, subpoena, or any case brought by Sphere or any other party.

4. In responding to the Requests, the Debtors intend no incidental or implied admissions. Whether the Debtors have answered or objected to any Request should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or

---

[3] Any capitalized terms not otherwise defined in these responses shall have the meanings ascribed to them in the Requests unless otherwise noted herein.

assumed by the Request, that such answer or objection constitutes admissible evidence, or that requests for similar information will be treated in a similar fashion.

## GENERAL OBJECTIONS

These general objections are applicable to the Requests in their entirety and are incorporated into each specific response and objection below as if fully repeated therein. Any objection to a definition or instruction shall also apply equally to any other definition, instruction, or Request that incorporates that definition or instruction. The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

1. The Debtors object to the Requests, including without limitation, the "Definitions" and/or "Instructions" therein, to the extent they purport to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.

2. The Debtors object to the Requests to the extent that the "Definitions" and/or "Instructions" purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request where such enlargement, expansion, or alteration renders the Request vague, ambiguous, overbroad, or unduly burdensome, or where such enlarged, expanded, or altered Request seeks information that is not relevant to the claim or defense of any party.

3. The Debtors object to the Requests to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response. If the Debtors disclose any privileged information pursuant to the Requests, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege.

4. The Debtors object to the "Definitions" and "Instructions" to the extent they attempt to define words beyond their ordinary meaning or impose obligations beyond those contained in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.

5. Any response to the Requests is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

6. The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement their responses and objections to the Requests.

## OBJECTIONS TO THE DEFINITIONS

1. The Debtors object to Definition No. 1 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any of their officers, directors, employees, agents, representatives, parent companies, subsidiaries, affiliates, successors, predecessors, and assigns, including attorneys, or other Persons acting on their behalf."

2. The Debtors object to Definition No. 6 ("You" or "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any Debtor and any other Person or entity presently or formerly acting or purporting to act on behalf of any Debtor."

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR ADMISSION NO. 4:**

**Admit that the facilities or other spaces identified in response to Interrogatory No. 16 could host miners other than those that belong to Sphere or Gryphon.**

**RESPONSE:**

Subject to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors admit that they began constructing the data-center facilities identified in response to Interrogatory No. 16—the Denton data-center facility, the Cedarvale data-center facility, the Cottonwood data-center facility, and the Muskogee data-center facility—to ensure that the Debtors had sufficient capacity to host miners under Order #2 in addition to miners other than those hosted pursuant to the Gryphon MSA and/or Order #2.

**REQUEST FOR ADMISSION NO. 5:**

**Admit that You began the process for Know Your Customer ("KYC") and Anti-Money Laundering ("AML") onboarding of Sphere in September 2021.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors further object to the term "onboarding" as vague and ambiguous. Subject to these objections, the Debtors admit that they received information in September 2021 relating to whether Sphere could satisfy the requirements for any assignment of rights under Order #2, including as relates to KYC and AML, but deny that any such satisfaction ever took place.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You had completed KYC and AML onboarding of Sphere by November 17, 2021.

**RESPONSE:**

Subject to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors deny this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that, as of November 17, 2021, You had not informed Gryphon that it had not completed the KYC and AML onboarding of Sphere.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors object to this Request in that it is vague and ambiguous in its use of a double negative. The Debtors further object to the term "onboarding" as vague and ambiguous. Subject to these objections, the Debtors admit that as of November 17, 2021, they had not informed Gryphon that the process for determining whether Sphere satisfied the requirements for any assignment of rights under Order #2, including as relates to KYC and AML, had not been completed, and further admit that the process had not been completed and Sphere never satisfied those requirements.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, as of November 17, 2021, You had not informed Gryphon that Sphere had not satisfied the "requirements" referenced in Order #2, specifically the section titled "Amendments to Section 8.d of the Agreement."

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors object to this

Request in that it is vague and ambiguous in its use of a double negative. Subject to these objections, the Debtors admit that as of November 17, 2021, they had not informed Gryphon that Sphere had not satisfied the "requirements" referenced in Section 8.d of Order #2 and further admit that Sphere never satisfied the requirements for assignment of any rights under Order #2.

**REQUEST FOR ADMISSION NO. 9:**

Admit that, by no later than November 17, 2021, You were aware of the Sub-License Agreement.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors admit that they were aware that Gryphon and Sphere had entered into a sub-license agreement but deny that they were aware of the terms of the Sub-License Agreement.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You were able to fill at least some of the space earmarked for miners under Order #2 with miners from other customers.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors object to the term "earmarked" as vague and ambiguous. Subject to these objections, the Debtors admit that they hosted miners for other customers in space that could have been utilized to host miners under Order #2, and further admit that had miners been delivered under Order #2 as expected, those miners would have been hosted in additional space to the space utilized for other customers.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Core was able to fill at least some of the same space earmarked for miners under Order #2 with miners from other customers on more profitable terms than those called for under the terms of Order #2.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to the Definitions, all of which are incorporated herein by reference, the Debtors object to the term "earmarked" as vague and ambiguous. Subject to these objections, the Debtors admit that they hosted miners for other customers in space that could have been utilized to host miners under Order #2, with at least certain of those miners hosted at rates higher than the rate set forth in Order #2, and further admit that had miners been delivered under Order #2 as expected, those miners would have been hosted in additional space to the space utilized for other customers.

Dated: October 20, 2023
Houston, Texas

*/s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:     (713) 546-5000
Facsimile:     (713) 224-9511
Email: Alfredo.Perez @weil.com
            Clifford.Carlson@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007
Email: Ray.Schrock@weil.com
            Ronit.Berkovich@weil.com
            Theodore.Tsekerides@weil.com
            Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

**Certificate of Service**

I hereby certify that on October 20, 2023, a true and correct copy of the foregoing documents was served on counsel for Sphere 3D Corp. via electronic mail.

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez
