# Exhibit 28

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
|  | § § | (Jointly Administered) |
| Debtors.[1] | § § |  |

## DEBTORS' SUPPLEMENTAL RESPONSES TO
## SPHERE 3D CORP.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable in the above-captioned chapter 11 cases by Rules 9014, 7026, and 7033 of the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, and the Court's ruling on *Sphere 3D Corp.'s Emergency Motion For Entry Of An Order (I) Compelling The Debtors To Supplement Discovery Responses and (II) Granting Related Relief* (ECF No. 1221), Debtor Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the "**Debtors**") by and through their undersigned counsel, hereby supplement the following responses to *Sphere 3D Corp.'s First Set of Interrogatories*, dated August 18, 2023. Debtors incorporate by reference the Reservation of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

Rights, General Objections, Objections to the Definitions, and Objection to Instructions set forth in *Debtors' Responses And Objections to Sphere 3D Corp.'s First Set of Interrogatories*, dated September 8, 2023 (the "**Debtors' Responses and Objections**").

## SUPPLEMENTAL RESPONSES

**INTERROGATORY NO. 3:**

What do you contend is the meaning of the phrase "as long as Sphere 3D Corp. satisfies [Core's] requirements prior to"? State the complete basis for your interpretation.

**RESPONSE:**

Subject to and without waiving the objections set forth in the Debtors' Responses and Objections, the Debtors state that the phrase "as long as Sphere 3D Corp. satisfies [Core's] requirements prior to" means that any attempted assignment from Gryphon of its rights and obligations under the MSA and Order #2 to Sphere is invalid unless Sphere satisfies Core's requirements prior to assignment. The requirements prior to assignment were creditworthiness; sources of funds; financial information; proof of ownership of miners to be delivered; reconfirmation of delivery schedule and machine type; Foreign Corrupt Practices Act considerations; Know Your Customer considerations (e.g. business with Chinese entities/Chinese government); form of assignment (e.g. how and which rights and obligations were to be transferred, allocated or retained); whether any such assignment would implicate securities laws or constitute an investment contract; and whether any assignment would impact Core's own rights and obligations under the MSA, Order #1, and Order #2.

**INTERROGATORY NO. 4:**

Identify and describe any expenditures and preparations made in contemplation of hosting any miners under Order #2, including without limitation the "enormous undertaking and investment Core" made "to prepare its facilities for the number of expected units," as referenced in paragraph 19 of the Claim Objection.

2

**RESPONSE:**

Subject to and without waiving the objections set forth in the Debtors' Responses and Objections, the Debtors respond that Core incurred costs of approximately $91.3 million in contemplation of hosting 70,000 miners under Order #2, to construct and otherwise prepare data-center facilities that could accommodate the miners set forth in Order #2.

**INTERROGATORY NO. 9:**

**Identify and describe any harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2.**

**RESPONSE:**

Subject to and without waiving the objections set forth in the Debtors' Responses and Objections, the Debtors respond that Core suffered the following harm, damage, and loss due to Gryphon's failure to deliver the 70,000 miners reflected in Order #2 as follows:

- Approximately $475 million in lost revenue; and

- Approximately $91.3 million in costs related to constructing and otherwise preparing data-center facilities to host the 70,000 miners set forth in Order #2.

**INTERROGATORY NO. 10:**

**Identify and describe any efforts to mitigate harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2 and how much those mitigation efforts reduced the alleged harm, damage, or loss any Debtor claims it suffered.**

**RESPONSE:**

Subject to and without waiving the objections set forth in the Debtors' Responses and Objections, the Debtors state that because Gryphon was not delivering miners to Core in accordance with the MSA and Order #2, and made clear to Core no later than February 2022 that it could not meet its obligations, Core ceased construction on certain data-center facilities to reduce

3

its expenditures and limit the losses caused by Gryphon's breach of the MSA and Order #2. This mitigated the harm stemming from construction associated with the 70,000 miners under Order #2 in the approximate amount of $15.6 million.

Dated: September 20, 2023
Houston, Texas

/s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:    (713) 546-5000
Facsimile:    (713) 224-9511
Email: Alfredo.Perez @weil.com
         Clifford.Carlson@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007
Email: Ray.Schrock@weil.com
         Ronit.Berkovich@weil.com
         Theodore.Tsekerides@weil.com
         Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

4

## **VERIFICATION**

The undersigned, Russell Cann, verifies under penalty of perjury that he has read the foregoing Debtors' Supplemental Responses and Objections to Sphere 3D Corp.'s First Set of Interrogatories, and the same are true and correct of his own personal knowledge, except as to certain responses made upon information and belief, and as to those responses, he believes them to be true.

Dated: September 20, 2023

*Russell Cann*
_____
Russell Cann

**Certificate of Service**

I hereby certify that on September 20, 2023, a true and correct copy of the foregoing documents was served on counsel for Sphere 3D Corp. via electronic mail.

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez