# Exhibit 30

| | |
|---|---|
| From: | Tsekerides, Theodore |
| To: | Greg Wolfe |
| Cc: | Rahul Srinivas; David Moosmann; Calabrese, Christine; Perez, Alfredo; Lender, David; Carlson, Clifford; Crabtree, Austin; Aquila, Elaina; Delauney, Krystel; Menon, Asha; Bell, Brandon; Davidson, Tad; Harper, Ashley; Matt Gauthier; Tracey, Dennis H.; Barcelo-Rojas, Gloria; Wynne, Rick; Posner, Sara; Bianchini, Allegra |
| Subject: | Re: Sphere 3D- Debtors" Privilege Log |
| Date: | Wednesday, November 22, 2023 3:31:00 PM |

Greg, we reject your position on this. Mr. Levitt will not be made available next week and you can proceed on whatever basis you want, but we don't agree. To be clear, we we aren't saying we will never meet and confer about the privilege log or 30(b)(6) notices, we are saying it doesn't make sense to do so under the circumstances. We also aren't presuming how the Court will rule but we do believe the Court will agree with our position, which makes sense and is the most reasonable outcome. If the outcome is otherwise, we will proceed accordingly.

Thanks.


Theodore E. Tsekerides
Partner
Weil, Gotshal & Manges LLP
212-310-8218 Office
516-398-0510 Mobile


On Nov 22, 2023, at 3:19 PM, Greg Wolfe <greg@dnfllp.com> wrote:


Ted –

You can't unilaterally presume you are going to get relief you haven't gotten, which we oppose, and which we do not believe the Court will grant. Given your refusal to meet-and-confer despite our repeated requests, we will proceed on the basis that Mr. Levitt is not a 30b6 witness on any topic.

As far as the privilege log issue, the protective order mandates a meet-and-confer, which you are also refusing to participate in. We are going to hold the deposition of Mr. Levitt open to address anything produced after, including a revised privilege log.

Otherwise look forward to your response and have a nice holiday. Please let us know as soon as possible when the hearing is scheduled.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
O: (212) 717-2900 | M: (917) 282-9481

greg@dnfllp.com

**From:** Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Sent:** Wednesday, November 22, 2023 2:59 PM
**To:** Rahul Srinivas <rsrinivas@dnfllp.com>
**Cc:** David Moosmann <dmoosmann@dnfllp.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Lender, David <david.lender@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>; Menon, Asha <Asha.Menon@weil.com>; Greg Wolfe <greg@dnfllp.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Matt Gauthier <mgauthier@dnfllp.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Barcelo-Rojas, Gloria <gloria.barcelo-rojas@hoganlovells.com>; Wynne, Rick <richard.wynne@hoganlovells.com>; Posner, Sara <Sara.Posner@HoganLovells.com>; Bianchini, Allegra <allegra.bianchini@hoganlovells.com>
**Subject:** Re: Sphere 3D- Debtors' Privilege Log

Rahul, we'll be providing a response to Greg's email from yesterday but, as you know, it is our view that the entire schedule needs to be adjusted given the adversary proceeding and addition of Gryphon. This adjustment includes issues relating to the privilege log and 30(b)(6). Accordingly, we do not plan to schedule any meet and confers at this time. We are waiting to hear back from the Court on a hearing date to vacate the current schedule and other relief, given your insistence on moving forward notwithstanding the adversary proceeding.

We are adding the Gryphon lawyers to this email, as this impacts them too.

Regards,

Theodore E. Tsekerides
Partner
Weil, Gotshal & Manges LLP
212-310-8218 Office
516-398-0510 Mobile

> On Nov 22, 2023, at 1:56 PM, Rahul Srinivas <rsrinivas@dnfllp.com> wrote:
>
> Christine,
>
> I write to follow up on my colleague's request for a time to meet and confer on the below.

Additionally, please provide a time to meet and confer about Core's responses to Sphere's 30(b)(6) notice.

Thanks,

Rahul Srinivas*
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
(212) 717-2900
rsrinivas@dnfllp.com

*Not yet admitted to practice in New York

---

**From:** David Moosmann <dmoosmann@dnfllp.com>
**Sent:** Monday, November 20, 2023 7:47 PM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Rahul Srinivas <rsrinivas@dnfllp.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>; Menon, Asha <Asha.Menon@weil.com>
**Cc:** Greg Wolfe <greg@dnfllp.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Matt Gauthier <mgauthier@dnfllp.com>
**Subject:** RE: Sphere 3D- Debtors' Privilege Log

Christine,

Thanks for agreeing to supplement your description of entries concerning "internal issues and the draft press releases." A few issues remain outstanding.

First, your refusal to provide metadata is baffling. As an initial matter, your professed inability to understand the relevance of metadata to privilege assessments is not credible. *Subject* lines are evidence of the *subject* of a communication; because assessing a claim of privilege requires consideration of whether a communication likely contains privileged subject matter, it's difficult to understand how a subject line (or a file name) could ever be irrelevant. *See Hernandez v. Frazier*, 2012 WL 12895537, at *5 (W.D. Tex. May 11, 2012) (observing that a "privilege log generally should include . . . document title[s]").

Additionally, your claim that providing metadata would "waste estate resources" is baseless. E-discovery vendors can produce logs with metadata automatically and at minimal cost; there is no reason for failing to provide it except to prevent Sphere from challenging your privilege assertions. *See Favors v. Cuomo*, 285 F.R.D. 187, 223 (E.D.N.Y. 2012) ("[G]iven today's litigation technology, there is no good reason why privilege logs should not include . . . other readily accessible metadata for electronic documents, including, but not limited to: addressee(s), copyee(s), blind copyee(s), date, time, subject line, file name, file format, and a description of any attachments."). Providing metadata may moot or narrow disputes about the propriety of your assertions of privilege, thereby sparing both sides the expenses associated with motion practice. Refusing to do so, by contrast, will force us to move to compel. There is no serious dispute which path is more economical, both for the parties and for the Court.

Second, your conclusory descriptions of communications concerning draft agreements are inadequate. "[S]imply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). That is especially true where, as here, communications involve in-house counsel, who often offer both legal and business advice; while the former is privileged, the latter is not. *See Heaton v. Monogram Credit Card Bank of Georgia*, 2004 WL 515760, at *5 (E.D. La. Mar. 16, 2004) (holding that communications by in-house counsel were not privileged because "the primary purpose of the communications involved the daily business activities" of a party). The Fifth Circuit has emphasized that, in such circumstances, context is key in discerning whether "the manifest purpose of the communication" was the provision of legal or business advice. *BDO USA*, 876 F.3d at 696. Your inadequate descriptions—coupled with the refusal to produce metadata discussed above—deprive Sphere (and the Court) of the context needed to assess your assertions of privilege. We therefore renew our request that you provide substantive, non-conclusory descriptions of the withheld documents.

Third, your failure to provide a document-by-document log is unjustified and frustrates Sphere's ability to assess your claims of privilege. In our email of November 7, 2023, we explained that the law requires you, as the party asserting privilege, to put forth sufficient information to justify your assertion of privilege with respect to each document you have withheld. *See Cole v. Collier*, 2020 WL 2813454, at *2 (S.D. Tex. May 28, 2020) ("[A] privilege log's description of *each* document and its contents must provide sufficient information to permit courts and other parties to

'test[ ] the merits of' the privilege claim." (emphasis added)). Your reliance on the ESI order's reference to "fully withheld chain[s]" as justification for your failure to provide such information is misplaced; that provision does not extend to family members—for example, attachments—that are not privileged emails. Please provide a revised log setting forth each document withheld and all of the information—including metadata—necessary for Sphere to assess the propriety of your assertions of privilege.

We need this resolved expeditiously given the upcoming depositions. Please confirm by November 22, 2023 that you will produce a revised privilege log that addresses these issues no later than November 27, 2023. In the alternative, please provide your availability to meet and confer either tomorrow (the 21st) or Wednesday (the 22nd). Should the parties not come to agreement, we will seek an order (1) compelling you to produce a revised privilege log that comports with your discovery obligations and/or (2) precluding you from introducing testimony or other evidence as to any matter contained in the withheld documents beyond the descriptions you have already provided.

Sphere reserves all rights.

Best,
David Moosmann

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Friday, November 17, 2023 11:20 AM
**To:** Rahul Srinivas <rsrinivas@dnfllp.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>; Menon, Asha <Asha.Menon@weil.com>
**Cc:** Greg Wolfe <greg@dnfllp.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Matt Gauthier <mgauthier@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Subject:** RE: Sphere 3D- Debtors' Privilege Log

Rahul,

On including metadata fields on the privilege log, we understand that you have a different interpretation, but there is nothing in the ESI Order that supports your reading. And that you unnecessarily included metadata

information on your privilege log has no bearing on what was required of either party. Indeed, nowhere does the ESI Order require that the privilege log include metadata information, nor do we understand how providing such information would assist either party in assessing privilege. If you would like to claw back the metadata fields in your updated log, then please feel free to do so. But the Debtors will not waste estate resources updating a privilege log to include unnecessary metadata that neither the ESI Order nor the Federal Rules require.

We have not reflexively withheld documents, but rather have followed the common practice of withholding as privileged the entire family where the parent email was seeking legal advice about the attached document. This is clear from the descriptions in our privilege log. And a document-by-document log is not required. In fact, the ESI Order explicitly states that "[e]mails in a fully withheld chain need not be separately logged." ESI Order ¶ 21. In any event, we re-reviewed each family on the privilege log and can confirm that the entire family was properly withheld in all but three instances where the documents were erroneously logged. We will produce those three families in full.

While we maintain that our privilege log contains sufficiently detailed information for you to determine that the documents were properly withheld, we will prepare an updated log that provides additional descriptions for entries concerning internal issues and the draft press releases.

Thank you for agreeing to provide an updated version of your privilege log.

**Christine Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

**From:** Rahul Srinivas <rsrinivas@dnfllp.com>
**Sent:** Wednesday, November 15, 2023 11:04 AM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>; Menon, Asha

&lt;Asha.Menon@weil.com&gt;
**Cc:** Greg Wolfe &lt;greg@dnfllp.com&gt;; Bell, Brandon &lt;BBell@hunton.com&gt;; Davidson, Tad &lt;TadDavidson@andrewskurth.com&gt;; Harper, Ashley &lt;AshleyHarper@andrewskurth.com&gt;; Matt Gauthier &lt;mgauthier@dnfllp.com&gt;; David Moosmann &lt;dmoosmann@dnfllp.com&gt;
**Subject:** RE: Sphere 3D- Debtors' Privilege Log

Christine,

Regarding the propriety of the privilege log, we disagree with your email and ask that you address the issues we raised by Friday. Your interpretation of the ESI Order is not correct—we certainly did not interpret it that way, as we provided file name and subject line. We ask again that you provide that information, as doing so may obviate the need for us to go to Court, along with production of a document-by-document log.

As it presently stands, the privilege log does not provide sufficient information—no court would find that providing legal advice regarding "internal issues," for example, is sufficiently descriptive to justify a privilege withholding.

The absence of a document-by-document description is compounding the issue. Based on the limited information we can glean, it appears that Core reflexively withheld attachments where the cover email was privileged—we can discern no other reason to explain the absence of slipsheets.

We have serious doubt the wholesale withholding of documents was justified. For example, Core appears to have withheld drafts of the MSA and Order #2. It is dubious it could ever withhold the entire draft—much of which reflected business decisions—and especially not after those drafts were exchanged with Gryphon.

In terms of the issues you raised, our responses to your email are in red below:

1. Paragraph 21 of the ESI Protocol provides that parties must include "some designation of the attorneys on the communication." While your log identifies certain law firms, it does not designate *attorneys* as required by the ESI Protocol. This approach makes it impossible for us to discern from the face of the log whether Sphere is communicating with an attorney, paralegal, legal secretary, etc. Please update the privilege log to comport with the ESI Protocol in this regard.

    <span style="color:red">Although we disagree that this is what the privilege log required, we will nevertheless provide an updated version.</span>

2. Please identify Michael Negrea [mnegrea51@gmail.com] and his relationship to Sphere so that we can determine whether he breaks privilege.

    Mr. Negrea was an intern.

3. Please identify Ira Levy [irajaylevy@gmail.com] and his relationship to Sphere so that we can determine whether he breaks privilege. From a review of produced documents, it appears that Mr. Levy is an attorney who Sphere contemplated engaging; however, we see no confirmation that any engagement was executed. If Sphere did not engage Mr. Levy and his firm, there is no attorney-client relationship and those communications are not privileged.

    Mr. Levy represented Sphere for purposes of providing legal advice in connection with claim assessment against Core. Should you raise the issue in Court, he would submit a declaration to this effect.

    In any event, your complaint is not well-taken. Even if Sphere were just a prospective client, as your email suggests, the privilege would still attach. See e.g., *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992); *S.E.C. v. Chesnoff*, 2006 WL 2052371, at *2 (N.D. Tex. July 18, 2006). Moreover, the communications would also be protected as attorney work product, including because all parties had a reasonable expectation that Mr. Levy would not reveal the discussions. *Finalrod IP, LLC v. John Crane, Inc.*, 2019 WL 13074600, at *3 (W.D. Tex. Mar. 22, 2019).

**Rahul Srinivas***
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
(212) 717-2900
rsrinivas@dnfllp.com

*Not yet admitted to practice in New York

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Friday, November 10, 2023 9:13 AM
**To:** Rahul Srinivas <rsrinivas@dnfllp.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>;

Delauney, Krystel <Krystel.Delauney@weil.com>; Menon, Asha <Asha.Menon@weil.com>
**Cc:** Greg Wolfe <greg@dnfllp.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Matt Gauthier <mgauthier@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Subject:** RE: Sphere 3D- Debtors' Privilege Log

Rahul,

Please see below, with our responses in red. Additionally, we wanted to raise a few issues with Sphere's privilege log:

1. Paragraph 21 of the ESI Protocol provides that parties must include "some designation of the attorneys on the communication." While your log identifies certain law firms, it does not designate *attorneys* as required by the ESI Protocol. This approach makes it impossible for us to discern from the face of the log whether Sphere is communicating with an attorney, paralegal, legal secretary, etc. Please update the privilege log to comport with the ESI Protocol in this regard.
2. Please identify Michael Negrea [mnegrea51@gmail.com] and his relationship to Sphere so that we can determine whether he breaks privilege.
3. Please identify Ira Levy [irajaylevy@gmail.com] and his relationship to Sphere so that we can determine whether he breaks privilege. From a review of produced documents, it appears that Mr. Levy is an attorney who Sphere contemplated engaging; however, we see no confirmation that any engagement was executed. If Sphere did not engage Mr. Levy and his firm, there is no attorney-client relationship and those communications are not privileged.

\* \* \* \* \*

Counsel:

We wanted to raise several items based on our initial review of your privilege log.

1. Core did not provide standard metadata information in its privilege log, such as time the email was sent, subject line, and file name. Consistent with the ESI Protocol, please provide a revised log that includes that information unless doing so would reveal privileged information. *See* ESI Order ¶ 18. Paragraph 18 of the ESI Protocol does not apply to the privilege log. And, paragraph 21, which specifically governs the privilege log, does not require such metadata to be included in the privilege log, nor does it cross reference the requirements of Paragraph 18. We have provided all of the required information detailed in paragraph 21 of the ESI Protocol. Privilege logs, in our experience, do not contain the type of information you are requesting and it is not required under the federal rules.
2. A number of entries were withheld on a family-wide basis, which is improper. *See, e.g.*, Entries 1, 4, 10, 14, 15, 17, 20, 42-45, 52, 56, 65, 66, 67, 91, 99, 101, 107, 122, 123, 130, 131, 135, 146, 153, 155, 156, 157, 165, 167, 168, 169, 171, 174, 176, 180, 184, 187, 189,

193, 198, 200, 212, 215, 216, 231, 232, 246, 257, 267, 272-275, 278, 281, 283, 284, 285, 287, 288, 291-297, 299, 300, 309, 310, 314, 317-320, 324-329, 335, 336, 338-341, 356-359, 365, 366, 367, 369-374, 376, 378, 379, 381, 383, 394-400, 404, 413, 419, 426, 429, 432, 434, 435, 437, 438, 440. Withholding documents for privilege on a family-wide basis is not an unusual practice. In any event, we are reviewing to determine whether any withheld families contain a mix of privileged and not-privileged documents that have not otherwise been produced. We will revert on this and, to the extent warranted, will update the privilege log.

Indeed, a log must explain why each document in the family is subject to a privilege or else be produced. *Cole v. Collier*, No. 4:14-CV-1698, 2020 WL 2813454, at *2 (S.D. Tex. May 28, 2020)

("[A] privilege log's description of *each document* and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim." (emphasis added)). Given that Core did not produce a single slip-sheeted document, we suspect that privilege assertions have been made over members of families that cannot be sustained. Please confirm that you will provide entries that explain the basis for the privilege assertion over each document in the family.

3. Entry 108 appears to be incorrect. The "Document Type" describes Entry 108 as an attachment. However, the description describes the document as an email. Please revise the entry appropriately. Entry 108 is indeed an email and we can update that on the log.

4. A number of entries are withheld on the basis that they concern "internal issues" at Core. *See, e.g.*, 272, 276, 277, 325, 381, 383. This is insufficient to explain the rationale for the privilege call. We have complied with the federal rules in what we have already provided and it is not necessary to provide further information in order for you to assess the claim of privilege.

5. A number of entries were withheld on the basis they concern a "draft press release" without further elaboration. *See, e.g.*, 344-348, 109-119, 194-216, 260, 288-291, 311, 312. We ask that you to revise the entries to reflect what the press releases concerned. See response to prior bullet.

6. Entry 307 includes third party customer Tenaska's Associate General Counsel, Jim Stallmeyer, on the chain, which breaks the privilege. The underlying document must be produced. We are confirming Core's relationship with Mr. Stallmeyer. In the event that there is no applicable privilege, we will produce this document.

7. Many entries were withheld because they concern a "draft master services agreement between Core and a customer." *See, e.g.*, 3, 6, 11, 12, 13, 16-26, 28-43, 51, 52, 54-66, 67, 70-98, 101-105, 107, 108, 120, 121, 123-153, 161, 169, 170, 173, 177, 178, 179, 181-186, 188, 191, 217-248, 251, 253-259, 281, 282, 283, 285, 286, 287, 292- 306, 308, 309, 310, 313-316, 320, 326, 327, 343, 354, 356-359, 364, 370, 372, 400, 403, 407, 411, 412, 423, 424, 425, 427, 430, 431, 432, 437, 438. That description, however, is insufficient to explain the basis for the privilege. The mere fact that a draft agreement is implicated does not mean that legal advice was given, as opposed to business advice. We ask that you revise the entries accordingly. As already detailed in the privilege log, these entries were withheld because they were either requesting

or reflecting legal advice of counsel. No further information is required.

We reserve the right to raise additional issues, including based on the course of depositions.

**Christine Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

**From:** Rahul Srinivas <rsrinivas@dnfllp.com>
**Sent:** Tuesday, November 7, 2023 7:59 PM
**To:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>; Menon, Asha <Asha.Menon@weil.com>
**Cc:** Greg Wolfe <greg@dnfllp.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Matt Gauthier <mgauthier@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Subject:** Sphere 3D- Debtors' Privilege Log

Counsel:

We wanted to raise several items based on our initial review of your privilege log.

1. Core did not provide standard metadata information in its privilege log, such as time the email was sent, subject line, and file name. Consistent with the ESI Protocol, please provide a revised log that includes that information unless doing so would reveal privileged information. *See* ESI Order ¶ 18.

2. A number of entries were withheld on a family-wide basis, which is improper. *See, e.g.,* Entries 1, 4, 10, 14, 15, 17, 20, 42-45, 52, 56, 65, 66, 67, 91, 99, 101, 107, 122, 123, 130, 131, 135, 146, 153, 155, 156, 157, 165, 167, 168, 169, 171, 174, 176, 180, 184, 187, 189, 193, 198, 200, 212, 215, 216, 231, 232, 246, 257, 267, 272-275, 278, 281, 283, 284, 285, 287, 288, 291-297, 299, 300, 309, 310, 314, 317-320, 324-329, 335, 336, 338-341, 356-359, 365, 366, 367, 369-374, 376, 378, 379, 381, 383, 394-400, 404, 413, 419, 426, 429, 432, 434, 435, 437, 438, 440.

Indeed, a log must explain why each document in the family is subject to a privilege or else be produced. *Cole v. Collier*, No. 4:14-CV-1698, 2020 WL 2813454, at *2 (S.D. Tex. May 28, 2020)

("[A] privilege log's description of *each document* and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim." (emphasis added)). Given that Core did not produce a single slip-sheeted document, we suspect that privilege assertions have been made over members of families that cannot be sustained. Please confirm that you will provide entries that explain the basis for the privilege assertion over each document in the family.

3. Entry 108 appears to be incorrect. The "Document Type" describes Entry 108 as an attachment. However, the description describes the document as an email. Please revise the entry appropriately.

4. A number of entries are withheld on the basis that they concern "internal issues" at Core. *See, e.g.*, 272, 276, 277, 325, 381, 383. This is insufficient to explain the rationale for the privilege call.

5. A number of entries were withheld on the basis they concern a "draft press release" without further elaboration. *See, e.g.*, 344-348, 109-119, 194-216, 260, 288-291, 311, 312. We ask that you to revise the entries to reflect what the press releases concerned.

6. Entry 307 includes third party customer Tenaska's Associate General Counsel, Jim Stallmeyer, on the chain, which breaks the privilege. The underlying document must be produced.

7. Many entries were withheld because they concern a "draft master services agreement between Core and a customer." *See, e.g.*, 3, 6, 11, 12, 13, 16-26, 28-43, 51, 52, 54-66, 67, 70-98, 101-105, 107, 108, 120, 121, 123-153, 161, 169, 170, 173, 177, 178, 179, 181-186, 188, 191, 217-248, 251, 253-259, 281, 282, 283, 285, 286, 287, 292- 306, 308, 309, 310, 313-316, 320, 326, 327, 343, 354, 356-359, 364, 370, 372, 400, 403, 407, 411, 412, 423, 424, 425, 427, 430, 431, 432, 437, 438. That description, however, is insufficient to explain the basis for the privilege. The mere fact that a draft agreement is implicated does not mean that legal advice was given, as opposed to business advice. We ask that you revise the entries accordingly.

We reserve the right to raise additional issues, including based on the course of depositions.

**Rahul Srinivas***
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
(212) 717-2900
rsrinivas@dnfllp.com

*Not yet admitted to practice in New York

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.