# Exhibit 27

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (DRJ) |
| Debtors.[1] | § § § § | (Jointly Administered) |

**DEBTORS' RESPONSES AND OBJECTIONS TO
SPHERE 3D CORP.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "**Federal Rules**"),

made applicable in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 9014,

7026, and 7033 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the

Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local**

**Rules**"), and the Agreed Scheduling Order (ECF No. 1188), Debtor Core Scientific Operating

Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the

"**Debtors**") by and through their undersigned counsel, hereby respond and object to the First Set

of Interrogatories, dated August 18, 2023 (the "**Interrogatories**," and each individually, an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022.  *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

"**Interrogatory**") issued by Sphere 3D Corp. ("**Sphere**").[3]  The Debtors expressly reserve their rights to supplement, modify, revise, or correct the responses and objections herein at any time in accordance with the applicable rules.

## RESERVATION OF RIGHTS

1.      With all of their rights expressly reserved, the Debtors respond to the Interrogatories in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or other court order governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit these responses and objections subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Interrogatory; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Interrogatories or responses or documents produced in response to the Interrogatories; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity; and (d) the right to revise, correct, supplement, or clarify the responses or any of the objections herein at any time.

3.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Interrogatories.  By producing information or documents in response to the Interrogatories, the Debtors do not intend to waive, and do not waive, any defenses to the Interrogatories or any other demand, subpoena, or any other case brought by Sphere or any other party.

---

[3] Any capitalized terms not otherwise defined in these responses shall have the meanings ascribed to them in the Interrogatories unless otherwise noted herein.

4.      Any information or document produced by the Debtors in response to the Interrogatories does not constitute an admission or acknowledgement that any such Interrogatory is proper, that the information sought is relevant or admissible in any matter brought by Sphere or any other party, or that interrogatories for similar information will be treated in a similar fashion. Whether the Debtors have provided information, produced documents, or objected to any particular Interrogatory should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Interrogatory.

5.      None of the Debtors' responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents responsive to any Interrogatory. The Debtors do not represent that any responsive documents exist, but rather that they will undertake a reasonably diligent search across a limited set of agreed-upon custodians and produce non-privileged documents responsive to certain of the Interrogatories, as stated below in the Specific Responses and Objections.

6.      The Debtors do not waive, and hereby assert and preserve all applicable privileges and protections, including the attorney-client privilege, work product doctrine, and any other applicable privilege or immunity.

7.      Any document or information produced by the Debtors in response to the Interrogatories shall be subject to the protections of the Stipulated Protective Order (ECF No. 516) and any agreed upon protocol relating to electronically stored information.

8.      The responses and objections set forth herein are based on the Debtors' reasonable investigation to date of those sources within their possession, custody, or control where the Debtors reasonably believe responsive information may exist. The Debtors reserve the right to revise, correct, supplement, or clarify their responses and objections in accordance with the Federal Rules,

the Bankruptcy Rules, the Local Rules, the relevant court orders, and any other applicable law or rules to the extent that additional information, documents, or objections become available or come to the Debtors' attention, and to rely upon such information, documents, or objections in any hearing, trial, or other proceeding in this action.

## **GENERAL OBJECTIONS**

These general objections are applicable to the Interrogatories in their entirety and are incorporated into each specific response and objection below as if fully repeated therein. Any objection to a definition or instruction shall also apply equally to any other definition, instruction, or Interrogatory that incorporates that definition or instruction. The Debtors reserve the right to assert additional objections to the Interrogatories as necessary and/or appropriate.

1.      The Debtors object to the Interrogatories, including, without limitation, the "Definitions" and "Instructions" therein, to the extent they purport to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.

2.      The Debtors object to the Interrogatories insofar as they purport to seek "all" information concerning the subject matters referenced in the Interrogatories, and to the extent they would require the Debtors to conduct anything beyond a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive information reasonably would be expected to be found.

3.      The Debtors object to the Interrogatories to the extent they seek information that is subject to (a) the attorney-work product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; and/or (d) any other applicable privilege, protection, or immunity from

discovery.  Accordingly, the disclosure of such information or production of such documents would be inadvertent, and should not be deemed a waiver of such privilege, rule, doctrine, immunity, or other protection or of any grounds for objecting to discovery with respect to such information or the subject matter thereof, or of the Debtors' right to object to the use of any such information during any subsequent proceeding.  To the extent the Debtors respond to any Interrogatory by producing documents pursuant to Rule 33 of the Federal Rules, the Debtors reserve the right to redact any material covered by items (a) through (d) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

4.     The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third parties and will disclose such information subject to an appropriate protective order, which may require tailored protections beyond those set forth in the Stipulated Protective Order (ECF No. 516).

5.     The Debtors object to the Interrogatories to the extent they require any disclosure that would constitute a violation of any law or regulation.

6.     The Debtors object to the Interrogatories to the extent they seek information that is not reasonably within the Debtors' possession, custody, or control, or which is already in the possession, custody, or control of Sphere and/or in the public domain.

7.     The Debtors object to the Interrogatories to the extent that they are not proportional to the needs of this case, considering among other things, issues of relevance to claims and defenses in this contested matter.

8.      The Debtors object to the Interrogatories to the extent they are cumulative and/or duplicative of other forms of discovery that are less burdensome.

9.      The Debtors object to the Interrogatories to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed.  The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Debtors' responses, objections, and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Interrogatories.

10.     The Debtors object to the Interrogatories as overbroad, unduly burdensome and not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter because they seek information not reasonably limited to the time period relevant to this contested matter.

11.      Nothing contained in any response to any Interrogatory shall be construed as an admission concerning the admissibility, materiality or relevance of any topics or documents, an admission that documents or information exist, or an admission of the truth or accuracy of any characterization or assertion contained in the Interrogatories.

12.     Any failure of the Debtors to make a specific objection to any particular aspect of a specific Interrogatory, or any production of documents in response to a specific Interrogatory, is not, and should not be construed as, an admission of any sort.

13.     Any response to the Interrogatories is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

## **OBJECTIONS TO DEFINITIONS**

1.      The Debtors object to Definition No. 4 ("Communication" or "Communications") as overbroad, unduly burdensome, and disproportionate to the discovery needs of this case to the

extent such terms include "any" responsive information, including information contained in "telegrams," and information across "any messaging app or service."

2.      The Debtors object to Definition No. 5 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any of their officers, directors, employees, agents, representatives, parent companies, subsidiaries, affiliates, successors, predecessors, and assigns, including attorneys, or other Persons acting on their behalf."

3.      The Debtors object to Definition No. 6 ("Document" or "Documents") as overbroad, unduly burdensome, and disproportionate to the discovery needs of this contested matter to the extent the terms include "all" documents.  The Debtors also object to Definition No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter to the extent it purports to require the production of hard-copy documents, including documents with "any removable sticky notes, flags, or other attachments affixed" and as extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

4.      The Debtors object to Definition No. 7 ("Electronic records") as overbroad, unduly burdensome, and disproportionate to the discovery needs of this contested matter, especially insofar as it purports to require production of "the original" and "any non-identical copies" of every produced Document.  The Debtors further object to Definition No. 7 as overbroad, unduly burdensome, ambiguous, and disproportionate to the discovery needs of this contested matter to the extent it purports to require production of "the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy."

5.      The Debtors object to Definition No. 9 ("Identify" or "Identifying) with respect to a natural person as overbroad and unduly burdensome in that it purports to require the Debtors to identify (a) information related to an individual's employment other than employment by the

Debtors, and (b) personal information, including home addresses, telephone number(s), and email address(es).  The Debtors will conduct a reasonable search and provide the name and job title of relevant individuals where such information is reasonably available to the Debtors.

6.      The Debtors object to Definition No. 10 ("Identify" or "Identifying) with respect to any entity on the ground that it is overbroad, unduly burdensome, and disproportionate to the needs of this contested matter in that Definition No. 10 purports to require the Debtors to identify information that they do not track or otherwise maintain in the ordinary course of business.

7.      The Debtors object to Definition No. 11 ("Identify" or "Identifying") when used with respect to Documents and Communications as overbroad and unduly burdensome.  The Debtors will produce documents that may be responsive to certain of the Interrogatories as set forth herein, but will not provide written descriptions of the documents.

8.      The Debtors object to Definition No. 12 ("Master Services Agreement") insofar as it characterizes the agreement executed by Gryphon and Sphere on August 19, 2021 as a "binding term sheet."

9.      The Debtors object to Definition No. 18 ("You" or "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to require that the Debtors produce documents from "any Debtors and any other Person or entity presently or formerly acting or purporting to act on behalf of any Debtor."

## **OBJECTION TO INSTRUCTIONS**

1.      The Debtors object to Instruction No. 2 as unduly burdensome and extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

2.      The Debtors object to Instruction No. 3 as unduly burdensome and extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

3.      The Debtors object to Instruction No. 4 as unduly burdensome and extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

4.      The Debtors object to Instruction No. 5. as unduly burdensome and extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules. The Debtors further object to Instruction No. 5 to the extent it requires the Debtors to disclose information protected by the attorney-client privilege, the common-interest doctrine, the work product doctrine, or any other applicable privilege, immunity, or protection from disclosure.

5.      The Debtors object to Instruction No. 6 as unduly burdensome and extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

6.      The Debtors object to Instruction No. 8 as unduly burdensome and extending beyond the obligations set forth in the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

**Identify each Person (including, for the avoidance of doubt, third-parties) with knowledge of information relevant to the Claims, the Claim Objection, and/or the Arbitration Demand and describe the topic(s) of such individual's knowledge.**

### RESPONSE:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory to the extent it calls for legal conclusions as to what may constitute "relevant" information.  The Debtors further object to this Interrogatory to the extent it calls for information the Debtors have not yet discovered from Sphere and/or Gryphon. The Debtors also object to this Interrogatory as unduly burdensome to the extent it purports to require the Debtors to identify individuals from Sphere or other parties with knowledge of relevant

information.  Subject to, and without waiving the foregoing objections, the Debtors state the following in response to this Interrogatory:

- **Mike Levitt** (Co-Founder, Chairman, Former Chief Executive Officer):  Facts and circumstances relating to Sphere's attempt to negotiate a hosting agreement with Core.

- **Russell Cann** (Executive Vice President, Client Services):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to negotiation of the MSA, Order #1 and Order #2; communications with Gryphon relating thereto; Core's and Gryphon's performance and obligations under the MSA, Order #1, and Order #2; Sphere's attempt to negotiate a hosting agreement with Core; communications with Sphere; Core's hosting of machines delivered by Gryphon pursuant to the MSA, Order #1, and Order #2; Gryphon's failure to deliver machines as set forth in Order #2; and Gryphon's payment of the pre-payment amounts set forth in Order #2.

- **Jeff Pratt** (Senior Vice President, Partnerships):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to negotiation of the MSA, Order #1 and Order #2; communications with Gryphon relating thereto; Core's and Gryphon's performance and obligations under the MSA, Order #1, and Order #2; Core's hosting of machines delivered by Gryphon pursuant to the MSA, Order #1, and Order #2; and Gryphon's failure to deliver machines as set forth in Order #2 and impact on Core as a result thereof.

- **Monica Xia** (Senior Manager, Revenue):  Facts and circumstances relating to the invoicing and payment of invoices relating to the MSA, Order #1, and Order #2.

- **Taras Kulyk** (Former Senior Vice President, Growth):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2 and communications with Sphere and Gryphon relating thereto.

- **Patricia Trompeter** (Chief Executive Officer – Sphere): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to communications between Sphere and Gryphon relating to the MSA, Order #1 and Order #2; the negotiation of the Sub-License Agreement; the relationship between Sphere and Gryphon; any purported or attempted assignment of rights under Order #2; and communications with Core.

- **Peter Tassiopoulos** (Former Chief Executive Officer – Sphere): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to communications between Sphere and Gryphon relating to the MSA, Order #1 and Order #2; the negotiation of the Sub-License Agreement; the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Rob Chang** (Chief Executive Officer and Director – Gryphon):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the MSA and Order #2; performance of the parties under the MSA, Order #1, and Order #2; the negotiation of the Sub-License Agreement; the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Brian Chase** (Chief Financial Officer – Gryphon):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the Gryphon MSA and Order #2; payments made to Core pursuant to the MSA, Order #1, and Order #2; the negotiation of the Sub-License Agreement; the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Dan Tolhurst** (Founder and President – Gryphon):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the MSA, Order #1 and Order #2; performance of the parties under the MSA, Order #1, and Order #2; the negotiation of the Sub-License Agreement; the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Chris Ensey** (Chief Technical Advisor – Gryphon):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the MSA, Order #1 and Order #2; performance of the parties under the MSA, Order #1, and Order #2; the negotiation of the Sub-License Agreement; the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

## INTERROGATORY NO. 2:

**What do You contend Your total liability is capped at under Section 5.d of the MSA? State the complete basis for Your contention, including by identifying what constitutes a "fee" and which "month" governs.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory to the extent it calls for legal conclusions as to the interpretation of Section 5.d of the MSA.  Debtors further object to this Interrogatory because it can be answered by more reasonable means through a deposition pursuant to Rule 30 of the Federal Rules, made applicable to this proceeding through Rule 7030 of the Bankruptcy Rules.  Debtors also object to the phrase "complete basis" as vague and ambiguous.

Subject to, and without waiving the foregoing objections, including the right to supplement this response through documents and deposition testimony, the Debtors state that Section 5.d. limits Core's liability to the amount of one months fee.  Section 3.a of the MSA states that Core "will invoice [Gryphon] monthly in advance for all applicable fees for use of [Core's] Facility and provision of Services as set forth in the applicable Order."  Thus, the amount of the one months fee is determined based on the monthly invoice for the applicable Orders.  Guided by the language of the MSA, the Debtors looked to the amount of the last monthly invoice payable to Core for services provided to Gryphon under Order #2 to calculate the amount of the applicable one months fee.  Here, the last monthly invoice that Core sent to Gryphon was in the amount of $84,658.94.

**INTERROGATORY NO. 3:**

**What do you contend is the meaning of the phrase "as long as Sphere 3D Corp. satisfies [Core's] requirements prior to"? State the complete basis for your interpretation.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory to the extent it calls for legal conclusions as to

the interpretation of the phrase "as long as Sphere 3D Corp. satisfies [Core's] requirements prior to."  Debtors further object to this Interrogatory because it can be answered by more reasonable means through a deposition pursuant to a deposition pursuant to Rule 30 of the Federal Rules, made applicable to this proceeding through Rule 7030 of the Bankruptcy Rules.  Debtors also object to the phrase "complete basis" as vague and ambiguous.

Subject to, and without waiving the foregoing objections, including the right to supplement this response through documents and deposition testimony, the Debtors state that the phrase "as long as Sphere 3D Corp. satisfies [Core's] requirements prior to" means that any attempted assignment from Gryphon of its rights and obligations under the MSA and Order #2 to Sphere is invalid unless Sphere satisfies Core's requirements prior to assignment.  These requirements include, among other things: creditworthiness; Foreign Corrupt Practices Act considerations; Know Your Customer considerations (e.g. business with Chinese entities/Chinese government); form of assignment (e.g. how and which rights and obligations were to be transferred, allocated or retained); whether any such assignment would implicate securities laws or constitute an investment contract; and whether any assignment would impact Core's own rights and obligations under the MSA, Order #1, and Order #2.

**INTERROGATORY NO. 4:**

**Identify and describe any expenditures and preparations made in contemplation of hosting any miners under Order #2, including without limitation the "enormous undertaking and investment Core" made "to prepare its facilities for the number of expected units," as referenced in paragraph 19 of the Claim Objection.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory as overbroad, unduly burdensome and not

relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  The Debtors further object pursuant to Rules 30 and 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves, or through deposition testimony.

Subject to, and without waiving the foregoing objections, including the right to supplement this response through documents and deposition testimony, the Debtors respond that, as a general matter, the expenditures and preparations made in contemplation of hosting miners under Order #2 include the costs and expenses incurred in constructing facilities to house the expected units.

**INTERROGATORY NO. 5:**

**Identify and describe, for every date during the Relevant Period, any capacity set aside for Gryphon and/or Sphere under Order #2 that was not filled by miners, whether by the Debtors' miners or the miners of another customer.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory as overbroad, unduly burdensome and not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  The Debtors further object pursuant to Rules 30 and 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves, or through deposition testimony.

Subject to, and without waiving the foregoing objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Interrogatory.

**INTERROGATORY NO. 6:**

Identify how much hosting space the Debtors had available on every date during the Relevant Period.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory as overbroad, unduly burdensome and not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  The Debtors further object pursuant to Rule 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves.

Subject to, and without waiving the foregoing objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Interrogatory.

**INTERROGATORY NO. 7:**

Identify each and any hosting agreement between Core and any third party.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory as overbroad, unduly burdensome and not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.  The Debtors further object pursuant to Rule 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves.

Subject to, and without waiving the foregoing objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Interrogatory.

**INTERROGATORY NO. 8:**

**Identify all Documents and Communications of the Debtors relating to the hosting rate to be paid by Sphere or Gryphon for any miners hosted by any Debtor under the MSA and Order #2 or otherwise.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory as overbroad, unduly burdensome and not relevant to any party's claim or defense and not proportional to the needs of the issues relating to this contested matter.

Subject to, and without waiving the foregoing objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Interrogatory.

**INTERROGATORY NO. 9:**

**Identify and describe any harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, Debtors object pursuant to Rules 30 and 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves, or through deposition testimony.

Subject to, and without waiving the foregoing objections, including the right to supplement this response through documents and deposition testimony, the Debtors respond that the harm and

damages suffered by the Debtors includes loss of revenue associated with Gryphon's failure to deliver the 70,000 Miners reflected in Order #2 and funds spent to build facilities in anticipation of the delivery of such Miners.

**INTERROGATORY NO. 10:**

Identify and describe any efforts to mitigate harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2 and how much those mitigation efforts reduced the alleged harm, damage, or loss any Debtor claims it suffered.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, Debtors object pursuant to Rules 30 and 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from the documents and/or communications, which speak for themselves, or through deposition testimony.

Subject to, and without waiving the foregoing objections, including the right to supplement this response through documents and deposition testimony, the Debtors state that because Gryphon was not delivering Miners to Core in accordance with the MSA and Order #2, and made clear to Core no later than February 2022 that it could not meet its obligations, Core ceased construction on facilities in order to reduce its expenditures and limit the losses caused by Gryphon's breach of the MSA and Order #2.

**INTERROGATORY NO. 11:**

Provide Your complete retelling of what was discussed during the meeting between the parties on or around April 7, 2022 in Florida, as well as who participated in the meeting.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory as it is more appropriate for a deposition pursuant to Rule 30 of the Federal Rules, made applicable to this proceeding through Rule 7030 of the Bankruptcy Rules.  Subject to, and without waiving the foregoing objections, including the right to provide further information in response to this Interrogatory through deposition testimony, the Debtors respond that Mike Levitt participated in a meeting with Patricia Trompeter in Florida on April 7, 2022 and further respond that the general nature of the discussion related to the need for a contract between Core and Sphere if Core were to host miners for Sphere and Ms. Trompeter's request that Core enter into a hosting agreement with Sphere so that Sphere could use such an agreement in an effort to obtain financing.

**INTERROGATORY NO. 12:**

**Identify when and how You first became aware of the fact that Gryphon had attempted to assign any rights in Order #2 to Sphere.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory pursuant to Rules 30 and 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves, or through deposition testimony. Subject to, and without waiving the foregoing objections, including the right to supplement this response through documents and deposition testimony, the Debtors respond that Core had understood from the outset of Order #2 that any assignment by Gryphon of its rights

under Order #2 was subject to Sphere satisfying Core's requirements prior to any such assignment and aver that Sphere never satisfied any such requirements.  The Debtors further respond that Core had also understood that any assignment by Gryphon of its rights under Order #2 would be in connection with a proposed merger between Gryphon and Sphere, which was not consummated.  The Debtors further respond that Core first became aware that Sphere claimed it had rights under Order #2 sometime in the late spring/early summer of 2022.

**INTERROGATORY NO. 13:**

**Identify all Documents and Communications related to the Sub-License and Delegation Agreement and Master Services Agreement.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory on the grounds that it is overbroad, vague, and unduly burdensome, including because it seeks "all" documents and communications.  Debtors further object The Debtors also object to this Interrogatory pursuant to Rule 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves.

Subject to, and without waiving the foregoing objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Interrogatory.

**INTERROGATORY NO. 14:**

**Identify all Documents and Communications relating to the ownership of the deposits and prepayments made under the MSA and Order #2 and all Documents and Communications relating to the source of the deposits and prepayments made under the MSA and Order #2.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory on the grounds that it is overbroad, vague, and unduly burdensome, including because it seeks "all" Documents and Communications. The Debtors further object to this Interrogatory to the extent it calls for legal conclusions as to the "ownership" of any deposits or prepayments made under the MSA and Order #2. The Debtors also object to this Interrogatory pursuant to Rule 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves.

Subject to, and without waiving the foregoing objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Interrogatory.

**INTERROGATORY NO. 15:**

**Identify all Documents and Communications relating to any discussions or agreements relating to any Debtor taking direction from Sphere or Gryphon with respect to the return of the prepayments and deposits made under the MSA and Order #2, and the return of any miners provided by Gryphon or Sphere to any Debtor.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated in this response by reference, the Debtors object to this Interrogatory on the grounds that it is overbroad, vague, and unduly burdensome, including because it seeks "all" Documents and Communications. The Debtors also object to this Interrogatory pursuant to Rule 33(d) of the Federal Rules, as Sphere can more appropriately ascertain the requested information from any documents and/or communications that may be produced, which speak for themselves.

Subject to, and without waiving the foregoing objections, the Debtors are willing to meet and confer with Sphere in good faith concerning this Interrogatory.

Dated: September 8, 2023
Houston, Texas

/s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:      (713) 546-5000
Facsimile:      (713) 224-9511
Email:  Alfredo.Perez @weil.com
             Clifford.Carlson@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:      (212) 310-8000
Facsimile:      (212) 310-8007
Email:  Ray.Schrock@weil.com
             Ronit.Berkovich@weil.com
             Theodore.Tsekerides@weil.com
             Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

## **VERIFICATION**

The undersigned, Russell Cann, verifies under penalty of perjury that he has read the foregoing Debtors' Responses and Objections to Sphere 3D Corp.'s First Set of Interrogatories, and the same are true and correct of his own personal knowledge, except as to certain responses made upon information and belief, and as to those responses, he believes them to be true.


Dated: September 8, 2023

*Russell Cann*

Russell Cann

**Certificate of Service**

I hereby certify that on September 8, 2023, a true and correct copy of the foregoing documents was served on counsel for Sphere 3D Corp. via electronic mail.

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez