# Exhibit 29

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**DEBTORS' AMENDED RESPONSES TO SPHERE 3D CORP.'S
INTERROGATORY NOS. 1, 4, 9, 10, and 22**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable in the above-captioned chapter 11 cases by Rules 9014, 7026, and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, Debtor Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the "**Debtors**") by and through their undersigned counsel, hereby amend the following responses to *Sphere 3D Corp.'s First Set of Interrogatories*, dated August 18, 2023 and *Sphere 3D Corp.'s Second Set of Interrogatories*, dated October 6, 2023, as set forth in *Debtors' Responses and Objections to Sphere 3D Corp.'s First Set of Interrogatories*, dated September 8, 2023 (the "**Debtors' Responses and Objections**"), *Debtors' Supplemental*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

*Responses to Sphere 3D Corp.'s First Set of Interrogatories*, dated September 20, 2023 (the "**Debtors' Supplemental Responses**"), and *Debtors' Responses and Objections to Sphere 3D Corp.'s Second Set of Interrogatories*, dated October 20, 2023 (the "**Debtors' Second Responses and Objections**," and together with the Debtors' Responses and Objections and the Debtors' Supplemental Responses, the "**Debtors' Interrogatory Responses**"). The Debtors incorporate by reference the Reservation of Rights, General Objections, Objections to the Definitions, and Objection to Instructions set forth in the Debtors' Interrogatory Responses.[3]

<u><b>AMENDED RESPONSES</b></u>

<u>**INTERROGATORY NO. 1:**</u>

Identify each person (including, for the avoidance of doubt, third-parties) with knowledge of information relevant to the Claims, the Claim Objection, and/or the Arbitration Demand and describe the topic(s) of such individual's knowledge.

<u>**AMENDED RESPONSE:**</u>

Subject to and without waiving the objections set forth in the Debtors' prior response to Interrogatory No. 1, the Debtors amend their response to Interrogatory No. 1 to state the following:

- **<u>Mike Levitt</u>** (Co-Founder, Chairman, Former Chief Executive Officer – Core): Facts and circumstances relating to Sphere's attempt to negotiate a hosting agreement with Core.

- **<u>Russell Cann</u>** (Executive Vice President, Client Services – Core): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to negotiation of the MSA, Order #1 and Order #2; communications with Gryphon relating thereto; Core and Gryphon's performance and obligations under the MSA, Order #1, and Order #2; Core's attempt to negotiate a hosting agreement with Sphere; communications with Sphere; Core's hosting of machines delivered by Gryphon pursuant to the MSA, Order #1, and Order #2; Gryphon's failure to deliver machines as set forth in Order #2; and Gryphon's payment of the pre-payment amounts set forth in Order #2.

- **<u>Jeff Pratt</u>** (Senior Vice President, Partnerships – Core): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the

---

[3] Unless otherwise defined herein, capitalized terms are defined as set forth in Sphere 3D Corp.'s First Set of Interrogatories to the Debtors, dated August 18, 2023.

Arbitration Demand, including but not limited to negotiation of the MSA, Order #1 and Order #2; communications with Gryphon relating thereto; Core's and Gryphon's performance and obligations under the MSA, Order #1, and Order #2; Core's hosting of machines delivered by Gryphon pursuant to the MSA, Order #1, and Order #2; and Gryphon's failure to deliver machines as set forth in Order #2 and impact on Core as a result thereof.

- **Monica Xia** (Senior Manager, Revenue – Core):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to invoicing and payment of invoices relating to the MSA, Order #1, and Order #2.

- **Taras Kulyk** (Former Senior Vice President, Growth – Core):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2 and communications with Sphere and Gryphon relating thereto.

- **Todd DuChene** (Chief Legal and Administrative Officer – Core):  Facts relating to drafting of the MSA, Order #1, Order #2, and Core's interpretation of the same.

- **Richard Horowitz** (Vice President, Financial Planning and Analysis – Core):  Testimony relating to Core's damages as a result of the breach of the MSA and Order #2.

- **Kristen Carnevali** (Director of Treasury and Risk – Core):  Facts and circumstances relating to the requirements and process for any sub-license and delegation of rights and obligations under Order #2.

- **Patricia Trompeter** (Chief Executive Officer – Sphere): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to communications between Sphere and Gryphon relating to the MSA, Order #1 and Order #2; the negotiation of the Sub-License Agreement, the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2; and communications with Core.

- **Peter Tassiopoulos** (Former Chief Executive Officer – Sphere): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to communications between Sphere and Gryphon relating to the MSA, Order #1 and Order #2; the negotiation of the Sub-License Agreement, the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Rob Chang** (Chief Executive Officer and Director – Gryphon):  Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the MSA and Order #2; performance of the parties under the MSA,

Order #1, and Order #2; the negotiation of the Sub-License Agreement, the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Brian Chase** (Chief Financial Officer – Gryphon): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the Gryphon MSA and Order #2; payments made to Core pursuant to the MSA, Order #1, and Order #2; the negotiation of the Sub-License Agreement; the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Dan Tolhurst** (Founder and President – Gryphon): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the MSA, Order #1 and Order #2; performance of the parties under the MSA, Order #1, and Order #2; the negotiation of the Sub-License Agreement, the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

- **Chris Ensey** (Chief Technical Advisor – Gryphon): Facts and circumstances relating to the various claims and defenses asserted in the Claims, Claim Objection, and/or the Arbitration Demand, including but not limited to the negotiation of the MSA, Order #1, and Order #2; communications between Sphere and Gryphon relating to the negotiation of and performance under the MSA, Order #1 and Order #2; performance of the parties under the MSA, Order #1, and Order #2; the negotiation of the Sub-License Agreement, the relationship between Sphere and Gryphon; and any purported or attempted assignment of rights under Order #2.

**INTERROGATORY NO. 4:**

**Identify and describe any expenditures and preparations made in contemplation of hosting any miners under Order #2, including without limitation the "enormous undertaking and investment Core" made "to prepare its facilities for the number of expected units," as referenced in paragraph 19 of the Claim Objection.**

**AMENDED RESPONSE:**

Subject to and without waiving the objections set forth in the Debtors' prior responses to Interrogatory No. 4, the Debtors amend their supplemental response to Interrogatory No. 4, as set forth in the Debtors' Supplemental Responses, and respond that Core incurred total costs of

approximately $401.8 million to construct and otherwise prepare the Denton, Cottonwood, Cedarvale, and Muskogee data-center facilities (the "**Total Incurred Costs**"). Documents providing additional information responsive to this Interrogatory can be found at **CORE-SPH0018441**; **CORE-SPH0017598–CORE-SPH0018185**, **CORE-SPH0017551–CORE-SPH0017597**. The 70,000 miners set forth under Order #2 represent 15.6 percent of the approximately 1347 total megawatts that the Debtors were constructing and otherwise preparing these data-center facilities to accommodate. As related to Order #2, the Debtors thus incurred costs of approximately $62.7 million to construct and otherwise prepare data-center facilities to accommodate the miners set forth in Order #2.

**INTERROGATORY NO. 9:**

**Identify and describe any harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2.**

**AMENDED RESPONSE:**

Subject to and without waiving the objections set forth in the Debtors' prior responses to Interrogatory No. 9, the Debtors amend their supplemental response to Interrogatory No. 9, as set forth in the Debtors' Supplemental Responses, and respond that Core suffered the following harm, damage, and loss due to the failure by Gryphon and/or Sphere to deliver the 70,000 miners reflected in Order #2:

- Approximately $470 million in lost revenue and approximately $43.2 million in lost profit; and

- Approximately $62.7 million in costs related to constructing and otherwise preparing data-center facilities to host the 70,000 miners set forth in Order #2, as set forth in the Amended Response to Interrogatory No. 4.

Documents providing additional information responsive to this Interrogatory can be found at **CORE-SPH0018445; CORE-SPH0018186–CORE-SPH0018414; CORE-SPH0018441; CORE-SPH0017598–CORE-SPH0018185, CORE-SPH0017551–CORE-SPH0017597**.

**INTERROGATORY NO. 10:**

**Identify and describe any efforts to mitigate harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2 and how much those mitigation efforts reduced the alleged harm, damage, or loss any Debtor claims it suffered.**

**AMENDED RESPONSE:**

Subject to and without waiving the objections set forth in the Debtors' prior responses to Interrogatory No. 10, the Debtors amend their supplemental response to Interrogatory No. 10, as set forth in the Debtors' Supplemental Responses, and respond that because miners were not delivered to Core in accordance with the MSA and Order #2, and it was made clear to Core no later than February 2022 that no such miners would be delivered by Gryphon pursuant to the obligations set forth in Order #2, Core ceased construction on the Denton, Cottonwood, Cedarvale, and Muskogee data-center facilities to reduce its expenditures and limit the losses caused by Gryphon's and/or Sphere's breach of the MSA and Order #2. This mitigated the harm stemming from construction associated with the 70,000 miners under Order #2 by at least $48.8 million. Documents providing additional information responsive to this Interrogatory can be found at **CORE-SPH0018442–CORE-SPH0018444**.

6

**INTERROGATORY NO. 22**:

Identify Documents and Communications sufficient to show You mitigated $15.6 million by ceasing construction on certain data-center facilities as noted in Interrogatory No. 10.

**AMENDED RESPONSE**:

Subject to and without waiving the objections set forth in the Debtors' prior responses to Interrogatory No. 22, the Debtors amend their response to Interrogatory No. 22, as set forth in the Debtors' Second Responses and Objections, to respond that they mitigated the harm stemming from construction associated with the 70,000 miners under Order #2 by at least $48.8 million. Specifically, by ceasing construction on the data-center facilities, Core did not incur the costs to complete those facilities. With respect to ceasing construction on the Cottonwood, Cedarvale, and Muskogee data-center facilities, the cost to complete those facilities would have exceeded $312.8 million (the "**Debtors' Cost to Complete**"). Documents providing additional information responsive to this Interrogatory can be found at **CORE-SPH0018442–CORE-SPH0018444**. As related to Order #2, the Debtors thus mitigated their damages by at least $48.8 million—15.6 percent of the Debtors' Cost to Complete—by ceasing construction on the Cottonwood, Cedarvale, and Muskogee data-center facilities.

7

Dated: November 3, 2023
Houston, Texas

*/s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:   (713) 546-5000
Facsimile:   (713) 224-9511
Email:  Alfredo.Perez@weil.com
        Clifford.Carlson@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com
        Theodore.Tsekerides@weil.com
        Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

8

## **VERIFICATION**

The undersigned, Russell Cann, verifies under penalty of perjury that he has read the foregoing Debtors' Amended Responses to Sphere 3D Corp.'s First and Second Set of Interrogatories, and the same are true and correct of his own personal knowledge, except as to certain responses made upon information and belief, and as to those responses, he believes them to be true.

Dated: November 3, 2023

*Russell Cann*
_____
Russell Cann

## Certificate of Service

I hereby certify that on November 3, 2023, a true and correct copy of the foregoing documents was served on counsel for Sphere 3D Corp. via electronic mail.

                                                    */s/ Alfredo R. Pérez*
                                                    Alfredo R. Pérez