# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | **Re:  Docket Nos. 1514, 1515** |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER AUTHORIZING DEBTORS TO FILE
UNDER SEAL UNREDACTED VERSIONS OF (A) DEBTORS'
EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
ASSUMPTION AND PERFORMANCE OF THE LEGACY DALTON AGREEMENTS,
AS AMENDED BY THE DALTON SETTLEMENT AGREEMENT AND
(II) GRANTING RELATED RELIEF AND (B) DALTON SETTLEMENT AGREEMENT**

---

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

---

Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully state as follows in support of this motion (the "**Motion to Seal**"):

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.  The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

**Background**

1.      On December 6, 2023, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Assumption of the Legacy Dalton Agreements, as Amended by the Dalton Settlement Agreement and (II) Granting Related Relief* (the "**Motion**"),[2] seeking the entry of an order (a) authorizing the assumption of the Legacy Dalton Agreements, as amended and superseded by that certain *Electric Utility Rate Agreement, Bankruptcy Claim Settlement, and Mutual Release* (the "**Dalton Settlement Agreement**"), which is annexed thereto as Exhibit 1, by and between the Debtors and the City of Dalton, Georgia, acting by and through its Board of Water, Light, and Sinking Fund Commissioners d/b/a Dalton Utilities ("**Dalton Utilities**", and together with the Debtors, the "**Parties**" and, each, a "**Party**"), and (b) granting related relief.  The factual background concerning the relationship between the Debtors and Dalton Utilities and the terms of the Dalton Settlement Agreement are more fully described in the Motion, which is incorporated herein by reference.

2.      The Parties seek to redact commercially sensitive electricity service terms contained in the Motion and the Dalton Settlement Agreement.

**Jurisdiction**

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Relief Requested**

4.       By this Motion, the Debtors respectfully request that the Court: (i) grant the Debtors leave to file under seal the unredacted Motion and the unredacted Dalton Settlement Agreement; (ii) grant the Debtors leave to redact confidential portions of the Motion and the Dalton Settlement Agreement that contain the commercially sensitive information (the "**Redacted Information**"), and (iii) order that the unredacted Motion and the unredacted Dalton Settlement Agreement, (a) shall remain under seal and kept confidential, (b) shall be served on and made available only to the official committee of unsecured creditors (the "**Creditors' Committee**"), B. Riley Commercial Capital, LLC (the "**DIP Lender**"), the official committee of the equity security holders (the "**Equity Committee**"), the ad hoc group of the Debtors' convertible noteholders (the "**Ad Hoc Noteholder Group**"), and the U.S. Trustee, in each case, on a professional eyes only basis, and (c) may be provided to any additional party who, upon good faith review of a request, the Debtors consent to receiving the Redacted Information.

5.       A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Cause Exists to File the Motion Under Seal**

6.       Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Moreover, pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Debtors to file the Motion and the Dalton Settlement Agreement under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b).  Specifically, Section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b); *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter.").

7.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.  *See also* Local Rule 9037-1 ("A motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal.").

8.      Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application. *See In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56

(Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

9.      The Debtors submit that the Redacted Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018.  Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Faucett, 438 B.R. 564*, 567 (Bankr. W.D. Tex. 2010) (citing *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994)).  Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code.  *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").  Rather, section 107(b) of the Bankruptcy Code is "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *Id.* (internal citations omitted).

10.      The Redacted Information contains sensitive commercial and confidential information, including information regarding the pricing structure and related terms, cost information, the minimum volume of electricity required to be purchased, and other commercial terms for the electricity services negotiated between the Debtor and Dalton Utilities.  If the Redacted Information were to be made public, it could undermine the Debtors' negotiations for similar transactions with other counterparties or otherwise harm the Debtors and their estates. Accordingly, for the reasons set forth herein, the Debtors request that the Court authorize the

Debtors to file the Motion and the Dalton Settlement Agreement under seal in accordance with the terms of the Proposed Order.

**Notice**

11.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

**No Previous Request**

No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  December 7, 2023
       Houston, Texas

Respectfully submitted,

  /s/  Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email: Alfredo.Perez @weil.com
      Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
      Ronit.Berkovich@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on December 7, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


*/s/ Alfredo R. Pérez*
Alfredo R. Pérez