United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 08, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[3] | § § | Re: Docket Nos. 1514, 1515 |

### ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL UNREDACTED VERSIONS OF (A) DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ASSUMPTION AND PERFORMANCE OF THE LEGACY DALTON AGREEMENTS, AS AMENDED BY THE DALTON SETTLEMENT AGREEMENT AND (II) GRANTING RELATED RELIEF AND (B) DALTON SETTLEMENT AGREEMENT

Upon the motion, dated December 7, 2023 (the "**Motion to Seal**"),[4] of Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1 (i) granting the Debtors leave to file under seal the unredacted Motion and the unredacted Dalton Settlement Agreement; (ii) granting the Debtors leave to redact confidential portions of the Motion and the Dalton Settlement Agreement that incorporate the sensitive information; (iii) ordering that the unredacted Motion and the unredacted Dalton Settlement Agreement remain under seal and

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Seal.

1

kept confidential and not be made available to anyone without the prior written consent of the Debtors, all as more fully set forth in the Motion to Seal; and this Court having jurisdiction to consider the Motion to Seal and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion to Seal and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Seal having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion to Seal; and upon any hearing held on the Motion to Seal; and all objections, if any, to the Motion to Seal having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion to Seal is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized to file the unredacted Motion and the unredacted Dalton Settlement Agreement under seal pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9037-1.

2. The unredacted Motion and the unredacted Dalton Settlement Agreement are confidential and shall remain under seal, and shall not be made available to anyone, except that copies shall be provided to the (i) Court, the Clerk of the Court, (ii) the U.S. Trustee, (iii) counsel to the Creditors' Committee, counsel to the DIP Lender, counsel to the Equity Committee, or counsel to the Ad Hoc Noteholder Group (collectively, the "**Professionals**"), each on a professionals' eyes only basis.

3. The U.S. Trustee shall keep the unredacted Motion, the unredacted Dalton Settlement Agreement, and the terms thereof strictly confidential. The Professionals shall keep the terms thereof strictly confidential, maintain on a professionals eyes only basis, and may only provide the Redacted Information to any additional party who, upon good faith review of a request, the Debtors consent to receiving the Redacted Information.

4. Any party who receives the unredacted Motion and the unredacted Dalton Settlement Agreement in accordance with this Order shall be made aware of the terms of this Order and shall not disclose or otherwise disseminate such documents, or the information contained therein, to any other person or entity.

5. This Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: December 08, 2023

_____
Christopher Lopez
United States Bankruptcy Judge