December 1, 2023

United States Bankruptcy Court
Southern District of Texas
Houston Division

United States Courts
Southern District of Texas
F I L E D

DEC 0 8 2023

Nathan Ochsner, Clerk of Court

In re:  )
 )
Core Scientific, Inc., et al )   Chapter 11
 )   Case No. 22-90341 (CML)
Debtor(s) )   Joint Administered
 )

## OBJECTION TO DISALLOWANCE OF CLAIM #196

This matter arises upon the Debtors' First Omnibus Claims Objection, which seeks to disallow claim #196, filed by Dennis Powers, on the basis that the claim should be classified as an equity interest.

This objection arises from a breach of fiduciary duty under 11 U.S.C. §523(a)(2)(A). Willful and malicious information had been provided to me over the phone by an employee from Core Scientific on the very morning, at the very time and in the exact minutes prior to and during, the time that information was being disseminated that entailed company's inability to continue operations. The employee reassured me that no negative information could be provided to me regarding the inoperable financial conditions of the company. Such misrepresentation constituted fraud and deception of the known facts the employee had at the time. As I watched as on my computer's monitor, I proceeded to ask the employee why the stock price had dropped by 25% within the past minute since the time we had begun to speak to each other, and I was again told that no negative information was available. The Core employee reassured me of Core's viability, and, further stated that if financial concerns were to be released, such information would be made at an appropriate time. The management knew of the pending bankruptcy reorganization filing, yet they continued to encourage and reassure investors in a fraudulent manner, thereby supporting a select group who stood to benefit from information not available to the generl public. I then asked why the stock price continued to drop by another 50% as we spoke, and the Core employee reiterated that no information is to be provided. Consequently, such assurance led me to remain invested in Core from my purchase the previous day. My claim, therefore, must be considered to be pre-petition claim, neither disallowed nor discharged, and it must be treated as valid claim, reimbursed accordingly in the amount of $24,509.87, plus interest.

Alternatively, if reclassified as an equity interest, proceed forthwith, but because of the defalcation, obfuscation, deception, and dissembling by the Core employee, such equity interest must be considered to be a rightful claim, and reimbursement be repaid to me in-full.

Thank you for your time and consideration in this matter, and I look forward to your prompt reply and favorable reimbursement of my claim.

Very truly yours,

Dennis Powers
720.272.2268
362 S. Clarkson St.
Denver, CO  80209