# Exhibit 7

| | |
|---|---|
| **From:** | Calabrese, Christine |
| **To:** | Rahul Srinivas; Tsekerides, Theodore; Perez, Alfredo; Carlson, Clifford; Crabtree, Austin; Menon, Asha; Aquila, Elaina; Delauney, Krystel |
| **Cc:** | Greg Wolfe; Harper, Ashley; Bell, Brandon; Davidson, Tad; David Moosmann; Matt Gauthier |
| **Subject:** | RE: Sphere 3D: Debtor"s Amended Supplemental Interrogatory Responses |
| **Date:** | Monday, November 20, 2023 4:41:27 PM |

Rahul,

There is nothing improper about our amended interrogatory responses dated November 3, 2023, which served to further refine the damages theory previously disclosed in our interrogatories dated September 20, 2023. We also timely produced the documents that support our asserted damages by the deadline to complete document discovery, cited these documents (by bates number) in our amended interrogatories, and will likewise introduce testimony in further support.

That you purportedly do not understand our damages theory, as you suggest, is irrelevant. In addition, you have been on notice of the Debtors' damages theory and had our supporting documents for weeks now, well before either party has taken a single deposition in this case. And the case that you cite in your email—*United States v. Ocwen Loan Servicing, LLC.*, 2016 WL 3189589 at *6 (E.D. Tex. June 8, 2016)—is off point as it addresses the failure to produce documents that the Court ordered be produced, which is very clearly not the situation here. It is also off point because the focus of the case is whether the failure to produce documents prejudiced the other party, which is also very clearly not the situation here: we timely produced the documents that support our asserted damages; our amended interrogatory responses direct you to supporting documents by bates number; and our amended interrogatory responses, if anything, help you as they provided greater detail about our damages theory weeks before any deposition, let alone trial.

In short, we disagree with your position and will not—as you request—"only rely on the damages and methodology figures set forth in our supplemental responses dated September 20, 2023."


**Christine Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

---

**From:** Calabrese, Christine
**Sent:** Monday, November 20, 2023 2:44 PM
**To:** 'Rahul Srinivas' <rsrinivas@dnfllp.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Menon, Asha <Asha.Menon@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>
**Cc:** Greg Wolfe <greg@dnfllp.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; David

Moosmann <dmoosmann@dnfllp.com>; Matt Gauthier <mgauthier@dnfllp.com>
**Subject:** RE: Sphere 3D: Debtor's Amended Supplemental Interrogatory Responses

Rahul – you'll receive our substantive response shortly.

**Christine Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

---

**From:** Rahul Srinivas <rsrinivas@dnfllp.com>
**Sent:** Monday, November 20, 2023 1:50 PM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Menon, Asha <Asha.Menon@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>
**Cc:** Greg Wolfe <greg@dnfllp.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; David Moosmann <dmoosmann@dnfllp.com>; Matt Gauthier <mgauthier@dnfllp.com>
**Subject:** RE: Sphere 3D: Debtor's Amended Supplemental Interrogatory Responses

Counsel,

Following up on the below.

Best,

**Rahul Srinivas***
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
(212) 717-2900
rsrinivas@dnfllp.com

*Not yet admitted to practice in New York

---

**From:** Rahul Srinivas
**Sent:** Wednesday, November 15, 2023 5:18 PM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Crabtree, Austin <Austin.Crabtree@weil.com>; Menon, Asha <Asha.Menon@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Delauney, Krystel <Krystel.Delauney@weil.com>

**Cc:** Greg Wolfe <greg@dnfllp.com>; Harper, Ashley <AshleyHarper@andrewskurth.com>; Bell, Brandon <BBell@hunton.com>; Davidson, Tad <TadDavidson@andrewskurth.com>; David Moosmann <dmoosmann@dnfllp.com>; Matt Gauthier <mgauthier@dnfllp.com>
**Subject:** Sphere 3D: Debtor's Amended Supplemental Interrogatory Responses

Counsel,

We write in connection to your Amended Supplemental Responses to Sphere's Interrogatory Nos. 4, 9, and 10 dated November 3, 2023, which were served well after the court-ordered date for disclosure of September 20, 2023, and the close of document discovery in this case, October 23, 2023.

Those interrogatories asked Core to:

- Identify and describe any expenditures and preparations made in contemplation of hosting any miners under Order #2.  (Interrogatory No. 4).

- Identify and describe any harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2.  (Interrogatory No. 9).

- Identify and describe any efforts to mitigate harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2 and how much those mitigation efforts reduced the alleged harm, damage, or loss any Debtor claims it suffered.  (Interrogatory No. 10).

Core's interrogatory responses originally served on September 8, 2023 were subject to Sphere's motion to compel dated September 13, 2023 because the responses, as originally drafted, did not provide any substantive information regarding any offset Core would be claiming.

On September 13, 2023, the Court ordered Core to supplement its response to those Interrogatories to "state the basis and amount of each offset that you're going to assert" by no later than September 20, 2023. (Sep. 13 Tr. 10: 20-21).

In the supplemented responses, Core claimed that it suffered $91.3 in construction-related damages and $475 million in lost revenue damage.  While those figures were beyond belief, at least Sphere understood the legal theory.

Now, in its Amended Supplemental Responses, Core has disclosed it is relying on new theories of harm, namely, that it suffered:

- $62.7 million in construction harm, which is purportedly arrived at by multiplying $401.8 million to construct four facilities by the amount of capacity at those facilities that would have been devoted to Sphere's machines; and

$43.2 in lost profits.

The belated disclosures violated not only the close of discovery deadline, but the specific order by the court to make these disclosures no later than September 20, 2023. After reviewing your productions, we believe the belated disclosure is grounds to exclude the Amended Responses. *See e.g., United States v. Ocwen Loan Servicing, LLC.*, 2016 WL 3189589 at *6 (E.D. Tex. June 8, 2016) (excluding defendant from using certain documents at trial when they were not timely disclosed where the court had previously ordered defendant to produce the documents).

By way of example, Core has produced a spreadsheet that appears to have been created for purposes of this litigation outlining its lost profits calculation (*see* CORE-SPH0018445). However, the documents produced in this litigation are insufficient to test the figures. As another example, while Core claims that a portion of the facilities were to be devoted to Sphere, it has not produced sufficient discovery related to whether it could replace its any miners purportedly reserved for Sphere with miners of other customer.

Please confirm that you will only rely on the damages and methodology figures set forth in your supplemental responses dated September 20, 2023 and not on the figures and methodologies set forth in your amended supplemental responses dated November 3, 2023.

Thank you,

**Rahul Srinivas***
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
(212) 717-2900
rsrinivas@dnfllp.com

*Not yet admitted to practice in New York

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.