# Exhibit 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (CML) |
|  | § § | (Jointly Administered) |
| Debtors.[1] | § § § |  |

### DEBTORS' RESPONSES AND OBJECTIONS TO SPHERE'S RULE 30(b)(6) NOTICE OF DEPOSITION TO CORE SCIENTIFIC, INC.

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 9014, 7026 and 7030 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and the Agreed Scheduling Order (ECF No. 1188), Debtor Core Scientific Operating Company f/k/a Core Scientific, Inc. ("**Core**"), and its Debtor affiliates[2] (collectively, the "**Debtors**") by and through their undersigned counsel, hereby respond and object to Sphere 3D Corp.'s ("**Sphere**") Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated November 3, 2023 (the "**Deposition Notice**," and each individual deposition topic a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] As discussed in the First Day Declaration, Core Scientific, Inc. changed its name to Core Scientific Operating Company in January 2022. *See* Dkt. No. 5, Declaration of Michael Bros in Support of the Debtors' Chapter 11 Petitions and First Day Relief, *In re Core Scientific, Inc.*, No. 22-90341-11 (Bankr. S.D. Tex., Dec. 21, 2022) at ¶ 31. For purposes of these requests, the term "Core" shall be deemed to include both Core Scientific Operating Company and Core Scientific, Inc.

"**Topic**").  The Debtors raise the accompanying General Objections, Objections to Definitions, and Specific Objections and Responses without waiving and expressly preserving all available objections.  The General Objections and Objections to Definitions are incorporated into each of the Specific Objections and Responses below as if they were full repeated therein.  The Debtors expressly reserve their rights to supplement, modify, revise, or correct the responses and objections herein at any time in accordance with the applicable rules.

## RESERVATION OF RIGHTS

1.      With all of their rights expressly reserved, the Debtors respond to the Deposition Notice in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, law, or other court order governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit these responses and objections subject to, without intending to waive, and expressly preserving the right to revise, correct, supplement, or clarify the responses or any of the objections herein at any time.

3.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Deposition Notice.

4.      The Debtors do not waive, and hereby assert and preserve all applicable privileges and protections, including the attorney-client privilege, work product doctrine, and any other applicable privilege or immunity.

## GENERAL OBJECTIONS

These General Objections are applicable to the Deposition Notice in its entirety and are incorporated into the Specific Responses and Objections as if fully repeated therein.  Any objection to a definition shall also apply equally to any other definition or Topic that incorporates that definition.  Certain General Objections may be specifically repeated in individual responses

2

for purpose of emphasis.  Failure to repeat a General Objection in an individual response, however, is not a waiver of any General Objection.  The Debtors reserve the right to assert additional objections to the Deposition Notice as necessary and/or appropriate.

1.      The Debtors object to the Deposition Notice, including without limitation each Topic and the Definitions contained therein, to the extent it purports to impose on the Debtors obligations different from, broader than, or otherwise inconsistent with those imposed by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable case law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.

2.      The Debtors object to the Deposition Notice to the extent that any Topic may be construed as seeking information that is subject to (a) the attorney-work product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; and/or (d) any other applicable privilege, protection, or immunity from discovery.  The Debtors will not disclose such information and any inadvertent disclosure shall not be deemed a waiver of any privilege, immunity or protection.

3.      The Debtors object to the Deposition Notice to the extent that any Topic may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third parties and will disclose such information subject to an appropriate protective order, which may require tailored protections beyond those set forth in the Stipulated Protective Order (ECF No. 516).

4.      The Debtors object to the Deposition Notice to the extent it seeks any disclosure that would constitute a violation of any law or regulation.

3

5.      The Debtors object to the Deposition Notice to the extent any Topic is overbroad, imposes an undue burden, seeks information that is more appropriately sought through other forms of discovery, and seeks information that is not proportional to the needs of this contested matter.

6.      The Debtors object to the Deposition Notice to the extent any Topic is not proportional to the needs of this case, considering among other things, issues of relevance to claims and defenses in this contested matter.

7.      The Debtors object to the Deposition Notice to the extent any Topic is cumulative and/or duplicative of other forms of discovery that are less burdensome.

8.      The Debtors object to the Deposition Notice to the extent any Topic is vague and ambiguous.

9.      The Debtors object to the Deposition Notice to the extent any Topic incorporates allegations, characterizations, and/or assertions that are disputed.  The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Debtors' responses, and/or objections shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Deposition Notice.

10.      To the extent any Topic seeks information that is not reasonably limited to the time period relevant to this contested matter, the Debtors object to the Deposition Notice as overbroad, unduly burdensome, not relevant to any party's claim or defense, and not proportional to the needs of this contested matter.

11.      The Debtors object to the Deposition Notice to the extent that any Topic purports to seek information that is already in the possession, custody or control of Sphere, is publicly available, or is reasonably available to Sphere from a more convenient, less burdensome, or less expensive source than the Debtors.

12.     The Debtors object to the Deposition Notice to the extent it purports to require testimony on *all* documents and communications related to each Topic set forth therein.

13.     The Debtors object to all Topics to the extent they seek to compel any witness to prepare to give testimony on each document or communication relating to any Topic.  Any witness that provides testimony in response to this Deposition Notice will do so in a manner proportionate to the needs of this contested matter and after a reasonable good faith review and investigation of information in the possession, custody, or control of the Debtors.

14.     The Debtors object to the Deposition Notice to the extent that it requires that the deposition take place on November 29, 2023 at the offices of Dontzin, Nagy & Fleissig, 980 Madison Avenue, New York, NY 10075.  The Debtors further object to the Deposition Notice as unduly burdensome to the extent it purports to require one witness to give testimony on each Topic set forth in the Deposition Notice.  The Debtors will designate witnesses with knowledge relevant to the topics set forth in the Deposition Notice and will designate which witnesses will testify on each Topic.  The Debtors will make each of their witnesses available at a date and location mutually agreed by the parties.

15.     Nothing contained in any response to any Topic shall be construed as an admission concerning the admissibility, materiality or relevance of any testimony, or an admission of the truth or accuracy of any characterization or assertion contained in the Deposition Notice.

16.     Any failure of the Debtors to make a specific objection to any particular aspect of a specific Topic is not, and should not be construed as, an admission of any sort.

17.     Any response to any Topic is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

## <u>OBJECTIONS TO DEFINITIONS</u>

1. The Debtors object to Definition No. 2 ("You" or "Your"), which "refer to Gryphon and any other Person or entity presently or formerly acting or purporting to act on behalf of Gryphon."  In interpreting any Topic set forth below, the Debtors will replace the term "You" or "Your" with the defined term "Debtors," subject to and incorporating the Debtors' objections to that term.

2. The Debtors object to Definition No. 3 ("Person") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any legal entity, including without limitation, any business or governmental entity or association."

3. The Debtors object to Definition No. 9 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any of their officers, directors, employees, agents, representatives, parent companies, subsidiaries, affiliates, successors, predecessors, and assigns, including attorneys, or other Persons acting on their behalf." The Debtors further object to the definition of the term "Debtors" to the extent it purports to require the Debtors to provide information that is not in their possession, custody, or control.

4. The Debtors object to Definition No. 10 ("MSA") as vague and ambiguous to the extent it encompasses "all orders entered into under the MSA, including without limitation Order #1 and Order #2."  Core and Gryphon executed only two orders pursuant to the MSA: Order #1 and Order #2.

5. The Debtors object to Definition No. 11 ("Gryphon-Sphere Master Services Agreement") insofar as it characterizes the agreement executed by Gryphon and Sphere on August 19, 2021 as a "binding term sheet."

6. The Debtors object to Definition No. 13 ("Relating to," "Related to" or "Relate(s) to") as overbroad and unduly burdensome to the extent it purports to seek information that is not

proportionate to the needs of this contested matter and/or information that is not specifically sought in any Topic set forth below.

### SPECIFIC RESPONSES AND OBJECTIONS

**TOPIC NO. 1:**

**The alleged facts and contentions set out in the Debtors' Claim Objection and all attachments thereto.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. The Debtors also object to this Topic to the extent it seeks information that is publicly available or otherwise already in the possession or control of Sphere. The Debtors further object to this Topic to the extent it asks a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 2:**

**The alleged facts and contentions set out in Debtors' Motion for Summary Judgment, Debtors' Reply In Further Support Of The Motion for Summary Judgment, and all attachments and declarations thereto.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this

Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. The Debtors also object to this Topic to the extent it seeks information that is publicly available or otherwise already in the possession or control of Sphere. The Debtors further object to this Topic to the extent it asks a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 3:**

**The MSA (and any amendments thereto), including without limitation its interpretation, negotiation, and the parties' performance thereunder.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. The Debtors also object to this Topic to the extent it seeks information that is already in the possession or control of Sphere. The Debtors further object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony regarding the interpretation, negotiation, and performance of provisions that are not relevant to the claims and defenses at issue in this contested matter and/or purports to seek testimony on every document and communication related to this Topic. The Debtors further object

to this Topic to the extent it asks a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 4:**

**Order #2 (and any amendments thereto), including without limitation its interpretation, negotiation, and the parties' performance thereunder.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. The Debtors also object to this Topic to the extent it seeks information that is already in the possession or control of Sphere. The Debtors further object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony regarding the interpretation, negotiation, and performance of provisions that are not relevant to the claims and defenses at issue in this contested matter and/or purports to seek testimony on every document and communication related to this Topic. The Debtors further object to this Topic to the extent it asks a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 5:**

The Debtors' understanding, awareness, and interpretation of the Gryphon-Sphere Master Services Agreement (and any amendments thereto).

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is not within the Debtors possession, custody, or control. The Debtors further object to this Topic to the extent that it seeks information that is already in the possession or control of Sphere. The Debtors additionally object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony regarding the Debtors' understanding, awareness, and interpretation of provisions that are not relevant to the claims and defenses at issue in this contested matter relating to an agreement Core is not a party to and did not negotiate.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic. The Debtors reserve the right to assert additional objections.

**TOPIC NO. 6:**

The Sub-license Agreement (and any amendment thereto), including without limitation Sphere's public disclosures related to the Sub-License Agreement and any Debtor's awareness of its terms.

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is not within the Debtors possession, custody, or control. The Debtors further object to this Topic to the extent that it seeks information that is already in the possession or control of Sphere. The Debtors additionally object to this Topic as

overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony that is not relevant to the claims and defenses at issue in this contested matter relating to an agreement Core is not a party to and did not negotiate.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic. The Debtors reserve the right to assert additional objections.

**TOPIC NO. 7:**

**The assignment of any rights in Order #2 from Gryphon to Sphere.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is not within the Debtors possession, custody, or control. The Debtors object to this Topic on the grounds that they contend no rights were assigned from Gryphon to Sphere.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic. The Debtors reserve the right to assert additional objections.

**TOPIC NO. 8:**

**Debtors' ability to perform under the MSA or Order #2.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. The Debtors further object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of

11

this contested matter, including to the extent it purports to seek testimony regarding the Debtors' ability to perform under provisions of the MSA and/or Order #2 that are not relevant to the claims and defenses at issue in this contested matter and/or purports to seek testimony on every document and communication related to this Topic.  The Debtors further object to this Topic on the grounds that "ability to perform" is vague and ambiguous and to the extent it asks a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

## TOPIC NO. 9:

**Debtors' available capacity to host miners on each and every date during the Relevant Period.**

## RESPONSE:

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony that is not relevant to the claims and defenses at issue in this contested matter, such as testimony regarding the Debtors' available capacity to host miners on *each and every date* across the "Relevant Period."  The Debtors further object to the undefined term "Relevant Period" as vague and ambiguous.  The Debtors additionally object to this Topic to the extent it asks a witness to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic.  The Debtors reserve the right to assert additional objections.

**TOPIC NO. 10:**

**Any actual, anticipated, requested, or rejected deliveries of miners to any Debtor on behalf of Sphere, Gryphon, or any other customer, including without limitation between October 2021 and September 2022.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony that is not relevant to the claims and defenses at issue in this contested matter.  The Debtors further object to this Topic to the extent it purports to seek testimony concerning "any other customer," which is likewise not relevant to the claims and defenses at issue in this contested matter.  The Debtors additionally object to this Topic to the extent it asks a witness to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic.  The Debtors reserve the right to assert additional objections.

**TOPIC NO. 11:**

**The average amount of time between receiving miners and making those miners operational in each month during the Relevant Period.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, including

to the extent it purports to seek testimony that is not relevant to the claims and defenses at issue in this contested matter.  The Debtors further object to the undefined term "Relevant Period" as vague and ambiguous.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic.  The Debtors reserve the right to assert additional objections.

**TOPIC NO. 12:**

**Any harm, damage, or loss any Debtor claims it suffered due to the alleged nonperformance of Gryphon or Sphere under the MSA and Order #2.**

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 13:**

**The complete basis for Debtors' claim to lost revenue.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as the term "complete basis" is vague and ambiguous.  The Debtors further object to this Topic as duplicative of Topic No. 12.  The Debtors additionally object to this Topic as the Debtors have not asserted a claim for "lost revenue," but rather a claim for lost profits that is based in part on a determination of total lost revenue.  The Debtors further object to this Topic to the extent it asks a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 14:**

**The complete basis for Debtors' claim to lost profits.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as the term "complete basis" is vague and ambiguous.  The Debtors further object to this Topic as duplicative of Topic No. 12.  The Debtors further object to this Topic to the extent it asks a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 15:**

**The complete basis for Debtors' claim to losses related to constructing or otherwise preparing data-center facilities to host the 70,000 miners set forth in Order #2.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as the term "complete basis" is vague and ambiguous.  The Debtors further object to this Topic as duplicative of Topic No. 12.  The Debtors further object to this Topic to the extent it asks

a witness to give legal conclusions and to prepare to testify on every document or communication that may relate to this Topic.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 16:**

**Whether Core was able to use space earmarked for Sphere and the revenues generated from use, including the hosting rate Core charged.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as vague and ambiguous, including with respect to the terms "space earmarked" and "revenues generated from use." The Debtors further object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including because the Debtors purported alternative use of hosting space is not relevant to the claims and defenses at issue in this contested matter. The Debtors further object to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it does not impose any reasonable limit on the investigation purportedly required.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic. The Debtors reserve the right to assert additional objections.

**TOPIC NO. 17:**

**The construction or preparation of any facility to host miners under Order #2, including without limitation (1) the Denton data-center facility, (2) the Cottonwood data-center facility, (3) the Cedarvale data-center facility, and (4) the Muskogee data-center facility.**

16

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 18:**

All expenditures and preparations made in contemplation of hosting any miners under Order #2, including without limitation the "enormous undertaking and investment Core" made "to prepare its facilities for the number of expected units," as referenced in paragraph 19 of the Claim Objection.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 19:**

Debtors' mitigation efforts in connection with any damage they claim Sphere caused, including without limitation any damage related to ceasing construction on data-center facilities.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 20:**

The meeting between Debtors and Sphere that took place in Miami, Florida on or around April 7, 2022, as referenced in Interrogatory 11 of Sphere's First Set of Interrogatories to the Debtors.

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 21:**

**Communications with Sphere related to the MSA, Order #2, and/or the Sub-License Agreement.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter to the extent it does not impose any reasonable limit on the investigation called for and purports to require testimony on *all* communications with Sphere regarding this Topic.  The Debtors additionally object to this Topic to the extent it purports to seek testimony that is not relevant to the claims and defenses at issue in this contested matter.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 22:**

**Communications with Gryphon related to the MSA, Order #2, and/or the Sub-License Agreement.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this

Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter to the extent it does not impose any reasonable limit on the investigation called for and purports to require testimony on *all* communications with Sphere regarding this Topic.   The Debtors additionally object to this Topic to the extent it purports to seek testimony that is not relevant to the claims and defenses at issue in this contested matter.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 23:**

**Debtors' understanding of the relationship between Sphere and Gryphon, including without limitation whether Gryphon was acting as a manager or agent of Sphere with respect to the MSA and Order #2.**

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 24:**

**Debtors' understanding of the phrase "requirements prior to" as used in Order #2, whether Sphere satisfied those requirements, and whether Debtors informed Gryphon that those requirements had not been satisfied prior to November 17, 2021.**

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

19

**TOPIC NO. 25:**

 **Any Debtors' efforts to complete the KYC/AML process for Sphere.**

**RESPONSE:**

 Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 26:**

 **Payments made to any Debtor in connection with the MSA and Order #2, including their source.**

**RESPONSE:**

 In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is already in the possession or control of Sphere.

 Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 27:**

 **Any Debtor's accounting treatment of any payments received under the MSA and/or Order #2.**

**RESPONSE:**

 In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as the phrase "accounting treatment" is vague and ambiguous.  The Debtors further object

to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of this contested matter, and as calling for testimony that is not relevant to the case.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic.  The Debtors reserve the right to assert additional objections.

**TOPIC NO. 28:**

**Any bitcoin that was mined or generated for any Debtors' own account or benefit using miners held or operated on behalf of Sphere or Gryphon, or that otherwise belonged to Sphere or Gryphon, including without limitation in January, February, and March 2022.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as overly broad, unduly burdensome, and disproportionate to the needs of this contested matter to the extent it purports to require testimony across a date range that is not relevant to any claims or defenses asserted in this contested matter.  The Debtors further object to this Topic as the term "generated" is vague and ambiguous.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 29:**

**The receipt of unmarked miners that Core received on February 8, 2022, as referenced in paragraph 11 of the Claim Objection.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic to the extent it seeks information that is not within the Debtors possession, custody, or

control.  The Debtors further object to this Topic to the extent that it seeks information that is already in the possession or control of Sphere.  The Debtors additionally object to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony that is not relevant to the claims and defenses at issue in this contested matter.  The Debtors also object to this Topic as the term "receipt" is vague and ambiguous.

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 30:**

The "**investigation that determined that the Gryphon Miners had not in fact been deployed as Core's self-mining machines, but that they were being stored at Core's hub warehouse in Marble, North Carolina along with Core's own machines," as referenced in paragraph 24 of the Claim Objection.**

**RESPONSE:**

Subject to and without waiving the foregoing objections, the Debtors will produce a witness or witnesses to offer relevant, non-privileged, and non-objectionable testimony related to facts concerning this Topic proportionate to the needs of this contested matter.

**TOPIC NO. 31:**

**Debtors' document and data preservation practices, including without limitation for the documents and communications of Taras Kulyk.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, and Objections to Definitions, all of which are incorporated in this response by reference, the Debtors object to this Topic as the burden and expense associated with preparing a corporate witness outweighs any

likely benefit.  The Debtors further object to this topic as unduly burdensome and disproportionate to the needs of this contested matter, including to the extent it purports to seek testimony that Sphere could have obtained in a less intrusive and costly manner.

Subject to and without waiving the foregoing objections, the Debtors are willing to meet and confer regarding this Topic.  The Debtors reserve the right to assert additional objections.

Dated: November 17, 2023
Houston, Texas

/s/ Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone:     (713) 546-5000
Facsimile:      (713) 224-9511
Email: Alfredo.Perez @weil.com
            Clifford.Carlson@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007
Email: Ray.Schrock@weil.com
            Ronit.Berkovich@weil.com
            Theodore.Tsekerides@weil.com
            Christine.Calabrese@weil.com

*Counsel for Debtors and Debtors in Possession*

## <u>Certificate of Service</u>

I hereby certify that on November 17, 2023, a true and correct copy of the foregoing document was served on counsel for Sphere 3D Corp. via electronic mail.

<u>*/s/ Alfredo R. Pérez*</u>
Alfredo R. Pérez