IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*,[1] | § | Case No. 22-90341 (CML) |
| | § | |
| DEBTORS. | § | (Jointly Administered) |
| | § | |

**NORTH TEXAS CONTRACTING, INC.'S OBJECTION TO THIRD AMENDED JOINT
CHAPTER 11 PLAN OF CORE SCIENTIFIC, INC. AND ITS AFFILIATED DEBTORS
[This instrument relates to Docket No. 1438]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

North Texas Contracting, Inc. ("NTC") hereby files this *Objection* (the "Objection") to the *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and its Affiliated Debtors* [Docket No. 1438] (as may be amended, supplemented, or modified, the "Amended Plan"), and in support thereof, would respectfully demonstrate to this Court as follows:

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

1. On December 21, 2022 (the "Petition Date"), Core Scientific, Inc., together with its affiliates, (collectively, the "Debtors") each filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code"), thereby initiating these Chapter 11 Cases. The Debtors remain in possession and management of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave., Suite E-101, Austin, Texas 78704.

2. Prior to the Petition Date, NTC and McCarthy Building Companies, Inc. ("McCarthy") were parties to a contract under which NTC furnished labor and materials in furtherance of the construction and development of public and/or capital improvements to the Core Scientific Denton Data Center located at 8151 Jim Christal Road, Denton, Texas (the "Debtors' Premises"). Prior to the Petition Date, NTC and Imperial Fire Protection, LLC ("Imperial") were parties to a contract under which NTC furnished labor and materials in furtherance of the construction and development of public and/or capital improvements to the Debtors' Premises.

3. The Debtors' Premises are demised to the Debtors. Core Scientific Operating Company (one of the Debtors) and McCarthy entered into a contract for construction of the improvements at the Debtors' Premises.

4. NTC was not paid and/or compensated in full for its pre-petition services rendered in connection with its work at the Debtors' Premises. As a result, NTC timely filed and recorded its affidavit of liens in the real property records of Denton County, Texas, on December 30, 2022 (collectively, the "Recorded Liens"). A true and correct copy of the Recorded Liens are attached hereto as **"Exhibit 1"** and **"Exhibit 2"** and incorporated herein for all purposes.

5. As of the Petition Date, NTC is owed at least **$189,425.90** in connection with goods and services it provided at the Debtors' Premises in addition to other fees, costs, and expenses incurred with respect to the services and benefits conferred, including, but not limited to, NTC's attorneys' fees and other costs in an as yet to be determined amount, to the extent permitted by the Bankruptcy Code and other applicable law (collectively, the "Pre-Petition Indebtedness").

6. The Recorded Liens each constitute valid, timely filed, and properly perfected Mechanic's and Materialman's Liens against property pursuant to Chapter 53 of the Texas Property

Code, and secure the Pre-Petition Indebtedness.[2]

7.     On March 9, 2023, the Court entered its *Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Docket No. 652] (the "Bar Date Order") which established a general claims bar date of April 14, 2023 at 5:00 P.M. (CST). In addition, paragraph thirteen (13) of the Court's Bar Date Order requires the Debtors to serve true and correct copies of the Bar Date Notice (as defined in the Bar Date Order) on all known persons and entities holding potential claims against the Debtors or their estates.[3] However, NTC was never provided notice of the general claims bar date or included as a creditor in the Debtors' mailing matrix.

8.     On November 16, 2023, the Debtors filed their *Disclosure Statement for Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and its Affiliated Debtors* [Docket No. 1439] (the "Disclosure Statement") and their Amended Plan. A final hearing to consider approval of the adequacy of the Disclosure Statement and confirmation of the Amended Plan is scheduled on December 22, 2023 at 10:00 A.M. (CST).

9.     On November 17, 2023, the Debtors filed their *Notice of (I) Conditional Approval of Disclosure Statement, (II) Approval of (A) Solicitation and Voting Procedures and (B) Notice Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases: (III) Combined Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Plan; and (IV) Establishing Notice and Objection Procedures for Final Approval of Disclosure Statement and Confirmation of Plan* [Docket No. 1448] which, among other things, established December 15, 2023 at 5:00 P.M. (CST) as the final date for filing and serving written objections

---

[2] *See* TEX. PROP. CODE ANN. § 53.023.

[3] *See* Bar Date Order, ¶ 13.

in opposition to the Amended Plan and Disclosure Statement.

## OBJECTION

10.     Section 1129(a)(1) requires that a debtor's plan of reorganization comply with all applicable provisions of the Bankruptcy Code.[4] The Debtors bear the burden of proof as to the Amended Plan's compliance with the requirements set forth under Section 1129 based on a preponderance of the evidence. *See In re Cypresswood Land Partners, I,* 409 B.R. 396, 422 (Bankr. S. D. Tex. 2009) (citing *Matter of Briscoe Enters., Ltd., II,* 994 F.2d 1160, 1165 (5th Cir. 1993); *see also, In re Exide Techs.,* 303 B.R. 48, 58 (Bankr. D. Del. 2003).

11.     Cramdown under Section 1129(b) of the Bankruptcy Code is considered only if each of the applicable requirements of subsection (a) other than paragraph eight (8) are met with respect to the Amended Plan.[5] To satisfy the requirements of Section 1129(b)(1) of the Bankruptcy Code, the Amended Plan must not discriminate unfairly, and it must be fair and equitable with respect to each class of claims or interests that are impaired and have not consented to the terms set forth in the proposed chapter 11 plan.

12.     According to Section 1129(b)(2) of the Bankruptcy Code, the condition that a plan be fair and equitable with respect to a class consists of the following requirements:

(i)     (I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(II)     that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

---

[4] *See* 11 U.S.C. § 1129(a)(1).

[5] *See* 11 U.S.C. § 1129(b)(1).

---

(ii)      for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (ii) of this subparagraph; or

(iii)     the realization by such holders of the indubitable equivalent of such claims.[6]

13.      The treatment of NTC, and all mechanic's and materialman's lienholders related to the Debtors' Premises, is largely contained in Exhibits H and I to the Amended Plan (the New M&M Lien Debt Term Sheet), which is attached hereto as "**Exhibit 3**" for the Court's convenience (the "Term Sheet"). In a nutshell, the Amended Plan and Term Sheet provide that NTC's claim will be paid over 10 years (interest only for the first two years), at a 5% annual interest rate and that NTC will purportedly retain its Recorded Liens, but will be prohibited from enforcing such liens. In its current format, the Amended Plan fails to satisfy the requirements for confirmation related to NTC's treatment as addressed below.

14.      *First,* this Court should deny confirmation of the Amended Plan in its current form because it fails to protect NTC's substantive lien enforcement rights under applicable non-bankruptcy law. The Amended Plan gives McCarthy (defined as the "Debt Holder" in the Term Sheet) all rights of enforcement related to all mechanic's and materialman's liens filed against the Debtors' Premises, including the Recorded Liens held by NTC. Notably, only McCarthy is allowed to call a default if the Debtors do not make a plan payment, and none of the mechanic's and materialman's lienholders (including NTC) may enforce their liens until McCarthy calls such default. It is extraordinary that, under the Debtors' Amended Plan, lienholders are effectively dispossessed of their right to enforce their liens, and a different party given absolute control over

---

[6] *See* 11 U.S.C. § 1129(b)(2)(A).

their lien rights. At plan confirmation, the Debtors will have the burden to prove this treatment is consistent with Section 1129(b), other provisions of the Bankruptcy Code and other applicable law.

15. Similarly, Chapter 53 of the Texas Property Code provides that the holder of a mechanic's and materialman's lien must bring a suit to foreclose such lien by the "first anniversary of the last day a claimant may file the lien affidavit . . . ."[7] The Amended Plan, in its current form, provides no tolling of this one year enforcement requirement. But even if it did, Chapter 53 allows tolling of the enforcement period for subcontractors to foreclose on their mechanic's and materialman's liens for a **maximum of two (2) years** and requires that notice of such tolling be in writing and filed in the real property records.[8] However, the Amended Plan provides payments to mechanic's and materialman's lienholders (including NTC) over 10 years. Thus, by the plain language of the statute, the mechanic's and materialman's lienholders will not have an enforceable lien the vast majority of the 10 year payment period, having lost their ability to enforce their statutory mechanic's and materialman's lien about a year after the plan is confirmed (at best). Because there is no non-bankruptcy law support for a ten year tolling of the enforcement of a mechanic's and materialman's lien -- if the Debtors are even willing to toll the enforcement of the liens -- the Court must explicitly preempt Texas mechanic's and materialman's lien law and toll the limitations for bringing a lien enforcement action far beyond what is allowed under the statute. And, obviously, notice of this exceptional relief should be filed in the real property records so parties are on notice that filed mechanic's and materialman's liens may exist and continue to be enforceable much longer than they normally would. As such, NTC objects to the Third Amended Plan to the extent that it fails adequately protect subcontractor lien rights under the mechanic's and

---

[7] *See* TEX. PROP. CODE ANN. § 53.158(a).
[8] *See* TEX. PROP. CODE ANN. § 53.158(a-2).

---

materialman's lien statute.

16.     ***Second***, the terms and provisions set forth in the Amended Plan also fail to adequately protect NTC's payment rights. More precisely, the Amended Plan currently contemplates a proposed payment schedule of 10 years at 5% per annum interest according to the Term Sheet. It is the Debtor's burden to establish that this treatment satisfies § 1129(b)(2). NTC also has little to no assurances that the Debtors will be able to fulfill their payment obligations under the Amended Plan and that the Amended Plan is feasible, particularly given the inherently volatile and speculative nature of the Debtors' crypto mining enterprise.[9]

17.     ***Third***, the confirmation order must be clear that it and the Amended Plan do not prohibit or limit NTC's ability to pursue claims against McCarthy and Imperial (or any other non-debtor) in any way, including under Texas's Contingent Pay Act (Texas Property Code Chapter 56). This may end up being NTC's only remedy if, as the Amended Plan proposes, NTC is prohibited from enforcing its Recorded Liens because all enforcement rights are put in the hands of McCarthy.[10]

18.     For these reasons, NTC respectfully submits that the Amended Plan should not be confirmed until and unless it is further revised to address the deficiencies stated herein, or

---

[9] Indeed, the *oldest* of the Debtors was incorporated on December 13, 2017, and was barely able to make it half a decade (half the time for payment under the Amended Plan) before sliding into bankruptcy.

[10] The Fifth Circuit has expressly held that Section 524(e) of the Bankruptcy Code prohibits both non-debtor discharges, as well as non-consensual third-party releases under a chapter 11 plan. *See* 11 U.S.C. § 524(e); *see also Feld v. Zale Corp.* (*In re Zale Corp.*)*,* 62 F.3d 746, 761 (5th Cir. 1995) (determining that a bankruptcy court exceeded its express authority and powers under Section 105 of the Bankruptcy Code when it granted a permanent injunction which improperly discharged the potential debt of a non-debtor third party); *see also Highland Capital Mgmt. LP v. Chesapeake Energy Corp.* (*In re Seven Seas Petroleum, Inc.*)*,* 522 F.3d 575, 590 (5th Cir. 2008) (holding that section 524(e) of the Bankruptcy Code prohibits non-debtor discharges and finding that a chapter 11 plan may not release third-party claims against non-debtor parties). However, an exception exists for duly authorized statutory committees, their members, and their professionals, who may be released only to the extent of their qualified immunity from certain negligent acts and/or omissions that fall within the scope of their statutory duties pursuant to Section 1103(c) of the Bankruptcy Code. *See* 11 U.S.C. § 1103(c); *see also In re Bigler LP,* 442 B.R. 537, 546 (Bankr. S.D. Tex. 2010). Accordingly, the Fifth Circuit has consistently refused to enforce release and exculpation provisions that extend non-consensual releases to parties other than debtors, reorganized debtors, statutory committees, and other statutory committee professionals. NTC has also opted out of the plan releases in its ballot rejecting the Amended Plan.

alternatively, sufficiently cured in connection with this Court's Confirmation Order.

## RESERVATION OF RIGHTS

19. NTC reserves all rights with respect to its Recorded Liens, the Amended Plan, and all other pending pleadings (including the Disclosure Statement) filed in connection with these Chapter 11 Cases. In addition, NTC reserves all rights under the Bankruptcy Code and other applicable law, including, without limitation, the right to amend or supplement this Objection based on any material change in the representations made here, or any substantive modification which alters or amends the treatment of NTC's respective claims against the realty and improvements that are subject to the Recorded Liens, and which secure the Pre-Petition Indebtedness, but only to the extent of the Debtor's interest in such property. NTC also reserves the rights to amend or supplement this Objection at any time prior to a final hearing on the Amended Plan, and to assert further arguments as the evidence then available may allow.

## PRAYER

NTC respectfully requests that this Court: (i) sustain this Objection; (ii) deny confirmation of the Amended Plan in its current format; and, (iii) grant to NTC such other and further relief to which it may justly and fairly be entitled, both at law and in equity.

**DATED:  December 15, 2023.**

Respectfully submitted,

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

By:   */s/ Phillip Lamberson*
Phillip Lamberson
Texas Bar No. 00794134
S.D. Tex. No. 25823
Steffen R. Sowell[11]
Texas Bar No. 24087475
S.D. Tex. No. 3599931

**ATTORNEYS FOR NORTH TEXAS CONTRACTING, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, a true and correct copy of the foregoing Objection was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in these cases pursuant to the Electronic Filing Procedures in this District.

*/s/ Phillip Lamberson*
One of Counsel

---

[11] Resident of Winstead PC's Houston office located at 600 Travis Street, Suite 5200, Houston, Texas 77002.