### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re** | § | **Chapter 11** |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

### GRYPHON'S MOTION FOR LEAVE TO FILE
### PROOF OF CLAIM AFTER BAR DATE

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

Gryphon Digital Mining, Inc. ("Gryphon") hereby files this motion for leave to file a late proof of claim and in support thereof respectfully states as follows:

#### Preliminary Statement

1. On April 13, 2023, Sphere filed proofs of claim nos. 358 and 359 (the "Sphere POCs"), which seek the return of a $35 million deposit paid to Core by Sphere 3D Corp. ("Sphere"). The deposit was paid in connection with an MSA and Order #2 between Core and Gryphon that was sub-licensed to Sphere.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

2. At the time of the bar date, Gryphon believed that Sphere was the proper party to file a proof of claim against Core in the Chapter 11 Proceeding and to the extent Gryphon, as manager of Sphere, is owed some portion of that recovery by reason of the relationship between Sphere and Gryphon, it was Gryphon' view that such claims would be resolved between Gryphon and Sphere directly.  However, subsequent to the bar date, Core has taken the position that Sphere has no contractual rights under the MSA, and that any rights belong to Gryphon. During a hearing on these issues, the Court indicated that Gryphon could assert a late claim. *See* August 7, 2023 Hr'g Tr. at 77;14-21. The Court indicated that it would recognize a late claim on the grounds of excusable neglect, citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership et al.*, 113 S.Ct. 1489 (1993). *See* August 7, 2023 Hr'g Tr. at 78;1-5 and 80;1-21.

3. Accordingly, Gryphon seeks leave to file a late proof of claim for contingent amounts owed by the Debtors for return of the deposit or services rendered in the event that the Court determines that return of the deposit is required, but that Gryphon, rather than Sphere, is the proper claimant.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On December 21, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The bankruptcy cases are being jointly administered under the lead Case No. 22-90341 (CML).

6. On March 9, 2023, the Bankruptcy Court established an April 14, 2023 deadline for creditors to file proofs of claim for claims that arose prior to the Petition Date against the Debtors in these Chapter 11 cases.

7. On April 13, 2023, Sphere filed proofs of claim nos. 358 and 359 (the "Sphere POCs"), for Core's breach of the Master Services Agreement entered into between Core and Gryphon, as manager for Sphere, for hosting digital-asset mining machines (the "MSA") and a related order, Master Service Agreement Order #2 ("Order #2"), pursuant to which Core agreed to provide certain services, including colocation, hosting, and rack space for Sphere's miners

8. On May 9, 2023, Core objected to the Sphere POCs alleging that Sphere has no rights under the agreements and no standing to assert claims against Core under the MSA and Order #2. *See Debtors' Objection to Proofs of Claim Nos. 358 and 359* Filed by Sphere 3D Corp., 22-90341, Docket No. 869; *see Adversary Proceeding Complaint*, 23-03252, Docket No. 1 ¶¶ 49–58. Sphere filed a response on July 10, 2023. *See Sphere 3D Corp.'s Response to Debtors' Objection to Proofs of Claim Nos. 358 and 359* Filed by Sphere 3D Corp., 22-90341, Docket No. 1045.

9. On June 9, 2023, the Debtors moved for summary judgment with respect to the Sphere POCs. *See Debtors' Motion for Summary Judgment with Respect to Proof of Claim Nos. 358 and 359* Filed by Sphere 3D Corp., 22-90341, Docket No. 959. Sphere objected and the Debtors filed a reply. *See Sphere 3D Corp.'s Objection to Debtors' Motion for Summary Judgment with Respect to Proof of Claim Nos. 358 and 359* Filed by Sphere 3D Corp., 22-90341, Docket No. 1039; *Reply in Further Support of Debtors Motion for Summary Judgment with Respect to Proof of Claim Nos. 358 and 359* Filed by Sphere 3D Corp., 22-90341, Docket No. 1094. A hearing on the Debtors' motion for summary judgment was held on August 7, 2023 (the "Summary Judgment Hearing").

10.     During the Summary Judgment Hearing, the Court indicated that it would be amenable to Gryphon asserting a late claim, even though the bar date has passed. *See* August 7, 2023 Hr'g Tr. at 77; 14-21. Ultimately, the Court denied the Summary Judgment Motion in an order entered on August 8, 2023, determining that discovery on these issues was appropriate.

11.     On November 21, 2023, the Debtors filed the Adversary Complaint against Sphere and Gryphon alleging over $100 million in damages due to Sphere's and/or Gryphon's alleged breach of the MSA and Order #2, and the claim asserted in the Sphere POCs based on alleged misappropriation of Bitcoin is disallowed. Case No. 23-03252, Docket No. 1 (Adversary Compl.) at 26–38.

12.     Gryphon anticipates filing a motion to stay and compel arbitration of the Adversary Complaint, with regard to the Debtors' claims arising under the MSA and will file counterclaims for damages arising out of Core's material breaches of the MSA. All such claims are expected to be resolved in arbitration.

## Relief Requested

13.     Gryphon respectfully requests that the Court grant Gryphon leave to file a contingent proof of claim after the passing of the Bar Date in the event the Court or a tribunal determines that Sphere holds no rights under the MSA and Order #2 to protect and preserve Gryphon's rights in the event it is found that the claim indeed belongs to Gryphon. Additionally, Gryphon reserves the right to participate in the claims objection proceedings relating to Sphere's POCs and is entitled to receive copies of all discovery, pleadings, communications and other documentation related thereto and may observe all related proceedings, including but not limited to depositions, negotiations and hearings.

## Basis for Relief Requested

14.      Under the Bankruptcy Code, courts are permitted to accept a late proof of claim in Chapter 11 proceedings "where the failure to act was the result of excusable neglect."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership et al.*, 113 S.Ct. 1489, 1495 (1993). Such a determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 1498. This applies to "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 1495. "This flexible understanding of excusable neglect accords with the policies underlying Chapter 11 and the bankruptcy rules." *Id.*

15.      In determining whether the failure to timely file a proof of claim is "excusable," courts should consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 1498.

16.      Here, Gryphon's failure to timely file a proof of claim was due to intervening circumstances beyond Gryphon's control. At the time of the bar date, Gryphon believed that Sphere was the proper party to file a proof of claim against Core in the Chapter 11 Proceeding as a result of the existence of the Sub-License Agreement under which Sphere agreed to assume obligations under the MSA and Order #2, including depositing the approximately $35 million that was paid to Core under Order #2.  To the extent Gryphon is owed some portion of that recovery by reason of the relationship between Sphere and Gryphon, based on services provided to Sphere and its separate contractual relationship with Sphere, it was Gryphon' view that such claims would be resolved between Gryphon and Sphere directly. However, since that time, Core has taken the

5

position that Sphere has no contractual rights under the MSA, and that any rights belong solely to Gryphon.

17.        In effect, there is a single Proof of Claim, which has been filed by Sphere, and the only question is whether Sphere or Gryphon have the right to pursue it. In order to ensure that the proper party is before the Court and that the Claim can be pursued by, and paid to, the proper party, Gryphon seeks to file a contingent proof of claim.

18.        Allowance of a late proof of claim by Gryphon is entirely consistent with the "excusable neglect" factors. Because the amount of recovery imposed on Core's estate remains the same no matter whom it is eventually paid to, Core will not be prejudiced nor will the Chapter 11 Core Proceedings be delayed in any way as this Court has already ordered that Sphere and Core undertake a trial in February 2024 regarding the Sphere POCs. The allowance of the filling of the Gryphon proof of claim will not delay or affect the trial in any way. Indeed, as this Court recognized, allowance of a late filed proof of claim would ensure that this dispute need only be considered once. *See* August 7, 2023 Hr'g Tr. at 79:22-80:21.  Gryphon's initial decision not to file a proof of claim was made in good faith and should not impact Gryphon's ability to recover funds to which it is entitled.

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should grant Gryphon leave to file a contingent proof of claim after the Bar Date established by this Court.

Respectfully submitted,

/s/ *S. Lee Whitesell*
S. Lee Whitesell
Texas Bar No. 24093356
lee.whitesell@hoganlovells.com
**HOGAN LOVELLS US LLP**
609 Main St., Suite 4200
Houston, Texas 77002
Tel. (713) 632-1400
Fax (713) 632-1401

Dennis Tracey*
dennis.tracey@hoganlovells.com
Sara Posner*
sara.posner@hoganlovells.com
Allegra Bianchini*
allegra.bianchini@hoganlovells.com
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, New York 10017
Tel.: (212) 918-3882

Richard L. Wynne*
richard.wynne@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: (310) 785-4600

* *pro hac vice pending*

**Counsel for Gryphon**

**CERTIFICATE OF SERVICE**

I certify that on December 15, 2023, a copy of this document was served by electronic service on all counsel of record via the Court's CM/ECF system.

/s/ *S. Lee Whitesell*
S. Lee Whitesell

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re** | § | **Chapter 11** |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | |
| | § | **Case No. 22-90341 (CML)** |
| Debtors.[2] | § | |
| | § | **(Jointly Administered)** |
| | § | |

**ORDER GRANTING GRYPHON'S MOTION FOR LEAVE TO FILE
PROOF OF CLAIM AFTER BAR DATE**

Upon the motion, dated December 15, 2023 (the "Motion")[3], of Gryphon Digital Mining, Inc. ("Gryphon") for an order granting Gryphon leave to file a contingent proof of claim after the Bar Date established by this Court, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and a hearing, if any, having been held to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[3] Capitalized term used but not defined herein shall have the meaning ascribed to them in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted;

2.      Gryphon may file a proof of claim in these proceedings;

3.       Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or entry of this Order shall be required.

4.      Gryphon is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____ , 2024


_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE