IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br>**CORE SCIENTIFIC, INC.,** *et al.,*<br>Debtors.[1] | § § § § § § § Chapter 11<br>Case No. 22-90341 (CML)<br>(Jointly Administered) |

### DECLARATION OF ROB CHANG
### IN SUPPORT OF GRYPHON'S MOTION
### FOR LEAVE TO FILE PROOF OF CLAIM AFTER BAR DATE

I, Rob Chang, pursuant to section 1746 of title 28 of the United States Code hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Chief Executive Officer and a Director of Gryphon Digital Mining, Inc., a corporation organized under the laws of Delaware with its principal place of business at 5953 Mabel Road, Unit 138, Las Vegas, NV 89110.

2. I submit this Declaration in support of Gryphon's Motion for leave to File Proof of Claim After the Bar Date. Except as otherwise indicated herein, all facts set forth in this declaration are based on my personal knowledge.

3. On September 12, 2021, Gryphon and Core entered into the MSA and, on October 5, 2021, into Order #2 to the MSA.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

4. Also on October 5, 2021, Gryphon (i) exclusively sub-licensed to Sphere its rights to access and use Core's facility pursuant to Order #2 and (ii) delegated to Sphere all of its obligations to make payments to Core pursuant to Order #2. Sphere agreed to the foregoing sublicense and delegation in all respects. Pursuant to the Sub-License and Delegation Agreement, Sphere deposited approximately $35 million that was paid to Core under Order #2.

5. At the time of the bar date established by order of this Court, Gryphon believed that Sphere was the proper party to file a proof of claim against Core in the Chapter 11 proceedings as a result of the existence of the Sub-License Agreement.

6. At that time, it was Gryphon' view that claims for Gryphon's portion of the recovery due to its relationship with Sphere would be resolved between Gryphon and Sphere directly, outside of the Chapter 11 proceedings.

7. Subsequent to the bar date, Core has taken the position that the proper party to file the claim is Gryphon, not Sphere. Accordingly, Gryphon wishes to file a contingent proof of claim to ensure that, in the event the Court finds that Gryphon is the party in interest, Gryphon has filed a proof of claim.

Pursuant to 28 U.S.C § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  December 15, 2023

    Toronto, Ontario, Canada

/s/ *Rob Chang*_____
Rob Chang
CEO & Director
Gryphon Digital Mining, Inc.

## **CERTIFICATE OF SERVICE**

      I certify that on December 15, 2023, a copy of this document was served by electronic service on all counsel of record via the Court's CM/ECF system.

*/s/ S. Lee Whitesell*
S. Lee Whitesell