**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CORE SCIENTIFIC, INC., *et al*, | ) | Case No.22-90341 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**THE GEM MINING ENTITIES' RESPONSE IN OPPOSITION TO DEBTORS'**
**FIRST OMNIBUS CLAIMS OBJECTION TO CERTAIN (I) AMENDED CLAIMS; (II)**
**EXACT DUPLICATIVE CLAIMS; (III) BENEFICIAL BONDHOLDER DUPLICATIVE**
**CLAIMS; (IV) MULTIPLE DEBTOR CLAIMS; (V) WRONG DEBTOR CLAIMS;  (VI)**
**LATE FILED CLAIMS; (VII) INSUFFICIENT DOCUMENTATION CLAIMS; (VIII)**
**EQUITY CLAIMS; AND (IX) RECLASSIFIED CLAIMS (BASED ON PRIORITY)**

GEM Mining 1, LLC ("GEM Mining 1"); GEM Mining 2, LLC ("GEM Mining 2"),

GEM Mining 2 B, LLC ("GEM Mining 2 B"); and GEM Mining 4, LLC ("GEM Mining 4" or,

together with GEM Mining 1, GEM Mining 2, GEM Mining 2 B, and GEM Mining 4, the "GEM

Mining Entities") hereby file this response to *Debtors' First Omnibus Claims Objection to*

*Certain (I) Amended Claims; (II) Exact Duplicative Claims; (III) Beneficial Bondholder*

*Duplicative Claims; (IV) Multiple Debtor Claims; (V) Wrong Debtor Claims; (VI) late filed*

*claims; (VII) Insufficient Documentation Claims; (VIII) Equity Claims; and (IX) Reclassified*

*Claims (Based on Priority)* (Doc. 1460) (the "Omnibus Claims Objection") filed by Core

Scientific Operating Company f/k/a Core Scientific, Inc. and its debtor affiliates (collectively,

"Core"). Accordingly, the GEM Mining Entities respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**Background**

1.     In 2021, Core entered into a Master Services Agreement with each of the GEM Mining Entities (the "MSAs") wherein Core agreed to provide hosting services for computer hardware and other tangible equipment at data centers owned or operated by Core or its affiliates as further provided in individual ordering documents (the "Orders"). Specifically, Core agreed to provide various services to the GEM Mining Entities, including but not limited to, colocation, hosting, rack space, security, monitoring, maintenance, utilities, equipment maintenance and repair, facility management, account management, network and data access, technical support, and heat and thermal management services.

2.     In connection with the MSAs, Core and the GEM Mining Entities executed, among other things, the following Orders:

     i.     On June 8, 2021, GEM Mining 1 and Core executed that certain Amended and Restated Order # 8 (the "GEM Mining 1 Order"), wherein Core agreed to host approximately 7,295 Miners for an initial three-year term;

     ii.     Between June 30, 2021 and August 30, 2021, GEM Mining 2 and Core executed that certain Amended and Restated Order # 1, that certain Order #3, and that certain Order #4 (collectively, the "GEM Mining 2 Orders"), wherein Core agreed to host approximately 8,385 Miners for an initial three-year term;

     iii.     Between July 16, 2021 and August 27, 2021, GEM Mining 2 B and Core executed that certain Master Services Agreement Order # 1, that certain Master Services Agreement Order # 2, and that certain Master Services Agreement Order # 3 (collectively, the "GEM Mining 2 B Orders"), wherein Core agreed to host approximately 1,609 Miners for an initial three-year term; and

     iv.     On July 9, 2021, GEM Mining 4 and Core executed that certain Master Services Agreement Order # 1 (the "GEM Mining 4 Order"), wherein Core agreed to host approximately 3,105 Miners for an initial three-year term.

2

3.      Pursuant to the MSAs and Orders, Core is obligated to provide the GEM Mining Entities with hosting services at a fixed, not variable, rate based on the GEM Mining Entities' power usage. In particular, the Orders specify a fixed "Hosting-Services Rate" based on the amount of power consumed each month. (*See e.g.*, GEM Mining 1 Order attached as Exhibit 2 to GEM Mining POC No. 503).

4.      Notwithstanding the language of the MSAs and Orders, Core charged the GEM Mining Entities a variable rate dictated by the price of power charged to Core. Specifically, on February 15, 2022, Core provided the GEM Mining Entities with the first invoices improperly including pass-through energy costs. *See Declaration of Joseph Poore in Support of GEM Mining's Response in Opposition to Debtors' Objection to Proofs of Claim* (the "Poore Declaration") attached to Doc. 1196 at ¶ 7. That same day, Poore sent written notice to Core disputing the inclusion of the pass-through energy costs on any invoices under any applicable agreement. *See id.* at ¶ 7.

5.      Between February 15, 2022 and the Petition Date, Core improperly charged the GEM Mining Entities with the following pass-through energy costs:

     i.      $560,253.50 in pass-through energy costs to GEM Mining 1;

     ii.      $2,862,274.67 in pass-through energy costs to GEM Mining 2;

     iii.      $403,278.13 in pass-through energy costs to GEM Mining 2 B; and

     iv.      $269,236.00 in pass-through energy costs to GEM Mining 4.

6.      On December 21, 2022 (the "Petition Date"), Core initiated the above styled bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3

7.      On April 14, 2023, the GEM Mining Entities filed the following proofs of claim (collectively, the "GEM Mining Breach Claims") in the Bankruptcy Cases:

| GEM Mining Breach Claims | | | |
|---|---|---|---|
| **GEM Mining Entity** | **POC** | **Debtor Entity** | **Amount** |
| GEM Mining 1 | 503 | Core Scientific, Inc. | $560,253.50 |
| | 617 | Core Scientific Operating Company | $560,253.50 |
| GEM Mining 2 | 508 | Core Scientific, Inc. | $2,862,274.67 |
| | 570 | Core Scientific Operating Company | $2,862,274.67 |
| GEM Mining 2 B | 505 | Core Scientific, Inc. | $269.236.00 |
| | 571 | Core Scientific Operating Company | $269.236.00 |
| GEM Mining 4 | 506 | Core Scientific, Inc. | $403,278.13 |
| | 572 | Core Scientific Operating Company | $403,278.13 |

8.      As explained in the GEM Mining Breach Claims, the GEM Mining Entities have claims against Core resulting from Core's breach of the MSAs and Orders by improperly charging pass-through power costs. Further, while each GEM Mining entity seeks only one recovery against Core, each GEM Mining entity filed, out of an abundance of caution, a proof of claim against both Core Scientific, Inc. and Core Scientific Operating Company f/k/a Core Scientific, Inc. because the MSAs and Orders are executed by "Core Scientific, Inc." True and correct copies of the respective MSAs and Orders, as well as spreadsheets and invoices reflecting the pass-through energy costs charged to each respective GEM Mining Entity prior to the Petition Date, are attached to each of the GEM Mining Breach Claims.

9.      On May 4, 2023, Core filed the *Debtors' Objection to Proof of Claim Nos. 503, 505, 506, 508, 570, 571, and 572 filed by GEM Mining 1, LLC, GEM Mining 2B, LLC, GEM Mining 4, LLC, GEM Mining 2, LLC, GEM Mining 2, LLC GEM Mining 2B, LLC, and GEM*

4

*Mining 4, LLC, respectively* (Doc. 854) (as supplemented by Doc. 862, the "GEM Mining Claims Objection") objecting to the GEM Mining Breach Claims on the following grounds: (i) several of the GEM Mining Breach Claims are duplicative; (ii) the GEM Mining Entities did not dispute the pass-through power costs by the deadline set forth in the MSAs; and (iii) the pass-through power costs comport with the MSAs, the Parties' course of performance, industry usage, and commercial context. The only evidence presented in support of the GEM Mining Claims Objection is the *Declaration of Jeff Pratt in Support of Debtors' Objection to Proof of Claim Nos. 503, 505, 506, 508, 570, 571, and 572 filed by GEM Mining 1, LLC, GEM Mining 2B, LLC, GEM Mining 4, LLC, GEM Mining 2, LLC, GEM Mining 2, LLC GEM Mining 2B, LLC, and GEM Mining 4, LLC, respectively* (Doc. 858) (the "Pratt Declaration").

10.     On September 6, 2023, the GEM Mining Entities filed the *GEM Mining's Response in Opposition to Debtors' Objection to Proof of Claim Nos. 503, 505, 506, 508, 570, 571, and 572 filed by GEM Mining 1, LLC, GEM Mining 2B, LLC, GEM Mining 4, LLC, GEM Mining 2, LLC, GEM Mining 2, LLC GEM Mining 2B, LLC, and GEM Mining 4, LLC, respectively* (Doc. 1196) (the "GEM Mining Response to the GEM Mining Claims Objection") requesting the Court to enter an order overruling the GEM Mining Claims Objection and allowing the GEM Mining Breach Claims.

11.     On August 14, 2023, the Court entered the *Stipulation and Agreed Order on GEM Mining's Emergency Motion to Compel Assumption or Rejection of Executory Contracts or, in the Alternative, for Adequate Protection* (Doc. 1146) (the "Stipulation") agreed to by Core, GEM Mining 1, and GEM Mining 4.

12.     In the Stipulation, Core, GEM Mining 1, and GEM Mining 4 stipulated that the MSAs and Orders for GEM Mining 1 and GEM Mining 4 would be deemed rejected as of

September 30, 2023, and GEM Mining 1 and GEM Mining 4 would have until October 30, 2023 to file proofs of claim for rejection damages.

13.     On October 30, 2023, GEM Mining 1 and GEM Mining 4 filed proofs of claim for rejection damages. Specifically, GEM Mining 1 and GEM Mining 4 filed the following proofs of claim (the "GEM Mining Rejection Damages Claims" or, together with the GEM Mining Breach Claims, the "GEM Mining Claims"):

| GEM Mining Rejection Damages Claims | | | |
|---|---|---|---|
| **GEM Mining Entity** | **POC** | **Debtor Entity** | **Amount** |
| GEM Mining 1 | 646 | Core Scientific, Inc. | $5,897,311.67 |
| | 647 | Core Scientific Operating Company | $5,897,311.67 |
| GEM Mining 4 | 648 | Core Scientific Operating Company | $2,163,762.82 |
| | 649 | Core Scientific, Inc. | $2,163,762.82 |

14.     Similar to the GEM Mining Breach Claims, GEM Mining 1 and GEM Mining 4 each seek only one recovery against Core, but, out of an abundance of caution, filed the GEM Mining Rejection Damages Claims against both Core Scientific, Inc. and Core Scientific Operating Company f/k/a Core Scientific, Inc. because the MSAs and Orders are executed by "Core Scientific, Inc."

15.     On November 22, 2023, Core filed the Omnibus Claims Objection objecting to any of the GEM Mining Claims asserted against Core Scientific. Instead, Core maintains that the GEM Mining Claims should only be asserted against Core Scientific Operating Company.

16.     Accordingly, below is a summary of the current status of the GEM Mining Claims and any objections thereto:

| Status of GEM Mining Claims | | | | | |
|---|---|---|---|---|---|
| GEM Mining Entity | POC | Debtor Entity | Amount | Basis | Objection |
| GEM Mining 1 | 503 | Core Scientific, Inc. | $560,253.50 | Breach | Yes (duplicative) |
| | 617 | Core Scientific Operating Company | $560,253.50 | Breach | Yes (merits) |
| GEM Mining 2 | 508 | Core Scientific, Inc. | $2,862,274.67 | Breach | Yes (duplicative) |
| | 570 | Core Scientific Operating Company | $2,862,274.67 | Breach | Yes (merits) |
| GEM Mining 2 B | 505 | Core Scientific, Inc. | $269.236.00 | Breach | Yes (duplicative) |
| | 571 | Core Scientific Operating Company | $269.236.00 | Breach | Yes (merits) |
| GEM Mining 4 | 506 | Core Scientific, Inc. | $403,278.13 | Breach | Yes (duplicative) |
| | 572 | Core Scientific Operating Company | $403,278.13 | Breach | Yes (merits) |
| GEM Mining 1 | 646 | Core Scientific, Inc. | $5,897,311.67 | Rejection Damages | Yes (duplicative) |
| | 647 | Core Scientific Operating Company | $5,897,311.67 | Rejection Damages | No |
| GEM Mining 4 | 648 | Core Scientific Operating Company | $2,163,762.82 | Rejection Damages | No |
| | 649 | Core Scientific, Inc. | $2,163,762.82 | Rejection Damages | Yes (duplicative) |

17.     Counsel for Core and counsel for the GEM Mining Entities are in the process of discussing terms of a joint scheduling order to present to the Court for the adjudication of the GEM Mining Claims Objection, which, among other things, will result in the Court's determination of whether GEM Mining Entities' claims are against Core Scientific, Inc. or Core Scientific Operating Company f/k/a Core Scientific, Inc.

## Argument

Rule 3001 of the Federal Rules of Bankruptcy Procedure provides that a properly filed proof of claim shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001. If a party objects to the claim and produces evidence to rebut the claim, the

burden shifts to the claimant to be prove its claim by a preponderance of the evidence. *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988)). Here, Core has failed to produce sufficient evidence to rebut the GEM Mining Claims, including sufficient evidence to establish that the GEM Mining Claims should be asserted against Core Scientific Operating Company f/k/a Core Scientific, Inc. instead of Core Scientific, Inc.

As explained in the GEM Mining Claims and the GEM Mining Response to the GEM Mining Claims Objection, the GEM Mining Entities assert claims against "Core Scientific Inc.," which is the entity that executed the MSAs and Orders. In the *Notice of Deadlines for Filing Proof of Claim, attached to the Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* (Doc. 652), Core indicates that "[t]he name 'Core Scientific, Inc.' was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc." (Doc. 652 at n.2). Thus, while each of the GEM Mining Entities seek only one recovery for each claim, each of the GEM Mining Entities filed a proof of claim against both Core Scientific, Inc. and Core Scientific Operating Company out of an abundance of caution.

Core contends, without providing any evidence, that the GEM Mining Claims should have been asserted against Core Scientific Operating Company because Core Scientific, Inc. changed its name to Core Scientific Operating Company after the execution of the MSAs. Thus, Core has failed to produce sufficient evidence to rebut the presumption of validity of the GEM Mining Claims. Nevertheless, as explained in the GEM Mining Response to the GEM Mining Claims Objection, the undersigned believes the Parties should be able to mutually resolve this

issue upon Core's production of sufficient evidence concerning the appropriate debtor entity that is party to the MSAs and Orders. Core has yet to provide such evidence.

Moreover, it is unnecessary for the Court to decide this issue within the context of the Omnibus Claims Objection because the issue is already before the Court by virtue of the GEM Mining Claims Objection. For these reasons, the Court should overrule the Omnibus Claims Objection as it relates to the GEM Mining Claims or consolidate the objection as to the GEM Mining Claims with the GEM Mining Claims Objection and adjudicate this issue within the context of the pending GEM Mining Claims Objection.

Respectfully submitted this the 21st day of December, 2023.

Respectfully submitted,

BY:  */s/ Evan N. Parrott*      
    Evan N. Parrott

*Attorney for GEM Mining 1, LLC; GEM Mining 2, LLC; GEM Mining 2 B, LLC; and GEM Mining 4, LLC*

**MAYNARD NEXSEN, P.C.**
Stephen C. Jackson, Texas Bar No. 24090637
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
(205) 254-1000
sjackson@maynardnexsen.com

*and*

**MAYNARD NEXSEN, P.C.**
Evan N. Parrott, Ala. Bar No. ASB-1950-O65A
(Admitted *Pro Hac Vice*)
11 North Water Street
RSA Battle House Tower
Suite 24290
Mobile, AL 36602
(251) 432-0001
eparrott@maynardnexsen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing on all parties receiving notice via the Court's CM/ECF system on this the 21st day of December, 2023.

<u>/s/ Evan N. Parrott</u>
*Of Counsel*