United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Case No. 22-90341 (CML)** |
| § | | |
| **CORE SCIENTIFIC, INC.,** *et al.*, § | | **(Chapter 11)** |
| § | | |
| § | | **(Jointly Administered)** |
| **Debtors.**[1] § | | **Re: Docket. No. 1488** |

### ORDER (I) INCREASING FEE CAP, (II) AMENDING THE AGREED ORDER DIRECTING APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "*Motion*")[2] of the Equity Committee seeking an order (i) increasing the Fee Cap to $6,750,000, (ii) amending the OEC Appointment Order, and (iii) granting such other relief as the Equity Committee may be entitled to (the "*Order*"); and the Court having reviewed the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisitions, LLC (0825); Starboard Capital LLC (6677); RADAR, LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

4863-3855-2728

the hearing, and all of the proceedings before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1. This Order shall amend and supersede in all respects the OEC Appointment Order, dated March 7, 2023, at Docket No. 642.

2. The cap on the fees and expenses of the legal and financial advisors to the Equity Committee is increased to $6,750,000.00, and any fees paid in excess of such cap will be paid in accordance with the confirmed Plan.

3. Subject to paragraph 4 of this Order, the Equity Committee shall continue to serve and fulfill its fiduciary and statutory duties in accordance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

4. The Equity Committee and its advisors shall be subject to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 541].

5. In accordance with the terms of the RSA, the fee cap established by this Order shall automatically revert, without further order from the Court, to $4.75 million in the event that:

    a. the Equity Committee does not affirmatively support the Plan;

    b. the Equity Committee, or any of the Equity Committee Members, object to the Disclosure Statement or to confirmation of the Plan;

    c. the Equity Committee exercises its fiduciary out under the RSA; or

    d. the RSA is terminated in accordance with the terms thereof as a result of a breach of any of the obligations of the Equity Committee or the Equity Committee Members.

6. The allowance of fees and expenses incurred by the Equity Committee and any advisors retained by the Equity Committee shall comply with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules,

and any other applicable procedures and orders of the Court. Additionally, the Court may further review the fees and expenses of the Equity Committee and its advisors to determine whether the work underlying the incurrence of such fees has advanced the interests of the Debtors' existing equity security holders consistent with the record at the Hearing.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
Houston, Texas

                                                                    **CHRISTOPHER M. LOPEZ**
                                                                    **UNITED STATES BANKRUPTCY JUDGE**