United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 28, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § | Case No. 22-90341 (CML) |
| Debtors[1] | § § § | (Jointly Administered) |

**ORDER (I) MODIFYING DATES AND DEADLINES SET FORTH IN
THE DISCLOSURE STATEMENT ORDER AND (II) CONDITIONALLY
APPROVING THE DEBTORS' DISCLOSURE STATEMENT SUPPLEMENT**

Upon the emergency motion, dated December 27, 2023 (the "**Motion**")[2], Core Scientific, Inc., and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 365, 1124, 1125, 1126, 1128, and 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3001, 3016, 3017, 3018, 3020, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rules 2002-1 and 3016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (effective as of January 1, 2023, the "**Complex Case Procedures**"), the Debtors request entry of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

[2] All terms capitalized but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order as applicable.

this Order (i) modifying certain dates and deadlines set forth in the Disclosure Statement Order[3] entered at Docket No. 1447, and (ii) seeking conditional approval of the Supplemental Disclosure Statement all as more fully set forth in the Motion; and this Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Bankruptcy Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Bankruptcy Court having reviewed the Motion; and this Bankruptcy Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Bankruptcy Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Disclosure Statement, together with the Disclosure Statement Supplement, (i) are hereby conditionally approved as providing Holders of Claims or Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan within the meaning of section 1125 of the Bankruptcy Code,

---

[3] All terms of the Disclosure Statement Order are incorporated herein by reference. Any provision of the Disclosure Statement Order that is not expressly modified by this Order shall remain in effect.

(ii) comply with Bankruptcy Rule 3016(c), and (iii) are subject to final approval of the Bankruptcy Court at the Combined Hearing. No further or additional information is necessary or required.

2. The Supplemental Solicitation Packages, and each of the documents contained therein (including those substantially in the form attached hereto), including, but not limited to, the Ballots, are hereby approved.

3. The Debtors are hereby authorized to send the Supplemental Solicitation Packages to all Holders of Claims or Interests in Voting Classes.

4. The Debtors are hereby authorized to send amended Opt-Out Forms to all Other Beneficial Owners and Holders of Claims in Classes 4 and 7.

5. The Debtors are hereby authorized to send amended Notices of Non-Voting Status to all Holders of Claims in Classes 4 and 7.

6. The following dates and deadlines are hereby established (subject to modification as necessary) are approved with respect to the solicitation of the Plan, voting on the Plan, and confirmation of the Plan, as well as filing objections to confirmation of the Plan and approving the Disclosure Statement on a final basis:

| PROPOSED SOLICITATION AND CONFIRMATION TIMETABLE[4] | |
|---|---|
| **Deadline/Event** | **Proposed Date** |
| Supplemental Solicitation Mailing Deadline | December 29, 2023 (or as soon as reasonably practicable thereafter) |
| Rights Offering Subscription Deadline<br>Deadline for Subscription Rights Holder to Remit Payment to Subscription Agent | **December 29, 2023** |
| Amended Plan Supplement Filing Deadline | **January 5, 2024** |

---

[4] The timetable reflects the Debtors' proposed timeline, subject to both Bankruptcy Court approval and availability.

| **PROPOSED SOLICITATION AND CONFIRMATION TIMETABLE[4]** | |
|---|---|
| Voting Deadline | **January 11, 2024 at 5:00 p.m. (Prevailing Central Time)** |
| Opt Out Deadline | **January 11, 2024 at 5:00 p.m. (Prevailing Central Time)** |
| Deadline to Object to Disclosure Statement and Plan | **January 11, 2024 at 5:00 p.m. (Prevailing Central Time)** |
| Ballot Certification Deadline | **January 14, 2024** |
| Deadline to File Confirmation Brief and Reply to Plan Objection(s) | **January 14, 2024** |
| Backstop Commitment Funding Deadline | **January 14, 2024** |
| Combined Hearing | **January 16, 2024 at 10:00 a.m. (Prevailing Central Time)** |

7. The Combined Hearing will begin on **January 16, 2023 at 10:00 a.m. (Prevailing Central Time)**, or as soon thereafter as counsel may be heard; *provided*, *however*, that the Combined Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors, with the consent of the Requisite Consenting Creditors, without further notice other than adjournments announced in open Bankruptcy Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

8. The Debtors shall mail to Holders of Claims and Interests in Voting Classes entitled to vote on the Plan as of the Voting Record Date the Supplemental Solicitation Packages by January 5, 2024, or as soon as reasonably practicable thereafter (the "**Supplemental Solicitation Mailing Deadline**"). The Debtors are not required to mail Supplemental Solicitation Packages to creditors or interest holders (i) who have Claims or Interests that have already been paid in full during the Chapter 11 Cases, (ii) whose prior mailings in these chapter 11 cases were

returned as undeliverable and who have not provided a forwarding address by the Voting Record Date, (iii) who hold Class 4 (Other Secured Claims), Class 7 (Priority Non-Tax Claims), Class 9 (Intercompany Claims), or Class 10 (Intercompany Interests), and/or (iv) who are not otherwise entitled to vote to accept or reject the Plan.

9. The Opt-Out Deadline shall be changed to **January 11, 2023 at 5:00 p.m. (Prevailing Central Time)** (the "**Opt-Out Deadline**").

10. The Voting Deadline shall be changed to **January 11, 2023 at 5:00 p.m. (Prevailing Central Time)** (the "**Voting Deadline**"). The Voting Deadline applies to Holders of Claims or Interests in all Voting Classes.

11. The deadline to file an objection to the adequacy of the Disclosure Statement or confirmation of the Plan shall be **January 11, 2023 at 5:00 p.m. (Prevailing Central Time)** (the "**Combined Objection Deadline**").

12. The Debtors are authorized to file an amended version of the Plan Supplement, which shall be in form and substance acceptable to the Requisite Consenting Creditors, with the Bankruptcy Court commencing on **January 5, 2024** (the "**Amended Plan Supplement Filing Deadline**").

13. All Ballots actually received prior to the Voting Deadline shall amend and supersede any Ballot prior received by the Debtors.

14. Each Holder of a Miner Equipment Lender Secured Claim that elect Miner Equipment Lender Treatment Election 1 or Miner Equipment Lender Treatment Election 2 on its Class 3 Ballot shall waive any recovery distributable pursuant to section 4.8 of the Plan on account of its Allowed Miner Equipment Lender Deficiency Claim and shall not be entitled to vote any portion of its Miner Equipment Lender Deficiency Claim in Class 8A. If a Holder of an Allowed

Miner Equipment Lender Secured Claim elects Miner Equipment Lender Treatment Election 1 or Miner Equipment Lender Treatment Election 2 on its Class 3 Ballot and submits a Ballot on account of its Miner Equipment Lender Deficiency Claim in Class 8A, such Class 8A Ballot shall be discarded.

15. Each General Unsecured Claim in Class 8A, for voting purposes only, shall be established pursuant to the following hierarchy:

(a) if a Claim has been estimated or otherwise Allowed for voting purposes by order of the Court, such Claim is temporarily Allowed in the amount so estimated or Allowed by this Court;

(b) if (a) does not apply, and a Claim constitutes a Miner Equipment Lender Deficiency Claim, each Holder's applicable Allowed Miner Equipment Lender Deficiency Claim Amount, which is set forth on the Miner Equipment Lender Claims Schedule, attached to the Plan as Exhibit J, in the column titled "Allowed Deficiency Claim (as of the Petition Date)"; *provided*, that if a Holder of a Miner Equipment Lender Secured Claim elects Miner Equipment Lender Treatment Election 1 or Miner Equipment Lender Treatment Election 2 on its Class 3 Ballot, such Holder shall not be entitled to vote any portion of its Miner Equipment Lender Deficiency Claim in Class 8A.

(c) if neither (a) nor (b) applies, but the Claim has been estimated or otherwise Allowed for voting purposes pursuant to a stipulation, settlement, or other agreement in writing reached between the applicable Debtor(s) and the holder of the Claim (whether such stipulation, settlement, or agreement is filed or not), such Claim is temporarily Allowed against such Debtor(s) in the amount set forth in the stipulation, settlement, or other agreement;

(d) if neither (a), (b), nor (c) applies, then in the liquidated, non-contingent, and undisputed amount set forth on a proof of claim timely filed in accordance with the Bar Date Order as of the Voting Record Date; *provided that*, if the amount set forth on a timely-submitted proof of claim is wholly unliquidated, contingent, and/or disputed (as determined on the face of the Claim or based on reasonable review by the Debtors and/or the Voting Agent), then the Claim shall be temporarily allowed for voting purposes in the amount of $1.00;

(e) if neither (a), (b), (c), nor (d) applies, then in the liquidated, non-contingent, and undisputed amount set forth on the Debtors' Schedules; *provided that*, if the Claim appearing on the Debtors' Schedules is either contingent, unliquidated, and/or disputed, or in a $0.00 amount, then the Claim shall be

        disallowed for voting purposes, except to the extent that such creditor's deadline to file a Claim arising from any rejection of an Executory Contract or Unexpired Lease to which such creditor is party has not yet occurred; *provided*, that, to the extent such creditor's deadline to file a Claim has not yet occurred, such creditor will be entitled to vote in the amount of $1.00 on account of such Claim;

(f)     notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(g)     if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Bar Date, the later filed amended Proof of Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Bar Date shall not be considered for purposes of these tabulation rules.

16.     As set forth in the Plan, each Holder of Allowed Miner Equipment Lender Secured Claims shall be entitled to elect on its Ballot to receive, in lieu of the Default Miner Equipment Lender Treatment, the Miner Equipment Lender Treatment Election 1. Furthermore, Settling Miner Equipment Lenders shall be entitled to elect on its Ballot to receive, in lieu of the Default Miner Equipment Lender Treatment, the Miner Equipment Lender Treatment Election 2. If a Holder of an Allowed Miner Equipment Lender Secured Claim does not make any elections on its Ballot, such Holder shall receive the Default Miner Equipment Lender Treatment. If a Holder of an Allowed Miner Equipment Lender Secured Claim elects Miner Equipment Lender Treatment Election 1 or Miner Equipment Lender Treatment Election 2 and is not, or does not become, a Settling Miner Equipment Lender, then such Holder shall receive the Default Miner Equipment Lender Treatment.

17.     Any Holder of an Allowed General Unsecured Claim in Class 8A that elects on its Ballot to be treated as a Holder of a Class 8B Convenience Class Claim shall have its Claim

reduced to $10,000.00 for voting purposes and capped at $10,000.00 for all other purposes. Such Holder shall be forever barred from asserting such Claim in a higher amount.

18. Each Holder of a Class 8B Convenience Class Claim shall have its Claim Allowed for voting purposes in the amount set forth on the Schedule of Allowed General Unsecured Claims.

19. Except as expressly modified by this Order, all other terms, provisions, and findings in the Disclosure Statement Order remain in full force and effect. All references to Class 8 in the Disclosure Statement Order will apply to Class 8A or Class 8B, as applicable.

20. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any Claims or Interests, (vi) a waiver of any Claims or Interests or causes of action which may exist against any creditor or interest Holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

21. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

22. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

24. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

25. This Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: December 27, 2023

Christopher Lopez
United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Form of Ballot for General Unsecured Claims (Class 8A)**

**(To Be Filed at a Later Date)**

**<u>Exhibit 2</u>**

**Form of Ballot for Convenience Claims (Class 8B)**

**(To Be Filed at a Later Date)**

## **Exhibit 3**

**Form of Ballot for Miner Equipment Lender Secured Claims (Class 3)**

**(To Be Filed at a Later Date)**

**Exhibit B**

**Disclosure Statement Supplement**

**(Filed Separately)**