**<u>Exhibit B</u>**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**ORDER
(I) AUTHORIZING ASSUMPTION AND PERFORMANCE OF THE
LEGACY DALTON AGREEMENTS, AS AMENDED BY THE DALTON
SETTLEMENT AGREEMENT AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677);RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

On December 5, 2023, Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed an emergency motion (the "**Motion**")[2] and requested (a) authority for the assumption and performance of the Legacy Dalton Agreements, in each case as amended and superseded by the Dalton Settlement Agreement annexed hereto as **Exhibit 1** between the Debtors and the City of Dalton, Georgia, acting by and through its Board of Water, Light, and Sinking Fund Commissioners d/b/a Dalton Utilities ("**Dalton Utilities**", and together with the Debtors, the "**Parties**" and, each, a "**Party**"), and (b) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. Pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, the Legacy Dalton Agreements, as amended by the Dalton Settlement Agreement, are assumed in their entirety by the Debtors.

2. The Debtors' assumption of the Legacy Dalton Agreements, as amended by the Dalton Settlement Agreement, represents a reasonable exercise of the Debtors' sound business judgment under section 365 of the Bankruptcy Code.

3. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are authorized to enter into the Dalton Settlement Agreement, including the Settlement, and perform all obligations thereunder, including payment of the Dalton Cure Claims pursuant to the issuance of the Note.

4. The Debtors' issuance of the Note, shall be subject in all respects to the confirmation of the Plan and the occurrence of the Emergence Date.

5. ~~4.~~ The Debtors' entry into the Dalton Settlement Agreement represents a reasonable exercise of the Debtors' sound business judgment under section 363 of the Bankruptcy Code.

6. ~~5.~~ The Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

7. ~~6.~~ The Debtors are authorized to enter into, execute, deliver, and implement the terms of the Dalton Settlement Agreement in all respects, as agreed to by the Parties.

8. Subject to the occurrence of the Emergence Date, the Note shall bear interest at the rate of 5% per annum and be payable in five (5) equal monthly installments. The first installment payment date shall occur, and interest shall begin accruing on the Note, on the date that is ten (10) calendar days following the Emergence Date, and the last installment

3

payment date shall occur in May of 2024.  For example, if the Emergence Date is December 22, 2023, the initial payment date will be January 1, 2024, and each subsequent monthly payment date will be as follows: (i) February 1, 2024, (ii) March 1, 2024, (iii) April 1, 2024; and (iv) May 1, 2024.

9. Dalton Utilities shall vote in favor and accept the Plan and otherwise support the Plan. For the avoidance of doubt, the Plan will provide for the implementation of the Dalton Settlement Agreement.

10. 7. Upon the occurrence of the Settlement Effective Date under the Dalton Settlement Agreement, (a) any "claim" (as defined in section 101(5) of the Bankruptcy Code) held by Dalton Utilities against the Debtors, including the Dalton Cure Claims (including but not limited to proofs of claim numbers. 397 and 398), shall be deemed finally and fully paid, satisfied, released and expunged; (b) the Debtors and their respective bankruptcy estates (together, the "**Debtor Releasors**") and Dalton Utilities (each of the Debtor Releasors and Dalton Utilities, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), irrevocably releases, acquits and forever discharges (i) each other Releasing Party and its respective their affiliates, successors, assigns, designees, subsidiaries, employees, shareholders, attorneys, accountants, officers and directors (each of the foregoing, including each Releasing Party, a "**Released Party**") from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, that such releasing Party has, ever had, might have had, or might have in the future, up through and including the Settlement Effective Date, including with respect to those certain proofs of claim numbers. 397 and 398 and any other claims arising out of or pertaining to the Dalton Cure Claims, the Legacy Dalton Agreements, the Parties business dealings and all matters related thereto, and (c) other

than as set forth herein and the Dalton Settlement Agreement, Dalton Utilities shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

11.     8. The Debtors are authorized to enter into, perform, execute, and deliver all documents, including without limitation the Note, (subject to paragraph 4 of this Order), and take all actions, necessary or appropriate to immediately continue and fully implement the Dalton Settlement Agreement and carry out the relief granted in this Order.

12.     9. Except as set forth in this Order, nothing contained in the Motion, the Dalton Settlement Agreement, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption or rejection of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

13.     10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14.     11. This Court shall retain jurisdiction to hear and determine matters arising from or related to the implementation, interpretation, or enforcement of this Order to the extent provided under the Dalton Settlement Agreement.

Dated: _____, 2023
       Houston, Texas

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE