**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CORE SCIENTIFIC, INC. et al., | § | CASE NO. 22-90341 |
| | § | |
| DEBTOR(S) | § | CHAPTER 11 |

**BAKER DRYWALL FORT WORTH, LTD.**
**OBJECTIONS TO CONFIRMATION OF SETTLEMENT**
**ABSENT ADEQUATE PROTECTION OF CLAIMANT'S MECHANIC'S LIEN**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, BAKER DRYWALL FORT WORTH, LTD. (hereinafter "Claimant", or "Baker"), and files its Objections to Debtor's MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) ASSUMPTION OF MCCARTHY CONTRACTS, AS AMENDED IN ACCORDANCE WITH THE SETTLEMENT AGREEMENT AND (B) ENTRY INTO THE SETTLEMENT AGREEMENT, AND (II) GRANTING RELATED RELIEF, and in support of its objections would show the Court the following:

**PROCEDURAL BACKGROUND**

1.      On or about December 1, 2022, Claimant filed its Mechanics and Materialmen's Lien for recording in the Real Property Records of Denton County, Texas.

2.      On or about December 21, 2022, Debtor commenced with this Court a voluntary case under Chapter 11 of the Bankruptcy Code.

3.      On or about December 18, 2023, Debtor filed with this Court MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) ASSUMPTION OF MCCARTHY

CONTRACTS, AS AMENDED IN ACCORDANCE WITH THE SETTLEMENT AGREEMENT AND (B) ENTRY INTO THE SETTLEMENT AGREEMENT, AND (II) GRANTING RELATED RELIEF.

4.      Claimant objects to the entry of the proposed Settlement Agreement and in support would state as follows:

## OBJECTIONS TO MOTION

1.      Claimant objects to Debtor's Motion as Debtor's proposed settlement purports to dispose of Claimant's Lien and attendant Lien rights without providing compensation for Claimant's claims. Claimant's lien claim is not found to be referenced in Debtor's Motion or Exhibits thereto.   Further, neither Claimant's Lien nor Claimant's underlying claim appear to be referenced in Debtor's Schedules.

2.      Claimant Objects to entry of an Order adopting the Proposed Settlement absent provisions for maintaining its Lien or alternative adequate protection and security for Claimant's claims.

3.      Creditor objects to Debtor's Plan of Reorganization to the extent that the various Lien claims and claimants may be treated differently under the proposed Settlement terms, in contravention of Chapter 53 of the Texas Property Code.

4.      Obviously, McCarthy and its subcontractors cannot each recover under the same claim, as there can only be a single recovery for any particular lien claimant's scope. Debtor has asserted that the Lien Claim of Claimant is subsumed by the McCarthy Lien on file. However, this has not been established.   The degree to which McCarthy's lien may or may not be properly perfected for the full amount of Claimant's or other Lienholders' proper claims remains

undetermined. Claimant's Lien and Claim are not even referenced or acknowledged in Debtor's Motion or exhibits attached thereto, and there is no provision for the payment of Claimant's Claim. Approval of the proposed Settlement without adequate protection and preservation of Claimant's and other Lienholders' Lien Claims will result in an impermissible forfeiture of properly perfected lien rights to the extent McCarthy's lien is not properly perfected to the extent owed to each and every one of the project lien claimants. At minimum, McCarthy's lien must be shown to be properly perfected in sufficient amount to pay Claimant for its lien rights, and such payment must be provided for under the terms of the settlement prior to any disposition of Claimant's Lien.

5.     The Court should deny confirmation of Debtor's proposed Settlement unless or until such time as Debtor amends its Settlement Provisions to provide compensation to Claimant in accordance with the disposition of Claimant's Lien Claims or, alternatively, provides adequate protection for the payment of Claimant's Claims in lieu of retaining Claimant's Lien.

WHEREFORE, PREMISES CONSIDERED, Baker Drywall Fort Worth, Ltd., requests that the Court issue an order sustaining the above objections and denying approval of the Settlement unless and until Debtor amends its proposed Settlement to preserve and protect the lien rights. Claimant prays for such other and further relief to which it may show itself entitled.

*Signature block on following page.*

Respectfully submitted,

**CUTLER ▪ SMITH, P.C.**

By: */s/ Garrin B. Fant* _____
    Garrin B. Fant
    State Bar No. 00785430
    gfant@cutler-smith.com
    Darrell W. Smith
    State Bar No. 00785430
    dsmith@cutler-smith.com
    Sewall C. Cutler, Jr.
    State Bar No. 00783920
    scutler@cutler-smith.com
    Park Central 7
    12750 Merit Drive, Suite 500
    Dallas, Texas 75251
    (214) 219-0800   Tel.
    (214) 219-0854   Fax

**SW LEGAL SERVICE, PLLC**

By: */s/ Shannon S. Walla* _____
    Shannon S. Walla
    State Bar No. 24081157
    SDTX Fed. ID No. 1515122
    swalla@swlegalservice.com
    2717 Commercial Center Blvd., Suite E200
    Katy, Texas 77494
    (281) 915-2366

**ATTORNEYS FOR BAKER DRYWALL FORT WORTH, LTD.**

<u>CERTIFICATE OF SERVICE</u>

Undersigned counsel certifies that a true and correct copy of the foregoing was served on all parties and/or their counsel of record in accordance with the Federal Rules of Civil Procedure on this 5th day of January 2024.

    */s/ Shannon S. Walla* _____
    Shannon S. Walla