# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> CORE SCIENTIFIC, INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 22-90341 (DRJ) <br><br> (Jointly Administered) <br><br> Re: D.I. 1558, 1639, 1640, 1641, 1685 <br><br> Hearing Date: January 16, 2024 at 10:00 AM CT |

## LEAD PLAINTIFF'S SUPPLEMENTAL LIMITED OBJECTION TO CONFIRMATION OF THE FOURTH AMENDED PLAN AND DISCLOSURE STATEMENT

| **THE ROSEN LAW FIRM, P.A.** | **CONDON TOBIN SLADEK THORNTON NERENBERG PLLC** |
|---|---|
| Phillip Kim (admitted pro hac vice) <br> Joshua Baker (admitted pro hac vice) <br> 275 Madison Avenue, 40th Floor <br> New York, NY 10116 <br> Phone: (212) 686-1060 <br> Fax: (212) 202-3827 <br> Email: pkim@rosenlegal.com <br> Email: jbaker@rosenlegal.com | Stuart L. Cochran <br> Texas Bar No.: 24027936 <br> 8080 Park Lane, Suite 700 <br> Dallas, Texas 75231 <br> Telephone: (214) 265-3800 <br> Facsimile: (214) 691-6311 <br> scochran@condontobin.com |
| *Lead Counsel for Lead Plaintiff* | *Liaison Counsel for Lead Plaintiff* |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

Lead Plaintiff Morgan Hoffman and named plaintiffs Evan Achee and William J. Emanuel (together, "Plaintiffs"), on their own behalf and on behalf of the Class, hereby file this supplemental limited objection to the Fourth Amended Joint Chapter 11 Plan of Core Scientific, Inc. and its Affiliated Debtors (D.I. 1639) and the Disclosure Statement for the Plan (D.I. 1439, 1640, 1685) as to the broad nondebtor third party releases and injunctions contained therein (the "Third Party Releases").

1. Plaintiffs' prior objections are incorporated herein by reference. D.I. 1558; *see also* D.I. 1132, 1228, 1503. Plaintiffs submit this supplemental limited objection to update the Court as to subsequent developments in the Securities Action and recent amendments to the Plan, and how these developments bolster Plaintiffs' objections.

### *The District Court Denied in Part Defendants' Motion to Dismiss the Securities Action*

2. On December 20, 2023, Judge Ezra denied in part and granted in part the Securities Action Defendants' motion to dismiss Plaintiffs' claims in the Securities Action. *Pang v. Levitt, et al.*, Case No. 1:22-cv-01191-DAE (W.D. Tex.), D.I. 73.[2] Specifically, Judge Ezra denied the motion to dismiss Plaintiffs' claims brought pursuant to Section 11 of the Securities Act of 1933 ("Securities Act") and Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act").[3] *Id*. These remaining claims are subject to a strict liability or negligence standard, respectively, as opposed to a securities fraud standard. *See* D.I. 1558 ¶ 18.

---

[2] The Securities Action Defendants are Michael Levitt, Michael Trzupek, Denise Sterling, Darin Feinstein, Brian Neville, Jarvis Hollingsworth, Matt Minnis, Stacie Olivares, Kneeland Youngblood, Patrick C. Eilers, Theodore J. Brombach, Paul Gaynor, Paul Dabbar, Colleen Sullivan, and Scott Widham. *See* Securities Action, D.I. 73. None of the Securities Action Defendants is a Debtor in these bankruptcy cases.

[3] The Court also denied the motion to dismiss Plaintiffs' claims against Defendant Levitt (Core's former CEO) under Section 15 of the Securities Act. Plaintiffs' claims under Sections 10(b) and 20(a) of the Exchange Act, and their claims against other defendants under Section 15 of the Securities Act, were dismissed without prejudice.

3. The District Court's order on the motion to dismiss makes the inadequacy of Debtors' proposed notice plan even more stark. Under their proposed notice plan, Debtors purported to send the Opt Out Form to a group of investors who purchased Core Scientific stock during the Class Period (January 3, 2022 through December 21, 2022). *See* D.I. 1313 ¶ 15. That meager effort would reach only *some* of the subgroup of the Class who held Section 10(b) claims, which have now been dismissed. *See* D.I. 1558 ¶ 50; D.I. 1132; D.I. 1503-1.

4. Plaintiffs and Class members who hold the active Section 11 and Section 14(a) claims comprise a different set of investors: those who acquired Core securities pursuant or traceable to the registration statement issued in connection with the Core-XPDI merger (Sections 11 and 15 claims), and those who held XPDI stock as of December 7, 2021 and were entitled to vote on the merger (Section 14(a) claims). Securities Action, D.I. 62 ¶ 2.

5. Debtors have not even attempted to provide notice to these members of the Class, many of whom may not have purchased Core stock during the Class Period. These Class members may have purchased only XPDI stock prior to the Class Period. The Plan purports to release and enjoin their valuable claims, which have now advanced past the pleading stage, unless they execute a convoluted and deficient Opt Out Form they likely did not even receive.

6. In no sense can this notice and opt-out process be deemed to constitute affirmative consent: not to the releases nor to this Court's jurisdiction over their claims in the Securities Action. This Court may not confirm a Chapter 11 plan with these nonconsensual releases solely for the benefit of nondebtor third parties, and certainly not in the circumstances presented here. *See In re Pacific Lumber Co.*, 584 F.3d 229, 252 (5th Cir. 2009); D.I. 1558 ¶ 56.

*Debtors Carved out the Releases by Debtors of Claims Against the Class*

7. Without explanation, Debtors have amended the Disclosure Statement and Plan to carve out the Class from any releases *by the Debtors*. The change is buried at the end of clause 10.6(a), which now states:

> Notwithstanding anything to the contrary in the foregoing, the releases set forth in Section 10.6(a) of the Plan … (iii) shall not release or be construed as releasing (a) Harlin Dean, ***(b) the plaintiffs in the Securities Class Action, (c) any Holder asserting a Section 510(b) Claim***, or (d) Sphere 3D Corp., in its individual capacity, notwithstanding the inclusion of any of the foregoing within the definition of Released Parties hereunder.

D.I. 1641 at 82 (emphasis added).

10. Debtors have never asserted any claim against Plaintiffs or the Class. There is no reason to think any such claims have ever existed. Now, even the illusory benefit Class members purportedly derived from the "mutual releases" in the Plan is gone. This underscores Plaintiffs' argument that the Class Members stand to receive *nothing* in exchange for the gratuitous Third Party Releases contained in the proposed Plan, which purport to extinguish the valuable Securities Action claims that have now advanced past the pleading stage.

## Conclusion

11. For these additional reasons, the Court should deny Debtors' motion to confirm the Plan (or approve the related Disclosure Statement) to the extent they contain the Third Party Releases as currently constituted.

| | |
|---|---|
| Dated: January 11, 2024 | **CONDON TOBIN SLADEK THORNTON NERENBERG PLLC** |
| | */s/Stuart L. Cochran* <br> Stuart L. Cochran <br> Texas Bar No.: 24027936 |

8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile:  (214) 691-6311
scochran@condontobin.com

*Liaison Counsel for Lead Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (admitted pro hac vice)
Joshua Baker (admitted pro hac vice)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 11th day of January 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

            */s/ Stuart L. Cochran*
            Stuart L. Cochran