IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

ORDER (I) AUTHORIZING AND APPROVING
(A) SETTLEMENT BETWEEN DEBTORS AND MADDOX INDUSTRIAL
TRANSFORMER LLC, (B) PURCHASE OF TRANSFORMERS, (C) REJECTION
OF EXISTING PURCHASE ORDERS, AND (II) GRANTING RELATED RELIEF

On December 19, 2023, Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed a motion (the "**Motion**")[2] and requested this Court to (i) approve and authorize the Debtors' (a) entry into a global settlement between the Debtors and Maddox Industrial Transformer LLC ("**Maddox**" and together with the Debtors, collectively, the "**Parties**" and, each, a "**Party**"), on the terms set forth and agreed to by the Parties set forth in the Motion and on the *Settlement Term Sheet,* dated October 27, 2023 (the "**Term Sheet**") attached to this Order as **Exhibit 1**; (b) entry into the New Purchase Orders; (c) rejection of the Existing Purchase Orders; and (ii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Bankruptcy Rule 9019 and sections 105(a), 363, and 365 of the Bankruptcy Code, the settlement by and between the Debtors and Maddox (the "**Maddox Settlement**") on the terms set forth and agreed to in the binding *Settlement Term Sheet* (the "**Term Sheet**") and herein, is authorized and approved. The Maddox Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

2. The Debtors are authorized to enter into, execute, deliver, and implement the terms of the Maddox Settlement, including entering into the New Purchase Order and performing all obligations thereunder, as set forth herein and in the Term Sheet, as agreed to by the Parties.

3. The Debtors' entry into the Maddox Settlement, entry into the New Purchase Order, and rejection of the Existing Purchase Orders represent a reasonable exercise of the Debtors' sound business judgment under sections 363 and 365 of the Bankruptcy Code.

4. The Existing Purchase Orders are deemed rejected effective immediately upon entry of this Order, and any rejection damages in connection with the rejection of the Existing Purchase Order under section 365 of the Bankruptcy Code are deemed satisfied.

5. Immediately upon the entry of this Order, (a) any "claim" (as defined in section 101(5) of the Bankruptcy Code) held by Maddox against the Debtors, including the Maddox Claims (including but not limited to Proof of Claim No. 295), shall be deemed finally and fully paid, satisfied, released and expunged; (b) the Maddox Liens are to be fully and finally released, extinguished and discharged; (c) the Debtors and their chapter 11 estates (together, the "**Debtor Releasors**") and Maddox and its affiliates (each of the Debtor Releasors and Maddox and its affiliates, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), each on behalf of itself and any other party, person or entity claiming under or through it, hereby completely and finally releases, discharges, acquits, and covenants not to sue (i) each other Releasing Party and its respective current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, including each Releasing Party, a "**Released Party**") from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, liens, and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulatory, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such Releasing Party ever had or claimed to have or now has or claims to have, against any Released Party arising under or related to the

Maddox Claims, the Maddox Liens, the Existing Purchase Orders, or the Denton Facility, including, for the avoidance of doubt, any preference, fraudulent transfer, or other avoidance action arising under chapter 5 of the Bankruptcy Code or other applicable law and (ii) each other Releasing Party from any and all other claims or causes of action arising prior to the entry of this Order; and (d) other than as set forth herein, Maddox shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

6. Within five (5) days following the entry of the this Order, Maddox shall file UCC-3 Termination Statements with the Secretary of State of the State of Texas and the Secretary of State of the State of Delaware termination terminating the Maddox Liens.

7. Beginning on the date thirty (30) days after the Effective Date, the Debtors shall pay the purchase price in the amount of $2,842,543.17 (the "**Purchase Price**") under the New Purchase Order, in seven (7) equal monthly installments. In consideration of the Purchase Price:

(a) Maddox shall sell to the Debtors thirty-nine (39) 18kV Transformers;

(b) Maddox shall apply each installment of the Purchase Price to reduce the number of 18kV Transformers which have not been paid for; once any 18kV Transformer has been paid for in full (such Transformer, a "**Purchased Transformer**"), title to such Purchased Transformer shall vest in the Debtors;

8. The Debtors may elect to take delivery (a) at Maddox's sole cost and expense of any Purchased Transformers in groups of three (3) at any time following the date on which they become Purchased Transformers, and (b) at the Debtors' sole cost and expense of any one (1) or two (2) Purchased Transformer(s) at any time following the date on which it or they

4

become(s) Purchased Transformer(s), provided that the Debtors shall be required to take delivery (at Maddox's sole cost and expense) of all of the 18kV Transformers by the date which is six (6) months following the date of the final installment of the Purchase Price;

9. Until the Debtors take delivery of any Purchased Transformer, Maddox shall store such Purchased Transformer for the Debtors, which storage shall be (a) at Maddox's sole cost and expense through the date which is one (1) month following the date of the final installment of the Purchase Price and (b) charged by Maddox to the Debtors at the rate of $200 per Purchased Transformer per month of additional storage thereafter through the date that is six (6) months following the date of the final installment of the Purchase Price.

10. Immediately upon the entry of this Order, Maddox shall have no further interest, if any, in any goods which the Debtors ordered from Maddox and which have been previously delivered to the Debtors, if any. The Debtors shall have no interest in any goods which the Debtors ordered from Maddox and which have previously been returned to Maddox.

11. Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the Maddox Settlement and carry out the relief granted in this Order. The Debtors and Maddox shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the Maddox Settlement, carry out the relief granted in this Order and fully consummate and effect the transactions provided for in this Order.

12. Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (a) an admission as to the validity of any claim against the Debtors, (b) a waiver or

5

limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (c) an approval of an assumption or rejection of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

13. The Debtors and Maddox are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order. To the extent that there is any inconsistency between the Term Sheet and this Order, the New Purchase Order and this Order, or between the Motion and this Order, the provisions of this Order will govern.

14. The Parties will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Debtors' Claims, the Maddox Claims, the Maddox Settlement, the Maddox Liens, the New Purchase Order, and the chapter 11 cases of the Debtors pending in this Court.

15. This Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
      Houston, Texas

                                                         THE HONORABLE CHRISTOPHER M. LOPEZ
                                                         UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Term Sheet**

**Settlement Term Sheet**

This term sheet (this "**Term Sheet**") sets forth the principal terms of a settlement (the "**Settlement**") between Core Scientific, Inc. and its debtor affiliates (collectively, "**Core**" or the "**Debtors**") and Maddox Industrial Transformer, LLC ("**Maddox**"; each of Core and Maddox is referred to herein, individually, as a "**Party**" and, collectively, as the "**Parties**").

This Term Sheet and the terms set forth herein are binding upon, and inure to the benefit of, the Parties, subject to the approval of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). This Term Sheet does not purport to set forth every term of the Settlement Motion (as defined below) or the 9019 Order (as defined below).

| Term | Description |
|---|---|
| Claims and Liens | Maddox has asserted pre-petition and post-petition claims (such claims and any other claims that may be asserted, the "**Maddox Claims**") against the Debtors, including, without limitation, Proof of Claim No. 295. Maddox has filed liens against the Debtors' assets (such liens and any other liens that may be asserted, the "**Maddox Liens**"), including, without limitation, that certain UCC-1 Financing Statement filed with the Secretary of State of the State of Texas under Filing Number 22-0043467614 on September 1, 2022 and that certain UCC-1 Financing Statement filed with the Secretary of State of the State of Delaware under Filing Number 20227364441 on September 1, 2022. |
| Approval of the Settlement | Debtors to file a motion to approve the Settlement (the "**Settlement Motion**"). |
| | Debtors to obtain entry of a final order reasonably acceptable to Maddox of the Bankruptcy Court under sections [363, 365], and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Settlement (such order, the "**9019 Order**"). The Debtors will request that the 9019 Order shall be effective immediately upon its entry. |
| Release of Maddox Claims and Maddox Liens | 9019 Order to provide, among other things, that, (i) within five (5) days following the date on which the 9019 Order becomes final and non-appealable (such date, the "**Final 9019 Order Date**"), Maddox shall file UCC-3 Termination Statements with the Secretary of State of the State of Texas and the Secretary of State of the State of Delaware terminating the Maddox Liens; and (ii) immediately on the Final 9019 Order Date, (a) Maddox and Core shall be deemed to have entered into a new purchase order (the "**New Purchase Order**") on the terms set forth below, which the |

DocuSign Envelope ID: 956EE809-FA41-47E2-9A4E-4C70614E10B9
Case 22-90341   Document 1700-1   Filed in TXSB on 01/11/24   Page 9 of 11

2

|  | New Purchase Order shall be effective and binding on Maddox and Core; (b) the Maddox Claims shall be fully and finally paid, satisfied, released and expunged, (c) the Maddox Liens shall be fully and finally released, extinguished and discharged, (d) all contracts and outstanding purchase orders between Maddox and the Debtors, if any (the "**Existing Purchase Orders**"), are deemed rejected and Maddox shall not have claims for rejection damages based on such rejection under Bankruptcy Code section 365, and (e) the Parties shall each grant a complete and final release of all claims and covenant not to sue, in each case, in favor of the other Party; provided, that the Parties retain their rights to file and prosecute claims and causes of action related to the enforcement of this Settlement and the New Purchase Order and nothing herein shall limit such rights. |
|---|---|
| The Purchase Order | The terms of the New Purchase Order are:<br><br>(i) the purchase price payable to Maddox shall be $2,842,543.27 (the "**Purchase Price**"), payable in seven (7) equal monthly installments, beginning on the date which is thirty (30) days after the date on which a plan of reorganization filed by the Debtors and confirmed by entry of an order of the United States Bankruptcy Court for the Southern District of Texas becomes effective;<br><br>(ii) in consideration for the Purchase Price, Maddox shall sell to Core thirty-nine (39) 18 KV transformers (each, a "**Transformer**" and collectively, the "**Transformers**");<br><br>(iii) Maddox shall apply each installment of the Purchase Price to reduce the number of Transformers which have not been paid for and once any Transformer has been paid for in full (such Transformer, an "**Purchased Transformer**"), title to such Purchased Transformer shall vest in the Debtors (e.g., upon payment of 50% of the Purchase Price, title to twenty (20) Transformers shall have vested in the Debtors);<br><br>(iv) Core may elect to take delivery (a) at Maddox's sole cost and expense of any Purchased Transformers in groups of three (3) at any time following the date on which they become Purchased Transformers, and (b) at Core's sole cost |

DocuSign Envelope ID: 956FF809-FA41-47E2-9A4F-4C70614E10B0
Case 22-90341   Document 1700-1   Filed in TXSB on 01/11/24   Page 10 of 11

3

| | |
|---|---|
| | and expense of any one (1) or two (2) Purchased Transformer(s) at any time following the date on which it or they become(s) Purchased Transformer(s), <u>provided</u> that Core shall be required to take delivery (at Maddox's sole cost and expense) of all of the Transformers by the date which is six (6) months following the date of the final installment of the Purchase Price;<br><br>(v) until Core takes delivery of any Purchased Transformer, Maddox shall store such Purchased Transformer for Core, which storage shall be (a) at Maddox's sole cost and expense through the date which is one (1) month following the date of the final installment of the Purchase Price and (b) charged by Maddox to Core at the rate of $200 per Purchased Transformer per month of additional storage thereafter through the date that is six (6) months following the date of the final installment of the Purchase Price. |
| Provision of Goods | As of the Final 9019 Order Date, Maddox shall have no further interest, if any, in any goods which Core ordered from Maddox and which have been previously delivered to Core, if any. As of the Final 9019 Order Date, Core shall have no interest in any goods which Core ordered from Maddox and which have previously been returned to Maddox. |
| Attorneys' Fees | Core and Maddox will each be responsible for and pay its own legal fees and out-of-pocket expenses in connection with the Maddox Claims, the Maddox Liens, and the chapter 11 cases of the Debtors pending in the Bankruptcy Court. |
| Closing and Other Customary Terms | Settlement Motion and 9019 Order to include for terms reasonable and customary to settlement agreements in similarly complex chapter 11 cases, with such terms to be negotiated by the Parties. |
| Bankruptcy Court Approval | The Debtors and Maddox shall act in good faith to implement the Settlement and shall take all actions reasonably necessary to obtain entry of the 9019 Order. |
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties, subject to the approval of the Bankruptcy Court and entry of the 9019 Order. |

4

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of October 27, 2023.

**MADDOX INDUSTRIAL TRANSFORMER, LLC**

By: *Mac Spiller*
Name: Mac Spiller
Title: VP of Sales & Marketing

**CORE SCIENTIFIC, INC.**

By: *Denise Sterling*
Name: Denise Sterling
Title: CFO

WEIL:\99366309\2\39031.0014