# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | ) ) Case No. 22-90341 (DRJ) |
| Debtors.[1] | ) ) (Jointly Administered) |
| | ) |

### THE AD HOC NOTEHOLDER GROUP'S <u>EMERGENCY</u> MOTION TO ADJOURN HEARING ON MOTION OF AD HOC GROUP OF EQUITY HOLDERS OF CORE SCIENTIFIC FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS [DOCKET NO. 458]

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 3:30 P.M. (CENTRAL TIME) ON WEDNESDAY, MARCH 1, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON WEDNESDAY, MARCH 1, 2023 AT 3:30 P.M. (CENTRAL PREVAILING TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK, HOUSTON, TX 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**SASMF EXHIBIT 15**

**1 of 36**

> GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONES' HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING. HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONES' HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

The Ad Hoc Noteholder Group (the "Noteholder Group"), by its undersigned counsel, hereby submits this motion (the "Motion to Adjourn") to adjourn the hearing on the *Motion of Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* (the "Equity Motion,") [Docket No. 458], currently scheduled for Wednesday, March 1, 2023, to a date to be determined, to allow a reasonable time for appropriate discovery to occur concerning the Equity Motion. In support of this Motion to Adjourn, the Noteholder Group respectfully sets forth and represents as follows:

## NATURE OF EMERGENCY RELIEF

1.     The Noteholder Group seeks entry of an order, substantially in the form attached hereto as Exhibit C (the "Order"), adjourning the hearing on the Equity Motion, currently scheduled for Wednesday, March 1, 2023 (the "Hearing"), to a date to be determined, to allow for necessary discovery to take place relevant to the Equity Motion.

## BACKGROUND AND BASIS FOR RELIEF

2.     The Ad Hoc Group of Equity Holders of Core Scientific (the "Equity Group") filed the Equity Motion on February 3, 2023, seeking to reverse the decision by the Office of the United States Trustee (the "U.S. Trustee") that rejected the Equity Group's request that the U.S. Trustee form an official equity committee in these Chapter 11 Cases. The U.S. Trustee's decision was made on a record, at least, of various submissions to it by the Equity Group (which are summarized in and made exhibits to the Equity Motion), a letter by the Noteholder Group opposing the

SASMF EXHIBIT 15
2 of 36

formation of an official equity committee, and, the Noteholder Group understands, an email from the Debtors also opposing the equity committee's formation.

3.    Two days ago, on Wednesday, February 22, 2023, the Noteholder Group was informed that the Debtors had changed their position and no longer opposed the appointment of an official equity committee.  No further details were provided.  Accordingly, in order to ascertain the factual predicate of the Debtors' decision and the "settlement" with the Equity Group, the Noteholder Group served discovery requests earlier today (on February 24, 2023), upon the Equity Group and the Debtors seeking documents and depositions designed, in sum, to discover the pertinent facts and be able to present an appropriate factual record at the Hearing concerning the issues relevant to the Equity Motion and the "settlement."  Copies of the Noteholder Group's discovery requests to the Equity Group and Debtors (the "Discovery"), are collectively annexed hereto as Exhibit A.

4.    In light of the now extant need for discovery, the Noteholder Group requested that the Equity Group consent to adjourn the Hearing, but the Equity Group refused, thereby necessitating this Motion to Adjourn.  Indeed, in an email refusing to adjourn the Hearing, counsel to the Equity Group expressly "note[d] that we have settled with the Debtors . . . ."  *See* email exchange, annexed hereto as Exhibit B.

5.    The Discovery to the Equity Group and Debtors, respectively, requests that documents be produced by 5:00 pm ET on Monday, February 27, 2023, and that depositions take place on Tuesday, February 28, 2023, in advance of the Hearing.[2] At the time of filing this Motion to Adjourn, neither the Equity Group nor the Debtors have committed to complying with the Discovery on the dates requested, which compliance is necessary in order for the Noteholder Group to prepare for and present evidence at the Hearing.  Indeed, the Equity Group's position is

---

[2]    Responses to the Equity Motion are due today; the Noteholder Group will be filing an objection to the Equity Motion.

SASMF EXHIBIT 15
3 of 36

that "to be clear, we have not agreed to either expedited discovery or an extension." *See* Exhibit B hereto. Emergency relief is therefore required because the event that precipitated the Discovery -- the "settlement" between the Debtors and Equity Group -- was only disclosed to the Noteholder Group two days ago, and the Discovery is necessary in order that a complete record may be presented at the Hearing.

### **NO PRIOR REQUEST**

6.      No prior request for the relief sought herein has been made by the Noteholder Group to this Court or to any other court.

        The Noteholder Group respectfully requests entry of an order, substantially in the form attached hereto as Exhibit C, adjourning the Hearing to a date to be determined by the Court.

Respectfully submitted

Dated: February 24, 2023
       Houston, Texas

 */s/ James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Erez Gilad (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
        kenpasquale@paulhastings.com
        erezgilad@paulhastings.com
        sayanbhattacharyya@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

4

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge.  This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

 /s/ Kenneth Pasquale
Kenneth Pasquale

## Certificate of Service

I certify that on November 2, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 /s/ James T. Grogan III
James T. Grogan III

5

**SASMF EXHIBIT 15**
**5 of 36**

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CORE SCIENTIFIC, INC., *et al.*, | ) Case No. 22-90341 (DRJ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## THE AD HOC NOTEHOLDER GROUP'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO THE DEBTORS

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034 and 9014, Federal Rules

of Civil Procedure 26 and 34, and the Local Rules of the United States Bankruptcy Court for the

Southern District of Texas, the Ad Hoc Noteholder Group (the "Noteholder Group"), by its

undersigned counsel, requests that the Debtors produce the following documents by February 27,

2023 at 5:00 pm ET, in connection with the *Motion of Ad Hoc Group of Equity Holders of Core*

*Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity*

*Security Holders* [the "Motion," Docket No. 458].

### DEFINITIONS

1. "Advisor" means any attorney, accountant, financial advisor, investment banker or
other third-party who provides advice or analysis.

2. "Bankruptcy Case" means the above-captioned Chapter 11 bankruptcy cases.

3. "Board" means the Debtors' board of directors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

4.      "Communication" means any form of contact, documentary, written, or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, and any other form of communication or correspondence.

5.      "Concerning" means, in addition to its customary and usual meaning, alluding to, confirming, constituting, comprising, containing, commenting upon, discussing, describing, embodying, evaluating, evidencing, identifying, in connection with, involving, mentioning, noting, pertaining to, probative of, related to, relating to, reflecting, referring to, regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, and/or summarizing in any way, directly or indirectly, in whole or in part, or in any way logically or factually connected with the subject matter discussed.

6.      "Creditors' Committee" means the Official Committee of Unsecured Creditors appointed by the Office of the United States Trustee for the Southern District of Texas on January 9, 2023 in the above captioned case, its members, and its Advisors.

7.      "Debtors" mean the entities listed in footnote 1, above, expressly including their officers and directors, and the Debtors' Advisors.

8.      "Document" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules, including, without limitation, any written, printed, handwritten, recorded or graphic material of any kind, however produced or reproduced, and regardless of where located, including, but not limited to emails, text messages, Bloomberg messages, alternative communication and messaging systems (such as instant messaging, Bloomberg chat, Telegram, WhatsApp, Facebook Messenger, or Slack), voicemails, social media postings, letters, logs, drafts, messages, records, spreadsheets, summaries, memoranda, calendar or diary entries, notes, working papers, minutes, agenda,

2

electronic recordings, facsimile transmissions, information stored on computer hard-drives, information stored on computer disks and all other tangible preservations of information, whether in draft form or otherwise.

9.       "Equity Group" means the Ad Hoc Group of Equity Holders of Core Scientific.

10.     "Including" or "includes" means including without limitation.

11.     "Petition Date" means December 21, 2022, the date the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

12.     "Relate," "relating," "relates," "related," or any other derivative thereof, has the same meaning as "concerning."

13.     "Special Committee" means the special committee, initially comprised of three (3) independent directors (Neal Goldman, Jarvis Hollingsworth, and Kneeland Youngblood), formed and appointed by the Board on or about November 14, 2022.

14.     "UST" means the Office of the United States Trustee.

15.     The terms "You" and "Your" mean the Debtors, as defined above.

## INSTRUCTIONS

1.      This request calls for the production of all responsive documents in Your possession, custody, or control that are available to You from any source, wherever situated, including any of Your present or former affiliates, officers, directors, members, employees, agents, representatives, attorneys, or financial advisors.

2.      Documents should be produced on a rolling basis as promptly as possible such that the production of responsive documents is completed by February 28, 2023, in advance of the hearing on the Motion.

3.      You are instructed to produce documents either as they are kept in the usual course of business or organized and labeled to respond to the categories in this request.

4.      The scope of Your search for electronic data that is responsive to any document request shall include all forms of electronic data collection, preservation, transmission,

3

communication and storage, including but not limited to all data generated and maintained in the ordinary course of business stored by You or any third parties on or in:

  a.  Local and network computers and storage devices;

  b.  Distributed, removable, or portable data, *i.e.*, information which resides on portable media and non-local devises, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, solid-state and flash memory drives, cloud storage or other internet repositories (including e-mail hosted by web services such as Gmail), and handheld storage devices such as smart phones, tablets, and iPads;

  c.  Text messaging systems, including iMessage and SMS.

  d.  Voicemail and email systems, alternative communication and messaging systems (such as instant messaging, Bloomberg chat, Telegram, WhatsApp, Facebook Messenger, or Slack), file and print servers, and fax servers;

  e.  Legacy data, *i.e.*, retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

  f.  Metadata, *i.e.*, information regarding a particular data set which describes how, when and by whom it was collected, created, accessed, and modified and how it is formatted.

  5.  All documents and communications should be Bates labeled, and should be produced in single page TIFF images (except that excel spreadsheets and other such file types that include logical formulae or files that, when converted to image format, take on an appearance noticeably different from the one the running-native file took when viewed on a computer screen, should be produced in native, with a "nativelink" file) with extracted text or OCR at the document level and with the following load files: LEP, OPT and DAT.  TIFF images should be 300 DPI Group IV compressed TIFF images.  The load files should be provided as delimited load files.  All metadata should be provided, including the following: BEGDOC, ENDDOC, BEGATTACH,

ENDATTACH, Page Count, Author, To, Cc, Bcc, Custodian, Date Sent, Time Sent, Subject, File Name, Date Last Modified, MD5Hash and NATIVELINK (link to native on media if applicable).

6. Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7. In addition to original and final versions of documents, all drafts, alterations, modifications, changes, and amendments of documents shall be produced, as well as copies non-identical to the original in any respect, including any copy bearing non-identical marking or notations of any kind.

8. Every document produced pursuant to this request shall be produced in its entirety, including all attachments and documents affixed thereto.

9. If You are unable to answer or respond fully to any request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full. If You have no documents responsive to a particular request, so state.

10. If You object to any request set forth herein, state the specific grounds upon which You object and produce all documents responsive to request to which there is no objection.

11. To the extent You contend You are entitled to withhold from production any document responsive to any request set forth herein based on the assertion of attorney-client privilege, the attorney work-product doctrine or any other privilege, you must identify the specific basis of such assertion of privilege in an appropriate log.

12. If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be redacted from the document and the rest of the document shall be produced.

13. For any responsive document of which You are aware existed at one time, but no longer exists, or was once, but is no longer, within Your possession, custody, or control, describe fully each document, the circumstances under which the document ceased to exist or left Your possession, and identify the requests(s) to which the document was responsive.

**SASMF EXHIBIT 15**
**11 of 36**

14.     Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation.

15.     These requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense of the Noteholder Group, nor shall they be construed as an admission of any fact.

16.     This is a continuing request for production of documents, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, and if any additional documents are received or discovered at any time, all such further documents shall be produced as they are received or discovered.

17.     The use of the singular form of any word includes the plural and vice-versa.

18.     The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope.  Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

19.     Unless otherwise specified, the Requests will relate to the time period commencing on the Petition Date and continuing to the present.


## DOCUMENT REQUESTS

1.     All Documents and Communications between You and the UST concerning (i) the Motion, and (ii) the Equity Group's request to the UST to appoint an Equity Committee.

2.     All Documents and Communications between You and the Equity Group, concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

6

3.       All Documents and Communications between the Special Committee and the Equity Group concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

4.       All Documents and Communications between You and/or the Special Committee and the Equity Group concerning any agreement by the Debtors not to object to the Motion.

5.       All Documents and Communications between You and the Creditors' Committee concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

6.       All Documents and Communications between You and any holder of the Debtors' equity (other than the Equity Group) concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

|  |  |
|---|---|
| Dated: February 24, 2023<br>Houston, Texas | Respectfully submitted<br><br>*/s/ James T. Grogan III*<br>**PAUL HASTINGS LLP**<br>James T. Grogan III (TX Bar No. 24027354)<br>600 Travis Street, 58th Floor<br>Houston, Texas 77002<br>Telephone:  (713) 860-7300<br>Facsimile:  (713) 353-3100<br>Email: jamesgrogan@paulhastings.com<br><br>-and-<br><br>Kristopher M. Hansen (admitted *pro hac vice*)<br>Kenneth Pasquale (admitted *pro hac vice*)<br>Erez Gilad (admitted *pro hac vice*)<br>Sayan Bhattacharyya (admitted *pro hac vice*)<br>Joanne Lau (admitted *pro hac vice*)<br>200 Park Avenue |

New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
kenpasquale@paulhastings.com
erezgilad@paulhastings.com
sayanbhattacharyya@paulhastings.com
joannelau@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

8

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CORE SCIENTIFIC, INC., *et al.*, | ) Case No. 22-90341 (DRJ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## THE AD HOC NOTEHOLDER GROUP'S
## NOTICE OF DEPOSITION TO MIKE LEVITT

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Ad Hoc Noteholder Group (the "Noteholder Group"), by its undersigned counsel, will take the deposition upon oral examination of Mike Levitt, in his capacity as Chairman and Chief Executive Officer of the Debtors, on February 28, 2023 at 3:00 CT, at the offices of Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, or remotely by Zoom, as may be mutually agreed by the parties. The deposition will be taken before a notary public or some other officer authorized to administer oaths and take testimony and will be used for all lawful purposes.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

The testimony will be recorded by stenographic means and will continue from day to day until completed.

Dated: February 24, 2023
       Houston, Texas

Respectfully submitted

  */s/ James T. Grogan III*
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Erez Gilad (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
      kenpasquale@paulhastings.com
      erezgilad@paulhastings.com
      sayanbhattacharyya@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

2

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CORE SCIENTIFIC, INC., *et al.*, | ) Case No. 22-90341 (DRJ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

### THE AD HOC NOTEHOLDER GROUP'S FIRST SET OF REQUESTS
### FOR PRODUCTION OF DOCUMENTS TO THE
### AD HOC GROUP OF EQUITY HOLDERS OF CORE SCIENTIFIC

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034 and 9014, Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, the Ad Hoc Noteholder Group (the "Noteholder Group"), by its undersigned counsel, requests that the Ad Hoc Group of Equity Holders of Core Scientific (the "Equity Group"), produce the following documents by February 27, 2023 at 5:00 pm ET, in connection with the *Motion of Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [the "Motion," Docket No. 458].

### DEFINITIONS

1.      "Advisor" means any attorney, accountant, financial advisor, investment banker or other third-party who provides advice or analysis.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

2.        "Bankruptcy Case" means the above-captioned Chapter 11 bankruptcy cases.

3.        "Board" means the Debtors' board of directors.

4.        "Communication" means any form of contact, documentary, written, or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda, reports, emails, text messages, instant messages, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, and any other form of communication or correspondence.

5.        "Concerning" means, in addition to its customary and usual meaning, alluding to, confirming, constituting, comprising, containing, commenting upon, discussing, describing, embodying, evaluating, evidencing, identifying, in connection with, involving, mentioning, noting, pertaining to, probative of, related to, relating to, reflecting, referring to, regarding, setting forth, supporting, stating, showing, touching upon, dealing with, assessing, recording, bearing upon, connected with, in respect of, about, indicating, memorializing, proving, suggesting, having anything to do with, contradicting, and/or summarizing in any way, directly or indirectly, in whole or in part, or in any way logically or factually connected with the subject matter discussed.

6.        "Creditors' Committee" means the Official Committee of Unsecured Creditors appointed by the Office of the United States Trustee for the Southern District of Texas on January 9, 2023 in the above captioned case, its members, and its Advisors.

7.        "Debtors" mean the entities listed in footnote 1, above, and their Advisors.

8.        "Document" shall be construed in the broadest sense possible under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules, including, without limitation, any written, printed, handwritten, recorded or graphic material of any kind, however produced or reproduced, and regardless of where located, including, but not limited to emails, text messages, Bloomberg messages, alternative communication and messaging systems (such as instant messaging, Bloomberg chat, Telegram, WhatsApp, Facebook Messenger, or Slack), voicemails, social media postings, letters, logs, drafts, messages, records, spreadsheets,

2

summaries, memoranda, calendar or diary entries, notes, working papers, minutes, agenda, electronic recordings, facsimile transmissions, information stored on computer hard-drives, information stored on computer disks and all other tangible preservations of information, whether in draft form or otherwise.

9.     "Including" or "includes" means including without limitation.

10.     "Petition Date" means December 21, 2022, the date the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

11.     "Relate," "relating," "relates," "related," or any other derivative thereof, has the same meaning as "concerning."

12.     "Special Committee" means the special committee, initially comprised of three (3) independent directors (Neal Goldman, Jarvis Hollingsworth, and Kneeland Youngblood), formed and appointed by the Board on or about November 14, 2022.

13.     "UST" means the Office of the United States Trustee.

14.     The terms "You" and "Your" mean the Equity Group or any member or members of the Equity Group.

## **INSTRUCTIONS**

1.     This request calls for the production of all responsive documents in Your possession, custody, or control that are available to You from any source, wherever situated, including any of Your present or former affiliates, officers, directors, members, employees, agents, representatives, attorneys, or financial advisors.

2.     Documents should be produced on a rolling basis as promptly as possible such that the production of responsive documents is completed by February 28, 2023, in advance of the hearing on the Motion.

3.     You are instructed to produce documents either as they are kept in the usual course of business or organized and labeled to respond to the categories in this request.

4.     The scope of Your search for electronic data that is responsive to any document request shall include all forms of electronic data collection, preservation, transmission,

3

communication and storage, including but not limited to all data generated and maintained in the ordinary course of business stored by You or any third parties on or in:

     a.     Local and network computers and storage devices;

     b.     Distributed, removable, or portable data, *i.e.*, information which resides on portable media and non-local devises, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, solid-state and flash memory drives, cloud storage or other internet repositories (including e-mail hosted by web services such as Gmail), and handheld storage devices such as smart phones, tablets, and iPads;

     c.     Text messaging systems, including iMessage and SMS.

     d.     Voicemail and email systems, alternative communication and messaging systems (such as instant messaging, Bloomberg chat, Telegram, WhatsApp, Facebook Messenger, or Slack), file and print servers, and fax servers;

     e.     Legacy data, *i.e.*, retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete; and

     f.     Metadata, *i.e.*, information regarding a particular data set which describes how, when and by whom it was collected, created, accessed, and modified and how it is formatted.

     5.     All documents and communications should be Bates labeled, and should be produced in single page TIFF images (except that excel spreadsheets and other such file types that include logical formulae or files that, when converted to image format, take on an appearance noticeably different from the one the running-native file took when viewed on a computer screen, should be produced in native, with a "nativelink" file) with extracted text or OCR at the document level and with the following load files: LEP, OPT and DAT. TIFF images should be 300 DPI Group IV compressed TIFF images. The load files should be provided as delimited load files. All metadata should be provided, including the following: BEGDOC, ENDDOC, BEGATTACH,

4

ENDATTACH, Page Count, Author, To, Cc, Bcc, Custodian, Date Sent, Time Sent, Subject, File Name, Date Last Modified, MD5Hash and NATIVELINK (link to native on media if applicable).

6. Selection of documents from files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

7. In addition to original and final versions of documents, all drafts, alterations, modifications, changes, and amendments of documents shall be produced, as well as copies non-identical to the original in any respect, including any copy bearing non-identical marking or notations of any kind.

8. Every document produced pursuant to this request shall be produced in its entirety, including all attachments and documents affixed thereto.

9. If You are unable to answer or respond fully to any request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full. If You have no documents responsive to a particular request, so state.

10. If You object to any request set forth herein, state the specific grounds upon which You object and produce all documents responsive to request to which there is no objection.

11. To the extent You contend You are entitled to withhold from production any document responsive to any request set forth herein based on the assertion of attorney-client privilege, the attorney work-product doctrine or any other privilege, you must identify the specific basis of such assertion of privilege in an appropriate log.

12. If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be redacted from the document and the rest of the document shall be produced.

13. For any responsive document of which You are aware existed at one time, but no longer exists, or was once, but is no longer, within Your possession, custody, or control, describe fully each document, the circumstances under which the document ceased to exist or left Your possession, and identify the requests(s) to which the document was responsive.

5

14.     Unless instructed otherwise, each request shall be construed independently and not by reference to any other request for the purpose of limitation.

15.     These requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense of the Noteholder Group, nor shall they be construed as an admission of any fact.

16.     This is a continuing request for production of documents, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 7026 of the Federal Rules of Bankruptcy Procedure, and if any additional documents are received or discovered at any time, all such further documents shall be produced as they are received or discovered.

17.     The use of the singular form of any word includes the plural and vice-versa.

18.     The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each request all responses that might otherwise be considered outside its scope.  Whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to include all other tenses, voices, or moods.

19.     Unless otherwise specified, the Requests will relate to the time period commencing on the Petition Date and continuing to the present.


**DOCUMENT REQUESTS**

1.     All Documents that the Equity Group intends to introduce as evidence at the hearing on the Motion.

2.     All Documents that the Equity Group relied upon to prepare the Motion.

3.     All Documents and Communications between You and the Debtors, including any officer or director of the Debtors, concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

6

4. All Documents and Communications between You and the Special Committee concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

5. All Documents and Communications between You and the Creditors' Committee concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

6. All Documents and Communications between You and any other holder of the Debtors' equity concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

7. All Documents and Communications between You and the Debtors concerning any agreement by the Debtors not to object to the Motion.

Dated: February 24, 2023
Houston, Texas

Respectfully submitted

_/s/ James T. Grogan III_
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Kristopher M. Hansen (admitted _pro hac vice_)
Kenneth Pasquale (admitted _pro hac vice_)
Erez Gilad (admitted _pro hac vice_)
Sayan Bhattacharyya (admitted _pro hac vice_)
Joanne Lau (admitted _pro hac vice_)
200 Park Avenue

7

New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email: krishansen@paulhastings.com
        kenpasquale@paulhastings.com
        erezgilad@paulhastings.com
        sayanbhattacharyya@paulhastings.com
        joannelau@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CORE SCIENTIFIC, INC., *et al.*, | ) Case No. 22-90341 (DRJ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

## THE AD HOC NOTEHOLDER GROUP'S NOTICE OF DEPOSITION TO THE AD HOC GROUP OF EQUITY HOLDERS OF CORE SCIENTIFIC

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Ad Hoc Noteholder Group (the "Noteholder Group"), by its undersigned counsel, will take the deposition upon oral examination of the Ad Hoc Group of Equity Holders of Core Scientific (the "Equity Group"), on February 28, 2023 at 10:00 a.m. CT, at the offices of Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, or remotely by Zoom, as may be mutually agreed by the parties. The deposition will be taken before a notary public or some other officer authorized to administer oaths and take testimony and will be used for all lawful purposes. The testimony will be recorded by stenographic means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Equity Group shall designate one or more persons most

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

knowledgeable about the matters described in Exhibit A to this Notice. The Equity Group is required to cause each designated witness to inform themselves on each identified matter as to what information is known or reasonably available to the Equity Group to the extent provided in the Federal Rules of Civil Procedure. In the event that the Equity Group designates more than one person to testify on its behalf concerning the topics described in Exhibit A, the deposition of such additional designees shall commence consecutively after the conclusion of the first designee's position. Each designated witness is instructed to bring to the deposition any and all documents and things that evidence, constitute, or refer to the topics listed in Exhibit A that were not otherwise produced prior to the date of the deposition.

Dated: February 24, 2023
      Houston, Texas

Respectfully submitted

*/s/ James T. Grogan III*
_____
**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Erez Gilad (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
     kenpasquale@paulhastings.com
     erezgilad@paulhastings.com
     sayanbhattacharyya@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

2

**EXHIBIT A**

**TOPICS FOR Fed. R. Civ. Pro. 30(b)(6) DEPOSITION**

1.      The *Motion of Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [the "Motion," Docket No. 458].

2.      The communications between You and the Debtors, including any officer or director of the Debtors, concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

3.      The communications between You and the Special Committee concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

4.      The communications between You and the Creditors' Committee concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

5.      The communications between You and any other holder of the Debtors' equity concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity

**SASMF EXHIBIT 15**

**27 of 36**

Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

6.      The communications between You and the Debtors concerning any agreement by the Debtors not to object to the Motion.

**SASMF EXHIBIT 15**

**Exhibit B**

SASMF EXHIBIT 15

29 of 36

| | |
|---|---|
| **From:** | Reed, Noelle M <Noelle.Reed@skadden.com> |
| **Sent:** | Friday, February 24, 2023 6:22 PM |
| **To:** | Pasquale, Ken |
| **Cc:** | Meisler, Ron E; Hansen, Kris; Gilad, Erez; Bhattacharyya, Sayan; Lau, Joanne; Montefusco, Ryan; Grogan, James T.; Panagakis, George N; Madden, Jennifer |
| **Subject:** | [EXT] Re: [Ext] RE: Core Scientific/Motion to Appoint Equity Committee |

### --- External Email ---

Some people who received this message don't often get email from noelle.reed@skadden.com. Learn why this is important

Ken -

Not clear how your "therefore" follows in any way from the first sentence.   We are reviewing the discovery served at 10:18 am today and will respond consistent with the applicable rules.   But to be clear, we have not agreed to either expedited discovery or any extension.  Happy to discuss further on Monday morning.

NMR

> On Feb 24, 2023, at 11:03 AM, Pasquale, Ken <kenpasquale@paulhastings.com> wrote:
>
> Ron:
>
> We understand that you have "settled" with Debtors – that agreement is a subject of the discovery, and a basis for our request for an adjournment.  I'll take your email as a "no" to our requests, and we will proceed accordingly.  We therefore expect that the Equity Group will comply with our discovery on the dates requested.
>
> Regards,
> Ken

**Ken Pasquale** | **Partner | Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6463 | Mobile: +1.908.578.3514
kenpasquale@paulhastings.com|www.paulhastings.com

**From:** Meisler, Ron E <Ron.Meisler@skadden.com>
**Sent:** Friday, February 24, 2023 11:47 AM
**To:** Pasquale, Ken <kenpasquale@paulhastings.com>
**Cc:** Hansen, Kris <krishansen@paulhastings.com>; Gilad, Erez <erezgilad@paulhastings.com>;

Bhattacharyya, Sayan <sayanbhattacharyya@paulhastings.com>; Lau, Joanne <joannelau@paulhastings.com>; Montefusco, Ryan <ryanmontefusco@paulhastings.com>; Grogan, James T. <jamesgrogan@paulhastings.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Panagakis, George N <George.Panagakis@skadden.com>; Madden, Jennifer <Jennifer.Madden@skadden.com>
**Subject:** [EXT] RE: Core Scientific/Motion to Appoint Equity Committee

### --- External Email ---

Ken,
I discussed the Motion in-person with Kris on February 1st, corresponded with him briefly following the 1st, and then our Motion was filed on February 3, a full three weeks ago. The Motion has been set for hearing on February 28 since the date we filed the Motion. We are not able to agree to any extension or adjournment, and I'm quite sure you didn't wait until today to begin drafting your objection, which is due this afternoon. What is it you propose to discuss about the discovery?

Finally, note that we have settled with the Debtors and plan to have an agreed order (with a marked version showing the changes to the form of order attached to the Motion) on file later today.

Best,
Ron

**Ron E. Meisler**
Partner
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Wacker Drive | Chicago | Illinois | 60606-1720
**T: +1.312.407.0549** | **F: +1.312.407.8641** | **M: +1.312.282.1111**
**ron.meisler@skadden.com**

`Skadden`

---

**From:** Pasquale, Ken <kenpasquale@paulhastings.com>
**Sent:** Friday, February 24, 2023 10:18 AM
**To:** Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Panagakis, George N (CHI) <George.Panagakis@skadden.com>; Meisler, Ron E (CHI) <Ron.Meisler@skadden.com>; Dressel, Christopher M (CHI) <Christopher.Dressel@skadden.com>; Madden, Jennifer (PAL) <Jennifer.Madden@skadden.com>
**Cc:** Hansen, Kris <krishansen@paulhastings.com>; Gilad, Erez <erezgilad@paulhastings.com>; Bhattacharyya, Sayan <sayanbhattacharyya@paulhastings.com>; Lau, Joanne <joannelau@paulhastings.com>; Montefusco, Ryan <ryanmontefusco@paulhastings.com>; Grogan, James T. <jamesgrogan@paulhastings.com>
**Subject:** [Ext] Core Scientific/Motion to Appoint Equity Committee

Skadden team:

As you know, we represent the Ad Hoc Noteholder Group in these bankruptcy cases. Attached are discovery demands to the Ad Hoc Group of Equity Holders concerning its motion to appoint an equity committee. You'll see that we seek responses to this discovery in advance of the March 1 hearing date on the motion; however, we request that the Equity Group agree to adjourn the hearing date to allow

2

for a reasonable time for the discovery to take place.  We will also be serving discovery upon the Debtors.

In the interim, as a courtesy, we request a short extension of the objection deadline from today until Sunday afternoon at 3:00 ET (to accommodate Sabbath observers on our team).

Please let us know when you are available to discuss the discovery and our requests today.  We reserve all rights and positions.

Regards,
Ken



**Ken Pasquale | Partner | Financial Restructuring Group**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166
Direct: +1.212.318.6463 | Mobile: +1.908.578.3514
kenpasquale@paulhastings.com|www.paulhastings.com

**************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================
==========

**************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

**SASMF EXHIBIT 15**
**32 of 36**

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

**Exhibit C**

**SASMF EXHIBIT 15**

**34 of 36**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | ) | **Case No. 22-90341 (DRJ)** |
| | ) | |
| **Debtors.[1]** | ) | **(Jointly Administered)** |
| | ) | |

**ORDER ADJOURNING HEARING ON MOTION OF AD HOC GROUP OF EQUITY
HOLDERS OF CORE SCIENTIFIC FOR ENTRY OF AN ORDER
DIRECTING THE APPOINTMENT OF AN OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS [DOCKET NO. 458]**

Upon the motion (the "Motion to Adjourn") of the Ad Hoc Noteholder Committee requesting

an adjournment of the Hearing[2] on the *Motion of Ad Hoc Group of Equity Holders of Core Scientific*

*for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders*

(the "Equity Motion") [Docket No. 458], as more fully set forth in the Motion to Adjourn; and after

due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.       The Motion to Adjourn is granted.

2.       The Hearing on the Equity Motion shall take place on March __, 2023, at ___,

Prevailing Central Time.

3.       This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the enforcement of this Order.

---

[1]       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]       Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Adjourn.

**SASMF EXHIBIT 15**
**35 of 36**

Dated: March __, 2023
Houston, Texas

_____
THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**SASMF EXHIBIT 15**
**36 of 36**