UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| CORE SCIENTIFIC, INC., *et al.*, | ) Case No. 22-90341 (DRJ) <br> ) |
| Debtors.[1] | ) (Jointly Administered) <br> ) |

### THE AD HOC NOTEHOLDER GROUP'S NOTICE OF DEPOSITION TO THE AD HOC GROUP OF EQUITY HOLDERS OF CORE SCIENTIFIC

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, the Ad Hoc Noteholder Group (the "Noteholder Group"), by its undersigned counsel, will take the deposition upon oral examination of the Ad Hoc Group of Equity Holders of Core Scientific (the "Equity Group"), on February 28, 2023 at 10:00 a.m. CT, at the offices of Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, Texas 77002, or remotely by Zoom, as may be mutually agreed by the parties. The deposition will be taken before a notary public or some other officer authorized to administer oaths and take testimony and will be used for all lawful purposes. The testimony will be recorded by stenographic means and will continue from day to day until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Equity Group shall designate one or more persons most

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**SASMF EXHIBIT 21**

**1 of 4**

knowledgeable about the matters described in Exhibit A to this Notice. The Equity Group is required to cause each designated witness to inform themselves on each identified matter as to what information is known or reasonably available to the Equity Group to the extent provided in the Federal Rules of Civil Procedure. In the event that the Equity Group designates more than one person to testify on its behalf concerning the topics described in Exhibit A, the deposition of such additional designees shall commence consecutively after the conclusion of the first designee's position. Each designated witness is instructed to bring to the deposition any and all documents and things that evidence, constitute, or refer to the topics listed in Exhibit A that were not otherwise produced prior to the date of the deposition.

Dated: February 24, 2023
      Houston, Texas

Respectfully submitted

*/s/ James T. Grogan III*

**PAUL HASTINGS LLP**
James T. Grogan III (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Erez Gilad (admitted *pro hac vice*)
Sayan Bhattacharyya (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
       kenpasquale@paulhastings.com
       erezgilad@paulhastings.com
       sayanbhattacharyya@paulhastings.com

*Counsel to the Ad Hoc Group of Secured Convertible Noteholders*

**EXHIBIT A**

**TOPICS FOR Fed. R. Civ. Pro. 30(b)(6) DEPOSITION**

1.      The *Motion of Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [the "Motion," Docket No. 458].

2.      The communications between You and the Debtors, including any officer or director of the Debtors, concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

3.      The communications between You and the Special Committee concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

4.      The communications between You and the Creditors' Committee concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

5.      The communications between You and any other holder of the Debtors' equity concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity

Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

6.	The communications between You and the Debtors concerning any agreement by the Debtors not to object to the Motion.