UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **CORE SCIENTIFIC, INC.,** *et al.*, | ) Case No. 22-90341 (DRJ) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

### THE AD HOC EQUITY GROUP'S
### OBJECTIONS AND RESPONSES TO THE AD HOC
### NOTEHOLDER GROUP'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034, and 9014, Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("Applicable Rules"), the Ad Hoc Equity Group of beneficial holders of the common stock of Core Scientific, Inc. (the "Ad Hoc Equity Group") objects and responds as follows to the Ad Hoc Noteholder Group's (the " Ad Hoc Noteholder Group") First Set of Requests for Production to the Ad Hoc Equity Group (each a "Request" and together, the "Requests").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

**OBJECTIONS TO DEFINITIONS**

1. The Ad Hoc Equity Group objects to the definition of "Advisor" as overly broad to the extent it refers to third parties who provide advice or analysis that are unknown to the Ad Hoc Equity Group. The Ad Hoc Equity Group will interpret "Advisors" in these Requests to mean any attorney, accountant, financial advisor, or investment banker that it knows is providing advice or analysis to one of the relevant parties.

2. The Ad Hoc Equity Group objects to the definition of "Communication" as overly broad, unduly burdensome, and disproportionate to the needs of the Action. The Ad Hoc Equity Group further objects to the extent that it seeks to impose a higher burden than that imposed by the Applicable Rules. The Ad Hoc Equity Group will comply with the Applicable Rules in its Responses.

3. The Ad Hoc Equity Group objects to the definition of "Concerning" as overly broad, unduly burdensome, and disproportionate to the needs of the Action. The Ad Hoc Equity Group further objects to the extent that it seeks to impose a higher burden than that imposed by the Applicable Rules. The Ad Hoc Equity Group will comply with the Applicable Rules in its Responses.

4. The Ad Hoc Equity Group objects to the definition of "Document" as overly broad, unduly burdensome, and disproportionate to the needs of the Action. The Ad Hoc Equity Group further objects to the extent that it seeks to impose a higher burden than that imposed by the Applicable Rules. The Ad Hoc Equity Group will comply with the Applicable Rules in its Responses.

5. The Ad Hoc Equity Group objects to the definition of "Relate," "Relating," "Relates," and "Related" as overly broad, unduly burdensome, and disproportionate to the needs of the Action. The Ad Hoc Equity Group further objects to the extent that it seeks to impose a

higher burden than that imposed by the Applicable Rules. The Ad Hoc Equity Group will comply with the Applicable Rules in its Responses.

6. The Ad Hoc Equity Group objects to the definition of "You" and Your" as overly broad, unduly burdensome, and disproportionate to the needs of the Action. The Ad Hoc Equity Group will interpret "You" and "Your" in these Requests to mean the Ad Hoc Equity Group and anyone acting as a representative of the Ad Hoc Equity Group.

## OBJECTIONS TO INSTRUCTIONS

7. The Ad Hoc Equity Group objects to Instruction No. 1 to the extent it seeks to require it to produce documents that are not within its possession, custody, or control, including documents within the possession, custody, or control of individual members of the Ad Hoc Equity Group. The Ad Hoc Equity Group does not employ or control its individual members and does not have possession, custody, or control over documents in their possession.

8. The Ad Hoc Equity Group objects to Instruction No. 2 because it seeks to impose a burden higher than that imposed by the Applicable Rules. Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 provide a party on whom requests for production are served 30 days after service to respond to the requests. Instruction No. 2 purports to require the Ad Hoc Equity Group to complete its production two business days after service of the requests. The Ad Hoc Noteholder Group did not seek leave of the Court to expedite discovery before serving the requests, nor has the Ad Hoc Noteholder Group established any basis to require the Ad Hoc Equity Group to respond to its requests within two business days.

9. The Ad Hoc Equity Group objects to Instruction No. 4 to the extent it seeks to impose a burden higher than or different from that imposed by the Applicable Rules. Federal Rule of Bankruptcy Procedure 7026(b) and Federal Rule of Civil Procedure 26(b) limit the scope of permissible discovery and do not require a party to provide discovery of electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden or

cost.  The Ad Hoc Equity Group further objects to this instruction because it purports to require the Ad Hoc Equity Group to complete a comprehensive collection, review, and production of ESI with metadata within four days.  That instruction is disproportionate to the needs of the case, unduly burdensome, and appear to be intended to harass rather than to serve any legitimate discovery interest.

10. The Ad Hoc Equity Group objects to Instruction No. 5 as disproportionate to the needs of the case, unduly burdensome, and harassing in the context of expedited discovery.  To the extent any expedited discovery is permitted or agreed, the Ad Hoc Equity Group will produce ESI in a format that is reasonable under the circumstances.

11. The Ad Hoc Equity Group objects to Instruction No. 6 as vague and unclear, and further objects to the extent it seeks to impose on the Ad Hoc Equity Group a burden higher than or different from that imposed by the Applicable Rules.

12. The Ad Hoc Equity Group objects to Instruction No. 7 as unreasonable and unduly burdensome in the context of expedited discovery sought by the Ad Hoc Noteholder Group.

13. The Ad Hoc Equity Group objects to Instruction No. 8 to the extent it seeks to impose a burden higher than or different from that imposed by the Applicable Rules.

14. The Ad Hoc Equity Group objects to Instruction No. 9 to the extent it seeks to impose a burden higher than or different from that imposed by the Applicable Rules.  Federal Rule of Bankruptcy Procedure 7026(b) and Federal Rule of Civil Procedure 26(b) define the information to be provided where a claim of privilege is asserted in objecting to any means of discovery and the Ad Hoc Noteholder Group may not alter or expand the Rules.  The Ad Hoc Equity Group further objects to this instruction as disproportionate to the needs of the case, unduly burdensome, harassing, and seeking to impose obligations different from the Applicable Rules.

15. The Ad Hoc Equity Group objects to Instruction No. 11 to the extent it seeks to impose on the Ad Hoc Equity Group a burden higher than or different from that imposed by the Applicable Rules.  Federal Rule of Bankruptcy Procedure 7026(b) and Federal Rule of Civil

Procedure 26(b) define the information to be provided where a claim of privilege is asserted in objecting to any means of discovery and the Ad Hoc Noteholder Group may not alter or expand the Applicable Rules.

16.     The Ad Hoc Equity Group objects to Instruction No. 12 to the extent it seeks to impose on the Ad Hoc Equity Group a burden higher than or different from that imposed by the Applicable Rules.  Federal Rule of Bankruptcy Procedure 7026(b) and Federal Rule of Civil Procedure 26(b) define the information to be provided where a claim of privilege is asserted in objecting to any means of discovery and the Ad Hoc Noteholder Group may not alter or expand the Applicable Rules.

17.     The Ad Hoc Equity Group objects to Instruction No. 13 to the extent it seeks to impose on the Ad Hoc Equity Group a burden higher than or different from that imposed by the Applicable Rules.  The Applicable Rules do not require a party responding to requests for production to identify specific responsive documents that no longer exist or are no longer in the party's possession, custody, or control, much less explain the circumstances regarding why the documents are no longer available.  The Ad Hoc Equity Group further objects to this instruction as disproportionate to the needs of the case, unduly burdensome, and harassing.

18.      The Ad Hoc Equity Group objects to Instruction No. 16 to the extent it seeks to impose a continuing request for production of documents on the Ad Hoc Equity Group.  These expedited Requests seek the production of documents relating to the hearing on the motion to appoint an equity committee.  Once that motion is resolved, any additional discovery is improper.

19.     The Ad Hoc Equity Group objects to Instruction No. 19 as overly broad in time, unreasonable, unduly burdensome, and harassing in the context of expedited discovery.

## **RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**RFP NO. 1:**  All Documents that the Equity Group intends to introduce as evidence at the hearing on the Motion.

4

**Response:**  The Ad Hoc Equity Group objects to this Request because it purports to vary the requirements of Local Rule 9013-2 regarding the exchange of exhibit lists.  Subject to the foregoing objection, the Ad Hoc Equity Group refers the Ad Hoc Noteholder Group to the Ad Hoc Equity Group's witness and exhibit list for the March 1, 2023 hearing [Docket No. 576].

**RFP NO. 2:**  All Documents that the Equity Group relied upon to prepare the Motion.

**Response:**  The Ad Hoc Equity Group objects to this Request to the extent that it purports to vary the requirements of Local Rule 9013-2 regarding the exchange of exhibit lists.  The Ad Hoc Equity Group further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the Bankruptcy Case.  The Motion identifies on its face the information on which the Motion is based.  The Ad Hoc Equity Group further objects to this Request to the extent that it calls for the production of documents and communications that are subject to the attorney-client privilege or work product doctrine.  The Ad Hoc Equity Group further objects to expedited discovery of the documents requested.  The Ad Hoc Noteholder Group failed to serve any discovery between February 3, when the Motion was filed, and February 24, when their objection was due.  The Ad Hoc Noteholder Group's Emergency Motion to Adjourn Hearing on Motion of the Ad Hoc Equity Group for Entry of an Order Directing Appointment of an Official Committee states that they need discovery "in order to ascertain the factual predicate of the Debtors' decision and the 'settlement' with the Equity Group."  *See* Emergency Mot. ¶ 3.  There is no reason the Ad Hoc Noteholder Group could not have requested documents related to the Ad Hoc Equity Group's Motion well before February 24, and those documents cannot bear upon the Ad Hoc Noteholder Group's stated reasons for needing expedited discovery.  Subject to the foregoing objections, the Ad Hoc Equity Group refers the Ad Hoc Noteholder Group to the Motion [Docket No. 458], the

Debtors' Response to Motion for Appointment of an Official Committee of Equity Securityholders [Docket No. 570], the Statement of the Official Committee of Unsecured Creditors with Respect to the Motion of the Ad Hoc Group of Equity Holders for Appointment of an Official Committee of Equity Securityholders [Docket No. 571] and the Ad Hoc Equity Group's forthcoming Reply, and to the Ad Hoc Equity Group's witness and exhibit list for the March 1, 2023 hearing [Docket No. 576]. The Ad Hoc Equity Group is otherwise withholding documents based on these objections.

**RFP NO. 3:**  All Documents and Communications between You and the Debtors, including any officer or director of the Debtors, concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

**Response:**  The Ad Hoc Equity Group objects to this Request because it seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence. The documents requested are not relevant to the litigation of the merits of the Motion, and the Debtors' reasons for supporting the Motion are similarly not relevant. The Ad Hoc Equity Group further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the Bankruptcy Case. The Ad Hoc Equity Group further objects to expedited discovery of the documents requested. The Ad Hoc Noteholder Group failed to serve any discovery between February 3, when the Motion was filed, and February 24, when their objection was due. The Ad Hoc Noteholder Group's Emergency Motion to Adjourn Hearing on Motion of the Ad Hoc Equity Group for Entry of an Order Directing Appointment of an Official Committee states that they need discovery "in order to ascertain the factual predicate of the Debtors' decision and the 'settlement' with the Equity Group." *See* Emergency Mot. ¶ 3. This Request is explicitly premised on

allegations in the Motion, which has been on file since February 3. There is no reason the Ad Hoc Noteholder Group could not have requested the documents referenced in this request well before February 24, and those documents cannot bear upon the Ad Hoc Noteholder Group's stated reasons for needing expedited discovery. Subject to the foregoing objections, the Ad Hoc Equity Group refers the Ad Hoc Noteholder Group to the documents that were filed as exhibits to the Motion [Docket No. 458], the Debtors' Response to Motion for Appointment of an Official Committee of Equity Securityholders [Docket No. 570] and the Ad Hoc Equity Group's forthcoming Reply, and to the Ad Hoc Equity Group's witness and exhibit list for the March 1, 2023 hearing [Docket No. 576]. The Ad Hoc Equity Group is otherwise withholding responsive documents based on these objections.

**RFP NO. 4:** All Documents and Communications between You and the Special Committee concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

**Response:** The Ad Hoc Equity Group objects to this Request because it seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence. The documents requested are not relevant to the litigation of the merits of the Motion, and the Debtors' reasons for supporting the Motion are similarly not relevant. The Ad Hoc Equity Group further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the Bankruptcy Case. The Ad Hoc Equity Group further objects to expedited discovery of the documents requested. The Ad Hoc Noteholder Group failed to serve any discovery between February 3, when the Motion was filed, and February 24, when their objection was due. The Ad Hoc Noteholder Group's Emergency Motion to Adjourn Hearing on Motion of the Ad Hoc Equity Group for Entry of an Order Directing Appointment of an Official Committee states that they need

discovery "in order to ascertain the factual predicate of the Debtors' decision and the 'settlement' with the Equity Group." *See* Emergency Mot. ¶ 3. This Request is explicitly premised on allegations in the Motion, which has been on file since February 3. There is no reason the Ad Hoc Noteholder Group could not have requested the documents referenced in this request well before February 24, and those documents cannot bear upon the Ad Hoc Noteholder Group's stated reasons for needing expedited discovery. Subject to the foregoing objections, the Ad Hoc Equity Group refers the Ad Hoc Noteholder Group to the documents that were filed as exhibits to the Motion [Docket No. 458], the Debtors' Response to Motion for Appointment of an Official Committee of Equity Securityholders [Docket No. 570] and the Ad Hoc Equity Group's forthcoming Reply, and to the Ad Hoc Equity Group's witness and exhibit list for the March 1, 2023 hearing [Docket No. 576]. Subject to the foregoing objections, the Ad Hoc Equity Group will produce correspondence, if any exists, between its representatives and the Special Committee or its representatives, regarding the Special Committee's position on the Ad Hoc Equity Group's Motion to the extent such correspondence can be reasonably located and produced (in PDF form only) within two business days.

**RFP NO. 5:** All Documents and Communications between You and the Creditors' Committee concerning (i) the Motion, including Communications as alleged in paragraph 23 of the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

**Response:** The Ad Hoc Equity Group objects to this Request because it seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence. The documents requested are not relevant to the litigation of the merits of the Motion, and the Debtors' reasons for supporting the Motion are similarly not relevant. The Ad Hoc Equity Group further

objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the Bankruptcy Case.  The Ad Hoc Equity Group further objects to expedited discovery of the documents requested.  The Ad Hoc Noteholder Group failed to serve any discovery between February 3, when the Motion was filed, and February 24, when their objection was due.  The Ad Hoc Noteholder Group's Emergency Motion to Adjourn Hearing on Motion of the Ad Hoc Equity Group for Entry of an Order Directing Appointment of an Official Committee states that they need discovery "in order to ascertain the factual predicate of the Debtors' decision and the 'settlement' with the Equity Group."  *See* Emergency Mot. ¶ 3.  This Request is explicitly premised on allegations in the Motion, which has been on file since February 3.  There is no reason the Ad Hoc Noteholder Group could not have requested the documents referenced in this request well before February 24, and those documents cannot bear upon the Ad Hoc Noteholder Group's stated reasons for needing expedited discovery.  Subject to the foregoing objections, the Ad Hoc Equity Group refers the Ad Hoc Noteholder Group to the documents that were filed as exhibits to the Motion [Docket No. 458], the Debtors' Response to Motion for Appointment of an Official Committee of Equity Securityholders [Docket No. 570] and the Ad Hoc Equity Group's forthcoming Reply, and to the Ad Hoc Equity Group's witness and exhibit list for the March 1, 2023 hearing [Docket No. 576].  The Ad Hoc Equity Group is otherwise withholding responsive documents based on these objections.

**RFP NO. 6:**  All Documents and Communications between You and any other holder of the Debtors' equity concerning (i) the Motion, (ii) the Equity Group's request to the UST to appoint an Equity Committee, and (iii) the Equity Group's contention that there is a substantial likelihood that the Debtors are solvent, as alleged in the Motion.

**Response:**  The Ad Hoc Equity Group objects to this Request because it seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence.  The

9

documents requested are not relevant to the litigation of the merits of the Motion, and the Debtors' reasons for supporting the Motion are similarly not relevant.  The Ad Hoc Equity Group further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the Bankruptcy Case.  The Ad Hoc Equity Group further objects to expedited discovery of the documents requested.  The Ad Hoc Noteholder Group failed to serve any discovery between February 3, when the Motion was filed, and February 24, when their objection was due.  The Ad Hoc Noteholder Group's Emergency Motion to Adjourn Hearing on Motion of the Ad Hoc Equity Group for Entry of an Order Directing Appointment of an Official Committee states that they need discovery "in order to ascertain the factual predicate of the Debtors' decision and the 'settlement' with the Equity Group."  *See* Emergency Mot. ¶ 3.  This Request is explicitly premised on allegations in the Motion, which has been on file since February 3 and which they have known about several days prior to the filing of the Motion.  There is no reason the Ad Hoc Noteholder Group could not have requested the documents referenced in this request well before February 24, and those documents cannot bear upon the Ad Hoc Noteholder Group's stated reasons for needing expedited discovery.  The Ad Hoc Equity Group further objects to this Request to the extent it seeks the production of documents are protected by the attorney-client privilege, the work product doctrine, or the common interest privilege.  The Ad Hoc Equity Group is withholding responsive documents based on these objections.

**RFP NO. 7:**  All Documents and Communications between You and the Debtors concerning any agreement by the Debtors not to object to the Motion.

**Response:**  The Ad Hoc Equity Group objects to this Request because it seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence.  The documents requested are not relevant to the litigation of the merits of the Motion, and the Debtors'

10

reasons for supporting the Motion are similarly not relevant. The Ad Hoc Equity Group further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the Bankruptcy Case. The Ad Hoc Equity Group's communications with counsel for the Debtors concerning the Debtors' position on the Motion are entirely irrelevant to any objection the Ad Hoc Noteholder Group may have to the Motion. Subject to the foregoing objections, the Ad Hoc Equity Group will produce correspondence between its representatives and the Debtors or their representatives regarding the terms of Debtors' agreement to the Ad Hoc Equity Group's Motion to the extent such correspondence can be reasonably located and produced (in PDF form only) within two business days. The Ad Hoc Equity Group is otherwise withholding responsive documents based on these objections.

**SASMF EXHIBIT 22**

**12 of 14**

| | |
|---|---|
| Dated: February 27, 2023 | Respectfully submitted,<br><br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br><br>*/s/ Noelle M. Reed*<br>Noelle M. Reed<br>Attorney-in-Charge<br>State Bar No. 24044211<br>Southern District of Texas Bar No. 27139<br>1000 Louisiana Street<br>Suite 6800<br>Houston, Texas 77002<br>Tel: (713) 655-5116<br>Fax: (713) 483-9116<br>Email: Noelle.Reed@skadden.com<br><br>-and-<br><br>George N. Panagakis<br>(*Admitted pro hac vice*)<br>Ron E. Meisler<br>(*Admitted pro hac vice*)<br>Jennifer Madden<br>(*Application for pro hac vice Admission Forthcoming*)<br>155 North Wacker Drive<br>Chicago, Illinois 60606-1720<br>Telephone: (312) 407-0700<br>Fax: (312) 407-0411<br>Email: George.Panagakis@skadden.com<br>Email: Ron.Meisler@skadden.com<br>Email: Jennifer.Madden@skadden.com<br><br>*Attorneys for the Ad Hoc Equity Group* |

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2023, I served the foregoing document on counsel for all parties via electronic mail, as consented to pursuant to Rule 7005(b)(2)(E) of the Federal Rules of Bankruptcy Procedure.

                                      */s/ Noelle M. Reed*
                                      Noelle M. Reed