IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., et al | § | Case No. 22-90341 (DRJ) |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

**NOTICE OF FILING OF AGREED PROPOSED ORDER DIRECTING
THE APPOINTMENT OF AN OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS**

[Relates to Docket Nos. 458, 568]

**PLEASE TAKE NOTICE THAT** on February 24, 2023, the Ad Hoc Equity Group (the "**Ad Hoc Equity Group**"), filed the *Notice of Rescheduled Hearing regarding Motion of the Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 568] attaching a revised proposed order (the "**Initial Revised Proposed Order**") granting the relief requested in the *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for Entry of an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458].

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "**Hearing**") was held on March 1, 2023 at 3:30 p.m. (prevailing Central Time) and March 3, 2023 at 9:30 a.m. (prevailing Central Time) before the Honorable David R. Jones, United States Bankruptcy Judge for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6073); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

2

Southern District of Texas, Houston Division to consider entry of the Initial Revised Proposed Order.

**PLEASE TAKE FURTHER NOTICE THAT** the Ad Hoc Equity Group hereby submits an agreed proposed *Order Directing the Appointment of an Official Committee of Equity Security Holders* (the "**Agreed Proposed Order**"), which is attached hereto as **Exhibit A**. A redline of the Agreed Proposed Order marked against the Initial Revised Proposed Order is attached hereto as **Exhibit B**.

*[Remainder of Page Intentionally Left Blank]*

Dated: March 3, 2023
      Houston, Texas

                                Respectfully submitted,

                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                */s/ Noelle M. Reed*
                                Noelle M. Reed
                                Attorney-in-Charge
                                State Bar No. 24044211
                                Federal Bar No. 27139
                                1000 Louisiana Street
                                Suite 6800
                                Houston, Texas 77002
                                Tel: (713) 655-5122
                                Fax: (713) 483-9122
                                Email: Noelle.Reed@skadden.com

                                -and-

                                George N. Panagakis
                                *(Admitted pro hac vice)*
                                Ron E. Meisler
                                *(Admitted pro hac vice)*
                                Jennifer Madden
                                *(Application for pro hac vice admission forthcoming)*
                                155 North Wacker Drive
                                Chicago, Illinois 60606-1720
                                Telephone: (312) 407-0700
                                Fax: (312) 407-0411
                                Email: George.Panagakis@skadden.com
                                Email: Ron.Meisler@skadden.com
                                Email: Jennifer.Madden@skadden.com

                                *Attorneys for the Ad Hoc Equity Group*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be served by electronic transmission via the Court's ECF system to all parties registered to receive electronic notice in this case.

                                        */s/ Noelle M. Reed*
                                        Noelle M. Reed

# EXHIBIT A

**Agreed Proposed Form of Order**

**SASMF EXHIBIT 26**

**5 of 17**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.*, | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**AGREED ORDER DIRECTING THE APPOINTMENT
OF AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

[Relates to Docket No. 458]

The Bankruptcy Court, having considered the *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458] (the "**Motion**") filed by the Ad Hoc Equity Group[2] on February 3, 2023; and the Bankruptcy Court having held a hearing on March 1, 2023 (the "**March 1 Hearing**") and March 3, 2023 (collectively, the "**Hearing**") to consider the relief requested in the Motion; at the March 1 Hearing, following comments made by the Bankruptcy Court relating to the Motion, the Debtors, the UCC, the Ad Hoc Equity Group. B. Riley, in its capacity as DIP Lender ("**B. Riley**"), and the Ad Hoc Noteholder Group agreed to adjourn to March 3, 2023 to consider the Bankruptcy Court's proposal; and following good faith and arm's length negotiations, the Debtors have agreed to the appointment of an official

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6073); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

committee of equity security holders (the "**Official Equity Committee**"), subject to the terms set forth in this Order; and the Bankruptcy Court finding good cause therefor, and for the reasons stated on the record,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as and to the extent expressly set forth herein (the "**Order**") and subject to the limitations and standards of review stated by the Bankruptcy Court on the record at the Hearing.

2. The U.S. Trustee shall appoint an Official Equity Committee in the chapter 11 cases as expeditiously as possible.

3. Subject to paragraphs 4 through 8 below, the fees and expenses of the Official Equity Committee, inclusive of any fees and expenses of any legal and financial advisors to the Official Equity Committee, shall be limited to $4,750,000 (the "**EC Fee Cap**").

4. The EC Fee Cap can be increased with approval of the Bankruptcy Court, upon notice to the Debtors, the UCC, the Ad Hoc Noteholder Group, B. Riley, the U.S. Trustee, and other parties-interest, and a hearing.

5. The Debtors' estates shall not pay the fees and expenses of the Official Equity Committee that exceed the EC Fee Cap unless the Bankruptcy Court orders otherwise in accordance with the preceding paragraph.

6. The Official Equity Committee and its advisors shall be subject to and shall be paid (subject to the limitations set forth herein) in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 541].

7. Notwithstanding anything to the contrary in this Order, the allowance of fees and expenses incurred by the Official Equity Committee and any advisors retained by the Official Equity Committee shall be subject to the review of the Bankruptcy Court with the limitations and standards of review set forth by the Bankruptcy Court on the record at the Hearing, in addition to being in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Bankruptcy Court.

8. The scope of the Official Equity Committee's appointment (and any fees or expenses incurred by the Official Equity Committee and its advisors) shall be limited to (a) valuation and (b) negotiations, in each case related to determining the terms of confirmation of a chapter 11 reorganization plan. The scope of the Official Equity Committee's appointment can be expanded with approval of the Bankruptcy Court upon notice to the Debtors, the UCC, the Ad Hoc Noteholder Group, B. Riley, the U.S. Trustee and other parties-interest, and a hearing. To the extent the Official Equity Committee's scope expands in accordance with this paragraph, nothing herein shall restrict the rights of any party, including the Debtors, the UCC, B. Riley, the Ad Hoc Noteholder Group or the U.S. Trustee from requesting that the Bankruptcy Court limit the scope of the Official Equity Committee back to its original scope (or to exercise the rights set forth in paragraph 9 below).

9. The Debtors, the UCC, B. Riley and the Ad Hoc Noteholder Group shall have the right to request that the Bankruptcy Court disband the Official Equity Committee (a "**Disbandment Request**"), upon notice to the Official Equity Committee, the U.S. Trustee and other parties in interest, and a hearing. Any party intending to file a Disbandment Request shall inform the U.S. Trustee five days prior to filing any such request with the Bankruptcy Court.

4

10. This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
     Houston, Texas

                                              _____
                                              DAVID R. JONES
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Redline Order Marked Against Initial Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**AGREED ORDER DIRECTING THE APPOINTMENT
OF AN OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

[Relates to Docket No. 458]

The Bankruptcy Court, having considered the *Motion of the Ad Hoc Group of Equity Holders of Core Scientific for an Order Directing the Appointment of an Official Committee of Equity Security Holders* [Docket No. 458] (the "**Motion**") filed by the Ad Hoc Equity Group[2] on February 3, 2023; and the Bankruptcy Court having held a hearing on March 1, 2023 (the "**March 1 Hearing**") and March 3, 2023 (collectively, the "**Hearing**") to consider the relief requested in the Motion; at the March 1 Hearing, following comments made by the Bankruptcy Court relating to the Motion, the Debtors, the UCC, the Ad Hoc Equity Group. B. Riley, in its capacity as DIP Lender ("**B. Riley**"), and the Ad Hoc Noteholder Group agreed to adjourn to March 3, 2023 to consider the Bankruptcy Court's proposal; and following good faith

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (~~6074~~6073); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Redline Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v4 and Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v10F 03/03/2023 5:50:56 PM

**SASMF EXHIBIT 26**

**11 of 17**

and arm's length negotiations, the Debtors have agreed to ~~support~~ the appointment of an official committee of equity security holders (the "**Official Equity Committee**"), subject to the terms set forth in this Order; and the ~~Debtors and the Ad Hoc Equity Group have agreed that the professional fees and expenses of the Official Equity Committee, inclusive of legal and financial advisor, shall be subject to a $4,750,000 budget, (the "**EC Fee Budget**"), provided, however, (1) the Ad Hoc Equity Group acknowledges that the Debtors do not currently agree, and may never agree, to increase the EC Fee Budget, (2) the Debtors acknowledge that Ad Hoc Equity Group does not agree that the EC Fee Budget is a cap on fees and expenses, (3) the EC Fee Budget assumes the assumptions set forth on **Schedule 1** below, and (4) the EC Fee Budget can be increased, and the scope of engagement can be expanded, with (i) the prior written consent of the Debtors and the Official Committee of Unsecured Creditors (the "**UCC**") (which may be granted or withheld in the sole discretion of the Debtors or UCC, as applicable) or (ii) approval of the Bankruptcy Court, it being understood that the Debtors and/or the UCC may oppose any request to increase the EC Fee Budget or expand the scope of engagement; the Debtors' estates shall not be obligated to pay the fees and expenses of the Official Equity Committee that exceed the EC Fee Budget, regardless of whether the EC Fee Budget Assumptions hold, unless the conditions set forth in clauses (i) or (ii) of the preceding sentence are satisfied or the Court orders otherwise; and the Debtors and the Ad Hoc Group have agreed that the scope of the Official Equity Committee shall be limited to valuation and plan negotiations; and the~~ Bankruptcy Court finding good cause therefor, and for the reasons stated on the record,

      **IT IS HEREBY ORDERED THAT:**

Redline Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v4 and Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v10F 03/03/2023 5:50:56 PM

~~2~~

1. The Motion is granted as <ins>and to the extent expressly</ins> set forth herein (the "**Order**") <ins>and subject to the limitations and standards of review stated by the Bankruptcy Court on the record at the Hearing</ins>.

2. The U.S. Trustee shall appoint an Official Equity Committee in the chapter 11 cases as expeditiously as possible.

3. <del>The professional</del><ins>Subject to paragraphs 4 through 8 below, the</ins> fees and expenses of the Official Equity Committee, inclusive of <ins>any fees and expenses of any</ins> legal and financial advisors <ins>to the Official Equity Committee</ins>, shall be <del>subject</del><ins>limited</ins> to <del>the</del> $4,750,000 <ins>(the "**EC Fee** <del>Budget</del><ins>Cap</ins>")</ins>.

4. The EC Fee <del>Budget</del><ins>Cap</ins> can be increased with <del>(i) the prior written consent of the Debtors and the UCC (which may be granted or withheld in the sole discretion of the Debtors or UCC, as applicable) or (ii)</del> approval of the Bankruptcy Court, <del>it being understood that</del><ins>upon notice to</ins> the Debtors <del>and</del><ins>,</ins> the UCC <del>may oppose any request to increase the EC Fee Budget</del><ins>, the Ad Hoc Noteholder Group, B. Riley, the U.S. Trustee, and other parties-interest, and a hearing</ins>.

5. The Debtors' estates shall not <del>be obligated to</del> pay the fees and expenses of the Official Equity Committee that exceed the EC Fee <del>Budget, regardless of whether the EC Fee Budget Assumptions hold, unless the conditions set forth in clauses (i) or (ii) of the preceding paragraph are satisfied or</del><ins>Cap unless</ins> the Bankruptcy Court orders otherwise <ins>in accordance with the preceding paragraph</ins>.

6. <ins>The Official Equity Committee and its advisors shall be subject to and shall be paid (subject to the limitations set forth herein) in accordance with the *Order Establishing*</ins>

Redline Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v4 and Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v10F 03/03/2023 5:50:56 PM

3

**SASMF EXHIBIT 26**

**13 of 17**

*Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 541].

7. Notwithstanding anything to the contrary in this Order, the allowance of fees and expenses incurred by the Official Equity Committee and any advisors retained by the Official Equity Committee shall be subject to the review of the Bankruptcy Court with the limitations and standards of review set forth by the Bankruptcy Court on the record at the Hearing, in addition to being in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Bankruptcy Court.

6̶8. The scope of the Official Equity Committee's appointment (and any fees or expenses incurred by the Official Equity Committee and its advisors) shall be limited to (i̶a) valuation and (i̶i̶b) p̶l̶a̶n̶ negotiations, in each case related to determining the terms of confirmation of a chapter 11 reorganization plan. The scope of the Official Equity C̶o̶m̶m̶i̶t̶t̶e̶e̶Committee's appointment can be expanded with (̶i̶)̶ ̶t̶h̶e̶ ̶p̶r̶i̶o̶r̶ ̶w̶r̶i̶t̶t̶e̶n̶ ̶c̶o̶n̶s̶e̶n̶t̶ ̶o̶f̶ ̶t̶h̶e̶ ̶D̶e̶b̶t̶o̶r̶s̶ ̶a̶n̶d̶ ̶t̶h̶e̶ ̶U̶C̶C̶ ̶(̶w̶h̶i̶c̶h̶ ̶m̶a̶y̶ ̶b̶e̶ ̶g̶r̶a̶n̶t̶e̶d̶ ̶o̶r̶ ̶w̶i̶t̶h̶h̶e̶l̶d̶ ̶i̶n̶ ̶t̶h̶e̶ ̶s̶o̶l̶e̶ ̶d̶i̶s̶c̶r̶e̶t̶i̶o̶n̶ ̶o̶f̶ ̶t̶h̶e̶ ̶D̶e̶b̶t̶o̶r̶s̶ ̶o̶r̶ ̶U̶C̶C̶,̶ ̶a̶s̶ ̶a̶p̶p̶l̶i̶c̶a̶b̶l̶e̶)̶ ̶o̶r̶ ̶(̶i̶i̶)̶ approval of the Bankruptcy Court,̶ ̶i̶t̶ ̶b̶e̶i̶n̶g̶ ̶u̶n̶d̶e̶r̶s̶t̶o̶o̶d̶ ̶t̶h̶a̶t̶ upon notice to the Debtors a̶n̶d̶, the UCC m̶a̶y̶ ̶o̶p̶p̶o̶s̶e̶ ̶a̶n̶y̶ ̶r̶e̶q̶u̶e̶s̶t̶ ̶t̶o̶ ̶e̶x̶p̶a̶n̶d̶ ̶t̶h̶e̶ ̶O̶f̶f̶i̶c̶i̶a̶l̶ ̶E̶q̶u̶i̶t̶y̶ ̶C̶o̶m̶m̶i̶t̶t̶e̶e̶'̶s̶ ̶s̶c̶o̶p̶e̶, the Ad Hoc Noteholder Group, B. Riley, the U.S. Trustee and other parties-interest, and a hearing. To the extent the Official Equity Committee's scope expands in accordance with this paragraph, nothing herein shall restrict the rights of any party, including the Debtors a̶n̶d̶, the UCC, B. Riley, the Ad Hoc Noteholder Group or the U.S. Trustee from

Redline Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v4 and Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v10F 03/03/2023 5:50:56 PM

4

**SASMF EXHIBIT 26**

**14 of 17**

requesting that the Bankruptcy Court limit the scope of the Official Equity Committee back to its original scope (or to exercise the rights set forth in paragraph 9 below).

~~7~~9.      The Debtors ~~and~~, the UCC, B. Riley and the Ad Hoc Noteholder Group shall have the right to request that the Bankruptcy Court disband the Official Equity Committee ~~in the event that~~(a "**Disbandment Request**"), upon notice to the Official Equity Committee ~~is no longer necessary to assure adequate representation of equity holders in these chapter 11 cases.~~, the U.S. Trustee and other parties in interest, and a hearing. Any party intending to file a Disbandment Request shall inform the U.S. Trustee five days prior to filing any such request with the Bankruptcy Court.

~~8~~10.      This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
       Houston, Texas

                                              _____
                                              DAVID R. JONES
                                              UNITED STATES BANKRUPTCY JUDGE

Redline Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v4 and Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v10F 03/03/2023 5:50:56 PM

~~5~~

**SASMF EXHIBIT 26**

**15 of 17**

## ~~Schedule 1~~

### ~~EC Fee Budget Assumptions~~

1. ~~Discovery, if any, served upon the Official Equity Committee is limited to valuation litigation;~~

2. ~~The valuation litigation from commencement of discovery to conclusion of hearings takes place over a four-week period of time;~~

3. ~~Excluding days devoted to valuation litigation, the confirmation hearing otherwise lasts no more than two days;~~

4. ~~The confirmation order is entered by August 1, 2023; and~~

5. ~~No confirmation appellate work.~~

Redline Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v4 and Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v10F 03/03/2023 5:50:56 PM

**SASMF EXHIBIT 26**

**16 of 17**

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 3/3/2023 5:50:56 PM ||
|---|---|
| **Style name:** #Skadden (Strikethrough, Double Score, No Moves) ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** dm://WILSR01A/923528/4 ||
| **Description:** Proposed Order_CS_Motion to Appoint Official Equity Committee ||
| **Modified DMS:** dm://WILSR01A/923528/10F ||
| **Description:** Proposed Order_CS_Motion to Appoint Official Equity Committee ||
| **Changes:** ||
| Add | 42 |
| Delete | 38 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 4 |
| **Total Changes:** | 84 |

Redline Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v4 and Proposed Order_CS_Motion to Appoint Official Equity Committee 923528v10F 03/03/2023 5:50:56 PM

SASMF EXHIBIT 26

17 of 17