IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (CML) |
|  | § § | **(Jointly Administered)** |
| Debtors.[1] | § § § | **(Emergency Relief Requested)** |

**DECLARATION OF RUSSELL CANN IN SUPPORT OF
DEBTORS' <u>EMERGENCY</u> MOTION FOR ORDER (I) AUTHORIZING AND
APPROVING SETTLEMENT AMONG DEBTORS, SPHERE 3D CORP., AND
<u>GRYPHON DIGITAL MINING INC., AND (II) GRANTING RELATED RELIEF</u>**

I, Russell Cann, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.  I am Head of Mining and Executive Vice President, Client Services, of Core Scientific Operating Company f/k/a Core Scientific, Inc. I have served in this capacity, or similar, since February 2018. Prior to joining the Company, I grew and developed a blockchain and cryptocurrency mining business. I previously worked for Accenture in the areas of financial technology and risk management. I graduated cum laude from the South Carolina Honors College and the Moore School of Business.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

2. I submit this declaration in support of the *Emergency Motion of Debtors for Order (I) Authorizing and Approving Settlement Among Debtors, Sphere 3D Corp., and Gryphon Digital Mining, Inc., and (II) Granting Related Relief* (the "**Motion**").[2] Except as may be otherwise indicated herein, all facts set forth in this declaration are based on my experience and personal knowledge of the Debtors' operations and the dispute between the Debtors and Sphere and Gryphon (defined below). For the reasons set out below, I believe that the contemplated settlement among the Debtors, Sphere, and Gryphon is in the Debtors' best interest.

### The Hosting Agreements

3. Core Scientific, Inc. ("**Core**") and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), are one of the largest blockchain infrastructure, hosting provider, and digital asset mining companies in North America, with fully operational data centers in Texas, Kentucky, North Carolina, North Dakota, and Georgia. The Debtors provide hosting solutions for third parties and also operate their own digital asset mining machines.

4. Sphere 3D Corp. ("**Sphere**") is a cryptocurrency mining company that hosts its mining machines with hosting providers. Gryphon Digital Mining, Inc. ("**Gryphon**") is also a cryptocurrency mining company that, as relevant here, likewise hosts mining machines with hosting providers. In the summer of 2021, Core engaged in negotiations with Gryphon about entering into a hosting agreement for over 70,000 miners that Gryphon expected to have access to pursuant to a merger it was contemplating with Sphere.

5. On or about September 12, 2021, Core and Gryphon entered into a Master Services Agreement (the "**Master Services Agreement**") through which Core would host mining

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

machines for Gryphon. Pursuant to the Master Services Agreement, Core and Gryphon entered into two separate orders. The first order was Master Services Agreement Order #1 ("**Order #1**"), entered into on or about September 12, 2021. Pursuant to Order #1, which was effectively a test order designed to ensure that the configuration at Core's data-center facilities was compatible with the miners, Gryphon delivered and Core deployed 100 S19j miners in October 2021.

6.     The second order was Master Services Agreement Order #2, entered into on or about October 5, 2021 ("**Order #2**," and together with the Master Services Agreement and Order #1, the "**Hosting Agreements**"). Pursuant to Order #2, Core was to host 70,000 S19 miners or their equivalent for Gryphon. Gryphon was to deliver these miners to Core in accordance with the schedule set forth in Order #2. Order #2 also required that Gryphon pay a hosting fee rate per miner, as well as make prepayments to Core prior to the installation of any miners, in accordance with the payment schedule set out in Order #2. Core's records reflect that it received a total of $35,264,413.57 in prepayments in connection with Order #2.

7.     On April 13, 2023, in connection with the Hosting Agreements, Sphere filed Proofs of Claim Nos. 358 and 359 (the "**Sphere POCs**"), asserting claims for $39,541,996.30 plus certain unliquidated amounts against Core Scientific, Inc. and Core Scientific Operating Company, respectively.

8.     On May 9, 2023, the Debtors filed the *Debtors' Objection to Proof of Claim Nos. 358 and 359 Filed by Sphere 3D Corp.* (Docket No. 869) (the "**Claim Objection**"). The Debtors argued, among other things, that Sphere has no rights under the Hosting Agreements and thus no standing to assert claims against Core, and that the $35 million prepayment deposit that Sphere seeks to recover is non-refundable given that Gryphon failed to deliver the 70,000 miners as required by Order #2. The Debtors further argued that Sphere's claims were barred by

limitations of liability provisions set forth in the Master Services Agreement and disputed Sphere's claim that Core installed Sphere's miners as its own.

9.  On June 9, 2023, the Debtors filed the *Debtors' Motion for Summary Judgment with Respect to Proof of Claim Nos. 358 and 359 Filed by Sphere 3D Corp.* (Docket No. 959). On July 7, 2023, Sphere filed an objection. (Docket No. 1039). A hearing on the Debtors' Motion for Summary Judgment was held on August 7, 2023. The Court denied the Debtors' motion and the Parties moved forward with discovery.

10. On November 21, 2023, the Debtors commenced an adversary proceeding against Sphere and Gryphon, filing the *Complaint for Damages and Declaratory Relief Against Sphere 3D Corp. and Gryphon Digital Mining, Inc. and In Support of Objection to Proofs of Claim Nos. 358 and 359* (the "**Adversary Complaint**"), seeking damages for construction costs and lost profits arising from the Hosting Agreements, among other relief (the "**Adversary Proceeding Claims**"). Adv. Proc. No. 23-03252, Docket No. 1.

11. On December 15, 2023, Gryphon filed *Gryphon's Motion for Leave to File Proof of Claim After Bar Date* (Docket No. 1566) (the "**Motion for Leave**"), seeking leave to file a late proof of claim for contingent amounts of approximately $35 million in connection with the prepayments made under the Hosting Agreements in the event that Gryphon, rather than Sphere, is the proper claimant (the "**Gryphon Contingent Claim**").

### The Core-Sphere-Gryphon Settlement

12. After extensive and good faith negotiations, the Parties have reached a settlement (the "**Core-Sphere-Gryphon Settlement**") resolving all claims as between the Debtors on the one hand and Sphere and Gryphon on the other hand. A true and correct copy of the Core-Sphere-Gryphon Settlement term sheet is attached hereto as **Exhibit 1**. The Core-Sphere-Gryphon

Settlement does not impact any claims that may exist between Sphere and Gryphon, all of which are preserved.

13. It is my belief that the Core-Sphere-Gryphon Settlement is reasonable and in the best interest of the Debtors, its creditors, and other stakeholders.

14. First, litigating the Sphere POCs and the Adversary Proceeding Claims would require the expenditure of significant funds and the attention of the Debtors' management. Indeed, the settlement was reached on the eve of depositions that would have involved the Debtors' former CEO and current Chairman of the Board, its Chief Legal Officer and other senior management, together with the depositions of representatives from Sphere and Gryphon. Further, in the absence of settlement, litigation of the Sphere POCs and the Adversary Proceeding Claims would take a substantial amount of time to reach a final resolution and would have involved motion practice from Gryphon as to whether the Debtors' claims against Gryphon were subject to arbitration. Such delay would have subjected the Debtors to the economic overhang of these claims and generate significant legal expenses. Such negative impact would be felt even if the Debtors were ultimately successful in the litigation. Having the benefit of certainty in resolving these complicated and highly fact-intensive disputes between the Parties is preferable to what would otherwise be costly, time-consuming, and distracting litigation that I believe would harm the Debtors' estates.

15. Second, the Core-Sphere-Gryphon Settlement is the product of good-faith, arm's-length bargaining between the Parties, each of which were represented by counsel, and no party has asserted that the Core-Sphere-Gryphon Settlement was the product of fraud or collusion.

16. Third, I believe the Core-Sphere-Gryphon Settlement is reasonable and in the best interests of the Debtors' estate. Pursuant to the Core-Sphere-Gryphon Settlement, the Debtors will resolve the Sphere POCs, unsecured claims against the Debtors' estates in the tens of

millions of dollars, without making any cash payments on account of those claims. Instead, the Debtors will satisfy the claims asserted by Sphere with an allowed claim in the total amount of $10,000,000 to be treated as a general unsecured claim under the Debtors' Plan of Reorganization and paid in equity. The settlement also resolves the Adversary Proceeding and any counterclaims Sphere and/or Gryphon might have sought to assert against the Debtors, as well as resolving the Motion for Leave and the Gryphon Contingent Claim Gryphon sought to assert. Further, Sphere and Gryphon are releasing the Debtors from any and all claims arising from the Hosting Agreements. For each of these reasons, it is my view that the Core-Sphere-Gryphon Settlement is in the best interests of the Debtors' estate.

17. The Debtors are quickly moving towards plan confirmation and the claims asserted by Sphere are large, unresolved claims against the Debtors' estate. As a condition to the Core-Sphere-Gryphon Settlement being effective, both Sphere and Gryphon required that the Core-Sphere-Gryphon Settlement be approved prior to the confirmation hearing, which is expected to occur on January 16, 2024. In order to comply with that condition, and to obtain certainty on this resolution prior to the expected Effective Date, it is necessary to file this application on an emergency basis.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: January 2, 2024
       Austin, Texas

                                  Respectfully submitted,

                            By:   *Russell Cann*
                                   Russell Cann

**Exhibit 1**

**Settlement Term Sheet**

Execution Version

## Settlement Term Sheet

This term sheet (this "**Term Sheet**") sets forth the principal terms of the settlement (the "**Settlement**") among Core Scientific, Inc. and its debtor affiliates (collectively, "**Core**" or the "**Debtors**"), Sphere 3D Corp. ("**Sphere**"), and Gryphon Digital Mining, Inc. ("**Gryphon**") (each of Core, Sphere, and Gryphon are referred to herein, individually, as a "**Party**" and, collectively, as the "**Parties**").

This Term Sheet and the terms set forth herein are binding upon, and inure to the benefit of, the Parties, subject to the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") entering the 9019 Order (as defined below).

THIS TERM SHEET OR THE SETTLEMENT IS NOT AN OFFER OR ACCEPTANCE WITH RESPECT TO ANY SECURITIES OR A SOLICITATION OF ACCEPTANCES OF THE PLAN WITHIN THE MEANING OF SECTION 1125 OF THE BANKRUPTCY CODE. ANY SUCH OFFER OR SOLICITATION WILL COMPLY WITH ALL APPLICABLE SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE. NOTHING CONTAINED IN THIS TERM SHEET OR SETTLEMENT SHALL BE AN ADMISSION OF FACT OR LIABILITY OR, UNTIL ENTRY OF THE 9019 ORDER, DEEMED BINDING ON ANY OF THE PARTIES TO THIS TERM SHEET OR SETTLEMENT.

| Term | Description |
|---|---|
| Allowed Claim | Sphere has asserted pre-petition claims evidenced by Proofs of Claim Nos. 358 and 359 against Debtors Core Scientific, Inc. and Core Scientific Operating Company (the "**Sphere POCs**"). Upon the earlier of (A) entry of the 9019 Order and (B) the Effective Date, Core and Sphere agree that Proof of Claim No. 358 against Debtor Core Scientific, Inc., shall be allowed in the total amount of **$10,000,000** (the "**Allowed Claim**"). The Allowed Claim shall receive the treatment afforded to General Unsecured Claims set forth in the *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1438) (including any exhibits and schedules thereto and as may be supplemented, modified, or amended, the "**Plan of Reorganization**").[1] Sphere's Claim No. 359 shall be deemed withdrawn with prejudice upon the Effective Date.<br><br>In the event that treatment of the Allowed Claim is materially |

---

[1] Capitalized terms used but not defined in this Term Sheet shall have the meaning ascribed to such terms in the Plan of Reorganization.

**Execution Version**

| | |
|---|---|
| | and adversely affected by any amended Plan of Reorganization, the Parties reserve all rights. |
| Adversary Proceeding | On December 21, 2022, the Debtors each commenced a voluntary case under chapter 11 (collectively, the "**Chapter 11 Cases**") of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). On November 21, 2023, the Debtors filed an adversary complaint in these Chapter 11 Cases against Sphere and Gryphon asserting claims (the "**Adversary Proceeding Claims**") arising under the September 12, 2021 Master Services Agreement between Core and Gryphon (the "**Master Services Agreement**"), and the associated Orders #1 and #2. Adv. Pro. No. 23-03252 (the "**Adversary Proceeding**"). |
| Gryphon Contingent Claim | On December 15, 2023, Gryphon filed a *Motion for Leave to File Proof of Claim After Bar Date* (Docket No. 1566), (the "**Motion for Leave**") seeking permission to file a late proof of claim against the Debtors for contingent amounts owed by the Debtors pursuant to the Master Services Agreement and Orders #1 and #2, in the event that the Bankruptcy Court determined that Gryphon is the proper claimant with respect to the return of the prepayment (the "**Gryphon Contingent Claim**"). On the Effective Date, Gryphon shall file a notice of withdrawal of the Motion for Leave, with prejudice. The Parties agree that upon execution of this Term Sheet any and all deadlines in connection with the Motion for Leave are abated unless and until the Parties request entry of a further order from the Bankruptcy Court, and such agreement shall be a provision in the 9019 Order. |
| Parties' Representations and Warranties | Sphere affirms, represents, and warrants to have complete authority to act on behalf of itself and any affiliates, and, in that capacity, to settle and/or release (i) the Sphere POCs; (ii) any other claims arising out of the Master Services Agreement, Order #1, and Order #2, including any and all claims with respect to any prepayment made in connection with the Master Services Agreement and any Order thereunder; (iii) all claims related to the Adversary Proceeding; and Gryphon affirms, represents, and warrants to have complete authority to act on behalf of itself and any affiliates, and, in that capacity to settle and/or release (i) the |

2

**Execution Version**

| | |
|---|---|
| | Gryphon Contingent Claim, (ii) any other claims arising out of the Master Services Agreement, Order #1, and Order #2, including any and all claims with respect to any prepayment made in connection with the Master Services Agreement and any Order thereunder, and (iii) all claims related to the Adversary Proceeding. Sphere also represents and warrants that it has sole ownership and authority with respect to the 500 miners identified within the gryphonspcore subaccount of the total 634 miners decommissioned on December 18, 2023 and Gryphon represents that it has sole ownership and authority with respect to the 134 miners identified within the gryphoncore subaccount. |
| Release of (i) Sphere Proofs of Claim, (ii) claims arising out of the Master Services Agreement, Order #1, and Order #2, (iii) the Adversary Proceeding Claims, and (iv) the Gryphon Contingent Claim | Upon the Effective Date, the Sphere POCs, the Adversary Proceeding Claims, and the Gryphon Contingent Claim shall be deemed fully and finally paid, satisfied, forever released, discharged, and expunged, and Gryphon and Sphere shall be deemed to have granted a complete and final release of all claims, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, based in contract, tort or otherwise against the Debtors, including any claims based upon, arising out of, or related to the Master Services Agreement, Order #1, or Order #2, including any payments made thereunder, or based upon, arising out of, or relating to the 634 miners decommissioned on December 18, 2023, or the return or application of any prepayment made in connection therewith against the Debtors; and the Debtors shall be deemed to have granted a complete and final release of all claims, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, based in contract, tort or otherwise against Sphere and Gryphon, including any claims based upon, arising out of, or related to the Master Services Agreement, Order #1, or Order #2, including any payments made thereunder, or based upon, arising out of, or relating to the 634 miners decommissioned on December 18, 2023, or the return or application of any prepayment made in connection therewith (the "**Released Claims**"). Sphere and Gryphon as against the Debtors and the Debtors as against Sphere and Gryphon further covenant and agree not to sue, make, assert or maintain, directly or indirectly any Released Claims or to bring, request, initiate or file any suit or action regarding the Released Claims, all of which are released; provided, that the Parties shall retain their rights to file and prosecute claims and causes of action related to the enforcement of this |

**Execution Version**

| | |
|---|---|
| | Settlement and nothing herein shall limit such rights. |
| Gryphon-Sphere Claims | For the avoidance of doubt, nothing contained in this Term Sheet, and none of the Released Claims herein, including the claims relating to the Sphere POCs, Adversary Proceeding Claims, and Gryphon Contingent Claim, constitute a release of any claims as between Gryphon and Sphere, including but not limited to the claims and counterclaims pending in the District Court for the Southern District of New York, *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC, all of which such claims as between Gryphon and Sphere are expressly reserved and unaffected by this Settlement. |
| Debtors to Dismiss Adversary Proceeding | Debtors shall cause the Adversary Proceeding to be dismissed with prejudice as to both Gryphon and Sphere, within seven (7) business days of the Effective Date. The Parties agree that upon execution of this Term Sheet any and all deadlines in the Adversary Proceeding are abated unless and until the Parties request entry of a further order from the Bankruptcy Court, and such agreement shall be a provision in the 9019 Order. |
| Plan Support | Sphere agrees to (A) vote or cause to be voted its Allowed Claim to accept the Plan of Reorganization by delivering its duly executed and completed ballot or ballots, as applicable, accepting the Plan of Reorganization on a timely basis following the commencement of the solicitation of the Plan of Reorganization and its actual receipt of the solicitation materials and ballot, (B) not change or withdraw such vote (or cause or direct such vote to be changed or withdrawn), and (C) to the extent it is permitted to elect whether to opt out of the releases set forth in the Plan of Reorganization, agree to provide, and to not opt-out of, such releases. To the extent the 9019 Order is not entered, Sphere reserves all rights to modify its vote after the voting deadline.<br><br>The Debtors agree that the Confirmation Order shall not be inconsistent with the terms of the Settlement. |
| Attorneys' Fees | The Parties will each be responsible for and pay their own legal fees, out-of-pocket expenses, and costs in connection with the Sphere POCs, the Adversary Proceeding, the Master Services Agreement, Order #1, and Order #2, and the Chapter 11 Cases of the Debtors pending in the Bankruptcy Court. |

DocuSign Envelope ID: 94F3B988-98FF-45A1-86C9-FA1857696616

**Execution Version**

| | |
|---|---|
| Approval of the Term Sheet | The Debtors will file a motion, on an emergency basis, seeking entry of an order of the Bankruptcy Court approving the terms set forth in this Term Sheet in a form reasonably acceptable to all parties (such order, the "**9019 Order**"). The Debtors will seek entry of the 9019 Order by the Bankruptcy Court at or before the Confirmation Hearing. |
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties upon execution of the Term Sheet by the Parties, subject to entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of December 21, 2023.

**SPHERE 3D CORP.**

By: *Patricia Trompeter* (DocuSigned)
Name: Patricia Trompeter
Title: CEO

**CORE SCIENTIFIC, INC.**

By: _____
Name:
Title:

**GRYPHON DIGITAL MINING, INC.**

By: _____
Name:
Title:

**Execution Version**

| | |
|---|---|
| Approval of the Term Sheet | The Debtors will file a motion, on an emergency basis, seeking entry of an order of the Bankruptcy Court approving the terms set forth in this Term Sheet in a form reasonably acceptable to all parties (such order, the "**9019 Order**"). The Debtors will seek entry of the 9019 Order by the Bankruptcy Court at or before the Confirmation Hearing. |
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties upon execution of the Term Sheet by the Parties, subject to entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of December 21, 2023.

**SPHERE 3D CORP.**

By: _____
Name:
Title:

**CORE SCIENTIFIC, INC.**

By: *Todd DuChene* (DocuSigned by: 43048BB7D89C4FE...)
Name: Todd DuChene
Title: Chief Legal Officer

**GRYPHON DIGITAL MINING, INC.**

By: _____
Name:
Title:

5

DocuSign Envelope ID: D2749E5D-8C2A-48C2-B717-F1F799CD1318

**Execution Version**

| Approval of the Term Sheet | The Debtors will file a motion, on an emergency basis, seeking entry of an order of the Bankruptcy Court approving the terms set forth in this Term Sheet in a form reasonably acceptable to all parties (such order, the "**9019 Order**"). The Debtors will seek entry of the 9019 Order by the Bankruptcy Court at or before the Confirmation Hearing. |
|---|---|
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties upon execution of the Term Sheet by the Parties, subject to entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of December 21, 2023.

**SPHERE 3D CORP.**

By: _____
Name:
Title:

**CORE SCIENTIFIC, INC.**

By: _____
Name:
Title:

**GRYPHON DIGITAL MINING, INC.**

By: _____*Robby Chang*_____
Name: Robby Chang
Title: CEO & Director