IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*,[1] | § | Case No. 22-90341 (CML) |
| | § | |
| Debtors. | § | |
| | § | Jointly Administered |
| | § | |

**TENASKA POWER SERVICES CO.'S RESPONSE AND RESERVATION OF RIGHTS REGARDING THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER ESTABLISHING DISPUTED CLAIM AMOUNTS FOR CALCULATION AND DISTRIBUTION PURPOSES UNDER DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

COMES NOW Tenaska Power Services Co. ("**Tenaska**") and files this response and reservation of rights (the "**Response**") to the *Emergency Motion for Entry of an Order Establishing Disputed Claim Amounts for Calculation and Distribution Purposes Under Debtors' Proposed Joint Chapter 11 Plan of Reorganization* [Doc. No. 1525] (the "**Disputed Claim Motion**") filed by the above-captioned debtors. In support of the Response, Tenaska respectfully states as follows:

## BACKGROUND

1.  On December 21, 2022 (the "**Petition Date**"), Core Scientific, Inc. and certain affiliated companies (collectively, the "**Debtors**") filed voluntary petitions under title 11, Chapter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, TX 78704.

**RESPONSE OF TENASKA POWER SERVICE CO.**                                                           Page 1

11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' bankruptcy cases are being jointly administered pursuant to an order of this Court.

2. Prior to the Petition Date, Tenaska entered into a series of agreements (collectively, the "**Agreements**") with debtors Core Scientific, Inc. and Core Scientific Operating Company whereby Tenaska provided services to Core Scientific, Inc. and Core Scientific Operating Company including, without limitation, proving asset management and power generation services.

3. On March 9, 2023, the Court entered the *Order (I) Establishing Deadlines to File Proofs of Claim and (II) Approving Form and Manner of Notice Thereof* [Doc. No. 652] (the "**Bar Date Order**"). The Bar Date Order established April 14, 2023 as the claims bar date.

4. On April 14, 2023, Tenaska timely filed two substantively identical proofs of claim (collectively, the "**Proofs of Claim**"), each in the amount of $200,000. Claim No. 521 was filed against "Core Scientific, Inc., et al." and Claim No. 522 was filed against Core Scientific Operating Company. The Proofs of Claim set forth the amounts owed to Tenaska under the Agreements as of the Petition Date.

5. On November 14, 2023, the Debtors filed their *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and its Affiliated Debtors* [Doc. No. 1438] (as subsequently amended, the "**Plan**") and the related disclosure statement [Doc. No. 1439] (the "**Disclosure Statement**").

6. On November 17, 2023, the Court entered an *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Conditional Disclosure Statement Hering; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (V) Approving Notice Procedures for the Assumption and Rejection of Executory Contacts and Unexpired Leases; (VI) Approving*

*Notice Procedure for Reinstatement of Claims; (VII) Establishing Rights Offering Procedures; and (VIII) Granting Related Relief* [Doc. No. 1447] (the "**Plan Procedures Order**").

7. The Plan Procedures Order at ¶ 37 approved of procedures set forth in the Plan including Plan section 8.3 that provides: "Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Bankruptcy Court by the later of thirty (30) days from (i) the date of entry of an order of the Bankruptcy Court approving such rejection, (ii) the effective date of the rejection of such Executory Contract or Unexpired Lease, and (iii) the [Plan] Effective Date."

8. On December 7, 2023, the Debtors filed the Disputed Claim Motion. By the Disputed Claim Motion, the Debtors sought to establish the maximum amounts of certain claims, including rejection damage claims. Attached as Exhibit 2 to the Disputed Claim Motion is the "Rejection Damages Schedule." The Rejection Damages Schedule sought to establish the maximum rejection damage claim of Tenaska at $209,746. Upon information and belief, this amount was based in some way on the amounts asserted in the Proofs of Claim filed by Tenaska.

9. On December 8, 2023, the Debtors filed their *Plan Supplement in Connection with Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and its Affiliated Debtors* [Doc. No. 1528] (the "**First Plan Supplement**"). The First Plan Supplement set forth a "Schedule of Rejected Contracts" which included the 30-day Plan language set forth in paragraph 7 above. Certain of the Agreements were included on the Schedule of Rejected Contracts.

10. On December 19, 2023, the Debtors filed their *Notice of Cancellation of Emergency Hearings on Disputed Claims Motion and Dalton Motion and Setting Objection Deadlines on Normal Notice Pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1* [Doc. No. 1589] (the "**Cancellation Notice**"). Pursuant to the Cancellation Notice, the Disputed Claims Motion was set on normal 21-day negative notice, meaning that the response deadline was

December 28, 2023. Upon agreement between the Debtors and Tenaska, Tenaska's deadline to respond to the Disputed Claims Motion was further extended to January 12, 2024.

11. On December 26, 2023, the Debtors filed their *Fourth Amended Chapter 11 Plan* [Doc. No. 1622].

12. On January 5, 2024, the Debtors filed their *Third Amended Plan Supplement in Connection with Fourth Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* [Doc. No. 1685] (the "**Third Plan Supplement**"). The Third Plan Supplement showed that the Tenaska Agreements had been removed from the Schedule of Rejected Contracts. *See also* the redline of the Third Plan Supplement Doc. No. 1686.

## RESPONSE AND RESERVATION OF RIGHTS

13. Tenaska is currently in settlement negotiations with the Debtors regarding the Agreements. The particulars of these settlement negotiations are confidential and the details will in no way be described herein. Tenaska makes mention of such negotiations solely for the purpose of stating that this Response should not be taken to mean that Tenaska is abandoning those efforts. In fact, Tenaska remains hopeful that a consensual resolution will be reached.

14. In addition, the fact that the Agreements were removed from the Schedule of Rejected Contracts via the Third Plan Supplement indicates to Tenaska that the Debtors may no longer be seeking to reject the Agreements. However, Tenaska is also aware of the fact that the Disputed Claims Motion remains pending and that it is possible for the Agreements to be added back to the Schedule of Rejected Contracts prior to the effective date of the Plan.

15. In the unfortunate circumstance that the parties are unable to agree on a resolution with respect to the Agreements and the Debtors choose to reject the Agreements, Tenaska must be given the opportunity to file its rejection damage claim under the terms set forth in the Plan and in procedures approved by this Court in the Plan Procedures Order. Such procedures clearly provide

Tenaska with a period of 30 days to file a rejection damage proof of claim. The 30-day period can be triggered by three different events. But, it is undisputed that none of those events have happened. Therefore, the 30-day clock for Tenaska to file a rejection damage proof of claim has not started.

16. Tenaska further asserts that the amounts in the Proofs of Claim have no bearing on Tenaska's rejection damage claim if the Agreements are ultimately rejected. Tenaska filed the Proofs of Claim in order to timely assert the amounts that were owed under the Agreements as of the Petition Date. A rejection damage claim, on the other hand, will constitute the breach of contract damages Tenaska will be entitled to based on the Debtors' decision to walk away from their obligations under the Agreements. *See* Bankruptcy Code section 365(b). While Tenaska does not challenge that it may be within the Debtors' business judgment to reject the Agreements, such rejection would result in a rejection damage claim that has no relationship to the amounts asserted in the Proofs of Claim. In that respect, to the extent the Disputed Claims Motion is seeking to tie rejection damages to the amount in the Proofs of Claim, the motion is improperly comparing apples to oranges.

17. Once again, Tenaska is hopeful that the Agreements permanently stay off the Schedule of Rejected Contracts and that such Agreements are assumed as of the Plan's effective date. However, to the extent that the Debtors later seek to reject the Agreements, Tenaska hereby reserves all rights to assert the full amount of its rejection damage claim on the timetable set by the Plan Procedures Order—and not the amount included in the Disputed Claims Motion.

WHEREFORE, Tenaska hereby requests entry of an order providing Tenaska with such further relief to which it is justly entitled.

Dated: January 12, 2024

Respectfully submitted,

**ROSS, SMITH & BINFORD, PC**

By: ___/s/ *Jason Binford*___
Jason Binford
State Bar No. 24045499
S. Dist. Bar No. 574720
Ross, Smith & Binford, PC
2003 N. Lamar Blvd., Suite 100
Austin, TX 78705
Telephone: 512-351-4778
Facsimile: 214-377-9409
Email: jason.binford@rsbfirm.com

**COUNSEL FOR TENASKA POWER SERVICES CO.**

## CERTIFICATE OF SERVICE

I certify that on January 12, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jason Binford*
Jason Binford