IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-89341 (CML) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Related Docket No. 1525 |

**CREDITORS CHARLES BASIL AND MITCHELL EDWARDS' RESPONSE AND
RESERVATION OF RIGHTS IN OPPOSITION TO DEBTORS' EMERGENCY
MOTION FOR ENTRY OF AN ORDER ESTABLISHING DISPUTED CLAIM
AMOUNTS FOR CALCULATION AND DISTRIBUTION PURPOSES
UNDER DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

COMES NOW Charlie Basil ("**Basil**") and Mitchell Edwards ("**Edwards**") (together, the "**Movants**") who together file this response (the "**Response**") to that *Emergency Motion For Entry Of An Order Establishing Disputed Claim Amounts For Calculation And Distribution Purposes Under Debtors' Proposed Joint Chapter 11 Plan Of Reorganization* [Docket No. 1525] (the "**Motion**") filed by Core Scientific Operating Company f/k/a Core Scientific, Inc. and its debtor affiliates (collectively, the "**Debtors**") on December 7, 2023, and that *Notice Of Hearing On Disputed Claims Motion And Filing Of Amended Disputed Claims Schedules* (the "**Notice**") [Docket No. 1706] filed on January 12, 2024.  Movants submit the *Declaration of Chase A. Stone* in support of this Response attached hereto as **Exhibit A**.  In support of the Response, Movants respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

## PRELIMINARY STATEMENT

On January 12, 2024, **less than one business day before this Court's hearing on confirmation**, without giving proper notice to Movants, Debtors filed the Notice to the Motion which seeks to, among other things, establish a "maximum disputed amount" as to Movants' claims under section 510(b). *See* Exhibit 3 attached to Notice, page 6 of 9 [Docket No. 1706-1]. Prior to filing the Notice, Debtors never informed Movants that their claims were part of the Motion. Indeed, the Motion contains no reference to Movants' claims whatsoever. Further, Movants' claims are not subject of Debtors' formal objection (as discussed *infra*), thus Movants are holders of allowed general unsecured claims under section 502(a). On Friday afternoon, Movants' counsel happened to discover Movants' names on the Notice of the Motion by their own good luck. As a result of the events since January 12, 2024, Movants forcefully object to the Motion on the grounds that: (i.) Movants do not consent to treatment as section 510(b) claimholders; (ii.) Debtors failed to provide any legal argument or facts to establish the 'maximum disputed amount' of Movants' claims in the Motion; and (iii.) the Notice does not satisfy this Court's Local Rule 9013-1(i) as it lacks any facts establishing why the Motion must be heard on an emergency basis. Without adequate notice, on a holiday weekend, Debtors' inclusion of Movants on Exhibit 3 lacks due process. Movants therefore reserve all rights moving forward, as well as under the Plan (if confirmed), and request the Court deny this Motion for the reasons discussed *infra*.

## BACKGROUND

1.      On December 21, 2022 (the "**Petition Date**"), Debtors filed voluntary petitions under title 11, Chapter 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' bankruptcy cases are being jointly administered pursuant to an order of this Court.

2.    On April 13, 2023, Edwards timely filed Proof of Claim No. 334 as a general unsecured claim against Core Scientific, Inc. in the amount of $22,000,000.  That same day, Basil timely filed Proof of Claim No. 336 as a general unsecured claim against Core Scientific, Inc. in the amount of $3,500,330.00.

3.    On November 22, 2023, Debtors filed that *First Omnibus Claims Objection To Certain (I) Amended Claims; (II) Exact Duplicative Claims; (III) Beneficial Bondholder Duplicative Claims; (IV) Multiple Debtor Claims; (V) Wrong Debtor Claims; (VI) Late Filed Claims; (VII) Insufficient Documentation Claims; (VIII) Equity Claims; And (IX) Reclassified Claims (Based On Priority)* (the "**Omnibus Objection**") [Docket No. 1460], which stated an objection to Movants' claims on the grounds that "such claims provide for an equity interest rather than a claim" and were identified on "Schedule 8" as "Equity Claims" in the schedules attached thereto.  Omnibus Objection at ¶ 1.  More specifically, through the Omnibus Objection, Debtors argued that Movants' claims were among those "based solely on ownership of common stock of Core, and not on account of damages or claims against Core."  *Id.* at ¶ 48.

4.    On December 7, 2023, in an introductory email, and later, on a telephone call, Movants' counsel explained to Debtors' counsel that, in light of the underlying facts, Debtors' definition of an 'equity' claim in the Omnibus Objection was inapplicable to Movants' claims.  *See* Declaration of Chase A. Stone (the "**Stone Declaration**") at ¶ 4; *see also* Ex. 1 attached to the Stone Declaration.  Consequently, Movants' counsel sought to resolve the Omnibus Objection to avoid incurring unnecessary legal fees, especially because the outcome would clearly result in favor of Movants.  *See* Stone Declaration at ¶ 4.

5.    Movants' counsel offered additional clarifications to Debtors' counsel's questions regarding the specific factual basis of Movants' claims.  *See id.* at ¶ 5.  It appeared that Debtors'

counsel was not aware of any specific facts of these claims despite the primary allegations concerning former officers that could lead to potential derivative actions on behalf of the Company (e.g., for breach of fiduciary duties).

6.      On December 7, 2023, Debtors filed the Motion seeking to establish the disputed claim amounts, whereby Debtors requested emergency relief no later than on December 22, 2023 at 10:00 A.M. CT, in order to calculate the "maximum amount of distributions to all claimholders under the Plan." Motion at ¶ 3. Though Movants were included on the Omnibus Objection, **the Motion did not schedule and/or identify Movants' claims as 'disputed' 510(b) claims**, which were **omitted** from the version of Exhibit 3 attached thereto.[2]

7.      During the week of December 11, 2023, Movants' counsel engaged Debtors' counsel in limited discussions surrounding the facts and nature of Movants' claims for the purposes of resolving the Omnibus Objection. *See* Stone Declaration at ¶ 7. Specifically, the focus of these discussions continued to be the lack of relevance/applicability of the arguments in the Omnibus Objection to Movants' claims. *Id.*

8.      On December 19, 2023, Movants' counsel transmitted to Debtors' counsel an extensive document containing a summary of the factual background of the claims which was intended to illustrate why, in simple terms, the Debtors' position in the Omnibus Objection was untenable and inapplicable to Movants' claims. *See id.* at ¶ 8; *see also* Ex. 2 attached to the Stone Declaration. Consequently, Movants' counsel requested an extension of the response deadline and also sought to schedule a follow-up call with Debtors' counsel. *Id.*

---

[2]  At least one claim, "FLORIDA SBA TTEE" (Proof of Claim No. 384), was listed on both Schedule 8 and Exhibit 3.

9.      On December 19, 2023, Debtors filed that *Notice Of Cancellation Of Emergency Hearings On Disputed Claims Motion And Dalton Motion And Setting Objection Deadlines On Normal Notice Pursuant To Bankruptcy Rule 2002 And Bankruptcy Local Rule 9013-1* (the "**Cancellation Notice**") [Docket No. 1589], which represented that, due to the adjournment of the combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan from December 22, 2023 at 10:00 A.M. CT to January 10, 2024 at 1:00 P.M. CT (the "**Combined Hearing**"), the Motion was no longer scheduled for hearing.[3]

10.     On December 20, 2023, Debtors' counsel extended Movants' deadline to respond to the Omnibus Objection "by a week" to allow the parties to reconvene after the brief holiday break.  *See* Stone Declaration at ¶ 10; *see also* Ex. 3 attached to the Stone Declaration. Subsequently, on December 26, 2023, the day prior to the lapse of the extension, Movants' counsel sought to resume negotiations with Debtors' counsel.  *See id.*; *see also* Ex. 4 attached to the Stone Declaration.

11.     Around this time, Debtors filed that *Fourth Amended Joint Chapter 11 Plan Of Core Scientific, Inc. And Its Affiliated Debtors* (the "**Plan**") [Docket No. 1622], which also drew Movants' counsel's attention to the language of Section 8.5(c)(iii) of the proposed Plan.  As a result, Movants' counsel inquired as to whether Debtors were intending to treat Movants' claims as unvested Restricted Stock Units.  *See id.* at ¶ 11; *see also* Ex. 5 attached to the Stone Declaration. In response, Debtors' counsel noted that, as it related to Movants' potential damages claim, 'the tail on these RSUs has passed, so they are no longer outstanding/cannot vest' therefore, Debtors

---

[3]  Subsequently, on December 28, 2023, the Combined Hearing was adjourned from January 10, 2024 at 1:00 P.M. CT to January 16, 2024 at 10:00 A.M. CT [Docket No. 1638].

'sought confirmation from the Company' which would inform Debtors' position as to objecting to Movants' claims moving forward.  *See id.*; Ex. 6 attached to the Stone Declaration.

12.     That evening, Movants' counsel made one last attempt to negotiate with Debtors before filing a response to the Omnibus Objection.  *See* Stone Declaration at ¶ 12; *see also* Ex. 7 attached to the Stone Declaration.  Among other things, Movants' counsel pointed out that the Company had conceded Movants' were never in possession of 'outstanding shares' of Core, and further, that Movants have always contended their claims are based upon damages—not based 'solely' upon "ownership" of equity or common stock—as alleged in the Omnibus Objection.  *See id.*

13.     On December 28, 2023, Debtors' counsel wrote: "**[W]e will remove Mr. Basil and Mr. Edwards from the Omnibus Objection Schedules for the moment**.  We reserve all rights to substantively object to their claims and reserve [the] right to seek reclassification of any claims Mr. Basil and Mr. Edwards may have as 510(b) claims." Stone Declaration at ¶ 13; *see also* Ex. 8 attached to the Stone Declaration (emphasis added).  Debtors' counsel later confirmed that the Movants' claims were "**not included in our omnibus objection**."  *See id.*; *see also* Ex. 9 attached to the Stone Declaration (emphasis added).

14.     The following day, on December 29, 2023, Movants' counsel followed-up with Debtors' counsel to inquire whether Movants should be included on Exhibit N attached to that *Notice Of Filing Of Plan Supplement In Connection With Third Amended Joint Chapter 11 Plan Of Core Scientific, Inc. And Its Affiliated Debtors* [Docket No. 1528] (the "**Allowed GUC Schedule**").  *See* Stone Declaration at ¶ 14; *see also* Ex. 10 attached to the Stone Declaration. Specifically, under the Debtors' own definition, "[t]he Allowed GUC Claims below do not include claims that the Debtors have objected to pursuant [the Omnibus Claim Objection], and only

includes Surviving Claims indicated in the [] Omnibus Claims Objection." *See* Allowed GUC Schedule at n.3. Relevant here, Movants' claims were no longer being objected to, which the Code expressly provides for under 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.").

15.     Debtors' counsel did not respond to the December 29, 2023 email regarding Movants' claims being added to the Allowed GUC Schedule. *See* Stone Declaration at ¶ 15.

16.     On January 5, 2024, Movants' counsel wrote a follow-up email: "I am writing to follow-up on my email last week regarding the Debtors' schedule of unsecured claims, which we believe should be amended to include our clients' as holders of unsecured claims (with the understanding that Debtors may reserve rights). I recognize your team is likely preoccupied given the surrounding deadlines, so please let us know when we can expect a response at your earliest convenience. Thanks in advance." Debtors' counsel did not respond to the email sent on January 5, 2024. *See* Stone Declaration at ¶ 16; *see also* Ex. 11 attached to the Stone Declaration.

17.     On January 11, 2024, Debtors filed that *Certificate Of No Objection To Debtors' First Omnibus Claims Objection To Certain (I) Amended Claims; (II) Exact Duplicative Claims; (Iii) Beneficial Bondholder Duplicative Claims; (IV) Multiple Debtor Claims; (V) Wrong Debtor Claims; (VI) Late Filed Claims; (VII) Insufficient Documentation Claims; (VIII) Equity Claims; And (IX) Reclassified Claims (Based On Priority)* [Docket No. 1699], which included a 'redline' "showing changes to the schedules originally filed with the First Omnibus Objection" attached thereto as Exhibit B. *See* Stone Declaration at ¶ 17. As was requested, Debtors removed Movants' claims from the schedules attached to the Omnibus Objection such that any order entered by this Court sustaining the Omnibus Objection would not apply to Movants' claims. *See id.*

18.     On January 12, 2024, Debtors filed the Notice [Docket No. 1706], to set the Motion for hearing on January 16, 2024 at 10:00 A.M. CT.  Movant's counsel discovered that Debtors added Movants' claims to Exhibit 3 and set the Motion for hearing **without prior notice**, and **with less than one business day** in between the date of filing and the date of the hearing.  *See id.* at ¶ 18.

**RESPONSE AND RESERVATION OF RIGHTS**

19.     Movants reserve all rights to maintain the validity and full amount of their claims. In light of the lack of notice of the Motion, Movants **do not** submit to any 'fast-track'/summary procedures Debtors under the proposed Plan that could affect their claim without having the opportunity to properly oppose Debtors' treatment of the claims.  At this time, it is unclear if the procedures under the proposed Plan (*see e.g.*, Plan, §§ 7.2-7.3) implicate Movants' claims upon the Effective Date because, up until this point, Movants believed their claims were general unsecured claims and there was no determination otherwise.

20.     In any event, this Court's Local Rules set forth separate requirements in regard to the Notice of the Motion.  This Court's Local Rule 9013-1(i) requires, among other things, "a detailed statement" in order to set a motion for hearing on an emergency basis, which "must" include the following paragraph: "*Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response*."

21.     Relevant here, the Notice does not fulfill the requirements of Local Rule 9013-1(i) because Debtors fail to discuss the existence of any facts sufficient to set this matter for hearing on an emergency basis; more specifically, because Movants are omitted from the Motion, **Debtors**

**offer no explanation as to why this Court must decide the maximum disputed amount of Movants' claims on an emergency basis**.  Moreover, it appears that the Plan contemplates an inordinately long timeframe for Debtors to object to claims, thus obviating the need to decide this matter now.  However, what is worse, upon filing the Cancellation Notice, Debtors' stated that they no longer had grounds for setting this Motion on shortened notice at all.  *See* Cancellation Notice, page 2 of 4 ("[T]he Debtors no longer require the relief requested in the […] the Disputed Claims Motion be heard on an emergency basis.").  In sum, Debtors have not articulated any basis by which to assert an emergency in order to set the Motion for a hearing on January 16, 2024.

22.     From December 29, 2023 through January 12, 2024, there was no communication from Debtors' counsel (despite telephone calls and emails) about Movants' claims, nor *any* other formal notice to Movants filed on the docket, and more importantly, no reference to Movants in the original Motion filed on December 7, 2023.  *See* Stone Declaration at ¶ 18.  Rather, on January 12, 2024, Debtors quietly added Movants' claims to Exhibit 3's list of 'disputed' equity claims and set it for hearing before this Court.  *See id.*  Fortunately, Movants' counsel reviewed the Notice and located Movants' names on the revised Exhibit 3 in time to file this document.  *See id.*

23.     Had the Movants' counsel **not** reviewed Exhibit 3, Debtors would have proceeded with this matter without Movants being made aware of the hearing or the relief sought.  *See id.* at ¶ 19.  In that case, Debtors would have been able to obtain relief as to Movants' claims without any objection.  *See id.*  Up until the afternoon of January 12, 2024, Movants had no reason to suspect that any dispositive motion related to their claims would be set for hearing.  *See id.*  By failing to appear at the hearing on January 16, 2024, the Court may have assumed incorrectly that Movants conceded to treatment under section 510(b)—which could not be farther from the truth. *See id.*

24.     In light of these events, on January 12, 2024, Movants' counsel sent an email to Debtors' counsel which conveyed the issues surrounding Debtors' revised treatment of Movants' claims in this instance.  *See* Ex. 12 attached to the Stone Declaration at ¶ 20.  What is more glaring, on two separate occasions between December 28, 2023 and January 12, 2024, Movants' counsel emailed Debtors' counsel to seek clarification about how Debtors intended to treat Movants' claims given that Debtors rescinded their objection which meant, by law, Movants each possess an allowed claim under 11 U.S.C. § 502(a).  *See* Stone Declaration at ¶¶ 14-16.

25.     Debtors' counsel failed to respond to Movants for over two weeks, and thereby failed to disclose that Debtors were intending to add Movants' claims to the Motion.  *See id.* at ¶ 21.  This obfuscation speaks volumes about the conduct that Debtors are willing to employ to obtain the relief they seek by failing to provide adequate notice due process to Movants.  *See id.* Movants willingly stated that Debtors could reserve their rights to object to Movants' claims, but adding Movants to Exhibit 3, without prior notice, considering the past communications with Debtors' counsel, is simply unfair, unexpected, and inequitable.  *See id.*  Here, there was no indication that Debtors would revive a pre-existing Motion, fail to provide the proper grounds to state a valid emergency, add Movants' claims to the Motion seeking relief that would establish the maximum amount of their claims—then say nothing to Movants.  *See id.*

26.     As Movants' counsel explained, it appears Debtors were intentionally seeking to 'backdoor' their objection to Movants' claims without due process being afforded.  *See* Stone Declaration at ¶ 22.  Given the Martin Luther King, Jr. holiday on Monday, January 15, 2024, Debtors' notice of an 'emergency' hearing scheduled for Tuesday, January 16, 2024 on January 12, 2024 was inadequate, as it permitted *less* than one full business day to file this Response.  *See*

*id.* If Debtors are seeking to object, Debtors must file a proper objection, which requires 30 days from the date of service upon the non-moving party to respond. *See id.*

27.     Finally, even if Debtors' notice was proper, which it is not, Movants cannot make any substantive arguments in response to the Motion because Movants were not included in the Motion in the first place. *See id.* at ¶ 23.  Debtors have not articulated any basis as to how this Court could grant the relief sought with respect to Movants' claims. *See id.*  There is no argument presented to the Court with respect to setting the 'maximum' amount of Movants' claims, which is a much lower estimate than Movants assert in their proof of claims. *See id.*  Consequently, other than the procedurally improper points raised here, Movants are at a loss in terms of how respond to the merits of the underlying Motion. *See id.*

28.     It is unequivocal that, if Debtors are permitted to proceed with seeking the relief in the Motion, Movants will be prejudiced due to the lack of due process, lack of valid notice, and lack of any rationale/supporting explanation offered as to why there is an emergency.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

**WHEREFORE**, Movants request that the Court deny the Motion for the reasons set forth

above and for such other relief as is just.

**Dated:**

Respectfully submitted,

By: /s/ *Chase A. Stone*
   Chase A. Stone
   *Counsel for Creditors Charlie Basil and Mitchell Edwards*


**ERVIN COHEN & JESSUP LLP**
Byron Z. Moldo, California (admitted *pro hac vice*)
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
(310) 273-6333
bmoldo@ecjlaw.com

*and*

**ERVIN COHEN & JESSUP LLP**
Chase Stone (admitted *pro hac vice*)
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
(310) 281-6369
cstone@ecjlaw.com

**<u>Certificate of Service</u>**

I hereby certify that, on January 15, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *<u>Chase A. Stone</u>*
Chase A. Stone

**<u>Exhibit A</u>**

**Chase A. Stone Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-89341 (CML) |
| | § | |
| Debtors.[1] | § | |
| | § | (Jointly Administered) |
| | § | Related Docket No. 1525 |

DECLARATION OF CHASE A. STONE IN SUPPORT OF CLAIMANTS' CHARLES
BASIL AND MITCHELL EDWARDS' RESPONSE AND RESERVATION OF RIGHTS
IN OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER ESTABLISHING DISPUTED CLAIM
AMOUNTS FOR CALCULATION AND DISTRIBUTION PURPOSES
UNDER DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION

I, Chase A. Stone, hereby declare that the following is true and correct to the best of my

knowledge, information, and belief:

1.      I am an attorney licensed to practice in the State of California, and admitted *pro*

*hac vice* to appear in this matter pending before this Court [Docket No. 1671].  I am an associate

of Ervin Cohen & Jessup, LLP, attorneys of record for Charles Basil and Mitchell Edwards in the

above-captioned case.  I have personal knowledge of the following facts and if called upon, I can

and will testify thereto.

2.      Except as otherwise indicated, the facts set forth in this declaration (the

"**Declaration**") are based upon my personal knowledge, my discussions with the Debtors' counsel.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (N/A); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

3.      On April 13, 2023, Edwards timely filed Proof of Claim No. 334 as a general unsecured claim against Core Scientific, Inc. in the amount of $22,000,000.  That same day, Edwards timely filed Proof of Claim No. 336 as a general unsecured claim against Core Scientific, Inc. in the amount of $3,500,330.00.

3.      On November 22, 2023, Debtors filed that *First Omnibus Claims Objection To Certain (I) Amended Claims; (II) Exact Duplicative Claims; (III) Beneficial Bondholder Duplicative Claims; (IV) Multiple Debtor Claims; (V) Wrong Debtor Claims; (VI) Late Filed Claims; (VII) Insufficient Documentation Claims; (VIII) Equity Claims; And (IX) Reclassified Claims (Based On Priority)* (the "**Omnibus Objection**") [Docket No. 1460], which stated an objection to Movants' claims on the grounds that "such claims provide for an equity interest rather than a claim" and were identified on "Schedule 8" as "Equity Claims" in the schedules attached thereto.  Omnibus Objection at  ¶ 1. More specifically, through the Omnibus Objection, Debtors argued that Movants' claims were among those "based solely on ownership of common stock of Core, and not on account of damages or claims against Core."  *Id.* at  ¶ 48.

4.      On December 7, 2023, in an introductory email, and later, on a telephone call, I explained to Debtors' counsel that, in light of the underlying facts, Debtors' definition of an 'equity' claim in the Omnibus Objection was inapplicable to Movants' claims.  A true and correct copy of the email sent to Debtors' counsel on December 7, 2023 is attached hereto as Exhibit 1. My motive was to resolve the Omnibus Objection to avoid incurring unnecessary legal fees, especially because the outcome would clearly result in favor of Movants.

5.      At Debtors' counsel's request, I offered further clarifications to questions regarding the specific factual basis of Movants' claims.  It appeared that Debtors' counsel was not aware of any specific facts of these claims despite the primary allegations concerning former officers that

could lead to potential derivative actions on behalf of the Company (e.g., for breach of fiduciary duties).

6.      On December 7, 2023, Debtors filed the Motion seeking to establish the amount of disputed claims, whereby Debtors requested emergency relief no later than on December 22, 2023 at 10:00 A.M. CT, in order to calculate the "maximum amount of distributions to all claimholders under the Plan." Motion at ¶ 3.  The Motion did not schedule and/or identify Movants' claims as 'disputed' 510(b) claims, which were also omitted from Exhibit 3 attached thereto.  The Omnibus Objection had already included Movants' claims on Schedule 8, but not on Exhibit 3 of the Motion.[1]

7.      On or around December 13, 2023, I engaged Debtors' counsel in limited discussions surrounding the facts and nature of Movants' claims for the purposes of resolving the Omnibus Objection.  As promised, I sought to gather information germane to our prior discussion and sought a 30 day continuance.  From that point forward, the focus of these discussions continued to be the lack of relevance/applicability of the arguments in the Omnibus Objection to Movants' claims.

8.      After gathering further information, on December 19, 2023, I transmitted an extensive document to Debtors' counsel summarizing, among other things, the factual background of the claims.  A true and correct copy of the email to Jonathan Goltser dated December 19, 2023 is attached hereto as <u>Exhibit 2</u>.  The document was intended to illustrate why, in simple terms, the Debtors' position in the Omnibus Objection was untenable and inapplicable to Movants' claims.

---

[1] At least one claim, "FLORIDA SBA TTEE" (Proof of Claim No. 384), was listed on both Schedule 8 and Exhibit 3.

Consequently, I requested an extension of the response deadline (through and until January 22, 2024) and also sought to schedule a follow-up call with Debtors' counsel.

9.      On December 19, 2023, Debtors filed that *Notice Of Cancellation Of Emergency Hearings On Disputed Claims Motion And Dalton Motion And Setting Objection Deadlines On Normal Notice Pursuant To Bankruptcy Rule 2002 And Bankruptcy Local Rule 9013-1* (the "**Cancellation Notice**") [Docket No. 1589], which represented that, due to the adjournment of the combined hearing to consider final approval of the Disclosure Statement and confirmation of the Plan from December 22, 2023 at 10:00 A.M. CT to January 10, 2024 at 1:00 P.M. CT (the "**Combined Hearing**").[2]

10.     On December 20, 2023, Debtors' counsel extended Movants' deadline to respond to the Omnibus Objection "by a week" to allow the parties to reconvene after the brief holiday break.  A true and correct copy of the email from Jonathan Goltser dated December 20, 2023 is attached hereto as Exhibit 3.  Subsequently, on December 26, 2023, the day prior to the lapse of the extension, I reinitiated contact to resume negotiation with Debtors' counsel.  A true and correct copy of my email to Jonathan Goltser dated December 26, 2023 is attached hereto as Exhibit 4.

11.     Around this time, Debtors filed that *Fourth Amended Joint Chapter 11 Plan Of Core Scientific, Inc. And Its Affiliated Debtors* (the "**Plan**") [Docket No. 1622], which also drew Movants' counsel's attention to the language of Section 8.5(c)(iii) of the proposed Plan.   As a result, I also inquired as to whether Debtors were intending to treat Movants' claims as unvested Restricted Stock Units.  A true and correct copy of my email to Jonathan Goltser dated December 27, 2023 is attached hereto as Exhibit 5.  In response, Debtors' counsel noted that, as it related to

---

[2]  Subsequently, on December 28, 2023, the Combined Hearing was adjourned from January 10, 2024 at 1:00 P.M. CT to January 16, 2024 at 10:00 A.M. CT [Docket No. 1638].

Movants' potential damages claim, 'the tail on these RSUs has passed, so they are no longer outstanding/cannot vest' therefore, Debtors 'sought confirmation from the Company' as to their position.  A true and correct copy of the email from Jonathan Goltser dated December 27, 2023 is attached hereto as Exhibit 6.

12.     That evening, I made one last attempt to negotiate with Debtors before filing a response to the Omnibus Objection.  A true and correct copy of my email to Jonathan Goltser dated December 27, 2023 (prior to the expiration of the deadline) is attached hereto as Exhibit 7.  I pointed out that the Company conceded Movants' were never in possession of 'outstanding shares' of Core, and further, that Movants have always contended their claims are based upon damages— not based 'solely' upon "ownership" of equity or common stock—as alleged in the Omnibus Objection.

13.     On December 28, 2023, Debtors' counsel wrote: "**[W]e will remove Mr. Basil and Mr. Edwards from the Omnibus Objection Schedules for the moment.**  We reserve all rights to substantively object to their claims and reserve [the] right to seek reclassification of any claims Mr. Basil and Mr. Edwards may have as 510(b) claims." A true and correct copy of the email from Jonathan Goltser dated December 28, 2023 is attached hereto as Exhibit 8 (emphasis added).  Debtors' counsel later confirmed that the Movants' claims were "not included in our omnibus objection."  A true and correct copy of the email from Jonathan Goltser dated December 28, 2023 is attached hereto as Exhibit 9.

14.     The following day, on December 29, 2023, I followed-up with Debtors' counsel to inquire whether Movants should be included on Exhibit N attached to that *Notice Of Filing Of Plan Supplement In Connection With Third Amended Joint Chapter 11 Plan Of Core Scientific, Inc. And Its Affiliated Debtors* [Docket No. 1528] (the "**Allowed GUC Schedule**").  A true and

correct copy of my email to Jonathan Goltser dated December 29, 2023 is attached hereto as Exhibit 10.  Specifically, by the Debtors' own definition, "[t]he Allowed GUC Claims below do not include claims that the Debtors have objected to pursuant [the Omnibus Claim Objection], and only includes Surviving Claims indicated in the [] Omnibus Claims Objection." *See* Allowed GUC Schedule at n. 3.  Relevant here, Debtors' counsel made it clear that, despite reserving their rights to object to the claims, for the moment, Movants' claims were no longer being objected to, which the Code provides for under 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.").

15.     Debtors' counsel did not respond to my December 29, 2023 email regarding Movants' claims being added to the Allowed GUC Schedule.

16.     On January 5, 2024, I wrote a follow-up email: "I am writing to follow-up on my email last week regarding the Debtors' schedule of unsecured claims, which we believe should be amended to include our clients' as holders of unsecured claims (with the understanding that Debtors may reserve rights).  I recognize your team is likely preoccupied given the surrounding deadlines, so please let us know when we can expect a response at your earliest convenience.  Thanks in advance."  A true and correct copy of my email to Jonathan Goltser dated January 5, 2024 is attached hereto as Exhibit 11.  Debtors' counsel did not respond to the email sent on January 5, 2024.

17.     On January 11, 2024, Debtors filed that *Certificate Of No Objection To Debtors' First Omnibus Claims Objection To Certain (I) Amended Claims; (II) Exact Duplicative Claims; (Iii) Beneficial Bondholder Duplicative Claims; (IV) Multiple Debtor Claims; (V) Wrong Debtor Claims; (VI) Late Filed Claims; (VII) Insufficient Documentation Claims; (VIII) Equity Claims;*

*And (IX) Reclassified Claims (Based On Priority)* [Docket No. 1699], which included a 'redline' "showing changes to the schedules originally filed with the First Omnibus Objection" attached thereto as Exhibit B.  As was requested, Debtors removed Movants' claims from the schedules attached to the Omnibus Objection, such that any order entered by this Court sustaining the Omnibus Objection would not apply to Movants' claims.

18.     On January 12, 2024, Debtors filed the Notice [Docket No. 1706], to set the Motion for hearing on January 16, 2024 at 10:00 A.M. CT.  Exhibit 3 attached thereto demonstrates how Debtors quietly added Movants' claims to Exhibit 3's list of 'disputed' equity claims and set it for hearing without any prior notice.  From December 29, 2023 to January 12, 2024, I had not received *any* communication from Debtors' counsel (despite telephone calls and emails) about Movants' claims, nor *any* other formal notice to Movants filed on the docket, and more importantly—no reference to Movants anywhere in the original Motion filed on December 7, 2023.   On the afternoon of January 12, 2024, I learned for the first time that Debtors added Movants' claims to Exhibit 3's list of 'disputed' equity claims.  Fortunately, I reviewed the renewed Notice and located Movants' names on the revised Exhibit 3 in time to file this document.

19.     Had I not reviewed the Notice, Debtors would have proceeded with this matter without Movants being aware of the hearing or the relief sought.  In that case, Debtors would have set a maximum amount under section 510(b) as to Movants' claims without any opportunity for Movants to argue otherwise.  Up until the afternoon of January 12, 2024, I had no reason to suspect that any motion related to my clients' claims would be set for hearing.  By failing to appear, the Court may have assumed that Movants conceded to the Debtors' Motion—which could not be farther from the truth.

20.     Therefore, on January 12, 2024, I wrote an email to Debtors' counsel which conveyed the issues surrounding Debtors' unfair treatment of Movants' claims in this instance.  A true and correct copy of my email to Jonathan Goltser dated January 12, 2024 is attached hereto as Exhibit 12.  Before January 12, 2024, I had already emailed Debtors' counsel **on two separate occasions** to seek clarification about how Debtors intended to treat Movants' claims, given that Debtors rescinded their objection and, by law, Movants have an allowed claim under 11 U.S.C. § 502(a).

21.     Debtors' counsel failed to respond for over two weeks, and thereby failed to disclose that Debtors were intending to add Movants' claims to the Notice.  This obfuscation speaks volumes about the conduct that Debtors are willing to employ to obtain the relief they seek by failing to provide adequate notice or due process to Movants.  Moreover, I informed Debtors' counsel that they could reserve their rights to object to Movants' claims—but adding Movants to Exhibit 3 without prior notice, in light of the past communications, is unfair, unexpected, and inequitable.  Here, there was no indication that Debtors would revive a pre-existing Motion, fail to provide the proper grounds to state a valid emergency, add Movants' claims to the Motion seeking relief that would establish the maximum amount of these claims—then say nothing to Movants.

22.     It appears Debtors were intentionally seeking to 'backdoor' their objection to Movants' claims without due process being afforded.  Given the Martin Luther King, Jr. holiday on Monday, January 15, 2024, Debtors' notice of an 'emergency' hearing scheduled for Tuesday, January 16, 2024 on January 12, 2024 was inadequate, as it only permitted *less* than one full business day to file this Response.  If Debtors are truly seeking to object, Debtors must file a proper

objection to the claims, which requires a full 30 days from the date of service upon the non-moving party to respond.

23.     Even if Debtors' notice was proper, which it is not, it is unclear what, if any, substantive arguments exist in response to the Motion because Movants were not included in the Motion in the first place.  Debtors have not articulated any basis as to how this Court could grant the relief sought with respect to Movants' claims.  There is no argument presented to the Court with respect to setting the 'maximum' amount of Movants' claims, which is a much lower estimate than Movants assert in their proof of claims.  Consequently, other than the procedurally improper points at issue, Movants are at a loss in terms of how respond to the merits of the Motion.

24.     It is unequivocal that, if Debtors are permitted to proceed with seeking the relief in the Motion and applying it to Movants' claims, Movants will be prejudiced due to the lack of due process, lack of valid notice, and lack of any rationale/supporting explanation offered as to why there is an emergency.

25.     On the evening of January 12, 2024, Debtors' counsel, Clifford Carlson, responded to my email and informed me that he would address my inquiries about the Motion by Saturday, January 13, 2024.  A true and correct copy of Mr. Carlson's email dated January 12, 2024 is attached hereto as Exhibit 13.  Mr. Carlson did not reach out on Saturday, January 13, 2024.  On Sunday, January 14, 2024, I called Mr. Carlson's cell phone and left a voicemail, having not heard back from him.

26.     On January 14, 2024 at approximately 12:15 p.m., Mr. Carlson returned my phone call.  On the call, among other things, I explained to Mr. Carlson that Debtors' lack of notice to Movants about this Motion displayed a blatant disregard for transparency and lacked due process.  To his credit, Mr. Carlson acknowledged there was a lack of notice, but did not agree to remove

my clients from the Motion.  I further explained that, due to the holiday weekend, there was insufficient time to discuss these issues with my clients (let alone resolve them).

27.     After my supervising partner, Rusty Selmont, attempted to contact our clients, I again called Mr. Carlson but he did not answer.  I received a follow-up email from Mr. Carlson scheduling a telephone call at 3:30 P.M. CT that afternoon.  Mr. Carlson did not call me at the planned time.  I therefore requested Mr. Carlson to set up a meeting for 9 A.M. PST on January 15, 2024.

28.     On January 15, 2024 at 11:00 A.M. PST, I joined a Zoom call with Mr. Carlson, who was accompanied by two attorneys from his law firm.  Mr. Selmont, from my law firm, who was also present, explained that our clients were unavailable due the holiday weekend.  The call adjourned without resolving the Motion, therefore, I filed this Response to inform the Court of these events and request that this Court deny the Motion as to Movants' claims..

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing Declaration are true and correct to the best of my knowledge, information, and belief.

Dated: January 15, 2024

/s/ *Chase A. Stone*
Chase A. Stone
Associate
Ervin Cohen & Jessup LLP
*Counsel for Creditors Charlie Basil and Mitchell Edwards*