# Exhibit 1 - Email Dated 12/7/23

**Sent:** Thursday, December 7, 2023 3:36 PM
**To:** Carlson, Clifford <Clifford.Carlson@weil.com>; Berkovich, Ronit <Ronit.Berkovich@weil.com>; Schrock, Ray <Ray.Schrock@weil.com>; Perez, Alfredo <alfredo.perez@weil.com>
**Cc:** Byron Moldo <bmoldo@ECJLAW.COM>; Rusty Selmont <rselmont@ECJLAW.COM>
**Subject:** Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Ms. Berkovich and Messrs. Pérez, Carlson, Schrock:

This law firm represents unsecured creditors Mitch Edwards ("Edwards") (Claim No. 334) and Charles Basil ("Basil") (Claim No. 336) (together, "Creditors") in the Core Scientific, Inc. ("Core" or "Debtors") Chapter 11 bankruptcy case pending in the Southern District of Texas. I am writing to discuss Debtors' recent omnibus objection to Creditors' claims, and if possible, prior to the deadline to file opposition, work towards a resolution. Our position is that Debtors' argument(s) in the omnibus objection fundamentally mischaracterize the basis of Creditors' claims as "Equity Claims" (Schedule 8).

Contrary to Debtors' argument(s), Creditors' claims are based upon damages, which arise from the *failure* of Creditors to obtain Restricted Stock Units ("RSUs") pursuant to their respective employment agreements. Consequently, Creditors are not equity claim holders because, although they were promised equity, and their separation agreements establish that they were both entitled to RSUs (having satisfied the time-vesting requirement), neither received their shares. Thus, these are not claims based upon equity in Core, but rather, damages for the failure to obtain equity.

Specifically, according to Debtors and their advisors

> . . . each of the Equity Claims were filed by the parties on account of asserted equity interests held by such parties in Debtor Core Scientific, Inc. ("Core") (i.e. based solely on ownership of common stock of Core, and not on account of damages or claims against Core).

*First Omnibus Objection To Certain (I) Amended Claims; (Ii) Exact Duplicative Claims; (Iii) Beneficial Bondholder Duplicative Claims; (Iv) Multiple Debtor Claims; (V) Wrong Debtor Claims; (Vi) Late Filed Claims; (Vii) Insufficient Documentation Claims; (Viii) Equity Claims; And (Ix) Reclassified Claims (Based On Priority)* (the "Objection") [Dkt. No. 1460], paragraph 48, p. 16.

Creditors believe that their argument, based upon the facts, would directly contravene the above grounds as set forth in the Objection. Creditors were not recipients of equity. Rather, the true nature of their claims is based upon damages as a consequence of the *lack* of equity received. If forced to file an opposition, the Objection would likely be overruled as to Creditors' specific claims for this reason alone. We hope that Debtors, upon reviewing Creditors' claims once more, will realize the error, and consider rescinding their objection and/or settling with Creditors to avoid a protracted legal battle that would not be in either parties' best interests.

We look forward to hearing from you and will work expeditiously to attempt to resolve these issues.

Respectfully,

Chase Stone

---

**Chase Stone**
Associate

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6369 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | cstone@ecjlaw.com | LinkedIn

**Exhibit 2 - Email Dated 12/19/23**

| | |
|---|---|
| **From:** | Chase Stone |
| **Sent:** | Tuesday, December 19, 2023 7:53 AM |
| **To:** | Goltser, Jonathan |
| **Cc:** | Carlson, Clifford; Rusty Selmont; Byron Moldo |
| **Subject:** | RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336) |
| **Attachments:** | Factual Summary_Letter_Basil_Edwards.pdf |

Jonathan,

Please find the attached correspondence with a summary of the facts underlying the claims. As time is of the essence, I would appreciate it if you could respond at your earliest convenience to my request to extend the responsive deadline to January 22, 2024 which would allow us greater time to resolve these issues.

Chase

**Chase Stone**
Associate

**ERVIN COHEN & JESSUP LLP**

9401 Wilshire Boulevard, 12th Floor ∣ Beverly Hills, CA 90212-2974
(310) 281-6369 *(t)* ∣ (310) 859-2325 *(f)*
www.ecjlaw.com ∣ cstone@ecjlaw.com ∣ LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

**From:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Sent:** Thursday, December 14, 2023 1:31 PM
**To:** Chase Stone <cstone@ecjlaw.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ECJLAW.COM>; Byron Moldo <bmoldo@ECJLAW.COM>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Thanks Chase. Received your vm. I will get back to you.



Jonathan Goltser

Weil, Gotshal & Manges LLP
767 Fifth Avenue

## Exhibit 3 - Email Dated 12/20/2023

**From:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Sent:** Wednesday, December 20, 2023 4:18 PM
**To:** Chase Stone <cstone@ecjlaw.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ECJLAW.COM>; Byron Moldo <bmoldo@ECJLAW.COM>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Chase – We can extend your objection deadline by a week and see where we are then.



**Jonathan Goltser**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jonathan.Goltser@weil.com
+1 212 310 8161 Direct
+1 212 310 8007 Fax

## Exhibit 4 - Email Dated 12/26/23

**From:** Chase Stone
**Sent:** Tuesday, December 26, 2023 10:13 AM
**To:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ecjlaw.com>; Byron Moldo <bmoldo@ecjlaw.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Jonathan:

Thanks for your e-mail last week. I just wanted to check-in regarding the proposal and whether there are any updates to share from the debtor's side. Talk to you soon.

Chase

## Exhibit 5 - Email Dated 12/27/23 (1)

**From:** Chase Stone <cstone@ecjlaw.com>
**Sent:** Wednesday, December 27, 2023 1:41 PM
**To:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ECJLAW.COM>; Byron Moldo <bmoldo@ECJLAW.COM>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Jonathan,

After quick review of the fourth amended plan, I identified Section 8.5(c)(iii) ("Unvested RSUs") on page 86.

Do the Debtors consider our clients' claims to be Unvested RSUs under the plan? Please let us know as soon as you can.

Chase

**Chase Stone**
Associate

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6369 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | cstone@ecjlaw.com | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

## Exhibit 6 - Email Dated 12/27/23 (2)

**From:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Sent:** Wednesday, December 27, 2023 11:05 AM
**To:** Chase Stone <cstone@ecjlaw.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ECJLAW.COM>; Byron Moldo <bmoldo@ECJLAW.COM>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Chase – we'll confirm with the Company, but I believe their position is that the tail on these RSUs has passed, so they are no longer outstanding/cannot vest.



**Jonathan Goltser**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jonathan.Goltser@weil.com
+1 212 310 8161 Direct
+1 212 310 8007 Fax

## Exhibit 7 - Email Dated 12/27/23 (3)

**Sent:** Wednesday, December 27, 2023 1:41 PM
**To:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ECJLAW.COM>; Byron Moldo <bmoldo@ECJLAW.COM>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Jonathan,

Thanks for your message. While we would prefer not to file an objection, we are certainly prepared to do so, however, I want to share the following observation with you after I went back to review the omnibus objection:

The omnibus objection characterizes our clients' claims as equity claimants. Debtors define an equity claim as "*i.e.* based solely on ownership of common stock of Core, and not on account of damages or claims against Core." Throughout this case, however, we have never contended that the claims were based on equity. We have always contended that these are claims based on damages.

If we take the Company's position (that there are no shares outstanding, thus there was nothing to vest), it follows that, these claims are not for "unvested RSUs" and, by default, these claims cannot be equity claims, either. Rather, these are claims based upon damages. Equity claims are not claims based upon damages, according to the Debtors' own definition. Our assertion throughout this case and in our conversations, as well as the proof of claim, is that these claims are for damages.

We think it make sense that you withdraw the pending objection or, at a minimum, continue it and grant additional time so we can continue to talk.

Chase

---

**Chase Stone**
Associate

**ERVIN COHEN & JESSUP** LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6369 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | cstone@ecjlaw.com | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

## Exhibit 8 - Email Dated 12/28/23 (1)

**From:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Sent:** Thursday, December 28, 2023 1:08 PM
**To:** Chase Stone <cstone@ecjlaw.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ECJLAW.COM>; Byron Moldo <bmoldo@ECJLAW.COM>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Chase – we will remove Mr. Basil and Mr. Edwards from the Omnibus Objection Schedules for the moment. We reserve all rights to substantively object to their claims and reserve to right to seek reclassification of any claims Mr. Basil and Mr. Edwards may have as 510(b) claims.



**Jonathan Goltser**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jonathan.Goltser@weil.com
+1 212 310 8161 Direct
+1 212 310 8007 Fax

## Exhibit 9 - Email Dated 12/28/23 (2)

**From:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Sent:** Thursday, December 28, 2023 1:49 PM
**To:** Chase Stone <cstone@ecjlaw.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ECJLAW.COM>; Byron Moldo <bmoldo@ECJLAW.COM>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Chase - We are removing Mr. Edwards and Mr. Basil from the Omnibus Objection Schedules, so they are not included in our omnibus objection.

We reserve all rights to substantively object to their claims and reserve to right to seek reclassification of any claims Mr. Basil and Mr. Edwards may have as 510(b) claims at a later date.



**Jonathan Goltser**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Jonathan.Goltser@weil.com
+1 212 310 8161 Direct
+1 212 310 8007 Fax

## Exhibit 10 - Email Dated 12/29/23

**From:** Chase Stone
**Sent:** Friday, December 29, 2023 3:07 PM
**To:** Goltser, Jonathan <Jonathan.Goltser@weil.com>
**Cc:** Carlson, Clifford <Clifford.Carlson@weil.com>; Rusty Selmont <rselmont@ecjlaw.com>; Byron Moldo <bmoldo@ecjlaw.com>; Tsekerides, Theodore <theodore.tsekerides@weil.com>
**Subject:** RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336)

Jonathan:

Thank you for the clarification. Briefly, another important matter arose that I need to bring to Debtors' attention regarding the attached Schedule of Allowed GUCs ("Schedule") filed on December 8, 2023 with the First Plan Supplement (marked "Exhibit N") [Docket No. 1528].

As stated in Footnote 3, the list of unsecured claims does not include claims that the Debtors objected to in the Debtors' Omnibus Claims Objection. Because Debtors will remove Mr. Edwards and Mr. Basil from the Omnibus Claims Objection, we believe the Schedule must be amended to include our clients. Excluding our clients from the list obviously implies that our clients' claims are disallowed, which they are not. Given the revised deadlines, I wanted to provide notice ahead of next week so that there is sufficient time to amend.

Thanks, Jonathan. Have a happy new year.

Chase

---

**Chase Stone**
Associate

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6369 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | cstone@ecjlaw.com | LinkedIn

---

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

## Exhibit 11 - Email Dated 01/05/24

| | |
|---|---|
| **From:** | Chase Stone |
| **Sent:** | Friday, January 5, 2024 10:17 AM |
| **To:** | 'Goltser, Jonathan' |
| **Cc:** | 'Carlson, Clifford'; Rusty Selmont; Byron Moldo; 'Tsekerides, Theodore' |
| **Subject:** | RE: Debtors' Omnibus Objection To Claims Of Mitch Edwards (Claim No. 334) / Charles Basil (Claim No. 336) |

Good afternoon, Jonathan (and happy new year):

I am writing to follow-up on my email last week regarding the Debtors' schedule of unsecured claims, which we believe should be amended to include our clients' as holders of unsecured claims (with the understanding that Debtors may reserve rights).

I recognize your team is likely preoccupied given the surrounding deadlines, so please let us know when we can expect a response at your earliest convenience. Thanks in advance.

Best,

Chase

---

**Chase Stone**
Associate

ERVIN COHEN & JESSUP LLP

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6369 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | cstone@ecjlaw.com | LinkedIn

The information contained herein is confidential and privileged attorney-client information or work product intended only for the individual or entity to whom it is addressed. Any unauthorized use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

# Exhibit 12 - Email Dated 01/12/24

| | |
|---|---|
| **From:** | Chase Stone |
| **Sent:** | Friday, January 12, 2024 3:37 PM |
| **To:** | Goltser, Jonathan |
| **Cc:** | Carlson, Clifford; Rusty Selmont; Byron Moldo; Tsekerides, Theodore |
| **Subject:** | Core Scientific (22-90341): Notice of Hearing on Disputed Claims Motion/Amended Disputed Claims Schedules [Dkt. No. 1706] |
| **Importance:** | High |

Jonathan,

I reviewed Debtors' "notice" of the upcoming hearing on the motion seeking Court approval to establish the amount(s) of disputed claims (the "Motion") [Dkt. No. 1525]. The Motion was originally filed on December 7, 2023 (then subsequently taken off calendar). This afternoon, Debtors again provided notice that a hearing on the Motion is set for January 16, 2024 at 10:00 a.m. CST [Dkt. No. 1706-2]. Upon closer inspection, Exhibit 3 attached to the notice of the Motion is a 'blue' lined schedule of disputed 510(b) claims (Exhibit 3). Exhibit 3 was amended to include Mitchell Edwards' and Charles Basil's claims.

The original Motion did not reference our clients' claims as a "disputed" claim which were instead included on the Omnibus Objection, and like we discussed, Debtors agreed **not** to proceed with stating any objection to our clients' claims. Since December 28, 2023, in light of the rescinded objection, I sent two emails to you (and your team) inquiring as to whether our clients should be added to the list of allowed general unsecured claims. I have received no response. As I stated, we had no qualms about Debtors' reserving their rights to object to our clients' claims in the future, however, the process your firm has now chosen is procedurally improper because it fails to give proper notice to our clients. Moreover, the renewed notice does not provide any support for why this Motion should be heard on an emergency basis at this juncture contrary to Bankruptcy Local Rule 9013-1(i), which requires "a detailed statement" about the emergency, and critically, "must" include the following paragraph: "*Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.*"

Moreover, there is no basis as to how or why our clients' claims should even be subject of this Motion because there was no argument presented as to our clients' claims. Consequently, it would be impossible for our clients to file a substantive response to the Motion—there is nothing to respond to—and by giving us *less* than one business days' notice (Monday is a holiday) of the hearing, you are affecting a gross violation of our clients' due process. Even under the proposed Plan, Debtors are afforded significant time to file an objection to a claim. *Ergo*, there is no urgency whatsoever. In this instance, the Motion effectively seeks the relief that would be sought through a claim objection which is served with 30 days' notice. Thus, I am demanding that you remove our clients from Exhibit 3 (page 7) by no later than 8 p.m. PST. If our clients are not removed, we plan to file an objection to the Motion post-haste.

Chase

**Chase Stone**
Associate

**ERVIN COHEN & JESSUP LLP**

9401 Wilshire Boulevard, 12th Floor | Beverly Hills, CA 90212-2974
(310) 281-6369 *(t)* | (310) 859-2325 *(f)*
www.ecjlaw.com | cstone@ecjlaw.com | LinkedIn

## Exhibit 13 - Email Dated 01/12/24

| | |
|---|---|
| **From:** | Carlson, Clifford <Clifford.Carlson@weil.com> |
| **Sent:** | Friday, January 12, 2024 10:03 PM |
| **To:** | Chase Stone; Goltser, Jonathan |
| **Cc:** | Rusty Selmont; Byron Moldo; Tsekerides, Theodore |
| **Subject:** | RE: Core Scientific (22-90341): Notice of Hearing on Disputed Claims Motion/Amended Disputed Claims Schedules [Dkt. No. 1706] |

Chase, we will get back to you tomorrow.



**Clifford Carlson**

Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002-2755
clifford.carlson@weil.com

+1 713 546 5248 Direct
+1 708 308 1971 Mobile (preferred)
+1 713 224 9511 Fax