**<u>Exhibit A</u>**

**Creighton Declaration**

WEIL:\99421311\12\39031.0014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* [1] | § § § § | Case No. 22-90341 (CML) |
| | | (Jointly Administered) |

**DECLARATION OF JOHN CREIGHTON IN
SUPPORT OF DEBTORS' MOTION PURSUANT TO
11 U.S.C. §§ 502(c), 1123(a)(5), AND 105(a)  TO ESTABLISH MAXIMUM DISPUTED
CLAIM AMOUNTS FOR CALCULATION AND DISTRIBUTION PURPOSES UNDER
DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

John Creighton makes this Declaration pursuant to U.S.C. § 1746:

1. I am a Director at Alix Partners ("*Alix*").  By order dated January 15, 2023, Alix was retained as financial advisor for Core Scientific, Inc. and its debtor subsidiaries and affiliates (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*").

2. In connection with the Debtors' review of the official claims register, the Debtors have commenced a review of the proofs of claim filed by creditors and other parties in interest in these Chapter 11 Cases.  At the request of the Debtors' counsel, I, along with employees of the Debtors and the assistance of the Debtors' other professionals including professionals at Weil, Gotshal & Manges LLP ("*Weil*"), have reviewed the CUD Claims listed in the *Motion For Entry of an Order Establishing Maximum Disputed Claim Amounts For Calculation and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.  The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, TX 78704.

*Distribution Purposes Under Debtors' Proposed Joint Chapter 11 Plan of Reorganization* (the "**Motion**").[2]

### The CUD Claims

3. Pursuant to the Motion, the Debtors are requesting entry of an order establishing the maximum potential Allowed amount of CUD Claims for the purposes of calculating the Disputed Class 8 Claim Shares and Disputed Class 11 Claim Shares (each as defined in the Plan, as defined below) under the Debtors' proposed *Third Amended Joint Chapter 11 Plan of Reorganization of Core Scientific, Inc. and its Affiliated Debtors* dated November 16, 2023 [Docket No. 1438] (as may be amended, supplemented, or otherwise modified from time to time, the "**Plan**").

4. As indicated below, and described in greater detail in the Motion, the Debtors are proposing to establish, in each case for Calculation Purposes and distribution, (i) the maximum Allowed amount of each CUD Claim, which in the aggregate totals $114.3 million (the "***Maximum Disputed Amount***"),[3] which includes approximately $5.9 million for Other Disputed Claims that are Settling GUC Claims, and (ii) only to the extent Settling GUC Claims are not resolved prior to the Effective Date, the maximum Allowed amount of Settling GUC Claims, which in the aggregate totals $36.0 million (the "***Adjusted Settling GUC Amount***"), which would result in a total adjusted Maximum Disputed Amount of $144.4 million (the "***Adjusted Maximum Disputed Amount***") to the extent none of the Settling GUC Claims are resolved prior to the Effective Date.

---

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

[3] The Debtors are seeking to establish the Maximum Disputed Amount of the CUD Claims for Calculation Purposes and distribution on a claim by claim basis, and not on an aggregate basis.

5.      As described below, the Debtors believe that the Maximum Disputed Amount for each CUD Claim represents the highest, or otherwise good-faith estimate for the CUD Claims that may ultimately be Allowed in the Chapter 11 Cases, but the Debtors intend on disputing. After consulting with their various professionals, the Debtors believe that these amounts strike a careful and reasonable balance between enabling the Debtors to make meaningful distributions to the holders of Allowed Claims while not jeopardizing the potential recoveries to Claimants holding CUD Claims in the event such Claims subsequently are Allowed.

      a.  ***Litigation Claims***

6.      The CUD Claims include three (3) Litigation Claims in an aggregate asserted amount of not less than approximately $55.6 million. A list of the Litigation Claims, along with the asserted amount in such Claimants' proofs of claims and the Debtors' proposed Maximum Disputed Amount for each such CUD Claim is annexed to the Proposed Order as **Exhibit 1**. For purposes of this Motion, the Debtors seek to establish the Maximum Disputed Amount for each Litigation Claimant as provided in **Exhibit 1** to the Proposed Order, which totals an aggregate of $59.2 million.

7.      In consultation with the Debtors and the Debtors' other advisors, I and certain other professionals at Alix reviewed and analyzed the documentation in connection with the contracts and other related documentation in connection with the Litigation Claims, the Debtors' books and records, and any other potentially relevant factors. Based upon this review, it was determined that, out of an abundance of caution, for purposes of the Motion, these potential Litigation Claims should be established at a maximum Allowed amount of $59.2 million for Calculation Purposes and distribution. A list of the Litigation Claims, along with the asserted

3

amount in such Claimants' proofs of claims, the Debtors' proposed Maximum Disputed Amount for each such Litigation Claim is annexed as **Exhibit 1** to the Proposed Order.

### b. Projected Rejection Damages Claims

8. The CUD Claims include actual or potential claims related to 12 executory contract counterparties that have either filed claims or for which the Debtors anticipate rejecting contracts, which may result in claims in an aggregate amount of $8.7 million. Allowed Rejection Damages Claims are classified as Class 8 General Unsecured Claims under the Plan.

9. In consultation with the Debtors and the Debtors' other advisors, I and certain other professionals at Alix reviewed and analyzed the documentation in connection with the contracts the Debtors anticipate rejecting, the Debtors' books and records, and any other potentially relevant factors. Based upon this review, it was determined that, out of an abundance of caution, for purposes of the Motion, these potential Rejection Damages Claims should be established at a maximum Allowed amount of $9.2 for Calculation Purposes and distribution. A list of the projected Rejection Damage Claims, along with the Debtors' proposed Maximum Disputed Amount for each such potential Rejection Damage Claim is annexed as **Exhibit 2** to the Proposed Order.

### c. 510(b) Claims

10. The CUD Claims also include approximately nineteen (19) Claims filed by certain Holders of Existing Common Interests that have filed proofs of claims, not including the Securities Class Action POC that was Disallowed (as discussed in the Motion), alleging, among other things, violations of securities laws and fraud-on-the-market. While the Debtors intend to object to these claims to the fullest extent possible, if unsuccessful, the Debtors intend to classify such claims as subordinated claims pursuant to section 510(b) of the Bankruptcy Code, and thus

would be classified as Class 11 Section 510(b) Claims under the Plan. These Holders of Existing Common Interests, excluding the Securities Class Action Claim, have asserted an aggregate claim of $1.3 million.

11. In consultation with the Debtors and the Debtors' other advisors, I and certain other professionals at Alix reviewed and analyzed the documentation in connection with the 510(b) Claims, the Debtors' books and records, and any other potentially relevant factors. Based upon this review, it was determined that for purposes of the Motion, these 510(b) Claims should be established at a maximum Allowed amount of $3.5 million for Calculation Purposes and distribution. While this amount is considerably lower than the amounts asserted by the 510(b) Claimants, the Debtors believe that the establishment of a maximum Allowed amount of $3.5 million for Calculation Purposes and distribution represents a reasonable estimate of the maximum amount of 510(b) Claims that will ultimately be allowed. A list of 510(b) Claims, along with the asserted amount in such Claimants' proofs of claims and the Debtors' proposed Maximum Disputed Amount for each such 510(b) Claim is annexed as **Exhibit 3** to the Proposed Order.

d. *Other Disputed Claims*

12. The remaining CUD Claims consist of 43 Other Disputed Claims in an aggregate asserted amount of not less than approximately $73.2 million. The Other Disputed Claims consist of Claims filed in connection with various contractual damages claims and non-priority tax claims and include Settling GUC Claims. The Debtors seek to establish the Maximum Disputed Amount for each Other Disputed Claimant as provided on **Exhibit 4** to the Proposed Order, which totals an aggregate of $42.5 million. To the extent a Settling GUC Claim that is an Other Disputed Claim is not resolved prior to the Effective Date, such Settling GUC Claim should

5

be Allowed in the amount of the Adjusted Settling GUC Amount for such Settling GUC Claim that is not resolved.

13. In consultation with the Debtors and the Debtors' other advisors, I and certain other professionals at Alix reviewed and analyzed the documentation in connection with the Other Disputed Claims, the Debtors' books and records, and any other potentially relevant factors. Based upon this review, it was determined that, out of an abundance of caution, for purposes of the Motion, these Other Disputed Claims should be established at a maximum Allowed amount of $42.5 million for Calculation Purposes and distribution, as may be adjusted to up to $72.6 million to the extent that the Settling GUC Claims are not resolved prior to the Effective Date. A list of the Other Disputed Claims, along with the asserted amount in such Claimants' proofs of claims, the Debtors' proposed Maximum Disputed Amount for each such Other Disputed Claim, and the Adjusted Settling GUC Amount for Other Disputed Claims that are Settling GUC Claims is annexed to the Proposed Order as **Exhibit 4**.

### The CUD Claims

14. The Debtors are seeking to establish maximum individual caps on the individual CUD Claims, and to the extent necessary, the individual Settling GUC Claims, as provided herein. The Debtors believe that the Maximum Disputed Amount for each CUD Claim represents the highest, or otherwise good-faith estimate for the CUD Claims that may ultimately be Allowed in the Chapter 11 Cases.

15. The Maximum Disputed Amount is not indicative of the Debtors' estimate of the ultimate Allowed amount of CUD Claims. Rather, the Maximum Disputed Amount represents the Debtors' estimate of the maximum liability that has been or could reasonably be asserted by the Claimants on account of the CUD Claims, driven primarily by the asserted claim

amounts in the CUD Claimants proofs of claim, for Calculation Purposes and distribution, other than Settling GUC Claims, which represent the Debtors' good-faith estimate of the anticipated Allowed amount of such Settling GUC Claims upon the conclusion of successful negotiations with each such Settling GUC Claimant.  The Debtors are not proposing to Allow the CUD Claims at the Maximum Disputed Amount, and the Debtors anticipate that substantive objections will be filed against a substantial number of these Claims that will result in the Disallowance of many such Claims.  The Debtors reserve all rights to object to any or all CUD Claims, either in whole or in part, or to seek to estimate any and all CUD Claims at lesser amounts.

16.   I believe that the relief requested herein will allow the Debtors to effectuate timely distributions under the Plan to holders of Allowed General Unsecured Claims and holders of Existing Equity Interests, without undue delay.  Moreover, I believe that it would be prejudicial to creditors with Allowed General Unsecured Claims or holders of Existing Equity Interests to require them to wait for the resolution of all CUD Claims before receiving amounts available for distribution under the Plan.  For the reasons set forth herein, I believe that the Court should establish the Maximum Disputed Amount and, as applicable, the Adjusted Settling GUC Amount, for each CUD Claim as provided in the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 8, 2023
       Dallas, Texas

                               By:  /s/ John Creighton
                                      John Creighton