United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 09, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | | (Docket No. 528) |

### ORDER (I) ESTABLISHING DEADLINES TO FILE PROOFS OF CLAIM AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion, dated February 14, 2023 (the "**Motion**")[2] of Core Scientific, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order establishing bar dates and procedures for filing certain claims pursuant to sections 501, 502, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198). The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion; and upon the record herein and upon all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      Subject to paragraphs eight (8) and nine (9) below, each person or entity that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against which a claim is asserted.  If more than one Debtor is listed on any particular Proof of Claim form, such claim shall be deemed to have been filed only against the first listed Debtor.

2.      Except as otherwise provided herein, any person and entity (excluding any Governmental Unit), asserting a claim against the Debtors in these chapter 11 cases, including claims asserted under section 503(b)(9) of the Bankruptcy Code for goods received by the Debtors in the ordinary course of business within twenty (20) days of the Petition Date, shall file a Proof of Claim so that it is received, as provided in paragraph six (6) below, by Stretto on or before **April 14, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**").  The Debtors shall include the designated General Bar Date in the Bar Date Notice thereby making the designated General Bar Date a matter of record.  The Debtors may agree, in their discretion and after consultation with the Creditors' Committee, to extend the General Bar Date on behalf of a requesting claimant.

3.      All Governmental Units (as defined in section 101(27) of the Bankruptcy Code) asserting claims against one or more of the Debtors shall file Proofs of Claim on or before **June 19, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**").

4.      If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim; (ii) to change the nature or characterization of a claim; or (iii) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraph six (6) below, by Stretto on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules (the "**Amended Schedule Bar Date**").

5.      Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraph six (6) below, by Stretto on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days after the entry an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease (the "**Rejection Bar Date**").

6.      All Proofs of Claim must be ***actually received*** by Stretto no later than the applicable Bar Date, either by the claimant (i) submitting such Proof(s) of Claim electronically through Stretto, at https://cases.stretto.com/CoreScientific; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at

https://ecf.txsb.uscourts.gov; or (iii) delivering the original Proof(s) of Claim to Stretto by mail or hand delivery, at the following address:

| **Stretto Addresses for Receipt of Claims** |
|---|
| Core Scientific, Inc., et al. Claims Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |

7.       Stretto will not accept Proofs of Claim by facsimile, telecopy, email, or other electronic submission, other than as specifically provided herein.

8.       The following persons and entities are not required to file Proofs of Claim in these chapter 11 cases:

a.  the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.  any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.  any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee or any other statutory committee pursuant to orders of this Court (or any member of such committee seeking reimbursement of expenses incurred in connection with carrying out the duties associated with serving on such committee) that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code but, in each case, solely to the extent of such administrative claim(s);

e. any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

f. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g. any person or entity holding an equity security interest in any Debtor, with regard to an equity interest solely on account of such current ownership; provided, however, that if such holder asserts a claim other than with respect to the current ownership of such equity security interest, including a claim relating to the purchase or sale of such equity interest, a Proof of Claim must be filed on or before the General Bar Date. For the avoidance of doubt, any person or entity holding an equity security interest in any Debtor does not need to file a Proof of Claim or Interest solely on account of such current ownership but does need to file a Proof of Claim if asserting a claim under applicable securities laws;

h. any Debtor asserting a claim against another Debtor;

i. any non-Debtor affiliate asserting a claim against a Debtor affiliate; and

j. any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

9.     U.S. Bank National Association, as note agent and collateral agent (the "**Prepetition Agent**") on behalf of holders of those certain (i) secured convertible notes issued pursuant to that certain Secured Convertible Note Purchase Agreement, dated as of April 19, 2021 (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, and including all related credit documents, and the notes issued thereunder, the "**April Convertible Notes**") and/or (ii) secured convertible notes issued pursuant to that certain Secured Convertible Note Purchase Agreement, dated on or about August 20, 2021 (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, and including all related credit documents, and the notes issues thereunder, the "**August Convertible Notes**", and collectively with the April Secured Convertible Notes, the "**Convertible Notes**") may (but is not required to) in its discretion file (and amend and/or supplement) a proof of claim and/or

aggregate proofs of claim (on behalf of themselves and the holders of the Convertible Notes (as applicable)) in each of the Debtors' chapter 11 cases, and any such proof of claim may (but is not required to be) filed as one consolidated master proof of claim in the Debtors' lead chapter 11 case against all of the Debtors, which shall be deemed to have been filed against each and every Debtor. Such consolidated or master proofs of claim shall not be required to attach any instruments, agreements or other documents evidencing the obligations owing by each of the Debtors to the applicable party, which instruments, agreements or other documents will be provided upon reasonable written request to the Prepetition Agent, as the case may be. Any proof of claim filed by or on behalf of any holder of the Convertible Notes shall be deemed to be in addition to (and not in lieu of) any other proof of claim that may be filed by any such persons. The provisions set forth in this paragraph are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in-interest.

10.     Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.

11.     To the extent any Proof of Claim does not include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d), such Proof of Claim shall not constitute prima facie evidence of the validity and amount of such claim; provided that, if the applicable documentation has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the Proof of Claim.  Moreover, if such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available.

12.     Any person or entity that is required to timely file a Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in the chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the chapter 11 cases; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the chapter 11 cases.

13.     The Bar Date Notice, substantially in the form attached to this Order as **Exhibit 1**, and the Proof of Claim form, substantially in the form attached to this Order as **Exhibit 2**, are hereby approved in all respects.  The Debtors shall cause Stretto to serve the Bar Date Notice on all known persons and entities holding potential claims against the Debtors or their estates.  Stretto will have five (5) business days following entry of this Order to mail the Bar Date Notice.

14.     Stretto will prominently display the Bar Date Notice on its website.

15.     The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, as set forth in this Order and in the manner set forth herein, no later than thirty days before the General Bar Date upon all known persons and entities holding potential claims against the Debtors.

16.     Within five (5) days of the entry of this Order, the Debtors shall cause Stretto to serve the Bar Date Notice, together with a Proof of Claim form, via first-class United States mail, postage prepaid, or applicable foreign priority mail service on the following entities:

a. The Office of the United States Trustee for the Southern District of Texas;

b. All creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

c. All parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

d. All entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

e. All entities that are party to executory contracts and unexpired leases with the Debtors;

f. All entities that are party to litigation with the Debtors.  For the avoidance of doubt, parties to the class action pending in the Western District of Texas, Austin Division, styled as *Mei Pang v. Core Scientific, Inc., Michael Levitt, Michael Trzupek, and Denise Sterling*, Case No. 1:22-cv-01191-LY, shall receive the Bar Date Notice;

g. All current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h. All regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

i. The Offices of the Attorney General for each of the states in which the Debtors operate;

j. All known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

k. All taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

l. The Securities and Exchange Commission; and

m. The Creditors' Committee and any other official committee appointed in these chapter 11 cases.

17. Within three (3) business days of the entry of this Order, the Debtors shall cause to be mailed (i) a Proof of Claim form and (ii) the Bar Date Notice, to the banks, brokers, and financial institutions (or their agents) that might have purchased equity securities in "street

name" on behalf of the underlying beneficial owners of those equity securities during the period from January 3, 2022 through December 21, 2022, inclusive (collectively, including their agents, the "**Nominees**"). With their mailing, the Debtors shall include instructions to the Nominees concerning the requirements in subparagraphs (a)–(d) below.

    a.    Such Nominees shall either: (i) within seven (7) calendar days of receipt of the Bar Date Notice and the Proof of Claim form, request from the Debtors sufficient copies of the notice and claim form to forward to all such beneficial owners and within seven (7) calendar days of receipt of those notices and claim forms forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Bar Date Notice and the Proof of Claim form, provide a list of the names and addresses of all such beneficial owners to the Debtors and the Debtors shall send the notices and claim forms promptly to such identified beneficial owners.

    b.    Nominees that elect to send the Bar Date Notice and the Proof of Claim form to their beneficial owners shall also send a statement to the Debtors and Stretto confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in these Chapter 11 Cases.

    c.    If it is the Nominee's customary and accepted practice to forward such materials to beneficial owners by e-mail, e-delivery, or any other method of electronic or printed communication, the Nominees are authorized to follow those customary practices, within seven (7) calendar days of receipt of the materials, in lieu of sending actual printed copies of the Proof of Claim form and the Bar Date Notice.

    d.    Within seven (7) calendar days of forwarding such notice, the Nominees may request reimbursement for reasonable and documented noticing costs and research fees, if any, by making such request in writing to the Debtors at the address to be provided by Stretto to the Nominees.

    18.    Within five (5) business days of the entry of this Order, the Debtors will cause a copy of the Bar Date Notice and Proof of Claim form to be filed on the docket of the class action pending in the Western District of Texas, Austin Division, styled as *Mei Pang v. Core Scientific, Inc., Michael Levitt, Michael Trzupek, and Denise Sterling*, Case No. 1:22-cv-01191-LY.

19.     The Debtors are authorized, but not directed, to reimburse the Nominees for reasonable and documented noticing costs and research fees as provided for in subsection d of paragraph seventeen (17) of this Order.

20.     The Debtors shall publish the Publication Notice, substantially in the form attached to this Order as **Exhibit 3**, in the national edition of The Wall Street Journal and the Debtors may publish further provide publication notice in the local editions of the Austin American-Statesman, Odessa American, Pecos Enterprise, Denton Record Chronicle, Cherokee Scout, Dalton Daily Citizen, The Lake News, Grand Forks Herald, and Muskogee Phoenix, and other publications, as the Debtors deem appropriate, as soon as practicable following entry of this Order, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the General Bar Date by publication.

21.     Nothing contained in this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights (including the Creditors' Committee's rights) to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interests' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

22.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

23.     This Court shall retain jurisdiction to hear and determine all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  March 09, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## **<u>Exhibit 1</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § | **Case No. 22-90341 (DRJ)** |
| | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

**TO:   ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY DEBTOR(S)  LISTED BELOW.**

**PLEASE TAKE NOTICE THAT:**

1.   On December 21, 2022 (the "**Petition Date**"), Core Scientific, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). Set forth below are the name, federal tax identification number and the case number for each of the Debtors:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| Core Scientific Mining LLC | 92-1386971 | 22-90340 (DRJ) |
| Core Scientific, Inc.[2] <br> (f/k/a Power & Digital Infrastructure Acquisition Corp., XPDI and Core Scientific Holdings Co.) | 86-1243837 | 22-90341 (DRJ) |
| Core Scientific Acquired Mining LLC <br> (f/k/a Blockcap, Inc.) | 92-2226074 | 22-90342 (DRJ) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]   The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

| Core Scientific Operating Company (f/k/a Core Scientific, Inc.[3] and MineCo Holdings, Inc.) | 82-3805526 | 22-90343 (DRJ) |
|---|---|---|
| Radar Relay, Inc. (f/k/a Radar Relay, LLC) | 82-3430496 | 22-90344 (DRJ) |
| Core Scientific Specialty Mining (Oklahoma) LLC (f/k/a GPU One Holdings, LLC) | 84-5164327 | 22-90345 (DRJ) |
| American Property Acquisition, LLC | 82-5490825 | 22-90346 (DRJ) |
| Starboard Capital LLC | 36-4896677 | 22-90347 (DRJ) |
| RADAR, LLC | 84-4125106 | 22-90348 (DRJ) |
| American Property Acquisitions I, LLC (f/k/a 155 Palmer Lane, LLC.) | 82-5469717 | 22-90349 (DRJ) |
| American Property Acquisitions VII, LLC | 83-1663198 | 22-90350 (DRJ) |

### DEADLINES FOR FILING CLAIMS
### AGAINST ABOVE-REFERENCED DEBTORS:

2.        Pursuant to an order of this Court entered on [●], 2023 (Docket No. [●]) (the "**Bar Date Order**"),[4] the deadline for creditors to file proofs of claim against any of the Debtors is **April 14, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**") and the deadline for Governmental Units to file proofs of claim against any of the Debtors is **June 19, 2023 at 5:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").  The Bar Dates apply to all claims against any of the Debtors that arose before the Petition Date, including, but not limited to, claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code;[5] *provided*, *however*, that the Bar Dates do not apply to the "Excluded Claims" listed in paragraph 4 below.  The Bar Date Order also sets procedures to be used for filing proofs of claim, which are summarized in this notice for your convenience.

3.        Unless you fall into one of the categories listed in paragraph four (4) below, you MUST file a proof of claim if you have any claim against any of the Debtors that arose before the Petition Date.  Acts or omissions that occurred before the Petition Date may give rise to claims subject to the Bar Dates even if the claims may not have become known or fixed or liquidated until after the Petition Date.  Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced

---

[3]    The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

[4]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[5]    A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

4.      The Bar Date Order provides that creditors do NOT have to file proofs of claim by the Bar Dates for the types of claims listed below in this paragraph four (4) (collectively, the "**Excluded Claims**").  You should not file a proof of claim at this time for any Excluded Claim. The Court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  Excluded Claims include:

a.  the Office of the United States Trustee for Region 7, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.  any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.  any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee or any other statutory committee pursuant to orders of this Court (or any member of such committee seeking reimbursement of expenses incurred in connection with carrying out the duties associated with serving on such committee) that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code but, in each case, solely to the extent of such administrative claim(s);

e.  any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases;

f.  any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g.  any person or entity holding an equity security interest in any Debtor, with regard to an equity interest solely on account of such current ownership; provided, however, that if such holder asserts a claim other than with respect to the current ownership of such equity security interest, including a claim relating to the purchase or sale of such equity interest, a Proof of Claim must be filed on or before the General Bar Date.  For the avoidance of doubt, any person or entity holding an equity security interest in any Debtor does not

need to file a Proof of Claim or Interest solely on account of such current ownership but does need to file a Proof of Claim if asserting a claim under applicable securities laws;

h.   any Debtor asserting a claim against another Debtor;

i.   any non-Debtor affiliate asserting a claim against a Debtor affiliate; and

j.   any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

5.   **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

6.   If the Debtors amend their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") after you receive this notice, the Debtors will give notice of that amendment to the holders of the claims that are affected by it, and those holders will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

7.   The Bankruptcy Code provides that debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases.  If your contract or lease is rejected, you may have a claim resulting from that rejection.  The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) thirty (30) days after entry and service of any order authorizing the rejection of the contract or lease.

**INSTRUCTIONS FOR FILING PROOFS OF CLAIM:**

8.   If you file a proof of claim, your filed proof of claim must (i) be signed by the claimant or if the claimant is not an individual, by an authorized agent of the claimant, (ii) be written in English, (iii) include a claim amount denominated in United States dollars, (iv) conform substantially with the proof of claim form provided by the Debtors or Official Bankruptcy Form No. 410, and (v) state a claim against one or more of the Debtors.  The Debtors are enclosing a proof of claim form for use in these chapter 11 cases.  Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as contingent, unliquidated or disputed.  You will receive a different proof of claim form for each claim scheduled in your name by the Debtors.  If you require additional proof of claim forms, you may obtain a proof of claim form from any bankruptcy court clerk's office, your lawyer, certain business supply stores, or by accessing the Debtors' bankruptcy administration website, at https://cases.stretto.com/CoreScientific.

9.   Your proof of claim form must be filed so as to be ACTUALLY RECEIVED on or before **April 14, 2023 at 5:00 p.m. (prevailing Central Time)**.  You can file

your proof(s) of claim (i) electronically through Stretto, Inc. ("**Stretto**"), at https://cases.stretto.com/CoreScientific; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by delivering the original proof(s) of claim to Stretto by mail or hand delivery at the following address:

| **Stretto Address for Receipt of Claims** |
| :---: |
| Core Scientific, Inc., et al. Claims Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |

***Stretto will not accept a proof of claim sent by facsimile or e-mail, and any proof of claim submitted via facsimile or e-mail will be disregarded.***

**CONSEQUENCES OF MISSING DEADLINES FOR FILING CLAIMS:**

**10.    EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED IN PARAGRAPH FOUR (4) ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST THE DEBTORS, THEN YOU WILL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES WITH RESPECT TO THE CHAPTER 11 CASES.**

**EXAMINATION OF BAR DATE ORDER AND SCHEDULES:**

11.    Copies of the Bar Date Order, the Schedules, and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on the Debtors' bankruptcy administration website, at https://cases.stretto.com/CoreScientific, maintained by the Debtors' claims and noticing agent, Stretto. Copies of the Schedules and other documents filed in these chapter 11 cases may also be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the Office of the Clerk of the Court, 515 Rusk Avenue, Houston, TX 77002.

**QUESTIONS:**

12.    Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting Stretto's website at https://cases.stretto.com/CoreScientific. Stretto cannot advise you how to file, or whether you should file, a proof of claim. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Stretto through email

at TeamCoreScientific@stretto.com or by calling Stretto at 949.404.4152 (Toll-Free Number within the U.S./Canada) and 888.765.7875 (International).

13.    Please note that neither Stretto's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice.  Stretto cannot advise you how to file, or whether you should file, a proof of claim.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**<u>Exhibit 2</u>**

**Proof of Claim Form**

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

- [ ] Core Scientific Mining LLC (Case No. 22-90340)
- [ ] Core Scientific, Inc. (Case No. 22-90341)
- [ ] Core Scientific Acquired Mining LLC (Case No. 22-90342)
- [ ] Core Scientific Operating Company (Case No. 22-90343)
- [ ] Radar Relay, Inc. (Case No. 22-90344)
- [ ] Core Scientific Specialty Mining (Oklahoma) LLC (Case No. 22-90345)

- [ ] American Property Acquisition, LLC (Case No. 22-90346)
- [ ] Starboard Capital LLC (Case No. 22-90347)
- [ ] RADAR, LLC (Case No. 22-90348)
- [ ] American Property Acquisitions I, LLC (Case No. 22-90349)
- [ ] American Property Acquisitions VII, LLC (Case No. 22-90350)

**United States Bankruptcy Court for the Southern District of Texas**

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

- [ ] No
- [ ] Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number      Street

City                    State                ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name

Number      Street

City                    State                ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

- [ ] No
- [ ] Yes.  Claim number on court claims registry (if known) _____

Filed on _____
                        MM  / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

- [ ] No
- [ ] Yes.  Who made the earlier filing? _____

Debtors' Exhibit No. 32
Page 20 of 26

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

7. **How much is the claim?**   $_____.  **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**
☐ No
☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe:   _____

   **Basis for perfection:**   _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**   $_____
   **Amount of the claim that is secured:**   $_____
   **Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**
☐ No
☐ Yes. Identify the property: _____

Official Form 410                        **Proof of Claim**                        page 2

Debtors' Exhibit No. 32
Page 21 of 26

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* |

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**    $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
　　　　　　　　　　　 MM / DD / YYYY

_____
　　Signature

**Print the name of the person who is completing and signing this claim:**

Name　　_____
　　　　　First name　　　　　　Middle name　　　　　　Last name

Title　　_____

Company　_____
　　　　　Identify the corporate servicer as the company if the authorized agent is a servicer.

Address　_____
　　　　　Number　　　　Street
　　　　　_____
　　　　　City　　　　　　　　　　　　State　　　ZIP Code

Contact phone　_____　　Email　_____

| | | |
|---|---|---|
| Official Form 410 | **Proof of Claim** | page 3 |

**<u>Exhibit 3</u>**

**Publication Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORE SCIENTIFIC, INC., *et al.*, | § | Case No. 22-90341 (DRJ) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On December 21, 2022 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").   Set forth below are the name, federal tax identification number and the case number for each of the Debtors:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| Core Scientific Mining LLC | 92-1386971 | 22-90340 (DRJ) |
| Core Scientific, Inc.[2]<br>(f/k/a Power & Digital Infrastructure Acquisition Corp., XPDI and Core Scientific Holdings Co.) | 86-1243837 | 22-90341 (DRJ) |
| Core Scientific Acquired Mining LLC<br>(f/k/a Blockcap, Inc.) | 92-2226074 | 22-90342 (DRJ) |
| Core Scientific Operating Company<br>(f/k/a Core Scientific, Inc.[3] and MineCo Holdings, Inc.) | 82-3805526 | 22-90343 (DRJ) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters and service address is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.

[2]   The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

[3]   The name "Core Scientific, Inc." was used by Core Scientific Operating Company from June 13, 2018 until January 19, 2022, when Power & Digital Infrastructure Acquisition Corp. changed its name to the current Core Scientific, Inc.

| | | |
|---|---|---|
| Radar Relay, Inc.<br>(f/k/a Radar Relay, LLC) | 82-3430496 | 22-90344 (DRJ) |
| Core Scientific Specialty Mining (Oklahoma) LLC<br>(f/k/a GPU One Holdings, LLC) | 84-5164327 | 22-90345 (DRJ) |
| American Property Acquisition, LLC | 82-5490825 | 22-90346 (DRJ) |
| Starboard Capital LLC | 36-4896677 | 22-90347 (DRJ) |
| RADAR, LLC | 84-4125106 | 22-90348 (DRJ) |
| American Property Acquisitions I, LLC<br>(f/k/a 155 Palmer Lane, LLC.) | 82-5469717 | 22-90349 (DRJ) |
| American Property Acquisitions VII, LLC | 83-1663198 | 22-90350 (DRJ) |

2.      On [●], 2023, the Court entered an order (Docket No. [●]) (the "**Bar Date Order**")[4] establishing certain deadlines for the filing of proofs of claim in the Debtors' chapter 11 cases.

3.      Pursuant to the Bar Date Order, all persons, entities, and Governmental Units who have a claim or potential claim, including any claims under section 503(b)(9) of the Bankruptcy Code,[5] against any of the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **April 14, 2023 at 5:00 p.m. (prevailing Central Time)** for general creditors (the "**General Bar Date**") and **June 19, 2023 at 5:00 p.m. (prevailing Central Time)** for Governmental Units (the "**Governmental Bar Date**," and together with the General Bar Date, the "**Bar Dates**"), by (i) submitting such Proof(s) of Claim electronically through Stretto, Inc. ("**Stretto**"), at https://cases.stretto.com/CoreScientific; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by delivering the original proof(s) of claim to Stretto by mail or hand delivery at the following address:

| **Stretto Address for Receipt of Claims** |
|---|
| Core Scientific, Inc., et al. Claims Processing<br>c/o Stretto<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |

---

[4]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[5]      A claim arising under section 503(b)(9) of the Bankruptcy code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

**PROOFS OF CLAIM SENT BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

4.       The Bar Dates apply to all claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code; provided, however, that the Bar Dates do not apply to the Excluded Claims listed in paragraph eight (8) of the Bar Date Order.

5.       **ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE BAR DATE ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE IN ACCORDANCE WITH THE INSTRUCTIONS ABOVE WILL NOT BE TREATED AS A CREDITOR FOR PURPOSES OF VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION IN THE CHAPTER 11 CASES.**

6.       Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting https://cases.stretto.com/CoreScientific, maintained by the Debtors' claims and noticing agent, Stretto.  Stretto cannot advise you how to file, or whether you should file, a proof of claim. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to Stretto through email at TeamCoreScientific@stretto.com or phone by calling Stretto at 949.404.4152 (Toll-Free Number within the U.S./Canada) and 888.765.7875 (International).  Please note that neither Stretto's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**