United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 16, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **CORE SCIENTIFIC, INC.**, *et al.*, | § | Case No. 22-90341 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

### ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR  ORDER
### (I) AUTHORIZING AND APPROVING SETTLEMENT AMONG DEBTORS, SPHERE
### 3D CORP., AND GRYPHON DIGITAL MINING INC.
### AND (II) GRANTING RELATED RELIEF
### [Relates to Motion at Docket No. 1663]

On January 2, 2024, Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed a motion (the "**Motion**")[2] and requested this Court to (i) approve and authorize the Debtors' entry into a settlement among the Debtors, Sphere 3D Corp. ("**Sphere**"), and Gryphon Digital Mining, Inc. ("**Gryphon**" and together with the Debtors and Sphere, the "**Parties**"), on the terms set forth and agreed to by the Parties set forth in the Motion and in the Settlement Term Sheet, dated December 21, 2023 (the "**Term Sheet**") attached to this Order as **Exhibit 1**; and (ii) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and its accompanying declaration;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions, VII, LLC (3198).  The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion. Sphere and Gryphon agree with the relief requested in the Motion, but reserve all rights as to the factual assertions regarding the disputes between any and all Parties set forth therein.

and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      Pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code, the settlement among the Debtors, Sphere, and Gryphon (the "**Core-Sphere-Gryphon Settlement**"), on the terms set forth and agreed to in the Term Sheet and restated herein, is authorized and approved.

2.      The Core-Sphere-Gryphon Settlement is the product of extensive, good faith, arms'-length negotiations between the Parties and their respective representatives.

3.      Sphere's Proof of Claim No. 358 shall be allowed, as of the Effective Date,[3] in the total amount of $10,000,000 (the "**Allowed Claim**").  The Allowed Claim shall receive the treatment afforded to General Unsecured Claims[4] set forth in the *Fourth Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1639) (including any exhibits and schedules thereto and as may be supplemented, modified, or amended, the "**Plan of**

---

[3] As defined in the Plan of Reorganization.
[4] As defined in the Plan of Reorganization.

**Reorganization**").  In the event that treatment of the Allowed Claim is materially and adversely affected by an amended Plan of Reorganization, the Parties reserve all rights.

4.      Sphere's Proof of Claim No. 359 shall be deemed withdrawn with prejudice upon the Effective Date.

5.      Gryphon will cause its Motion for Leave to be withdrawn with prejudice on the Effective Date and all deadlines in connection with the Motion for Leave were abated on December 21, 2023, and remain abated unless and until the Parties request entry of a further order from this Court.

6.      The Debtors are authorized to enter into, execute, deliver, and implement the terms of the Core-Sphere-Gryphon Settlement, as set forth herein and in the Term Sheet, as agreed to by the Parties.

7.      Upon the Effective Date, the Sphere POCs, the Adversary Proceeding Claims, and the Gryphon Contingent Claim shall be deemed fully and finally paid, satisfied, forever released, discharged, and expunged, and Gryphon and Sphere shall be deemed to have granted a complete and final release of all claims, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, based in contract, tort or otherwise against the Debtors, including any claims based upon, arising out of, or related to the Master Services Agreement, Order #1, or Order #2, including any payments made thereunder,  or based upon, arising out of, or relating to the 634 miners decommissioned on December 18, 2023, or the return or application of any prepayment made in connection therewith against the Debtors; and the Debtors shall be deemed to have granted a complete and final release of all claims, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, based in contract, tort or otherwise against Sphere and Gryphon,

including any claims based upon, arising out of, or related to the Master Services Agreement, Order #1, or Order #2, including any payments made thereunder,  or based upon, arising out of, or relating to the 634 miners decommissioned on December 18, 2023, or the return or application of any prepayment made in connection therewith (the above collectively referred to as the "**Released Claims**").

8.      Sphere and Gryphon as against the Debtors and the Debtors as against Sphere and Gryphon, further covenant and agree not to sue, make, assert or maintain, directly or indirectly any Released Claims or to bring, request, initiate or file any suit or action regarding the Released Claims, all of which are released; provided, that the Parties shall retain their rights to file and prosecute claims and causes of action related to the enforcement of the Core-Sphere-Gryphon Settlement and nothing herein shall limit such rights.

9.      Nothing contained in the Term Sheet, the Motion, or this Order and none of the Released Claims herein, including the Sphere POCs, the Adversary Proceeding Claims, and the Gryphon Contingent Claim, constitute a release of any claims as between Gryphon and Sphere, including but not limited to the claims and counterclaims pending in the District Court for the Southern District of New York, *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC, and all such claims as between Gryphon and Sphere are expressly reserved and unaffected by this Order.

10.     The Debtors shall cause the Adversary Proceeding Claims to be dismissed, with prejudice, as against both Gryphon and Sphere, within seven (7) business days of the Effective Date.  All deadlines in the Adversary Proceeding were abated on December 21, 2023, and remain abated unless and until the Parties request entry of a further order from this Court.

11.     Sphere shall (a) vote or cause to be voted its Allowed Claim to accept the Plan of Reorganization by delivering its duly executed and completed ballot or ballots, as applicable, accepting the Plan of Reorganization on a timely basis following the commencement of the solicitation of the Plan of Reorganization and its actual receipt of the solicitation materials and ballot, (b) not change or withdraw such vote (or cause or direct such vote to be changed or withdrawn), and (c) to the extent it is permitted to elect whether to opt out of the releases set forth in the Plan of Reorganization, agree to provide, and to not opt-out of, such releases.  The Confirmation Order shall not be inconsistent with the terms of the Core-Sphere-Gryphon Settlement.

12.     The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions necessary or appropriate to immediately continue and fully implement the Core-Sphere-Gryphon Settlement and carry out the relief granted in this Order.  The Parties shall do, execute, acknowledge and deliver all such further acts, instruments and assurances and take all such further action as shall be necessary or desirable to fully implement the Core-Sphere-Gryphon Settlement, carry out the relief granted in this Order and fully consummate and effect the actions provided for in this Order.

13.     Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (a) an admission as to the validity of any claim against the Debtors, (b) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (c) an approval of an assumption or rejection of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

14.     The Parties are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.  To the extent that there is any inconsistency between the Term Sheet and this Order, or between the Motion and this Order, the provisions of this Order will govern.

15.     The Parties will each be responsible for and pay their own legal fees, out-of-pocket expenses, and costs in connection with the Sphere POCs, the Adversary Proceeding, the Core-Sphere-Gryphon Settlement, the Hosting Agreements, the Motion for Leave, and the chapter 11 cases of the Debtors pending in this Court.

16.     This Order shall be immediately effective and enforceable upon its entry.

17.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: January 16, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

7

## **Exhibit 1**

**Settlement Term Sheet**

Execution Version

**Settlement Term Sheet**

This term sheet (this "**Term Sheet**") sets forth the principal terms of the settlement (the "**Settlement**") among Core Scientific, Inc. and its debtor affiliates (collectively, "**Core**" or the "**Debtors**"), Sphere 3D Corp. ("**Sphere**"), and Gryphon Digital Mining, Inc. ("**Gryphon**") (each of Core, Sphere, and Gryphon are referred to herein, individually, as a "**Party**" and, collectively, as the "**Parties**").

This Term Sheet and the terms set forth herein are binding upon, and inure to the benefit of, the Parties, subject to the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") entering the 9019 Order (as defined below).

THIS TERM SHEET OR THE SETTLEMENT IS NOT AN OFFER OR ACCEPTANCE WITH RESPECT TO ANY SECURITIES OR A SOLICITATION OF ACCEPTANCES OF THE PLAN WITHIN THE MEANING OF SECTION 1125 OF THE BANKRUPTCY CODE. ANY SUCH OFFER OR SOLICITATION WILL COMPLY WITH ALL APPLICABLE SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE. NOTHING CONTAINED IN THIS TERM SHEET OR SETTLEMENT SHALL BE AN ADMISSION OF FACT OR LIABILITY OR, UNTIL ENTRY OF THE 9019 ORDER, DEEMED BINDING ON ANY OF THE PARTIES TO THIS TERM SHEET OR SETTLEMENT.

| Term | Description |
|------|-------------|
| Allowed Claim | Sphere has asserted pre-petition claims evidenced by Proofs of Claim Nos. 358 and 359 against Debtors Core Scientific, Inc. and Core Scientific Operating Company (the "**Sphere POCs**"). Upon the earlier of (A) entry of the 9019 Order and (B) the Effective Date, Core and Sphere agree that Proof of Claim No. 358 against Debtor Core Scientific, Inc., shall be allowed in the total amount of **$10,000,000** (the "**Allowed Claim**"). The Allowed Claim shall receive the treatment afforded to General Unsecured Claims set forth in the *Third Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors* (Docket No. 1438) (including any exhibits and schedules thereto and as may be supplemented, modified, or amended, the "**Plan of Reorganization**").[1] Sphere's Claim No. 359 shall be deemed withdrawn with prejudice upon the Effective Date. |
| | In the event that treatment of the Allowed Claim is materially |

---

[1] Capitalized terms used but not defined in this Term Sheet shall have the meaning ascribed to such terms in the Plan of Reorganization.

**Execution Version**

| | |
|---|---|
| | and adversely affected by any amended Plan of Reorganization, the Parties reserve all rights. |
| Adversary Proceeding | On December 21, 2022, the Debtors each commenced a voluntary case under chapter 11 (collectively, the "**Chapter 11 Cases**") of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). On November 21, 2023, the Debtors filed an adversary complaint in these Chapter 11 Cases against Sphere and Gryphon asserting claims (the "**Adversary Proceeding Claims**") arising under the September 12, 2021 Master Services Agreement between Core and Gryphon (the "**Master Services Agreement**"), and the associated Orders #1 and #2. Adv. Pro. No. 23-03252 (the "**Adversary Proceeding**"). |
| Gryphon Contingent Claim | On December 15, 2023, Gryphon filed a *Motion for Leave to File Proof of Claim After Bar Date* (Docket No. 1566), (the "**Motion for Leave**") seeking permission to file a late proof of claim against the Debtors for contingent amounts owed by the Debtors pursuant to the Master Services Agreement and Orders #1 and #2, in the event that the Bankruptcy Court determined that Gryphon is the proper claimant with respect to the return of the prepayment (the "**Gryphon Contingent Claim**"). On the Effective Date, Gryphon shall file a notice of withdrawal of the Motion for Leave, with prejudice. The Parties agree that upon execution of this Term Sheet any and all deadlines in connection with the Motion for Leave are abated unless and until the Parties request entry of a further order from the Bankruptcy Court, and such agreement shall be a provision in the 9019 Order. |
| Parties' Representations and Warranties | Sphere affirms, represents, and warrants to have complete authority to act on behalf of itself and any affiliates, and, in that capacity, to settle and/or release (i) the Sphere POCs; (ii) any other claims arising out of the Master Services Agreement, Order #1, and Order #2, including any and all claims with respect to any prepayment made in connection with the Master Services Agreement and any Order thereunder; (iii) all claims related to the Adversary Proceeding; and Gryphon affirms, represents, and warrants to have complete authority to act on behalf of itself and any affiliates, and, in that capacity to settle and/or release (i) the |

2

Execution Version

| | |
|---|---|
| | Gryphon Contingent Claim, (ii) any other claims arising out of the Master Services Agreement, Order #1, and Order #2, including any and all claims with respect to any prepayment made in connection with the Master Services Agreement and any Order thereunder, and (iii) all claims related to the Adversary Proceeding.  Sphere also represents and warrants that it has sole ownership and authority with respect to the 500 miners identified within the gryphonspcore subaccount of the total 634 miners decommissioned on December 18, 2023 and Gryphon represents that it has sole ownership and authority with respect to the 134 miners identified within the gryphoncore subaccount. |
| Release of (i) Sphere Proofs of Claim, (ii) claims arising out of the Master Services Agreement, Order #1, and Order #2, (iii) the Adversary Proceeding Claims, and (iv) the Gryphon Contingent Claim | Upon the Effective Date, the Sphere POCs, the Adversary Proceeding Claims, and the Gryphon Contingent Claim shall be deemed fully and finally paid, satisfied, forever released, discharged, and expunged, and Gryphon and Sphere shall be deemed to have granted a complete and final release of all claims, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, based in contract, tort or otherwise against the Debtors, including any claims based upon, arising out of, or related to the Master Services Agreement, Order #1, or Order #2, including any payments made thereunder,  or based upon, arising out of, or relating to the 634 miners decommissioned on December 18, 2023, or the return or application of any prepayment made in connection therewith against the Debtors; and the Debtors shall be deemed to have granted a complete and final release of all claims, whether legal or equitable, past, present, or future, ascertained or unascertained, known or unknown, suspected or unsuspected, based in contract, tort or otherwise against Sphere and Gryphon,  including any claims based upon, arising out of, or related to the Master Services Agreement, Order #1, or Order #2, including any payments made thereunder,  or based upon, arising out of, or relating to the 634 miners decommissioned on December 18, 2023, or the return or application of any prepayment made in connection therewith (the "**Released Claims**"). Sphere and Gryphon as against the Debtors and the Debtors as against Sphere and Gryphon  further covenant and agree not to sue, make, assert or maintain, directly or indirectly any Released Claims or to bring, request, initiate or file any suit or action regarding the Released Claims, all of which are released; provided, that the Parties shall retain their rights to file and prosecute claims and causes of action related to the enforcement of this |

3

Execution Version

| | Settlement and nothing herein shall limit such rights. |
|---|---|
| Gryphon-Sphere Claims | For the avoidance of doubt, nothing contained in this Term Sheet, and none of the Released Claims herein, including the claims relating to the Sphere POCs, Adversary Proceeding Claims, and Gryphon Contingent Claim, constitute a release of any claims as between Gryphon and Sphere, including but not limited to the claims and counterclaims pending in the District Court for the Southern District of New York, *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC, all of which such claims as between Gryphon and Sphere are expressly reserved and unaffected by this Settlement. |
| Debtors to Dismiss Adversary Proceeding | Debtors shall cause the Adversary Proceeding to be dismissed with prejudice as to both Gryphon and Sphere, within seven (7) business days of the Effective Date. The Parties agree that upon execution of this Term Sheet any and all deadlines in the Adversary Proceeding are abated unless and until the Parties request entry of a further order from the Bankruptcy Court, and such agreement shall be a provision in the 9019 Order. |
| Plan Support | Sphere agrees to (A) vote or cause to be voted its Allowed Claim to accept the Plan of Reorganization by delivering its duly executed and completed ballot or ballots, as applicable, accepting the Plan of Reorganization on a timely basis following the commencement of the solicitation of the Plan of Reorganization and its actual receipt of the solicitation materials and ballot, (B) not change or withdraw such vote (or cause or direct such vote to be changed or withdrawn), and (C) to the extent it is permitted to elect whether to opt out of the releases set forth in the Plan of Reorganization, agree to provide, and to not opt-out of, such releases. To the extent the 9019 Order is not entered, Sphere reserves all rights to modify its vote after the voting deadline.<br><br>The Debtors agree that the Confirmation Order shall not be inconsistent with the terms of the Settlement. |
| Attorneys' Fees | The Parties will each be responsible for and pay their own legal fees, out-of-pocket expenses, and costs in connection with the Sphere POCs, the Adversary Proceeding, the Master Services Agreement, Order #1, and Order #2, and the Chapter 11 Cases of the Debtors pending in the Bankruptcy Court. |

DocuSign Envelope ID: 94F3B988-98FF-45A1-86C9-FA1857696616

**Execution Version**

| | |
|---|---|
| Approval of the Term Sheet | The Debtors will file a motion, on an emergency basis, seeking entry of an order of the Bankruptcy Court approving the terms set forth in this Term Sheet in a form reasonably acceptable to all parties (such order, the "**9019 Order**"). The Debtors will seek entry of the 9019 Order by the Bankruptcy Court at or before the Confirmation Hearing. |
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties upon execution of the Term Sheet by the Parties, subject to entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of December 21, 2023.

**SPHERE 3D CORP.**

By: _Patricia Trompeter_
    4ED40CB3616E42D...
Name: Patricia Trompeter
Title: CEO


**CORE SCIENTIFIC, INC.**


By: _____
Name:
Title:



**GRYPHON DIGITAL MINING, INC.**


By: _____
Name:
Title:

Execution Version

| Approval of the Term Sheet | The Debtors will file a motion, on an emergency basis, seeking entry of an order of the Bankruptcy Court approving the terms set forth in this Term Sheet in a form reasonably acceptable to all parties (such order, the "**9019 Order**"). The Debtors will seek entry of the 9019 Order by the Bankruptcy Court at or before the Confirmation Hearing. |
|---|---|
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties upon execution of the Term Sheet by the Parties, subject to entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of December 21, 2023.

**SPHERE 3D CORP.**

By: _____
Name:
Title:

**CORE SCIENTIFIC, INC.**

DocuSigned by:
*Todd DuChene*
By: _____
    43048BB7D89C4FE
Name:  Todd DuChene
Title: Chief Legal Officer

**GRYPHON DIGITAL MINING, INC.**

By: _____
Name:
Title:

DocuSign Envelope ID: D2749E5D-8C2A-48C2-B717-F1F799CD1318

**Execution Version**

| | |
|---|---|
| Approval of the Term Sheet | The Debtors will file a motion, on an emergency basis, seeking entry of an order of the Bankruptcy Court approving the terms set forth in this Term Sheet in a form reasonably acceptable to all parties (such order, the "**9019 Order**"). The Debtors will seek entry of the 9019 Order by the Bankruptcy Court at or before the Confirmation Hearing. |
| Binding Effect | This Term Sheet and the terms hereof are legally binding upon, and inure to the benefit of, the Parties upon execution of the Term Sheet by the Parties, subject to entry of the 9019 Order. |

IN WITNESS WHEREOF, duly authorized members of the Parties have executed this Term Sheet as of December 21, 2023.

**SPHERE 3D CORP.**

By: _____
Name:
Title:

**CORE SCIENTIFIC, INC.**

By: _____
Name:
Title:

**GRYPHON DIGITAL MINING, INC.**

By: _*Robby Chang*_____
Name: Robby Chang
Title: CEO & Director

5