**Exhibit B**

**Redline**

WEIL:\99537944\4\39031.0014

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **CORE SCIENTIFIC, INC.,** *et al.,* | § § § | Case No. 22-90341 (CML) |
|   | § § | (Jointly Administered) |
| Debtors.[1] | § § § |   |

**ORDER (I) AUTHORIZING ASSUMPTION OF
THE LEGACY OG&E AGREEMENT, AS AMENDED AND RESTATED
BY THE A&R AGREEMENT, AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

On January 12, 2024, Core Scientific, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") filed an emergency motion (the "**Motion**")[2] and requested (a) authority for the assumption and performance of the Legacy OG&E Agreement, in each case as amended and restated by the A&R Agreement annexed hereto as **Exhibit 1** between the Debtors and the Oklahoma Gas and Electric Company ("**OG&E**" and together with the Debtors, the "**Parties**" and, each, a "**Party**"), and (b) granting related relief, as more fully set forth in the Motion, as supplemented by the Notice of Revised OG&E Settlement filed on January 22, 2024; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

       **IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

1. Pursuant to sections 365(a) and 105(a) of the Bankruptcy Code, the Legacy OG&E Agreement, as amended and restated by the A&R Agreement, are assumed in their entirety by the Debtors.

2. The Debtors' assumption of the Legacy OG&E Agreement, as amended and restated by the A&R Agreement, represents a reasonable exercise of the Debtors' sound business judgment under section 365 of the Bankruptcy Code.

3. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are authorized to enter into the A&R Agreement and the Settlement, and perform all obligations thereunder.

4. In full and final satisfaction of any and all claims held by OG&E against the Debtors, including the OG&E Claim and any cure claims in connection with the assumption of the A&R Agreement the OG&E Claim is hereby Allowed as a General Unsecured Claim in the amount of $4.8 million.

5. The Reorganized Debtors shall issue New Common Interests, at Plan Value, to holders of Convertible Notes Claims (as of the Effective Date), in an amount equal to the Shortfall (if any) multiplied by 28.4% (the "**True-Up Shares**"); *provided*, that if OG&E has not sold their New Common Interests prior to February 29, 2024, solely for purposes of determining the extent to which the Reorganized Debtors are required to distribute any True-Up Shares to the Convertible Notes Claims, any Shortfall shall be calculated based on the volume-weighted average price of the New Common Interests for the twenty trading days (or, if there are not 20 trading days, such lesser period) immediately preceding February 29, 2024; *provided further*, that Holders of Convertible Notes Claims receiving True-Up Shares are granted customary "piggyback rights" with respect to a registration statement filed in connection with the New Common Interests issued in connection with the Asset Purchase Agreement with Bitmain Technologies Delaware

3

Limited, as approved by the Bankruptcy Court in the *Order (I) Authorizing Core Scientific, Inc.'s Entry Into Asset Purchase Agreement and (II) Granting Related Relief* (Docket No. 1675), subject to delivery of customary stockholder information and questionnaires to the Company.

6. ~~5.~~ The Debtors' entry into the A&R Agreement represents a reasonable exercise of the Debtors' sound business judgment under section 363 of the Bankruptcy Code.

7. ~~6.~~ The Settlement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

8. ~~7.~~ The Debtors are authorized to enter into, execute, deliver, and implement the terms of the A&R Agreement in all respects, as agreed to by the Parties.

9. ~~8.~~ Upon the occurrence of the Effective Date, (a) any "claim" (as defined in section 101(5) of the Bankruptcy Code) held by OG&E against the Debtors, including the OG&E Claim and any cure claims, shall be an Allowed General Unsecured Claim pursuant to the Plan and be deemed finally and fully paid, satisfied, released and expunged upon the Effective Date of the Plan; (b) the Debtors and their respective bankruptcy estates (together, the "**Debtor Releasors**") and OG&E (each of the Debtor Releasors and OG&E, a "**Releasing Party**" and, collectively, the "**Releasing Parties**"), irrevocably releases, acquits and forever discharges (i) each other Releasing Party and its respective their affiliates, successors, assigns, designees, subsidiaries, employees, shareholders, attorneys, accountants, officers and directors (each of the foregoing, including each Releasing Party, a "**Released Party**") from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, that such releasing Party has, ever had, might have had, or might have in the future, up through and including the Effective Date, including with respect to the OG&E Claim and any other claims arising out of or pertaining to the OG&E Claim, the Legacy OG&E Agreement,

4

the Parties business dealings and all matters related thereto, and (c) other than as set forth herein and the A&R Agreement, OG&E shall not be entitled to receive any other recovery in connection with any claims it has, or could have, asserted in connection with these chapter 11 cases or otherwise.

10. ~~9.~~ The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary or appropriate to immediately continue and fully implement the A&R Agreement and carry out the relief granted in this Order.

11. ~~10.~~ Except as set forth in this Order, nothing contained in the Motion, the A&R Agreement, this Order, or any actions taken by the Debtors pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption or rejection of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

12. ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13. ~~12.~~ This Court shall retain jurisdiction to hear and determine matters arising from or related to the implementation, interpretation, or enforcement of this Order to the extent provided under the A&R Agreement.

Dated: _____, 2024
      Houston, Texas

                                                  _____
                                                  _____
                                                  THE HONORABLE CHRISTOPHER M. LOPEZ
                                                  UNITED STATES BANKRUPTCY JUDGE