**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **CORE SCIENTIFIC, INC., *et al.*,** | § | **Case No. 22-90341 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Docket No. 1722** |
| | § | |

**NOTICE OF FILING OF MODIFIED**
**GUC CONTINGENT PAYMENT OBLIGATIONS TERM SHEET**

**PLEASE TAKE NOTICE** that, on January 15, 2024, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of Core Scientific, Inc. and Its Affiliated Debtors (With Technical Modifications)* (Docket No. 1722) (the "**Plan**"),[2] including, among other things, the GUC Contingent Payment Obligations Term Sheet as <u>Exhibit L</u> thereto.

**PLEASE TAKE FURTHER NOTICE** that, on January 16, 2024, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming Fourth Amended Joint Chapter 11 Plan of Core Scientific, Inc. And Its Affiliated Debtors* (Docket No. 1749) (the "**Confirmation Order**"), confirming the Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII, LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with section 12.5 of the Plan and decretal paragraph 4 of the Confirmation Order, the Debtors, the Requisite Consenting Creditors, the Creditors' Committee, and the Equity Committee agreed to certain technical modifications to the GUC Contingent Payment Obligations Term Sheet as provided in the Modified GUC Contingent Payment Obligations Term Sheet attached as **Exhibit A** hereto.  A redline of the Modified GUC Contingent Payment Obligations Term Sheet against the version attached to the Plan is attached as **Exhibit B** hereto.

[*Remainder of page intentionally left blank*]

Dated: January 23, 2024
      Houston, Texas

Respectfully submitted,

*/s/  Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Clifford W. Carlson (24090024)
Austin B. Crabtree (24109763)
700 Louisiana Street, Suite 3700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Clifford.Carlson@weil.com
          Austin.Crabtree@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Ray.Schrock@weil.com
        Ronit.Berkovich@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on January 23, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/  Clifford W. Carlson_
Clifford W. Carlson

## Exhibit A

**Modified GUC Contingent Payment Obligations Term Sheet**

**GUC Contingent Payment Obligations Term Sheet**

Set forth below are the terms and conditions for the GUC Contingent Payment Obligations of the Reorganized Parent (as defined in the Plan) to each Holder of Allowed General Unsecured Claims pursuant to that certain joint chapter 11 plan, including all appendices, exhibits, schedules, and supplements thereto (including, without limitation, any appendices, schedules, and supplements to the Plan contained in the Plan Supplement) (as the same may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time in accordance with the provisions of the Bankruptcy Code and the terms thereof, the "**Plan**"). Capitalized terms used herein but not otherwise defined shall have the meanings given to such terms in the Plan.

| | |
|---|---|
| **Holder:** | Each Holder of Allowed General Unsecured Claims (each, a "**Holder**"). |
| **Testing Periods:** | The "**Testing Period**" shall begin on the Effective Date of the Plan and end on the date that is eighteen (18) months following the Effective Date (the "**Testing Date**"). |
| **Subject Amounts:** | Within forty-five (45) days following the Testing Date, the Reorganized Parent shall pay to each Holder (the "**GUC Contingent Payment Obligation**"): |
| | New Common Interests (the "**Subject Amount**") equal to the lesser of (i) such Holder's Pro Rata Share of the GUC Contingent Payment Obligations Maximum Amount and (ii) the difference between (a) the GUC Equity Distribution[1] at Plan Value and (b) the value of the GUC Equity Distribution as implied by the volume weighted average of the closing price of the GUC Equity Distribution during the sixty (60) trading days prior to the Testing Date. |
| **Termination:** | To the extent that the value of the GUC Equity Distribution, as implied by the volume weighted average of the closing price during any twenty (20) trading days over any consecutive thirty (30) trading day period during the Testing Period, is equal to or in excess of the GUC Equity Distribution at Plan Value, Reorganized Parent shall not owe any amounts to the Holder and the GUC Contingent Payment Obligation shall be immediately extinguished. |
| **Source of Subject Amounts:** | Pursuant to Section 5.23(c) of the Plan, the Subject Amount shall be distributed by the Reorganized Parent from New Common Interests that have been treated as if issued as Disputed Class 8A Claim Shares and Disputed Class 11 Claim Shares following the disallowance or allowance of claims in amounts less than the maximum amounts treated as if issued for Disputed Class 8A Claims and/or Disputed Class 11 Claims. |
| **GUC Contingent Obligations to Allowed Disputed Class 8A Claims:** | To the extent a Disputed Class 8A Claim is Allowed subsequent to the Effective Date, the holder of such allowed claim shall receive a GUC Contingent Payment Obligation pursuant to the terms herein, regardless as to whether the GUC Contingent Payment Obligations issued to other claim holders have otherwise terminated. For the avoidance of doubt, (i) the terms of the GUC Contingent Obligation shall come into effect, and the Testing Period shall begin, on the date such holder of an Allowed GUC Claim receives its GUC Equity Distribution and (ii) the Testing Date shall not be amended, revised, or otherwise modified for any GUC Contingent Obligation delivered to such holder of an Allowed Class 8A Claim. |
| **Distribution of Excess Amounts to Class 11 and Class 12:** | To the extent either (i) all potential GUC Contingent Payment Obligations are terminated prior to the Testing Date or (ii) the Subject Amount is the less than the GUC Contingent Payment Obligations Maximum Amount, the New Common Interests that are not distributable to Holders shall be distributed to holders of Class 11 and Class 12 Claims on a pro rata basis. |
| **Calculation Agent:** | The Reorganized Debtors shall monitor the share price of the New Common Interests from the Effective Date through the Testing Date to determine whether the GUC Contingent Obligations have terminated prior to the Testing Date or if the Subject Amounts are payable, as provided herein. The Reorganized Debtors shall provide a notice as to the Termination of the GUC Contingent Obligations or the payment of the Subject Amounts, as the case may be, which shall include the Reorganized Debtors' calculations (the "**Notice**"), to the Creditors Committee's advisors (Ducera Partners and Willkie, Farr & Gallagher, LLP, and collectively, the "**UCC Advisors**"). Within five (5) Business Days of receipt of the Notice, the UCC Advisors shall reply to the Reorganized Debtors affirming the Reorganized Debtors' |

---

[1] "**GUC Equity Distribution**" means New Common Interests distributed to such Holder pursuant to Sections 4.8(c)(x) and (y) of the Plan.

calculations or otherwise providing alternative calculations.  To the extent the Reorganized Debtors and the UCC Advisors cannot agree on the calculations as to whether the GUC Contingent Payment Obligations have been terminated or if the Subject Amount is owed, as the case may be, the Reorganized Debtors and the UCC Advisors may request a hearing with the Bankruptcy Court to adjudicate the matter; *provided*, that the Reorganized Debtors shall reimburse the UCC Advisors for reasonable and documented fees and expenses, up to an amount of $50,000, to the extent a hearing with the Bankruptcy Court is required to adjudicate such disputes.

**Assignability/Characterization:**   The GUC Contingent Payment Obligations shall not be freely assignable, transferrable, or tradeable.  The GUC Contingent Payment Obligations shall not be certificated.  The GUC Contingent Payment Obligations shall not be considered a "security."

**Entire Agreement:**   This Term Sheet, and the applicable related provisions of the Plan, constitute the full and entire understanding and agreement with regards to the GUC Contingent Payment Obligations.

**Exhibit B**

**Redline**

**GUC Contingent Payment Obligations Term Sheet**

Set forth below are the terms and conditions for the GUC Contingent Payment Obligations of the Reorganized Parent (as defined in the Plan) to each Holder of Allowed General Unsecured Claims pursuant to that certain joint chapter 11 plan, including all appendices, exhibits, schedules, and supplements thereto (including, without limitation, any appendices, schedules, and supplements to the Plan contained in the Plan Supplement) (as the same may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time in accordance with the provisions of the Bankruptcy Code and the terms thereof, the "**Plan**"). Capitalized terms used herein but not otherwise defined shall have the meanings given to such terms in the Plan.

| | |
|---|---|
| **Holder:** | Each Holder of Allowed General Unsecured Claims (each, a "**Holder**"). |
| **Testing Periods:** | The "**Testing Period**" shall begin on the Effective Date of the Plan and end on the date that is eighteen (18) months following the Effective Date (the "**Testing Date**"). |
| **Subject Amounts:** | Within forty-five (45) days following the Testing Date, the Reorganized Parent shall pay to each Holder (the "**GUC Contingent Payment Obligation**"): |
| | New Common Interests (the "**Subject Amount**") equal to the lesser of (i) such Holder's Pro Rata Share of the GUC Contingent Payment Obligations Maximum Amount and (ii) the difference between (a) the GUC Equity Distribution[1] at Plan Value and (b) the value of the GUC Equity Distribution as implied by the volume weighted average of the closing price of the GUC Equity Distribution during the sixty (60) trading days prior to the Testing Date. |
| **Termination:** | To the extent that the value of the GUC Equity Distribution, as implied by the volume weighted average of the closing price during any twenty (20) trading days over any consecutive thirty (30) trading day period during the Testing Period, is equal to or in excess of the GUC Equity Distribution at Plan Value, Reorganized Parent shall not owe any amounts to the Holder and the GUC Contingent Payment Obligation shall be immediately extinguished. |
| **Source of Subject Amounts:** | Pursuant to Section 5.23(c) of the Plan, the Subject Amount shall be distributed by the Reorganized Parent from New Common Interests that have been treated as if issued as Disputed Class 8A Claim Shares and Disputed Class 11 Claim Shares following the disallowance or allowance of claims in amounts less than the maximum amounts treated as if issued for Disputed Class 8A Claims and/or Disputed Class 11 Claims. |
| **GUC Contingent Obligations to Allowed Disputed Class 8A Claims:** | To the extent a Disputed Class 8A Claim is Allowed subsequent to the Effective Date, the holder of such allowed claim shall receive a GUC Contingent Payment Obligation pursuant to the terms herein, regardless as to whether the GUC Contingent Payment Obligations issued to other claim holders have otherwise terminated. For the avoidance of doubt, (i) the terms of the GUC Contingent Obligation shall come into effect, and the Testing Period shall begin, on the date such holder of an Allowed GUC Claim receives its GUC Equity Distribution and (ii) the Testing Date shall not be amended, revised, or otherwise modified for any GUC Contingent Obligation delivered to such holder of an Allowed Class 8A Claim. |
| **Distribution of Excess Amounts to Class 11 and Class 12:** | To the extent either (i) all potential GUC Contingent Payment Obligations are terminated prior to the Testing Date or (ii) the Subject Amount is the less than the GUC Contingent Payment Obligations Maximum Amount, the New Common Interests that are not distributable to Holders shall be distributed to holders of Class 11 and Class 12 Claims on a pro rata basis. |
| **Calculation Agent:** | The ~~Subject Amounts shall be determined by a Calculation Agent, which Calculation Agent shall be mutually acceptable to the Debtors and the Creditors' Committee and chosen prior to the Effective Date~~ Reorganized Debtors shall monitor the share price of the New Common Interests from the Effective Date through the Testing Date to determine whether the GUC Contingent Obligations have terminated prior to the Testing Date or if the Subject Amounts are payable, as provided herein. The Reorganized Debtors shall provide a notice as to the |

---

[1] "**GUC Equity Distribution**" means New Common Interests distributed to such Holder pursuant to Sections 4.8(c)(x) and (y) of the Plan.

Termination of the GUC Contingent Obligations or the payment of the Subject Amounts, as the case may be, which shall include the Reorganized Debtors' calculations  (the "**Notice**"), to the Creditors Committee's advisors (Ducera Partners and Willkie, Farr & Gallagher, LLP, and collectively, the "**UCC Advisors**").  Within five (5) Business Days of receipt of the Notice, the UCC Advisors shall reply to the Reorganized Debtors affirming the Reorganized Debtors' calculations or otherwise providing alternative calculations.  To the extent the Reorganized Debtors and the UCC Advisors cannot agree on the calculations as to whether the GUC Contingent Payment Obligations have been terminated or if the Subject Amount is owed, as the case may be, the Reorganized Debtors and the UCC Advisors may request a hearing with the Bankruptcy Court to adjudicate the matter; *provided*, that the Reorganized Debtors shall reimburse the UCC Advisors for reasonable and documented fees and expenses, up to an amount of $50,000, to the extent a hearing with the Bankruptcy Court is required to adjudicate such disputes.

**Assignability/Characterization:**   The GUC Contingent Payment Obligations shall not be freely assignable, transferrable, or tradeable.  The GUC Contingent Payment Obligations shall not be certificated.  The GUC Contingent Payment Obligations shall not be considered a "security."

**Entire Agreement:**   This Term Sheet, and the applicable related provisions of the Plan, constitute the full and entire understanding and agreement with regards to the GUC Contingent Payment Obligations.