United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.,* [1] | § § § § | Case No. 22-90341 (CML) (Jointly Administered) |

**ORDER ESTABLISHING MAXIMUM DISPUTED
CLAIM AMOUNTS FOR CALCULATION AND DISTRIBUTION PURPOSES
UNDER DEBTORS' PROPOSED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

Upon the emergency motion (the "**Motion**")[2] filed by the above-referenced debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (the "**Order**") approving the Maximum Disputed Amount of CUD Claims for Calculation Purposes and distribution pursuant to sections 105, 1123(a)(5) and 502(c) of the Bankruptcy Code, as set forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties in interest; and the Court having found that proper and adequate notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Core Scientific Mining LLC (6971); Core Scientific, Inc. (3837); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); Starboard Capital LLC (6677); RADAR LLC (5106); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII LLC (3198). The Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704. The Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, TX 78704.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion

of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion,

**IT IS HEREBY ORDERED THAT:**

1. The Maximum Disputed Amount for each CUD Claim is hereby established for each CUD Claimant as provided on the "Maximum Disputed Amount" column on <u>Exhibit 1</u>, <u>Exhibit 2</u>, <u>Exhibit 3</u>, and <u>Exhibit 4</u> hereto, at an aggregate maximum Allowed amount of $23,732,144 (the "**Maximum Disputed Amount**") for Calculation Purposes and distribution.

2. The CUD Claims remain "Disputed" as defined in the Plan and shall remain so unless and until they are "Disallowed" or become "Allowed" as defined in the Plan.

3. Nothing in this Order shall prejudice the Debtors' right to contest any CUD Claim.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute an implication or admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors', or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to pay any prepetition claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other

applicable law, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

      6.      Notice of this Motion as provided therein shall be deemed good and sufficient notice and the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules are satisfied by such notice

      7.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: January 24, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

Privileged & Confidential
Attorney Work Product

# Exhibit 1 - Litigation Claims

In re Core Scientific, Inc., *et al.*
Case No. 22-90341 (CML), Jointly Administered

| COUNT | NAME | CLAIM NUMBER | TOTAL FILED CLAIM AMOUNT | POST-PETITION INTEREST[1] | MAXIMUM DISPUTED AMOUNT[1] |
|---|---|---|---|---|---|
| 1. | Harlin Dean | 364 | $8,000,000 | $508,584 | $8,508,584 |
| | **Total** | | **$8,000,000** | **$508,584** | **$8,508,584** |

[1] *Includes Post-Petition Interest at the Federal Judgement Rate of 4.64% through 4/30/2024.*

Privileged & Confidential
Attorney Work Product

## Exhibit 2 - Rejection Damages Claims

In re Core Scientific, Inc., *et al.*
Case No. 22-90341 (CML), Jointly Administered

| COUNT | NAME | CLAIM NUMBER | TOTAL FILED CLAIM AMOUNT | POST-PETITION INTEREST[1] | MAXIMUM DISPUTED AMOUNT[1] |
|---|---|---|---|---|---|
| 1. | GEM Mining 1, LLC | 647 | $5,897,312 | $298,992 | $6,196,304 |
| 2. | GEM Mining 4, LLC | 648 | $2,163,763 | $109,702 | $2,273,465 |
| 3. | Another Crypto | N/A | $0 | $0 | $0 |
| 4. | Avnet, Inc. | N/A | $0 | $0 | $0 |
| 5. | CrossCountry Consulting LLC | N/A | $0 | $0 | $0 |
| 6. | Egencia LLC[2] | N/A | $0 | $0 | $0 |
| 7. | EMO North Customers Brokers Ltd | N/A | $0 | $0 | $0 |
| 8. | Ernst & Young LLP | N/A | $0 | $0 | $0 |
| | **Total** | | **$8,061,074** | **$408,694** | **$8,469,769** |

[1] *Includes Post-Petition Interest at the Federal Judgement Rate of 4.64% through 1/23/2024.*

[2] *The Debtors submit that the 2018 Travel Services Agreement, by and between Core Scientific, Inc. and Egencia LLC., was terminated and replaced by the postpetition 2023 agreement and thus the 2018 agreement is not an Executory Contract subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code. However, to the extent the Court determines that the 2018 agreement is an Executory Contract, the Debtors intend to reject it and thus have included it in the Schedule of Rejected Contracts out of an abundance of caution.*

Privileged & Confidential
Attorney Work Product

## Exhibit 3 - 510(b) Claims

In re Core Scientific, Inc., *et al.*
Case No. 22-90341 (CML), Jointly Administered

| COUNT | NAME | CLAIM NUMBER | TOTAL FILED CLAIM AMOUNT | MAXIMUM CLAIM AMOUNT (AS OF PETITION DATE) | POST-PETITION INTEREST[1] | MAXIMUM DISPUTED AMOUNT[1] |
|---|---|---|---|---|---|---|
| 1. | FLORIDA SBA TTEE | 384 | $395,715 | $395,715 | $25,157 | $420,871 |
| 2. | Christopher Elliott Scott | 320 | $359,512 | $359,512 | $22,855 | $382,368 |
| 3. | Bay Colony Law Center LLC | 241 | $151,474 | $151,474 | $9,630 | $161,104 |
| 4. | Ani Kamali | 229 | $150,000 | $150,000 | $9,536 | $159,536 |
| 5. | Francois Emmanuel Veilleux | 555 | $75,000 | $75,000 | $4,768 | $79,768 |
| 6. | Robert Joseph | 351 | $39,390 | $39,390 | $2,504 | $41,894 |
| 7. | Marvin W. Meyer | 249 | $22,118 | $22,118 | $1,406 | $23,524 |
| 8. | Jason Walters [Jason Walters IRA] | 311 | $21,193 | $21,193 | $1,347 | $22,540 |
| 9. | Ann A. Meyer | 248 | $16,044 | $16,044 | $1,020 | $17,064 |
| 10. | Ann A. Meyer | 247 | $15,241 | $15,241 | $969 | $16,210 |
| 11. | Marvin W. Meyer | 250 | $12,848 | $12,848 | $817 | $13,665 |
| 12. | Michael & Elizabeth Silbergleid TRS FBO Silverknight Group Inc 401k Roth Plan FBO Michael Silbergleid | 81 | $7,963 | $7,963 | $506 | $8,470 |
| 13. | Chad Dickman | 349 | $4,045 | $4,045 | $257 | $4,302 |
| 14. | Thrasivoulos Dimitriou | 52 | $3,104 | $3,104 | $197 | $3,301 |
| 15. | Alexandra Seifert | 431 | $2,482 | $2,482 | $158 | $2,640 |
| 16. | Carrington Lobban | 54 | $1,093 | $1,093 | $69 | $1,162 |
| 17. | Cori Faerman | 212 | $81 | $81 | $5 | $86 |
| 18. | Cori Faerman | 211 | $38 | $38 | $2 | $40 |
| 19. | Michael & Elizabeth Silbergleid TRS FBO Silverknight Group Inc 401k Plan FBO Michael Silbergleid | 82 | $27 | $27 | $2 | $29 |
| | **Total** | | **$1,277,368** | **$1,277,368** | **$81,206** | **$1,358,574** |

[1] *Includes Post-Petition Interest at the Federal Judgement Rate of 4.64% through 4/30/2024.*

*Privileged & Confidential*
*Attorney Work Product*

## Exhibit 4 - Other Disputed Claims

In re Core Scientific, Inc., *et al.*
Case No. 22-90341 (CML), Jointly Administered

| COUNT | NAME[4] | CLAIM NUMBER | TOTAL FILED CLAIM AMOUNT | POST-PETITION INTEREST[1] | MAXIMUM DISPUTED AMOUNT[1] |
|---|---|---|---|---|---|
| 1. | Kentucky Department of Revenue[3] | 176 | $4,021,412 | $62,154 | $1,039,840 |
| 2. | GEM Mining 2, LLC | 570 | $2,862,275 | $181,964 | $3,044,238 |
| 3. | GEM Mining 1, LLC | 617 | $560,254 | $35,617 | $595,871 |
| 4. | GEM Mining 4, LLC | 572 | $403,278 | $25,638 | $428,916 |
| 5. | GEM Mining 2 B, LLC | 571 | $269,236 | $17,116 | $286,352 |
| 6. | Foundry Digital LLC [DCG Foundry LLC][2] | 393 | $0 | $0 | $0 |
| 7. | Foundry Digital LLC [DCG Foundry LLC][2] | 394 | $0 | $0 | $0 |
| 8. | Arch Insurance Company[2] | 484 | $0 | $0 | $0 |
| | **Total** | | **$8,116,454** | **$322,489** | **$5,395,217** |

[1] Includes Post-Petition Interest at the Federal Judgement Rate of 4.64% through 4/30/2024.

[2] Unliquidated Claim

[3] Priority Tax Claim.  To the extent such Claim is allowed, such Claim will be paid in cash and not New Common Interests. Asserted Priority portions of claimed amount have been removed.

[4] Certain current and former members of the Debtors' management and board of directors filed contingent and unliquidated indemnification claims against the Debtors at Proof of Claim Nos. 365, 368, 376, 369, 395, 406, 507, 509, 511, 512, and 515.  The Maximum Disputed Amount for such claims will be established at $0.