## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| CORE SCIENTIFIC, INC., *et al.*, | § § § | Case No. 22-90341 (CML) |
|  | § § | (Jointly Administered) |
| Reorganized Debtors.[1] | § § § § | |

**ORDER SUSTAINING REORGANIZED DEBTORS' OBJECTION TO PROOFS OF CLAIM NOS. 646 AND 647 FILED BY GEM MINING 1 AND PROOFS OF CLAIM NOS. 648 AND 649 FILED BY GEM MINING 4 AND OBJECTION TO PROOFS OF CLAIM NOS. 503, 505, 506, 508, 570, 571, 572, AND 617[2]**

Upon the objection, dated February [ ], 2023 (the "**Objection**"),[3] of Core Scientific, Inc. ("**Core**") and its reorganized debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**"), seeking entry of an order (this "**Order**") disallowing Proof of Claim Nos. 503, 505, 506, 508, 570, 571, 572, 617, 646, 647, 648, and 649 filed by GEM Mining 1, LLC, GEM Mining 2B, LLC, GEM Mining 2, LLC, and GEM Mining 4, LLC ("**GEM**"), and granting related relief, all as more fully set forth in the Objection; and pursuant to

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are as follows: Core Scientific, Inc. (3837); Core Scientific Specialty Mining (Oklahoma) LLC (4327); American Property Acquisition, LLC (0825); American Property Acquisitions I, LLC (9717); and American Property Acquisitions VII, LLC (3198).  The Reorganized Debtors' corporate headquarters is 210 Barton Springs Road, Suite 300, Austin, Texas 78704.  The Reorganized Debtors' service address is 2407 S. Congress Ave, Suite E-101, Austin, Texas 78704.  The Debtors in the other six pending chapter 11 cases (which continue to be jointly administered with the cases of the Reorganized Debtors), each of which have either been dissolved or merged into other entities as of the Effective Date, consist of the following: Core Scientific Mining LLC (6971); Core Scientific Acquired Mining LLC (6074); Core Scientific Operating Company (5526); Radar Relay, Inc. (0496); Starboard Capital LLC (6677); and RADAR LLC (5106).

[2] GEM Mining 1, LLC filed Proofs of Claim No. 503 and 617. GEM Mining 2B, LLC filed Proofs of Claim Nos. 505 and 571.  GEM Mining 2, LLC filed Proofs of Claim Nos. 508 and 570.  GEM Mining 4, LLC filed Proofs of Claim Nos. 506 and 572.

[3] All capitalized terms used, but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Bankruptcy Local Rule 3007-1; and the Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and all responses, if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Reorganized Debtors, their respective estates and creditors, and all parties-in-interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.   Proofs of Claim Nos. 503, 505, 506, 508, 570, 571, 572, 617, 646, 647, 648, and 649 filed by GEM are disallowed.

2.   Stretto, Inc., as claims, noticing, and solicitation agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3.   The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

4.   The Reorganized Debtors are authorized to take all steps necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.   The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:
Houston, Texas

_____

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE